UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW RAY          )
SPENCER, and KATHRYN E. TETZ,           )
                                        )     No.
                    Plaintiffs,         )
                                        )     COMPLAINT
        v.                              )
                                        )
FORMER DEPUTY PROSECUTING               )
ATTORNEY FOR CLARK COUNTY JAMES         )
M. PETERS, DETECTIVE SHARON KRAUSE,     )
SERGEANT MICHAEL DAVIDSON, CLARK        )
COUNTY PROSECUTOR'S OFFICE, CLARK       )
COUNTY SHERIFF'S OFFICE, THE COUNTY     )
OF CLARK and JOHN DOES ONE THROUGH      )
TEN,                                    )
                                        )
                    Defendant.          )

NOW COME Plaintiffs, CLYDE RAY SPENCER, MATTHEW RAY SPENCER

and KATHRYN E. TETZ, by and through their attorneys, Davis Wright Tremaine LLP,

and Kathleen T. Zellner & Associates, P.C., a law firm that has applied for admission Pro

Hac Vice and complaining of Defendants, Former Prosecuting Attorney for Clark County

James Peters, Detective Sharon Krause, Sergeant Michael Davidson, Shirley Spencer,

COMPLAINT — 1

DWT 17278401v1 0094078-000001

1   Clark County Prosecutor's Office, Clark County Sheriff's Office, The County of Clark and

2   John Does One through Ten, states as follows:

**INTRODUCTORY STATEMENT**

3

4       1.      This is a civil action seeking in excess of the jurisdictional amount of this

5   Court on behalf of Plaintiff Clyde Ray Spencer ("Mr. Spencer") and Plaintiff's children

6   Matthew R. Spencer and Kathryn E. Tetz.  Counts 1 through 7 assert 42 U.S.C. § 1983

7   claims against Defendants for violations of Mr. Spencer's various constitutional rights,

8   Counts 8 through 11 assert state claims against Defendants that are so related to the

9   preceding counts that they form part of the same case and controversy.  Counts 12 and 13

10  assert claims for Matthew R. Spencer and Kathryn E. Tetz's loss of consortium that are so

11  related to the preceding counts that they form part of the same case and controversy.

12      2.      All counts involve opposing parties who are citizens of different states.

13      3.      This Court has original jurisdiction of Plaintiffs' federal causes of action

14  that properly invoke this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331,

15  1332, and 1343 and 42 U.S.C. §§ 1983 and 1985(3) and supplemental jurisdiction over

16  Plaintiffs' state claims under 28 U.S.C. § 1367(a).

17      4.      Venue is proper in this Court under 28 U.S.C. § 1391(a) as a substantial part

18  of the events and omissions giving rise to the claims asserted herein occurred in Clark

19  County, Washington, which is in this district and division.

20      5.      The complaint is timely filed within the applicable statute of limitations.

21  The appropriate statute of limitations is Washington's three year statute for personal injury

22  claims.  RCW 4.16.090.  The United States Supreme Court and the Ninth Circuit have held

23  that 42 U.S.C. § 1983, which does not contain a statute of limitations, adopts the relevant

COMPLAINT — 2

DWT 17278401v1 0094078-000001

statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261 (1985);

*Stanley v. Trustees of California State University*, 433 F.3d 1129 (9th Cir. 2006).   On

October 13, 2009, the Court of Appeals for the State of Washington remanded the case so

that Mr. Spencer could withdraw his guilty plea.  On August 12, 2010, the State of

Washington dismissed without prejudice the charges against Mr. Spencer.  See Heck v.

Humphrey, 512 U.S. 477, 489-90 (1994) ("a § 1983 cause of action does not accrue until

the conviction or sentence has been invalidated.").

**PARTIES**

6.      Plaintiff Mr. Spencer is a citizen of the United States and of the State of

California.

7.      Matthew R. Spencer is the son of Plaintiff Mr. Spencer and is a citizen of

the United States and of the State of California.

8.      Kathryn E. Tetz is the daughter of Plaintiff Mr. Spencer and is a citizen of

the United States and of the State of California.

9.      Defendant Clark County is a duly existing county under the laws of the

State of Washington.

10.      Defendant James L. Peters ("Peters") is a citizen of the State of Idaho

currently residing in Ada County.  In 1984-1985 he was an Assistant County Attorney for

Defendant Clark County and was personally involved in the investigation and prosecution

of Mr. Spencer, and he is sued in his individual and official capacities.

11.      Defendant Clark County Prosecutor's Office is an agency of the County of

Clark.  The Clark County Prosecutor's Office directly or indirectly participated in the

authorization of the actions at issue here.

COMPLAINT — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

12.      Defendant Sharon Krause is a citizen of the State of Arizona currently residing in Mohave County.  In 1984-1985 she was a detective in the Clark County Sheriff's Office and was personally involved in the investigation and prosecution of Mr. Spencer, and she is sued in her individual and official capacities.

13.      Defendant Michael Davidson is a citizen of the State of Oregon currently residing in Crook County.  In 1984-1985 he was a detective in the Clark County Sheriff's Office and was personally involved in the investigation and prosecution of Mr. Spencer, and he is sued in his individual and official capacities.

14.      Defendant Clark County Sheriff's Office is an agency of the County of Clark.  Upon information and belief, the Clark County Sheriff's Office directly or indirectly participated in the authorization of the actions at issue here.

15.      Defendant Shirley Spencer is a citizen of the State of Washington currently residing in Clark County.

16.      The true names and capacities of John Does One through Ten are presently unknown to Plaintiffs.  Plaintiffs are informed and believe, and based on such beliefs allege, that each of said John Does is or was at times relevant hereto a citizen of the State of Washington and responsible for the damages suffered by Plaintiffs Mr. Spencer, Matthew R. Spencer and Kathryn E. Tetz.  Leave of Court will be sought to amend this complaint to include the true names and capacities of the John Does as soon as such information becomes known to Plaintiffs.

COMPLAINT — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1
## ALLEGATIONS OF FACT

2
### *Family Background*

3
17.     Clyde Ray Spencer ("Mr. Spencer") was born on January 9, 1948 in

4
Rosedale, Mississippi.  When he was an infant, the family moved to Los Angeles,

5
California.

6
18.     When Mr. Spencer was nine years old, his father left the family home and

7
never returned.

8
19.     When Mr. Spencer was seventeen years old, his mother died.

9
20.     Fulfilling a promise he had made to his mother, Mr. Spencer finished high

10
school, the first of his family to do so.

11
21.     On his own after high school, Mr. Spencer gained employment with

12
Douglas Aircraft as a riveter before joining the Air Force in 1967.

13
22.     Mr. Spencer was initially stationed in Guam, where he worked as an air

14
traffic controller.

15
23.     While stationed in Guam, Mr. Spencer met Norma Kohlscheen (currently

16
Norma Spencer), who was working as a Navy nurse.

17
24.     Mr. Spencer and Norma became romantically involved, but Mr. Spencer

18
was re-stationed to Sacramento, California, and they lost touch.

19
25.     Mr. Spencer's tour of duty in Vietnam ended in 1971, and he was honorably

20
discharged from the military.

21
26.     In 1971, Mr. Spencer married DeAnne Spencer.

22
27.     After his honorable discharge from the military, Mr. Spencer became an

23
undercover agent on domestic flights for the United States Department of Treasury.

COMPLAINT — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

28.     In 1976, he was transferred to Los Angeles for federal narcotics investigations.  In preparation for that work, he received Marine training and worked as a border guard.

29.     Mr. Spencer also worked in United States Customs and as a Sky Marshall.

30.     In 1979, Mr. Spencer joined the police department in Vancouver, Washington.

31.     Mr. Spencer and his wife, DeAnne, had two children together.  Matthew was born on November 28, 1975, and Kathryn was born on January 13, 1979.

32.     Mr. Spencer spent his free time with his children Matthew and Kathryn.  He took them fishing, hiking and camping.  He encouraged and praised them.  He was a wonderful and devoted father.  Matthew was very proud that his father was a police officer.  Kathryn thrived with her father's encouragement and support.

33.     Simply put, Mr. Spencer and the children enjoyed a wonderful relationship with each other.  Mr. Spencer never did anything to harm his children.  He treated them with love and kindness.  They both loved him very much and depended upon him for that love, support and guidance.

34.     Mr. Spencer's marriage to DeAnne was difficult.  He became involved with other women, creating bitterness and anger on her part.  In 1981, they divorced.

***Mr. Spencer's Marriage to Shirley Hanson***

35.     In 1982, Mr. Spencer met Shirley Hanson and married her in 1983.

36.     Shirley took Mr. Spencer's name and became Shirley Spencer.  Shirley brought her son from a prior relationship, Matt Hanson (date of birth: November 28, 1979), to her marriage with Mr. Spencer.  Mr. Spencer was not aware of how deeply emotionally

COMPLAINT — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

disturbed Shirley was, so he endured her mood swings and pathological jealousy hoping she would get better.

37.     Mr. Spencer, Shirley and Matt Hanson resided in Vancouver, Washington, where Mr. Spencer was employed by the Vancouver Police Department as a decorated police officer.

### *Shirley / Davidson's Affair: Motive to Get Rid of Ray*

38.     In 1984, Clark County Sheriff's Office Supervisor, Defendant Sgt. Michael Davidson ("Davidson"), began a sexual relationship with Shirley Spencer.  Their sexual relationship led them to attempt to frame Mr. Spencer.

### *Kathryn's Accusations*

39.     In the summer of 1984, Kathryn and Matthew visited Mr. Spencer and his wife Shirley for six weeks in Vancouver.  For a portion of that time, Mr. Spencer was away attending a police seminar.

40.     When Mr. Spencer returned after the seminar, Shirley advised him that on August 24, 1984, while he had been away at the seminar, Kathryn had made disturbing but inconsistent statements that suggested Kathryn had been touched improperly by multiple individuals, or more likely, no one at all.

41.     When Mr. Spencer heard the allegations, he immediately reported the statements to Child Protective Services in Vancouver, Washington and to Child Protective Services in Sacramento, California, where the children were residing with DeAnne Spencer.  Mr. Spencer also reported the incident to his employer, the Vancouver Police Department.

COMPLAINT — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

42.     Mr. Spencer fully cooperated with the investigation he initiated.  He spoke with Detective Flood of the Sacramento Police Department on August 29, 1984.

43.     Then, Detective Flood questioned Matthew and Kathryn separately. Detective Flood filed a report stating that Kathryn had denied being molested by anyone. He also reported that Matthew told him that Kathryn, "tells stories and changes her stories."

