Hon. Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| CLYDE RAY SPENCER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SHIRLEY SPENCER, et al.,<br><br>Defendants. | No.   3:11-CV-05424-BHS<br><br>DEFENDANT SHIRLEY SPENCER'S:<br>MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM<br>PROPOSED ORDER<br>CERTIFICATE OF SERVICE<br><br>CONSIDERATION: September 16, 2011 |
|---|---|

MOTION

The defendant Shirley Spencer, pursuant to FRCP 12(b)(6), moves the court for an order dismissing the Complaint on the basis that it fails to state a claim against her upon which relief can be granted.

MEMORANDUM IN SUPPORT

1.  Allegations of Complaint (Doc. #1):

The Complaint alleges thirteen claims for relief based upon the arrest,

prosecution, conviction and incarceration of the plaintiff. In general, it alleges a vast conspiracy, and specific conduct, involving agents, officers, attorneys and departments of Clark County, Washington to deprive the plaintiff, Clyde Ray Spenser, of his civil rights and thereby damaging him and the other plaintiffs.

Of the claims, only three involve Shirley Spencer: the Fourth, Ninth and Tenth. The Fourth claim involves a conspiracy to deprive Clyde Ray Spencer of his civil rights. The Ninth claim alleges a conspiracy to inflict emotional distress upon him. And, the Tenth claim, again, is based upon a supposed conspiracy to wrongfully prosecute him.

The only allegations in the complaint that involve Shirley Spencer in any way are the following:

1. "Shirley took Mr. Spencer's name and became Shirley Spencer. Shirley brought her son from a prior relationship, Matt Hanson (date of birth: November 28, 1979), to her marriage with Mr. Spencer. Mr. Spencer was not aware of how deeply emotionally disturbed Shirley was, so he endured her mood swings and pathological jealousy hoping she would get better." (Complaint, page 6-7)

2. "38. In 1984, Clark County Sheriffs Office Supervisor, Defendant Sgt. Michael Davidson ("Davidson"), began a sexual relationship with Shirley Spencer. Their sexual relationship led them to attempt to frame Mr. Spencer." (Page 7)

3. "40. When Mr. Spencer returned after the seminar, Shirley advised him that on 15 August 24, 1984, while he had been away at the seminar, Kathryn had made disturbing but inconsistent statements that suggested Kathryn had been touched improperly by multiple individuals, or more likely, no one at all." (Page 7)

4. Davidson's Sexual Relationship with Shirley Motivated his Fabrication of Evidence Against Mr. Spencer. Prior to, during, and

after the time of the aforementioned events, Defendant Krause's supervisor, Defendant Davidson, was engaged in a sexual relationship with Shirley Spencer. Their sexual relationship continued until after the arrest and conviction of Mr. Spencer. 63. It was well known to employees of the CCSO, CCPO and VPD that Shirley and Davidson were engaged in a sexual relationship. (Page 9)

4. 66. Later, Defendant Davidson moved into the home that was owned by Mr. Spencer and Shirley prior to Defendants' investigation, arrest, prosecution and imprisonment of Mr. Spencer. 67. Mr. Spencer's family home was then sold and the proceeds were divided between Davidson and Shirley. Defendant Davidson and Shirley moved together to a new home. Mr. Spencer's share of the proceeds from the sale of the Spencer home should have been available to him to fund his defense. (Page 11)

5. 105. On February l6, 1985, while Mr. Spencer was living in the motel, Shirley dropped off her son, Matt Hanson, so that he could spend the night with Mr. Spencer in the motel. (Page 17)

6. "131. Defendant Davidson pressured Mr. Spencer to sign legal documents for the financial benefit of Shirley, including a quit claim deed to his house and a power of attorney."

7. "Benefit to Defendants of Framing Mr. Spencer--169. With Mr. Spencer in custody for life, Defendant Davidson moved into Mr. Spencer's home with Shirley. With the knowing and willing assistance of all Defendants they thought they had succeeded in getting rid of Mr. Spencer for life." (Page 26)

8. "Defendant Davidson and Shirley had revealed to witnesses that they were sexually involved before, during and after Mr. Spencer was in the county jail." (Page 33)

The most that be said concerning Shirley Spencer's involvement in the case is that she had an affair with the detective. There is no factual allegation, or even a legitimate inference from an allegation that she did anything illegal or conspired to

harm Clyde Ray Spencer in a manner that would give rise to liability for the acts of others.

