The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>    Defendants. | No. 3:11-cv-05424<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT SHIRLEY SPENCER'S MOTION TO DISMISS<br><br>*Note on Motion Calendar:*<br>September 16, 2011 |

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 1
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## INTRODUCTION

Defendant Shirley Spencer ("Defendant") had a sexual affair with Defendant Sgt. Michael Davidson ("Davidson"), which led them to frame Clyde Ray Spencer for terrible crimes that he did not commit. As alleged at length in the complaint, Defendant conspired to bring about Mr. Spencer's malicious prosecution and wrongful arrest in violation of both State law and the United States Constitution, and intentionally caused Plaintiffs emotional distress. Defendant's own motion highlights sufficient facts to plausibly state claims for relief against Defendant for conspiracy under 42 U.S.C. § 1983 and State law, and intentional infliction of emotional distress under State law. In addition, Defendant's motion misses numerous paragraphs alleging facts supporting Plaintiffs' claims against Defendant. Consequently, the Court should deny Defendant's motion to dismiss.

## MEMORANDUM IN SUPPORT

Defendant's motion makes some misstatements, which must be addressed as a threshold matter. First, Defendant states that Plaintiffs' Ninth Claim "alleges a conspiracy to inflict emotional distress upon him." (See Defendant's Motion to Dismiss, hereinafter referred to as "Def. Motion" at 2). This is untrue. As Plaintiffs' Complaint demonstrates on its face, his Ninth Claim is a State Law Claim for Intentional Infliction of Emotional Distress, not a conspiracy to inflict emotional distress. *See* Complaint [Dkt. 1], at. 61:10-14.

Defendant then states that "[t]he only allegations in the complaint that involve Shirley Spencer in any way are the following:". Mot. [Dkt. 17], at 2:11-12. Defendant then lists eight paragraphs from Plaintiffs' complaint. However, Defendant omits that there are at least forty-seven (47) additional paragraphs in Plaintiffs' complaint that reference "All Defendants" and clearly refer to Defendant Shirley Spencer. The following are a few examples of these paragraphs:

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 2
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1. Despite the fact Defendants' prior accusations were false, Defendant Krause traveled to Sacramento on or about October 16, 1984, and spoke to Kathryn alone on multiple occasions, harassing her, pressuring her and intimidating her. No one else was present for the interviews, and Defendant Krause did not record them. Complaint ¶ 68.

2. As a result of Defendants' conduct, Mr. Spencer became extremely depressed and withdrawn. Complaint ¶ 85.

3. As a result of Defendants' actions, Mr. Spencer contemplated suicide and was admitted at his own request to the Oregon Health Science Center on November 15, 1984. He remained there until December 7, 1984. His discharge diagnosis included major depression due to extreme psychological stressors, specifically his "pending felony charges." Complaint ¶ 86.

4. Defendants Krause and Davidson conveyed information to Defendant Peters, who was also investigating the case, that Defendant Davidson had personally corroborated the accusations made by Matt Hanson. All Defendants knew the allegations were outrageous and untrue. Complaint ¶ 109.

5. In full cooperation with all Defendants, Defendant Peters filed a sworn affidavit on February 28, 1985, in support of the insurance of an arrest warrant for Mr. Spencer. (Exh. A, ¶110)

6. As he had since Defendants began their attempts in the summer of 1984, Matthew continued to deny Mr. Spencer had molested him in any way. Complaint ¶ 137.

7. As is now known, the convictions would have resulted, not because Mr. Spencer was guilty, but from the fabricated evidence, the face that evidence was withheld and from other factors due to Defendants' actions. All

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 3
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Defendants knew at the time of the plea and at all times that Mr. Spencer was innocent. Complaint ¶ 160.

8. Throughout the entire time that Mr. Spencer was imprisoned, Defendants continued their malicious and unlawful acts with the intention of continuing the incarceration of Mr. Spencer. Complaint ¶ 202.

Defendant omitted the paragraphs described above, but acknowledges that Mr. Spencer pled, among other things, the following:

9. Defendant and Davidson had a sexual relationship, which led them to attempt to frame Mr. Spencer. *See* Mot. at 2:18-21.

10. Defendant advised Mr. Spencer that their daughter had made statements suggesting that she had been touched improperly. *Id.* at 2:22-24. As discussed in more detail in the Complaint, this act by Defendant caused Mr. Spencer to contact Child Protective Services, and led to his investigation and wrongful arrest. *See* Complaint ¶¶ 41-57.

11. Davidson's sexual relationship with Defendant motivated his fabrication of evidence against Mr. Spencer. Mot. at 2:25-3:5.

12. After Mr. Spencer was convicted, Davidson moved into Mr. Spencer's home and then sold the home dividing the proceeds between Davidson and Defendant. *Id.* at 3:6-3:10.

