Hon. Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SHIRLEY SPENCER, et al.,<br><br>Defendants. | No.   3:11-CV-05424-BHS<br><br>DEFENDANT SHIRLEY SPENCER'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM, AND, CERTIFICATE OF SERVICE<br><br>CONSIDERATION: September 16, 2011 |

REPLY OF DEFENDANT SHIRLEY SPENCER TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

In the Response, the Plaintiff argues that sufficient factual allegations are contained in the Complaint to establish a cognizable Claim for Relief against this Defendant because there are allegations referring to "all defendants", which would include her. (Response, p. 2, Doc. 18) However Circuit Courts have rejected this reasoning.

In Kansas Penn Gaming, LLC v. Collins, 10-3002 (FED10, 2011), the Court set forth the parameters for a sufficient Complaint as established by the Bell Atlantic Corporation v.Twombley, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) cases, as follows:

> "The nature and specificity of the allegations required to state a plausible claim will vary based on context. Smith v. United States, 561 F.3d 1090, 1104 (10th Cir. 2009) (addressing an Eighth Amendment conspiracy); Gee v. Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010) (resolving a prisoner complaint). "The Twombly standard may have greater bite" in the context of a § 1983 claim against individual government actors, because "they typically include complex claims against multiple defendants." Robbins, 519 F.3d at 1249. "[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Id. at 1250."

This reasoning is applicable to the case at bar. There are several defendants named in the complaint and several unnamed defendants. What specifically Shirley Spencer did to unlawfully cause damage to the Plaintiffs is not spelled out, or even referred to in these allegations.

Finally, the Plaintiff requests leave to amend the complaint. This Defendant objects to this request because the Plaintiff has not set forth any factual matter that would be alleged in such an amendment in a manner such that it would state a valid claim for relief.

Dated: September 15, 2011.

Respectfully submitted:

/s/ William Dunn

Attorney for Defendant Shirley Spencer

Reply to Response to Motion to Dismiss, page 3
No. 3:11-CV-5424

William Dunn, Attorney at Law
P. O. Box 1016, Vancouver, WA 98666-1016
(360) 694-4815; dunnwh@pacifier.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SHIRLEY SPENCER, et al.,<br><br>Defendants. | No.   3:11-CV-05424-BHS<br><br>CERTIFICATE OF SERVICE ELECTRONICALLY |

I hereby certify that on September 14, 2011, I electronically filed the attached pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all of the parties' attorneys which parties are represented by counsel, as follows: Daniel T. Davies, Kathleen Zellner and E. Bronson Potter. No parties are not so represented.

Dated: September 14, 2011

/s/ William Dunn

William Dunn, Attorney at Law
P. O. Box 1016, Vancouver, WA 98666-1016
(360) 694-4815; dunnwh@pacifier.com