The Honorable Benjamin Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E.
TETZ,
               Plaintiffs,

v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY
JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT
MICHAEL DAVIDSON, CLARK
COUNTY PROSECUTOR'S OFFICE,
CLARK COUNTY SHERIFF'S
OFFICE, THE COUNTY OF CLARK
and JOHN DOES ONE THROUGH
TEN,
               Defendants.

NO.  C11-5424BHS

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**

COMES NOW defendant, James M. Peters, by and through his attorneys undersigned and in answer to plaintiffs' complaint, admits, denies and alleges as follows:

As a preliminary matter prior to addressing the individual allegations contained in the complaint, plaintiffs' complaint combines a verbose narrative of events dating back more than 60 years, many of which are totally irrelevant to their claims.   It contains argumentative language and legal conclusions throughout the complaint.  Plaintiffs' complaint as written violates F.R.C.P. 8(a)(2) which requires that a claim for relief filed in this court contain a "short and plain statement

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

of the claim showing that the pleader is entitled to relief."  All allegations are denied unless specifically admitted herein.

1.      Defendant Peters admits the allegations contained in paragraph 1 of plaintiffs' complaint that plaintiffs' complaint alleges claims arising under 42 U.S.C. § 1983 as well as claims arising under state law but denies the remaining allegations contained in paragraph 1.

2.      Defendant Peters is without knowledge concerning the exact residence status of each of the plaintiffs and therefore denies the allegations contained in paragraph 2.

3.      Admits the allegations contained in paragraph 3 that this court has jurisdiction over plaintiff's federal causes of action arising under 42 U.S.C. § 1983 but denies the remaining allegations contained in paragraph 3.

4.      Admits the allegations contained in paragraph 4.

5.      To the extent that the allegations contained in paragraph 5 contain legal conclusions, they are denied.  Admit the allegations contained in paragraph 5 that plaintiff was allowed to withdraw his plea of guilty following the conclusion of a personal restraint petition filed in the appellate courts of the State of Washington.  Denies the remaining allegations contained in paragraph 5 as they are legal conclusions.

6.      Defendant Peters is without knowledge to admit or deny the allegations contained in paragraphs 6, 7, and 8 and therefore denies these allegations.

7.      Admits the allegations contained in paragraph 9.

8.      Denies the reference to "James L. Peters" and alleges that the correct name of defendant Peters is James M. Peters.  Admits the allegation contained in paragraph 10 concerning the current residence of defendant Peters and that in 1984-1985 defendant Peters was employed by Clark County as a Deputy Prosecuting Attorney (not "Assistant County Attorney").  Admits that defendant Peters was involved in the prosecution of plaintiff.  Denies the remaining allegations contained in paragraph 10.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

9.      Admits the allegations contained in paragraph 11 that the Clark County Prosecutor's Office is an agency of Clark County but denies the remaining allegations contained in paragraph 11.

10.     Admits the allegations contained in paragraphs 12 and 13.

11.     Admits the allegation contained in paragraph 14 that the Clark County Prosecutor's Office is an agency of the County of Clark but denies the remaining allegations contained in paragraph 14.

12.     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 15 and therefore denies these allegations.

13.     Denies the allegations contained in paragraph 16.

14.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 and therefore denies these allegations.  Defendant Peters alleges that these allegations violate F.R.C.P. 8 which requires plaintiffs to set forth a concise statement of their claims and the factual basis for their claims.

15.     Admits the allegations in paragraph 37 that at relevant times Clyde Ray Spencer, Shirley Spencer and Matt Hanson resided in Vancouver, Washington and that at relevant times Clyde Ray Spencer was employed by the Vancouver Police Department. Defendant Peters is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 37 and therefore denies these allegations.

16.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 38 concerning when or if Defendant Davidson began a sexual relationship with Shirley Spencer.  Defendant Peters denies knowledge of any such relationship at relevant times and adamantly denies that this relationship led him to attempt to "frame Mr. Spencer."

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

17.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 39 and therefore denies these allegations.

18.     Admits the allegations contained in paragraph 40 that Shirley Spencer stated that Kathryn made statements suggesting that she had been improperly touched but denies the remaining allegations contained in paragraph 40.

19.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and therefore denies these allegations.

