UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY JAMES M. PETERS, et al.,<br><br>           Defendants. | CASE NO. C11-5424BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR ATTORNEY'S FEES |

     This matter comes before the Court on Defendant Shirley Spencer's motion to dismiss and request for attorney's fees (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motion and request and the remainder of the file and hereby denies the motion and request for attorney's fees for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On June 2, 2011, Plaintiffs filed a complaint against Defendants, which alleges claims against Defendant Shirley Spencer for conspiracy to violate Plaintiff Clyde Ray

ORDER - 1

Spencer's ("Spencer") civil rights as well as state law claims for intentional infliction of emotional distress and conspiracy. Dkt. 1 at 52-53 & 61-64. On August 24, 2011, Shirley Spencer filed a motion to dismiss the claims against her for failing to state a claim upon which relief can be granted. Dkt. 17. On September 12, 2011, Plaintiffs responded (Dkt. 18) and on September 14, 2011, Shirley Spencer replied (Dkt. 19).

## II. FACTUAL BACKGROUND

According to Plaintiffs, this case arises out of Defendants' alleged conspiracy to bring about the wrongful arrest and malicious prosecution of Spencer as well as their intentional infliction of emotional distress upon him. *See* Dkt. 1. For purposes of deciding Shirley Spencer's motion to dismiss, the Court will take as true the facts as alleged in Plaintiffs' complaint (Dkt. 1). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (stating that in deciding a motion to dismiss under Rule 12(b)(6), "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them").

## III. DISCUSSION

**A.     Standard for Deciding Motions to Dismiss Under Rule 12(b)(6)**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id.* To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for

entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To overcome dismissal, a plaintiff must prove that the complaint complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure by including a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally,

> [the] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . [Thus] it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007)). Mere "labels and conclusion" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S. Ct. at 1949.

**B.  Shirley Spencer's Motion to Dismiss**

Plaintiffs' complaint alleges claims against Shirley Spencer for conspiracy to violate Spencer's civil rights, as well as state law claims for intentional infliction of emotional distress and conspiracy. Dkt. 1 at 52-53 & 61-64. In her motion to dismiss, Shirley Spencer maintains that her only "involvement in the case is that she had an affair

ORDER - 3

1  with [Defendant Michael Davidson]" and that "[t]here is no factual allegation, or even a

2  legitimate inference from an allegation that she did anything illegal or conspired to harm

3  [Spencer] in a manner that would give rise to liability for the acts of others." Dkt. 17 at

4  3-4.

5      In Plaintiffs' response to the motion to dismiss, they cite to the following

6  paragraphs, among others, from their complaint in support of their argument that the

7  complaint clearly alleges sufficient facts to support the claims brought against Shirley

8  Spencer (Dkt. 18 at 2-5):

> 38. In 1984, Clark County Sheriff's Office Supervisor, Defendant Sgt. Michael Davidson ("Davidson"), began a sexual relationship with Shirley Spencer. Their sexual relationship led them to attempt to frame Mr. Spencer.

Dkt. 1 at 7 ¶ 38.

> 103. After he was released from psychiatric care, Mr. Spencer could not return to his home because he had separated from his wife, Shirley. Shirley continued to engage in a sexual relationship with Defendant Davidson.
> 104. Mr. Spencer moved into the Salmon Creek Motel in Vancouver, Washington.
> 105. On February 16, 1985, while Mr. Spencer was living in the motel, Shirley dropped off her son, Matt Hanson, so that he could spend the night with Mr. Spencer in the motel.
> 106. Nothing inappropriate whatsoever happened between Matt Hanson and Mr. Spencer.
> 107. However, on February 28, 1985, Defendant Krause met with Matt Hanson.
> 108. Defendant Krause reported Matt Hanson said Mr. Spencer committed multiple acts of violent sexual abuse against him at the motel that night. Defendant Krause also reported that Matt Hanson implicated Mr. Spencer in previous acts of sexual misconduct and claimed that he had witnessed Mr. Spencer abusing Matthew Spencer and Kathryn. The allegations Defendant Krause reported included repeated acts of forced anal penetration and fellatio.

> 109. Defendants Krause and Davidson conveyed information to Defendant Peters, who was also investigating the case, that Defendant Davidson had personally corroborated the accusations made by Matt Hanson. All Defendants knew the allegations were outrageous and untrue.

Dkt. 1 at 17 ¶¶ 103-109. Plaintiffs argue that "[i]t is apparent from these paragraphs, amongst others, that Defendant Shirley Spencer was a willing participant in the illegal acts against Mr. Spencer. It is clear that she was involved in the fabrication of charges against Mr. Spencer and her motive to do so was, in part, her sexual relationship with Defendant Davidson." Dkt. 18 at 5.

Taking as true the facts alleged in Plaintiffs' complaint, as well as the inferences that can be drawn from such facts, the Court concludes that Plaintiffs have pled sufficient facts in support of their claims brought against Shirley Spencer to survive the motion to dismiss brought under Rule 12(b)(6). Plaintiffs' position, in bringing claims against Shirley Spencer, is that she was involved in a conspiracy to fabricate charges and gain a conviction against Spencer. They have sufficiently pled facts to support this position and therefore, Shirley Spencer's motion to dismiss must be denied.

Because the Court has concluded that Shirley Spencer's motion to dismiss is denied, her request for attorney's fees, based on her position that Plaintiffs' claims against her are frivolous, is also denied.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Shirley Spencer's motion to dismiss and request for attorney's fees (Dkt. 17) are **DENIED**.

Dated this 29th day of September, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge