# Exhibit A

5

Interview with Matthew Hansen
Cause No. 85-1-0007-2
10-20-2009

TH:   Tim Hammond, Investigator, Clark County PA
DH:   Dennis Hunter, Chief Criminal Deputy, Clark County PA
MH:   Matthew Hansen, interviewee

---

TH:   This is Tim Hammond, Investigator with the Clark County, Washington, Prosecuting Attorney's Office. Today's date is October 20, 2009. Current time is approximately 3:47 p.m. We are here in the conference room at the Clark County Jail. Present besides myself is Chief Deputy Prosecuting Attorney Denny Hunter. The subject of this interview will be…

MH:   Matt Hansen.

TH:   Matt Hansen. Okay Mr. Hansen, do you see the tape recorder?

MH:   I do.

TH:   Okay and do you give permission to be recorded?

MH:   I do.

TH:   Okay, what I'm gonna do is, I have a little thing here if I can find it. Of course it's got to be one of those days where I'm having difficulty finding it but that's alright. What I'm gonna have you do is raise your right hand, okay. Okay, do you, do you declare that under penalty of perjury, under the laws of the State of Washington, that the information provided in this taped statement is true and correct to the best of your knowledge?

MH:   Yes.

TH:   Okay and do you understand that when we're completed with this statement, that you're gonna sign a sworn statement form indicating you testified to that fact?

MH:   Yeah.

TH:   Okay alright. Mr. Hunter?

DH:   Mr. Hansen, it's 3:40 p.m. on October 20th and we've got ya on tape here to discuss incidents involving a fellow by the name of Clyde Ray Spencer who I understand was at one time your stepfather, is that correct?



MH: He was married to my mom.

DH: Okay, back in, on May 23, 1985, this Clyde Ray Spencer plead guilty to a number of child sex abuse charges.  It was a 16-count Information, which means 16 separate things were alleged.  Counts 15 and 16 that he plead guilty to were child sex abuse charges stemming from his contact with you under circumstances where it was just you and him.  I understand there were other counts that involved you and other children or other children, but counts 15 and 16 were related to events that occurred after the summer of 1984 when the other children went back to California and you were left I guess with him.  In the course of his guilty plea, the assigned prosecuting attorney by the name of Jim Peters provided the court with some facts.  And these facts are the facts that he told the court would be proven if they had to call all the various witnesses.  When he got to counts 15 and 16, those are the ones that related to you.  So I'm gonna hand you an excerpt from that plea proceeding that happened back in May of 1985 and I'd just ask you to take a moment.  You'll see up at line, let's see here, yeah up at line 3, Mr. Peters says, wrapping up his factual recitation as to counts 1 through 14, and he says:

> **Mr. Peters:** *"I might add all these counts up to this point, in addition to the next last two counts occurred at Mr. Spencer's home on ▮▮▮▮▮▮ in Clark County, Washington."*

> **The Court:** *"Okay".*

DH: Then he talks about count 15 and I'd just ask you to read the exchange, can you read that out loud for us?

MH: What do you want?

DH: It starts with Mr. Peters and it says:

> **Mr. Peters:** *"With one exception."*

DH: Are you comfortable reading that or do you want me to read em?

MH: I don't even know where you're at.

TH: What number is that?

DH: That's line 8.

MH: Line 8?

DH: Yeah it says, "Mr. Peters."

MH: The one exception?



DH:   Yeah.

MH:   (reading pg. 31, line 9) *"That is the last count, number something, occurred in the house that I have indicated involves the defendant on an unknown date between August 27th and December 25[th] of 1984."*

DH:   Right.  Now, go ahead and do you want to just keep reading that rendition?  Next paragraph.

MH:   Do you want me, how about if I just read the highlighted parts?

DH:   Do you want to look at the highlighted parts, yeah and just…

MH:   I mean, do you want me to read this whole thing?

DH:   Let me read it, it says:

> The Court:   *"Now, the Court will note this is a different period of time. The defendant…"*

MH:   …the guy did to me..

DH:   Yeah.

MH:   …I don't want to read it…(unintelligible)….already bugs me being here right now.

