Honorable Benjamin H. Settle

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

CLYDE RAY SPENCER, MATTHEW RAY )
SPENCER, and KATHRYN E. TETZ,          )
                                                         )
                                Plaintiffs,          )
                                                         )
          v.                                           )
                                                         )
FORMER DEPUTY PROSECUTING       )
ATTORNEY FOR CLARK COUNTY       )
JAMES M. PETERS, DETECTIVE          )
SHARON KRAUSE, SERGEANT            )
MICHAEL DAVIDSON, CLARK            )
COUNTY PROSECUTOR'S OFFICE,      )
CLARK COUNTY SHERIFF'S OFFICE,  )
THE COUNTY OF CLARK, SHIRLEY     )
SPENCER and JOHN DOES ONE            )
THROUGH TEN,                                  )
                                                         )
                                Defendant.          )
                                                         )

No. 3:11-cv-05424-BHS

PLAINTIFFS' OPPOSITION TO
DEFENDANT SHIRLEY
SPENCER'S MOTION FOR
SUMMARY JUDGMENT
UNDER FED. R. CIV. P. 56(d)
TO CONDUCT DISCOVERY

Noted for Consideration:

Friday, May 18, 2012

11

12

13

14

15

16

17

18

19

20

21

22          NOW COME Plaintiffs, CLYDE RAY SPENCER, et al., by and through their

23  attorneys, Kathleen T. Zellner & Associates, P.C., and for their request for relief under Federal

24  Rule of Civil Procedure 56(d), states as follows:

25          Defendant, Shirley Spencer, has filed a Motion for Summary Judgment.

26          No depositions have been taken in this case, including that of Shirley Spencer.

27

PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT (3:11-cv-05424-BHS) — 1
DWT 19534505v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1     Plaintiffs' counsel is diligently working on the case, collecting and reviewing

2 documents, locating and interviewing witnesses and analyzing the applicable law. *See*

3 Declaration of Kathleen T. Zellner, Lead Counsel for Plaintiffs, ¶¶ 5-18.

4     Plaintiff's counsel expects to begin scheduling depositions in the near future, including

5 the depositions required to respond to Defendant Spencer's Motion for Summary Judgment.

6     A review of Defendant Shirley Spencer's Motion for Summary Judgment and the

7 attached Declaration of Ms. Spencer reveals that additional discovery will be needed to

8 properly respond to the Motion. *See* Zellner Decl. ¶ 4.

9     Federal Rule of Civil Procedure 56(d) provides:

10          Once a Motion for Summary Judgment is filed, the non-moving
            party must show to the court that a genuine and material factual
11          dispute exists to defeat summary judgment. If the non-moving
            party is still conducting valuable discovery or for some other
12          reason is not yet ready or able to make that showing, the party
            may file an affidavit or declaration explaining why a ruling on
13          summary judgment should be postponed. The court, in its
            discretion, may then grant a temporary reprieve if the reasons
14          offered are persuasive.

15 Fed. R. Civ. P, 56(d).

16     This case began in 1984, thus the time span of almost thirty (30) years has complicated

17 discovery. Zellner Decl. ¶ 5.

18     The witnesses are located in various states. Undersigned counsel's firm has hired an

19 investigator who is diligently working to locate these witnesses. *Id.* ¶ 7.

20     The current motion is based almost completely on the Declaration of Shirley Spencer.

21     Due to matters raised by the Declaration, and because she has not been deposed,

22 Plaintiffs' counsel seeks to depose Shirley Spencer before responding.

23     Plaintiffs' counsel seeks discovery to determine precisely when the sexual relationship

24 between the supervisor of the investigation, Defendant Michael Davidson, and Shirley Spencer,

25 began and the effect that relationship had on the allegations made against Mr. Spencer by each

26 child. Ms. Spencer claims in her Declaration that her relationship with Davidson "did not

27

PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT (3:11-cv-05424-BHS) — 2
DWT 19534505v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

begin until after Mr. Spencer entered an Alford plea to the charges against him."  Declaration of Shirley Spencer, [Dkt. 53], ¶ 10.

With her Declaration, Shirley Spencer has for the first time provided testimony under oath that directly contradicts the findings made by the Supreme Court of the State of Washington and in the Commutation of Mr. Spencer.  The Supreme Court held as follows:

> In December 1984 a deputy prosecutor conducted a videotaped interview of K.S., assisted by Ms. Krause and K.S.'s mother, but the tape was not disclosed until October 2009.  Notwithstanding Ms. Roe's assessment, the State charged Mr. Spencer in January 1985 with first degree statutory rape and indecent liberties committed against K.S.  **Meanwhile, Mr. Spencer's then current wife, Shirley Spencer, entered into a sexual relationship with the lead detective [Defendant Davidson] investigating the case.**  That detective supervised Ms. Krause, whom he notified of the relationship.

Zellner Decl. ¶ 11 (citing *In re the personal restraint of Clyde R. Spencer*, No. 84137-3, Ruling Denying Review of Supreme Court of State of Washington (Wash. July 12, 2010) (emphasis added)).

In the Commutation, it is written:

> Another troubling fact in this case is that one of the lead detectives investigating Mr. Spencer's case began having an affair with his wife, Shirley Spencer, **during the investigation**.

