UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, et al.,   )<br>                                      )<br>             Plaintiffs,      )<br>                                      )<br>   v.                               )<br>                                      )<br>JAMES M. PETERS, et al.,    )<br>                                      )<br>             Defendants.     )<br>                                      ) | No. 3:11-cv-05424-BHS<br><br>DECLARATION OF KATHLEEN T. ZELLNER |

Kathleen T. Zellner, duly sworn and upon her oath, deposes and states as follows:

1. I am the owner of the Law Offices of Kathleen T. Zellner, P.C., counsel for Plaintiffs in the above-captioned action, and am a member in good standing of the bar of Illinois and proceeding *pro hac vice* in the above captioned case.

2. I have also retained local counsel, the law firm of Davis Wright Tremaine to assist my firm on the case.

3. I submit this affidavit in support of Plaintiffs' Motion Pursuant to Federal Rule of Civil Procedure 56(d).

4. I have reviewed Defendant Shirley Spencer's Motion for Summary Judgment and will require more time to respond to the Motion.

5. This case began in 1984, thus the time span of almost thirty (30) years has complicated discovery.

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 1
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

6. I, and the lawyers in my office are working diligently in collecting, reviewing and analyzing the documents relevant to the case but the massive amount of information in the voluminous files requires a great amount of time. We are also locating and interviewing witnesses and analyzing the applicable law.

7. The witnesses are located in various states. We have hired an investigator who is diligently working to locate these witnesses.

8. The current motion is based almost completely on the Declaration of Shirley Spencer.

9. I require time to permit me to depose Shirley Spencer and others on that Declaration.

10. We need time to conduct discovery on precisely when the sexual relationship between the supervisor of the investigation, Defendant Michael Davidson, and Shirley Spencer, began. Ms. Spencer claims in her Declaration that her relationship with Davidson "did not begin until after Mr. Spencer entered an Alford plea to the charges against him." (Par. 10 of the March 28, 2012 Declaration of Shirley Spencer).

11. With her Declaration, Shirley Spencer has for the first time provided sworn testimony that contradicts the findings made by the Supreme Court of the State of Washington and in the Commutation of Mr. Spencer. The Supreme Court held as follows:

> In December 1984 a deputy prosecutor conducted a videotaped interview of K.S., assisted by Ms. Krause and K.S.'s mother, but the tape was not disclosed until October 2009. Notwithstanding Ms. Roe's assessment, the State charged Mr. Spencer in January 1985 with first degree statutory rape and indecent liberties committed against K.S. **Meanwhile, Mr. Spencer's then current wife, Shirley Spencer, entered into a sexual relationship with the lead detective [Defendant Davidson] investigating the case.** That detective supervised Ms. Krause, whom he notified of the relationship.

(7/12/10 Ruling Denying Review of Supreme Court of State of Washington; emphasis added).

12. In the Commutation, it is written:

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 2
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

> Another troubling fact in this case is that one of the lead detectives investigating Mr. Spencer's case began having an affair with his wife, Shirley Spencer, **during the investigation**.

(Commutation of Mr. Spencer, dated 12/23/04).

13. Ms. Spencer's Declaration is contrary to the above conclusions of the Supreme Court, findings of the Governor and sworn testimony of witnesses.

14. Undersigned Counsel seeks to depose Ms. Spencer on this and related topics.

15. Ms. Spencer also states in her Declaration that she "did not want [her relationship with Mr. Spencer] to end" as of February 3, 1985 when the police were called to her home as a result of an alleged domestic disturbance. Declaration of Shirley Spencer, [Dkt. 53], ¶ 8.

16. Ms. Spencer adds in her Declaration that:

> Mr. Spencer moved out of the home after the argument. **Around that time**, I noticed unusual behavior from my son from a previous relationship, Matthew Hansen. I spoke with Officer Krause regarding my concerns and Matthews behavior.

*Id.* ¶ 9.

17. This is a surprising admission, as it is undisputed that Ms. Spencer delivered her child, Matthew Hanson to Mr. Spencer at the motel in which he was residing on February 16, 1985. Mr. Spencer had been charged with improper treatment of his daughter Katie at that time, but he had not been taken into custody. Only after allegations arose from Matthew Hanson's night at the motel with Mr. Spencer was he taken into custody, by Defendant Davidson. Ms. Spencer has now stated that at the time she delivered Matthew Hanson to Mr. Spencer, she had concerns about Mr. Spencer's abuse of Matthew Hanson. This cannot be true, as Ms. Spencer would not deliver her child to a man she was concerned would molest her child. Far more likely, Ms. Spencer worked with Davidson to frame Mr. Spencer and imprison him.

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 3
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

18. We seek to take the deposition of Ms. Spencer, Mr. Davidson, Ms. Krause and Matthew Hanson regarding the above in order to properly respond to the Motion for Summary Judgment.

19. While working diligently on this case, I have been engaged in other matters. Since September, 2011, together with my partner Douglas Johnson, we have conducted three jury trials, two major medical malpractice trials and one first degree murder trial.

20. In addition, I currently represent, on a pro bono basis, the Petitioner in the case of S*tate ex rel. Ryan Ferguson v. Dave Dormire, 11AC –CC00068*.  The hearing held pursuant to the Petition for Writ of Habeas Corpus filed on behalf of Mr. Ferguson took place in Jefferson City, Missouri in April, 2012.  This pro bono representation has required an extensive amount of time, preparation and resources.  Mr. Ferguson was convicted of first degree murder and through the representation petitioner seeks to vacate that conviction.  The resolution of the case will likely be precedent setting in the State of Missouri.  The representation has required me to devote the majority of my time to it over the last year, as well as requiring me to enlist the services of all of the attorneys in my office and my entire support staff.

21. Notwithstanding the above, I and my firm continue to work diligently on this case and if this motion is granted will work promptly to schedule and take the depositions of Defendant's Spencer, Davidson, Krause and Matthew Hanson.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of May, 2012, in Downers Grove, Illinois.

        *s/ Kathleen T. Zellner*
        Kathleen T. Zellner

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 4
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax