The Honorable Benjamin Settle
Trial Date: April 16, 2013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>vs.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK, SHIRLEY SPENCER and JOHN DOES ONE THROUGH TEN,<br><br>Defendants. | No. C11-5424BHS<br><br>DEFENDANT SHIRLEY SPENCER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>May 18, 2012 |

**RELIEF REQUESTED**

Plaintiffs have not raised a genuine issue of material fact on any of the claims against Ms. Spencer. The sole rationale for Plaintiffs' request for denial of Defendant Spencer's motion is the assertion that additional discovery is required. Plaintiffs have failed, however, to

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

meet their burden for relief under FRCP 56(d) by failing to state the specific facts they seek, failing to establish that the facts exist, and failing to relate the alleged facts to the materiality of the issues being litigated.

Further, the topics on which Plaintiffs claim additional discovery is warranted are not relevant to the grounds upon which Defendant Spencer seeks dismissal. Plaintiffs' claims against Ms. Spencer are barred by the civil immunity statue, RCW 26.44.060.

Lastly, the limited evidence that Plaintiffs submit fails to establish an issue of fact. Plaintiffs have drastically abridged the deposition testimony of Sharon Krause to suit their argument and have improperly imputed evidentiary value to dicta in proceedings in which neither Defendant Spencer nor Defendant Davidson was a party. Accordingly, the Court should grant Defendant Shirley Spencer's Motion for Summary Judgment.

### *1. Plaintiffs have Set Forth No Valid Reason Why Defendant Spencer's Motion Should be Continued Pursuant to CR 56*

A party requesting a continuance of a summary judgment motion must present specified reasons why it "cannot present facts essential to justify its opposition." FRCP 56(d) (2012). In doing so, the party must make three specific showings: (1) the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist, and (3) that the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "The party requesting relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts...." *United States v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986) (citing *Securities & Exchange Commission v. Spence & Green Chemical Co.*,

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

612 F.2d 896, 901 (5th Cir.1980))[1]. When the party requesting FRCP 56(d) relief fails to adequately support its request for a continuance, it is within the trial court's discretion to rule on the motion. *Id.*

Plaintiffs have failed to make any of the essential showings required for relief pursuant to FRCP 56(d). First, Plaintiffs have not specified the facts that they hope to elicit from further discovery. Instead, Plaintiffs merely speculate that additional discovery may uncover facts relevant to the issues being litigated. In opposing a motion for summary judgment, the nonmoving party may not rely on speculation or conjecture in meeting its burden of production. *Wyler v. Holland Am. Line-USA, Inc.*, 348 F. Supp. 2d 1206 (W.D. Wash. 2003). Similarly, a party may not use FRCP 56 as a means for prolonging litigation when further discovery is based on mere speculation. *210 E. 86th St. Corp. v. Combustion Eng'g, Inc.*, 821 F. Supp. 125, 144 (S.D.N.Y. 1993). Rule 56(d) is not to be used as a license for a "fishing expedition." *Contemporary Mission, Inc. v. New York Times Co.*, 665 F. Supp. 248, 269 (S.D.N.Y. 1987) *aff'd*, 842 F.2d 612 (2d Cir. 1988). Plaintiffs seek to use FRCP 56 as just that—a means to seek discovery of facts which they can neither articulate, nor vouch for the existence of.

Second, Plaintiffs request for relief pursuant to FRCP 56(d) fails as Plaintiffs have not established that the facts they seek in additional discovery exist. Rather, Plaintiffs speculate that there may be an issue of fact concerning when Defendant Spencer began a relationship with Defendant Davidson. As will be discussed in **Section 4**, the statements that Plaintiffs

[1] Of note, both of these cases cite FRCP 56(f). Prior to 2010, FRCP 56(f) contained the affidavit procedure by which parties could request a court to postpone ruling in a pending summary judgment motion until further discovery had been completed. Effective in 2010, that procedure has been relocated to amended Rule 56(d).

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

submit in furtherance of their theory have no evidentiary value in this case and do not give rise to an assumption that relevant facts remain undiscovered.

Defendant Spencer signed a Declaration in support of her Motion for Summary judgment swearing that her relationship with Defendant Davidson did not begin until after Plaintiff Clyde Ray Spencer entered his *Alford* plea. Dkt. 53. Prior to signing that Declaration, Defendant Spencer has made three recorded, sworn statements regarding matters related to this litigation, including one deposition. *See SECOND Decl. of Shirley Spencer*. She has never testified that her relationship with Defendant Davidson began at any point before the *Alford* plea. Sharon Krause has testified that she does not know when the relationship began. *See Section 6, infra.* Defendant Davidson testified that it began "After the Spencer Investigation concluded." *See* **Exhibit A** to *Decl. of Western.* As such, Plaintiffs fail to establish the existence of the facts they seek and that failure is further grounds for denial of their FRCP 56(d) request for relief.

Third, the facts which Plaintiffs claim to seek are irrelevant to the grounds upon which Defendant Spencer moves for summary judgment. Specifically, any issues of fact remaining, whether material or not, have no bearing on Defendant Spencer's statutory immunity. This principle is discussed at length in **Section 3** of this brief.

***2. Relief Pursuant to FRCP 56(d) is Improper Since Plaintiffs have Failed to Diligently Pursue Discovery in this Matter***

As a final basis for denial of Plaintiffs' request for FRCP 56(d) relief, Courts will not grant such requests where the requesting party has not been diligent in beginning and pursuing discovery. *See Dennis v. Osram Sylvannia, Inc.,* 549 F.3d 851, 860 (1st Cir. 2008); *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001). Plaintiffs filed their

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

complaint in this matter on June 2, 2011. Dkt. 1. Shirley Spencer was added as a Defendant on July 20, 2011. Dkt. 11. At no point in the ten months which have since elapsed have Plaintiffs noted the deposition of Defendant Spencer. *See Decl. of Western.*

Defendant Spencer's Motion for Summary Judgment was originally noted for April 20, 2012. *See Decl. of Western.* On April 6, 2012, Plaintiff's counsel requested a continuance. *See Decl. of Western.* Defense counsel obliged, and the motion was re-noted for May 18, 2012. *Id.* As such, beginning on April 6, 2012, Plaintiffs' counsel had six weeks in which the deposition of Ms. Spencer could have been noted if Plaintiffs genuinely required that discovery to respond to her motion.

Even if Plaintiffs' counsel, Ms. Zellner, was personally unavailable, Davis Wright Tremaine—a local firm comprised of several hundred attorneys, with whom she has associated—could easily have conducted Ms. Spencer's deposition. By failing to take, or even note, the deposition of Defendant Spencer or any other parties to this case in the ten months since it was filed, and in the six weeks counsel knew that the motion was pending, Plaintiffs' counsel has failed to diligently pursue discovery in this matter. As such, Plaintiffs are not entitled to a continuance or denial of Defendant Spencer's Motion for Summary Judgment pursuant to FRCP 56(d).

### *3. The Relationship Between Shirley Spencer and Michael Davidson is Irrelevant to Ms. Spencer's Civil Immunity from Suit*

Ms. Spencer is immune from civil liability pursuant to RCW 26.44.060(1), which provides that any person participating in good faith in the reporting of alleged child abuse is "immune from ***any liability arising out of*** such reporting." (emphasis added). Where immunity applies, it bars the prosecution of *all claims* arising from the report of alleged

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

abuse. *Manning v. Swedish Med. Ctr.*, 101 Wn. App. 1043 (2000). RCW 26.44.060 bars all claims against Ms. Spencer as her only involvement in the events leading to this litigation was the report of possible child abuse of Plaintiff Kathryn Tetz (neé Spencer) to the appropriate authorities. In the course of the subsequent investigation of Plaintiff Clyde Ray Spencer, he was charged with, and ultimately entered an *Alford* plea to, multiple counts of sexually abusing his two biological children and his one step-child. The investigation, prosecution and sentencing of Plaintiff Spencer form the basis of Plaintiffs' lawsuit against Defendant Spencer. As such, the lawsuit *arises* from Ms. Spencer's report of Kathryn Tetz's allegations of abuse and Ms. Spencer is immune from liability pursuant to RCW 26.44.060.

***4. The Relationship Between Shirley Spencer and Michael Davidson is Irrelevant To Plaintiffs' Claims***

Even if the relationship between Defendant Spencer and Defendant Davidson began before Plaintiff Spencer's *Alford* plea, which it did not, Plaintiffs' claims against Defendant Spencer would still fail. First, Plaintiffs claim intentional infliction of emotional distress. The standard of proof for this claim is high and requires showing: (1) that defendant engaged in extreme and outrageous conduct, (2) that defendant intentionally or recklessly inflicted emotional distress on plaintiff, and (3) that defendant's conduct *actually* resulted in severe emotional distress to plaintiff. *Kloepfel v. Bokor,* 149 Wn.2d 192, 195–96, 66 P.3d 630 (2003). Plaintiffs have not created an issue of fact supporting their claim.

Defendant Spencer's only direct involvement in the events leading to this litigation was her report of Kathryn Tetz's statements to the authorities. Her report was made in

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

compliance with the law, under which reporting suspected child abuse was encouraged,[2] and with the support of her husband. As such, it falls far short of the "utterly intolerable" conduct required to establish a claim of intentional infliction of emotional distress. *Kloepfel,* 149 Wn.2d at 196, 66 P.3d 630. Further, the relationship between Defendants Spencer and Davidson, regardless of whether it occurred before or after the *Alford* plea, has no bearing on the initial report made by Defendant Spencer, as it is undisputed that the relationship began at some point *after* that report.

As Plaintiff Spencer was investigated, Defendant Shirley Spencer was contacted by various law enforcement personnel, and at one point expressed concern about her son from a previous relationship, Matthew Hansen. Since that time, Matthew Hansen has stated, and has never recanted, that he was sexually abused by Plaintiff Clyde Ray Spencer. As a result, Defendant Spencer's conversations with law enforcement on the topic fail to meet the standard for intentional infliction of emotional distress. Defendant Spencer's relationship with Defendant Davidson is again irrelevant to the conversations that she had with law enforcement about her son.

Finally, an intentional infliction of emotional distress claim requires showing that the Defendant's conduct *actually* resulted in Plaintiffs' distress. Plaintiffs have failed to establish this causal connection. Regardless of when Defendant Spencer entered into a relationship with Defendant Davidson, the fact remains that Defendant Spencer did not participate in the investigation, prosecution, or sentencing of Plaintiff Clyde Ray Spencer in any capacity. As

---

[2] Due to changes in the law, reporting suspected child abuse is now mandated under chapter 26.44 of the Revised Code of Washington.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

such, there is nothing to link Plaintiffs' claim for emotional distress to any act or omission taken by Defendant Spencer.

Regarding Plaintiffs' federal and state law conspiracy claims, the relationship between Defendants Spencer and Davidson is immaterial to the Plaintiffs' failure to establish at least one essential element to each claim. To succeed on a federal conspiracy claim, Plaintiffs must prove that Defendant Spencer took an "overt act in furtherance of the conspiracy." *Gausvik v. Perez*, 239 F. Supp. 2d 1067, 1104 (E.D. Wn. 2002). Defendant Spencer's only overt act in this matter was reporting Kathryn Tetz's statements to the authorities. Plaintiffs have raised no issue that Defendant Spencer took any additional overt act after that point.

Under state law, proof of a conspiracy requires proof of an agreement between two parties to accomplish a conspiracy. *Woody v. Stapp*, 146 Wn. App. 16, 22, 189 P.3d 807, 810 (2008). However, when the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient to prove a conspiracy. *All Star Gas, Inc.,* 100 Wn. App. at 740 (citing *Lewis Pacific Dairymen's Ass'n v. Turner,* 50 Wn.2d 762, 772, 314 P.2d 625 (1957)). Plaintiffs' rely entirely on the relationship between Defendants Spencer and Davidson to establish their conspiracy theory. However, the relationship, which has never been denied, was lawful. As such, it is insufficient as evidence of a conspiracy, regardless of when it began.

For the reasons above, Plaintiffs' substantive claims against Defendant Spencer fail regardless of when Defendants Spencer and Davidson entered into a relationship. Plaintiffs have failed to raise a genuine issue of material fact with regard to any of their claims.

***5. Plaintiffs May Not Rely Upon Dicta in a Supreme Court Ruling or in Governor Locke's Conditional Commutation to Establish an Issue of Fact***

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

In support of their argument, Plaintiffs have submitted excerpts from the Supreme Court of Washington's Ruling Denying Review in *In re the personal restraint of Clyde R. Spencer* and from the Conditional Commutation issued by Governor Locke. *See* Plaintiffs' Opposition, p. 3. As a preliminary matter, these excerpts were dicta and have no authoritative weight. If there was an actual factual basis for the comments, Plaintiffs would have produced those facts.

Further, to the extent that Plaintiffs rely on a theory of collateral estoppel in submitting these excerpts as established fact, they are misguided. The doctrine of collateral estoppel prevents re-litigation of a particular issue from an earlier proceeding in a later proceeding *involving the same parties*. *King v. City of Seattle*, 84 Wn. 2d 239, 525 P.2d 228 (1974). As such, collateral estoppel is triggered *only* when the party against whom it is applied has had a full and fair opportunity to litigate his or her case. *Hanson v. City of Snohomish,* 121 Wn.2d 552, 561, 852 P.2d 295 (1993). Further, it applies only to issues that were *actually litigated and determined* in the prior lawsuit. *State Farm Mut. Auto. Ins. Co. v. Avery*, 114 Wn. App. 299, 57 P.3d 300 (Div. 3 2002).

Plaintiffs in this case cannot claim collateral estoppel with regard to the issue of the timing of Defendant Spencer's relationship with Defendant Davidson based upon the findings in the Supreme Court Ruling and Conditional Commutation. First, neither Defendant was a party to, or in any way involved in, either proceeding. Second, the issue of Defendant Spencer's relationship with Defendant Davidson was not litigated in either matter. Rather, it was vaguely referred to in dicta. Governor Locke's conditional commutation states that the relationship began "during the investigation." Neither statement provides any fact or

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

references what materials were relied on in making the statement. As a result, the determinations made therein are not controlling in the current litigation and do not establish a factual basis upon which Plaintiffs can defeat Defendant Spencer's motion for summary judgment.

***6. Plaintiffs Improperly Rely Upon the Deposition of Sharon Krause to Establish an Issue of Fact***

Plaintiffs also rely on the deposition testimony of Sharon Krause. *See* Plaintiffs' Opposition, p. 3. This reliance is also misguided as Plaintiffs' have cherry-picked a line of Ms. Krause's testimony while disregarding the statements immediately following which controvert their assertion. Ms. Krause did not testify that Defendant Spencer and Defendant Davidson began a relationship before the time that Plaintiff Spencer entered an *Alford* plea. Rather, she testified that she did not know when the relationship began:

> Q: Now, during the time of the Spencer investigation, did you become aware that your supervisor, Mike Davidson, began having a romantic relationship with Ms. Shirley Spencer?
> . . .
> A: I was aware of it, yes. So was everybody else.
> Q: Was that ongoing while you were conducting your investigation?
> A: My memory of that, that was way on into the investigation that I became aware of that. And I don't - - I don't remember if it - - You know, it's been so long. My recollection of that is that when I became aware of that, it was long after I had interviewed Little Matt. ***And I don't remember if it was before he pled or after, to be honest with you.*** (emphasis added).

*p. 28-29 of Deposition of Sharon Krause,* **Exhibit B** to *Decl. of Western.* Accordingly, by submitting Ms. Krause's testimony, Plaintiffs have failed to raise a genuine issue of fact that warrants denial of Defendant Spencer's motion.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

**CONCLUSION**

For the reasons set forth above, Plaintiffs have failed to set forth a valid basis for relief pursuant to FRCP 56(d). Defendant Spencer's Motion for Summary Judgment should not be denied or continued. Plaintiffs have also failed to raise a genuine issue of material fact with regard to any of Defendant Spencer's defenses. All claims against Ms. Spencer are barred by the civil immunity statute, RCW 25.44.060. Substantively, the timing of a relationship between Defendants Spencer and Davidson is irrelevant to at least one essential element to each of Plaintiffs' claims. Accordingly, Defendant Spencer respectfully requests that the Court grant her Motion for Summary Judgment Dismissal.

DATED this 17th day of May, 2012.

By: *s/ Gary A. Western*
By: *s/ Gabriella Wagner*
Gary A. Western, WSBA# 12878
Gabriella Wagner, WSBA# 42898
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164-2050
Telephone: (206) 623-4100
Fax: (206) 623-9273
E-mail: western@wscd.com
E-mail: wagner@wscd.com
of Attorneys for Defendant Shirley Spencer

DEFENDANT SHIRLEY SPENCER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Cause No. C11-5424BHS) – 11
gw/GW1218.466/958645

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

**CERTIFICATE OF SERVICE**

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorney for Plaintiffs**
Daniel T. Davies
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Email: dandavies@dwt.com

**Attorney for Plaintiffs**
Douglas H. Johnson
Kathleen T. Zellner
Law Offices of Kathleen T. Zellner, P.C.
Esplanade IV
1901 Butterfield Road, Suite 650
Downers Grove, Illinois 60515
Email: dhjohnson43@aol.com
Email: kathleen.zellner@gmail.com

**Attorney for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office and Clark County**
Bernard F. Veljacic
Deputy Prosecuting Attorney
Clark County Prosecuting Attorney Civil Division
604 W. Evergreen Blvd.
P.O. Box 5000
Vancouver, WA 98666-5000
Email: Bernard.Veljacic.@clark.wa.gov

**Attorney for Defendant Peters**
Daniel J. Judge
Attorney General's Office
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
Email: danielj@atg.wa.gov

**Attorney for Defendant Davidson**
Jeffrey Freimund
Freimund Jackson & Tardif & Benedict Garratt, PLLC
711 Capitol Way S Ste 602
Olympia, WA 98501-1293
Email: jefff@fjtlaw.com

**Attorney for Defendant Krause**
Guy M. Bogdanovich
Law Lyman Daniel Kamerrer & Bogdanovich
PO Box 11880
Olympia, WA 98508-1880
Email: gbogdanovich@lldkb.com

DEFENDANT SHIRLEY SPENCER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Cause No. C11-5424BHS) – 12
gw/GW1218.466/958645

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

**Attorney for Defendant Shirley Spencer**
William H. Dunn
Dunn Law Office
P.O. Box 1016
Vancouver, WA 98666
Email: dunnwh@pacifier.com

**Attorney for Defendant Peters**
Patricia C. Fetterly
Assistant Attorney General
Torts Division
P.O. Box 40126
Olympia, WA 98504-0116
Email: patriciaf1@atg.wa.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**Attorney for Defendant Peters**
Robert M. McKenna
Attorney General of Washington
Government Operations Division
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA 98504-0108

**SIGNED** this 18th day of May, 2012, at Seattle, Washington.

Betty Dobbins

DEFENDANT SHIRLEY SPENCER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Cause No. C11-5424BHS) – 13
gw/GW1218.466/958645

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273