1                                          Honorable Benjamin H. Settle

2

3

4

5

6

7                 **UNITED STATES DISTRICT COURT**

          **WESTERN DISTRICT OF WASHINGTON**

8                       **AT TACOMA**

9

10 CLYDE RAY SPENCER, MATTHEW RAY      NO. C11-5424 BHS
SPENCER, and KATHRYN E. TETZ,

11                Plaintiffs,       DEFENDANT MICHAEL
                              DAVIDSON'S SUMMARY

12        v.                         JUDGMENT MOTION

13 FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY

14 JAMES M. PETERS, DETECTIVE        **NOTE ON MOTION**
SHARON KRAUSE, SERGEANT          **CALENDAR:** June 22, 2012

15 MICHAEL DAVIDSON, CLARK COUNTY
PROSECUTOR'S OFFICE, CLARK

16 COUNTY SHERIFF'S OFFICE, THE
COUNTY OF CLARK, SHIRLEY

17 SPENCER, and JOHN DOES ONE
THROUGH TEN,

18
                Defendants.

19

20                    **I. RELIEF REQUESTED**

21      Defendant Michael Davidson moves for summary judgment seeking dismissal of all

22 claims against him with prejudice pursuant to Federal Rules of Civil Procedure 56. Defendant

23 Davidson's motion is based on the statute of limitations as to all plaintiffs' state law claims,

24 plaintiffs' inability to prove defendant Davidson defamed Mr. Spencer, collateral estoppel

25 precluding re-litigation of three of Mr. Spencer's federal constitutional claims, qualified

26

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

immunity for all § 1983 claims, inability to prove a conspiracy, and inability to prove defendant Davidson proximately caused the alleged damage.

## II. MATERIAL FACTS

### A. Summary of Plaintiffs' Claims

In 1985, plaintiff Clyde Ray Spencer entered an *Alford* plea of guilty to multiple counts of sexually abusing his two biological children (plaintiffs Matthew Spencer and Kathryn Tetz) and his step-son Matthew Hansen. Dkt. 1 (Complaint), pp. 6, 16, 18, 23-24, 25, ¶¶ 31, 36, 97, 112, 151-52, 159. After several unsuccessful appeals, his prison sentence was commuted to community supervision in 2004 by then Governor Locke. *Id.,* pp. 30-32, 35, ¶¶ 203-05, 213-15, 238.

Following his release from prison, his biological children recanted their prior disclosures of sexual abuse by Mr. Spencer. *Id.,* p. 36, ¶¶ 241-42. Matthew Hansen has not recanted his prior disclosures of sexual abuse by Mr. Spencer. *See* Dkt. 54 and 54-1 (Declaration of Matthew Hanson and Exhibits A and B attached thereto).

In 2009, the state Court of Appeals ruled Mr. Spencer could withdraw his *Alford* plea of guilty based on two of the three victims' recantations and vacated his conviction. Dkt. 1, pp. 2-3, 37, ¶¶ 5, 244. In August 2010, the Clark County Prosecuting Attorney's Office dismissed the charges against Mr. Spencer without prejudice. *Id.,* p. 3, ¶ 5.

In June 2011, he and his two biological children (now adults) filed this lawsuit alleging federal civil rights and state tort claims. *Id.,* pp. 45-67, ¶¶ 289-394. Mr. Spencer alleges seven causes of action under 42 U.S.C. § 1983, plus four state law claims. *Id.,* pp. 45-65, ¶¶ 289-382. His federal claims are for malicious prosecution, deprivation of due process,

1  "destruction or concealment of exculpatory evidence," conspiracy, "failure to intervene," false

2  arrest, and false imprisonment.  *Id.*, pp. 45-58, ¶¶ 289-349.  His state law claims are for

3  malicious prosecution, intentional infliction of emotional distress ("IIED"), conspiracy, and

4  defamation.  *Id.*, pp. 59-65, ¶¶ 350-82.  These federal and state claims are alleged against all

5  defendants except Shirley Spencer, who is a named defendant only as to Mr. Spencer's § 1983

6  conspiracy claim and his state law claims for IIED and conspiracy.  *See id.*

7  

8  His biological children allege state law claims for "loss of consortium."  *Id.*, pp. 66-

9  67, ¶¶ 383-94.  Their claims are alleged against all defendants, except Shirley Spencer.  *Id.*

10  

**B. Investigations and Arrest Based on Plaintiffs Kathryn Tetz's, Plaintiff Matthew Spencer's, and Non-Party Matthew Hansen's Disclosures of Sexual Abuse by Plaintiff Ray Spencer**

13  On August 24, 1984, plaintiff Kathryn Tetz (nee Spencer), then age 5 (DOB January

14  13, 1979), inappropriately touched plaintiff Ray Spencer's second wife, defendant Shirley

15  Spencer.  *See* Dkt. 1, pp. 6, 7, ¶¶ 31, 40.  When asked where she learned these sexual

16  behaviors, Ms. Tetz told Shirley Spencer that her father and three others, including her brother

17  Matthew Spencer, had touched her private parts and that she had oral sex with her father.  *Id.*;

18  Dkt. 53 and 53-1 (Declaration of Shirley Spencer and Exhibit A attached thereto); Declaration

19  of Sharon Krause ("Krause Decl.") and Exhibit ("Ex.") 1 thereto (Shirley Spencer's written

20  description of Ms. Tetz's disclosure).  Shortly after this disclosure, Ms. Tetz returned to

21  Sacramento, California where she lived with her biological mother, DeAnne Spencer, who

22  had divorced Ray Spencer in 1981 due to his infidelities. Dkt. 1, pp. 5, 6, 7, ¶¶ 26, 34, 41.

23  

24  Mr. Spencer found his daughter's reports of abuse sufficiently credible to cause him to

25  report her disclosures to Child Protective Services and the Vancouver Police Department.  *Id.*,

26  

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION        - 3 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1   p. 7, ¶ 41. Ms. Tetz's disclosures of sexual abuse were investigated by the Sacramento Police

2   Department, the Vancouver Police Department where Mr. Spencer was employed, and

3   defendant Clark County Sheriff's Office ("CCSO"). *See id.*, pp. 7-8, ¶¶ 41-42, 47.

4
        In October 1984, Ms. Tetz was interviewed by defendant Sharon Krause, a detective
5
6   then employed by the CCSO. Krause Decl. at Ex. 2. Ms. Tetz confirmed that Mr. Spencer

7   had sexually abused her as she had previously disclosed to Shirley Spencer and provided

8   details of that abuse, but said no one else had abused her. *Id.,* pp. 4-13.

9       In November 1984, a King County prosecutor reviewed Shirley Spencer's description

10  of Ms. Tetz's disclosure and detective Krause's interview of Ms. Tetz and opined that,

11
    "[a]lthough I believe [the] child was clearly abused and probably by the defendant [Mr.
12
13  Spencer], the case is unwinnable even assuming you/we can get the child to talk."

14  Declaration of Jeffrey Freimund ("Freimund Decl.") at Ex. 1 (prosecutor's letter), p. 3.

15      On January 3, 1985, the Clark County prosecutor charged Mr. Spencer with two

16  counts of sexually abusing his daughter and he was released by the Court on personal

17  recognizance. Freimund Decl. at Ex. 2 (Information).

18      A few days later, Mr. Spencer was fired from his employment with the Vancouver

19  Police Department following an Internal Affairs investigation. Dkt. 1, p. 16, ¶ 98. The
20
21  reasons given for his termination on January 8, 1985 were that he had: (1) forcibly raped an

22  18 year old neighbor girl in 1978; (2) engaged in a sexual relationship with a female

23  informant in 1980 while operating undercover without reporting the relationship to

24  supervisors, (3) made false reports that the informant had discovered his identity as a police

25  officer in 1980; and (4) engaged in a sexual relationship with his five year old daughter in

26

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1  1984. Freimund Decl. at Ex. 3 (Notice of Dismissal and Bill of Particulars).

2  On February 3, 1985, Mr. Spencer told Shirley Spencer he wanted a divorce and

3  moved out of their home. Dkt. 53 and 53-1 (Exhibit B to Shirley Spencer's Declaration).

4
   On February 28, 1985, Shirley Spencer notified Detective Krause that she was
5
   concerned Mr. Spencer may have sexually molested her then five year old son, Matthew
6
7  Hansen. Krause Decl. at Ex. 3, pp. 2-9; Freimund Decl. at Ex. 4 (Motion and Affidavit for

8  Arrest Warrant). Matthew Hansen disclosed to Detective Krause that he had been molested

9  by Mr. Spencer and had witnessed Mr. Spencer molesting Ms. Tetz and Matthew Spencer.

10 Krause, Decl. at Ex. 3, pp. 15-22; Freimund Decl. at Ex. 4, pp. 2-4.

11
   Based on Matthew Hansen's disclosure, an Amended Information was filed charging
12
   Mr. Spencer with three counts of statutory rape of Matthew Hansen. Dkt. 1, p. 18, ¶ 112.
13
14 Defendant Clark County Prosecutor James Peters filed a motion and affidavit for an arrest

15 warrant and a Clark County Superior Court Judge found probable cause to issue the warrant.

16 Freimund Decl. at Exs. 4 and 5 (Order Directing Issuance of Arrest Warrant). Mr. Spencer

17 was arrested later that day pursuant to the warrant. Dkt. 1, p. 18, ¶ 113. One of the arresting

18 officers was defendant Michael Davidson, then a supervising Sergeant for the CCSO. *Id.*

19
   Following his arrest, Mr. Spencer waived his *Miranda* rights and agreed to speak with
20
21 Detective Krause and Sergeant Davidson. Krause Decl. at Ex. 4. During this February 28,

22 1985 interview, Mr. Spencer stated "I must have done it if Little Matt [Hansen] said I did; this

23 can't be my ex-wife this time." *Id.,* p. 3. When asked if he could explain why Matthew

24 Hansen was reporting Mr. Spencer abused him if it was not true Mr. Spencer replied, "Well it

25 must be. I just don't understand why I can't remember it." *Id.,* p. 4.

26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION          - 5 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1    On March 25, 1985, Detective Krause interviewed Mr. Spencer's then nine year old

2    son, plaintiff Matthew Spencer.   Krause Decl. at Ex. 5.   Matthew Spencer corroborated

3    Matthew Hansen's account that Mr. Spencer had sexually abused both boys and Ms. Tetz.

4    *Id.,* pp. 3-12.   Detective Krause re-interviewed Ms. Tetz separately the same day, and Ms.

5    Tetz corroborated Matthew Spencer's and Matthew Hansen's disclosures of Mr. Spencer's

6    sexual abuse of all three children. *Id.,* at Ex. 6, pp. 2-5.

7

8                    **C.  Mr. Spencer's *Alford* Plea to Sexually Abusing Three Children**

9    On May 3, 1985, the prosecutor filed a Second Amended Information charging Mr.

10   Spencer with ten counts of first degree statutory rape and six counts of complicity to first

11   degree statutory rape based on the disclosures of all three children. Freimund Decl. at Ex. 6

12   (Second Amended Information).   Days later Mr. Spencer's criminal defense attorney

13   interviewed the children, along with the prosecutor. Dkt. 1, p. 23, ¶¶ 148-49.

14   Mr. Spencer's trial for sexually abusing the three children was set to begin on May 20,

15   1985. Dkt. 1, p. 23, ¶ 146.  On May 16, 1985, Mr. Spencer changed his plea from not guilty

16   to an *Alford* plea in which he pled guilty to seven counts of first degree statutory rape and four

17   counts of complicity to first degree statutory rape as part of a plea bargain that resulted in

18   voluntary dismissal of three counts of first degree statutory rape and two counts of complicity

19   to first degree statutory rape.   Freimund Decl. at Ex. 7 (Statement of Defendant on Plea of

20   Guilty).  After the details of each charge were read to Mr. Spencer on the record, the Court

21   asked if he had any basis to refute the children's disclosures of his sexual abuse, to which he

22   uniformly replied, "No, sir." *Id.* at Ex. 8 (certified transcript of the May 3, 1985 filing of the

23   Second Amended Information, the May 16, 1985 change of plea hearing, and the May 23,

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                        - 6 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile:  (360) 534-9959

1985 sentencing hearing), pp. 20-35.  When agreeing to the plea, Mr. Spencer acknowledged the Court could sentence him to life imprisonment for his crimes. *Id.,* at pp. 16-18.

On May 23, 1985, the Court entered two Judgments and Sentences sentencing Mr. Spencer to life imprisonment. Freimund Decl. at Ex. 9 (two Judgment and Sentence orders).

### D.  Mr. Spencer's Unsuccessful 1986 Appeal of His Conviction

In May 1986, Mr. Spencer moved to withdraw his guilty plea and vacate his conviction. Freimund Decl. at Ex. 10 (Court of Appeals Order Dismissing Petition), pp. 1-2. He raised several constitutional claims, including (1) his plea was involuntary because he was under the influence of narcotics at the time, (2) he was coerced by Sergeant Davidson to plead guilty during jail visits motivated by Sergeant Davidson's alleged romantic involvement with Shirley Spencer, (3) the prosecutor failed to disclose exculpatory evidence, specifically the King County prosecutor's opinion that a conviction was unlikely based solely on Ms. Tetz's initial disclosure and medical reports concluding there was no physical evidence Ms. Tetz and Matthew Hansen were sexually abused, (4) his right against self-incrimination was violated, and (5) his defense counsel provided ineffective assistance. *Id.,* at pp. 2-6.  The trial court denied the motion and the Court of Appeals affirmed in August 1988, concluding (1) two mental health professionals found him competent and the transcript of his plea hearing confirmed those assessments, (2) his admissions in open court that his guilty plea was not coerced outweighed his assertion that Sergeant Davidson coerced him, (3) the prosecutor did not breach a duty to disclose exculpatory evidence and, even if he did, Mr. Spencer was unable to prove the King County prosecutor's opinion and the medical reports concerning Ms. Tetz and Matthew Hansen would have caused him to go to trial instead of pleading guilty, (4)

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION          - 7 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  Mr. Spencer was properly advised of his constitutional rights before pleading guilty, and (5)

2  his defense attorney's assistance was effective. *Id.*

3  ### E.  Mr. Spencer's Unsuccessful 1989 Appeal of His Conviction

4
5  Mr. Spencer filed a personal restraint petition ("PRP") alleging the trial judge was

6  biased against him, a pre-sentence report should have been completed, and his constitutional

7  rights were violated by use of "mechanical" sentencing formulas.  Freimund Decl. at Ex. 11

8  (Court of Appeals Order Dismissing Petition).  The Court of Appeals dismissed the PRP as

9  frivolous in September 1989. *Id.*, p. 2.  The state Supreme Court denied discretionary review.

10  *Id.*, at Ex. 12 (Ruling Denying Motion for Discretionary Review).

11  ### F.  Mr. Spencer's Unsuccessful 1994 Habeas Corpus Petition

12
13  In 1994, Mr. Spencer sought habeas relief in federal court after exhausting state court

14  remedies.  Freimund Decl. at Ex. 13 (Magistrate's Report and Recommendation and Judge's

15  Order adopting the same).  He again raised several constitutional claims, including (1) his

16  guilty plea was involuntary because he was under the influence of narcotics, (2) Sergeant

17  Davidson unlawfully coerced his guilty plea during jail visits motivated by his alleged

18  romantic involvement with Shirley Spencer, (3) the prosecution failed to disclose exculpatory

19  evidence, including the medical examinations of Ms. Tetz and Matthew Hansen concluding

20  there was no physical evidence of sexual abuse, and (4) his defense counsel provided

21  ineffective assistance. *Id.*, pp. 2-22.  The federal court granted the State's summary judgment

22  motion to dismiss the habeas petition, concluding (1) Mr. Spencer was competent to

23  understand the consequences of his guilty plea, (2) Sergeant Davidson did not

24  unconstitutionally coerce Mr. Spencer even if the jail visits occurred as alleged by Mr.

25
26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                    - 8 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1  Spencer, (3) there was no reasonable probability the two withheld medical reports would have

2  caused Mr. Spencer to proceed to trial rather than plead guilty, and (4) his defense counsel

3  provided adequate assistance. *Id.*

### G. Mr. Spencer's Appeal of the Federal District Court's 1994 Judgment

The Ninth Circuit Court of Appeals affirmed in part and reversed in part the District

Court's dismissal of Mr. Spencer's habeas corpus petition. Freimund Decl. at Ex. 14 (Ninth

Circuit Memorandum). The Court concluded as follows: (1) Mr. Spencer was entitled to an

evidentiary hearing to determine if he was competent when he pled guilty; (2) Sergeant

Davidson did not unlawfully coerce Mr. Spencer to plead guilty; (3) Mr. Spencer was entitled

to an evidentiary hearing to determine if there was a reasonable probability the two withheld

medical reports would have caused him to proceed to trial rather than plead guilty; and (4)

Mr. Spencer was adequately represented by his defense counsel, especially since Mr. Spencer

"did not exactly say that he did not commit the acts, but ... assumed a posture that he could

not remember doing them." *Id.*, pp. 2-9 (quote from pp. 8-9).

### H. The 1996 Evidentiary Hearing on Mr. Spencer's Habeas Petition

Judge Robert Bryan conducted the evidentiary hearing over the course of three days.

After hearing testimony from several witnesses, he concluded: (1) Mr. Spencer was

competent to enter his guilty plea; (2) the Clark County Prosecuting Attorney and the CCSO

never possessed or controlled the medical report regarding Matthew Hansen, so neither had a

duty to disclose that report to Mr. Spencer's counsel under *Brady v. Maryland,* 373 U.S. 83

(1963); and (3) "it is probable that if Mr. Spencer had Kathryn Spencer's [Tetz's] medical

report, it would not have been sufficiently exculpatory or persuasive to cause him to refuse to

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION          - 9 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1  plead guilty and to go to trial: Kathryn Spencer's medical report was not likely to persuade

2  the trier of fact that Mr. Spencer was not guilty of the crimes charged." Freimund Decl. at Ex.

3  15 (Judge Bryan's September 25, 1996 Order Including Findings of Fact and Conclusions of

4
   Law), pp. 2-4 (quote from p. 4, lines 17-20). Accordingly, the Court concluded Mr. Spencer's
5
6  federal due process rights were not violated when the prosecutor and the CCSO failed to

7  disclose the medical reports, and denied Mr. Spencer's habeas corpus petition. *Id.*

8              **I.   Mr. Spencer's Unsuccessful Appeal of the 1996 Evidentiary Hearing**

9           Mr. Spencer again appealed Judge Bryan's ruling.   The Ninth Circuit affirmed,

10
    concluding in part, "[t]here is no reasonable probability that production of the medical reports
11
    of these two victims would have caused Spencer to choose to go to trial rather than to plead
12
13  guilty. ... Expert testimony regarding the flaws and limited exculpatory value of the medical

14  reports demonstrated that the withheld information would not have been persuasive at trial."

15  Freimund Decl. at Ex. 16 (Ninth Circuit's October 1997 Memorandum) (quote from p. 2).

16              **J.   Mr. Spencer's Unsuccessful 2000 Appeal of His Sentence**

17           In 1999, Mr. Spencer filed another PRP in state court; this time challenging the length

18  of his prison sentence and the addition of 60 months to his minimum sentence in 1998 due to

19
    his failure to obtain sexual deviancy treatment.   The Court of Appeals denied the petition
20
21  concluding Mr. Spencer's lack of rehabilitation justified his sentence, and noting "Spencer's

22  psychological evaluation was not entirely favorable to his parole request." Freimund Decl. at

23  Ex. 17 (June 2000 Order Denying Petition) (quote from p. 5).

24              **K.  Governor Locke's Commutation of Mr. Spencer's Sentence**

25           On December 23, 2004, then Governor Gary Locke conditionally commuted Mr.

26

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1   Spencer's remaining sentence from lifetime imprisonment to three years of community

2   custody. Dkt. 1, p. 35, ¶ 238. The commutation was entered with no reference to the several

3   court rulings dismissing Mr. Spencer's claims regarding the validity of his guilty plea, alleged

4
   coercion to plead guilty, alleged withholding of exculpatory evidence, the length of his prison
5
6   sentence, and other constitutional challenges.   Freimund Decl. at Ex. 18 (Governor's

7   Conditional Commutation).   The commutation was entered mainly because the Governor

8   concluded Mr. Spencer "has now served more time than anyone convicted of the same crime

9   under the Sentencing Reform Act." *Id.*, p. 1. Mr. Spencer's community supervision was

10   subject to 15 conditions, which according to plaintiffs "were the same as those imposed upon

11   a predator that would be expected to re-offend." *Id.*, pp. 2-3; Dkt. 1, p. 36, ¶ 240.

12

13              **L. Plaintiff Matthew Spencer's 2003 Letter to the Governor**

14        While Governor Locke was considering whether to commutate Mr. Spencer's

15   sentence, plaintiff Matthew Spencer wrote a letter to the Governor urging him to keep Mr.

16   Spencer in prison. Freimund Decl. at Ex. 19 (Matthew Spencer's March 2003 Letter). At age

17   26 (DOB November 28, 1975, *see* Dkt. 1, p. 6, ¶ 31), Matthew Spencer wrote in part:

18
             I have experienced a certain amount of security since [my father's]
19             incarceration. The thought that he may be released has set me on edge.
             Will I have to spend the rest of my life looking over my shoulder? My
20             childhood was spent in baseball parks and therapy offices. Baseball
             parks thanks to my mom, therapy offices thanks to my father. The
21             nightmares have gone but the emotional terror he and his friends
22             subjected me and my sister to surfaces with thoughts of him. He even
             hired investigators to hunt me down when I was 19 years old. They
23             waited outside my house at 5:00 a.m. one morning to try and confront
             me. I was enraged but able to scare them off with a baseball bat. ... To
24             this day he has not admitted his crimes, nor has he received any
25             rehabilitation. ... Perhaps if he admitted and began rehabilitation I would
             feel differently but he has not. I am afraid not only for myself, my sister
26             and my mom but also for any children he may come in contact with. It is

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION    - 11 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1       my hope you will deny his request.

2 Freimund Decl. at Ex. 19.

3      **M.  Mr. Spencer's 2009 PRP Following His Release from Prison**

4

5     Shortly after Mr. Spencer was released from prison, his two biological children

6 recanted their disclosures of sexual abuse.  Freimund Decl. at Ex. 20 (Order Transferring

7 Petition for Reference Hearing), p. 1.  With these recantations in hand, Mr. Spencer filed

8 another PRP claiming this new evidence justified withdrawal of his *Alford* plea.  *Id.,* p. 1.

9     The Court of Appeals ordered a reference hearing for the sole purpose of determining

10 whether Ms. Tetz and Matthew Spencer would testify consistent with their written

11 recantations.  *Id.,* p. 14.  The State sought clarification regarding the scope of the reference

12

13 hearing, including whether the State would be permitted to call additional witnesses or

14 experts, or offer documentation from other courts that ruled on Mr. Spencer's prior appeals.

15 Freimund Decl. at Ex. 21 (Order Clarifying Reference Hearing Order), p. 1.  The Court of

16 Appeals clarified that the only witnesses would be Ms. Tetz and Matthew Spencer, the "State

17 may not attempt to explore or explain any 'alleged irregularities' that occurred in the

18 underlying investigation and plea proceedings" and the "State may not rely on or argue

19 previous court rulings."  *Id.,* pp. 1-2.

20

21     The Superior Court conducting the reference hearing concluded both Ms. Tetz and

22 Matthew Spencer testified consistent with their written recantations.  Freimund Decl. at Ex.

23 22 (Findings of Fact on Reference Hearing), pp. 2-3.  The State moved for reconsideration

24 requesting the Superior Court to make a finding as to whether the recantations were credible,

25 but the Court denied the motion.  *Id.,* at Ex. 23 (Order Denying Reconsideration), pp. 1-2.

26

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1   Based on the reference hearing, the Court of Appeals granted Mr. Spencer's PRP

2   holding the two recantations were newly discovered evidence sufficiently undermining the

3   factual basis for Mr. Spencer's *Alford* plea to justify withdrawal of the plea and order a new

4   trial pursuant to RAP 16.4(c)(3). *In re Clyde R. Spencer,* 152 Wn. App. 698, 707, 712, 218

5   P.3d 924 (2009). Unlike in Mr. Spencer's prior proceedings, the Court did not determine

6   whether any of Mr. Spencer's constitutional rights were violated. *See id.* at 707 (not relying

7   on RAP 16.4(c)(2), which authorizes granting a PRP based on constitutional violations). The

8   Court did, however, conclude some of Mr. Spencer's prior constitutional claims, which the

9   State was not permitted to rebut, supported his argument that the factual basis underlying the

10   *Alford* plea had changed. *Id.,* at 712-15.

11   In July 2010, a Supreme Court Commissioner denied the State's petition for

12   discretionary review of the Court of Appeals' opinion. Freimund Decl. at Ex. 24. The

13   Commissioner reasoned as follows: "The Court of Appeals held that M.S.'s and K.S.'s

14   recantations, viewed in light of the record, undermined the factual basis for Mr. Spencer's

15   *Alford* plea sufficiently to justify withdrawal. I agree." *Id.,* p. 5.

**N. Vacation of Conviction and Order of Dismissal without Prejudice**

   On September 29, 2010, the Superior Court vacated Mr. Spencer's conviction and

   allowed him to withdraw his guilty plea. Freimund Decl. at Ex. 25 (Order). The same day,

   the Superior Court granted the State's motion to dismiss the 1985 charges against Mr. Spencer

   without prejudice. *Id.,* at Ex. 26 (Motion and Order for Dismissal without Prejudice).

   Plaintiffs filed this lawsuit on June 2, 2011; twenty-six years after plaintiffs' alleged

   damages occurred - - *i.e.,* Mr. Spencer's conviction and imprisonment. *See* Dkt. 1.

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION          - 13 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

# III.  LAW AND ARGUMENT

## A.  Plaintiffs' State Law Claims Are Time-Barred, Except Mr. Spencer's Defamation Claim

Plaintiff Ray Spencer alleges state law claims for malicious prosecution, intentional infliction of emotional distress, conspiracy, and defamation.  Dkt. 1, pp. 59-65, ¶¶ 350-82. Plaintiffs Matthew Spencer and Kathryn Tetz allege state law claims for loss of consortium. *Id.*, pp. 66-67, ¶¶ 383-94.  All of these claims are time-barred as a matter of law by the statute of limitations, with the sole exception of Mr. Spencer's defamation claim, which allegedly accrued in August 2010.  *Id.*, pp. 40-43, ¶¶ 264-78.

RCW 4.16.080(2) provides a three year limitations period for personal injury actions. RCW 4.16.100(1) provides a two year limitations period for defamation actions.

State law determines when a state law action accrues.  *Doggett v. Perez*, 348 F.Supp.2d 1169, 1175 (E.D.Wash. 2004).  Personal injury actions ordinarily accrue at the time the challenged act or omission occurs.  *Id.*  Here, the challenged acts or omissions occurred by no later than 1985 when Mr. Spencer was convicted and sentenced to life imprisonment following his *Alford* plea.  *See id.*, at 1176-77.

Accrual of federal § 1983 claims is determined by federal law.  *Id.*, at 1173.  Under federal law, a § 1983 claim challenging a conviction "does not accrue until the conviction or sentence has been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

Washington has not adopted the federal *Heck* rule for determining accrual of state law claims.  *Doggett*, 348 F.Supp.2d at 1176.  Under Washington law, causes of action arising out of an arrest or conviction must be commenced within two or three years of the conviction even if the conviction has yet to be invalidated.  *Id.*, at 1176-77; *Gausvik v. Abbey*, 126 Wash.

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                       - 14 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   App. 868, 879-82, 107 P.3d 98, *review denied,* 155 Wash.2d 1006 (2005) (noting civil actions

2   may be stayed pending the outcome of appeals).

3        Tolling of the statute of limitation ceased for Mr. Spencer once he was sentenced to

4   life imprisonment in 1985. RCW 4.16.190(1). Similarly, tolling of Ms. Tetz's and Matthew

5   Spencer's claims ceased after they each turned 18 years old. *Id.* Ms. Tetz was born in 1979

6   and turned 18 in 1997; Matthew Spencer was born in 1975 and turned 18 in 1993. Dkt. 1, p.

7   6, ¶ 31. Thus, all of plaintiffs' state law claims were time-barred more than a decade before

8   this lawsuit was filed in 2011, with the exception of Mr. Spencer's defamation claim

9   (although any alleged defamation occurring before June 2009 is time-barred).

10

11   **B. There Is No Evidence Defendant Davidson Defamed Mr. Spencer**

12        Plaintiff alleges the Clark County Prosecutor's office issued a press release in 2010

13   that was defamatory. Dkt. 1, p. 40, ¶ 264. There is no admissible evidence Sergeant

14   Davidson, who by then had retired from the CCSO, played any role in issuing the press

15   release, let alone made a defamatory statement in that release. Even if he had done so, any

16   such statement would be conditionally privileged. *See Bender v. Seattle,* 99 Wash.2d 582,

17   601, 664 P.2d 492 (1983). Mr. Spencer is unable to prove by clear and convincing evidence

18   that Mr. Davidson abused the privilege by making a statement in the press release he knew

19   was false or in reckless disregard of its falsity. *See id.* Mr. Spencer also is unable to prove

20   Mr. Davidson was at fault for the alleged defamation, or that Mr. Spencer's already soiled

21   reputation was in fact damaged. Thus, Mr. Spencer's state law defamation claim against

22   Sergeant Davidson fails because Mr. Spencer can not prove the requisite elements.

23

24

25   //

26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                         - 15 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

### C. Mr. Spencer Is Collaterally Estopped from Re-Litigating His Claims that Defendant Davidson Violated His Constitutional Rights by Allegedly Arresting Him Without Probable Cause, Allegedly Coercing Him at the Jail, and Allegedly Withholding Exculpatory Evidence

As summarized above, state and federal courts previously issued final judgments on constitutional issues Mr. Spencer attempts to re-litigate in this action. Collateral estoppel precludes re-litigation of these issues.

"State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990). "Federal law governs the collateral estoppel effect of a case decided by a federal court." *Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir. 1996), *cert. denied,* 520 U.S. 1117 (1997).

The collateral estoppel elements are substantially similar under federal and Washington law. The federal collateral estoppel doctrine has three elements: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Trevino,* 99 F.3d at 923. Washington's collateral estoppel doctrine has four elements: "(1) the issue in the prior adjudication is identical to the issue presented in the second adjudication; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." *Gausvik,* 126 Wash. App. at 884. The fourth element (injustice prong) focuses on procedural fairness - - *i.e.,* if a party to the prior litigation

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION           - 16 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1   had a full and fair hearing of the issues, collateral estoppel applies even if the result of the

2   prior hearing was erroneous. *Thompson v. Dept. of Licensing,* 138 Wash. 2d 783, 799-800,

3   982 P.2d 601 (1999).

4
5   Mr. Spencer claims defendants violated his Fourth, Fifth and Fourteenth Amendment

6   constitutional rights in the following ways: (1) arrest and prosecution without probable cause;

7   (2) failure to disclose exculpatory evidence, including the medical reports of two child

8   victims; (3) coercion/conspiracy based on Sergeant Davidson's alleged romantic relationship

9   with Mr. Spencer's second wife; and (4) deliberate fabrication of evidence, including use of

10  allegedly coercive child interviewing techniques. Dkt. 1, pp. 45-58, ¶¶ 291-349.  The first

11  three of these alleged constitutional deprivations were previously litigated by Mr. Spencer in

12  state and federal courts, resulting in final judgments on the merits.  The fourth issue alleging

13  coercive interviewing techniques was not squarely decided in Mr. Spencer's prior cases.

14
15  At his 1985 plea hearing, Mr. Spencer acknowledged there was probable cause for his

16  arrest and prosecution by confirming he had no basis to refute the three children's and their

17  mothers' disclosures of sexual abuse, and the trial court so ruled. Freimund Decl. at Ex. 7 and

18  Ex. 8, pp. 8-41 (including pp. 18-19, where Mr. Spencer acknowledged a jury would find him

19  guilty beyond a reasonable doubt on each count, and p. 41, where the Court concluded

20  "there's an overwhelming factual basis for the pleas, and there is sufficient evidence from

21  which the jury could and likely would find Mr. Spencer guilty of each count beyond a

22  reasonable doubt."). *See also id.,* at Ex. 5 (judicial finding of probable cause to arrest).

23
24  Probable cause is a complete defense to Mr. Spencer's constitutional claims for

25  malicious prosecution, false arrest and false imprisonment. *Lassiter v. City of Bremerton,* 556

26

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

F.3d 1049, 1054-55 (9th Cir. 2009). A conviction conclusively establishes probable cause for an arrest and prosecution, even if later reversed on appeal, unless the conviction was obtained through fraud, perjury or other corrupt practices. *Hanson v. City of Snohomish,* 121 Wash. 2d 552, 564, 852 P.2d 295 (1993). Mr. Spencer's conviction was reversed based on newly discovered evidence in the form of two out of three victims' recantations, not based on fraud, perjury or other corrupt practices. *See In re Spencer,* 152 Wash. App. at 712.

As held in *Hanson,* Mr. Spencer is collaterally estopped from re-litigating his previously unsuccessful claims that his conviction was not supported by probable cause and instead was obtained through fraud, perjury, or other corrupt practices, such as alleged coercion by Sergeant Davidson or failure to produce allegedly exculpatory, material evidence. In 1988, the state Court of Appeals issued a final judgment affirming the trial court's rulings on the merits of the following issues: (1) Sergeant Davidson did not coerce Mr. Spencer into pleading guilty to further his alleged romantic interests with Mr. Spencer's second wife; and (2) a duty to disclose exculpatory evidence was not unconstitutionally breached by withholding Ms. Tetz's and Matthew Hansen's medical records or the King County prosecutor's opinion that Ms. Tetz's initial disclosure of abuse was insufficient to convict. Freimund Decl. at Ex. 10, pp. 3-4.

Similarly, in 1996, the federal district court issued a final judgment on the merits of the following constitutional issues: (1) Sergeant Davidson did not unconstitutionally coerce Mr. Spencer even if he visited Mr. Spencer in jail to further a relationship with Mr. Spencer's second wife; and (2) failure to disclose the two children's medical reports did not affect the constitutional validity of his conviction. Freimund Decl. at Ex. 13, pp. 9-13. The Ninth

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                - 18 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1  Circuit affirmed on the first ground, but remanded for an evidentiary hearing on the second

2  ground. *Id.,* at Ex. 14, pp. 4-6.

3      Following a three day hearing, the federal district court entered a final judgment that

4  (1) defendants did not possess a medical report regarding Matthew Hansen, so they had no

5
*Brady* duty to disclose that report, and (2) the medical report regarding Ms. Tetz was not
6
7  material so "Mr. Spencer's due process rights were not violated when the state failed to

8  disclose the report." *Id.,* at Ex. 15, pp. 2-4. (quote from p. 4).  The Ninth Circuit affirmed this

9  final judgment, concluding the defendants in this case did not withhold material evidence in

10  violation of *Brady. Id.,* at Ex. 16, p. 2.

11      In summary, both state and federal courts have entered final judgments on three issues

12
Mr. Spencer improperly seeks to re-litigate:  (1) there was probable cause for Mr. Spencer's
13
14  arrest; (2) Sergeant Davidson did not unconstitutionally coerce Mr. Spencer to plead guilty;

15  and (3) the children's medical reports and the King County prosecutor's opinion were not

16  unconstitutionally withheld from Mr. Spencer contrary to *Brady.*   Mr. Spencer received full

17  and fair hearings on these issues.  Thus, he is now collaterally estopped from re-litigating

18  these three central issues in this lawsuit, warranting dismissal of his damage claims.

19
                **D. Alternatively, Defendant Davidson Is Entitled to Qualified Immunity**
20
21      Qualified immunity also justifies dismissal of Mr. Spencer's § 1983 claims against

22  Sergeant Davidson.  Police officers are entitled to qualified immunity from § 1983 claims

23  when (1) no federal constitutional right has been violated, or (2) even if a violation is

24  established, the right was not clearly established at the time of the challenged conduct

25  sufficient to make a reasonable officer aware that he was violating the right.  *Devereaux v.*

26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                    - 19 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

*Abbey,* 263 F.3d 1070, 1074 (9th Cir. 2001).   This immunity provides "ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant,* 502 U.S. 224, 229 (1991).   Qualified immunity shields Sergeant Davidson from plaintiffs' damage action because a reasonable officer could have believed his conduct was lawful in light of settled law in 1985.

### 1.   Qualified immunity based on probable cause

Police officers are entitled to qualified immunity for alleged Fourth and Fourteenth Amendment claims when a reasonable officer could have believed probable cause existed to arrest. *Hunter,* 502 U.S. at 230.   Probable cause exists when police have knowledge based on reasonably trustworthy information that the person arrested committed a criminal offense. *Cunningham v. City of Wenatchee,* 345 F.3d 802, 811 (9th Cir. 2003), *cert. denied,* 541 U.S. 1010 (2004).   Child disclosures of sexual abuse standing alone are sufficient to establish probable cause. *Doggett v. Perez,* 348 F.Supp.2d 1198, 1204 (E.D. Wash. 2004).[1]

Before Mr. Spencer's arrest, the police received detailed disclosures from Ms. Tetz and Matthew Hansen implicating Mr. Spencer, as well as corroborating information from the children's mothers identifying alarming behaviors. Krause Decl. at Exs. 1-3. Also, Sergeant Davidson had verified Mr. Spencer was undisputedly registered at the motel where and when Matthew Hansen reported he was abused, and a television was mounted high on the wall of his motel room as the child described. Freimund Decl. at Ex. 4, p. 4. A reasonable officer would have concluded there was probable cause to arrest, just as a Superior Court Judge

---

[1] RCW 9A.44.020(1) has provided since 1975 that "[i]n order to convict a person of any crime defined in this chapter [including child rape] it shall not be necessary that the testimony of the alleged victim be corroborated."

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION            - 20 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

concluded this information established probable cause when issuing a facially valid warrant for Mr. Spencer's arrest. *Id.,* at Ex. 5.

Arresting officers are also entitled to qualified immunity for executing facially valid arrest warrants. *Smith v. Almada,* 640 F.3d 931, 937 (9th Cir. 2011). Moreover, the prosecutor's exercise of independent judgment in deciding to file charges immunizes investigating officers. *Newman v. County of Orange,* 457 F.3d 991, 993-94 (9th Cir. 2006), *cert. denied,* 549 U.S. 1253 (2007). Accordingly, for any or all of these reasons, Sergeant Davidson is entitled to qualified immunity from all claims based on an alleged lack of probable cause to arrest and prosecute Mr. Spencer.

### 2. Qualified immunity for alleged deliberate fabrication of evidence

"[T]here is no constitutional due process right to have child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way." *Devereaux,* 263 F.3d at 1075. "Consequently, an allegation that an interviewer disbelieved an initial denial and continued with aggressive questioning of the child cannot, without more, support a deliberate-fabrication-of-evidence claim...."[2] *Id.,* at 1077. Coercive interrogation that does not undermine a suspect's free will is constitutional, too. *Cunningham,* 345 F.3d at 310-11. To withstand summary judgment, plaintiffs "must, <u>at a minimum,</u> point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation ... despite the fact they knew or should have known he was innocent; or (2) Defendants used investigative techniques that were so coercive and

---

[2] "It is common for sex abuse victims to suppress memories of the assault or deny that it happened." *Cunningham,* 345 F.3d at 812.

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

abusive that they knew or should have known those techniques would yield false information." *Id.,* at 1076 (emphasis in original).

Plaintiffs can not prove Sergeant Davidson should have known Mr. Spencer was innocent, or personally used investigative techniques he should have known would yield false information. Even if plaintiffs could prove Sergeant Davidson personally used "aggressive or manipulative" questioning of children, did not believe initial denials of abuse, had an "animus and preconception" against Mr. Spencer, and withheld exculpatory evidence, none of these allegations, even when taken together, would have been sufficient for a reasonable officer to conclude in 1985 that Sergeant Davidson was violating Mr. Spencer's rights by deliberately fabricating false evidence. *See Devereaux,* 263 F.3d at 1076-79. Sergeant Davidson's limited role in Mr. Spencer's arrest and prosecution was founded on a reasonable belief that Mr. Spencer had sexually abused his children. *See also* Freimund Decl. at Ex. 8, p. 41 (sentencing Judge's conclusion the beyond reasonable doubt standard was met). Therefore, as was similarly held in *Devereaux, Gausvik, Cunningham* and *Doggett,* Sergeant Davidson is entitled to qualified immunity for alleged deliberate fabrication of evidence.

### 3. Qualified immunity for alleged *Brady* violation

Even if a reasonable officer would have known in 1985 that a supervising officer owed a duty to disclose material exculpatory evidence during the pre-trial phase, plaintiffs are unable to prove a reasonable officer would have known the alleged exculpatory evidence was material. *See Smith,* 640 F.3d at 939-40 (summary judgment appropriate if *Brady* violation did not involve material evidence). As outlined above, plaintiffs are estopped from claiming the two children's medical reports (one of which defendants did not possess) and the King

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION          - 22 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

County prosecutor's opinion were material.  Even if not estopped, the reasons that led state and federal judges to conclude these documents were immaterial would lead reasonable officers in 1985 to the same conclusion.  Thus, Sergeant Davidson is entitled to qualified immunity for alleged failure to disclose exculpatory evidence.

### E.  Mr. Spencer Is Unable to Prove a Conspiracy

"A conspiracy in violation of § 1983 requires proof of: (1) an agreement between the defendants to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) a constitutional violation." *Gausvik*, 239 F.Supp.2d at 1104.  There is no admissible evidence Sergeant Davidson entered into an "agreement" with other defendants to violate Mr. Spencer's constitutional rights, which all defendants deny.  For reasons set forth above, there also is no evidence Sergeant Davidson violated Mr. Spencer's constitutional rights.  Therefore, Mr. Spencer's conspiracy claim should be dismissed on the merits.

### E.  Sergeant Davidson Did Not Proximately Cause the Alleged Damage

Mr. Spencer must prove Sergeant Davidson factually and legally caused a deprivation of his constitutional rights. *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981).  There is no vicarious or supervisory liability under § 1983. *Doggett,* 348 F.Supp.2d at 1185.

Sergeant Davidson's personal participation in Mr. Spencer's arrest and prosecution consisted of four activities.  First, Sergeant Davidson accurately verified Mr. Spencer was registered at the motel during the time Matthew Hansen reported he was abused.  Freimund Decl. at Ex. 3, p. 4.  Second, he was one of the arresting officers who executed the Court-ordered arrest warrant. Dkt. 1, p. 18, ¶ 113; Freimund Decl. at Ex. 5.  Third, he participated in Mr. Spencer's post-arrest interview during which Mr. Spencer said, among other

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                    - 23 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1  incriminating statements, "I must have done it if Little Matt said I did ...." Krause Decl. at

2  Ex. 4, p. 3. Finally, he allegedly attempted to coerce Mr. Spencer to plead guilty during jail

3  visits to further a romance with Shirley Spencer (which is denied).

4  Mr. Spencer is unable to prove that, but for Sergeant Davidson's alleged acts or

5  omissions, he would not have been arrested, prosecuted and convicted. *See Osborn v. Butler,*

6  712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010) (causation is lacking under § 1983 absent

7  evidence the defendant directed the outcome of the prosecution). The injury complained of is

8  imprisonment by court order. In such cases, "the order of the court would be the proximate

9  cause and the various preliminary steps [prior to sentencing] would be remote causes...." *Id.*

10 Additionally, or alternatively, "the prosecutor's independent decision can be a superseding or

11 intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials

12

13 who made an arrest or procured a prosecution." *McSherry v. City of Long Beach,* 584 F.3d

14 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010). As was similarly held in

15 *McSherry,* there is no evidence the prosecutor's independent decisions were influenced by

16

17 anything Sergeant Davidson did or did not do, other than reliance on Sergeant Davidson's

18 undisputedly accurate verification that Mr. Spencer was at the motel during the time Matt

19 Hansen said he was abused there. Mr. Spencer is thus unable to prove Sergeant Davidson's

20 alleged conduct was the factual and legal cause of his injury or damage.

21

22 ## IV.  CONCLUSION

23 Based on the foregoing reasons, as well as the reasons and evidence set forth in the co-

24 defendants' summary judgment motions, Sergeant Davidson is entitled to summary judgment

25 dismissing all claims alleged against him with prejudice.

26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                    - 24 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1

RESPECTFULLY SUBMITTED this 23rd day of May, 2012.

2

3

4

5

6

s/ Jeffrey A. O. Freimund
JEFFREY A. O. FREIMUND, WSBA No. 17384
Freimund Jackson Tardif & Benedict Garratt, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98502
Telephone: (360) 534-9960
Fax: (360) 534-9959
jeffF@fjtlaw.com
Attorney for Defendant Michael Davidson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION                    - 25 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1

## CERTIFICATE OF SERVICE

2

3

4

     I hereby certify that on May 23, 2012, I caused to be electronically filed Defendant Davidson's Summary Judgment Motion, Declaration of Sharon Krause with Exhibits 1-6, and Declaration of Jeffrey Freimund with Exhibits 1-26 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

5

6

7

8

9

10

11

12

13

14

15

Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiffs Clyde Ray Spencer,
     Matthew Ray Spencer, and Kathryn E. Tetz
     dhjohnson43@aol.com
Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiffs Clyde Ray Spencer,
     Matthew Ray Spencer, and Kathryn E. Tetz
     kathleen.zellner@gmail.com
Daniel T. Davies, Attorney for Plaintiffs Clyde Ray Spencer, Matthew Ray Spencer,
     and Kathryn E. Tetz
     dandavies@dwt.com
Daniel J. Judge, Attorney for Defendant James M. Peters
     danielj@atg.wa.gov
Patricia C. Fetterly, Attorney for Defendant James M. Peters
     Patriciaf1@atg.wa.gov
Bernard F. Veljacic, Attorney for Defendants Clark County Prosecutor's Office; Clark
     County Sheriff's Office, & Clark Co.
     Bernard.Veljacic@clark.wa.gov
William H. Dunn, Attorney for Defendant Shirley Spencer
     dunnwh@pacifier.com
Gary Western, Attorney for Defendant Shirley Spencer
     western@wscd.com
Guy Bogdanovich, Attorney for Defendant Sharon Krause
     gbogdanovich@lldkb.com

16

17

18

19

20

21

22

23

                 s/Janice Flaherty
                 JANICE FLAHERTY
                 Legal Assistant to
                 JEFFREY A. O. FREIMUND, WSBA No. 17384
                 Freimund Jackson Tardif & Benedict Garratt, PLLC
                 711 Capitol Way South, Suite 602
                 Olympia, WA 98502
                 Telephone: (360) 534-9960
                 Fax: (360) 534-9959
                 jeffF@fjtlaw.com
                 Attorney for Defendant Michael Davidson

24

25

26

DEFENDANT DAVIDSON'S SUMMARY
JUDGMENT MOTION        - 26 -
No. C11-5424-BHS

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959