# EXHIBIT 10

FILED
COURT OF APPEALS

88 AUG 16 PM 4:06

STATE OF WASHINGTON
BY_____
         DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of | No. 11798-3-II |
| CLYDE RAY SPENCER, | ORDER DISMISSING PETITION |
| Petitioner. | |

Clyde Ray Spencer seeks relief from confinement imposed for his Clark County convictions on multiple sexual offenses. Petitioner claims that (1) his guilty plea was not voluntarily, knowingly, and intelligently made, and (2) he was denied effective assistance of counsel.

On May 16, 1985, petitioner entered a Newton plea to 11 counts of sexual offenses involving his son, daughter, and stepson. He had been charged with 16 counts; five of the counts were dismissed pursuant to a plea bargain. Petitioner did not admit that he had committed any of the offenses, however, he had reviewed the State's evidence and believed that it was sufficient to prove that he was guilty of the offenses. Petitioner claimed that he could not remember the crimes.

Almost one year later, on May 21, 1986, petitioner moved for an order to show cause why his judgment and sentence should not be vacated. He argued that his plea was not a knowing and voluntary act and was not freely made. Petitioner sought

EXHIBIT 9

to vacate the judgment CR 60(b)(1), (4), and (11). He claimed that his plea was coerced by pressure from a sheriff and, that the plea was involuntary because he was under the influence of psychotropic and narcotic drugs. The trial court denied petitioner's motion.

(1) Petitioner now seeks to withdraw his plea. A guilty plea can be withdrawn only to correct a manifest injustice. CrR 4.2(f). The injustice must be obvious and directly observable and not obscure. State v. Taylor, 83 Wn.2d 594 (1974). Petitioner claims his plea is invalid on several grounds.

First, he contends that his plea was not voluntarily, knowingly, and intelligently entered because he was under the influence of drugs. Petitioner presents documents which establish that he was taking anti-depressants at the time of his plea. Nevertheless, petitioner's claim lacks merit. He was examined by two psychiatrists and found to be competent to stand trial. The record indicates that he was able to follow the proceedings without difficulty and to respond to the court's inquiries intelligently. He acknowledged that he had reviewed the plea statement and the amended information with his counsel, that he understood it, and the information contained in the statement he had signed. In light of this evidence, petitioner's bare allegations of drug-induced incompetence cannot prevail. The trial court is vested with broad discretion in judging the mental competency of every defendant to plead guilty and may make its determination from many things, including defendant's appearance, demeanor, conduct, personal and family history, past behavior, medical and psychiatric reports, and the statements of counsel. State v. Osbourne, 102 Wn.2d 87, 98 (1984); State v. Loux, 24 Wn. App. 545, 548 (1979).

Furthermore, a claim that a guilty plea was rendered involuntary because of medication is a suspect claim when there are acknowledged tactical reasons for pleading guilty. State v. Hystad, 36 Wn. App. 42, 45 (1983). Petitioner pleaded pursuant to a plea agreement. Five charges against him were dismissed. Petitioner acknowledged that he had no defenses to the charges against him. The dismissal of charges and the lack of a defense are tactical reasons for entry of petitioner's plea.

Petitioner next claims that his plea should be withdrawn because the plea was not voluntary but was coerced. Petitioner asserts, without support in the record, that a sheriff persistently pressured petitioner to enter a plea.

Coercion may render a plea involuntary, however, a defendant has a heavy burden of showing that his plea was coerced. A defendant challenging his plea must overcome the weighty presumption of validity where he previously admitted in open court that his plea was made without promise or threat and where there are other apparent reasons for pleading guilty. State v. Frederick, 100 Wn.2d 550, 556 (1983). Here, petitioner admitted by oral and written statement in open court that his plea was freely and voluntarily made without threat or promise. Petitioner's own statements, the benefit of his plea agreement, and the lack of a defense outweigh petitioner's assertion that his plea was coerced.

Petitioner also claims that his plea was invalid because the prosecutor failed to disclose evidence which was favorable to petitioner's case. The evidence petitioner refers to consists of a King County deputy prosecutor's opinion that the case lacked sufficient legal merit to prosecute and a physical examination of the child victims. The later information is not

-3-

included in the record.

The prosecutor has a duty to disclose exculpatory material to the defense. State v. Bebb, 44 Wn. App. 803, 817 (1986); CrR 4.7(a)(3). Breach of this duty, however, does not amount to constitutional error unless "[t]here is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." State v. Bebb, 44 Wn. App. at 817. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. The possibility that an item of undisclosed evidence might have helped the defense or effected the outcome of the trial is not sufficient. State v. Mak, 105 Wn.2d at 704-05.

The prosecutor here did not breach a duty. Even if he did, any breach would not render petitioner's plea invalid. A conclusion of a prosecuting attorney in another county is not binding. Furthermore, the King County report was written months prior to petitioner's plea and seems to be based on only part of the evidence eventually gathered by the Clark County prosecutor. The revelation of the report would not change the outcome of proceedings against petitioner. Likewise, the alleged physical exams on the child victims would not change the result of petitioner's case. The exams apparently revealed little evidence of vaginal penetration. Vaginal penetration need not be proved as an element of the charges against petitioner. Petitioner's claim against the prosecutor lacks merits.

Petitioner also asserts that his plea was in violation of his right against self-incrimination. The record amply disproves this assertion. Petitioner was fully advised of his constitutional rights before entering his plea.

(2) Petitioner claims that he was denied effective

-4-

assistance of counsel. Petitioner cites 15 instances of his trial counsel's omissions. The test for ineffective assistance of counsel is whether (a) counsel's assistance fell below an objective standard of reasonableness, and (b) whether the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 80 L.Ed 2d 674, 104 S. Ct. 2052 (1984); State v. Sardinia, 42 Wn. App. 533, 540 (1986). In a plea bargaining situation, effective assistance of counsel requires only that counsel "actually and substantially [assist] his client in deciding whether to plead guilty." State v. Osborne 102 Wn.2d 87, 99 (1984), quoting State v. Cameron, 30 Wn. App. 229, 232 (1981).

Petitioner's main complaints about counsel's performance are that counsel failed to investigate the case and prepare a defense and that counsel failed to inform the court that petitioner was under the influence of drugs. Petitioner admitted to the trial court that the evidence presented could convince a jury of his guilt. He also admitted that he had no defense to the charges. Now he claims that his conduct after his arrest, including his willingness to undergo a polygraph examination, hypnosis, and a sodium amytal interview, are inconsistent with guilt. Such conduct, however, does not a strong defense make.

The record discloses that counsel did investigate the case and interview witnesses. Two psychiatrists were retained to examine petitioner. Through all of this, however, a convincing defense could not be established. Counsel's performance was not deficient. Counsel did assist petitioner in deciding whether to plead guilty. Counsel's assistance, although not successful in obtaining an acquittal, was

-5-

effective. Accordingly, it is hereby

ORDERED that this petition is dismissed.

DATED this __16__ day of August, 1988.

_____
Chief Judge

cc: Clyde Ray Spencer
    Arthur D. Curtis