# EXHIBIT 11



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Matter of the )
Personal Restraint Petition )
of )   No. 12735-1-II
 )
CLYDE RAY SPENCER, )   ORDER DISMISSING PETITION
 )
           Petitioner. )

Clyde Ray Spencer seeks relief from personal restraint imposed upon him pursuant to his 1985 Clark County pleas to 11 counts of felony sexual offenses. Two of the charges were committed prior to the Sentencing Reform Act and the remaining nine charges were sentenced under the SRA. The pre-SRA charges, upon which petitioner received consecutive maximum life sentences, were imposed consecutive to the SRA charges. Petitioner received concurrent standard range sentences of 171 months on the SRA charges.

Petitioner asserts that (1) his sentence does not reflect an individualized assessment of his culpability as opposed to a mechanistic application of a given sentence to a given category of crime; (2) he was entitled to a trial before a judge who was not biased against him; (3) a presentence report should have been employed so the trial judge could evaluate the information contained therein to exercise meaningful sentencing discretion; and (4) his due process rights were violated by the "mechanical

formulas" and "narrow ranges in the SRA sentencing guidelines."

(1) Petitioner's first claim fails. Petitioner received a sentence with the standard range on the nine SRA counts. That sentence is not subject to appeal. RCW 9.94A.210. Petitioner's maximum life sentence on the two pre-SRA counts is mandated by statute. RCW 9.95.010. Petitioner does not demonstrate any basis for relief. In re Hews, 99 Wn.2d 80, 88 (1983).

(2) Petitioner was sentenced within the standard SRA range or according to statutory mandate. Petitioner's assertion of prejudice, bias, ill-will and abuse of discretion is a bare assertion and will not be considered. See State v. Brune, 45 Wn. App. 354, 363 (1986).

(3) This claim also fails. The record clearly demonstrates that petitioner, through his attorney, waived a pre-sentence report. Additionally, the court addressed petitioner:

> THE COURT: Do you feel a presentence report would present any facts that might mitigate or aid you in the decision that I will have to make at the time of sentencing?
> MR. SPENCER: No, sir.

(4) This claim is without merit. The Sentencing Reform Act is constitutional. State v. Ammons, 105 Wn.2d 175 (1986).

Petitioner has failed to demonstrate actual prejudice arising from an error of constitutional magnitude. In re Hews, 99 Wn.2d at 88. The petition is frivolous. Accordingly, it is hereby

ORDERED that this petition is dismissed.

DATED this 28 day of September, 1989.

_____
Chief Judge

cc: Clyde Ray Spencer
    Arthur D. Curtis