# EXHIBIT 12

# THE SUPREME COURT OF WASHINGTON

In re the Personal Restraint   )
Petition of                    )
                               )
CLYDE RAY SPENCER,             )
                               )
                 Petitioner.   )
_____)

NO.   5 6 5 7 2 - 4

RULING DENYING MOTION FOR
DISCRETIONARY REVIEW

     In this personal restraint proceeding, Clyde Ray Spencer challenges the sentence he received following his 1985 guilty pleas to 11 sex offenses.  The Chief Judge of Division Two of the Court of Appeals dismissed Mr. Spencer's petition in a ruling dated September 28, 1989. ·Mr. Spencer now moves for discretionary review by this court.   RAP 16.14(c).

     As the Chief Judge observed, the trial court fixed Mr. Spencer's terms for his post-Sentencing Reform Act crimes within the standard range, and his life terms on the two pre-SRA counts were mandated by RCW 9.95.010.   A standard range term is not subject to appeal.   RCW 9.94A.210.   Mr. Spencer contends that he may nevertheless challenge his sentence on the ground that the trial court applied a "mechanistic" approach to sentencing which did not allow for consideration of his individual characteristics.

     The rule upon which Mr. Spencer relies applied in the federal courts in cases arising prior to the adoption of the

197/75

No. 56572-4

federal Sentencing Reform Act of 1986. See United States v. Barker, 771 F.2d 1362, 1364 (9th Cir. 1985). Even if that rule were applicable to sentences imposed under RCW 9.94A, which is doubtful, Mr. Spencer's sentence does not in fact reflect "a mechanistic application of a given sentence to a given category of crime." Barker, at 1365. The trial court simply explained that it imposes the maximum term in those child sex abuse cases in which the defendant denies responsibility and is therefore not treatable. This approach considers both the nature of the crime and the defendant's pertinent individual characteristics and corresponding danger to the community.

The Chief Judge therefore did not err in declining to consider Mr. Spencer's challenge to his standard range terms. The Chief Judge's ruling adequately addresses Mr. Spencer's remaining claims as well.

In short, Mr. Spencer has not shown that review is merited under RAP 13.5(b). The motion for discretionary review is therefore denied.

DATED at Olympia, Washington, November 30, 1989.

_____
COMMISSIONER