# EXHIBIT 15

AO 450 (Rev. 5/85) (Mod. 10/93) Judgment in a Civil Case o

*FILED*
*RECEIVED LODGED*
*SEP 26 1996*
*CLERK U.S. DISTRICT COURT*
*WESTERN DISTRICT OF WASHINGTON AT TACOMA*
*DEPUTY*

ENTERED ON DOCKET
SEP 27 1996
By Deputy

# United States District Court
## WESTERN DISTRICT OF WASHINGTON

CLYDE RAYMOND SPENCER,　　　　　JUDGMENT IN A CIVIL CASE
　　　v.
JOSEPH KLAUSER, Warden, Idaho
State Istitution,

CASE NUMBER: C94-5238RJB

[ ✓ ]　Decision by Court. This action came under consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

ORDERED thast the Petition Under 28 U.S.C. §2254 for Writ of *Habeas Corpus* by Person in State Custody is **DENIED**.

_Sept 26, 1996_　　　　　　　　　　　　　　　BRUCE RIFKIN
Date　　　　　　　　　　　　　　　　　　　　Clerk

　　　　　　　　　　　　　　　　　　　　　　_[signature]_
　　　　　　　　　　　　　　　　　　　　　　(By) Deputy Clerk

CERTIFIED TRUE COPY
ATTEST: WILLIAM M. McCOOL
Clerk, U.S. District Court
Western District of Washington
By _[signature]_
　　　　Deputy Clerk

CERTIFIED TRUE COPY
ATTEST: WILLIAM M. McCOOL
Clerk, U.S. District Court
Western District of Washington
By _____ Mary Ven_____ Deputy Clerk

ENTERED ON DOCKET
SEP 27 1996
By Deputy

FILED _____ LODGED _____ RECEIVED
SEP 25 1996
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAYMOND SPENCER,

Petitioner,

v.

JOSEPH KLAUSER, Warden, Idaho State Institution,

Respondent.

Case No. C94-5238RJB

ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER comes before the court on consideration of Mr. Spencer's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody. The court has considered the motion, documents filed in support and in opposition, the evidence presented at the evidentiary hearing, and the file herein.

Statement of Facts

On December 23, 1994, the court denied petitioner's motion on the merits without an evidentiary hearing. Docket #23. The Ninth Circuit Court of Appeals reversed in part and remanded for an evidentiary hearing to determine: (1) whether Mr. Spencer was competent to enter a guilty plea, and (2) whether the childrens' medical reports were "material," under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995)? Docket #33.

ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 1

On remand, the court held an evidentiary hearing, and at the conclusion of the hearing, the court orally ruled and found that Mr. Spencer was competent to enter a guilty plea, and that the state was not obliged to disclose Matthew Hansen's medical report because the state never possessed or controlled this report. The court found that the Clark County Sheriff's Office had Kathryn Spencer's medical report, and that as of January 25, 1985, the sheriff's office had an obligation, based on the omnibus order, which was entered as a result of Mr. Spencer's counsel's request for discovery, to make the report available to Mr. Spencer's attorney. The court found that the sheriff's office did not make the report available to the prosecutor and did not make the report available to Mr. Spencer's attorney.

The court reserved the issues of whether Kathryn Spencer's medical report was material, or whether the state violated Mr. Spencer's due process rights when the medical report was not disclosed to Mr. Spencer before his guilty plea.

On May 16, 1985, Mr. Spencer pled guilty to seven counts of Statutory Rape in the First Degree and four counts of Complicity to Statutory Rape in the First Degree. Docket # 50, Ex. E. The charges did not specify vaginal penetration, *id.*, and vaginal penetration is not a necessary element for any of the charges. *See* Wash. Rev. Code §§ 9A.44.010(1), 9A.44.070 (1979) (amended 1986) (repealed by Laws 1988, ch. 145, § 24, eff. July 1, 1988). Mr. Spencer did not admit to vaginal penetration of Kathryn Spencer. Docket #50, Ex. E, page 10-15 (Rep. Tr. of Change of Plea dated May 16, 1985).

On August 30, 1984, Dr. Magee prepared a medical report on Kathryn Spencer, who was then five years old. Docket #50, Ex. D. Dr. Magee examined Kathryn Spencer, and on her report wrote: "Pelvic" and underneath that notation, Dr. Magee listed "no erythema," "hymen intact," "no lacerations," and "no swelling." *Id.* Next to a line typed "FINDINGS" Dr. Magee wrote: "Pelvic within normal limits." *Id.* Kathryn Spencer's medical report does not specifically describe the quality of Kathryn's hymen, the report does not indicate that an internal vaginal examination was performed and does not contain any information on the condition of the insides of Kathryn's vagina, and the report does not describe the condition of Kathryn's mouth, anus, or rectum. Docket #50, Ex. D

ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 2

1  Kathryn Spencer's pre-trial statements and demonstrations with "anatomically correct" dolls
2  may be interpreted to indicate full vaginal penetration. However, because of the nature of Kathryn
3  Spencer's statements and demonstrations, it is unlikely, or highly questionable, that she was
4  describing full vaginal penetration. If, at trial, Kathryn Spencer had described full vaginal penetration,
5  the defense might have used the medical report to attack her credibility.

6  Even if Kathryn Spencer did describe full vaginal penetration, and even if the defense
7  successfully attacked her credibility on this issue because of the medical report, the report would not
8  negate the acts of abuse charged. The evidence known to Mr. Spencer at the time of his guilty plea
9  was overwhelming and was corroborated by other child victims. That evidence described substantial
10 acts of sex abuse as charged. Finally, the absence of physical symptoms does not conclusively
11 indicate a lack of full vaginal penetration and is not exculpatory as to Mr. Spencer's guilt of those
12 crimes to which he plead guilty.

13                                   Discussion

14 The prosecution must disclose only evidence that is both favorable to the accused and
15 "material either to guilt or to punishment." *United States v. Bagley*, 473 U.S. 667, 674 (1985) (citing
16 *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). In the context of a guilty plea, evidence is material if
17 "there is a reasonable probability that but for the failure to disclose the *Brady* material, the defendant
18 would have refused to plead and would have gone to trial." *Sanchez v. United States*, 50 F.3d 1448,
19 1454 (9th Cir. 1995). The test for whether the defendant would have chosen to go to trial if he had
20 received the *Brady* material is an objective one that centers on the "likely persuasiveness of the
21 withheld information." *Id.* at 1454.

22 Applying the objective *Sanchez* test to Mr. Spencer's guilty plea, the questions are whether
23 Kathryn Spencer's medical report was likely to persuade the trier of fact that Mr. Spencer was not
24 guilty of the crimes charged, and, if so, whether the report was sufficiently persuasive that Mr.
25 Spencer would have refused to plead and would have gone to trial?

26 Mr. Spencer plead guilty to seven counts of Statutory Rape in the First Degree and four
27 counts of Complicity to Statutory Rape in the First Degree. Docket # 50, Ex. E. The charges did not
28 ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 3

1 specify vaginal penetration, and Mr. Spencer did not admit to vaginal penetration of Kathryn Spencer, *id.* at page 10-15 (Rep. Tr. of Change of Plea dated May 16, 1985). Vaginal penetration is not a required element of Statutory Rape in the First Degree. *See* Wash. Rev. Code §§ 9A.44.010(1), 9A.44.070 (1979) (amended 1986) (repealed by Laws 1988, ch. 145, § 24, eff. July 1, 1988).

The only value that Kathryn Spencer's medical report might have had would be to attack Kathryn Spencer's credibility at trial. However, Kathryn Spencer's credibility regarding whether Mr. Spencer fully penetrated her vagina was not at issue when Mr. Spencer entered his guilty plea. The information known to Mr. Spencer at the time of his guilty plea was overwhelming and corroborated by other witnesses that there were substantial acts of sex abuse as charged. Because of the nature of Kathryn Spencer's known statements, it is unlikely, or highly questionable, that she was describing full vaginal penetration.

Even if Kathryn Spencer did describe full vaginal penetration, and even if the defense successfully attacked her credibility on this issue because of the medical report, the report would not negate the other acts of abuse charged. Finally, the absence of physical symptoms does not conclusively indicate a lack of full vaginal penetration and is certainly inconclusive as to Mr. Spencer's guilt of those crimes that he plead guilty to.

All things considered, it is probable that if Mr. Spencer had Kathryn Spencer's medical report, it would not have been sufficiently exculpatory or persuasive to cause him to refuse to plead guilty and to go to trial. Kathryn Spencer's medical report was not likely to persuade the trier of fact that Mr. Spencer was not guilty of the crimes charged.

### Conclusions of Law

Based on *Bagley*, the objective test from *Sanchez*, and the facts above, Kathryn Spencer's medical report was not material, and Mr. Spencer's due process rights were not violated when the state failed to disclose the report.

ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 4

## Order

For the foregoing reasons, it is now

**ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by Person in State Custody is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25 day of Sept, 19 96

Robert J. Bryan
United States District Judge

ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 5