# EXHIBIT 16

JUDGMENT
===========================================================================

ENTERED ON

DEC 0 4 1997

BY DEPUTY

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 96-36139
CT/AG#: CV-94-05238-RJB

CLYDE RAYMOND SPENCER

        Petitioner - Appellant

v.

JOSEPH KLAUSER; CHRISTINE O. GREGOIRE

        Respondents - Appellees



FILED     LODGED
        RECEIVED

DEC 0 4 1997

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY              DEPUTY

CLC

RJB JLH

-----------------------

    APPEAL FROM the United States District Court for the
Western District of Washington (Tacoma) .

    THIS CAUSE came on to be heard on the Transcript of the
Record from the United States District Court for the
Western District of Washington (Tacoma)
and was duly submitted.

    ON CONSIDERATION WHEREOF, It is now here ordered and
adjudged by this Court, that the judgment of the said
District Court in this cause be, and hereby is AFFIRMED.

Filed and entered  October 30, 1997

CERTIFIED TRUE COPY
ATTEST: WILLIAM M. McCOOL
Clerk, U.S. District Court
Western District of Washington

By _____
              Deputy Clerk



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 1 1997

by: _____
    Deputy Clerk

102

FILED

FILED
RECEIVED

DEC 04 1997

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 1997

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

CLYDE RAY SPENCER,

    Plaintiff-Appellant,

       v.

JOSEPH KLAUSER, CHRISTINE O.
GREGOIRE,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

NO.  96-36139

D.C. NO.  CV-94-5238-RJB

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted October 6, 1997
Seattle, Washington

BEFORE:  WRIGHT, FERGUSON, TROTT, Circuit Judges.

In 1985, Clyde Ray Spencer pled guilty to seven counts
of Statutory Rape in the First Degree and four counts of
Complicity to Statutory Rape in the First Degree.  Spencer
received two consecutive sentences of life imprisonment and nine
concurrent 171-month sentences.  In 1994, Spencer filed a petition
for writ of habeas corpus under 28 U.S.C. § 2254, which was
denied.  He then appealed and another panel reversed in part and

---

\*    This disposition is not appropriate for publication  and  may
not  be  cited  to  or  by  the  courts  of this Circuit except as
provided by 9th Cir. R. 36-3.

remanded for an evidentiary hearing to determine: 1) whether the
prosecution had withheld material evidence, and 2) whether Spencer
had been competent to plead guilty.  On remand, the district court
held that no material evidence had been withheld and that Spencer
had been competent to plead guilty.  Spencer now appeals from the
district court on these two issues.  We affirm.

We review a district court's decision to grant or deny a
§ 2254 habeas petition de novo.  Martinez-Villareal v. Lewis, 80
F.3d 1301, 1305 (9th Cir. 1996); Calderon v. Prunty, 59 F.3d 1005,
1008 (9th Cir. 1995); Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.
1995).

Spencer has failed to show that the evidence withheld at
his trial was material to his defense.  There is no reasonable
probability that production of the medical reports of these two
victims would have caused Spencer to choose to go to trial rather
than to plead guilty.  See Brady v. Maryland, 373 U.S. 83, 87
(1963); Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir.
1995).

In Sanchez, we stated: "[t]he test for whether the
defendant would have chosen to go to trial is an objective one
that centers on 'the likely persuasiveness of the withheld
information.'"  Sanchez, 50 F.3d at 1454 (quoting Miller v.
Angliker, 848 F.2d 1312, 1322 (2nd Cir. 1988)).  Expert testimony
regarding the flaws and limited exculpatory value of the medical
reports demonstrated that the withheld information would not have
been persuasive at trial.  Spencer's subjective claim that he
would have gone to trial had he been apprised of the medical
reports fails to establish materiality under Sanchez.

2

Spencer has established that at the time of his guilty plea he suffered from severe depression and was taking a variety of prescription medications, each of which can have negative side-effects.  However, Spencer has not presented substantial evidence of his incompetence.  <u>United States v. Lewis</u>, 991 F.2d 524 (9th Cir. 1993).  For the reasons stated above, WE AFFIRM.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 1 1997

by: Deputy Clerk

3