# EXHIBIT 18

## CONDITIONAL COMMUTATION
## OF
## CLYDE RAY SPENCER

To All To Whom These Presents Shall Come, Greetings:

WHEREAS, Clyde Ray Spencer served in the United States Air Force before joining the police department in Vancouver, Washington in 1979. In 1985, he was charged with 11 counts of statutory rape in the first degree of his two biological children and one stepchild. He entered an *Alford* plea, maintaining his innocence while acknowledging sufficient evidence existed to find him guilty. Given that the crimes for which he was convicted took place over a period of years, some of his convictions are pre-Sentencing Reform Act (SRA) and others are post-SRA. Specifically, he received an indeterminate sentence of two concurrent life sentences with parole for the two earliest convictions to run consecutive to a separate 171 month determinate sentence for the remaining nine counts; and

WHEREAS, there were a number of troubling aspects of the investigation. Clark County authorities withheld the fact that, despite the allegations of severe, repeated sexual abuse of the children, medical reports showed no sign of physical abuse. While the children recounted that Mr. Spencer had taken photographs of the abuse, no photos were ever found. Because Mr. Spencer was a City of Vancouver Police Officer, the Clark County Prosecutor submitted the case to King County Senior Deputy Prosecuting Attorney, Rebecca Roe, a renowned specialist in child sexual abuse cases. Ms. Roe noted significant problems with the case, including the interview techniques used with Mr. Spencer's daughter and resulting inconsistencies in her testimony. Ms. Roe found it "disturbing that she's inconsistent on whether it happened more than once." While denying for eight months that anything had happened, Mr. Spencer's son 9-year-old son began to say that his father abused him after being threatened with a polygraph; and

WHEREAS, another troubling fact in this case is that one of the lead detectives investigating Mr. Spencer's case began having an affair with his wife, Shirley Spencer, during the investigation. After Mr. Spencer's conviction, the detective left his own wife and moved in with Mr. Spencer's wife. This detective was also the supervisor of the primary detective involved in interviewing the children; and

WHEREAS, Mr. Spencer completed his determinate sentence of 171 months in 1994 and continues to serve time for the remaining two life terms. Mr. Spencer appeared before the Indeterminate Sentencing Review Board (ISRB) in 1990, 1992, 1994, 1998 and 2001. At each hearing the Board determined that he was not paroleable because he has not received treatment based on his denial of guilt. He has now served more time than anyone convicted of the same crime under the Sentencing Reform Act; and

WHEREAS, James M. Peters, an Assistant United States Attorney in the District of Idaho, who was a Senior Deputy Prosecuting Attorney for the Clark County Prosecutor's Office at the time that Mr. Spencer was prosecuted submitted a letter to the ISRB prior to a 1998 paroleability

hearing discussing the life sentences. Specifically, "I submit that 'life' in Mr. Spencer's case should be interpreted to mean the high end of whatever the applicable calculation would have been if all the offenses would have taken place under the Sentencing Reform Act. . . . I believe that the combination of an equitable interpretation of the meaning of a 'life' sentence, coupled with mandatory sex offender treatment would achieve the goals of sentencing fairness and community safety"; and

WHEREAS, Mr. Spencer had no criminal history prior to his conviction. He has been an exemplary inmate without disciplinary problems. He has been constantly employed within the institution and taken every opportunity to further his education; and

WHEREAS, 56-year-old Mr. Spencer will have support upon his release. He is remarried to Norma Spencer, a registered nurse, who he has known for over 30 years; and

WHEREAS, I have reviewed all pertinent facts and circumstances surrounding this matter, the unanimous favorable recommendation of the Washington State Clemency and Pardons Board, and in light of the circumstances I have determined that the best interests of justice will be served by this action;

NOW, THEREFORE, I, Gary Locke, by virtue of the power vested in me as Governor of the State of Washington, hereby commute the remainder of the sentence imposed upon Clyde Ray Spencer to a term of community custody, SUBJECT TO THE FOLLOWING CONDITIONS:

Mr. Spencer shall:

1. Serve 36 months of community placement after his release from confinement, reporting regularly to a Community Corrections Officer as directed by the Department of Corrections;
2. Pay a monthly supervision fee as directed by the Community Corrections Officer;
3. Notify the Department of Corrections prior to any changes of address or employment;
4. Remain in the geographic area as directed by the Community Corrections Officer;
5. Not possess, receive, ship, or transport a firearm, ammunition, or explosives;
6. Not possess or use alcohol or possess or use any controlled substances without a prescription;
7. Submit to regular and random urinalysis and breathalyzer testing, as directed by the Community Corrections Officer;
8. Not patronize or frequent businesses or other areas where the sale of intoxicating beverages is a main source of funding;
9. Not have any contact with minors unless approved by the Community Corrections Officer and his certified therapist and unless there is a responsible guardian present at all times;
10. Participate in a sex offender evaluation as directed by the Community Corrections Officer, and follow-up on any recommendations from such evaluation;
11. Participate in weekly sex offender treatment with a certified therapist for a period no less than three years;

12. Submit to regular and random polygraph and plethysmograph examinations, as directed by the Community Corrections Officer and/or his certified therapist;
13. Participate in electronic monitoring, if deemed appropriate by the Community Corrections Officer;
14. Participate in any mental health evaluation as recommended by the Community Corrections Officer, and follow-up on any recommendations from such evaluation; and,
15. Comply with all conditions, recommendations, and instructions of community placement as directed by the Community Corrections Officer.

Violation of any of the above conditions shall result in sanctions as deemed appropriate by the Department of Corrections. PROVIDED, that in the event Mr. Spencer commits any offense classified as a felony or gross misdemeanor in the State of Washington, this Conditional Commutation is revoked and the sentence imposed by the court reinstated without the benefit of sentence reduction credit, whereupon Mr. Spencer shall be immediately returned to the Washington Corrections Center or any such other facility as the Secretary of Corrections deems appropriate. The Department of Corrections shall provide a written report to the Clemency and Pardons Board regarding the violation of any condition of this Conditional Commutation.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of the State of Washington to be affixed at Olympia on this 23rd day of December, A.D. two thousand and four.

_____
Governor of Washington

BY THE GOVERNOR:


_____
Secretary of State