# EXHIBIT 21

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of<br><br>CLYDE R. SPENCER | No. 37229-1-II<br><br>ORDER CLARIFYING REFERENCE HEARING ORDER |

The State requests clarification of the scope and content of the reference hearing to be held in response to our order requiring a reference hearing for the limited purpose of allowing the trial court to hear the testimony of the two recanting witnesses, K.S. and M.S., and for entry and forwarding of the trial court's order following such hearing so that we may conclude our review upon receipt of that order.

In response to the State's six questions, the short answers are as follows:

1. Yes. The testimony is limited to that of K.S. and M.S. *See* original order at 14 ("The superior court is directed to issue findings of fact as to whether these witnesses testify consistent with their sworn affidavits provided by Spencer in support of his personal restraint petition.").

2. No. The State may not use the reference hearing to dispute the content of our reference order.

3. No. The State may not call additional witnesses or experts, nor may it offer documentation from other courts.

4. No. The State may not call additional witnesses. The issue at the reference hearing is whether K.S. and M.S. testify under oath consistently with their sworn statements before us. Our order does not request additional fact finding on other issues. *See* original order at 8-10, 14.

5. No. The State may not attempt to explore or explain any "alleged irregularities" that occurred in the underlying investigation and plea proceedings. *See generally* original

No. 37229-1-II

~~order at 11 (noting State's failure to explain "irregularities" identified by Spencer in its~~ briefing to this court).

6. No. The State may not rely on or argue previous court rulings. We examined state and federal opinions, as well as additional documentation from prior proceedings provided by the parties in reaching the decision to require a reference hearing. *See, e.g.,* original order at 3-4 (citing *Spencer v. Klauser*, 129 F.3d 127, 1997 WL 686029, at *1 (9th Cir. 1997) (unpublished) and *Spencer v. Klauser*, 70 F.3d 1280, 1995 WL 710610 (9th Cir. 1995) (unpublished)).

We continue to direct the superior court "to issue findings of fact as to whether these [recanting] witnesses testify consistent with their sworn affidavits." *See* original order at 14. We amend our previous order to allow the trial court to forward these findings of fact to this court within 120 days of the date of this order clarifying the scope of the reference hearing. RAP 16.12.

Accordingly, it is hereby

**ORDERED** that the superior court hold a reference hearing and forward its findings of fact, a transcript of the reference hearing, any exhibits from the reference hearing, as well as any other record necessary for our review of the reference hearing to this court within 120 days of the date of this order.

DATED this 29th day of April, 2009.

_____
Van Deren, C.J.

We concur:

_____
Houghton, J.

_____
Hunt, J.

2