# EXHIBIT 22

```
                                    FILED
                              2009 JUL 13 PM 3:43
                              Sherry W. Parker, Clerk
                                  Clark County
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR CLARK COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 37229-1-II |
| Respondent, | Superior Court No. 85-1-00007-2 |
| v. | FINDINGS OF FACT ON REFERENCE HEARING |
| CLYDE R. SPENCER, | |
| Appellant. | (Clerk's Action Required) |

THIS MATTER came on regularly for hearing before the undersigned Judge of the above-entitled court on July 10, 2009. The defendant's personal restraint petition was transferred in part to this court by the Court of Appeals, Division II, for a reference hearing. The hearing was conducted pursuant to RAP 16.13, the Order Transferring Petition for a Reference Hearing, dated April 7, 2009, and the Order Clarifying Reference Hearing Order, dated April 29, 2009.

The court considered the testimony of Matthew Ray Spencer and Kathryn Elizabeth Tetz, formerly Kathryn Elizabeth Spencer. The court also considered the records and files herein, and the exhibits and arguments presented by the parties. The State of Washington was represented by and through its deputy prosecuting attorney,

Page 1 of 4 – Findings of Fact on Reference Hearing



Kim Farr. The defendant, Clyde Ray Spencer, was present, and represented by and through his attorney, Peter A. Camiel.

Based upon this review, the court makes the following Findings of Fact:

## FINDINGS OF FACT

1. On February 27, 2006, Matthew Ray Spencer signed a five-page declaration, which was presented to the Court of Appeals in support of Clyde Ray Spencer's personal restraint petition. The declaration was marked as Exhibit 2 during the reference hearing, and admitted without objection. In the declaration, Matthew Ray Spencer recanted allegations that, as a child, he had been sexually abused by his father, Clyde Ray Spencer. Matthew Ray Spencer also denied that his father molested either his sister or step-brother in his presence.

2. On July 10, 2009, Matthew Ray Spencer appeared before the Clark County Superior Court, and was sworn under oath. He testified at the reference hearing, and was subjected to both direct and cross-examination. During his testimony, Matthew Spencer testified consistent with the factual statements made in his sworn declaration. He identified the declaration, and indicated that its contents were true. Although his recollection was not perfect as to the dates and times at which events occurred, none of the factual statements made during his testimony were inconsistent with the declaration of February 27, 2006.

3. On September 14, 2007, Kathryn E. Spencer Tetz signed a two-page declaration, which was presented to the Court of Appeals by defendant Clyde Ray Spencer in support of his personal restraint petition. The declaration was marked as Exhibit 1, during the reference hearing and admitted without objection. In the

declaration, Kathryn E. Spencer Tetz indicated that she could not recall any instances of childhood sexual abuse by her father, Clyde Spencer, against her, or her brother or stepbrother. She believed that she would recall instances of sexual abuse, of the type described in police reports concerning this investigation, if that abuse had actually occurred.

4. On July 10, 2009, Kathryn E. Tetz appeared before the Clark County Superior Court, and was sworn under oath. She testified at the reference hearing, and was subjected to both direct and cross-examination. During her testimony, Kathryn Tetz testified consistent with the factual statements made in her sworn declaration. She identified the declaration, and asserted that its contents were true. None of the factual assertions made during her testimony were inconsistent with the declaration of September 14, 2007.

Having fully complied with the directives of the Court of Appeals, and the reference hearing having been completed, it is hereby ordered as follows:

ORDER

1. The Clerk of the Court shall forward these Findings of Fact, together with a copy of the three exhibits admitted at the reference hearing, to the Court of Appeals, by no later than August 24, 2009.

2. The Clerk of the Court shall forward a copy of these Findings of Fact to each counsel of record in these proceedings. The Court of Appeals has directed, in its order dated April 29, 2009, that a transcript of the reference hearing be prepared. The defendant shall arrange for preparation of the transcript of the reference hearing, and shall cause a copy of the transcript to be filed with the Clerk of the Clark County Superior

Court by no later than August 21, 2009. The clerk shall forward a copy of the transcript to the Court of Appeals by no later than August 24, 2009.

DATED this 13th day of July, 2009.

Judge Robert A. Lewis