**THE HONORABLE BENJAMIN SETTLE**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>Defendants. | NO. C11 5424 BHS<br><br>**DEFENDANT SHARON KRAUSE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:** Friday, June 22, 2012 |

## I. RELIEF REQUESTED

Defendant Sharon Krause moves for summary judgment pursuant to Fed.R.Civ.P. 56, seeking dismissal of all claims against her with prejudice. This motion is based upon (A) the statute of limitations and claim filing statute as to all plaintiffs' state law claims; (B) collateral estoppel precluding re-litigation of Mr. Spencer's federal constitutional claims for false arrest and imprisonment and malicious prosecution due to prior findings of probable cause, the claim of withholding of exculpatory evidence due to prior findings of immateriality of medical reports and a King County Prosecutor's advisory opinion, and the

DEFENDANT SHARON KRAUSE'S MOTION FOR SUMMARY JUDGMENT- 1

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

claim of coercion by defendant Davidson's visits to the jail due to prior findings of immateriality;[1] (C) the absence of a breach of a duty to disclose defendant prosecutor Peter's videotaped interview of the child victim or the King County Deputy Prosecutor's advisory opinion, even if they were deemed to be exculpatory; (D) qualified immunity for all § 1983 claims; (E) inability to prove a conspiracy; and (F) inability to prove Ms. Krause proximately caused the alleged damages.

## II. MATERIAL FACTS AND EVIDENCE RELIED UPON

Ms. Krause relies upon the portion of the statement of "Material Facts" in Defendant Michael Davidson's Summary Judgment Motion at pg. 3, ln. 10 - p. 13, ln. 25, and incorporates the same herein as if fully set forth.

In support of this motion, Ms. Krause relies upon the Declaration of Sharon Krause in Support of Summary Judgment for Defendants, with Exhibits 1-6; the Declaration of Jeffrey Freimund in Support of Summary Judgment for Defendants, with Exhibits 1-26; the Declaration of Shirley Spencer in Support of Motion for Summary Judgment, with Exhibits A-B; the Declaration of Matthew Hansen, with Exhibits A-B; the Declaration of James M. Peters in Support of Defendants' Motion for Summary Judgment, with Exhibits 1-4; the Declaration of Patricia C. Fetterly, with Exhibits A-G, and the Declaration of Tina Redline, with Exhibit A. These pleadings and the authorities and argument below establish that there are no genuine issues of material fact regarding the claims asserted against Ms. Krause, and that she is entitled to dismissal of all claims as a matter of law.

## III. LAW AND ARGUMENT

### A. Plaintiffs' state law claims are barred by statutes of limitations and claim filing statutes.

Plaintiff Ray Spencer alleges state law claims for malicious prosecution, intentional

---

[1] It is unclear, and in fact appears doubtful, whether plaintiffs intended to assert the allegations regarding defendant Davidson's visits to the jail as a basis for liability against Ms. Krause, but to the extent it was their intention, this claim against defendant Davidson will be addressed as part of the collateral estoppel defense asserted by Ms. Krause.

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 2

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

infliction of emotional distress, conspiracy, and defamation. Dkt. 1, pp. 59-65, ¶¶ 350-82. Plaintiffs Matthew Spencer and Kathryn Tetz allege state law claims for loss of consortium. *Id.*, pp. 66-67, ¶¶ 383-94. All of these claims are time-barred as a matter of law by applicable statutes of limitations.[2]

RCW 4.16.080(2) provides a three year limitations period for personal injury actions. RCW 4.16.100(1) provides a two year limitations period for defamation actions.

State law determines when a state law action accrues. *Doggett v. Perez,* 348 F.Supp.2d 1169, 1175 (E.D.Wash. 2004). Personal injury actions ordinarily accrue at the time the challenged act or omission occurs. *Id.* Here, the challenged acts or omissions (other than alleged defamation based upon the August 2010 press release) occurred by no later than 1985 when Mr. Spencer was convicted and sentenced to life imprisonment following his *Alford* plea. *Id.,* at 1176-77.

Accrual of federal § 1983 claims is determined by federal law. *Id.,* at 1173. Under federal law, a § 1983 claim challenging a conviction "does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 489-90 (1994).

Washington has not adopted the federal *Heck* rule for determining accrual of state law claims. *Doggett,* 348 F.Supp.2d at 1176. Under Washington law, causes of action arising out of an arrest or conviction must be commenced within two or three years of the conviction even if the conviction has yet to be invalidated. *Id.,* at 1176-77; *Gausvik v. Abbey,* 126 Wash. App. 868, 879-82, 107 P.3d 98, *review denied,* 155 Wash.2d 1006 (2005) (noting civil actions may be stayed pending the outcome of appeals).

Tolling of the statute of limitation ceased for Mr. Spencer once he was sentenced to life imprisonment in 1985. RCW 4.16.190(1). Similarly, tolling of Ms. Tetz's and Matthew

---

[2] The sole exception is Mr. Spencer's defamation claim to the extent it is based upon an August 2010 press release. Dkt. 1, pp. 40-43, ¶¶ 264-78. This press release was issued 15 years after Ms. Krause's retirement (Krause Dec., p. 2, lns. 1-2), and there is no allegation that she participated in it. Consequently, the 2010 press release claim does not apply to Ms. Krause.

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 3

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Spencer's claims ceased after they each turned 18 years old. *Id.* Ms. Tetz was born in 1979 and turned 18 in 1997; Matthew Spencer was born in 1975 and turned 18 in 1993. Dkt. 1, p. 6, ¶ 31. Thus, all of plaintiffs' state law claims against Ms. Krause were time-barred more than a decade before this lawsuit was filed in 2011.

In addition, none of the plaintiffs filed the statutorily required claim for damages prior to commencing suit. Redline Dec. RCW 4.96.010(1) makes local governmental entities liable for damages arising from their tortious conduct or the tortious conduct of their past or present employees to the same extent as if they were a private person or corporation, and then provides that "[f]iling of a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.020(1) makes the claim filing provisions applicable to claims for damages against all local governmental entities and their employees, while RCW 4.96.020(2) requires that such claims " . . . shall be presented to the agent within the applicable period of limitations within which an action must be commenced." Plaintiffs' failure to file the required pre-suit claims provides an independent ground for dismissal of all of their state law claims against Clark County and all of its involved employees, including Ms. Krause.

**B. Mr. Spencer is collaterally estopped from re-litigating his claims that Ms. Krause violated his constitutional rights by allegedly arresting, prosecuting and imprisoning him without probable cause, allegedly withholding exculpatory medical records and King County Prosecutor's advisory opinion, or by virtue of defendant Davidson's alleged coercion at the jail.**

As summarized in the Material Facts incorporated above, state and federal courts previously issued final judgments on constitutional issues which Mr. Spencer attempts to re-litigate in this action. Collateral estoppel precludes re-litigation of these issues.

"State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990). "Federal law governs the collateral estoppel effect of a case decided

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 4

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

by a federal court." *Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir. 1996), *cert. denied,* 520 U.S. 1117 (1997).

The collateral estoppel elements are substantially similar under federal and Washington law. The federal collateral estoppel doctrine has three elements: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Trevino,* 99 F.3d at 923. Washington's collateral estoppel doctrine has four elements: "(1) the issue in the prior adjudication is identical to the issue presented in the second adjudication; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." *Gausvik,* 126 Wash. App. at 884. The fourth element (injustice prong) focuses on procedural fairness - - *i.e.,* where a party to the prior litigation had a full and fair hearing of the issues, collateral estoppel applies even if the result of the prior hearing was erroneous. *Thompson v. Dept. of Licensing,* 138 Wash. 2d 783, 799-800, 982 P.2d 601 (1999).

Mr. Spencer's claims against defendants include, among others, violation of his Fourth, Fifth and Fourteenth Amendment constitutional rights in the following ways: (1) arrest, prosecution and imprisonment without probable cause; (2) failure to disclose exculpatory evidence, consisting of the medical reports of two child victims and an advisory opinion by a King County Deputy Prosecutor; and (3) coercion based upon defendant Davidson's alleged visits to the jail. Dkt. 1, pp. 45-58, ¶¶ 291-349. The issues regarding these alleged constitutional deprivations were previously litigated by Mr. Spencer in state and federal courts, resulting in final judgments on the merits against him.

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 5

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

At his 1985 plea hearing, Mr. Spencer acknowledged there was probable cause for his arrest and prosecution by confirming he had no basis to refute the three children's and their mothers' disclosures of sexual abuse, and the trial court so ruled. Freimund Dec., Ex. 7 and Ex. 8, pp. 8-41 (including pp. 18-19, where Mr. Spencer acknowledged a jury would find him guilty beyond a reasonable doubt on each count, and p. 41, where the Court concluded "there's an overwhelming factual basis for the pleas, and there is sufficient evidence from which the jury could and likely would find Mr. Spencer guilty of each count beyond a reasonable doubt."). *See also id.,* Ex. 5 (judicial finding of probable cause to arrest).

Probable cause is a complete defense to Mr. Spencer's constitutional claims for malicious prosecution, false arrest and false imprisonment. *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1054-55 (9th Cir. 2009). A conviction conclusively establishes probable cause for an arrest and prosecution, even if later reversed on appeal, unless the conviction was obtained through fraud, perjury or other corrupt practices. *Hanson v. City of Snohomish,* 121 Wash. 2d 552, 564, 852 P.2d 295 (1993). Mr. Spencer's conviction was reversed based on newly discovered evidence in the form of two out of three victims' recantations, not based on fraud, perjury or other corrupt practices. *See In re Spencer,* 152 Wash. App. at 712.

As held in *Hanson,* plaintiff is collaterally estopped from re-litigating his previously unsuccessful claims that his conviction was not supported by probable cause and instead was obtained through fraud, perjury, or other corrupt practices, such as alleged coercion by defendant Davidson, and failure to produce allegedly exculpatory, material evidence. In 1988, the state Court of Appeals issued a final judgment affirming the trial court's rulings on the merits of the following issues: (1) Sergeant Davidson did not coerce Mr. Spencer into pleading guilty to further his alleged romantic interests with Mr. Spencer's second wife; and (2) a duty to disclose exculpatory evidence was not unconstitutionally

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 6

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

breached by withholding Ms. Tetz's and Matthew Hansen's medical records or the King County prosecutor's opinion that Ms. Tetz's initial disclosure of abuse was insufficient to convict. Freimund Dec., Ex. 10, pp. 3-4.

Similarly, in 1996, the federal district court issued a final judgment on the merits of the following constitutional issues: (1) Defendant Davidson did not unconstitutionally coerce Mr. Spencer even if he visited Mr. Spencer in jail as he alleges in furtherance of his relationship with Mr. Spencer's second wife; and (2) failure to disclose the two children's medical reports did not affect the constitutional validity of his conviction. Freimund Decl. at Ex. 13, pp. 9-13. The Ninth Circuit affirmed on the first ground, but remanded for an evidentiary hearing on the second ground. *Id.,* Ex. 14, pp. 4-6.

Following a three day hearing, the federal district court entered a final judgment that (1) defendants did not possess a medical report regarding Matthew Hansen, so they had no *Brady* duty to disclose that report, and (2) the medical report regarding Ms. Tetz was not material so "Mr. Spencer's due process rights were not violated when the state failed to disclose the report." *Id.,* Ex. 15, pp. 2-4. (quote from p. 4). The Ninth Circuit affirmed this final judgment, concluding the defendants in this case did not withhold material evidence in violation of *Brady*. *Id.,* Ex. 16, p. 2.

In summary, state and federal courts have both entered final judgments on three issues Mr. Spencer improperly seeks to re-litigate: (1) There was probable cause for Mr. Spencer's arrest, prosecution and imprisonment; (2) defendant Davidson did not unconstitutionally coerce Mr. Spencer to plead guilty; and (3) the children's medical reports and the King County prosecutor's opinion were not unconstitutionally withheld from Mr. Spencer contrary to *Brady*. Mr. Spencer received full and fair hearings on these issues. Thus, he is now collaterally estopped from re-litigating these three central issues in this lawsuit, which warrants dismissal of his claims to the extent they are based upon these issues.

DEFENDANT SHARON KRAUSE'S MOTION FOR SUMMARY JUDGMENT- 7

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

**C. The videotaped interview and advisory prosecutor opinion were known to defendant Peters, and cannot serve as a basis for liability against Ms. Krause on grounds of withholding.**

Even if collateral estoppel did not apply to the issues of Ms. Krause's alleged withholding of a videotape of the Peters interview of Kathryn or the King County Deputy Prosecutor's advisory opinion, and each was assumed to be exculpatory, these issues cannot create liability against Ms. Krause because both were known to defendant Peters. Peters Dec., ¶¶ 3-4. A police officer's duty with regard to exculpatory evidence is to disclose to the prosecutor. *See, Tennison v. City and County of San Fransisco,* 570 F.3d 1078, 1087 (9th Cir. 2009) and cases cited therein. Consequently, no evidence regarding the alleged withholding or whereabouts of the videotape or the alleged withholding of the opinion can be used to establish liability against Ms. Krause.

**D. In addition, Ms. Krause is entitled to qualified immunity.**

Qualified immunity also justifies dismissal of Mr. Spencer's § 1983 claims against Ms. Krause. Police officers are entitled to qualified immunity from § 1983 claims when (1) no federal constitutional right has been violated, or (2) even if a violation is established, the right was not clearly established at the time of the challenged conduct sufficient to make a reasonable officer aware that he was violating the right. *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir. 2001). This immunity provides "ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant,* 502 U.S. 224, 229 (1991). Qualified immunity shields Ms. Krause from plaintiffs' damage action because a reasonable officer could have believed their conduct was lawful in light of settled law in 1985.

**1. Qualified immunity based upon probable cause.**

Police officers are entitled to qualified immunity for alleged Fourth and Fourteenth Amendment claims when a reasonable officer could have believed probable cause existed. *Hunter,* 502 U.S. at 230. Probable cause exists when police have knowledge based on

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 8

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1 reasonably trustworthy information that the person arrested committed a criminal offense. *Cunningham v. City of Wenatchee,* 345 F.3d 802, 811 (9th Cir. 2003), *cert. denied,* 541 U.S. 1010 (2004). Child disclosures of sexual abuse standing alone are sufficient to establish probable cause. *Doggett v. Perez,* 348 F.Supp.2d 1198, 1204 (E.D. Wash. 2004).[3]

Before Mr. Spencer's arrest, the police received detailed disclosures from Ms. Tetz and Matthew Hansen implicating Mr. Spencer, as well as corroborating information from the children's mothers identifying alarming behaviors. Krause Dec., Exs. 1-3. Also, it had been verified Mr. Spencer was undisputedly registered at the motel where and when Matthew Hansen reported he was abused, and a television was mounted high on the wall of his motel room as the child described. Freimund Dec., Ex. 4, p. 4. A reasonable officer would have concluded there was probable cause to arrest, just as a Superior Court Judge concluded this information established probable cause when issuing a facially valid warrant for Mr. Spencer's arrest. *Id.,* Ex. 5. Even after his arrest, Mr. Spencer consistently did not deny the allegations against him, but rather made statements like "Could I have done this and not remember it . . .?" and "I must have done it if Little Matt said I did, this can't be my ex-wife this time." Krause Dec., Ex. 4, p. 3 of 5.

In addition, arresting officers are entitled to qualified immunity for executing facially valid arrest warrants. *Smith v. Almada,* 640 F.3d 931, 937 (9th Cir. 2011). Moreover, the prosecutor's exercise of independent judgment in deciding to file charges immunizes investigating officers. *Newman v. County of Orange,* 457 F.3d 991, 993-94 (9th Cir. 2006), *cert. denied,* 549 U.S. 1253 (2007). Accordingly, for any or all of these reasons, Ms. Krause is entitled to qualified immunity from all claims based on an alleged lack of probable cause to arrest, prosecute and imprison Mr. Spencer.

---

[3] RCW 9A.44.020(1) has provided since 1975 that "[i]n order to convict a person of any crime defined in this chapter [including child rape] it shall not be necessary that the testimony of the alleged victim be corroborated."

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 9

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

### 2. Qualified immunity for alleged deliberate fabrication of evidence.

"[T]here is no constitutional due process right to have child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way." *Devereaux,* 263 F.3d at 1075. "Consequently, an allegation that an interviewer disbelieved an initial denial and continued with aggressive questioning of the child cannot, without more, support a deliberate-fabrication-of-evidence claim...."[4] *Id.,* at 1077. Coercive interrogation that does not undermine a suspect's free will is constitutional, too. *Cunningham,* 345 F.3d at 310-11. To withstand summary judgment, plaintiffs "must, <u>at a minimum</u>, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation ... despite the fact they knew or should have known he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known those techniques would yield false information." *Id.,* at 1076 (emphasis in original).

Plaintiffs can not prove Ms. Krause should have known Mr. Spencer was innocent, or used investigative techniques she should have known would yield false information. Even the use of "aggressive or manipulative" questioning of children, disbelief of initial denials of abuse, an "animus and preconception" against the suspect, and withholding of exculpatory evidence taken together would have been insufficient for a reasonable detective to conclude in 1985 that they were violating the suspect's rights. *See Devereaux,* 263 F.3d at 1076-79. Given the multiple and corroborating reports of rape and abuse by the victims here, and the fact that Mr. Spencer did not at the time deny the accusations, Ms. Krause not only could have but should have formed a reasonable belief that Mr. Spencer had sexually abused his children. *See also,* Freimund Dec., Ex. 8, p. 41 (sentencing Judge's conclusion that the beyond reasonable doubt standard was met). Therefore, as was

---

[4] "It is common for sex abuse victims to suppress memories of the assault or deny that it happened." *Cunningham,* 345 F.3d at 812.

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 10

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

similarly held in *Devereaux, Gausvik, Cunningham* and *Doggett,* Ms. Krause is entitled to qualified immunity for alleged deliberate fabrication of evidence.

### 3. Qualified immunity for alleged *Brady* violation.

Even if a reasonable officer would have known in 1985 that an officer owed a duty to disclose material exculpatory evidence during the pre-trial phase, plaintiffs are unable to prove a reasonable officer would have known the alleged exculpatory evidence was material.  *See Smith,* 640 F.3d at 939-40 (summary judgment appropriate if *Brady* violation did not involve material evidence).  As outlined above, plaintiffs are estopped from claiming the two children's medical reports (one of which defendants did not possess) and the King County deputy prosecutor's advisory opinion were material.  Even if not estopped, the reasons that led state and federal judges to conclude these documents were immaterial would lead reasonable officers in 1985 to the same conclusion.  Thus, Ms. Krause is entitled to qualified immunity for her alleged failure to disclose exculpatory evidence.

### E.  Mr. Spencer is unable to prove a conspiracy.

"A conspiracy in violation of § 1983 requires proof of: (1) an agreement between the defendants to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) a constitutional violation."  *Gausvik,* 239 F.Supp.2d at 1104. There is no evidence that Ms. Krause entered into an "agreement" with other defendants to violate Mr. Spencer's constitutional rights.  In addition, as established above there is no evidence that Ms. Krause violated Mr. Spencer's constitutional rights.  Therefore, Mr. Spencer's conspiracy claim should be dismissed on the merits.

### F.  Ms. Krause did not proximately cause the alleged damage.

Mr. Spencer must prove that Ms. Krause factually and legally caused a deprivation of his constitutional rights.  *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981). There is no vicarious liability under § 1983.  *Doggett,* 348 F.Supp.2d at 1185.

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 11

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1   Ms. Krause's personal participation in Mr. Spencer's arrest, prosecution and
2  imprisonment consisted primarily of conducting interviews of the victims and witnesses,
3  and accurately detailing the content of the interviews and statements in written reports.
4  Krause Dec., Exs. 2-6. Mr. Spencer will be unable to prove that, but for these actions, he
5  would not have been arrested, prosecuted and convicted. *See, Osborn v. Butler,* 712
6  F.Supp.2d 1134, 1159-60 (D. Idaho 2010) (causation is lacking under § 1983 absent
7  evidence the defendant directed the outcome of the prosecution). The injury complained
8  of is imprisonment by court order. In such cases, "the order of the court would be the
9  proximate cause and the various preliminary steps [prior to sentencing] would be remote
10 causes…." *Id.* Additionally, or alternatively, "the prosecutor's independent decision can
11 be a superseding or intervening cause of a constitutional tort plaintiff's injury, precluding
12 suit against the officials who made an arrest or procured a prosecution." *McSherry v. City*
13 *of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010). As
14 was similarly held in *McSherry,* there is no evidence the prosecutor's independent
15 decisions were influenced by anything Ms. Krause did or did not do. Rather, her accurate
16 written reports formed part of the basis for defendant Peters' discernment of facts upon
17 which his independent decisions were made. Mr. Spencer is thus unable to prove that Ms.
18 Krause's alleged conduct was the factual and legal cause of his injury or damage.

## IV. CONCLUSION

Based upon the foregoing, Ms. Krause respectfully requests that her Motion for Summary Judgment be granted, dismissing all claims advanced against her with prejudice.

DATED this 23rd day of May, 2010.

/s/ Guy Bogdanovich
_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone: (360) 754-3480
Fax: (360) 357-3511
email: gbogdanovich@lldkb.com

DEFENDANT SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT- 12

Cause No: C11-5424 BHS

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511