Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK, SHIRLEY SPENCER and JOHN DOES ONE through TEN,<br><br>Defendants. | No. 11-5424 BHS<br><br>CLARK COUNTY MUNICIPAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTED FOR: Friday, June 22, 2012 |

## I.  RELIEF REQUESTED

Defendants Clark County, including the Clark County Sheriff's Office and the Clark County Prosecuting Attorney's Office (hereinafter "Municipal Defendants"), move for summary judgment seeking dismissal of all claims with prejudice against them pursuant to Federal Rule of Civil Procedure 56. This motion is based on the following facts and argument.

## II.  MATERIAL FACTS

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE)  /  (360) 397-2184 (FAX)

The Municipal Defendants adopt the Material Fact statement of defendant Davidson (Davidson's Summary Judgment Motion, section II, pg. 3, ln 13 – p. 13, ln.26). In addition, this motion is based upon the Declaration of Tina Redline, attached hereto.

### III.   ARGUMENT

**A.   Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c).*

**B.   Mr. Spencer's State Law Claims Are Time-Barred, Except Mr. Spencer's Defamation Claim Related To The August 12, 2010 Press Release.**

The Municipal Defendants adopt the arguments of Davidson and Krause that state claims for Malicious Prosecution, IIED, Conspiracy, Loss of Consortium are time barred. (Davidson's Motion, section III.A., pg 14, ln.2 – 15, ln. 24).

**C.   All Plaintiff's State Law Claims Are Barred Due To A Failure To Comply With Claim Filing Procedures In Effect At The Time The Lawsuit Was Filed.**

The Municipal Defendants adopt argument from Krause on this issue. (Krause's Motion, Section III.A., (pg. 4, ln. 4-16.). Plaintiff never filed a Tort Claim notice as required by RCW 4.96. (Dec. of Tina Redline).

**D.   Mr. Spencer Cannot Prove That CCPO Defamed Him When It Issued The Press Release On August 12, 2012.**

The elements of defamation are: (1) falsity, (2) an unprivileged communication, (3) fault, (4) causation, (5) damages. *Schmalenberg v. Tacoma News, Inc.,* 87 Wash. App. 579, 587, 943

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE)  /  (360) 397-2184 (FAX)

P.2d 350 (1997).  Although we contend that Plaintiff cannot meet any of the elements of defamation, we focus here on the fact that the communication was privileged.

> 1. **Communications, Including The Press Release By The Clark County Prosecutor's Office Was A Communication Covered By Absolute Privilege.**

Plaintiff's defamation claim cannot survive because the Prosecuting Attorney's Office, issuer of the August 12, 2012 press release, is absolutely privileged. *Gold Seal Chinchillas, Inc., v. State*, 69 Wn.2d 828, 420 P.2d 698 (1966), is the leading Washington precedent regarding such privilege.  Absolute privilege is usually confined to cases in which the public service and administration of justice require complete immunity. Legislatures in debate, judges and attorneys in preparation or trial of cases, statements of witnesses or parties in judicial proceedings, and **statements of executive** or military personnel **acting within the duties of their offices** are frequently cited examples. *See, Twelker v. Shannon & Wilson, Inc.,* 88 Wn.2d 473, 475-78, 564 P.2d 1131 (1977) *(emphasis added).*

In *Gold Seal Chinchillas, Inc., v. State*, 69 Wn.2d 828, 420 P.2d 698 (1966), the court recognized an absolute privilege for state executive officers and officials:

> '[S]tate officials . . . are absolutely privileged with respect to the content of their oral pronouncements or written publications,' so long as the allegedly defamatory statement has 'some relation to the general matters committed by law to the control or supervision of the particular state official.'

*Liberty Bank of Seattle, Inc., v. Henderson*, 75 Wn.App. 546, 563, 878 P.2d 1259 (1994), *rev. denied,* 126 Wn.2d 1002 (1995) (*quoting*, *Gold Seal Chinchillas*, 69 Wn.2d at 834). For an official to come within the scope of this privilege, the official need only establish: (1) that he or she is "among the class of officials absolutely privileged to publish defamatory matter," and (2) that "the publication has more than a tenuous relation to *[his or her]* official capacity." *Sidor v. Public Disclosure Comm'n,* 25 Wn.App. 127, 133,

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

607 P.2d 859, *rev. denied,* 93 Wn.2d 1020 (1980), *as quoted in, Liberty Bank*, 75 Wn.App. at 564.

> *a. The Prosecuting Attorney's Office Is "Among That Class Of Officials Absolutely Privileged To Publish Defamatory Matter."*

In *Gold Seal Chinchillas,* the State of Washington was sued for libel based on statements made in a press release issued by the office of a previous Attorney General. The press release was issued on the same day that the Attorney General's staff filed a consumer protection action against the parties who later brought the action for libel; it announced the suit and described the alleged violations. The Washington Supreme Court affirmed dismissal of the libel action for failure to state a claim, concluding that: "[a]s long as the acts complained of have more than a tenuous relation to their official capacity, state officials, acting through the members of their staffs, are absolutely privileged with respect to the content of their oral pronouncements or written publications."  420 P.2d at 701.

In *Stidham v. Dep't of Licensing*, 30 Wn.App. 611, 637 P.2d 970 (1981), an attorney formerly employed in the Department of Licensing claimed he was defamed when the department director and assistant director made statements criticizing his job performance, including that he had been "playing games at state expense," had violated department policy, and had improperly criticized the director.  The *Stidham* court affirmed dismissal of the plaintiff's defamation claim finding that *Gold Seal Chinchillas* was dispositive.  The court concluded that the director and assistant director of a state agency are within the class of officials entitled to an absolute privilege.  In further holding that the defendants' "actions were sufficiently related to their statutory authority *[to supervise staff of the department]* to warrant a defense of absolute

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

privilege," the *Stidham* court reasoned that the defendants "must be afforded significant latitude to effectively supervise a state agency." *Stidham,* 30 Wn.App. at 616.

Similarly, in *Liberty Bank, supra,* a bank president, fired by a bank's board of directors, claimed he was defamed when the state supervisor of banking made statements and gave documents to the press criticizing the president as having engaged in fraud and mismanagement of the bank. The *Liberty Bank* court reversed a denial of summary judgment, as well as a subsequent plaintiff verdict and dismissed the plaintiff's defamation claims, concluding that *Gold Seal Chinchillas* was dispositive. In holding that the supervisor of banking was within the class of officials entitled to an absolute privilege, the court clarified that there is no requirement that such officials must be "elected officials of cabinet rank." *Liberty Bank*, 75 Wn.App. 564 (*citing, Sidor, supra,* where the court held that an absolute privilege attaches to members of the public disclosure commission appointed by the Governor). The court commented that applying immunity was "consistent with the policies of keeping the public informed of the public's business, protecting government officials in the exercise of their discretion, and promoting the public interest in the unhindered exercise of official authority." *Liberty Bank*, 75 Wn.App. at 566.

Like the Attorney General in *Gold Seal Chinchillas*, the director of the Department of Licensing in *Stidham*, and members of the public disclosure commission, the Clark County Prosecutor holds an executive position that enjoys absolute privilege. Providing the absolute privilege to a prosecutor's office fulfills the policies of keeping the public informed of the public's business, protecting government officials in the exercise of their discretion, and promoting the public interest in the unhindered exercise of official authority.

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 5

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE)  /  (360) 397-2184 (FAX)

    *b. The August 12, 2010 Press Release Had More Than A Tenuous Relation To The Prosecutor's Official Capacity.*

To be privileged, the statements must have had "more than a tenuous relation to *[the prosecutor's]* official capacity." *Gold Seal* at 701. The cases cited in *Gold Seal* to support the absolute privilege defense impose the same requirement. In *Barr v. Matteo,* 360 U.S. 564, 570 n. 8, 3 L.Ed.2d 1434, 79 S.Ct. 1335 (1959), for example, the United States Supreme Court noted the privilege covering press releases issued at the direction of Cabinet officers "so long as *their contents and the occasion for their issuance* relate to the duties and functions of the particular department." *(Emphasis added.)* Similarly, *see*, *Spalding v. Vilas,* 161 U.S. 483, 498, 40 L.Ed. 780, 16 S.Ct. 631 (1896); *Matson v. Margiotti,* 371 Pa. 188, 88A.2d 892, 895, 896 (1952).

  The Clark County Prosecutor's Office has the prosecution of cases like Plaintiff's in its control by law: [t]he duties of the County Prosecutor are to: ". . . (4) [p]rosecute all criminal and civil actions in which the state or the county may be a party . . . (6) [i]nstitute and prosecute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of felonies . . . ." *RCW 36.27.020.* The press release describing the history, disposition, and reasoning underlying the decision to forego further prosecution of Plaintiff was well within the legal duties of the Prosecutor and was, therefore, absolutely privileged; Plaintiff's defamation claim should be dismissed.

**E.    Mr. Spencer Is Collaterally Estopped From Re-Litigating His Claims That Defendants Violated His Constitutional Rights By Allegedly Arresting Him Without Probable Cause, Allegedly Coercing Him At The Jail, And Allegedly Withholding Exculpatory Evidence.**

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

The Municipal Defendants adopt the arguments of Davidson and Krause that Spencer is Collaterally Estopped from re-litigating claims that are already the subject of final judgments, that probable cause is a complete defense to Spencer's claims for malicious prosecution, false arrest and false imprisonment.  (Davidson's Motion, section III. C., pg. 16, ln. 1 – p. 19, ln 18.)

**F.     There Is No Basis For Municipal Liability.**

Plaintiff's claims against the Municipal Defendants are derivative of alleged constitutional violations by employees thereof.  As argued by defendants Davidson, Krause, and Peters, there exist no constitutional violations.

As an initial matter, a municipality cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory.  *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir., 1992).  Accordingly, to succeed on a § 1983 claim against the Municipal Defendants in this case, Plaintiffs must prove facts establishing municipal liability in one of the following ways:

   1. "a [government] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity";
   2. "the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or
   3. "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."

*Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir., 1992).  In addition, Plaintiffs must prove that one of those listed circumstances was the cause in fact and the proximate cause of the constitutional deprivation.  *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir., 1996).  Plaintiff can make no such showing.

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 7

## IV.  CONCLUSION

Based on the foregoing reasons, the Municipal Defendants are entitled to summary judgment dismissing all claims alleged against them with prejudice.  Further, the defendants join in the reasons and evidence set forth in the co-defendants' summary judgment motions.

Respectfully submitted this 23rd day of May, 2012.

/s/ Bernard F. Veljacic
Bernard F. Veljacic, WSBA #28702
Deputy Prosecuting Attorney
Of Attorneys for Defendants Clark County, Clark County
 Prosecutor's Office and Clark County Sheriff's Office
Clark County Prosecuting Attorney, Civil Division
PO Box 5000
Vancouver WA 98666-5000
Telephone:     (360) 397-2478
Facsimile:      (360) 397-2184
Bernard.Veljacic.@clark.wa.gov

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 8

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

## DECLARATION OF SERVICE

I, Mindy Lamberton, hereby certify that on the 23rd day of May, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

*Attorneys for Plaintiffs:*

> Daniel Davies
> Davis Wright Tremaine LLC
> 1201 Third Avenue #2200
> Seattle WA  98101
> > dandavies@dwt.com

> Kathleen T. Zellner
> Kathleen T. Zellner & Associates
> 1901 Butterfield Suite 650
> Downers Grove, IL 60515
> > Kathleen.zellner@gmail.com

> Douglas H. Johnson
> Kathleen T. Zellner & Associates
> 1901 Butterfield Suite 650
> Downers Grove, IL 60515
> > Dhjohnson43@aol.com

*Attorney for Shirley Spencer:*

> William Dunn
> Dunn Law Office
> PO Box 1016
> Vancouver WA  98665
> > dunnwh@pacifier.com

> Gary Allan Western
> Wilson Smith Cochran & Dickerson
> 901 Fifth Avenue, Suite 1700
> Seattle WA 98164-2050
> > western@wscd.com

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 9

*Attorneys for James M. Peters:*

    Patricia C. Fetterly
    Daniel J. Judge
    Attorney General of Washington
    PO Box 40126
    Olympia WA  98504-0126
        danielj@atg.wa.gov
        patriciaf1@atg.wa.gov

*Attorney for Michael Davidson*

    Jeffrey A.O. Freimund
    Freimund Jackson Tardiff & Benedict Garrett
    711 Capitol Way South, Suite 602 and 605
    Olympia WA 98501
        Jefff@fjtlaw.com

*Attorneys for Sharon Krause*

    Guy Bogdanovich
    Law Lyman Daniel Kamerrer & Bogdanovich
    PO Box 11880
    Olympia WA 98508
        gbogdanovich@lldkb.com

DATED this 23rd day of May, 2012.

                                              s/Mindy Lamberton, Legal Assistant

CLARK COUNTY MUNICIPAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 10

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)