The Honorable Benjamin Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, | NO.  C11-5424BHS |
| Plaintiffs, | |
| v. | |
| FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN, | MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JAMES PETERS |
| | NOTED FOR: June 22, 2012 |
| Defendants. | |

## I.   RELIEF REQUESTED

Defendant James M. Peters moves for summary judgment seeking dismissal of all claims against him with prejudice pursuant to Federal Rules of Civil Procedure 56.  Defendant Peters' motion is based upon his absolute immunity for all matters related to the prosecution of plaintiff Clyde Ray Spencer,  qualified immunity for all § 1983 claims not barred by absolute immunity, the statute of limitations as to all plaintiff's state law claims, collateral estoppel precluding Mr. Spencer's federal constitutional claims, and lack of any evidence to prove a conspiracy.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

The motion for summary judgment of defendant Peters is based upon the declarations of James M. Peters and Patricia C. Fetterly filed in support of this motion as well as the declarations of Shirley Spencer (ECF No. 53), Matthew Hansen (ECF No. 54), Jeffrey Freimund (ECF No. 63) and Sharon Krause (ECF No. 64) which have been filed with the Court.

## II.   MATERIAL FACTS

In 1985, plaintiff Clyde Ray Spencer was charged with sexually abusing his two children, Matthew Spencer and Kathryn Spencer Tetz, and his stepson Matthew Hansen. He entered an *Alford* plea of guilty to the majority of the charges on May 16, 1985. He was sentenced to prison one week later on May 23, 1985. In 2004, then Governor Locke conditionally commuted his sentence. Mr. Spencer filed a personal restraint petition in 2007 supported by declarations from Matthew Spencer and Kathryn Spencer Tetz in which they recanted their allegations. **Matthew Hansen, plaintiff's stepson, has never recanted his allegations and maintains to this day that his stepfather sexually abused him.** (ECF No. 54).

Mr. Spencer's personal restraint petition was granted. He was allowed to withdraw his *Alford* plea based upon the recantations made by his two natural children. In September of 2010, the Clark County Prosecuting Attorney elected not to pursue further prosecution, and the case was dismissed without prejudice. Clyde Ray Spencer and his two natural children have filed this lawsuit alleging tort claims related to the investigation of the allegations by law enforcement officers and claims against James Peters who was a deputy prosecuting attorney for Clark County in 1985.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Defendant Peters incorporates the Material Facts outlined in defendant Davidson's Summary Judgment Motion, pgs 2–13 (ECF No. 62).  In addition, defendant Peters sets forth the following facts that are particularly pertinent to the claims against him:

**A.      The Decision To File Criminal Charges**

In 1984 and 1985 James Peters was employed as a Deputy Prosecuting Attorney for Clark County, Washington.  As a deputy prosecuting attorney, he reported to Arthur Curtis, then the elected Prosecuting Attorney for Clark County.[1]

In November and December 1984 Mr. Peters reviewed reports of law enforcement officers to assist Mr. Curtis in making a determination whether to file criminal charges against plaintiff Clyde Ray Spencer.  These included reports of law enforcement officers in Sacramento, California where Kathryn Spencer resided with her natural mother and reports of Sharon Krause, then a detective with the Clark County Sheriff's Department.  Ms. Krause had previously traveled to Sacramento and interviewed Kathryn, then age five, and other witnesses in follow up to disclosures Kathryn had made to her stepmother Shirley Spencer of possible sexual abuse while she was visiting her father and stepmother the previous summer.[2]  On December 11, 1984, Mr. Peters interviewed Kathryn in order to determine her qualifications as a witness to assist Mr. Curtis in making the decision whether to file criminal charges against Mr. Spencer.  Kathryn held to her earlier allegations made against her father in this interview with the deputy prosecutor.[3]  In this same time period, Clark County Prosecutors were aware that Mr. Spencer, then employed as a City of Vancouver police officer, was the subject of an internal affairs investigation conducted by the Vancouver Police Department.  By early 1985, the investigation

---

[1] Declaration of James M. Peters, pgs. 1-2.
[2] Peters Declaration, pgs. 3-4; Exhibits 1 and 2 to Krause Declaration (ECF Nos. 64-1 and 64-2).
[3] Peters Declaration, pgs. 3-4.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

was concluding with the recommendation that Mr. Spencer's employment be terminated. This recommendation was based upon findings that Mr. Spencer committed several acts of sexual misconduct, including the statutory rape of a teenage neighbor and a determination by investigators that he had sexually abused his daughter.[4]

Mr. Curtis ultimately made the decision to file criminal charges against Mr. Spencer. On January 3, 1985, Mr. Curtis filed an Information charging Mr. Spencer with two counts of statutory rape of his daughter Kathryn.[5] Mr. Spencer was charged and released upon his own recognizance. A few days later the Vancouver Police Department terminated Mr. Spencer's employment as a police officer based upon the findings made by internal affairs investigators.[6]

Mr. Spencer retained James Rulli, then a Clark County criminal defense attorney who later became a Clark County Superior Court Judge, to defend him. Because Mr. Spencer was a local law enforcement officer, the prosecution was conducted jointly by King County and Clark County Prosecutors. The deputy prosecutors assigned were Barbara Linde for King County and James Peters for Clark County. The usual discovery orders were entered and a trial date was set. As was standard practice, Mr. Rulli was allowed full access to the prosecutor's file.[7]

**B.     Amended Information Filed On February 28, 1985**

The investigation by the Clark County Sheriff's Office continued. On or about February 3, 1985, Mr. Spencer was removed by Clark County Sheriff's deputies from the home he shared with his then wife Shirley following a domestic disturbance.[8] Shortly thereafter on February 22, 1985, Detective Krause interviewed Shirley Spencer. In this interview Mrs. Spencer disclosed

---

[4] Exhibit 3 to Freimund Declaration (ECF No. 63-3); Peters Declaration pgs. 4-5.
[5] Exhibit 2 to Freimund Declaration (ECF No. 63-2).
[6] Exhibit 3 to Freimund Declaration (ECF No. 63-2).
[7] Peters Declaration, pgs. 5-6.
[8] Exhibit B to Declaration of Shirley Spencer (ECF No. 54).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

concerns of possible sexual abuse of her son Matthew Hansen, then age five, who shared the Spencer home with his mother and stepfather.[9]   This caused Detective Krause to interview Matthew Hansen.   Detective Krause interviewed Matthew Hansen on February 28, 1985. Matthew Hansen disclosed sexual abuse by Mr. Spencer in this interview.  Matthew also stated that he had observed Mr. Spencer sexually abuse Kathryn and her brother Matthew Spencer when they visited the Spencer home the previous summer.[10]  Ms. Krause relayed this information to Mr. Peters later on February 28.  Mr. Peters utilized this new information from Detective Krause to obtain a warrant for Mr. Spencer's arrest.[11]

Mr. Peters filed a motion to obtain the arrest warrant on February 28, 1985.  He supported this motion with an affidavit.  In the affidavit Mr. Peters stated that he was contacted earlier in the day by Detective Krause "who reported the following information."[12]  He went on to relay the information provided to him by Detective Krause concerning her interview of Matthew Hansen, later set forth in her written report of the interview.[13]  A Clark County Superior Court judge found probable cause, and the warrant was issued.[14]  Mr. Spencer was arrested by Clark County Sheriff's officers later that day.  After waiving *Miranda* warnings, Mr. Spencer spoke to the officers.  He did not deny the allegations made by Matthew Hansen but stated "I must have done it if Little Matt [Hansen] said I did; this can't be my ex-wife this time."  When asked if he could

---

[9] Exhibit 3 to Declaration of Sharon Krause (ECF No. 64-3); Peters Declaration, pg. 6.
[10] Exhibit 3 to Krause Declaration (ECF No. 64-3).
[11] Peters Declaration, pg. 6.
[12] Exhibit 4 to Freimund Declaration (ECF No. 63-4); Peters Declaration, pg. 6.
[13] Exhibit 4 to Freimund Declaration (ECF No. 63-4); Peters Declaration, pg. 6; Exhibit 3 to Krause Declaration (ECF No. 64-3).
[14] Exhibit 5 to Freimund Declaration (ECF No. 63-5); Peters Declaration, pg. 6.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

explain Matthew Hansen's reports if the allegations were not true, Mr. Spencer replied, "Well it must be. I just don't understand why I can't remember it."[15]

Based upon the new information obtained by Detective Krause, Mr. Peters filed a First Amended Information on February 28, 1985, charging Mr. Spencer with several counts of sexual abuse of Matthew Hansen in addition to the two charges concerning Kathryn Spencer contained in the original Information filed by Mr. Curtis on January 3, 1985.[16]

On March 25, 1985, Detective Krause interviewed Mr. Spencer's then nine year old son Matthew Spencer. He corroborated Matthew Hansen's account that Mr. Spencer had sexually abused both boys and Kathryn. Detective Krause re-interviewed Kathryn later the same day. She corroborated the disclosures of Matthew Hansen and her brother Matthew.[17] These disclosures led to the filing of a Second Amended Information on May 3, 1985.[18]

## C.    Events Leading To The *Alford* Plea

The prosecution of the case proceeded. Mr. Rulli arranged to have his client evaluated by a psychiatrist, Dr. Dixon, and a psychologist, Dr. McGovern. No defenses of lack of capacity or insanity were raised.[19]    On May 9, 1985, Mr. Peters accompanied Mr. Rulli to Sacramento, California to allow Mr. Rulli to interview Matthew Spencer and Kathryn Spencer. Both children held to their allegations.[20]    Mr. Peters and Mr. Rulli also interviewed Kathryn's counselor during

---

[15] Exhibit 4, pgs. 3-4 to Krause Declaration (ECF No. 64-4).
[16] Peters Declaration, pg. 7; Exhibit 2 thereto.
[17] Exhibits 5 and 6 to Krause Declaration (ECF Nos. 64-5 and 64-6); Peters Declaration, pg. 7.
[18] Peters Declaration, pg. 7; Exhibit 6 to Freimund Declaration (ECF No. 63-6).
[19] Peters Declaration, pgs. 7-8; Exhibit 5 to Peters Declaration.
[20] Peters Declaration, pg. 8.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

this trip.  The counselor described behaviors on Kathryn's part that were consistent with sexual abuse.[21]

Shortly after Mr. Peters and Mr. Rulli returned from California Mr. Rulli announced that his client intended to plead guilty to the majority of the counts by *Alford* plea.[22]  On May 16, 1985, during a hearing in open court, Mr. Spencer changed his plea from not guilty to an *Alford* plea.  In this plea plaintiff pled guilty to seven counts of first degree statutory rape and four counts of complicity to first degree statutory rape as part of a plea bargain that resulted in voluntary dismissal of several of the other counts of statutory rape and complicity to first degree statutory rape.  After details of each charge were read to Mr. Spencer, Judge Thomas Lodge asked him if he had any basis to refute the children's disclosures of sexual abuse.  Mr. Spencer replied "No sir" to each question by the court.  When agreeing to the plea, Mr. Spencer acknowledged that the Court could sentence him to life imprisonment.  Prior to accepting the plea Judge Lodge made an independent inquiry of Mr. Spencer and his counsel as to his mental competence to enter the pleas and found that he was mentally competent to do so.[23]

Mr. Peters' last act in the prosecution was to attend the sentencing hearing the following week on May 23, 1985.  He left the office of the Clark County Prosecuting Attorney in 1987 to pursue other professional opportunities.[24]

**D.      Federal Habeas Corpus Proceeding 1994–1996**

In 1994 Mr. Spencer sought relief in federal court after exhausting several attempts in state court unsuccessfully to collaterally attack the judgment and sentence.  He raised several

---

[21] Peters Declaration, pg. 8.
[22] Exhibit 7 to Freimund Declaration (ECF No. 63-7); Peters Declaration, pg. 8.
[23] Exhibits 7 and 8 to Freimund Declaration (ECF Nos. 63-7 and 63-8).
[24] Peters Declaration pgs. 1-2, 9.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

federal constitutional claims in this proceeding: (1) his guilty plea was not voluntary because he was under the influence of narcotics and other medications and was not competent to enter the plea; (2) Sergeant Davidson unlawfully coerced his guilty plea during jail visits due to his alleged romantic involvement with Shirley Spencer; (3) the prosecution failed to disclose exculpatory evidence, including reports of medical reports of Kathryn Spencer and Matthew Hansen finding no medical evidence of abuse; (4) his defense counsel provided ineffective assistance.[25]

Following a complete dismissal of the petition by federal district court Judge Robert Bryan in December 1994, the Ninth Circuit Court of Appeals affirmed in part and reversed in part.  The Court of Appeals determined that Mr. Spencer was entitled to an evidentiary hearing to determine if he was competent to enter the guilty plea and if there was reasonable probability that disclosure of the two medical reports would have caused him to proceed to trial rather than plead guilty.  In its ruling the Court of Appeals held that Mr. Spencer was adequately represented by his defense counsel, especially since Mr. Spencer "did not exactly say that he did not commit the acts, but . . . assumed a posture that he could not remember doing them."[26]  The Ninth Circuit opinion upheld the dismissal of claims of coercion by Sgt. Davidson and noted during the "repeated inquiries by the trial judge" regarding the voluntariness of the guilty were "met with affirmative responses" to support a finding that the plea was entered voluntarily and without coercion.[27]

Judge Robert Bryan conducted the evidentiary hearing over four days in September 1996. Numerous witnesses testified at the hearing including Mr. Peters, Mr. Rulli, Dr. Dixon, several medical experts including Rebecca Wiester M.D., a pediatric specialist in child abuse then associated with Harborview Medical Center who testified as an expert witness for the State, Ms.

---

[25] Exhibit 13 to Freimund Declaration (ECF No. 63-13).
[26] Exhibit 14 to Freimund Declaration, pgs. 8-9 thereto (ECF No. 63-14).
[27] Exhibit 14, pgs. 4-5 to Freimund Declaration (ECF No. 63-14).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Krause, Mr. Davidson, and Mr. Spencer.  Dr. McGovern and Shirley Spencer testified by deposition.[28]

In his oral ruling following the conclusion of four days of testimony Judge Bryan found, based upon the evidence presented to him at the hearing, that the Clark County Sheriff's Office did have possession of the medical report concerning Kathryn but did not have the report concerning Matthew Hansen.  Judge Bryan found further that the prosecutor never had possession of either medical report.  Since the prosecutor did not have possession of either report, the prosecutor did not commit a constitutional violation by failing to turn them over to defense counsel.[29]  Judge Bryan went on to conclude that the medical report concerning Kathryn would not have been sufficiently exculpatory or persuasive to cause Mr. Spencer to refuse to plead guilty and proceed to trial.  Therefore, Mr. Spencer's constitutional rights under *Brady v. Maryland* were not violated by the failure of the Clark County Sheriff's deputies to release the report concerning Kathryn. [30]  Judge Bryan also found that Mr. Spencer was competent to enter his guilty plea.[31]

Judge Bryan's rulings were upheld in their entirety by the Ninth Circuit Court of Appeals in 1997.[32]

## E.    Clemency Petition And Recantations By Matthew Spencer And Kathryn Spencer Tetz

After several other unsuccessful attempts at post conviction relief in state court, Mr. Spencer filed a clemency petition in 2003.  In 2003, Matthew Spencer, now an adult, wrote to Governor Locke strongly opposing the granting of clemency and insisted that his father had

---

[28] Exhibit A to Fetterly Declaration.
[29] Exhibit C to Fetterly Declaration, pgs. 522-24; Exhibit 15 to Freimund Declaration (ECF No. 63-15).
[30] Exhibit D to Fetterly Declaration; Exhibit 15 to Freimund Declaration.
[31] Exhibit 15 to Freimund Declaration (ECF No. 63-15).
[32] Exhibit 16 to Freimund Declaration (ECF No. 63-16).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

sexually abused him.[33]   Despite this opposition, Governor Locke conditionally commuted Mr. Spencer's sentence on December 23, 2004.  Mr. Spencer was then released from prison.[34]

Following their father's release from prison, Mr. Spencer's two biological children, Matthew Spencer and Kathryn Spencer Tetz, recanted their prior disclosures of sexual abuse. Their recantations formed the basis of another personal restraint petition filed in Division II of the Washington State Court of Appeals.  Matthew Hansen, the stepson, did not recant.  The Court of Appeals remanded the case to Clark County for a reference hearing.  The sole purpose of the reference hearing was to determine whether Matthew Spencer and Kathryn Tetz would testify consistently with the declarations setting forth their recantations filed in support of the personal restraint petition.[35]

The reference hearing took place in Clark County Superior Court on July 10, 2009.[36] Matthew Spencer testified that the abuse did not occur, although he admitted that he had disclosed the abuse to Detective Krause when she interviewed him in 1985 and to Mr. Rulli when he interviewed the Spencer children in 1985.  He also admitted that he had opposed the clemency petition in 2003. [37]   Kathryn Tetz did not actually recant her earlier allegations but testified that she did not believe the abuse occurred because she could not remember it and believed she would have remembered if it had occurred.[38]  At the close of the reference hearing the superior court concluded that Matthew Spencer and Kathryn Tetz testified consistently with their declarations filed in the Court of Appeals and returned the case to the Court of Appeals. The Court of Appeals

---

[33] Exhibit 19 to Freimund Declaration (ECF No. 63-19).
[34] Exhibit 18 to Freimund Declaration (ECF No. 63-18).
[35] Exhibit 20 to Freimund Declaration( ECF No. 63-20).
[36] Exhibit 21 to Freimund Declaration (ECF No. 63-21).
[37] Exhibit F, pgs. 15-16, 29 to Fetterly Declaration.
[38] Exhibit G, pgs. 64-67, 73, 81 to Fetterly Declaration.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

granted the petition and held that the recantations formed a sufficient factual basis to allow

Mr. Spencer to withdraw his *Alford* plea.[39]

Upon removal from the Court of Appeals, on September 29, 2010, the Clark County

Superior Court vacated the guilty plea and allowed Mr. Spencer to withdraw his plea.[40] **Matthew**

**Hansen has never recanted his allegations and still maintains that he was sexually abused by**

**his former stepfather**.[41]   The prosecutor elected not to pursue charges against Mr. Spencer in

view of the recantations and dismissed the case without prejudice on September 29, 2010.[42]   It

was possible to continue to pursue prosecution on behalf of Matthew Hansen who has never

recanted his claims of sexual abuse.

Plaintiff filed this civil lawsuit six months later in June of 2011, more than 26 years after

he pled guilty in May of 1985.

### III.     LAW AND ARGUMENT

A.     **All Plaintiff's State Law Claims Against Defendant Peters Are Barred By The**
       **Statute Of Limitations and Failure to Comply with RCW 4.92.110**

Plaintiff Clyde Ray Spencer alleges state law claims for malicious prosecution,

intentional infliction of emotional distress, conspiracy, and defamation.   Plaintiffs Matthew

Spencer, born in 1975, and Kathryn Spencer Tetz, born in 1979, allege state law claims for loss

of consortium.   The statute of limitations for all state law claims, with the exception of

defamation, is three years.   RCW 4.16.080(2).

Defendant Peters incorporates the argument set forth on pages 2-4 of the Memorandum

of Authorities of defendant Krause (ECF No. 65) and pgs. 14-15 of the memorandum of

---

[39] Exhibit 22 to Freimund Declaration (ECF No. 63-22).
[40] Exhibit 25 to Freimund Declaration (ECF No. 63-25).
[41] Matthew Hansen Declaration (ECF No. 54).
[42] Exhibits 25 and 26 to Freimund Declaration (ECF Nos. 63-25 and 63-26).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

defendant Davidson (ECF No. 62).  As with the other individual defendants, the three year statute of limitations for all state law claims of Clyde Ray Spencer except for defamation claims accrued when he was sentenced in May of 1985 and ran three years later in May of 1988.  The claims of his two adult children accrued when they each attained age 18 and ran in 1996 for Matthew and 2000 for Kathryn.

Defamation is governed by a two year statute of limitations.   RCW 4.16.100(1). Defendant wrote his letter to the editor of the Vancouver Columbian newspaper in October 2005.[43]  The two year statute of limitations ran for this claim in October 2007.

In addition the state law claims against defendant Peters are barred for failure of plaintiff's to demonstrate compliance with the claim filing statute, Rev. Code of Wash. 4.92.110.  Defendant Peters incorporates the argument on this issue set forth on page four of the Motion for Summary Judgment of defendant Krause (ECF No. 65).

**B.**     **James Peters is Entitled to Absolute Immunity for All Acts That Occurred During The Prosecution of Clyde Ray Spencer**

**1.**     **Summary Judgment Standard For Defense Of Immunity**

Official immunity, whether qualified or absolute, is "an *immunity from suit* rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct 2806, 86 L. Ed. 2d 411 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S. Ct 2727, 73 L. Ed. 2d 396 (1982) (emphasis in original).  When a defendant claiming absolute or qualified immunity moves for summary judgment, the plaintiff must go beyond the allegations in his pleadings and produce admissible evidence sufficient to meet his burden to demonstrate the existence of a genuine issue of material fact.  *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 962

---

[43] Peters Declaration, pgs. 10-11.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   (9th Cir. 2004) (citing *Celotex Corp. v. Catrell*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L.

2   Ed. 2d 265 (1986).  As in any summary judgment motion, this burden is not met by speculation

3   or conjecture.  *Id.*; *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111

4   L. Ed. 2d 695 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91

5   L. Ed. 2d 202 (1986). To defeat summary judgment, the nonmoving party must produce

6   "significant probative evidence" supporting the allegations contained in the complaint.  *T.W.*

7   *Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

8        **2.        Absolute Immunity**

9            It is well established that a state prosecuting attorney acting within the scope of his

10  duties in initiating and pursuing a criminal prosecution and in presenting the State's case is

11  absolutely immune from a civil suit for damages under 42 U.S.C. § 1983.  *Imbler v. Pachtman*,

12  424 U.S. 409, 96 S. Ct. 984. 47 L. Ed. 2d 128 (1976).  In *Imbler*, plaintiff's conviction was

13  vacated following a habeas corpus proceeding based upon cumulative misconduct of

14  prosecutors who withheld evidence from the defense.  Despite such misconduct, the United

15  States Supreme Court upheld the dismissal of the damage action brought by the released

16  prisoners.  In so doing, the Supreme Court held that a prosecutor "is immune from a civil

17  action for malicious prosecution based upon an indictment and prosecution, although it results

18  in a verdict of not guilty by a jury" or later vacation of a verdict of guilty in a post conviction

19  proceeding.  424 U.S. at 422.

20           The public policy considerations supporting absolute prosecutorial immunity are sound.

21  Suits for damages against prosecutors could be expected with some frequency, the Supreme

22  Court noted, as a defendant in a criminal proceeding who is later exonerated "often will

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

transfer his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *Id.* at 425.  If a prosecutor were only granted qualified immunity, the threat of a § 1983 damage suit would undermine performance of his duties as a prosecutor is bound to exercise judgment in both deciding which suits to bring and in conducting them. *Id.* at 424.  If a prosecutor were required to answer in court each time a person charged him with wrongdoing "his energy and attention would be diverted from the pressing duty of enforcing the criminal law." *Id.* at 425.

Because of these policy considerations, the Supreme Court held that prosecutorial misconduct is best addressed in post trial proceedings to determine whether the defendant had a fair trial, including direct appeals and state and federal post conviction proceedings, and by professional discipline of a prosecutor who commits misconduct. *Id.* at 427-29.  It cannot and should not be addressed by allowing a defendant to recover damages against a prosecutor in a § 1983 action. *Id.*

The principle of absolute prosecutorial immunity has been upheld continually by the federal counts since *Imbler*.  As recently as 2009 the United States Supreme Court in *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 172 L. Ed. 2d 708 (2009), affirmed the policy considerations set forth in *Imbler* and held that prosecutors are entitled to absolute immunity for failure to disclose evidence which could have been used by defense counsel during trial to impeach prosecution witnesses.  Prosecutors are entitled to absolute immunity when conferring with potential witnesses for the purpose of determining whether to initiate a prosecution as it is a process "intimately associated with the judicial phase of the criminal

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

process." *Demery v. Kupperman*, 735 F.2d 1139 (9th Cir. 1984), cert denied, *Rowland v. Demery*, 469 U.S. 1127, 105 S. Ct. 810, 83 L. Ed. 2d 803 (1985).

In *Demery* the Court rejected the argument of plaintiff that a prosecutor's interview of a witness prior to making a decision to charge was an "investigative" as opposed to prosecutorial function and, therefore, only subject to qualified immunity.  The Court rejected this argument and held that conferring with potential witnesses for the purpose of determining whether to initiate proceedings is "intimately associated with the judicial phase of the criminal process." *Id.* at 1144 (citing *Imbler*, 424 U.S. at 430).  *See also, Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (absolute immunity for witness interviews by prosecutor prior to making the charging decision.); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997) (absolute immunity for acts leading up to the charging decision).

In case after case involving egregious prosecutorial misconduct, the courts have held that absolute prosecutorial immunity bars a § 1983 action against the prosecutor.  *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978) (absolute immunity for destruction of evidence and falsifying line up reports); *Lee v. Willins*, 474 F. Supp. 970 (E.D. NY 1979) (prosecutor who coerced false testimony entitled to absolute immunity); *Mullinax v. McElhenny*, supra (absolute immunity for prosecutor's suborning perjury in witness interview before charging).

A limited exception to the doctrine of absolute immunity exists when a prosecutor acts as a "complaining witness" and personally attests to the veracity of facts contained in an affidavit.  *Kalina v. Fletcher*, 522 U.S. 118, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997) (prosecutor personally swore to the truth of facts contained in a certification for determination of probable cause to support a motion for an arrest warrant, facts which turned out to be false).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

This exception, however, is limited to situations as in *Kalina* where the prosecutor is "*personally attesting to the truth* of the averments in the certificate" which constituted the factual basis to support the motion for the arrest warrant. *Id.* at 129. (emphasis added.) When personal attestation by the prosecutor is not present, absolute immunity applies. *Id.*

In *Waggy v. Spokane County*, 594 F.3d 707 (9th Cir. 2010), the Ninth Circuit held that a prosecutor was entitled to absolute immunity for filing an affidavit in support of an arrest warrant. The Court in *Waggy* distinguished *Kalina* where the prosecutor had "personally vouched under penalty of perjury for the veracity of the statement contained in the certification." 594 F.3d at 710. In contrast, the prosecutor in *Waggy* incorporated facts provided to her by law enforcement officers in her affidavit and did not personally attest to the truth of this information, although she used these facts to support her motion for an arrest warrant.

The prosecutor's actions, the Ninth Circuit noted in *Waggy*, "were those of an attorney and not a sworn witness." *Id.* at 712. The act of procuring a warrant, the court noted, is one "intimately associated with the judicial phase of the process." *Id.* at 713. (citing *Imbler*). Presenting a motion supported by an affidavit "averring to the facts" clearly involves the prosecutor's 'role as advocate for the State,' rather than her role of administrator or investigative officer. 594 F.3d at 712-13. *See also, Springman v. Williams*, supra (prosecutor's affidavit supporting charging document reciting information obtained from law enforcement officer is distinct from *Kalina* and the prosecutor making the affidavit is entitled to absolute immunity); *Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999) (prosecutor's initiation of charges "on information and belief" was not a "personal attestation" to make the prosecutor a

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

"complaining witness" as in *Kalina*.   Prosecutor entitled to absolute immunity for false statements in the affidavit).  *Id.* at 1008.

James Peters is entitled to absolute immunity for all actions related to his participation in the prosecution of Clyde Ray Spencer in 1984 and 1985.  These include the interview of Kathryn Spencer prior to the decision to charge made by the elected prosecutor, Mr. Peters' act in procuring the arrest warrant on February 28, 1985, and all other matters concerning the conduct of the prosecution, including the alleged failure to turn over "exculpatory evidence" contained in medical reports concerning Kathryn Spencer and Matthew Hansen to defense counsel, reports it was later determined that he never had in his possession.

The actions of defendant Peters in obtaining the arrest warrant on February 28, 1985, prior to the filing of First Amended Information charging Mr. Spencer with new crimes against his stepson Matthew Hansen, are also subject to absolute immunity.  James Peters did not personally attest to the truth of the information set forth in the affidavit filed in support of the arrest warrant on February 28, 1985.  In contrast to the prosecutor in *Kalina*, he only swore to the fact that Detective Krause had "reported the following information" concerning her interview of Matthew Hansen that took place earlier on February 28.  The affidavit went on to summarize the information which, if proven, would support a conviction for sexual abuse of Matthew Hansen.[44]  Defendant Peters did not personally attest to the truth of Matthew Hansen's allegations.  He only personally attested to the fact that Detective Krause had contacted him and had conveyed this information to him earlier on February 28.  He did not personally attest to the truth of the information provided to him by Detective Krause.  Even

---

[44] Exhibit 4, pg. 2 to Freimund Declaration (ECF No. 63-4).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

17

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

assuming that the information told to him by Detective Krause was false, which it was not, defendant Peters' actions in using the information to support the motion for the arrest warrant are protected by absolute immunity.

## C.    Alternatively, Defendant Peters Is Entitled To Qualified Immunity

Even if absolute immunity was not applicable, defendant Peters is entitled to qualified immunity for all acts related to the prosecution.  Law enforcement officers are entitled to qualified immunity from § 1983 claims when (1) no federal constitutional right has been violated, or (2) even if a violation is established, the right was not clearly established at the time of the challenged conduct sufficient to make a reasonable officer aware that he was violating the right.  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  This immunity provides "ample room for mistaken judgment" by protecting all but the plainly incompetent or those who knowingly violate the law.  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).  Qualified immunity shields defendant Peters from plaintiff's damage action because there is no evidence that his conduct was unlawful in light of settled law in 1985.

### 1.    Qualified Immunity Based Upon Probable Cause

Probable cause is a complete defense to Mr. Spencer's claims for malicious prosecution, false arrest, and false imprisonment.  *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009).  Law enforcement officers are entitled to qualified immunity when a reasonable officer could have believed probable cause existed to arrest and charge plaintiff with a crime.  *Hunter*, U.S. at 230.  Probable cause exists when officers have knowledge based upon reasonably trustworthy information that the person arrested committed a criminal offense.  *Cunningham v. City of Wenatchee*, 345 F.3d 802, 811 (9th Cir. 2003), cert

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

18

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

denied, 541 U.S. 1010 (2001). Child disclosures of sexual abuse standing alone are sufficient to establish probable cause to charge the crime of sex abuse. *Doggett v. Perez*, 348 F. Supp.2d 1198, 1204 (E.D. WA 2004).

Probable cause existed to initiate the prosecution of Mr. Spencer, even assuming Mr. Peters actually made the initial decision to charge on January 3, 1985, which he did not. Probable cause existed from the interviews of Kathryn and others by Detective Krause completed in October of 1984. Probable cause existed to file the application for an arrest warrant and to file an Amended Information on February 28, 1985, charging Mr. Spencer with the sexual abuse of his stepson Matthew Hansen. Probable cause was based upon the disclosures made to Detective Krause by Matthew Hansen earlier on February 1985.[45] There was no reason for Mr. Peters to believe that the information conveyed to him on February 28 by Detective Krause was false. Matthew Hansen has never recanted his allegations against his stepfather and maintains to this day that he was sexually abused by his stepfather.[46] There is no evidence to support a conclusion that Detective Krause, much less James Peters, fabricated Matthew Hansen's allegations. Probable cause existed to continue the prosecution of Mr. Spencer for sexual abuse of Matthew Hansen based upon Mr. Spencer's damaging admission made following his arrest on February 28 that his stepson's allegations "must be true."[47]

Probable cause existed to file the Second Amended Information on May 3, 1985, based upon Detective Krause's interviews of Matthew Spencer and Kathryn Spencer on March 25,

---

[45] Exhibit 3 to Krause Declaration (ECF No. 64-3).
[46] Declaration of Matthew Hansen (ECF No. 54).
[47] Exhibit 4, pgs. 3-4 to Krause Declaration (ECF No. 64-4).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

19

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1985.[48]  In 2009, Matthew Spencer testified in the reference hearing that he did in fact make disclosure of sexual abuse to Detective Krause in March of 1985, even though he recanted his allegations in support of his father's 2007 personal restraint petition.[49]

Mr. Peters had probable cause to continue with the prosecution.  In addition to the statements of the child witnesses, potential child hearsay testimony from Shirley Spencer and Detective Krause supported the allegations of abuse, as did the potential testimony from the counselors for the Spencer children.[50]  Finally, Mr. Spencer chose to plead guilty to many of the charges.  Mr. Peters had no reason to believe he was not competent to do so and had no reason or duty to challenge the determination made by Judge Lodge who accepted the plea after thoroughly questioning Mr. Spencer in open court when he accepted the guilty plea on May 16, 1985.[51]

**2.  Qualified Immunity for Alleged Deliberate Fabrication of Evidence**

There is no constitutional due process right to have a child witness in a sexual abuse case interviewed in a particular manner.  *Devereaux*, 263 F.3d at 1075.  To withstand summary judgment, plaintiff must present evidence of (1) defendants continued their investigation despite that they knew or should have known plaintiff was innocent; (2) defendants used investigative techniques so coercive and abusive that they knew or should have known those techniques would yield false information.  *Id.* at 1076.  *See also, Cunningham v. City of Wenatchee*, 345 F.3d 802, 811 (9th Cir. 2003), cert denied, 541 U.S. 1010 (2004).

---

[48] Exhibits 5 and 6 to Krause Declaration.
[49] Exhibit F, pgs. 15-16, 29 to Fetterly Declaration.
[50] Peters Declaration pgs. 4-8.
[51] Peters Declaration pgs. 5-6; Exhibit 8 to Freimund Declaration.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

20

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Plaintiffs cannot prove defendant Peters knew or should have known Mr. Spencer was innocent or that the information Detective Krause provided to him, upon which the charging decisions were based, was false.  If believed by jurors, the information provided to defendant Peters by Detective Krause was sufficient to convict Mr. Spencer.  Matthew Spencer testified as an adult in 2009 that he did disclose sexual abuse to Detective Krause in 1985.[52]  Matthew Hansen to this day maintains that the abuse occurred.[53]  Defendant Peters had no reason to believe that Detective Krause was not truthful when she relayed the statements of the Spencer children and of Matthew Hansen to prosecutors in 1984 and 1985.

## D.   Clyde Ray Spencer is Collaterally Estopped from Re-Litigating His Claims That James Peters Violated His Constitutional Rights

Defendant Peters incorporates the arguments on collateral estoppel contained in the briefs filed by defendant Krause (pgs. 4-8) and defendant Davidson (pgs. 15-19).

In his habeas corpus proceeding filed in 1994 Mr. Spencer alleged violation of his federal constitutional rights based upon: (1) incompetence of defense counsel; (2) lack of competence to enter his plea of guilty because he was under the influence of drugs and suffering severe depression caused or contributed to by pressure to confess by Sgt. Davidson; and (3) medical reports concerning Kathryn and Matthew Hansen which were negative for physical findings of sexual abuse were unconstitutionally withheld from his counsel in violation of *Brady v. Maryland*.[54]  The Ninth Circuit Court of Appeals in 1996 ordered an evidentiary hearing held on the two latter issues.[55]

---

[52] Exhibit F, pgs. 15-16, 29 to Fetterly Declaration.
[53] Declaration of Matthew Hansen (ECF No. 54).
[54] Exhibits 13-16 to Freimund Declaration (ECF Nos. 63-13, 64-14, 63-15, and 63-16).
[55] Exhibit 16 to Freimund Declaration (ECF No. 63-16).

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

21

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

This evidentiary hearing took place over three days before Judge Robert Bryan in September of 1996.  The court heard testimony from over eleven witnesses over four days, including testimony from several physicians and other expert witnesses.[56]  At the close of the testimony Judge Bryan made findings of fact and conclusion of law that Mr. Spencer's federal constitutional rights were not violated by law enforcement officers or by the Clark County Prosecuting Attorney's Office.  These findings were made following a full adjudication on the merits of the same issues Mr. Spencer now raises.  Mr. Spencer was a party to that proceeding.  Judge Bryan's findings are binding upon him by principles of collateral estoppel.

The findings of fact and conclusions of law formally entered by Judge Bryan on September 25, 1996, totally exonerated James Peters and the Clark County Prosecutor's Office from claims that they committed prosecutorial misconduct by allegedly withholding the medical reports on two of the three victims.  At the close of the hearing Judge Bryan found that the report concerning Matthew Hansen was never in the possession of the Clark County Sheriff's Office or the Prosecuting Attorney's Office.[57]  He found that the report concerning Kathryn was in the possession of the Sherriff's Office but was never turned over to the prosecutor.[58]  Judge Bryan went on to find that, even if the medical report could have been used by defense counsel to attack Kathryn's credibility, it was not sufficient to negate acts of sexual abuse because the evidence against Mr. Spencer was overwhelming when he entered his plea of guilty.  Therefore, the withholding of the medical report concerning Kathryn by the

---

[56] Exhibits A, B1-B5 to Fetterly Declaration.

[57] "My conclusion is that . . . the report [concerning Matthew Hansen] was not in the hands of the Sheriff's office or the prosecutor prior to the plea.:  Oral ruling of Judge Bryan, pg. 523; Exhibit C to Fetterly Declaration.

[58] "I am satisfied that if they [the medical reports] had gone to the prosecutor, they would have gone to Mr. Rulli."  Oral Ruling of Judge Bryan, pg. 524; Exhibit C to Fetterly Declaration.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

22

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Sheriff's Office did not violate *Brady v. Maryland*, 373 U.S. 83, 87 (1963) or *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995).[59]

Judge Bryan also found that Mr. Spencer was legally competent to enter the *Alford* plea in May of 1985, and that his plea was voluntary. In so ruling Judge Bryan referenced the testimony of Mr. Rulli, Mr. Peters and "indirectly the plea colloquy of Judge Lodge, none of whom saw any signs of mental illness." Judge Bryan went on to reference the medical testimony presented including the testimony of Dr. Dixon, "all of whom testified that he [Mr. Spencer] appeared to be competent in the legal sense." The judge noted the "best evidence" to be the plea colloquy which demonstrated rational and appropriate responses to questions as well as a factual understanding of the proceedings, sufficient ability to consult with counsel and ability to make a reasoned choice. All supported a conclusion of legal competence to enter the *Alford* plea.[60]

These findings of fact and conclusion of law made by Judge Bryan collaterally estop Mr. Spencer from raising these same claims of alleged constitutional violations 15 years later.

---

[59] Exhibit 15 to Freimund Declaration, pgs. 3-4 (ECF No. 63-15). In his findings of fact and conclusions of law Judge Bryan noted that the medical report concerning Kathryn would only have been material if she were to testify to full vaginal penetration, not a required element to prove statutory rape in the first degree in 1985. Wash. Rev. Code 9A.44.010(1) and 9A.44.070 (1979) (amended 1986) (repealed by Laws 1988, Ch. 145 § 24). Therefore, the medical report would not negate the acts of sexual abuse charged and "the absence of physical symptoms does not conclusively indicate a lack of full vaginal penetration and is certainly inconclusive as to Mr. Spencer's guilt of those crimes that he pleads guilty to." If defense counsel had the medical report, "it would not have been sufficiently exculpatory or persuasive to cause him to plead not guilty and to go to trial," as Kathryn Spencer's medical report was not likely to persuade the trier of fact that Mr. Spencer was not guilty of the crimes charged. Exhibit D to Fetterly Declaration, pgs. 3-4. Judge Bryan's findings and conclusions on this issue were supported by the medical testimony presented over the four day hearing. This included the testimony of the two examiners that their examinations were cursory and only sought to document obvious trauma which could have healed before the examinations took place. Additionally, Dr. Wiester, the state's expert, testified that slight penetration sufficient to constitute sexual abuse typically occurs in the absence of physical findings. Exhibits B-1, B-2, and B-5 to Fetterly Declaration.

[60] Exhibit C to Fetterly Declaration, pgs. 520-22.

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

23

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**E.     There Is No Evidence Defendant Peters Was Part Of A Conspiracy To Arrest, Charge And Convict Plaintiff With A Crime**

A conspiracy in violation of § 1983 claim requires proof of (1) agreement between the defendants to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) a constitutional violation.  *Gausvik v. Abbey*, 239 F. Supp. at 1104.  There is no evidence that defendant Peters entered into an "agreement" with other defendants to violate Mr. Spencer's constitutional rights.

## IV.     CONCLUSION

Based upon the foregoing, the motion of defendant James Peters for summary judgment should be granted and all claims against him dismissed with prejudice.

DATED this 24th day of May, 2012.

ROBERT M. McKenna
Attorney General


By: s/Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General's Office
P.O. Box 40126
Olympia, WA  98504-0116
Telephone: (360) 586-6300
Fax: (360) 586-6655
E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant Peters

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

24

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th of May, 2012, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Plaintiffs attorney:

**Plaintiffs' Attorneys:**

dandavies@dwt.com
kathleen.zellner@gmail.com
dhjohnson43@aol.com

AND TO

**Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's Office:**

Bernard.veljacic@clark.wa.gov
gbogdanovich@lldkb.com
jefff@fjtlaw.com

**Attorney for Co-Defendant Spencer:**

dunnwh@pacifier.com
western@wscd.com

By: s/Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General's Office
P.O. Box 40126
Olympia, WA 98504-0116
Telephone: (360) 586-6300
Fax: (360) 586-6655
E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant Peters

MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT
JAMES PETERS
NO. C11-5424BHS

25

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300