The Honorable Benjamin Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E.
TETZ,

         Plaintiffs,

v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY
JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT
MICHAEL DAVIDSON, CLARK
COUNTY PROSECUTOR'S OFFICE,
CLARK COUNTY SHERIFF'S
OFFICE, THE COUNTY OF CLARK
and JOHN DOES ONE THROUGH
TEN,

         Defendants.

NO.  C11-5424BHS

DECLARATION OF JAMES M.
PETERS IN SUPPORT OF
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

NOTED FOR JUNE 22, 2012

I, James M. Peters, make the following declaration under penalty of perjury:

I am over the age of 18, competent to testify about the matters stated herein, and make this declaration based upon my personal knowledge.

1.     I am an Assistant United States Attorney.  My business address is 800 Park Blvd. Suite 600 in Boise, Idaho.  I graduated from law school in June of 1976, and was admitted to the Washington State Bar Association in February 1977.  I accepted appointment as a Deputy Prosecuting Attorney for Clark County, Washington in March of 1977.  I left this employment in

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   September of 1987, when I accepted a one year appointment with the American Prosecutors

2   Research Institute located in Alexandria, Virginia.  I formally resigned my employment with the

3   Clark County Prosecuting Attorney's Office in the fall of 1988, when I took a full time position as

4   a Senior Attorney with the American Prosecutors Research Institute.  I became employed as an

5   Assistant United States Attorney in September 1990, and have held this position continuously

6

7   since that time.

8        2.       I first became involved in the events which led to the prosecution of plaintiff

9   Clyde Ray Spencer in late 1984.  My first involvement in this case consisted of a review of

10  reports prepared by Sharon Krause, then a detective with the Clark County Sheriff's Department,

11  and other law enforcement officers concerning allegations that Mr. Spencer had sexually abused

12  his daughter Kathryn, who was then age five.  Copies of these initial reports are attached as

13  Exhibits 1 and 2 to the Declaration of Sharon Krause filed in support of the summary judgment

14  for defendants.  The purpose of my review was to assist Arthur Curtis, the elected Prosecuting

15  Attorney for Clark County, in making a decision concerning whether or not to charge Mr. Spencer

16  with sexually abusing his daughter Kathryn Spencer.  By late 1984, I had worked on dozens of

17  cases with Detective Krause involving alleged child sexual abuse and other violent crimes.  Based

18  upon this experience I found her to be an extremely thorough and competent investigator as well

19

20  as a person of integrity who took her responsibilities as a law enforcement officer very seriously.

21

22        3.       Because Mr. Spencer was then employed as a police officer for the City of

23  Vancouver, Mr. Curtis had elected to send the police reports to the King County Prosecuting

24  Attorney's Office for an outside review and opinion to assist him in making the charging decision.

25  This was done to avoid any appearance that in making the charging decision the Clark County

26

DECLARATION OF JAMES PETERS                    2                    ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                              Torts Division
                                                                      7141 Cleanwater Drive SW
                                                                          P.O. Box 40126
                                                                      Olympia, WA 98504-0126
                                                                         (360) 586-6300

Prosecutor was favoring a local law enforcement officer. During my initial involvement in the Spencer case I was aware that Rebecca Roe, then a deputy prosecuting attorney for King County, had reviewed the initial reports of law enforcement and had opined in November of 1984, that, although Mr. Spencer was likely guilty in her opinion, prosecution would be challenging due to Kathryn's young age. Her report dated November 27, 1984, is attached as Exhibit 1 to the Declaration of Jeffrey Freimund filed in support of defendants' motion for summary judgment.

4. Prior to the charging decision being made, Kathryn Spencer and her mother Deanne Spencer traveled to Vancouver. I met Kathryn and her mother briefly at my office, which was located on the third floor of the Clark County Courthouse, on December 10, 1984. I showed them the court room and explained the procedure to be followed in the event Kathryn were required to testify, something I did with many child witnesses. I did this to familiarize her with the court room setting in the event it was necessary for her to testify at a future date as she lived out of state and would not be readily available to me as trial approached.

I interviewed Kathryn Spencer the following day, December 11. The purpose of this interview was to evaluate her competence as a witness, how she would present as a witness in the event the decision to charge was made and to weigh whether or not her testimony or her testimony, in combination with other evidence, would be sufficient to obtain a conviction. I also used the interview to establish a rapport with her in the event I later had to question her on the witness stand. My interview took place at the Clark County Sheriff's Office. Kathryn's mother was present in the interview room due to Kathryn's young age and her desire to have her mother present. Kathryn confirmed the allegations of sexual abuse by her father in the interview. A video tape was made of this interview. The interview was conducted at the Clark County

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1    Sheriff's Office because that was the only location of video recording equipment available for use

2    at that time.   Detective Krause did not participate in the interview, nor did any other law

3    enforcement officer, because the purpose of the interview was to assist in the prosecutor's

4    decision concerning whether to file charges and, if so, to prepare Kathryn's testimony.

5        5.       The possible use of the Washington Child Hearsay Statute, RCW 9A.44.120 (a

6    relatively new statute enacted as Laws of 1982, Ch. 129, Sec. 2) also factored into the

7    prosecutor's decision concerning whether or not to charge Mr. Spencer with the alleged crimes

8    against Kathryn.   Even if Kathryn was unable to provide testimonial evidence when confronted

9    with the need to testify, it was possible to offer hearsay testimony from her then stepmother

10   Shirley Spencer, to whom she first disclosed, and possibly from Detective Krause concerning the

11   alleged acts of abuse.   The fact that Kathryn first disclosed to her stepmother, then married to Mr.

12   Spencer, as opposed to her own mother, who was divorced from Mr. Spencer, and the child-like

13   way it was disclosed to her stepmother also lent credibility to her accusations and was relevant to

14   the charging decision.

15       6.       On or about January 3, 1985 I was party to a conversation that took place in the

16   prosecutor's office with Arthur Curtis and Detective Sharon Krause where the subject of the

17   internal affairs investigation then being conducted by the Vancouver Police Department

18   concerning Mr. Spencer was discussed.   In this conversation Mr. Curtis told Detective Krause and

19   me that information had been conveyed to him by the Vancouver Police Chief or other senior law

20   enforcement officers that the internal affairs investigation concerning Mr. Spencer had concluded

21   with the recommendation that his employment would be terminated.   We were informed that this

22   decision of the Vancouver Police Department Internal Affairs Department was based upon several

DECLARATION OF JAMES PETERS                    4            ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                          Torts Division
                                                                  7141 Cleanwater Drive SW
                                                                       P.O. Box 40126
                                                                   Olympia, WA 98504-0126
                                                                       (360) 586-6300

1  instances of sexual misconduct that had taken place over the past several years.  Included was his

2  rape of a high school student several years previously as well as the determination by the internal

3  affairs investigators that he had in fact sexually abused his daughter Kathryn.  In this conversation

4  Mr. Curtis asked based upon my interview whether Kathryn would be competent to testify.  I

5  reported to him that I believed that she would be found to be competent and that she had relayed

6  information concerning the sexual abuse to me, although she did so with some difficulty as is

7  typical of nearly all five year old witnesses.  All these items factored into the decision ultimately

8  made by Arthur Curtis to file an Information charging Mr. Spencer with two counts of sexually

9  abusing Kathryn Spencer dated January 3, 1985, just over two weeks after my interview of

10  Kathryn.  *See* Exhibit 2 to Declaration of Jeffrey Freimund.

11        7.        James Rulli, then a Clark County attorney specializing in the defense of criminal

12  matters who later became a Clark County Superior Court Judge, appeared to represent Mr.

13  Spencer after the initial charges were filed.  Mr. Spencer was released on personal recognizance

14  for the charged crimes.  After the charging decision was made by Mr. Curtis, I continued to

15  participate in the prosecution along with Barbara Linde, a deputy prosecuting attorney for King

16  County who had been appointed by Norm Maleng, then the King County Prosecuting Attorney, to

17  handle the prosecution at the request of Mr. Curtis.  On January 25, 1985, I entered into an

18  Omnibus Application and Agreed Order with Mr. Rulli concerning discovery.  Exhibit 1 hereto.

19  At that time the Clark County Prosecutor's Office had a policy of full disclosure to defense

20  counsel of everything contained in the prosecutor's file while a case was pending.  When defense

21  counsel came to our office and requested to copy items from our file, the procedure in place at that

22  time was to provide the entire file to defense counsel and allow them to use our copy machine to

DECLARATION OF JAMES PETERS          5          ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                        Torts Division
                                                        P.O. Box 40126
                                                        7141 Cleanwater Drive SW
                                                        Olympia, WA 98504-0126
                                                        (360) 586-6300

1   make copies of documents which they wished to copy.   Defense counsel were provided an

2   account and a counter which recorded the number of copies made which was billed to their

3   individual account.   A trial date was set but was later continued to May 20, 1985, after an

4   Amended Information was filed charging Mr. Spencer with additional crimes as a result of the

5   ongoing investigation conducted by the Clark County Sheriff's Department.

6

7        8.       The case against Mr. Spencer took on a new dimension following the interviews of

8   Shirley Spencer and her son Matthew Hansen by Detective Krause on February 22 & 28, 1985.

9   In these interviews Matthew Hansen, Mr. Spencer's then five year old stepson, disclosed acts of

10  sexual abuse on the part of Mr. Spencer toward him.   Matthew Hansen also stated that he had

11  observed Mr. Spencer sexually abuse Kathryn and Matthew Spencer.   *See* Exhibit 4 to

12  Declaration of Sharon Krause.

13       9.       On February 28, 1985, following the procedure for obtaining an arrest warrant that

14  was in place throughout my tenure with Clark County Prosecutor's Office,  I filed a motion for

15  issuance of a warrant for the arrest of Clyde Ray Spencer based upon information provided to me

16  by Detective Krause concerning her interview of Matthew Hansen earlier that day in which he

17  reported that his stepfather sexually abused him on multiple occasions.  In my affidavit filed in

18  support of the arrest warrant I relayed the allegations made by Matthew Hansen to Detective

19  Krause later recorded in her report dated February 28, 1985.  Exhibit 4 to Freimund Declaration. I

20  had no reason then, and have no reason now, to believe that these statements were not recorded

21  accurately by Detective Krause or to believe that they were fabricated by her or anyone else.  A

22  superior court judge found probable cause for issuance of an arrest warrant for Mr. Spencer and

23  issued the arrest warrant later that same date.  Exhibit 5 to Freimund Declaration.

24

25

26

DECLARATION OF JAMES PETERS                    6              ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                              Torts Division
                                                                        7141 Cleanwater Drive SW
                                                                             P.O. Box 40126
                                                                      Olympia, WA 98504-0126
                                                                           (360) 586-6300

10.     Mr. Spencer was interviewed by Clark County Sheriff's deputies immediately following his arrest on February 28, 1985.  In this interview Mr. Spencer did not deny the allegations made by Matthew Hansen but stated to the officers that he "just couldn't remember" whether he had sexually abused his daughter and stepson.  Mr. Spencer also stated that "I must have done it if Little Matt said I did; this can't be my ex-wife this time."  Exhibit 4, pg. 3 to Declaration of Sharon Krause.  These admissions would have been used against Mr. Spencer if the case were to proceed to trial.

11.     On February 28, 1985, I filed a First Amended Information charging Mr. Spencer with additional counts of statutory rape related to the sexual abuse of Matthew Hansen.  Exhibit 2 hereto.

12.     On March 25, 1985, Detective Krause conducted follow up interviews of Kathryn Spencer and Matthew Spencer.  In these interviews both the Spencer children disclosed sexual abuse by Mr. Spencer and corroborated the allegations made by Matthew Hansen the prior month.  These disclosures led to the filing of a Second Amended Information charging Mr. Spencer with ten counts of first degree statutory rape and six counts of complicity to first degree statutory rape concerning the sexual abuse of his children and stepson.  Exhibit 6 to Freimund Declaration.  I was not present during these interviews and was not present at any of the interviews of the victims which were conducted by law enforcement officers.

13.     Trial preparation proceeded.  I filed a notice required by RCW 9A.44.120 of the intent to use hearsay statements of the child victims and proceeded with trial preparation.  Exhibit 3 hereto.  Mr. Rulli retained the services of a psychiatrist, Dr. Dixon, and a psychologist, Dr. McGovern, and arranged for his client to be transported from the Clark County Jail to their offices

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

for evaluation.  Exhibits 4 and 5 hereto.  Neither raised any question concerning Mr. Spencer's competence.  I was never notified by Mr. Spencer's counsel of a possible defense of insanity, lack of mental competence or lack of capacity.

14.      On May 3, 1985, Mr. Rulli asked that the trial date be continued so that he could travel to Sacramento, California to interview the Spencer children.   Consistent with the Omnibus Application, Mr. Rulli applied to the court for permission to travel to Sacramento at county expense to interview the Spencer children.  The court granted this request at a hearing held on May 3, 1985.  Exhibit 8 to Freimund Declaration.  Mr. Rulli's interviews of the Spencer children took place on May 9, 1985, in Sacramento, California.  I accompanied Mr. Rulli to California and was present when he interviewed Kathryn and Matthew.  Both children held to their earlier disclosures of abuse.  While in California Mr. Rulli and I interviewed Kathryn's counselor who reported behavior consistent with sexual abuse in corroboration of Kathryn's statements, evidence which would be admissible if the case were to proceed to trial.

15.      Within days of our return to Clark County from California, Mr. Rulli reported to me that his client intended to plead guilty to the majority of the charges.  I assumed that this sudden change of events was caused by the fact that the Spencer children held to their earlier disclosures of abuse during the interview with Mr. Rulli on May 9 and possibly other reasons known only to Mr. Rulli and his client.  Mr. Spencer then entered into a Statement on Plea of Guilty to seven counts of first degree statutory rape and four counts of first degree complicity to statutory rape which was filed with the Court on May 16, 1985.   Exhibit 7 to Freimund Declaration.

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

16.     Mr. Spencer's *Alford* plea was accepted in open court by Judge Thomas Lodge at a hearing held on May 16, 1985.  I was present with Mr. Spencer and his counsel on that date. During this hearing Judge Lodge made a thorough interrogation of Mr. Spencer on the record concerning whether or not he was entering his plea of guilty voluntarily.  The court also took note of the fact presented by Mr. Spencer's counsel that he had been evaluated by both a psychiatrist, Dr. Dixon, and a psychologist, Dr. McGovern, both retained by Mr. Spencer, to determine if he was mentally competent to enter his plea of guilty.  Judge Lodge questioned Mr. Spencer directly on this point.  Exhibit 8 to Freimund declaration.  At the close of the hearing Judge Lodge accepted the guilty plea as voluntary.  Exhibit 8 to Freimund Declaration.  Sentencing took place the following week before Judge Lodge on May 23, 1985.

17.     I took no further role in the prosecution of Mr. Spencer after entry of his guilty plea and sentencing that took place in May of 1985.  I later learned that he attempted to set aside his plea of guilty in an appeal and made several attempts to attack the entry of judgment on plea of guilty collaterally by way of personal restraint petitions filed in the state court of appeals.  I also learned that he filed a habeas corpus petition in United States District Court for the Western District of Washington at Tacoma in 1994 in which he alleged that his rights under the United States Constitution had been violated by alleged incompetence of counsel, claimed that alleged exculpatory evidence in the form of medical reports concerning Kathryn Spencer and Matthew Hansen had been withheld from him in violation of *Brady v. Maryland* and that he was not competent to enter the *Alford* pleas in May of 1985.

18.     An evidentiary hearing was ordered to be held in federal district court concerning the issues of Mr. Spencer's competence and the alleged withholding of the medical reports

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

concerning Matthew Hansen and Kathryn Spencer by the State.  I testified as a witness at the hearing after being subpoenaed to testify by the State of Washington.  The evidentiary hearing took place over three days before Judge Robert Bryan in September of 1996.  I testified that my practice was to disclose all items in the prosecutor's file to the defense attorney while a case was pending and that I followed this practice in the Spencer case in 1985.  If an item was not disclosed, such as the claimed medical reports, they most likely were never received by the prosecutor's office. At the close of the three day hearing Judge Bryan made a specific finding that neither medical report concerning Kathryn Spencer nor Matthew Hansen had been withheld from defense counsel by the prosecutor.  Judge Bryan also found that neither report was material in that it would not have changed the defendant's decision to plead guilty.  Other than participating as a witness at the 1996 habeas corpus proceeding, I took no part in any other post judgment proceedings brought by Mr. Spencer.

19.    On October 9-10, 2005 the Vancouver Columbian newspaper ran a series of articles in which it reported that Mr. Spencer had ineffective assistance of counsel in 1985.  The articles were also very critical of the work of Sharon Krause on the case.  Because Mr. Spencer's former attorney Mr. Rulli was now a Clark County Superior Court Judge and could not speak to the press about the case, I felt compelled to defend the reputation of his former attorney as well as the work of Sharon Krause.  I wrote a letter to the editor of the Vancouver Columbian within days after the news articles were published in October of 2005.  Among other things I pointed out in this letter the ruling made by Judge Bryan and affirmed by the Ninth Circuit Court of Appeals that Mr. Spencer did in fact have competent counsel in 1985 and that his civil rights were not violated

DECLARATION OF JAMES PETERS                    10                    ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                                              Torts Division
                                                                                            7141 Cleanwater Drive SW
                                                                                            P.O. Box 40126
                                                                                            Olympia, WA 98504-0126
                                                                                            (360) 586-6300

by Clark County law enforcement officers.  I did not participate in other press releases made by the Clark County Prosecutor's Office concerning the Spencer case made at a future date.

20.      I also later learned that Sgt. Michael Davidson, Detective Krause's supervisor in 1985, became romantically involved with Shirley Spencer at some point.  I had no knowledge of the existence of this relationship at the time I was involved in Mr. Spencer's prosecution.  Although I had a professional working relationship with Sgt. Davidson during this period of time, I was not a social friend of Sgt. Davidson and had no knowledge of his matrimonial or romantic relationships.

Signed under penalty of perjury of the laws of the State of Washington this _10_ day of May 2012, at Boise, Idaho.

JAMES M. PETERS

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th of May, 2012, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Plaintiffs attorney:

**Plaintiffs' Attorneys:**

> dandavies@dwt.com
> kathleen.zellner@gmail.com
> dhjohnson43@aol.com

AND TO

**Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's Office:**

> Bernard.veljacic@clark.wa.gov
> gbogdanovich@lldkb.com
> jefff@fjtlaw.com

**Attorney for Co-Defendant Spencer:**

> dunnwh@pacifier.com
> western@wscd.com

By: s/Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General's Office
P.O. Box 40126
Olympia, WA 98504-0116
Telephone: (360) 586-6300
Fax: (360) 586-6655
E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Service accepted and receipt of
true copy acknowledged this
25 day of _January_, 1985.

ARTHUR D. CURTIS
Prosecuting Attorney

By _James M. Peters_
Deputy Prosecuting Attorney


IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON,                )
                                    )
                    Plaintiff,      )   No. 85-1-00007-2
                                    )
        v.                          )   OMNIBUS APPLICATION BY DEFENDANT
                                    )   AND ORDER OF COURT
CLYDE RAY SPENCER,                  )
                                    )
                    Defendant.      )

DATE: 1-25-85

NOTICE TO:  DEPUTY PROSECUTING ATTORNEY

            1.  MOTION BY DEFENDANT

        Pursuant to and in accordance with Rule 4.5 of the Criminal

Rules for Superior Court, Plaintiff makes application or motions

checked as follows:

_____    1.  To dismiss for failure of the information to state
                an offense.

_____    2.  To sever Defendant's case and for separate trial.

_____    3.  To sever counts and for a separate trial.

✓           4.  To make more definite and certain.

                Answer: _____ will do

✓           5.  For discovery of all oral, written or recorded
                statements made by Defendant to investigating officers
                or to third parties and in the possession of the
                Plaintiff.

                Answer: _JP_ will provide

✓           6.  For discovery of the names and addresses of Plaintiff's
                witnesses and their statements.

                Answer: _JP_ will provide

OMNIBUS APPLICATION BY DEFENDANT          FERGUSON, EIESLAND, & RULLI
AND ORDER OF COURT - 1                         ATTORNEYS AT LAW

~~FILED~~                                   601 W. 13th STREET
                                            P.O. BOX 1339
                                            VANCOUVER, WASHINGTON 98666
                                            (206) 693-6613
EXHIBIT ___ |

                    JAN 25 1985

            George J. Miller, Clerk, Clark Co.

7. To inspect physical or documentary evidence in Plaintiff's possession.

   Answer: _JP_ will provide

8. To suppress physical evidence in Plaintiff's possession because of (1) illegal search, (2) illegal arrest.

9. For hearing under Rule 3.5. - *reserve*

10. To suppress evidence of the identification of the Defendant.

11. To take the deposition of witnesses.

12. To secure the appearance of a witness at trial or hearing.

13. To inquire into the conditions of pretrial release.

II.  TO REQUIRE THE PROSECUTION

14. To state:

   (a)  If there was an informer involved;

   (b)  Whether he will be called as a witness at the trial; and

   (c)  To state the name and address of the informer or claim the privilege.

15. To disclose evidence in Plaintiff's possession, favorable to Defendant on the issue of guilt.

   Answer: _JP_ will provide

   _____ none known

16. To disclose whether it will rely on prior acts or convictions of a similar nature for proof of knowledge or intent.

   Answer: _JP_ will disclose

   _____ none known

17. To advise whether any expert witness will be called, and if so, supply:

   (a)  Name of witness, qualifications and subject of testimony;

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 2

FERGUSON, EIESLAND, & RULLI
ATTORNEYS AT LAW
401 W. 13th STREET
P.O. BOX 1209
VANCOUVER, WASHINGTON 98666
(206) 693-3612

14

(b) Report.

Answer: _JP_ will disclose

_____ none known

18. To supply any reports or tests of physical or mental examinations in the control of the prosecution.

Answer: _JP_ will provide

_____ none known

19. To supply any reports of scientific tests, experiments, or comparisons and other reports to experts in the control of the prosecution pertaining to this case.

Answer: _JP_ will provide

_____ none known

20. To permit inspection and copying of any books, papers, documents, photographs or tangible objects which the prosecution:

*None known — will provide if any JP*

(a) obtained from or belonging to the Defendant, or

(b) which will be used at the hearing or trial.

21. To supply any information known concerning a prior conviction of persons whom the prosecution intends to call as witnesses at the hearing or trial.

Answer: _JP_ will provide

_JP_ none known

22. To inform the Defendant of any information he has indicating entrapment of the Defendant.

Answer: _____ will provide

_____ none known

23. Additionally, _____

For a hearing to determine whether the victim is

competent to testify at trial.

For a continuance of the trial date.

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 3

*FERGUSON, EIESLAND, & RULLI*
ATTORNEYS AT LAW
401 W. 13th STREET
P.O. BOX 1359
VANCOUVER, WASHINGTON 98666
(206) 693-2813

DATED this 25 day of January , 1985.

_James E. Rulli_
James E. Rulli
Attorney for Defendant

Requested items not answered are disputed.  All information

promised to be supplied in the future will be provided by

_Ten days before trial_.  ₥

_James M. Peters_
Deputy Prosecuting Attorney

O R D E R

The foregoing requests are granted as noted above.

DATED this 25 day of January , 1985.

_Tom Toda_
Judge of the Superior Court

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 4

*FERGUSON, EIESLAND, & RULLI*
ATTORNEYS AT LAW
401 W. 13th STREET
P.O. BOX 1208
VANCOUVER, WASHINGTON 98666
(206) 695-2012

## In the Superior Court of the State of Washington
## In and For the County of Clark

STATE OF WASHINGTON,

                     Plaintiff,

        vs.

CLYDE RAY SPENCER,

                    Defendant.

No. 85-1-00007-2

### INFORMATION

A M E N D E D

COMES NOW the Prosecuting Attorney in and for Clark County, State of Washington, and does by this inform the Court that the above named defendant..........is..............guilty of the..............crime..s...committed as follows, to-wit:

#### Count I.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being over thirteen (13) years of age, did unlawfully and feloniously engage in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age at the time, to-wit:  age five (5) years, in violation of RCW 9A.44.070(1), and contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

#### Count II.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, did knowingly cause Kathryn E. Spencer, not the spouse of the defendant and less than fourteen (14) years of age, to-wit:  age five (5) years, to have sexual contact with the defendant or another, in violation of RCW 9A.44.100(1)(b) and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

#### Count III.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on an unknown date during the summer of 1984, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit:  age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

FILED

FEB 2 8 1985

George J. Miller, Clerk, Clark Co.

ARTHUR D. CURTIS
Prosecuting Attorney in and for Clark County, Washington

By_____
Deputy Prosecuting Attorney

EXHIBIT 2

### Count IV.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on an unknown date between August 27th, 1984, and December 25, 1984, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit: age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

### Count V.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on or about February 16, 1985, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit: age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

February 28, 1985

ARTHUR D. CURTIS,
Prosecuting Attorney
Clark County, Washington

BY: *James M. Peters*
James M. Peters
Deputy Prosecuting Attorney

Count I:    Statutory Rape I, RCW 9A.44.070(1)
Count II:   Indecent Liberties, RCW 9A.44.100(1)(b)
Count III:  Statutory Rape I, RCW 9A.44.070
Count IV:   Statutory Rape I, RCW 9A.44.070
Count V:    Statutory Rape I, RCW 9A.44.070

INFORMATION - Page 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| Plaintiff, | ) | No. 85-1-00007-2 |
| vs. | ) | |
| CLYDE RAY SPENCER, | ) | NOTICE OF INTENT TO USE STATEMENTS PURSUANT TO |
| Defendant. | ) | RCW 9A.44.120 |

TO:  CLYDE RAY SPENCER, THE ABOVE NAMED DEFENDANT AND
TO YOUR ATTORNEY:  JAMES RULLI

Comes now Arthur D. Curtis, Prosecuting Attorney for

Clark County, by and through James M. Peters, Deputy Prosecuting

and does give notice to the defendant named herein, and his

counsel, James Rulli, of intent to use the out of court

statements of Kathryn Spencer, age 6, and Mathew Hansen, age

five, and Matthew Spencer, age 9, pursuant to RCW 9A.44.120.  Said statements are set

forth in the police reports, specifically interviews between

Sharon Krause, Shirley Spencer, and Deanne Spencer, copies of

which have been provided to the defendant and his attorney.

Further specifics, if needed, will be provided on request.

DATED this 10 day of May, 1985.

James M. Peters
James M. Peters
Deputy Prosecuting Attorney

Service accepted and receipt of
true copy acknowledged this
10 day of May, 1985.

James Rulli
Attorney for Defendant

FILED

MAY 10 1985

George J. Miller, Clerk, Clark Co.

NOTICE - 1

EXHIBIT   3

CLARK COUNTY PROSECUTING ATTORNEY
1200 FRANKLIN
P.O. BOX 5000
VANCOUVER, WASHINGTON 98668
(206) 699-2261



SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY

STATE OF WASHINGTON, )
                 Plaintiff, )   NO. 85-1-00007-2
                             )
         vs.                 )   ORDER FOR TRANSPORTATION
                             )
CLYDE RAY SPENCER,        )
                   Defendant. )

      THIS MATTER having come on regularly before the Court upon the
Defendant's request for an Order of Transporation and the Court
being fully advised in the premises, now, therefore,

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Sheriff
of Clark County shall transport the Defendant to Dr. Kevin B.
McGovern's office located at 1225 N.W. Murray Road, Suite 214,
Portland, Oregon, for an examination to be scheduled by the Clark
County Sheriff.

      IT IS FURTHER ORDERED that, upon completion of the examination,
the Clark County Sheriff will transport the Defendant back to the
custody of the Clark County Jail pending further order of this Court.

      DATED this *19* day of March, 1985.

                                _Tom Lodge_
                             JUDGE

Presented by:

_James E. Rulli_
JAMES E. RULLI, WSB #8135
Attorney for Defendant

FILED
MAR 20 1985
George J. Miller, Clerk, Clark Co.

ORDER FOR TRANSPORTATION

*JAMES E. RULLI*
ATTORNEY AT LAW
408 W. 8th STREET
P.O. BOX 1236
VANCOUVER, WASHINGTON 98660
(206) 885-8813

*17*

EXHIBIT 4

20

32x

SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY

STATE OF WASHINGTON   )
    Plaintiff,    )  NO. 85-1-00007-2
    vs.       )
CLYDE RAY SPENCER,  )  ORDER FOR TRANSPORTATION
    Defendant.   )

THIS MATTER having come on regularly before the Court upon the Defendant's request for an Order of Transportation and the Court being fully advised in the premises, mow therfore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Sheriff of Clark County shall transport the Defendant to the Psychiatric unit of Holladay Park Hospital located at 1225 N.E. 2nd Ave., Portland Oregon, for an examination to commence at 8:00.

IT IS FURTHER ORDERED that, upon completion of the examination, the Clark County Sheriff will transport the Defendant back to the custody of the Clark County Jail pending further order of the Court.

DATED this _10_ day of May, 1985.

         _____
         JUDGE

Presented By:

_James E. Rulli_
JAMES E. RULLI, WSB #6135
Attorney for Defendant.

Service accepted this ____ day
of May, 1985

_____
Deputy Prosecuting Attorney
James Peters

FILED

MAY 10 1985

George J. Miller, Clerk, Clark Co.

JAMES E. RULLI
ATTORNEY AT LAW
406 W. 9th STREET
P.O. BOX 1358
VANCOUVER, WASHINGTON 98666
(206) 693-5213

EXHIBIT ___5