The Honorable Benjamin Settle
Trial Date: April 16, 2013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, | No. C11-5424BHS |
| Plaintiffs, | DEFENDANT SHIRLEY SPENCER'S MOTION TO JOIN DEFENDANT MICHAEL DAVIDSON'S SUMMARY JUDGMENT MOTION AND FOR DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST DEFENDANT SPENCER PURSUANT THERETO |
| vs. | |
| FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK, SHIRLEY SPENCER and JOHN DOES ONE THROUGH TEN, | NOTED FOR: June 22, 2012 |
| Defendants. | |

## I.    RELIEF REQUESTED

Defendant Shirley Spencer moves to join Defendant Michael Davidson's Summary Judgment Motion seeking dismissal of Plaintiffs' claims. Defendant Davidson's motion is based, in part, on the statute of limitations as to all state law claims and on collateral estoppel

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -1
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1  precluding re-litigation of issues essential to Plaintiff Clyde Ray Spencer's constitutional

2  claims. These arguments apply with equal force to the claims asserted against Defendant

3  Spencer. The statute of limitations bars all state law claims against Defendant Spencer and

4  Plaintiff Spencer is collaterally estopped from re-litigating issues essential to federal

5  conspiracy claims. As a result, Defendant Spencer respectfully requests that the Court dismiss

6  Plaintiffs' claims for intentional infliction of emotional distress and state and federal law

7  conspiracy.

8                          II.    MATERIAL FACTS

9        Defendant Spencer adopts the Material Facts presented in Defendant Davidson's

10  Summary Judgment Motion, pages 2-13. The particular facts pertinent to this motion are

11  summarized as follows:

12        On May 16, 1985, Plaintiff Clyde Ray Spencer entered an *Alford* plea, in which he

13  pled guilty to seven counts of first degree statutory rape and four counts of complicity to first

14  degree statutory rape. Dkt. 63, *Freimund Decl.* at Ex. 7 (Statement of Defendant on Plea of

15  Guilty). At his plea hearing, Plaintiff Spencer stated that he had no basis upon which to refute

16  the victims' disclosures of his sexual abuse. *Id.* at Ex. 8 (certified transcript of the May 3,

17  1985, filing of the Second Amended Information, the May 16, 1985, plea hearing, and the

18  May 23, 1985, Sentencing Hearing), pp. 20-35. On May 23, 1985, the Court entered two

19  Judgments and Sentences, sentencing Plaintiff Spencer to life imprisonment. *Id.* at Ex 9

20  (Judgment and Sentencing Orders).

21        In May, 1986, Plaintiff Spencer moved to withdraw his guilty plea and vacate his

22  conviction. *Id.* at Ex. 10, pp. 1-2. Among his constitutional claims, he argued that the

23  prosecutor had failed to disclose exculpatory evidence—in particular, the King County

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -2
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

1   prosecutor's opinion that a conviction was unlikely based solely on Ms. Tetz's initial

2   disclosure and medical reports concluding that there was no physical evidence that Matthew

3   Hansen and Mrs. Tetz were sexually abused. *Id.* at Ex. 10, pp. 2-6. He also argued that he had

4   been coerced by Defendant Davidson into entering a guilty plea during jail visits motivated by

5   Davidson's alleged affair with Plaintiff Spencer's then-wife, Defendant Shirley Spencer. *Id.*

6   The trial court denied his motion and the Court of Appeals affirmed in 1988, specifically

7   concluding that Plaintiff Spencer's admissions in open court that his guilty plea was not

8   coerced outweighed his assertion that Defendant Davidson had coerced him. *Id.* Further, the

9   Court concluded that the prosecutor did not breach a duty to disclose exculpatory evidence

10   and, even if he did, Mr. Spencer was unable to prove that the evidence at issue would have

11   caused him to go to trial rather than enter a guilty plea. *Id.*

12       In 1994, after exhausting his state court remedies, Plaintiff Spencer sought habeas

13   corpus relief in the United States District Court for the Western District of Washington. Dkt.

14   62, *Freimund Decl.* at Ex. 13 (Magistrate's Report and Recommendations and Judge's Order

15   adopting the same). Again, he raised the constitutional claims that Defendant Davidson had

16   unlawfully coerced his guilty plea during jail visits motivated by his alleged affair with

17   Defendant Spencer, and that the prosecution had failed to disclose exculpatory evidence. *Id.* at

18   Ex 13, pp. 2-22. The federal court granted the State's motion for summary judgment dismissal

19   of the habeas petition, concluding, among other things, that Defendant Davidson did not

20   unconstitutionally coerce Plaintiff Spencer even if the jail visits occurred as alleged by Mr.

21   Spencer, and that there was no reasonable probability the two withheld medical reports would

22   have caused Mr. Spencer to proceed to trial rather than plead guilty. *Id.*

23

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -3
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

The Ninth Circuit Court of Appeals affirmed the District Court's conclusion that Defendant Davidson had not unlawfully coerced Plaintiff Spencer into pleading guilty. Dkt. 62, *Freimund Decl.* at Ex. 14 (Ninth Circuit Memorandum), pp. 4-5. With regard to the issue of exculpatory evidence, however, it concluded that Plaintiff Spencer was entitled to an evidentiary hearing to determine if there was a reasonable probability the two withheld medical reports would have caused him to proceed to trial rather than plead guilty. *Id.*

That hearing was conducted by Judge Bryan of the United States District Court for the Western District of Washington over a three-day period in September, 1996. Dkt. 62, *Freimund Decl.* at Ex. 15 (Judge Bryan's September 25, 1996 Order), pp. 2-4. After hearing testimony from several witnesses, Judge Bryan concluded that neither the Clark County Prosecuting Attorney nor the Clark County Sheriff's Office violated a duty to disclose the medical reports at issue. *Id.* Judge Bryan further concluded that "it is probable that if [Plaintiff] Spencer had Kathryn Spencer's [Tetz's] medical report, it would not have been sufficiently exculpatory or persuasive to cause him to refuse to plead guilty and to go to trial: Kathryn Spencer's medical report was not likely to persuade the trier of fact that [Plaintiff] Spencer was not guilty of the crimes charged." *Id.* Accordingly, Mr. Spencer's habeas corpus petition was denied. *Id.* Judge Bryan's ruling was affirmed in 1997 upon Plaintiff Spencer's appeal to the Ninth Circuit. Dkt. 62, *Freimund Decl.* at Ex. 16 (Ninth Circuit's 1997 Memorandum).

### III.   ISSUE STATEMENT(S)

Whether Plaintiff Clyde Ray Spencer's state law claims against Defendant Shirley Spencer are time barred by the statute of limitations when: (1) Mr. Spencer was sentenced to life in prison in 1985, and (2) Mr. Spencer's claims against Defendant Shirley Spencer were filed in 2011.

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -4
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

Whether Plaintiff Clyde Ray Spencer is collaterally estopped from re-litigating the issues of probable cause for his arrest, alleged coercion from Defendant Davidson and the alleged withholding of exculpatory evidence, when both state and federal courts have made final determinations foreclosing each of these issues.

## IV.    EVIDENCE RELIED UPON

This motion relies upon the Court's records and all pleadings filed in this matter, including Defendant Spencer's Motion for Summary Judgment and Supporting Declarations. (Dkt. 52-54). This motion specifically adopts, and relies upon Defendant Michael Davidson's Summary Judgment Motion (Dkt. 62) and the corresponding Declaration of Jeffrey Freimund (Dkt. 63), including all exhibits thereto.

## V.    LAW AND ARGUMENT

### 1.  *Plaintiff Spencer's State Law Claims Against Defendant Shirley Spencer are Barred by the Statute of Limitations*

Defendant Spencer adopts the argument set forth on page 14 of Defendant Davidson's Summary Judgment Motion. Plaintiff Clyde Ray Spencer has alleged two state law claims against Defendant Shirley Spencer—intentional infliction of emotional distress and conspiracy under the laws of Washington. The statute of limitations for each of these claims is three years. RCW 4.16.080(2). In Washington, personal injury actions ordinarily accrue at the time the challenged act or omission occurs. *Doggett v. Perez*, 348 F.Supp.2d 1169, 1175 (E.D. Wash. 2004). Causes of action arising out of an arrest or conviction must be commenced within two or three years of the conviction, even if it has yet to be invalidated. *Id.* at 1176-77; *Gausvik v. Abbey*, 126 Wn. App. 868, 879-82, 107 P.3d 98.

The three-year statute of limitations for Plaintiff Spencer's state law claims of conspiracy and intentional infliction of emotional distress against Defendant Spencer accrued

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -5
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

1   when he was sentenced to life in prison in May of 1985. It ran three years later, in May 1988.

2   Accordingly, Plaintiff's state law claims against Defendant Spencer have been time-barred by

3   the statute of limitations for over a decade and should be dismissed with prejudice.

4       **2.  *Mr. Spencer is Collaterally Estopped from Re-Litigating His Allegations that Defendants Violated His Constitutional Rights by Arresting Him Without Probable Cause and Withholding Exculpatory Evidence***

5

6       Defendant Spencer adopts the argument set forth on pages 16-19 of Defendant

7   Davidson's Summary Judgment Motion. Dkt. 62, p. 16-19. Plaintiff Clyde Ray Spencer

8   claims that defendants violated his Fourth, Fifth and Fourteenth Amendment constitutional

9   rights in the following ways: (1) arrest and prosecution without probable cause; (2)

10   coercion/conspiracy based upon Defendant Davidson's alleged romantic relationship with

11   Plaintiff Spencer's second wife; and (3) failure to disclose exculpatory evidence, including the

12   medical reports of two child victims. Dkt. 1, pp. 45-58. However, both state and federal courts

13   have entered final judgments regarding these allegations. Specifically, both state and federal

14   courts have determined that: (1) there was probable cause for Mr. Spencer's arrest; (2)

15   Defendant Davidson did not unconstitutionally coerce Plaintiff Spencer to plead guilty; and

16   (3) the children's' medical reports and the King County prosecutor's opinion were not

17   unconstitutionally withheld from Mr. Spencer. As such, Plaintiff Clyde Ray Spencer is

18   collaterally estopped from re-litigating these issues in furtherance of his conspiracy claims

19   against Defendant Spencer and his claims should be dismissed with prejudice.

20       **VI.   CONCLUSION**

21       Based upon the foregoing, the arguments presented in Defendant Davidson's motion

22   for summary judgment apply with equal force to the claims asserted by Plaintiffs against

23   Defendant Spencer. As such, Defendant Spencer requests that the Court grant its motion to

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -6
gw/GW1218.466/963850

1  join Defendant Davidson's Motion and dismiss all claims. Plaintiff's state law claims of

2  intentional infliction of emotional distress and conspiracy should be dismissed with prejudice

3  as they are barred by the statute of limitations. Plaintiffs' federal conspiracy claim should also

4  be dismissed with prejudice for the reasons set forth in Defendant Shirley Spencer's Motion

5  for Summary Judgment, (Dkt. 52) and because Plaintiff Spencer is collaterally estopped from

6  re-litigating the allegations central to his conspiracy claims. A proposed order is attached

7  hereto.

8      DATED this ____ day of May, 2012.

9

10                                          By: s/ Gary A. Western
                                            By: s/ Gabriella Wagner
11                                          Gary A. Western, WSBA# 12878
                                            Gabriella Wagner, WSBA# 42898
12                                          WILSON SMITH COCHRAN DICKERSON
                                            901 Fifth Avenue, Suite 1700
13                                          Seattle, WA 98164-2050
                                            Telephone: (206) 623-4100
14                                          Fax: (206) 623-9273
                                            E-mail: western@wscd.com
15                                          E-mail: wagner@wscd.com
                                            of Attorneys for Defendant Shirley Spencer
16

17

18

19

20

21

22

23

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -7
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

## CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorney for Plaintiffs**
Daniel T. Davies
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Email:  dandavies@dwt.com

**Attorney for Plaintiffs**
Douglas H. Johnson
Kathleen T. Zellner
Law Offices of Kathleen T. Zellner, P.C.
Esplanade IV
1901 Butterfield Road, Suite 650
Downers Grove, Illinois  60515
Email:  dhjohnson43@aol.com
Email:  kathleen.zellner@gmail.com

**Attorney for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office and Clark County**
Bernard F. Veljacic
Deputy Prosecuting Attorney
Clark County Prosecuting Attorney Civil Division
604 W. Evergreen Blvd.
P.O. Box 5000
Vancouver, WA  98666-5000
Email:  Bernard.Veljacic.@clark.wa.gov

**Attorney for Defendant Peters**
Daniel J. Judge
Attorney General's Office
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
Email:  danielj@atg.wa.gov

**Attorney for Defendant Davidson**
Jeffrey Freimund
Freimund Jackson & Tardif & Benedict Garratt, PLLC
711 Capitol Way S Ste 602
Olympia, WA  98501-1293
Email:  jefff@fjtlaw.com

**Attorney for Defendant Krause**
Guy M. Bogdanovich
Law Lyman Daniel Kamerrer & Bogdanovich
PO Box 11880
Olympia, WA  98508-1880
Email:  gbogdanovich@lldkb.com

DEFENDANT SHIRLEY SPENCER'S MOTION TO JOIN DEFENDANT MICHAEL DAVIDSON'S SUMMARY JUDGMENT MOTION – [No. C11-5424BHS] -8
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

**Attorney for Defendant Shirley Spencer**    **Attorney for Defendant Peters**
William H. Dunn                               Patricia C. Fetterly
Dunn Law Office                               Assistant Attorney General
P.O. Box 1016                                 Torts Division
Vancouver, WA  98666                          P.O. Box 40126
Email:  dunnwh@pacifier.com                   Olympia, WA  98504-0116
                                              Email:  patriciafl@atg.wa.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**Attorney for Defendant Peters**
Robert M. McKenna
Attorney General of Washington
Government Operations Division
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA 98504-0108

SIGNED this 25th day of May, 2012, at Seattle, Washington.

Betty Dobbins

DEFENDANT SHIRLEY SPENCER'S MOTION
TO JOIN DEFENDANT MICHAEL
DAVIDSON'S SUMMARY JUDGMENT
MOTION – [No. C11-5424BHS] -9
gw/GW1218.466/963850

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273