The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E. TETZ,

            Plaintiffs,

    v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY, JAMES
M. PETERS, DETECTIVE SHARON KRAUSE,
SERGEANT MICHAEL DAVIDSON, CLARK
COUNTY PROSECUTOR'S OFFICE, CLARK
COUNTY SHERIFF'S OFFICE, THE COUNTY
OF CLARK and JOHN DOES ONE THROUGH
TEN,

            Defendant.

No.  C11-5424BHS

PLAINTIFFS' REQUEST FOR
CONTINUANCE UNDER FED. R.
CIV. 56(d) BEFORE
RESPONDING TO DEFENDANT
SHARON KRAUSE'S MOTION
FOR SUMMARY JUDGMENT

NOW COME Plaintiffs, CLYDE RAY SPECER, et. al., by and through their attorneys,

Kathleen T. Zellner & Associates, P.C., and for their Motion for Relief Under Federal Rule of

Civil Procedure 56(d), states as follows:

### Procedural History

1.      Plaintiffs have filed a thirteen-count, sixty-eight page complaint against

Defendants.  Counts 1 through 7 assert claims under 42 U.S.C. §1983 for violations of Mr.

Spencer's various constitutional rights.  Counts 8 through 11 assert state claims against

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  Defendants related to the preceding counts brought under §1983.  Counts 12 and 13 assert

2  claims for Matthew R. Spencer and Kathryn E. Tetz's loss of consortium.

3        2.     Plaintiffs' complaint is based on the Defendants' collaborative effort to frame

4  Mr. Spencer for various acts of sexual abuse.  In doing so the Defendants acted without

5  probable cause, fabricated evidence, and withheld exculpatory evidence that would have

6  established Mr. Spencer's innocence.  The Defendants' wrongful conduct dates back to 1984,

7  the date that the Defendants embarked on their conspiracy to falsely accuse Mr. Spencer.

8        3.     Defendants Krause, Davidson, Clark County Prosecutor's Office, Clark County

9  Sheriff's Office and Clark County served their initial disclosures on September 29, 2011.  By

10 stipulated order this Court extended the time for Defendant Peters to file his initial disclosures

11 until November 15, 2011.  Defendant Peters filed his initial disclosures on November 14, 2011.

12       4.     On December 1, 2011, the parties submitted an Amended Proposed Joint Status

13 Report and Discovery Plan ("the Plan").  In the Plan, the Defendants indicated that discovery

14 must begin before settlement can be properly explored.  In the Plan the parties also agreed that

15 discovery would be needed on both liability and damages, and that discovery should not be

16 limited or focused on any particular issues.  The parties proposed that discovery could be

17 concluded within sixteen months (April 1, 2013) of filing the report.  *See Amended Joint Status*

18 *Report and Discovery Plan, Docket No. 47, ¶¶5-6.*

19       5.     On December 28, 2011, this Court entered a minute order, directing discovery to

20 be completed by December 17, 2012.

21       6.     Plaintiffs have been diligent in reviewing and obtaining discovery.  Plaintiffs'

22 counsel is in the process of reviewing Defendants' initial disclosures, which consists of

23 thousands of pages of documents spanning more than 25 years of investigation and court

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 2
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   proceedings.  *Zellner Affidavit*, ¶ 14.  Simultaneous with the filing of this motion, Plaintiffs are

2   serving Interrogatories on the various Defendants in anticipation of taking their depositions.

3          7.      On May 23, 2012, Defendant Sharon Krause filed a motion for summary

4   judgment seeking dismissal of all claims against him with prejudice pursuant to Federal Rules

5   of Civil Procedure 56.  Defendant Krause's motion is in addition to the motions for summary

6   judgment filed by the other Defendants on May 23 and May 24, 2012.[1]

7          8.      A review of Defendant Krause's motion and the attached declarations reveals

8   that additional discovery will be needed to properly respond to the motion.  Therefore, pursuant

9   to Federal Rules of Civil Procedure 56(d), Plaintiffs seek an order from this Court denying

10  Defendant Krause's motion without prejudice so that Plaintiffs can engage in discovery prior to

11  responding to Defendant Krause's dispositive motion.

12  ***Applicable Law***

13         9.      Federal Rule of Civil Procedure 56(d) provides:

14                 Once a motion for summary judgment is filed, the non-
       moving party must show to the court that a genuine and

15                 material factual dispute exists to defeat summary judgment.
       If the non-moving party is still conducting valuable

16                 discovery or for some other reason is not yet ready or able
       to make that showing, the party may file an affidavit or

17                 declaration explaining why a ruling on summary judgment
       should be postponed.  The court, in its discretion, may then

18                 grant a temporary reprieve if the reasons offered are
       persuasive.

19

20        10.     Rule 56(d) provides a device for litigants to avoid summary judgment when the

    nonmovant needs to discover affirmative evidence necessary to oppose the motion.  *Garrett v.*

21  *San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

22

23  _____

    [1] Defendant Shirley Spencer filed a motion to join in Defendant Davidson's motion for summary on May 25,
    2012.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

11.     A request for relief pursuant to Rule 56(d) should be granted where the requesting party specifies facts that further discovery would reveal, and explains why those facts would preclude summary judgment. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

12.     The Ninth Circuit has further held that district courts should grant any Rule 56(d) motion "fairly freely" when a party moves for summary judgment before the opposing party has had a realistic opportunity to pursue discovery relating to its theory of the case. *Burlington N. & Santa Fe Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003).  Indeed, Rule 56(d) requires, rather than merely permits, discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition. *Metabolife Inern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

13.     Defendant Krause's motion for summary judgment is based in large measure on the self-serving affidavits and exhibits attached to the other pending motions for summary judgment, many of which contain purported "facts" which Plaintiffs dispute.  (Defendant Krause's Mot., p.2, 6-7, A-C, E).  Due to the matters raised in the declarations and exhibits, Plaintiffs seek to depose all Defendants prior to responding to Defendant Krause's dispositive motion.

***Plaintiffs should be given an opportunity to depose Defendants Peters and Krause due to their inconsistent and inaccurate statements regarding their role in the investigation of Mr. Spencer***

14.     Plaintiffs seek discovery related to Defendant Krause's and Defendant Peters' role in the investigation of Mr. Spencer and in concealing exculpatory evidence.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 4
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

15.     Defendant Peters denies that he was involved in the actual investigation, maintaining that he merely assisted the elected Clark County prosecuting attorney in deciding whether to file criminal charges against Mr. Spencer for sexually abusing his daughter, Kathryn Spencer.  *Peters Declaration*, ¶2.  In support of his contention, Defendant Peters points to the fact that he "met" with Kathryn on December 11, 1984 to "evaluate her competence as a witness" and to establish a "rapport" with her in the event he ultimately had to question her as a witness.  *Peters Declaration, ¶4.*  Defendant Krause was present for the first portion of this interview.

16.     Defendant Peters' declaration fails to mention that this "interview" with Kathryn was videotaped, and that the video was not disclosed to Mr. Spencer or his attorneys for more than 25 years.  Of course, the reason for this is that the video is exculpatory to Mr. Spencer.

17.     Although at that time there was no evidence suggesting Mr. Spencer had molested Kathryn, when Defendant Peters "met" with Kathryn Spencer he engaged in an interrogation not designed to elicit the truth, but rather to obtain incriminating statements against Mr. Spencer.  At one point in the interrogation, Defendant Peters asked Kathryn, using dolls, "This is your daddy and this is Katie, show me what happened last summer, okay?  And we can stop all this."  Kathryn responded by saying, "Nothing happened last summer."  Kathryn repeated her denials, but Defendant Peters persisted in his attempts to obtain allegations of abuse against Mr. Spencer.  (*Peters interview of Kathryn Spencer dated 12/11/84*).

18.     At approximately the 47-minute mark of the video, a break is taken during the interrogation.  The break lasted from 10:45 a.m. to 11:51 a.m.  What happened during the break is not recorded.  Following the break, Kathryn's demeanor completely changes and she

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 5
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   provides information she failed to provide during the first 47 minutes of the video. *Id*.

2   Defendant Peters has never been subjected to examination as to what occurred during that hour-

3   long break to cause the change in Kathryn's story.

4          19.    Furthermore, Defendant Krause was present during the beginning portion of the

5   video.  However, once it becomes clear that Kathryn Spencer does not wish to speak in front of

6   Defendant Krause, Defendant Krause leaves the room.  Defendant Krause has never been

7   subject to examination as to why Kathryn did not wish to speak in her presence.  These actions

8   are consistent with Plaintiffs' allegations that prior to the videotaped interrogation Defendant

9   Krause coerced, manipulated and cajoled Kathryn Spencer in an attempt to obtain incriminating

10  statements against Mr. Spencer.

11         20.    Plaintiffs should therefore be given an opportunity to depose Defendant Peters

12  and Defendant Krause to question them regarding the circumstances surrounding their meeting

13  with Kathryn Spencer, the reasons for the failure to disclose the video to Mr. Spencer or his

14  attorneys, and their involvement in the criminal investigation generally.

15         21.    Plaintiffs should be given an opportunity to depose Defendant Peters and

16  Defendant Krause with respect to this interview for additional reasons.  Defendant Krause

17  should be deposed regarding Kathryn's reticence to speak in front of her and Kathryn's desire

18  that Krause leave the interview.  Defendant Peters should be subjected to questioning regarding

19  what took place during the hour and six minute break, after which Kathryn went from not

20  making any accusations to going along with Defendant Peters' leading questions regarding

21  sexual abuse.  Moreover, Defendant Peters has testified that when he interviewed child victims

22  he "always" took detailed notes, and those notes would be in the prosecutor's file. *Zellner*

23  *Affidavit*, at Ex. 1, p. 31.  However, no such notes have been disclosed to Plaintiffs.  For these

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 6
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  reasons Plaintiffs should be given leave to depose Defendant Peters and Defendant Krause

2  prior to responding to Defendant Krause's dispositive motion.

3        ***Plaintiffs should be given an opportunity to depose Defendant Krause regarding the
          inconsistencies in her reports reflecting allegations of penetration and the medical
4         reports proving no evidence of physical injury***

5        22.      Through the course of her investigation, Defendant Krause generated police

6  reports containing allegations of penile penetration against Mr. Spencer as to both Kathryn

7  Spencer and Matthew Hanson.

8        23.      For example, in her report detailing allegations of abuse by Kathryn Spencer,

9  Defendant Krause documents:

10             "I asked her [Kathryn] what happened then and Katie stated, "Well, he
               [Mr. Spencer] hurt me." I asked her if she could do that with the dolls and
11             Katie at that time picked up the child female doll and inserted the penis of
               the male doll into the vaginal opening of the child female doll that she had
12             indicated was her." *Zellner Affidavit*, at Ex. 7, p. 7 (*Krause interview of I
               Kathryn Spencer 10/18/84*).
13
14       24.      Defendant Krause also documented abuse against Kathryn Spencer allegedly

15  seen by Matthew Hanson during her interview with him:

16             "I asked Matt if he could show me what happened to Kathryn and at that
               time he picked up the female doll and I observed him carefully placing the
17             penis of the male doll in the vaginal opening of the female doll and at that
               time Matt stated, "You have to put this all the way in and that's what he
18             did to Kathryn." I asked Matt if anything else happened to Kathryn and
               Matt turned the female doll over and placed the penis on the buttocks of
19             the female doll and stated, "And his pee-pee was like this in her bottom
               and that hurts her too, and she cries just like me when it hurts." *Zellner
20             Affidavit*, at Ex. 8, p. 20 (*Krause interview of Matthew Hanson 2/28/85*).

21       25.      On August 30, 1984 Kathryn Spencer underwent a medical examination by Dr.

22  Magee at the University of California Davis Medical Center to determine if any evidence

23  existed suggesting she had been molested.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

26.     The examination was critically important to ascertaining the truth, as Kathryn allegedly reported that Mr. Spencer had attempted to vaginally penetrate her.  There was no physical evidence obtained from the examination that was consistent with Kathryn having been molested; there were no lacerations, bruises, redness, swelling or scars.  The report was therefore exculpatory as to Mr. Spencer.  *Zellner Affidavit*, at Ex. 3 (*Dr. Magee Report*).

27.     However, the report was never disclosed to counsel for the defense.  Defendant Peters has denied that the report was in the prosecutor's file.  *Zellner Affidavit*, at Ex. 2, p. 332-333 (*Peters Habeas Testimony*).

28.     Similarly, a medical examination of Matthew Hanson was performed on March 6, 1985 to determine if there were any injuries consistent with sexual abuse.  The report was again critically important, as Defendant Krause had documented reports of severe penetration:

> "[A]t that time Matt stated to me, "And he hurt my bottom, too."  I asked Matt who hurt is [sic] bottom and he stated, "My dad, Ray Spencer.  He puts his finger in my hole.".... "He puts his pee-pee in my bottom and that really hurts and that makes me really cry.".... "Well, he touched my pee-pee in the bathroom and then he put his pee-pee in my bottom." *Zellner Affidavit*, at Ex. 8, p. 18 (*Krause interview of Matthew Hanson 2/28/85*).

29.     The examination of Matthew Hanson demonstrated no evidence of physical injury corroborating the charges of sexual assault against Mr. Spencer, including no lacerations, bruises, redness, swelling or scars.  The report was exculpatory to Mr. Spencer.  *Zellner Affidavit*, at Ex. 5 (*Dr. Galaviz Report*).

30.     Like the report of examination of Kathryn Spencer, the report of examination of Matthew Hanson was not disclosed to Mr. Spencer.  As with the Kathryn Spencer report, Defendant Peters has denied that the Hanson report was contained in the prosecutor's file.

31.     Plaintiffs allege that the allegations in Defendant Krause's police reports detailing sexual abuse consisting of penile penetration are fabricated.  Plaintiffs also allege that

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  any accusations against Mr. Spencer were the product of coercion and manipulation placed

2  upon the child witnesses.  Defendant Krause has never been subjected to examination regarding

3  these matters, and Plaintiffs should be entitled to depose her on their theory of the case prior to

4  responding to Defendant Krause's dispositive motion.

5          ***Plaintiffs should be given an opportunity to depose Defendants Peters, Krause and
        Davidson due to inconsistent statements regarding the failure of the prosecution to
6          disclose exculpatory medical reports of Kathryn Spencer and Matthew Hansen***

7          32.      In her sworn deposition testimony in the habeas proceedings, when asked if she

8  knew whether or not the report was forwarded to the prosecutor's office, Defendant Krause

9  testified:

10                 "Like I explained, I'm told it wasn't in their file.  If they have all the other
                 reports, I can't imagine them not having this one.  Also, based on Jim
11                 Peters and knowing him and knowing how meticulous he is and knowing
                 historically what I would do, there is no doubt in my mind if they didn't
12                 have a copy, he was aware of it when I got it.  We talked.

13                 If CAIC – If I have a prosecutor on a case, he may not have the whole case
                 file or I may still have some reports I haven't shipped up to him, but there
14                 would be no doubt in my – 99 percent sure that he had this information.  I
                 can't imagine him not having the report if he had all the rest of the
15                 reports." *Zellner Affidavit*, at Ex. 4, p. 27-28 (*Krause Habeas Deposition*).

16          33.      One possible explanation for the failure of the medical reports to end up in the

17  file is that the Clark County prosecutor's office apparently had a practice of advising the

18  Sheriff's Office to not send reports if the prosecutor's office did not feel the report contained

19  "significant" information.  Defendant Davidson testified during Mr. Spencer's habeas

20  proceedings as follows:

21                 Q:       You [sic] think it would be proper for the sheriff's department not  to
                 forward this report to the prosecutor?
22
                 A:       The only way that I can see us not forwarding this to the prosecutor
23                 would be if the prosecutor didn't feel it was material of if the investigator felt
                 that there was nothing of significance to the prosecutor.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Q:      How would the prosecutor know whether it was material or not unless they saw the report?

A:      Conversation with the investigator.

Q:      In your experience with the Clark County Sheriff's Office, have there been situations where you have had discussions with the deputy prosecutor about a report, and the prosecutor has indicated that you don't need to forward that report to them?

A:      I certainly can't off the top of my head, although I can think of certain instances where I've done specific things like that. *An examination on things that bore out no significant information, they didn't want to see the report.* (Emphasis added). *Zellner Affidavit*, at Ex. 6, p. 22 (*Davidson Habeas Deposition*).

34.      Defendant Peters has attempted to blame the Defendant Detectives for the failure to disclose these medical reports to Mr. Spencer.  Conversely, the Defendant Detectives, including Defendant Krause, have attempted to blame Defendant Peters for the failure to disclose the reports.  Plaintiffs should be given the opportunity to depose all Defendants and conduct discovery related to the failure to disclose the exculpatory evidence.

### *Facts Plaintiffs will obtain by conducting discovery*

35.      Plaintiffs reasonably and in good faith believe the following facts will be obtained if this Court permits discovery to proceed:

a.  Defendant Krause coerced and manipulated Kathryn Spencer, Matthew Spencer and Matthew Hanson into making false statements against Mr. Spencer.

b.  Defendant Krause concealed the fact that she had coerced and manipulated Kathryn Spencer, Matthew Spencer and Matthew Hanson into making false statements against Mr. Spencer from the prosecution.

c.  Defendant Krause was aware that the medical reports of Kathryn Spencer and Matthew Hanson did not corroborate their putative allegations of abuse.

d.  Defendant Krause either failed to provide the exculpatory medical examinations to Defendant Peters and/or the prosecutor's office, or acted in concert with Defendant Peters to conceal the exculpatory medical examinations.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 10
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

e.  Defendant Krause conspired with Defendant Peters to conceal the exculpatory videotape of the interview with Kathryn Spencer by, among other things, removing it from the prosecutor's file.

f.  The videotape was later discovered in Defendant Krause's personal possession, not with the Sheriff's Office nor the prosecutor's office.

g.  Defendant Krause conspired with the other named Defendants to withhold exculpatory evidence and continue the prosecution against Mr. Spencer up until the date the charges were dropped against Mr. Spencer.

h.  Defendant Krause met with Defendants Peters and Davidson on multiple occasions to discuss coercive interview techniques and the most effective ways of procuring incriminating statements from the children.

i.  Defendant Krause knew that Defendants Davidson and Shirley Spencer were engaged in a romantic, sexual relationship during the investigation of Mr. Spencer, and failed to disclose that fact to either the prosecutor's office and/or Defendant Peters.

j.  Defendants Krause conveyed information regarding allegations of sexual abuse to Defendant Peters she knew or should have known to be false.

k.  Defendant Krause, acting alone and/or in concert with the other named Defendants, mislead the prosecution of Mr. Spencer by providing false information to the prosecution and by omitting exculpatory evidence to for the purpose of fabricating probable cause.

l.  Defendant Krause knew that apart from the coerced, false statements attributed to Matthew Spencer, Matthew Hanson and Kathryn Spencer there was no evidence of any sexual abuse by Mr. Spencer.

m.  In the above-described manner, Defendants Peters, Krause and Davidson alone and in concert mislead the prosecuting attorney into filing charges against Mr. Spencer.

m.  Defendant Krause continued the conspiracy by, among other things, testifying falsely as to the significance of the medical examinations of Kathryn Spencer and Matthew Hanson in the habeas proceedings.

n.  Defendant Krause continued the conspiracy by, among other things, failing to come forward with the existence of the videotape of the Kathryn Spencer interview for years after Mr. Spencer's arrest and prosecution, despite knowing the tape had not been turned over.
*Zellner Affidavit,* ¶12.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

2   ***The facts obtained through the course of discovery will defeat Defendant Clark County's motion for summary judgment*[2]**

3        36.    The facts obtained through discovery will defeat Defendant Krause's motion for

4   summary judgment.

5             **A.  Plaintiff's state law claims are timely**

6        37.    Plaintiff Spencer's state law cause of action for malicious prosecution is timely.

7   A cause of action accrues and the statute of limitations begins to run when a party has the right

8   to apply to a court for relief.  *Gazija v. Nicholas Jerns Co.*, 86 Wash.2d 215, 219 (1975);

9   *O'Neil v. Estate of Murtha*, 89 Wash. App. 67, 69-70.  An action for malicious prosecution

10  requires a plaintiff prove, *inter alia*, the maliciously instituted proceedings ended on the merits

11  in favor of the plaintiff or were abandoned.  *Hanson v. Estell*, 100 Wash. App. 281, 286 (2000).

12  Thus, a claim for malicious prosecution does not accrue until the proceedings terminate in a

13  plaintiff's favor.  Here, since the proceedings did not terminate in Mr. Spencer's favor until

14  August 12, 2010, the claim is timely filed.

15       38.    Plaintiff Spencer's state law cause of action for intentional infliction of

16  emotional distress is timely.  Under the discovery rule, a claim only accrues after the plaintiff

17  knows or has reason to know the factual basis for each element of his claim.  As in *Spring v.*

18  *Brown*, 2007 WL 26766 (E.D. Wash. Jan 3, 2007) (Van Sickle, J.), Plaintiff Spencer's IIED

19  claim "encompasses all of the Defendants' actions up until his acquittal.  Accordingly, the

20  Plaintiff did not have the factual basis for his outrage claim until his acquittal." *Id*. at *4.  The

21  facts stated above (a – n) demonstrate that Defendants committed acts throughout Mr.

22

23  ---
[2] Plaintiffs do not fully brief the bases for summary judgment based primarily on procedural, rather than substantive, grounds.  Plaintiffs will respectfully request an opportunity to fully respond to all bases for summary judgment once the instant motion is ruled upon and, if granted, the requested discovery is completed.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    Spencer's incarceration and up until the proceedings terminated in his favor, including the

2    fabrication of evidence and concealment of exculpatory evidence, to intentionally inflict

3    emotional distress upon Mr. Spencer.

4            39.     Plaintiff's state law cause of action for conspiracy is timely.  The conspiracy to

5    deprive Mr. Spencer of his constitutional rights, as summarized above (facts a - n) continued up

6    through Mr. Spencer's *Alford* plea, and until the proceedings terminated in his favor.

7            40.     Plaintiff's defamation cause of action is timely.  Plaintiff's defamation claim is

8    based on the August 12, 2010 press release.  Because Plaintiff's claim was brought within 2

9    years of the press release, the defamation claim is timely.

10           **B.  Plaintiff is not collaterally estopped from litigating claims that**
             **Defendants violated his constitutional rights**

11

12           41.     Defendant Krause relies on the prior habeas proceedings to argue that Plaintiff's

13   claims are barred by collateral estoppel.  The facts to be obtained through discovery (facts a –

14   s) will defeat this argument.  Defendant Krause's argument is easily dismissed, as none of the

15   prior proceedings assessed the cumulative effect of *all* of the undisclosed evidence, including:

16   (1) the sexual relationship between Defendant Shirley Spencer and Defendant Davidson; (2) the

17   medical reports of Kathryn Spencer and Matthew Hanson; (3) the videotaped interrogation of

18   Kathryn Spencer by Defendant Peters; (4) Defendant Peters' notes of that interrogation; and (5)

19   the fact that Kathryn Spencer, Matthew Spencer and Matthew Hanson were coerced and

20   manipulated into making false statements in furtherance of a conspiracy to frame Mr. Spencer.

21   Thus, there is no prior proceeding in which the identical issue was considered and collateral

22   estoppel does not apply.  *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash.2d 299,

23   307-08 (2004).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

42.     To the extent Defendant Krause relies on Mr. Spencer's *Alford* plea as establishing probable cause, case law holds that a prior conviction does not establish probable cause where the conviction resulted in an *Alford* plea.  *Clark v. Baines*, 150 Wash.2d 905, 912-13 (2004).

### C.  The videotaped interview is evidence of conspiracy against Defendant Krause

43.     Defendant Krause argues that the failure to disclose the video cannot be a basis for liability, because Defendant Peters was aware of the tape's existence.  The facts to be obtained from discovery, however, demonstrate a conspiracy between Defendant Krause and Defendant Peters to conceal the tape from Mr. Spencer as demonstrated by the fact that the video was discovered years after Mr. Spencer's guilty plea in Defendant Krause's personal possession.  Moreover, the video is inconsistent with Kathryn's purported claims of abuse as reported by Defendant Krause, which Plaintiffs claim were fabricated.  Defendant Krause may thus be held liable for the conspiracy to withhold the video and the fabrication of evidence.

### D1. and D2.  Defendant Krause is not entitled to qualified immunity based on probable cause

44.     In determining the viability of a qualified immunity defense at the summary judgment stage the court must examine whether the facts, taken in the light most favorable to the Plaintiff, show (1) the officer's conduct would violate a constitutional right if the allegations are established and (2) whether this right was clearly established at the time of the constitutional violation.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  In analyzing whether the second prong has been satisfied courts have looked to the objective reasonableness of the official's actions.  *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  To be clearly established, a right must be sufficiently clear so that every reasonable official would have

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 14
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   understood that what he is doing violates that right.  *Reichle v. Howards*, 2012 WL 1969351,

2   *4 (2012).  If the plaintiff meets this burden, then the defendant must prove that his conduct

3   was "reasonable even though it might have violated the law."  *Trevino v. Gates*, 99 F.3d 911,

4   917 (9th Cir. 2006)

5         45.     At the outset, it should be noted there is a "clearly established" due process right

6   not to be subjected to criminal charges on the basis of deliberately fabricated false evidence.

7   *Atkins v. County of Riverside*, 151 Fed.Appx. 501, 505-06 (9th Cir. 2005).  Moreover, it is

8   axiomatic that probable cause cannot be based on evidence a defendant knows to be fabricated.

9   *Id*.

10         46.     The facts to be obtained from discovery as summarized above (a – n)

11   demonstrate that Defendant Krause is not entitled to qualified immunity based upon probable

12   cause.[3]  In summary, Defendant Krause both (1) continued the investigation although she knew

13   or should have known of the suspect's innocence, and (2) used investigative techniques that

14   were so coercive and abusive that she knew or should have known that those techniques would

15   yield false information.  *Devereaux v. Abbey*, 263 F.3d 1070, 1974-76 (9th Cir. 2001).

16         47.     Defendant Krause was instrumental in fabricating statements against Mr.

17   Spencer by coercing, cajoling and manipulating Kathryn Spencer, Matthew Spencer and

18   Matthew Hanson.  Apart from these fabricated statements there was absolutely no evidence

19   upon which a determination of probable cause could be made.  Defendant Krause thus either

20   knew or should have known of Mr. Spencer's innocence, and/or that the techniques that she

21

22

23   [3] It is worth reiterating that Plaintiffs dispute several of the so-called "facts" cited in Defendant Krause's motion upon which her claim of probable cause is based, and will respectfully request to respond fully to her motion once the instant motion has been ruled upon and, if granted, the requested discovery is completed.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    used to interview Kathryn Spencer, Matthew Spencer and Matthew Hanson would yield false

2    information.

3         48.      Furthermore, the exculpatory video and medical reports also demonstrate a lack

4    of probable cause.  *Id*., citing *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988) (holding

5    that police may not disregard facts tending to dissipate probable cause).  Given their alleged

6    reports of severe penetration, Defendant Krause had to know the allegations made by Kathryn

7    Spencer and Matthew Hanson were false based on the medical examinations.  Defendant

8    Krause either failed to disclose these reports to the prosecution, and/or acted in concert with

9    Defendant Peters to remove the reports from the prosecutor's file.

10        49.      Defendant Krause's conduct does not evince a mistake in judgment; rather, her

11   acts demonstrate specific intent to frame Mr. Spencer without probable cause.  Defendant

12   Krause mislead the prosecution by fabricating evidence upon which the charges were based,

13   and by withholding exculpatory evidence.  As such, her conduct is not entitled to qualified

14   immunity.

15        **D3.  The issue of qualified immunity for the concealment of**
     **exculpatory information has not been previously decided, defeating**
16   **Defendant Krause's motion for summary judgment**

17        50.      Defendant Krause's claim that the ruling on the prior habeas proceeding entitles

18   her to qualified immunity should be rejected, as the issue of qualified immunity was not before

19   the court.  Furthermore, during the prior proceedings the true breadth of the material concealed

20   from Mr. Spencer was unknown, as Defendants continued to conceal evidence from Mr.

21   Spencer.  No prior court has ruled on the impact of *all* of the undisclosed evidence.  *See*

22   *Argument B, supra*.  Moreover, the sworn statements of Kathryn Spencer and Matthew Spencer

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  that Mr. Spencer had not perpetrated any abuse were also not considered.  Collateral estoppel

2  thus does not apply.

### E.  The facts obtained through discovery will defeat Defendant Krause's assertion that there is no evidence of a conspiracy

51.    Defendant Krause asserts that there is no evidence of an agreement with other

5  Defendants to violate Mr. Spencer's constitutional rights.  The facts described above (facts a –

6  n) defeat Defendant Krause's argument, in that Defendant Krause conspired with Defendants

7  Peters and Davidson to frame Mr. Spencer for sexual abuse and to withhold exculpatory

8  evidence.  *Mendocino Envtl. Ctr. V. Mendocino County*, 192 F.3d 1283, 1301 ( 9th Cir. 1999)

9  (holding that a showing that defendants committed acts that "are unlikely to have been

10  undertaken without an agreement" may support the inference of conspiracy).

### F.  Defendant Krause did proximately cause the alleged damage

52.    The facts described above (facts a – n) defeat Defendnt Krause's argument that

13  she did not proximately cause damage to Plaintiffs.  Defendant Krause's argument is based on

14  the premise that her involvement in the case "consisted primarily of conducting interviews of

15  the victims and witnesses, and accurately detailing the content of the interviews and statements

16  in written report."  Deft. Mot., p. 12.  Of course, the facts alleged in the complaint and to be

17  obtained during discovery will defeat this premise.  Defendant Krause actively participated in

18  fabricating evidence by not accurately reporting her interviews with the alleged victims.  She

19  coerced and manipulated them into making false statements against Mr. Spencer.  Defendant

20  Krause knew (or should have known) the allegations were false due not only to the

21  implausibility of the statements, but also because the irrefutable medical evidence proved that it

22  did not happen.

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    In summary, the facts to be obtained will show Defendant Krause fabricated evidence,

2    withheld exculpatory evidence and mislead the prosecution.  She therefore proximately caused

3    damage to Plaintiffs.

4                                      **Conclusion**

5    Plaintiffs respectfully request that depositions of Defendants take place prior to

6    responding to Defendant Krause's motion for summary judgment.  Plaintiffs have not had a

7    meaningful opportunity to conduct discovery, particularly related to Defendant Krause's

8    assertion of qualified immunity and causation.  Defendant Krause bases her assertion of

9    probable cause on her own interviews with the children.  When the facts that will defeat a

10   defendant's motion for summary judgment are within that defendant's exclusive control, a

11   plaintiff should be allowed to depose that defendant prior to responding to a motion for

12   summary judgment.  *Metabolife*, 264 F.3d at 846-47.

13   Furthermore, probable cause is a fact-intensive inquiry.  *Illinois v. Gates*, 462 U.S. 213,

14   232 (1983) (holding that probable cause is a fluid concept turning on the assessment of

15   probabilities in particular factual contexts, and not readily, or even usefully, reduced to a neat

16   set of legal rules).  Defendant Krause's claim that probable cause existed is based largely on

17   disputed facts contained in the Defendants' declarations and police reports.  As such, Plaintiffs

18   should be afforded an opportunity to depose the Defendants regarding the facts and

19   circumstances of the investigation prior to responding to their motions for summary judgment.

20   The facts to be obtained through discovery will defeat Defendant Krause's motion for

21   summary judgment.  The instant motion should thus be granted.

22   WHEREFORE, Plaintiffs respectfully request relief under Rule 56(d), specifically that

23   Defendant Krause's motion be denied without prejudice so that Plaintiffs can engage in

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
SHARON KRAUSE . . . (C11-5424BHS) — 18
DWT 19793616v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   discovery prior to responding to Defendant Krause's pending dispositive motion, or any other

2   relief deemed appropriate.

3           DATED this 18th day of June, 2012.

4                                           Davis Wright Tremaine LLP
                                            Attorneys for Plaintiffs
5
                                            By s/ Daniel T. Davies
6                                               Daniel T. Davies, WSBA #41793
                                                Suite 2200
7                                               1201 Third Avenue
                                                Seattle, Washington  98101-3045
8                                               Telephone: (206) 757.8286
                                                Fax: (206) 757.7286
9                                               E-mail: dandavies@dwt.com

10                                          Of Counsel:

11                                          Kathleen T. Zellner
                                            Law Offices of Kathleen T. Zellner, P.C.
12                                          Esplanade IV
                                            1901 Butterfield Road, Suite 650
13                                          Downers Grove, Illinois  60515
                                            (630) 955-1212

14

15

16

17

18

19

20

21

22

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

2

I hereby certify that on June 18, 2012, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system which will send notification of said filing to the
following:

4

**Daniel J. Judge, Attorneys for Defendant James M. Peters**
danielj@atg.wa.gov, JoanK@atg.wa.gov, LaurelD@atg.wa.gov, TOROlyEF@atg.gov,

5

TracyJ@atg.wa.gov

6

**Patricia Campbell Fetterly, Attorneys for Defendant James M. Peters**
patriciaf1@atg.wa.gov, cynthiam4@atg.wa.gov, deanm@atg.wa.gov,

7

torolyef@atg.wa.gov

8

**Bernard F. Veljacic, Attorneys for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office, the County of Clark**
Bernard.Veljacic@clark.wa.gov

9

10

**Gabriella Wagner, Attorneys for Shirley Spencer,**
Wagner@wscd.com

11

**William Hudson Dunn, Attorney for Defendant Shirley Spencer,**
dunnwh@pacifier.com

12

13

**Gary A. Western, Attorney for Defendant Shirley Spencer**
 western@wscd.com

14

**Guy Bogdanovich, Attorney for Defendant Sharon Krause**
gbogdanovich@lldkb.com

15

16

**Jeffrey Freimund, Attorney for Defendant Michael Davidson**
jefff@fjtlaw.com, janicef@fjtlaw.com, kathrines@fjtlaw.com

17

The following will not receive electronic notification of the filing:

18

19

Robert M. McKenna
Attorney General of Washington, Government Operations Division
7141 Cleanwater Drive SW

20

PO Box 40108
Olympia, WA  98504-0108

21

I certify that June 18, 2012, I caused a true and correct copy of the foregoing to be

22

mailed to Robert McKenna at the above address.

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1       DATED this 18th day of June, 2012.

2                         *s/ Daniel T. Davies*

                        Daniel T. Davies

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax