1    The Honorable Benjamin H. Settle

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
8                                      AT TACOMA

9    CLYDE RAY SPENCER, MATTHEW              )
     RAY SPENCER, and KATHRYN E. TETZ,       )
10                                           )
                        Plaintiffs,          )    No.  C11-5424BHS
11           v.                              )
                                             )    PLAINTIFFS' REQUEST FOR
12   FORMER DEPUTY PROSECUTING               )    CONTINUANCE UNDER FED. R.
     ATTORNEY FOR CLARK COUNTY, JAMES        )    CIV. 56(d) BEFORE
13   M. PETERS, DETECTIVE SHARON KRAUSE,     )    RESPONDING TO DEFENDANT
     SERGEANT MICHAEL DAVIDSON, CLARK        )    CLARK COUNTY'S MOTION
14   COUNTY PROSECUTOR'S OFFICE, CLARK       )    FOR SUMMARY JUDGMENT
     COUNTY SHERIFF'S OFFICE, THE COUNTY     )
15   OF CLARK and JOHN DOES ONE THROUGH      )
     TEN,                                    )
16                      Defendant.           )
                                             )
17   _____)

18           NOW COME Plaintiffs, CLYDE RAY SPECER, et. al., by and through their attorneys,

19   Kathleen T. Zellner & Associates, P.C., and for their Motion for Relief Under Federal Rule of

20   Civil Procedure 56(d), states as follows:

21           *Procedural History*

22           1.      Plaintiffs have filed a thirteen-count, sixty-eight page complaint against

23   Defendants.  Counts 1 through 7 assert claims under 42 U.S.C. §1983 for violations of Mr.

     Spencer's various constitutional rights.  Counts 8 through 11 assert state claims against

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .                        Davis Wright Tremaine LLP
CLARK COUNTY (C11-5424BHS) — 1                                        LAW OFFICES
DWT 19792758v1 0094078-000001                                          Suite 2200
                                                                    1201 Third Avenue
                                                                 Seattle, WA  98101-3045
                                                        206.622.3150 main · 206.757.7700 fax

1    Defendants related to the preceding counts brought under §1983.  Counts 12 and 13 assert

2    claims for Matthew R. Spencer and Kathryn E. Tetz's loss of consortium.

3          2.     Plaintiffs' complaint is based on the Defendants' collaborative effort to frame

4    Mr. Spencer for various acts of sexual abuse.  In doing so the Defendants acted without

5    probable cause, fabricated evidence, and withheld exculpatory evidence that would have

6    established Mr. Spencer's innocence.  The Defendants' wrongful conduct dates back to 1984,

7    the date that the Defendants embarked on their conspiracy to falsely accuse Mr. Spencer.

8          3.      Defendants Krause, Davidson, Clark County Prosecutor's Office, Clark County

9    Sheriff's Office and Clark County served their initial disclosures on September 29, 2011.  By

10   stipulated order this Court extended the time for Defendant Peters to file his initial disclosures

11   until November 15, 2011.  Defendant Peters filed his initial disclosures on November 14, 2011.

12         4.     On December 1, 2011, the parties submitted an Amended Proposed Joint Status

13   Report and Discovery Plan ("the Plan").  In the Plan, the Defendants indicated that discovery

14   must begin before settlement can be properly explored.  In the Plan the parties also agreed that

15   discovery would be needed on both liability and damages, and that discovery should not be

16   limited or focused on any particular issues.  The parties proposed that discovery could be

17   concluded within sixteen months (April 1, 2013) of filing the report.  *See Amended Joint Status*

18   *Report and Discovery Plan, Docket No. 47, ¶¶5-6.*

19         5.     On December 28, 2011, this Court entered a minute order, directing discovery to

20   be completed by December 17, 2012.

21         6.     Plaintiffs have been diligent in reviewing and obtaining discovery.  Plaintiffs'

22   counsel is in the process of reviewing Defendants' initial disclosures, which consists of

23   thousands of pages of documents spanning more than 25 years of investigation and court

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 2
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proceedings.  *Zellner Affidavit*, ¶ 12.  Simultaneous with the filing of this motion, Plaintiffs are serving Interrogatories on the various Defendants in anticipation of taking their depositions.

7.      On May 23, 2012, Defendant Clark County, including the Clark County Sheriff's Office and the County Prosecuting Attorney's Office (hereinafter Defendant "Clark County") filed a motion for summary judgment seeking dismissal of all claims against him with prejudice pursuant to Federal Rules of Civil Procedure 56.  Defendant Clark County's motion is in addition to the motions for summary judgment filed by the other Defendants on May 23 and May 24, 2012.[1]

8.      A review of Defendant Clark County's motion and the attached declarations reveals that additional discovery will be needed to properly respond to the motion.  Therefore, pursuant to Federal Rules of Civil Procedure 56(d), Plaintiffs seek an order from this Court denying Defendant Clark County's motion without prejudice so that Plaintiffs can engage in discovery prior to responding to Defendant Clark County's dispositive motion.

***Applicable Law***

9.      Federal Rule of Civil Procedure 56(d) provides:

> Once a motion for summary judgment is filed, the non-moving party must show to the court that a genuine and material factual dispute exists to defeat summary judgment.  If the non-moving party is still conducting valuable discovery or for some other reason is not yet ready or able to make that showing, the party may file an affidavit or declaration explaining why a ruling on summary judgment should be postponed.  The court, in its discretion, may then grant a temporary reprieve if the reasons offered are persuasive.

---

[1] Defendant Shirley Spencer filed a motion to join in Defendant Davidson's motion for summary on May 25, 2012.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 3
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1     10.     Rule 56(d) provides a device for litigants to avoid summary judgment when the

2   nonmovant needs to discover affirmative evidence necessary to oppose the motion.  *Garrett v.*

3   *San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

4     11.     A request for relief pursuant to Rule 56(d) should be granted where the

5   requesting party specifies facts that further discovery would reveal, and explains why those

6   facts would preclude summary judgment.  *Tatum v. City and County of San Francisco*, 441

7   F.3d 1090, 1100 (9th Cir. 2006).

8     12.     The Ninth Circuit has further held that district courts should grant any Rule

9   56(d) motion "fairly freely" when a party moves for summary judgment before the opposing

10   party has had a realistic opportunity to pursue discovery relating to its theory of the case.

11   *Burlington N. & Santa F"e Ey. Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003).

12   Indeed, Rule 56(d) requires, rather than merely permits, discovery where the nonmoving party

13   has not had the opportunity to discover information that is essential to its opposition.

14   *Metabolife Inern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), citing *Anderson v. Liberty*

15   *Lobby, Inc.*, 477 U.S. 242, 250 (1986).

16     13.     Defendant Clark County's motion for summary judgment is based in large

17   measure on the self-serving affidavits and exhibits attached to the other pending motions for

18   summary judgment, many of which contain purported "facts" which Plaintiffs dispute.

19   (Defendant Clark County's Mot., p.2, 6-7, A-C, E).  Due to the matters raised in the

20   declarations and exhibits, Plaintiffs seek to depose all Defendants prior to responding to

21   Defendant Clark County's dispositive motion.

22

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

***Plaintiffs should be given an opportunity to depose Defendants Peters and Krause due to their inconsistent and inaccurate statements regarding their role in the investigation of Mr. Spencer, as they were both employees of Defendant Clark County***

14.     Plaintiffs suit against Defendant Clark County necessarily implicates the acts and omissions of its employees, including Defendants Krause, Davidson and Peters.  Plaintiffs claims are also a function of the customs and practices of Defendant Clark County.  Plaintiffs have had virtually no opportunity to conduct any meaningful discovery as to these issues.

15.     By way of example, Plaintiffs seek discovery related to Defendant Peters' role in the investigation of Mr. Spencer.  Defendant Peters denies that he was involved in the actual investigation, maintaining that he merely assisted the elected Clark County prosecuting attorney in deciding whether to file criminal charges against Mr. Spencer for sexually abusing his daughter, Kathryn Spencer.  *Peters Declaration, ¶2.*  In support of his contention, Defendant Peters points to the fact that he "met" with Kathryn on December 11, 1984 to "evaluate her competence as a witness" and to establish a "rapport" with her in the event he ultimately had to question her as a witness.  *Peters Declaration, ¶4.*

16.     Defendant Peters' declaration fails to mention that this "interview" with Kathryn was videotaped, and that the video was not disclosed to Mr. Spencer or his attorneys for more than 25 years.  Of course, the reason for this is that the video is exculpatory to Mr. Spencer.

17.     Although at that time there was no evidence suggesting Mr. Spencer had molested Kathryn, when Defendant Peters "met" with Kathryn Spencer he engaged in an interrogation not designed to elicit the truth, but rather to obtain incriminating statements against Mr. Spencer.  At one point in the interrogation, Defendant Peters asked Kathryn, using dolls, "This is your daddy and this is Katie, show me what happened last summer, okay?  And we can stop all this."  Kathryn responded by saying, "Nothing happened last summer."

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 5
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    Kathryn repeated her denials, but Defendant Peters persisted in his attempts to obtain

2    allegations of abuse against Mr. Spencer.  (*Peters interview of Kathryn Spencer dated*

3    *12/11/84*).

4            18.     At approximately the 47-minute mark of the video, a break is taken during the

5    interrogation.  The break lasted from 10:45 a.m. to 11:51 a.m.  What happened during the break

6    is not recorded.  Following the break, Kathryn's demeanor completely changes and she

7    provides information she failed to provide during the first 47 minutes of the video.  *Id*.

8    Defendant Peters has never been subjected to examination as to what occurred during that hour-

9    long break to cause the change in Kathryn's story.

10           19.     Furthermore, Defendant Krause was present during the beginning portion of the

11   video.  However, once it becomes clear that Kathryn Spencer does not wish to speak in front of

12   Defendant Krause, Defendant Krause leaves the room.  Defendant Krause has never been

13   subject to examination as to why Kathryn did not wish to speak with her.  These actions are

14   consistent with Plaintiffs' allegations that prior to the videotaped interrogation Defendant

15   Krause coerced, manipulated and cajoled Kathryn Spencer in an attempt to obtain incriminating

16   statements against Mr. Spencer.

17           20.     Defendant Peters acknowledges this videotape's existence, and attempts to

18   justify his behavior thereon as that of a prosecutor.  However, the tape serves as proof of

19   Defendant Peters' involvement in the *investigation*.  And, Defendant Peters concealed the

20   meeting and the videotape to prevent it from being disclosed to Mr. Spencer or his attorneys.

21           21.     Defendant Peters was deposed on July 30, 1996 (prior to disclosure of the tape)

22   pursuant to a federal court proceeding in Mr. Spencer's criminal case.  At that time the

23   following questions were asked and answers given:

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1      Q:    Focusing your attention on the Spencer case, do you recall the
2              types of allegations that the female victim, Kathryn Spencer, was
              making?

3      A:    No.

4      Q:    Do you recall the types of sexual abuse she was alleging?

5      A:    No.

6      Q:    Were you ever involved in an interview with her?

7      A:    I believe I was in the presence of a defense attorney in Sacramento.
              *Zellner Affidavit*, at Ex. 1, p. 28 (*Peters Habeas Deposition*).

22.      Though he was asked directly whether he had participated in an interview with Kathryn, Defendant Peters completely failed to mention the two-hour *recorded* interview he conducted with her prior to charges being filed against Mr. Spencer.

22.      Defendant Peters perpetuated the concealment of his meeting with Kathryn Spencer at his testimony in the federal proceedings:

      Q:    Mr. Peters, during the pendency of the Spencer case, did you
              involve yourself in the interviews of any of the three victims?

      A:    I recall being present at interviews of two of the children in Sacramento,
              California.  Those were the defense attorney's interviews.  As to whether
              I interviewed the Hansen boy, I don't have independent recollection.  If I
              had, I would have taken notes, and those notes would be in the file.  I
              specifically recall going to Sacramento because that's the only time I
              ever did that in the eleven years I was in the prosecutor's office, and so
              that stands out in my mind.  *Zellner Affidavit*, at Ex. 2, p. 339 (*Peters
              Habeas Testimony*)

23.      Perhaps Defendant Peters' reticence to admit that the interrogation of Kathryn took place stems from the fact that it shows his involvement in the investigation.  During his deposition in the federal proceedings, Defendant Peters admitted that the case "as initially presented was not provable."  *Zellner Affidavit*, at Ex. 1, p. 12 (*Peters Habeas Deposition*).  Following the King County prosecutor's agreement that the case was not provable on

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 7
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  November 27, 1984, the Clark County prosecuting attorney's office declined to press charges.

2  *Zellner Affidavit,* at Ex. 1, p. 13.

3       24.     Despite the finding from two separate offices (including his own) that charges

4  against Mr. Spencer were not warranted, and despite the fact that Mr. Spencer had not been

5  arrested, Defendant Peters conducted his interrogation of Kathryn Spencer two weeks later on

6  December 11, 1984.  This is in direct contradiction to Peters' own custom and practice in child

7  sex abuse cases:

8           "It was never my practice, nor is it my practice now, to get involved in
            interviews with child molesting victims unless I'm certain the case is
9           going to go to trial.  I think they have to tell their story to too many grown-
            ups that they don't know without having to meet another grown-up and
10          tell the ugly details to them." *Zellner Affidavit*, at Ex. 1, p. 31.

11       25.     Peters further testified that it is not his practice to prepare a child for trial until

12  he is sure the trial is going to go, in which case he would meet with them a couple of weeks

13  prior to trial.  *Zellner Affidavit*, at Ex. 1, p. 31.

14       26.     Peters' assertion in the declaration attached to his summary judgment motion

15  that he interrogated Kathryn Spencer to evaluate her competence as a witness is thus, at a

16  minimum, suspect, particularly in light of the fact that he concealed the interrogation and the

17  existence of the videotape for more than 25 years.  Furthermore, the interrogation took place at

18  a point when, by his own admission, Peters felt that the case was not provable and there were

19  no charges pending against Mr. Spencer.  A prosecutor acting as such would thus have no

20  reason to meet with Kathryn Spencer at the time Defendant Peters interrogated her.

21       27.     Plaintiffs should therefore be given an opportunity to depose Defendant Peters

22  and Defendant Krause to question them regarding the circumstances surrounding their meeting

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  with Kathryn Spencer, the reasons for the failure to disclose the video to Mr. Spencer or his

2  attorneys, and their involvement in the criminal investigation generally.

3        28.     Plaintiffs should be given an opportunity to depose Defendant Peters and

4  Defendant Krause with respect to this interview for additional reasons.  Defendant Krause

5  should be deposed regarding Kathryn's reticence to speak in front of her and Kathryn's desire

6  that Krause leave the interview.  Defendant Peters should be subjected to questioning regarding

7  what took place during the hour and six minute break, after which Kathryn went from not

8  making any accusations to going along with Defendant Peters' leading questions regarding

9  sexual abuse.  Moreover, Defendant Peters has testified that when he interviewed child victims

10 he "always" took detailed notes, and those notes would be in the prosecutor's file.  *Zellner*

11 *Affidavit*, at Ex. 1, p. 31.  However, no such notes have been disclosed to Plaintiffs.  For these

12 reasons Plaintiffs should be given leave to depose Defendant Peters and Defendant Krause

13 prior to responding to Defendant Clark County's dispositive motion.

14        ***Plaintiffs should be given an opportunity to depose Defendants Peters, Krause and Davidson due to inconsistent statements regarding the failure of the prosecution to***

15 ***disclose exculpatory medical reports of Kathryn Spencer and Matthew Hansen***

16       29.     On August 30, 1984 Kathryn Spencer underwent a medical examination by Dr.

17 Magee at the University of California Davis Medical Center to determine if any evidence

18 existed suggesting she had been molested.

19       30.     The examination was critically important to ascertaining the truth, as Kathryn

20 allegedly reported that Mr. Spencer had attempted to vaginally penetrate her.  There was no

21 physical evidence obtained from the examination that was consistent with Kathryn having been

22 molested; there were no lacerations, bruises, redness, swelling or scars.  The report was

23 therefore exculpatory as to Mr. Spencer.  *Zellner Affidavit*, at Ex. 3 (*Dr. Magee Report*).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

31.     However, the report was never disclosed to counsel for the defense.

32.     Defendant Peters has provided sworn testimony that the report was not located in the prosecuting attorney's file in Mr. Spencer's criminal case, but it was located in the Clark County Sheriff's file. *Zellner Affidavit*, at Ex. 2, p. 332-333 (*Peters Habeas Testimony*).

33.     In her sworn deposition testimony in the habeas proceedings, when asked if she knew whether or not the report was forwarded to the prosecutor's office, Defendant Krause testified:

> "Like I explained, I'm told it wasn't in their file.  If they have all the other reports, I can't imagine them not having this one.  Also, based on Jim Peters and knowing him and knowing how meticulous he is and knowing historically what I would do, there is no doubt in my mind if they didn't have a copy, he was aware of it when I got it.  We talked.
>
> If CAIC – If I have a prosecutor on a case, he may not have the whole case file or I may still have some reports I haven't shipped up to him, but there would be no doubt in my – 99 percent sure that he had this information.  I can't imagine him not having the report if he had all the rest of the reports." *Zellner Affidavit*, at Ex. 4, p. 27-28 (*Krause Habeas Deposition*).

34.     Similarly, a medical examination of Matthew Hanson was performed on March 6, 1985 to determine if there were any injuries consistent with sexual abuse.  The examination demonstrated no evidence of physical injury corroborating the charges of sexual assault against Mr. Spencer, including no lacerations, bruises, redness, swelling or scars.  The report was exculpatory to Mr. Spencer. *Zellner Affidavit*, at Ex. 5 (*Dr. Galaviz Report*).

35.     Like the report of examination of Kathryn Spencer, the report of examination of Matthew Hanson was not disclosed to Mr. Spencer.

36.     Like the Kathryn Spencer report, Defendant Peters has denied that he was aware of the Matthew Hanson until years after Mr. Spencer's *Alford* plea.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

37.     One possible explanation for the failure of the medical reports to end up in the file is that the Clark County prosecutor's office apparently had a practice of advising the Sheriff's Office to not send reports if the prosecutor's office did not feel the report contained "significant" information.  Defendant Davidson testified during Mr. Spencer's habeas proceedings as follows:

> Q:     You [sic] think it would be proper for the sheriff's department not to forward this report to the prosecutor?
>
> A:     The only way that I can see us not forwarding this to the    prosecutor would be if the prosecutor didn't feel it was material of     if the investigator felt that there was nothing of significance to the     prosecutor.
>
> Q:     How would the prosecutor know whether it was material or not unless they saw the report?
>
> A:     Conversation with the investigator.
>
> Q:     In your experience with the Clark County Sheriff's Office, have     there been situations where you have had discussions with the     deputy prosecutor about a report, and the prosecutor has indicated     that you don't need to forward that report to them?
>
> A:     I certainly can't off the top of my head, although I can think of certain instances where I've done specific things like that.  *An examination on things that bore out no significant information,     they didn't want to see the report*.  (Emphasis added).  *Zellner    Affidavit*, at Ex. 6, p. 22 (*Davidson Habeas Deposition*).

38.     Defendant Peters has attempted to blame the Defendant Detectives for the failure to disclose these medical reports to Mr. Spencer.  Conversely, the Defendant Detectives have attempted to blame Defendant Peters for the failure to disclose the reports.  Plaintiffs should be given the opportunity to depose all Defendants and conduct discovery related to the failure to disclose the exculpatory evidence.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

***Facts Plaintiffs will obtain by conducting discovery***

2

      39.    Plaintiffs reasonably and in good faith believe the following facts will be

3

obtained if this Court permits discovery to proceed:

4

       a.  Defendant Peters was involved in the investigation of Mr. Spencer by, among other things, questioning Kathryn Spencer when no charges were pending

5

against Mr. Spencer and, in fact, the prosecutor's office had declined to press charges.

6

       b.  Defendant Peters coerced and manipulated Kathryn Spencer into making

7

false statements against Mr. Spencer.

8

       c.  Defendant Peters concealed the exculpatory videotape of his interview with Kathryn Spencer by, among other things, removing it from the prosecutor's file.

9

       d.  Defendant Peters concealed exculpatory notes of his interview with Kathryn

10

Spencer by, among other things, removing them from the prosecutor's file.

11

       e.  Defendant Peters concealed the fact that he had coerced and manipulated Kathryn Spencer into making false statements against Mr. Spencer.

12

       f.  Defendant Peters knew about the exculpatory medical examinations

13

performed on Kathryn Spencer and Matthew Hanson prior to Mr. Spencer's *Alford* plea, or, in the alternative, Defendants Krause and Davidson failed to

14

provide the exculpatory medical examinations to Defendant Peters.

15

       g.  Defendant Peters concealed the exculpatory medical examinations by, among other things, removing them from the prosecutor's file.  In the alternative,

16

Defendants Krause and Davidson failed to provide the exculpatory medical examinations to Defendant Peters to disclose to the defense.

17

       h.  Defendant Peters conspired with the other named Defendants to withhold

18

exculpatory evidence and continue the prosecution against Mr. Spencer up until the date the charges were dropped against Mr. Spencer.

19

       i.  Defendant Peters knew that Defendants Krause and Davidson engaged in

20

coercive and manipulative interview tactics with Matthew Hanson, Matthew Spencer and Kathryn Spencer.

21

       j.  Defendant Peters met with Defendants Krause and Davidson on multiple

22

occasions to discuss coercive interview techniques and the most effective ways of procuring incriminating statements from the children.

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

k.  Defendant Peters knew that Defendants Davidson and Shirley Spencer were engaged in a romantic, sexual relationship during the investigation of Mr. Spencer, and failed to disclose the relationship to Mr. Spencer.

l.  Defendants Krause and Davidson conveyed information regarding allegations of sexual abuse to Defendant Peters they knew or should have known to be false.

m.  Defendant Peters personally attested to facts he knew to be false in the motion and affidavit for Mr. Spencer's second arrest warrant.  Defendant Peters likewise omitted the exculpatory evidence to mislead the magistrate issuing the arrest warrant.

n.  Defendants Peters, Krause and Davidson knew that apart from the coerced, false statements attributed to Matthew Spencer, Matthew Hanson and Kathryn Spencer there was no evidence of any sexual abuse by Mr. Spencer.

o.  In the above-described manner, Defendants Peters, Krause and Davidson alone and in concert with each other fabricated evidence and concealed exculpatory evidence as a means of fabricating probable cause to arrest and prosecute Mr. Spencer.

p.  In the above-described manner, Defendants Peters, Krause and Davidson alone and in concert with the other Defendants mislead the prosecuting attorney into filing charges against Mr. Spencer.

q.  Defendant Peters continued the conspiracy by, among other things, lying under oath as to his interview of Kathryn Spencer in December of 1984, and lying as to his knowledge of the medical examinations of Kathryn Spencer and Matthew Hanson in the habeas proceedings.

r.  Defendant Krause mislead the court during Mr. Spencer's habeas proceedings by testifying that the medical reports were not inconsistent with the putative allegations of abuse.

s.  Defendant Clark County Prosecuting Attorney's Office and Defendant Clark County Sheriff's Office had an unwritten custom and practice of concealing exculpatory information and reports from the prosecutor's file.
*Zellner Affidavit,* ¶10.

### *The facts obtained through the course of discovery will defeat Defendant Clark County's motion for summary judgment[2]*

---

[2] Plaintiffs do not fully brief the bases for summary judgment based primarily on procedural, rather than substantive, grounds.  Plaintiffs will respectfully request an opportunity to fully respond to all bases for summary judgment once the instant motion is ruled upon and, if granted, the requested discovery is completed.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

40.     The facts obtained through discovery will defeat Defendant Clark County's

motion for summary judgment.

### B.  Plaintiff's state law claims are timely

41.     Plaintiff Spencer's state law cause of action for malicious prosecution is timely.

A cause of action accrues and the statute of limitations begins to run when a party has the right

to apply to a court for relief.  *Gazija v. Nicholas Jerns Co.*, 86 Wash.2d 215, 219 (1975);

*O'Neil v. Estate of Murtha*, 89 Wash. App. 67, 69-70.  An action for malicious prosecution

requires a plaintiff prove, *inter alia*, the maliciously instituted proceedings ended on the merits

in favor of the plaintiff or were abandoned.  *Hanson v. Estell*, 100 Wash. App. 281, 286 (2000).

Thus, a claim for malicious prosecution does not accrue until the proceedings terminate in a

plaintiff's favor.  Here, since the proceedings did not terminate in Mr. Spencer's favor until

August 12, 2010, the claim is timely filed.

42.     Plaintiff Spencer's state law cause of action for intentional infliction of

emotional distress is timely.  Under the discovery rule, a claim only accrues after the plaintiff

knows or has reason to know the factual basis for each element of his claim.  As in *Spring v.*

*Brown*, 2007 WL 26766 (E.D. Wash. Jan 3, 2007) (Van Sickle, J.), Plaintiff Spencer's IIED

claim "encompasses all of the Defendants' actions up until his acquittal.  Accordingly, the

Plaintiff did not have the factual basis for his outrage claim until his acquittal."  *Id*. at *4.  The

facts stated above (a – s) demonstrate that Defendants committed acts throughout Mr.

Spencer's incarceration and up until the proceedings terminated in his favor, including the

fabrication of evidence and concealment of exculpatory evidence, to intentionally inflict

emotional distress upon Mr. Spencer.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 14
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1      43.    Plaintiff's state law cause of action for conspiracy is timely.  The conspiracy to

2  deprive Mr. Spencer of his constitutional rights, as summarized above (facts a - s) continued up

3  through Mr. Spencer's *Alford* plea, and until the proceedings terminated in his favor.

4      44.    Plaintiff's defamation cause of action is timely.  Plaintiff's defamation claim is

5  based on the August 12, 2010 press release.  Because Plaintiff's claim was brought within 2

6  years of the press release, the defamation claim is timely.

7                  **C.  Plaintiff's state law claims are not barred by RCW 4.92.110**

8      45.    Rev. Code of Wash. 4.92.110 does not bar Plaintiff's state law claims.  As a

9  threshold matter, the statute applies only to suits against "the state, or against any state officer,

10  employee, or volunteer, acting in such capacity."  Defendant Clark County has not established

11  that its employees were acting as a "state employee" at the time he committed his tortuous acts.

12  Moreover, the statute applies only to state employees named in their official capacities, but not

13  to suits against those persons in their individual capacities.  *Jones v. University of Washington*,

14  62 Wash. App. 653 (1991), amended on denial of review of reconsideration, review denied 118

15  Wash.2d 1026.  Thus, Rev. Code of Wash. 4.92.110 is not applicable.

16                  **D.  Defendant Clark County's press release is not absolutely
                  privileged**

17      46.    When the facts are not in dispute as to the circumstances of the alleged

18  defamatory communication, the determination whether a privilege applies is a matter of law for

19  the court to decide.  *Moe v. Wise*, 97 Wash.App. 950 (1999).  To be entitled to absolute

20  privilege the defendant must establish that (1) the proponent is "among the class of officials

21  privileged to publish defamatory matter" and (2) the publication has more than a tenuous

22  relation to their official capacity."  *Sidor v. Public Disclosure Comm'n*, 25 Wash. App. 127

23  (1980).  The extraordinary breadth of the absolute privilege requires a compelling public policy

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 15
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    justification for its extension.  *Wood v. Battle Ground Sch. Dist.*, 27 P.3d 1208, 1219 (2012).

2    Legislatures in debate, judges and attorneys in preparation of trial of cases, statements of

3    witnesses or parties in judicial proceedings, and statements of executive or military personnel

4    acting within the duties of their offices are frequently cited examples.  *Twelker v. Shannon &*

5    *Wilson, Inc.*, 88 Wash.2d 473 (1966).

6        47.    Defendant Clark County's assertion of absolute privilege is easily dismissed, as

7    the Defendant has completely failed to establish that the entity that promulgated the 2010 press

8    release is a state executive officer, or that it was acting in its role as such in issuing the at-issue

9    press release.  Defendant has completely failed to point to a single case where absolute

10   privilege was conferred upon the prosecuting attorney's office or its subordinates in connection

11   with a press release.

12       48.    For the defendant to satisfy the first prong, this court would need not only to

13   extend case law, but also ignore leading precedent.  The extraordinary breadth of absolute

14   privilege requires a compelling public policy justification for its extension.  *Wood v. Battle*

15   *Ground Sch. Dist.*, 27 P.3d 1208, 1219 (Wash. Ct. App. 2001); *Twelker v. Shannon & Wilson,*

16   *Inc.*, 564 P.2d 1131, 1134 (1977).  Defendant has failed to cite a single case in which absolute

17   privilege has been extended to a county prosecutor's office, and moreover, Defendant fails to

18   provide any independent and genuine public policy argument for the extension of this

19   extraordinary privilege.  Instead, the defendant relies on the same reasoning that was rejected in

20   *Bender v. City of Seattle*, 664 P.2d 492, 503 (1983).

21       Absolute privilege is usually confined to cases in which the public service and

22   administration of justice require complete immunity. Legislatures in debate, judges and

23   attorneys in preparation or trial of cases, statements of witnesses or parties in judicial

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proceedings, and statements of **executive** or military personnel acting within the duties of their offices are frequently cited examples. *Bender*, 664 P.2d at 504.

In their motion, Defendant attempts to analogize to *Gold Seal Chinchillas*, *Stidham*, and *Liberty Bank* in its argument for extending the absolute privilege doctrine to cover a county prosecutor's office. Defendant fails to acknowledge that in each of these cases the privilege was extended only to (1) a high ranking state official such as the Attorney General in *Gold Seal Chinchillas*; (2) the department director and assistant director of the Washington Department of Licensing in *Stidham*; and (3) the Washington state supervisor of banking in *Liberty Bank*. This distinction alone defeats Defendant's argument.

Defendant's rank is more akin to those of defendants in which the privilege was not extended. In *Bender*, the court refused to afford absolute privilege to police officers for statements or communications made in the performance of official duties. 664 P.2d at 504. Instead, the court gave the police a qualified privilege reasoning that although statements serve the important function of serving the public, they do not rise to the level of compelling public policy, and the right to inform the public does not include the "license to make gratuitous statements concerning the facts of a case or disparaging the character of other parties to an action." *Id.*

Similarly, in *Wood* the court held that the defendant school board president was only entitled to a qualified privilege. The court reasoned that there was no compelling reason for extending the absolute communication privilege to school board presidents, a school board president is an inferior state officer under Washington state law, and that local school districts are public subdivisions of the state. *Id.* The court held that the defendant's attempts to analogize to *Liberty Bank*, *Stidham*, and *Sidor* (all cases cited by defendant in the present case)

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 17
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    were misplaced because the officials in those cases had significantly different responsibilities

2    than defendant.  *Id.*

3          Here, this court should find that Defendant, due to its inability to present a compelling

4    reason for extending the absolute communication privilege and because of its analogous rank to

5    other political subdivisions such as school boards and police departments is not entitled to the

6    protection of the absolute communication privilege.  *See* RCW 42.17A.765.1-3 (indicating

7    county prosecutor offices are political subdivisions: "[A]ttorney general and the prosecuting

8    authorities of political subdivisions of this state.").  As the court in *Bender* found, such

9    statements do not *de facto* rise to the level of compelling public policy.

10         49.    Moreover, Defendant Clark County's assertion that "Providing the absolute

11   privilege to a prosecutor's office fulfills the policies of keeping the public informed of the

12   public's business, protecting government officials in the exercise of their discretion, and

13   promoting the public interest in the unhindered exercise of official authority" is inconsistent

14   with case precedent.  Rather, a prosecutor's statements to the media are *not* entitled to absolute

15   immunity.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993).  "Comments to the media have

16   no functional tie to the judicial process just because they are made by a prosecutor....The

17   conduct of a press conference does not involve the initiation of a prosecution, the presentation

18   of the state's case in court, or actions prepatory for these functions."  *Id.* at 277-78.

19         50.    The facts to be obtained through discovery will demonstrate that the press

20   release at issue contained numerous representations Defendants knew to be false, such as Mr.

21   Spencer was of sound mind and body when he pled guilty to raping all of the young children.

22   The press release failed to advise the public how Defendants harassed and manipulated the

23   children, and hid exonerating medical reports and videotapes.  The press release makes false

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 18
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  statements regarding the discovery of the medical reports and the significance of the medical

2  reports.  The release falsely stated that "Mr. Spencer stated on the record that he was pleading

3  guilty because 'I don't remember the crimes.'"  The press release falsely reported that Kathryn

4  Spencer did not swear that the allegations against Mr. Spencer were not true.

**E.  Plaintiff is not collaterally estopped from litigating claims that Defendants violated his constitutional rights**

51.     Defendant Clark County relies on the prior habeas proceedings to argue that

Plaintiff's claims are barred by collateral estoppel.  .  The facts to be obtained through

discovery (facts a – r) will defeat this argument.  Defendant Clark County's argument is easily

dismissed, as none of the prior proceedings assessed the cumulative effect of *all* of the

undisclosed evidence, including:  (1) the sexual relationship between Defendant Shirley

Spencer and Defendant Davidson; (2) the medical reports of Kathryn Spencer and Matthew

Hanson; (3) the videotaped interrogation of Kathryn Spencer by Defendant Peters; (4)

Defendant Peters' notes of that interrogation; and (5) the fact that Kathryn Spencer, Matthew

Spencer and Matthew Hanson were coerced and manipulated into making false statements in

furtherance of a conspiracy to frame Mr. Spencer.  Thus, there is no prior proceeding in which

the identical issue was considered and collateral estoppel does not apply.  *Christensen v. Grant

County Hosp. Dist. No. 1*, 152 Wash.2d 299, 307-08 (2004).

52.     Furthermore, Defendant Clark County's assertion of qualified immunity will

also be defeated by the facts to be obtained through discovery.  In determining the viability of a

qualified immunity defense at the summary judgment stage the court must examine whether the

facts, taken in the light most favorable to the Plaintiff, show (1) the officer's conduct would

violate a constitutional right if the allegations are established and (2) whether this right was

clearly established at the time of the constitutional violation.  *Pearson v. Callahan*, 555 U.S.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 19
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

223, 236 (2009).  In analyzing whether the second prong has been satisfied courts have looked

to the objective reasonableness of the official's actions.  *Anderson v. Creighton*, 483 U.S. 635,

638-39 (1987).  To be clearly established, a right must be sufficiently clear so that every

reasonable official would have understood that what he is doing violates that right.  *Reichle v.*

*Howards*, 2012 WL 1969351, *4 (2012).  If the plaintiff meets this burden, then the defendant

must prove that his conduct was "reasonable even though it might have violated the law."

*Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir. 2006)

53.    The facts to be obtained from discovery as summarized above (a – r)

demonstrate that Defendants Peters, Davidson and Krause are not entitled to qualified

immunity based upon probable cause, as they knew there was no probable cause at the time of

Mr. Spencer's arrest.  All Defendants participated in fabricating evidence against Mr. Spencer,

and probable cause cannot be based on evidence a defendant knows to be fabricated.  *Lacy v.*

*County of Maricopa*, 631 F.Supp.2d 1197, 1210 (U.S. Dist. Ct. AZ 2008) .

Furthermore, the exculpatory video and medical reports also demonstrate a lack of

probable cause.  *Id.*, citing *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988) (holding that

police may not disregard facts tending to dissipate probable cause).  Plaintiffs should therefore

be given leave to conduct discovery related to these issues.

### F.  There is a basis for municipal liability

54.    A municipality can be sued directly if the unconstitutional act "implements or

executes a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers."  *Baldwin v. City of Seattle*, 776 P.2d 1377, 1381 (Wash.

Ct. App. 1989) (quoting *Monell v. Dept. of Social Servs*, 436 U.S. 658, 691 (1978).  A

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 20
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   municipality may also be sued for governmental customs that consists of constitutional

2   deprivations even though the custom has not received formal approval.  *Id.*

3        55.    To establish a § 1983 claim against a municipality, a plaintiff must: (1) identify

4   a specific policy or custom; (2) demonstrate that the policy was sanctioned by the official or

5   officials responsible for making policy in that area of the city's business; (3) demonstrate a

6   constitutional deprivation; and (4) establish a causal connection between the custom or policy

7   and the constitutional deprivation.  *Citoli v. Seattle*, 61 P.3d 1165, 1184 (2002).

8        56.    In the absence of a formal municipal policy, a plaintiff must show a

9   "longstanding practice or custom which constitutes the standard operating procedure of the

10   local governmental entity." *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996) (quoting *Gillette*

11   *v. Delmore,* 979 F.2d 1342, 1346–47 (9th Cir.1992)). A plaintiff must establish that the custom

12   or practice is "so 'persistent and widespread' that it constitutes a 'permanent and well settled

13   city policy.'" *Trevino,* 99 F.3d at 918 (quoting *Monell,* 436 U.S. at 691, 98 S.Ct. 2018).

14        57.    Here, the facts to be obtained through discovery (facts a – s) will defeat

15   Defendant Clark County's claim that there is no basis for municipal liability.  These facts

16   demonstrate a pattern and practice on the part of the Clark County Sheriff's Office, the Clark

17   County Prosecuting Attorney's Office and Clark County to conceal exculpatory evidence by

18   ensuring the exculpatory reports were not contained within the prosecutor's file and never

19   disclosed to the defense.  This custom and practice was sanctioned by supervisors within both

20   the Sheriff's and prosecutor's office

21        58.    The prosecutor's office, by its own admission, when asked by Court of Appeals

22   to explain the "irregularities" in the investigation and prosecution of Mr. Spencer, stated,

23   "things were done differently then."  Plaintiffs seek to conduct further discovery of how "things

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 21
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   were done differently" and how the custom and practice resulted in damage to Plaintiffs before

2   responding to Clark County's dispositive motion.

3                                       **Conclusion**

4            Plaintiffs respectfully request that depositions of Defendants take place prior to

5   responding to Defendant Clark County's motion for summary judgment.  Plaintiffs have not

6   had a meaningful opportunity to conduct discovery, particularly related to Defendant Clark

7   County's policies and procedures regarding exculpatory evidence.  When the facts that will

8   defeat a defendant's motion for summary judgment are within that defendant's exclusive

9   control, a plaintiff should be allowed to depose that defendant prior to responding to a motion

10  for summary judgment.  *Metabolife*, 264 F.3d at 846-47.

11           Furthermore, Defendant Clark County's assertion of probable cause is a fact-intensive

12  inquiry.  *Illinois v. Gates*, 462 U.S. 213, 232 (1983) (holding that probable cause is a fluid

13  concept turning on the assessment of probabilities in particular factual contexts, and not

14  readily, or even usefully, reduced to a neat set of legal rules).  Defendant Clark County's claim

15  that probable cause existed is based largely on disputed facts contained in the Defendants'

16  declarations and police reports.  As such, Plaintiffs should be afforded an opportunity to depose

17  the Defendants regarding the facts and circumstances of the investigation prior to responding to

18  their motions for summary judgment.

19           The facts to be obtained through discovery will defeat Defendant Clark County's

20  motion for summary judgment.  The instant motion should thus be granted.

21           WHEREFORE, Plaintiffs respectfully request relief under Rule 56(d), specifically that

22  Defendant Clark County's motion be denied without prejudice so that Plaintiffs can engage in

23

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 22
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    discovery prior to responding to Defendant Clark County's pending dispositive motion, or any

2    other relief deemed appropriate.

3        DATED this 18th day of June, 2012.

4                                    Davis Wright Tremaine LLP
                                     Attorneys for Plaintiffs

5

6    By s/ Daniel T. Davies
                                     Daniel T. Davies, WSBA #41793
                                     Suite 2200
7                                    1201 Third Avenue
                                     Seattle, Washington  98101-3045
8                                    Telephone: (206) 757.8286
                                     Fax: (206) 757.7286
9                                    E-mail: dandavies@dwt.com

10                                   Of Counsel:

11                                   Kathleen T. Zellner
                                     Law Offices of Kathleen T. Zellner, P.C.
12                                   Esplanade IV
                                     1901 Butterfield Road, Suite 650
13                                   Downers Grove, Illinois  60515
                                     (630) 955-1212

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .          Davis Wright Tremaine LLP
CLARK COUNTY (C11-5424BHS) — 23                          LAW OFFICES
DWT 19792758v1 0094078-000001                            Suite 2200
                                                       1201 Third Avenue
                                                     Seattle, WA 98101-3045
                                              206.622.3150 main · 206.757.7700 fax

1

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

2

I hereby certify that on June 18, 2012, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system which will send notification of said filing to the

following:

4

**Daniel J. Judge, Attorneys for Defendant James M. Peters**

danielj@atg.wa.gov, JoanK@atg.wa.gov, LaurelD@atg.wa.gov, TOROlyEF@atg.gov,

5

TracyJ@atg.wa.gov

6

**Patricia Campbell Fetterly, Attorneys for Defendant James M. Peters**

patriciaf1@atg.wa.gov, cynthiam4@atg.wa.gov, deanm@atg.wa.gov,

7

torolyef@atg.wa.gov

8

**Bernard F. Veljacic, Attorneys for Defendants Clark County Prosecutor's Office,
Clark County Sheriff's Office, the County of Clark**

9

Bernard.Veljacic@clark.wa.gov

10

**Gabriella Wagner, Attorneys for Shirley Spencer,**

Wagner@wscd.com

11

**William Hudson Dunn, Attorney for Defendant Shirley Spencer,**

12

dunnwh@pacifier.com

13

**Gary A. Western, Attorney for Defendant Shirley Spencer**

western@wscd.com

14

**Guy Bogdanovich, Attorney for Defendant Sharon Krause**

15

gbogdanovich@lldkb.com

16

**Jeffrey Freimund, Attorney for Defendant Michael Davidson**

jefff@fjtlaw.com, janicef@fjtlaw.com, kathrines@fjtlaw.com

17

The following will not receive electronic notification of the filing:

18

Robert M. McKenna

19

Attorney General of Washington, Government Operations Division

7141 Cleanwater Drive SW

20

PO Box 40108

Olympia, WA  98504-0108

21

I certify that on June 18, 2012, I caused a true and correct copy of the foregoing to be

22

mailed to Robert McKenna at the above address.

23

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 24
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 18th day of June, 2012.

2                                    *s/ Daniel T. Davies*
                                     Daniel T. Davies

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
CLARK COUNTY (C11-5424BHS) — 25
DWT 19792758v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax