The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E. TETZ,

              Plaintiffs,

    v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY, JAMES
M. PETERS, DETECTIVE SHARON KRAUSE,
SERGEANT MICHAEL DAVIDSON, CLARK
COUNTY PROSECUTOR'S OFFICE, CLARK
COUNTY SHERIFF'S OFFICE, THE COUNTY
OF CLARK and JOHN DOES ONE THROUGH
TEN,

              Defendant.

No.  C11-5424BHS

PLAINTIFFS' REQUEST FOR
CONTINUANCE UNDER FED. R.
CIV. 56(d) BEFORE
RESPONDING TO DEFENDANT
MICHAEL DAVIDSON AND
SHIRLEY SPENCER'S MOTION
FOR SUMMARY JUDGMENT

NOW COME Plaintiffs, CLYDE RAY SPECER, et. al., by and through their attorneys,
Kathleen T. Zellner & Associates, P.C., and for their Motion for Relief Under Federal Rule of
Civil Procedure 56(d), states as follows:

### Procedural History

1.      Plaintiffs have filed a thirteen-count, sixty-eight page complaint against
Defendants.  Counts 1 through 7 assert claims under 42 U.S.C. §1983 for violations of Mr.
Spencer's various constitutional rights.  Counts 8 through 11 assert state claims against

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    Defendants related to the preceding counts brought under §1983.  Counts 12 and 13 assert

2    claims for Matthew R. Spencer and Kathryn E. Tetz's loss of consortium.

3         2.      Plaintiffs' complaint is based on the Defendants' collaborative effort to frame

4    Mr. Spencer for various acts of sexual abuse.  In doing so the Defendants acted without

5    probable cause, fabricated evidence, and withheld exculpatory evidence that would have

6    established Mr. Spencer's innocence.  The Defendants' wrongful conduct dates back to 1984,

7    the date that the Defendants embarked on their conspiracy to falsely accuse Mr. Spencer.

8         3.       Defendants Krause, Davidson, Clark County Prosecutor's Office, Clark County

9    Sheriff's Office and Clark County served their initial disclosures on September 29, 2011.  By

10   stipulated order this Court extended the time for Defendant Peters to file his initial disclosures

11   until November 15, 2011.  Defendant Peters filed his initial disclosures on November 14, 2011.

12        4.      On December 1, 2011, the parties submitted an Amended Proposed Joint Status

13   Report and Discovery Plan ("the Plan").  In the Plan, the Defendants indicated that discovery

14   must begin before settlement can be properly explored.  In the Plan the parties also agreed that

15   discovery would be needed on both liability and damages, and that discovery should not be

16   limited or focused on any particular issues.  The parties proposed that discovery could be

17   concluded within sixteen months (April 1, 2013) of filing the report.  *See Amended Joint Status*

18   *Report and Discovery Plan, Docket No. 47, ¶¶5-6.*

19        5.      On December 28, 2011, this Court entered a minute order, directing discovery to

20   be completed by December 17, 2012.

21        6.      Plaintiffs have been diligent in reviewing and obtaining discovery.  Plaintiffs'

22   counsel is in the process of reviewing Defendants' initial disclosures, which consists of

23   thousands of pages of documents spanning more than 25 years of investigation and court

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 2
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proceedings.  *Zellner Affidavit*, ¶ 17.  Simultaneous with the filing of this motion, Plaintiffs are serving Interrogatories on the various Defendants in anticipation of taking their depositions.

7.     On May 23, 2012, Defendant Michael Davidson filed a motion for summary judgment seeking dismissal of all claims against him with prejudice pursuant to Federal Rules of Civil Procedure 56.  Defendant Davidson's motion is in addition to the motions for summary judgment filed by the other Defendants on May 23 and May 24, 2012.  Defendant Shirley Spencer filed a motion to join in Defendant Davidson's motion on May 25, 2012.

8.     A review of Defendant Davidson's motion and the attached declarations reveals that additional discovery will be needed to properly respond to the motion.  Therefore, pursuant to Federal Rules of Civil Procedure 56(d), Plaintiffs seek an order from this Court denying Defendant Davidson's and Defendant Shirley Spencer's motions without prejudice so that Plaintiffs can engage in discovery prior to responding to the dispositive motion.

### *Applicable Law*

9.     Federal Rule of Civil Procedure 56(d) provides:

> Once a motion for summary judgment is filed, the non-moving party must show to the court that a genuine and material factual dispute exists to defeat summary judgment. If the non-moving party is still conducting valuable discovery or for some other reason is not yet ready or able to make that showing, the party may file an affidavit or declaration explaining why a ruling on summary judgment should be postponed.  The court, in its discretion, may then grant a temporary reprieve if the reasons offered are persuasive.

10.     Rule 56(d) provides a device for litigants to avoid summary judgment when the nonmovant needs to discover affirmative evidence necessary to oppose the motion.  *Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 3
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

11.     A request for relief pursuant to Rule 56(d) should be granted where the requesting party specifies facts that further discovery would reveal, and explains why those facts would preclude summary judgment. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

12.     The Ninth Circuit has further held that district courts should grant any Rule 56(d) motion "fairly freely" when a party moves for summary judgment before the opposing party has had a realistic opportunity to pursue discovery relating to its theory of the case. *Burlington N. & Santa Fe Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003). Indeed, Rule 56(d) requires, rather than merely permits, discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition. *Metabolife Inern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

13.     Defendant Davidson's motion for summary judgment is based in large measure on the self-serving affidavits and exhibits attached to the other pending motions for summary judgment, many of which contain purported "facts" which Plaintiffs dispute. Due to the matters raised in the declarations and exhibits, Plaintiffs seek to depose all Defendants prior to responding to Defendant Davidson's dispositive motion.

***Plaintiffs should be given an opportunity to depose Defendants Davidson and Shirley Spencer to determine the nature of their relationship and when it started***

14.     Plaintiffs seek discovery related to Defendant Davidson and Defendant Shirley Spencer's romantic relationship, and the effect it had on the investigation of Mr. Spencer's criminal case.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 4
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

15.     Though it is not referenced in Defendant Davidson's motion, Plaintiff has alleged that the criminal investigation against him was motivated in part by the inappropriate relationship between Defendant Davidson and Defendant Shirley Spencer.  Davidson separated from his wife and later moved into the home owned by Mr. Spencer and Shirley Spencer.  The home was then sold, and the proceeds divided between Davidson and Shirley Spencer.

16.     Plaintiffs have alleged that the romantic relationship between Davidson and Shirley Spencer started during the investigation of Mr. Spencer, and that the relationship motivated Davidson to take part in the fabrication of evidence and conspiracy to frame Mr. Spencer.

17.     The findings from the Supreme Court of Washington and the Commutation of Mr. Spencer hold that this relationship began *during* the investigation of Mr. Spencer:

> In December 1984 a deputy prosecutor conducted a videotaped interview of K.S., assisted by Ms. Krause and K.S.'s mother, but the tape was not disclosed until October 2009.  Notwithstanding Ms. Roe's assessment, the State charged Mr. Spencer in January 1985 with first degree statutory rape and indecent liberties committed against K.S.  *Meanwhile, Mr. Spencer's then current wife, Shirley Spencer, entered into a sexual relationship with the lead detective [Defendant Davidson] investigating the case*.  That detective supervised Ms. Krause, whom he notified of the relationship.  (Emphasis added).  *Zellner Affidavit*, at Ex. 1, p. 2

18.     Defendant Krause has acknowledged that Defendant Davidson deemed his relationship with Shirley Spencer significant enough that he informed her of it.  *Zellner Affidavit*, at Ex. 2, p. 41.  Certainly the motives of law enforcement to carry out the investigation against Mr. Spencer are relevant and material to his pending claims, and discovery on this issue prior to responding to dispositive motions should be permitted.

***Plaintiffs should be given an opportunity to depose Defendant Davidson regarding the extent of his involvement in the investigation and his supervision of Defendant Krause***

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 5
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

20.     Plaintiffs have alleged that Defendants Davidson, Krause and Peters, alone and in conspiracy, fabricated evidence against Mr. Spencer and concealed exculpatory evidence.

21.     Defendant Davidson supervised Defendant Krause in the Spencer investigation, and, along with Defendant Krause, knew that the allegations against Mr. Spencer were untrue.

22.     Through the course of her investigation, Defendant Krause generated police reports containing allegations of penile penetration against Mr. Spencer as to both Kathryn Spencer and Matthew Hanson.

23.     For example, in her report detailing allegations of abuse by Kathryn Spencer, Defendant Krause documents:

> "I asked her [Kathryn] what happened then and Katie stated, "Well, he [Mr. Spencer] hurt me."  I asked her if she could do that with the dolls and Katie at that time picked up the child female doll and inserted the penis of the male doll into the vaginal opening of the child female doll that she had indicated was her." *Zellner Affidavit*, at Ex. 9, p. 7 (*Krause interview of Kathryn Spencer 10/18/84*).

24.     Defendant Krause also documented abuse against Kathryn Spencer allegedly seen by Matthew Hanson during her interview with him:

> "I asked Matt if he could show me what happened to Kathryn and at that time he picked up the female doll and I observed him carefully placing the penis of the male doll in the vaginal opening of the female doll and at that time Matt stated, "You have to put this all the way in and that's what he did to Kathryn."  I asked Matt if anything else happened to Kathryn and Matt turned the female doll over and placed the penis on the buttocks of the female doll and stated, "And his pee-pee was like this in her bottom and that hurts her too, and she cries just like me when it hurts." *Zellner Affidavit*, at Ex. 10, p. 20 (*Krause interview of Matthew Hanson 2/28/85*).

25.     On August 30, 1984 Kathryn Spencer underwent a medical examination by Dr. Magee at the University of California Davis Medical Center to determine if any evidence existed suggesting she had been molested.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 6
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

26.     The examination was critically important to ascertaining the truth, as Kathryn allegedly reported that Mr. Spencer had attempted to vaginally penetrate her.  There was no physical evidence obtained from the examination that was consistent with Kathryn having been molested; there were no lacerations, bruises, redness, swelling or scars.  The report was therefore exculpatory as to Mr. Spencer.  *Zellner Affidavit*, at Ex. 5 (*Dr. Magee Report*).

27.     However, the report was never disclosed to counsel for the defense.  Defendant Peters has denied that the report was in the prosecutor's file.  *Zellner Affidavit*, at Ex. 4, p. 332-333 (*Peters Habeas Testimony*).

28.     Similarly, a medical examination of Matthew Hanson was performed on March 6, 1985 to determine if there were any injuries consistent with sexual abuse.  The report was again critically important, as Defendant Krause had documented reports of severe penetration:

> "[A]t that time Matt stated to me, "And he hurt my bottom, too."  I asked Matt who hurt is [sic] bottom and he stated, "My dad, Ray Spencer.  He puts his finger in my hole.""... "He puts his pee-pee in my bottom and that really hurts and that makes me really cry.""...  "Well, he touched my pee-pee in the bathroom and then he put his pee-pee in my bottom."  *Zellner Affidavit*, at Ex. 10, p. 18 (*Krause interview of Matthew Hanson 2/28/85*).

29.     The examination of Matthew Hanson demonstrated no evidence of physical injury corroborating the charges of sexual assault against Mr. Spencer, including no lacerations, bruises, redness, swelling or scars.  The report was exculpatory to Mr. Spencer.  *Zellner Affidavit*, at Ex. 7 (*Dr. Galaviz Report*).

30.     Like the report of examination of Kathryn Spencer, the report of examination of Matthew Hanson was not disclosed to Mr. Spencer.  As with the Kathryn Spencer report, Defendant Peters has denied that the Hanson report was contained in the prosecutor's file.

31.     Plaintiffs allege that the allegations in Defendant Krause's police reports detailing sexual abuse consisting of penile penetration are fabricated.  Plaintiffs also allege that

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 7
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   any accusations against Mr. Spencer were the product of coercion and manipulation placed

2   upon the child witnesses.  Defendant Krause has never been subjected to examination regarding

3   these matters.

4          32.    Furthermore, it is reasonable to believe that, as Defendant Krause's supervisor,

5   Defendant Davidson knew that the aforementioned medical examinations took place and that

6   the results were exculpatory to Mr. Spencer.  Based on the lack of evidence corroborative of the

7   allegations, Defendant Davidson knew or should have known that the allegations against Mr.

8   Spencer were false.

9          33.    Defendant Davidson has denied that he knew about the Hanson medical report.

10  However, the court in Mr. Spencer's habeas proceedings found Defendant Davidson to not be

11  credible on this point:

12              Based on everything I've read in this file, I am afraid that I've come to the
               conclusion that Mr. Davidson, formerly of the Clark County Sheriff's
13             Office...he's just not very credible, and I don't particularly believe what he
               has told us....I think that the sheriff's office was aware that Matthew
14             Hanson had been to a doctor for this exam.  *Zellner Affidavit*, at Ex. 11, p.
               522-23 (*District Court's Ruling*)
15

16  Plaintiffs should be allowed to depose Defendant Davidson with regard to these issues.

17  ***Plaintiffs should be given an opportunity to depose Defendants Peters, Krause   and
    Davidson due to inconsistent statements regarding the failure of the prosecution to
    disclose exculpatory medical reports of Kathryn Spencer and Matthew Hansen***

18

19         34.    In her sworn deposition testimony in the habeas proceedings, when asked if she

20  knew whether or not the Kathryn Spencer medical report was forwarded to the prosecutor's

21  office, Defendant Krause testified:

22              "Like I explained, I'm told it wasn't in their file.  If they have all the other
               reports, I can't imagine them not having this one.  Also, based on Jim
23             Peters and knowing him and knowing how meticulous he is and knowing
               historically what I would do, there is no doubt in my mind if they didn't
               have a copy, he was aware of it when I got it.  We talked.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 8
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

If CAIC – If I have a prosecutor on a case, he may not have the whole case file or I may still have some reports I haven't shipped up to him, but there would be no doubt in my – 99 percent sure that he had this information.  I can't imagine him not having the report if he had all the rest of the reports." *Zellner Affidavit*, at Ex. 6, p. 27-28 (*Krause Habeas Deposition*).

35.     One possible explanation for the failure of the medical reports to end up in the file is that the Clark County prosecutor's office apparently had a practice of advising the Sheriff's Office to not send reports if the prosecutor's office did not feel the report contained "significant" information.  Defendant Davidson testified during Mr. Spencer's habeas proceedings as follows:

Q:     You [sic] think it would be proper for the sheriff's department not  to forward this report to the prosecutor?

A:     The only way that I can see us not forwarding this to the     prosecutor would be if the prosecutor didn't feel it was material of     if the investigator felt that there was nothing of significance to the     prosecutor.

Q:     How would the prosecutor know whether it was material or not unless they saw the report?

A:     Conversation with the investigator.

Q:     In your experience with the Clark County Sheriff's Office, have     there been situations where you have had discussions with the     deputy prosecutor about a report, and the prosecutor has indicated     that you don't need to forward that report to them?

A:     I certainly can't off the top of my head, although I can think of certain instances where I've done specific things like that.  *An examination on things that bore out no significant information, they didn't want to see the report*.  (Emphasis added).  *Zellner Affidavit*, at Ex. 8, p. 22 (*Davidson Habeas Deposition*).

36.     It is reasonable to believe that, as a supervisor, Defendant Davidson would be involved in the dissemination of reports to the prosecutor's office.  Since the prosecution is

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 9
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   claiming the reports were never received, Plaintiff should be allowed to conduct discovery as to

2   this issue.

3       37.     Defendant Peters has attempted to blame the Defendant Detectives for the

4   failure to disclose these medical reports to Mr. Spencer.  Conversely, the Defendant Detectives

5   have attempted to blame Defendant Peters for the failure to disclose the reports.  Plaintiffs

6   should be given the opportunity to depose all Defendants and conduct discovery related to the

7   failure to disclose the exculpatory evidence.

8       ***Facts Plaintiffs will obtain by conducting discovery***

9       38.     Plaintiffs reasonably and in good faith believe the following facts will be

10  obtained if this Court permits discovery to proceed:

11          a.  Defendant Krause coerced and manipulated Kathryn Spencer, Matthew
            Spencer and Matthew Hanson into making false statements against Mr. Spencer.

12          b.  Defendant Krause concealed the fact that she had coerced and manipulated
13          Kathryn Spencer, Matthew Spencer and Matthew Hanson into making false
            statements against Mr. Spencer from the prosecution.

14          c.  Defendant Davidson was aware of and complicit in Defendant Krause's
15          fabrication of statements from Kathryn Spencer, Matthew Spencer and Matthew
            Hanson.

16          d.  Defendant Davidson was aware of and took part in a conspiracy to frame Mr.
17          Spencer for acts of abuse at the Salmon Creek Motel against Matthew Hanson,
            knowing no such acts took place.

18          e.  Defendant Davidson was aware that the medical reports of Kathryn Spencer
19          and Matthew Hanson did not corroborate their putative allegations of abuse.

20          f.  Defendant Davidson either failed to provide the exculpatory medical
            examinations to Defendant Peters and/or the prosecutor's office, or acted in
21          concert with Defendant Peters to conceal the exculpatory medical examinations.

22          g.  Defendant Davidson conspired with the other named Defendants to conceal
            an exculpatory videotape of an interview with Kathryn Spencer that was
23          inconsistent with her previously reported claims of abuse.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

h.  Defendant Davidson conspired with the other named Defendants to withhold exculpatory evidence and continue the prosecution against Mr. Spencer up until the date the charges were dropped against Mr. Spencer, in part due to the nature of his relationship with Shirley Spencer.

i.  Defendant Davidson met with Defendants Peters and Krause on multiple occasions to discuss coercive interview techniques and the most effective ways of procuring incriminating statements from the children.

j.  Defendant Davidson failed to properly disclose his romantic relationship with Shirley Spencer during the investigation of Mr. Spencer.

k.  Defendant Davidson conspired to conveyed information regarding allegations of sexual abuse to the prosecution he knew or should have known to be false.

l.  Defendant Davidson, acting alone and/or in concert with the other named Defendants, mislead the prosecution of Mr. Spencer by providing false information to the prosecution and by omitting exculpatory evidence to for the purpose of fabricating probable cause.

m.  Defendant Davidson knew that apart from the coerced, false statements attributed to Matthew Spencer, Matthew Hanson and Kathryn Spencer there was no evidence of any sexual abuse by Mr. Spencer.

n.  In the above-described manner, Defendants Peters, Krause and Davidson alone and in concert misled the prosecuting attorney into filing charges against Mr. Spencer.

o.  Defendant Davidson approached Mr. Spencer while he was held at the county jail, and attempted to coerce Mr. Spencer into pleading guilty even after Mr. Spencer had invoked his right to an attorney.

*Zellner Affidavit,* ¶15.

**_The facts obtained through the course of discovery will defeat Defendant Davidson's motion for summary judgment_**[1]

39.     The facts obtained through discovery will defeat Defendant Davidson's motion for summary judgment.

---

[1] Plaintiffs do not fully brief the bases for summary judgment based primarily on procedural, rather than substantive, grounds.  Plaintiffs will respectfully request an opportunity to fully respond to all bases for summary judgment once the instant motion is ruled upon and, if granted, the requested discovery is completed.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## A.  Plaintiff's state law claims are timely

40.     Plaintiff Spencer's state law cause of action for malicious prosecution is timely. A cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief.  *Gazija v. Nicholas Jerns Co.*, 86 Wash.2d 215, 219 (1975); *O'Neil v. Estate of Murtha*, 89 Wash. App. 67, 69-70.  An action for malicious prosecution requires a plaintiff prove, *inter alia*, the maliciously instituted proceedings ended on the merits in favor of the plaintiff or were abandoned.  *Hanson v. Estell*, 100 Wash. App. 281, 286 (2000). Thus, a claim for malicious prosecution does not accrue until the proceedings terminate in a plaintiff's favor.  Here, since the proceedings did not terminate in Mr. Spencer's favor until August 12, 2010, the claim is timely filed.

41.     Plaintiff Spencer's state law cause of action for intentional infliction of emotional distress is timely.  Under the discovery rule, a claim only accrues after the plaintiff knows or has reason to know the factual basis for each element of his claim.  As in *Spring v. Brown*, 2007 WL 26766 (E.D. Wash. Jan 3, 2007) (Van Sickle, J.), Plaintiff Spencer's IIED claim "encompasses all of the Defendants' actions up until his acquittal.  Accordingly, the Plaintiff did not have the factual basis for his outrage claim until his acquittal." *Id*. at *4.  The facts stated above (a – o) demonstrate that Defendants committed acts throughout Mr. Spencer's incarceration and up until the proceedings terminated in his favor, including the fabrication of evidence and concealment of exculpatory evidence, to intentionally inflict emotional distress upon Mr. Spencer.

42.     Plaintiff's state law cause of action for conspiracy is timely.  The conspiracy to deprive Mr. Spencer of his constitutional rights, as summarized above (facts a - o) continued up through Mr. Spencer's *Alford* plea, and until the proceedings terminated in his favor.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 12
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

43.     Plaintiff's defamation cause of action is timely.  Plaintiff's defamation claim is based on the August 12, 2010 press release.  Because Plaintiff's claim was brought within 2 years of the press release, the defamation claim is timely.

**B.  There is evidence that Defendant Davidson took part in the investigation that led to the defamatory press release**

44.     Defendant Davidson claims that he took no part in defaming Mr. Spencer. However, it is quite evident that Defendant Davidson actively took part in the fabrication and concealment of evidence that resulted in the charges being filed against Mr. Spencer. Defendant Davidson thus was an active participant in the investigation upon which the defamatory statements were based.

45.     Defendant Davidson's claim that he took no part in the press release is based on his own self-serving statements.  Plaintiffs should be allowed to depose the defendants, as the extent of Defendant Davidson's involvement (or lack thereof) is exclusively within Defendant Davidson's control and not otherwise amenable to discovery.  See *Metabolife*, 264 F.3d at 846-47 (holding that when the facts that will defeat a defendant's motion for summary judgment are within that defendant's exclusive control, a plaintiff should be allowed to depose that defendant prior to responding to a motion for summary judgment).

**C.  Plaintiff is not collaterally estopped from litigating claims that Defendants violated his constitutional rights**

46.     Defendant Davidson relies on the prior habeas proceedings to argue that Plaintiff's claims are barred by collateral estoppel.  The facts to be obtained through discovery (facts a – o) will defeat this argument.  Defendant Davidson's argument is easily dismissed, as none of the prior proceedings assessed the cumulative effect of *all* of the undisclosed evidence, including:  (1) the sexual relationship between Defendant Shirley Spencer and Defendant

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  Davidson; (2) the medical reports of Kathryn Spencer and Matthew Hanson; (3) the videotaped

2  interrogation of Kathryn Spencer by Defendant Peters; (4) Defendant Peters' notes of that

3  interrogation; and (5) the fact that Kathryn Spencer, Matthew Spencer and Matthew Hanson

4  were coerced and manipulated into making false statements in furtherance of a conspiracy to

5  frame Mr. Spencer.  Thus, there is no prior proceeding in which the identical issue was

6  considered and collateral estoppel does not apply.  *Christensen v. Grant County Hosp. Dist. No.*

7  *1*, 152 Wash.2d 299, 307-08 (2004).

8       47.     To the extent Defendant Davidson relies on Mr. Spencer's *Alford* plea as

9  establishing probable cause, case law holds that a prior conviction does not establish probable

10 cause where the conviction resulted in an *Alford* plea.  *Clark v. Baines*, 150 Wash.2d 905, 912-

11 13 (2004).  "Therefore, we hold a defendant who pleads guilty to an *Alford* plea has not had a

12 full and fair opportunity to litigate the issues in the criminal action.  As such an *Alford* plea as a

13 matter of law fails the fourth element of the four-part collateral estoppel test because giving

14 such a plea preclusive effect in a subsequent civil action would work an injustice against the

15 party who entered the plea."  *Id*. at 917.

16          **D1. and D2.  Defendant Davidson is not entitled to qualified immunity
            based on probable cause**

17

18       48.     In determining the viability of a qualified immunity defense at the summary

    judgment stage the court must examine whether the facts, taken in the light most favorable to
19
    the Plaintiff, show (1) the officer's conduct would violate a constitutional right if the
20
    allegations are established and (2) whether this right was clearly established at the time of the
21
    constitutional violation.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  In analyzing whether
22
    the second prong has been satisfied courts have looked to the objective reasonableness of the
23
    official's actions.  *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  To be clearly

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 14
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    established, a right must be sufficiently clear so that every reasonable official would have

2    understood that what he is doing violates that right.  *Reichle v. Howards*, 2012 WL 1969351,

3    *4 (2012).  If the plaintiff meets this burden, then the defendant must prove that his conduct

4    was "reasonable even though it might have violated the law."  *Trevino v. Gates*, 99 F.3d 911,

5    917 (9th Cir. 2006)

6          49.    At the outset, it should be noted there is a "clearly established" due process right

7    not to be subjected to criminal charges on the basis of deliberately fabricated false evidence.

8    *Atkins v. County of Riverside*, 151 Fed.Appx. 501, 505-06 (9th Cir. 2005).  Moreover, it is

9    axiomatic that probable cause cannot be based on evidence a defendant knows to be fabricated.

10   *Id*.

11         50.    The facts to be obtained from discovery as summarized above (a – o)

12   demonstrate that Defendant Davidson is not entitled to qualified immunity based upon probable

13   cause.[2]  In summary, Defendant Davidson both (1) continued the investigation although he

14   knew or should have known of the suspect's innocence, and (2) used and/or ratified

15   investigative techniques that were so coercive and abusive that he knew or should have known

16   that those techniques would yield false information.  *Devereaux v. Abbey*, 263 F.3d 1070,

17   1974-76 (9th Cir. 2001).

18         51.    Defendant Davidson was instrumental in fabricating statements against Mr.

19   Spencer by encouraging the coercive techniques used against Kathryn Spencer, Matthew

20   Spencer and Matthew Hanson.  Apart from these fabricated statements there was absolutely no

21   evidence upon which a determination of probable cause could be made.  Defendant Davidson

22

23   [2] It is worth reiterating that Plaintiffs dispute several of the so-called "facts" cited in Defendant Krause's motion upon which her claim of probable cause is based, and will respectfully request to respond fully to her motion once the instant motion has been ruled upon and, if granted, the requested discovery is completed.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 15
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   thus either knew or should have known of Mr. Spencer's innocence, and/or that the techniques

2   that were used to interview Kathryn Spencer, Matthew Spencer and Matthew Hanson would

3   yield false information.

4       52.   Furthermore, the exculpatory video and medical reports also demonstrate a lack

5   of probable cause.  *Id.*, citing *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988) (holding

6   that police may not disregard facts tending to dissipate probable cause).  Given their alleged

7   reports of severe penetration, Defendant Davidson had to know the allegations made by

8   Kathryn Spencer and Matthew Hanson were false based on the medical examinations.

9   Defendant Davidson either failed to disclose these reports to the prosecution, and/or acted in

10   concert with Defendants Krause and Peters to remove the reports from the prosecutor's file.

11       53.   Defendant Davidson's conduct does not evince a mistake in judgment; rather,

12   her acts demonstrate specific intent to frame Mr. Spencer without probable cause.  Defendant

13   Davidson misled the prosecution by fabricating evidence upon which the charges were based,

14   and by withholding exculpatory evidence.  As such, his conduct is not entitled to qualified

15   immunity.

16         **D3.  The issue of qualified immunity for the concealment of**
         **exculpatory information has not been previously decided, defeating**

17         **Defendant Davidson's motion for summary judgment**

18       54.   Defendant Davidson's claim that the ruling on the prior habeas proceeding

19   entitles her to qualified immunity should be rejected, as the issue of qualified immunity was not

20   before the court.  Furthermore, during the prior proceedings the true breadth of the material

21   concealed from Mr. Spencer was unknown, as Defendants continued to conceal evidence from

22   Mr. Spencer.  No prior court has ruled on the impact of *all* of the undisclosed evidence.  *See*

23   *Argument B, supra*.  Moreover, the sworn statements of Kathryn Spencer and Matthew Spencer

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 16
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    that Mr. Spencer had not perpetrated any abuse were also not considered.  Collateral estoppel

2    thus does not apply.

### E.  The facts obtained through discovery will defeat Defendant Davidson's assertion that there is no evidence of a conspiracy

3

4

5    55.    Defendant Davidson's asserts that there is no evidence of an agreement with

other Defendants to violate Mr. Spencer's constitutional rights.  The facts described above

6    (facts a – o) defeat Defendant Davidson's argument, in that Defendant Davidson conspired with

7    Defendants Peters and Krause to frame Mr. Spencer for sexual abuse and to withhold

8    exculpatory evidence.  *Mendocino Envtl. Ctr. V. Mendocino County*, 192 F.3d 1283, 1301 ( 9th

9    Cir. 1999) (holding that a showing that defendants committed acts that "are unlikely to have

10   been undertaken without an agreement" may support the inference of conspiracy).

11

### F.  Defendant Davidson did proximately cause the alleged damage

12

13   56.    The facts described above (facts a – o) defeat Defendant Davidson's argument

that he did not proximately cause damage to Plaintiffs.  Defendant Davidson's argument is

14   based on his own self-serving assertion as to the extent of his involvement in the investigation.

15   However, the facts sought in discovery will demonstrate that Davidson actively participated in

16   fabricating evidence by sanctioning coercive and manipulative interview techniques; coercing

17   Mr. Spencer to enter an *Alford* plea to crimes he did not commit; and participating in the

18   concealment of exculpatory evidence.  Defendant Davidson knew (or should have known) the

19   allegations were false due not only to the implausibility of the statements, but also because the

20   irrefutable medical evidence proved that it did not happen.

21          In summary, the facts to be obtained will show Defendant Davidson participated in

22   fabrication of evidence, withheld exculpatory evidence and misled the prosecution.  He

23   therefore proximately caused damage to Plaintiffs.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 17
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**Conclusion**

Plaintiffs respectfully request that depositions of Defendants take place prior to responding to Defendant Davidson and Defendant Shirley Spencer's motion for summary judgment.  Plaintiffs have not had a meaningful opportunity to conduct discovery, particularly related to Defendant Davidson's assertion of qualified immunity and causation.  Defendant Davidson bases his assertion of probable cause on Defendant Krause's interviews with the children.  When the facts that will defeat a defendant's motion for summary judgment are within that defendant's exclusive control, a plaintiff should be allowed to depose that defendant prior to responding to a motion for summary judgment.  *Metabolife*, 264 F.3d at 846-47.

Furthermore, probable cause is a fact-intensive inquiry.  *Illinois v. Gates*, 462 U.S. 213, 232 (1983) (holding that probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts, and not readily, or even usefully, reduced to a neat set of legal rules).  Defendant Davidson's claim that probable cause existed is based largely on disputed facts contained in the Defendants' declarations and police reports.  As such, Plaintiffs should be afforded an opportunity to depose the Defendants regarding the facts and circumstances of the investigation prior to responding to their motions for summary judgment.

The facts to be obtained through discovery will defeat Defendant Davidson's motion for summary judgment.  The instant motion should thus be granted.

[Remainder of page intentionally left blank.]

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 18
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    WHEREFORE, Plaintiffs respectfully request relief under Rule 56(d), specifically that

2    Defendant Davidson's motion be denied without prejudice so that Plaintiffs can engage in

3    discovery prior to responding to Defendant Davidson's pending dispositive motion, or any

4    other relief deemed appropriate.

5    DATED this 18th day of June, 2012.

6                                   Davis Wright Tremaine LLP
                                     Attorneys for Plaintiffs
7
                                     By s/ Daniel T. Davies
8                                        Daniel T. Davies, WSBA #41793
                                         Suite 2200
9                                        1201 Third Avenue
                                         Seattle, Washington  98101-3045
10                                       Telephone: (206) 757.8286
                                         Fax: (206) 757.7286
11                                       E-mail: dandavies@dwt.com

12                                       Of Counsel:

13                                       Kathleen T. Zellner
                                         Law Offices of Kathleen T. Zellner, P.C.
14                                       Esplanade IV
                                         1901 Butterfield Road, Suite 650
15                                       Downers Grove, Illinois  60515
                                         (630) 955-1212

16

17

18

19

20

21

22

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on June 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following:

**Daniel J. Judge, Attorneys for Defendant James M. Peters**
danielj@atg.wa.gov, JoanK@atg.wa.gov, LaurelD@atg.wa.gov, TOROlyEF@atg.gov, TracyJ@atg.wa.gov

**Patricia Campbell Fetterly, Attorneys for Defendant James M. Peters**
patriciaf1@atg.wa.gov, cynthiam4@atg.wa.gov, deanm@atg.wa.gov, torolyef@atg.wa.gov

**Bernard F. Veljacic, Attorneys for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office, the County of Clark**
Bernard.Veljacic@clark.wa.gov

**Gabriella Wagner, Attorneys for Shirley Spencer,**
Wagner@wscd.com

**William Hudson Dunn, Attorney for Defendant Shirley Spencer,**
dunnwh@pacifier.com

**Gary A. Western, Attorney for Defendant Shirley Spencer**
western@wscd.com

**Guy Bogdanovich, Attorney for Defendant Sharon Krause**
gbogdanovich@lldkb.com

**Jeffrey Freimund, Attorney for Defendant Michael Davidson**
jefff@fjtlaw.com, janicef@fjtlaw.com, kathrines@fjtlaw.com

The following will not receive electronic notification of the filing:

Robert M. McKenna
Attorney General of Washington, Government Operations Division
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA  98504-0108

I certify that June 18, 2012, I caused a true and correct copy of the foregoing to be mailed to Robert McKenna at the above address.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 20
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1     DATED this 18th day of June, 2012.

2                                    *s/ Daniel T. Davies*
                                     Daniel T. Davies
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
DAVIDSON AND SPENCER . . . (C11-5424BHS) — 21
DWT 19796826v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax