UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, <br><br> Plaintiffs, <br><br> v. <br><br> FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN, <br><br> Defendants. | No. C11-5424BHS <br><br> AFFIDAVIT OF KATHLEEN T. ZELLNER IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FED. R. CIV. 56(d) |

The undersigned duly sworn and upon her oath, deposes and states as follows:

1. My name is Kathleen T. Zellner, and I am lead counsel representing the Plaintiffs in the above-captioned matter.

2. I submit this affidavit in support of Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 56(d).

3. Attached to this affidavit as Exhibit 1 is a true and correct copy of the order denying discretionary review *In re the Personal Restraint of Clyde R. Spencer*, Case No. 84137-3.

4. Attached to this affidavit as Exhibit 2 is a true and correct copy of an excerpt from Defendant Krause's deposition testimony from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 1
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax

5. Attached to this affidavit as Exhibit 3 is a true and correct copy of an excerpt from Defendant Peters' deposition from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

6. Attached to this affidavit as Exhibit 4 is a true and correct copy of an excerpt from Defendant Peters' testimony from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

7. Attached to this affidavit as Exhibit 5 is a true and correct copy of the report of medical examination of Kathryn Spencer performed by Dr. Magee, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

8. Attached to this affidavit as Exhibit 6 is a true and correct copy of an excerpt from Defendant Krause's deposition testimony from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

9. Attached to this affidavit as Exhibit 7 is a true and correct copy of the report of medical examination of Matthew Hanson performed by Dr. Galaviz, as disclosed to Plaitniffs' counsel in Defendants' initial disclosures.

10. Attached to this affidavit as Exhibit 8 is a true and correct copy of an excerpt from Defendant Davidson's testimony from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

11. Attached to this affidavit as Exhibit 9 is a true and correct copy of an excerpt from Defendant Krause's interview with Kathryn Spencer dated October 18, 1984 as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 2
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax

12. Attached to this affidavit as Exhibit 10 is a true and correct copy of an excerpt from Defendant Krause's interview with Matthew Hanson Spencer dated February 28, 1985 as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

13. Attached to this affidavit as Exhibit 11 is a true and correct copy of an excerpt from the District Court's ruling from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

14. Plaintiffs' counsel has a reasonable and good faith belief that the requested discovery, including the depositions of all named Defendants, is necessary to address the complex legal and factual matters raised in Defendant Krause's motion for summary judgment.

15. Based upon a review of the documents disclosed to-date, a reasonable and good faith belief exists that the following facts will be obtained if Plaintiffs' counsel is allowed to proceed with the requested discovery, including the depositions of all the Defendants:

   a. Defendant Krause coerced and manipulated Kathryn Spencer, Matthew Spencer and Matthew Hanson into making false statements against Mr. Spencer.

   b. Defendant Krause concealed the fact that she had coerced and manipulated Kathryn Spencer, Matthew Spencer and Matthew Hanson into making false statements against Mr. Spencer from the prosecution.

   c. Defendant Krause was aware that the medical reports of Kathryn Spencer and Matthew Hanson did not corroborate their putative allegations of abuse.

   d. Defendant Krause either failed to provide the exculpatory medical examinations to Defendant Peters and/or the prosecutor's office, or acted in concert with Defendant Peters to conceal the exculpatory medical examinations.

   e. Defendant Krause conspired with Defendant Peters to conceal the exculpatory videotape of the interview with Kathryn Spencer by, among other things, removing it from the prosecutor's file.

   f. The videotape was later discovered in Defendant Krause's personal possession, not with the Sheriff's Office nor the prosecutor's office.

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 3
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax

g. Defendant Krause conspired with the other named Defendants to withhold exculpatory evidence and continue the prosecution against Mr. Spencer up until the date the charges were dropped against Mr. Spencer.

h. Defendant Krause met with Defendants Peters and Davidson on multiple occasions to discuss coercive interview techniques and the most effective ways of procuring incriminating statements from the children.

i. Defendant Krause knew that Defendants Davidson and Shirley Spencer were engaged in a romantic, sexual relationship during the investigation of Mr. Spencer, and failed to disclose that fact to either the prosecutor's office and/or Defendant Peters.

j. Defendants Krause conveyed information regarding allegations of sexual abuse to Defendant Peters she knew or should have known to be false.

k. Defendant Krause, acting alone and/or in concert with the other named Defendants, mislead the prosecution of Mr. Spencer by providing false information to the prosecution and by omitting exculpatory evidence to for the purpose of fabricating probable cause.

l. Defendant Krause knew that apart from the coerced, false statements attributed to Matthew Spencer, Matthew Hanson and Kathryn Spencer there was no evidence of any sexual abuse by Mr. Spencer.

m. In the above-described manner, Defendants Peters, Krause and Davidson alone and in concert mislead the prosecuting attorney into filing charges against Mr. Spencer.

m. Defendant Krause continued the conspiracy by, among other things, testifying falsely as to the significance of the medical examinations of Kathryn Spencer and Matthew Hanson in the habeas proceedings.

n. Defendant Krause continued the conspiracy by, among other things, failing to come forward with the existence of the videotape of the Kathryn Spencer interview for years after Mr. Spencer's arrest and prosecution, despite knowing the tape had not been turned over.

16. Plaintiffs' counsel has a reasonable and good faith belief that the above-described facts will defeat Defendant Peters' motion for summary judgment.

17. Plaintiffs' counsel has been diligent in reviewing discovery, which includes thousands of pages of documents spanning close to 30 years of investigation and court

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 4
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proceedings. Plaintiffs' counsel continues to try and locate witnesses to interview them. Simultaneous with the filing of this motion, Plaintiff's counsel is issuing written interrogatories to the Defendants in anticipation of taking their depositions.

18. Plaintiffs seek to depose the Defendants not for purposes of delay, but because the requested discovery is essential to properly responding to Defendant Peters' motion for summary judgment.

Further Affiant Sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of June, 2012, in Downers Grove, Illinois.

_Kathleen T. Zellner_
Kathleen T. Zellner

State of Illinois )
                  ) SS.
County of DuPage  )

Subscribed and sworn to before me, a Notary Public, this 18th day of June, 2012.

_signature_
Notary Public

OFFICIAL SEAL
SCOTT T PANEK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/13/13

Commission Expires:

DECLARATION OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) — 5
DWT 19534667v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax