1

2

3

4

5

6

7

8

The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E. TETZ,

10

11
               Plaintiffs,

     v.

12
FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY, JAMES

13
M. PETERS, DETECTIVE SHARON KRAUSE,
SERGEANT MICHAEL DAVIDSON, CLARK

14
COUNTY PROSECUTOR'S OFFICE, CLARK
COUNTY SHERIFF'S OFFICE, THE COUNTY

15
OF CLARK and JOHN DOES ONE THROUGH
TEN,

16
               Defendant.

17

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.  C11-5424BHS

PLAINTIFFS' REQUEST FOR
CONTINUANCE UNDER FED. R.
CIV. 56(d) BEFORE
RESPONDING TO DEFENDANT
JAMES PETERS' MOTION FOR
SUMMARY JUDGMENT

18

19

20

21

22

23

     NOW COME Plaintiffs, CLYDE RAY SPECER, et. al., by and through their attorneys,

Kathleen T. Zellner & Associates, P.C., and for their Motion for Relief Under Federal Rule of

Civil Procedure 56(d), states as follows:

     ***Procedural History***

     1.     Plaintiffs have filed a thirteen-count, sixty-eight page complaint against

Defendants.  Counts 1 through 7 assert claims under 42 U.S.C. §1983 for violations of Mr.

Spencer's various constitutional rights.  Counts 8 through 11 assert state claims against

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   Defendants related to the preceding counts brought under §1983.  Counts 12 and 13 assert

2   claims for Matthew R. Spencer and Kathryn E. Tetz's loss of consortium.

3        2.        Plaintiffs' complaint is based on the Defendants' collaborative effort to frame

4   Mr. Spencer for various acts of sexual abuse.  In doing so the Defendants acted without

5   probable cause, fabricated evidence, and withheld exculpatory evidence that would have

6   established Mr. Spencer's innocence.  The Defendants' wrongful conduct dates back to 1984,

7   the date that the Defendants embarked on their conspiracy to falsely accuse Mr. Spencer.

8        3.        Defendants Krause, Davidson, Clark County Prosecutor's Office, Clark County

9   Sheriff's Office and Clark County served their initial disclosures on September 29, 2011.  By

10  stipulated order this Court extended the time for Defendant Peters to file his initial disclosures

11  until November 15, 2011.  Defendant Peters filed his initial disclosures on November 14, 2011.

12       4.        On December 1, 2011, the parties submitted an Amended Proposed Joint Status

13  Report and Discovery Plan ("the Plan").  In the Plan, the Defendants indicated that discovery

14  must begin before settlement can be properly explored.  In the Plan the parties also agreed that

15  discovery would be needed on both liability and damages, and that discovery should not be

16  limited or focused on any particular issues.  The parties proposed that discovery could be

17  concluded within sixteen months (April 1, 2013) of filing the report.  *See Amended Joint Status*

18  *Report and Discovery Plan, Docket No. 47, ¶¶5-6.*

19       5.        On December 28, 2011, this Court entered a minute order, directing discovery to

20  be completed by December 17, 2012.

21       6.        Plaintiffs have been diligent in reviewing and obtaining discovery.  Plaintiffs'

22  counsel is in the process of reviewing Defendants' initial disclosures, which consists of

23  thousands of pages of documents spanning more than 25 years of investigation and court

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 2
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  proceedings.  *Zellner Affidavit*, ¶ 11.  Simultaneous with the filing of this motion, Plaintiffs are

2  serving Interrogatories on the various Defendants in anticipation of taking their depositions.

3         7.     On May 24, 2012, Defendant Peters filed a motion for summary judgment

4  seeking dismissal of all claims against him with prejudice pursuant to Federal Rules of Civil

5  Procedure 56.  Defendant Peters' motion is in addition to the motions for summary judgment

6  filed by the other Defendants on May 23, 2012.[1]

7         8.     A review of Defendant Peters' motion and the attached declarations reveals that

8  additional discovery will be needed to properly respond to the motion.  Therefore, pursuant to

9  Federal Rules of Civil Procedure 56(d), Plaintiffs seek an order from this Court denying

10  Defendant Peters' motion without prejudice so that Plaintiffs can engage in discovery prior to

11  responding to Defendant Peters' dispositive motion.

12       ***Applicable Law***

13         9.     Federal Rule of Civil Procedure 56(d) provides:

14            Once a motion for summary judgment is filed, the non-
   moving party must show to the court that a genuine and

15            material factual dispute exists to defeat summary judgment.
   If the non-moving party is still conducting valuable

16            discovery or for some other reason is not yet ready or able
   to make that showing, the party may file an affidavit or

17            declaration explaining why a ruling on summary judgment
   should be postponed.  The court, in its discretion, may then

18            grant a temporary reprieve if the reasons offered are
   persuasive.

19

20       10.    Rule 56(d) provides a device for litigants to avoid summary judgment when the

   nonmovant needs to discover affirmative evidence necessary to oppose the motion.  *Garrett v.*

21  *San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

22

23  ────────────────

[1] Defendant Shirley Spencer filed a motion to join in Defendant Davidson's motion for summary on May 25, 2012.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 3
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    11.    A request for relief pursuant to Rule 56(d) should be granted where the

2  requesting party specifies facts that further discovery would reveal, and explains why those

3  facts would preclude summary judgment.  *Tatum v. City and County of San Francisco*, 441

4  F.3d 1090, 1100 (9th Cir. 2006).

5    12.    The Ninth Circuit has further held that district courts should grant any Rule

6  56(d) motion "fairly freely" when a party moves for summary judgment before the opposing

7  party has had a realistic opportunity to pursue discovery relating to its theory of the case.

8  *Burlington N. & Santa F"e Ey. Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003).

9  Indeed, Rule 56(d) requires, rather than merely permits, discovery where the nonmoving party

10  has not had the opportunity to discover information that is essential to its opposition.

11  *Metabolife Inern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), citing *Anderson v. Liberty*

12  *Lobby, Inc.*, 477 U.S. 242, 250 (1986).

13    13.    Defendant Peters' motion for summary judgment is based in large measure on

14  his own self-serving affidavit and attached exhibits, many of which contain purported "facts"

15  which Plaintiffs dispute.  Due to the matters raised in Defendant Peters' declaration, Plaintiffs

16  seek to depose Defendant Peters and the other named Defendants prior to responding to his

17  motion.

18    ***Plaintiff should be given an opportunity to depose Defendant Peters due to his***
   ***inconsistent and inaccurate statements regarding his role in the investigation of***
19   ***Mr. Spencer***

20    14.    Plaintiffs seek discovery related to Defendant Peters' role in the investigation of

21  Mr. Spencer.  Defendant Peters denies that he was involved in the actual investigation,

22  maintaining that he merely assisted the elected Clark County prosecuting attorney in deciding

23  whether to file criminal charges against Mr. Spencer for sexually abusing his daughter, Kathryn

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 4
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  Spencer. *Peters Declaration, ¶2.*  In support of his contention, Defendant Peters points to the

2  fact that he "met" with Kathryn on December 11, 1984 to "evaluate her competence as a

3  witness" and to establish a "rapport" with her in the event he ultimately had to question her as a

4  witness. *Peters Declaration, ¶4.*

5       15.    Defendant Peters' declaration fails to mention that this "interview" with Kathryn

6  was videotaped, and that the video was not disclosed to Mr. Spencer or his attorneys for more

7  than 25 years.  Of course, the reason for this is that the video is exculpatory to Mr. Spencer.

8       16.    Although at that time there was no evidence suggesting Mr. Spencer had

9  molested Kathryn, when Defendant Peters "met" with Kathryn Spencer he engaged in an

10  interrogation not designed to elicit the truth, but rather to obtain incriminating statements

11  against Mr. Spencer.  At one point in the interrogation, Defendant Peters asked Kathryn, using

12  dolls, "This is your daddy and this is Katie, show me what happened last summer, okay?  And

13  we can stop all this."  Kathryn responded by saying, "Nothing happened last summer."

14  Kathryn repeated her denials, but Defendant Peters persisted in his attempts to obtain

15  allegations of abuse against Mr. Spencer. *Peters interview of Kathryn Spencer dated 12/11/84.*

16       17.    At approximately the 47-minute mark of the video, a break is taken during the

17  interrogation.  The break lasted from 10:45 a.m. to 11:51 a.m.  What happened during the break

18  is not recorded.  Following the break, Kathryn's demeanor completely changes and she

19  provides information she failed to provide during the first 47 minutes of the video. *Id.*

20  Defendant Peters has never been subjected to examination as to what occurred during that hour-

21  long break to cause the change in Kathryn's story.

22       18.    Defendant Peters now acknowledges this videotape's existence, and attempts to

23  justify his behavior thereon as that of a prosecutor.  However, the tape serves as proof of

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 5
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  Defendant Peters' involvement in the *investigation*.  And, Defendant Peters concealed the

2  meeting and the videotape and prevented the videotape from being disclosed to Mr. Spencer or

3  his attorneys.

4      19.     Defendant Peters was deposed on July 30, 1996 (prior to disclosure of the tape)

5  pursuant to a federal court proceeding in Mr. Spencer's criminal case.  At that time the

6  following questions were asked and answers given:

7          Q:     Focusing your attention on the Spencer case, do you recall the
               types of allegations that the female victim, Kathryn Spencer, was
8              making?

9          A:     No.

10         Q:     Do you recall the types of sexual abuse she was alleging?

11         A:     No.

12         Q:     Were you ever involved in an interview with her?

13         A:     I believe I was in the presence of a defense attorney in Sacramento.
               *Zellner Affidavit*, at Ex. 1, p. 28 (*Peters Habeas Deposition*).

14

15     20.     Though he was asked directly whether he had participated in an interview with

16  Kathryn, Defendant Peters completely failed to mention the two-hour *recorded* interview he

17  conducted with her prior to charges being filed against Mr. Spencer.

18     21.     Defendant Peters perpetuated the concealment about his meeting with Kathryn

19  Spencer at his testimony in the federal proceedings:

20         Q:     Mr. Peters, during the pendency of the Spencer case, did you
               involve yourself in the interviews of any of the three victims?

21         A:     I recall being present at interviews of two of the children in Sacramento,
               California.  Those were the defense attorney's interviews.  As to whether
22             I interviewed the Hansen boy, I don't have independent recollection.  If I
               had, I would have taken notes, and those notes would be in the file.  I
23             specifically recall going to Sacramento because that's the only time I
               ever did that in the eleven years I was in the prosecutor's office, and so

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 6
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

that stands out in my mind. *Zellner Affidavit*, at Ex. 2, p. 339 (*Peters Habeas Testimony*)

22.     Perhaps Defendant Peters' reticence to admit that the interrogation of Kathryn took place stems from the fact that it shows his involvement in the investigation.  During his deposition in the federal proceedings, Defendant Peters admitted that the case "as initially presented was not provable." *Zellner Affidavit*, at Ex. 1, p. 12 (*Peters Habeas Deposition*). Following the King County prosecutor's agreement that the case was not provable on November 27, 1984, the Clark County prosecuting attorney's office declined to press charges. *Zellner Affidavit,* at Ex. 1, p. 13.

23.     Despite the finding from two separate offices (including his own) that charges against Mr. Spencer were not warranted, and despite the fact that Mr. Spencer had not been arrested, Defendant Peters conducted his interrogation of Kathryn Spencer two weeks later on December 11, 1984.  This is in direct contradiction to Peters' own custom and practice in child sex abuse cases:

> "It was never my practice, nor is it my practice now, to get involved in interviews with child molesting victims unless I'm certain the case is going to go to trial.  I think they have to tell their story to too many grown-ups that they don't know without having to meet another grown-up and tell the ugly details to them." *Zellner Affidavit*, at Ex. 1, p. 31.

24.     Peters further testified that it is not his practice to prepare a child for trial until he is sure the trial is going to go, in which case he would meet with them a couple of weeks prior to trial. *Zellner Affidavit*, at Ex. 1, p. 31.

25.     Peters' assertion in the declaration attached to his summary judgment motion that he interrogated Kathryn Spencer to evaluate her competence as a witness is thus, at a minimum, suspect, particularly in light of the fact that he concealed the interrogation and the existence of the videotape for more than 25 years.  Furthermore, the interrogation took place at

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  a point when, by his own admission, Peters felt that the case was not provable and there were

2  no charges pending against Mr. Spencer.  A prosecutor acting as such would thus have no

3  reason to meet with Kathryn Spencer at the time Defendant Peters interrogated her.

4        26.    Plaintiffs should therefore be given an opportunity to depose Defendant Peters

5  to question him regarding the circumstances surrounding his meeting with Kathryn Spencer,

6  the reasons for the failure to disclose the video to Mr. Spencer or his attorneys, and his

7  involvement in the criminal investigation generally.

8        27.    Plaintiffs should be given an opportunity to depose Defendant Peters with

9  respect to this interview for additional reasons.  Defendant Peters should be subjected to

10  questioning regarding what took place during the hour and six minute break, after which

11  Kathryn went from not making any accusations to going along with Defendant Peters' leading

12  questions regarding sexual abuse.  Moreover, Defendant Peters has testified that when he

13  interviewed child victims he "always" took detailed notes, and those notes would be in the

14  prosecutor's file. *Zellner Affidavit*, at Ex. 1, p. 31.  However, no such notes have been

15  disclosed to Plaintiffs.  For these reasons Plaintiffs should be given leave to depose Defendant

16  Peters prior to responding to his dispositive motion.

17  ***Plaintiffs should be given an opportunity to depose Defendant Peters due to inconsistent statements regarding the failure of the prosecution to disclose***
18  ***exculpatory medical reports of Kathryn Spencer and Matthew Hansen***

19        28.    On August 30, 1984 Kathryn Spencer underwent a medical examination by Dr.

20  Magee at the University of California Davis Medical Center to determine if any evidence

21  existed suggesting she had been molested.

22        29.    The examination was critically important to ascertaining the truth, as Kathryn

23  allegedly reported that Mr. Spencer had attempted to vaginally penetrate her.  There was no

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 8
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   physical evidence obtained from the examination that was consistent with Kathryn having been

2   molested; there were no lacerations, bruises, redness, swelling or scars.  The report was

3   therefore exculpatory as to Mr. Spencer.  *Zellner Affidavit*, at Ex. 3 (*Dr. Magee Report*).

4         30.     However, the report was never disclosed to counsel for the defense.

5         31.     Defendant Peters has provided sworn testimony that the report was not located

6   in the prosecuting attorney's file in Mr. Spencer's criminal case, but it was located in the Clark

7   County Sheriff's file.  *Zellner Affidavit*, at Ex. 2, p. 332-333 (*Peters Habeas Testimony*).

8         32.     In her sworn deposition testimony in the habeas proceedings, when asked if she

9   knew whether or not the report was forwarded to the prosecutor's office, Defendant Krause

10  testified:

11           "Like I explained, I'm told it wasn't in their file.  If they have all the other
             reports, I can't imagine them not having this one.  Also, based on Jim
12           Peters and knowing him and knowing how meticulous he is and knowing
             historically what I would do, there is no doubt in my mind if they didn't
13           have a copy, he was aware of it when I got it.  We talked.

14           If CAIC – If I have a prosecutor on a case, he may not have the whole case
             file or I may still have some reports I haven't shipped up to him, but there
15           would be no doubt in my – 99 percent sure that he had this information.  I
             can't imagine him not having the report if he had all the rest of the
16           reports."  *Zellner Affidavit*, at Ex. 4, p. 27-28 (*Krause Habeas Deposition*).

17        33.     Similarly, a medical examination of Matthew Hanson was performed on March

18  6, 1985 to determine if there were any injuries consistent with sexual abuse.  The examination

19  demonstrated no evidence of physical injury corroborating the charges of sexual assault against

20  Mr. Spencer, including no lacerations, bruises, redness, swelling or scars.  The report was

21  exculpatory to Mr. Spencer.  *Zellner Affidavit*, at Ex. 5 (*Dr. Galaviz Report*).

22        34.     Like the report of examination of Kathryn Spencer, the report of examination of

23  Matthew Hanson was not disclosed to Mr. Spencer.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

35.     Like the Kathryn Spencer report, Defendant Peters has denied that he was aware of the Matthew Hanson until years after Mr. Spencer's *Alford* plea.

36.     Defendant Peters has attempted to blame the Defendant Detectives for the failure to disclose these medical reports to Mr. Spencer.  Conversely, the Defendant Detectives have attempted to blame Defendant Peters for the failure to disclose the reports.  Plaintiffs should be given the opportunity to depose all Defendants and conduct discovery related to the failure to disclose the exculpatory evidence.

### *Facts Plaintiffs will obtain by conducting discovery*

37.     Plaintiffs reasonably and in good faith believe the following facts will be obtained if this Court permits discovery to proceed:

a.  Defendant Peters was involved in the investigation of Mr. Spencer by, among other things, questioning Kathryn Spencer when no charges were pending against Mr. Spencer and, in fact, the prosecutor's office had declined to press charges.

b.  Defendant Peters coerced and manipulated Kathryn Spencer into making false statements against Mr. Spencer.

c.  Defendant Peters concealed the exculpatory videotape of his interview with Kathryn Spencer by, among other things, removing it from the prosecutor's file.

d.  Defendant Peters concealed exculpatory notes of his interview with Kathryn Spencer by, among other things, removing them from the prosecutor's file.

e.  Defendant Peters concealed the fact that he had coerced and manipulated Kathryn Spencer into making false statements against Mr. Spencer.

f.  Defendant Peters knew about the exculpatory medical examinations performed on Kathryn Spencer and Matthew Hanson prior to Mr. Spencer's *Alford* plea.

g.  Defendant Peters concealed the exculpatory medical examinations by, among other things, removing them from the prosecutor's file.

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 10
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

h.  Defendant Peters conspired with the other named Defendants to withhold exculpatory evidence and continue the prosecution against Mr. Spencer up until the date the charges were dropped against Mr. Spencer.

i.  Defendant Peters knew that Defendants Krause and Davidson engaged in coercive and manipulative interview tactics with Matthew Hanson, Matthew Spencer and Kathryn Spencer.

j.  Defendant Peters met with Defendants Krause and Davidson on multiple occasions to discuss coercive interview techniques and the most effective ways of procuring incriminating statements from the children.

k.  Defendant Peters knew that Defendants Davidson and Shirley Spencer were engaged in a romantic, sexual relationship during the investigation of Mr. Spencer, and failed to disclose the relationship to Mr. Spencer.

l.  Defendant Peters personally attested to facts he knew to be false in the motion and affidavit for Mr. Spencer's second arrest warrant.  Defendant Peters likewise omitted the exculpatory evidence to mislead the magistrate issuing the arrest warrant.

m.  Defendant Peters knew that apart from the coerced, false statements attributed to Matthew Spencer, Matthew Hanson and Kathryn Spencer there was no evidence of any sexual abuse by Mr. Spencer.

n.  In the above-described manner, Defendant Peters alone and in concert with the other named Defendants fabricated evidence and concealed exculpatory evidence as a means of fabricating probable cause to arrest and prosecute Mr. Spencer.

o.  In the above-described manner, Defendant Peters alone and in concert with the other Defendants mislead the prosecuting attorney into filing charges against Mr. Spencer.

p.  Defendant Peters continued the conspiracy by, among other things, lying under oath as to his interview of Kathryn Spencer in December of 1984, and lying as to his knowledge of the medical examinations of Kathryn Spencer and Matthew Hanson in the habeas proceedings.  *Zellner Affidavit,* ¶ 9.

***The facts obtained through the course of discovery will defeat Defendant Peters' motion for summary judgment[2]***

---

[2] Plaintiffs do not fully brief the bases for summary judgment based primarily on procedural, rather than substantive, grounds.  Plaintiffs will respectfully request an opportunity to fully respond to all bases for summary judgment once the instant motion is ruled upon and, if granted, the requested discovery is completed.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    38.    The facts obtained through discovery will defeat Defendant Peters' motion for

2    summary judgment.

### A.  Plaintiff's state law claims are timely

4    39.    Plaintiff Spencer's state law cause of action for malicious prosecution is timely.

5    A cause of action accrues and the statute of limitations begins to run when a party has the right

6    to apply to a court for relief.  *Gazija v. Nicholas Jerns Co.*, 86 Wash.2d 215, 219 (1975);

7    *O'Neil v. Estate of Murtha*, 89 Wash. App. 67, 69-70.  An action for malicious prosecution

8    requires a plaintiff prove, *inter alia*, the maliciously instituted proceedings ended on the merits

9    in favor of the plaintiff or were abandoned.  *Hanson v. Estell*, 100 Wash. App. 281, 286 (2000).

10    Thus, a claim for malicious prosecution does not accrue until the proceedings terminate in a

11    plaintiff's favor.  Here, since the proceedings did not terminate in Mr. Spencer's favor until

12    August 12, 2010, the claim is timely filed.

13    40.    Plaintiff Spencer's state law cause of action for intentional infliction of

14    emotional distress is timely.  Under the discovery rule, a claim only accrues after the plaintiff

15    knows or has reason to know the factual basis for each element of his claim.  As in *Spring v.*

16    *Brown*, 2007 WL 26766 (E.D. Wash. Jan 3, 2007) (Van Sickle, J.), Plaintiff Spencer's IIED

17    claim "encompasses all of the Defendants' actions up until his acquittal.  Accordingly, the

18    Plaintiff did not have the factual basis for his outrage claim until his acquittal."  *Id*. at *4.  The

19    facts stated above (a – p) demonstrate that Defendant Peters committed acts throughout Mr.

20    Spencer's incarceration and up until the proceedings terminated in his favor, including the

21    fabrication of evidence and concealment of exculpatory evidence, to intentionally inflict

22    emotional distress upon Mr. Spencer.

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

41.     Plaintiff's state law cause of action for conspiracy is timely.  The conspiracy to deprive Mr. Spencer of his constitutional rights, as summarized above (facts a - p) continued up through Mr. Spencer's *Alford* plea, and until the proceedings terminated in his favor.

43.     Plaintiff's defamation cause of action is timely.  Plaintiff's defamation claim is based on the August 12, 2010 press release.  Because Plaintiff's claim was brought within 2 years of the press release, the defamation claim is timely.

44.     Rev. Code of Wash. 4.92.110 does not bar Plaintiff's state law claims.  As a threshold matter, the statute applies only to suits against "the state, or against any state officer, employee, or volunteer, acting in such capacity."  Defendant Peters has not established that he was acting as a "state employee" at the time he committed his tortuous acts.  Moreover, the statute applies only to state employees named in their official capacities, but not to suits against those persons in their individual capacities. *Jones v. University of Washington*, 62 Wash. App. 653 (1991), amended on denial of review of reconsideration, review denied 118 Wash.2d 1026. Thus, Rev. Code of Wash. 4.92.110 is not applicable.

### B2.  The facts obtained during discovery will defeat Defendant Peters' assertion of absolute prosecutorial immunity

45.     The U.S. Supreme Court has consistently found that the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Absolute immunity depends on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997).  Moreover, the Court has emphasized that the prosecutor seeking absolute immunity bears the burden of demonstrating why such immunity is justified for the specified function in question. *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   Although courts have typically refrained from drawing bright line rules in determining

2   questions of immunity, the Supreme Court has stated:  "A prosecutor neither is, nor should

3   consider himself to be, an advocate before he has probable cause to have anyone arrested."

4   *Milstein v. Cooley*, 257 F.3d 1004, 1010 (9th Cir. 2001).  Conversely, "a determination of

5   probable cause does not guarantee a prosecutor absolute immunity for liability for all actions

6   taken afterwards."  *Genzler v. Longanbach*, 410 F.3d 630, 638 (9th Cir. 2005).

7   46.    The facts to be obtained from discovery as summarized above (a – p)

8   demonstrate that Defendant Peters is not entitled to absolute immunity, as he actively

9   participated in the investigation of Mr. Spencer.  Defendant Peters interrogated Kathryn

10   Spencer after the prosecuting attorney's office declined to press charges against Mr. Spencer

11   and prior to Mr. Spencer's arrest; he coerced and manipulated Kathryn Spencer into making

12   false statements incriminating Mr. Spencer; and he collaborated with Defendants Krause and

13   Davidson during their investigation in order to fabricate evidence against Mr. Spencer.  Such

14   investigatory conduct precludes a finding of absolute immunity.  *Buckley*, 509 U.S. at 273.

15   47.    Furthermore, Plaintiff's allegations are sufficient to defeat a claim of absolute

16   immunity on another basis.  Defendant Peters is not immune from giving Defendant Krause

17   and Davidson advice on how to obtain incriminating statements from Kathryn Spencer,

18   Matthew Spencer and Matthew Hanson.  *Burns*, 500 U.S. at 482.  Thus, Defendant Peters'

19   collaboration with Defendants Krause and Davidson in obtaining false statements through

20   coercion and manipulation is not protected by absolute immunity.

21   **C1.  The facts obtained during discovery will defeat Defendant Peters'**
     **assertion of qualified immunity based upon probable cause**

22

23   47.    In determining the viability of a qualified immunity defense at the summary

     judgment stage the court must examine whether the facts, taken in the light most favorable to

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  the Plaintiff, show (1) the officer's conduct would violate a constitutional right if the

2  allegations are established and (2) whether this right was clearly established at the time of the

3  constitutional violation.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  In analyzing whether

4  the second prong has been satisfied courts have looked to the objective reasonableness of the

5  official's actions.  *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  To be clearly

6  established, a right must be sufficiently clear so that every reasonable official would have

7  understood that what he is doing violates that right.  *Reichle v. Howards*, 2012 WL 1969351,

8  *4 (2012).  If the plaintiff meets this burden, then the defendant must prove that his conduct

9  was "reasonable even though it might have violated the law."  *Trevino v. Gates*, 99 F.3d 911,

10  917 (9th Cir. 2006)

11      48.      The facts to be obtained from discovery as summarized above (a – p)

12  demonstrate that Defendant Peters is not entitled to qualified immunity based upon probable

13  cause, as he knew there was no probable cause at the time of Mr. Spencer's arrest.  Defendant

14  Peters actively participated in fabricating evidence against Mr. Spencer, and probable cause

15  cannot be based on evidence a defendant knows to be fabricated.  *Lacy v. County of Maricopa*,

16  631 F.Supp.2d 1197, 1210 (U.S. Dist. Ct. AZ 2008) .  Contrary to his Declaration, Defendant

17  Peters knew the "disclosures" made by Detective Krause as to the allegations of abuse were

18  false.

19      Furthermore, the exculpatory video and medical reports also demonstrate a lack of

20  probable cause.  *Id*., citing *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988) (holding that

21  police may not disregard facts tending to dissipate probable cause).

22      **C2.  The facts obtained during discovery will defeat Defendant Peters'
        assertion of qualified immunity based upon deliberate fabrication of
23      evidence**

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

49.     Based on the above-described facts (facts a – p), Mr. Spencer can prove that Defendant Peters knew or should have known that Mr. Spencer was innocent and/or that the information Defendant Krause provided to him was false.  Defendant Peters also knew that the techniques used to interview the child witnesses were likely to yield false information.  Based on his own investigation (including his coercive, manipulative interrogation of Kathryn Spencer), the medical examinations showing that the putative accusations were false, and the plan to frame Mr. Spencer, Defendant Peters is not entitled to qualified immunity.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (holding that a Plaintiff defeats a claim of immunity by demonstrating either that (1) the defendant continued the investigation despite the fact he knew or should have known the plaintiff was innocent, or (2) the defendant used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information).

### D.  Mr. Spencer's claims are not barred by collateral estoppel

50.     Defendant Peters relies on the prior habeas proceedings to argue that Plaintiff's claims are barred by collateral estoppel.  Defendant Peters argument is easily dismissed, as none of the prior proceedings assessed the cumulative effect of *all* of the undisclosed evidence, including:  (1) the sexual relationship between Defendant Shirley Spencer and Defendant Davidson; (2) the medical reports of Kathryn Spencer and Matthew Hanson; (3) the videotaped interrogation of Kathryn Spencer by Defendant Peters; (4) Defendant Peters' notes of that interrogation; and (5) the fact that Kathryn Spencer, Matthew Spencer and Matthew Hanson were coerced and manipulated into making false statements in furtherance of a conspiracy to frame Mr. Spencer.  Thus, there is no prior proceeding in which the identical issue was

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 16
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

considered and collateral estoppel does not apply.  *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash.2d 299, 307-08 (2004).

### E.  The facts obtained through discovery will defeat Defendant Peters' assertion that there is no evidence of a conspiracy

51.  Defendant Peters asserts that there is no evidence of an agreement with other Defendants to violate Mr. Spencer's constitutional rights.  The facts described above (facts a – p) defeat Defendant Peters' argument, in that Defendant Peters conspired with Defendants Krause and Davidson to frame Mr. Spencer for sexual abuse and withhold exculpatory evidence.  *Mendocino Envtl. Ctr. V. Mendocino County*, 192 F.3d 1283, 1301 ( 9th Cir. 1999) (holding that a showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of conspiracy).

### Conclusion

Plaintiffs respectfully request that depositions of Defendants take place prior to responding to Defendant Peters' motion for summary judgment.  Plaintiffs have not had a meaningful opportunity to conduct discovery, particularly related to Defendant Peters' assertion of immunity and his role in the investigation.  When the facts that will defeat a defendant's motion for summary judgment are within that defendant's exclusive control, a plaintiff should be allowed to depose that defendant prior to responding to a motion for summary judgment.  *Metabolife*, 264 F.3d at 846-47.

Furthermore, Defendant Peters' assertion of probable cause is a fact-intensive inquiry.  *Illinois v. Gates*, 462 U.S. 213, 232 (1983) (holding that probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts, and not readily, or even usefully, reduced to a neat set of legal rules).  Defendant Peters' claim that probable cause existed is based largely on disputed facts contained in his declaration and police reports.  As

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 17
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  such, Plaintiffs should be afforded an opportunity to depose the Defendants regarding the facts

2  and circumstances of the investigation prior to responding to their motions for summary

3  judgment.

4       The facts to be obtained through discovery will defeat Defendant Peters' motion for

5  summary judgment.  The instant motion should thus be granted.

6       WHEREFORE, Plaintiffs respectfully request relief under Rule 56(d), specifically that

7  Defendant Peters' motion be denied without prejudice so that Plaintiffs can engage in discovery

8  prior to responding to Defendant Peters' pending dispositive motion, or any other relief deemed

9  appropriate.

10       DATED this 18th day of June, 2012.

11                                          Davis Wright Tremaine LLP
                                           Attorneys for Plaintiffs
12
                                           By s/ Daniel T. Davies
13                                             Daniel T. Davies, WSBA #41793
                                               Suite 2200
14                                             1201 Third Avenue
                                               Seattle, Washington  98101-3045
15                                             Telephone: (206) 757.8286
                                               Fax: (206) 757.7286
16                                             E-mail: dandavies@dwt.com

17                                          Of Counsel:

18                                          Kathleen T. Zellner
                                           Law Offices of Kathleen T. Zellner, P.C.
19                                          Esplanade IV
                                           1901 Butterfield Road, Suite 650
20                                          Downers Grove, Illinois  60515
                                           (630) 955-1212

21

22

23

PLAINTIFFS' REQUEST FOR CONTINUANCE . . .
JAMES PETERS (C11-5424BHS) — 18
DWT 19792717v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

2          I hereby certify that on June 18, 2012, I electronically filed the foregoing with the Clerk
3  of the Court using the CM/ECF system which will send notification of said filing to the
   following:

4          **Daniel J. Judge, Attorneys for Defendant James M. Peters**
           danielj@atg.wa.gov, JoanK@atg.wa.gov, LaurelD@atg.wa.gov, TOROlyEF@atg.gov,
5          TracyJ@atg.wa.gov

6          **Patricia Campbell Fetterly, Attorneys for Defendant James M. Peters**
           patriciaf1@atg.wa.gov, cynthiam4@atg.wa.gov, deanm@atg.wa.gov,
7          torolyef@atg.wa.gov

8          **Bernard F. Veljacic, Attorneys for Defendants Clark County Prosecutor's Office,**
           **Clark County Sheriff's Office, the County of Clark**
9          Bernard.Veljacic@clark.wa.gov

10         **Gabriella Wagner, Attorneys for Shirley Spencer,**
           Wagner@wscd.com

11
           **William Hudson Dunn, Attorney for Defendant Shirley Spencer,**
12         dunnwh@pacifier.com

13         **Gary A. Western, Attorney for Defendant Shirley Spencer**
            western@wscd.com

14
           **Guy Bogdanovich, Attorney for Defendant Sharon Krause**
15         gbogdanovich@lldkb.com

16         **Jeffrey Freimund, Attorney for Defendant Michael Davidson**
           jefff@fjtlaw.com, janicef@fjtlaw.com, kathrines@fjtlaw.com

17  The following will not receive electronic notification of the filing:

18
           Robert M. McKenna
19         Attorney General of Washington, Government Operations Division
           7141 Cleanwater Drive SW
20         PO Box 40108
           Olympia, WA  98504-0108

21         I certify that on June 18, 2012, I caused a true and correct copy of the foregoing to be
22  mailed to Robert McKenna at the above address.

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   DATED this 18th day of June, 2012.

2                               *s/ Daniel T. Davies*
                                Daniel T. Davies

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax