UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHERINE E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK, and JOHN DOES ONE THORUGH TEN,<br><br>Defendants. | No. 3:11-cv-05424-BHS<br><br>AFFIDAVIT OF KATHLEEN T. ZELLNER IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FED. R. CIV. 56(d) |

The undersigned duly sworn and upon her oath, deposes and states as follows:

1.  My name is Kathleen T. Zellner, and I am lead counsel representing the Plaintiffs in the above-captioned matter.

2.  I submit this affidavit in support of Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 56(d).

3.  Attached to this affidavit as Exhibit I is a true and correct copy of an excerpt from Defendant Peters' deposition from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

AFFIDAVIT OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) – 1
DWT 19802251v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax

4. Attached to this affidavit as Exhibit 2 is a true and correct copy of an excerpt from Defendant Peters' testimony from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

5. Attached to this affidavit as Exhibit 3 is a true and correct copy of the report of medical examination of Kathryn Spencer performed by Dr. Magee, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

6. Attached to this affidavit as Exhibit 4 is a true and correct copy of an excerpt from Defendant Krause's testimony from the habeas proceedings, Case No. C94-5238 RJB, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

7. Attached to this affidavit as Exhibit 5 is a true and correct copy of the report of medical examination of Matthew Hanson performed by Dr. Galaviz, as disclosed to Plaintiffs' counsel in Defendants' initial disclosures.

8. Plaintiffs' counsel has a reasonable and good faith belief that the requested discovery, including the depositions of all named Defendants, is necessary to address the complex legal and factual matters raised in Defendant Peters' motion for summary judgment.

9. Based upon a review of the documents disclosed to-date, a reasonable and good faith belief exists that the following facts will be obtained if Plaintiffs' counsel is allowed to proceed with the requested discovery, including the depositions of all the Defendants:

   a. Defendant Peters was involved in the investigation of Mr. Spencer by, among other things, questioning Kathryn Spencer when no charges were pending against Mr. Spencer and, in fact, the prosecutor's office had declined to press charges.

   b. Defendant Peters coerced and manipulated Kathryn Spencer into making false statements against Mr. Spencer.

   c. Defendant Peters concealed the exculpatory videotape of his interview with Kathryn Spencer by, among other things, removing it from the prosecutor's file.

AFFIDAVIT OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) – 2
DWT 19802251v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax

     d.     Defendant Peters concealed exculpatory notes of his interview with Kathryn Spencer by, among other things, removing them from the prosecutor's file.

     e.     Defendant Peters concealed the fact that he had coerced and manipulated Kathryn Spencer into making false statements against Mr. Spencer.

     f.     Defendant Peters knew about the exculpatory medical examinations performed on Kathryn Spencer and Matthew Hanson prior to Mr. Spencer's *Alford* plea.

     g.     Defendant Peters concealed the exculpatory medical examinations by, among other things, removing them from the prosecutor's file.

     h.     Defendant Peters conspired with the other named Defendants to withhold exculpatory evidence and continue the prosecution against Mr. Spencer up until the date the charges were dropped against Mr. Spencer.

     i.     Defendant Peters knew that Defendants Krause and Davidson engaged in coercive and manipulative interview tactics with Matthew Hanson, Matthew Spencer and Kathryn Spencer.

     j.     Defendant NWT'S met with Defendants Krause and Davidson on multiple occasions to discuss coercive interview techniques and the most effective ways of procuring incriminating statements from the children.

     k.     Defendant Peters knew that Defendants Davidson and Shirley Spencer were engaged in a romantic, sexual relationship during the investigation of Mr. Spencer, and failed to disclose the relationship to Mr. Spencer.

     l.     Defendant Peters personally attested to facts he knew to be false in the motion and affidavit for Mr. Spencer's second arrest warrant. Defendant Peters likewise omitted the exculpatory evidence to mislead the magistrate issuing the arrest warrant.

     m.     Defendant Peters knew that apart from the coerced, false statements attributed to Matthew Spencer, Matthew Hanson and Kathryn Spencer there was no evidence of any sexual abuse by Mr. Spencer.

AFFIDAVIT OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) – 3
DWT 19802251v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax

n. In the above-described manner, Defendant Peters alone and in concert with the other named Defendants fabricated evidence and concealed exculpatory evidence as a means of fabricating probable cause to arrest and prosecute Mr. Spencer.

o. In the above-described manner, Defendant Peters alone and in concert with the other Defendants mislead the prosecuting attorney into filing charges against Mr. Spencer.

p. Defendant Peters continued the conspiracy by, among other things, lying under oath as to his interview of Kathryn Spencer in December of 1984, and lying as to his knowledge of the medical examinations of Kathryn Spencer and Matthew Hanson in the habeas proceedings.

10. Plaintiffs" counsel has a reasonable and good faith belief that the above-described facts will defeat Defendant Peters' motion for summary judgment.

11. Plaintiffs' counsel has been diligent in reviewing discovery, which includes thousands of pages of documents spanning close to 30 years of investigation and court proceedings. Plaintiffs' counsel continues to try and locate witnesses to interview them. Simultaneous with the filing of this motion, Plaintiffs' counsel is issuing written interrogatories to the Defendants in anticipation of taking their depositions.

12. Plaintiffs seek to depose the Defendants not for purposes of delay, but because the requested discovery is essential to properly responding to Defendant Peters' motion for summary judgment.

Further Affiant Sayeth naught.

AFFIDAVIT OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) – 4
DWT 19802251v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax


1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed this 12 day of June, 2012, in Downers Grove, Illinois.

*Kathleen T. Zellner*

Kathleen T. Zellner

State of Illinois    )
                     )   SS.
County of DuPage     )

Subscribed and sworn to before me, a Notary Public, this 8th day of June, 2012.

_Notary Public_

My commission Expires:

OFFICIAL SEAL
SCOTT T PANEK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/13/13

AFFIDAVIT OF KATHLEEN T. ZELLNER
(3:11-cv-05424-BHS) – 5
DWT 19802251v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206 622 3150 main · 206 757 7700 fax