Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,

Plaintiffs,

v.

FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK, SHIRLEY SPENCER, and JOHN DOES ONE THROUGH TEN,

Defendants.

NO. C11-5424 BHS

DEFENDANT MICHAEL DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

**NOTE ON MOTION CALENDAR:** June 22, 2012

## I. SUMMARY OF REPLY

Defendant Michael Davidson's summary judgment motion is almost entirely based on undisputed prior judicial rulings and questions of law regarding the statute of limitations, collateral estoppel, and qualified immunity. Additionally, plaintiffs are unable to prove defendant Davidson defamed Clyde Spencer, conspired with others to violate Mr. Spencer's constitutional rights, or proximately caused the alleged damage flowing from his imprisonment.

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS

- 1 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

As a matter of law, defendant Davidson is entitled to dismissal of plaintiffs' state law claims based on the statute of limitations. Also, summary judgment should be entered on the grounds that Mr. Spencer is collaterally estopped from relitigating three key issues: (1) his arrest and prosecution were based on probable cause; (2) defendants did not fail to disclose material exculpatory evidence in the form of two medical reports and a prosecutor's note; and (3) defendant Davidson did not violate Mr. Spencer's constitutional rights by allegedly attempting to coerce him to plead guilty in furtherance of an alleged romance with Mr. Spencer's second wife. Resolution of the collateral estoppel defense as a matter of law eviscerates Mr. Spencer's claims that Davidson withheld material exculpatory evidence, deliberately fabricated evidence, defamed Mr. Spencer, conspired with others to "frame" him, and proximately caused his conviction and imprisonment. No amount of discovery would alter application of the law surrounding the statute of limitations, collateral estoppel and qualified immunity defenses.

Yet, Mr. Spencer seeks a Rule 56(d) continuance alleging he needs to conduct discovery to present facts essential to opposing portions of defendant Davidson's summary judgment motion. Mr. Spencer has failed to diligently pursue discovery for over a year, and fails to show that having a third opportunity to cross-examine the named defendants would develop admissible evidence essential for opposing summary judgment. Moreover, qualified immunity encompasses immunity from discovery. Thus, Mr. Spencer's request to delay summary judgment should be denied and his claims against defendant Davidson should be dismissed with prejudice.

## II. REPLY ARGUMENT

### A. The Plaintiff Children's Claim Should be Dismissed as Time-Barred

Plaintiffs offer no evidence or argument opposing dismissal of plaintiffs Matthew Spencer's and Kathryn Tetz's sole state law claim for alleged loss of consortium as time-barred,

nor do they claim additional discovery is necessary to oppose dismissal of their claim. Thus, plaintiffs Matthew Spencer's and Kathryn Tetz's claims should be dismissed with prejudice. *See* Fed. R. Civ. Proc. 56(e); W.D. Wash. CR 7(b)(2) (failure to oppose a motion may be considered an admission the motion has merit). Their loss of consortium claim undeniably accrued when their father was sentenced to life imprisonment in 1985. Tolling of their claims ceased after each turned 18 years old. RCW 4.16.190(1). Ms. Tetz was born in 1979 and turned 18 in 1997; Matthew Spencer was born in 1975 and turned 18 in 1993. Dkt. 1, p. 6, ¶ 31. Thus, their claims are time-barred as a matter of law, and no amount of discovery could rebut application of the statute of limitations.

**B. Mr. Spencer's State Law Claims Should be Dismissed as Time-Barred**

Mr. Spencer also does not argue he needs further discovery to rebut the statute of limitations defense, nor could he. Instead, without addressing the cases relied on by defendants (*e.g., Doggett v. Perez,* 348 F.Supp.2d 1169, 1176-77 (E.D. Wash. 2004), and *Gausvik v. Abbey,* 126 Wash. App. 868, 87-82, 107 P.3d 98, *review denied,* 155 Wash.2d 1006 (2005)), he claims his state law claims did not accrue until his conviction was vacated on September 29, 2010 (*see* Dkt. 63-25). He is incorrect.

*Doggett* and *Gausvik* are squarely on point, holding that state law causes of action arising out of an arrest or conviction, including malicious prosecution and outrage claims, must be commenced within three years of the conviction even if the conviction has yet to be vacated. *Doggett,* 348 F.Supp.2d at 1176-77; *Gausvik,* 126 Wash. App. at 879-82. Mr. Spencer makes no attempt to distinguish this authority, nor could he.

His reliance on *Hanson v. Estell,* 100 Wash. App. 281, 997 P.2d 426 (2000), is misplaced because *Hanson* does not address a statute of limitations defense. Moreover, the

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS

- 3 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

*Hanson* court explained the Washington Legislature abrogated the common law element that malicious prosecution plaintiffs had to prove they prevailed in the challenged prior action. *Hanson,* 100 Wash. App. at 286.

His argument that he did not have a factual basis for his outrage and conspiracy claims until his conviction was vacated is similarly meritless. He knew the factual basis of his claims against defendant Davidson by no later than 1986 when he unsuccessfully argued to the state Court of Appeals that Davidson allegedly coerced his guilty plea to further a romance with his second wife and withheld material exculpatory evidence. *See* Dkt. 63-10; *see also* Dkt. 63-13 (reasserting these same claims in 1994 in federal court). He also knew the fact of alleged damages (*e.g.*, imprisonment) by no later than 1986. *See, e.g., Green v. A.P.C.,* 136 Wash.2d 87, 96-97, 960 P.2d 912 (1998) (cause accrues when fact of damage, however slight, occurs; immaterial if the bulk of damages occurs later, or the total amount is then unknown). Thus, even if the discovery rule applied, Mr. Spencer's state law claims are still time-barred.[1]

**C. Mr. Spencer Is Collaterally Estopped from Re-Litigating His Claims that Defendant Davidson Violated His Constitutional Rights by Allegedly Arresting Him Without Probable Cause, Allegedly Coercing Him at the Jail, and Allegedly Withholding Exculpatory Evidence**

Mr. Spencer confuses res judicata (claim preclusion) with collateral estoppel (issue preclusion). *See, e.g., Christensen v. Grant County Hosp. Dist. No. 1,* 152 Wash.2d 299, 307-08, 96 P.3d 957 (2004) (explaining the differences between the doctrines). He argues collateral estoppel is inapplicable because no prior proceeding decided "the cumulative effect of all of the [allegedly] undisclosed evidence ...." Dkt. 76, p. 13, line 21.

Aside from arguing his claims in this case (as opposed to the issues) are not identical to

---

[1] His state law claims are also independently barred by his undisputed failure to file a tort claim. Dkt. 65, p. 4.

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS

- 4 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

his claims in prior cases, Mr. Spencer does not contend the other elements for collateral estoppel are lacking. He is correct that no prior proceeding decided his cause of action for deliberate fabrication of evidence based on "the cumulative effect" of all his allegations, thus Davidson agrees res judicata or claim preclusion is inapplicable. However, there can be no dispute that federal and state courts have both entered final judgments on the merits of identical issues he attempts to re-litigate in this action, including: (1) there was probable cause for Mr. Spencer's arrest (Dkt. 63-5; 63-7, at p. 3; 63-8, at pp. 8-41); (2) Sergeant Davidson did not unconstitutionally coerce Mr. Spencer even if he visited Mr. Spencer in jail to further a relationship with Mr. Spencer's second wife as plaintiff alleges (Dkt. 63-10, at pp. 2-6; 63-13, at pp. 2-22; 63-14, at pp. 2-9; 63-15, pp. 2-4; 63-16); (3) defendants did not possess a medical report regarding Matthew Hansen, so they had no *Brady* duty to disclose that report (*id.*); (4) the medical report regarding Ms. Tetz was not material, so "Mr. Spencer's due process rights were not violated when the state failed to disclose the report" (*id.*); and (5) the King County prosecutor's opinion was not unconstitutionally withheld from Mr. Spencer contrary to *Brady* (*id.*). No amount of discovery could rebut that these material facts have been conclusively established by prior judicial rulings.

Mr. Spencer is collaterally estopped as a matter of law from re-litigating these five issues as components of his claims for failure to disclose allegedly exculpatory evidence, deliberate fabrication of evidence, deprivation of due process, false arrest, malicious prosecution, false imprisonment, conspiracy, outrage, and defamation. As a result of this estoppel, his claims for false arrest, malicious prosecution and false imprisonment fail as a matter of law because probable cause is a complete defense to those claims. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009). This estoppel also precludes Mr. Spencer from relying on these

previously resolved issues as support for his other causes of action. Those claims fail as well once he is precluded from re-litigating the central issues that support those claims.

The only other material Mr. Spencer alleges was withheld in violation of *Brady*, which was not previously litigated, is defendant Peters' videotaped interview of Ms. Tetz and any notes Mr. Peters may have taken of that interview. Dkt. 76, pp. 13-14. There is no evidence defendant Davidson was connected in any way to that material. Even if he was, Davidson undeniably met his *Brady* duty because the prosecutor was aware of his videotaped interview and any notes he took of that interview. *See Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2009). Thus, Mr. Spencer has no claim against Davidson for alleged failure to disclose any exculpatory evidence. And, none of his alleged *Brady* claims can support his causes of action against Davidson for deliberate fabrication of evidence, deprivation of due process, conspiracy, outrage or defamation.

**D. Defendant Davidson Is Entitled to Qualified Immunity**

Mr. Spencer argues defendant Davidson is not entitled to qualified immunity because he lacked probable cause to arrest Mr. Spencer pursuant to a facially valid arrest warrant, allegedly failed to give Mr. Spencer exculpatory evidence (*i.e.*, the two medical reports, the King County prosecutor's note, and the videotape of the prosecutor's interview with Ms. Tetz), he attempted to coerce Mr. Spencer to plead guilty at the jail, and he "ratified" defendant Krause's alleged use of coercive interview techniques with one or more of the three child accusers. Dkt. 76, pp. 10-11, 15-16. As explained above and previously, Mr. Spencer is collaterally estopped from relying on all but the last of these unfounded allegations to support his claim that Davidson violated clearly established law which reasonable officers would have been aware of in 1985. No amount of discovery would change the collateral estoppel effect of the prior judicial rulings precluding

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT  
No. C11-5424-BHS

- 6 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC  
711 Capitol Way S., Suite 602  
Olympia, WA 98501  
Telephone: (360) 534-9960  
Facsimile: (360) 534-9959

Mr. Spencer as a matter of law from re-litigating these issues.

Even if estoppel did not apply, child disclosures of sexual abuse standing alone are sufficient to establish probable cause. *Doggett,* 348 F.Supp.2d at 1204. Additionally, reasonable officers in 1985 would have concluded there was probable cause for Mr. Spencer's arrest just as a Superior Court judge so concluded when issuing the arrest warrant and when concluding there was sufficient evidence for a jury to find him guilty beyond a reasonable doubt. Dkt. 63-5; 63-7; and 63-8, at p. 41. Reasonable officers in 1985 also would have concluded the allegedly exculpatory *Brady* material was not material just as federal and state trial and appellate courts concluded. Dkt. 63-10, at pp. 2-6; 63-13, at pp. 2-22; 63-14, at pp. 2-9; 63-15, pp. 2-4; 63-16.

Further, Mr. Spencer makes no attempt to refute the clearly established law that arresting officers are entitled to qualified immunity for executing facially valid arrest warrants (*e.g., Smith v. Alamada,* 640 F.3d 931, 937 (9th Cir. 2011)), nor does he dispute that a prosecutor's exercise of independent judgment when filing charges immunizes investigating officers (*e.g., Newman v. County of Orange,* 457 F.3d 991, 993-94 (9th Cir. 2006), *cert. denied,* 549 U.S. 1253 (2007)). No amount of discovery would change application of this binding precedent.

His factually unsupported claim that he "encouraged" defendant Krause to use coercive interview techniques also fails to establish a violation of clearly established law in 1985. Mr. Spencer concedes that defendant Davidson did not personally interview any of the children he alleges were coerced (and he ignores the undisputed fact that Matthew Hansen has not recanted, *see* Dkt. 54 and 54-1). With absolutely no factual basis, he alleges instead that Davidson "encouraged" others to use coercive techniques or "ratified" their alleged constitutional violations. Putting aside that use of coercive interview techniques is not unconstitutional (*Devereaux v. Abbey,* 263 F.3d 1070, 1075 (9th Cir. 2001)), Mr. Spencer must prove Davidson

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS
- 7 -
FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

personally participated in an alleged constitutional deprivation. *Tribble v. Gardner*, 860 F.2d 321, 327 (9th cir. 1988). There is no vicarious liability under 42 U.S.C. § 1983. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690-94 (1978). Thus, even assuming others used coercive interviewing techniques (which Mr. Spencer fails to demonstrate), defendant Davidson is not liable for that alleged "fabrication" of evidence because he did not personally participate in the child interviews, let alone personally use allegedly coercive interview techniques.

There is another reason for rejecting Mr. Spencer's request to delay ruling on the qualified immunity defense until he decides to conduct discovery. Generally, a district court should stay discovery until the issue of qualified immunity is resolved. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). This is because qualified immunity is immunity from suit, including the time and expense of discovery, rather than a mere defense to liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-118 (1982). Davidson is entitled to qualified immunity because Mr. Spencer has failed to point to any clearly established law in 1985 showing Davidson personally violated a constitutional right.

**E. Mr. Spencer Is Unable to Prove Defendant Davidson Defamed Him**

Mr. Spencer states his defamation claim is based solely on an August 2010 press release by the Clark County Prosecuting Attorney. Dkt. 1, p. 40. ¶ 264; Dkt. 76, p. 13, lines 1-2. Davidson moves for summary judgment on the defamation claim because there is no evidence that Davidson, who retired from the Sheriff's office in 1993, seventeen years before the Prosecutor's office issued the press release: (1) played any role in issuing the press release; (2) made any defamatory statement contained in the release; (3) abused the conditional privilege accorded police officers; or (4) was at fault for the Prosecuting Attorney's actions in 2010. Dkt. 62, p. 15. Additionally, Davidson argues Mr. Spencer is unable to prove his already soiled

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS

- 8 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

reputation was in fact damaged by the press release. *Id.*

Without rebutting any of these independent arguments for dismissal of his defamation claim, Mr. Spencer argues that Davidson is liable for defamation even if he had nothing to do with the 2010 press release because he participated in Mr. Spencer's arrest and prosecution 25 years earlier. That is like saying the judges who repeatedly affirmed his conviction and denied his appeals, and everyone who played some minor role in the 1985 investigations, also defamed him in 2010. Liability for defamation requires proof the named defendant published the allegedly defamatory statement. *Hoppe v. Hearst Corp.*, 53 Wash. App. 668, 671, 770 P.2d 203 (1989). There are no references to, or statements by Davidson in the press release. Plaintiffs can point to no evidence showing defendant Davidson personally made a defamatory statement in 2010 regarding Mr. Spencer, so the defamation claim against Davidson should be dismissed.

Mr. Spencer's alternative attempt to avoid dismissal of his defamation claim against Davidson is a request for a Rule 56(d) continuance to determine "the extent of Defendant Davidson's involvement (or lack thereof)" in the 2010 press release. Dkt. 76, p. 13. "Vague, wishful thinking is not enough to justify a continuance" of a summary judgment motion in hopes further discovery might lead to admissible evidence. *Molsness v. City of Walla Walla*, 84 Wash. App. 393, 400-01, 928 P.2d 1108 (1996). A party requesting a continuance must show the evidence sought actually exists, not speculation that it might. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001). Moreover, this lawsuit was filed over a year ago. Dkt. 1. In that time, plaintiffs have conducted no discovery even though the discovery cut-off is less than six months away. Dkt. 49. Failure to diligently pursue discovery is reason enough to deny a Rule 56(d) continuance. *Chance*, 242 F.3d at 1161.

Mr. Spencer cites *Burlington N. & Santa Fe Co. v. The Assiniboine*, 323 F.3d 767, 774

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS
- 9 -
FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

(9th Cir. 2003), for the proposition that Rule 56(d) continuances are granted "fairly freely" when a party has had no opportunity to conduct discovery. There, the defendant moved for summary judgment just 3 weeks after the lawsuit was filed and while the plaintiffs' discovery requests in a related matter were pending. *Id.* at 773-75. Those circumstances are dramatically different than this case, where plaintiffs have conducted no discovery in over a year (although they allege they intend to soon serve written discovery requests and just noted defendants' depositions for September).

Mr. Spencer also misquotes Rule 56(d). Dkt. 76, p. 3, lines 14-19. The rule says nothing of the sort. Moreover, when plaintiffs' counsel recently asked defendants' counsel for a two-week extension to submit their summary judgment responses, they provided no indication the reason for this request was that they wanted to depose the named defendants before filing their summary judgment responses. Second Declaration of Jeffrey Freimund and Exhibit 1 attached thereto (filed with this reply). The Court should not countenance plaintiffs' latest "wishful thinking" and baseless delay tactics.

**F. Mr. Spencer Is Unable to Prove Davidson Participated in a Conspiracy**

Without pointing to any admissible evidence of an agreement, Mr. Spencer argues his conspiracy claim should survive summary judgment based solely on his conclusory allegation that "Davidson conspired with Defendants Peters and Krause to frame Mr. Spencer for sexual abuse and to withhold exculpatory evidence." Dkt. 76, p. 17, lines 6-7. Conclusory allegations are insufficient to withstand summary judgment; admissible evidence is required. Fed. R. Civ. Proc. 56(c). Thus, Davidson is entitled to summary dismissal of the conspiracy claim.

A continuance to conduct discovery regarding this claim is unjustified for the same reasons Mr. Spencer is unable to show a continuance is warranted for opposing dismissal of his

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS

- 10 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

defamation claim. Additionally, there is no dispute Mr. Spencer previously deposed all of the named defendants in preparation for the 1996 evidentiary hearing on his habeas petition, and cross-examined each of them during that hearing. *See* Dkt. 63-15. There is no evidence offered that the named defendants will testify any differently than they previously have, resulting in Judge Bryan's final judgment that they did not violate Mr. Spencer's constitutional rights. It is insufficient to claim that summary judgment should be delayed because the non-moving party speculates he can show prior sworn testimony was perjured, absent specific evidence affirmatively proving the alleged perjury. *Oltarzewski v. Ruggiero,* 830 F.2d 136, 138-39 (9th Cir. 1987). No such evidence of perjury can be offered, nor is there any rational reason to believe Mr. Spencer will suddenly obtain incriminating admissions from the named defendants that they violated or conspired to violate his constitutional rights if he is permitted to cross-examine them a third time.

### G. Mr. Spencer Is Unable to Prove Davidson Proximately Caused Damage

As a matter of law, Mr. Spencer is collaterally estopped from re-litigating the facts that defendant Davidson (1) had probable cause to participate in Mr. Spencer's arrest pursuant to a facially valid arrest warrant, (2) did not withhold material exculpatory evidence, and (3) did not unconstitutionally coerce Mr. Spencer to plead guilty during alleged jail visits. There also is no dispute that Davidson did not personally participate in any allegedly coercive child interviews. In light of these undeniable facts, Mr. Spencer is unable to show Davidson's minor involvement as a supervisor and one of the arresting officers directly caused the outcome of his prosecution. *See Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010). He also fails to address the authority cited by Davidson establishing the Court's sentencing order, and the prosecutor's independent decision to seek a conviction are superseding, intervening causes. *Id; McSherry v.*

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS

- 11 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

*City of Long Beach*, 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied*, 131 S.Ct. 79 (2010). Thus, Mr. Spencer can not prove Davidson proximately caused his alleged damage, which flows from the prosecutor's and courts' independent decisions to convict and imprison him based on his *Alford* plea.

Yet, Mr. Spencer claims summary judgment should be delayed because he hopes that if he is permitted to cross-examine Davidson a third time he might somehow be able to create questions of fact regarding these previously litigated issues and the law on superseding, intervening cause. As argued above, Mr. Spencer has failed to meet his burden of showing a Rule 56(d) continuance is justified. Davidson is entitled to summary judgment based on the absence of evidence that, but for his limited involvement in the Clark County Sheriff's Office's 1985 investigation, Mr. Spencer would not have been prosecuted, convicted and imprisoned, and his conviction would not have been upheld on multiple appeals.

## IV. CONCLUSION

Based on the foregoing reasons, as well as the reasons and evidence set forth in the co-defendants' summary judgment motions and defendant Davidson's opening memorandum in support of summary judgment, Davidson is entitled to summary judgment dismissing all claims alleged against him with prejudice.

RESPECTFULLY SUBMITTED this 22nd day of June, 2012.

        s/ Jeffrey A. O. Freimund
        JEFFREY A. O. FREIMUND, WSBA No. 17384
        Freimund Jackson Tardif & Benedict Garratt, PLLC
        711 Capitol Way South, Suite 602
        Olympia, WA 98502
        Telephone: (360) 534-9960
        Fax: (360) 534-9959
        jeffF@fjtlaw.com
        Attorney for Defendant Michael Davidson

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2012, I caused to be electronically filed Defendant Davidson's Reply in Support of Summary Judgment and the Second Declaration of Jeffrey Freimund, with Exhibit 1 attached thereto, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiffs Clyde Ray Spencer,
    Matthew Ray Spencer, and Kathryn E. Tetz
    dhjohnson43@aol.com
Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiffs Clyde Ray Spencer,
    Matthew Ray Spencer, and Kathryn E. Tetz
    kathleen.zellner@gmail.com
Daniel T. Davies, Attorney for Plaintiffs Clyde Ray Spencer, Matthew Ray Spencer,
    and Kathryn E. Tetz
    dandavies@dwt.com
Daniel J. Judge, Attorney for Defendant James M. Peters
    danielj@atg.wa.gov
Patricia C. Fetterly, Attorney for Defendant James M. Peters
    Patriciaf1@atg.wa.gov
Bernard F. Veljacic, Attorney for Defendants Clark County Prosecutor's Office; Clark
    County Sheriff's Office, & Clark Co.
    Bernard.Veljacic@clark.wa.gov
William H. Dunn, Attorney for Defendant Shirley Spencer
    dunnwh@pacifier.com
Gary Western, Attorney for Defendant Shirley Spencer
    western@wscd.com
Guy Bogdanovich, Attorney for Defendant Sharon Krause
    gbogdanovich@lldkb.com

    s/Janice Flaherty
    JANICE FLAHERTY
    Legal Assistant to
    JEFFREY A. O. FREIMUND, WSBA No. 17384
    Freimund Jackson Tardif & Benedict Garratt, PLLC
    711 Capitol Way South, Suite 602
    Olympia, WA 98502
    Telephone: (360) 534-9960
    Fax: (360) 534-9959
    jeffF@fjtlaw.com
    Attorney for Defendant Michael Davidson

DEFENDANT DAVIDSON'S REPLY IN SUPPORT OF SUMMARY JUDGMENT
No. C11-5424-BHS
- 13 -
FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959