The Honorable Benjamin Settle
Trial Date: April 16, 2013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, | No. C11-5424BHS |
| Plaintiffs, | DEFENDANT SHIRLEY SPENCER'S REPLY TO PLAINTIFFS' REQUEST FOR A CONTINUANCE UNDER FED. R. CIV. 56(d) BEFORE RESPONDING TO DEFENDANT MICHAEL DAVIDSON AND SHIRLEY SPENCER'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK, SHIRLEY SPENCER and JOHN DOES ONE THROUGH TEN, | |
| Defendants. | |

**RELIEF SOUGHT**

Defendant Shirley Spencer respectfully requests that the Court deny Plaintiffs'
Request for a FRCP 56(d) Continuance before responding to Defendant Davidson's Motion
for Summary Judgment, which Defendant Spencer has joined. Plaintiffs have failed to cite

any facts to be obtained through discovery concerning Defendant Spencer and therefore have not met their burden of establishing that a continuance is warranted. Further, Defendant Spencer's statute of limitations defense against all state law claims is valid regardless of any pending discovery.

### 1. *Plaintiffs Have Not Met Their Burden Under FRCP 56(d)*

A party requesting a continuance of a summary judgment motion must present specified reasons why it "cannot present facts essential to justify its opposition." FRCP 56(d) (2012). In doing so, the party must make three specific showings: (1) the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist, and (3) that the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

While Plaintiffs have set forth the facts that they hope to elicit from further discovery, not a single one of those facts, even if proven, would create possible liability for Defendant Spencer. Additionally, none of the facts that Plaintiffs seek involve any act or omission by Defendant Spencer. Rather, the facts that Plaintiffs seek concern the investigation, arrest and prosecution of Plaintiff Clyde Spencer. Defendant Spencer was never a member of the police force or the prosecutor's office and had no involvement in the investigation of allegations against Plaintiff Clyde Spencer, the decision to charge him, or the subsequent prosecution. As such, Plaintiffs have failed to show that further discovery is warranted in order to rule on Defendant Spencer's Motion for Summary Judgment.

DEFENDANT SHIRLEY SPENCER'S REPLY
TO PLAINTIFFS' REQUEST FOR A
CONTINUANCE UNDER FED. R. CIV. 56(d)
(Cause No. C11-5424BHS) – 2
gw/GW1218.466/981657

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

### 2. *Plaintiff Clyde Spencer's Claim Against Defendant Spencer for Intentional Infliction of Emotional Distress is Barred by the Statute of Limitations*

As an affirmative defense, the defendant has the burden of proving the applicability of the statute of limitations and the plaintiff has the burden of rebuttal. Here, Plaintiffs have failed to rebut Defendant Spencer's argument that Plaintiff Clyde Spencer's claim for intentional infliction of emotional distress is barred by the statute of limitations.

Plaintiff Clyde Spencer's claim against Defendant Spencer for intentional infliction of emotional distress is barred by the three-year statute of limitations. In Washington, causes of action arising out of an arrest or conviction must be commenced within three years of the conviction, even if it is yet to be invalidated. *Doggett v. Perez*, 348 F.Supp.2d 1169, 1175 (E.D. Wash. 2004); *Gausvik v. Abbey,* 126 Wn. App. 868, 879-82, 107 P.3d 98. As such, the statute of limitations for Mr. Spencer's outrage claim ran in 1988, three years after he was sentenced to life in prison.

The case Plaintiffs cite in their opposition is not controlling. In *Spring v. Brown*, the defendant police officers participated in the investigation and arrest of Plaintiff Spring. *Spring v. Brown*, CV-05-3047-FVS, 2007 WL 26766 (E.D. Wash. Jan. 3, 2007). Evidence collected by the officers was essential to the prosecution and subsequent trial of plaintiff. *Id*. After a jury found him "not guilty," plaintiff filed a claim against the officers for emotional distress that he suffered as a result of the "process that he was forced to undergo." *Id.* The Court inferred that plaintiff's claim was therefore based on defendants' actions up to the point of acquittal and determined that the factual basis for his claim did not exist until that point. *Id.* Because an outrage claim accrues only when a plaintiff knows or has reason to know the

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1  factual basis for each element of his claim, the Court determined that statute of limitations did

2  not begin to run for plaintiff until his acquittal. *Id.*

3        The basis of Plaintiff Spencer's claim against Defendant Spencer is the allegation

4  that she was involved in a romantic relationship with Detective Davidson while Plaintiff

5  Spencer was being investigated. As proven by the history of proceedings leading to this suit,

6  Plaintiff Spencer has known of the basis for his claims against Defendant Spencer since ***at***

7  ***least*** 1986, when he appealed his conviction ***upon the same basis***. Dkt. 62, p. 7:10-13.

8  Specifically, in his 1986 appeal, Plaintiff Spencer alleged that he was unconstitutionally

9  coerced into his *Alford* plea as a result of Sergeant Davidson's alleged romantic involvement

10 with Defendant Spencer. *Id*. Under *Spring*, the statute of limitations for Plaintiff's claims

11 therefore would have accrued in 1986. As such, even if the analysis of the case that Plaintiffs

12 cite is applied, the claim should be dismissed as untimely.

13        Additionally, unlike the defendants in *Spring*, Defendant Spencer was ***not*** involved in

14 the investigation, arrest, prosecution or sentencing of Mr. Spencer. Rather, her involvement

15 began and ended between 1984 and 1985. Defendant Spencer's limited involvement, both in

16 time and in scope, therefore does not compel the result in *Spring*. In *Spring*, defendants were

17 directly involved in all stages of plaintiff's criminal proceedings and the court determined that

18 the factual basis for plaintiff's claims may not have been apparent to him until the

19 proceedings concluded. The factual basis for Plaintiff Spencer's claims against Defendant

20 Spencer has been apparent for over 20 years. Accordingly, the statute of limitations has run.

21

22

23

DEFENDANT SHIRLEY SPENCER'S REPLY
TO PLAINTIFFS' REQUEST FOR A
CONTINUANCE UNDER FED. R. CIV. 56(d)
(Cause No. C11-5424BHS) – 4
gw/GW1218.466/981657

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

### 3.  *Plaintiff Clyde Spencer's Claim Against Defendant Spencer for Conspiracy is Barred by the Statute of Limitations*

As stated above, causes of action arising out of a conviction must be commenced within three years of the conviction. *Doggett, supra.* Accordingly, the three-year statute of limitations for Plaintiff's state law conspiracy claim against Defendant Spencer accrued when he was sentenced to prison in May, 1985, and ran three years later, in May 1988.

Plaintiffs assert that Plaintiff Spencer's state law cause of action for conspiracy is timely because "the deprivation of his constitutional rights continued through his *Alford* plea, and until the proceedings terminated in his favor." Dkt. 76, p. 12:21-23. Contrary to plaintiff's argument, the statute of limitations is not tolled until the point at which the plaintiff is no longer experiencing damages. If that were the case, personal injury claimants with life-long injuries would be able to assert claims into perpetuity and the statutes setting forth the time limitations on claims would be moot.

As Plaintiff Spencer's state law conspiracy claim against Defendant Spencer was asserted more than two decades after the statute of limitations ran, it is not timely and should be dismissed with prejudice.

### CONCLUSION

Based upon the foregoing, the Court should deny Plaintiffs' request for a continuance before responding to Defendant Spencer's pending summary judgment motion. Plaintiffs have presented no facts that they hope to establish through additional discovery which would create liability for Defendant Spencer and have similarly failed to rebut Defendant Spencer's statue of limitations defense to the state law claims.

DEFENDANT SHIRLEY SPENCER'S REPLY
TO PLAINTIFFS' REQUEST FOR A
CONTINUANCE UNDER FED. R. CIV. 56(d)
(Cause No. C11-5424BHS) – 5
gw/GW1218.466/981657

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1

2       DATED this 22nd day of June, 2012.

3                               By: *s/ Gary A. Western*

                              By: *s/ Gabriella Wagner*

4                               Gary A. Western, WSBA# 12878

                              Gabriella Wagner, WSBA# 42898

5                               WILSON SMITH COCHRAN DICKERSON

                              901 Fifth Avenue, Suite 1700

6                               Seattle, WA  98164-2050

                              Telephone: (206) 623-4100

7                               Fax: (206) 623-9273

                              E-mail: western@wscd.com

8                               E-mail: wagner@wscd.com

                              of Attorneys for Defendant Shirley Spencer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

## CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorney for Plaintiffs**
Daniel T. Davies
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Email:  dandavies@dwt.com

**Attorney for Plaintiffs**
Douglas H. Johnson
Kathleen T. Zellner
Law Offices of Kathleen T. Zellner, P.C.
Esplanade IV
1901 Butterfield Road, Suite 650
Downers Grove, Illinois  60515
Email:  dhjohnson43@aol.com
Email:  kathleen.zellner@gmail.com

**Attorney for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office and Clark County**
Bernard F. Veljacic
Deputy Prosecuting Attorney
Clark County Prosecuting Attorney Civil Division
604 W. Evergreen Blvd.
P.O. Box 5000
Vancouver, WA  98666-5000
Email:  Bernard.Veljacic.@clark.wa.gov

**Attorney for Defendant Peters**
Daniel J. Judge
Attorney General's Office
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
Email:  danielj@atg.wa.gov

**Attorney for Defendant Davidson**
Jeffrey Freimund
Freimund Jackson & Tardif & Benedict Garratt, PLLC
711 Capitol Way S Ste 602
Olympia, WA  98501-1293
Email:  jefff@fjtlaw.com

**Attorney for Defendant Krause**
Guy M. Bogdanovich
Law Lyman Daniel Kamerrer & Bogdanovich
PO Box 11880
Olympia, WA  98508-1880
Email:  gbogdanovich@lldkb.com

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

**Attorney for Defendant Shirley Spencer**
William H. Dunn
Dunn Law Office
P.O. Box 1016
Vancouver, WA  98666
Email:  dunnwh@pacifier.com

**Attorney for Defendant Peters**
Patricia C. Fetterly
Assistant Attorney General
Torts Division
P.O. Box 40126
Olympia, WA  98504-0116
Email:  patriciaf1@atg.wa.gov

and I hereby certify that I have mailed by United States Postal Service the document to the
following non CM/ECF participants:

**Attorney for Defendant Peters**
Robert M. McKenna
Attorney General of Washington
Government Operations Division
P.O. Box 40100
Olympia, WA 98504-0100

　　　**SIGNED** this 22nd day of June, 2012, at Seattle, Washington.


　　　　　　　　　　　　　　　　　*s/ Betty Dobbins*
　　　　　　　　　　　　　　　　　Betty Dobbins