**THE HONORABLE BENJAMIN SETTLE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER , MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>Defendants. | NO.  C11 5424 BHS<br><br>**DEFENDANT SHARON KRAUSE'S  SUMMARY JUDGMENT REPLY**<br><br>**NOTE ON MOTION CALENDAR:** Friday, June 22, 2012 |

**1.   Plaintiffs have failed to oppose dismissal of all state law claims based upon failure to file claims for damages prior to commencing suit.**

In opposition to Defendant Sharon Krause's Motion for Summary Judgment, plaintiffs have filed a pleading entitled Plaintiffs' Request for Continuance Under Fed.R.Civ.P. 56(d) Before Responding to Defendant Sharon Krause's Motion for Summary Judgment (Document 72).  In this pleading, hereafter referred to as "Plaintiffs' Response," plaintiffs seek a continuance of Ms. Krause's Motion based upon an alleged need to discover "facts" pertaining to some but not all of their claims, and they address the merits of some but not all of the issues raised by Ms. Krause's Motion,

DEFENDANT SHARON KRAUSE'S SUMMARY JUDGMENT REPLY - 1

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*


but Plaintiffs' Response includes nothing which addresses their complete failure to file any claims for damages prior to commencing suit on their state law claims as required by RCW 4.96.010 and RCW 4.96.020. Failure to comply with these statutory filing requirements leads to dismissal. *Atkins v. Bremerton School Dist.,* 393 F.Supp.2d 1065, 1068 (W.D.Wash. 2005) citing *Reyes v. City of Renton,* 121 Wash. App. 498, 502, 86 P.3d 155 (2004). "This court is obliged to give full effect to the plain language of the statute even when the results of doing so may seem unduly harsh." *Id.*

In addition, Local Rules W.D.Wash. CR 7(b)(2) provides in part as follows:

> If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

The Declaration of Tina Redline (Document 67) establishes that none of the plaintiffs filed a claim for damages prior to commencing suit on their state law claims, and Plaintiffs' Response includes nothing which contradicts or refutes this fact. Consequently, all of plaintiffs' state law claims against Ms. Krause must be dismissed.

**2.     There is no basis for a defamation claim against Ms. Krause.**

Plaintiffs confirm that "[p]laintiff's [Mr. Spencer's] defamation claim is based on the August 12, 2010 press release." Plaintiffs' Response, p. 13, lns. 7-8. Ms. Krause retired from the Clark County Sheriff's Office in 1995 (Krause Declaration, Document 64, p. 2, lns. 1-2), the Complaint does not allege that Ms. Krause participated in the August 2010 press release (Document 1, pp. 40-43, ¶¶ 264-78), and Plaintiffs' Response contains no argument and is supported by no facts to the contrary. Consequently, the defamation claim must be dismissed as against Ms. Krause.

**3.     The remaining state law claims are also subject to dismissal under the applicable statute of limitations.**

Although plaintiffs unconvincingly argue that additional discovery is needed to ascertain facts relevant to some of the defenses raised in Ms. Krause's Motion for Summary Judgment, none of those facts relate to the statute of limitations defense

DEFENDANT SHARON KRAUSE'S SUMMARY JUDGMENT REPLY - 2

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1  against the state law claims. As for the merits of this defense, plaintiffs do not address
2  the controlling authorities cited by Ms. Krause establishing when state law claims
3  accrue. *See* Krause's Motion for Summary Judgment (Document 65), p. 3, lns. 5-21.
4  Nor is plaintiffs' "discovery rule" argument persuasive, as the same argument was
5  raised by the similarly situated plaintiffs and rejected in *Doggett v. Perez,* 348
6  F.Supp.2d 1169, 1175-77 (E.D.Wash. 2004). The statute of limitations defense thus
7  provides grounds for dismissal of all state law claims against Ms. Krause in addition to
8  the lack of claim filing.

9  **4.    Plaintiffs are not entitled to a continuance.**

10  Plaintiffs have failed to establish that they are entitled to a continuance of Ms.
11  Krause's Motion for Summary Judgment in connection with any of the defenses raised.
12  Plaintiffs purport to quote the applicable subsection of Fed.R.Civ.P. 56, subsection (d),[1]
13  and then cite cases standing for the proposition that summary judgment continuances
14  should be granted "fairly freely" or that they "must" be granted "where the nonmoving
15  party has not had the opportunity to discover information that is essential to its
16  opposition." Plaintiffs' Response, p. 4, lns. 5-12. The timing of Ms. Krause's Motion for
17  Summary Judgment does not fit within the fact patterns of the cases cited by plaintiffs,
18  which involved extremely early motions and no dilatory conduct by the nonmoving
19  party. This distinction, and the proper standards to be applied, were recently explained
20  as follows:

21  > When a motion for summary judgment is filed extremely early in the litigation
22  > process, "before a party has had any realistic opportunity to pursue discovery
23  > relating to its theory of the case," Ninth Circuit precedent requires that this
24  > Court grant a motion brought under Rule 56(f) "fairly freely." *Id*. [*Burlington Northern Santa Fe R.R. Co. v. Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003)] (allowing the defendant additional time to conduct discovery when the plaintiff filed a motion for summary judgment only one month after filing suit).

---

[1] The language quoted in Plaintiffs' Response, p. 3, lns. 14-18 does not appear in subsection (d) or anywhere else in Fed.R.Civ.P. 56.

DEFENDANT SHARON KRAUSE'S SUMMARY
JUDGMENT REPLY - 3

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

When a motion for summary judgment is filed later in the litigation process, this Court may continue the motion only if the party opposing the motion demonstrates "(1) it has set forth in affidavit the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the soughtafter facts are essential to oppose summary judgment." *Family Home & Finance Center v. Federal Home Loan Mortgage Co.,* 525 F.3d 822, 827 (9th Cir. 2008). In addition, the party must demonstrate that is has diligently pursued discovery throughout the litigation process. *Mackey v. Pioneer National Bank,* 867 F.2d 520 (9th Cir. 1989). If a party that seeks a continuance fails to meet those requirements, this Court denies the motion to continue proceedings. The Court instead proceeds to consideration of the merits of the underlying motion for summary judgment, and adjudicates the parties' respective rights without delay. *Family Home & Finance Center,* 525 F.3d at 827.

*Rosalez v. Baker et al,* 2010 WL 4068926 (W.D.Wash. 2010). In addition, an expression of hope that depositions of persons who have filed affidavits setting forth material facts will result in obtaining contradictory evidence is insufficient to justify continuance of a summary judgment motion. *Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades Dist. Council, Etc.*, 817 F.2d 1391 (9th Cir. 1987).

Here, plaintiffs' Complaint was filed on June 2, 2011, and Ms. Krause's Motion for Summary Judgment was filed nearly a full year later on May 23, 2012. Plaintiffs did not conduct or even request any depositions during that time, and propounded no written discovery requests.[2] Also, plaintiffs selectively highlight portions of the Amended Proposed Joint Status Report and Discovery Plan on file herein (Document 47) regarding contemplated discovery (Plaintiffs' Response, p. 2, lns. 12-18), but ignore the portion of the Plan which recites that defendant Shirley Spencer filed a dismissal motion the morning of the August 24, 2011 Fed.R.Civ.P. 26(f) conference call among counsel, and acknowledges that all parties understood at that time that " . . . the remaining defendants were also expected to file dispositive motions seeking to dismiss

---

[2] Although Plaintiffs' Response states that interrogatories are being served "simultaneously" with the request for continuance, none have been received by counsel for Ms. Krause as of the date of this Summary Judgment Reply. Nor can plaintiffs seek refuge in their continuing review of "thousands of pages of documents" identified in defendants' initial disclosures, as most if not all were already in plaintiff Clyde Ray Spencer's possession and were created by his numerous criminal case petitions and appeals.

DEFENDANT SHARON KRAUSE'S SUMMARY
JUDGMENT REPLY - 4

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

some or all of the Plaintiffs' claims." Document 47, p. 1, lns. 24-25. Under these circumstances, plaintiffs cannot sustain their burden of showing that they have diligently pursued discovery throughout the litigation process, and their request for continuance should be denied.

Nor can plaintiffs show that the sought-after "facts" delineated as a.-n. in paragraph 35 of Plaintiffs' Response exist. For the most part these "facts" are simply repetitive and argumentative expressions of hope of what the plaintiffs would like to be able to prove about how Ms. Krause allegedly "coerced and manipulated" the child victims into making accusations against Mr. Spencer which she knew or should have known were false (even though one of the victims, Matthew Hansen, has never recanted and continues to verify the accuracy of the reports of rape and abuse to this day), how Ms. Krause allegedly "concealed" her interview tactics from the prosecutor, and how she allegedly "conspired" with Michael Davidson and/or James Peters "for the purpose of fabricating probable cause." Ms. Krause and Mr. Davidson have already testified about their involvement in the investigation in depositions taken by Mr. Spencer's criminal appeal attorneys, and before a court subject to cross-examination. Mr. Peters has done the same with regard to his involvement in the criminal prosecution. In addition, all of the critical victim interview reports prepared by Ms. Krause are before the Court in support of Ms. Krause's Motion for Summary Judgment. In light of this record, plaintiffs' arguments and expressions of hope of what they would like to be able to prove fall far short of the showing required to justify a continuance of Ms. Krause's Motion.[3]

**5.  Collateral estoppel applies.**

---

[3] The only "facts" plaintiffs hope to learn through discovery which deal with an issue not subject to previous testimony and court hearing pertain to the videotaped interview of Kathryn Tetz by Mr. Peters, which Ms. Krause has shown cannot be used to support a claim of a constitutional violation by her. Krause Motion, Document 65, p. 8, lns. 1-12. Consequently, discovery about the whereabouts of this videotape does not justify continuing Ms. Krause's Motion.

DEFENDANT SHARON KRAUSE'S SUMMARY
JUDGMENT REPLY - 5

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

Plaintiffs confuse collateral estoppel (issue preclusion) with res judicata (claim preclusion) when they argue that no single previous litigation "assessed the cumulative effect" of all of the alleged actions of which they complain. Plaintiffs' Response, p. 13, lns. 10-22. The case cited by plaintiffs in support of their argument, *Christensen v. Grant County Hosp.,* 152 Wn.2d 299, 96 P.3d 957 (2004) explains the difference between these two doctrines:

> Collateral estoppel, or issue preclusion, bars relitigation of an issue in a subsequent proceeding involving the same parties. . . . It is distinguished from claim preclusion "' in that, instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of <u>issues</u> between the parties, even though a different claim or cause of action is <u>asserted</u>.'" . . .

*Christensen,* 152 Wn.2d at 306 (emphasis in original, citation omitted). Ms. Krause relies upon collateral estoppel in support of her argument for preclusive effect being given to the following, specific issues which have been fully and fairly litigated: (1) There was probable cause for Mr. Spencer's arrest, prosecution and imprisonment;[4] (2) the Kathryn Tetz medical report was not material and so was not unconstitutionally withheld contrary to Brady (and the Matthew Hansen medical report was never in defendants' possession); and (3) defendant Davidson did not unconstitutionally coerce Mr. Spencer to plead guilty even if he had visited Mr. Spencer at the jail as alleged to further his romantic interests. As documented at pages 4-7 of Ms. Krause's Motion, Mr. Spencer received full and fair hearings on these issues and he is now estopped from re-litigating them, thus warranting dismissal of all claims to the extent they are based upon them.

---

[4] In her Summary Judgment Motion Ms. Krause also cited and relied upon *Hanson v. City of Snohomish,* 121 Wn.2d 552, 564, 852 P.2d 295 (1993) for the proposition that a conviction conclusively establishes probable cause for arrest and prosecution, even if later reversed on appeal, unless obtained through fraud, perjury or other corrupt practices. Plaintiffs' Response cites *Clark v. Baines,* 150 Wn.2d 905, 912-13, 84 P.3d 245 (2004) for the proposition that this rule does not apply where the conviction was based upon an *Alford* plea. Plaintiffs' reliance upon *Clark* is misplaced, since the holding in *Clark* does not apply to cases such as this one involving malicious prosecution actions against the state, prosecutor or a complaining witness in the criminal case. *Clark,* 150 Wn.2d at 918 (Ireland, J., concurring).

DEFENDANT SHARON KRAUSE'S SUMMARY
JUDGMENT REPLY - 6

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

**6.     Ms. Krause is entitled to qualified immunity to the extent claimed.**

Qualified immunity provides immunity from suit, including the time and expense of discovery, as well as a defense to liability. *Crawford-El v. Briton,* 520 U.S. 574, 598 (1998). Plaintiffs' Response contains nothing which refutes the bases for Ms. Krause's assertion of qualified immunity for her reasonable belief in the existence of probable cause and the constitutionality of her interviews of the child victims and her interactions with Mr. Peters. *See,* Ms. Krause's Motion, pages 8-11. Plaintiffs' factually unsupported arguments about how Ms. Krause "coerced, cajoled and manipulated" the child victims during interviews with a "specific intent to frame Mr. Spencer without probable cause" are insufficient to deprive Ms. Krause of the protections afforded by the qualified immunity doctrine.[5]

**7.     The conspiracy claim should be dismissed.**

Other than restating their reliance upon the largely argumentative and unsupported "facts" a-n in Plaintiffs' Response, plaintiffs' only support for their conspiracy claim is citation to *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir. 1999) for the proposition that a showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support an inference of the existence of a conspiracy. In fact, a plaintiff alleging liability for a conspiracy must prove the existence of "an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989 (en banc) (quoting *Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir. 1983)). And while the agreement or meeting of the minds may be inferred

---

[5] Plaintiffs cite to the 2009 "recantations" of two of the three child victims in support of their argument that qualified immunity should not apply. Plaintiffs' Response, p. 16, ln. 22 - p. 17, ln. 1. It is disingenuous to suggest that events in 2009 should have any bearing upon what Ms. Krause reasonably believed based upon information known by her in 1985.

DEFENDANT SHARON KRAUSE'S SUMMARY JUDGMENT REPLY - 7

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511

from circumstantial evidence, any such inference must be "rational" or "reasonable." *Phelps Dodge,* 865 F.2d at 1542.

Here, plaintiffs have produced no direct evidence of an agreement or meeting of the minds between Ms. Krause and any of the other defendants to "frame" Mr. Spencer or otherwise violate his constitutional rights. Nor is there anything about Ms. Krause's actions which permits a rational or reasonable inference to be drawn that she made any such agreement or had any such meeting of the minds with other defendants. Rather, it is patently unreasonable and irrational to suggest that Ms. Krause would risk a stellar law enforcement career and violate the fundamental oaths she worked under by conspiring with Mr. Peters and/or Mr. Davidson, who would be encountering the same risks and violations of oaths of office, to "frame" Mr. Spencer, all so that Mr. Davidson could allegedly further a personal romance with Shirley Spencer. Consequently, the conspiracy claim should be dismissed.

**8.   Ms. Krause did not proximately cause the alleged damages.**

In support of her Motion for Summary Judgment, Ms. Krause argued that Mr. Spencer will be unable to prove that, but for her actions, he would not have been arrested, prosecuted and convicted. *See, Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010) (causation is lacking under § 1983 absent evidence the defendant directed the outcome of the prosecution). The injury complained of is imprisonment by court order. In such cases, "the order of the court would be the proximate cause and the various preliminary steps [prior to sentencing] would be remote causes...." *Id.* Additionally, or alternatively, "the prosecutor's independent decision can be a superseding or intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an arrest or procured a prosecution." *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010). Plaintiffs have failed to address these authorities in any fashion.

DEFENDANT SHARON KRAUSE'S SUMMARY JUDGMENT REPLY - 8

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1  Instead, they once again repeat their unfounded and argumentative "facts" about
2 inaccurate reporting and coercive and manipulative interview practices.  These
3 arguments are insufficient to prove that Ms. Krause's alleged conduct was the factual
4 and legal cause of his claimed damages.

**9.  Conclusion.**

Based upon the foregoing, and the authorities and arguments previously submitted, Ms. Krause respectfully requests that Plaintiffs' Request for Continuance be denied, and that her Motion for Summary Judgment be granted, dismissing all claims advanced against her with prejudice.

DATED this 22rd day of June, 2012.

*/s/ Guy Bogdanovich*
_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone:  (360) 754-3480
 Fax:  (360) 357-3511
email:  gbogdanovich@lldkb.com

DEFENDANT SHARON KRAUSE'S SUMMARY JUDGMENT REPLY - 9

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511