1

2                                                The Honorable Benjamin H. Settle

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10  CLYDE RAY SPENCER, MATTHEW        )
    RAY SPENCER, and KATHRYN E. TETZ, )
11                                    )
                    Plaintiffs,       )   No. C11-5424 BHS
12          v.                        )
                                      )
13  FORMER DEPUTY PROSECUTING         )   **PLAINTIFFS' COMBINED**
    ATTORNEY FOR CLARK COUNTY JAMES   )   **REPLY IN SUPPORT OF**
14  M. PETERS, DETECTIVE SHARON       )   **MOTION FOR RELIEF IN**
    KRAUSE, SERGEANT MICHAEL          )   **PURSUANT TO FED.R. CIV.**
15  DAVIDSON, CLARK COUNTY            )   **56(d)**
    PROSECUTOR'S OFFICE, CLARK        )
16  COUNTY SHERIFF'S OFFICE, THE      )
    COUNTY OF CLARK and JOHN DOES ONE )
17  THROUGH TEN,                      )
                    Defendants.       )
18                                    )
    _____

19          NOW COME Plaintiffs, CLYDE RAY SPECER, et. al., by and through their attorneys,

20  Kathleen T. Zellner & Associates, P.C., and for their Combined Reply in Support of Motion for

21  Relief Under Federal Rule of Civil Procedure 56(d), states as follows:

22

23

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF                    Davis Wright Tremaine LLP
(C11-5424 BHS) — 1                                 LAW OFFICES
DWT 19881842v1 0094078-000001                      Suite 2200
                                                   1201 Third Avenue
                                                   Seattle, WA 98101-3045
                                                   206.622.3150 main · 206.757.7700 fax

1

## **INTRODUCTION**

2      In response to Defendants' motions for summary judgment, Plaintiffs filed motions for

3 relief pursuant to Federal Rule of Civil Procedure 56(d) seeking leave to, at a minimum, depose

4 the Defendants prior to responding to the dispositive motions for summary judgment.

5 Defendants have filed replies in support of their motions for summary judgment (Dkts. 82-85),

6 asking this Court to grant summary judgment without permitting any further discovery.

7 Because Defendants' replies are for the most part identical, Plaintiffs submit his combined

8 reply in support of their request for relief under Federal Rule 56(d).

9      **I.      Plaintiffs' federal causes of action are not barred by collateral
              estoppel, and the requested discovery is essential to responding to
10             Defendants' other bases for summary judgment.[1]**

11      Plaintiffs' federal causes of action are not barred by collateral estoppel.  Furthermore,

12 Defendants' other bases for summary judgment require the additional discovery requested by

13 Plaintiffs in order to respond to the motions.  Plaintiffs' motion for relief under Federal Rule

14 56(d) should therefore be granted.

15           **a.      Plaintiffs' causes of action are not barred by collateral estoppel.**

16      Defendants argue that Plaintiffs are collaterally estopped from asserting that Defendants

17 initiated criminal proceedings against Mr. Spencer without probable cause.  Defendants base

18 their argument on (1) the warrant for Mr. Spencer's arrest (Dkt. 63, Ex. 5), and (2) Mr.

19 Spencer's *Alford* plea (Dkt. 63, Ex. 7).  Defendants' arguments are easily dismissed.

20      First, with regard to the warrant for Mr. Spencer's arrest, it is axiomatic that the warrant

21 has no preclusive effect.  The elements of collateral estoppel have not been met.  The warrant is

22 not a "final judgment on the merits," nor was Mr. Spencer a party to the "adjudication" for

23 
---
[1] Plaintiffs likewise seek discovery related to their state law causes of action prior to responding in full to
Defendants' motions for summary judgment, rather than responding in piecemeal fashion.

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 2
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    purposes of collateral estoppel.  Notably, Defendants fail to cite to any authority for the

2    proposition that an arrest warrant issued *ex parte* somehow conclusively resolves the issue of

3    probable cause.  Defendants have utterly failed to support their argument and on that basis it

4    should be rejected.

5        Second, as a matter of law the issue of probable cause has <u>not</u> been decided by Mr.

6    Spencer's *Alford* plea.  This issue has been squarely addressed in *Clark v. Baines*, 150 Wn.2d

7    905 (2004).  In *Clark* the Supreme Court noted that applying collateral estoppel to give an

8    *Alford* plea preclusive effect in a subsequent civil action is "uniquely problematic."  *Id*. at 916.

9    "Where a defendant is convicted pursuant to an *Alford* plea not only has there been no verdict

10   of guilty after a trial but the defendant, by entering and *Alford* plea, has not admitted

11   committing the crime."  *Id*.  "<u>As such an *Alford* plea cannot be said to be preclusive of the</u>

12   <u>underlying facts and issues in a subsequent civil action</u>."  *Id*.  (Emphasis added).  The Court

13   reiterated that an *Alford* plea as a matter of law fails the fourth element of the collateral

14   estoppel test.  *Id*. at 917.

15       Defendants' attempts to distinguish *Clark* are misplaced.  Specifically, Defendants

16   argue (by way of footnote) that *Clark* does not apply to cases involving malicious prosecution

17   actions against the state, prosecutor or a complaining witness.  (Dkt. 83, p. 6, n4).  *Id*. at 918.

18   Of course, Defendants fail to note that the majority holding in *Clark* does not make this

19   distinction.[2]  *Id*. at 907-17.  Nor do Defendants direct this Court to any authority for the

20   proposition that the rationale in *Clark* should not apply to a lawsuit brought on behalf of a

21   criminal defendant who entered an *Alford* plea only because the State fabricated evidence and

22   _____

23   [2] In *Eden v. Washington State Patrol*, 2006 WL 3159324 (W.D. Wash. Oct. 27, 2006) (Pechman, J.), the District Court noted that *Clark* stands for the proposition that an *Alford* plea does not have collateral estoppel effect where a defendant later files a civil suit against government officials for malicious prosecution, contrary to Defendants' argument.  *Id*. at *4.

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 3
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    withheld exculpatory evidence at the time the plea was entered.  Defendants simply cannot

2    circumvent the basic principle that "[g]enerally, due process prohibits an *Alford* plea from

3    being the basis for collateral estoppel in a subsequent action."  *Id*. at 916, citing *In re*

4    *Disciplinary Proceeding Against McLendon*, 120 Wn.2d 761, 770 (1993).

5        Also curious is Defendants' assertion that Mr. Spencer "received full and fair hearings

6    on these issues[.]"  (Dkt. 83, p. 6).  Defendants make a specious argument, particularly in light

7    of the numerous pieces of exculpatory evidence that were concealed from Mr. Spencer prior to

8    his *Alford* plea, and Plaintiffs' allegation that the Defendants coerced and manipulated child

9    witnesses into making false accusations against Mr. Spencer.  "[C]ollateral estoppel does not

10   apply when the decision to hold a defendant to answer was made on the basis of fabricated

11   evidence presented at the preliminary hearing or as the result of other wrongful conduct by

12   state or local officials."  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).

13   Likewise, a <u>conviction</u> (not an *Alford* plea) establishes probable cause <u>unless</u> the conviction

14   was obtained by fraud, perjury or other corrupt means.  *Hanson v. City of Snohomish*, 121

15   Wn.2d 552 (1993).  The fact that *Brady* material was withheld and the allegations of fabricated

16   evidence certainly fall within the ambit of "fraud" or other "corrupt practices."

17       Defendants also argue that collateral estoppel bars consideration of Mr. Spencer's

18   claims based on the concealment of exculpatory evidence.  This argument is likewise

19   misplaced.  *Brady* claims are evaluated "collectively, not item by item."  *U.S. v. Kohring*, 637

20   F.3d 895, 903 (9th Cir. 2010), quoting *Kyles v. Whitley*, 514 U.S. 419, 436 (1995).  Thus, a

21   materiality analysis necessarily includes an assessment of the <u>cumulative effect</u> of <u>all</u> the

22   undisclosed evidence.  *Barker v. Fleming*, 423 F.3d  1085, 1094 (9th Cir. 2005) (holding that

23

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 4
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   the Washington Supreme Court's separate analysis of each item of undisclosed evidence was

2   contrary to clearly established Federal law as set forth in *Kyles*).  (Emphasis added).

3          Despite clearly established law contrary to their position, Defendants insist that the state

4   court and habeas proceedings have preclusive effect to the extent Plaintiffs' claims are based on

5   the undisclosed medical reports and Plaintiffs' claim that he was coerced into pleading guilty.

6   Defendants' argument should be rejected, because it is the same rationale the 9th Circuit

7   rejected in *Barker*.  Specifically, the prior court proceedings did not evaluate the materiality of

8   <u>all</u> of the undisclosed evidence because, of course, the videotaped interview of Kathryn

9   Spencer was concealed by Defendants until long after the habeas proceedings.  Furthermore, in

10  its order denying discretionary review of the decision granting Mr. Spencer's personal restraint

11  petition, the Washington Supreme Court held that the tape "undercuts the State's theory of the

12  case, since it confirms the unreliable child interview techniques the State employed at that time

13  and indicates a potential disclosure violation that may be sufficient on its own to justify

14  collateral relief."  *Freimund Declaration*, Ex. 24, p. 6 (Dkt. 63).  This is significant because it

15  suggests that the tape in isolation, let alone in combination with the other undisclosed evidence,

16  may constitute a *Brady* violation.

17         Thus, no court has assessed the <u>cumulative</u> impact of the failure to disclose (1) the

18  exculpatory medical reports of Kathryn Spencer and Matthew Hanson; (2) the romantic

19  relationship between Defendant Davidson and Defendant Shirley Spencer; (3) the King County

20  prosecutor's opinion that Kathryn Spencer's initial disclosure of abuse was insufficient to

21  convict Mr. Spencer; and (4) the exculpatory videotaped interview of Kathryn Spencer which

22  shows the suggestive interview techniques used to obtain incriminating accusations against Mr.

23  Spencer.  Since *Brady* requires that the cumulative impact of all the undisclosed evidence be

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 5
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

considered in determining whether a constitutional violation has occurred, and no court has yet

to assess the materiality of <u>all</u> the exculpatory evidence that was not disclosed to Mr. Spencer,

the elements of collateral estoppel are not met.

### b. Plaintiffs should be allowed to conduct discovery prior to responding to Defendants' assertions of immunity.

Defendants Krause and Davidson contend they are entitled to qualified immunity;

Defendant Peters contends he is entitled to absolute immunity and/or qualified immunity.

Plaintiffs have listed in detail the facts they believe discovery will yield that will defeat the

assertions of immunity.  (Dkt. 72, ¶ 35; Dkt. 74, ¶ 39; Dkt. 76, ¶ 38; Dkt. 78, ¶ 37).  In

summary, it is self-evident that as of the time of the investigation there was a clearly

established constitutional due process right not to be subjected to criminal charges on the basis

of false evidence that was deliberately fabricated by the government.  *Devereaux v. Abbey*, 263

F.3d 1070, 1074-75 (9th Cir. 2001).  In the context of this case, a violation of this clearly

established right is shown if Defendants either (1) continued their investigation of Mr. Spencer

despite the fact that they knew or should have known he was innocent, or (2) Defendants used

investigative techniques that were so coercive and abusive that they knew or should have

known that those techniques would yield false information.  *Id*. at 1075.  The facts Plaintiffs

have cited in their Rule 56(d) motion apply to both of these prongs.

Likewise, at the time of the investigation it was a clearly established right that both

prosecutors and police have a duty to disclose exculpatory evidence to a criminal defendant.

*Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2008).  Here,

there was a pattern of non-disclosure of exculpatory information that continued all the way

until the video of the Kathryn Spencer interview was disclosed in October of 2009.  *Freimund*

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 6
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    *Declaration*, Ex. 24, p. 2 (Dkt. 63).  The facts alleged in Plaintiffs' Rule 56(d) motion in this

2    regard will likewise defeat the assertion of immunity.

3           Defendants' request for a ruling on their motion for summary judgment is disingenuous.

4    Defendants ask this Court to grant summary judgment, contending that Plaintiffs cannot cite

5    facts to defeat their motions for summary judgment; yet Defendants want to preclude Plaintiffs

6    from taking the very depositions that will adduce facts to overcome their claims of immunity.

7    This Court should deny Defendants' request to preclude discovery prior to ruling on their

8    dispositive motions.  *Lauranzano v. Umfleet*, 42 F.3d 1400 (9th Cir. 1994) (holding district

9    court properly exercised its discretion in concluding that further discovery was necessary to

10   determine whether officials reasonably believed that they were acting lawfully or whether they

11   were in fact acting illegally prior to ruling on motion for summary judgment).

12          Similarly, Defendants' claim that the discovery conducted in connection with Mr.

13   Spencer's habeas proceedings is sufficient to evaluate their claims of immunity is simply

14   incorrect for a number of reasons.  First, none of Defendants have been subjected to deposition

15   regarding the creation and concealment of the exculpatory videotape.  Second, Defendants have

16   each previously placed the blame on the other for the failure to disclose the medical reports.

17   Since the good faith of the prosecution is not relevant to a *Brady* claim, Mr. Spencer's attorney

18   had little incentive to explore who was at fault for failing to disclose the tape.  *Brady v.*

19   *Maryland*, 373 U.S. 83, 87-88 (1963).  At this juncture, however, which Defendant had a role

20   in suppressing the report has direct bearing on Defendants' claims of immunity, Mr. Spencer's

21   claim of conspiracy and the liability of each individual Defendant.  Third, Defendant Krause

22   has never been deposed regarding the interview techniques she used on Kathryn Spencer,

23   Matthew Spencer and Matthew Hanson.  Finally, Defendant Peters' involvement in the

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 7
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    investigation was not an issue in the prior habeas proceedings, whereas now it has direct

2    relevance to his assertion of absolute prosecutorial immunity.[3]  For all of these reasons

3    Defendants' attempt to circumvent the normal course of discovery should be rejected.

        **c.**      **Plaintiffs should be allowed to conduct discovery regarding the conspiracy claim.**

5          Defendants would also like to prevent Plaintiffs from conducting discovery regarding

6    Plaintiffs' allegations of conspiracy.  Although acknowledging that proof of a conspiracy can

7    be based on circumstantial evidence, Defendants argue "there is no direct evidence of an

8    agreement or meeting of the minds" between them to violate Mr. Spencer's constitutional

9    rights.  (Dkt. 83, p. 7-8).  Despite Defendants' contention to the contrary, there is evidence of a

10   conspiracy in that items of exculpatory evidence were not turned over to Mr. Spencer for years.

11   This includes the exculpatory video of the interview of Kathryn Spencer.  Defendants Krause

12   and Peters knew about the video, as they both took part in the interview.  Moreover, it is

13   reasonable to assume that Defendant Davidson, given his role as Defendant Krause's

14   supervisor, also knew of the video's existence.  Yet, the video was not turned over to Mr.

15   Spencer until October 2009, after it was discovered in Defendant Krause's garage.  *Freimund*

16   *Declaration*, Ex. 24, p. 5 (Dkt. 63).  Conspiracy by its very nature is a clandestine offense, and

17   Plaintiffs should not be deprived the opportunity to conduct discovery on the conspiracy claim.

        **d.**      **Causation cannot be determined without conducting additional discovery**.

20         Defendants contend that their conduct did not proximately cause Plaintiffs damage.  As

21   to Defendants Krause and Davidson, a police officer who fabricates information in police

22   reports and misleads the prosecutorial decision to file charges may be sued for malicious

---

[3] This list is intended to be illustrative of the types of subject matter for which discovery is needed, and is by no means exhaustive.

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 8
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   prosecution.  *For e.g., Blankenhorn v. City of Orange*, 485 F.3d 463, 483-84 (9th Cir. 2007).

2   As to Defendant Peters, a prosecutor who acts as an investigator is entitled only to qualified

3   immunity, the same as a police officer.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

4   Plaintiffs allege that, due to the coercive and manipulative interview techniques used by

5   Defendants during the investigation, the decision to prosecute Mr. Spencer was based on false

6   information fabricated by Defendants.

7        Similarly, police officers have a duty to disclose exculpatory evidence, and may be held

8   liable where they cause exculpatory evidence to be concealed from a criminal defendant.

9   *Tennison*, 570 F.3d at 1087.  Here, Plaintiffs have alleged that Defendants Davidson and

10  Krause, individually and in concert, caused exculpatory information to be concealed from Mr.

11  Spencer, and/or withheld from the prosecution.

12        Defendants cannot realistically expect Plaintiffs to respond to summary judgment

13  motions based on causation without conducting further discovery, including the depositions of

14  Defendants.  Plaintiffs should also be permitted to depose Arthur Curtis, the elected

15  Prosecuting Attorney for Clark County, who made the ultimate decision as to whether to charge

16  Mr. Spencer.  Plaintiffs have not had the opportunity to conduct any meaningful discovery

17  regarding how the decision was made to prosecute Mr. Spencer, and upon what basis.  Nor

18  have Defendants – apart from their own self-serving affidavits (*Peters Declaration*, ¶¶ 4-6

19  (Dkt. 69)) – marshaled any proof as to the basis for the prosecution, apart from what Plaintiffs

20  allege are the false and misleading accusations resulting from the coercive, manipulative

21  interview techniques used by Defendants.  Plaintiffs should thus be permitted to proceed with

22  discovery as to this issue.

23

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 9
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   WHEREFORE, Plaintiffs respectfully request relief under Rule 56(d), specifically that

2   Defendants' summary judgment motions be denied without prejudice so that Plaintiffs can

3   engage in discovery prior to responding to responding to Defendants' dispositive motions, or

4   any other relief deemed appropriate.

5   DATED this 2nd day of July, 2012.

6                                        Davis Wright Tremaine LLP
                                         Attorneys for Plaintiffs
7

8                                        By  _s/ Daniel Davies_____
                                            Daniel Davies, WSBA #41793
9                                           1201 Third Avenue, Suite 2200
                                            Seattle, WA  98101-3045
10                                          Telephone: (206) 757-8286
                                            Fax: (206) 757-7286
11                                          E-mail:  dandavies@dwt.com

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 10
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on July 2, 2012, I electronically filed foregoing with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following:

**Daniel J. Judge, Attorneys for Defendant James M. Peters**
danielj@atg.wa.gov, JoanK@atg.wa.gov, LaurelD@atg.wa.gov, TOROlyEF@atg.gov, TracyJ@atg.wa.gov

**Patricia Campbell Fetterly, Attorneys for Defendant James M. Peters**
patriciaf1@atg.wa.gov, cynthiam4@atg.wa.gov, deanm@atg.wa.gov, torolyef@atg.wa.gov

**Bernard F. Veljacic, Attorneys for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office, the County of Clark**
Bernard.Veljacic@clark.wa.gov

**Gabriella Wagner, Attorneys for Shirley Spencer,**
Wagner@wscd.com

**William Hudson Dunn, Attorney for Defendant Shirley Spencer,**
dunnwh@pacifier.com

**Gary A. Western, Attorney for Defendant Shirley Spencer**
 western@wscd.com

**Guy Bogdanovich, Attorney for Defendant Sharon Krause**
gbogdanovich@lldkb.com

**Jeffrey Freimund, Attorney for Defendant Michael Davidson**
jefff@fjtlaw.com, janicef@fjtlaw.com, kathrines@fjtlaw.com


DATED this 2nd day of July, 2012.


*s/ Daniel T. Davies*

PLAINTIFFS' COMBINED REPLY
IN SUPPORT OF MOTION FOR RELIEF
(C11-5424 BHS) — 11
DWT 19881842v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax