UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, et al,

Plaintiffs,

v.

JAMES M. PETERS, et. al,

Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR CONTINUANCE

This matter comes before the Court on a motion for summary judgment (Dkt. 66) filed by Clark County, and its divisions, Clark County Prosecuting Attorney's Office and Clark County Sheriff's Office, (collectively "Defendants"), and Mr. Spencer's motion for a continuance (Dkt. 74). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file. For the reasons stated herein, the Court grants Defendants' motion for summary judgment and denies Mr. Spencer's motion for a continuance.

ORDER - 1

## I. PROCEDURAL HISTORY

On June 2, 2012, Plaintiffs Clyde Ray Spencer ("Mr. Spencer") and his two children, Matthew Ray Spencer ("Matthew") and Kathryn E. Tetz ("Kathryn") (collectively, "Plaintiffs"), filed a complaint against Ms. Spencer, former spouse and step-mother, respectively, to Plaintiffs. Dkt. 1. They also filed claims against the above named Defendants, and four individually named defendants as well as John and Jane Does 1 through 10. Dkt. 1.

On May 23, 2012, Defendants filed a motion for summary judgment. Dkt. 66. On June 18, 2012, Plaintiffs responded. Dkt. 74. On June 22, 2012, Defendants replied. Dkt. 85. On July 2, 2012, Plaintiffs filed a sur-reply. Dkt. 87.

The Court has ruled on four co-defendants' motions for summary judgment and Plaintiffs' related motions to continue. Dkts. 91, 93 & 97. To the extent that the aforementioned orders are applicable to this matter, the Court will refer to them.

## II. BACKGROUND[1]

This case has a rather extensive background, involving allegations that take place over the span of almost thirty years. During this time, by way of an *Alford* plea, Mr. Spencer was convicted of multiple counts of sexually abusing Matthew, Kathryn and his step-son Matthew Hansen ("Hansen"), and sentenced to life in prison. Dkt. 1 at 6 & 63-8 & 63-9. Subsequently, Mr. Spencer filed numerous petitions with the state and federal courts challenging his arrest, conviction, and incarceration. Court decisions stemming

---

[1] This background is largely taken from the Davidson and Krause orders. *See* Dkts. 91 and 93.

1 from those challenges are a subject of the discussion in the motions at issue here. Given
2 the length of time and number of decisions involved in this case, the Court begins with a
3 synopsis of the facts and a summary of Plaintiffs' claims. Then, throughout this order,
4 the Court provides more detailed discussion of the facts, as necessary.

**A.   Initial Allegations**

Mr. Spencer is a former police officer of the Vancouver Police Department ("VPD"). Dkt. at 5-7. In the summer of 1984, while he was employed by the VPD, Mr. Spencer and his now former wife, Ms. Spencer, and Hansen were visited by Kathryn and Matthew, children from his prior marriage to DeAnne Spencer. *Id.* at 6-7. Upon Mr. Spencer's return from a seminar, Ms. Spencer advised him that Kathryn made inconsistent allegations of sexual abuse, including ones against him. *Id.* at 7 & 63 at 2. The allegations were reported to Child Protective Services ("CPS") in Vancouver, Washington and to CPS in Sacramento, California, where the children resided with their biological mother, DeAnne Spencer. *Id.*

**B.   Investigation, Arrest & Plea**

Davidson, a detective with the Sheriff's Office, and his subordinate, Detective Sharon Krause, were involved in the investigation of the case against Mr. Spencer. Dkts. 62-13 & 64-2. On October 16, 1984, five-year-old Kathryn was interviewed by Krause, who made a written report of Kathryn's allegations of sexual abuse by her father. Dkt. 64-2. On November 27, 1984, King County Prosecutor, Rebecca Roe ("Roe"), who had been asked to review the case, found that Kathryn's allegations provided insufficient evidence to obtain a conviction; yet, in January 1985, Mr. Spencer was charged with and

arrested for two counts of sexually abusing Kathryn and released on personal recognizance. Dkt. 64-1 & 2.

Mr. Spencer was separated from his wife and moved into the Salmon Creek Motel. Dkt. 1 at 17. On February 16, 1985, Ms. Spencer took four-year-old Hansen to the Salmon Creek Motel to stay the night with Mr. Spencer. Dkt. 1 at 17 & 64-3 at 9. On February 28, 1985, Krause interviewed Hansen. Dkt. 1 at 17 & 64-3. In her report, Krause indicated that Hansen alleged Mr. Spencer had committed multiple acts of violent sexual abuse at home and at the Salmon Creek Motel; Hansen also indicated that he witnessed abuse of Kathryn and Matthew and that they were forced to touch each other. Dkt. 1 at 17 & 64-3 at 16-22. On the same day of Hansen's interview, an amended information was filed charging Mr. Spencer with three counts of statutory rape of Hansen. Dkt. 63-6. Later that day, Mr. Spencer was arrested pursuant to a warrant. Dkt. 63-4 & 5. Davidson was one of the arresting officers. Dkt. 1 at 18 & 62 at 5. Although it is a disputed fact as to what the nature of their relationship was and when it began, Davidson and Ms. Spencer became involved, and Davidson informed his subordinate Krause about his involvement with Ms. Spencer. *See, e.g.,* Dkt. 1 at 21, 48 at 3-4, 53 at 4, 63-20 at 13, & 73-1 at 11-14.

On March 25, 1985, Krause interviewed nine-year-old Matthew. Dkt. 64-5. According to Krause's report, after Matthew denied several times that his father abused him, he told Krause that Mr. Spencer abused him, Kathryn, and Hansen and made them touch each other. *Id.* According to another interview report by Krause, that same day, she re-interviewed Kathryn, who corroborated Matthew and Hansen's statements. Dkt.
ORDER - 4

1 | 64-6. A second amended information was filed, charging Mr. Spencer with ten counts of
2 | first degree statutory rape and six counts of complicity to first degree statutory rape based
3 | on the disclosures of all three children. Dkt. 63-6. In 1985, Mr. Spencer entered an
4 | *Alford* plea of guilty to multiple counts of sexually abusing Matthew, Kathryn and
5 | Hansen. Dkt. 1 at 6 & 63-8.

6 | **C.     Mr. Spencer Challenges his Arrest, Conviction, and Incarceration**

7 | During his incarceration, Mr. Spencer filed numerous Personal Restraint Petitions
8 | ("PRP") and appeals therefrom. His challenges involved alleged failures to disclose
9 | exculpatory evidence, such as Roe's opinion regarding whether to proceed with the case,
10 | and the medical reports of Kathryn and Matthew which did not corroborate the type of
11 | abuse alleged, as well as other claims, such as allegations that Davidson coerced him into
12 | pleading. Dkt. 63-11-16 & 21-25.

13 | After several unsuccessful appeals, the relevant facts of which will be discussed
14 | throughout this order, Mr. Spencer's prison sentence was commuted to community
15 | supervision in 2004 by then Governor Locke. Dkt. 63-18. Following his release from
16 | prison, Kathryn and Matthew recanted their prior allegations of sexual abuse by Mr.
17 | Spencer. Dkt. 63-20. Hansen has not recanted his allegations of sexual abuse by Mr.
18 | Spencer. *See* Dkt. 54 & 54-1.

19 | In 2009, the state court of appeals ruled Mr. Spencer could withdraw his *Alford*
20 | plea of guilty based, in part, on two of the three victims' recantations, and vacated his
21 | convictions. *See* Dkt. 63-20 & 22. The Washington State Supreme Court denied the
22 | state's motion for discretionary review of the court of appeals 2009 decision. Dkt. 63-24.

In September 2010, the Superior Court of Washington for Clark County granted the Clark County Prosecutor's motion to dismiss the charges against Mr. Spencer without prejudice. Dkt. 63-26.

In June 2011, Mr. Spencer, Kathryn and Matthew filed this lawsuit alleging state tort claims and violations of federal civil rights. Dkt. 1 at 45-67. Mr. Spencer alleges seven causes of action under 42 U.S.C. § 1983 ("§ 1983"), plus four state law claims. *Id.* at 45-65. His federal claims are for malicious prosecution, deprivation of due process, "destruction or concealment of exculpatory evidence," conspiracy, "failure to intervene, false arrest, and false imprisonment." *Id.* at 45-58, 289-349. His state law claims are for malicious prosecution, intentional infliction of emotional distress ("IIED"), conspiracy, and defamation. *Id.* at 59-65, 350-82. These federal and state claims are alleged against all Defendants except Shirley Spencer, who is a named Defendant only as to Mr. Spencer's § 1983 conspiracy claim and his state law claims for IIED and conspiracy. *See id.* Kathryn and Matthew allege state law claims for loss of consortium. *Id.* at 66-67, 383-94. Their claims are alleged against all Defendants, except Shirley Spencer. *Id.*

The Court granted Ms. Spencer's summary judgment motion and dismissed all claims against her. Dkt. 91 at 4. She is no longer a party to this case.

## II. DISCUSSION

In relevant part, Defendants argue that they are entitled to summary judgment because (1) Mr. Spencer failed to file a tort claim as required by state statute, and (2) there is no basis for municipal liability.

A.  **Notice of Tort Claim**

RCW 4.96.020(4), the claim filing statute states:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

In this case, there is no dispute that the Plaintiffs have not complied with the requisite filing requirements of RCW 4. 96.020(4). Therefore, all state causes of action against the Defendants are dismissed.

B.  **Municipal Liability for § 1983 claims**

To establish a cause of action under § 1983, a plaintiff must demonstrate that a person (1) has deprived the plaintiff of a federal constitutional or statutory right, and (2) acted under color of state law. 42 U.S.C. § 1983. In order to establish municipal liability, a plaintiff must show that the defendant acted pursuant to an official custom, pattern or policy that violates the plaintiff's civil rights, or that the municipality ratified the unlawful conduct. *See Monell v. Dept. of Social and Health Services*, 436 U.S. 658, 690-91 (1978). Further, plaintiff must demonstrate that the defendant's policies were the "moving force" behind the constitutional deprivation. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Mr. Spencer maintains that the Defendants are liable because the named individual defendants committed constitutional violations, and further discovery (facts a-s)[2] will "demonstrate a pattern or practice on the part of" the municipal defendants to "conceal exculpatory evidence by ensuring exculpatory reports were not contained within the prosecutor's file and never disclosed to the defense." Dkt. 74 at 12-13 and 21. Mr. Spencer further argues that additional discovery will show this custom or practice "was sanctioned by supervisors within both the Sheriff's office and prosecutor's office." *Id.* He asserts that discovery of these additional facts will defeat the Defendants' motion for summary judgment. *Id.* at 14. Thus, he seeks a 56(d) continuance.[3]

The Defendants contend that Mr. Spencer can make no showing that the individual defendants acted pursuant to an official custom, pattern or policy that violates Plaintiff's civil rights, or that the municipality ratified the alleged unlawful conduct of those defendants. Dkt. 66 at 7. They also assert that Mr. Spencer has not met his burden for a 56(d) continuance.

Based on the information before the Court, Mr. Spencer has not proffered sufficient facts to show that some or all of the facts (a-s) he seeks exist and would defeat Defendants' summary judgment motion on municipal liability. While Mr. Spencer proffers facts that relate to allegations against individual defendants in this case, he does not proffer facts which support his allegations that the individual defendants' conduct is part of a policy, practice or custom sanctioned by Clark County, or its Sheriff's or

---

[2] *See* Dkt. 74 at 12-13.
[3] *See* Dkts. 91 at 30 & 93 at 13-14 (articulating the standard for a 56(d) continuance).

ORDER - 8

Prosecuting Attorneys' offices, or that the individual defendants' actions would give rise to supervisory liability under *Monell*.

Unlike Mr. Spencer's 56(d) arguments for a continuance in response to Peter's motion for summary judgment, where the Court granted in part his request for a continuance, here Mr. Spencer does not proffer a factual predicate sufficient to support his contention that the facts he seeks likely exist and would therefore defeat Defendants summary judgment motion on the basis of *Monell* liability. *See* Dkt. 97 at 14-22 (granting a continuance on a qualified immunity issue in part where facts existed to show that Peters interviewed Kathryn, failed to disclose the videotaped interview of her, and a prior judicial ruling found his interview techniques unreliable). The only assertions against the Defendants from which the Court could reasonably infer municipal liability are conclusory allegations. Because Mr. Spencer does not argue that there is a genuine issue of material fact precluding summary judgment, but focuses instead on his 56(d) argument, he has failed to demonstrate there is any genuine issue of material fact that would preclude summary judgment in favor of the Defendants.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Defendants' motion for summary judgment is **GRANTED** (Dkt. 66) and Mr. Spencer's motion to continue is **DENIED** (Dkt. 74).

Dated this 2nd day of November, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge