**THE HONORABLE RONALD B. LEIGHTON**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| HUI SON LYE and DAVID LYE, | **NO. 11-cv-05983-RBL** |
| Plaintiffs, | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |
| vs. | |
| CITY OF LACEY, a municipal corporation; et al., | **NOTE FOR CONSIDERATION:** |
| Defendants. | Friday, December 7, 2012 |

## I.  MOTION

COMES NOW defendants City of Lacey, Dave Miller, Ken Kollman, Dave Johansen and Eric Lever, by and through their attorney of record, and moves this Court pursuant to Fed. R. Civ. P. 56 for an Order of Summary Judgment on all claims against them.  This motion is based on the pleadings and other documents on file in this case, the following Memorandum in Support of Summary Judgment, and the supporting declaration with its respective exhibits.  These pleadings, documents and other materials show that there is no genuine issue of material fact regarding the plaintiff's claims and that these defendants are entitled to an Order of summary judgment.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 1

Cause No. **11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

## II.  FACTS

The plaintiff, Hui Son Lye, allegedly engaged in disruptive and hostile behavior towards the pastoral coordinator of Sacred Heart  Catholic Church in Lacey, Washington. *Justice Declaration*, ex. 1, pp. 23-27.  On or about December 22, 2009, the Seattle Catholic Archdiocese informed the plaintiff in writing that she "may no longer enter the premises of Sacred Heart Parish." *Justice Declaration*, ex. 2 and ex. 3, pp. 25-27.  The plaintiff received this letter and understood its admonition.  *Id*.  The letter further informed her, and she understood, that any "entry upon the parish property will be treated as a trespass" and would "be reported to the authorities." *Id*., ex. 3, pg. 28.  The plaintiff went to Sacred Heart the day after receiving the letter.  *Id*., pg. 29-30.

On December 26, 2009, Lacey Police Officer David Miller was dispatched to the Sacred Heart Church regarding a complaint about the plaintiff.  *Justice Declaration*, ex. 7, pp. 13-14.  Officer Miller was asked by Ferrell Gilson, the pastoral coordinator of Sacred Heart Church, to serve the plaintiff with a Trespass Notice.  *Id*.  Ms. Gilson explained the plaintiff's disruptive behavior and showed him the letter from the Archdiocese.  *Id*., ex. 1, pg. 34.  Officer Miller went to the plaintiff's house to deliver the trespass notice. *Id*. ex. 7, pp. 11-12.  He spoke with the plaintiff and explained the contents of the notice.  *Justice Declaration*, ex. 2, pp. 31-36.  The plaintiff refused to take the notice or sign it, but its contents were explained.  *Id.,* pg. 36; ex. 3.  The plaintiff obtained a copy of the trespass order from the Lacey Police Department a few weeks later, on January 19, 2010.  *Justice Declaration*, ex. 2, pg. 68.   That was the sum total of Officer Miller's involvement with the plaintiff.  *Id*., ex. 2, pp. 105-06.

On Friday, March 19, 2010, the plaintiff allegedly called the Lacey Police Department to ask about the consequences of violating the trespass order.  *Justice Declaration*, ex. 2, pp. 40-43.   She claims she was informed that the Church is private

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 2**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

property and that if she went on the premises she would be arrested. *Id.*, pg. 42. She said "Okay, go ahead." *Id.* She went to the church on March 21, 2010. *Id.*, pg. 43. Two Lacey Police Officers, Officer Kollman and Officer Lever, were dispatched in response to a 911 call to Sacred Heart Church. *Id.,* ex. 1, pp. 35-36. According to Ms. Gilson, the plaintiff's presence in violation of the trespass order caused a disruption because she was not permitted to be there. *Id.*, pp. 38-39. The plaintiff was arrested for trespass. *Id.*, ex. 2, pg. 47-48. The plaintiff was handcuffed and escorted to a patrol car. *Id.*, pg. 52. She testified to a minimal amount of force to place her in custody, such as being held up against the side of the car having her arms twisted behind her back *while* the handcuffs were applied. *Id.*, pg 53. She claims she resisted efforts to get her into the patrol car, but does not allege any force being used to gain compliance beyond being guided to the patrol car. *Id.*, pg. 56-57. She was not injured in any way. *Id.* She can't say which officer handcuffed her or held her against the car to accomplish the handcuffing. *Id.*, pg. 53. Ms. Gilson witnessed the entire arrest and described it as follows:

> They asked her for her purse. They put her purse in the trunk of one of her vehicles. And they asked her to - she put her hands behind her back and they cuffed her and helped her get into the car. And no - they were very, very professional.

*Justice Declaration*, ex. 1, pp. 36-37.

When asked if the officers pushed the plaintiff up against her car during the cuffing, Ms. Gilson testified "[a]bsolutely not." *Id.*

Following her arrest on March 21, 2010, the plaintiff did not return to Sacred Heart until the December 26, 2009 trespass order expired. *Id.*, pg. 65. She was again notified by letter from the Archdiocese, received by the plaintiff on June 4, 2011, that she was not permitted on the premises. *Justice Declaration*, pg. 66; ex. 4. On June 30, 2011, Lacey Police Officers Kollman and Johansen were dispatched to a call from Sacred

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 3**

Cause No. **11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

Heart Church because the plaintiff was again on the premises. *Justice Declaration*, ex. 8, pp. 9-10. The plaintiff was presented with a new Trespass Order from the Church. *Justice Declaration*, ex. 5. She understood what it meant, that she could be arrested if she returned to the Sacred Heart premises. *Justice Declaration*, ex. 2, pp. 80-81. The following day, July 1, 2011, the plaintiff returned to the premises. *Id*., pg. 82. She was arrested by Officer Kollman and transported to Jail by Officer Johansen. *Id., pp.* 84-87. The plaintiff does not allege any excessive force in connection with her July 1, 2011 arrest. *Id.*

In August of 2012, the plaintiff again returned to Sacred Heart Church and was met by private security guards hired by the Church. *Justice Declaration*, ex. 1, pp. 52-54. She yelled at Ms. Gilson and the security guards and was told to leave. *Id.* As she was leaving, she yelled to Ms. Gilson that she would "haunt" or "harass" her "until [she] die[s]." *Id.*

The plaintiff originally sued the Lacey defendants, the Corporation of the Catholic Archbishop of Seattle and Ferrell Gilson. The Court granted a motion to dismiss the Church defendants. *Docket 26*.

The following remaining claims are asserted against the following remaining defendants in plaintiffs' amended complaint:

1. Outrage against all defendants;

2. Violation of 1st and 4th Amendments to the U.S. Constitution and Conspiracy to Violation 1st and 4th Amendments to the U.S. Constitution under 42 U.S.C. §§ 1983 and 1985 against all defendants.

3. Excessive Force during March 21, 2010 arrest in violation of the 4th Amendment to the U.S. Constitution under 42 U.S.C. § 1983 against Officer Kollman and Officer Lever.

4. State law Battery against City of Lacey and Officers Ken Kollman and Eric Lever.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 4**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

5.  State law False Arrest and Imprisonment against City of Lacey, and Officers Ken Kollman, Dave Johansen and Eric Lever.

### III.  LAW AND ARGUMENT

**A.      Standards on Summary Judgment.**

Summary judgment "is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Smith v. Board of County Commissioners*, 216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002), *quoting, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  Under FRCP 56(c), summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . .  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  477 U.S. at 247-248.

The "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but   . . . must set forth specific facts showing that there is a *genuine* issue for trial."  477 U.S. at 248, *quoting*, *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575 (1968) (emphasis added.)  When "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).  *See also Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000) (holding that the *Celotex* "showing" can be made by "pointing out through argument--the absence of evidence to support plaintiff's claim").

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 5**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

**B.**   **Each Individually Named Officer is Entitled to Qualified Immunity for the Plaintiff's Federal Civil Rights Claims.**

The Supreme Court has noted that government officials sued for alleged constitutional violations are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). The "central purpose of affording public officials qualified immunity is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 540, 114 S.Ct. 1019 (1994). The "qualified immunity defense allows for mistaken judgments and **protects 'all but the plainly incompetent or those who knowingly violate the law**.'" *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995) (emphasis added), *quoting Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534 (1991) (per curiam.) This accommodation for reasonable error exists because "officials should not err always on the side of caution because they fear being sued." *Id.* at 229.

The plaintiff has the burden of demonstrating that each named officer's conduct "violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). If he fails to meet that burden, then the officer is entitled to qualified immunity. *Id.* If the question cannot be resolved as a matter of law, then the Court must proceed to ask whether the plaintiff has established that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. "If the law did not **put the officer on notice** that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* (Emphasis added). *See, e.g., Brosseau v. Haugen*, 125 S.Ct. 596, 600, n. 4, 160 L.Ed.2d 583 (2004) (Noting that cases that postdate the conduct in question cannot give "fair notice" to police officers and "are of no use in the clearly established inquiry.")

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 6**

Cause No. **11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

In *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009), the Court reiterated the two question analysis for qualified immunity announced in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). However, it concluded that, "while the sequence set forth in [*Saucier*] is often appropriate, it should no longer be regarded as mandatory. The Judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 818.

**1. Plaintiffs Claimed Constitutional Violations.**

**a. 1st Amendment.**

In *Skoog v. County of Clackamas*, 469 F.3d 1221 (9th Cir. 2006), the Court examined a claim for First Amendment retaliation in the context of a custodial arrest. The Court noted that, as of 2006, their was no clearly established right to be free from a probable cause arrest even if the arrest was in retaliation for the exercise of First Amendment rights. The Court held that, at the time of the plaintiff's arrest, no such clearly established right existed. *Id*. At 1235. However, the Court went on to state that, henceforth, "a right exists to be free of police action for which retaliation is a but-for cause even if probable cause exists for that action."

Thus, following *Skoog* a plaintiff is not required to prove lack of probable cause to sustain her claims. However, she must establish that the officers' "desire to cause the chilling effect [on the exercise of First Amendment rights] was a but-for cause"of the officers alleged actions. *Id*.

In this case, there is no evidence that the but-for cause of the officers' actions was a desire to chill plaintiff's first amendment activities, if any. Instead, each officer was acting simply to enforce trespass laws. The plaintiff has no evidence to the contrary. In addition, as discussed below, no case put the officers on notice that a

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 7**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

person has a clearly established right to be free from arrest for trespass simply because the property where the trespass occurred was owned by a church.

### b. 4th Amendment.

#### i. Arrest Decision.

When a warrantless arrest is the subject of a § 1983 action, the Fourth Amendment is satisfied and the arresting officer is entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).  In other words, the Fourth Amendment's prohibition against unreasonable seizures is not violated when there is probable cause for an arrest. *Atwater v. Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).  The Supreme Court stated that "the substance of all the definitions of probable cause is a **reasonable ground for belief**." *Maryland v. Pringle*, 540 U.S. 366 (2003) (emphasis added).   Once a police officer has a reasonable basis for believing there is probable cause to arrest, he or she "**is not required to explore and eliminate every theoretically plausible claim of innocence for making an arrest**." *Ricciutti v. New York City Transit Auth*., 124 F.3d 123, 128 (2d Cir.1997) (emphasis added). *See also, Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990)("Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed ... an offense.") Courts use an objective standard when determining the existence of probable cause. *Valente v. Wallace,* 332 F.3d 30, 32 (1st Cir.2003).

The plaintiff was arrested for trespassing on both occasions.  A person commits a first degree trespass "if he or she knowingly enters or remains unlawfully in a building." RCW 9A.52.070.  A person "is guilty of criminal trespass in the second degree if he or she knowingly enters or remains unlawfully in or upon premises of another under

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 8**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

circumstances not constituting criminal trespass in the first degree." RCW 9A.52.080. A person "enters or remains unlawfully in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(5).

A private property owner may exclude persons from its property "even if the property is otherwise open to the public." *State v. Kutch*, 90 Wn. App. 244, 247, 951 P.2d 1139 (1998). A Church, in particular, has a right, as a private property owner, to exclude people from its premises. *Ferriera v. Harris*, 2006 WL 1720546 (N.D. Okla. 2006); *Church of Christ in Hollywood v. Superior Court*, 99 Cal.App.4th 1244, 121 Cal.Rptr.2d 810 (2002) (Church can exclude people from its property).

A written or verbal notice from a property owner revoking permission to enter is valid to provide notice that the person is "not then licensed, invited or otherwise privileged" to enter the premises. *Kutch*, 90 Wn. App. at 247-48. A "person's presence may be unlawful *because of* a revocation of the privilege to be there." *Id.* at 249. *See also*, *State v. Bellerouche*, 129 Wn. App. 912, 915-16, 120 P.3d 971 (2005) (emphasis added.)

It is undisputed that in both arrests, the plaintiff had been previously notified by the church via letters and trespass notices that she was not allowed on Sacred Heart premises on the dates she was arrested. The plaintiff admittedly knew she was entering church premises after her privilege to be there had been unequivocally revoked by the property owner. Her presence at the church on both March 21, 2010 and July 1, 2011 was therefore unlawful and provided probable cause to arrest her for trespass. This information was confirmed on each occasion by a representative of the church. *Justice Declaration,* ex. 1, pp. 36-37; 41-43.

The plaintiff may argue that she had a defense to the trespass charge because the church is allegedly open to the public and she will argue she "complied with all lawful conditions imposed on access to or remaining in the premises." RCW 9A.52.090(2).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 9**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

However, the arresting police officer is not the "judge or jury" required to determine whether a potential defense to a crime might be asserted at trial. *McBride v. Walla Walla County*, 95 Wash.App. 33, 39-40 (1999). *See, e.g., State v. Green*, 157 Wn. App. 833, 233 P.3d 1130 (2010). The arresting officer is not determining ultimate guilt, but rather probable cause to believe a crime has been committed. Once officers possess facts sufficient to establish probable cause, "they are neither required nor allowed to sit as prosecutor, judge, or jury." *Torraco v. Port Auth.*, 539 F.Supp.2d 632, 649 (E.D.N.Y.2008) (citation omitted); *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir.2006); *see also Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir.1989) (noting that an officer's function is to "apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.").

In both arrests, a reasonable officer could have concluded there was probable cause to believe the plaintiff committed the crime of trespass based on the undisputed facts for each arrest that:

1. The property owner had revoked the plaintiff's privilege to enter its property;

2. The plaintiff was aware that her privilege had been revoked; and

3. The plaintiff entered the property before the privilege to enter had been restored.

### ii. Force Used to Make Arrest.

The "right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. M.S. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Whether the force used was "reasonable" is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* It is a standard of "reasonableness **at the moment** . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' . . . violates the Fourth Amendment. The calculus of

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 10**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id.* at 396-397 (emphasis added).

The test is "an objective one: the question is whether the officers' actions are 'objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Id.* at 397. These facts and circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. *See Johnson v. County of Los Angeles,* 340 F.3d 787, 793 (9th Cir.2003) (concluding that hard pulling and twisting to remove a suspect from a crashed getaway car was objectively reasonable even though Johnson asserted that the officer's conduct rendered him paraplegic); *Jackson v. City of Bremerton,* 268 F.3d 646, 652-53 (9th Cir. 2001) (applying *Graham* and concluding that spraying Jackson's hair with a chemical irritant prior to her arrest, pushing her to the ground to handcuff her, and roughly pulling her to her feet during her arrest was not excessive force); *see also Forrester, supra,* 25 F.3d at 807 (concluding that ample evidence supported a jury's verdict that the use of "pain compliance techniques" to remove anti-abortion demonstrators who were blocking access to an abortion clinic was objectively reasonable); *Eberle v. City of Anaheim,* 901 F.2d 814, 819-20 (9th Cir.1990) (upholding a jury's verdict that a police officer's use of a finger hold to control a belligerent football fan was objectively reasonable).

Moreover, a police officer is "not required to use the least intrusive degree of force possible. . . . Whether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue." *Forrester v. City of San Diego,* 25 F.3d 804, 807-808 (9th Cir. 1994).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 11**

Cause No. **11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

### c. Conspiracy to Violate 1st and 4th Amendment.

"Conspiracy is not itself a constitutional tort under § 1983." *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012), *citing, Cassettari v. Nev. Cnty.*, 824 F.2d 735, 739 (9th Cir.1987) ("The insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations."); *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir.1980) ("[M]ere proof of a conspiracy is insufficient to establish a section 1983 claim.") *(quoting Hampton v. Hanrahan*, 600 F.2d 600, 622 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)). "It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey*, 693 F.3d at 935. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929–30 (9th Cir.2004) (describing pleading requirements for a § 1985 claim and explaining that there can be no conspiracy without an underlying rights violation).

Further, "[c]onspiracy in § 1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine." *Id.* In this case, the alleged co-conspirators, the Archdiocese and Ferrell Gilson, have been dismissed from this case.

Thus, unless there is a violation of the 1st or 4th Amendment, a separate conspiracy claim for violation of those two amendments will not survive.

### 2. Qualified Immunity Analysis Applied to Each Officer.

### a. Officer Dave Johansen.

According to the plaintiff , Officer Johansen is named in this lawsuit because he was present on July 1, 2011 when Mrs. Lye was arrested for trespass and transported her to Jail. *Justice Declaration*, ex. 1, pg. 113. When asked if Officer Johansen had any other involvement in the case, the plaintiff stated: "no." *Id.* He is not alleged to have used any force on the plaintiff.

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 12**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

As discussed above, a reasonable officer could have concluded that there was probable cause to arrest the plaintiff on July 1, 2011 for the crime of trespass. There is no dispute that Sacred Heart had revoked plaintiff's privilege to be on the premises the day before the arrest. Thus, "the facts and circumstances within the officer's knowledge [were] sufficient to warrant a prudent person to believe that [the plaintiff had] committed ... an offense." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990). The plaintiff has therefore failed to establish Officer Johansen violated her constitutional rights under the Fourth Amendment. There is also no evidence that a "desire to cause the chilling effect [on the exercise of First Amendment rights] was a but-for cause of " Officer Johansen's actions. Instead, he testified that he was simply arresting a person who knowingly violated a trespass order issued the prior day. *Justice Declaration*, ex. 8, pp. 24-25.

Even if Officer Johansen incorrectly determined that there was probable cause for the July 1, 2011 arrest, the law did not put him on notice that his conduct was clearly unlawful in the circumstances. *See Employment Div., Dep't of Human Resources of Or. v. Smith*, 494 U.S. 872, 878–79, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) ( "We have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate."); *Crist v. Village of Larchmont*, 797 F.Supp. 309 (S.D.N.Y.,1992) (Person validly arrested for trespassing at a church). This Court, has in fact, already noted that it is "undisputed that Sacred Heart Church is private property. The Church Defendants revoked Lye's privilege to attend Sacred Heart, rendering it unlawful for Lye to be on Church property. Despite Lacy police issuing Lye a trespass warning, she entered Sacred Heart's premises anyway. Lye does not allege facts showing that there was an agreement between the City and the Church Defendants to accomplish any purpose other than to remove a trespasser from private property. That purpose was lawful, and was furthered by lawful means." *Docket 26,* pg. 7.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 13**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Officer Johansen is entitled to qualified immunity for the claims brought by plaintiff under 42 U.S.C. § 1983.

### b.  Officer Ken Kollman.

Officer Kollman allegedly arrested the plaintiff on March 21, 2010 for trespass. Officer Kollman was present during the issuance of the trespass warning to the plaintiff on June 30, 2011.  Finally, Officer Kollman allegedly participated in arresting Mrs. Lye on July 1, 2011 for trespass.

### 1.  Fourth Amendment Arrest.

A reasonable officer could have determined that there was probable cause to arrest the plaintiff on March 21, 2010.  She had been given a trespass notice on December 26, 2009 and understood that her privilege to enter Sacred Heart premises had been revoked.  It is undisputed that she entered the premises on March 21, 2010.

The issuance of the trespass order on June 30, 2011 was not a seizure and thus the Fourth Amendment does not apply.

On July 1, 2011, as explained, the plaintiff entered the premises a day after receiving a trespass notice. A reasonable officer could have determined that there was probable cause to arrest the plaintiff for trespass.  Even if Officer Kollman incorrectly determined that there was probable cause for the March 21, 2010 and July 1, 2011 arrests, the law did not put him on notice that he conduct was clearly unlawful in the circumstances.  Thus, he is entitled to qualified immunity for the claims related to the arrests brought under 42 U.S.C. § 1983.

### 2.  Force Used During March 21, 2010 Arrest.

Officer Kollman was one of the officers who plaintiff complains used excessive force on March 21, 2010.  She testified that she cannot say who handcuffed her. *Justice Declaration*, ex. 3, pg. 114.  However, the force she describes is not excessive as a matter of law, regardless of which officer cuffed her.  "[I]f the officer's use of force is

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 14**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1 'objectively reasonable' under the circumstances, there is no constitutional violation."

2 *Goldsmith v. Snohomish Cnty*., 558 F.Supp.2d 1140, 1149 (W.D.Wash.2008).

3    The plaintiff testified that one of the officers, she is not sure who, "twisted" her

4 arms behind her back and "pushed" her against the side of her car while putting the

5 handcuffs on. *Justice Declaration,* ex. 3, pg. 115. She was then led to the patrol car.

6 She was not injured during the handcuffing. *Id*., pg. 104. Officer Kollman described

7 the arrest as follows:

8    Q. Okay. Tell me how you placed her under arrest. What physically did you do?

9    A. Put her hands behind her back and placed my handcuffs on them. Then I

10 double locked them.

11    - -

12    Q. Did you use any other force while you were handcuffing her?

13    A. No, I did not.

14 *Justice Declaration*, ex. 10, pp. 13-14. Officer Lever, who was present as a back up

15 officer on March 21, also denied that any force was used. *Id*., ex. 11, pp. 18-19.

16 Even assuming the truth of plaintiff's allegations, they do not rise to the level of

17 excessive force. When a person is handcuffed, their arms need to be placed in a position

18 to allow application of the cuffs. The plaintiff did not testify that her arms were twisted

19 *past* the point of allowing the application of the handcuffs. The act of having your arms

20 pulled backwards to allow handcuffing may feel uncomfortable to a person who has

21 never been handcuffed, but it necessarily involves some degree of physical contact and

22 direction to accomplish. Similarly, holding someone against the side of a car to prevent

23 them from turning while the handcuffs are applied may feel uncomfortable, but it is

24 hardly unreasonable. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090,

25 1096 (9th Cir.2006); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921

26 (9th Cir.2001).

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 15**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

In sum, Officer Kollman is entitled to qualified immunity for the claim of excessive force during the March 21, 2010 arrest. The minor amount force allegedly used was objectively reasonable as a matter of law. Alternatively, the law did not put Officer Kollman on notice that applying handcuffs in the manner alleged by plaintiff was clearly unlawful. *See, e.g., Luchtel v. Hageman*, 623 F.3d 975, 980-81 (9th Cir. 2010).

### 3. First Amendment.

Finally, there is no evidence that the but for cause of Officer Kollman's actions on March 21, 2010, June 30, 2011 or July 1, 2011 were to chill the plaintiff's First Amendment rights. He is entitled to qualified immunity on this claim because the plaintiff has presented no evidence of a constitutional violation. Further, the law did not put him on notice that arresting the plaintiff for trespass at a church was clearly unlawful.

### c. Officer Eric Lever.

### 1. Arrest

According to the plaintiff Officer Lever violated her civil rights by arresting her on March 21, 2010 for trespass. A reasonable officer could have determined that there was probable cause to arrest the plaintiff on March 21, 2010. Even if Officer Lever incorrectly determined that there was probable cause for the March 21, 2010, the law did not put him on notice that his conduct was clearly unlawful under the circumstances. Thus, he is entitled to qualified immunity for the claims brought under 42 U.S.C. § 1983.

### 2. Force

The plaintiff alleges the force used to arrest her on March 21, 2011 was excessive, but is not sure if Officer Lever applied the handcuffs to her or not. As explained, above, the plaintiff's allegations of force are not unreasonable as a matter of law. Alternatively, the law did not put Officer Lever on notice that applying handcuffs in the manner

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 16**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

alleged by plaintiff was clearly unlawful.  Officer Lever is therefore entitled to qualified immunity for the claim of excessive force for the March 21, 2010 arrest.

### 3.  First Amendment

Finally, there is no evidence that the but for cause of Officer Lever's actions on March 21, 2010 were to chill the plaintiff's First Amendment rights.  He is entitled to qualified immunity on this claim because the plaintiff has presented no evidence of a constitutional violation.  Further, the law did not put him on notice that arresting the plaintiff for trespass at a church was clearly unlawful.

### d.  Officer Dave Miller.

According to the plaintiff Officer Miller violated her civil rights by issuing her a trespass warning on December 26, 2009.  *Justice Declaration*, ex. 3, pp. 105-06.  He took no other actions with respect to the plaintiff.  *Id.*  Officer Miller is entitled to qualified immunity for the Fourth Amendment claim because he did not seize her.  *See Karam v. City of Burbank*, 352 F.3d 1188, 1193–94 (9th Cir.2003) ("A Fourth Amendment seizure occurs when a person is held in custody by arresting officers.")

Likewise, Officer Miller is entitled to qualified immunity for the First Amendment claim.  Officer Miller issued a trespass order at the request of a private property owner.  There is no evidence that Officer Miller took this action to infringe on plaintiff's First Amendment rights.  Moreover, there is no case defendants have located that would have put Officer Miller on notice on December 26, 2009 that his acts were clearly unlawful.

Thus, he is entitled to qualified immunity for the claims brought under 42 U.S.C. § 1983.

### C.    The City of Lacey is Entitled to Summary Judgment for the Civil Rights Claims under 42 U.S.C. § 1983.

First and foremost, if there is no constitutional violation, "there can be no municipal liability."  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 17**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Cir.2008) (en banc).  As established above, the plaintiff has not established a

constitutional violation and thus Lacey is entitled to summary judgment.

In addition, even if there was a question of fact regarding a constitutional

violation, municipal liability under 42 U.S.C. § 1983 is not established by the

employment relationship between a municipality and its employees under a theory of

respondeat superior.  *Monell v. N.Y. City Dept. of Soc. Svcs.*, 436 U.S. 658, 694, 98

S.Ct. 2018 (1978):

> [A] local government may not be sued under § 1983 for any injury
> inflicted solely by its employees or agents.  Instead, it is when execution of
> a government's policy or custom, whether made by its lawmakers or by
> those whose edicts or acts may fairly be said to represent official policy,
> inflicts the injury that the government as an entity is responsible under §
> 1983.

The Supreme Court in *City of St. Louis v. Praprotnik* summarized the principles

governing liability of a municipality under § 1983 observing:

> First, ... municipalities may be held liable under § 1983 only for acts for
> which the municipality itself is actually responsible, "that is, acts which
> the municipality has officially sanctioned or ordered." Second, only those
> municipal officials who have "final policymaking authority" may by their
> actions subject the government to § 1983 liability. Third, whether a
> particular official has "final policymaking authority" is a question of state
> law. Fourth, the challenged action must have been taken pursuant to a
> policy adopted by the official or officials responsible under state law for
> making policy in that area of the City's business.

485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988) (quoting Justice Brennan's

plurality opinion in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482-83 & n. 12,

106 S.Ct. 1292, 1298-99, 1300 & n. 12, 89 L.Ed.2d 452 (1986)) (citations omitted)

(emphasis original).

To maintain a constitutional claim against Lacey, the plaintiff must "identify a

municipal 'policy' or 'custom; that **caused** [her] injury." *Board of County*

*Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382 (1997)

(emphasis added.)  *See also, Munger v. City of Glasgow Police Department*, 227 F.3d

1082, 1087 (9th Cir. 2000) ("To hold a police department liable for the actions of its

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 18**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

officers, the [plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy.")

Requiring that the plaintiff identify a policy or custom that caused her alleged constitutional deprivation "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality." *Id*. at 403-404. A "municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Id*.

Moreover, it is not enough to merely identify a municipal policy or custom, the plaintiffs must "demonstrate that, through its **deliberate conduct**, the municipality was the 'moving force' behind the injury alleged. That is, the plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id*. at 404. The fact that "a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably." *Id*. at 406-407.

Moreover, if the plaintiff attempts to impose municipal liability under § 1983 based entirely on a single incident, she must demonstrate that the incident "was caused by an existing *unconstitutional municipal policy*, which policy can be attributed to a municipal policy maker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427 (1985). In the absence of an existing unconstitutional policy, "considerably more proof than the single incident will be necessary in every case to establish both requisite fault on the part of the municipality, and the causal connection between the 'policy' and constitutional deprivation." *Id*.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 19**

Cause No. **11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

The plaintiff was asked in discovery to identify the policy or custom she contended caused her alleged deprivation and she failed to identify any existing unconstitutional municipal policy or custom of Lacey that allegedly caused her injuries. *Justice Declaration*, ex. 9. The plaintiff alleged that the City has a policy of issuing trespass orders without investigating whether there would be probable cause for criminal trespass arresting people for trespass without evaluating possible defenses. First, the plaintiff has presented no evidence that this is in fact a policy of the City. Second, the plaintiff cannot establish that the Fourth Amendment requires that a trespass warning cannot be issued without first investigating whether probable cause to arrest exists. Finally, the plaintiff cannot establish that the Fourth Amendment requires either: 1) that an officer have probable cause to issue a trespass warning or 2) that an officer evaluate potential defenses under state law to a crime before making a probable cause arrest. *See Virginia v. Moore*, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). ("A State is free to prefer one search-and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional.")

In sum, the City of Lacey is entitled to summary judgment on the claim for municipal liability under 42 U.S.C. § 1983 because the plaintiff has not established a constitutional violation or that the City has a policy that caused her alleged constitutional violation.

**D.    The Claim of Outrage Fails as a Matter of Law.**

The elements of a claim of outrage are: 1) extreme and outrageous conduct; 2) intentional or reckless infliction of emotional distress; and 3) actual result to the plaintiff of severe emotional distress. *Dicomes v. State*, 113 Wn.2d 612, 782 P.2d 1002. The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT - 20**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

utterly intolerable in a civilized society." *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975).

This tort "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Grimsby*, 85 Wn.2d at 59.  "[I]t is not enough that a 'defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" *Id.*

Dismissal of a claim of outrage is appropriate if the court determines that reasonable minds could not differ as to whether the conduct was extreme and outrageous.  *Dicomes*, 113 Wn.2d at 630.  *See, e.g., Guffey v. State*, 103 Wn.2d 144, 146 (1984) (Trooper pointing gun at person erroneously believed to be a wanted felon did not "come anywhere near" a claim of outrage.); *Banks v. Nordstrom, Inc.*, 57 Wn. App. 251, 263 (1990) (Failure to inform police that person arrested for shoplifting was wrong person, despite knowledge of this fact, until after person was booked, fingerprinted and arraigned, was not outrageous.)  *See also, Jackson v. Peoples Fed. Credit Union*, 25 Wn. App. 81, 84 (1979) (trial court must make an initial determination as to whether the conduct may reasonably be regarded as extreme and outrageous, thus warranting a factual determination by the jury.)

A review of Washington cases involving failed claims for outrage illustrates the extreme degree of *intentional* conduct necessary to get to a jury on claim for outrage:

In *Spurrell v. Block*, 40 Wn. App. 854 (1985), the Court held allegations that the defendants erroneously removed the plaintiff's children from their home and placed them in temporary protective custody for thirty hours did not "come anywhere near" the elements of outrage."

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 21**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1   In *Robel V. Roundup Corporation, d/b/a Fred Meyer, Inc.*,103 Wn. App. 75 84,

2   10 P.3d 1104 (2000), the plaintiff alleged that her co-workers, "and perhaps even her

3   supervisors, subjected her to rough, insulting language and other indignities" including

4   calling her a "f-ing bitch" a "liar" and much worse.  The Court held, that this conduct

5   "was not so extreme and outrageous as to be regarded as atrocious or intolerable. As a

6   matter of law, reasonable minds could not differ on whether the conduct was so

7   extreme as to result in liability." *Id.* at 90.

8   In this case, the Officers' alleged conduct in arresting the plaintiff for committing

9   a crime in their presence is not outrageous as a matter of law.

10  The only basis for naming Lacey in this claim is under respondeat superior.

11  *Amended Complaint*, ¶ 4.3.  Thus, if the outrage claim against the officers does not

12  survive summary judgment, Lacey is entitled to summary judgment as well. *Orwick v.*

13  *Fox*, 65 Wash.App. 71, 88, 828 P.2d 12 (1992)

14  **E.      Battery in the Context of an Arrest Requires Proof of Excessive Force.**

15  A lawful touching by a law enforcement officer cannot be considered a battery.

16  *Boyles v. Kennewick*, 62 Wn. App. 174, 176, 813 P.2d 178 (1991).   It is only when

17  unnecessary violence or excessive force is used, that an assault and battery can be

18  alleged.  The only officers alleged to have used force are Officer Kollman and Officer

19  Lever during the March 21, 2010.  As discussed above, the force used on March 21,

20  2010, was reasonable as a matter of law and thus cannot be considered a battery.

21  **F.      False Arrest/Imprisonment Is Defeated by Probable Cause.**

22  Probable cause is a complete defense to a claim of false arrest, false

23  imprisonment and malicious prosecution.  *Hanson v. Snohomish*, 121 Wn.2d 552, 563,

24  852 P.2d 295 (1993).  As explained above, there was probable cause to arrest the

25  plaintiff on March 21, 2010 and July 1, 2011 as a matter of law.  Thus, summary

26  judgment is appropriate on the state law claim for false arrest or imprisonment.

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT - 22**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1

**IV.  CONCLUSION**

2        For the foregoing reasons, the moving defendants respectfully requests that their

3    motion for summary judgment be granted.

4        DATED this 15th day of November, 2012.

5
                                    LAW, LYMAN, DANIEL,
6                                   KAMERRER & BOGDANOVICH, P.S.

7                                   *s/ John E. Justice*

8                                   _____
                                    John E. Justice, WSBA  23042
9                                   Attorney for Defendant
                                    PO Box 11880
10                                  Olympia WA 98508-1880
                                    (360) 754-3480 Fax: (360) 357-3511
11                                  Email: jjustice@lldkb.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT AND MEMORANDUM IN SUPPORT - 23**

**Cause No. 11-cv-05983-RBL**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*