**THE HONORABLE BENJAMIN SETTLE**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>　　　　　　　　Defendants. | NO.  C11 5424 BHS<br><br>**DEFENDANTS' MOTION FOR FED.R.CIV.P. 35 EXAMINATION**<br><br>**NOTE ON MOTION CALENDAR:
Friday, November 30, 2012** |

## I. INTRODUCTION & RELIEF REQUESTED

Pursuant to Fed.R.Civ.P. 35, defendant Sharon Krause, on her own behalf and on behalf of defendants Michael Davidson and James Peters, (collectively "defendants") move for entry of an Order directing plaintiff Clyde Ray Spencer ("plaintiff") to submit to an examination by Ronald M. Klein, Ph.D., to evaluate the existence and extent of his alleged damages.

**DEFENDANTS' MOTION FOR
FED. R. CIV. P. 35 EXAMINATION - 1**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511*

## II.  STATEMENT OF RELEVANT FACTS

Plaintiff filed this action against defendants seeking substantial damages for alleged false arrest, malicious prosecution and false imprisonment, among other claims.  Specifically, plaintiff's Complaint seeks recovery of "[c]ompensatory damages, including but not limited to, those past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary (sic) losses."  Complaint (Document 1), p. 67, lines 16-19.  In addition, in response to an interrogatory propounded by defendant Davidson regarding "mental or emotional injuries or disabilities due to the incident," plaintiff answered as follows:

> Plaintiff objects to this Interrogatory on the basis it calls for a narrative response and is better posed upon oral deposition.  Without waiving and subject to the foregoing objection, Plaintiff states yes.  Refer to Plaintiff's complaint for allegations regarding damages.  Refer to the report of Dr. Kuncel.  Also, refer to the medical records in possession of the Defendants and produced by Plaintiff in response to Interrogatory No. 3.
> Answering further, as a result of his incarceration Plaintiff was subjected to physical fights with other inmates that resulted in injury.  Plaintiff endured and continues to endure severe stress as a result of his prosecution and incarceration, which has and may continue to contribute to a premature decline in his overall physical health.
> Answering further, Plaintiff suffered and continues to suffer severe emotional distress and mental anguish as a result of the actions of the Defendants.  Plaintiff lived in constant fear that he would be killed while an inmate.  Plaintiff suffers from post-traumatic stress disorder; severe anxiety and depression; feelings of hopelessness and anger; difficulties with concentration; sleeplessness and nightmares; and side effects of medications he is on to manage these problems.
> Answering further, Plaintiff states that he has suffered and continues to suffer from damages to the relationships with his wife, children, siblings and friends; a loss of a meaningful career; and damage to his reputation.

Declaration of Guy Bogdanovich in Support of Motion for Fed.R.Civ.P. 35 Examination ("Bogdanovich Dec."), ¶ 2 and Exhibit A.  As referenced in this interrogatory answer, plaintiff has also disclosed a licensed clinical psychologist, Ruth Boutin Kuncel, Ph.D., as an expert who

**DEFENDANTS' MOTION FOR**
**FED. R. CIV. P. 35 EXAMINATION - 2**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

will testify in support of plaintiff's damage claims consistent with numerous opinions expressed in her report. Bogdanovich Dec., ¶ 3 and Exhibit B.

Defendants disclosed Dr. Ronald Klein as a rebuttal expert witness to address the opinions of Dr. Kuncel, who will testify via declaration or affidavit in support of a motion to exclude the testimony of Dr. Kuncel. Dr. Klein was also disclosed to testify regarding the psychological or emotional damage, if any, sustained by plaintiff, and regarding "his examination of plaintiff Clyde Ray Spencer, to be arranged by agreement of counsel subject to the provisions of FRCP 35(b) or by motion, and the results of that examination." Bogdanovich Dec., ¶ 4 and Exhibit C. When defendants' rebuttal expert witness disclosures were served upon counsel for plaintiff on November 7th, counsel for defendant Krause wrote a cover letter directing attention to defendants' request for agreement to an examination of plaintiff by Dr. Klein, including provision of an MMPI, on either November 20th or November 28th and asking for a prompt response. Counsel for plaintiff, Kathleen T. Zellner, wrote back on November 8th advising that neither she nor plaintiff were available on either of the dates listed, and advising that plaintiff would not attend an examination by Dr. Klein absent a court order. Bogdanovich Dec., Exhibit D. The Zellner letter contended that good cause for the examination does not exist, and that an MMPI-2, among other psychological tests, had been administered to plaintiff in connection with hearings before the Indeterminate Sentence Review Board "[a]s recently as 2001." *Id.,* November 8th Zellner letter.

### III. AUTHORITY AND ARGUMENT

Fed.R.Civ.P. 35 provides, in pertinent part:

**(a) Order for an Examination.**

(1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in

**DEFENDANTS' MOTION FOR
FED. R. CIV. P. 35 EXAMINATION - 3**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

> controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
>
>    . . .
>
> (2) *Motion and Notice; Contents of the Order.* The order:
>
> > (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; . . . .

Under Fed.R.Civ.P. 35(a), the moving party must show that the plaintiff's condition that is the subject of the examination is genuinely in controversy and that good cause exists for ordering the particular examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 242-43, 13 L. Ed. 2d 152 (1964).

In deciding whether to authorize a Fed.R.Civ.P. 35 examination, the court weighs the party's right to privacy and desire to insure the safety and freedom from pain of the party against the need for the court to have accurate information in the interest of truth and justice. *Peters v. Nelson*, 153 F.R.D. 635, 639 (N.D. Iowa 1994); Wright & Miller, Federal Practice & Procedure Volume 8A at p. 494. The purpose of Fed.R.Civ.P. 35 is to provide a "level playing field" between the parties. *E.g., Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993). The promulgators of Fed.R.Civ.P. 35 recognized that cross-examination was an insufficient test of the truth, and accordingly, independent examinations were prescribed under the rule. *Id. See, e.g., Sauer v. Burlington Northern R. Co.*, 169 F.R.D. 120, 124 (D.C. Minn. 1996) (court ordered examination by an orthopedist, even though plaintiff had already been examined by a neurologist, because he had been seen by a variety of specialists of his own choosing, and to deny the defendant an examination by a second specialist would produce an unfair advantage to the plaintiff).

Here, by claiming extensive emotional damages and relying upon Dr. Kuncel's expert opinions and testimony, there is no genuine dispute that plaintiff has put his mental condition in controversy. *See Schlagenhauf*, 379 U.S. at 119; *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Texas 1996).

**DEFENDANTS' MOTION FOR FED. R. CIV. P. 35 EXAMINATION - 4**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Moreover, good cause exists under the facts of this case to compel the examination of plaintiff by defendants' expert, Dr. Klein. Defendants dispute that they engaged in a conspiracy or otherwise falsified evidence to "frame" plaintiff for crimes he did not commit, and they dispute the nature, extent and causation of his alleged damages. In the absence of a Fed.R.Civ.P. 35 examination, defendants will be denied a "level playing field," because Dr. Kuncel will have done all she deemed necessary to evaluate plaintiff's alleged damages, including conducting multiple interviews of plaintiff, but Dr. Klein would be forced to rely solely on records and statements from others. Jurors would probably attribute more credibility to plaintiff's expert. Dr. Klein will need to be as prepared as Dr. Kuncel to address plaintiff's mental condition and alleged damages at trial. *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992). Mere access to plaintiff's past medical records and the report of plaintiff's expert will not substitute for <u>current</u> psychological testing and a thorough examination. Rather, defendants are entitled to have Dr. Klein base his opinions on his own examination, questioning, investigation, and analysis of plaintiff's condition.

## IV. CONCLUSION

For the foregoing reasons, defendants request that the court compel plaintiff to attend an examination by Dr. Klein, on either December 7, 2012 or December 11, 2012, at Dr. Klein's office in Spokane or a mutually agreeable location in Seattle, said examination to be held from 9 a.m. to 5 p.m., and to include administration of at least an MMPI. A proposed Order incorporating all examination details is being filed with this Motion.

DATED this 15th day of November, 2012.

*/s/ Guy Bogdanovich*
_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone: (360) 754-3480; Fax: (360) 357-3511
email: gbogdanovich@lldkb.com

**DEFENDANTS' MOTION FOR**
**FED. R. CIV. P. 35 EXAMINATION - 5**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511