Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER,<br><br>         Plaintiff,<br><br>  v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, and SERGEANT MICHAEL DAVIDSON,<br><br>         Defendants. | No. C11-5424 BHS<br><br>PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS OF REBECCA ROE AND PATTI TOTH AND TO BAR TESTIMONY<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, December 7, 2012** |

     NOW COMES PLAINTIFF, Clyde Ray Spencer, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and hereby moves this Honorable Court to strike the reports of Defendants' experts Rebecca Roe and Patti Toth and bar their testimony. In support thereof Plaintiff states as follows:

     1.    The instant case stems from the wrongful arrest and prosecution of Plaintiff, Clyde Ray Spencer. Currently pending are Plaintiff's §1983 claims for malicious prosecution, fabrication of evidence, deliberate withholding of exculpatory evidence, conspiracy, failure to intervene, false arrest and false imprisonment.

     2.    In denying in part Defendant Krause's, Davidson's and Peter's respective motions for summary judgment, this Court held that collateral estoppel does not bar Plaintiff

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 1
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1  from litigating the issue of probable cause.  (*See* Dkt. 91 at 24, ln. 3-4; Dkt. 93 at 13, ln. 5-9;
2  Dkt. 97 at 9, ln. 18-20)
3      3.     Defendants have disclosed the testimony of two purported experts on the issue
4  of probable cause – Rebecca Roe and Patti Toth.
5      4.     In Rebecca Roe's report she offers the following opinions as to probable cause:

    a.    "[T]here was probable cause in December 1984 and January 1985 to file criminal charges of child rape against Mr. Spencer for the rape of Kathryn based upon the reports of law enforcement up to that time which reported Kathryn's allegations of abuse to her stepmother and to law enforcement officers." *See Declaration of Kathleen T. Zellner ("Zellner Dec."), Exhibit A, p. 5 of Roe Report*.

    b.    "If Kathryn were able to testify consistent with the allegations she made to law enforcement, or if evidence of her statements consistent with sexual abuse by her father were admissible by means other than her testimony, it is my opinion that there would have been sufficient evidence for a jury to convict Mr. Spencer of child rape based upon the information known in November of 1984." *Zellner Dec., Exhibit A, p. 5 of Roe Report*.

    c.    "Based upon the information contained in the reports of Detective Krause dated February 22, 27, and 28, 1985 probable cause existed for issuance of the warrant to arrest Mr. Spencer for the rape of Matthew Hansen." *Zellner Dec., Exhibit A, p. 7 of Roe Report*.

    d.    "Based upon this new information probable cause existed to charge Mr. Spencer with new crimes for the rape of Matthew Hansen and additional counts of the rape of Kathryn Spencer and new crimes for the rape of Matthew Hansen." *Zellner Dec., Exhibit A, p. 7 of Roe Report*.

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS
AND BAR TESTIMONY (C11-5424BHS) — 2
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

      e.    "The conduct of Mr. Spencer at the time of his arrest on February 28, 1985 as outlined in the report of Detective Krause dated February 28, 1985, listed as document no. 18 on the appendix only added to the prosecution's case against him." *Zellner Dec., Exhibit A, p. 7 of Roe Report*.

      e.    "It is my opinion that the reports of Detective Krause dated March 7, 21, and 25, 1985, which reported her later interviews with Matthew Spencer and Kathryn Spencer were further evidence which, if believed by jurors, would support a finding by a jury that Mr. Spencer was guilty of the rape of his two children and stepson." *Zellner Dec., Exhibit A, p. 8 of Roe Report*.

5.    As of the date of this motion, Plaintiff has not received an expert report from Patti Toth. However, Defendants have disclosed that Toth will offer opinions regarding probable cause:

      a.    "Ms. Toth is a former King County Deputy Prosecuting Attorney and the Child Abuse Training Project Manager for the Washington State Criminal Justice Training Commission. She will testify that probable cause existed for the prosecution of Clyde Ray Spencer by the Clark County Prosecuting Attorney in 1984 and 1985 and that the actions of then Deputy Prosecuting Attorney James M. Peters in 1984 and 1985 met the standard of care in effect in those years for the prosecution of child abuse cases." *Zellner Dec., Exhibit B, p. 2*.

**A. This Court should strike the reports of Roe and Toth and bar their testimony, as their reports purport to offer opinions on ultimate issues of law and are therefore inadmissible.**

Although expert testimony is not objectionable simply because it embraces an ultimate issue, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 3
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

an ultimate issue of law." *Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002). Such an opinion does not aid the jury; rather, it attempts to substitute the expert's judgment for that of the jury's. *Id.*, quoting *United States v. Duncan*, 42 F.3d 97, 101 (2nd Cir. 1994).

This precise issue has been addressed with regard to purported expert opinions on probable cause. In the specific context of probable cause, an expert may testify on any underlying fact that may be relevant to a probable cause determination, but he may not testify that probable cause did or did not in fact exist. For e.g., *Quinn v. Fresno County Sheriff*, 2012 WL 2995477, at *4 (E.D. Calif. July 23, 2012).

In *Torres v. City of Los Angeles*, the plaintiff filed suit claiming deprivation of his Fourth Amendment rights and false arrest. 548 F.3d 1197, 1205 (9th Cir. 2008). Prior to trial the district court denied the plaintiff's motion for an order barring defense experts from testifying that, in their opinion, probable cause existed to arrest the plaintiff. *Id.* On appeal, the 9th Circuit held that the district court erred in failing to grant the plaintiff's motion. Specifically, the Court held, "Keeping in mind that the inquiry is whether objectively the officers reasonably believed they had probable cause, we also agree with Plaintiffs that the district court abused its discretion in denying their motion in limine seeking to bar Defendants' witnesses from testifying as to their own opinion about whether there was probable cause to arrest Torres….Accordingly, we instruct the district court, on remand, to bar Defendants' witnesses from testifying as to their opinion that they had probable cause to arrest Torres." *Id.* at 1214, n. 11. (Citations omitted).

Several other cases likewise hold that it is improper for a court to admit expert testimony on the issue of probable cause. See *Stuart v. United States*, 23 F.3d 1483, 1487 (9th Cir. 2008) (upholding district court's ruling to preclude expert from opinion as to whether

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 4
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

probable cause existed); *Hao-Qi Gong v. Jones*, 2008 WL 4183937, at *12 (N.D. Cal. Sept. 9, 2008) ("Courts regularly prohibit experts from testifying on the ultimate issue of whether there was 'probable cause' for an arrest."); accord *Jordan v. City of Chicago*, 2012 WL 88158, at *7 (N.D. Ill. January 11, 2012) (holding that expert opinion on probable cause usurps the role of the judge to instruct the jury on the law and the jury to determine whether the evidence shows that probable cause to arrest and charge existed); *Rizzo v. Edison, Inc.*, 419 F.Supp.2d 338, 348 (holding that probable cause is a legal determination that is not properly the subject of expert opinion testimony).

Here, Roe's and Toth's opinions regarding probable cause fall squarely within the ambit of improper expert testimony on an ultimate issue of law. Both experts seek to testify that probable cause existed for the arrest and prosecution of Mr. Spencer. As in *Torres, Stuart* and *Hao-Qi Gong*, this testimony is highly improper. This Court should therefore strike their expert reports and bar their testimony.

**B. This Court should further strike the report of Roe, to the extent she seeks to offer opinions criticizing those of Plaintiff's expert, Dr. William Bernet.**

Roe's report is objectionable for additional reasons. In her report, Roe offers opinions criticizing what she characterizes as certain opinions held by Plaintiff's expert Dr. William Bernet on interviewing techniques. Dr. Bernet is board certified in psychiatry, child psychiatry and forensic psychiatry. Dr. Bernet has conducted extensive research and has authored several publications regarding proper interviewing techniques of children who are possible victims of sexual abuse. *Zellner Dec., Exhibit C*.

In her report Roe states that she disagrees with many of Dr. Bernet's opinions concerning the December 11, 1984 videotaped interview of Kathryn Spencer that was not disclosed to Mr. Spencer. Specifically, Roe opines that "there were no major inconsistencies in Kathryn's narrative concerning the abuse once she began to speak about it"; that although it was not her preference as a practicing prosecutor at the time, it was a commonly accepted

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS
AND BAR TESTIMONY (C11-5424BHS) — 5
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

practice for a parent (i.e., Kathryn's mother) to be present during the interview; the use of dolls was an accepted practice at the time; and that it is not unusual for breaks to occur prior to completion of a child interview due to the child's comparatively short attention span and ability to focus.[1]  *Zellner Dec., Exhibit A, p. 9 of Roe Report*.

Roe also offers the following opinions which bear on the interviewing techniques utilized in this case:

a. "There was no reason for a reasonable prosecutor to believe that the information set forth in the reports of law enforcement known at that time were fabricated or the result of coercion by those conducting the interviews of Kathryn prior to November of 1984." *Exhibit A, p. 5 of Roe Report*.

b. "There was nothing contained in these reports to lead a reasonable prosecutor to believe in February of 1985 that the allegations of Matthew Hansen set forth in the reports of Detective Krause were fabricated or the result of coercion.  Similarly there was nothing in any of the reports concerning Kathryn Spencer and later Matthew Spencer that would cause a reasonable prosecutor to believe that the allegations set forth in these reports were fabricated or the result of coercion." *Exhibit A, p. 7 of Roe Report*.

c. "There was nothing in any of these reports or the earlier reports of Detective Krause which would lead a reasonable prosecuting attorney to believe that Mr. Spencer was innocent of the charges which were filed against him or that the allegations contained in the reports were fabricated or the result of coercion." *Exhibit A, p. 8 of Roe Report*.

---

[1] Though inapposite to the instant motion, it should be noted that Roe's characterizations of Dr. Bernet's opinions regarding the videotaped interview are inaccurate in several instances.

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 6
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

       d.    "The video recording of the interview of Mr. Peters' December 11, 1984 interview of Kathryn Spencer prior to the filing of the original information also did not contain evidence that Mr. Spencer was innocent of the charges which were filed against him two weeks later...In my opinion this interview was not exculpatory and was not evidence of innocence on the part of Mr. Spencer[2]....In my opinion, given the standard of practice in December of 1984 nothing in this interview was so coercive or abusive that it would lead a reasonable prosecutor to know that the techniques used would yield false information." *Exhibit A ,p. 8-9 of Roe Report.*

Federal Rule of Evidence 702 requires an expert witness to be qualified "by knowledge, skill, experience, training, or education" in a particular area or field in order to testify as an expert in that area or field.  Likewise, Federal Rule of Civil Procedure 26(2)(B)(iii) provides that an expert's report must list an expert witness's qualifications to render their opinion.

As a threshold matter, Roe has not established the requisite level of expertise to challenge the opinions offered by Dr. Bernet.  Roe is an attorney, not a board certified psychiatrist or clinical psychologist.  Roe apparently also does not specialize in forensic interviews.  She has been in private practice since 1994, and her practice consists almost exclusively of representing plaintiffs in personal injury and employment cases.  It does not appear that Roe has conducted any independent research regarding proper interviewing protocols and/or techniques.  Though Roe cites to her experience as a prosecutor (more than 18 years ago), nowhere does Roe list any training or education she has received specific to proper interviewing techniques.  Indeed, Roe appears to rely exclusively on her experience as a

---

[2] As are her opinions on probable cause, Roe's opinion that the videotaped interview is not exculpatory is inadmissible as an opinion as on an ultimate legal issue.  See cases cited, *supra*.  Roe's opinion is also patently at odds with the Washington Supreme Court opinion, in which the court noted that the tape "undercuts the State's theory of the case, since it confirms the unreliable child interview techniques the State employed at the time and indicates a potential disclosure violation that may be sufficient on its own to justify collateral relief." *Zellner Dec., Exhibit D, p.6.*

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS
AND BAR TESTIMONY (C11-5424BHS) — 7
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

prosecutor prosecuting allegations of sexual abuse as support for her qualifications. *Exhibit A, p. 1-3 of Roe Report*. However, being a prosecutor in and of itself does not establish Roe as an expert in child forensic interviews.

Furthermore, pursuant to Federal Rule of Evidence 702, a witness qualified as an expert in scientific knowledge may testify thereto if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods to the facts of the case. The trial court's gatekeeping function requires that the court assess whether the evidence is relevant and reliable. *Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1228 (9th Cir. 1998). Expert opinion testimony is deemed sufficiently reliable if the expert has "good grounds" for his testimony, that is, if the expert's conclusions are based on the knowledge and experience of his discipline rather than on "subjective belief or unsupported speculation." *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 147-48 (1999).

Here, Roe's opinions are inadmissible, as they constitute nothing more than "subjective belief or unsupported speculation." Roe offers nothing in support of her repeated assertions that nothing contained in Defendant Krause's reports or Peters' videotaped interview would lead a reasonable prosecutor to believe that the allegations against Mr. Spencer were fabricated or the result of coercion. Roe offers no authority for the proposition that the interviews at issue were conducted in a proper manner. Roe cites to no scientific research, studies or publications in support of her opinions. Roe does not articulate the methodology she used in arriving at her conclusions, nor does she demonstrate reliable application of that methodology to the facts of this case. In short, she offers no support for her opinions that nothing in the reports would lead a reasonable prosecutor to believe the allegations were fabricated or the result of coercion. For this reason Roe's report and testimony should be barred. *Ollier v. Sweetwater Union High School Dist.*, 267 F.R.D. 339 (S.D. Calif. Oct. 23, 2012) (barring expert testimony in a Title IX case where the trial court was unable to discern what, if any, method defendant's expert utilized in arriving at his opinions).

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS
AND BAR TESTIMONY (C11-5424BHS) — 8
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Based upon the foregoing, Plaintiff respectfully requests an order striking the expert reports of Rebecca Roe and Patti Toth and barring their related testimony in this cause, and for any and all other relief deemed appropriate.

Respectfully submitted,

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 9
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on November 16, 2012, I caused to be served via ECF Notification the foregoing Plaintiff's Motion to Strike 26(a)(2) Reports and Bar Testimony on the attorneys of record as follows:

| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA 98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | Bernard F. Veljacic<br>Deputy Prosecuting Attorney<br>Clark County Prosecuting Attorney Civil Division<br>604 W. Evergreen Blvd.<br>P.O. Box 5000<br>Vancouver, WA 98666-5000<br>Email: Bernard.Veljacic@clark.wa.gov<br>Attorney for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office, and Clark County |
|---|---|
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 10
DWT 20674170v1 0094078-000001

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax