Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, | No. C11-5424BHS |
| Plaintiffs, | PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR FED.R.CIV.P. 35 EXAMINATION |
| v. | |
| FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN, | NOTICE DATE: Friday, November 30, 2012 |
| Defendants. | |

NOW COMES PLAINTIFF, Clyde Ray Spencer, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and in response to Defendants' motion for an examination pursuant to Fed.R.Civ.P. 35, states as follows:

## INTRODUCTION

Defendants seek an order from this Court directing Plaintiff to submit to a psychological examination performed by Dr. Ronald Klein. (Dkt. 105). The motion should be denied. Plaintiff has been previously subjected to extensive psychological testing, including the specific testing requested by Defendants. Defendants have failed to support their motion with an affidavit from Dr. Klein, explaining why further testing is necessary. On the contrary,

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1   Plaintiff includes with this response an affidavit from Dr. Ruth Kuncel, a clinical psychologist,
2   detailing the reasons why further testing is unnecessary, and could lead to unreliable and/or
3   misleading results. Defendants have failed to meet their burden of demonstrating good cause
4   for why the testing should take place, and their motion should therefore be denied.

5   Defendants' motion is deficient for an additional reason. By way of their proposed
6   order, Defendants ask this Court to order any "additional tests if deemed necessary by Dr.
7   Klein as the examination progresses." (Dkt. 105-1, p. 2, ln. 6-7). Yet Defendants' motion
8   wholly fails to specify what additional tests might be "deemed necessary" by Dr. Klein.
9   Because Defendants do not even reference what additional testing might take place, their
10  motion obviously fails to demonstrate good cause for that additional testing. Moreover, such
11  an open-ended order would effectively prevent Plaintiff's counsel from objecting to the as-of-
12  yet unspecified testing, even if the testing is unnecessary, harassing or not calculated to lead to
13  admissible evidence. For this additional reason the motion should be denied.

14  **A. Defendant's have failed to establish good cause for why the requested testing should be ordered by this Court.**
15

16  The party seeking to compel a mental or physical examination bears the burden of
17  demonstrating that plaintiff has placed her mental or physical condition in controversy and that
18  good cause exists for the examination. *Ramos v. City and County of San Francisco*, 2012 WL
19  3877677 (Sept. 2012 N.D. Calif.). The "in controversy" and "good cause" requirements "are
20  not met by 'mere conclusory allegations of the pleadings – nor by mere relevance to the case –
21
22  but require an affirmative showing by the movant that each condition as to which the
23  examination is sought is really and genuinely in controversy and that good cause exists for
24  ordering *each* particular examination.'" *Id.* at *1, quoting *Schlagenhauf v. Holder*, 379 U.S.
25  104, 118-19 (1964).
26
27

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Here, Defendants have completely failed to demonstrate "good cause" for the examination requested - specifically the administration of an MMPI – apart from their conclusory allegations that good cause exists. Defendants point out they have denied that they engaged in a conspiracy or fabricated evidence to frame Plaintiff, in addition to disputing the nature, extent and causation of his alleged damages. (Dkt. 105, p. 5, ln. 3-5). Defendants also argue that without such an examination they will be denied a "level playing field" for addressing Plaintiff's alleged damages at trial. (Dkt. 105, p. 5, ln. 5-15). Yet Defendants conclusory statements fail to provide *any* explanation to this Court as to why good cause exists for this Court to order Plaintiff to submit to an MMPI, including how that *specific* test would shed light on the cause and extent of Plaintiff's damages. Defendants have therefore utterly failed in meeting their burden to demonstrate good cause for the requested testing.

Rather, good cause does not exist for subjecting Plaintiff to Defendants' requested testing. Plaintiff has already been administered the MMPI – in addition to a battery of other psychological tests – during his incarceration on at least two prior occasions. *See Declaration of Kathleen T. Zellner in Support of Plaintiff's Response to Defendants' Motion for Fed.R.Civ.P. 35 Examination*, ¶¶ 2-3, and Exhibits A and B. Defendants do not aver that they have made any attempts to obtain the raw data from this testing. Nor do Defendants explain why such additional testing is necessary in light of the fact that Plaintiff has been tested on at least two prior occasions. Notably absent from Defendants' motion is an affidavit from Dr. Klein setting forth reasons why the raw test data from the prior exams is insufficient and why additional testing is necessary. Such failure to specify why additional testing is needed is fatal to Defendants' motion. *Ramos*, 2012 WL 3877677 at *2 (holding the defense failed to show good cause for additional testing where it did not explain why a prior examination was not

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

sufficient, and rejecting the defense's argument that "a document review by [it's own] psychologist or psychiatrist cannot substitute for an in-person meeting" constitutes good cause).

Plaintiff's expert, Dr. Ruth Kuncel, is a foremost expert in psychological testing. *See Declaration of Dr. Ruth Kuncel in Support of Plaintiff's Response to Defendants' Motion for Fed.R.Civ.P. 35 Examination,("Kuncel Dec.")*, ¶1, and Exhibit A. Dr. Kuncel has received her doctorate in psychology, with a concentration in personality assessment and psychopathology. *Kuncel Dec.*, Exhibit A, p. 1. In addition to her academic training and experience, Dr. Kuncel received a certificate of postdoctoral respecialization in clinical psychology in 1992. Throughout her career Dr. Kuncel has performed psychological, neuropsychological and psychoeducational testing. *Kuncel Dec.*, Exhibit A, p. 1-3. For several years both before and after receiving her Ph.D., Dr. Kuncel conducted research on personality measurement, and helped develop a new method for measuring personality traits. *Kuncel Dec.*, Exhibit A, p. 3. Dr. Kuncel has lectured on the theory of testing and measurements in personality theory, and has been an invited lecturer on "The MMPI-2 in Forensic Practice" before the DuPage County Bar Association. *Kuncel Dec.*, Exhibit A, p. 4, 9. Dr. Kuncel has published regarding proper testing methods and interpretation, and has authored numerous personnel selection tests held under copyright by the International Personnel Management Association and Merit Employment Assessment Services. *Kuncel Dec.*, Exhibit A, p. 6-8.

According to Dr. Kuncel, additional psychological testing on Dr. Spencer would be unproductive and likely counterproductive. *Kuncel Dec.*, ¶3. Dr. Kuncel notes that Plaintiff is a clinical psychologist who is familiar with the testing proposed by Defendants, including the assumptions underlying the test, the structure of the test, how tests can be faked and more generally the test's reliability and validity. *Kuncel Dec.*, ¶4. Research shows that Plaintiff's prior knowledge of the test may yield unreliable and invalid results. *Kuncel Dec.*, ¶5.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Moreover, to Dr. Kuncel's knowledge there are no standardized norms specifically designed and directed to test a clinical psychologist. *Kuncel Dec.*, ¶6. In addition to the problems posed by Plaintiff's knowledge as a clinical psychologist, Dr. Spencer has already been tested multiple times. Test/re-test results may be problematic in general because the test taker has gained familiarity with the test. Norms for proper interpreting test/re-test results of individuals who have been tested in excess of two times are limited and, depending on the test, non-existent. *Kuncel Dec.*, ¶7. Dr. Kuncel opines that for these reasons, re-testing Plaintiff offers multiple psychometric problems. *Kuncel Dec.*, ¶8.

Finally, Dr. Kuncel notes that the earlier tests performed on Plaintiff, in part because they were administered prior to his becoming a clinical psychologist, have fewer problems associated with testing and re-testing. *Kuncel Dec.*, ¶9.

Dr. Kuncel concludes that there are too many confounds and psychometric problems to make additional psychological testing psychometrically meaningful and may lead to misleading results. Given the potential problems associated with the reliability and validity of the test results and interpretations, further testing would not shed additional light on Plaintiff's claim of emotional and psychological damages. . *Kuncel Dec.*, ¶¶10-11.

In light of Defendants' failure to offer any explanation as to why the requested testing is necessary and/or why the prior testing is inadequate, in addition to Dr. Kuncel's opinions that further psychological testing is unnecessary and could lead to invalid and/or unreliable results, Defendant's motion for an examination pursuant to Rule 35 should be denied.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

### B. This Court should deny Defendants' request for Dr. Klein to administer "additional tests if deemed necessary" by Dr. Klein

Fed.R.Civ.P.35(a)(2)(B) states that a motion for an examination must specify the time, place, manner, conditions, and *scope* of the examination. (Emphasis added). Defendants have offered no detail as to the scope of the requested examination, other than to specify that Dr. Klein would administer an MMPI and the length of the examination. As outlined above, Defendants have not demonstrated good cause for an examination or the administration of an MMPI. Yet, not only do Defendants request an order directing Plaintiff to submit to an MMPI, they also request that this Court enter an order allowing Dr. Klein to administer whatever other tests he deems necessary through the course of the examination. (Dkt. 105-1, p. 2, ln. 6-7). Defendants' proposed order would permit Dr. Klein to unilaterally subject Plaintiff to additional psychological testing without notice to Plaintiff's counsel and without supervision from this Court.

Defendants' request should be denied. Defendants must show good cause as to each particular examination, and it is axiomatic that it cannot do so without first specifying which test(s) it seeks to administer. Furthermore, Defendants' request would preclude Plaintiff's counsel from objecting to whatever tests Dr. Klein "deems necessary" on the basis that the testing is unnecessary, harassing and/or unlikely to lead to admissible evidence. This Court should deny Defendants' motion to the extent it seeks to subject Plaintiff to testing without first giving notice to Plaintiff's counsel and affording Plaintiff a fair opportunity to object to the proposed testing.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

**C. In the event the proposed testing is ordered, Plaintiff requests that Dr. Kuncel be allowed to administer the proposed test**

In the event that this Court orders Defendants' requested testing, Plaintiff respectfully requests that Dr. Kuncel be permitted to administer the test, in light of her extensive qualifications and experience, as detailed above. The raw test data would then be provided to defense counsel and made available to Defendant's expert Dr. Klein.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants' motion for an examination pursuant to Fed.R.Civ.P.35, and for any and all other relief deemed appropriate.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on November 26, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record, and that a copy was mailed via U.S. mail to the attorneys of record from 1901 Butterfield Road, Downers Grove, Illinois, as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA 98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | Bernard F. Veljacic<br>Deputy Prosecuting Attorney<br>Clark County Prosecuting Attorney Civil Division<br>604 W. Evergreen Blvd.<br>P.O. Box 5000<br>Vancouver, WA 98666-5000<br>Email: Bernard.Veljacic@clark.wa.gov<br>Attorney for Defendants Clark County Prosecutor's Office, Clark County Sheriff's Office, and Clark County |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR FED.R.CIV.P. 35 EXAMINATION) (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax