**THE HONORABLE BENJAMIN SETTLE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>　　　　Defendants. | NO. C11 5424 BHS<br><br>**DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR FED.R.CIV.P. 35 EXAMINATION**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, November 30, 2012** |

**1.   Defendants have established good cause for the examination.**

Plaintiff's Response to Defendants' Motion for Fed.R.Civ.P. 35 Examination ("Plaintiff's Response") does not dispute that plaintiff's mental health is "in controversy" for purposes of a request for examination under Fed.R.Civ.P. 35. Instead, plaintiff relies principally upon *Ramos v. City and County of San Fransisco,* 2012 WL 3877677 (Sept. 2012 N.D. Cal.) and argues only that the "good cause" requirement has not been met. In fact, *Ramos* supports defendants' request for an examination.

**DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR FED.R.CIV.P. 35 EXAMINATION - 1**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

*Ramos* was an employment disability discrimination case involving a plaintiff who had been examined by psychologists and produced those psychologists' reports to the defendant just a few months prior to the requested defense exam. The plaintiff contested the existence of good cause on the basis that the defendant "has not had an expert analyze the current examination results." *Ramos,* at 1. Addressing the good cause issue, the court in *Ramos* explained and held as follows:

> Several factors are used to determine whether good cause exists; the possibility of obtaining desired information by other means; whether plaintiff plans to prove her claim through expert testimony; whether the desired materials are relevant and whether plaintiff asserts ongoing emotional distress. . . .
>
> . . . Defendant has not demonstrated that the psychological examination–that has been fully produced–does not provide discovery by other means. Its own assessment of the plaintiff's alleged mental disability is not sufficient to call into doubt the medical diagnosis made by plaintiff's psychologists. <u>Defendant's failure to have its own expert analyze the plaintiff's current examination is a fatal misstep</u>. The rest of the factors may carry little weight if discovery by other means is sufficient.

*Ramos*, at 2 (internal citation omitted, emphasis added).

Plaintiff's Response does not even acknowledge, let alone address, the 11/05/12 report by Dr. Klein filed by defendants in support of this Motion, in which Dr. Klein explains in detail the many reasons for his opinion that the psychological evaluation performed and report written by plaintiff's expert, Dr. Kuncel, failed to meet applicable forensic examination standards in all material respects. *See,* Document 103, Pages 33-41 of 56. In his report, Dr. Klein expressed the opinion that " . . . of the three usual and customary sources of information in a forensic report: records, interview, and testing, there are serious problems in all three areas in Dr. Kuncel's report." Document 103, Page 34 of 56. Dr. Klein's report explained that the interview portion of a forensic exam should be conducted face to face rather than by a series of telephone calls as was done by Kr. Kuncel, noting that a face to face interview " . . . is particularly important in a case with such complexity and detail. Obviously, the data lost without observation of non-verbal behavior (especially with the extraordinary statements Spencer made) is

**DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR FED.R.CIV.P. 35 EXAMINATION - 2**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

considerable." Document 103, Page 33 of 56.  Dr. Klein also found Dr. Kuncel's failure to conduct any psychological testing in violation of forensic psychological examination standards, explaining in part as follows:

> This is an important type of data that balances out historical records and face to face interview; testing adds the element of the person's relative standing to the general population on a number of psychological variables and often to specific subpopulations meaningfully related to this specific individual.  In Spencer's situation specifically, test findings currently could have been compared with findings obtained in the several previous evaluations.  Validity scales on tests are especially useful in a situation such as this where considerable secondary gain is potentially available.

Document 103, Page 34 of 56.  Dr. Klein's report then included specific details regarding the many ways in which Dr. Kuncel's evaluation and report failed to comply with applicable standards.

In short, defendants here have not made the "fatal misstep" which caused the court in *Ramos* to find good cause for an additional examination lacking.  Rather, defendants have shown through Dr. Klein's review and report that current discovery, including specifically Dr. Kuncel's evaluation and report, does not provide the defense or ultimately a jury with a properly supported expert opinion about plaintiff's alleged psychological or emotional damages.  Each of the other factors from *Ramos* also weighs in favor of establishing good cause, since plaintiff obviously plans to prove his alleged psychological or emotional damages in large part through Dr. Kuncel's expert testimony, he claims these damages are ongoing, and the subject matter of the requested psychological examination is clearly relevant to these claims.

**2.   Prior MMPI testing is not a sufficient substitute for the requested examination.**

Plaintiff's Response also simply ignores the important and in fact predominant interview portion of the requested examination, focusing instead upon arguments that two prior MMPI tests, both of which were done more than 10 years ago, should provide an adequate basis upon which Dr. Klein can formulate his opinions.  In support of these

**DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR FED.R.CIV.P. 35 EXAMINATION - 3**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

arguments, plaintiff cites to the Declaration of Dr. Kuncel (Document 114) in which Dr. Kuncel opines that, because of the prior testing conducted on plaintiff and the fact that plaintiff is now also a clinical psychologist, additional psychological testing " . . . would be unproductive and likely counterproductive . . . ."  Document 114, Page 2 of 25, lns. 9-10.

Dr. Klein does not agree with these assertions.  *See,* Declaration of Ronald M. Klein, Ph.D. in Reply to Response to Motion for Fed.R.Civ.P. 35 Examination ("Dr. Klein Reply Dec."), ¶¶ 6 and 7.  As explained by Dr. Klein, the data from prior testing is grossly outdated and was obtained under the very different circumstances of assessing plaintiff as a candidate for parole from prison.  Moreover, much of the prior testing appears to have been for the purpose of measuring plaintiff's IQ and cognitive processing, aspects of his functioning which are not in controversy in this case.  Nor should it matter that plaintiff has training as a clinical psychologist as long as honest, well balanced responses are given.  In Dr. Klein's opinion, a current MMPI is needed to assess plaintiff's current function, and to provide the only objective means to investigate the validity of plaintiff's verbalization of his claimed damages.  *Id.*

**3.     The request for possible additional psychological tests is reasonable.**

Plaintiff's Response also argues that the request for tests in addition to the MMPI, as deemed necessary by Dr. Klein, is too vague, and that defendants should not be permitted to "unilaterally subject Plaintiff to additional psychological testing without notice to Plaintiff's counsel and without supervision from this Court."  Plaintiff's Response, p. 6, lns. 12-14.  It would be speculative for Dr. Klein to comment on other possible tests at this point, since he will not know what he deems necessary until he is allowed to conduct his interview and see what the MMPI shows.  Nor should plaintiff's counsel be entitled, nor this Court required, to micro-manage a forensic psychological examination to this extent.  Rather, it is within Dr. Klein's professional discretion and

**DEFENDANTS' REPLY TO RESPONSE
TO MOTION FOR FED.R.CIV.P. 35
EXAMINATION - 4**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1  within the scope of his license and practice to reserve the right to perform additional
2  testing if he deems it necessary based upon information obtained during the ongoing
3  record review process, or during the interview or provision of an MMPI to plaintiff. Dr.
4  Klein Reply Dec., ¶ 8.

**4.   Dr. Klein is entitled to conduct his own testing.**

Plaintiff requests that, if testing is ordered, it be done by Dr. Kuncel " . . . in light of her extensive qualifications and experience . . . ." Plaintiff's Response, p. 7, lns. 3-4. Plaintiff cites no authority, precedent or good reason for this request. Dr. Klein is at least equally if not more qualified than Dr. Kuncel to administer any necessary tests. *See,* Document 103, Pages 42-54 of 56; Dr. Klein Reply Dec., ¶ 2. In addition, Dr. Kuncel had her chance to conduct psychological testing as she deemed necessary, and she chose not to conduct any tests at all. She should not now be given the chance to correct her mistake by conducting Dr. Klein's desired testing for him.

**5.   Conclusion.**

Based upon the foregoing, and the authorities and argument previously submitted, defendants respectfully request that this Court entered the proposed Order Granting Defendants' Motion for Fed.R.Civ.P. 35 Examination.

DATED this 29th day of November, 2012.

*/s/ Guy Bogdanovich*

_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone: (360) 754-3480;
Fax: (360) 357-3511
email: gbogdanovich@lldkb.com

**DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR FED.R.CIV.P. 35 EXAMINATION - 5**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511