THE HONORABLE BENJAMIN SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>Defendants. | NO. C11 5424 BHS<br><br>DECLARATION OF RONALD M. KLEIN, Ph.D. IN REPLY TO RESPONSE TO MOTION FOR FED.R.CIV.P. 35 EXAMINATION<br><br>NOTE ON MOTION CALENDAR:<br>Friday, November 30, 2012 |

PURSUANT TO 28 U.S.C. § 1746, Ronald M. Klein, Ph.D., declares as follows:

1. I am competent to testify in all respects, and make this declaration from personal knowledge.

2. I am a clinical psychologist, licensed as such in the State of Washington since 1979. I have been conducting forensic psychological examinations for more than 30 years in the areas of personal injury, employment law, family law, competency, and other areas. I have testified in Superior Courts and Federal Courts. A complete copy of

DECLARATION OF RONALD M. KLEIN, Ph.D.
IN REPLY TO RESPONSE TO MOTION FOR
FED.R.CIV.P. 35 EXAMINATION - 1
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

my Curriculum Vitae has already been filed in support of Defendants' Motion for Fed.R.Civ.P. 35 Examination. Document 103, Pages 42-54 of 56.

3. I was initially asked by counsel for defendants in this matter to review and critique the October 4, 2012 forensic report prepared by Ruth Kuncel, Ph.D. regarding Clyde Ray Spencer. Document 103, Pages 10-30 of 56. I did so, and provided counsel for defendants with a written report dated 11/05/12 in which I stated my opinions generally and in detail regarding the inadequacy of the evaluation performed by Dr. Kuncel and her failure to follow basic forensic report writing standards. Document 103, Pages 33-41 of 56. In subsequent communications with defense counsel I explained that, in order to be able to provide testimony at trial in this matter regarding the psychological or emotional damage, if any, sustained by Mr. Spencer, I would need to perform a proper evaluation, consisting of an interview and appropriate standardized psychological testing, to include at least an MMPI. It is my understanding that defense counsel asked plaintiff's counsel to agree to allow me to conduct such an examination, but plaintiff's counsel refused, which led to the instant Motion.

4. I have now reviewed Plaintiff's Response to Defendants' Motion for Fed.R.Civ.P. 35 Examination (Document 112), the Declaration of Ruth Boutin Kuncel, Ph.D. in Support of Plaintiff's Response (Document 114), and the Declaration of Kathleen T. Zellner in Support of Plaintiff's Response. Document 115. I did not see any mention of my report critiquing Dr. Kuncel's evaluation and report in any of these documents. I started my report by referencing and attaching copies of the Specialty Guidelines for Forensic Psychology and the Ethical Code for Psychologists, both from the American Psychological Association (APA). These foundational documents are the product of considerable professional effort from a large number of expert psychologists, were duly presented to the governing board of APA and were adopted by that organization. Summarizing the standards set forth in these documents, I explained in my report as follows:

DECLARATION OF RONALD M. KLEIN, Ph.D.
IN REPLY TO RESPONSE TO MOTION FOR
FED.R.CIV.P. 35 EXAMINATION - 2
Cause No: C11-5424 BHS

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

> [F]orensic reports are written from an objective viewpoint (not an advocacy viewpoint), seeks out objective data, utilizes multiple data points (from records, interview, and psychological testing), compiles that data to arrive at opinions supported by that data, and expresses those opinions (orally and/or in writing) to answer questions posed by the attorneys in any given case. My overall opinion is that Dr. Kuncel failed to follow these basic standards . . . .

Document 103, Page 33 of 56.

5. In the paragraphs which followed, I explained the problems created by Kr. Kuncel's failure to interview Mr. Spencer in the usual, face to face manner, her failure to reference any details from any of the many records she said she reviewed or explain how that information either conflicts with or confirms the statements she recorded from her phone conversations with Mr. Spencer, and her failure to conduct any current psychological testing. Document 103, Pages 33-34 of 56. I concluded my summary by expressing the opinion that " . . . of the three usual and customary sources of information in a forensic report; records, interview, and testing, there are serious problems in all three areas of Kr. Kuncel's report." Document 103, Page 34 of 56. I then offered numerous specific criticisms of Dr. Kuncel's evaluation process and report. As should be apparent from the opinions in my report, because Dr. Kuncel's evaluation and report so obviously fell below professional forensic evaluation standards, it is my opinion that in order to provide the defendants and ultimately a jury with a properly supported expert opinion about Mr. Spencer's alleged psychological or emotional damages, it is absolutely necessary that I be allowed to conduct the requested examination and testing.

6. Plaintiff's Response suggests that previously obtained psychological data can be utilized for the current litigation even though that data is more than 10 years old and was obtained under very different conditions (incarcerated and seeking Parole) from the ones he lives under today. Data from these prior exams are grossly outdated, obtained under very different circumstances, and were not interpreted/written up to be

DECLARATION OF RONALD M. KLEIN, Ph.D.
IN REPLY TO RESPONSE TO MOTION FOR
FED.R.CIV.P. 35 EXAMINATION - 3
Cause No: C11-5424 BHS

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

utilized for civil litigation with Mr. Spencer as a plaintiff, making claims presumably very different from the claims he made as a hopeful candidate for Parole. Furthermore much of that testing appears to have been for the purpose of measuring his IQ and his cognitive processing. These aspects of his functioning are not in controversy for the current legal action.

7. There is no basis to conclude that testing now would be "unproductive and likely counterproductive." Plaintiff's Response, p. 4, lns. 21-22. Plaintiff repetitively states testing now would be misleading because Spencer is a professionally trained psychologist who knows the structure of the test, and because he has taken the MMPI before. However, knowledge of the MMPI does not automatically render test results invalid. Even knowledgeable persons obtain valid profiles if they in fact provide honest, well balanced responses (i.e. don't deliberately answer questions to either exaggerate or downplay their actual psychological problems). Conversely, knowledgeable and naïve persons obtain invalid profiles if they approach the items in a biased or pre-conceived manner. There simply do not need to be specific norms designed to test a clinical psychologist, nor a physician, nor a statistician, nor any other specific job/occupation. Also, since there are no right or wrong answers on the MMPI, taking it before does not affect validity of results. There is no need for norms for test/re-test of the MMPI because of the nature of the test as a personality/coping style test. It is not an IQ test, not an academic achievement test, and not a memory test, all of which would be the types of tests for which test/re-test would present problems. Persons whose clinical or forensic cases extend over several years routinely take the test on multiple occasions; six months is typically seen as a minimum interval at which time the test can be re-

DECLARATION OF RONALD M. KLEIN, Ph.D.
IN REPLY TO RESPONSE TO MOTION FOR
FED.R.CIV.P. 35 EXAMINATION - 4
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480 FAX: (360) 357-3511

administered. Indeed, one expects changes in test scale scores over time if there have been new stresses or circumstances. The test is supposed to be responsive to significant life events. The purpose of administering a current MMPI is to assess Mr. Spencer's current function (part of his claim is that his alleged dysfunction continues) and to investigate the validity of his verbally expressed claims (he has no objectively measurable claims other than by psychological testing).

8. Finally, it is within my professional discretion and within the scope of my license and practice to reserve the right to perform additional testing, if I deem it necessary based upon information obtained during the ongoing record review process, or during the interview or provision of an MMPI to Mr. Spencer. In any event, all any additional testing would entail would be to ask Mr. Spencer to sit in a comfortable room and mark a questionnaire. There would be no physically invasive or painful procedures involved.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 28 day of November, 2012 at Spokane, Washington.

*Ronald M. Klein, Ph.D.*
Ronald M. Klein, Ph.D.

DECLARATION OF RONALD M. KLEIN, Ph.D.
IN REPLY TO RESPONSE TO MOTION FOR
FED.R.CIV.P. 35 EXAMINATION - 5
Cause No: C11-5424 BHS

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480 FAX: (360) 357-3511