The Honorable Benjamin Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E.
TETZ,

        Plaintiffs,

v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY
JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT
MICHAEL DAVIDSON, CLARK
COUNTY PROSECUTOR'S OFFICE,
CLARK COUNTY SHERIFF'S
OFFICE, THE COUNTY OF CLARK
and JOHN DOES ONE THROUGH
TEN,

        Defendants.

NO.  C11-5424BHS

DECLARATION OF JAMES M.
PETERS IN SUPPORT OF
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

NOTED FOR JUNE 22, 2012

I, James M. Peters, make the following declaration under penalty of perjury:

I am over the age of 18, competent to testify about the matters stated herein, and make this declaration based upon my personal knowledge.

1.     I am an Assistant United States Attorney.  My business address is 800 Park Blvd. Suite 600 in Boise, Idaho.  I graduated from law school in June of 1976, and was admitted to the Washington State Bar Association in February 1977.  I accepted appointment as a Deputy Prosecuting Attorney for Clark County, Washington in March of 1977.  I left this employment in

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

1

EXHIBIT ___5___

152

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

September of 1987, when I accepted a one year appointment with the American Prosecutors Research Institute located in Alexandria, Virginia. I formally resigned my employment with the Clark County Prosecuting Attorney's Office in the fall of 1988, when I took a full time position as a Senior Attorney with the American Prosecutors Research Institute. I became employed as an Assistant United States Attorney in September 1990, and have held this position continuously since that time.

2.      I first became involved in the events which led to the prosecution of plaintiff Clyde Ray Spencer in late 1984. My first involvement in this case consisted of a review of reports prepared by Sharon Krause, then a detective with the Clark County Sheriff's Department, and other law enforcement officers concerning allegations that Mr. Spencer had sexually abused his daughter Kathryn, who was then age five. Copies of these initial reports are attached as Exhibits 1 and 2 to the Declaration of Sharon Krause filed in support of the summary judgment for defendants. The purpose of my review was to assist Arthur Curtis, the elected Prosecuting Attorney for Clark County, in making a decision concerning whether or not to charge Mr. Spencer with sexually abusing his daughter Kathryn Spencer. By late 1984, I had worked on dozens of cases with Detective Krause involving alleged child sexual abuse and other violent crimes. Based upon this experience I found her to be an extremely thorough and competent investigator as well as a person of integrity who took her responsibilities as a law enforcement officer very seriously.

3.      Because Mr. Spencer was then employed as a police officer for the City of Vancouver, Mr. Curtis had elected to send the police reports to the King County Prosecuting Attorney's Office for an outside review and opinion to assist him in making the charging decision. This was done to avoid any appearance that in making the charging decision the Clark County

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

153

Prosecutor was favoring a local law enforcement officer. During my initial involvement in the Spencer case I was aware that Rebecca Roe, then a deputy prosecuting attorney for King County, had reviewed the initial reports of law enforcement and had opined in November of 1984, that, although Mr. Spencer was likely guilty in her opinion, prosecution would be challenging due to Kathryn's young age. Her report dated November 27, 1984, is attached as Exhibit 1 to the Declaration of Jeffrey Freimund filed in support of defendants' motion for summary judgment.

4.      Prior to the charging decision being made, Kathryn Spencer and her mother Deanne Spencer traveled to Vancouver. I met Kathryn and her mother briefly at my office, which was located on the third floor of the Clark County Courthouse, on December 10, 1984. I showed them the court room and explained the procedure to be followed in the event Kathryn were required to testify, something I did with many child witnesses. I did this to familiarize her with the court room setting in the event it was necessary for her to testify at a future date as she lived out of state and would not be readily available to me as trial approached.

I interviewed Kathryn Spencer the following day, December 11. The purpose of this interview was to evaluate her competence as a witness, how she would present as a witness in the event the decision to charge was made and to weigh whether or not her testimony or her testimony, in combination with other evidence, would be sufficient to obtain a conviction. I also used the interview to establish a rapport with her in the event I later had to question her on the witness stand. My interview took place at the Clark County Sheriff's Office. Kathryn's mother was present in the interview room due to Kathryn's young age and her desire to have her mother present. Kathryn confirmed the allegations of sexual abuse by her father in the interview. A video tape was made of this interview. The interview was conducted at the Clark County

DECLARATION OF JAMES PETERS          3          ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                          Torts Division
                                                                  7141 Cleanwater Drive SW
                                                                         P.O. Box 40126
                                                                   Olympia, WA 98504-0126
                                                                        (360) 586-6300

154

1    Sheriff's Office because that was the only location of video recording equipment available for use

2    at that time.    Detective Krause did not participate in the interview, nor did any other law

3    enforcement officer, because the purpose of the interview was to assist in the prosecutor's

4    decision concerning whether to file charges and, if so, to prepare Kathryn's testimony.

5        5.        The possible use of the Washington Child Hearsay Statute, RCW 9A.44.120 (a

6    relatively new statute enacted as Laws of 1982, Ch. 129, Sec. 2) also factored into the

7    prosecutor's decision concerning whether or not to charge Mr. Spencer with the alleged crimes

8    against Kathryn.    Even if Kathryn was unable to provide testimonial evidence when confronted

9    with the need to testify, it was possible to offer hearsay testimony from her then stepmother

10   Shirley Spencer, to whom she first disclosed, and possibly from Detective Krause concerning the

11   alleged acts of abuse.    The fact that Kathryn first disclosed to her stepmother, then married to Mr.

12   Spencer, as opposed to her own mother, who was divorced from Mr. Spencer, and the child-like

13   way it was disclosed to her stepmother also lent credibility to her accusations and was relevant to

14   the charging decision.

15       6.        On or about January 3, 1985 I was party to a conversation that took place in the

16   prosecutor's office with Arthur Curtis and Detective Sharon Krause where the subject of the

17   internal affairs investigation then being conducted by the Vancouver Police Department

18   concerning Mr. Spencer was discussed.    In this conversation Mr. Curtis told Detective Krause and

19   me that information had been conveyed to him by the Vancouver Police Chief or other senior law

20   enforcement officers that the internal affairs investigation concerning Mr. Spencer had concluded

21   with the recommendation that his employment would be terminated.    We were informed that this

22   decision of the Vancouver Police Department Internal Affairs Department was based upon several

DECLARATION OF JAMES PETERS                          4
NO. C11-5424BHS

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

155

1    instances of sexual misconduct that had taken place over the past several years.  Included was his

2    rape of a high school student several years previously as well as the determination by the internal

3    affairs investigators that he had in fact sexually abused his daughter Kathryn.  In this conversation

4    Mr. Curtis asked based upon my interview whether Kathryn would be competent to testify.  I

5    reported to him that I believed that she would be found to be competent and that she had relayed

6    information concerning the sexual abuse to me, although she did so with some difficulty as is

7    typical of nearly all five year old witnesses.  All these items factored into the decision ultimately

8    made by Arthur Curtis to file an Information charging Mr. Spencer with two counts of sexually

9    abusing Kathryn Spencer dated January 3, 1985, just over two weeks after my interview of

10   Kathryn.  *See* Exhibit 2 to Declaration of Jeffrey Freimund.

11          7.      James Rulli, then a Clark County attorney specializing in the defense of criminal

12   matters who later became a Clark County Superior Court Judge, appeared to represent Mr.

13   Spencer after the initial charges were filed.  Mr. Spencer was released on personal recognizance

14   for the charged crimes.  After the charging decision was made by Mr. Curtis, I continued to

15   participate in the prosecution along with Barbara Linde, a deputy prosecuting attorney for King

16   County who had been appointed by Norm Maleng, then the King County Prosecuting Attorney, to

17   handle the prosecution at the request of Mr. Curtis.  On January 25, 1985, I entered into an

18   Omnibus Application and Agreed Order with Mr. Rulli concerning discovery.  Exhibit 1 hereto.

19   At that time the Clark County Prosecutor's Office had a policy of full disclosure to defense

20   counsel of everything contained in the prosecutor's file while a case was pending.  When defense

21   counsel came to our office and requested to copy items from our file, the procedure in place at that

22   time was to provide the entire file to defense counsel and allow them to use our copy machine to

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

156

1  make copies of documents which they wished to copy.  Defense counsel were provided an

2  account and a counter which recorded the number of copies made which was billed to their

3  individual account.  A trial date was set but was later continued to May 20, 1985, after an

4  Amended Information was filed charging Mr. Spencer with additional crimes as a result of the

5  ongoing investigation conducted by the Clark County Sheriff's Department.

6

7  8.      The case against Mr. Spencer took on a new dimension following the interviews of

8  Shirley Spencer and her son Matthew Hansen by Detective Krause on February 22 & 28, 1985.

9  In these interviews Matthew Hansen, Mr. Spencer's then five year old stepson, disclosed acts of

10  sexual abuse on the part of Mr. Spencer toward him.  Matthew Hansen also stated that he had

11  observed Mr. Spencer sexually abuse Kathryn and Matthew Spencer.  *See* Exhibit 4 to

12  Declaration of Sharon Krause.

13

14  9.      On February 28, 1985, following the procedure for obtaining an arrest warrant that

15  was in place throughout my tenure with Clark County Prosecutor's Office,  I filed a motion for

16  issuance of a warrant for the arrest of Clyde Ray Spencer based upon information provided to me

17  by Detective Krause concerning her interview of Matthew Hansen earlier that day in which he

18  reported that his stepfather sexually abused him on multiple occasions.  In my affidavit filed in

19  support of the arrest warrant I relayed the allegations made by Matthew Hansen to Detective

20  Krause later recorded in her report dated February 28, 1985.  Exhibit 4 to Freimund Declaration. I

21  had no reason then, and have no reason now, to believe that these statements were not recorded

22  accurately by Detective Krause or to believe that they were fabricated by her or anyone else.  A

23  superior court judge found probable cause for issuance of an arrest warrant for Mr. Spencer and

24  issued the arrest warrant later that same date.  Exhibit 5 to Freimund Declaration.

25

26

DECLARATION OF JAMES PETERS                    6                    ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                                    Torts Division
                                                                              7141 Cleanwater Drive SW
                                                                                  P.O. Box 40126
                                                                              Olympia, WA 98504-0126
                                                                                  (360) 586-6300

157

10.     Mr. Spencer was interviewed by Clark County Sheriff's deputies immediately following his arrest on February 28, 1985.  In this interview Mr. Spencer did not deny the allegations made by Matthew Hansen but stated to the officers that he "just couldn't remember" whether he had sexually abused his daughter and stepson.  Mr. Spencer also stated that "I must have done it if Little Matt said I did; this can't be my ex-wife this time."  Exhibit 4, pg. 3 to Declaration of Sharon Krause.  These admissions would have been used against Mr. Spencer if the case were to proceed to trial.

11.     On February 28, 1985, I filed a First Amended Information charging Mr. Spencer with additional counts of statutory rape related to the sexual abuse of Matthew Hansen. Exhibit 2 hereto.

12.     On March 25, 1985, Detective Krause conducted follow up interviews of Kathryn Spencer and Matthew Spencer.  In these interviews both the Spencer children disclosed sexual abuse by Mr. Spencer and corroborated the allegations made by Matthew Hansen the prior month. These disclosures led to the filing of a Second Amended Information charging Mr. Spencer with ten counts of first degree statutory rape and six counts of complicity to first degree statutory rape concerning the sexual abuse of his children and stepson.  Exhibit 6 to Freimund Declaration.  I was not present during these interviews and was not present at any of the interviews of the victims which were conducted by law enforcement officers.

13.     Trial preparation proceeded.  I filed a notice required by RCW 9A.44.120 of the intent to use hearsay statements of the child victims and proceeded with trial preparation.  Exhibit 3 hereto.  Mr. Rulli retained the services of a psychiatrist, Dr. Dixon, and a psychologist, Dr. McGovern, and arranged for his client to be transported from the Clark County Jail to their offices

DECLARATION OF JAMES PETERS                    7                    ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                                      Torts Division
                                                                    7141 Cleanwater Drive SW
                                                                    P.O. Box 40126
                                                                    Olympia, WA 98504-0126
                                                                    (360) 586-6300

158

1    for evaluation. Exhibits 4 and 5 hereto. Neither raised any question concerning Mr. Spencer's

2    competence. I was never notified by Mr. Spencer's counsel of a possible defense of insanity, lack

3    of mental competence or lack of capacity.

4

5        14.     On May 3, 1985, Mr. Rulli asked that the trial date be continued so that he could

6    travel to Sacramento, California to interview the Spencer children. Consistent with the Omnibus

7    Application, Mr. Rulli applied to the court for permission to travel to Sacramento at county

8    expense to interview the Spencer children. The court granted this request at a hearing held on

9    May 3, 1985. Exhibit 8 to Freimund Declaration. Mr. Rulli's interviews of the Spencer children

10   took place on May 9, 1985, in Sacramento, California. I accompanied Mr. Rulli to California and

11   was present when he interviewed Kathryn and Matthew. Both children held to their earlier

12   disclosures of abuse. While in California Mr. Rulli and I interviewed Kathryn's counselor who

13   reported behavior consistent with sexual abuse in corroboration of Kathryn's statements, evidence

14   which would be admissible if the case were to proceed to trial.

15

16        15.     Within days of our return to Clark County from California, Mr. Rulli reported to

17   me that his client intended to plead guilty to the majority of the charges. I assumed that this

18   sudden change of events was caused by the fact that the Spencer children held to their earlier

19   disclosures of abuse during the interview with Mr. Rulli on May 9 and possibly other reasons

20   known only to Mr. Rulli and his client. Mr. Spencer then entered into a Statement on Plea of

21   Guilty to seven counts of first degree statutory rape and four counts of first degree complicity to

22   statutory rape which was filed with the Court on May 16, 1985. Exhibit 7 to Freimund

23   Declaration.

24

25

26

DECLARATION OF JAMES PETERS        8        ATTORNEY GENERAL OF WASHINGTON
NO. C11-5424BHS                                  Torts Division
                                                     7141 Cleanwater Drive SW
                                                          P.O. Box 40126
                                                      Olympia, WA 98504-0126
                                                           (360) 586-6300

159

16.     Mr. Spencer's *Alford* plea was accepted in open court by Judge Thomas Lodge at a hearing held on May 16, 1985.  I was present with Mr. Spencer and his counsel on that date. During this hearing Judge Lodge made a thorough interrogation of Mr. Spencer on the record concerning whether or not he was entering his plea of guilty voluntarily.  The court also took note of the fact presented by Mr. Spencer's counsel that he had been evaluated by both a psychiatrist, Dr. Dixon, and a psychologist, Dr. McGovern, both retained by Mr. Spencer, to determine if he was mentally competent to enter his plea of guilty.  Judge Lodge questioned Mr. Spencer directly on this point.  Exhibit 8 to Freimund declaration.  At the close of the hearing Judge Lodge accepted the guilty plea as voluntary.  Exhibit 8 to Freimund Declaration.  Sentencing took place the following week before Judge Lodge on May 23, 1985.

17.     I took no further role in the prosecution of Mr. Spencer after entry of his guilty plea and sentencing that took place in May of 1985.  I later learned that he attempted to set aside his plea of guilty in an appeal and made several attempts to attack the entry of judgment on plea of guilty collaterally by way of personal restraint petitions filed in the state court of appeals.  I also learned that he filed a habeas corpus petition in United States District Court for the Western District of Washington at Tacoma in 1994 in which he alleged that his rights under the United States Constitution had been violated by alleged incompetence of counsel, claimed that alleged exculpatory evidence in the form of medical reports concerning Kathryn Spencer and Matthew Hansen had been withheld from him in violation of *Brady v. Maryland* and that he was not competent to enter the *Alford* pleas in May of 1985.

18.     An evidentiary hearing was ordered to be held in federal district court concerning the issues of Mr. Spencer's competence and the alleged withholding of the medical reports

DECLARATION OF JAMES PETERS                    9
NO. C11-5424BHS

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

160

1   concerning Matthew Hansen and Kathryn Spencer by the State.  I testified as a witness at the

2   hearing after being subpoenaed to testify by the State of Washington.  The evidentiary hearing

3   took place over three days before Judge Robert Bryan in September of 1996.  I testified that my

4   practice was to disclose all items in the prosecutor's file to the defense attorney while a case was

5   pending and that I followed this practice in the Spencer case in 1985.  If an item was not

6   disclosed, such as the claimed medical reports, they most likely were never received by the

7   prosecutor's office.  At the close of the three day hearing Judge Bryan made a specific finding that

8   neither medical report concerning Kathryn Spencer nor Matthew Hansen had been withheld from

9   defense counsel by the prosecutor.  Judge Bryan also found that neither report was material in that

10  it would not have changed the defendant's decision to plead guilty.  Other than participating as a

11  witness at the 1996 habeas corpus proceeding, I took no part in any other post judgment

12  proceedings brought by Mr. Spencer.

13      19.     On October 9-10, 2005 the Vancouver Columbian newspaper ran a series of

14  articles in which it reported that Mr. Spencer had ineffective assistance of counsel in 1985.  The

15  articles were also very critical of the work of Sharon Krause on the case.  Because Mr. Spencer's

16  former attorney Mr. Rulli was now a Clark County Superior Court Judge and could not speak to

17  the press about the case, I felt compelled to defend the reputation of his former attorney as well as

18  the work of Sharon Krause.  I wrote a letter to the editor of the Vancouver Columbian within days

19  after the news articles were published in October of 2005.  Among other things I pointed out in

20  this letter the ruling made by Judge Bryan and affirmed by the Ninth Circuit Court of Appeals that

21  Mr. Spencer did in fact have competent counsel in 1985 and that his civil rights were not violated

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

161

by Clark County law enforcement officers. I did not participate in other press releases made by the Clark County Prosecutor's Office concerning the Spencer case made at a future date.

20.     I also later learned that Sgt. Michael Davidson, Detective Krause's supervisor in 1985, became romantically involved with Shirley Spencer at some point. I had no knowledge of the existence of this relationship at the time I was involved in Mr. Spencer's prosecution. Although I had a professional working relationship with Sgt. Davidson during this period of time, I was not a social friend of Sgt. Davidson and had no knowledge of his matrimonial or romantic relationships.

Signed under penalty of perjury of the laws of the State of Washington this _10_ day of May 2012, at Boise, Idaho.

_____
JAMES M. PETERS

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

162

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this $\underline{24^{th}}$ of May, 2012, I caused to be electronically filed the

3

foregoing document with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the following:

5

Plaintiffs attorney:

6

7

**Plaintiffs' Attorneys:**

8

dandavies@dwt.com
kathleen.zellner@gmail.com

9

dhjohnson43@aol.com

10

AND TO

11

**Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's**

12

**Office:**

13

Bernard.veljacic@clark.wa.gov
gbogdanovich@lldkb.com

14

jefff@fjtlaw.com

15

**Attorney for Co-Defendant Spencer:**

16

dunnwh@pacifier.com

17

western@wscd.com

18

19

By: s/Patricia C. Fetterly

20

PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General

DANIEL J. JUDGE, WSBA No. 17392

21

Senior Counsel
Attorney General's Office

22

P.O. Box 40126
Olympia, WA 98504-0116

23

Telephone: (360) 586-6300
Fax: (360) 586-6655

24

E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant

25

26

DECLARATION OF JAMES PETERS
NO. C11-5424BHS

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

163

Service accepted and receipt of
true copy acknowledged this
25 day of _January_, 1985.

ARTHUR D. CURTIS
Prosecuting Attorney

By _James M. Peters_
Deputy Prosecuting Attorney

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON,            )
                                )
                 Plaintiff,     )   No.  85-1-00007-2
                                )
        v.                      )   OMNIBUS APPLICATION BY DEFENDANT
                                )   AND ORDER OF COURT
CLYDE RAY SPENCER,              )
                                )
                 Defendant.     )

DATE:  1-25-85

NOTICE TO:   DEPUTY PROSECUTING ATTORNEY

1.  MOTION BY DEFENDANT

Pursuant to and in accordance with Rule 4.5 of the Criminal

Rules for Superior Court, Plaintiff makes application or motions

checked as follows:

           1.  To dismiss for failure of the information to state
               an offense.

           2.  To sever Defendant's case and for separate trial.

           3.  To sever counts and for a separate trial.

  ✓    4.  To make more definite and certain.

        Answer:  _____ will do

  ✓    5.  For discovery of all oral, written or recorded
             statements made by Defendant to investigating officers
             or to third parties and in the possession of the
             Plaintiff.

        Answer:  _JP_  will provide

  ✓    6.  For discovery of the names and addresses of Plaintiff's
             witnesses and their statements.

        Answer:  _JP_  will provide

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 1

**FILED**

FERGUSON, EIESLAND, & RULLI
ATTORNEYS AT LAW
401 W. 13th STREET
P.O. BOX 1399
VANCOUVER, WASHINGTON 98666
(206) 693-5818

JAN 25 1985

George J. Miller, Clerk, Clark Co.

EXHIBIT ___1___

164

7. To inspect physical or documentary evidence in Plaintiff's possession.

   Answer: _JP_ will provide

8. To suppress physical evidence in Plaintiff's possession because of (1) illegal search, (2) illegal arrest.

   _____

9. For hearing under Rule 3.5. — *reserve*

10. To suppress evidence of the identification of the Defendant.

11. To take the deposition of witnesses.

12. To secure the appearance of a witness at trial or hearing.

13. To inquire into the conditions of pretrial release.

   II.  TO REQUIRE THE PROSECUTION

14. To state:

   (a)  If there was an informer involved;

   (b)  Whether he will be called as a witness at the trial; and

   (c)  To state the name and address of the informer or claim the privilege.

15. To disclose evidence in Plaintiff's possession, favorable to Defendant on the issue of guilt.

   Answer: _JP_ will provide

   _____ none known

16. To disclose whether it will rely on prior acts or convictions of a similar nature for proof of knowledge or intent.

   Answer: _JP_ will disclose

   _____ none known

17. To advise whether any expert witness will be called, and if so, supply:

   (a)  Name of witness, qualifications and subject of testimony;

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 2

FERGUSON, EIESLAND, & RULLI
ATTORNEYS AT LAW
405 W. 13th STREET
P.O. BOX 1209
VANCOUVER, WASHINGTON 98666
(206) 693-3613

14  165

5 ×          32 ×

(b)  Report.

Answer: _JP_  will disclose

_____  none known

18.  To supply any reports or tests of physical or mental
examinations in the control of the prosecution.

Answer: _JP_  will provide

_____  none known

19.  To supply any reports of scientific tests, experiments,
or comparisons and other reports to experts in the
control of the prosecution pertaining to this case.

Answer: _JP_  will provide

_____  none known

20.  To permit inspection and copying of any books, papers,
documents, photographs or tangible objects which the
prosecution:

(a)  obtained from or belonging to the Defendant, or

(b)  which will be used at the hearing or trial.

21.  To supply any information known concerning a prior
conviction of persons whom the prosecution intends to
call as witnesses at the hearing or trial.

Answer: _JP_  will provide

_JP_  none known

22.  To inform the Defendant of any information he has
indicating entrapment of the Defendant.

Answer: _____  will provide

_____  none known

23.  Additionally,

_For a hearing to determine whether the victim is_

_competent to testify at trial._

_For a continuance of the trial date._

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 3

*FERGUSON, EIESLAND, & RULLI*
ATTORNEYS AT LAW
401 W. 13th STREET
P.O. BOX 1338
VANCOUVER, WASHINGTON 98666
(206) 693-5812

DATED this 25 day of January, 1985.

James E. Rulli
James E. Rulli
Attorney for Defendant

Requested items not answered are disputed. All information promised to be supplied in the future will be provided by ten days before trial.

James M. Peters
Deputy Prosecuting Attorney

O R D E R

The foregoing requests are granted as noted above.

DATED this 25 day of January, 1985.

Judge of the Superior Court

OMNIBUS APPLICATION BY DEFENDANT
AND ORDER OF COURT - 4

FERGUSON, EIESLAND, & RULLI
ATTORNEYS AT LAW
404 W. 19th STREET
P.O. BOX 1529
VANCOUVER, WASHINGTON 98668
(206) 693-3812

## In the Superior Court of the State of Washington
## In and For the County of Clark

STATE OF WASHINGTON,

                Plaintiff,

       vs.

CLYDE RAY SPENCER,

                Defendant.

No. 85-1-00007-2

### INFORMATION

A M E N D E D

COMES NOW the Prosecuting Attorney in and for Clark County, State of Washington, and does by this inform the Court that the above named defendant.........ÍS................guilty of the...........crime..s...committed as follows, to-wit:

#### Count I.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being over thirteen (13) years of age, did unlawfully and feloniously engage in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age at the time, to-wit:  age five (5) years, in violation of RCW 9A.44.070(1), and contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

#### Count II.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, did knowingly cause Kathryn E. Spencer, not the spouse of the defendant and less than fourteen (14) years of age, to-wit:  age five (5) years, to have sexual contact with the defendant or another, in violation of RCW 9A.44.100(1)(b) and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

#### Count III.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on an unknown date during the summer of 1984, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit: age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

FILED
FEB 2 8 1985
George J. Miller, Clerk, Clark Co.

ARTHUR D.  CURTIS
Prosecuting Attorney in and for Clark County, Washington

By
      Deputy Prosecuting Attorney

EXHIBIT 2

17    168    9

Count IV.

That he, CLYDE RAY SPENCER, in the County of Clark, State
of Washington, on an unknown date between August 27th, 1984,
and December 25, 1984, being a person over thirteen years of
age, did engage in sexual intercourse with Mathew Allen Charles
Hanson, who is less than eleven years old, to-wit: age four, in
violation of RCW 9A.44.070 and contrary to the statutes in such
cases made and provided and against the peace and dignity of
the State of Washington.

Count V.

That he, CLYDE RAY SPENCER, in the County of Clark, State of
Washington, on or about February 16, 1985, being a person over
thirteen years of age, did engage in sexual intercourse with
Mathew Allen Charles Hanson, who is less than eleven years old,
to-wit: age four, in violation of RCW 9A.44.070 and contrary to
the statutes in such cases made and provided and against the
peace and dignity of the State of Washington.

February 28, 1985

ARTHUR D. CURTIS,
Prosecuting Attorney
Clark County, Washington

BY: *James M. Peters*
James M. Peters
Deputy Prosecuting Attorney

Count I:   Statutory Rape I, RCW 9A.44.070(1)
Count II:  Indecent Liberties, RCW 9A.44.100(1)(b)
Count III: Statutory Rape I, RCW 9A.44.070
Count IV:  Statutory Rape I, RCW 9A.44.070
Count V:   Statutory Rape I, RCW 9A.44.070

INFORMATION - Page 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON,       )
      Plaintiff,      )   No. 85-1-00007-2
    vs.                )
               )
CLYDE RAY SPENCER,         )   NOTICE OF INTENT TO USE
                STATEMENTS PURSUANT TO
      Defendant.  )   RCW 9A.44.120

TO:   CLYDE RAY SPENCER, THE ABOVE NAMED DEFENDANT AND
      TO YOUR ATTORNEY:  JAMES RULLI

      Comes now Arthur D. Curtis, Prosecuting Attorney for

Clark County, by and through James M. Peters, Deputy Prosecuting

and does give notice to the defendant named herein, and his

counsel, James Rulli, of intent to use the out of court

statements of Kathryn Spencer, age 6, and Mathew Hansen, age

five, pursuant to RCW 9A.44.120.  Said statements are set

forth in the police reports, specifically interviews between

Sharon Krause, Shirley Spencer, and Deanne Spencer, copies of

which have been provided to the defendant and his attorney.

Further specifics, if needed, will be provided on request.

      DATED this _10_ day of May, 1985.


                       _James M. Peters_
                       James M. Peters
                       Deputy Prosecuting Attorney


Service accepted and receipt of
true copy acknowledged this
_10_ day of May, 1985.

_James Rulli_
Attorney for Defendant

FILED

MAY 10 1985

George J. Miller, Clerk, Clark Co.

NOTICE - 1

CLARK COUNTY PROSECUTING ATTORNEY
1200 FRANKLIN
P.O. BOX 5000
VANCOUVER, WASHINGTON 98666
(206) 699-2261

EXHIBIT ____3____

19

170

20

1
2
3           SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY
4   STATE OF WASHINGTON,          )
5                 Plaintiff,      )   NO.  85-1-00007-2
6         vs.                     )   ORDER FOR TRANSPORTATION
7   CLYDE RAY SPENCER,            )
8                 Defendant.      )
9   
10      THIS MATTER having come on regularly before the Court upon the
    Defendant's request for an Order of Transporation and the Court
11  being fully advised in the premises, now, therefore,
12      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Sheriff
13  of Clark County shall transport the Defendant to Dr. Kevin B.
14  McGovern's office located at 1225 N.W. Murray Road, Suite 214,
15  Portland, Oregon, for an examination to be scheduled by the Clark
16  County Sheriff.
17      IT IS FURTHER ORDERED that, upon completion of the examination,
18  the Clark County Sheriff will transport the Defendant back to the
19  custody of the Clark County Jail pending further order of this Court.
20      DATED this 19 day of March, 1985.
21
22
23                                    _____
                                              JUDGE
24  Presented by:
25
26  _____
    JAMES E. RULLI, WSB #6135        F I L E D
27  Attorney for Defendant
                                      MAR 20 1985
28
29                                George J. Miller, Clerk, Clark Co.
30
31
32
    ORDER FOR TRANSPORTATION            JAMES E. RULLI
                                          ATTORNEY AT LAW
                                        400 W. 9th STREET
                                          P.O. BOX 1538
                                      VANCOUVER, WASHINGTON 98666
                                          (206) 693-5313

EXHIBIT  4                                    17

                    20  m

SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY

STATE OF WASHINGTON          )
    Plaintiff,          )          NO. 85-1-00007-2
    vs.          )
CLYDE RAY SPENCER,          )          ORDER FOR TRANSPORTATION
    Defendant.          )

THIS MATTER having come on regularly before the Court upon

the Defendant's request for an Order of Transportation and the

Court being fully advised in the premises, mow therfore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Sheriff

of Clark County shall transport the Defendant to the Psychiatrict

unit of Holladay Park Hospital located at 1225 N.E. 2nd Ave., Portland

Oregon for an examination to commence at 8:00.

IT IS FURTHER ORDERED that, upon completion of the examination,

the Clark County Sheriff will transport the Defendant back to the

custody of the Clark County Jail pending further order of the Court.

DATED this 10 day of May, 1985.

_____
JUDGE

Presented By:

_James E. Rulli_____
JAMES E. RULLI, WSB #6135
Attorney for Defendant.

Service accepted this _____ day
of May, 1985

_____
Deputy Prosecuting Attorney
James Peters

FILED

MAY 10 1985

George J. Miller, Clerk, Clark Co.

JAMES E. RULLI
ATTORNEY AT LAW
406 W. 8th STREET
P.O. BOX 1554
VANCOUVER, WASHINGTON 98666
(206) 993-8813

EXHIBIT ___5___

In the Superior Court of the State of Washington
In and For the County of Clark

STATE OF WASHINGTON,

                       Plaintiff,

      vs.

    CLYDE RAY SPENCER,

                      Defendant.

**85 1 00007 2**

No.

**INFORMATION**

COMES NOW the Prosecuting Attorney in and for Clark County, State of Washington, and does by this inform the Court that the above named defendant............................is.................guilty of..................the crime......committed as follows, to-wit:

Count I.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being over thirteen (13) years of age, did unlawfully and feloniously engage in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age at the time, to-wit: age five (5) years, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

Count II.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, did knowingly cause Kathryn E. Spencer, not the spouse of the defendant and less than fourteen (14) years of age, to-wit: age five (5) years, to have sexual contact with the defendant or another, in violation of RCW 9A.44.100 (1) (b), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

Date: January 2, 1985.

Count I - Statutory Rape I - RCW 9A.44.-
070 (1) and Count II - Indecent Liberties -
RCW 9A.44.100 (1) (b).

FILED

JAN 3 - 1985

George J. Miller, Clerk, Clark Co.

ARTHUR D. CURTIS
Prosecuting Attorney in and for Clark County, Washington

By_____
Deputy Prosecuting Attorney.

EXHIBIT    6

173

Spencer-00017

In the Superior Court of the State of Washington
In and For the County of Clark

STATE OF WASHINGTON,

                      Plaintiff,

    vs.

CLYDE RAY SPENCER,

                      Defendant.

No. 85-1-00007-2

**INFORMATION**

A M E N D E D

COMES NOW the Prosecuting Attorney in and for Clark County, State of Washington, and does by this inform the Court that the above named defendant.........in.............guilty of the.............crime..s..committed as follows, to-wit:

### Count I.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being over thirteen (13) years of age, did unlawfully and feloniously engage in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age at the time, to-wit: age five (5) years, in violation of RCW 9A.44.070(1), and contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count II.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, did knowingly cause Kathryn E. Spencer, not the spouse of the defendant and less than fourteen (14) years of age, to-wit: age five (5) years, to have sexual contact with the defendant or another, in violation of RCW 9A.44.100(1)(b) and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

### Count III.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on an unknown date during the summer of 1984, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit: age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

F I L E D

FEB 2 8 1985

ARTHUR D. CURTIS George J. Miller, Clerk, Clark Co.
Prosecuting Attorney in and for Clark County, Washington

By_____
   Deputy Prosecuting Attorney

9

EXHIBIT___7

174

Spencer-00040



#### Count IV.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on an unknown date between August 27th, 1984, and December 25, 1984, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit: age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

#### Count V.

That he, CLYDE RAY SPENCER, in the County of Clark, State of Washington, on or about February 16, 1985, being a person over thirteen years of age, did engage in sexual intercourse with Mathew Allen Charles Hanson, who is less than eleven years old, to-wit: age four, in violation of RCW 9A.44.070 and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Washington.

February 28, 1985

ARTHUR D. CURTIS,
Prosecuting Attorney
Clark County, Washington

BY: *James M. Peters*

James M. Peters,
Deputy Prosecuting Attorney

Count I:    Statutory Rape I, RCW 9A.44.070(1)
Count II:   Indecent Liberties, RCW 9A.44.100(1)(b)
Count III:  Statutory Rape I, RCW 9A.44.070.
Count IV:   Statutory Rape I, RCW 9A.44.070
Count V:    Statutory Rape I, RCW 9A.44.070

INFORMATION - Page 2

5×

32×

Spencer-00041

175

# In the Superior Court of the State of Washington
## In and For the County of Clark

STATE OF WASHINGTON,

Plaintiff,

vs.

CLYDE RAY SPENCER,

Defendant.

No. 85-1-00007-2

## INFORMATION

"SECOND AMENDED"

COMES NOW the Prosecuting Attorney in and for Clark County, State of Washington, and does by this inform the Court that the above named defendant........................... is ............. guilty of ................... the crime......committed as follows, to-wit:

### Count I.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, did, on an unknown date during the summer of 1983, being over thirteen (13) years of age, engage in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count II.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, did, on an unknown date during the summer of 1983, being over thirteen (13) years of age, engage in sexual intercourse with Matthew Ray Spencer, who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count III.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being over thirteen (13) years of age, did engage in sexual intercourse, to-wit: by placing his penis or finger in Kathryn E. Spencer's vagina or rectum when she was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count IV.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being over thirteen (13) years of age, did engage in sexual intercourse, to-wit:

ARTHUR D. CURTIS
Prosecuting Attorney in and for Clark County, Washington

By_____
Deputy Prosecuting Attorney

FILED
MAY 3 1985
George J. Miller, Clerk, Clark Co.

19

EXHIBIT___8

176

Spencer-00048



by placing his penis into the mouth of Kathryn E. Spencer when she was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count V.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, being a person over thirteen (13) years of age, did, between July 14, 1984, and August 26, 1984, acting with the kind of culpability that is sufficient for the commission of the crime of Statutory Rape in the First Degree, did cause Kathryn E. Spencer, an innocent or irresponsible person, to engage in such conduct, or, with knowledge that it would promote or facilitate the commission of the crime of Statutory Rape in the First Degree, did solicit, command, encourage, or request Kathryn E. Spencer to commit it by engaging in sexual intercourse, to-wit:  fellatio with Matthew Ray Spencer, who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1) and RCW 9A.08.020 (1), (2) and (a) and RCW 9A.08.020 (1), (2), (c), (3), (a) and (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count VI.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, being a person over thirteen (13) years of age, did, between July 14, 1984, and August 26, 1984, acting with the kind of culpability that is sufficient for the commission of the crime of Statutory Rape in the First Degree, did cause Kathryn E. Spencer, an innocent or irresponsible person, to engage in such conduct, or, with knowledge that it would promote or facilitate the commission of the crime of Statutory Rape in the First Degree, did solicit, command, encourage, or request Kathryn E. Spencer to commit it by engaging in sexual intercourse, to-wit:  fellatio with Matthew Hansen, who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1) and RCW 9A.08.020 (1), (2) and (a) and RCW 9A.08.020 (1), (2), (c), (3), (a) and (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count VII.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, did, on one or more occasions between July 14, 1984, and August 26, 1984, being a person over thirteen (13) years of age, engage in sexual intercourse, to-wit: by placing his penis or finger in the rectum of Matthew Ray Spencer, a person who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.



<u>Count VIII.</u>

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on one or more occasions between August 14, 1984, and August 26, 1984, being a person over thirteen (13) years of age, did engage in sexual intercourse, to-wit: fellatio, with Matthew Ray Spencer, who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

<u>Count IX.</u>

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, did, on one or more occasions between July 14, 1984, and August 26, 1984, being a person over thirteen (13) years of age, acting with the kind of culpability that is sufficient for the commission of the crime of Statutory Rape in the First Degree, did cause Matthew Ray Spencer, an innocent or irresponsible person, to engage in such conduct, or, with knowledge that it would promote or facilitate the commission of the crime of Statutory Rape in the First Degree, did solicit, command, encourage, or request Matthew Ray Spencer to commit it, by engaging in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age, by placing his fingers in her rectum, in violation of RCW 9A.44.070 (1), and RCW 9A.08.020 (1), (2) and (a) and RCW 9A.08.020 (1), (2), (c), (3), (a) and (i), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

<u>Count X.</u>

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on one or more occasions between July 14, 1984, and August 26, 1984, being a person over thirteen (13) years of age, acting with the kind of culpability that is sufficient for the commission of the crime of Statutory Rape in the First Degree, did cause Matthew Ray Spencer, an innocent or irresponsible person, to engage in such conduct, or, with knowledge that it would promote or facilitate the commission of the crime of Statutory Rape in the First Degree, did solicit, command, encourage or request Matthew Ray Spencer to commit it, by engaging in sexual intercourse with Matthew Hansen, who was less than eleven (11) years of age, to-wit: by placing his fingers in Matthew Hansen's rectum or by committing fellatio on Matthew Hansen, in violation of RCW 9A.44.070 (1), and RCW 9A.08.020 (1), (2) and (a), and RCW 9A.08.020 (1), (2), (c), (3), (a) and (i), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

<u>Count XI.</u>

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, did on one or more occasions between July 14, 1984, and August 26, 1984, being a person over thirteen (13) years of age, engage in sexual intercourse with Matthew Hansen, a person who was less than eleven (11) years of age, to-wit: by causing him to place his mouth upon the defendant's penis, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

Spencer-00050

178



### Count XII.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, did, on one or more occasions between July 14, 1984, and August 26, 1984, being a person over thirteen (13) years of age, did engage in sexual intercourse with Matthew Hansen, a person who was less than eleven (11) years of age, to-wit:  by causing him to place his fingers in the defendant's rectum, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count XIII.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, being a person over thirteen (13) years of age, acting with the kind of culpability that is sufficient for the commission of the crime of Statutory Rape in the First Degree, did cause Matthew Hansen, an innocent or irresponsible person, to engage in such conduct, or with knowledge that it would promote or facilitate the commission of the crime of Statutory Rape in the First Degree, did solicit, command, encourage, or request Matthew Hansen to commit it, by engaging in sexual intercourse with Matthew Ray Spencer, who was less than eleven (11) years of age, to-wit:  by placing his thumb in Matthew Ray Spencer's rectum and/or by placing his penis in his rectum, in violation of RCW 9A.44.070 (1), and RCW 9A. 08.020 (1), (2) and (a), and RCW 9A.08.020 (1), (2), (c), (3), (a) and (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count XIV.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, being a person over thirteen (13) years of age, acting with the kind of culpability that is sufficient for the commission of the crime of Statutory Rape in the First Degree, did cause Matthew Hansen, an innocent or irresponsible person, to engage in such conduct, or with knowledge that it would promote or facilitate the commission of the crime of Statutory Rape in the First Degree, did solicit, command, encourage, or request Matthew Hansen to commit it, by engaging in sexual intercourse with Kathryn E. Spencer, who was less than eleven (11) years of age, in violation of RCW 9A.44.070 (1), and RCW 9A.08.020 (1), (2) and (a), and RCW 9A.08.020 (1), (2), (c), (3), (a) and (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

### Count XV.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on an unknown date between August 27, 1984, and December 25, 1984, being a person over thirteen (13) years of age, did engage in sexual intercourse with Matthew Hansen, who was less than eleven (11) years old, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

179



Count XVI.

That he, Clyde Ray Spencer, in the County of Clark, State of Washington, on or about the 16th day of February, 1985, being a person over thirteen (13) years of age, did engage in sexual intercourse with Matthew Hansen, who was less than eleven (11) years old, in violation of RCW 9A.44.070 (1), contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington.

ARTHUR D. CURTIS
Prosecuting Attorney in and
for Clark County, Washington

By: *James M. Peters*
James M. Peters, WSBA #7295
Deputy Prosecuting Attorney

Date: May 3, 1985

Count I     - Statutory Rape I - RCW 9A.44.070 (1);
Count II    - Statutory Rape I - RCW 9A.44.070 (1);
Count III   - Statutory Rape I - RCW 9A.44.070 (1);
Count IV    - Statutory Rape I - RCW 9A.44.070 (1);
Count V     - Complicity to Statutory Rape I - RCW
              9A.44.070 (1), RCW 9A.08.020 (1),
              (2) and (a) and RCW 9A.08.020 (1),
              (2), (c), (3), (a) and (i);
Count VI    - Complicity to Statutory Rape I - RCW
              9A.44.070 (1), RCW 9A.08.020 (1),
              (2) and (a) and RCW 9A.08.020 (1),
              (2), (c), (3), (a) and (i);
Count VII   - Statutory Rape I - RCW 9A.44.070 (1);
Count VIII  - Statutory Rape I - RCW 9A.44.070 (1);
Count IX    - Complicity to Statutory Rape I - RCW
              9A.44.070 (1), RCW 9A.08.020 (1),
              (2) and (a) and RCW 9A.08.020 (1),
              (2), (c), (3), (a) and (i);
Count X     - Complicity to Statutory Rape I - RCW
              9A.44.070 (1), RCW 9A.08.020 (1),
              (2) and (a) and RCW 9A.08.020 (1),
              (2), (c), (3), (a) and (i);
Count XI    - Statutory Rape I - RCW 9A.44.070 (1);
Count XII   - Statutory Rape I - RCW 9A.44.070 (1);
Count XIII  - Complicity to Statutory Rape I - RCW
              9A.44.070 (1), RCW 9A.08.020 (1),
              (2) and (a) and RCW 9A.08.020 (1),
              (2), (c), (3), (a) and (i);
Count XIV   - Complicity to Statutory Rape I - RCW
              9A.44.070 (1), RCW 9A.08.020 (1),
              (2) and (a) and RCW 9A.08.020 (1),
              (2), (c), (3), (a) and (i);
Count XV    - Statutory Rape I - RCW 9A.44.070 (1);
Count XVI   - Statutory Rape I - RCW 9A.44.070 (1);

Spencer-00052

180

The Honorable Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW RAY
SPENCER, and KATHRYN E. TETZ,

                    Plaintiffs,

    v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY JAMES
M. PETERS, DETECTIVE SHARON
KRAUSE, SERGEANT MICHAEL
DAVIDSON, CLRK COUNTY
PROSECUTOR'S OFFICE, CLARK COUNTY
SHERIFF'S OFFICE, THE COUNTY OF
CLARK AND JOHN DOES ONE THROUGH
TEN,

                    Defendants.

No. 3:11-CV-05424 BHS

PLAINTIFFS' INITIAL
DISCLOSURES PURSUANT TO
FED. R. CIV. P. 26(a)(1)

PLAINTIFF CLYDE RAY SPENCER, et al., by and through their attorneys, Kathleen T.

Zellner & Associates, P.C. and Davis Wright Tremaine LLP, make the following disclosures

pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

### Initial Disclosures

*FRCP 26(a)(1)(A)(i)*

The name and, if known, the address and telephone number of each individual likely to

have discoverable information that the disclosing party may use to support its claims or defenses,

PLAINTIFFS' INITIAL DISCLOSURES – 1
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

EXHIBIT ___9___

181

1  unless solely for impeachment, identifying subjects of the information:

2      1.    **CLYDE RAY SPENCER**
              (Plaintiff)

3

4      Dr. Spencer will testify in support of the allegations made in the Complaint, including but

5  not limited to his life prior to his arrest, the circumstances surrounding his arrest, the

6  circumstances surrounding his prosecution and imprisonment, his life in prison, and his life after

7  his release. He will testify to all aspects relating to liability and his damages.

8      2.    **NORMA SPENCER**
              1545 N. Laurel Ave #201

9             Los Angeles, CA 90046

10     Ms. Spencer will testify to the circumstances of her initial contact with Dr. Spencer, their

11  relationship at that time, the subsequent contact made by Dr. Spencer, and her relationship with

12  Dr. Spencer after that contact. She will testify to all aspects of her visits to Dr. Spencer while he

13  was incarcerated and their relationship throughout that time period. She will testify to her life

14  with Dr. Spencer after his release and her observation of his damages.

15     3.    **MATTHEW RAY SPENCER**
              (Plaintiff)

16

17     Matthew Spencer will testify regarding his childhood life with Dr. Spencer, the

18  circumstances surrounding law enforcements' interviews of him, the investigation of Dr. Spencer

19  and his involvement in the investigation, his life while Dr. Spencer was incarcerated, his

20  relationship with Dr. Spencer since his release and his observation of Dr. Spencer's damages.

21  Matthew will also testify as to all aspects of his own damages.

22     4.    **KATHRYN E. TETZ**
              (Plaintiff)

23

24     Kathryn Tetz will testify regarding her childhood life with Dr. Spencer, the circumstances

25  surrounding law enforcement interviews of her, the investigation of Dr. Spencer and her

26  involvement in the investigation, her life while Dr. Spencer was incarcerated, her relationship

27

PLAINTIFFS' INITIAL DISCLOSURES – 2
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150·  Fax: (206) 757-7700

182

1    with Dr. Spencer since his release and her observation of Dr. Spencer's damages.  Kathryn will

2    also testify as to all aspects of her own damages.

3         5.    **ART CURTIS**

4        Art Curtis will be expected to testify to all aspects of the investigation, arrest, prosecution

5    and imprisonment of Dr. Spencer, including all post-conviction activities.

6         6.    **JAMES PETERS**
                800 E. Park Boulevard, Suite 600

7                    Boise, Idaho 83712

8        James Peters will be expected to testify to all aspects of the investigation, his interviews,

9    the arrest, prosecution and imprisonment of Dr. Spencer, including all post-conviction activities.

10        7.    **SHARON KRAUSE**
                2185 E. Emerald River Court

11                   Fort Mohave, AZ 86426

12       Sharon Krause will be expected to testify to all aspects of the investigation of Dr. Spencer,

13   her interviews of Matthew Spencer and Kathryn Tetz, the arrest of Dr. Spencer, the prosecution of

14   Dr. Spencer, the imprisonment of Dr. Spencer and all post-conviction activities up to, through,

15   and after the release of Dr. Spencer.

16        8.    **MICHAEL DAVIDSON**
                6949 SE Mark Road

17                   Prineville, OR 97754

18       Michael Davidson will be expected to testify to all aspects of the investigation of Dr.

19   Spencer, his interviews of Matthew Spencer and Kathryn Tetz, the arrest of Dr. Spencer, the

20   prosecution of Dr. Spencer, the imprisonment of Dr. Spencer, all post-conviction activities up to,

21   through, and after the release of Dr. Spencer, and his relationship with Shirley Spencer.

22        9.    **HONORABLE JAMES RULLI**
                1200 Franklin St

23                   Vancouver, WA 98660

24       The Honorable James Rulli is expected to testify to all aspects of his representation of Dr.

25   Spencer and his knowledge and observations of all events involving the case to the present.

26

27

PLAINTIFFS' INITIAL DISCLOSURES – 3
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150·  Fax: (206) 757-7700

183

1    10.    **SHIRLEY SPENCER**
           18102 NE Cole Witter Rd.
2          Battle Ground, WA 98604

3    Shirley Spencer will be expected to testify to all aspects of her relationship to Dr. Spencer

4    before, during and after his arrest and imprisonment, her involvement in the investigation,

5    prosecution and imprisonment of Dr. Spencer and the interviews of Matthew Spencer and

6    Kathryn Tetz, and her relationship with Michael Davidson.  She is also expected to testify as to

7    her knowledge of, and involvement in. the case until the present.

8    11.    **MATT HANSON**
           17313 E. View Lane
9          Yelm, WA 98597

10   Matt Hanson will be expected to testify to all aspects of his relationship to Dr. Spencer

11   before, during and after his arrest and imprisonment, his involvement in the investigation, his

12   interactions with law enforcement and his knowledge of, and observations of, his mother's

13   involvement in the case.

14   12.    **DETECTIVE FLOOD**
           Sacramento Police Department
15         Sacramento, California

16   Detective Flood will be expected to testify to his investigation, all aspects of his

17   interviews with Kathryn Tetz and Matthew Spencer, and his knowledge of the case.

18   13.    **REBECCA ROE**
           810 Third Avenue, Suite 500
19         Seattle, Washington 98104

20   Rebecca Roe is expected to testify that she is an expert in sex crimes investigations, and

21   she is expected to testify regarding her report on the investigation into Dr. Spencer dated

22   November 27, 1984 and all aspects of her involvement in the case.

23   14.    **DR. KATHRYN MAGEE**
           University of California Davis Medical Center
24

25   Dr. Magee is expected to testify regarding her medical evaluation of Kathryn Tetz that

26   took place on August 30, 1984, and any and all knowledge she has about the case.

27

PLAINTIFFS' INITIAL DISCLOSURES – 4
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

184

15.   **DR. STANLEY ABRAMS**

Dr. Abrams is expected to testify regarding his polygraph examination of Dr. Spencer and any and all knowledge he has about the case.

16.   **LINDA DAVIDSON**

Linda Davidson will be expected to testify to all aspects of her relationship with Michael Davidson, including the nature of Michael Davidson's affair with Shirley Spencer, her divorce from Michael Davidson and any and all knowledge she has about the case.

17.   **JUDGE THOMAS LODGE**

Judge Lodge is expected to testify to all aspects of Dr. Spencer's case, including but not limited to his prior knowledge of Dr. Spencer, his observations of Dr. Spencer in court and at the entry of Dr. Spencer's plea.

18.   **DR. MANUEL GALAVIZ**
      14406 NE 20th Ave
      Vancouver, WA 98686

Dr. Galaviz is expected to testify regarding his medical evaluation of Matt Hanson that took place on March 6, 1985 and any and all knowledge he has about the case.

19.   **DR. HENRY DIXON**
      Portland, Oregon

Dr. Dixon is expected to testify regarding his examination of Dr. Spencer, which included the administration of sodium amytal, or truth serum.

20.   **CAL COAST UNIVERSITY REPRESENTATIVE**
      925 N. Spurgeon Street
      Santa Ana, CA 92701

A representative of California Coast University is expected to testify to all aspects of the University's contact with Dr. Spencer as he sought his doctoral degree.

21.   **VIDEOTAPE CAMERA OPERATOR OF INTERVIEW OF KATHRYN**

The individual that operated the videotape camera that captured the interview of "Kathryn" Spencer is expected to testify to all aspects of that procedure and as to whether

PLAINTIFFS' INITIAL DISCLOSURES – 5
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

185

1  additional portions of the investigation and case were captured on videotape.

2      22.    **GOVERNOR LOCKE**

3      Governor Locke is expected to testify to all aspects of his consideration of the case

4  presented to him that led to the conditional commutation of Dr. Spencer's sentence.

5      23.    **PETER A. CAMIEL**
              710 Cherry Street
6              Seattle, WA 98104

7      Peter Camiel will be expected to testify to all aspects of his representation of Dr. Spencer

8  and his knowledge of the case at all stages of the criminal process.

9      24.    **MICHAEL C. KINNIE**
              1200 Franklin Street
10             P.O. Box 5000
              Vancouver, WA 98666
11

12     Michael Kinnie will be expected to testify to all aspects of his involvement in the

13  continued post-conviction prosecution of Dr. Spencer, and his activities with regard to the case

14  since Dr. Spencer's release.

15     25.    **DENNIS HUNTER**
              1013 Franklin Street
16             Vancouver, WA 98660

17     Dennis Hunter is expected to testify to all aspects of his involvement in the continued

18  post-conviction prosecution of Dr. Spencer, and his activities with regard to the case since Dr.

19  Spencer's release.

20     26.    **TIM HAMMOND**
              1013 Franklin Street
21             Vancouver, WA 98660

22     Tim Hammond is expected to testify to all aspects of his involvement in the continued

23  post-conviction prosecution of Dr. Spencer, his activities with regard to the case since Dr.

24  Spencer's release and his knowledge of all aspects of the case.

25     27.    **LELAND S. DAVIS**
              605 E. Evergreen
26             Vancouver, Washington 98661

27

PLAINTIFFS' INITIAL DISCLOSURES – 6
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 1200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

186

1       Leland Davis is expected to testify to all aspects of his involvement in the continued post-

2 conviction prosecution of Dr. Spencer, and his activities with regard to the case since Dr.

3 Spencer's release.

4       28.   **CAPTAIN R. KING**
605 E. Evergreen
5                Vancouver, Washington 98661

6       R. King is expected to testify to all aspects of the investigation, arrest, prosecution and

7 imprisonment of Dr. Spencer.

8       29.   **KIMBERLY ROBERT FARR**
1701 Broadway Street #270
9                Vancouver, WA 98663

10      Kimberly Robert Farr is expected to testify to all aspects of his involvement in the

11 continued post-conviction prosecution of Dr. Spencer, and his activities with regard to the case

12 since Dr. Spencer's release.

13      30.   **MIKE KANDOLL**

14      Mike Kandoll will be expected to testify to all aspects of the investigation and case of Dr.

15 Spencer, stemming from his position as a police officer for the Vancouver Police Department.

16      31.   **AL LARSON**

17      Al Larson is expected to testify to all aspects of the investigation and case of Dr. Spencer,

18 stemming from his position as a police officer for the Vancouver Police Department.

19      32.   **JOAN WILSON**
3409 NW 120th St
20                Vancouver, WA 98685

21      Joan Wilson will be expected to testify regarding her knowledge of the investigation, her

22 friendship to Dr. Spencer and her visits to him while in jail.

23      33.   **LEO AND LOIS CLARK**
25413 NE 13th St
24                Camas, WA 98607

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

187

Leo and Lois Clark will be expected to testify to all aspects of their friendship with Dr. Spencer, their visits to him while in county jail, and their knowledge of the case and in particular, Shirley Spencer.

**FRCP 26(a)(1)(A)(ii)**

A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

1.    Medical exam of Kathryn E. Tetz on August 30, 1984.

2.    Medical exam of Matthew Hanson on March 6, 1985.

3.    Report by Rebecca Roe of November 27, 1984.

4.    Trial Transcripts of the Habeas Corpus proceeding from September 3 – 6, 1996.

5.    Order of Conviction and Sentencing of Ray Spencer by Judge Lodge dated May 23, 1985.

6.    Videotaped interview of Kathryn E. Tetz on December 11, 1984.

7.    Commutation and Sentencing Order of Governor Locke on December 23, 2004.

8.    Clark County Prosecutors Office Press Release from August 12, 2010.

9.    Affidavit of Sharon Krause executed October 28, 2009.

10.    Official CCSO index dated August 30, 1984 listing documents collected in the investigation of Dr. Spencer.

11.    Official CCSO index dated November 8, 1984 listing documents collected in the investigation of Dr. Spencer.

12.    Deposition of Henry Dixon from May 22, 1996.

13.    Deposition of Kevin McGovern from June 18, 1996.

14.    Deposition of Lawrence Halpern from August 8, 1996.

15.    Deposition of Shirley Spencer from June 4, 1996.

PLAINTIFFS' INITIAL DISCLOSURES – 8
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150·  Fax: (206) 757-7700

188

16.     Deposition of James Rulli from June 17, 1996.

17.     Deposition of Barry Logan from July 16, 1996.

18.     Deposition of Karen Klein from August 6, 1996.

19.     Deposition of David Rex Woodward from February 22, 1996.

20.     Deposition of Sharon Krause from May 22, 1996.

21.     Deposition of James Peters from July 30, 1996.

22.     Deposition of Rebecca Wiester from July 24, 1996.

23.     Deposition of Michael Davidson from July 25, 1996.

24.     Clark County Sheriff's Office Police Reports from: 2/22/85, 2/27-28/85, 2/28/95, 3/7/85, 3/21/85, 3/25/85.

25.     Transcript of interview with Matt Hanson (10/20/09).

26.     Transcript of interview with Shirley Spencer (10/26/09).

27.     Transcript of interview with James Michael Davidson (10/26/09).

28.     Transcript of interview with Sharon Krause (10/26/09).

29.     Transcript of interview with DeAnne Spencer (10/28/09).

30.     Transcript of interview with Phyliss Day (10/28/09).

31.     Declaration of Matthew Ray Spencer from February 27, 2006.

32.     Declaration of Kathryn E. Tetz from September 14, 2007.

33.     Dr. Spencer's Change of Plea Hearing from May 16, 1985.

34.     Letter from Art Curtis to Howard Goodfriend from July 1, 1992, indicating he never received medical records pertaining to Kathryn Spencer (Tetz).

///

///

///

///

///

PLAINTIFFS' INITIAL DISCLOSURES – 9
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

189

35. Memorandum from Captain R. King to Leland Davis, Chief of Police, from September 12, 1984 regarding progress of investigation into Dr. Spencer.

36. Transcript of July 10, 2009 of hearing before Judge Robert Lewis.

DATED this 27th day of September, 2011.

Respectfully submitted,

Davis Wright Tremaine LLP
Attorneys for Plaintiffs

By *s/ Daniel T. Davies*
Daniel T. Davies, WSBA #41793
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 206.757.8286
Fax: (206) 206.757.7286
E-mail: dandavies@dwt.com

Kathleen T. Zellner
Law Offices of Kathleen T. Zellner, P.C.
Esplanade IV
1901 Butterfield Road, Suite 650
Downers Grove, Illinois 60515
(630) 955-1212

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

190

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2011, I served the foregoing document via email as follows:

- **Daniel J. Judge**
  danielJ@atg.wa.gov, JoanK@atg.wa.gov, LaurelD@atg.wa.gov, TOROlyEF@atg.wa.gov, TracyJ@atg.wa.gov

- **Patricia Campbell Fetterly**
  Patriciafl@atg.wa.gov, cynthiam4@atg.wa.gov, deanm@atg.wa.gov, torolyef@atg.wa.gov

- **William Hudson Dunn**
  dunnwh@pacifier.com

I certify that on September 27, 2011, I served the foregoing document via U.S. Mail, postage prepaid, on the following party:

Robert M. McKenna
Attorney General of Washington
Government Operations Division
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA  98504-0108

DATED this 27th day of September, 2011.

s/Daniel T Davies
Dan Davies, WSBA # 41793

PLAINTIFFS' INITIAL DISCLOSURES – 11
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

191