Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, )
              Plaintiff, )
    v. )
FORMER DEPUTY PROSECUTING )
ATTORNEY FOR CLARK COUNTY JAMES )
M. PETERS, DETECTIVE SHARON KRAUSE, )
and SERGEANT MICHAEL DAVIDSON, )
              Defendants. )

No. C11-5424BHS

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE RULE 26(a)(2) REPORTS OF REBECCA ROE AND PATTI TOTH AND TO BAR TESTIMONY

**NOTE ON MOTION CALENDAR:**
**Friday, December 7, 2012**

NOW COMES PLAINTIFF, Clyde Ray Spencer, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and for his reply in support of his motion to strike the expert report of Rebecca Roe and bar her testimony[1], states as follows:

**Introduction**

Plaintiff has moved to strike the expert report of Rebecca Roe and to bar her from testifying at trial as to the content of that report. The basis for Plaintiff's motion is that Roe's trial-induced "expert" opinion regarding probable cause for the Spencer prosecution embraces

---

[1] Plaintiff has not yet deposed Rebecca Roe. Her deposition is scheduled for Thursday, December 13.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-
5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

an ultimate issue of law, and is therefore irrelevant and inadmissible.  Plaintiff's motion is also based on the fact that Roe is not qualified to rebut the opinions held by Plaintiff's expert, Dr. Bernet, on child interviewing techniques.

Defendants apparently concede that Roe "may not opine upon the ultimate legal issue of whether probable cause existed to prosecute Mr. Spencer[.]"[2] (Dkt. 118, p. 6, ln. 17-19).  Yet Defendants contend that her opinions are admissible as to "the standard of care for the conduct of the prosecution of child sex abuse cases in 1984 – 1985." (Dkt. 118, p. 6, ln. 16-17).  Defendants argue that Roe's testimony is required to establish the standard by which to judge the conduct of the prosecution, and is crucial to the defense of Plaintiff's claim of malicious prosecution.  (Dkt. 118, p. 4, ln. 16-22).

Defendants' arguments should be rejected because Plaintiff has sued Defendant Peters for his role in the <u>investigation</u>, not as a prosecutor.  As such, any testimony as to the standard of care of a prosecutor has no place in the instant litigation.  Furthermore, malicious prosecution, *Brady*, deliberate fabrication of evidence and conspiracy are all <u>intentional</u> torts.  Expert testimony as to standard of care applies to <u>negligence</u> causes of action, and is therefore irrelevant to Plaintiff's §1983 claims which are all based on intentional misconduct.

**A. Plaintiff's motion does not seek to bar Rebecca Roe from testifying as a <u>fact</u> witness with regard to her involvement in the Spencer investigation and/or prosecution through November, 1984**

As a threshold matter, Plaintiff agrees with the defense that Roe should be permitted to testify as a <u>fact</u> witness regarding her review and assessment of the evidence in November 1984.  However, Plaintiff feels constrained to correct a misrepresentation in Defendants' response to Plaintiff's motion.  Rebecca Roe's November 1984 report does <u>not</u> state that the

---

[2] Defendants have wholly failed to rebut the extensive body of case law in §1983 litigation holding that an expert may not offer an opinion as to probable cause.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

case against Mr. Spencer was "filable," as suggested by Defendants. (Dkt. 118, p. 2, ln. 12-15). Rather, the report explicitly states:

> In sum, I think a case with a five year old and absolutely nothing else is filable <u>if there is no significant problem with what the five year old says</u>. <u>Here, there are several problems</u>.

Roe indicated in her report that the case was being returned as "legally insufficient."[3] *Exhibit 1 to Fetterly Declaration* (Dkt. 118-1). Roe's conclusion is consistent with Peters' own admission that as of November, 1984 the evidence against Mr. Spencer was "definitely weak" and the case could not be proven. *Zellner Dec., Exhibit A, excerpt of Peters deposition.*

The fact that Roe determined the case was legally insufficient is probative of Plaintiff's claim that Defendant Peters was involved in the investigation. Defendant Peters has testified that he recommended that the case be evaluated by Roe, and Peters was aware of Roe's assessment of the evidence prior to his interview with Katie Spencer on December 11, 1984. Roe's determination that probable cause was lacking is relevant because a prosecutor should not consider himself to be an advocate before there is probable cause to arrest. *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993). Thus, Roe should be permitted to testify as to her assessment of the evidence in November 1984 as reflected in her report.

Although Roe should be allowed to testify as to her actual involvement in the Ray Spencer investigation/prosecution, she should not be permitted to testify as an "expert" based on a post-hoc analysis of the investigation unless her testimony would otherwise be admissible. However, her opinions regarding prosecutor standards of care are wholly irrelevant and should be excluded.

---

[3] Roe's report that evidence was lacking to support a conviction is self-evident. This Court should have pause to the extent the defense (or Rebecca Roe for that matter) suggests that, despite her evaluation, an ethical prosecutor could have filed charges against Ray Spencer. "A prosecutor should not institute, cause to be instituted, or permit the continued pendency of criminal charges in the absence of sufficient admissible evidence to support a conviction." (*See* ABA Standards for Criminal Justice, Prosecution Function 3-3.9(b)).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

**B. Roe's opinions as to standard of care are irrelevant because Defendant Peters is being sued for his involvement in the investigation, and because he is being sued for an intentional tort as opposed to negligence.**

Roe purports to offer numerous opinions regarding standards of care applicable to prosecutors. Her opinions in this regard are irrelevant, because Defendant Peters is being sued for his involvement in the <u>investigation</u>. Absolute immunity protects prosecutors when they engage in prosecutorial acts, which are activities intimately associated with the judicial phase of the criminal process. *Imberl v. Pachtman*, 424 U.S. 409, 430 (1976). Immunity is a question of law to be decided by the court. *Buckles v. King County*, 191 F.3d 1127, 1132 (9th Cir. 1999). Expert testimony is not proper for issues of law, as the role of experts is to interpret and analyze factual evidence rather than testify as to the state of the law. *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996).

Thus, to the extent that Defendant Peters cannot be sued for his actions taken as a prosecutor (a decision to be made by this Court), Roe's opinions regarding prosecutorial standards of care are irrelevant.[4] For this reason injecting testimony regarding standards of care relevant to a prosecutor is likely to confuse the issues and mislead the jury. Proffered expert testimony must be excluded unless it "speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *Durham v. County of Maui*, 742 F.Supp.2d 1121, 1128 (D. Hawaii 2010), quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311 (9th Cir. 1995). Roe's report should therefore be stricken and her testimony as to the substance of that report barred.

Furthermore, this Court should strike Roe's opinions regarding prosecutor standards of care because they have no place in a lawsuit alleging <u>intentional</u> misconduct. Standard of care

---

[4] Tellingly, Defendants have not cited to a single case where expert testimony was allowed regarding the standards of care relevant to a prosecutor in a §1983 cause of action for malicious prosecution, *Brady*, deliberate fabrication of evidence and/or conspiracy.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1  evidence is relevant to a claim of <u>negligence</u>, because it is the standard against which the
2  defendant's conduct is measured.  For e.g., *Jines v. General Elec. Co.*, 303 F.2d 76, 79 (9th Cir.
3  1962).  However, testimony as to the standard of care has no place in a lawsuit alleging
4  intentional violations of a plaintiff's constitutional rights under §1983.  *Estes v. Moore*, 993
5  F.2d 161, 163-64 (8th Cir. 1993) (holding that the district court properly excluded proffered
6  expert testimony regarding negligence because plaintiff's claims were brought pursuant to
7  §1983 and was not a tort action).

8   Nor are Roe's purported opinions as to whether Defendant Peters knew or should have
known that information which formed the basis of the prosecution was fabricated admissible.
(Dkt. 118, p. 11).  In *Peterson v. City of Plymouth*, the plaintiff sued three police officers under
§1983 alleging Fourth Amendment violations and false imprisonment.  60 F.3d 469, 471 (8th
Cir. 1995).  The defense was allowed to introduce the testimony of a police practices and
procedures expert at trial.  *Id*. at 475.  The expert testified that the officers' conduct was
consistent and comported with "nationally accepted standards."  *Id*.  The 8th Circuit held that
the trial court committed error by admitting the testimony.  The court noted that the disputed
issues at trial were whether the officers had probable cause and whether they were entitled to
qualified immunity.  *Id*.  The jury's role was limited to settling disputes as to predicate facts.
*Id*.  The court held that the expert's testimony concerning the <u>reasonableness</u> of the officers'
conduct was not fact-based, but a legal conclusion.  *Id*., citing *Estes*, 993 F.2d at 163.

Similarly, here, the defense seeks to have Roe testify as to "the conduct of the Spencer
prosecution" and for her to offer opinions as to whether "defendant Peters knew or should have
known that the allegations contained in [investigative] reports were fabricated[.]"  In other
words, Roe offers opinions as to the <u>reasonableness</u> of Defendant Peters' conduct.  This is

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-
5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

precisely the type of testimony that was held inadmissible in *Estes* and *Peterson*, and it should likewise be excluded in this case because it will not aid the jury.

## Conclusion

For the reasons stated herein, Plaintiff respectfully requests that the motion to strike the report of Rebecca Roe and bar her testimony as to the content of that report be granted.

Respectfully submitted,

/s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on December 7, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA  98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

  /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE RULE 26(a)(2) REPORTS AND BAR TESTIMONY (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax