UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, et al.,

        Plaintiffs,

   v.

JAMES M. PETERS, et al.,

        Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR FED. R. CIV. P. 35 EXAMINATION

This matter comes before the Court on Defendants' motion for Fed. R. Civ. P. 35 examination (Rule 35 examination) of Plaintiff Clyde Ray Spencer ("Spencer") (Dkt. 105). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 15, 2012, Defendants filed the instant motion, asking the Court to enter an order directing Spencer to submit to an examination to evaluate the existence and extent of his damages in this lawsuit. Dkt. 105. On November 26, 2012, Spencer filed a

1 | response in opposition to Defendants' motion. Dkt. 112. On November 29, 2012,

2 | Defendants filed a reply brief. Dkt. 116.

## II. FACTUAL BACKGROUND

Spencer filed this action against Defendants seeking damages for alleged false arrest, malicious prosecution and false imprisonment, among other claims. *See* Dkt. 1. Specifically, Spencer's complaint seeks recovery of "compensatory damages, including but not limited to, those past and future pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary (sic) losses." *Id.* at 67. In addition, in response to an interrogatory propounded by Defendant Michael Davidson regarding "mental or emotional injuries or disabilities due to the incident," Spencer answered as follows:

> Plaintiff objects to this Interrogatory on the basis it calls for a narrative response and is better posed upon oral deposition. Without waiving and subject to the foregoing objection, Plaintiff states yes. Refer to Plaintiff's complaint for allegations regarding damages. Refer to the report of Dr. Kuncel. Also, refer to the medical records in possession of the Defendants and produced by Plaintiff in response to Interrogatory No.3.
> Answering further, as a result of his incarceration Plaintiff was subjected to physical fights with other inmates that resulted in injury. Plaintiff endured and continues to endure severe stress as a result of his prosecution and incarceration, which has and may continue to contribute to a premature decline in his overall physical health.
> Answering further, Plaintiff suffered and continues to suffer severe emotional distress and mental anguish as a result of the actions of the Defendants. Plaintiff lived in constant fear that he would be killed while an inmate. Plaintiff suffers from posttraumatic stress disorder; severe anxiety and depression; feelings of hopelessness and anger; difficulties with concentration; sleeplessness and nightmares; and side effects of medications he is on to manage these problems.
> Answering further, Plaintiff states that he has suffered and continues to suffer from damages to the relationships with his wife, children, siblings and friends; a loss of a meaningful career; and damage to his reputation.

1  Dkt. 103 at 1 and 5.

2  In Spencer's interrogatory responses he referenced Ruth Kuncel, Ph.D. ("Dr.

3  Kuncel"), a licensed clinical psychologist, who he had previously disclosed as an expert

4  and who will testify in support of his damages consistent with numerous opinions

5  expressed in her expert report. *Id*. at 9.  Defendants have disclosed Ronald Klein, Ph.D.

6  ("Dr. Klein"), also a licensed clinical psychologist, as their rebuttal expert. Dkt. 103 at

7  31.  Defendants have indicated that Dr. Klein will provide testimony to exclude the

8  testimony of Dr. Kuncel and will testify regarding the psychological or emotional

9  damage, if any, sustained by Spencer. Dkt. 105 at 3.

10  Although the Defendants requested a Rule 35 examination from Spencer, he

11  denied it and advised that he would not attend such an examination absent a court order.

12  *Id*.  (*citing* Dkt. 103 at 56).   This dispute precipitated the filing of the instant motion.

### III. DISCUSSION

14  Defendants argue that Spencer has put his mental state in controversy, and they

15  have good cause to have their expert conduct an examination of him. Spencer maintains

16  that Defendants have not shown good cause to warrant a Rule 35 examination of him.

17  **A.     Standard**

18  Fed. R. Civ. P. 35 provides, in pertinent part:

> (a) Order for an Examination.
> (1) In General. The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
> * * *
> (2) Motion and Notice; Contents of the Order. The order:

>    (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; . . . .

Under Fed. R. Civ. P. 35(a), the moving party must show that the plaintiff's condition that is the subject of the examination is genuinely in controversy and that good cause exists for ordering the particular examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). In some situations the pleadings alone are sufficient to meet these requirements. *Id*. at 119. For example, a "plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. (internal quotation marks and citation omitted). In other cases, "[g]ood cause for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995).

B.   **Application of Standard**

Here, by claiming extensive emotional damages in his complaint, and in his response to Defendants' interrogatories as well as his reliance upon Dr. Kuncel's expert opinions and testimony, there is no genuine dispute that Spencer has put his mental condition in controversy. *See Schlagenhauf*, 379 U.S. at 119. Though Spencer disputes whether Defendants have good cause for a Rule 35 examination, Spencer's complaint itself establishes good cause for such an examination to determine the existence and extent of his injuries.

ORDER - 4

Further, Defendants argue that they have good cause to examine Spencer using their own expert, who needs to adduce specific relevant facts necessary to Defendants' case and which Dr. Kuncel's report does not supply. The affidavit of Dr. Klein and his November 5, 2012 expert report details the reasons Dr. Kuncel's psychological examination and written report fail to meet forensic examination standards and are insufficient for Defendants' purposes. *See* 103 at 33-41 and 117.

Spencer argues that Dr. Kuncel's expert opinion about the potential problems associated with reliability and validity of the test results and interpretations demonstrates that further testing would not shed additional light on Spencer's claims for psychological and emotional damages. Dkt. 112. at 5 (*citing* Dkt. 114 at 3). Spencer maintains that he has already been administered the Minnesota Multiphase Personality Inventory (MMPI) in addition to a battery of other psychological tests during his incarceration, which are available to Defendants. Dkt. 112 at 3. Finally, Spencer argues that Defendants' request for an examination must fail because they don't specify the scope of the requested exam as required by Fed. R. Civ. P. 35(a)(2)(B). Dkt. 112 at 6.

Defendants observe the two prior MMPI tests are not a sufficient substitute for the requested examination by Dr. Klein. Dkt. 116 at 3. The two prior MMPI tests were completed more than ten years ago, during the time Spencer was a candidate for parole and much of the other testing was done to measure Spencer's IQ and cognitive processing. *Id*. at 4. In short, the tests are not current and were completed in a different context and for different purposes.

1     For the reasons cited by Defendants and articulated above, the Court finds that
2 they have shown good cause exists, and Spencer will submit to examination by Dr. Klein.
3 In this instance, the Court will not circumscribe Dr. Klein's professional discretion by
4 limiting the testing he may do, as generally outlined in his declaration, so long as he is
5 practicing within the scope of his license.

## IV. ORDER

7     Therefore, it is hereby **ORDERED** that Defendants' motion for Fed. R. Civ. P. 35
8 examination of Spencer is **GRANTED** (Dkt. 105).

9     Dated this 10th day of December, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge