Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, <br><br>          Plaintiffs, <br><br>     v. <br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN, <br><br>          Defendants. | No. C11-5424BHS <br><br> **PLAINTIFF'S MOTION TO BAR DEFENDANTS' REBUTTAL EXPERT RONALD KLEIN, Ph.D.** <br><br> **NOTICE DATE:** <br> **Friday, December 28, 2012** |

NOW COMES PLAINTIFF, Clyde Ray Spencer, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and for his Motion to Bar Defendants' Rebuttal Expert Ronald Klein, Ph.D., states as follows:

**Introduction**

Plaintiff seeks to bar Ronald Klein, Ph.D. because Dr. Klein was disclosed after the date set by this Court for the disclosure of experts. Dr. Klein was disclosed on November 7, 2012, the date this Court set for "Disclosure of <u>rebuttal</u> expert testimony under FRCP(a)(2)." (Emphasis added). Dr. Klein was disclosed solely as a rebuttal expert in response to Plaintiff's

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT
RONALD KLEIN, Ph.D. (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

timely disclosure of Ruth Kuncel, Ph.D. ("Dr. Kuncel"), a licensed clinical psychologist. Dr. Kuncel has not been deposed. Plaintiff has since advised Defendants that he will not be presenting the testimony of Dr. Kuncel at the trial of this cause. Thus, Dr. Klein cannot offer rebuttal testimony to Dr. Kuncel, the only purpose for which he was disclosed. Dr. Klein should therefore be barred from conducting a medical examination of Plaintiff and from testifying in this cause.

### Factual Background

1. Plaintiff filed the initial Complaint in this action on June 2, 2011. (Dkt. 1)

2. In that Complaint Plaintiff detailed the severe emotional distress he suffered as a result of being the sole focus of the investigation, including the fact that he was "extremely depressed and withdrawn" as a result of the Defendants' conduct (Dkt. 1, p. 14, ln. 19-20); the steps Plaintiff took to try keep his sanity while being incarcerated for crimes he did not commit (Dkt. 1, p. 26-28); and that the Defendants caused him "severe emotional distress and anguish." (Dkt. 1, p. 62, ln. 3-6). The Complaint includes a prayer for relief for "compensatory damages, including but not limited to, those past and future pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." (Dkt. 1, p. 67, ln. 16-19).

3. Thus, Defendants have been on notice that Plaintiff seeks emotional and psychological damages since the Complaint was filed on June 2, 2011.

4. On December 28, 2011, this Court issued a "Minute Order Setting Jury Trial and Pretrial Dates And Ordering Mediation." (Dkt. 49). That Order set the date for "Disclosure of expert testimony under FRCP 26(a)(2)" as October 9, 2012. (Dkt. 49, p. 1, ln. 18).

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT
RONALD KLEIN, Ph.D. (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

5. Defendants did not disclose Dr. Klein for over seventeen months, notwithstanding the fact that they were on notice of Plaintiff's claim of emotional damages from the date the Complaint was filed.

6. More importantly, Defendants did not disclose Dr. Klein on or before October 9, 2012, the deadline imposed by this Court for disclosure of expert witnesses.

7. Instead, Defendants disclosed Dr. Klein on November 7, 2012, the date this Court set for "Disclosure of rebuttal expert testimony under FRCP(a)(2)."  (Dkt. 49, p. 1).

8. That disclosure of Dr. Klein clearly labeled Dr. Klein as a rebuttal expert.  The cover letter sent by defense counsel begins "Enclosed please find Sharon Krause's Disclosure of Rebuttal Expert Witness Testimony, a copy of which was electronically mailed to you today." *See Declaration of Kathleen T. Zellner ("Zellner Dec."), Exhibit A*.

9. The actual disclosure is labeled "Defendant Sharon Krause's Disclosure of Rebuttal Expert Testimony." *Zellner Dec., Exhibit B*.

10. In addition to the express words used to identify Dr. Klein as a rebuttal expert, and the fact that Dr. Klein could have only testified as rebuttal expert due to the date he was disclosed, a review of his opinion further confirms his status as a rebuttal expert.

11. In his disclosed opinion, Dr. Klein immediately sets forth the sole purpose for his involvement in the case, i.e. to rebut the testimony of Plaintiff's timely disclosed expert, Ruth Kuncel, Ph.D.:

> At your request I have reviewed the forensic report prepared by Ruth Kuncel, Ph.D. regarding Mr. Spencer who is currently a plaintiff in a legal action. *Zellner Dec., Exhibit C, p. 1 of Klein Report*.

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT
RONALD KLEIN, Ph.D. (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

12. Dr. Klein concludes his opinion with the following:

> "In summary, Dr. Kuncel falls far short of the established guidelines on how to conduct a forensic evaluation and compose a written report of that evaluation." *Zellner Dec., Exhibit C, p. 9*.

13. Nothing in Dr. Klein's disclosure suggested he intended to expand his testimony beyond his rebuttal to Dr. Kuncel. Nor could he do so, as Dr. Klein had not been disclosed prior to the deadline set by this Court for the disclosure of expert witnesses.

14. Thus, it is clear that Dr. Klein was disclosed solely in rebuttal to Dr. Kuncel's proffered report.

15. Plaintiff's counsel has notified the defense that she will not be calling Dr. Kuncel at trial in this cause.[1]

**A. Dr. Klein should be barred because he was not timely disclosed as an expert, and because the testimony he was offered to rebut is no longer being offered in this cause.**

Rebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts. *Int'l Business Machines Corp. v. Fasco Industries, Inc.*, 1995 WL 115421, at *3 (N.D. Cal. March 15, 1995); see also Fed.R.Civ.P. 26(a)(2)(D). In this respect, a party can control the scope of the testimony of the adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter. *Id*. A party who foregoes designating an expert by the initial disclosure date will thus find itself in a purely reactive mode, greatly restricted in its ability to offer expert testimony. *Id*.

Here, Defendants could have moved for an examination of Plaintiff and/or disclosed Dr. Klein at any time prior to the October 9, 2012, the cut-off date for experts. They chose not to

---

[1] Expert testimony is not needed to support a claim of emotional distress or mental anguish damages. For e.g., *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (holding that the plaintiff's testimony alone was sufficient to substantiate the jury's award of emotional damages); *Carey v. Piphus*, 435 U.S. 247, 264 (n. 20) (1978) (noting that emotional distress damages are "essentially subjective" and may be proven by reference to the injured party's conduct and observations by others); *Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985) (upholding psychological damages based solely on testimony).

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT
RONALD KLEIN, Ph.D. (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

do so, and were therefore restricted to offering rebuttal testimony.  However, now that Plaintiff will not be offering Dr. Kuncel's testimony there is nothing for Dr. Klein to rebut.

This reasoning was followed in *Johnson v. Grays Harbor Community Hospital*, 2007 WL 4510313 (W.D. Wash. Dec. 18, 2007).  In Johnson, the plaintiff did not disclose any experts by the initial deadline for disclosure of expert witnesses. *Id*. at *1.  The plaintiff subsequently identified rebuttal experts by the deadline for disclosure of rebuttal experts. *Id*. at *1.  The defendants sought to prohibit the plaintiff's experts from testifying during the plaintiff's case in chief. *Id*. *2.

In ruling on the defendant's motion, this Court held that "until and unless Defendants' experts testify, Plaintiffs' experts will be unable, as a practical matter, to offer true 'rebuttal' testimony.  *Id*.  This Court further held that "Plaintiff's rebuttal experts will be allowed to testify at trial only *after* Defendants' experts have testified."  (Emphasis in original).  *Id*.  See also *Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D. Hawaii March 19, 2008) (holding that the plaintiff's designated rebuttal experts would be permitted to testify unless and until the defendant's experts testify to opinions for which the rebuttal experts had been designated).

The same result should be reached here.  If Defendants wanted Dr. Klein to independently examine Plaintiff and offer opinions regarding his claims of damages <u>independent of Plaintiff's disclosed expert testimony</u>, they were obliged to disclose Dr. Klein prior to the expert disclosure deadline date.[2]  They did not do so.  Consistent with his rebuttal report and Defendants' disclosure of rebuttal witnesses, Dr. Klein is limited to offering testimony in rebuttal of Dr. Kuncel.  However, Dr. Kuncel will not be called to testify and,

---

[2] As referenced above, Defendant's had ample time – in excess of 16 months from the date the Complaint was filed – to disclose an expert on Plaintiff's claim of damages or request an independent medical exam for that purpose.

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT
RONALD KLEIN, Ph.D. (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

therefore, Dr. Klein will have nothing to rebut.  Just as in *Johnson*, Dr. Klein's proposed testimony should be barred.

### Conclusion

For the reasons stated herein, Plaintiff respectfully requests that this Court enter an order barring Dr. Klein from conducting a medical examination of Plaintiff and from testifying in this cause.

Respectfully submitted,

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on December 13, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA  98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

  /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax