1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

              Plaintiff,

     v.

JAMES M. PETERS, et al.,

             Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S
SUPPLEMENTAL
DISCLOSURES AND BAR
TESTIMONY

14

15

16

17

18

19

20

21

22

     This matter comes before the Court on a motion to strike Plaintiff Clyde Ray

Spencer's ("Spencer") supplemental disclosures and to bar testimony (Dkt. 108) filed by

Defendants Sharon Krause, Michael Davidson and James Peters (collectively,

"Defendants"). The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file. For the reasons stated herein, the

Court grants in part and denies in part the motion.

# I.  PROCEDURAL & FACTUAL BACKGROUND

This case arises out of the alleged wrongful arrest and prosecution of Spencer. Among the causes of action pending in this matter are 42 U.S.C. § 1983 claims for malicious prosecution, fabrication of evidence, deliberate withholding of exculpatory evidence, conspiracy, false arrest and false imprisonment.

On November 19, 2012, the same day Spencer filed his supplemental disclosure of witnesses, Defendants filed the instant motion to strike the disclosure of nine of the twelve additional witnesses and bar them from testifying.  *See* Dkts. 108, 110 at 3 & 111 at 2.  These disclosures included four doctors; one of the doctors, Lee Coleman, M.D. ("Dr. Coleman"), who is apparently a paid expert witness, rather than a treating physician, was disclosed over a month after the deadline for expert disclosures (October 9, 2012).  *See* Dkts. 110 at 3-4, 109 at 48, & 49.  Among the other witnesses supplementally disclosed were four attorneys expected to testify, at least in part, to their knowledge of the investigative and interview techniques of Sharon Krause.  Dkt. 109 at 47.  Another witness is an investigator, who is expected to testify to "all aspects of his investigation into the accusations against [] Spencer."  *Id*. at 48.

# II.  DISCUSSION

Defendants ask the Court to strike nine of the twelve witnesses, the aforementioned doctors, attorneys and the investigator, identified in Spencer's supplemental disclosures, and bar them from testifying in writing or in person.  Dkt. 108 at 1.  In support of their motion, Defendants argue in part that Spencer did not serve the supplemental disclosures in a timely manner, as required by Fed. R. Civ. P. 26(e)(1)(A),

1   and he fails to provide a legitimate justification for waiting until one month before the

2   discovery cutoff before serving them.  Dkt. 122 at 2 & 108 at 2-3 (*citing* Fed. R. Civ. P.

3   37(c)(1)).  Additionally, Defendants contend that all the doctors should be excluded as

4   experts because Spencer disclosed those over a month after the expert disclosure

5   deadline. Dkt. 108 at 3-4.  As a result of Spencer's belated disclosures, Defendants

6   contend that they are prejudiced because, with the heavy deposition schedule in this case,

7   very little time has been available to investigate and evaluate the information they already

8   have, much less fit additional depositions into their schedule before discovery concludes.

9   Dkt. 122 at 2.

10          Spencer contends that Defendants' request is without merit and his disclosures

11   were timely.  Dkt 110 at 1.  Spencer further maintains that he has been diligent in

12   conducting depositions and accommodating with regard to Defendants' late notice of the

13   deposition of DeAnne Spencer.  *Id*. at 2.  Moreover, Spencer argues, while he could have

14   disclosed "hundreds" of witnesses long ago, it is only through "very recent testimony of

15   defendants" that Spencer "has properly narrowed its focus of the most relevant issues in

16   the case" and disclosed their twelve additional witnesses "the first business day after

17   DeAnne Spencer's deposition."  *Id*. at 3.  Spencer also contends that only three of the

18   four doctors, excluding Dr. Coleman, are treating physicians and not subject to the expert

19   disclosure deadline.  *Id*. at 3-4.  Finally, he argues that Defendants have not been

20   prejudiced by the timing of his supplemental disclosure of witnesses. *Id*.

21          The Court finds that Spencer's supplemental disclosures were not served in a

22   "timely manner," as required by Fed. R. Civ. P. 26(e)(1)(A). Given the quantity and

1    proximity of disclosure to the discovery cutoff date, the heavy deposition schedule, and

2    Defendants' need to depose some or all of the disclosed witness, prejudice to Defendants

3    is clear.  The Court will not permit the undue hardship that would result to Defendants

4    from Spencer's disclosure of twelve additional witnesses so close to the discovery

5    deadline, especially because Spencer knew or should have known long before November

6    19, 2012 that some or all of these same witnesses would likely testify.  *See* Dkt. 110 at 3.

7           However, the Court also acknowledges that some of Spencer's belatedly identified

8    witnesses may be important to his case.  Given that, it would not unduly prejudice

9    Defendants to allow Spencer to select two of the nine witnesses, to whom Defendants

10   have objected, to testify.  Dr. Coleman is excluded as a possible witness because he

11   would be an expert witness, and Spencer did not disclose him by the expert deadline.

12   Because the discovery cutoff date is December 17, 2012, the Court will extend the

13   discovery completion deadline to January 8, 2013.  All other scheduled dates will remain

14   the same.

15                                              **III.  ORDER**

16          Therefore, it is hereby **ORDERED** that Defendants' motion to strike Spencer's

17   supplemental disclosure of witnesses and bar their testimony is **GRANTED in part and**

18   **DENIED in part** as follows:

19

20

21

22

1.  Spencer may select two of the nine witnesses to whom Defendants have objected, excluding Dr. Coleman, and they may testify on a motion, at a hearing or during trial;

2.  The remaining seven witnesses are stricken from Spencer's supplemental disclosures and may not testify in writing or in person on a motion, at a hearing or during trial; and

3.  The discovery completion deadline is extended to January 8, 2013.

Dated this 18th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge