1

Honorable Benjamin H. Settle

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

8

9

10

CLYDE RAY SPENCER, MATTHEW RAY
SPENCER, and KATHRYN E. TETZ,

NO. C11-5424 BHS

11

Plaintiffs,

12

v.

13

14

15

16

17

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY
JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT
MICHAEL DAVIDSON, CLARK COUNTY
PROSECUTOR'S OFFICE, CLARK
COUNTY SHERIFF'S OFFICE, THE
COUNTY OF CLARK, SHIRLEY
SPENCER, and JOHN DOES ONE
THROUGH TEN,

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO BAR
DEFENDANTS' REBUTTAL
EXPERT RONALD KLEIN

**NOTED ON MOTION
CALENDAR:** December 28,
2012

18

Defendants.

19

20

21

## I. MATERIAL FACTS

22

On November 7, 2012, Dr. Ronald Klein was timely disclosed by defense counsel as a

23

rebuttal expert on damages and his written report was provided in full compliance with Fed.

24

R. Civ. P. 26(a)(2)(A), (B) and (D).  Declaration of Jeffrey Freimund ("Freimund Decl.") at

25

Ex. 1.  Defendants disclosed Dr. Klein as an expert who would submit a declaration or

26

affidavit supporting a motion *in limine* to exclude Dr. Kuncel's opinions (plaintiff's now

DEFENDANTS' RESPONSE TO MOTION
TO BAR RONALD KLEIN
No. C11-5424-BHS

- 1 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1    withdrawn expert on plaintiff's alleged damages). *Id.*  In addition, defendant Davidson

2    disclosed that "Dr. Klein may also provide testimony at trial regarding the psychological or

3    emotional damage, if any, sustained by plaintiff Clyde Ray Spencer and regarding his

4    examination of plaintiff Clyde Ray Spencer, to be arranged by agreement of counsel subject to

5
     the provisions of FRCP 35(b) or by motion, and the results of that examination." *Id.*  Plaintiff
6
7    refused to agree to an examination by Dr. Klein so defendants moved to compel plaintiff to

8    submit to an examination by Dr. Klein. Dkt. 105.

9         On December 10, 2012, the Court granted defendants' motion for a Fed. R. Civ. P. 35

10   examination of Mr. Spencer by Dr. Ronald Klein.  Dkt. 123.  The Court reasoned that

11   "Spencer's complaint itself establishes good cause for such an examination to determine the

12   existence and extent of his injuries." *Id.* at p. 4.  Thus, the Court ordered plaintiff to "submit

13
     to examination by Dr. Klein." Id. at p. 6.
14

15        Later the same day this order was entered, defense counsel promptly offered four

16   alternative dates for Dr. Klein's examination of Mr. Spencer.  Freimund Decl. at Ex. 2.

17   Plaintiff's counsel agreed to the latest date offered, December 21st.  *Id.*  The following day, on

18   December 11, 2012, defense counsel confirmed the date, time and location for Dr. Klein's

19   examination on December 21st.  *Id.*

20
          On December 12, 2012, plaintiff's counsel sent an email proposing several conditions
21
22   on how Dr. Klein's examination would occur and changing the start time for the examination.

23   Freimund Decl. at Ex. 3.  Defense counsel agreed in part to some of those conditions and

24   agreed to allow plaintiff's counsel to take Dr. Klein's deposition following provision of his

25   written report of his examination, even though that deposition would necessarily occur after

26   the December 17, 2012 discovery cut-off. *Id.*

On December 13, 2012, plaintiff's counsel sent an email stating they would not be calling plaintiff's damage expert, Dr. Kuncel, as trial witness and unilaterally struck Dr. Kuncel's deposition that defense counsel had noted for December 17th. Freimund Decl. at Ex. 4. Plaintiff's counsel also stated that because Dr. Klein was disclosed as a rebuttal expert to rebut Dr. Kuncel's opinions about Mr. Spencer's alleged emotional damages, Mr. Spencer would not appear for the court-ordered examination that had been mutually agreed to occur on December 21st. *Id.* Defense counsel responded that defendants expected plaintiff to comply with the Court's order that Mr. Spencer submit to an examination by Dr. Klein. *Id.* Later that same day, plaintiff's counsel filed the instant motion seeking to overturn the Court's prior order compelling Mr. Spencer to submit to an examination by Dr. Klein and barring Dr. Klein from testifying as an expert witness. Dkt. 124.

## II. ARGUMENT

As the Court previously ruled, "there is no genuine dispute that Spencer has put his mental condition in controversy" by claiming *inter alia* he has "posttraumatic stress disorder, severe anxiety and depressions; feelings of hopelessness and anger; difficulties with concentration; sleeplessness and nightmares; and side effects of medications he is on to manage these problems." Dkt. 123, at pp. 2, 4 (quoting Dkt. 103, at 1 and 5). Plaintiff's decision not to call Dr. Kuncel as an expert to support his claims of psychological and emotional damages does not change the fact that Mr. Spencer has put his mental condition in controversy.

Indeed, plaintiff indicates he intends to testify that defendants caused his alleged psychological and emotional damage claims. Dkt. 124, p. 4 n. 1 (citing cases stating plaintiff's testimony alone is sufficient to support a jury's award of emotional damages). No

1   doubt plaintiff will also testify that he has a doctorate degree in clinical psychology. *See* Dkt.

2   1, p. 28, ¶¶ 187-90.  Given his training in psychology, the jury could place more weight on

3   plaintiff's anticipated testimony that defendants caused his alleged psychological and

4   emotional damage.

5   
6       Defendants should be permitted to rebut plaintiff's anticipated testimony that

7   defendants caused his alleged psychological and emotional damage just as defendants would

8   have been permitted to rebut Dr. Kuncel's testimony on the same claims.  Plaintiff's motion to

9   overturn the Court's prior order compelling plaintiff to submit to examination by Dr. Klein

10  and to bar Dr. Klein from testifying would unfairly prejudice defendants by eliminating any

11  means to rebut plaintiff's testimony about his alleged psychological and emotional damages

12  and the causation of those alleged damages.

13  
14      Plaintiff's decision to withdraw Dr. Kuncel as an expert plainly was a tactical decision

15  attempting to avoid the Court's order compelling Mr. Spencer's examination by Dr. Klein, in

16  hopes plaintiff would be allowed to testify about causation of his alleged psychological and

17  emotional damage without fear of the jury hearing any contrary evidence from defendants.

18  This attempted manipulation of the judicial system should not be countenanced.

19      Trials are supposed to be a search for the truth.  Plaintiff should not be allowed to

20  manipulate the process by disclosing a damage expert, then withdrawing the expert when

21  improper and unsupported "opinions" are exposed by defendants' damage expert, then

22  arguing that plaintiff's withdrawal of his expert means plaintiff can testify about his alleged

23  damage and causation based on his own alleged psychological expertise, but defendants are

24  barred from offering any rebuttal evidence on causation and damages.  Defendants should not

25  
26  be penalized or sanctioned by having their damage expert precluded from testifying due solely

1    to plaintiff's unilateral decision to withdraw his damage expert as a testifying witness, and to

2    provide that testimony himself.

3        The cases relied on by plaintiff in support of his motion to overturn the Court's order

4    compelling him to submit to examination by Dr. Klein and to preclude Dr. Klein from

5    testifying do not support his arguments.  First, none of these cases deal with vacating a prior

6
     Court order authorizing an independent psychological examination, so none provide support
7
     for overturning the Court's prior order.  Plaintiff fails to properly move for reconsideration or
8
9    vacation of the Court's prior order compelling him to submit to examination by Dr. Klein.

10   Even if he had so moved, plaintiff would be unable to meet the strict criteria for disfavored

11   motions for reconsideration (Local Rule CR 7(h) or motions to vacate (Fed. R. Civ. P. 60).

12
     He did not oppose defendants' motion compelling examination by Dr. Klein by arguing he
13
     was withdrawing Dr. Kuncel as an expert, as he could have argued at the time.  Instead, he
14
15   gambled on the court denying defendants' motion and, when he lost that gamble, now

16   belatedly attempts to avoid the Court's order by raising a new argument (*i.e.,* withdrawal of

17   his expert) that he tactically chose not to present initially.

18       Second, both of the cases relied on by plaintiff to support exclusion of Dr. Klein

19   involve situations where a <u>plaintiff</u> failed to timely disclose experts until the rebuttal expert

20
     disclosure deadline.  None involve the situation here, in which defendants timely disclosed
21
     their experts and rebuttal experts in full compliance with Fed. R. Civ. P. 26(a)(2)(A), (B) and
22
23   (D), then the plaintiff unilaterally withdrew one of his experts yet still intends to present the

24   testimony the defense expert intends to rebut.  More importantly, in each of the cases relied on

25   by plaintiff, the court <u>permitted</u> the rebuttal experts to testify despite defects in the plaintiffs'

26   rebuttal expert disclosures.  *See Johnson v. Grays Harbor Commun. Hosp.,* 2007 WL

1    4510313, at *2 (W.D. Wash., December 18, 2007) ("Plaintiff's rebuttal experts were timely

2    disclosed, and the Court will not exclude Plaintiff's rebuttal experts from testifying solely

3    because plaintiff designated only rebuttal experts."); *Lindner v. Meadow Gold Dairies, Inc.,*

4    249 F.R.D. 625, 636 (D. Hawaii 2008) ("The mere fact that Plaintiff designated only rebuttal

5    experts on these issues is not sufficient grounds to ... exclude their testimony.").   In both

6    cases, the plaintiffs were permitted to call their rebuttal experts after the defendants rested and

7

8    to present expert testimony rebutting the defendants' case in chief. *Id.*

9        The same result should apply here.  Defendants should be permitted to rebut plaintiff's

10   case in chief by calling Dr. Klein to rebut plaintiff's causation and damage theory, even if that

11   theory is presented only by plaintiff himself rather than by plaintiff and his now withdrawn

12   expert, Dr. Kuncel.  In order to competently provide this testimony, Dr. Klein should be

13   permitted to examine and conduct testing of plaintiff consistent with the Court's prior order.

14

15   Dkt. 123.  To hold otherwise would be to allow plaintiff to manipulate and control through

16   artifice the otherwise competent and admissible testimony from Dr. Klein.  The jury should be

17   allowed to hear rebuttal expert testimony based on reliably applied principles and methods of

18   psychological   evaluation   (ER   702(d))   addressing   causation   and   plaintiff's   alleged

19   "posttraumatic stress disorder, severe anxiety and depressions; feelings of hopelessness and

20   anger; difficulties with concentration; sleeplessness and nightmares; and side effects of

21

22   medications he is on to manage these problems."  *See* Dkt. 123, at pp. 2, 4 (quoting Dkt. 103,

23   at 1 and 5).  The sanction plaintiff seeks, of excluding expert testimony due to an opposing

24   party's noncompliance with Fed. R. Civ. P. 26(a)(2)(A), (B) and (D), is simply not applicable

25   in this context where defendants have fully complied with the applicable rules.

26       The fact that defendants disclosed Dr. Klein as a rebuttal witness thirty days after

1  disclosing their other experts can hardly be categorized as causing any undue prejudice to

2  plaintiff. Plaintiff was timely notified defendants intended to call Dr. Klein not only to

3  support a motion to exclude Dr. Kuncel from testifying, but also to rebut plaintiff's damage

4  theory based on properly administered psychological testing and evaluation. Freimund Decl.

5
   at Ex. 1. Defendants have also agreed to allow plaintiff to depose Dr. Klein after his
6
7  examination report is completed even though the discovery cut-off will have passed. *Id.* at

8  Ex. 3. Thus, there is no demonstrable prejudice to plaintiff should the Court deny his motion

9  to exclude Dr. Klein's anticipated testimony following the Court-ordered testing and

10 evaluation of Mr. Spencer.

11                              **III. CONCLUSION**

12
         Based on the foregoing reasons, plaintiff's motion to overturn the Court's prior order
13
14 compelling Mr. Spencer to submit to examination by Dr. Klein and barring Dr. Klein from

15 testifying should be denied. Plaintiff fails to provide any basis for overturning the Court's prior

16 order compelling Dr. Klein's examination, and the two cases he relies on do not support

17 excluding Dr. Klein from testifying in rebuttal to plaintiff's damage and causation theories.

18         RESPECTFULLY SUBMITTED this 24th day of December, 2012.

19
                              s/ Jeffrey A. O. Freimund
20                            JEFFREY A. O. FREIMUND, WSBA No. 17384
                              Freimund Jackson Tardif & Benedict Garratt, PLLC
21                            711 Capitol Way South, Suite 602
                              Olympia, WA 98502
22                            Telephone: (360) 534-9960
                              Fax: (360) 534-9959
23                            jeffF@fjtlaw.com
                              Attorney for Defendant Michael Davidson
24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on December 24, 2012, I caused to be electronically filed

3

Defendants Response to Plaintiff's Motion to Bar Defendants' Rebuttal Expert Ronald Klein and the Declaration of Jeffrey Freimund, with Exhibits 1-4 attached thereto, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

4

5

Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer, dhjohnson43@aol.com

6

Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer kathleen.zellner@gmail.com

7

Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer dandavies@dwt.com

8

Daniel J. Judge, Attorney for Defendant James M. Peters danielj@atg.wa.gov

9

Patricia C. Fetterly, Attorney for Defendant James M. Peters Patriciaf1@atg.wa.gov

10

Guy Bogdanovich, Attorney for Defendant Sharon Krause gbogdanovich@lldkb.com

11

12

13

     s/Kathrine Sisson
KATHRINE SISSON

14

Legal Assistant to
JEFFREY A. O. FREIMUND, WSBA No. 17384

15

Freimund Jackson Tardif & Benedict Garratt, PLLC
711 Capitol Way South, Suite 602

16

Olympia, WA  98502
Telephone:  (360) 534-9960

17

Fax:  (360) 534-9959
jeffF@fjtlaw.com

18

Attorney for Defendant Michael Davidson

19

20

21

22

23

24

25

26