# EXHIBIT 3

92

## Jeff Freimund

**From:** Guy Bogdanovich [gbogdanovich@lldkb.com]
**Sent:** Wednesday, December 12, 2012 4:18 PM
**To:** Kathleen Zellner; Fetterly, Patricia (ATG); Jeff Freimund
**Subject:** RE: Dr. Klein's Examination

Hello Counsel: I just re-sent you a message I sent yesterday advising of the location and starting time for Dr. Klein's December 21st examination of plaintiff. If you in fact provide confirmation of your agreement to abide by the rules stated in items 1-5 in the [Proposed] Order Granting Defendants' Motion for Fed.R.Civ.P. 35 Examination which was filed with the Motion, as requested in my previous message, most of the issues you raise below would be addressed. We still do request confirmation that you and your client will abide by those rules.

In the meantime, I will briefly address the points you raised below. The exam must start at 9 a.m., in order to provide Dr. Klein with sufficient time to conduct the exam, and all necessary testing. Staying well into the evening the Friday before Christmas would not be reasonable.

Any videotaping must be done by a professional videographer so as to ensure fairness and accuracy.

The question of tests other than the MMPI cannot be answered at this time. Defendants' Motion and Dr. Klein's Declaration made clear that Dr. Klein will use his discretion during the examination in deciding what tests to administer, and the Court's Order Granting Defendants' Motion for Fed. R. Civ. P. 35 Examination made clear the Court specifically approved of that procedure (see page 6 of Order).

As for faxing of anything to anyone during the examination, Dr. Klein does not agree to any such disruptions. In fact, there will be no interruption of the interview, for faxing, or anything other than a bathroom break. Any observer is to be a **silent** observer; no "objections" or conferencing with the plaintiff would be allowed. This is not a deposition and cannot be turned into one. Dr. Klein is entitled to the same uninterrupted time with the plaintiff which Dr. Kuncel was afforded.

As for provision of raw data collected as a result of testing, the usual and customary procedure is to have the tester send the raw data to the other side's expert, in this case, Dr. Kuncel. Raw data typically means the MMPI answer sheet (on which the individual records their responses, True/False), the scores for each scale and subscale, and a copy of Dr. Klein's handwritten notes from the interview. Dr. Klein agrees to follow that procedure after he has completed the examination and scoring process. Assuming the examination occurs as currently scheduled on Friday, December 21, Dr. Klein would make every effort to be in a position to fax that material out to Dr. Kuncel on Monday, December 24. Please provide me with Dr. Kuncel's fax number when you reply, so that I can forward it to Dr. Klein.

Finally, since the examination is occurring after the December 17 discovery cutoff date, defendants do agree to allow plaintiff to take Dr. Klein's deposition at a mutually agreeable time following provision of his report. This agreement to conduct discovery past the cutoff date applies only to Dr. Klein's deposition.

Please promptly reply to this message and the previous one, so we can confirm the examination arrangements.

Thank you. Guy

**From:** Kathleen Zellner [mailto:kathleen.zellner@gmail.com]
**Sent:** Wednesday, December 12, 2012 2:25 PM
**To:** Fetterly, Patricia (ATG); Guy Bogdanovich; Jeff Freimund
**Subject:** Dr. Link & Dr. Klein

Dear Counsel,

I am writing to inform you that Katie Spencer has signed a release allowing Dr. Link to testify at her deposition. Dr. Link is available to give her deposition telephonically at 9:00 a.m. PST. My intention is to proceed with the deposition unless I hear that you are unavailable.

I also write regarding the medical exam to be performed by Dr. Klein.

As we had previously discussed my client is available for the exam on December 21 in Seattle starting at 12:00 p.m. I will arrange to have the exam videotaped. Please let me know where in Seattle Dr. Klein will conduct the exam.

For purposes of clarification, the only specific test that has been mentioned in prior correspondence and in your motion was the MMPI. I would appreciate it if you would please identify any additional tests Dr. Klein intends to administer.

In order to keep our expert, Dr. Kuncel, informed and to ensure the integrity of the test results, I am requesting that any raw data collected during testing be sent by my client directly to Dr. Kuncel via facsimile from the testing site. If any testing is to be sent to an outside source for scoring, I am requesting that the outside source send the results to me directly.

Please let me know if you have any objections to these conditions. If so, I will file an appropriate motion with Judge Settle.

Also, in light of Judge Settle's order granting your motion, I would like to take Dr. Klein's deposition after he has prepared his final revised report. Given that the deadline for discovery is December 17, please let me know if you would agree to produce him for his deposition after he completes his report. If not, I will be forced to file a motion for an extension of time to take his deposition.

Sincerely,

Kathleen T. Zellner

--
Kathleen T. Zellner & Associates
Esplanade IV
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
(630) 955-1212

94    12/22/2012