Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FORMER DEPUTY PROSECUTING )<br>ATTORNEY FOR CLARK COUNTY JAMES )<br>M. PETERS, DETECTIVE SHARON KRAUSE,)<br>SERGEANT MICHAEL DAVIDSON, CLARK )<br>COUNTY PROSECUTOR'S OFFICE, CLARK )<br>COUNTY SHERIFF'S OFFICE, THE COUNTY)<br>OF CLARK and JOHN DOES ONE THROUGH )<br>TEN, )<br>)<br>Defendants. )<br>) | No. C11-5424BHS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' REBUTTAL EXPERT RONALD KLEIN, Ph.D.**<br><br>**NOTICE DATE:**<br>**Friday, December 28, 2012** |

NOW COMES Plaintiff, Clyde Ray Spencer, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and for his Reply in Support of Motion to Bar Defendants' Rebuttal Expert Ronald Klein, Ph.D., states as follows:

**<u>Argument</u>**

There is no dispute that Dr. Klein was disclosed strictly as a rebuttal witness in response to Plaintiff's disclosure of Dr. Kuncel as a damages expert. Likewise, Dr. Klein's examination of Plaintiff was predicated upon his rebuttal of Dr. Kuncel's anticipated testimony. Now that

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Plaintiff will no longer be calling Dr. Kuncel to testify, there is nothing for Dr. Klein to rebut. Dr. Klein should therefore be barred from testifying at the trial of this cause and, as a result, Dr. Klein's proposed examination of Plaintiff is rendered moot.

Defendants argue that Plaintiff's withdrawal of Dr. Kuncel as a witness does not change the fact that Plaintiff has put his mental condition in controversy. Defendants maintain that given Plaintiff's degree in clinical psychology "the jury could place more weight on plaintiff's anticipated testimony that defendants caused his alleged psychological and emotional damage." (Dkt. 128, p. 4, ln. 2-4). Defendants accuse Plaintiff of "manipulating" the process and that they should not be "penalized" by having their expert excluded because Plaintiff has decided not to call a damages expert. (Dkt. 128, p. 4-5, ln. 19-2).

Notably absent from Defendants' baseless accusations is any justification for their failure to disclose Dr. Klein prior to the expert disclosure cut-off date. Plaintiff agrees that his mental condition is in controversy. Indeed, Plaintiff's alleged mental and emotional damages have been at issue since the complaint was filed on June 2, 2011. (Dkt. 1). Defendants have also been aware of Plaintiff's training in clinical psychology since the inception of this action, as Plaintiff alleged in detail in the complaint that he started pursing his doctorate during his wrongful incarceration and later obtained his degree. (Dkt. 1, ¶¶ 185-190). Defendants had ample opportunity to disclose a damages expert in a timely fashion, but failed to do so. They are accordingly limited to offering Dr. Klein <u>solely</u> as a rebuttal expert to <u>Dr. Kuncel</u>, consistent with the timing of the disclosure and the opinions within Dr. Klein's own expert report.[1] *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, *2 (Nev. Jan. 6, 2011) (holding that rebuttal expert testimony is limited to presenting evidence that is intended solely to contradict

---

[1] As noted in Plaintiff's motion, the substance of Dr. Klein's rebuttal report is directed solely at criticizing Dr. Kuncel's report and the basis for her conclusions which, of course, is consistent with the limited scope of a rebuttal witness' testimony. (Dkt. 125, *Zellner Dec.*, *Exhibit C*, p. 11-19).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR
DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-
5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

or rebut evidence of the same subject matter identified by an initial expert witness); *Int'l Bus. Machines Corp v. Fasco Indus., Inc.,* 1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ("rebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.")  Since Plaintiff is no longer offering Dr. Kuncel as a witness, Dr. Klein cannot set forth his own theories regarding Plaintiff's allegations of damages, including the extent of those damages and/or causation.

Defendants suggest that because Plaintiff has made the tactical decision to not call Dr. Kuncel as an expert witness that they are somehow unfairly prejudiced by not being able to offer their own damages expert.  (Dkt. 128, p. 4, ln. 5-12).  Defendants omit, however, that they made the initial tactical decision by failing to disclose such an expert by the court-ordered expert disclosure deadline.  Despite Defendants' claims of unfair prejudice, courts have repeatedly and consistently rejected belated attempts by defendants to offer novel expert testimony under the guise of "rebuttal."  *R&O Const. Co. v. Rox Pro Intern. Group, Ltd.*, 2011 WL 2923703, *3-4 (D. Nev. July 18, 2011) (granting plaintiff's motion to exclude a "rebuttal" expert where the expert's proposed testimony presented a new alternative theory, and the expert's report had not been disclosed in compliance with the scheduling order); *Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882, *2-3 (C.D. Cal. May 7, 2010) (granting plaintiff's motion to exclude a "rebuttal" expert on causation as to those opinions that introduced new theories and did not rebut any opinions set forth by plaintiff's expert).

Defendants also disingenuously argue that the propriety of Dr. Klein's testimony was previously decided by this Court's order granting Defendants' motion for Dr. Klein to conduct an examination of Plaintiff.  (Dkt. 128, p. 5, ln. 5-11).  Defendants' argument is a non-starter, because the entire basis of their motion was that Dr. Klein would be placed at a disadvantage in attempting to <u>rebut</u> Dr. Kuncel if he was not afforded an opportunity to examine Plaintiff.  If

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

anything, Defendants' motion supports the limited nature and scope of Dr. Klein's proposed testimony:

> "In the absence of a Fed.R.Civ.P.35 examination, defendants will be denied a "level playing field," because Dr. Kuncel will have done all she deemed necessary to evaluate plaintiff's alleged damages, including conducting multiple interviews of plaintiff, but Dr. Klein would be forced to rely solely on records and statements from others… Dr. Klein will need to be as prepared as Dr. Kuncel to address plaintiff's mental condition and alleged damages at trial." (Dkt. 105, p. 5, ln. 4-10).

Obviously, the admissibility of Dr. Klein's testimony as a rebuttal expert in light of Plaintiff's withdrawal of Dr. Kuncel was not at issue in Defendants' previous motion and has not been decided by this Court.  Irrespective of Plaintiff's mental condition being at issue and whether Defendants established good cause for the examination, Dr. Klein's testimony is not admissible if the expert testimony he has been designated to rebut is not offered by Plaintiff.[2]

Defendants also misapprehend Plaintiff's reliance on *Johnson* and *Linder*.  (Dkt. 128, p. 5-6, ln. 18-8).  Both *Johnson* and *Linder* stand for the general proposition that a witness disclosed only as a rebuttal expert is limited to offering testimony directly rebutting the testimony of an expert timely disclosed by the opposing party.  To the extent any of the rebuttal witnesses were permitted to testify in those cases, the scope of their testimony was limited to rebutting opinions and theories advanced by opposing experts.  Defendants seem to suggest that the rules regarding the scope of rebuttal witness testimony apply only to plaintiffs and not

---

[2] Defendants' response to Plaintiff's motion is based in large measure on their apparent belief that it is improper for Plaintiff to withdraw Dr. Kuncel's testimony in light of this Court's order compelling an examination by Dr. Klein.  Yet Defendants completely fail to offer any authority for the proposition that Plaintiff cannot make a tactical decision to refrain from engaging in a battle of experts with regard to damages by withdrawing his own timely disclosed expert.

It bears repeating that Defendants' claim of unfair prejudice is simply untrue.  Defendants had every opportunity to request an examination and timely disclose a damages expert by the expert disclosure cut-off date and chose not to do so.  Defendants' apparent regret over having failed to timely disclose an expert is not a basis for denying the instant motion.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

defense witnesses. (Dkt. 128, p. 5, ln. 18-20). Of course, nothing in the Federal Rules or case law supports Defendants' position.

Defendants further maintain that they should be permitted to "rebut" Plaintiff's case-in-chief by calling Dr. Klein to rebut Plaintiff's own testimony regarding damages. (Dkt. 128, p. 6, ln. 9-13). Once again, Defendants have blurred the distinction between experts and rebuttal experts. As a threshold matter, as noted, *supra*, rebuttal experts are limited to rebutting timely disclosed retained <u>expert</u> testimony. Moreover, if the purpose of expert testimony is "to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is <u>not</u> a rebuttal witness or anything analogous to one." *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992) (emphasis added), quoting *Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979). In Plaintiff's case-in-chief nothing could be more expected and anticipated than his own testimony regarding damages. Thus, if Defendants wished to have an expert testify as to damages and/or causation separate and apart from rebutting any expert disclosed by Plaintiff, it was incumbent upon them to disclose that expert prior to the expert disclosure cut-off date.

Lastly, Defendants suggest that Plaintiff will not be unduly prejudiced by permitting Dr. Klein to testify. Nothing could be further from the truth. Defendants disclosed Dr. Klein on the last day for disclosing <u>rebuttal</u> experts, and on that same date for the first time requested an examination of Plaintiff. To the extent Dr. Klein apparently intends to offer new opinions challenging Plaintiff's claim of damages based on an examination conducted after the rebuttal disclosure cut-off, Plaintiff will be effectively foreclosed from offering his own expert testimony rebutting Dr. Klein's novel theories. This is precisely the reason why the rules proscribe "rebuttal" witness testimony which advances new theories not directly contradicting a

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

previously disclosed expert.  Plaintiff would be severely prejudiced should this Court deny the instant motion.

## Conclusion

By opposing Plaintiff's motion, Defendants clearly seek to expand Dr. Klein's testimony to that beyond a mere rebuttal expert witness.  However, Defendants' failure to timely disclose Dr. Klein by the expert discovery cut-off precludes Dr. Klein from testifying to any opinions other than those rebutting Plaintiff's expert, Dr. Kuncel.  *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (holding that the rebuttal date is not intended to provide an extension of the deadline by which a party must disclose expert information).  Because Plaintiff is not calling Dr. Kuncel to testify, there is nothing for Dr. Klein to rebut and his testimony should be barred.  Plaintiff would be severely prejudiced were Defendants permitted to circumvent the normal course of discovery and this Court's scheduling order by offering Dr. Klein's opinions, as Plaintiff would be effectively precluded from rebutting Dr. Klein's testimony at this late juncture.

WHEREFORE, Plaintiff respectfully requests that the instant motion be granted, and that Dr. Klein be barred from conducting an examination of Plaintiff and testifying in this cause.

Respectfully submitted,

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on December 28, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA  98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmail.com
Attorney for Plaintiffs

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' EXPERT RONALD KLEIN, Ph.D. (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax