UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

    Plaintiff,

v.

JAMES M. PETERS, et al.,

    Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING MOTION TO BAR DEFENDANTS' REBUTTAL TESTIMONY OF RONALD KLEIN

This matter comes before the Court on Plaintiff Clyde Ray Spencer's ("Spencer") motion to bar Defendants' expert rebuttal testimony of Ronald Klein, Ph.D. ("Dr. Klein") (Dkt. 124). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On December 13, 2012, Spencer made the instant motion to bar Defendants' rebuttal testimony of Dr. Klein. Dkt. 124.  On December 24, 2012, Defendants responded in opposition to the motion.  Dkt. 128.  On December 28, 2012, Spencer replied.  Dkt. 130.

ORDER - 1

In brief, Spencer seeks to bar the testimony of Dr. Klein because he was identified on November 7, 2012, the date for disclosure of rebuttal experts (Dkt. 41), as a rebuttal expert, to rebut the expert report and testimony of Spencer's expert Ruth Kuncel, Ph.D. Dkts. 124 at 3, and 125 at 5, 8 & 11-19. According to the Court's review of the record, the facts Spencer alleges herein are true.

Defendants respond that Dr. Klein's testimony should not be barred because Defendants earlier disclosed to Spencer that they were entitled to a Fed. R. Civ. P. 35 examination. Dkt. 128 at 2. Defendants also cite this Court's order compelling Spencer to submit to a Fed. R. Civ. P. 35 examination, arguing in relevant part that this order demonstrates they are entitled to the examination, and Spencer is trying to avoid this examination by withdrawing their expert Dr. Kuncel (*id*. at 3-4). Defendants attempt to argue they disclosed that Dr. Klein would testify not only as a rebuttal witness to Dr. Kuncel, "but also to rebut plaintiff's damage theory based on properly administered psychological testing and evaluation." *Id*. at 7. Additionally, it appears that Defendants anticipate that Spencer, who earned his doctorate in psychology, will either somehow testify as an expert or prejudice them with his knowledge of the field, if Defendants are not allowed to have Dr. Klein testify. *Id*. at 4.

Defendants are correct that they would likely be entitled to a Fed. R. Civ. P. 35 examination even without the previously anticipated testimony of Dr. Kuncel, as Defendants knew from the moment that Spencer's complaint was filed that had put his mental/emotional state at issue and was seeking damages based thereon. *See* Dkts. 1 and 123. Nonetheless, Defendants did not identify Dr. Klein as their expert on or near the

1   date for expert disclosures.  Dkt. 49 (minute order establishing October 9, 2012 as the

2   expert disclosure date).  Nor did Defendants make a motion for a Fed. R. Civ. P. 35 exam

3   until after Dr. Kuncel was identified as an expert.  Given all the evidence before the

4   Court, it finds that Dr. Klein was identified as a rebuttal expert, not simply an expert

5   witness on damages for the Defendant, and was designated to rebut the expert testimony

6   of Dr. Kuncel.

7        There is nothing that prohibits Spencer from making a tactical decision not to put

8   on the testimony of Dr. Kuncel.  Dr. Klein was identified as a rebuttal expert to rebut the

9   testimony of Dr. Kuncel.  He was not, however, disclosed on or before the date for

10  experts.  Since Dr. Kuncel is not testifying, the Court finds the exclusion of Dr. Klein's

11  testimony as a rebuttal witness appropriate, as there will be no testimony from Dr. Kuncel

12  to rebut.  If Defendants desired to seek an extension of the expert deadline in order to

13  designate Dr. Klein as an expert, then that should have been done long before now.

14       Finally, Defendants' apparent concern regarding Spencer's knowledge of the field

15  of psychology is a non-issue at this point.  Spencer has not been identified as an expert

16  witness and will not be allowed to testify as one.  Therefore, it is hereby **ORDERED** that

17  Spencer's motion to bar the testimony of Dr. Klein (Dkt. 124) is **GRANTED**.

18       Dated this 7th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge