The Honorable Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br>　　　　Plaintiffs,<br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br>　　　　Defendants. | NO. C11-5424BHS<br><br>SUPPLEMENTAL DECLARATION OF JAMES M. PETERS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTED FOR FEBRUARY 8, 2013 |

I, James M. Peters, make the following declaration under penalty of perjury:

I am over the age of 18, competent to testify about the matters stated herein, and make this declaration based upon my personal knowledge.

As documented in correspondence between Arthur Curtis and the King County Prosecuting Attorney dated January 9, 1985, shortly after Mr. Curtis filed the original charges against Mr. Spencer, he arranged for a King County Deputy Prosecuting Attorney to be appointed special prosecuting attorney with trial and other responsibilities for the Spencer case. That person was DPA Barbara Linde. See Exhibits 6-9, 28-29 to Deposition of Arthur Curtis excerpted as Exhibit C to Declaration of Patricia C. Fetterly dated January 16, 2013.

SUPPLEMENTAL DECLARATION OF　　　1　　ATTORNEY GENERAL OF WASHINGTON
JAMES PETERS　　　　　　　　　　　　　　　　Torts Division
NO. C11-5424BHS　　　　　　　　　　　　　7141 Cleanwater Drive SW
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 40126
　　　　　　　　　　　　　　　　　　　　　Olympia, WA 98504-0126
　　　　　　　　　　　　　　　　　　　　　　(360) 586-6300

Mr. Spencer was arraigned on January 4, 1985. Clark County DPA Mike Foister appeared on behalf of the state at that hearing. See Exhibit A hereto. An initial trial date of February 27, 1985 was set. See Exhibit B hereto.

Mr. Spencer was back in court on January 25, 1985 for an Omnibus hearing. I appeared on behalf of the state at that hearing and entered into an Omnibus Application and Agreed Order with James Rulli, attorney for Mr. Spencer, concerning discovery. Exhibit 1 to Declaration of James Peters dated May 10, 2012. (Dkt 69 at 13-16). This agreed order provided, *inter alia*, that each side would exchange the names and addresses of witnesses and their statements by 10 days before the trial date.

Although a trial date had been originally set in this case for February 27, 1985 at the time of Mr. Spencer's arraignment on the original information on January 3, 1985, an arraignment handled not by me but by Mr. Foister, another Clark County deputy prosecuting attorney, the agreed discovery order noted that there would be a hearing for a continuance of the February trial date. Dkt 69 at 15. This meant that an agreement between defense counsel and the prosecutor had been reached that the case would not proceed to trial as originally scheduled on February 27, 1985. Mr. Spencer signed a waiver of speedy trial on January 25, 1985. Exhibit C hereto.

In late February 1985, Mr. Spencer's stepson, Matthew Hansen, made disclosures concerning alleged abuse by Mr. Spencer that were documented in police reports prepared by Detective Sharon Krause. After reviewing the matter with Ms. Linde or her supervisor in King County and Mr. Curtis, and with their approval, on February 28, 1985 I filed an Amended Information incorporating the original charges Mr. Curtis had filed and added three new counts naming Matthew Hansen as the victim. Exhibit 26 to Curtis Deposition excerpted as Exhibit C to

SUPPLEMENTAL DECLARATION OF JAMES PETERS
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Fetterly Declaration. The trial was scheduled for April 15. Exhibit D hereto. However, that date was later stricken and re-set to May 20.

Records from the Prosecuting Attorney's file indicate that after the April 15 trial date was stricken, the Court directed Mr. Curtis to get together with Mr. Rulli and see if another trial date could be agreed on with outside counsel (referring to Ms. Linde). See Exhibit E hereto.

Records from the Prosecuting Attorney's file also indicate that on April 4, 1985, Mr. Curtis had a telephone conversation with Ms. Linde in which she stated that a trial in late May or the first week of June was not good for her due to her involvement in a first degree murder trial scheduled for trial at the same time. See Exhibits 28-29 to Curtis Deposition excerpted as Exhibit C to Fetterly Declaration.

The Clark County Prosecuting Attorney's Office formerly took the Spencer case back from the King County Prosecutor's Office in late April 1985. I became actively involved in the prosecution from that point. My first actions were to review the reports of Detective Sharon Krause concerning her interviews with Matthew Hansen on March 7 and March 21, 1985, and with Matthew Spencer and Kathryn Spencer on March 25, 1985.

Based on those reports, which documented new disclosures by the three children, I prepared a Second Amended Information, incorporating the previous charges and adding Counts VI through XVI. This Second Amended Information was filed on May 3, 1985. See Exhibit 6 to Freimund Declaration (Dkt 63-6)

On this same date, May 3, 1985, the parties appeared in court before Judge Lodge. Mr. Rulli stated on the record that he had not yet had an opportunity to review the new charges

SUPPLEMENTAL DECLARATION OF  
JAMES PETERS  
NO. C11-5424BHS

3

ATTORNEY GENERAL OF WASHINGTON  
Torts Division  
7141 Cleanwater Drive SW  
P.O. Box 40126  
Olympia, WA 98504-0126  
(360) 586-6300

contained in the Seconded Amended Information with Mr. Spencer, and asked for more time to respond to the new charges. The matter was set over to May 10 for arraignment. Exhibit 8 to Freimund Declaration (Dkt 63-8 at 5-9).

Also at the May 3, hearing, Mr. Rulli stated that he needed time to interview the child victims. Mr. Rulli said, "That doesn't give me ample opportunity for me to interview them because we have a May 20th date set now, which doesn't give me a lot of time. I have got other trials set between that date and today." Exhibit 8 to Freimund Declaration (Dkt 63-8 at 7).

Mr. Rulli and I traveled to California where he interviewed the two Spencer children and their counselors on May 9, 1985.

The following day, May 10, 1985, the parties were back in court where Mr. Spencer formally entered a plea of not guilty to the charges contained in the Second Amended Information. See Exhibit F hereto. On this same date, I filed Notice of Intent to use Statements Pursuant to RCW 9A.44.120, the child hearsay statute. See Exhibit G hereto. This was 10 days before the previously scheduled trial date of May 20, 1985.

Concerning the May 20 trial date, there is no way with the case in its current state, where Mr. Spencer had just been arraigned on May 10 on eleven new charges, some of them involving a new victim (Matthew Spencer), that the case could have proceeded to trial on May 20, 1985. Under these circumstances, where trial preparation by both parties was just in the beginning stages, and Mr. Rulli had other trials scheduled between May 3 and May 20, a continuance would have been asked for and agreed to.

Because the parties were aware the trial date would need to be continued, neither the defense nor the state had filed the discovery documents required by the Omnibus Order, although

SUPPLEMENTAL DECLARATION OF JAMES PETERS
NO. C11-5424BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

the state had previously provided a great deal of discovery to the defense. Any mandatory reciprocal discovery, including witness statements, reports of expert witnesses, etc., would not have to be produced until 10 days before the new trial date, which had not been scheduled.

To my great surprise, early the next week, Mr. Rulli advised me that his client wished to change his plea to guilty to the majority of the charges. We had discussions about dismissing certain counts and then contacted the court to arrange a date for the change of plea hearing. Mr. Spencer's guilty plea was accepted by Judge Lodge in open court on May 16, 1985. See Exhibit 8 to Freimund Declaration (Dkt 63-8 at10-48).

At the time that I interviewed Kathryn Spencer on December 11, 1984, no decision had been made concerning whether charges would be filed. At that time, I concurred with Rebecca Roe that the case should be declined due to proof problems, but the ultimate decision concerning whether charges would be filed was to be made by the Arthur Curtis as the record now clearly reflects.

Because Mr. Spencer was then employed as a Vancouver Police Officer, Mr. Curtis took an active role in the Spencer case and had to approve all major decisions. At his request I interviewed Kathryn to provide an opinion concerning her competence to testify. This is the only time I recall formally interviewing a child victim prior to charges being filed. This was because this is the only case I recall where Mr. Curtis asked me for an opinion concerning the competence of a child witness prior to making a charging decision. I commonly interviewed a child victim close to the trial date to prepare for trial, something that often wasn't necessary because most cased settled. The Spencer case was also different in this regard because Kathryn lived out of

SUPPLEMENTAL DECLARATION OF JAMES PETERS
NO. C11-5424BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

state and I might not have an opportunity to see her again until just before trial, if charges were filed and the case proceeded to trial.

My deposition testimony taken in the 1996 habeas corpus proceeding as cited by plaintiff's counsel in her response to my earlier summary judgment motion (Dkt 78 at 7 which cited Dkt 73-1 at 21) was taken out of context. I did testify that it was not my normal practice to interview child molestation victims until the case was ready for trial. This statement was and is still correct. (Dkt 78 at 7 citing Dkt. 73-1 at 21). My response concerning my normal practice was directed to the question of whether or not I had ever interviewed Matt Hansen. (Dkt 73-1 at 21 L. 5). I replied that I didn't believe so, and I do not believe that I ever did interview Matt Hansen.

In my 1996 deposition, I was asked whether I was ever involved in an interview with Kathryn. I answered that I believe I was, in the presence of a defense attorney in Sacramento. (Dkt 73-1 at 20). I was not asked in the deposition if I had interviewed Kathryn on any other occasion. (Dkt 73-1 at 20). I didn't volunteer information about the December 11, 1984 interview because I was not asked specifically about it and had not remembered it.

During my testimony before Judge Bryan in 1996, I was asked, "during the pendency of the Spencer case, did you involve yourself in the interviews of any of the three victims?" I responded that, "I recall being present at interviews of two of the children in Sacramento, California. Those were the defense attorney's interviews." (Dkt 73-1 at 26).

When I was testified in 1996, I simply had not remembered that I had interviewed Kathryn nearly 12 years earlier on December 11, 1984. My testimony in the 1996 habeas corpus proceeding was focused on whether the prosecutor had received a copy of Kathryn's medical

SUPPLEMENTAL DECLARATION OF JAMES PETERS
NO. C11-5424BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

report in 1984 or 1985. In reviewing the prosecutor's file to prepare for that deposition, I was looking for the medical report, and nothing else. As I reviewed the file in 1996 to prepare for my deposition, nothing in the file made me recall that I had interviewed Kathryn many years earlier.

Signed under penalty of perjury of the laws of the State of Washington this 16 day of January 2013, at Boise, Idaho.

*James M. Peters*
JAMES M. PETERS

SUPPLEMENTAL DECLARATION OF JAMES PETERS
NO. C11-5424BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Plaintiffs attorney:

>  dandavies@dwt.com
>  kathleen.zellner@gmail.com
>  dhjohnson43@aol.com

AND TO

**Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's Office:**

>  Bernard.veljacic@clark.wa.gov
>  gbogdanovich@lldkb.com
>  jefff@fjtlaw.com

**Attorney for Co-Defendant Spencer:**

>  dunnwh@pacifier.com
>  western@wscd.com

By: s/Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General's Office
P.O. Box 40126
Olympia, WA 98504-0116
Telephone: (360) 586-6300
Fax: (360) 586-6655
E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant

SUPPLEMENTAL DECLARATION OF JAMES PETERS
NO. C11-5424BHS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

```
                IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        IN AND FOR THE COUNTY OF CLARK

   STATE OF WASHINGTON,        )
                  Plaintiff,   )   NO. 85-1-00007-2
                               )
           vs.                 )
                               )
   CLYDE RAY SPENCER,          )   PLEA
                               )
                  Defendant.   )


         THIS CAUSE coming on in open Court this 4th
   day of January, 1985, for the Defendant to
   plead to the Information filed herein, the State of
   Washington being represented by M. Poister, Deputy
   Prosecuting Attorney, and the Defendant being present in
   Court with his/her attorney J. Ridli
   and it being demanded of the Defendant whether he is
   guilty or not guilty of the matters set forth in the
   Information, the Defendant pleads NOT GUILTY to each count
   in the Information.

         DONE IN OPEN COURT this 4 day of
   Jan., 1985.


                                 _____
                                 JUDGE OF THE SUPERIOR COURT


                                         FILED
                                        JAN 4 1985
                                  George J. Miller, Clerk, Clark Co.

   PLEA - 1.
                                 CLARK COUNTY PROSECUTING ATTORNEY
                                        1200 FRANKLIN
                                        P.O. BOX 1995
                                  VANCOUVER, WASHINGTON 98668
                                        (206) 699-2261
```

EXHIBIT A
9

Spencer-00018



EXHIBIT B

10

Spencer-00020

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) NO. 85-00007-2 |
| PLAINTIFF, | ) |
| | ) WAIVER OF SPEEDY TRIAL |
| vs. | ) |
| | ) |
| CLYDE RAY SPENCER | ) |
| | ) |
| Defendant. | ) |

I have been informed and understand that I have the following rights:

|  |    |  |
|---|---|---|
| _____ | 1. | The right to trial within sixty (60) days following the day of arraignment if I am incarcerated. |
| ✓ | 2. | The right to trial within ninety (90) days following the day of arraignment if I am not incarcerated. |
| ✓ | 3. | The constitutional right to a speedy trial. |

I have been informed and understand that if I do not receive a trial within the time limits set out above, the case against me will be dismissed and cannot ever be filed again. Knowing all of the above, I hereby waive (give up) the right to trial within __90__ days and the constitutional right to speedy trial.

DATED this 25 day of January, 1985.

_____
Ray Spencer
Defendant

_____
James E. Rulli
Defense Attorney

APPROVED:

_____
James N. Peters
Deputy Prosecuting Attorney

FINDINGS AND ORDER

I have questioned the defendant and find that (1) he intelligently, knowingly and voluntarily waived the above rights to speedy trial, and (2) that he was competent to make such waiver.

DONE IN OPEN COURT and in the presence of the defendant this 25 day of January, 1985.

_____
Judge of the Superior Court

WAIVER OF SPEEDY TRIAL

JAN 30 1985
George J. Miller, Clerk, Clark Co.

EXHIBIT C
11
Spencer-00029



EXHIBIT D

12

Spencer-00030

Re: Spencer

Art:

The trial date of April 15, 1985 was struck, you are to get with Rulli and see when another date can be agreed on with the outside counsel. The court held off on any expert due to the "Stines rule" or pre-plea/conviction evaluations.

— Davis

EXHIBIT E

13

```
                IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON,        )
              Plaintiff,    )   NO. 85-1-00007-2
                            )
         vs.                )
                            )
Clyde Ray Spencer           )   PLEA
              Defendant.    )
```

THIS CAUSE coming on in open Court this 10 day of May, 1985, for the Defendant to plead to the Information filed herein, the State of Washington being represented by James M. Peters, Deputy Prosecuting Attorney, and the Defendant being present in Court with his/her attorney James Rulli and it being demanded of the Defendant whether he is guilty or not guilty of the matters set forth in the Information, the Defendant pleads NOT GUILTY to each count in the Information.

DONE IN OPEN COURT this 10 day of May, 1985.

[signature]
JUDGE OF THE SUPERIOR COURT

PLEA - 1

FILED
MAY 10 1985
George J. Miller, Clerk, Clark Co.

CLARK COUNTY PROSECUTING ATTORNEY
1200 FRANKLIN
P.O. BOX 5000
VANCOUVER, WASHINGTON 98668
(206) 699-2261

EXHIBIT F
14

Spencer-00063

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON,                )
          Plaintiff,                )   No. 85-1-00007-2
     vs.                            )
CLYDE RAY SPENCER,                  )   NOTICE OF INTENT TO USE
                                    )   STATEMENTS PURSUANT TO
          Defendant.                )   RCW 9A.44.120

TO: CLYDE RAY SPENCER, THE ABOVE NAMED DEFENDANT AND
    TO YOUR ATTORNEY: JAMES RULLI

     Comes now Arthur D. Curtis, Prosecuting Attorney for Clark County, by and through James M. Peters, Deputy Prosecuting and does give notice to the defendant named herein, and his counsel, James Rulli, of intent to use the out of court statements of Kathryn Spencer, age 6, and Mathew Hansen, age five, and Matthew Spencer, age 9, pursuant to RCW 9A.44.120. Said statements are set forth in the police reports, specifically interviews between Sharon Krause, Shirley Spencer, and Deanne Spencer, copies of which have been provided to the defendant and his attorney. Further specifics, if needed, will be provided on request.

     DATED this 10 day of May, 1985.

                                    James M. Peters
                                    Deputy Prosecuting Attorney

Service accepted and receipt of
true copy acknowledged this
10 day of May, 1985.

James Rulli
Attorney for Defendant

FILED
MAY 10 1985
George J. Miller, Clerk, Clark Co.

NOTICE - 1

CLARK COUNTY PROSECUTING ATTORNEY
1355 FRANKLIN
P.O. BOX 5000
VANCOUVER, WASHINGTON 98666
(206) 699-2261

EXHIBIT 15

Spencer-00062