Page 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

---

CLYDE RAY SPENCER, MATTHEW RAY )
SPENCER, and KATHRYN E. TETZ, )
)
Plaintiffs, )
vs. ) No. 3:11-cv-05424-BHS
)
FORMER PROSECUTING ATTORNEY FOR )
CLARK COUNTY JAMES J. PETERS, )
DETECTIVE SHARON KRAUSE, )
SERGEANT MICHAEL DAVIDSON, )
CLARK COUNTY PROSECUTOR'S )
OFFICE, CLARK COUNTY SHERIFF'S )
OFFICE, THE COUNTY OF CLARK and )
JOHN DOES ONE THROUGH TEN, )
)
Defendants. )

---

DEPOSITION UPON ORAL EXAMINATION OF

REBECCA J. ROE

---

Thursday, December 13, 2012

Taken at 810 3rd Avenue, Suite 500
Seattle, Washington

1:36 p.m.


EXHIBIT  E

---

REPORTED BY: KAREN M. GRANT, CCR NO. 2155
DIXIE CATTELL & ASSOCIATES
COURT REPORTERS & VIDEOCONFERENCING
(360)352-2506      *      (800)888-9714

1        REBECCA J. ROE,

2   witness herein, having been first duly sworn on oath,

3         was examined and testified as follows:

4

5                    (Exhibits 1-3 pre-marked.)

6                    EXAMINATION

7   BY MR. JOHNSON:

8       Q.   Ma'am, could you please state and spell your

9   name?

10      A.   Rebecca, R-e-b-e-c-c-a, Jane, J-a-n-e, Roe,

11  R-o-e.

12           MR. JOHNSON:  Let the record reflect that

13  this is the discovery deposition of Rebecca Roe taken

14  pursuant to notice -- I'm sorry.  Yes, taken pursuant to

15  notice and continued to this time and date by agreement

16  of the parties.

17      Q.   (By Mr. Johnson)  Ms. Roe, you've been deposed

18  before; is that correct?

19      A.   Yes.

20      Q.   About how many occasions?

21      A.   You know, I think I've probably been deposed

22  about six times, maybe, five or six times.

23      Q.   All right.  And how many depositions have you

24  taken?  I bet it's going to be a higher number.

25      A.   Oh, that's going to be a much higher number.

1    Q.   Okay.  If King County had taken the case,
2  would it have been filed in Clark County and prosecuted
3  by King County, or would it have been filed in King
4  County?
5    A.   I think it would have been prosecuted -- filed
6  in Clark County and prosecuted there because that's
7  where there would have been jurisdiction.
8    Q.   Okay.  It says at the very top of Exhibit 1:
9  "Case is being returned because it is legally
10 insufficient"; do you see that?
11   A.   Right.
12   Q.   What does that mean?
13   A.   That it is insufficient for filing charges.
14   Q.   Does that mean there was a lack of probable
15 cause for filing charges?
16   A.   No.  That means, in my opinion, it did not fit
17 the -- it did not fit the filing standard that I was
18 applying.
19   Q.   What was the filing standard that you were
20 applying?
21   A.   Whether or not this would have likely resulted
22 in a conviction.
23   Q.   And how is that different from your definition
24 of probable cause?
25   A.   Because probable cause depends on -- it's a

```
 1   lower standard.  Probable cause means:  Is there,
 2   essentially, a probability that a person committed a
 3   crime.  A criminal conviction, as you know, requires
 4   proof beyond a reasonable doubt.
 5        Q.   Okay.  You note that it says, "Initial
 6   disclosure to Shirley and victim names three others as
 7   having abused her..."  Do you see where I'm referring
 8   to?
 9        A.   Yes.
10        Q.   Were you asked for an opinion as to whether
11   these three others should be charged?
12        A.   I don't recall that.  I don't recall that I
13   was.
14        Q.   Okay.  Would it be fair to say you were not,
15   since there is no reference to that in your decline
16   notice?
17        A.   I think that's fair.
18        Q.   And on the bottom of that page of Exhibit 1,
19   if you read the lower left box, it says "Victim
20   interview?"  Do you see where I'm referring to?
21        A.   Yeah.
22        Q.   It's kind of cut off.
23        A.   Yeah.
24        Q.   Am I reading that right?  It says "Victim
25   interview?" --
```

1    Q.   Okay.  Now, at the time you submitted this
2    report, was it your opinion that, although the case was
3    legally insufficient, there was probable cause to
4    charge?
5    A.   Yes.
6    Q.   All right.  Can you tell me what that was?
7    A.   Well, as I indicated here, although I believe
8    child was clearly abused, and I do believe she was, she
9    voluntarily made statements to Shirley that -- and under
10   circumstances that indicated reliability and a child who
11   was -- had been abused and was engaging in highly
12   sexualized behavior.
13        So I clearly believed, as I said here, she was
14   abused, and, as I also wrote, probably by the defendant,
15   and that was based on her statements to both Shirley,
16   again, and also to Sharon Krause.
17   Q.   Okay.
18   A.   You know, she described abuse she was -- to
19   people.  The initial statements are often the most
20   important, and they were made to somebody who did not
21   have, as I understood it, motive to, you know, fabricate
22   or suggest this testimony to the child.  You know, so,
23   yeah, I believe there was clearly probable cause.
24   Q.   Okay.  You just mentioned Shirley.  Can you
25   tell me what you knew about Shirley Spencer at that

1                    EXAMINATION

2   BY MS. FETTERLY:

3        Q.   I just had one clarification.  Is it your

4   opinion, Ms. Roe, that the videotaped interview by James

5   Peters was cumulative to the reports of Detective

6   Krause, as far as the initial reluctance of Kathryn to

7   disclose?

8        A.   Yes.

9             MR. JOHNSON:  Object to the form of the

10  question.

11            MS. FETTERLY:  That's all I have.

12            THE WITNESS:  Do you have anything else,

13  Mr. Johnson?  Hello?

14            MR. JOHNSON:  No.  I guess, just signature

15  would be explained.  We have anything further.

16            MS. FETTERLY:  Are you ordering,

17  Mr. Johnson?

18            MR. JOHNSON:  Yes, we are.

19            THE WITNESS:  So I'm not waiving.

20            MR. JOHNSON:  Okay.

21            THE WITNESS:  Thanks.

22                  (Off-the-record discussion.)

23

24            DEPOSITION CONCLUDED:  7:18 p.m.

25        (Signature was expressly reserved.)