1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**THE HONORABLE BENJAMIN SETTLE**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

CLYDE RAY SPENCER , MATTHEW RAY
SPENCER, and KATHRYN E. TETZ,

                 Plaintiffs,

v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY
JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT
MICHAEL DAVIDSON, CLARK COUNTY
PROSECUTOR'S OFFICE, CLARK
COUNTY SHERIFF'S OFFICE, THE
COUNTY OF CLARK and JOHN DOES
ONE THROUGH TEN,

                 Defendants.

NO.  C11 5424 BHS

**DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND
SUPPLEMENTAL DISCLOSURE
PURSUANT TO FED.R.CIV.P.
26(a)(1) AND TO BAR
TESTIMONY**

**NOTE ON MOTION CALENDAR:**
**Friday, February 8, 2013**

## I.  INTRODUCTION & RELIEF REQUESTED

Pursuant to Fed.R.Civ.P. 37(c)(1), defendant Sharon Krause, on her own behalf and

on behalf of defendants Michael Davidson and James Peters, (collectively "defendants")

move for entry of an Order Striking Plaintiffs' Second Supplemental Disclosure Pursuant

to Fed.R.Civ.P. 26(a)(1), and barring the newly identified witness, Menona D. Landrum,

from testifying in writing or in person on motion, at a hearing or at trial.

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

## II.  STATEMENT OF RELEVANT FACTS

Plaintiff filed this action against defendants in June 2011 seeking substantial damages for alleged false arrest, malicious prosecution and false imprisonment, and for allegedly conspiring to commit these unlawful acts.  Dkt. 1.  The Complaint includes specific allegations regarding the allegedly improper sale of "Mr. Spencer's family home" and conversion of the proceeds by defendant Michael Davidson and former defendant Shirley Spencer (*Id.* at Page 11 of 68, ¶¶ 66-67), and an allegation that defendant Davidson "pressured Mr. Spencer to sign legal documents for the financial benefit of Shirley, including a quit claim deed to his house . . ." *Id.,* at Page 21 of 68, ¶ 131.  Plaintiffs' Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) were served in late September, 2011 (Dkt. 109, ¶ 2 and Exhibit A), and failed to list the quit claim deed as evidence to be relied upon or any witness who would testify about it.

The Minute Order Setting Jury Trial and Pretrial Dates and Ordering Mediation entered in this action set a discovery completion date of December 17, 2012.  Dkt. 49.  By the Order Granting in Part and Denying in Part Defendants' Motion to Strike Plaintiff's Supplemental Disclosures and Bar Testimony (Dkt. 127), this Court extended the discovery completion date to January 8, 2013 in order to account for additional discovery necessitated by Plaintiff's Supplemental Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1), which this Court found was "not served in a 'timely manner.'" Dkt. 127, Page 3 of 5, lns. 21-22 and Page 5 of 5.

Finally, on January 9, 2013, counsel for defendants were served via email with Plaintiff's Second Supplemental Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1), identifying a new witness who allegedly possesses knowledge regarding forgery on the quit claim deed.  Declaration of Guy Bogdanovich in Support of Motion to Strike Second Supplemental Disclosure and to Bar Testimony, Exhibit A.

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
SECOND SUPPLEMENTAL DISCLOSURE
PURSUANT TO FED.R.CIV.P. 26(a)(1)
AND TO BAR TESTIMONY  - 2**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

## III. AUTHORITY AND ARGUMENT

Fed.R.Civ.P. 37 provides, in pertinent part:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

> **(1) *Failure to Disclose or Supplement*.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 26 provides, in pertinent part:

**(e) Supplementing Disclosures and Responses.**

> **(1) *In General.*** A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
> **(A)** <u>in a timely manner</u> if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . . [emphasis added].

Here, it is clear from the Complaint that plaintiff was alleging and would be attempting to prove improprieties with regard to the sale of the home he had briefly occupied with Shirley Spencer, and it is equally clear that plaintiff and his attorneys knew about the existence of a quit claim deed pertaining to that home. Yet plaintiff did not disclose any witness with alleged knowledge of the quit claim deed until more than three weeks after the original discovery deadline, and one day after the date to which the deadline was extended to account for additional discovery necessitated by plaintiff's prior untimely disclosure of witnesses. Under these circumstances, Plaintiff' Second Supplemental Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1) cannot be said to have been done "in a timely manner."

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY - 3**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Nor is the untimely disclosure harmless, as the discovery deadline has passed and defendants are unable to conduct discovery into the basis for and extent of the newly disclosed witness' alleged knowledge.  Granting yet another extension of the discovery deadline would not alleviate this prejudice.  When granting the first short discovery deadline extension, this court specifically cautioned that all other pretrial dates "will remain the same."  Dkt. 127, Page 4 of 5, lns. 13-14.  One of those dates required filing of dispositive motions by January 16, 2013.  Dkt. 49.  All three defendants complied with that deadline, filing renewed/second summary judgment motions on that date.  Dkt. 133, 135 and 139.  It would prejudice defendants to now allow plaintiff to belatedly introduce a new witness in a manner which prevented defendants from conducting discovery and perhaps addressing the witness' claimed knowledge, if necessary, in their pending motions.  In addition, counsel for defendants are now properly focusing their attention on the tasks needed to continue to comply with the remaining pretrial deadlines, and should not repeatedly be forced back into discovery due to plaintiff's untimely disclosures.

## IV.  CONCLUSION

For the foregoing reasons, defendants request that the Court enter an Order striking Plaintiff's Second Supplemental Disclosure Pursuant to Fed. Civ. P. 26(a)(1), and barring the testimony of the witness disclosed therein.

DATED this 23rd day of January, 2013.

/s/ Guy Bogdanovich

_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone: (360) 754-3480; Fax: (360) 357-3511
email: gbogdanovich@lldkb.com

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
SECOND SUPPLEMENTAL DISCLOSURE
PURSUANT TO FED.R.CIV.P. 26(a)(1)
AND TO BAR TESTIMONY - 4**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511