Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,

Plaintiffs,

v.

FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,

Defendants.

No. C11-5424BHS

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY

NOTE ON MOTION CALENDAR:
Friday, February 8, 2013

NOW COMES PLAINTIFF, Clyde Ray Spencer, by and through his attorneys, and for his response to Defendants' motion for entry of an Order Striking Plaintiff's Second Supplemental Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1), and barring the testimony of Menona D. Landrum, states as follows:

### FACTUAL BACKGROUND

In his complaint Plaintiff has alleged that Defendant Davidson visited him on several occasions while he was held at the Clark County jail, and pressured him into signing legal documents, including a quitclaim deed, for the financial benefit of Shirley Spencer. (Dkt. 1, ¶131). Defendant Davidson's actions were motivated by his desire to further a romantic

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

interest in Shirley, and serve as proof of his involvement in the conspiracy with the other Defendants to frame Plaintiff for crimes he did not commit. (Dkt. 1).

Through the course of taking depositions in this matter, Defendant Davidson has denied having any memory of ever visiting Plaintiff while Plaintiff was held in the Clark County Jail. *See Declaration of Kathleen T. Zellner ("Zellner Dec."), Exhibit A (excerpt of Davidson Deposition), p. 108*. Defendant Davidson denied having any contact from jail staff concerning visits to Plaintiff, and denied ever interviewing Plaintiff while he was held at the jail. *Zellner Dec., Ex. A, p. 108*. At the time of his deposition on November 5, 2012, Defendant Davidson denied any involvement in having the deed for the property owned by Plaintiff and Shirley Spencer signed over to Shirley following Plaintiff's arrest. Defendant Davidson testified, "I had no involvement in that deed or her – her personal property at all." *Zellner Dec., Ex. A, p. 125*.

Defendant Sharon Krause likewise testified in her deposition that she had no memory of ever having visited Plaintiff while he was in custody at the jail, and that she was never aware of Defendant Davidson visiting Plaintiff in the jail after his arrest. *Zellner Dec., Ex. B (excerpt of Krause Deposition), pp. 158-59*.

On December 6, 2012, Shirley Spencer sat for her deposition. During the course of that deposition Shirley directly contradicted the deposition testimony of Defendants Davidson and Krause. For the first time, Shirley testified that she took a quitclaim deed for the property to the Clark County Sheriff's Office. *Zellner Dec., Ex. C (excerpt of Shirley Spencer Deposition), pp. 62-63*. Shirley testified, "Mrs. Krause gave it to Mr. Davidson to see if he could have Ray sign it. Ray refused to sign it at that time. And he did sign it, and I don't even remember why, how or when, but, I mean, I got the date, August 16th of – was it '84, '85? I've got the dates written down. But he did sign the quitclaim and the realtor took the house over." *Id*. Shirley reiterated that Defendant Krause gave the deed to Defendant Davidson, who took the deed up to jail in an attempt to have Plaintiff sign it. *Zellner Dec., Ex. C, pp. 113-14*. Shirley could not

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL
DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

remember who ultimately obtained the signature, but testified that Plaintiff was already in prison at the time he signed the deed. *Zellner Dec., Ex C, p. 63.*

The circumstances surrounding the transfer of property owned by Plaintiff and Shirley are an integral part of Plaintiff's case. Shirley testified during her deposition that after Plaintiff's arrest she struggled financially and could not keep up with payments on the house. *Zellner Dec., Ex. C, pp. 138-39.* After Plaintiff purportedly signed the deed over to Shirley, Shirley sold the home for $5,000 in May of 1985, the same month that Plaintiff entered an *Alford* plea. *Zellner Dec., Ex. C, p. 62.* Shirley then moved into a house in Battle Ground, Washington. *Zellner Dec., Ex. C, pp. 116-17.* Shirley testified that she and Defendant Davidson started dating shortly thereafter in June, 1985, and in the fall or, "right after that," Defendant Davidson moved into the home in Battle Ground. *Zellner Dec., Ex. C, pp. 117-18.* Thus, proof that Defendant Davidson visited Plaintiff in the Clark County Jail in an effort to obtain Plaintiff's signature on the deed <u>prior</u> to the *Alford* plea is evidence of his romantic interest in Shirley, and goes to show his motive to be part of the conspiracy to falsely implicate Plaintiff.

In light of the new information obtained during Shirley's deposition on December 6, 2012, Plaintiff's counsel endeavored to locate the deed to the property previously owned by Plaintiff and Shirley. Plaintiff reviewed the deed, and signed a declaration that the signature purporting to be his is a forgery. This information, including a copy of the deed, was forwarded to defense counsel in the form of a signed Declaration by Plaintiff on December 17, 2012. *Zellner Dec., Ex. D (Declaration of Clyde Ray Spencer with attachments).* The deed indicates that it was purportedly signed by Plaintiff on March 15, 1985, while he would have been in custody at the Clark County Jail and <u>not</u> after his plea, as testified to by Shirley Spencer. *Id. (Attached to Spencer Declaration as Ex. C, Bates No. Spencer006062).*

Plaintiff's counsel then undertook to locate the notary – Menona Landrum – whose seal and signature appear on the deed. On January 9, 2013, Plaintiff's investigator located and interviewed Mrs. Landrum. Mrs. Landrum informed Plaintiff's investigator (and Plaintiff

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1  learned for the first time) that in 1985 she was in fact employed at the Clark County Sheriff's
2  Office, and at that time she was a licensed notary public in the State of Washington. Mrs.
3  Landrum related that she kept her notary stamp in an unlocked desk drawer at the Sheriff's
4  Office. At Plaintiff's investigator's request, Mrs. Landrum reviewed the deed and told him that
5  she believed the signature thereon to be a forgery. Mrs. Landrum also indicated that to the best
6  of her memory she never visited Plaintiff at the Clark County Jail, she did not witness him sign
7  the deed, and she did not notarize his signature. On that same date Plaintiff's counsel disclosed
8  to opposing counsel, via email, that she intended on calling Mrs. Landrum as a witness, and
9  attached the Second Supplemental Disclosure. Plaintiff's counsel also indicated in that email
10 that she would not object if Defendants wanted to take Mrs. Landrum's deposition. *Zellner
11 Dec., Ex. E (January 9, 2013 email correspondence and attached Second Supplemental
12 Disclosure).*

13  On January 23, 2013, Defendants filed the instant motion to strike the second
14 supplemental disclosure and bar Mrs. Landrum from testifying to the fraud that was perpetrated
15 in the transfer of property owned by Plaintiff and Shirley Spencer.

16  Plaintiff's investigator has since obtained a signed Declaration from Menona Landrum.
17 Mrs. Landrum states in her Declaration that she was employed in the Sheriff's Office in the
18 Civil Unit from 1971 to 1991, and that her job required that she be commissioned as a notary
19 public. *Declaration of Menona D. Landrum ("Landrum Dec."),* ¶1. Mrs. Landrum was
20 acquainted at work with Defendants Krause and Davidson, but had no personal relationship
21 with them. *Landrum Dec.,* ¶3. Mrs. Landrum states that when she arrived at work one
22 morning she discovered that someone had pried open her office drawer during the night. Her
23 notary seal was still in the drawer and nothing else appeared to be missing. When she realized
24 how easily the drawer could be forced open, she saw no purpose in continuing to keep it locked
25 overnight. *Landrum Dec.,* ¶4.

26  Mrs. Landrum further states that the county jail is in the same building as the Sheriff's
27 Office, and that she has no memory of being called up to the jail to notarize the signature of an

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL
DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

inmate on a quitclaim deed or any other type of document. *Landrum Dec.*, ¶5. Mrs. Landrum is familiar with Plaintiff's criminal case having heard accounts of it in the newspaper and from watching a report on 20/20. *Landrum Dec.*, ¶2. To her knowledge Mrs. Landrum has never met Plaintiff or seen him in person. *Landrum Dec.*, ¶6.

## ARGUMENT

**A. Plaintiff's supplemental disclosure is timely or, in the alternative, the failure to previously disclose Mrs. Landrum is substantially justified.**

Fed.R.Civ.P. 26(e)(1) provides that a party is under a duty to supplement or correct a prior disclosure made under Rule 26(a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Significantly, the Rule imposes a duty to supplement a party's prior disclosure in a timely fashion with reference to when a party "learns" that its prior disclosure was incomplete or inaccurate.

Here, Plaintiff had no prior knowledge that the notary whose purported signature is on the quitclaim deed was employed by the Clark County Sheriff's Office, or that this notary has no memory of ever having been called up to the county jail to notarize the signature of an inmate. Plaintiff likewise had no knowledge that the notary's desk drawer at the Sheriff's Office had been broken into, or that her stamp had been misappropriated to perpetrate a fraud in connection with the transfer of the home previously owned by Plaintiff and Shirley Spencer. Plaintiff certainly was not aware that Defendant Davidson and/or Defendant Krause would have had access to the notary stamp that was used to authenticate his forged signature on the quitclaim deed. Plaintiff was unaware of this information because the Defendants hid it from

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL
DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

him, as they hid other evidence from him throughout the course of the criminal investigation and in the decades following entry of Plaintiff's *Alford* plea.

This newly discovered evidence provides strong support for Plaintiff's claim that Defendant Davidson took part in a conspiracy to frame Plaintiff for crimes he did not commit. Shirley Spencer needed Plaintiff's signature on the quitclaim deed in order for her to sell their home. At Shirley's request, Defendant Davidson approached Plaintiff while he was held in the county jail but Plaintiff refused to sign the deed. Yet, somehow, Plaintiff's purported signature appears on the deed and is notarized by an employee of Clark County Sheriff's Office who has no knowledge of ever having met Plaintiff or notarizing his signature. Shirley Spencer was then able to sell the home, and she moved into a different home in which she and Defendant Davidson thereafter lived together.

Plaintiff disclosed the deed which contains Mrs. Landrum's purported signature on December 17, 2012, the date imposed by this Court for the completion of fact discovery. The Advisory Committee Notes to Rule 26(e) provide that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process[.]" *See also, Watts v. Hospitality Ventures, LLC*, 2008 WL 220798, *2 (M.D. Ala. Jan. 25, 2008); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2049.1 ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.") Thus, Plaintiff disclosed Mrs. Landrum as a potential witness on December 17 when Plaintiff's declaration that his signature on the deed was a forgery and a copy of the deed were served on defense counsel.

Of course, the reason Mrs. Landrum was not disclosed as a witness prior to that date is because Plaintiff had no reason to know of her or her connection to Defendants Davidson and

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL
DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Krause through her employment at the Sheriff's Office until Plaintiff's investigator interviewed her on January 9, 2013. Plaintiff disclosed this knowledge and his intent to call Mrs. Landrum as a witness on the <u>same day</u> that his investigator first spoke with her.

Plaintiff's second supplemental disclosure was therefore timely, because he disclosed Mrs. Landrum as a witness as soon as he learned that she possessed relevant, discoverable information and that he intended on calling her as a witness at trial.

In the event that this Court holds that Plaintiff did not timely disclose Mrs. Landrum because he did not learn of her existence until after the deadline for the completion of fact discovery, Plaintiff's failure to supplement his disclosure in a timely fashion is substantially justified. To hold otherwise would penalize Plaintiff for failing to ferret out the apparent fraud perpetrated in connection with the quitclaim deed.

In *Wechsler v. Macke International Trade, Inc.*, the plaintiff sued the defendants for patent infringement. 221 F.R.D. 619 (C.D. Calif. March 22, 2004). The plaintiff first identified a trial witness by way of the witness's declaration in response to the defendants' summary judgment motions. *Id.* at 620. The defendants argued that the disclosure was untimely because the witness was not named in the plaintiff's initial disclosure and because the plaintiff failed to supplement his initial disclosure prior to the close of discovery. In response, the plaintiff argued he was substantially justified for failing to identify the witness earlier, because he was unaware of the nature of the testimony which could be provided by the witness. *Id.* The plaintiff also contended that information regarding the witness was intentionally and consistently withheld during discovery, including during depositions. *Id.* The district court denied the defendant's motion to exclude the witness's testimony at trial, concluding that the plaintiff had provided substantial justification for the failure to disclose his intent to call the witness because the plaintiff "was unaware of the relationship between [the witness] and

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL
DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

defendants, in part because defendants did not disclose that relationship in response to questioning at prior depositions." *Id.* at 621.

Here, Defendant Davidson has not only denied visiting Plaintiff at the jail, but he specifically denied any involvement with the quitclaim deed. Defendant Davidson did not disclose Mrs. Landrum's existence or the fact that an employee of the Sheriff's Office purportedly notarized the quitclaim deed. As in *Wechsler*, Plaintiff had no knowledge of the connection between Mrs. Landrum and the defendants. For this reason, Plaintiff's failure to identify Mrs. Landrum as a potential witness sooner is substantially justified.

**B. Defendants are not prejudiced**

In the alternative, Mrs. Landrum should not be excluded as a witness in this cause because Defendants are not prejudiced by Plaintiff's disclosure of her as a witness. Plaintiff disclosed Mrs. Landrum as a potential witness on December 17, 2012 when a copy of the quitclaim deed was served upon Defendants, and disclosed his intent to call her as a witness at trial on January 9, 2013 after his investigator spoke with her. From the date of the most recent disclosure Defendants had more than three months in which to depose Mrs. Landrum prior to trial. Any potential prejudice to Defendants can be alleviated by allowing them to depose Mrs. Landrum in the months remaining prior to trial.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL
DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike Plaintiff's Second Supplemental Disclosure and bar testimony.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on February 4, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA 98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND BAR TESTIMONY (C11-5424BHS) — 10

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax