**THE HONORABLE BENJAMIN SETTLE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE THROUGH TEN,<br><br>Defendants. | NO. C11 5424 BHS<br><br>**DEFENDANTS' REPLY TO RESPONSE TO MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, February 8, 2013 |

**1.    Plaintiff has failed to justify the delay in disclosure.**

Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Second Supplemental Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1) and to Bar Testimony ("Plaintiff's Response") does not provide any legitimate explanation or justification for waiting until more than three weeks after the December 17, 2012 discovery cut-off date (Dkt. 49) to supplement his initial disclosures. Plaintiff admits that his June 2, 2011 Complaint included allegations that defendant Davidson pressured plaintiff while in jail to sign legal documents including a quit claim deed to his house. Plaintiff's Response,

**DEFENDANTS' REPLY TO RESPONSE TO MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY  - 1**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

p. 1, lns. 24-27). Although Plaintiff's Response fails to mention it, his Complaint also included the following related allegations:

> 66. Later, Defendant Davidson moved into the home that was owned by Mr. Spencer and Shirley prior to Defendants' investigation, arrest, prosecution and imprisonment of Mr. Spencer.
>
> 67. Mr. Spencer's family home was then sold and the proceeds were divided between Davidson and Shirley. Defendant Davidson and Shirley moved together to a new home. Mr. Spencer's share of the proceeds from the sale of the Spencer home should have been available to him to fund his defense.

Dkt. 1, Page 11 of 68.

Despite this knowledge of the existence of a quit claim deed and sale of the jointly-owned home, Plaintiff's Response admits that it was not until some time after December 6, 2012, that "Plaintiff's counsel endeavored to locate the deed to the property previously owned by Plaintiff and Shirley." Plaintiff's Response, p. 3, lns. 16-18. Contrary to plaintiff's argument, there was no "new information" revealed in Shirley Spencer's December 6, 2012 deposition which suddenly made the quit claim deed relevant. The copies of the pages to the quit claim deed filed in support of Plaintiff's Response reveal that it has been "Filed for Record" with the Clark County Auditor's Office since 1985. Dkt. 146, Pages 36-39 of 44. Given the allegations in plaintiff's Complaint, his counsel should have endeavored to locate the deed in time to disclose it, and any witnesses with knowledge he deemed relevant to it, with his initial disclosures, or at least as a timely supplement well in advance of the discovery cut-off date.

Even assuming some new information bearing upon the relevance of the quit claim deed was discovered in Shirley's Spencer's deposition testimony, Plaintiff's Response offers no explanation for why he waited until December 6, 2012 to take her deposition. This Court has previously and repeatedly cautioned the parties that " . . . the discovery cut-off date for this case is December 17, 2012 . . . . Therefore, discovery should have been under way while the summary judgment motions were pending and

**DEFENDANTS' REPLY TO RESPONSE TO MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY - 2**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

completed on or before the cut-off date." Dkt. 91, Page 38 of 46, n. 5; Dkt. 93, Page 22 of 28, n. 5; Dkt. 97, Page 22 of 25, n. 8. Plaintiff's Response simply fast-forwards from the filing of the Complaint to the taking of Shirley Spencer's deposition on the eve of the discovery cut-off date, and argues that his counsel acted diligently from that point and disclosed in a timely manner. Plaintiff's failure to explain why his counsel did not or could not have disclosed the newly-identified witness during the nearly 18 months between the filing of his Complaint and Shirley Spencer's deposition is fatal to his claim of a timely disclosure of this witness.

Nor is plaintiff saved by his argument that " . . . Plaintiff disclosed Mrs. Landrum as a potential witness on December 17 when Plaintiff's declaration that his signature on the deed was a forgery and a copy of the deed were served on defense counsel." Plaintiff's Response, p. 6, lns. 22-24. As plaintiff has repeatedly reminded this Court, this case spans a time frame of over 25 years, and thousands of pages of documents have been produced by the parties in discovery containing hundreds and probably over a thousand names. Plaintiff's argument assumes that a party would meet its Fed.R.Civ.P. 26(a)(1) disclosure obligations by informing another party that it may call as a witness "any person whose name appears on any document produced in discovery." Defendants dispute that such a disclosure is proper. Moreover, if plaintiff actually believed he properly disclosed Mrs. Landrum on December 17, why would he have felt compelled to make the second supplemental disclosure identifying her as a witness over three weeks later?

Finally, plaintiff's arguments in this case are not supported by *Wechsler v. Macke International Trade, Inc.,* 221 F.R.D. 619 (C.D.Cal. 2004). The court in *Wechsler* found the plaintiff's failure to disclose a witness before the discovery cut-off date substantially justified in part because the defendants were found to have intentionally withheld information needed for plaintiff to learn of the relevance of the

**DEFENDANTS' REPLY TO RESPONSE TO MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY - 3**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511

1 knowledge possessed by the witness during discovery.  Here, the quit claim deed has
2 been Filed for Record in the Clark County Auditor's Office for nearly 30 years, and
3 plaintiff has known of its existence and the sale of the home since at least the filing of
4 his Complaint.  The deed has never been controlled or in any manner concealed or
5 withheld by defendants.  Plaintiff's Response admits that he determined that Mrs.
6 Landrum possessed knowledge relevant to his claims within a few weeks of his counsel
7 finally looking at the deed.  Unlike the late disclosure in *Wechsler*, plaintiff's late
8 disclosure here is not substantially justified.

9 Because plaintiff's failure to include the newly-identified witness in his initial
10 disclosures was not "substantially justified" as required by Fed.R.Civ.P. 37(c)(1), and his
11 second supplementation of his initial disclosures under these circumstances was not
12 done "in a timely manner" as required by Fed.R.Civ.P. 26(e)(1)(A), the additional
13 witness identified therein should be barred from testifying.

14 **2.     Defendants have been prejudiced by the untimely disclosure.**

15 Nor is the untimely disclosure harmless as is required by Fed.R.Civ.P. 37(c)(1),
16 as the discovery deadline has passed and defendants are unable to conduct discovery
17 into the basis for and extent of the newly disclosed witness' alleged knowledge.
18 Granting yet another extension of the discovery deadline, as suggested by plaintiff,
19 would not alleviate this prejudice.  When granting the short discovery deadline
20 extension necessitated by plaintiff's first untimely supplemental disclosure, this court
21 specifically cautioned that all other pretrial dates "will remain the same."  Dkt. 127,
22 Page 4 of 5, lns. 13-14.  One of those dates required filing of dispositive motions by
23 January 16, 2013.  Dkt. 49.  All three defendants complied with that deadline, filing
24 renewed/second summary judgment motions on that date.  Dkt. 133, 135 and 139.  It
25 would prejudice defendants to now allow plaintiff to belatedly introduce a new witness
26 in a manner which prevented defendants from conducting discovery and perhaps

**DEFENDANTS' REPLY TO RESPONSE TO MOTION
TO STRIKE PLAINTIFFS' SUPPLEMENTAL
DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1)
AND TO BAR TESTIMONY  - 4**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511*

1  addressing the witness' claimed knowledge, if necessary, in their pending motions.[1] In
2  addition, counsel for defendants are now properly focusing their attention on the tasks
3  needed to continue to comply with the remaining pretrial deadlines, and should not
4  repeatedly be forced back into discovery due to plaintiff's repeated, untimely
5  disclosures.

6  For the foregoing reasons and those set forth in the Motion, defendants request that
7  the court enter an Order striking Plaintiff's Second Supplemental Disclosure Pursuant to
8  Fed.R.Civ.P. 26(a)(1), and barring the testimony of the witness disclosed therein.

9  DATED this 8th day of February, 2013.

*/s/ Guy Bogdanovich*
_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone: (360) 754-3480; Fax: (360) 357-3511
email: gbogdanovich@lldkb.com

---

[1] For example, defendants note that Mrs. Landrum's declaration does not explain when her desk drawer allegedly was broken into and she stopped locking the drawer (perhaps years after Mr. Spencer's conviction), and she provides no allegation or evidence indicating anyone stole her notary equipment (she states her notary seal was not taken after her drawer was broken into).

**DEFENDANTS' REPLY TO RESPONSE TO MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND TO BAR TESTIMONY - 5**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511