UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER,<br><br>               Plaintiff,<br><br>    v.<br><br>JAMES M. PETERS, et al.,<br><br>               Defendants. | CASE NO. C11-5424 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND TO BAR TESTIMONY |

    This matter comes before the Court on Defendants' motion to strike Plaintiff's second supplemental disclosure and to bar testimony (Dkt. 143). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

### I. PROCEDURAL & FACTUAL BACKGROUND

    On June 2, 2011, Clyde Ray Spencer (Spencer) commenced this lawsuit against Defendants James Peters, Michael Davidson, and Sharon Krause as well as other individuals or government entities that have now been terminated from the case. Dkt. 1. In that complaint, Spencer makes allegations related to a quitclaim deed, the sale of his

1  home and Davidson's relationship with Shirley Spencer ("Ms. Spencer"). *See* Dkt. 1 at

2  11. Before he took his Alford plea, on July 22, 1985, Spencer had executed an affidavit

3  of forged endorsement, stating his signature on the deed was a forgery. Dkt. 146 at 35.

4  On December 18, 2012, the Court extended the discovery cut-off deadline from

5  December 17, 2012 to January 8, 2012, due to Spencer's belated disclosure of multiple

6  witnesses. *See* Dkt. 127. On January 9, 2013, the day after the close of discovery,

7  Spencer submitted a second supplemental disclosure pursuant to Fed. R. Civ. P. 26(a)(1)

8  disclosing Menora D. Landrum ("Landrum") as a witness expected to testify at trial. Dkt.

9  146. Landrum is a former employee of Clark County Sheriff's office who, in 1985, was a

10 licensed notary for the state of Washington. *Id*. at 42-43. She is expected to testify that

11 the signatures of her name on the quitclaim deed to Spencers' former home were forged;

12 that she had never visited Spencer in jail; that she did not witness him signing the deed;

13 that she did not notarize his signature; and that she kept her notary stamp in an unlocked

14 drawer. *Id*. at 42-43.

15 On January 23, 2013, Defendants filed the instant motion to strike Spencer's

16 second supplemental disclosure pursuant to Fed. R. Civ. P. 26(a)(1) and bar the testimony

17 of witness Landrum. Dkt. 143. On February 4, 2013, Spencer filed a brief in opposition.

18 Dkt. 145. On February 8, 2013, Defendants replied. Dkt. 148.

19 **II. DISCUSSION**

20 **A.     Parties' Arguments**

21 Defendants maintain that Spencer's disclosures are untimely for two reasons. First,

22 Spencer's complaint alleges improprieties in connection with the sale of his home and

demonstrate that he and his counsel knew of the existence of the quitclaim deed at the time of filing. Dkt. 143 at 3. Second, Defendants argue that Spencer did not disclose any witnesses in connection with the deed until after the discovery date. *Id*. at 3.

Defendants further contend that this disclosure is prejudicial. They argue that dispositive motions were due by January 16, 2012; Defendants timely filed those motions; and it would be prejudicial to allow Spencer to introduce a new witness in a manner which prevented Defendants from conducting discovery and addressing the witness's knowledge in their now pending motions. *Id*. Defendants also argue that forcing them back into discovery to depose Landrum would be prejudicial because they are focused on complying with the other pretrial deadlines, which the Court has ordered shall "remain the same." *Id*. (*citing* Dkt. 127 at 4).

Spencer argues that their disclosure is timely. Dkt. 145 at 1-7. He claims that at Ms. Spencer's December 16, 2012 deposition she provided newly discovered evidence that was hidden over decades (*id.* at 5-6), testifying that she had given the deed to Krause and asked her to have Davidson procure Spencer's signature. *Id*. at 2. Thereafter, their investigator began to search for the notary. Additionally, Spencer maintains the disclosure was timely because on December 17, 2012, he executed a declaration that his signature on the deed was forged and served the declaration and a copy of the deed on opposing counsel, essentially arguing that process is equivalent to disclosing the notary as a witness. *Id*. at 6.

Even if his disclosure was untimely, Spencer maintains that his "failure to supplement his disclosure in a timely fashion is substantially justified," and to "hold

1 otherwise would be to penalize Plaintiff for failing to ferret out the apparent fraud
2 perpetrated in connection with the quitclaim deed." *Id*. at 7 (*citing Wechsler v. Macke*
3 *International Trade, Inc.*, 221 F.R.D. 619 (C.D. Cal. 2004)).  Finally, Spencer maintains
4 any prejudice can be alleviated by having Defendants depose Landrum.  *Id*. at 8.

5 Defendants reply that Shirley Spencer's deposition provided no "new
6 information," which "suddenly made the quitclaim deed relevant," as Spencer's response
7 reveals that the deed had been in the public record with Clark County Auditor's Office
8 since 1985.  Dkt. 148 at 2 (*citing* Dkt. 146 at 36-39).  Given the allegations in the
9 complaint, Defendants argue Spencer's counsel should have endeavored to locate the
10 deed in time to timely supplement disclosures.  *Id.* at 3.  Defendants maintain that unlike
11 the case cited by Spencer, Defendants did not intentionally withhold evidence from
12 Plaintiff.  *Id*. at 4-5 (*citing Wechsler*, 221 F.R.D. 619 (C.D. Cal. 2004)).

**B.    Court's Conclusion**

The Court finds that Spencer's failure to supplement his disclosures, indentifying Landrum as a witness, was not timely.  From the outset of this case, as evidenced by Spencer's complaint, Spencer and his counsel were aware that alleged improprieties in connection with the quitclaim deed to his home formed a part of his case.  Additionally, the deed was public record for approximately thirty years, and Spencer had executed an affidavit of forged endorsement in 1985, indicating that he took issue with the deed long ago.  With reasonable diligence, this newly disclosed information regarding the deed could have been pursued and disclosed before January 9, 2013.

Nonetheless, it would be unjust to deprive Spencer of the opportunity to present what might be the most compelling piece of evidence that fraud and/or conspiracy was perpetrated upon him.  In other words, the probative value of this evidence is potentially very high.  If the Court ultimately allows this evidence, the Court realizes that Defendants would be unfairly prejudiced, unless the Court orders a remedy.  The Court will allow Defendants to conduct supplemental discovery regarding the allegations surrounding the quitclaim deed and depose Ms. Landrum.  Due to Spencer's failure to justify the tardy development of the belatedly disclosed evidence, the cost of Landrum's deposition will be borne by Spencer.  Further, upon a motion by Defendants, the Court will award reasonable attorney fees to Defendants for having made this motion.  Additionally, upon a showing that Defendants are unable to fully respond to Spencer's newly disclosed evidence before trial, the Court will consider a motion to continue the trial date.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to strike Spencer's second supplemental disclosure and bar the testimony of Landrum (Dkt. 143) is **DENIED**.

Dated this 13th day of February, 2013.

BENJAMIN H. SETTLE
United States District Judge