1

2

3

4

5                                                    Honorable Judge Benjamin Settle

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                  AT TACOMA

9   CLYDE RAY SPENCER,                    )
                                          )   No. C11-5424BHS
                        Plaintiff,        )
10                                        )
          v.                              )   **PLAINTIFF'S MOTION FOR**
11                                        )   **LEAVE TO FILE**
     JAMES M. PETERS, et al.,             )   **SUPPLEMENTAL**
                                          )   **DECLARATION IN SUPPORT**
12                      Defendants.       )   **OF PLAINTIFF'S RESPONSES**
                                          )   **TO DEFENDANTS' MOTIONS**
13                                        )   **FOR SUMMARY JUDGMENT,**
                                          )   **INSTANTER**
14                                        )
                                          )   **NOTE ON MOTION**
                                          )   **CALENDAR:**
15  _____)
                                              **Friday, March 8, 2013**
16

17        NOW COMES Plaintiff, Clyde Ray Spencer, by and through his attorneys, and hereby

18  moves this Court for leave to file the Supplemental Declaration in Support of Plaintiff's

19  Responses to Defendants' Motions for Summary Judgment, Instanter. In support of this motion

20  Plaintiff states as follows:

21        1.      Plaintiff filed his responses to Defendants' motion for summary judgment on

22  February 14, 2013. Defendant Peters' reply is currently due February 22. By stipulation

23  pending order of this Court, Defendants Davidson's and Krause's replies are due five court

24  days after they receive the transcript of Menona Landrum's deposition. (Dkt. 155).

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL          Kathleen T. Zellner & Associates, P.C.
DECLARATION IN SUPPORT OF RESPONSES TO MOTIONS FOR                    LAW OFFICES
                                                                  1901 Butterfield Road
SUMMARY JUDGMENT (C11-5424BHS) — 1                                     Suite 650
                                                               Downers Grove, Illinois 60515
                                                            630.955.1212 main · 630.955.1111 fax

1    2.      Pages from the following exhibits, which are cited in Plaintiff's responses, were

2    inadvertently omitted from the Declaration of Kathleen T. Zellner (Dkt. 153) filed in support of

3    Plaintiff's responses:

4              a.      Exhibit U, the deposition of Ann Link, is missing pages 25-27.   This

5                      portion of Exhibit U is cited in Plaintiff's Response to Defendant Peters'

6                      Renewed Motion for Summary Judgment (Dkt. 151) at p. 6, ln. 8-11.

7              b.      Exhibit KK, the habeas deposition of James Peters, is missing page 31.

8                      This portion of Exhibit KK is cited in Plaintiff's Response to Defendant

9                      Peters' Renewed Motion for Summary Judgment (Dkt. 151) at p. 14, ln.

10                     13-19.

11             c.      Exhibit F, the deposition of James Michael Davidson, is missing pages

12                     130-131.   This portion of Exhibit F is cited in Plaintiff's Response to

13                     Defendant Peters' Renewed Motion for Summary Judgment (Dkt. 151)

14                     at p. 11, ln. 22-24.

15   3.      On page 5, ln. 22 of Plaintiff's Response to Defendant Krause's Second Motion

16   for Summary Judgment (Dkt. 150), and page 17 of Plaintiff's Response to Defendant

17   Davidson's Renewed Motion for Summary Judgment (Dkt. 152), Plaintiff inadvertently cited to

18   Exhibit D (Shirley Spencer habeas evidence deposition) rather than Exhibit WW (Shirley

19   Spencer habeas discovery deposition).

20   4.      On page 19, ln. 14 of Plaintiff's Response to Defendant Krause's Second

21   Motion for Summary Judgment (Dkt. 150), Plaintiff inadvertently failed to cite to page 157 of

22   Exhibit R, the deposition of Dr. William Bernet, which provides context to page 156.

23

24

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
DECLARATION IN SUPPORT OF RESPONSES TO MOTIONS FOR
SUMMARY JUDGMENT (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

5.      On page 20, ln. 6-7 of Plaintiff's Response to Defendant Krause's Second Motion for Summary Judgment (Dkt. 150), Plaintiff inadvertently cited to page 31, rather than page 10, of Exhibit E.

6.      On pages 7-8, ln. 23-2 of Plaintiff's Response to Defendant Krause's Second Motion for Summary Judgment (Dkt. 150), page 3, ln. 12-14 of Plaintiff's Response to Defendant Davidson's Renewed Motion for Summary Judgment (Dkt. 152), and page 4 of Plaintiff's Response to Defendant Peters' Renewed Motion for Summary Judgment (Dkt. 151), Plaintiff inadvertently failed to cite to pages 49-50 of Exhibit G, which is necessary to provide context to page 51 of Exhibit G.

7.      On page 9, ln. 17-19 of Plaintiff's Response to Defendant Peters' Renewed Motion for Summary Judgment (Dkt. 151), Plaintiff inadvertently cited to page 257, rather than pages 97-98, of Exhibit Q.

8.      On page 15, ln. 15 of Plaintiff's Response to Defendant Peters' Renewed Motion for Summary Judgment (Dkt. 151), Plaintiff inadvertently cited to page 21, rather than page 217, of Exhibit H.

9.      On page 19, ln. 2 of Plaintiff's Response to Defendant Peters' Renewed Motion for Summary Judgment (Dkt. 151), Plaintiff inadvertently cited to pages 9 and 14, rather than page 10, of Exhibit G.

10.      On page 12, fn. 5 of Plaintiff's Response to Defendant Davidson's Renewed Motion for Summary Judgment (Dkt. 152), Plaintiff inadvertently cited to Exhibit C (deposition of Ray Spencer), rather than Exhibit I (deposition of Matt Spencer), at page 101.

11.      Plaintiff therefore seeks leave to file the Supplemental Declaration of Kathleen T. Zellner in Support of Plaintiff's Responses to Defendants' Renewed / Second Motions for Summary Judgment, Instanter, attached to this motion as Exhibit 1.

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
DECLARATION IN SUPPORT OF RESPONSES TO MOTIONS FOR
SUMMARY JUDGMENT (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1    WHEREFORE, Plaintiff respectfully requests that this Court grant the instant motion

2    for leave to file the Supplemental Declaration of Kathleen T. Zellner in Support of Plaintiff's

3    Responses to Defendants' Motions for Summary Judgment, Instanter.

4

5    /s/  Kathleen T. Zellner                                    /s/  Daniel T. Davies
     Kathleen T. Zellner & Associates, P.C.          Daniel T. Davies, WSBA # 41793
     Admitted *pro hac vice*                                   Local counsel
6    1901 Butterfield Road                                      David Wright Tremaine LLP
     Suite 650                                                          1201 Third Avenue, Suite 2200
7    Downers Grove, Illinois  60515                     Seattle, Washington 98101-3045
     Phone:  (630) 955-1212                                  Phone: (206) 757-8286
8    Fax: (630) 955-1111                                       Fax: (206) 757-7286
     kathleen.zellner@gmial.com                         Email: dandavies@dwt.com
9    Attorney for Plaintiffs                                     Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

### DECLARATION OF SERVICE

2    I hereby certify that on February 18, 2013, I caused the foregoing to be electronically

3    filed with the Clerk of the Court using the CM/ECF System, which will send notification of

4    such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA 98504-0116<br>Email: patriciafl@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict<br>Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

   /s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

# EXHIBIT 1

1

2

3

4

5                                                              Honorable Judge Benjamin Settle

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                          AT TACOMA

10   CLYDE RAY SPENCER,                          )
                                                 )   No. C11-5424BHS
        Plaintiff,                               )
11                                               )
                                                 )   **SUPPLEMENTAL**
12      v.                                       )   **DECLARATION OF**
                                                 )   **KATHLEEN T. ZELLNER IN**
13   JAMES M. PETERS, et al.,                    )   **SUPPORT OF PLAINTIFF'S**
                                                 )   **RESPONSE TO DEFENDANTS'**
14      Defendants.                              )   **RENEWED/SECOND MOTIONS**
                                                 )   **FOR SUMMARY JUDGMENT**
15                                               )
                                                 )   **NOTE ON MOTION**
16                                               )   **CALENDAR:**
                                                 )
17   _____  )   **Friday, March 8, 2013**

18        Pursuant to 28 U.S.C. § 1746, Kathleen T. Zellner declares under penalty of perjury

19   under the laws of the State of Washington and the United States of America that the following

20   is true and accurate:

21        1.  I am the attorney of record for Plaintiff Clyde Ray Spencer in the above entitled

22   action.  I am competent to testify in all respects, and make this declaration from personal

23   knowledge.

24

25

26

27   SUPPLEMENTAL DECLARATION OF KATHLEEN T.
     ZELLNER IN SUPPORT OF PLAINTIFF'S RESPONSE TO
     DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT          Kathleen T. Zellner & Associates, P.C.
     (C11-5424BHS) — 1                                            LAW OFFICES
                                                              1901 Butterfield Road
                                                                   Suite 650
                                                            Downers Grove, Illinois 60515
                                                        630.955.1212 main · 630.955.1111 fax

2.    Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the deposition of Sharon Krause, taken May 22, 1996, in the matter of *Clyde Raymond Spencer v. Joseph Klauser, et al.*, Case No. C94-5238RJB (prior habeas proceedings).  Specifically, the following page from the transcript of the deposition is attached:  10.

3. Attached hereto as **Exhibit F** is a true and correct copy of excerpts from the deposition of James Michael Davidson.  Specifically, the following pages from the transcript of the deposition are attached: 129-32.

4.    Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the deposition of Sharon Krause.  Specifically, the following pages from the transcript of the deposition are attached: 10, and 48-51.

4.    Attached hereto as **Exhibit H** is a true and correct copy of excerpts from the deposition of Rebecca Roe.  Specifically, the following page from the transcript of the deposition is attached: 217.

6.    Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the deposition of Matthew Spencer.  Specifically, the following page from the transcript of the deposition is attached: 101.

7.    Attached hereto as **Exhibit Q** is a true and correct copy of excerpts from the deposition of James Peters.  Specifically, the following pages from the transcript of the deposition are attached: 97-98.

8.    Attached hereto as **Exhibit R** is a true and correct copy of excerpts from the deposition of Dr. William Bernet.  Specifically, the following page from the transcript of the deposition is attached: 157.

SUPPLEMENTAL DECLARATION OF KATHLEEN T. ZELLNER IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

9. Attached hereto as **Exhibit U** is a true and correct copy of excerpts from the deposition of Dr. Ann Link. Specifically, the following pages from the transcript of the deposition are attached: 25-27.

10. Attached hereto as **Exhibit KK** is a true and correct copy of excerpts from the deposition of James Peters, taken July 30, 1996, in the matter of *Clyde Raymond Spencer v. Joseph Klauser, et al.*, Case No. C94-5238RJB (prior habeas proceedings). Specifically, the following page from the transcript of the deposition is attached: 31.

11. Attached hereto as **Exhibit WW** is a true and correct copy of excerpts from the discovery deposition of Shirley Spencer, taken June 4, 1996, in the matter of *Clyde Raymond Spencer v. Joseph Klauser, et al.*, Case No. C94-5238RJB (prior habeas proceedings). Specifically, the following page from the transcript of the deposition is attached: 10.

SIGNED this 18th day of February, 2013 in Downers Grove, Illinois.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmail.com
Attorney for Plaintiffs

SUPPLEMENTAL DECLARATION OF KATHLEEN T.
ZELLNER IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1

## DECLARATION OF SERVICE

2      I hereby certify that on February 18, 2013, I caused the foregoing to be electronically

3 filed with the Clerk of the Court using the CM/ECF System, which will send notification of

4 such filing to the attorneys of record as follows:

5

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA 98504-0116<br>Email: patriciafl@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict<br>Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

16

      /s/ Kathleen T. Zellner

17      Kathleen T. Zellner & Associates, P.C.
      Admitted *pro hac vice*

18      1901 Butterfield Road
      Suite 650

19      Downers Grove, Illinois 60515
      Phone: (630) 955-1212

20      Fax: (630) 955-1111
      kathleen.zellner@gmial.com

21      Attorney for Plaintiffs

22

23

24

25

26

27

SUPPLEMENTAL DECLARATION OF KATHLEEN T.
ZELLNER IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(C11-5424BHS) — 4

# EXHIBIT E

1
IN THE UNITED STATES DISTRICT COURT

2
IN THE WESTERN DISTRICT OF WASHINGTON

3
AT TACOMA

4

5   CLYDE RAYMOND SPENCER,                    )
                                             )
6                      Petitioner,            )
                                             )
7        vs.                                  )   No. C94-5238RJB
                                             )
8   JOSEPH KLAUSER, Warden, Idaho             )
    State Institution; CHRISTINE             )
9   GREGOIRE, Attorney General,               )
    State of Washington,                      )
10                                            )
                       Respondents.    )
11

12

13

14              DEPOSITION UPON ORAL EXAMINATION

15                            OF

16                    SHARON A. KRAUSE

17

18

19   DATE TAKEN:   May 22, 1996

20
     TIME:   10:30 a.m.
21

22   PLACE:   Hall of Justice
              Longview, Washington
23

24

25
                         SUZAN R. WELLS
                    Archer Associates, Inc.
                       P. O. Box 1092
                    Longview, Washington   98632
                        (360) 423-2195

ORIGINAL

Spencer002543

1    whether or not something occurred without leading them.

2    Afterward I always spoke to the parents again alone

3    without the child present, shared with them what the

4    child said to me, and then had the child come back into

5    the room and in summary tell the parents what the child

6    told me so the child didn't leave there thinking maybe

7    the parents didn't know what happened.  And there's

8    reasons why I did all of those things.

9         Make reports, do any follow-up that, you know, can

10   assist in establishing whether or not something

11   occurred, attempt to interview the accused if possible.

12   Sometimes we made arrests.  And then forward the reports

13   to the prosecutor.

14   Q   Let me ask you, when the investigation concerned a young

15       child, say under the age of ten, and the allegations

16       included allegations of either vaginal or anal

17       penetration, would you refer the parent and child to a

18       physician for a sexual assault examination?

19   A   Yes.

20   Q   Did you have particular physicians or places that you

21       would refer parents and children to in Vancouver?

22   A   Initially when I began doing this, no.  There were times

23       when we might have made referrals to -- you know, people

24       have their own physicians, to Vancouver Clinic.  There

25       are some people -- There are a number of doctors now in

Sharon A. Krause

1          CERTIFICATE OF NOATRY PUBLIC

2

3   STATE OF WASHINGTON)
                        : ss.
4   County of Clark     )

5

6        I, SUZAN R. WELLS, a notary public for the State of

7   Washington, do hereby certify that SHARON A. KRAUSE, a

8   witness, personally appeared before me at the time and place

9   mentioned in the caption herein; that said witness was by me

10  first duly sworn on oath, and examined upon oral

11  interrogatories propounded by counsel; that said examination,

12  together with the testimony of said witness was written by

13  me in machine shorthand and thereafter reduced to

14  typewriting; and that the foregoing transcript constitutes a

15  full, true and accurate record of said examination of and

16  testimony given by said witness, and of all other oral

17  proceedings had during the taking of said deposition, and of

18  the whole thereof.

19       Witness my hand and notarial seal the ___8th___ day of

20  May, 1996.

21

22

23                         SUZAN R. WELLS,   CSR #WELLSSR325BH
                           Notary Public for the State of
24                         Washington, residing at Vancouver,
                           Washington.  My commission
25                         expires on 8/29/97.


                                                    51

# EXHIBIT F

1

1           UNITED STATES DISTRICT COURT

2        FOR THE WESTERN DISTRICT OF WASHINGTON

3                    AT TACOMA

4
    CLYDE RAY SPENCER, MATTHEW        )
5   RAY SPENCER, and KATHRYN E.       )
    TETZ,                             )
6                                     )
                Plaintiffs,           )
7                                     )
          vs.                         )    NO. 3:11-cb-05424-BHS
8                                     )
    FORMER PROSECUTING ATTORNEY       )
9   FOR CLARK COUNTY JAMES M.         )
    PETERS, DETECTIVE SHARON          )
10  KRAUSE, SERGEANT MICHAEL          )
    DAVIDSON, CLARK COUNTY            )
11  PROSECUTOR'S OFFICE, CLARK        )
    COUNTY SHERIFF'S OFFICE, THE      )
12  COUNTY OF CLARK and JOHN DOES     )
    ONE THROUGH TEN,                  )
13                                    )
                Defendants.           )
14

15   DEPOSITION UPON ORAL EXAMINATION OF JAMES MICHAEL DAVIDSON

16

17

18

19                  Monday, November 5, 2012
                     Olympia, Washington

20

21

22

23

24

25

ZELLNER (James Michael Davidson, 11/5/12)

129

1    evidence in this case mysteriously appears, so I want to
2    make sure that I'm provided with that in time to redepose
3    him.
4    Q   (By Ms. Zellner)  I want to ask you if all of the prior
5        testimony you've given under oath is true.
6    A   To the best of my knowledge and ability to recall.
7    Q   Would you agree that the investigation of Ray Spencer was
8        conducted exclusively under your supervision?
9    A   No.
10   Q   Okay.  If not, tell me why you disagree with that
11       statement.
12   A   Well, first of all, I believe the prosecutor would have
13       been involved and --
14   Q   I'm talking about the investigation.
15   A   That would have been part of --
16   Q   Yeah.
17   A   That would have been part of the prosecutor's review.  He
18       may have had --
19   Q   So you're talking about Jim Peters?
20   A   I'm talking about any -- any prosecutor that would have
21       been involved with the Spencer investigation.
22   Q   Well, do you know of any prosecutor other than Jim Peters
23       that was involved with the Spencer investigation?
24   A   I could name one specifically, yes.
25   Q   Who else besides Jim Peters?

ZELLNER (James Michael Davidson, 11/5/12)

130

1    A   Art Curtis.

2    Q   So it's your testimony --

3                MS. FETTERLY:   I'm just going to pose an

4         objection to the form of this line of questioning, but go

5         ahead and answer.

6                THE WITNESS:   Okay.

7    A   I'm sorry.   I didn't give you a chance to --

8    Q   (By Ms. Zellner)   So can you explain to me the involvement

9         of Art Curtis in the investigation.

10               MS. FETTERLY:   Object to the form of the

11        question.

12               You can answer if you can.

13   A   Ultimately I think all decisions for charging rested with

14        the prosecuting attorney of Clark County.   Therefore, Art

15        Curtis being the prosecutor at that time, I assume he would

16        have made any of those decisions.

17   Q   (By Ms. Zellner)   But my question was:   Did you have

18        exclusive control over supervising the Ray Spencer

19        investigation?

20   A   And, again, I'm going to respond that no, that's not a

21        correct statement.

22   Q   And is it your testimony that prosecutor Jim Peters and Art

23        Curtis were involved in the Ray Spencer investigation?

24               MS. FETTERLY:   Object to the form of the

25        question.   Clarify what you mean by "investigation" to be

Dixie Cattell & Associates
Court Reporters & Videoconferencing

ZELLNER (James Michael Davidson, 11/5/12)

131

1     certain that the witness understands.

2   Q  (By Ms. Zellner)  You know what an investigation is.  I'm

3     talking about prior to charging.

4              MS. ZELLNER:  I would ask you not to coach him.

5              MS. FETTERLY:  I'm making objection to the form

6     of the question.

7              MS. ZELLNER:  You can make the objections, but

8     you can't coach the witness.  He's the one that interjected

9     their names into the investigation.  I'm asking him --

10             MS. FETTERLY:  But, Ms. Zellner, you're using a

11    legal --

12             MS. ZELLNER:  -- other than -- would you please

13    stop coaching the witness?

14             MS. FETTERLY:  You're using a legal term.

15    That's why I'm making my objection.

16             MS. ZELLNER:  "Investigation" is not a legal

17    term.

18             MS. FETTERLY:  It can be.

19  Q  (By Ms. Zellner)  Tell me again.  Was the Ray Spencer

20    investigation under your exclusive supervision prior to the

21    charging?

22             MR. FREIMUND:  Objection.  It's been asked and

23    answered twice.

24        Go ahead and answer a third time.

25  A  The third time again, I would respond no.

ZELLNER (James Michael Davidson, 11/5/12)

132

1   Q   (By Ms. Zellner)  And then my question is:  If you were not

2       exclusively supervising the Ray Spencer investigation, who

3       else was involved in the Ray Spencer investigation

4       supervising it?

5   A   Again, as I indicated previously, the prosecutor -- the

6       prosecuting attorney's office was involved during the

7       course of the investigation.

8               MS. ZELLNER:  Okay.  All right.  I don't have

9       any further questions.

10              MR. FREIMUND:  I don't have any follow-up.

11              MS. ZELLNER:  Do you want to waive or reserve?

12              MR. FREIMUND:  We reserve.

13          Anybody else?

14              MR. BOGDANOVICH:  No.

15              MS. FETTERLY:  No.

16                              (Concluded at 0:00 a.m.)

17                              (Signature reserved)

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2            I, DIXIE J. CATTELL, the undersigned Registered

3    Professional Reporter and Washington Certified Court Reporter,

4    do hereby certify:

5            That the foregoing deposition of JAMES MICHAEL

6    DAVIDSON was taken before me and completed on the 5th day of

7    November, 2012, and thereafter transcribed by me by means of

8    computer-aided transcription; that the deposition is a full,

9    true and complete transcript of the testimony of said witness;

10           That the witness, before examination, was, by me,

11   duly sworn to testify the truth, the whole truth, and nothing

12   but the truth, and that the witness reserved signature;

13           That I am not a relative, employee, attorney or

14   counsel of any party to this action or relative or employee of

15   such attorney or counsel, and I am not financially interested

16   in the said action or the outcome thereof;

17           That I am herewith securely sealing the deposition of

18   JAMES MICHAEL DAVIDSON and promptly serving the same upon

19   MS. KATHLEEN ZELLNER.

20           IN WITNESS HEREOF, I have hereunto set my hand

21   this_____day of_____, 2012.

22

23                        _____

                          Dixie J. Cattell, RPR, CCR
24                        NCRA Registered Professional Reporter
                          Washington Certified Court Reporter CSR#2346
25                        License Expires July 16, 2013.

# EXHIBIT G

1

1       UNITED STATES DISTRICT COURT

2     FOR THE WESTERN DISTRICT OF WASHINGTON

3              AT TACOMA

4

CLYDE RAY SPENCER, MATTHEW          )
5   RAY SPENCER, and KATHRYN E.       )
    TETZ,                             )
6                                     )
              Plaintiffs,             )
7                                     )
        vs.                           )    NO. 3:11-cb-05424-BHS
8                                     )
    FORMER PROSECUTING ATTORNEY       )
9   FOR CLARK COUNTY JAMES M.         )
    PETERS, DETECTIVE SHARON          )
10  KRAUSE, SERGEANT MICHAEL          )
    DAVIDSON, CLARK COUNTY            )
11  PROSECUTOR'S OFFICE, CLARK        )
    COUNTY SHERIFF'S OFFICE, THE      )
12  COUNTY OF CLARK and JOHN DOES     )
    ONE THROUGH TEN,                  )
13                                    )
              Defendants.             )
14

15     DEPOSITION UPON ORAL EXAMINATION OF SHARON KRAUSE

16

17

18

              Tuesday, November 6, 2012
19               Olympia, Washington

20

21

22

23

24

25

ZELLNER (Sharon Krause, 11/6/12)

10

1    Q   And why are you sure that it was?  Was that a common
2        practice for you to prepare indexes on your case files?
3    A   Not on every case, but when we had a major case --
4            I have to apologize for my voice, but I had a throat
5        infection this summer, and so it's a little raspy.
6    Q   Sure.  Okay.
7    A   When it involved more than one victim or it involved
8        several children or several witnesses, then I would prepare
9        this index.  In the event somebody later needed to find
10       something, they would know which section it was in.
11   Q   And was the index stored with the file, or where was it
12       kept in the Sheriff's Department?
13   A   You know, it -- usually when I prepared the index, it was
14       after the case was completed and I'm putting it all
15       together, and then that index would be attached to the
16       complete file.
17   Q   And do you know if the complete file with the index that
18       was prepared on August 30, 1984, was at some point in time
19       sent to the prosecutor's office before Ray Spencer's plea?
20   A   I can't say that, no.  I don't know that that index went
21       there.
22   Q   Who was responsible for gathering up the documents in a
23       case including the index and sending them over to the
24       prosecutor's office, sending the documents?
25   A   It depended on the case.  If -- you know, this was a real

ZELLNER (Sharon Krause, 11/6/12)

48

1  Q  And Shirley Spencer was very upset and confused about what
2     was going on, right?
3  A  Ray Spencer came in that 9/21 to take the polygraph.
4  Q  Right.  And Shirley Spencer was with him, correct?
5  A  Correct.  That's correct.
6  Q  And then Mike Davidson was also present, and he talked to
7     Shirley Spencer, you and Mike Davidson?
8  A  Correct.
9  Q  Okay.  Shirley Spencer was extremely upset and confused
10    about what was going on, correct?
11 A  Based on the report, she was having a real hard time.
12 Q  Right.  And you even document that she was crying or she
13    was attempting to hold back tears?
14 A  That's correct.
15 Q  Is that accurate?
16 A  Yes.
17 Q  Shirley Spencer makes -- apparently indicates that she
18    found it was very difficult to believe that there was even
19    a possibility that her husband Ray would have had any type
20    of sexual contact with Kathryn.  That's correct?
21 A  That's what it reflects, the report, yes.
22 Q  And Shirley Spencer also indicated that she lived -- during
23    the time she had lived with Spencer, she never observed
24    anything that would have concerned her regarding Ray
25    Spencer having a problem specifically being sexually

ZELLNER (Sharon Krause, 11/6/12)

49

1     attracted to children.  That's the information she conveyed
2     to you?
3  A  Yes.
4  Q  And she also told you that she had a four-year-old son and
5     grandchildren, and she would have been concerned about
6     their safety if she even suspected something like that
7     would happen, right?
8  A  Correct.
9  Q  Shirley Spencer said that she wished she had never said
10    anything, correct, because of all the problems it had
11    caused?
12 A  Yes.
13 Q  Shirley Spencer, during that meeting, never indicates to
14    you that she suspects her husband Ray of abusing Kathryn or
15    the other children; is that right?
16 A  Could you ask me that again?
17 Q  Sure.  There's no indication in your meeting with Shirley
18    Spencer on 9/21/84 that she has any doubt about Ray
19    Spencer's innocence of the allegations?
20 A  I think initially in this interview she consistently
21    expressed her feelings that, you know, she didn't -- well,
22    let me rephrase.
23        She said she found it hard to believe.  She never saw
24    anything that would have caused her concern.  However, she
25    was the one who called and reported based on Kathryn's

50

1        initial disclosure.  So I can't say what Shirley Spencer

2        felt, but, you know, she had concerns and so she acted on

3        those.

4    Q   Right.  But you would agree Ray Spencer's actually the one

5        who had her write up everything that Kathryn had told to

6        her, correct, that Ray asked her to document?

7                    MR. BOGDANOVICH:  Object to the form.

8               You can answer.

9    Q   (By Ms. Zellner)  Is that your understanding, that Ray had

10       asked her to document the allegations?

11   A   What I understand is when I spoke to him, he told me he

12       told her to write it down.  You know, that's the

13       information I had.

14   Q   Well, she actually did write up the allegations, right?

15   A   She did, and I had a copy of those.

16   Q   Right.  And my point is, at this meeting, without trying to

17       read her mind, she doesn't express any concern that Ray

18       Spencer had molested her daughter Kathryn?  Would you agree

19       with that?

20   A   I guess I don't like the word "concerned."  She didn't want

21       to believe it.  I don't think -- you know, she was

22       reluctant to even entertain the possibility.  I can't say

23       whether she had concerns.  I think she had concerns, but --

24   Q   Well, she was -- okay.  But she wasn't concerned about Ray

25       Spencer.  In that interview on page 7 of 12, she's actually

ZELLNER (Sharon Krause, 11/6/12)

51

1    expressing concern about the children's biological mother,
2    DeAnne Spencer, if you'll look at page 7 of 12, two
3    paragraphs from the bottom.  She was expressing concerns
4    about DeAnne Spencer and that she might have a man living
5    with her that could be responsible for this.
6  A  She did tell me that, yes.
7  Q  Do you see that?
8  A  Um-hmm.
9  Q  Right.
10  A  Yes.
11  Q  So, certainly at this point in your investigation, you
12     would say that -- or would you agree that there was
13     absolutely no probable cause to arrest Ray Spencer for
14     molesting Katie Spencer?
15  A  I don't think at that point there would have been probable
16     cause, no.
17  Q  Right.  And you would agree with me that sometimes in an
18     investigation, there are indications that there is not
19     probable cause to arrest someone, correct?
20  A  Could you ask me that again?
21  Q  Right.  As you proceed in this investigation, you clear
22     certain people, like you end up clearing Karen Stone of any
23     involvement even though she's mentioned in the initial
24     allegations.  Do you recall doing that?
25  A  Yes.

202

1              C E R T I F I C A T E

2          I, DIXIE J. CATTELL, the undersigned Registered

3   Professional Reporter and Washington Certified Court Reporter,

4   do hereby certify:

5          That the foregoing deposition of SHARON KRAUSE was

6   taken before me and completed on the 6th day of November,

7   2012, and thereafter transcribed by me by means of

8   computer-aided transcription; that the deposition is a full,

9   true and complete transcript of the testimony of said witness;

10         That the witness, before examination, was, by me,

11  duly sworn to testify the truth, the whole truth, and nothing

12  but the truth, and that the witness reserved signature;

13         That I am not a relative, employee, attorney or

14  counsel of any party to this action or relative or employee of

15  such attorney or counsel, and I am not financially interested

16  in the said action or the outcome thereof;

17         That I am herewith securely sealing the deposition of

18  SHARON KRAUSE and serving the same upon MS. KATHLEEN ZELLNER.

19         IN WITNESS HEREOF, I have hereunto set my hand

20  this_____day of_____, 2012.

21

22

23                    _____
                      Dixie J. Cattell, RPR, CCR
24                    NCRA Registered Professional Reporter
                      Washington Certified Court Reporter CSR#2346
25                    License Expires July 16, 2013.

# EXHIBIT H

Page 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW RAY       )
SPENCER, and KATHRYN E. TETZ,        )
                                     )
              Plaintiffs,            )
                                     )
     vs.                             )   No. 3:11-cv-05424-BHS
                                     )
FORMER PROSECUTING ATTORNEY FOR      )
CLARK COUNTY JAMES J. PETERS,        )
DETECTIVE SHARON KRAUSE,             )
SERGEANT MICHAEL DAVIDSON,           )
CLARK COUNTY PROSECUTOR'S            )
OFFICE, CLARK COUNTY SHERIFF'S       )
OFFICE, THE COUNTY OF CLARK and      )
JOHN DOES ONE THROUGH TEN,           )
                                     )
              Defendants.            )

DEPOSITION UPON ORAL EXAMINATION OF

REBECCA J. ROE

Thursday, December 13, 2012

Taken at 810 3rd Avenue, Suite 500
Seattle, Washington

1:36 p.m.

REPORTED BY:  KAREN M. GRANT, CCR NO. 2155
DIXIE CATTELL & ASSOCIATES
COURT REPORTERS & VIDEOCONFERENCING
(360)352-2506     *    (800)888-9714

REBECCA J. ROE - 12/13/2012

1   victim in a child sex abuse case, prosecutors should

2   request an order prohibiting the defendant contact with

3   other children?

4        A.    Yes.

5        Q.    Okay.  Just a couple more.

6              It is your testimony that the video relates to

7   probable cause, correct?

8        A.    That the video relates --

9              MS. FETTERLY:  Object as to form.

10       A.    I guess I don't understand what ...

11       Q.    Was it your testimony that the information

12   gathered in the video of December 11th of 1984 relates

13   to probable cause?

14             MS. FETTERLY:  Object as to form.

15       A.    I still don't -- yeah, I'm -- I'm -- I don't

16   understand that --

17             The information in the video would be

18   information you would consider in determining whether or

19   not to file charges.

20       Q.    And the video should have been disclosed prior

21   to Ray's guilty plea, correct?

22       A.    Yes.

23       Q.    And you agree that a defense attorney could

24   have argued that the video negated probable cause,

25   correct?

REBECCA J. ROE - 12/13/2012

Page 224

```
 1                    C E R T I F I C A T E

 2

 3      STATE OF WASHINGTON    )
                               )
 4      COUNTY OF PIERCE       )

 5

 6            I, the undersigned officer of the Court,
        under my commission as a Notary Public in and for
 7      the State of Washington, hereby certify that the
        foregoing deposition upon oral examination of the
 8      witness named herein was taken stenographically
        before me and thereafter transcribed under my
 9      direction;

10            That the witness before examination was
        first duly sworn by me to testify truthfully;
11      that the transcript of the deposition is a full, true
        and correct transcript of the testimony, including
12      questions and answers and all objections, motions,
        and exceptions of counsel made and taken at the
13      time of the foregoing examination;

14            That I am neither attorney for, nor a
        relative or employee of any of the parties to the
15      action; further, that I am not a relative or
        employee of any attorney or counsel employed by the
16      parties hereto, nor financially interested in its
        outcome.

17

18
              IN WITNESS WHEREOF, I have hereunto set my
19      hand and seal this 26th day of December, 2012.

20

21

22                                _____
                                  KAREN M. GRANT
23                                NOTARY PUBLIC in and for the
                                  State of Washington, residing
24                                at Edgewood.
                                  My commission expires 3/13/14.
25
```

# EXHIBIT I

DEPOSITION OF MATTHEW RAY SPENCER, 11/13/12

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER and KATHRYN E. TETZ, )<br><br>Plaintiffs, )<br><br>v. )<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR )<br>CLARK COUNTY JAMES M. PETERS, DETECTIVE)<br>SHARON KRAUSE, SERGEANT MICHAEL )<br>DAVIDSON, CLARK COUNTY PROSECUTOR'S )<br>OFFICE, CLARK COUNTY SHERIFF'S OFFICE, )<br>THE COUNTY OF CLARK, SHIRLEY SPENCER )<br>and JOHN DOES ONE through TEN, )<br><br>Defendants. )<br> ) | No. 11-5424 BHS |

DEPOSITION UPON ORAL EXAMINATION OF

MATTHEW RAY SPENCER

Tuesday, November 13, 2012
10:00 a.m.
1201 Third Avenue, Suite 2200
Seattle, Washington

Reported by Marlis J. DeJongh, CCR, RPR

Lic. No. DE-JO-NM-J498K9

MARLIS J. DeJONGH & ASSOCIATES
www.marlisdejongh.com

101

1      Q.    Was it handed to you in this form that we see it

2   marked here as Exhibit 3?

3      A.    I believe so.

4      Q.    Do you know how Mr. Camiel's office came up with

5   the content?

6      A.    Came up through me.

7      Q.    Just explain to me how this was drafted?

8      A.    I came in, gave an interview, and they typed it up.

9      Q.    And does this declaration accurately reflect the

10  content of the statements you made to Mr. Camiel that day?

11     A.    Most of it is.

12     Q.    When you say most of it, are there parts that you

13  don't feel are accurate?

14     A.    Yeah, Paragraph 18, While I believe that I did tell

15  her the things written in the report attributed to me about

16  my father sexually abusing me, none of it is true.

17        When it comes to that, I went along with what she had

18  told me had happened to me.  There wasn't anything that I

19  had generated on my own except for after that maybe the

20  details of maybe a couple of things, the yellow sweater, red

21  Porsche.  Other than that I went along with what she told me

22  to say.

23     Q.    Well, do you now think that this, the statement

24  that you just read, the second sentence in Paragraph 18 is

25  not accurate?

202

1                    REPORTER'S CERTIFICATE

2

3     STATE OF WASHINGTON     )
                              )     ss.
4     COUNTY OF KING          )

5

6          I, MARLIS J. DeJONGH, CCR, RPR, a Notary Public in

7     and for the State of Washington, do hereby certify:

8     That prior to being examined, the witness named in the

9     foregoing deposition was duly sworn to testify the truth,

10    the whole truth and nothing but the truth;

11         That said deposition was taken down by me in

12    shorthand at the time and place therein named and thereafter

13    transcribed by means of computer-aided transcription, and

14    that the foregoing transcript contains a full, true and

15    verbatim record of the said deposition;

16         I further certify that I have no interest in the

17    event of the action.

18         WITNESS my hand and seal this 29th day of November,

19    2012.

20

21                         Notary Public in and for the State
22                         of Washington, residing in Seattle.
                           My commission expires 01/2016.
23                         Lic. No. DE-JO-NM-J498K9

24

25

# EXHIBIT Q

1

1        UNITED STATES DISTRICT COURT

2     FOR THE WESTERN DISTRICT OF WASHINGTON

3              AT TACOMA

4
   CLYDE RAY SPENCER, MATTHEW      )
5  RAY SPENCER, and KATHRYN E.     )
   TETZ,                           )
6                                  )
            Plaintiffs,            )
7                                  )
       vs.                         )    NO. 3:11-cb-05424-BHS
8                                  )
   FORMER PROSECUTING ATTORNEY     )
9  FOR CLARK COUNTY JAMES M.       )
   PETERS, DETECTIVE SHARON        )
10 KRAUSE, SERGEANT MICHAEL        )
   DAVIDSON, CLARK COUNTY          )
11 PROSECUTOR'S OFFICE, CLARK      )
   COUNTY SHERIFF'S OFFICE, THE    )
12 COUNTY OF CLARK and JOHN DOES   )
   ONE THROUGH TEN,                )
13                                 )
            Defendants.            )

14

15     DEPOSITION UPON ORAL EXAMINATION OF JAMES M. PETERS

16

17

18
              Thursday, November 8, 2012
19               Olympia, Washington

20

21

22

23

24

25

JOHNSON (James M. Peters, 11/8/12)

97

1   Q  Did you have any understanding that Shirley Spencer had

2       made statements that she did not believe Ray had done

3       anything to Katie?

4   A  I know she was standing by her husband.  I remember that.

5   Q  Okay.  Did you know that Katie had stated that she did not

6       want to talk to boys about the abuse?

7   A  To whom and when?  I don't remember that.

8   Q  Okay.  You can take a look at Exhibit 3, if you'd like.

9       This is Rebecca Roe's report on page 1.

10  A  (Witness complying).

11  Q  Seven lines up from the bottom.

12  A  (Witness perusing document)  I see where that's written

13      there.  It says, "Sharon Krause had to spend several hours

14      one-on-one with victim who also indicated she would not

15      talk about it, quote, with boys, end quote."

16  Q  All right.  And staying on that page since you have it in

17      front of you, did you also know that Katie did not talk to

18      a female counselor about it?

19  A  Actually, that's in -- I see that is written in Rebecca

20      Roe's report, but that's not accurate.

21  Q  Well, Rebecca Roe reported that Katie would not talk to a

22      female counselor about it, correct?

23  A  I see what's written in Rebecca Roe's report, but as I told

24      you, that's inaccurate.  I talked to the female counselor

25      myself who told me that she had been speaking with Katie

1       since September and that on November 1st, 1984, Katie had

2       described the abuse to her using anatomical dolls.

3  Q  That was Ann Link, right?

4  A  Yes.

5  Q  November 1st was the first time you say -- you say -- Katie

6       Spencer reported it, correct?

7  A  I didn't say that.

8  Q  To Ann Link?

9  A  Oh, all I know is what Ann Link told me.  I don't know

10      about anything else.

11  Q  Okay.  And that first revelation that you're talking about

12      came to Ann Link as Ann Link told you on November 1st of

13      '84, correct?

14  A  Just to be clear, there had been prior revelations to

15      Shirley Spencer and to Sharon Krause.  The first

16      revelation --

17  Q  I'm just talking about Ann Link.

18  A  As far as I know, when Mr. Rulli and I talked to Ann Link

19      in Sacramento, she told us that Katie had disclosed to her

20      sexual abuse by Ray, described it with anatomical dolls,

21      including fellatio, my word, not hers, oral sex with a man,

22      on November 1st.

23  Q  That was after Sharon Krause had spent a substantial period

24      of time with Sharon Krause -- I mean with Katie Spencer,

25      correct?

263

1                    C E R T I F I C A T E

2          I, DIXIE J. CATTELL, the undersigned Registered

3    Professional Reporter and Washington Certified Court Reporter,

4    do hereby certify:

5          That the foregoing deposition of JAMES M. PETERS was

6    taken before me and completed on the 8th day of November,

7    2012, and thereafter transcribed by me by means of

8    computer-aided transcription; that the deposition is a full,

9    true and complete transcript of the testimony of said witness;

10         That the witness, before examination, was, by me,

11   duly sworn to testify the truth, the whole truth, and nothing

12   but the truth, and that the witness reserved signature;

13         That I am not a relative, employee, attorney or

14   counsel of any party to this action or relative or employee of

15   such attorney or counsel, and I am not financially interested

16   in the said action or the outcome thereof;

17         That I am herewith securely sealing the deposition of

18   JAMES M. PETERS and promptly serving the same upon MR. DOUGLAS

19   JOHNSON.

20         IN WITNESS HEREOF, I have hereunto set my hand

21   this_____day of_____, 2012.

22

23                     _____
                       Dixie J. Cattell, RPR, CCR
24                     NCRA Registered Professional Reporter
                       Washington Certified Court Reporter CSR#2346
25                     License Expires July 16, 2013.


                    Dixie Cattell & Associates
                 Court Reporters & Videoconferencing

# EXHIBIT R

```
                UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
                         AT TACOMA
```

CLYDE RAY SPENDER, MATTHEW          )NO. C11-5424BHS
RAY SPENDER, and KATHRYN E.         )
TETZ,                               )
                                    )
                   Plaintiffs,      )
vs.                                 )
                                    )
FORMER DEPUTY PROSECUTING ATTORNEY  )
FOR CLARK COUNTY JAMES M. PETERS,   )
DETECTIVE SHARON KRAUSE, SERGEANT   )
MICHAEL DAVIDSON, CLARK COUNTY      )
PROSECUTOR'S OFFICE, CLARK COUNTY   )
SHERIFF'S OFFICE, THE COUNTY OF     )
CLARK and JOHN DOES ONE THROUGH     )
TEN,                                )
                                    )
                   Defendants.      )
                                    )

VIDEOTAPED/VIDEOCONFERENCED DEPOSITION OF:

WILLIAM BERNET, M.D.

Taken on Behalf of the Defendant/Michael Davidson

December 4, 2012

```
            VOWELL & JENNINGS, INC.
             Court Reporting Services
          207 Washington Square Building

            214 Second Avenue North

          Nashville, Tennessee 37201

               (615) 256-1935
```

Page 157

1    the position that those front-line field
2    professionals would have known in a broader sense
3    how to have a conversation with children and the
4    implications of those conversations even if there
5    were no specific written guidelines.
6        Q    So just going back to the one other
7    question I had there.  I just want to make sure I
8    understood your testimony about defendant Davidson.
9            You referenced him as a prosecutor, I
10   think inadvertently.  But is it your view that
11   defendant Davidson knew or should have known that
12   Krause's -- Detective Krause's and Prosecutor
13   Peters' interviews would yield false information?
14       A    Yeah.  I'm sorry.  You know, I guess
15   Davidson was Detective Krause's supervisor and would
16   have reviewed this.
17       Q    Right.
18       A    Yeah, I got him mixed up with Davis, I
19   think the other guy's name is -- Curtis.  Curtis is
20   the other person.
21           That's correct.  I think that an
22   experienced investigator looking at the details of
23   those written reports would have been concerned
24   about the coercive nature of them.
25           MR. FREIMUND:  All right, sir.  That's all

Vowell & Jennings, Inc.  (615) 256-1935

Page 172

1                  REPORTER'S CERTIFICATE

2              I certify that the witness in the

3      foregoing videotaped/videoconferenced deposition,

4      WILLIAM BERNET, M.D., was by me duly sworn to

5      testify in the within-entitled cause; that the said

6      deposition was taken at the time and place therein

7      named; that the testimony of said witness was

8      reported by me, a Shorthand Reporter and Notary

9      Public of the State of Tennessee authorized to

10     administer oaths and affirmations, and said

11     testimony, pages 7 through 171, was thereafter

12     transcribed into typewriting.

13             I further certify that I am not of counsel

14     or attorney for either or any of the parties to said

15     deposition, nor in any way interested in the outcome

16     of the cause named in said deposition.

17             IN WITNESS WHEREOF, I have hereunto set my

18     hand the 11th day of December, 2012.

19

20

21

22

23

24
                   Deborah J. Harris, TLCR No. 472
25                 My commission expires: 5/03/2016

# EXHIBIT U

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA


CLYDE RAY SPENCER,
MATTHEW RAY SPENCER, and
KATHRYN E. TETZ,

        Plaintiffs,

        vs.                   Case No. C11-5425BHS

FORMER DEPUTY PROSECUTING ATTORNEY
FOR CLARK COUNTY JAMES M. PETERS,
DETECTIVE SHARON KRAUSE,
SERGEANT MICHAEL DAVIDSON,
CLARK COUNTY PROSECUTOR'S OFFICE,
CLARK COUNTY SHERIFF'S OFFICE,
THE COUNTY OF CLARK, AND
JOHN DOES ONE THROUGH TEN,

        Defendants.

_____/


Deposition of

ANN LINK, PH.D.

Monday, December 17, 2012


Reported by Karen Cosgrove, CSR No. 12425

1      Q    -- page 97 of the document, did you see

2   reference in Mr. Peters' deposition on page -- it starts

3   actually on page 97, but at the top of 98, did you see

4   reference to your name in Mr. Peters' dep?

5      A    Yes.

6      Q    And if we look at page 98, at 9 through 22,

7   Mr. Peters states at line 5 -- or the question at line 5

8   is "November 1st was the first time you say -- you say

9   Katie Spencer reported it.  Correct?

10              "ANSWER:  I didn't say that.

11              "QUESTION:  To Ann Link.

12              "ANSWER:  Oh.  All I know is what Ann Link told

13   me.  I don't know about anything else."  That's at line 9

14   and 10.

15              "QUESTION:  "Okay.  And that first revelation

16   that you're talking about came to Ann Link as Ann Link

17   told you on November 1st of 1984.  Correct?

18              "ANSWER:  Just to be clear, there had been

19   prior revelations to Shirley Spencer and to

20   Sharon Krause.  The first revelation.

21              "QUESTION:  I'm just talking about Ann Link.

22              "ANSWER:  As far as I know, when Mr. Rulli and

23   I talked to Ann Link in Sacramento, she told us that

24   Katie had disclosed to her sexual abuse by Ray.

25   Described it with anatomical dolls, including fellatio --

1 | my word, not hers -- oral sex with a man, on
2 | November 1st."
3 |      Do you see that statement of Mr. Peters?
4 |     A   Yes.
5 |     Q   Is that true or false that you told Mr. Peters
6 | and Mr. Rulli that Katie had disclosed or described on
7 | anatomical dolls fellatio, oral sex with a man?
8 |     MR. JUDGE:  Objection.  This is Dan Judge.
9 | Objection to the form of the question.
10 |     Go ahead.
11 | BY MS. ZELLNER:
12 |     Q   You can answer.
13 |     A   I'm sorry.  Did you want me to answer?
14 |     Q   Yeah.  Is that true or false that you told
15 | Mr. Peters and Mr. Rulli that Katie had disclosed to you
16 | sexual abuse by Ray.  "Described it with anatomical
17 | dolls, including fellatio -- my word, not hers -- oral
18 | sex with a man, on November 1st."
19 |     A   In my --
20 |     MR. JUDGE:  This is Dan Judge.  Same objection.
21 | BY MS. ZELLNER:
22 |     Q   Okay.  Is that true or false?
23 |     A   In my recollection --
24 |     MR. JUDGE:  Objection.
25 |     MS. ZELLNER:  Okay.

```
1              THE WITNESS:  Did you want me to --
2              MS. ZELLNER:  I've got the objection noted.
3    Could you let the witness answer?
4              THE WITNESS:  Am I supposed to answer?
5    BY MS. ZELLNER:
6         Q    Yes.
7         A    Oh.  Sorry.  No.  That's false, according to my
8    recollections.
9         Q    And if we look at page 125 of Mr. Peters'
10   deposition, we look at -- hang on just a minute.
11             It says at line 12 -- this is Mr. Peters'
12   answer:  "The information now -- your question was
13   compound.  Had multiple subjects in it.  But the
14   behavioral indicators portion of it was relayed to me by
15   Ann Link, and it's in the notes of Rulli and my interview
16   with Ann Link."
17             Do you see that answer?
18        A    Yes.
19        Q    Okay.  And that leads me to the notes of
20   Mr. Peters, which follow those two pages.
21             And have you had an opportunity to look at
22   those notes?
23        A    Yes.
24        Q    And let's look at where your name is mentioned.
25             At the bottom it says, "Spencer," Bates
```

1  STATE OF CALIFORNIA

2

3

4          I, Karen Cosgrove, CSR 12425, a Certified

5  Shorthand Reporter in and for the State of California, do

6  hereby certify that, prior to being examined, the witness

7  named in the foregoing deposition was by me duly sworn to

8  testify the truth, the whole truth, and nothing but the

9  truth; that said deposition was taken down by me in

10  shorthand at the time and place named therein and was

11  thereafter transcribed under my supervision; that this

12  transcript contains a full, true and correct record of

13  the proceedings which took place at the time and place

14  set forth in the caption hereto; that this transcript was

15  prepared in accordance with the minimum transcript format

16  standards as set forth by the California Certified

17  Shorthand Reporters Board.

18          I further certify that I have no interest in

19  the event of this action.

20

21  EXECUTED this 31st day of December, 2012.

22

23

24  _____

                    Karen Cosgrove
25

# EXHIBIT KK

# United States District Court
## Western District of Washington

CLYDE RAYMOND SPENCER           )        Case No.
                                )        C94-5238 RJB
                    Petitioner, )
                                )
              vs.               )
                                )
JOSEPH KLAUSER, Warder, Idaho State )
Institution,                    )
                                )
                    Respondent. )
                                )

# DEPOSITION OF JAMES MATTHEW PETERS

## July 30, 1996

Reported by
Jodi C. Williams



THE COURT REPORTERS

TUCKER
AND ASSOCIATES

208-345-3704 • 1-800-424-2354
Fax 208-345-3713
605 WEST FORT STREET
P.O. BOX 1625 • BOISE, ID 83701
Home Page: http://www.webfactor.com/tucker/
E-Mail: tucker@rmci.net



ORIGINAL

Spencer002621

31

1    Q.    DeAnne?

2    A.    I met them both.

3    Q.    It was DeAnne?

4    A.    Yes.

5    Q.    Did you ever interview Matt Hansen?

6    A.    I don't think so.  It was never my

7    practice, nor is it my practice now, to get

8    involved in interviews with child molesting victims

9    unless I'm certain the case is going to go to

10   trial.  I think they have to tell their story to

11   too many grown-ups that they don't know without

12   having to meet another grown-up and tell the ugly

13   details to them.

14        So I don't have any memory of doing that,

15   and it wouldn't have been my practice to do that.

16        Now, if I had, there would be detailed

17   notes because I always took notes.  And there would

18   be notes in the file.  So I'm not saying I didn't,

19   but I don't think I did.

20        That case was heading toward trial.  But

21   I usually didn't get involved with actually

22   preparing the child for trial until a couple of

23   weeks before when I was sure it was going to go.

24        I might have met them.  And, in fact, my

25   practice would have been to meet the child, take

Spencer002654

# REPORTER'S CERTIFICATE

STATE OF IDAHO          )
                             )   ss.
County of Ada            )

        I, Jodi C. Williams, a Notary Public in and for the State of Idaho, do hereby certify:

        That prior to being examined, the witness named in the foregoing deposition was by me duly sworn to testify the truth, the whole truth, and nothing but the truth;

        That said deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to typewriting under my direction, and that the foregoing transcript contains a full, true, and verbatim record of the said deposition.

        I further certify that I have no interest in the event of the action.

        WITNESS my hand and seal this _13th_ day of _August_ , 1996.

_Jodi C. Williams_
NOTARY PUBLIC in and for the State of Idaho;
residing at Mountain Home, Idaho.

My commission expires 2-7-2001.

Spencer002704

# EXHIBIT WW

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CLYDE RAY SPENCER,                    )
                                      )
                    Petitioner,  )
                                      )
         vs.                          )    No. C94-5238 RJB
                                      )
JOSEPH KLAUSER, Warden,               )
Idaho State Institution,              )
                                      )
                    Respondent.  )

---

### DEPOSITION UPON ORAL EXAMINATION

OF

SHIRLEY J. SPENCER

---

DATE TAKEN:   June 4, 1996

COPY

TIME:   1:00 p.m.

PLACE:   1104 Main Street, M-110
         Vancouver, Washington

COURT REPORTER:   CINDY J. HOLLEY, CSR

RIDER & ASSOCIATES
COURT REPORTERS
P.O. Box 245
Vancouver, Washington 98666

Spencer002455

1      A.   I don't remember discussing it.

2      Q.   Do you recall having a discussion with Sergeant

3   Davidson about the results of Matt's examination?

4      A.   Now we're talking 12 years ago, I don't remember.

5      Q.   Do you recall explaining to my investigator and I that

6   you did have a discussion with Sergeant Davidson and he told

7   you that the fact that the doctor didn't find anything didn't

8   mean that Matt wasn't abused?

9      A.   No, I don't remember that.

10     Q.   In fact, is that what Sergeant Davidson told you?

11     A.   I don't remember that he told me that, no.

12     Q.   Did you discuss with either Sergeant Davidson or

13   Detective Krause the fact that Matt had been examined?

14     A.   I'm sure I did because they told me to go.

15     Q.   Do you remember signing any kind of a release or a

16   waiver for the Clark County Sheriff's office to allow them to

17   get Matt's medical records?

18     A.   I don't remember it, but I probably would have if

19   they'd asked me to, but I don't remember it.

20     Q.   Well, let me clarify what you have told us, okay.

21          You were referred by you believe Sharon Krause to go

22   to have Matt physically examined; is that correct?

23     A.   Yes.

24     Q.   And the purpose of the examination was to look for any

25   evidence of sex abuse?

1                          CERTIFICATE

2

3    STATE OF WASHINGTON )
                          ) ss.
4    COUNTY OF LEWIS      )

5              I, Cindy J. Holley, a Notary Public for Washington,

6    certify that the deposition of SHIRLEY J. SPENCER here occurred

7    at the time and place set forth in the caption hereof; that at

8    said time and place I reported in Stenotype all testimony

9    adduced and other oral proceedings had in the foregoing matter;

10   that thereafter my notes were reduced to typewriting under my

11   direction; and the foregoing transcript, pages 1 to 18 both

12   inclusive, contains a full, true and correct record of all such

13   testimony adduced and oral proceedings had and of the whole

14   thereof.

15             I further advise you that as a matter of firm policy,

16   the Stenographic notes of this transcript will be destroyed

17   two years from the date appearing on this Certificate unless

18   notice is received otherwise from any party or counsel hereto

19   on or before said date;

20             Witness my hand and notarial seal at Mossyrock,

21   Washington, this 10th day of June 1996.

22

23

24                          _____
                            Cindy J. Holley, CSR #HOLLECJ399P5
25                          Notary Public for Washington
                            My commission expires:  11-9-96