# EXHIBIT M

Redrafted Declaration of Kathleen T. Zellner
In Support of Plaintiff's Redrafted Responses to
Defendants' Renewed/Second Motions for Summary Judgment
(C11-5424BHS)

Post-It® Fax Note   7671   Date 4-7-09   # of pages ▶ 15
To Peter Camiel   From Laura
Co./Dept. Atty @ Law   Co. CoA 7F
Phone # 206-624-1551   Phone # 253-593-2970
Fax # 206-623-5951   Fax # 253-593-2806

FILED
COURT OF APPEALS

09 APR - 7  AM 10: 50

STATE             IGTON

BY_____

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Personal Restraint Petition of

CLYDE R. SPENCER

No. 37229-1-II

ORDER TRANSFERRING
PETITION FOR A
REFERENCE HEARING

Clyde R. Spencer entered an *Alford* plea,[1] and served nearly 20 years in prison for the

sexual abuse of his son, daughter and stepson. In 2004, Washington Governor Gary Locke

conditionally commuted his sentence of imprisonment to community custody after a review of

the relevant files relating to Spencer's case. Spencer now files a personal restraint petition (PRP)

submitting new evidence in the form of affidavits by his now-adult son and daughter stating that

Spencer never abused them and that they had never observed any abuse of Spencer's stepson.

---

[1] In an *Alford* plea, the defendant concedes that the state's evidence is strong and most likely
would result in a conviction. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed.
162 (1970); *see also State v. Newton*, 87 Wn.2d 363, 372, 552 P.2d 682 (1976).
  Ordinarily, when a defendant pleads guilty, the factual basis for the offense is
provided at least in part by the defendant's own admissions. With an *Alford* plea,
however, the court must establish an entirely independent factual basis for the
guilty plea, a basis which substitutes for an admission of guilt.
*State v. D.T.M.*, 78 Wn. App. 216, 220, 896 P.2d 108 (1995).

Spencer004598

No. 37229-1-II

Spencer also submits 1985 medical reports from examinations of his daughter and stepson that indicate no physical injury or abuse, which the State did not produce for defense counsel until years after Spencer entered his *Alford* plea.

We enter this order transferring the matter to Clark County Superior Court for a reference hearing to assist with determining whether the factual basis for Spencer's *Alford* plea is changed by the additional evidence and in light of numerous irregularities during the investigation that are not disputed by the State. RAP 16.12.

## FACTS

Spencer is required to register as a sex offender based on his convictions following the order of conditional commutation of his sentence of incarceration entered by former Governor Gary Locke. He, thus, remains under personal restraint and he files this personal restraint petition (PRP) asking that we either vacate his conviction or remand to the trial court for a reference hearing to determine whether he should be allowed to withdraw his plea and proceed to trial.[2]

On May 16, 1985, Spencer entered an *Alford* plea to seven counts of first degree statutory rape and four counts of complicity to commit first degree statutory rape. The victims were his two children, K.S., M.S., and his stepson, M.H., who were respectively five years old, eight years old, and five years old at the time. The counts are as follows:

---

[2] RAP 16.4(b) defines "restraint" broadly, and includes when "the petitioner is under some other disability resulting from a judgment or sentence in a criminal case." The State does not dispute that Spencer is currently under restraint for the purpose of filing a PRP.

2

Spencer004599

HFR-UF 2UUS TUL 1U-34 HH HH JT UUUFL UI Hppeals          THH NU. 2JJJ5J2DUU                  F.  UJ

No. 37229-1-II

           Count I- Statutory Rape in the First Degree- named victim [K.S.].
           Count II- Statutory Rape in the First Degree- named victim [M.S.].
           (Count 1 and Count 2) are pre SRA
           Count III- Statutory Rape in the First Degree- named victim [K.S.].
           Count VII- Statutory Rape in the First Degree- named violim [M.S.].
           Count IX- Complicity to Statutory Rape in the First Degree- [M.S.]
involved in sexual intercourse with [K.S.] at the direction of the defendant.
           Count X- Complicity to Statutory Rape in the First Degree- [M.S.]
involved in sexual intercourse with [M.H.] at the direction of the defendant.
           Count XII- Statutory Rape in the First Degree- named victim [M.H.].
           Count XIII- Complicity to Statutory Rape in the First Degree- [M.H.]
involved in sexual intercourse with [M.S.] at the direction of the defendant.
           Count XIV- Complicity to Statutory Rape in the First Degree- [M.H.]
involved in sexual intercourse with [K.S.] at the direction of defendant.
           Count XV- Statutory Rape in the First Degree- named victim [M.H.].[3]
           Count XVI- Statutory Rape in the First Degree- named victim [M.H.].

Br. of Resp't at 1-2. The trial court sentenced Spencer to two life terms to run consecutively,

plus a consecutive 171-month term of imprisonment.

      During his imprisonment, Spencer moved the trial court to vacate his guilty pleas. The

trial court denied the motion. Spencer filed a PRP in our court and a petition for review by our

Supreme Court. Both courts denied the petitions. Spencer then filed a petition for a writ of

habeas corpus in United States District Court for the Western District of Washington. The

district court denied the petition but, on appeal, the United States Court of Appeals for the Ninth

Circuit remanded for an evidentiary hearing on various issues, including whether Spencer had

been competent to enter a guilty plea and whether the State failed to produce medical reports of

the children that showed no evidence of physical abuse. *Spencer v. Klauser*, noted at 70 F.3d

1280, 1995 WL 710610 (9th Cir. 1995) (unpublished).

---

[3] Most of the alleged acts occurred during the summer of 1984, when K.S. and M.S. were
visiting Spencer. Counts XV and XVI address post-August 1984 abuse allegations, after M.S.
and K.S. had returned to their mother's home in California.

Spencer004600

No. 37229-1-11

On remand, the district court held the evidentiary hearing and denied Spencer's petition. The Ninth Circuit affirmed. *See also Spencer v. Klauser*, noted at 129 F.3d 127, 1997 WL 686029, at *1 (9th Cir. 1997) (unpublished) (determining that "[t]here is no reasonable probability that production of the medical reports . . . would have caused Spencer to go to trial rather than to plead guilty").

On December 23, 2004, Governor Locke issued a conditional commutation of Spencer's sentence. He articulated several reasons for his decision: (1) Clark County officials withheld medical reports that showed no physical injury to the children, "despite the allegations of severe, repeated sexual abuse of the children"; (2) although the children stated that Spencer photographed them during the charged acts, no photographs were ever discovered; (3) an independent review of the case by a King County prosecutor[4] showed significant problems with the way the police interviewed the children and internal inconsistencies in the children's statements; and (4) a supervising Clark County detective was involved in an affair with Spencer's wife (M.H.'s mother) during the investigation. Br. of Pet. App. 10 at 1. The commutation required Spencer to complete three years of supervision by the Department of Corrections, which he has done.

Spencer filed the present PRP following his release to community supervision. He argues that new evidence, not previously known or available, demonstrates that he did not commit the sex offenses. He submits two sworn statements, one each from M.S. and K.S.. Spencer also argues that the State withheld exculpatory evidence in the form of physical examinations of K.S.

---

[4] Because Spencer was a police officer, the Clark County Sheriff's Office submitted the case reports to Rebecca Roe, Supervisor of the Special Assault Unit for King County, for an independent review.

4

No. 37229-1-11

and M.H. that were inconsistent with their allegations of abuse.[5] He submits these reports, which he obtained only after the Ninth Circuit ordered an evidentiary hearing.

M.S.'s sworn statement says that his father never molested him and that he never saw his father molest K.S. or M.H. M.S. adds that he is willing to testify to this in court. K.S. states that she has no memory of being molested by her father and also has no recollection of any sexual activity involving M.S. or M.H. K.S. adds that she believes that "if I had been sexually abused in the manner described in the police reports alleged against my father, I would have a memory of this having occurred." Br. of Pet. App. 9 at 2.

Spencer requests that we either grant his petition and vacate the convictions or transfer the matter to the trial court for a reference hearing to determine if the factual basis of his *Alford* plea is changed by the newly discovered evidence.

## ANALYSIS

### I. PRP STANDARD OF REVIEW

As a threshold matter, a personal restraint petitioner may not renew an issue raised and rejected on direct appeal unless the interests of justice require relitigation of that issue. *In re Pers. Restraint of Taylor*, 105 Wn.2d 683, 688, 717 P.2d 755 (1986). The petitioner may raise new issues, however, including both errors of constitutional magnitude that result in actual and substantial prejudice and nonconstitutional errors that "constitute[] a fundamental defect which

---

[5] Spencer did not present the recantation evidence in any previous state or federal petitions. Spencer raised the missing medical records issue in his previous state PRP but, at that time, the State neither confirmed nor denied the existence of the missing medical records. The State later denied that it had the records in its files. It appears that it was only during the federal habeas corpus proceedings that the State finally produced the medical reports relating to the physical examinations of K.S. and M.H.

Spencer004602

HFH-UF-2UUb  IUE IU:55 HfI RM St Court of Appeals        FAX NO. 2535932806              P. 06

No. 37229-1-11

inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114
Wn.2d 802, 812, 792 P.2d 506 (1990); *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 87, 660 P.2d
263 (1983).

Whether a challenge is based on constitutional or nonconstitutional error, a petitioner
must support a personal restraint petition with facts or evidence upon which the claims of
unlawful restraint are based and not rely solely upon conclusory allegations. *Cook*, 114 Wn.2d at
813-14. The evidence presented must consist of more "than speculation, conjecture, or
inadmissible hearsay." *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).

To obtain an evidentiary hearing, the petitioner must demonstrate that there is competent,
admissible evidence to establish facts that would entitle the petitioner to relief. "If the
petitioner's evidence is based on knowledge in the possession of others, he may not simply state
what he thinks those others would say, but must present their affidavits or other corroborative
evidence." *Rice*, 118 Wn.2d at 886.

Under RAP 16.4, we "will grant appropriate relief to a petitioner" if "[m]aterial facts
exist which have not been previously presented and heard, which in the interest of justice require
vacation of the conviction, sentence, or other order entered in a criminal proceeding." RAP
16.4(a), (c)(3). The RAP 16.4(c)(3) standards for a new sentencing proceeding also apply to a
motion for new trial based upon newly discovered evidence. *In re Pers. Restraint of Brown*, 143
Wn.2d 431, 453, 21 P.3d 687 (2001). The petitioner must establish

Spencer004803

No. 37229-1-II

> "that the evidence (1) will probably change the result of the trial; (2) was
> discovered since the trial; (3) could not have been discovered before trial by the
> exercise of due diligence;[6] (4) is material; *and* (5) is not merely cumulative or
> impeaching. The absence of any one of the five factors is grounds for the denial
> of a new" proceeding.

*Brown*, 143 Wn.2d 431 at 453 (quoting *State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868

(1981)); *see also* CrR 7.5(a)(3).

Generally, if a petitioner entered a guilty plea, the petitioner must show that a new trial is

necessary to avoid a manifest injustice. *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49

(2006) (holding that once a guilty plea is accepted, the court must allow withdrawal of the plea

only "to correct a manifest injustice" (quoting CrR 4.2f)); *see In re Pers. Restraint of Reise*, 146

Wn. App. 772, 783-84, 192 P.3d 956 (2008) (holding that a valid guilty plea "bars a later

collateral attack based on newly discovered evidence"). Spencer, however, entered an *Alford*

plea.

Neither party disputes that with an *Alford* plea, a manifest injustice exists if the new

evidence, when viewed in light of the entire record, changes the factual basis of the plea. *E.g.*,

*State v. Dixon*, 38 Wn. App. 74, 77, 683 P.2d 1144 (1984) ("This newly discovered evidence

placed in balance with the record does not demonstrate a manifest injustice. The total factual

basis for defendant's plea is substantially unchanged."); *see also State v. Ice*, 138 Wn. App. 745,

748-49, 158 P.3d 1228 (2007) ("In the context of an *Alford* plea, a manifest injustice exists if the

newly discovered evidence, when viewed in balance with the record, changes the factual basis

---

[6] Spencer argues that RCW 10.73.090(1)'s one year deadline for filing a collateral attack on the
judgment does not apply. He contends that the exception for newly discovered evidence, in
RCW 10.73.100(1), applies. The State does not argue that the petition is untimely or that
Spencer did not exercise due diligence. *See generally In re Pers. Restraint of Bonds*, 165 Wn.2d
135, 196 P.3d 672 (2008) (setting out reasons to allow equitable tolling in an untimely PRP).

Spencer004604

No. 37229-1-II

for the plea." (footnote omitted)), *review denied*, 163 Wn.2d 1008 (2008); *see generally Reise*, 146 Wn. App. at 786 n.8 (deliberately not addressing whether *Alford* pleas may be collaterally attacked). The State opposes Spencer's petition on the ground that the new evidence does not change the factual basis for the plea.

II.  NEW EVIDENCE CHANGES FACTUAL BASIS OF *ALFORD* PLEA

A.  M.S.'s Affidavit

The State first argues that M.S.'s statement is unreliable and not credible because it is "of interest that [M.S.] had never indicated any issues with what he had told the police back in 1985 until after he had an opportunity to meet with and talk with his father once he had become an adult." Br. of Resp't at 5. The State relies on *In re Pers. Restraint Petition of Clements*, 125 Wn. App. 634, 106 P.3d 244 (2005), in which Division Three of our court affirmed the trial court's decision denying Clements' request to withdraw his *Alford* plea based on a victim's recantation. The trial court determined that the unsworn recantation was unreliable because it was "inconsistent with the unretracted evidence." *Clements*, 125 Wn. App. at 644.

Spencer distinguishes *Clements* by noting the that the retracting victim refused to testify at a subsequent evidentiary hearing and the victim's original inculpating statement was corroborated by another witness and other evidence. In contrast, here there are two consistent witness recantations and neither recanting witness has expressed an unwillingness to testify. Furthermore, the only evidence against Spencer was the alleged victims' statements, which Spencer later learned were not corroborated by medical examinations, thereby supporting his only statements about the abuse—that he did not remember committing any such acts if they occurred.

8

Spencer004605

No. 37229-1-JJ

We agree with Spencer that *Clements* is distinguishable. First, in *Clements*, the trial court had the opportunity to assess the credibility and reliability of the statement before it reached the court of appeals. In contrast, here, the trial court never heard the recantations. *See generally State v. Macon*, 128 Wn.2d 784, 911 P.2d 1004 (1996) (trial court must first rule on reliability of recantation before determining whether to grant a new trial); *State v. Jeng*, 87 Wn. App. 873, 880, 942 P.2d 1091 (1997) ("[B]efore considering a defendant's motion for a new trial based on a recantation, the trial court must determine whether the recantation is reliable.").

Second, even were we to engage in weighing the reliability and credibility of M.S.'s and K.S.'s statements, the facts relied on in *Clements*—specifically, a recanting witness's refusal to testify and the existence of corroborating evidence—make it difficult to rely on *Clements* to find that M.S.'s adult statement is false. Here, the *only* argument the State makes regarding M.S.'s statement's unreliability is its timing.

M.S. says that he had no contact with his father for 20 years—between 1984 and 2004— and that a newspaper reporter approached him in 2005 and made a connection between the two. M.S. also indicates that he originally told investigators before Spencer was charged that Spencer did not abuse him, but he felt pressured to change his story. M.S. adds that he wanted to set the record straight but did not know how to do so.

M.S.'s statement is not internally inconsistent and it explains the timing of his statement made after he became an adult. Consequently, we decline the State's invitation to rule that M.S.'s statement is unreliable based solely on its timing. Moreover, because we remand for a reference hearing to determine whether M.S. and K.S. testify consistent with their written statements, the prosecutor will be able to cross examine M.S. and the trial court will have a full

9

Spencer004606

No. 37229-1-II

opportunity to assess M.S.'s credibility. *State v. D.T.M.*, 78 Wn. App. 216, 221, 896 P.2d 108
(1995).

    B. K.S.'s Affidavit

    The State next argues that K.S.'s statement is not a full recantation because it is "merely
an indication that she does not remember." Br. of Resp't at 6. K.S., however, does not simply
state that she does not recall the abuse; she states that she believes that had the abuse of her or
the others occurred, she would remember it.[7]

    C. Lack of Recantation by M.H.

    The State contends that "the most telling factor" for denying the petition is the fact that
M.H. has not recanted. Br. of Resp't at 6. Spencer's activities with M.H. are included in six
counts. Two of these counts involve M.H. and M.S., one involves M.H. and K.S., and two
involve only M.H. Thus, the State adds that M.H.'s statements to investigators continue to
provide adequate proof that Spencer abused not only M.H., but also K.S. and M.S.

    Spencer argues that, regardless of M.H.'s unrecanted statements, the new evidence, when
viewed in light of the entire record, changes the factual basis of his *Alford* plea. *Dixon*, 38 Wn.
App. at 77. He points out that M.S. was the oldest victim—the best able to distinguish truth from
fiction and the best able to accurately recall the events—and that both K.S. and M.S. not only
deny that their father abused M.H. but that they did not observe any abuse of M.H, even though

---

[7] In addition, the severity of the alleged abuse as described by the prosecutor during the plea
colloquy supports K.S.'s statement that "if I had been sexually abused in the manner described in
the police reports alleged against my father, I would have a memory of this having occurred."
Br. of Pet. App. 9 at 2.

Spencer004607

No. 37229-1-II

"most of these incidents occurred with all three children being present.". Br. of Resp't App. B at 23-24.

III.    NUMEROUS IRREGULARITIES UNDERMINE CONFIDENCE THAT JUSTICE WAS DONE

Spencer's argument that the entire record, including the new recantations, undercuts the factual basis of his *Alford* plea is strong and supported by sworn testimony. In addition to the recantations, he identifies a sizable number of irregularities in the investigation and prosecution of his case. The State does not address, explain, or contradict any of these irregularities in its response and noted in oral argument only that "things were done differently then." The uncontested, identified irregularities include:

- The medical reports of K.S. and M.H. showing no physical injury or findings of abuse, were not disclosed by the State before Spencer's *Alford* plea. The Ninth Circuit opinion granted an evidentiary hearing on this issue and the reports were not produced until the case was remanded to the federal district court.

- The charges were based solely on the children's statements without any corroborating evidence to support them.[*]

- K.S. made contradictory statements at the time of the alleged abuse.

---

[*] The sole piece of potential additional corroborating evidence identified by Spencer is that the State introduced Spencer's work schedule to show when he would have been home with the children. The State's brief does not address this issue. A review of the plea colloquy shows reference to Spencer's shifts as a Vancouver police officer. Other evidence that is potentially corroborating is that M.H. developed an aversion to bubble baths (Count XV speaks to molestation in a bathtub); M.H. described a motel room in which the alleged activities in Count XVI occurred, but no one disputes that M.H.'s mother dropped him off at the motel to visit Spencer; and Spencer allegedly possessed pornographic texts that the prosecutor did not intend to use in a case in chief. No physical evidence exists to corroborate the abuse allegations.

Spencer004608

No. 37229-1-II

- A pre-plea evaluation of the case by Rebecca Roe, Senior Deputy Prosecuting Attorney for King County, concluded that the case was legally insufficient to proceed to prosecution.[9]

- At the time of the investigation, Shirley Spencer, Spencer's wife and M.H.'s mother, was having an affair with the sergeant in the Clark County Sheriff's Office who directly supervised Sharon Krause, the lead investigator on the case.

- M.S. denied the abuse for months before changing his story, which is consistent with his affidavit stating that he was pressured into inculpating his father when he was eight years old.

- Despite the fact that the children alleged Spencer photographed them, the investigation never located any photographs.

- Krause used outdated and unreliable investigative techniques and she did not take sworn or recorded statements from the children.

- Spencer made allegations that he was suffering from depression and was taking a large number of medications when he entered his plea.

Although the alleged irregularities may have been addressed and rejected in previous state personal restraint and federal habeas corpus petitions,[10] the entirety of the record, when viewed in conjunction with the new recantations, supports Spencer's argument that the factual basis underlying his *Alford* plea has changed. *D.T.M.*, 78 Wn. App. at 220 (requiring the trial

---

[9] Roe's evaluation is dated November 27, 1984. It stated, in part, that K.S.'s account "creates questions about fact vs. fantasy." Br. of Pet. App. 3 at 2.

Spencer004609

No. 37229-1-II

court to "establish an entirely independent factual basis for the [*Alford*] plea"). The case has too

many troubling irregularities to sustain an unexamined *Alford* plea based on what was known at

the time.

In particular, these irregularities include the following: (1) two of the three victims deny

that they were abused *and* deny that M.H. was abused, when the record shows that most of the

abuse, excluding counts XV and XVI, occurred in the presence of all three victims and four

charges are based specifically on abuse of more than one victim at the same time; (2) previously

undisclosed medical reports show no physical evidence of abuse of one recanting *and* the

unrecanting witness, despite allegations of abuse that included multiple acts of vaginal and anal

penetration; and (3) multiple inconsistent victim statements, including repeated denials by M.S.

that any abuse occurred, are explained by M.S. as a result of his having been pressured to change

his story during the course of the investigation.

Clearly, had all three victims recanted, these recantations and the irregularities regarding

the investigation would warrant remand to the trial court for further proceedings. *E.g., State v.*

*Rolax*, 84 Wn.2d 836, 838, 529 P.2d 1078 (1974) (stating that if recanted evidence was sole basis

for conviction, trial court abuses its discretion by denying a new trial), *overruled on other*

*grounds by Wright v. Morris*, 85 Wn.2d 899, 540 P.2d 893 (1975). Spencer cannot meet this

standard because M.H. did not recant. Here, however, two alleged victims' recantations deny

that Spencer abused M.H. and the now-disclosed medical evidence significantly undermines

M.H.'s allegations.

---

[10] The only prior opinion submitted by either party on appeal is the Ninth Circuit's opinion
ordering an evidentiary hearing. *But see also Spencer*, noted at 129 F.3d 127, 1997 WL 686029.

Spencer004610

FAX NO. 2535932806

No. 37229-1-11

In addition, M.H.'s allegations at the time are more questionable than K.S. or M.S.'s because his mother had an affair with Krause's supervisor during the investigation. Similarly, his present lack of recantation testimony may relate to his mother's conduct at the time the allegations were made, an issue that may be addressed during a reference hearing.

The full record, therefore, warrants a transfer to Clark County Superior Court for a reference hearing on the factual basis for Spencer's *Alford* plea in 1985. M.S. and K.S. were "essential witness[es]" formerly supporting the factual basis for the *Alford* plea. *D.T.M.*, 78 Wn. App. at 221. If they "adhere to the facts in [the] [sworn] recantation while under oath in open court [while] subject to cross examination," we will permit Spencer to withdraw his *Alford* plea. *D.T.M.*, 78 Wn. App. at 221.

Specifically, the superior court shall conduct a hearing to allow Spencer to present the testimony of recanting witnesses K.S. and M.S. RAP 16.12. The superior court is directed to issue findings of fact as to whether these witnesses testify consistent with their sworn affidavits provided by Spencer in support of his personal restraint petition. RAP 16.12.

14

Spencer004611

No. 37229-1-II

After the reference hearing, the trial court shall forward its findings of fact to this court within 120 days of the date of this order. RAP 16.13.

Accordingly, it is hereby

ORDERED that this petition is transferred in part to the superior court for a reference hearing.

DATED this 7th day of April , 2009.

Van Deren, C.J.

We concur:

Houghton, J.

Hunt, J.

Spencer004612

# EXHIBIT N

Redrafted Declaration of Kathleen T. Zellner
In Support of Plaintiff's Redrafted Responses to
Defendants' Renewed/Second Motions for Summary Judgment
(C11-5424BHS)

# Officer charged with statutory rape

A Vancouver police officer was charged today with first-degree statutory rape and indecent liberties involving a 5-year-old girl.

Clyde Ray Spencer, 36, made his first appearance in Superior Court this morning. He is scheduled for arraignment Friday before Judge Tom Lodge.

According to the court file, Spencer is charged with having sexual contact with the girl on one or more occasions last summer.

Spencer has been released on personal recognizance pending trial.

00000387

The Columbian

Spencer005584

# Policeman charged with rape

VANCOUVER — A Vancouver policeman was charged Thursday in Clark County Superior Court with statutory rape and taking indecent liberties with a 5-year-old girl last summer.

Arraignment for Clyde Ray Spencer, 36, who has been with the department for almost six years, will be at 1:30 p.m. Friday before Judge Thomas L. Lodge.

Spencer, 17681 Lucia Falls Road, has been on administrative assignment, receiving full pay since a sheriff's office investigation began in September, Police Chief Leland S. Davis said.

Spencer will retain his current status, which means he remains at home available for questioning by police and court officials, until the charges are dropped or a court decision is rendered, Davis said.

If convicted of the charges, both of which are felonies, Spencer would be fired, Davis said.

The girl lives with her mother in California, Prosecutor Art Curtis said. The incidents occurred during visits, he said. Court papers allege the crimes occurred on one or more occasions.

A continuing police department internal investigation began about a month ago, Davis said.

00000388

The Oregonian

Spencer005585



# LUNCH NEWS

**Pacific First Federal**

15-50 K-VAN: WE'RE CLARK COUNTY PROUD

JACK SEZ: FAIR TODAY, INCREASING HIGH CLOUDS THIS AFTERNOON, CLOUDY TONITE AND TOMORROW. HIGHS: 42 TODAY, 46 TOMORROW. LOWS: 33. SOUTHWEST MOUNT ST HELENS WINDS THRU TONIGHT, WESTERLY TOMORROW. EASTERLY SURFACE WINDS NEAR THE GORGE TO 30 MPH, DECREASING TONITE AND TOMORROW.

## K-VAN HEADLINES FOR FRIDAY, JANUARY 4, 1995

A 2-CAR ACCIDENT YESTERDAY AFTERNOON ON SR-14, NEAR THE PARK & RIDE LOT AT MILEPOST .8 CLAIMED THE LIFE OF 18-YEAR-OLD JIMMY KIM OF VANCOUVER. TRYING TO AVOID HITTING ANOTHER CAR IN FRONT OF HIM, KIM SWERVED ACROSS THE CENTER LANE AND COLLIDED HEAD-ON WITH A VEHICLE DRIVEN BY 55-YEAR-OLD CLIFFORD BREGIT OF WASHOUGAL. HE AND WOODY PRITCHARD -- A KIM PASSENGER -- ARE BOTH IN SERIOUS CONDITION IN ST JOSEPH'S HOSPITAL.

A 6-YEAR VANCOUVER POLICE VETERAN, 36-YEAR-OLD CLYDE RAY SPENCER, HAS BEEN CHARGED WITH STATUTORY RAPE AND TAKING INDECENT LIBERTIES WITH A 5-YEAR-OLD GIRL LAST SUMMER.

THE URBAN COUNTY POLICY BOARD -- THE 9 CLARK COUNTY MAYORS AND A COUNTY COMMISSIONER -- MET YESTERDAY TO DECIDE HOW TO SPEND $1.9 MILLION IN COMMUNITY BLOCK GRANT MONEY. COMMISSIONER DAVE STURDEVANT WAS ELECTED CHAIRMAN AND LA CENTER MAYOR SKIP CARLSON VICE CHAIR. THEY'LL MEET NEXT WEDNESDAY.

BUSINESS OWNERS SAY THE NEW YEAR'S CLOSURE OF VANCOUVER CARD ROOMS IN VANCOUVER HAS INCREASED CARD-PLAYING IN WOODLAND WHERE GAMBLING IS LEGAL IN 2 TAVERNS FOR AT LEAST 7 MORE MONTHS.

VANCOUVER'S TONY LEWIS -- A WASHINGTON HUSKY DEFENSIVE TACKLE -- WAS ONE OF TEN HUSKIES CHOSEN BY THE PORTLAND BREAKERS IN YESTERDAY'S U-S-F-L DRAFT.

L911 YESTERDAY'S WINNING TRIPLE CHOICE LOTTERY NUMBER. HEAR TODAY'S WINNER AT 630PM ON K-VAN.

**HEAR CLARK COUNTY & STATE NATIONAL & WORLD NEWS ON** **K-VAN 1550**

00000389

Spencer005586

# Policeman denies charges

VANCOUVER — A Vancouver policeman pleaded innocent Friday in Clark County Superior Court to charges of statutory rape and indecent liberties with a 5-year-old girl last summer.

Clyde Ray Spencer, 36, a patrolman who has been with the department for six years, entered the plea before Judge Thomas L. Lodge. Trial was set for Feb. 27.

**Digest**

Spencer, 17681 Lucia Falls Road, has been on administrative assignment since a Clark County sheriff's office investigation began in September, said Police Chief Leland S. Davis. Spencer will retain his current status, which calls for him to receive full pay without coming to work and to remain available for questioning, pending the outcome of the case, Davis said.

00000390

The Oregonian
Spencer005587