The Honorable Benjamin Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E.
TETZ,

                Plaintiffs,

v.

JAMES M. PETERS et al

                Defendants.

NO.  C11-5424BHS

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
JAMES PETERS

## I.  FACTUAL BACKGROUND

On May 16, 1985, plaintiff Clyde Ray Spencer entered *Alford* pleas of guilty to 11 of

the 16 counts of sexual abuse contained in the Second Amended Information which had been

filed two weeks earlier on May 3, 1985.  By so doing, he freely admitted that the prosecutor

had sufficient evidence to find him guilty of two counts of sexually abusing his daughter

Kathryn, four counts of sexually abusing his son Matthew Spencer and five counts of sexually

abusing his stepson Matthew Hansen.  Dkt 68-8 at 10-48.  As part of the plea agreement, five

of the original eleven counts of sexual abuse (including three counts of the original five counts

concerning alleged abuse of Kathryn, one count of the original five counts concerning Matthew

Spencer and one count concerning Matthew Hansen) would be dismissed.  Dkt 6-3 at 2-6; 63-8

at 10.

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

The plea hearing took place just days after his attorney James Rulli had returned from California where he had interviewed the two Spencer children.  Mr. Spencer stated in open court in the presence of his attorney that he was making a willing and knowing decision to enter his pleas of guilty to charges that he had sexually abused his children and his stepson.  At each stage of the proceedings Judge Lodge made direct inquiry to Mr. Spencer concerning whether or not he was voluntarily waiving his right to proceed to trial and challenge the State's evidence.  Mr. Spencer replied "yes sir."  He stated that he understood that he waived his right to challenge the evidence at trial and understood the prosecutor had dropped five of the 16 counts.  Dkt 63-8 at 13, 22.  Judge Lodge then proceeded to interrogate Mr. Spencer concerning his plea on each count and asked whether Mr. Spencer had any basis to rebut the childrens' testimony.  He replied, "no sir."  Dkt 638 at 25-37.  After further inquiry of Mr. Spencer, Mr. Rulli, and Mr. Peters, Judge Lodge accepted the pleas and found them to be entered voluntarily.  Dkt 63-8 at 44; 63-7 at 2-4.

16
17
18
19
20
21
22
23
24
25
26

Mr. Spencer claims in this lawsuit that had the Prosecuting Attorney disclosed the videotape of the interview of Kathryn Spencer by James Peters that took place on December 11, 1984, he would not have entered his pleas of guilty on May 16, 1985.  This argument belies all logic and common sense.  This court has ruled that the December 11, 1984 interview took place after probable cause existed to charge Mr. Spencer with sexual abuse of Kathryn.  Dkt 174 at 28.  Therefore, Mr. Peters was not performing an investigative role when he conducted this interview, the purpose of which was to determine whether or not Kathryn would likely be found competent to testify.  As such, he is entitled to absolute immunity regarding the conduct of the interview.  Dkt 174 at 30.  The information obtained in the Peters' interview of Kathryn

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

was cumulative to information contained in the written report of Detective Krause concerning her interview of Kathryn on October 16, 1984 as well as statements Kathryn made to Shirley Spencer and Sacramento Detective Flood in which she initially denied abuse and initially named multiple perpetrators before confirming abuse by her father.  As this court noted, the later revelations of Matthew Spencer and Matthew Hansen strengthened Kathryn's allegations.  Dkt 164 at 28.

It is undisputed that Mr. Spencer had received copies of the Krause reports and other law enforcement reports prior to making the decision to enter his pleas of guilty on May 16, 1985.  Therefore, he had information concerning Kathryn's initial denials of abuse and other inconsistences which could potentially have been used to impeach her testimony if the case had proceeded to trial.  Further, it should be noted that of the 11 counts to which Mr. Spencer entered pleas of guilty on May 16, 1985, only two counts concerned abuse of Kathryn.  The remaining nine counts concerned abuse of his son Matthew and his stepson Matthew Hansen.  Information to support these charges came from the interviews of the two boys which were conducted by Detective Krause and were undisputedly in the possession of Mr. Spencer and his counsel prior to making his decision to plead guilty to 11 of the 16 counts of sexual abuse on May 16, 1985.

This court also found in its prior order that there was no evidence to support Mr. Spencer's claims that James Peters had entered into a conspiracy with Detective Krause and her supervisor Sgt. Davidson to convict Mr. Spencer for sexually abusing his children and stepson based upon false evidence.  Dkt 174 at 35.  Mr. Spencer alleged that as part of this conspiracy Mr. Peters and Detective Krause deliberately withheld the videotape of the

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

December 11, 1984 interview.  With the conspiracy claims dismissed, there is no admissible evidence to dispute that Mr. Peters' failure to disclose the tape to Mr. Rulli during the criminal prosecution was anything other than an inadvertent failure to disclose, as opposed to an intentional withholding of the tape in furtherance of the claimed conspiracy.   Both Mr. Peters and Detective Krause explained the failure to disclose the videotape to Mr. Spencer's counsel during discovery by the sudden and unanticipated decision of Mr. Spencer to plead following the Rulli interview of the Spencer children on May 9, 1985.  Because of this, Mr. Peters and Detective Krause had not had the opportunity to meet and assemble the evidence in the case to be certain that all statements of witnesses would be turned over to Mr. Spencer's counsel 10 days before trial consistent with the discovery order entered early in the case.  Dkt 138-8 at 11-12; 69 at 13.

## II.     SUMMARY OF THE ARGUMENT

It is immaterial whether or not the failure to disclose the videotape was inadvertent or intentional.  It is also immaterial whether the videotape constituted exculpatory evidence or impeachment evidence.  James Peters is entitled to absolute prosecutorial immunity for his failure to disclose the videotape of his December 11, 1984 interview of Kathryn because it arose during the course of his prosecutorial duties.

## III.     ISSUES AND ANALYSIS

**A.     James Peters Is Entitled To Absolute Immunity For The Failure To Disclose The Videotape**

It is well established that a prosecutor enjoys absolute immunity from liability in a lawsuit seeking damages for violation of substantive due process when the prosecutor is acting within the scope of his or her prosecutorial duties.  This is true even if the acts of the

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1  prosecutor are a willful or even malicious violation of the constitutional rights of the accused.

2  *Imbler v. Pachtman*, 424 U.S. 409 (1976).   There is no distinction when the acts of the

3  prosecutor are willful and malicious or inadvertent.   All acts of the prosecutor acting within the

4  scope of prosecutorial duties are subject to absolute immunity.   *Imbler*, 424 U.S. at 431 ftn 34.

5

6      The Supreme Court held that to deny absolute immunity for acts such as failing to

7  reveal material evidence "could impose unique and intolerable burdens upon a prosecutor

8  responsible annually for hundreds of indictments and trials." 424 U.S. at 425-26.  "[T]he public

9  trust of the prosecutor's office would suffer if he were constrained in making every decision by

10  the consequences in terms of his own potential liability in a suit for damages."  *Id*.  For that

11  reason it was preferable from a standpoint of public policy to hold that even conduct by a

12  prosecutor which intentionally violates the civil rights of a criminal defendant not be subject to

13  damages in a civil rights lawsuit.  Prosecutorial misconduct, the Supreme Court held, is best

14  addressed in post-trial proceedings, including direct appeals and collateral attacks on

15  convictions, or by professional discipline, rather than by imposing liability for damages.  *Id.* at

16  427-29.

17

18      The rule that prosecutors are absolutely immune from actions taken for prosecutorial

19  actions, as opposed to administrative or investigative actions, has been affirmed time and time

20  again by the United States Supreme Court and the federal courts.  *E.g., Van de Kamp v.*

21  *Goldstein*, 555 U.S. 335, 342-43 (2009) (holding that prosecutors are absolutely immune from

22  the intentional withholding impeachment evidence because the failure to turn over evidence

23  "involve(s) the preparation for [presentation at] trial."  555 U.S. at 344).  *See also* cases cited at

24  Dkt 68 at 14-26.

25

26

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

It is well established that a prosecutor's action in withholding information after indictment that is subject to disclosure under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 10 L. Ed. 2d 215 (1963), is subject to absolute immunity.  The Ninth Circuit Court of Appeals has held that "[a] prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland* [citation omitted].  It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to **absolute immunity** from a civil suit for damages."  *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (emphasis in original).

In *Broam* the plaintiff sought damages under 42 U.S.C. § 1983 for alleged prosecutorial misconduct arising from plaintiff's prosecution for child sexual abuse.  Among other claims, plaintiff sought damages for the prosecutor's failure to advise defense counsel that the child victim had recanted his allegations of abuse.  As in the present case, a civil rights lawsuit arose after plaintiff was granted post-conviction relief based upon the victim's recantation.  The Court of Appeals held that the prosecutor was entitled to absolute immunity for failure to disclose exculpatory evidence of the victim's recantation because the alleged prosecutorial misconduct was "intimately associated with the judicial phase of the criminal process."  320 F.3d at 1028.  This is consistent with the Ninth Circuit's earlier decision in *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 679 (9th Cir. 1984) which holds that a deputy prosecutor is entitled to absolute immunity for the destruction of exculpatory evidence because it related to the presentation of the prosecutor's case.

Other federal circuits uniformly have held that prosecutors have absolute, not qualified, immunity in civil lawsuits for failure to disclose materially favorable evidence, whether it is

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

exculpatory evidence under *Brady* or impeachment evidence.  It is also irrelevant whether the prosecutor acted intentionally in failing to turn over the evidence or whether the failure to disclose was inadvertent.   *E.g., Hill v. City of New York*, 45 F.3d 653 (2nd Cir 1995) (prosecutor's failure to turn over an exculpatory videotaped interview of a victim in a sexual abuse case is subject to absolute immunity); *Carter v. Burch*, 34 F.3d 257, 262 (4th Cir. 1994) (absolute immunity for failure to disclose exculpatory evidence); Villasana *v. Whilhoit*, 368 F.3d 976 (8th Cir. 2004) (absolute immunity for failure to disclose impeachment evidence); *Moore v. Valder*, 65 F.3d 189, 194-95 (D.C. Cir. 1995); *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978); *Hilliard v. Williams*, 540 F.2d 220, 221 (6th Cir 1976) (acts of prosecutor withholding evidence which denied plaintiff a fair trial is subject to absolute immunity); *Fields v. Wharrie,* 672 F.3d 505, 512 (2012) (absolute immunity for failure to disclose victim's recantation); *Fullman v. Graddick* 739 F.2d 553, 559 (11th Cir. 1984).

As the Court unambiguously held in *Moore,* "be it knowing or inadvertent [the failure] to disclose material exculpatory evidence before trial falls within the protection afforded by absolute prosecutorial immunity." *Moore v. Valder,* 65 F.3d at 194.

James Peters is entitled to absolute immunity for his failure to produce the videotape of his December 11, 1984 interview of Kathryn to defense counsel prior to Mr. Spencer's pleas of guilty.  This is true whether or not the information contained in the videotape was exculpatory (which it was not) or was merely impeachment evidence (which it was because it was cumulative of the interview reports of Detective Krause).  It is true whether or not James Peters intentionally withheld the videotape (which he did not) or simply failed to disclose it because of the sudden change of plea that occurred shortly after he assumed full responsibility for the

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

case and he had not had the opportunity to assemble all the evidence that needed to be turned over to defense counsel pursuant to the omnibus discovery order.

## B.   Qualified Immunity

Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, ____U.S. _____, 132 S. Ct. 1235, 182 L. Ed. 2d 47 (2012).   The plaintiff bears to establish burden that the law was clearly established at the time of the alleged wrongful conduct right. *Baker v. Racansky*, 887 F.2d 183, 186 (9th Cir. 1989).   Whether the law was clearly established is a question of law for the court. *Romero v. Kitsap County,* 931 F.2d 624, 628 (9th Cir. 1991).

"[T]he Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995).   The Constitution requires "disclosure only of evidence that is both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).   *Brady* is not a discovery rule.   "[T]here is no general constitutional right to discovery in a criminal case, and *Brady*, which addressed only exculpatory evidence, 'did not create one.'" *Gray v. Netherland*, 518 U.S. 152, 168 (1996) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).   *See also*

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

*Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).  Further, failure of the state in 1994 to disclose evidence prior to entry to a guilty or nolo condendo plea (whether the evidence is exculpatory under *Brady* or material impeachment evidence under *Bagley*) does not violate the Constitution because the conviction is supported by defendant's plea, not evidence that could be produced at trial.  *Matthew v. Johnson*, 201 F.3d 353, 361 (5th Cir. 2000) (habeas corpus decision pertaining to nondisclosure of information prior to entry of plea in 1994).

This principle was affirmed in *United States v. Ruiz*, 536 U.S. 622, 629 (2002).  "The Constitution permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."  *Id.* at 630 (and cases cited therein).  Thus, under federal law, even post-conviction discovery of exculpatory evidence withheld by the prosecution does not allow a defendant to overturn the guilty plea.  *Ruiz*, 536 U.S. at 629-33 (non-disclosure of material impeachment evidence).

This reasoning is sound.  By pleading guilty, the defendant waives not only the right to a fair trial but waives other constitutional guarantees.  *Ruiz*, 536 U.S. at 629.  Consistent with the Supreme Court's holding in *Ruiz*, decisions in habeas corpus challenges or collateral challenges have also focused on the voluntary nature of the guilty plea, rather than the habeas petitioner's alleged misapprehensions.  *United States v. Broce,* 488 U.S. 563, 569 (1989).  As the Supreme Court has held, a guilty plea represents a "break in the chain of events which had preceded it in the criminal process."  When the defendant admits in open court that he is in fact guilty of the offense of which he is charged, "he may not thereafter raise independent claims

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

relating to the deprivation of constitutional rights that occurred prior to the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Under the case law the proper inquiry is not whether Mr. Peters deprived Mr. Spencer of a fair trial, because he expressly waived that right as well as other rights he would have had had he not elected to plead guilty and not proceed to trial.   Mr. Spencer's claims are not based on a case that went to trial, causing this court to determine whether Mr. Peters deprived Mr. Spencer of a <u>fair trial</u> under *Brady* and its progeny.  The proper inquiry is whether plaintiff met his burden to prove Mr. Peters violated clearly established law under the United States Constitution in May 1985 by not reviewing all evidence in his possession or in Detective Krause's possession to determine whether or not all was known by defense counsel before Mr. Spencer entered the guilty pleas on May 16, 1985.

Mr. Spencer fails to meet his burden for a number of reasons.   Most obviously, Mr. Peters was not Mr. Spencer's attorney.   Mr. Rulli was.   Mr. Peters did not personally counsel Mr. Spencer regarding the things he should know and consider prior to the change-of-plea hearing.   Next, Mr. Spencer was already aware of his daughter's inconsistent statements regarding the alleged abuse, including her initial naming of multiple perpetrators, of her initial denials to Detective Flood and Detective Krause that the abuse occurred and her unwillingness to talk with the interviewers.   He was also aware of the allegations Kathryn made against him, including the precocious nature of her language, and the sexualized behavior she demonstrated. It was a surprise to no one that Kathryn did not wish to discuss these matters.   The information gained during the Peters' interview was cumulative of information already received from other sources.   In addition, nine of the eleven counts of sexual abuse that formed the basis of the

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

guilty plea concerned Matthew Spencer and Matthew Hansen, not Kathryn.  It makes no sense for Mr. Spencer to suggest in hindsight that he would not have pleaded guilty to abusing his son and stepson if the videotape of Mr. Peters' interview of Kathryn had been disclosed because the videotape only concerned the interview of Kathryn.  As this court noted, the allegations of Matthew Hansen and Matthew Spencer made subsequent to the December 11, 1984 interview provided corroboration for Kathryn's initially reluctant allegations.  There was more than sufficient evidence to support Mr. Spencer's decision to plead guilty to 11 of the charges against him, only two of which concerned Kathryn.  Mr. Peters did not violate clearly established law under the United States Constitution by failing to disclose the videotape of his interview of Kathryn prior to May 16, 1985.

Further, this is a case that went to the superior court judge on a change-of-plea hearing on May 16, 1985, called by Mr. Spencer in haste, shortly after additional charges of sexual assault regarding another one of his children had been filed on May 3, 1985.  As Mr. Peters testified, and as the record demonstrates, Mr. Spencer's guilty plea was taken at a time when Mr. Peters had just taken the case back from Barbara Linde, the special prosecutor from King County assigned to try the case after it was initially filed in January 1985.  Within one week before the plea hearing was taken on May 16, 1985, the following events occurred:  (1) Mr. Peters traveled to Sacramento, California with defense counsel James Rulli so Mr. Rulli could interview the Spencer children to prepare for trial; (2) within days of their return from California, Mr. Rulli informed Mr. Peters that his client intended to plead guilty to charges contained in the Second Amended Information filed one week previously on May 3, 1985 information which added several new counts and a new victim, Matthew Spencer.  As

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Mr. Peters testified, the Clark County Superior Court conducted the plea hearing before Mr. Peters and Mr. Rulli had a chance to consult regarding evidence, which was Mr. Peters' normal pre-trial course of dealing with defense counsel.  Although a trial date was set in the matter for May 20, 1985, it was set months earlier at the request of Ms. Linde and prior to the filing of the Second Amended Information which included several additional counts and included an additional victim.  As Mr. Peters has testified, had the surprise announcement that Mr. Spencer intended to plead guilty not been made, the case would have been continued beyond May 20, 1985, and the discovery dates set forth in the discovery order would also have been pushed forward.  Dkt 136 at 3-4.

Under these circumstances, clearly established law did not direct a reasonable official to produce a checklist all of the evidence disclosed in the case he had just assumed full responsibility for.   Under *Ruiz*, the nature of the right at issue changed because of Mr. Spencer's request to enter pleas of guilty.  Even under *Ruiz*, a case decided in 2002, eighteen years after the plea hearing occurred, clearly established law did not so direct a reasonable official then, much less in May 1985.  Mr. Peters is entitled to qualified immunity on the claim regarding the non-disclosure of the videotape.

## IV.    CONCLUSION

James Peters is entitled to absolute immunity for his failure to disclose the videotape.  In the alternative, he is entitled to qualified immunity for the non-disclosure.

///

///

///

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1    DATED this 24th day of June, 2013.

2                                    ROBERT W. FERGUSON
                                     Attorney General
3

4
                                     /s/ Patricia C. Fetterly
5                                    PATRICIA C. FETTERLY, WSBA No. 8425
                                     Assistant Attorneys General
6                                    DANIEL J. JUDGE, WSBA No. 17392
                                     Senior Counsel
7                                    Attorney General of Washington
                                     PO Box 40126
8                                    Olympia, WA  98504-0126
9                                    Tel:  (360) 586-6300
                                     Fax:  (360) 586-6655
10                                   E-Mail:  patriciaf1@atg.wa.gov
                                     Attorneys for Defendant James Peters
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPPLEMENTAL MEMORANDUM                    13            ATTORNEY GENERAL OF WASHINGTON
OF AUTHORITIES OF DEFENDANT                                        Torts Division
PETERS                                                         7141 Cleanwater Drive SW
NO. C11-5424BHS                                                    P.O. Box 40126
                                                              Olympia, WA 98504-0126
                                                                  (360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Plaintiffs attorney:

dandavies@dwt.com
kathleen.zellner@gmail.com
dhjohnson43@aol.com

AND TO

**Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's Office:**

Bernard.veljacic@clark.wa.gov
gbogdanovich@lldkb.com
jefff@fjtlaw.com

**Attorney for Co-Defendant Spencer:**

dunnwh@pacifier.com
western@wscd.com

By: s/Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General's Office
P.O. Box 40126
Olympia, WA  98504-0116
Telephone: (360) 586-6300
Fax: (360) 586-6655
E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant James Peters

SUPPLEMENTAL MEMORANDUM
OF AUTHORITIES OF DEFENDANT
PETERS
NO. C11-5424BHS

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300