Honorable Judge Benjamin Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CLYDE RAY SPENCER, ) | |
| ) | No. C11-5424BHS |
| Plaintiff, ) | |
| ) | PLAINTIFF'S RESPONSE TO |
| v. ) | DEFENDANT PETERS' |
| ) | SUPPLEMENTAL |
| JAMES M. PETERS, et al., ) | MEMEMORANDUM OF |
| ) | AUTHORITIES |
| Defendants. ) | |
| ) | NOTED ON MOTION |
| ) | CALENDAR: |
| ) | Monday, July 8, 2013 |

Peters' focus on his "pre-plea" concealment of exculpatory and impeachment evidence from Plaintiff obstructs his view of the dispositive issues in this case. First, Peters did not merely conceal exculpatory evidence from Plaintiff. He misrepresented to Arthur Curtis, the prosecutor who made the decision to charge Plaintiff, that his interview of Katie provided competent and credible evidence that supported probable cause. There is no more clear constitutional violation than when a state official fabricates evidence against an individual he knows or should know is innocent, and such a state official is not entitled to any immunity for fabricating evidence. Further, Peters concealed the videotape from Plaintiff for years after his conviction while he pursued exoneration. At those times, Peters admitted he was "not . . . involved as an advocate" in Plaintiff's case, and instead was a witness. Peters is not entitled to absolute immunity when not involved as an advocate. Nor is he entitled to qualified immunity, as Peters violated Plaintiff's clearly established constitutional right to exculpatory and impeachment evidence.

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

# I. ARGUMENT

## A. PETERS IS NOT ENTITLED TO ABSOLUTE OR QUALIFIED IMMUNITY FOR FABRICATING EVIDENCE OF PROBABLE CAUSE AND ACTIVELY MISREPRESENTING THE EVIDENCE TO ARTHUR CURTIS

On summary judgment, the respondent is entitled to have the evidence evaluated and reasonable inferences drawn in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Pierce v. Multnomah County, Oregon,* 76 F.3d 1032, 1039 (9th Cir. 1996) (holding that when foundational facts regarding a qualified immunity claim remain in dispute, these facts must be decided by a jury); *Act up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993) ("If a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial.").

This Court has determined that probable cause to charge Plaintiff for sexually abusing Kathryn Spencer (Kathryn) existed prior to the December 11, 1984 interview. Dkt. 174 at 28. Per court order, Plaintiff is to assume the videotaped interview is exculpatory and impeaching. *Id.* at 34. Peters' interview of Kathryn vitiated probable cause and demonstrates that Peters knew or should have known Plaintiff was innocent at the completion of the interview. The law is clear that state officials obviously enjoy no immunity for non-testimonial acts such as fabricating evidence. *Paine v. Daniel City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1291 (9th Cir. 2000)). In particular, prosecutors are not absolutely immune for actions involving the fabrication of evidence as part of the pre-prosecution investigation. *Id.* at 982.

Prior to his interview of Kathryn, Peters claims he was aware that she exhibited sexualized behavior. As Plaintiff pointed out in his initial response to Peters' motion, dkt. 167 at 5, DeAnne Spencer denied this, dkt. 168-13 at 44, 49; dkt. 174 at 18. Peters testified in his deposition that he drew the inference Katie masturbated because her nightgown had worn areas.

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Declaration of Kathleen T. Zellner, Dated July 1, 2013 ("July Zellner Dec."), Ex. A at 124. Peters claims he was also aware of Shirley Spencer's letter relating Kathryn's alleged initial outcry. As Plaintiff previously stated, Kathryn denied she told Shirley those things, Shirley was a victim of childhood sexual abuse and as such, likely had a "preconceived idea of what [Kathryn] should be disclosing." *Matter of Dependency of A.E.P.*, 135 Wash.2d 208, 228 (1998) (en banc). The sexual abuse victim's admission alone in *Matter of Dependency of A.E.P.* was sufficient to cause the Supreme Court of Washington to question her reliability, without any requirement of expert testimony. Peters claimed Dr. Link, Kathryn's therapist, told him Kathryn had reported that she had been abused. Dr. Link testified Peters' claim was false. Dkt. 168-10 at 33-35. Although this Court has held that Rebecca Roe's report that the case was not fileable due to "several problems" did not show a lack of probable cause, dkt. 174 at 21, the report at least demonstrates the cracked foundation on which the case was built: a then highly regarded child abuse prosecutor would not have charged Plaintiff based on the available evidence, dkt. 168-4 at 46-48. Clearly the probable cause based upon Kathryn's alleged precocious behavior and alleged disclosures to Shirley, Flood, and Krause was very weak because Plaintiff was left in his home with Matt Hansen until he was arrested and charged on January 3, 1985, months after those alleged acts took place.

With all of these problems in establishing probable cause, Curtis asked Peters to interview Kathryn because he was unwilling to charge Spencer without Peters interviewing Kathryn. Dkt. 138-4 at 17. Setting aside Peters' conduct in the interview, it is still crucial to note what Peters learned in the interview, establishing that Plaintiff was innocent, so that his subsequent misrepresentations to Curtis are clear. In that interview, Kathryn did not respond verbally to 140 questions posed by Peters. Dkt. 168-7. Kathryn was advised 4 times that Peters sought "help for daddy." *Id.* at 18-19, 27, 57. DeAnne Spencer prompted Kathryn 42

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

times. *Id.* at 8, 12, 13, 17, 21-23, 25-27, 29-31, 37-39, 41, 44, 48-49, 55.   Kathryn stated she did not remember 8 times. *Id.* at 17, 31, 33-35, 49, 55, 57, 59. Kathryn was promised 6 times that if she would make the proper accusations they would be done. *Id.* at 26, 29, 41, 44, 58. Kathryn refused to show any actions with the dolls 8 times. *Id.* at 27, 34-35, 38-39, 44, 46-47.

Peters also learned in the interview that Kathryn "hate[d]" Shirley Spencer, making it unlikely and/or obviously untrue that she would have confided in Shirley about sexual abuse. Dkt. 168-7 at 54.  Peters learned that Deanne was a biased witness with an agenda against her ex-husband (with whom Peters knew she had a messy divorce and disputes regarding custody, dkt. 168-13 at 37-40) as shown by her directive to Kathryn:  "Then let's get Ray one more time." *Id.* at 41.  Peters witnessed DeAnne coaching Kathryn and promising her rewards. *Id.* Despite DeAnne's testimony that no coaching occurred during the break, Kathryn states after the break she "forgot that last thing" thereby demonstrating the obvious coaching that took place. *Id.* at 48.

In light of the above disclosures Peters could not have reasonably believed probable cause still existed nor could he have believed Plaintiff was guilty of the allegations. *See Lacey v. Maricopa County*, 649 F.3d 1118, 1130 (9th Cir. 2011).   Peters misrepresented to Curtis that Kathryn was "competent" and "believable in her allegations." Dkt. 168-11 at 10.  Peters advised Curtis that there was sufficient evidence to charge Plaintiff, a misrepresentation that Curtis relied upon in making his charging decision. *Id.* at 8-9.  Curtis <u>did not</u> review the videotape because Peters <u>did not tell Curtis</u> that the interview was videotaped. *Id.* at 11.  One must infer that Peters did not tell Curtis about the videotape so that Curtis could not discover the above-stated evidence.

In making his misrepresentations to Curtis, Peters acted as an investigator fabricating evidence, conduct for which he is not immune. As the court noted in *McGhee v. County of*

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

*Pottawattamie*, "If the prosecutor had fabricated evidence and handed it to another prosecutor who unwittingly used it to precipitate the plaintiff's loss of liberty, the prosecutor would be liable for the initial act of fabrication." 475 F. Supp. 2d 862, 907 (S.D. Ia. 2007) (alterations omitted) (quoting *Zahrey v. Coffey*, 221 F.3d 342, 353-54 (2d Cir. 2000)).

Peters was not an advocate; he was acting just as detectives do by presenting evidence and reports to the prosecutor making the charging decision. In fact, on the day of Peters' fabrications to Curtis, Krause was present and engaging in the same role as Peters. *See* dkt. 69 at ¶ 6; dkt. 168-11 at 10-11; July Zellner Dec. Ex. A at 167-68. It would be "incongruous" to allow prosecutors to be absolutely immune from liability for concealing exculpatory material from, and fabricating evidence to, the prosecutor making the charging decision but strip officers of all immunity for doing the same. *See Burns v. Reed*, 500 U.S. 478, 495 (1991).

**B.    PETERS IS NOT ENTITLED TO ABSOLUTE OR QUALIFIED IMMUNITY FOR CONCEALING AND ACTIVELY MISREPRESENTING EXCULPATORY AND IMPEACHMENT EVIDENCE WHEN HE WAS NOT AN ADVOCATE IN PLAINTIFF'S CASE**

The U.S. Supreme Court "has been quite sparing in its recognition of absolute immunity, and has refused to extend it any further than its justification would warrant." *Genzler v. Longanbach*, 410 F. 3d 630, 636-37 (9th Cir. 2005) (quotations and alterations omitted). The Court has "consistently emphasized" that the official seeking absolute immunity "bears the burden of showing that [absolute] immunity is justified for the function in question." *Id.* at 636 (quotations omitted). Whether a prosecutor is entitled to absolute immunity is a fact-intensive inquiry hinging on whether his or her acts were advocative in nature and "intimately associated with the judicial phase of the criminal process." *Id.* at 637 (citing U.S. Supreme Court cases).

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

### i. Peters was not an advocate during Plaintiff's habeas corpus proceedings

Peters is not entitled to absolute immunity because he concealed exculpatory evidence years after he was an advocate in Plaintiff's case. It is widely held that "where the role as advocate has not yet begun or where it has concluded, absolute immunity does not apply." *Yarris v. County of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006) (quotations and alterations omitted); *see also, e.g., Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003); *Houston v. Partee*, 978 F.2d 362, 366 (7th Cir. 1992); *Allen v. Lowder*, 875 F.2d 82, 86 (4th Cir. 1989).

Peters has admitted that he "left the employ of Clark County in 1987 [and] ha[d] not been involved as an advocate in [Plaintiff's] many appeals and post-conviction proceedings, though [he] was a witness in a federal habeas corpus matter regarding this case." July Zellner Dec. Ex. B at 1. There can be no dispute then that Peters was not personally involved in an advocacy role during Plaintiff's post-conviction litigation.[1]

This is particularly true with respect to Plaintiff's habeas corpus proceedings from 1994 to 1997. There, the Ninth Circuit ordered an evidentiary hearing to determine whether the state failed to turn over exculpatory medical exam reports. July Zellner Dec. Ex. C at 5-6. The Washington Attorney General called Peters to testify about the State's Attorney's possession of the reports, the evidence he would have presented at trial, and the materiality of the reports based on all the available information. July Zellner Dec. Ex. D at 001701. Peters was directed by the Attorney General to review the Clark County prosecution file on Plaintiff to determine if

---

[1] Peters was also not an advocate when he discovered the evidence prior to indictment. *See Spurlock,* 330 F.3d at 799 ("[W]here the role as advocate has not yet begun, namely prior to indictment, or where it has concluded, absolute immunity does not apply."). But he did have a due process duty to disclose the video to the prosecutor on the case. *Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2008). Peters has not shown that he disclosed it to the prosecutor making the charging decision, the prosecutor trying the case (Barb Linde) or the prosecutorial file. Even if Peters knew of the video as an advocate during his brief stint as the prosecutor, dkt. 175 at 11, any then-existing prosecutorial immunity would not relate back to insulate his prior pre-indictment and pre-advocate actions. *See Gregory v. City of Louisville*, 444 F.3d 725, 739 (6th Cir. 2006).

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

any medical reports existed therein. Dkt. 168-14 at19. Peters reported there were none. *Id.* Prior to the habeas hearing itself, Peters was issued a subpoena to give a deposition and "[b]ring with [him] all materials, memoranda, correspondence, records or documents of any kind received or reviewed with regard to the case." July Zellner Dec. Ex. E at 1.

During the proceedings, Peters repeatedly denied interviewing Kathryn. For example, when Plaintiff asked if he was ever involved in an interview with Kathryn, Peters only stated, "I believe I was in the presence of a defense attorney in Sacramento." July Zellner Dec. Ex. F at 28. Peters went on to state that it would have been his practice "to meet the child, take them into court, show them a courtroom, try to introduce them to some of the court staff. <u>But I don't believe I did that in that case</u> because it didn't get that close to trial." [2] Dkt. 168-14 at 17 (emphasis added). When the presiding judge stated that interviews should be taped, Peters, rather than disclosing the videotape, stated, "[P]arents don't videotape their children all the time every day and disclosures don't come up in a planned setting." Dkt. 168-14 at 59.

Despite clearly recognizing that Plaintiff and the habeas court would find any interview material, and knowing that disclosure of his interview with Kathryn could alter the outcome of Plaintiff's *Brady* claim, Peters continued to conceal the exculpatory tape's existence and contents from the parties, the prosecutors, and the court. Any argument that Peters simply forgot about the interview is unfathomable. Dkt. 168-13 at 17. Peters had ample opportunity to remember the tape over the years due to his involvement in the ongoing proceedings, wherein he testified as to many details about the case with relative ease. Dkt. 167 at 17. Peters has testified that he has never recorded another alleged victim interview, and, for that reason, his recording of the Kathryn interview stood out in his mind. Dkt. 168-9 at 29-30.

---

[2] Peters testified that if he had interviewed any of the alleged victims, his notes would be in the file. Dkt. 168-14 at 17. But Peters knew he took no notes of his interview with Kathryn. July Zellner Dec. Ex. B at 242-43.

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Again, Peters has freely admitted he was not an advocate in Plaintiff's post conviction proceedings. Therefore, he cannot be absolutely immune for his failure to disclose exculpatory and impeachment material during that time. *See Yarris* 465 F.3d at 137-38 (prosecutors not advocates when ignoring requests for exculpatory material that existed at trial while not personally involved in prosecution of the plaintiff's appeals); *Houston*, 978 F.2d at 366-68 (prosecutors not immune because post-prosecution acts of concealment were unrelated to the prosecution, and because imposing liability in that context would not hamper not prosecutors in initiating a prosecution or presenting the state's case); *Spurlock,* 330 F.3d 799-800 (no prosecutorial immunity where, like Peters, prosecutor tried to cover up conduct during trial by impeding discovery in the plaintiff's post-trial litigation).

This is especially true because Peters has admitted that he was a witness. A witness such as Peters, whose role was to gather and interpret evidence that existed in 1985, and testify as to his knowledge of certain evidence, acts "analogous at best to a police officer or other official when he or she is investigating a crime." *Metoyer v. Connick*, 2000 WL 863133 at *7 (E.D. La. June 26, 2000); *see also Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009) ("A prosecutor is not entitled to [absolute] immunity, however, when he is acting as a witness rather than an advocate.") (citing *Kalina v. Fletcher*, 522 U.S. 118, 125-29 (1997)). His nondisclosure of *Brady* evidence in that role gives rise to § 1983 liability, and he is <u>not</u> shielded by any witness immunity, as the act of concealment and non-disclosure is clearly "non-testimonial." *Paine,* 265 F.3d at 981; *Metoyer*, 2000 WL 863133 at *7.

    **ii.**    **Peters is not entitled to qualified immunity**

To determine whether a § 1983 defendant is entitled to qualified immunity, courts ask two questions: (1) "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" and (2) was the right

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

"clearly established," meaning would it "be clear to a reasonable officer that his conduct was unlawful in the situation he confronted?" *Lacey*, 649 F.3d at 1131 (quotations omitted). If both questions are answered affirmatively, the official is not entitled to qualified immunity. *Id.*

A criminal defendant has a constitutional right to exculpatory and impeachment evidence before trial, during trial, and after his conviction. *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003). This right extends to Plaintiff's post-conviction proceedings. *See id*; *Tennison v. City & County of San Francisco,* 570 F.3d 1078, 1094 (9th Cir. 2008); *Steidl v. Fermon*, 494 F.3d 623, 630 (7th. Cir. 2007) ("For evidence known to the state at the time of the trial, the duty to disclose extends throughout the legal proceedings that may affect either guilt or punishment, including post-conviction proceedings."). Peters' interview of Kathryn would have been material to Plaintiff's habeas corpus claims, as it constituted evidence that alone could establish his *Brady* claim, *see* dkt. 168-13 at 17, or at the very least would establish his *Brady* claim in accumulation with the reports discovered after trial, *see* July Zellner Dec. Ex. C at 5-6 (noting the "synergistic effect" any exculpatory material could have had on Plaintiff's decision to plead guilty). Peters' concealment caused Plaintiff to continue to be incarcerated for the next decade. Peters violated Plaintiff's constitutional right to exculpatory evidence.

Additionally, with respect to any "pre-plea" discussion, Peters' continued citation to *U.S. v. Ruiz*, 536 U.S. 622 (2002) is in error. The Ninth Circuit has held that "a defendant challenging the voluntariness of a guilty plea may assert a *Brady* claim." *Sanchez v. United States,* 50 F.3d 1448, 1453 (9th Cir. 1995). *Ruiz* addressed a different question, namely, whether a person challenging the voluntariness of a plea *agreement*, wherein the defendant waives his right to material information, may assert a *Brady* claim. *U.S. v. Ruiz,* 241 F.3d 1157, 1164 (9th Cir. 2001) (noting the distinction). Because Plaintiff did not plead guilty per agreement waiving his right to material information, dkt. 166 at 22-23, *Sanchez* still controls

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

this case.  This position is supported by the numerous courts, including the Ninth Circuit, that have continued to cite *Sanchez* as good law after *Ruiz*.  *E.g., Smith v. Baldwin,* 510 F.3d 1127, 1148 (9th Cir. 2007); *Moore v. Adduci*, 2013 WL 2417947 at *12 (C.D. Cal. May 31, 2013).  Additionally, this Court has required the parties to assume the videotape is exculpatory, which it is, and *Ruiz* does not apply to exculpatory evidence.  Dkt. 166 at 22 (citing cases); *see also U.S. v. Fisher*, 711 F.3d 460, 466-67 (4th Cir. 2013) (*Ruiz* does not apply where a defendant misapprehended strength of State's case due to "affirmative government misrepresentation").

As stated above, for a right to be clearly established, it need only "be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Lacey*, 649 F.3d at 1131.  The Supreme Court has labeled this requisite notice as "reasonable warning."  *United States v. Lanier,* 520 U.S. 259, 269 (1997).  Peters clearly had reasonable warning that it would be unlawful for him to conceal exculpatory and impeachment evidence from Plaintiff for 25 years.  *See Brady v. Maryland,* 373 U.S. 83, 87 (1963) (suppression of material evidence violates due process); *United States v. Butler*, 567 F.2d 885, 890 (9th Cir. 1978); *United States v. Kelly,* 543 F. Supp. 1303, 1310 (D. Mass. 1982) (ABA ethical standards require timely disclosure of exculpatory evidence); *Brady v. United States,* 397 U.S. 742, 748 (1970) (guilty plea must be made knowingly, intelligently, and voluntarily "with sufficient awareness of the relevant circumstances and likely consequences").

### III.  CONCLUSION

For all the foregoing reasons, as well as the reasons and evidence set forth in Plaintiff's prior motions and responses, which are incorporated herein by reference, Plaintiff respectfully requests that this Court deny Defendant Peters' Renewed Motion for Summary Judgment.

RESPECTFULLY SUBMITTED this 1st day of July, 2013.

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 10

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

2    /s/ Kathleen T. Zellner                          /s/ Daniel T. Davies
     Kathleen T. Zellner & Associates, P.C.           Daniel T. Davies, WSBA # 41793
     Admitted *pro hac vice*                          Local counsel
3    1901 Butterfield Road                            David Wright Tremaine LLP
     Suite 650                                        1201 Third Avenue, Suite 2200
4    Downers Grove, Illinois 60515                    Seattle, Washington 98101-3045
     Phone: (630) 955-1212                            Phone: (206) 757-8286
5    Fax: (630) 955-1111                              Fax: (206) 757-7286
     kathleen.zellner@gmial.com                       Email: dandavies@dwt.com
6    Attorney for Plaintiffs                          Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 11

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on July 1, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA  98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT
PETERS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES
(C11-5424BHS) — 12

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax