June 5, 1998

Independent Sentencing Review Board
Box 40907
Olympia, WA 98504-0907

Re:   Clyde Ray Spencer, # 910743

To Whom it May Concern:

Attorney Peter Camiel, who represents Clyde Ray Spencer, has asked me to write you regarding his clients' parole hearing which is scheduled for June 16. I was the Clark County Deputy Prosecutor assigned to Mr. Spencer's case while it was being investigated through and including his "no contest" guilty plea. I left the employ of Clark County in 1987, so I have not been involved as an advocate in his many appeals and post-conviction proceedings, though I was a witness in a federal habeas corpus matter regarding this case several years ago and spoke briefly with Mr. Spencer in the presence of his attorney at that time. Currently, I am an Assistant United States Attorney in the District of Idaho.

As the record will reflect, I wrote the prosecutor's statement to the parole board following Mr. Spencer's guilty plea. In that statement, I recommended that the defendant receive a "life" sentence unless he successfully completed a sex offender treatment program. Obviously, the basis of that recommendation was the public safety concerns that are raised by the release of an untreated and unrepentant child molester. It is my understanding that Mr. Spencer has not undertaken any such program of treatment for sexual deviancy. That leaves the Board to interpret what I meant when I recommended a "life" sentence, and to wrestle with the public safety concerns of releasing the untreated Mr. Spencer.

Addressing first what I meant by the term a "life" sentence: In fairness to Mr. Spencer, it seems to me that he should not be treated differently than a similarly-situated offender whose crimes all occurred after the legislature enacted the Sentencing Reform Act. In other words, my recommendation of a "life" sentence should be interpreted in the context of other similar cases that did not overlap between the old and the new sentencing schemes. I submit that "life" in Mr. Spencer's case should be interpreted to mean the high end of whatever the applicable calculation would have been if all of the offenses had taken place under the Sentencing Reform Act. I say the "high end" or the range because, as I recall, Judge Lodge sentenced Mr. Spencer to the longest possible sentence. It is my understanding that the Judge did so because of Mr. Spencer's manifest unwillingness to accept responsibility for his crimes, and his refusal to inform on his unidentified co-conspirators, who were thought to be other policemen. I have been working in the federal system too long to remember the intricacies of the SRA and will leave it to the experts to calculate the number of months a "high end" sentence for Mr. Spencer would have been.


EXHIBIT 17


PLAINTIFF'S
EXHIBIT
ß

Spencer-03946

Addressing the public safety concerns, I would further suggest that as a condition of parole, Mr. Spencer be required to enter into and successfully complete a program of treatment for sexual deviancy. If such a program is to be successful, it should be conducted by a qualified mental health professional who is experienced in the assessment and treatment of sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers, 10700 S.W. Beaverton-Hillsdale Hwy, Suite 26, Beaverton, Oregon, telephone (503) 643-1023. The Editor-in-Chief of that organization's journal is Portland forensic psychiatrist Dr. Barry Maletzky, who has for many years advocated the efficacy of treating individuals for sexual deviancy, even when they have not admitted their conduct and seem unamenable to treatment.

I fully understand that Mr. Spencer continues to maintain his innocence, despite his guilty plea. However, my experience in working with numerous sexual deviancy treatment specialists over the years, including Dr. Maletzky, is that in the treatment milieu, and subject to polygraph monitoring an therapeutic confrontation, many individuals as recalcitrant as Mr. Spencer have opened up and admitted inappropriate sexual contact with minors, have actively participated in treatment, and have gone on with their lives without recidivism. I hope the same for Mr. Spencer.

In conclusion, I believe that the combination of an equitable interpretation of the meaning of a "life" sentence, coupled with mandatory sex offender treatment would achieve the goals of sentencing fairness and community safety. If you have any questions, please feel free to contact me.

Sincerely,

James M. Peters
Washington State Bar Association Number 7295

c/o United States Attorney's Office
District of Idaho
Box 32
Boise, ID 83707
[208] 334-1211

cc:   Peter Camiel
      Arthur D. Curtis
      Association for the Treatment of Sexual Abusers

Spencer-03947