NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
NOV 30 1995
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

CLYDE RAYMOND SPENCER,

    Petitioner-Appellant,

v.

JOSEPH KLAUSER; CHRISTINE O. GREGOIRE,

    Respondents-Appellees.

No. 95-35113

D.C. No. CV 94-05238-RJB

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted November 14, 1995
Seattle, Washington

Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges

Clyde Ray Spencer appeals the denial of his petition for writ of habeas corpus, the grant of the state's motion for summary judgment, and the denial of his cross-motion for summary judgment, or alternatively, an evidentiary hearing. We affirm in part and reverse in part and remand for further proceedings.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.


PLAINTIFF'S EXHIBIT
C

Spencer001642

1. Competence to Plead Guilty

    a. Procedural due process

A competency hearing must be held if a reasonable judge has a bona fide doubt as to the defendant's competence at the change-of-plea hearing. Moran v. Godinez, 40 F.3d 1567, 1572 (9th Cir.), as amended on denial of reh'g, 57 F.3d 690 (9th Cir. 1994), cert. denied, ___ U.S. ___, No. 95-5776, 1995 WL 545599 (Nov. 13, 1995). At the plea hearing, Spencer's attorney indicated that two psychiatrists, Dr. Dixon and Dr. McGovern, had examined Spencer and concluded that "he has his full capacity about him." Spencer's attorney also stated that "Dr. Dixon related to me that my client did not suffer from any mental diseases" and that he was competent and able to assist his attorney in his defense. Spencer agreed. Spencer's statements during the hearing supported the idea that he had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, ___ U.S. ___, 113 S. Ct. 2680, 2685, 2688, 125 L. Ed. 2d 321 (1993) (internal quotations omitted). Substantial weight is attached "to contemporaneous on-the-record statements in assessing the voluntariness of pleas." United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991). Thus, the trial judge did not violate Spencer's procedural due process rights because Spencer failed to raise a bona fide doubt as to his competence.

    b. Sufficiency of the evidence

Spencer001643

Spencer did, however, present enough evidence to the district court to raise a "real and substantial doubt as to his [mental] competency." See Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir. 1985), cert. denied, 474 U.S. 1085, 106 S. Ct. 860, 88 L. Ed. 899 (1986); Steinsvik v. Vinzant, 640 F.2d 949, 954 (9th Cir. 1981). It is true that Dr. Dixon and Dr. McGovern indicated that Spencer was competent. However, they had not been retained to make that specific determination. Also, Dr. Halpern's report raises doubts about Spencer's ability to intelligently participate in his own defense while he was taking the drugs prescribed for his depression. We do not say that Dr. Halpern's report would be enough to require a hearing if it stood alone. It did not. Declarations submitted on behalf of Spencer attest to his confused and depressed state, and one asserts that Spencer was "incapable of thinking rationally" or of choosing how to proceed with his defense. Many of those declarations were from lay persons, but even lay witnesses can comment on another's affect, especially when they have known him for some time. See United States v. Mastberg, 503 F.2d 465, 469-70 (9th Cir. 1974); Cole v. United States, 327 F.2d 360, 361 (9th Cir. 1964); see also Kaufman v. United States, 350 F.2d 408, 414-15 (8th Cir. 1965), cert. denied, 383 U.S. 951, 86 S. Ct. 1211, 16 L. Ed. 2d 212 (1966) (lay witnesses competent to testify as to defendant's sanity due to previous observation of defendant during arrest); cf. United States v. Langford, 802 F.2d 1176, 1179 (9th Cir. 1986), cert. denied, 483 U.S. 1008, 107 S. Ct. 3235, 97 L. Ed. 2d 740 (1987) (fact that one lay witness met defendant fifty times and another

Spencer001644

lay witness knew defendant his entire life was factor in finding that opinion testimony satisfied Fed. R. Evid. 701). In addition, Spencer had been hospitalized for suicidal ideation and nervous depression in the recent past, and he was housed in the medical unit of the jail. Finally, he had been administered a very large dose of the barbiturate sodium amytal two days before his plea. That, too, may have affected his ability to make the momentous decision which led to his life sentences.

We, of course, do not say that all of this requires the ultimate conclusion that Spencer was not competent to enter a guilty plea. We only say that, taken as a whole, the facts in the record do raise sufficient doubt to require an evidentiary hearing on the issue.

2. Coercion

A guilty plea must be knowing and voluntary, rather than the result of threats, misrepresentations, or improper promises. Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir. 1995); United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir. 1993). Repeated inquiries by the trial judge regarding the voluntariness of a guilty plea which are met with affirmative responses support a finding a voluntariness. See United States v. Andrade-Larrios, 39 F.3d 986, 990-91 (9th Cir. 1994).

Sergeant Davidson's statements about Spencer's children did not rise to the level of coercion. Spencer was represented by counsel and could easily ascertain whether the state would recommend forty-one months imprisonment as Davidson indicated.

Spencer001645

Moreover, rather than accede to Davidson's blandishments, Spencer had him kept away. Finally, Spencer repeatedly assured the court that his plea was given free of coercion and of his own volition. We affirm the district court's determination of this issue.

### 3. The Medical Reports

The state must turn over material evidence which exculpates the defendant. Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S. Ct. 989, 1001, 94 L. Ed. 2d (1987); Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196, 10 L. Ed. 2d 215 (1963). In the context of a guilty plea, evidence is material if "there is a reasonable probability that but for the failure to disclose the Brady material, the defendant would have refused to plead and would have gone to trial." Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir. 1995). There is a great deal of evidence that medical reports regarding the children did exist and that they showed no evidence of sexual abuse. If they did exist, we see little excuse for the prosecutor's failure to make them available to Spencer's attorney. Those reports may well have influenced the decision to plead. The children asserted that Spencer had molested them but he said he had no memory of having done so. Perhaps that was merely pseudo-amnesia, but as Dr. Dixon and Dr. Halpern have indicated, it might also have meant that the incidents did not happen. Reports that indicated that there were no residual signs of the claimed abuse could have tipped the scales. In fact, the lack of that information together with Spencer's mental state might have had a synergistic effect which

led to a plea by an innocent man. We do not say that it did, nor do we say that the reports exist, nor do we say that they will turn out to be material if they do exist. We do say that Spencer is entitled to an evidentiary hearing on the matter.

### 4. Ineffective Assistance of Counsel

To establish that the defendant suffered from ineffective assistance of counsel, he must show: (1) that counsel's performance was deficient--"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). We are unable to say that Spencer has demonstrated that his counsel was not functioning as counsel guaranteed by the Sixth Amendment. Thus, we affirm the district court's determination of this issue.

#### a. Failure to advise of judge's sentencing policy

Spencer's attorney did not perform deficiently by failing to educate himself about the judge's sentencing policy and then relate the information to Spencer; the law does not demand that he do so. See United States v. Johnson, 760 F.2d 1025, 1026 (9th Cir. 1985).

-6-

Spencer001647

b. Erroneous advice regarding sentencing

It is error for an attorney to misinform his client about the applicable sentencing statute. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir. 1986). Spencer's attorney zealously advocated for his client at the plea hearing by arguing for an interpretation that would allow the judge to order that Spencer be evaluated before sentencing for possible treatment--an interpretation that was viable at the time. The statute itself appears to allow an evaluation. See Wash. Rev. Code § 9.94A.120. Only later did the cases hold that no evaluation was possible. See State v. Hermanson, 829 P.2d 193, 195 (Wash. App.) (per curiam), review denied, 844 P.2d 436 (Wash. 1992); State v. Goss, 784 P.2d 194, 196 (Wash. App. 1990). In any event, nothing on the record indicates that he would not have entered his plea had he known that an evaluation would not be possible if he refused to admit his guilt.

c. Failure to investigate client's mental condition

The failure of an attorney to seek a psychiatric examination for his client to determine whether the client is competent to plead guilty can be a Sixth Amendment violation. See Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir. 1990). Conversely, an attorney is entitled to rely upon "detailed, reasoned" psychiatric reports that find the defendant is competent. See Moran v. Godinez, 40 F.3d 1567, 1576 (9th Cir. 1994). Spencer's attorney did have reports from a psychiatrist and a psychologist which touched on his competence but which were not detailed because they were not prepared for competency purposes. Perhaps counsel should

have ordered further psychiatric examinations for Spencer in order to determine his competency to plead guilty and stand trial. Nevertheless, there is not sufficient evidence to show that Spencer's attorney failed to function as Sixth Amendment counsel. Even the psychiatric experts apparently found nothing to suggest incompetence though they did examine and work with him. As counsel told the trial court, the doctors said that Spencer had "his full capacity about him."

    d.  <u>Failure to investigate charges</u>

An attorney must make a reasonable investigation of his client's case or at least make a reasonable decision that makes particular inquiries unnecessary. <u>Strickland v. Washington</u>, 466 U.S. at 691, 104 S. Ct. at 2066. Despite the Washington Court of Appeals' finding that "counsel did investigate the case and interview witnesses," this factual determination "is not fairly supported by the record." 28 U.S.C. § 2254(d)(8). Nonetheless, Spencer did not tell the district court what investigation his attorney failed to do, nor does he tell us. Also, he did not submit a list of witnesses who should have been interviewed. He did submit an expert opinion issued six years after his plea which criticized the investigative techniques of the police, but that does <u>not</u> cast light on his counsel's investigation. As it was, counsel said he would put the State to its proof--that hardly excludes attacks on police techniques, or, for that matter, the children's stories. In that regard, it should also be noted that counsel was dealing with a client who did not exactly say that he did not commit the acts, but who assumed a posture that he could

Spencer001649

not remember doing them. One of the examining experts referred to that as "a cloak of pseudo-amnesia."

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this disposition.

Spencer001650