44.     Detective Flood found no reason to proceed with an investigation.  He suggested that a medical examination be performed, because in the unlikely event someone had done anything to Kathryn, physical evidence would be found since the allegations included penetration.

### Medical Examination of Kathryn

45.     On August 30, 1984, Kathryn underwent a medical examination by Dr. Magee at The University of California Davis Medical Center to determine if any evidence existed suggesting she had been molested.

46.     There was no physical evidence obtained from that medical examination that suggested Kathryn had been assaulted, molested or touched inappropriately by Mr. Spencer.  There were no lacerations, bruises, redness, swelling or scars.  There was absolutely no evidence of any physical injury.  Dr. Magee prepared a written medical report of this examination that stated that no evidence of molestation existed.

47.     The results of that medical examination were sent by the University of California Davis Medical Center to Defendant Sharon Krause ("Krause") at Defendant Clark County Sheriff's Office ("CCSO") on or about September 1, 1984.

COMPLAINT — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

48.     Defendant Krause made her supervisor, Defendant Davidson, and others at the CCSO aware of the medical examination and the lack of physical evidence.

49.     Defendant Krause and Defendant Davidson of the CCSO discussed the lack of physical evidence and the medical examination with the Clark County Prosecutor's Office ("CCPO"), specifically Defendant Deputy Prosecutor James Peters ("Peters").  All of the aforesaid Defendants were already aware of Detective Flood's conclusions that there was no basis for continuing the investigation.

50.     An official index kept by CCSO dated August 30, 1984 lists the documents collected about the investigation of Mr. Spencer.

51.     The report of Kathryn's August 30, 1984 medical examination is listed on that August 30, 1984 index.

52.      An official index kept by CCSO dated November 8, 1984 also lists the documents collected about the investigation of Mr. Spencer.

53.     The report of Kathryn's August 30, 1984 medical examination is not listed on that November 8, 1984 index.

54.     The official documentation of the CCSO was altered by Defendants to obstruct justice, continue the wrongful investigation, and justify the arrest, prosecution and imprisonment of Mr. Spencer.

55.     No oral or written information, or the actual medical report of Kathryn's August 30, 1984 medical examination was disclosed to Mr. Spencer.

56.     The fact that documents had been altered was never disclosed to Mr. Spencer.

COMPLAINT — 9

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Investigation Initiated Based Upon No Evidence*

57.     In September 1984, Defendants Krause and Davidson repeatedly interviewed and harassed Mr. Spencer.

58.     Mr. Spencer voluntarily underwent two polygraph examinations conducted by clinical psychologist Stanley Abrams.

59.     The polygraph examinations were reported as "inconclusive," meaning that the polygraph examiner, Dr. Abrams, concluded that no opinion could be formulated about Mr. Spencer's credibility.

60.     On or about September 27, 1984, CCSO falsely advised Mr. Spencer's employer, the Vancouver Police Department ("VPD"), that Mr. Spencer had failed a polygraph examination regarding the alleged assault of Kathryn.

61.     In October 1984, notwithstanding that Detective Flood had concluded no molestation of Kathryn had taken place and that the August 30, 1984 medical examination report established that no molestation had taken place, Defendants' investigation continued and focused solely on Mr. Spencer.

*Davidson's Sexual Relationship with Shirley Motivated his Fabrication of Evidence Against Mr. Spencer*

62.     Prior to, during, and after the time of the aforementioned events, Defendant Krause's supervisor, Defendant Davidson, was engaged in a sexual relationship with Shirley Spencer. Their sexual relationship continued until after the arrest and conviction of Mr. Spencer.

63.     It was well known to employees of the CCSO, CCPO and VPD that Shirley and Davidson were engaged in a sexual relationship.

COMPLAINT — 10

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

64.     Mr. Spencer was unaware that Shirley and Defendant Davidson were having sex until long after his wrongful arrest, prosecution, conviction and imprisonment.

65.     Only a month after Mr. Spencer was convicted, Defendant Davidson separated from his wife Linda.

66.     Later, Defendant Davidson moved into the home that was owned by Mr. Spencer and Shirley prior to Defendants' investigation, arrest, prosecution and imprisonment of Mr. Spencer.

67.     Mr. Spencer's family home was then sold and the proceeds were divided between Davidson and Shirley.  Defendant Davidson and Shirley moved together to a new home.  Mr. Spencer's share of the proceeds from the sale of the Spencer home should have been available to him to fund his defense.

### Defendant Krause travels to Sacramento

68.     Despite the fact Defendants' prior accusations were false, Defendant Krause traveled to Sacramento on or about October 16, 1984, and spoke to Kathryn alone on multiple occasions, harassing her, pressuring her and intimidating her.  No one else was present for the interviews, and Defendant Krause did not record them.

69.     Defendant Krause repeatedly advised Kathryn that she needed to "help" her father and that her father was "sick."  Defendant Krause repeatedly told Kathryn that she would "help" her "sick" father by saying he committed sexual acts against her.

70.     Defendant Krause provided Kathryn with ice cream and other treats as bribes to persuade Kathryn to accuse her father of sexual crimes against her.

71.     During that trip, Defendant Krause accompanied Kathryn to a sexual abuse counselor's office in Sacramento.  Kathryn made no allegations to the counselor that

COMPLAINT — 11

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

anyone had abused her.  Defendant Krause was aware that Kathryn made no such

allegations, as Defendant Krause was present during the session.

72.     As a result of those events, Defendant Krause knew, or should have known, Mr. Spencer was innocent.

73.     During her trip to Sacramento, Defendant Krause also spoke to Matthew for several hours.  As she did with Kathryn, Defendant Krause repeatedly told Matthew that his father was "sick" and Matthew had to "help" his father by accusing Mr. Spencer of committing sexual acts with him.  No one else was present for the interviews, and Defendant Krause claims she did not record them.

74.     Defendant Krause provided Matthew with treats as she manipulated him and attempted to get Matthew to accuse his father of sexual acts with him.  Matthew did not succumb to Krause, telling her repeatedly that Mr. Spencer had done nothing inappropriate to him.  Further, when Krause suggested to Matthew that Mr. Spencer had molested Kathryn, Matthew told Krause, "no way."  As a result of those manipulation sessions, Defendant Krause knew, or should have known, Mr. Spencer was innocent.

75.     Despite the fact that Defendant Krause had gathered no evidence of Mr. Spencer's guilt and the fact that she reported to Defendants what had happened, all Defendants continued in their attempts to falsely arrest, prosecute and imprison Mr. Spencer.

76.     Like Defendant Krause, Defendants Davidson and Peters knew, or should have known, Mr. Spencer was innocent.

COMPLAINT — 12

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Defendant Clark County Prosecutor's Office and all Defendants Continue Investigation Contrary to Directive of Independent Expert*

77.    Defendant Peters surrendered any future claim of absolute immunity when he became heavily involved in the "investigation" of Mr. Spencer prior to his arrest. Defendant Peters saw the wrongful arrest, prosecution, conviction and imprisonment of Mr. Spencer as a way to advance his career.

78.    Defendant Peters and others devised a plan to try to induce another County Prosecutor to support the initiation of a prosecution against Mr. Spencer based on false evidence that Defendants had created.  Defendants could blame that entity for encouraging the prosecution in the event of future litigation.

79.    To further that plan, Defendant Peters submitted Defendant Krause's reports that had been approved by Defendant Davidson to Rebecca Roe, Senior Deputy Prosecuting Attorney for King County.  Roe, at that time, supervised the Special Assault Unit of the King County Prosecutor's Office and was a respected expert in the area of sex crimes prosecution.

80.    Prosecutor Roe reviewed the information she was presented and on November 27, 1984, concluded that aside from the reports of what Kathryn allegedly told Defendant Krause, there was no evidence that Mr. Spencer had committed any crimes against his children.  As to what Kathryn allegedly reported, Roe advised Defendants Krause, Davidson and Peters, the CCSO, the CCPO and others that the case was legally insufficient.

81.    Prosecutor Roe advised Defendants Krause, Davidson, Peters, the CCSO and the CCPO and others that Kathryn could not even be sure whether the incidents

COMPLAINT — 13

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

occurred once or on more than one occasion or at all.  In addition, Prosecutor Roe advised

Defendants that Kathryn's initial identification of multiple suspects was "very disturbing."

82.     Finally, in her November 27, 1984 report, Prosecutor Roe concluded and

advised all Defendants that there were serious doubts as to whether Kathryn could even

distinguish "fact from fantasy."  She announced that the case, from the "prosecution"

perspective, was "unwinnable."

### As the Sole Focus of the Investigation, Mr. Spencer Suffered Severe Emotional Distress

83.     At all times, Mr. Spencer was a veteran and decorated police officer.  He

had no criminal record whatsoever, no juvenile adjudications, no arrests and no

convictions.  There was overwhelming evidence that he was a wonderful father to Matthew

and Kathryn.

84.     Although he had no record of any wrongdoing of any kind in his entire life

that suggested he could be capable of such vicious acts against his own children,

Mr. Spencer was aware that he had become the sole focus of the investigation by

Defendants Krause, Davidson, Peters, the CCSO, the CCPO and others.  He also became

aware that the Vancouver Police Department was planning to terminate him from the job

he loved and had performed with honor and distinction.

85.     As a result of Defendants' conduct, Mr. Spencer became extremely

depressed and withdrawn.

86.     As a result of Defendants' actions, Mr. Spencer contemplated suicide and

was admitted at his own request to the Oregon Health Science Center on November 15,

1984.  He remained there until December 7, 1984.  His discharge diagnosis included major

COMPLAINT — 14

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  depression due to extreme psychological stressors, specifically his "pending felony

2  charges."

3        87.    Mr. Spencer was placed on a regimen of antidepressants on which he would

4  remain for the next five months, until Defendants' actions culminated in the entry of

5  Mr. Spencer's Alford plea.  Defendants' conduct caused Mr. Spencer to be prescribed

6  psychiatric medications for the first time in his life.

7        88.    Mr. Spencer's lifetime of military service, stellar career as a police officer,

8  the total lack of any evidence against him, as well as Prosecutor Roe's conclusions that the

9  case should not be prosecuted, did not dissuade Defendants Krause, Davidson, Peters, the

10  CCSO and the CCPO from continuing their attempts to wrongfully charge, arrest,

11  prosecute, and imprison Mr. Spencer.

12        89.    At the same time, the VPD continued its internal investigation.

13        90.    On December 11, 1984, Defendant Peters forced Kathryn to speak to him.

14  Although no evidence suggested Mr. Spencer had molested Kathryn, Defendant Peters

15  repeatedly attempted to elicit incriminating responses from Kathryn.

16        91.    At one point in that interrogation of Kathryn, using dolls, Defendant Peters

17  demanded, "This is your daddy and this is Katie, show me what happened last summer,

18  okay?  And we can stop all this."

19        92.    Kathryn responded to Defendant Peters' demand by saying, "Nothing

20  happened last summer."  She repeated her denials, but Defendant Peters persisted.

21        93.    The aforementioned conduct of Defendant Peters was captured on

22  videotape.  Of course, Defendants all knew from the videotape that Defendant Peters had

23  badgered and intimidated Kathryn, trying to force her to falsely implicate her father.

COMPLAINT — 15

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

94.     That videotape was not provided to Mr. Spencer or his counsel.  In fact, the videotape was concealed by Defendants from Mr. Spencer and his attorneys for over twenty-five years.

95.     Defendant Peters falsely claimed that he had no knowledge of the existence of medical reports ruling out the claims of sexual abuse of Kathryn and Matt Hanson. Defendant Peters later falsely claimed in sworn testimony that he had no knowledge the videotape existed.

96.     Defendant Peters falsely claimed that he became aware of the existence of the videotape in 2009 when Defendant Krause discovered it while cleaning her garage.

***Charges Brought Without Probable Cause***

97.     On January 2, 1985, in direct conflict with Prosecutor Roe's conclusion that the evidence was insufficient to warrant charges being filed, Defendant CCPO, with the full cooperation of the CCSO and all Defendants, charged Mr. Spencer with multiple acts of sexual abuse against Kathryn.

98.     As a result of the fact he would be arrested, the VPD terminated Mr. Spencer from his job the day prior to his arrest.

99.     Mr. Spencer was arrested and released on personal recognizance.

100.     Defendant CCPO, which included Peters, as well as Defendants Krause, Davidson, CCSO, knew Mr. Spencer was innocent and had not abused or harmed Kathryn in any way.

101.     Still, Mr. Spencer was arrested without probable cause.

102.     Also as a result of that arrest, Mr. Spencer was separated from his wife and returned to the Oregon Health Science Center for psychiatric treatment.

COMPLAINT — 16

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Set-Up at the Salmon Creek Motel and Arrest on Additional Charges*

103.    After he was released from psychiatric care, Mr. Spencer could not return to his home because he had separated from his wife, Shirley.  Shirley continued to engage in a sexual relationship with Defendant Davidson.

104.    Mr. Spencer moved into the Salmon Creek Motel in Vancouver, Washington.

105.    On February 16, 1985, while Mr. Spencer was living in the motel, Shirley dropped off her son, Matt Hanson, so that he could spend the night with Mr. Spencer in the motel.

106.    Nothing inappropriate whatsoever happened between Matt Hanson and Mr. Spencer.

107.    However, on February 28, 1985, Defendant Krause met with Matt Hanson.

108.    Defendant Krause reported Matt Hanson said Mr. Spencer committed multiple acts of violent sexual abuse against him at the motel that night.  Defendant Krause also reported that Matt Hanson implicated Mr. Spencer in previous acts of sexual misconduct and claimed that he had witnessed Mr. Spencer abusing Matthew Spencer and Kathryn.  The allegations Defendant Krause reported included repeated acts of forced anal penetration and fellatio.

109.    Defendants Krause and Davidson conveyed information to Defendant Peters, who was also investigating the case, that Defendant Davidson had personally corroborated the accusations made by Matt Hanson.  All Defendants knew the allegations were outrageous and untrue.

COMPLAINT — 17

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

110.     In full cooperation with all Defendants, Defendant Peters filed a sworn affidavit on February 28, 1985, in support of the issuance of an arrest warrant for Mr. Spencer.

111.     In that affidavit, Defendant Peters summarized what he swore was the evidence collected by Defendants Krause, Davidson and others and swore to the truth of the alleged facts.

112.     Mr. Spencer was charged with three additional counts of statutory rape in the first degree based upon the fabricated allegations that he had sexually abused Matt Hanson

113.     Mr. Spencer was arrested by several police officers at 3:30 p.m. on February 28, 1985, including Defendant Davidson.  Defendant Davidson personally arrested Mr. Spencer and told him "you're under arrest for molesting 'little Matt' [Matt Hanson]."

114.     As a result of that arrest, Mr. Spencer was held in the Clark County Jail on $100,000.00 bond.

115.     Mr. Spencer would remain incarcerated for almost twenty years, until December 29, 2004.  To be precise, Mr. Spencer would spend 7244 days incarcerated, the equivalent of 19 years, 10 months and 1 day.

*Medical Examination of Matt Hanson Shows No Evidence of Sexual Assault*

116.     As a result of the Salmon Creek Motel allegations, on March 6, 1985, Matt Hanson was examined by Dr. Manuel Galaviz, of Kaiser Permanente in Vancouver, Washington, so that Dr. Galaviz could determine whether any evidence that Matt Hanson had been sexually assaulted by Mr. Spencer existed.

COMPLAINT — 18

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

117.    Dr. Galaviz determined that no evidence existed that Matt Hanson had been sexually assaulted.  There were no lacerations, bruises, redness, swelling or scars.  There was absolutely no evidence of any physical injury corroborating the specific charges of sexual assault against Mr. Spencer.

118.    Defendants Krause, Davidson, Peters, the CCSO and the CCPO were made aware the next day, March 7, 1985, or shortly thereafter, that no physical evidence existed to suggest Mr. Spencer had assaulted Matt Hanson.

119.    Notwithstanding the fact that Defendants Krause, Davidson, Peters, the CCSO, and the CCPO realized that Mr. Spencer was innocent as established by the facts that no alleged victim had provided a credible consistent story, that no corroboration existed, that medical reports of two alleged victims showed no evidence of molestation existed where such evidence would have been found if law enforcement's stories were true, Defendants proceeded in their attempts to continue to confine, prosecute, convict and imprison Mr. Spencer.

120.    Neither the medical report of Matt Hanson's March 6, 1985, medical examination, nor any information about the examination, were disclosed to Mr. Spencer for years.

***Additional Pressure on Matt Hanson***

121.    The day after the negative medical examination of Matt Hanson, due to the lack of evidence in the case, Defendants Krause, Davidson and Peters decided that Defendant Krause should continue to pressure Matt Hanson to incriminate Mr. Spencer.

COMPLAINT — 19

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

122.     Pursuant to that plan, Defendant Krause continued to pressure Matt Hanson on that date and filed false reports that represented Matt Hanson made statements against Mr. Spencer.

### Pre-Trial Imprisonment

123.     Mr. Spencer was unaware of the exonerating medical report of Kathryn, the exonerating medical report of Matt Hanson, the exonerating videotape created by Defendant Peters and other Defendants, the intense manipulation of the children, and the false reports fabricated by Defendants.  Mr. Spencer continued to proclaim his absolute innocence, stating unequivocally that he did not commit any offenses and had no knowledge of the offenses.

124.     From the time he was initially accused until the filing of this complaint, Mr. Spencer has never made any admissions, or stated anything that could be construed as an admission, to any of the allegations against him regarding any abuse of his children or Matt Hanson.

125.     Mr. Spencer's psychiatric condition deteriorated while he was held in the Clark County Jail.  He continued to receive psychiatric medications including Sinequan, Xanax, Darvocet and Elavil.

126.     While Mr. Spencer was held in the Clark County Jail, Defendant Davidson visited him, despite the fact that Mr. Spencer had an attorney and had made clear his invocation of his right to counsel. Defendant Davidson visited Mr. Spencer almost on a daily basis.  Mr. Spencer told Defendant Davidson unequivocally that he did not wish to speak to Defendant Davidson.  In fact, Mr. Spencer, a respected police officer with

COMPLAINT — 20

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

knowledge of legal procedure, advised Defendant Davidson that he had invoked his right to counsel.

127.   Sometimes, Defendant Davidson would be accompanied by Defendant Krause during the visits he made to harass and threaten Mr. Spencer.

128.   Notwithstanding Mr. Spencer's invocation of his rights, Defendant Davidson continued to return uninvited to speak to Mr. Spencer.  On these occasions, Defendant Davidson would advise Mr. Spencer that he knew that Mr. Spencer was guilty of abusing the children, that Mr. Spencer must confess, and that Mr. Spencer must plead guilty to spare the children the trauma of testifying.

129.   Defendant Davidson also told Mr. Spencer that his, "wife used to love [him] but she [did] not anymore."  Mr. Spencer did not know why Defendant Davidson made the statement as he was unaware that Shirley and Defendant Davidson were having sex together on a regular and frequent basis.

130.   As the date of the trial neared, Defendant Davidson's visits became more frequent and confrontational.

131.   Defendant Davidson pressured Mr. Spencer to sign legal documents for the financial benefit of Shirley, including a quit claim deed to his house and a power of attorney.

132.   In an attempt to stop the harassment by Defendant Davidson, Mr. Spencer filed a formal complaint.

133.   Finally, Clark County Jail officials ordered Defendant Davidson to leave the jail and not return.

COMPLAINT — 21

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   134.   Defendant Davidson was reprimanded for his misconduct, but that

2   reprimand had no effect on his behavior or on his continued misconduct.

3   ***Manipulation and Pressure on Matthew Spencer Immediately Before Trial***

4   135.   In March 1985, after the negative medical report from Matt Hanson was

5   obtained, Defendants decided once again to have Defendant Krause meet with Kathryn and

6   Matthew Spencer.

7   136.   Defendants claimed they had obtained incriminating statements from

8   Kathryn and Matt Hanson but desperately needed Matthew to implicate his father in sexual

9   assaults upon him.

10   137.   As he had since Defendants began their attempts in the summer of 1984,

11   Matthew continued to deny Mr. Spencer had molested him in any way.

12   138.   On or about March 25, 1985, Defendants caused Matthew to be brought to

13   Vancouver to meet with Defendant Krause.

14   139.   Defendant Krause repeated to Matthew that his father was a "sick" man

15   who needed "help."

16   140.   Defendant Krause tried to convince Matthew that accusing Mr. Spencer

17   would be helping Mr. Spencer.

18   141.   Still, Matthew denied Mr. Spencer had done anything wrong to him or

19   others.

20   142.   Then, Defendant Krause threatened that Matthew would be forced to take a

21   lie detector test.  She conveyed to Matthew that taking the polygraph test would be a

22   terrible ordeal for him and he would very likely be severely injured.

23

COMPLAINT — 22

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

143.    Matthew did not know what a lie detector test involved, and was terrified of the process he would have to undergo.  He believed the testing process might cause severe injuries to him.

144.    After those threats, Defendant Krause claimed Matthew implicated his father in wrongdoing.

145.    Defendant Krause also harassed Kathryn on that date and filed reports falsely representing what Kathryn reported on that date.

**Peters Applies More Pressure and Manipulation As Trial Date Approaches**

146.    The case was set for trial on May 20, 1985.

147.    Between May 3, 1985, and May 20, 1985, a Second Amended Information was filed.

148.    With no true evidence suggesting Mr. Spencer's guilt of any wrongdoing, and the trial date approaching, Defendants, including the CCPO, continued to investigate the case.  Defendant Peters traveled to Sacramento, California, on May 9, 1985, to pressure and manipulate Kathryn and Matthew into falsely accusing their father of molesting them.

149.    Defendants claimed at the time that the purpose of Defendant Peters' trip was to accompany Mr. Spencer's attorney as he interviewed the children.

150.    That claim was untrue.  Defendant Peters traveled to Sacramento in an attempt to fabricate new allegations against Mr. Spencer, and as a result of those meetings with the children, Defendant Peters claimed that they provided new information.

151.    In fact, armed with what they claimed was new information Defendant Peters had developed from his meetings with the children, Defendants caused additional charges to be filed against Mr. Spencer.

COMPLAINT — 23

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

152.    Part of this new "evidence" was Defendants' claim that Matthew Spencer indicated that other men, as well as Mr. Spencer, were involved in sexual acts with the children and that several of those men were officers with the VPD.

153.    Defendants claimed that the Matthew Spencer had told Defendant Peters that photographs were taken of the sexual activities and taken to Portland, Oregon, for processing.

154.    Not only are the stories obviously false on their face, but the fact that no investigation was ever initiated into the other officers and what Matthew Spencer allegedly said establishes that Defendants fabricated the stories themselves for the sole purpose of wrongfully arresting, prosecuting and imprisoning Mr. Spencer.

### *Truth Serum Administered / No Evidence of Wrongdoing*

155.    On or about May 14, 1985, a psychiatrist from Portland, Oregon, Dr. Henry Dixon, put Mr. Spencer into deep hypnosis and then, in another test, administered sodium amytal, also known as "truth serum."

156.    While in this hypnosis, Mr. Spencer made no admission of any sexual misconduct between himself and the children.

157.    It is generally understood in the scientific community as well as by law enforcement that a guilty person would make inculpatory statements under the influence of sodium amytal, especially in the dosage administered to Mr. Spencer.

158.    The fact that Mr. Spencer made no inculpatory statements under the influence of a significant dose of sodium amytal was another indication of his absolute innocence of all of the charges against him.

COMPLAINT — 24

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Alford Plea*

159.   On May 16, 1985, Mr. Spencer attended a hearing to change his plea from not guilty to an *Alford* Plea of guilty wherein Mr. Spencer did not admit guilt, but stipulated that a conviction would result.

160.   As is now known, the convictions would have resulted, not because Mr. Spencer was guilty, but from the fabricated evidence, the fact that evidence was withheld and from other factors due to Defendants' actions.  All Defendants knew at the time of the plea and at all times that Mr. Spencer was innocent.

161.   At the time of that hearing, Mr. Spencer was on several medications and was very mentally impaired.  His mental impairment was caused by Defendants' actions, and he was taking the medications solely as a result of Defendants' actions.

162.   At the time of his plea, Mr. Spencer was suffering from untreated depression caused by Defendants' actions that led to cognitive dysfunction and cognitive distortion, as well as other side effects.  He had undergone the recent sodium amytal interview within the last 24-48 hours and was unable to properly understand the legal proceeding or to enter into a knowing, intelligent, voluntary *Alford* plea.  He had just been started on the Elavil, an amitriptyline, which caused Mr. Spencer to experience sedative side effects.  Mr. Spencer was also experiencing atypical withdrawal from Xanax.

163.   At the time of the hearing Mr. Spencer was incompetent and not of a rational mind.

164.   Judge Thomas Lodge presided over the proceedings held pursuant to the *Alford* Plea.  Mr. Spencer had made a traffic stop of Judge Lodge's daughter for her reckless and dangerous driving within the prior year.  At that time, when he learned that

COMPLAINT — 25

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Mr. Spencer had stopped his daughter, Judge Lodge yelled at Mr. Spencer that he "had no right to [stop] my daughter."

165.    At the hearing, Defendant Peters testified as an Officer of the Court that he had been involved in the investigation and had personally interviewed the children himself. Defendant Peters vouched for the veracity of the children's accusations.

166.    That is, Defendant Peters had been involved in the investigation.  At all times, Defendant Peters and the CCPO were aware that Mr. Spencer was innocent.

167.    On May 23, 1985, Judge Lodge sentenced Mr. Spencer to two life terms to run consecutively to each other, plus a consecutive term of 170 months in prison.

168.    Mr. Spencer was sent to state prison.

### Benefit to Defendants of Framing Mr. Spencer

169.    With Mr. Spencer in custody for life, Defendant Davidson moved into Mr. Spencer's home with Shirley.  With the knowing and willing assistance of all Defendants they thought they had succeeded in getting rid of Mr. Spencer for life.

170.    Defendants Krause and Peters traveled the country giving seminars instructing how to investigate child sex abuse cases.

171.    Defendant Peters also traveled the country and presented seminars.  He also was promoted, in part due to his "fine work" on the case.

### Imprisonment

172     As a police officer and branded as a serial child molester, Mr. Spencer's chance of surviving in prison for any length of time looked grim.  The guard advised Mr. Spencer, as he escorted Mr. Spencer to his first cell, that he "would not survive six months."

COMPLAINT — 26

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

173.    Initially, Mr. Spencer was kept on 24 hour lockdown.  He was only let out of his cell three times a week for a shower.  The lights in his cell were kept on 24 hours a day and the noise from the other inmates yelling and screaming was deafening.  He was in complete indescribable fear when he awoke to the screaming of dozens of inmates saying "kill the cop in Cell 4."

174.    Mr. Spencer was kept isolated for close to a year, due to the probability he would otherwise be killed or sustain great bodily harm.

175.    He was moved to a prison in Idaho in an attempt to keep him alive.

176.    Mr. Spencer did everything he could to maintain his sanity while incarcerated.  He paced his cell constantly.

177.    Over the years, he read close to 3000 books.  He compulsively did sit ups to try and put his situation out of his mind and to exhaust himself mentally.

178.    Mr. Spencer never saw or spoke to his children.

179.    Mr. Spencer lived in fear that fellow inmates would discover his law enforcement background.

180.    He could not make any friends, because talking with others could lead to him contradicting himself about his background.

181.    The discovery of his true background as a police officer, and having been a convicted child rapist, would have surely led to his death.

182.    While incarcerated, Mr. Spencer witnessed the rape and brutal beatings of other inmates, as well as suicides.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

183.   Defending himself, Mr. Spencer engaged in several fights.  He suffered physical injury and his teeth were knocked out.  He never received proper medical care for his injuries.

184.   Throughout his imprisonment, Mr. Spencer's conduct was exemplary.  He attended all programming available to him, had a consistent work history and was never a behavioral problem.

### Ph.D Dissertation

185.   Attempting to use his time productively, Mr. Spencer engaged in a quest for knowledge.  He had obtained a bachelor's degree in criminal justice prior to his incarceration.

186.   Although incarcerated, Mr. Spencer pursued his education through California Coast University via correspondence courses, enrolling in 1986.

187.   Mr. Spencer pursued his doctorate in clinical psychology.

188.   In 1991, Mr. Spencer finished all the course work necessary for the Masters and Doctorate Program at California Coast University.

189.   Mr. Spencer prepared his dissertation on mental health in prisons.  The dissertation focused on the qualifications of those who are providing mental health in prisons versus those that are on the street as licensed psychologists.  The dissertation was accepted by the university.  However, due to Mr. Spencer's incarceration, he was unable to personally appear at the university to defend his research.

190.   After his release, Mr. Spencer ultimately presented his research and on January 21, 2008, was deemed to have properly presented it before California Coast University, a nationally accredited institution.

COMPLAINT — 28

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

*No Chance for Parole*

191.    Throughout his years in prison, Mr. Spencer appeared before the Parole Board five times.

192.    On those occasions, Mr. Spencer was asked to admit that he was guilty of the offenses charged.

193.    Parole Board members advised Mr. Spencer that if he did not admit to his crimes, he would "die in prison."

194.    Mr. Spencer refused to admit to anything he did not do and advised the Parole Board, "then I guess I'll die in prison."

*Norma Kohlscheen*

195.    In 1985, Mr. Spencer wrote a letter to Norma Kohlscheen, the woman he met and loved while stationed in Guam during his military service.  Norma was living in Los Angeles, California, and working as an emergency room nurse.

196.    In that letter, Mr. Spencer included the following:

> I write to you from my prison cell where, I will more than likely, spend the rest of my life … I won't bore you with details for they are too fantastic to accept anyway … I am innocent … A policeman's projected longevity in prison is not too long.  I need to tell you these things while the opportunity presents itself … There is not a prison in Washington that I haven't sent someone to.  Sooner or later that has a tendency to catch up with you … Thank god they cannot build condos over my mind for that is all I have left. I will grow old loving you and what we had, Norma.  For that is mine, not to be taken … May God grant you peace and the warmth of the summer to come.  Take care of yourself and be happy.
>
> Love, Ray

COMPLAINT — 29

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

197.   Knowing Mr. Spencer was not capable of doing whatever he had been accused of, Norma responded.

198.   Subsequently, Norma began to visit Mr. Spencer, as well as correspond with him through letters and phone calls.

199.   The visits were of two to three hours in duration, with no privacy whatsoever and no conjugal visits.

200.   In 1987, Mr. Spencer and Norma wed in the prison chapel.

201.   Norma was able to assist Mr. Spencer in proving his innocence and spent approximately $300,000.00 in legal fees and costs doing so, working two jobs.

***Defendant's Actions to Continue Incarceration***

202.   Throughout the entire time that Mr. Spencer was imprisoned, Defendants continued their malicious and unlawful acts with the intention of continuing the incarceration of Mr. Spencer.

203.   Mr. Spencer tried unsuccessfully to vacate his *Alford* plea.  Defendants opposed his attempts, knowing he was innocent.

204.   Mr. Spencer filed a personal restraint petition in the Washington Court of Appeals, but that was unsuccessful.  Defendants opposed his Petition knowing he was innocent.

205.   Mr. Spencer then filed a Petition for Review by the Washington Supreme Court, but that was unsuccessful.  Defendants opposed his Petition, knowing he was innocent.

206.   On July 1, 1992, Defendant CCPO was aware Mr. Spencer was engaged in the process of proving his innocence.  Through his attorney, Mr. Spencer had requested

COMPLAINT — 30

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

production of a copy of the report of Kathryn's medical examination from August 30, 1984.

207.    Defendants Peters, Krause and Davidson knew Kathryn had been examined and a medical record of that examination favorable to Mr. Spencer had been produced, but Defendant CCPO did not disclose the report.

208.    Instead, Defendant CCPO responded in writing that "if such medical records do exist, they apparently were never produced to us."

209.    However, at all times, Defendants were all aware that a written medical report exonerating Mr. Spencer of any wrongdoing against Kathryn had been created in 1984 by the examining physician, but was withheld from Mr. Spencer.

210.    Also at all times, Defendants were all aware that a written medical report exonerating Mr. Spencer of any wrongdoing against Matt Hanson had been created in 1985 by the examining physician, but was withheld from Mr. Spencer.

211.    Notwithstanding that all Defendants knew of the exonerating medical reports, none came forward to tell the truth, but lied about the medical reports to maliciously continue the imprisonment of Mr. Spencer.

212.    Defendants all acted to conceal the existence of the exonerating medical reports and Mr. Spencer's actual innocence.

213.    Defendants were successful in that concealment and Mr. Spencer's Petition for a Writ of Habeas Corpus that he filed with the United States District Court for the Western District of Washington was denied.

214.    However, on appeal, the Ninth Circuit ordered disclosure of the children's medical reports.  Only then did Defendants disclose the reports.

COMPLAINT — 31

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Evidentiary Hearing of 1996*

215.    Subsequently, an evidentiary hearing was held in 1996 pursuant to Mr. Spencer's Petition for a Writ of Habeas Corpus.

216.    Defendants Krause, Davidson, and Peters lied and/or misled the Court during their testimony at the evidentiary hearing in their attempt to maliciously continue the imprisonment of Mr. Spencer, notwithstanding their knowledge that Mr. Spencer was innocent and that exonerating evidence existed.

217.    Defendant Krause lied and/or misled the Court on September 3, 1996, when she made several false statements calculated to continue Mr. Spencer's imprisonment.  For example, Defendant Krause testified at that time that it was difficult to answer whether one would expect to see trauma or physical evidence from a medical examination of a five year old girl if the girl had been penetrated by an adult male's penis.

218.    Defendant Krause knowingly testified falsely.  Medical experts will testify the acts of penetration Defendant Krause and other Defendants alleged Mr. Spencer committed against Kathryn would have led to physical evidence that would have been discovered in Kathryn's August 30, 1984, medical examination.

219.    Defendant Krause was also questioned as to whether she ever discussed the medical examinations of any of the children with Defendant Peters.  Defendant Krause falsely testified she did not recall.

220.    Again, Defendant Krause's testimony is manifestly false.  At the plea hearing on May 16, 1985, Defendants Peters and Krause together presented the facts to Judge Lodge, and Defendant Peters advised the Court that he and Defendant Krause had interviewed the children together and both heard the children describe acts of penetration

COMPLAINT — 32

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

against them.  Defendants Peters and Krause did discuss the medical examinations with each other prior to that time.

221.    Defendant Krause was also asked at the evidentiary hearing on September 3, 1996 whether she knew Defendant Davidson had visited Mr. Spencer at the Clark County Jail.  Defendant Krause falsely testified she did not recall.

222.    Again, Defendant Krause's testimony is absurd, misleading and untrue. Defendant Davidson was her supervisor. Defendant Davidson was sleeping with Shirley. Defendant Krause accompanied Defendant Davidson when he visited Mr. Spencer in jail to harass and threaten him.  Obviously, Defendant Krause was aware of the visits and pressure on Mr. Spencer to plead guilty.

223.    Defendant Krause's testimony at that evidentiary hearing was calculated to maliciously continue the imprisonment of Mr. Spencer.

224.    Defendant Davidson also testified at the evidentiary hearing on September 3, 1996, in an attempt to maliciously continue the incarceration of Mr. Spencer.

225.    Defendant Davidson testified he could not recall seeing the medical reports of the children.  This testimony is false.  Defendant Davidson was well aware that the medical reports had been concealed.

226.    Defendant Davidson falsely denied having a relationship with Shirley during the investigation of Mr. Spencer.  This is untrue.  Defendant Davidson and Shirley had revealed to witnesses that they were sexually involved before, during and after Mr. Spencer was in the county jail.  Defendant Davidson separated from his wife and moved in with Shirley almost immediately after Mr. Spencer was sentenced to life in prison.

COMPLAINT — 33

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

227.    Also in his testimony, Defendant Davidson denied visiting Mr. Spencer in the Clark County Jail.  This testimony was a lie.  Witnesses at the jail observed Defendant Davidson visit Mr. Spencer.  Defendant Davidson visited Mr. Spencer repeatedly, threatened him and pressured him to plead guilty.

228.    Defendant Davidson's testimony was calculated to maliciously continue the imprisonment of Mr. Spencer.

229.    A court ruling has established that Defendant Davidson lied under oath at the hearing.  In his ruling, Judge Bryan deemed Defendant Davidson not credible.

230.    Defendant Peters also testified against Mr. Spencer at the evidentiary hearing, on September 5, 1996.  With his testimony, Defendant Peters intended to wrongfully continue Mr. Spencer's incarceration.

231.    Defendant Peters lied during his testimony, as he testified that his custom and practice would have been to disclose "everything" to Mr. Spencer through his counsel. However, it is now known that Defendant Peters, together with Defendant Krause, actually participated in a videotaped interrogation of Kathryn wherein Kathryn was harassed on camera by Defendant Peters.

232.    Defendant Peters testified that he was unaware if he had the August 30, 1984, report of the medical examination, but if he had, he would have turned it over.

233.    Defendants Peters and Krause blatantly lied about the existence of the videotape and conspired with others to keep it concealed.

### 2009 Disclosure of Videotape

234.    The existence of the videotape only became known to Mr. Spencer in late 2009.  Prior to that, only Defendants knew that the videotape existed.

COMPLAINT — 34

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

235.    The new information that became available in late 2009, that the videotape exists, establishes that Defendants would go to any lengths to conceal the innocence of Mr. Spencer.

236.    The Defendants intentionally hid the medical reports, the videotape and other information to continue the wrongful nature of Mr. Spencer's arrest, prosecution and imprisonment.

237.    Even though he had personally participated in the interrogation of Kathryn in December 1984, Defendant Peters testified at the evidentiary hearing that he believed Mr. Spencer was guilty.  Because there was no evidence against Mr. Spencer, one can only conclude Defendant Peters advised the court that Mr. Spencer was guilty in an attempt to continue Mr. Spencer's wrongful incarceration so that Defendant Peters' and other Defendants' hiding of evidence that established Mr. Spencer's innocence would not be discovered.

***Governor Commutes Sentence***

238.    On December 23, 2004, the Governor of Washington conditionally commuted Mr. Spencer's sentence of imprisonment to community custody.

239.    In ordering Mr. Spencer's release, Governor Locke stated:

> Whereas, there were a number of troubling aspects of the investigation.  Clark County authorities withheld the fact that, despite the allegations of severe, repeated sexual abuse of the children, medical reports showed no signs of physical abuse. While the children recounted that Mr. Spencer had taken photographs of the abuse, no photos were ever found … King County Senior Deputy Prosecuting Attorney, Rebecca Roe, a renowned specialist in child sexual abuse cases, [advised Clark County officials of] significant problems with the case, including the interview techniques used with Mr. Spencer's daughter and resulting inconsistencies in her testimony.  Ms. Roe found it

COMPLAINT — 35

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

"disturbing that she's inconsistent on whether it happened more than once."  While denying for eight months that anything had happened, Mr. Spencer's [9-year old son] began to say that his father abused him after being threatened with a polygraph; and

Whereas, another troubling fact in the case is that one of the lead detectives investigating Mr. Spencer's case began having an affair with his wife, Shirley Spencer, during the investigation.  After Mr. Spencer's conviction the detective left his own wife and moved in with Mr. Spencer's wife.  This detective was also the supervisor of the primary detective involved in interviewing the children.

240.    Although he was released from prison on that date, Mr. Spencer was not free.  He was placed on parole for three years, required to wear an ankle bracelet and given a curfew.  The conditions imposed upon him were the same as those imposed upon a predator that would be expected to re-offend.

241.    Mr. Spencer then filed a Personal Restraint Petition with new evidence not previously known or available in the form of Declarations by his now adult children, Matthew and Kathryn.

242.    Matthew and Kathryn swore at that time that Mr. Spencer had never abused them and they never observed Mr. Spencer abusing Matt Hanson, Mr. Spencer's stepson.

### Court Of Appeals Remand for Reference Hearing

243.    The Court of Appeals for the State of Washington remanded the case to the Superior Court for the State of Washington for a reference hearing.  The Superior Court found, after a hearing on July 10, 2009, that children testified consistently with their Declarations, even under brutal cross examination by an attorney from Defendant CCPO's office.

COMPLAINT — 36

DWT 17278401v1 0094078-000001

244.    On October 13, 2009, the Court of Appeals then found that the new Declarations, together with the "significant irregularities with how the case was prosecuted – including the State's withholding of the medical examinations, and the disclosure that the mother of one of the alleged victims was having an affair with the investigation's supervising detective" – required that Mr. Spencer's Personal Restraint Petition be granted and the case be remanded for withdrawal of his *Alford* plea.

245.    The Court also held that Mr. Spencer's new evidence, "(1) will probably change the result of the trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching."  (emphasis added).

246.    The Court also explained that, "A sizeable number of irregularities in the investigation and prosecution of Spencer's case exist.  The State did not address, explain or contradict any of these irregularities in its response to Mr. Spencer's PRP or in supplemental briefing and **noted in oral argument only that 'things were done differently then.'**"  (emphasis added).

### Washington Supreme Court July 12, 2010 Ruling

247.    The State moved for reconsideration of the Court of Appeals' decision permitting Mr. Spencer to withdraw his *Alford* plea.

248.    To support the motion for reconsideration, Defendant Krause produced the previously undisclosed videotape showing Defendant Peters harassing Kathryn.

249.    The State's motion was denied.

250.    The State sought discretionary review by the Supreme Court for the State of Washington.

COMPLAINT — 37

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    251.    On July 12, 2010, the Supreme Court for the State of Washington issued its

2    ruling denying review.

3    252.    The Supreme Court's decision was a scathing rebuke of the arrest,

4    prosecution and imprisonment of Mr. Spencer.  The Court found:

5    a)    Eight of the 11 charges were based on **statements extracted from K.S.**

6    **and M.S. in a highly questionable interview method**;

7    b)    The undisputed fact that Ms. Spencer engaged in sexual relations with the

8    lead detective **casts a shadow over the entire case**;

9    c)    The notion that the State would simply lose track of and forget about a

10    videotape in which a prosecutor interviews a complaining witness is **difficult to fathom**;

11    d)    The tape [which the Court viewed] **undercuts the State's theory of the**

12    **case**.  (Emphasis added).

13    253.    The Supreme Court also casts doubt upon the charges arising from the

14    alleged abuse of Matt Hanson.  The Court noted that the previously undisclosed medical

15    report regarding Matt "**showed no signs of physical abuse even though he was examined**

16    **not long after Mr. Spencer allegedly anally raped him**."  Also, Matt allegedly made his

17    disclosures to Defendant Krause, "**who seemingly employed the same questionable**

18    **techniques she applied when interviewing [Matthew] and [Kathryn]. And [Matt**

19    **Hanson's] mother was then having an affair with [Defendant Davidson]**."  (Emphasis

20    added).

21    254.    The Supreme Court also acknowledged that the District Court had

22    previously "denied habeas relief on the basis of the undisclosed medical reports," but

23    concluded, "**that was before [Matt Spencer] and [Kathryn] came forward with their**

COMPLAINT — 38

DWT 17278401v1 0094078-000001

**recantations and before disclosure of the video recording of the 1984 interview**." (Emphasis added).

255.    The Supreme Court denied the State's motion for discretionary review.

***Prosecution Ends August 12, 2010***

256.    The State finally ceased its attempts to wrongfully arrest, prosecute and imprison Mr. Spencer on August 12, 2010, when the Supreme Court's decision became final.

257.    As of August 12, 2010, it had finally become known that Defendants had harassed and psychologically tortured the children and lied about what the children had said to them.  Defendants had been caught hiding the exonerating medical report of Kathryn and the exonerating medical report of Matt Hanson.

258.    Defendants' malicious conduct, false testimony, and false misrepresentations during prior court proceedings had finally been established in court.

259.    Further, it had become known that Defendants had hidden the exonerating videotape for over twenty-five years.

260.    While Mr. Spencer spent that time imprisoned, separated from his children, terminated from his job and suffering threats to his life on a daily basis, Defendants' careers blossomed.

261.    Defendant Peters was promoted and became an Assistant United State's Attorney in Idaho.  Defendant Krause toured the country as an expert in the field of sex crime prosecutions.  Defendant Davidson enjoyed sexual relations with Mr. Spencer's wife and continued his career as a high ranking police officer.

COMPLAINT — 39

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

262.     Defendants finally knew that more of their wrongdoing would be discovered if they continued their attempts to falsely and maliciously prosecute and imprison Mr. Spencer.

### *Continuation of Malice and Defamation against Ray Spencer*

263.     Therefore, Defendants continued their campaign against Mr. Spencer in the media.

264.     On or about August 12, 2010, Defendants caused a document labeled "Clark County Prosecutor's Office Press Release" to be distributed outside the courthouse on the date it announced it would not seek to continue the prosecution of Mr. Spencer.

265.     What should have been a date of celebration for Mr. Spencer and a day of atonement for Defendants became another nightmare for Mr. Spencer as Defendants forced their Press Release into the hands of anyone they could on the courthouse lawn.

266.     The malicious Press Release contained numerous false representations, obviously calculated to harm Mr. Spencer.

267.     In the Press Release, Defendants represented that Mr. Spencer was a rational and well informed man of sound mind and body when he pled guilty to raping all of the young children.  Defendants did not advise the public how they harassed and browbeat the children and how they hid exonerating medical reports and videotapes. Defendants also failed to mention that the Washington Supreme Court had severely criticized all those involved in arresting, prosecuting and imprisoning Mr. Spencer.

268.      In the Press Release, Defendants suggested that Mr. Spencer was abusing the system, as for "nearly 25 years" Mr. Spencer had been "appealing his guilty pleas in various courts."   Defendants did not mention that Mr. Spencer's appeals had been

COMPLAINT — 40

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

successful since Defendants were ordered to produce evidence hidden by Defendants and that because of Defendants' actions the appeals process was delayed by Defendants, not Mr. Spencer.

269.    In the Press Release, Defendants asserted the August 30, 1984, medical examination of Kathryn was unreliable as it was performed by an unqualified person.  This was false.

270.    In the Press Release, Defendants claimed that the medical report of Kathryn's examination was never provided to the Clark County Prosecutor's Office and that "the report of the medical examination was first discovered in an internal affairs file of the Vancouver Police Department."  This is untrue, Dr. Magee sent the report to the Clark County Sheriff's Office immediately after the examination.  The Clark County Sheriff's Office was investigating the case with the Clark County Prosecutor's Office at the time and it defies reality to believe the latter office had not reviewed the report.

271.    In the Press Release, Defendants claimed there was no evidence the Clark County Sheriff's Office received the exonerating medical report of Matt Hanson.  This is untrue.  Also, the Press Release stated that the lack of evidence suggesting Matt Hanson was sexually abused was not unusual.  This was false, as the Defendants had claimed multiple vicious penetrations and Matt Hanson was examined the day after those alleged multiple penetrations.  The absence of evidence under those circumstances meant one thing, Matt Hanson was not abused.

272.    The Press Release asserted Mr. Spencer was of sound mind when he pled guilty.  The Press Release omitted the fact that Mr. Spencer was on numerous medications

COMPLAINT — 41

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  that destroyed his ability to think rationally and that he had been given "truth serum" only

2  days before the plea.

3        273.    The Press Release also stated that "Mr. Spencer stated on the record that he

4  was pleading guilty because 'I don't remember the crimes.'"  This was untrue.  In fact, the

5  transcript shows the following occurred:

6        [Court]  Why are you entering a plea **without admitting guilt**?

7        [Mr. Spencer]   Because I don't remember the crimes.

8        (Emphasis added).

9        In deleting the portion "without admitting guilt" the Press Release changes the

10  clear meaning of the dialogue.  The Press Release states as fact that Mr. Spencer

11  committed the crimes, but could not recall them.  However, when shown in full, the

12  meaning of the dialogue is that Mr. Spencer would not admit guilt because he did not

13  commit the crimes.

14        274.    In the Press Release, Defendants repeatedly assert that Mr. Spencer

15  experienced no success in his appeals until 2004, when his sentence was conditionally

16  commuted.  This is untrue.  Only through Mr. Spencer's legal actions were Defendants

17  ordered by the Appeals Court to produce the exonerating medical examinations.

18        275.    In the Press Release, Defendants claimed that Kathryn's declaration was

19  merely that she did not remember the abuse by her father.  This is untrue.  Kathryn swore

20  that "if [she] had been sexually abused in the manner described in the police reports. [she]

21  would have a memory of [the abuse] having occurred."

22        276.    In other words, Kathryn did not simply claim a lack of memory.  She swore

23  it did not happen.

COMPLAINT — 42

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

277.    In the Press Release, Defendants claim that it was "unclear as to when [Shirley Spencer and Sgt. Davidson] met and as to when they began dating." This is untrue. The Supreme Court had already made it clear the two were having sex with each other during the investigation.

278.    The Press Release contains additional lies and misrepresentations, all calculated by Defendants to further destroy Mr. Spencer, destroy his relationship with his children, and inflict pain and suffering on all of them.

### *Matthew Spencer's Twenty Year Loss of his Father's Guidance and Support*

279.    Mr. Spencer left for a work related commitment on a rainy day in 1984. As he drove off, he waved to Matthew, unaware that this would be the last time he saw or spoke to his son until late 2005.

280.    Defendants' actions resulted in Matthew Spencer losing his father. Prior to Defendants' actions, Matthew and Mr. Spencer had enjoyed a wonderful relationship that included all the aspects of a relationship one would expect from a loving father who doted upon his son.

281.    As a result of Defendants' actions, Matthew lost his father for the greater pat of his life. Matthew Spencer was not only physically deprived of a relationship with his father, but he was led to believe his father was a terrible person who had abused him and committed heinous crimes against him.

### *Kathryn Tetz's Twenty Year Loss of her Father's Guidance and Support*

282.    Mr. Spencer saw Kathryn for the last time in 1984.

283.    As a result of Defendants' actions, he would not see her again for almost a quarter of a century.

COMPLAINT — 43

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

284.    Defendants' actions resulted in Kathryn losing her father.  Prior to Defendants' actions, Kathryn and Mr. Spencer had enjoyed a wonderful relationship that included all the aspects of a relationship one would expect from a loving father who doted upon his daughter.

285.    As a result of Defendants' actions, Kathryn lost her father for the greater part of her life. Kathryn was not only physically deprived of a relationship with her father, but she was led to believe her father was a terrible person who had abused her and committed heinous crimes against her.

### Summary of Claims

286.    The suppression of material, exculpatory evidence, manufacturing of fabricated evidence and the subornation of perjured testimony against criminal defendants insults and undermines the legitimacy of our system of justice.

287.    Accordingly, Mr. Spencer files this complaint seeking damages from Former Deputy Prosecuting Attorney for Clark County James M. Peters, Detective Sharon M. Krause, Sergeant Michael Davidson, Shirley Spencer, the Clark County Prosecutor's Office, the Clark County Sheriff's Office, the County of Clark and John Does One Through Ten (collectively "Defendants") for depriving him of clearly established constitutional rights and other violations.

288.    Mr. Spencer's children, Matthew Spencer and Kathryn Tetz also bring this action for the loss of consortium with their father due to the loss of love, care, companionship, and guidance they suffered as a result of Defendants' actions.

COMPLAINT — 44

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**Statement of Claims**

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Malicious Prosecution**

**(4th Amendment and 14th Amendment Procedural Due Process Violations)**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through**

**Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the**

**County of Clark)**

289.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

290.    Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

291.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acting without probable cause, procured groundless charges against Mr. Spencer based upon the fabrication of inculpatory evidence, destruction and concealment of exculpatory evidence, and false perjurious statements presented to official bodies in order to maliciously bring about Mr. Spencer's arrest, prosecution, and continued confinement.

292.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark,  acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the truth, instituted legal proceedings against Mr. Spencer, including seeking an arrest warrant, prosecuting, convicting and continuing to confine

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Mr. Spencer with knowledge that there was no reasonable grounds to believe, and no

2    realistic probability, that Mr. Spencer had committed any of the acts against Matthew

3    Spencer, Kathryn Tetz or Matt Hansen, thereby intentionally and maliciously subjecting

4    Mr. Spencer to wrongful incarceration for over twenty years.

5        293.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does

6    One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

7    County of Clark acted knowingly, maliciously, willfully and wantonly, as more fully

8    described herein, by systematically destroying and hiding exculpatory evidence from

9    judicial officers, expert witnesses and Mr. Spencer; systematically manufacturing

10   inculpatory evidence that was designed to promulgate the arrest, prosecution and continued

11   confinement of Mr. Spencer and using this evidence against him by presenting such

12   evidence to judicial officers, expert witnesses and Mr. Spencer; committing perjury;

13   influencing an investigation upon which fundamental conflicts of interest existed and

14   refusing to consider the possibility that Mr. Spencer was innocent; taking affirmative steps

15   to deny Mr. Spencer access to potentially exculpatory evidence; actively discouraging

16   and/or denying the sharing of massive amounts of exculpatory evidence with a criminal

17   defendant; and conspiring to fabricate probable cause to arrest Mr. Spencer, despite the

18   great weight of evidence pointing to his innocence.

19       294.    Probable cause never existed for the arrest, prosecution and imprisonment

20   of Mr. Spencer.

21       295.    Defendants acted with a malicious motivation and to further their careers,

22   as demonstrated by their initial and continued prosecution, without any evidence, of an

23   innocent man.

COMPLAINT — 46

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

296.     Defendants initiated and continued the prosecution to deny Mr. Spencer equal protection of the laws and to deny him his right not to be subjected to criminal prosecution on the basis of false evidence that was deliberately fabricated by the government, and through the withholding of exculpatory evidence.

297.     At all times, Defendants knew Mr. Spencer was innocent.

298.     The acts and/or omissions of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Due Process**

**(4th Amendment and 14th Amendment Procedural Due Process Violations)**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark)**

299.     Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

300.     Defendants  James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

301.     Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

COMPLAINT — 47

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

County of Clark, acting without probable cause, procured groundless charges against Mr. Spencer based upon the fabrication of inculpatory evidence, false perjurious statements presented to official bodies in order to maliciously bring about Mr. Spencer's arrest, prosecution, and continued confinement.

302.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the truth, instituted legal proceedings against Mr. Spencer, including seeking an arrest warrant, prosecuting, convicting and continuing to confine Mr. Spencer with knowledge that there was no reasonable grounds to believe, and no realistic probability, that Mr. Spencer had committed any of the acts against Matthew Spencer, Kathryn Tetz or Matt Hansen, thereby intentionally and maliciously subjecting Mr. Spencer to wrongful incarceration for over twenty years.

303.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acted knowingly, maliciously, willfully and wantonly, as more fully described herein, by systematically manufacturing inculpatory evidence that was designed to promulgate the arrest, prosecution and continued confinement of Mr. Spencer and using this evidence against him by presenting such evidence to judicial officers, expert witnesses and Mr. Spencer;  committing perjury; influencing an investigation upon which fundamental conflicts of interest exist; refusing to consider the possibility that Mr. Spencer was innocent; and taking affirmative steps to conspire to fabricate probable cause to arrest Mr. Spencer, despite the great weight of evidence pointing to his innocence.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

304.     Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark violated Mr. Spencer's clearly established due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the Defendants.

305.     Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark continued the investigation and prosecution of Mr. Spencer despite the fact that they knew or should have known that he was innocent.

306.     Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark used investigative techniques so coercive and abusive that they knew or should have known that they would yield false information.

307.     At all times, Defendants knew Mr. Spencer was innocent.

308.     The acts and/or omissions of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

COMPLAINT — 49

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Destruction and/or Hiding of Exculpatory Evidence**

**(14th Amendment Violations) (Against James Peters, Sharon Krause, Michael**

**Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark**

**County Sheriff's Office and the County of Clark)**

309.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

310.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

311.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acting without probable cause, procured groundless charges against Mr. Spencer based upon the destruction and concealment of exculpatory evidence, and false perjurious statements presented to official bodies in order to maliciously bring about Mr. Spencer's arrest, prosecution, and continued confinement.

312.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the truth, instituted legal proceedings against Mr. Spencer, including seeking an arrest warrant, prosecuting, convicting and continuing to confine Mr. Spencer with knowledge that there was no reasonable grounds to believe, and no

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    realistic probability, that Mr. Spencer had committed any of the acts against Matthew

2    Spencer, Kathryn Tetz or Matt Hansen, thereby intentionally and maliciously subjecting

3    Mr. Spencer to wrongful incarceration for over twenty years.

4        313.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does

5    One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

6    County of Clark acted knowingly, maliciously, willfully and wantonly, as more fully

7    described herein, by systematically destroying and hiding exculpatory evidence from

8    judicial officers, expert witnesses and Mr. Spencer; taking affirmative steps to deny

9    Mr. Spencer access to potentially exculpatory evidence; and actively discouraging and/or

10   denying the sharing of massive amounts of exculpatory evidence with a criminal

11   defendant.  All actions were designed to promulgate the arrest, prosecution and continued

12   confinement of Mr. Spencer, despite the great weight of evidence pointing to his

13   innocence.

14       314.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does

15   One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

16   County of Clark violated Mr. Spencer's clearly established due process rights when they

17   suppressed evidence favorable to Mr. Spencer that was material to his innocence.

18       315.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does

19   One through Ten,  Clark County Prosecutor's Office, Clark County Sheriff's Office and

20   the County of Clark acted in bad faith in suppressing the evidence, which included a

21   videotape of Kathryn's interview that established Mr. Spencer's innocence and medical

22   reports that showed Mr. Spencer's innocence, as well as other evidence.

23

COMPLAINT — 51

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

316.    Defendants continued the investigation and prosecution of Mr. Spencer, withholding from him any and all evidence that suggested his innocence.

317.    At all times, Defendants knew Mr. Spencer was innocent.

318.    The acts and/or omissions of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Conspiracy to Violate Mr. Spencer's Civil Rights**

**(4th and 14th Amendment Violations)**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark)**

319.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

320.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

321.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten,  Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark recklessly, knowingly, intentionally, willfully and wantonly conspired with one another, and others, to deprive Mr. Spencer of his Fourth and

COMPLAINT — 52

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Fourteenth Amendment rights under the United States Constitution by bringing about his wrongful arrest, prosecution, conviction, and confinement, in spite of knowledge that all of the evidence supported his innocence.

322. Defendants recklessly, knowingly, intentionally, willfully and wantonly acted in concert throughout the investigation and prosecution of Mr. Spencer as is clearly shown by the evidence.

323. Each Defendant recklessly, knowingly, intentionally, willfully and wantonly engaged in overt acts in furtherance of the conspiracy, as described herein, including but not limited to: fabricating inculpatory evidence; destroying and/or hiding exculpatory evidence in an effort to ensure Mr. Spencer's wrongful arrest, prosecution, conviction and continued incarceration, making material misrepresentations to a judicial officer to ensure Mr. Spencer's wrongful arrest, prosecution, conviction and continued incarceration; and aggressively advocating for the prosecution of Mr. Spencer with no reasonable grounds to believe Mr. Spencer committed any crimes.

324. At all times, Defendants knew Mr. Spencer was innocent.

325. The acts and/or omissions of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

COMPLAINT — 53

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**FIFTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Failure to Intervene**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark)**

326.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

327.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

328.    In the manner described above, during the constitutional violations described above, one or more of Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark, stood by without intervening to prevent the misconduct.

329.    As a result of Defendants' James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark failure to intervene to prevent the violation of Mr. Spencer's rights, Mr. Spencer suffered pain and injury, as well as emotional distress as described herein.

COMPLAINT — 54

DWT 17278401v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

330.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark had a reasonable opportunity to prevent this harm, but failed to do so.

331.    The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Spencer's constitutional rights.

332.    At all times, Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark knew Mr. Spencer was innocent.

333.    The acts and/or omissions of each Defendant, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

**SIXTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – False Arrest**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark)**

334.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

335.    Defendants,  James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

County of Clark were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

336.   Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark recklessly, knowingly, intentionally, willfully and wantonly sought Mr. Spencer's arrest and instituted legal process against him by acting with knowledge that Mr. Spencer was innocent of any crimes.

337.   Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark recklessly, knowingly, intentionally, willfully and wantonly caused the arrest of Mr. Spencer by making false statements and misleading others into believing Mr. Spencer had committed a crime.

338.   Probable cause never existed for the arrest of Mr. Spencer.

339.   At all times, Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark knew Mr. Spencer was innocent.

340.    The acts and/or omissions of each Defendant, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

COMPLAINT — 56

DWT 17278401v1 0094078-000001

**SEVENTH CLAIM FOR RELIEF**

**42 U.S.C. §1983 – False Imprisonment**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark)**

341.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

342.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark, were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

343.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark recklessly, knowingly, intentionally, willfully and wantonly sought Mr. Spencer's arrest and imprisoned Mr. Spencer with no probable cause or reasonable grounds for believing that Mr. Spencer committed any crimes, thereby unreasonably restricting Mr. Spencer's freedom for over twenty years.

344.    No reasonable police officer or prosecutor, including Defendant James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark, with the information each had in his, her or its possession would have determined that probable cause existed for Mr. Spencer's arrest and imprisonment.

COMPLAINT — 57

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

345.     Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acted recklessly, knowingly, intentionally, willfully and wantonly in acting as described herein.

346.     Based on the acts described herein, the process by which Mr. Spencer was wrongfully arrested, prosecuted and confined, was so wholly lacking in the concept of justice in a civilized society, that Mr. Spencer was never actually provided legal process and therefore was falsely imprisoned by Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark.

347.     Probable cause never existed for the imprisonment of Mr. Spencer.

348.     At all times, Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark knew Mr. Spencer was innocent.

349.     The acts and/or omissions of each Defendant, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**EIGHTH CLAIM FOR RELIEF**

**State Law Claim – Malicious Prosecution**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark)**

350.     Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

351.     Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

352.     Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark acting without probable cause, procured groundless charges against Mr. Spencer based upon the fabrication of inculpatory evidence, destruction and concealment of exculpatory evidence, and false perjurious statements presented to official bodies, in order to maliciously bring about Mr. Spencer's arrest, prosecution, and continued confinement.

353.     Defendants, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the truth, instituted legal proceedings against Mr. Spencer, including seeking an arrest warrant, prosecuting, convicting and continuing to confine Mr. Spencer with knowledge that there was no reasonable grounds to believe, and no realistic probability, that Mr. Spencer had committed any of the acts against Matthew

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Spencer, Kathryn Tetz or Matt Hansen, thereby intentionally and maliciously subjecting

2    Mr. Spencer to wrongful incarceration for over twenty years.

3          354.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does

4    One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

5    County of Clark, acted knowingly, maliciously, willfully and wantonly, as more fully

6    described herein, by systematically destroying and hiding exculpatory evidence from

7    judicial officers, expert witnesses and Mr. Spencer; systematically manufacturing

8    inculpatory evidence that was designed to promulgate the arrest, prosecution and continued

9    confinement of Mr. Spencer and using this evidence against him by presenting such

10   evidence to judicial officers, expert witnesses and Mr. Spencer; committing perjury;

11   influencing an investigation upon which fundamental conflicts of interest exist; refusing to

12   consider the possibility that Mr. Spencer was innocent; taking affirmative steps to deny

13   Mr. Spencer access to potentially exculpatory evidence; actively discouraging and/or

14   denying the sharing of massive amounts of exculpatory evidence with a criminal

15   defendant; and conspiring to fabricate probable cause to arrest Mr. Spencer, despite the

16   great weight of evidence pointing to his innocence.

17         355.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does

18   One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

19   County of Clark initiated the criminal prosecution of Mr. Spencer without probable cause.

20         356.    Probable cause never existed for the arrest and prosecution of Mr. Spencer.

21         357.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does

22   One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

23   County of Clark, acted with a malicious motivation, as evidenced by their initiation and

COMPLAINT — 60

DWT 17278401v1 0094078-000001

1   continued prosecution of an innocent man without any evidence.  Defendants all sought to

2   further their careers and other interests, at the expense of Mr. Spencer's freedom.

3        358.   At all times, Defendants, James Peters, Sharon Krause, Michael Davidson,

4   John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's

5   Office and the County of Clark, knew Mr. Spencer was innocent.

6        359.   The acts and/or omissions of each Defendant, including the policies,

7   customs, and/or actual practices described above, were the legal and proximate cause of

8   Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing

9   Mr. Spencer's injuries as described herein.

10   **NINTH CLAIM FOR RELIEF**

11   **State Law Claim – Intentional Infliction of Emotional Distress**

12   **(Against James Peters, Sharon Krause, Michael Davidson, John Does One through**

13   **Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, Shirley**

14   **Spencer and the County of Clark)**

15        360.   Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of

16   this Complaint as if fully set forth herein.

17        361.   Defendants, James Peters, Sharon Krause, Michael Davidson, John Does

18   One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office,

19   Shirley Spencer and the County of Clark, were acting under color of state law in their

20   actions and omissions which occurred at all times relevant to this action.

21        362.   In the manner fully set forth above, the acts and conduct of Defendants were

22   extreme and outrageous.  Defendants intended to cause, or were in reckless disregard of the

23   probability that their conduct would cause, severe emotional distress to Mr. Spencer.

COMPLAINT — 61

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

363.    Said actions were undertaken with malice, willfulness, and with reckless indifference to the rights of Mr. Spencer.

364.    As a direct and proximate result of Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, Shirley Spencer and the County of Clark's wrongful acts, Mr. Spencer suffered damages, including severe emotional distress and anguish.

365.    The acts and/or omissions of each Defendant, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, Shirley Spencer and the County of Clark, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing Mr. Spencer's injuries as described herein.

**TENTH CLAIM FOR RELIEF**

**State Law Claim – Conspiracy**

**(Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office, the County of Clark)**

366.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

367.    Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark, were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

COMPLAINT — 62

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

368. In the manner fully set forth above, Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to maliciously prosecute Mr. Spencer without probable cause, and to intentionally inflict emotional distress.

369. In furtherance of this conspiracy or conspiracies, Defendants James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark committed the overt acts as set forth above, including but not limited to, the arrest of Mr. Spencer without probable cause, the fabrication of evidence, the knowing presentation of fabricated evidence to initiate and continue proceedings against Mr. Spencer maliciously, the withholding of exculpatory evidence and the prolonging of Mr. Spencer's incarceration.

370. This conspiracy proximately caused the injuries to Mr. Spencer as set forth above.

371. As a direct and proximate result of Defendants' James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark's wrongful acts, Mr. Spencer suffered damages, including severe emotional distress and anguish.

372. The acts and/or omissions of each Defendant, James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Shirley Spencer, Clark County Prosecutor's Office, Clark County Sheriff's Office and the County of Clark, including the

COMPLAINT — 63

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   policies, customs, and/or actual practices described above, were the legal and proximate

2   cause of Mr. Spencer's wrongful arrest, prosecution, conviction and incarceration, causing

3   Mr. Spencer's injuries as described herein.

### ELEVENTH CLAIM FOR RELIEF

### State Law Claim – Defamation

### (Against James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office, and the County of Clark)

9   373.    Plaintiff, Mr. Spencer, hereby incorporates by reference all paragraphs of

10  this Complaint as if fully set forth herein.

11  374.    Defendants, James Peters, Sharon Krause, Michael Davidson, John Does

12  One through Ten, Clark County Prosecutor's Office, Clark County Sheriff's Office and the

13  County of Clark, were acting under color of state law in their actions and omissions which

14  occurred at all times relevant to this action.

15  375.    In the manner fully set forth above, up to and through the time the charges

16  against Mr. Spencer were dismissed without prejudice, Defendants James Peters, Sharon

17  Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's

18  Office, Clark County Sheriff's Office and the County of Clark represented to the public

19  that Mr. Spencer was guilty of the crimes of which he had been arrested, charged and

20  imprisoned.

21  376.    On or about August 12, 2010, Defendant CCPO issued a Press Release.

22

23

COMPLAINT — 64

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

377.    In that Press Release, Defendant CCPO took the position that Mr. Spencer was guilty of all of the charges against him and the prosecution had been consistent with the principles of justice.

378.    Astoundingly, the Press Release failed to reference the numerous items of evidence that established Mr. Spencer's innocence.

379.    Further, the Press Release contained numerous false statements, including but not limited to the following:

a.      The August 30, 1984, medical report of Kathryn was never previously disclosed to the prosecution;

b.      There is no evidence that the Clark County Sheriff's Office ever received the March 6, 1985, medical report of Matt Hanson;

c.      At the time of his guilty plea, May 23, 1985, Mr. Spencer suggested that he pled guilty because, in his drugged state, he was convinced that a jury would find him guilty of each count beyond a reasonable doubt; and

d.      It was not until then Governor Gary Locke commuted his sentence and ordered his conditional release from prison in 2004 that Mr. Spencer achieved any success.

380.    Defendants caused the above statements, the entire Press Release and additional false statements to be widely publicized in the media.

381.    Defendants made all of the statements with malice, knowing they were false.

382.    The actions of Defendants in making the false statements about Mr. Spencer and in publishing said statements were a direct and proximate cause of Mr. Spencer's injuries and damages as set forth above.

COMPLAINT — 65

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TWELFTH CLAIM**

**State Law Claim – Loss of Consortium**

**(Matthew Ray Spencer v. James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office and the Clark County Sheriff's Office)**

383.    Plaintiff, Matthew Ray Spencer, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

384.    Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

385.    Matthew Ray Spencer is the biological son of Mr. Spencer.

386.    As a result of Defendants' acts and omission as described herein, Matthew Spencer was deprived of his father's love, care, companionship and guidance.

387.    As a direct and proximate result of Defendants' wrongful acts, Matthew Spencer suffered damages, including severe emotional distress and anguish.

**THIRTEENTH CLAIM**

**State Law Claim – Loss of Consortium**

**(Kathryn Tetz v. James Peters, Sharon Krause, Michael Davidson, John Does One through Ten, Clark County Prosecutor's Office and the Clark County Sheriff's Office)**

388.    Plaintiff, Kathryn Tetz, hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

389.    Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

COMPLAINT — 66

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    390.   Kathryn Tetz is the biological daughter of Mr. Spencer.

2    391.   As a result of Defendants' acts and omission as described herein, Kathryn

3    Tetz was deprived of her father's love, care, companionship and guidance.

4    392.   As a direct and proximate result of Defendants' wrongful acts, Kathryn Tetz

5    suffered damages, including severe emotional distress and anguish.

6    393.   As a result of Defendants' acts and omissions as described herein, Kathryn

7    Tetz was deprived of her father's love, care, companionship and guidance.

8    394.   As a direct and proximate result of Defendants' wrongful acts, Kathryn Tetz

9    suffered damages, including severe emotional distress and anguish.

10   AS TO ALL COUNTS, Plaintiffs respectfully request that this Court enter

11   judgment in their favor and against Defendants, and award them all relief as allowed by

12   law and equity, including, but not limited to, the following:

13   a.   Appropriate equitable relief including but not limited to prospective

14   injunctive relief, declaratory and other injunctive remedies;

15   b.   Actual economic damages as established at trial;

16   c.   Compensatory damages, including but not limited to, those past and future

17   pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation,

18   humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other

19   nonpecuniary losses;

20   d.   Punitive damages for all claims allowed by law in an amount to be

21   determined at trial;

22   e.   Pre-judgment and post-judgment interest at the highest lawful rate;

23   f.   Attorneys' fees and costs; and

COMPLAINT — 67

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

g.      Any other relief this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 2nd day of June, 2011.

Respectfully submitted,

Davis Wright Tremaine LLP
Attorneys for Plaintiffs

By *s/ Daniel T. Davies*
    Daniel T. Davies, WSBA #41793
    Suite 2200
    1201 Third Avenue
    Seattle, Washington  98101-3045
    Telephone: (206) 206.757.8286
    Fax: (206) 206.757.7286
    E-mail: dandavies@dwt.com

*Of Counsel:*

Kathleen T. Zellner
Law Offices of Kathleen T. Zellner, P.C.
Esplanade IV
1901 Butterfield Road, Suite 650
Downers Grove, Illinois  60515
(630) 955-1212