## LEGAL PRECEDENT

Rules 8 and 12 of Fed.R.Civ.P. provide:

"Rule 8. General Rules of Pleading

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

(2) a short and plain statement of the claim showing that the pleader is entitled to relief;"

And,

"Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(6) failure to state a claim upon which relief can be granted;"

The Court, however, is not required to credit "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d. Cir. 1997). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997)(quoting Glassman v. Computervision Corp., 90 F.3d 617, 628(1st Cir.1996)).  Mitchell v. Duval County Sch. Bd., 107 F.3d 837, 839-40 (11th Cir.1997)(affirming dismissal of state-created danger claim where it was "beyond doubt

that appellant cannot prove a set of facts" which support his claim); Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198 (5th Cir.1994), cert. denied, 514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995)(same).

See also Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1997) (noting that courts, when examining 12(b)(6) motions, have rejected "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations"); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996)(affirming dismissal of § 1983 action and noting that "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

In Ashcroft and Bell Atlantic Corporation v Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) the Supreme Court has further restricted the scope of "notice" pleading to require that the complaint recite ultimate facts from which a "plausible" valid claim may be made. The case appeared to adopt a more movant-friendly standard, requiring a complaint to allege facts that, if proven, would support the relief requested and to show that the alleged facts were "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true". The valid complaint requires enough facts "to state a claim to

relief that is plausible on its face." A complaint that alleged parallel conduct (without more) is much "like a naked assertion of conspiracy" and, as such, subject to dismissal for failure to state a claim. Although a complaint need not contain detailed factual allegations, the plaintiff does have the obligation to provide the "grounds" of its "entitlement to relief," which is more than mere labels and conclusions.

The case of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) holds that only a complaint that states a plausible claim for relief can survive a motion to dismiss. Applying this standard, Iqbal's complaint did not nudge his claims of invidious discrimination "across the line from conceivable to plausible." The allegations against Ashcroft, much like in Twombly, were nothing more than "formulaic recitation of the elements" of a constitutional discrimination claim. As such, the allegations were conclusions and are not entitled to be assumed to be true. It was not that the allegations were unrealistic or nonsensical, but as in Twombly, the allegations in Iqbal were conclusory in nature. To state a claim, Iqbal had to plead substantial factual matters to show that Ashcroft adopted and implemented the policies at issue, not for a neutral reason but for "the purpose of discriminating on account of race, religion, or national origin."

Both cases, Ashcroft and Twombly hold that not granting the motions to dismiss the inadequate complaints would require the defendants to go through expensive discovery and litigation defending charges that are not specific in any respect.

## ATTORNEY FEES

Ms. Spencer, through no fault of her own, has been brought into a very serious

lawsuit for damages, and has been required to retain counsel to defend her against what could be termed a spurious or frivolous claim for very large damages. Her fees for representation in this case have been considerable and far beyond her means.

The complaint in question clearly, and by its terms, is bought against this defendnant to enforce the plaintiffs' civil rights under the provisions of 42 U. S. C. Sec. 1983. The statute, 42 U. S. C. Sec. 1988, provides, in pertinent part:

> "(b) Attorney's fees
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title,. . . title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party,. . . a reasonable attorney's fee as part of the costs, . . . "

Plaintiff has sued this defendant alleging violations of his civil rights under 42 U. S. C. Sec. 1983. Defendant contends that because the plaintiff did not allege facts sufficient to withstand a motion to dismiss, the suit is frivolous on its face.

In the case of Head v. Medfor, 62 F.3d 351 (11th Cir. 1995), the court set forth the status of the law on this subject as follows:

> "Ordinarily, a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648, 654 (1978) (Title VII). By contrast, a more stringent standard applies to prevailing defendants who may be awarded attorney's fees only when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co., 434 U.S. at 421, 98 S.Ct. at 700, 54 L.Ed.2d at 657. This standard applies equally to awards of attorneys' fees sought under 42 U.S.C. Sec. 1988 by prevailing civil rights defendants. Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980)."

See also, Lindsey v. Howell, 8:10-cv-1910-T-23AEP (FLMDC), where it is stated:

> "An award of attorney fees to a prevailing defendant is proper if a civil rights plaintiff's "action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Persaud v. Orange County School Bd., 255 Fed.Appx. 477, 478 (11th Cir. 2007) (per curiam) (quoting  Hughes v. Rowe , 449 U.S. 5, 14 (1980)); see also Boler v. Space Gateway Support Co. LLC , 290 F.Supp.2d 1272, 1279-80 (M.D. Fla. 2003) (Antoon, J.). Among other factors, whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the action was dismissed before trial inform whether a claim is frivolous.  Quintana v. Jenne , 414 F.3d 1306, 1309 (11th Cir. 2005).

## CONCLUSION

The Complaint at best alleges only that Shirley Spenser had an affair with a detective. Any culpability on her part would of necessity have to be inferred from that fact alone. No act of hers has been said to harm the plaintiff in any way. Therefore, the Complaint should be dismissed with respect to her, and costs, including reasonable attorneys fees should be awarded in accordance with Fed. R. Civ. P. Rule 54(d).

Dated: August 20, 2011.


/s/ William Dunn

Attorney for Shirley Spencer

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SHIRLEY SPENCER, et al., <br><br> Defendants. | No. 3:11-CV-05424-BHS <br><br> CERTIFICATE OF SERVICE ELECTRONICALLY |

    I hereby certify that on August 24, 2011, I electronically filed the attached pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all of the parties' attorneys which parties are represented by counsel, as follows: Daniel T. Davies, Kathleen Zellner and E. Bronson Potter. No parties are not so represented.

    Dated: August 24, 2011.

/s/ William Dunn

William Dunn, Attorney at Law
P. O. Box 1016, Vancouver, WA 98666-1016
(360) 694-4815; dunnwh@pacifier.com

Hon. Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SHIRLEY SPENCER, et al.,<br><br>Defendants. | No.   3:11-CV-05424-BHS<br><br>(PROPOSED)<br>ORDER DISMISSING CLAIM AGAINST SHIRLEY SPENCER AND AWARDING COSTS |

This matter came before the court upon the motion, pursuant to Rule 12(b)(6) Fed. R. Civ. P., of defendant Shirley Spencer, by her attorney, for an order dismissing the complaint as against her only based upon the alleged failure of the complaint to state a valid claim for relief within the meaning of Rule 8(a)(2), Fed. R. Civ. P.

The court has considered the motion, all briefs of the parties and the files and records of this case and comes to the conclusion that indeed the allegations of the complaint as against Shirley Spenser do not state a plausible claim for relief as required by the rule and, for that reason, shall enter an order dismissing the complaint

(Proposed) Order on Motion, page 1
No. 3:11-CV-5424

William Dunn, Attorney at Law
P. O. Box 1016, Vancouver, WA 98666-1016
(360) 694-4815; dunnwh@pacifier.com

as against her.

The court also finds that the complaint against this defendant was frivolous and without merit and that, therefore, the defendant should be awarded a reasonable attorney fee for being required to defend against it. A reasonable fee for responding to the complaint, preparing and prosecuting the motion to dismiss and participating in the related procedures is $6,000.

The court finds that the allegations of the complaint do not contain a plausible fact or set of facts that give rise, either directly or inferentially, to acts or conduct on the part of the defendant that would serve to justify a claim against her. The allegations that she had an affair with an officer investigating the case and charges against her then husband, in and of itself, would not give rise to a claim for relief and damages for violation of the husband's civil rights. Neither is it sufficient to justify a claim for damages for the intentional infliction of emotional distress under Washington law. No act on her part is alleged to justify the claim that she was part of a conspiracy to damage the plaintiffs in these ways.

The bare assertion of a conspiracy supported only by the allegation of an affair with an investigating officer, without more, cannot give rise to a valid claim for relief under 42 U. S. C. 1983 or any of the other related statutes. The law requires that the complaint allege facts sufficient to prove that the defendant engaged in an unlawful conspiracy to deprive the plaintiff of their civil rights and that the allegations are sufficient to inform the defendant of what conduct on her part gives rise to the claim.

(Proposed) Order on Motion, page 2  
No. 3:11-CV-5424

William Dunn, Attorney at Law  
P. O. Box 1016, Vancouver, WA 98666-1016  
(360) 694-4815; dunnwh@pacifier.com

The plaintiffs are required to plead sufficient facts to make it plausible the defendant Spenser conspired to deprive them of their rights. They have not done this in this complaint. The conclusory allegations of conspiracy do not provide facts sufficient to meet the requirements of Rule 8(a)(2) Fed. R. Civ. P. Such lack of substantive allegations would leave this defendant in the dark as to how to answer the complaint. Pleading a "conspiracy" or "affair" without alleging the underlying facts is only pleading conclusions which are not entitled to a presumption of truth in this context.

Based upon the forgoing, it is hereby

ORDERED:

1. The complaint shall be dismissed as against the defendant Shirley Spenser.

2. Said defendant shall be awarded cost including attorney fees of $6,000.

Dated this _____ day of _____, 2011.


_____
Judge

Presented by:

/s/_____
William H. Dunn, attorney for Shirley Spencer