13. Defendant dropped off her son with Mr. Spencer at the Salmon Creek Motel so that he could spend the night with Mr. Spencer. *Id.* at 3:11-13. Defendant fails to mention that this action was part of a set-up leading to Mr. Spencer's wrongful arrest on additional charges, as alleged in the Complaint. *See* Complaint ¶¶ 101-109.

14. Defendant benefitted by framing Mr. Spencer because Davidson was able to move in with Defendant and Defendant thought she had succeeded in getting

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 4
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

rid of Mr. Spencer for life. Mot. at 16-19. Further supporting this statement, the Complaint alleges "Defendant Davidson separated from his wife and moved in with Shirley almost immediately after Mr. Spencer was sentenced to life in prison." Complaint ¶ 226.

It is apparent from these paragraphs, amongst others, that Defendant Shirley Spencer was a willing participant in the illegal acts against Mr. Spencer. It is clear that she was involved in the fabrication of charges against Mr. Spencer and her motive to do so was, in part, her sexual relationship with Defendant Davidson. "Rule 12(b) (6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 248 (9th Cir.1997). (citations omitted). Plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also KeyBank, N.A. v. Bingo, Coast Guard Official No. 1121913*, C09-849RSM, 2011 WL 1559829 (W.D. Wash. Apr. 22, 2011). It is evident from the face of Plaintiffs' claim that the Plaintiffs can prove a set of facts in support of their claims which will entitle them to relief.

Additionally, Plaintiffs' complaint clearly pleads that the sexual relationship between Shirley Spencer and Sergeant Davidson "led **them** to attempt to frame Mr. Spencer." Complaint ¶ 38. This statement, in and of itself, is sufficient to continue these proceedings against Defendant Shirley Spencer.

It is apparent from the face of Plaintiffs' complaint that the allegations against Defendant Shirley Spencer have been more than adequately pled to state a claim for relief against Defendant Spencer. Plaintiffs' complaint does not contain any "bald assertions"

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 5
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

or "legal conclusions" that are insufficient for relief.  *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) are easily distinguishable from this case.  Plaintiffs here have not merely recited the elements of a claim in their allegations but have laid out numerous specific factual allegations to support their claims for relief.  In *Iqbal*, the respondents failed to plead any specific facts that connected Attorney General Ashcroft with a constitutional violation against them for a respondeat superior theory was not available for "respondent's complaint does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind. His pleadings thus do not meet the standard necessary to comply with Rule 8." *Iqbal*, 129 S. Ct. at 1952.

## ATTORNEY'S FEES

Defendant's request for attorney's fees is meritless and should be denied.  Plaintiffs' complaint is not frivolous, unreasonable or without foundation.  Defendant's novel submission that if a complaint is dismissed for failure to state a claim it is frivolous on its face should be rejected.  Additionally, Defendant's completely unsubstantiated claim that "[h]er fees for representation in this case have been considerable and far beyond her means" should not be considered by this Court.  Mot. at 7:2-3.  Therefore, Defendant's request for attorney's fees should be denied.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant Shirley Spencer's Motion to Dismiss for Failure to State a Claim with prejudice, deny her Motion for Attorney's Fees with prejudice; in the alternative, Plaintiffs respectfully request that this Court grant them leave to amend their complaint to plead with more specificity against Defendant Shirley Spencer, and any and all other relief deemed just.

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 6
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   DATED this 12th day of September, 2011.

2                                    Respectfully submitted,

3                                    Davis Wright Tremaine LLP
4                                    Attorneys for Plaintiffs

5

6                                    By *s/ Daniel T. Davies*
7                                           Daniel T. Davies, WSBA #41793
                                          Suite 2200
8                                           1201 Third Avenue
                                          Seattle, Washington  98101-3045
9                                           Telephone: (206) 206.757.8286
                                          Fax: (206) 206.757.7286
10                                      E-mail: dandavies@dwt.com

11
                                     Kathleen T. Zellner
12                                      Law Offices of Kathleen T. Zellner, P.C.
                                     Esplanade IV
13                                      1901 Butterfield Road, Suite 650
                                     Downers Grove, Illinois  60515
14                                      (630) 955-1212

15

16

17

18

19

20

21

22

23

24

25

26

27   PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 7
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

E. Bronson Potter
Bronson.potter@clark.wa.gov

William H. Dunn
dunnwh@pacifier.com

DATED this 12th day of September, 2011.

By *s/ Daniel T. Davies*
Daniel T. Davies, WSBA #41793
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
Telephone: (206) 206.757.8286
Fax: (206) 206.757.7286
E-mail: dandavies@dwt.com

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS — 8
Case No. 3:11-cv-05424
DWT 18196888v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700