20.     Defendant Peters denies the allegations contained in paragraph 63 that suggest that he, as an employee of the Clark County Prosecuting Attorney's Office, knew of a sexual relationship that existed between Shirley Spencer and a Clark County Sheriff's Deputy prior to or during his prosecution of plaintiff Clyde Ray Spencer.  Defendant Peters is without knowledge as to whether others knew of this relationship, whether the relationship in fact occurred and therefore denies the remaining allegations contained in paragraph 63.

21.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 64, 65, 66 and 67 and therefore denies these allegations.

22.     Admits the allegations contained in paragraph 68 that in late 1984 defendant Krause traveled to Sacramento and interviewed Kathryn. Defendant Peters is without sufficient knowledge to admit or deny whether or not this interview was recorded.   Denies the remaining allegations contained in paragraph 68.

23.     Denies the allegations contained in paragraph 69, 70, 71 and 72.

24.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 73 concerning whether defendant Krause spoke to Matthew Spencer in Sacramento.  Denies the remaining allegations contained in paragraph 73.

25.     Denies the allegations contained in paragraph 74, 75 and 76.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

26.     Defendant Peters denies the allegations contained in paragraph 77 because they contained legal conclusions.   In addition, defendant Peters denies that he became "heavily involved" in the investigation of Mr. Spencer prior to his arrest and denies that he saw the arrest, prosecution and conviction of Mr. Spencer as a way to advance his career.

27.     Denies the allegations contained in paragraph 78.

28.     Denies the allegations contained in paragraph 79 that defendant Peters submitted defendant Krause's police reports to Rebecca Roe for her review.   Admits that at that time Rebecca Roe was a deputy prosecuting attorney in King County assigned to the special assault unit.   Denies the remaining allegations contained in paragraph 79.

29.     Admits the allegations contained in paragraph 80 that Prosecutor Roe reviewed information but denies the remaining allegations contained in paragraph 80.   Defendant Peters alleges affirmatively that Rebecca Roe stated following her review that she believed Kathryn to have been sexually abused and believed that Clyde Ray Spencer likely committed the abuse.

30.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 81, 82, 83, 84, 85, 86, 87, 88 and 89 and therefore denies these allegations.

31.     Admits the allegations contained in paragraph 90 that he interviewed Kathryn on or about December 11, 1984 but denies the remaining allegations contained in paragraph 90.

32.     Denies the allegations contained in paragraphs 91 and 92.

33.     Admits that a videotape was made of the interview of Kathryn but denies the remaining allegations contained in paragraph 93.

34.     Defendant Peters is without sufficient knowledge to admit or deny paragraph 94 and therefore denies these allegations.   Defendant Peters denies the allegation in paragraph 94

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

that defendant Peters concealed the videotape.  Denies the allegations contained in paragraphs 95, 96 and 97.

35.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 98 and 99 and therefore denies these allegations.

36.     Denies the allegations contained in paragraph 100.

37.     Denies the allegations contained in paragraph 101.  In addition these allegations are denied because they are legal conclusions.

38.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 102, 103, 104 and 105 and therefore denies these allegations.

39.     Denies the allegations contained in paragraph 106.

40.     Admits the allegation in paragraph 107 that at some point during the investigation Detective Krause met with Matt Hanson but defendant Peters is without sufficient knowledge to admit or deny that this occurred on February 28, 1985.

41.     Admits the allegations contained in paragraph 108 that Defendant Krause reported that Matt Hanson told her that Mr. Spencer had committed multiple acts of sexual abuse against Matt Hanson and had witnessed him abuse other children.

42.     Admits the allegations contained in paragraph 109 that Defendant Krause conveyed information to defendant Peters but denies the remaining allegations contained in paragraph 109.

43.     Admits the allegations contained in paragraph 110 that defendant Peters filed an affidavit on February 28, 1985 but denies the remaining allegations contained in paragraph 110.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

44.    Admits the allegations contained in paragraph 111 that defendant Peters prepared an affidavit which swore that he had received information obtained by Defendant Krause and possibly from other law enforcement officers.  Denies the allegations contained in paragraph 111 to the extent they imply that Peters had personal knowledge of this information.

45.    Denies the allegations contained in paragraph 112.

46.    Admits the allegations contained in paragraph 113 that Mr. Spencer was arrested on or about February 28, 1985.  Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 113 and therefore denies these allegations.

47.    Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 114 and therefore denies these allegations.

48.    Admits the allegations contained in paragraph 115.

49.    Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 116 and 117 and therefore denies these allegations.

50.    Denies the allegations contained in paragraph 118 as it relates to defendant Peters and the Clark County Prosecuting Attorney's Office.  Defendant Peters is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 118 and therefore denies these allegations.

51.    Admits the allegations contained in paragraph 119 that the prosecution of Mr. Spencer took place but deny all the remaining allegations contained in paragraph 119.

52.    Defendant Peters is without knowledge to admit or deny the allegations contained in paragraph 120.  To the extent that the allegations in paragraph 120 presume that a medical report concerning Matt Hanson was withheld by the defendants, these allegations are denied.  Defendant Peters alleges affirmatively that the United States District Court for the Western District of Washington following an evidentiary hearing that took place in 1996 found

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

that the medical report of Matt Hanson had never been disclosed to the Clark County Sheriff's Office and, therefore, had never been disclosed to the Clark County Prosecuting Attorney's Office.

53.     Denies the allegations contained in paragraph 121 and 122.

54.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 123 and therefore denies these allegations.

55.     Denies the allegations contained in paragraph 124.

56.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 125, 126, 127, 128, 129, 130, 131, 132, 133 and 134 and therefore denies these allegations.

57.     Denies the allegations contained in paragraph 135, 136, 137, 138, 139, 140, 141, 142, 143, 144 and 145.

58.     Admits the allegations contained in paragraphs 146 and 147.

59.     Denies the allegations contained in paragraph 148 that defendant Peters traveled to Sacramento to investigate the case and to pressure and manipulate Kathryn and Matthew. Admits that defendant Peters traveled to Sacramento in the time period alleged but allege affirmatively that the purpose of this trip was to accompany Mr. Spencer's attorney who intended to and did interview the Spencer children.

60.     Denies the allegations contained in paragraph 149 and allege affirmatively that the purpose of the trip was to accompany Mr. Spencer's attorney.

61.     Denies the allegations contained in paragraphs 150, 151 and 152.

62.     Admits the allegations that at least one of the child victims stated that other men as well as Mr. Spencer were involved in sexual acts with children but deny the remaining allegations contained in paragraph 153.

63.     Denies the allegations contained in paragraph 154.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

64.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 155 and 156 and therefore denies these allegations.

65.     Denies the allegations contained in paragraphs 157 and 158.

66.     Admits the allegations contained in paragraph 159.

67.     Denies the allegations contained in paragraph 160.

68.     Defendant Peters is without sufficient knowledge to admit or deny the allegations in paragraph 161 concerning medications Mr. Spencer may have been taking and therefore denies these allegations.  Denies the allegations that mental impairment and a need for medication on the part of Mr. Spencer was caused by the actions of the defendants. Defendant Peters denies the implication from these allegations that Mr. Spencer was not competent to enter a plea of guilty or that this plea was not entered knowingly.

69.     Denies the allegations contained in paragraph 162 and 163.

70.     Admits the allegations contained in paragraph 164 that Judge Thomas Lodge presided over the proceedings at the time that Mr. Spencer entered his plea of guilty. Defendant is without knowledge to admit or deny the allegations contained in paragraph 164 concerning whether or not Mr. Spencer made a traffic stop of Judge Lodge's daughter. Defendant Peters denies any implication that if such a traffic stop occurred that it had any influence upon the actions taken by Judge Lodge in regard to the acceptance of Mr. Spencer's plea of guilty or his sentencing.

71.     Admits the allegations contained in paragraph 165 that defendant Peters attended the plea hearing as a deputy prosecuting attorney but denies the remaining allegations contained in paragraph 165.

72.     Denies the allegations contained in paragraph 166.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

73.     Admits the allegations contained in paragraph 167 that Judge Lodge sentenced Mr. Spencer to two life terms to run consecutively but denies the remaining allegations contained in paragraph 167.

74.     Admits the allegations contained in paragraph 168.

75.     Defendant Peters is without knowledge to admit or deny the allegations contained in paragraph 169 concerning whether or not defendant Davidson moved into Mr. Spencer's home with his wife Shirley and therefore denies these allegations.  Defendant Peters denies the remaining allegations contained in paragraph 169.

76.     Defendant Peters admits the allegations contained in paragraphs 170 and 171 that he as well as defendant Krause have conducted seminars but denies the remaining allegations contained in paragraph 170 and 171.

77.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190 and therefore denies these allegations.

78.     Admits the allegations contained in paragraph 191 that at various times during his imprisonment Mr. Spencer appeared before the parole board.  Defendant Peters is without sufficient knowledge to admit or deny the number of times Mr. Spencer appeared before the parole board and therefore denies these allegations.

79.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 192, 193, 194, 195, 196, 197, 198, 199, 200 and 201 and therefore denies these allegations.

80.     Denies the allegations contained in paragraph 202.

81.     Admits the allegations contained in paragraph 203 that at various times Mr. Spencer attempted unsuccessfully to vacate his *Alford* plea and that the Clark County Prosecuting Attorney's Office opposed these efforts but denies the remaining allegations

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

contained in paragraph 203.  Defendant alleges affirmatively that following a hearing that took place in 1996 the United States District Court for the Western District of Washington expressly found that Mr. Spencer was competent to enter his plea of guilty in 1985 and that there was overwhelming evidence of Mr. Spencer's guilt to support his plea of guilty.

82.     Defendant admits the allegations contained in paragraphs 204 and 205 that Mr. Spencer filed unsuccessful petitions in the Washington State Court of Appeals and Washington Supreme Court and that were opposed by the Clark County Prosecuting Attorney's Office. Denies the remaining allegations contained in paragraphs 204 and 205.

83.     Defendant Peters is without specific knowledge to admit or deny the allegations contained in paragraph 206 and therefore denies these allegations.

84.     Defendant Peters denies the allegations contained in paragraph 207 as to defendant Peters.  Defendant Peters alleges affirmatively that the Clark County Prosecuting Attorney's Officer never had the medical report concerning Kathryn in its possession at relevant times and that United States District Court for the Western District of Washington so held following an evidentiary hearing held in 1996.  Defendant Peters is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 207 as concerns defendants Krause and Davidson and therefore denies these allegations.

85.     Admits the allegations contained in paragraph 208 that the Clark County Prosecuting Attorney stated at relevant times that stated that if a medical report concerning Kathryn existed it was not produced to the Clark County Prosecuting Attorney's Office. Allege affirmatively that the United States District Court for the Western District of Washington following an evidentiary hearing held in 1996 held that the medical report concerning Kathryn was never produced to the Clark County Prosecuting Attorney's Office or to defendant Peters.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

86.     Denies the allegations contained in paragraph 209 as concerns defendant Peters and the Clark County Prosecuting Attorney's Office.  Defendant Peters is without sufficient knowledge to admit or deny concerning with the other defendants withheld this medical report from Mr. Spencer and therefore denies these claims.

87.     Denies the allegations contained in paragraph 210.

88.     Denies the allegations contained in paragraph 211, 212 and 213.

89.     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 214 concerning whether or not the Ninth Circuit ordered the disclosure of the children's medical reports and exactly when the medical reports, which were never in the possession of defendant Peters, were disclosed.  Defendant Peters therefore denies these allegations.

90.     Admits the allegations contained in paragraph 215.

91.     Denies the allegations contained in paragraphs 216, 217 and 218.

92.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 219 and therefore denies these allegations. Denies the allegation that Defendant Krause testified falsely at the evidentiary hearing.

93.     Denies the allegations contained in paragraph 220.  Alleges affirmatively that defendant Peters was unaware of the existence of any medical reports in May of 1985 and that the United States District Court for the Western District of Washington has so found following an evidentiary hearing that took place in 1996.

94.     Defendant Peters is without specific knowledge to admit or deny the allegations contained in paragraph 221 concerning the exact questions asked to Defendant Krause at the evidentiary hearing and therefore denies these allegations.  Denies that Defendant Krause testified falsely at the evidentiary hearing.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

95.     Denies the allegations contained in paragraph s 222, 223, and 224.  Alleges affirmatively that this allegation contains improper argument and should be stricken.

96.     Defendant Peters is without specific knowledge to admit or deny the allegations contained in paragraph 225 concerning the exact testimony of Defendant Davidson at the evidentiary hearing and therefore denies these allegations.

97.     Defendant Peters is without specific knowledge to admit or deny the allegations contained in paragraphs 226 and 227and therefore denies these allegations.

98.     Denies the allegations contained in paragraph 228.

99.     Defendant Peters is without knowledge to admit or deny the allegations contained in paragraph 229 concerning the testimony of Defendant Davidson or the characterization of that testimony by Judge Bryan and therefore denies these allegations.

100.    Admits the allegations contained in paragraph 230 that defendant Peters testified at the 1996 evidentiary hearing.  Denies the remaining allegations contained in paragraph 230.

101.    Denies the allegations contained in paragraph 231.

102.    Admits the allegations contained in paragraph 232 and alleges affirmatively that he was not aware of the medical reports and that the judge conducting the hearing so found.

103.    Denies the allegations contained in paragraph 233, 234, 235 and 236.

104.    Denies the allegations contained in paragraph 237.

105.    Admits the allegations contained in paragraph 238.

106.    Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraphs 239 and 240 and therefore denies these allegations.

108.    Admits the allegations contained in paragraph 241 that Mr. Spencer filed a personal restraint petition supported by declarations from his adult children but denies the remaining allegations contained in paragraph 241.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

109.     Admits the allegations contained in paragraph 242 that Matthew stated that he had not been abused but deny the remaining allegations contained in paragraph 242.

110.     Admits the allegations contained in paragraph 243 concerning the remand by the Court of Appeals and that a hearing took place following remand in Superior Court but denies the remaining allegations contained in paragraph 243.

111.     Admits the allegations contained in paragraph 244 that the Court of Appeals granted the personal restraint petition but denies the remaining allegations contained in paragraph 244.

112.     Admits the allegations contained in paragraphs 245, 246 and 247.

113.     Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 248 and therefore denies these allegations.

114.     Admits the allegations contained in paragraph 249, 250 and 251.

115.     Denies the allegations contained in the first two lines of paragraph 252. Defendant Peters is without sufficient knowledge of the exact language of the Supreme Court decision and therefore denies the allegations contained in paragraphs 252(a), 252(b), 252(c), 252(d), 253 and 254 and therefore denies these allegations.

116.     Admits the allegations contained in paragraph 255.

117.     Admits the allegation contained in paragraph 256 that the State of Washington ceased efforts to prosecute Mr. Spencer after the decision of the Supreme Court but denies the remaining allegations contained in paragraph 256.

118.     Denies the allegations contained in paragraph 257, 258, 259 and 260.

119.     Admits the allegations contained in paragraph 261 that defendant Peters became an Assistant United States Attorney at some point after he left the Clark County Prosecutor's Office but denies these allegations to the extent it assumes that he went directly to the Department of Justice after leaving the Clark County Prosecutor's Office.  Defendant Peters is

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 261 and therefore denies these allegations.

120.    Defendant Peters denies the allegations contained in paragraphs 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277 and 278.   Defendant Peters alleges affirmatively that he took no part in any press release issued by the Clark County Prosecuting Attorney's Office in 2010 because he was no longer employed by that office at that time.

121.    Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 279 and therefore denies these allegations.

122.    Denies the allegations contained in paragraphs 280 and 281.   Further, these allegations constitute improper argument and violate F.R.C.P. 8(a).

123.    Defendant Peters is without sufficient knowledge to admit or deny the allegations contained in paragraph 282 and therefore denies these allegations.

124.    Denies the allegations contained in paragraphs 283, 284 and 285.   These allegations constitute improper argument and violate F.R.C.P. 8(a).

125.    Denies the allegations contained in paragraph 286.   These allegations constitute improper argument and violate F.R.C.P. 8(a).

126.    Admits the allegations contained in paragraphs 287 and 288 that plaintiffs are seeking damages but denies the remaining allegations contained in paragraphs 287 and 288.

127.    In response to paragraph 289 defendant Peters incorporates his responses to the prior allegations in the complaint.

128.    Defendant Peters is without sufficient knowledge to admit or deny the allegations in paragraph 290 and therefore denies these allegations.

129.    Denies the allegations contained in paragraphs 291, 292, 293, 294, 295, 296, 297 and 298.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

130.    In response to paragraph 299 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

131.    Defendant Peters is without sufficient knowledge to admit or deny the allegations in paragraph 300 and therefore denies these allegations.

132.    Denies the allegations contained in paragraphs 301, 302, 303, 304, 305, 306, 307 and 308.

133.    In response to the allegations contained in paragraph 309 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

134.    Admits the allegations contained in paragraph 310 that at relevant times the individual defendants were state officers but denies the remaining allegations contained in paragraph 301.

135.    Denies the allegations contained in paragraphs 311, 312, 313, 314, 315, 316, 317 and 318.

136.    In response to paragraph 319 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

137.    Admits the allegations contained in paragraph 320 that at relevant times the individual defendants were state officers but denies the remaining allegations contained in paragraph 320.

138.    Denies the allegations contained in paragraphs 321, 322, 323, 324 and 325.

139.    In response to the allegations contained in paragraph 326 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

140.    Defendant Peters is without sufficient knowledge to admit or deny the allegations in paragraph 327 and therefore denies these allegations.

141.    Denies the allegations contained in paragraphs 328, 329, 330, 331, 332 and 333.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

142.    In response to the allegations contained in paragraph 334 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

143.    Defendant Peters is without sufficient knowledge to admit or deny the allegations in paragraph 335 and therefore denies these allegations.

144.    Denies the allegations contained in paragraphs 336, 337, 338, 339 and 340.

145.    In response to the allegations contained in paragraph 341 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

146.    Defendant Peters is without sufficient knowledge to admit or deny the allegations in paragraph 342 and therefore denies these allegations.

147.    Denies the allegations contained in paragraphs 343, 344, 345, 346, 347, 348 and 349.

148.    In response to the allegations contained in paragraph 350 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

149.    Denies the allegations contained in paragraphs 351, 352, 353, 354, 355, 356, 357, 358 and 359.

150.    In response to the allegations contained in paragraph 360 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

151.    Denies the allegations contained in paragraphs 361, 362, 363, 364 and 365.

152.    In response to the allegations contained in paragraph 366 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

153.    Denies the allegations contained in paragraphs 367, 368, 369, 370, 371 and 372.

154.    In response to the allegations contained in paragraph 373 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

155.    Denies the allegations contained in paragraphs 374, 375, 376, 377, 378, 379, 380 and 381.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

17

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

156.    In response to the allegations contained in paragraph 382 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

157.    Denies the allegations contained in paragraphs 383, 384, 385, 386 and 387.

158.    In response to the allegations contained in paragraph 388 defendant Peters incorporates his responses to the prior allegations contained in the complaint.

159.    Denies the allegations contained in paragraphs 389, 390, 391, 392, 393 and 394.

160.    By way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE plaintiffs' complaint fails to state a cause of action upon relief can be granted as to defendant Peters.

161.    By way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE defendant Peters is entitled to absolute immunity for all actions related to the prosecution of Clyde Ray Spencer.

162.    By way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE defendant Peters is entitled to qualified immunity for all actions related to the prosecution of Clyde Ray Spencer.

163.    By way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE at all times during his prosecution of plaintiff Clyde Ray Spencer defendant Peters acted with good faith and without malice. He exercised reasonable judgment and discretion as an authorized public official made in the exercise of governmental authority entrusted to him by law.  Probable cause existed to charge Clyde Ray Spencer with crimes in 1985.  Therefore, the actions of defendant Peters are neither tortious nor actionable.

164.    By way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE plaintiffs' claims are barred by res judicata and collateral estoppel.

165.    By way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE the actions of defendant Peters were privileged.

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

18

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

166.    By way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE any statements made by defendant Peters concerning Clyde Ray Spencer were truthful and/or privileged.

167.    By way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE plaintiffs' claims are barred by the statute of limitations.

168.    By way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE plaintiffs' claims are barred by laches.

169.    Defendant Peters reserves the right to amend his answer to include further affirmative defenses warranted by investigation and discovery.

WHERE defendant Peters prays that plaintiffs' complaint be dismissed with prejudice, that plaintiffs take nothing by the complaint and that defendant Peters be allowed his costs and reasonable attorney's fees.

### JURY DEMAND

**Should this matter proceed to trial, defendants demand that all issues of fact be determined by a jury.**

DATED this 26th day of September, 2011.

ROBERT M. McKenna
Attorney General

/s/ Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
Attorney for Defendant Peters
Torts Division
P.O. Box 40126
Olympia, WA  98504-0116
(360) 586-6300

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

19

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2011, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiffs' Attorneys:**

dandavies@dwt.com
kathleen.zellner@gmail.com
dhjohnson43@aol.com

AND TO

**Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's Office:**

bronson.potter@clark.wa.gov

**Attorney for Co-Defendant Spencer:**

dunnwh@pacifier.com

/s/ Cynthia A. Meyer
CYNTHIA A. MEYER, Legal Assistant
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
Attorney for Defendant Peters
Torts Division
P.O. Box 40126
Olympia, WA  98504-0116
(360) 586-6300

ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT JAMES
M. PETERS **AND JURY DEMAND**
NO. C11-5424BHS

20

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300