DH:   I know.  Do you want to read it or no?  Or do you want to read the highlighted portion?

MH:   How about you guys read this.

DH:   Okay.  I'll read it, I'll be happy to, you can follow along on that copy.  What the prosecutor says is, starting at page 31 of the transcript, line 15:

> Mr. Peters:   *"Mrs. Krause's interview, as well as – or contacts with Matthew Hansen indicate that this behavior took place after the two California children, Kathryn and Matthew Ray Spencer returned to Sacramento.  They returned on August 26th, therefore the beginning date of this time frame is August 27[th].*

DH:   Then it goes on at line 20:

> Mr. Peters:   *"Matthew Hansen further indicated this behavior took place prior to Christmas and the concluding date being December 25[th] and what he indicated was that on that occasion his*

> *father was giving him a bubble bath and he was in the bubble*
> *bath with him, is that correct?*

DH:   And then deputy Krause, do you remember her?

MH:   Yeah I do.

DH:   She says:

> **Deputy Krause:**       *That's correct.*

DH:   And then prosecutor Peters says:

> **Mr. Peters:**   *"And he forced Mathew's head down under the water through*
> *the bubbles and onto the defendant's erect penis."*

DH:   Just let me ask you this, Matt, and I know this is tough, but anything in there
      that's not true.

MH:   No, it's true.

DH:   It is true?

MH:   Yeah it is.

DH:   We're gonna drop down to the last count, he starts discussing that at page 32,
      line 16, and he says:

> **Mr. Peters:**   *"Your Honor, the last count, Count XVI occurred after Mr.*
> *Spencer was originally charged with one or more counts*
> *under this cause number.  It is alleged to have taken place on*
> *February 16th, 1985.  This is the one and only offense that did*
> *not take place in the* ▓▓▓▓▓▓▓ *home that we're aware of.*
> *This offense took place at a motel on Highway 99 in Clark*
> *County where Mr. Spencer was staying after he had been*
> *released by your honor.*

DH:   That is the judge.  Then he goes on to say:

> **Mr. Peters:**   *"What happened in this particular case and the way that we're*
> *able to verify the date, first of all, by the motel receipt from*
> *when Mr. Spencer was staying at the motel.*

DH:   And then he says:

> **Mr. Peters:**   *"Second, Mrs. Shirley Spencer would testify that she took her*
> *son, Matthew Hansen, age five, to this motel to stay, to see*
> *his stepfather while she was working.  Mr. Spencer, the*

REDACTED

> *defendant, asked to have Matthew stay overnight with him for
> a visit, and that during that visit, Matthew would be prepared
> to testify that the defendant engaged in oral sex with him and
> penetrated his rectum with his penis, that is the defendant
> penetrated the boy's rectum with his penis."*

DH:   Question for you there Matt again, same tough question.  Anything untrue in those facts?

MH:   No, it's true.

DH:   Okay.  Are you prepared today to say that these were the facts that occurred back in 1984 and 1985?

MH:   That is what occurred.

DH:   And that, what the prosecutor related to the court was a true and accurate rendition of what you recall from those events?

MH:   Yeah, yeah.

DH:   Okay.  What we're going to do is we'll attach a copy of this document, that is, the excerpts from the plea hearing from back then…

MH:   Yeah.

DH:   …to your sworn statement and that will become part of the record on appeal.

MH:   Okay.

TH:   Okay.  What I'm gonna do then is I'm gonna read this back, we read it before we started and it says we filled it out.  It's the sworn taped statement form.  And it says, I, Matthew Alan Charles Hansen, date of birth of . ███ 80, have provided a taped sworn statement to the Clark County Prosecuting Attorney's Office on 10-20-2009, referencing the case of State v. Clyde Ray Spencer, 85-1-00007-2, then it says, I certify or declare under penalty of perjury under the laws of the State of Washington, that the information provided by myself on the taped statement is true and correct.  If that's true, then would you sign it right here?

TH:   Okay and I'm gonna sign it as a witness.  Okay so you understand that this, do you understand what perjury is?

MH:   Yeah.

TH:   Okay what is that?

MH:   Lying.

REDACTED

10

TH:     Okay and so just to make sure I'm clear, at any point in time during this taped statement, did you lie?

MH:     No.

TH:     Okay so all the counts that Mr. Hunter read and the completion of the form, is all that true?

MH:     Yeah, all true.

TH:     Okay thank you, I show the current time is approximately 3:48 p.m. and we're going off recording at this time.


END OF TAPE

**CLARK COUNTY PROSECUTING ATTORNEY'S OFFICE**
**1013 FRANKLIN STREET**
**VANCOUVER, WASHINGTON 98666**
**(360) 397-2261**

### SWORN TAPED/~~WRITTEN~~ STATEMENT

I, _Mathew Alan Charleshousen_, date of birth of ▓▓▓/86____, have
provided a taped ~~or written~~ sworn statement to the Clark County Prosecuting
Attorney's Office on ___10/26_____, 200_7_, referencing the case of State v.
_Clyde Ray Spencer_____. 85-1-00067-2

I certify (or declare) under penalty of perjury under the laws of the State of
Washington that the information provided by myself in the taped ~~or written~~
statement is true and correct.

_Matt Ll3___
SIGNATURE

_(signature)_
WITNESS

REDACTED

/2

# Exhibit B

13

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON,           )
                               )
              Plaintiff,       )
                               )
     vs.                       )        No. 85-1 00007-2
                               )
CLYDE RAY SPENCER,             )
                               )
              Defendant.       )

VERBATIM REPORT OF PROCEEDINGS

BE IT REMEMBERED that on the 3rd, 16th and 23rd days of May, 1985, the above-entitled and numbered cause came regularly on for hearing before the Honorable Thomas Lodge, one of the judges of the above-entitled court, sitting in Department No. 3 thereof, at the Clark County Courthouse, in the City of Vancouver, County of Clark, State of Washington;

     The plaintiff appeared through the Deputy Prosecuting Attorney, JIM PETERS;

     The defendant appeared in person and through his attorney, JAMES RULLI.

     WHEREUPON, both sides having announced they were ready for hearing, the following proceedings were had, to-wit

1

14

I N D E X

SECOND AMENDED INFORMATION:        2

CHANGE OF PLEA:                    7

SENTENCING:                       46

DEFENSE MOTION FOR EVALUATION:    53

MOTION DENIED:                    53

i

15

1  Count XIV?

2                              MR. SPENCER:  No, sir.

3                              MR. PETERS:  I might add all

4  these counts up to this point in addition to the next last

5  two counts occurred at Mr. Spencer's home on ▮▮▮▮▮▮▮

6  ▮▮▮ in Clark County, Washington.

7                              THE COURT:  Okay.

8                              MR. PETERS:  With one exception,

9  that is the last count, No. XV occurred in the house that I

10  indicated involves the defendant on an unknown date between

11  August 27th and December 25th, 1984.

12      Now, the Court will note this is a different period of

13  time.  The defendant engaged in sexual intercourse with

14  Matthew Hansen.

15      Mrs. Krause's interview as well as -- or contacts with

16  Matthew Hansen indicate that this behavior took place after

17  the two California children, Kathryn and Matthew Ray Spencer

18  returned to Sacramento.  They returned on August 26th,

19  therefore the beginning date of this time frame is August 27th.

20      Matthew Hansen further indicated this behavior took

21  place prior to Christmas and the concluding date being

22  December 25th, and what he indicated was that on that

23  occasion his father was giving him a bubble bath and he was

24  in the bubble bath with him, is that correct?

25                              DEPUTY KRAUSE:  That's correct.

31

REDACTED

16

1    MR. PETERS:   And he forced
2    Matthew's head down under the water through the bubbles onto
3    the defendant's erect penis.

4         The way this count was discovered was that young
5    Matthew reacted -- Who had always enjoyed bubble baths,
6    reacted very violently when his mother, Shirley Spencer,
7    the defendant's wife, attempted to give him a bubble bath.
8    That prompted questioning by her and statements, which we
9    believe would have been admissible under the hearsay
10   exception 98.44.120 regarding his stepfather causing him to
11   perform fellatio on him during that period of time, again,
12   when Matthew was approximately five years old.

13        THE COURT:   Any defense to
14   Count XV?

15        MR. SPENCER:   No, sir.

16        MR. PETERS:   Your Honor, the
17   last count, Count XVI occurred after Mr. Spencer was
18   originally charged with one or more counts under this
19   cause number.  It is alleged to have taken place
20   February 16th, 1985.  This is the one and only offense that
21   did not take place in the ████████ home that we're aware
22   of.  This offense took place at a motel on Highway 99 in
23   Clark County where Mr. Spencer was staying after he had been
24   released by Your Honor.

25        What happened in this particular case and the way that

32

REDACTED

17

1    we're able to verify the date, first of all, by the motel

2    receipt from when Mr. Spencer was staying at the motel.

3        Second, Mrs. Shirley Spencer would testify that she

4    took her son, Matthew Hansen, age five, to this motel to

5    stay, to see his stepfather while she was working.

6    Mr. Spencer, the defendant, asked to have Matthew stay

7    overnight with him for a visit, and that during that visit,

8    Matthew would be prepared to testify that the defendant

9    engaged in oral sex with him and penetrated his rectum with

10   his penis, that is the defendant penetrated the boy's rectum

11   with his penis.

12       Additional corroboration of that was obtained first of

13   all by statements that the boy made to his mother.  Secondly,

14   the boy's detailed description that the boy was able to give

15   of this motel room which was somewhat unique.

16       The police then went out and corroborated the fact that

17   the description he gave of the motel room was in fact

18   accurate.

19               THE COURT:  At that time he was

20   only charged with assaulting or with abusing Kathryn?

21               MR. PETERS:  That's right.

22   There was no knowledge at that time that he had in fact

23   engaged in any behavior with his children. -

24               THE COURT:  Any defense to

25   Count XVI?

33

1          MR. SPENCER:  No, sir.

2          THE COURT:  Mr. Rulli, do you

3  agree that you would be able to present no defense to any

4  of the counts?

5          MR. RULLI:  Yes, Your Honor.

6          THE COURT:  So, you would just

7  be putting the State to it's test if it went to trial?

8          MR. SPENCER:  Yes, sir.

9          THE COURT:  Did you anticipate

10 putting on any defense witnesses?

11         MR. RULLI:  No.

12         THE COURT:  Do you agree?

13         MR. SPENCER:  Yes, sir.

14         MR. PETERS:  I might indicate,

15 Your Honor, we planned in addition to the proof of these

16 behaviors calling the mothers of both children to describe

17 a series of unusual behaviors and symptoms exhibited by the

18 children.  The details of which, I guess, are not

19 particularly necessary right now, but we were also prepared

20 to call an expert witness, a counselor who deals almost

21 exclusively with sexually abused children, by the name of

22 Patricia Walker, to testify that these behaviors or symptoms

23 are consistent with and typically seen in children who have

24 had serious trauma or a serious, dramatic event in their

25 lives.  They're consistent with those things seen in children

34

1    who have been sexually abused.

2                    THE COURT:  Well, based upon the

3    evidence that would be presented by the State as reviewed by

4    Mr. Peters, it does appear there's overwhelming evidence from

5    which a jury could, and likely would, conclude beyond a

6    reasonable doubt that Mr. Spencer is guilty of Count I, II,

7    III, VII, IX, X, XII, XIII, XIV, XV, XVI in the Second

8    Amended Information.

9        Mr. Spencer, with respect to each of those counts, do

10   you propose to enter the same pleas?

11                   MR. SPENCER:  Yes, sir.

12                   THE COURT:  What is that plea?

13                   MR. SPENCER:  Guilty.

14                   THE COURT:  Do you have any

15   questions at all about this procedure?

16                   MR. SPENCER:  No, sir.

17                   THE COURT:  Do you feel that you

18   were adequately represented by Mr. Rulli and that Mr. Rulli

19   has, as far as you're concerned, made a maximum legal effort

20   to explore any defenses you might have whether for mental

21   as well as any factual defenses?

22                   MR. SPENCER:  Yes, sir.

23                   THE COURT:  Do you have any

24   questions at all about his representation?

25                   MR. SPENCER:  No, sir.

20