Zellner Decl. ¶ 12 (citing Conditional Commutation of Clyde Ray Spencer issued by Governor Gary Locke, dated December 23, 2004).

Ms. Spencer was deposed on June 4, 1996 pursuant to federal court proceeding in Mr. Spencer's criminal case and she testified at the hearing of that matter on August 30, 1996. In her testimony she did not state when the affair started.

On May 22, 1996, Defendant Sharon Krause testified at her deposition in the federal proceeding as follows:

> [Question]    Now, during the period of time of the Spencer investigation, did you become aware that your supervisor, Mike Davidson, began having a romantic relationship with Shirley Spencer?
>
> [Answer]    *I was aware of it, yes.  So was everybody else.*

*Clyde Raymond Spencer v. Joseph Klauser, Warden Idaho State Institution, et al.*, No. C 94-523-8 RBJ, Deposition of Sharon Krause (W.D. Wash. May 22, 1996).

PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT (3:11-cv-05424-BHS) — 3
DWT 19534505v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Ms. Spencer's Declaration is contrary to the above conclusion of the Supreme Court, the finding of the Governor and sworn testimony of at least one witness. Undersigned Counsel seeks to depose Ms. Spencer, Defendant Davidson and Defendant Krause on this and related topics prior to responding to the Motion.

Ms. Spencer also states in her new Declaration that she "did not want [her relationship with Mr. Spencer] to end" as of February 3, 1985 when the police were called to her home as a result of an alleged domestic disturbance. S. Spencer Decl. ¶ 8.

Ms. Spencer adds in her Declaration that:

> Mr. Spencer moved out of the home after the argument. **Around that time**, I noticed unusual behavior from my son from a previous relationship, Matthew Hansen. I spoke with Officer Krause regarding my concerns and Matthew's behavior.

*Id.* ¶ 9.

This is a surprising and unexpected admission, as it is undisputed that Ms. Spencer delivered her child, Matthew Hanson, to Mr. Spencer at the motel in which he was residing on February 16, 1985. Mr. Spencer had been charged with improper treatment of his daughter Katie at that time, but he had not been taken into custody. Only after allegations arose from Matthew Hanson's night at the motel with Mr. Spencer was he taken into custody. In fact, Mr. Spencer was taken into custody by Defendant Davidson. Zellner Decl. ¶ 17.

Ms. Spencer has now stated that at the time she delivered Matthew Hanson to Mr. Spencer, she had concerns about Mr. Spencer's abuse of Matthew Hanson. Plaintiffs submit this cannot be true, as Ms. Spencer would not likely deliver her child to a man she was concerned would molest her child. Far more likely, Plaintiff submits, Ms. Spencer worked with Davidson to frame Mr. Spencer and imprison him. *Id.* ¶ 17.

We seek to take the deposition of Ms. Spencer, Mr. Davidson, Ms. Krause and Matthew Hanson regarding the above and related topics. *Id.* ¶ 18.

While working diligently on this case, Lead Counsel Kathleen Zellner has been engaged in other matters. Since September, 2011, Ms. Zellner and her partner Douglas Johnson have

PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT (3:11-cv-05424-BHS) — 4
DWT 19534505v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   conducted three jury trials, two major medical malpractice trials and one first degree murder

2   trial. *Id.* ¶ 19.

3   In addition, Attorney Zellner currently represents, on a pro bono basis, the Petitioner in

4   the case of *State ex rel. Ryan Ferguson v. Dave Dormire*, 11AC –CC00068.  The hearing held

5   pursuant to the Petition For Writ of Habeas Corpus filed on behalf of Mr. Ferguson took place

6   in Jefferson City, Missouri in April, 2012.  This pro bono representation has required an

7   extensive amount of time, preparation and resources.  Mr. Ferguson was convicted of first

8   degree murder and through the representation petitioner seeks to vacate that conviction.  The

9   resolution of the case will likely be precedent setting in the State of Missouri.  The

10  representation has required undersigned counsel to devote the majority of her time to it over the

11  last year, as well as requiring her to enlist the services of all of the attorneys in her office and

12  her entire support staff.  Zellner Decl. ¶ 20.

13  Notwithstanding the above, undersigned counsel's firm continues to work diligently on

14  this case and if this motion is granted will work promptly to schedule and take the depositions

15  of Defendant's Spencer, Davidson, Krause and Matthew Hanson.  *Id.* ¶ 21.

16  WHEREFORE, Plaintiffs respectfully request relief under Rule 56(d), specifically that

17  Ms. Spencer's motion be denied without prejudice so that Plaintiffs can engage in discovery

18  prior to responding to Ms. Spencer's pending dispositive motion.

19  DATED this 14th day of May, 2012.

20                                          Davis Wright Tremaine LLP
                                            Attorneys for Plaintiffs
21

22

23                                          By *s/ Daniel Davies*
                                              Daniel Davies, WSBA #41793
24                                            1201 Third Avenue, Suite 2200
                                              Seattle, WA  98101-3045
25                                            Telephone: (206) 757-8286
                                              Fax: (206) 757-7286
26                                            E-mail: dandavies@dwt.com

27

PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT (3:11-cv-05424-BHS) — 5
DWT 19534505v1 0094078-000001

Davis Wright Tremaine LLP
Law Offices
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax