RECEIVED

'96 MAY 6 AM 9 27

ATTORNEY GENERAL
OF WASHINGTON
CORRECTIONS DIVISION

1 | FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

2 | CLYDE RAYMOND SPENCER,

3 |           Petitioner,

4 |     v.

5 | JOSEPH KLAUSER, Warden, Idaho
6 | State Institution,

7 |           Respondent.

Case No. C94-5238RJB

**Petitioner's First Set of Interrogatories
Directed to Joseph Klauser, Respondent,
and to John Samson, Attorney for
Respondent and Request for Production**

8      In accordance with Federal Rule of Civil Procedure 33, please answer each of the following

9 | interrogatories separately and fully in writing, under oath, unless their is some objection to an

10 | interrogatory, in which case please state the reason for the objection in lieu of an answers.  The

11 | answers are to be signed by the person to whom they are addressed and the objections are to be

12 | signed by the attorney making the objection.  Answers and objections, if any, must be returned to the

13 | undersigned attorney within 30 days after the service of these interrogatories.

14      These interrogatories are intended to be continuing in nature and any information which may

15 | be discovered by you subsequently to the service and filing of your answers should be brought to the

16 | attention of the inquiring parties through supplemental answers within a reasonable time following

17 | discovery.

18      **Interrogatory No. 1:** Identify each person answering these interrogatories, specifying which

19 | interrogatories are answered by which person.

20      **Answer:**

21

22

23      **Interrogatory No. 2:** Please name all persons respondent and/or his attorney intend to call as

24 | witnesses at the evidentiary hearing in this case.  As to each, provide:

25      a.    Name, address and relationship to respondent;

26

27

28 | Petitioner's 1st Interrogatories & Request for
Production Directed to Respondent - 1

*Mair, Camiel & Kovach, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 223-0205  Fax: 623-5951


PLAINTIFF'S
EXHIBIT

Spencer001695

1    b.    The nature of their testimony; and

2    c.    The facts upon which their testimony will be based.

3    **Answer:**

4

5

6

7

8    **Interrogatory No. 3:** Please indicate whether the Clark County Prosecuting Attorney's Office

9    received prior to or during the trial of State v. Spencer, Clark County cause number 85-1-00007-2,

10   any written medical records, notes or reports or any oral reports pertaining to examinations

11   conducted for the purpose of determining whether or not sexual assaults occurred on Kathryn

12   Spencer, Matthew Spencer, or Matthew Hansen.

13   **Answer:**

14

15

16   **Interrogatory No. 4:** If the answer to preceding interrogatory is yes, indicate:

17   a.    The source of the oral or written notes, records, reports or documents received by the

18   Clark County Prosecuting Attorney's Offices;

19   b.    The date the Clark County Prosecuting Attorney's Office received these materials;

20   c.    The nature and content of these materials;

21   d.    Whether the material was ever disclosed to any defense counsel for Mr. Spencer, and

22   if so, the date upon which such disclosure was made, the manner in which such disclosure was made,

23   and any witnesses or documentation of said disclosure to defense counsel.

24   **Answer:**

25

26

27                                                    *Mair, Camiel & Kovach, P.S.*
                                                        710 Cherry Street
28   Petitioner's 1st Interrogatories & Request for      Seattle, Washington 98104
     Production Directed to Respondent - 2              (206) 223-0205 Fax: 623-5951

Spencer001696

1    **Interrogatory No. 5:**  With regard to petitioner's claim concerning the failure to turn over
2    medical reports, please indicate:

3        a.      All individuals who have information or knowledge about petitioner's claim that the
4    state failed to turn over medical reports regarding the alleged victims in State v. Spencer, Clark
5    County cause number 85-1-00007-2;

6        b.      Whether or not any of these individuals have given oral or written statements with
7    regard to their information of knowledge about petitioner's claim that the state failed to turn over
8    medical records with regard to the alleged victims;

9        c.      The current location of any statements given by said witnesses.

10       d.      The substance of any such statements.

11       **Answer:**

12

13

14

15

16

17

18

19

20

21

22

23   **Interrogatory No. 6:** Please identify the factual basis for the respondent's contention that the
24   Clark County Prosecutor's Office did not withhold material evidence favorable to the defense in State

25

26

27                                                    *Mair, Camiel & Kovach, P.S.*
                                                             710 Cherry Street
28   Petitioner's 1st Interrogatories & Request for          Seattle, Washington 98104
     Production Directed to Respondent - 3                   (206) 223-0205 Fax: 623-5951

1 | v. Spencer, Clark County cause number 85-1-00007-2 in the form of medical examination results of

2 | the alleged victims.

3 | **Answer:**

4 |

5 |

6 | **Interrogatory No. 7:**   Identify whether or not Kathryn Spencer, Matthew Spencer or

7 | Matthew Hansen were ever given physical examinations with regard to their allegations of sexual

8 | assault before or during the criminal proceedings in State v. Spencer, Clark County cause number 85-

9 | 1-00007-2 and if so, state:

10 |     a.     The date of said examination;

11 |     b.     The place of said examination;

12 |     c.     The health care professional who conducted said examination;

13 |     d.     Whether or not any medical records, reports or notes were generated as a result of

14 | said examination;

15 |     e.     The present location of those medical reports, notes or records;

16 |     f.     Whether or not the Clark County Prosecuting Attorney's Office was ever provided

17 | with said notes, records or reports;

18 |     g.     Whether or not respondent or respondent's counsel are currently in possession of said

19 | notes, records or reports.

20 | **Answer:**

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 | Petitioner's 1st Interrogatories & Request for
Production Directed to Respondent - 4

*Mair, Camiel & Kovach, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 223-0205 Fax: 623-5951

Spencer001698

1

2       **Interrogatory No. 8:** Please identify all police officers from the Clark County Sheriff's Office

3   who participated in the investigation of <u>State v. Spencer</u>, Clark County cause number 85–1–00007-2.

4       **Answer:**

5

6

7

8

9       **Interrogatory No. 9:** Identify all individuals who respondent believes have information or

10  knowledge about petitioner's mental condition or status before, during or after the criminal

11  proceedings in <u>State v. Spencer</u>, Clark County cause number 85-1-00007-2.

12      **Answer:**

13

14

15

16

17                              **Request for Production**

18

19  **Request No. 1:**          With regard to the preceding interrogatories please provide copies of any and

20  all notes, records, reports regarding the medical examinations of Kathryn Spencer, Matthew Spencer

21  or Matthew Hansen with regard to their allegations of sexual abuse as claimed in <u>State v. Spencer</u>,

22  Clark County cause number 85-1-00007-2.

23

24

25

26

27                                                              *Mair, Camiel & Kovach, P.S.*
                                                                    710 Cherry Street
    Petitioner's 1st Interrogatories & Request for                Seattle, Washington 98104
28  Production Directed to Respondent - 5                        (206) 223-0205 Fax:  623-5951

Spencer001699

1  DATED this ___20___ day of May, 1996.

2

3

4                                    Peter A. Camiel, WSBA #12596
                                     Attorney for Defendant Spencer

5

6  I, ___JOHN J. SAMSON___, being first duly sworn on oath, depose and state: I am
   the attorney for the respondent herein; I have read the foregoing interrogatories and requests or
7  production and the foregoing answers and responses thereto are true and correct to the best of my
   knowledge.

8

9                                    Attorney for Respondent

10

11  SUBSCRIBED and SWORN to before me, a notary public, this ___14th___ day of ___June___,
    1996.

12                                   Susan M. Engelhardt
13                                   Notary Public in and for the state of
                                     Washington residing at __Olympia__.
14                                   My Commission expires: __9-15-98__.

15

16

17

18

19

20

21

22

23

24

25

26

27                                          *Mair, Camiel & Kovach, P.S.*
                                                      710 Cherry Street
   Petitioner's 1st Interrogatories & Request for          Seattle, Washington 98104
28  Production Directed to Respondent - 6               (206) 223-0205  Fax: 623-5951

Spencer001700

Attachment 1
Respondent's Answers to
Petitioner's First Interrogatories and Requests
for Production of Documents
Spencer v. Klauser, U.S.D.C. Cause No. C94-5223RJB

General Objections:

1.    Respondent  objects  to  supplying  any  documents  or
responding to any interrogatory which would infringe upon attorney
work product.

2.    Respondent  objects  to  supplying  any  documents  or
responding to any interrogatory which would infringe upon the
attorney-client privilege.

Specific Responses and Objections:

INTERROGATORY NO. 1:    Identify  each  person  answering  these
interrogatories, specifying which interrogatories are answered by
which person.

ANSWER:  John J. Samson, Assistant Attorney General, Attorney
for  the  Respondents,  was  involved  in  answering  all  the
interrogatory answers.

1

Spencer001701

INTERROGATORY NO. 2:        Please name all persons respondent and/or
his attorney intend to call as witnesses at the evidentiary hearing
in this case.  As to each, provide:

    a.   Name, address and relationship to respondent;

    b.   The nature of their testimony; and

    c.   The facts upon which their testimony will be based.

ANSWER:

1.   <u>Jim Peters</u>, Assistant United States Attorney, P.O. Box 32,
     Boise Idaho 83707

     Jim Peters was the deputy prosecuting attorney in <u>State v.
     Spencer</u>, Clark County cause number 85-1-00007-2.  <u>Mr. Peters
     may testify regarding the facts alleged in Clyde Raymond
     Spencer's habeas corpus petition</u>.  Mr. Peters <u>may testify
     regarding his observations of Spencer during the criminal
     proceedings, as well as any information he possessed regarding
     Spencer's mental condition and competency to plead guilty</u>.
     Such testimony may include conversations Mr. Peters had with
     Spencer, Mr. Rulli or mental health professionals regarding
     Spencer's mental status, as well as Mr. Peters' evaluation of
     any mental health reports of Spencer.  <u>Mr. Peters may also
     testify regarding the alleged reports of medical examinations
     of the victims.  It is expected Mr. Peters will testify that
     the prosecution never knew of such reports.  Mr. Peters may
     testify regarding his evaluation of such reports, the effect
     of such reports on Spencer's decision to plead guilty, the
     impact of the reports on the criminal proceedings, any
     evidence he would have presented to a jury if such reports
     existed and were introduced at trial, and any remaining
     evidence the prosecution would have presented at trial.</u>

2

2.   <u>James Rulli</u>, Attorney, 408 W. 9th Street, Vancouver, WA 98666

James Rulli was defense counsel for Clyde Raymond Spencer in
<u>State v. Spencer</u>, Clark County cause number 85-1-00007-2.
Respondents have not yet deposed Mr. Rulli. However, it is
expected that Mr. Rulli may testify regarding the facts
alleged in Spencer's habeas corpus petition. Mr. Rulli may
testify regarding his observations of Spencer during the
criminal proceedings, as well as any information he possessed
regarding Spencer's mental condition and competency to plead
guilty. Such testimony may include conversations Mr. Rulli
had with Spencer or mental health professionals regarding
Spencer's mental status, as well as Mr. Rulli's evaluation of
any mental health reports of Spencer. Mr. Rulli may testify
regarding whether Spencer was able to understand the nature of
the charges and to assist in his defense. Mr. Rulli may also
testify regarding the alleged reports of medical examinations
of the victims. Mr. Rulli may testify whether he received or
knew about the alleged reports. Mr. Rulli may also testify
regarding the materiality of the alleged reports, including
his evaluation of such reports, and how he would have utilized
such reports at a trial. Mr. Rulli may also testify regarding
any discussions he had with Spencer regarding the presence or
absence of physical evidence of molestation or rape. Mr.
Rulli may also testify about the remaining evidence the
prosecution would have presented at trial.

3.   <u>Sharon Krause</u>, Detective (retired).

Sharon Krause was the investigating detective in <u>State v.
Spencer</u>, Clark County cause number 85-1-00007-2. Ms. Krause
may testify regarding the existence and content of the alleged
medical reports of the victims, and who possessed or knew of
such reports. It is expected that Ms. Krause will testify
that the Sheriff's Office received a copy of a report from UC
Davis of a medical exam of Kathryn Spencer. A copy of this
report has been provided to Spencer's current counsel in this
habeas corpus proceeding. It is expected that Ms. Krause will
testify that no other reports were within the possession or
control of the Clark County Sheriff's Office.

3

Spencer001703

4.   <u>Dr. Kevin McGovern</u>, Psychologist, 1225 N.W. Murray Road
     Suite 214, Portland, OR 97229

     Dr. McGovern examined Spencer regarding his mental condition
     and status during the proceedings in <u>State v. Spencer</u>, Clark
     County cause number 85-1-00007-2.   Respondents have not yet
     deposed Dr. McGovern to determine his expected testimony.
     However, Dr. McGovern may testify regarding the facts alleged
     in Spencer's habeas corpus petition as to Spencer's claim of
     mental incompetency.   Dr. McGovern may testify about his
     observations of Spencer, including whether Spencer appeared to
     be depressed, incoherent, hallucinating or suffering from any
     mental disease, illness or defect. Dr. McGovern may testify
     regarding any tests, exams or evaluations he performed on
     Spencer, as well as any interviews he conducted with Spencer.
     Dr. McGovern may testify regarding any opinions or conclusions
     he developed regarding Spencer's mental condition and
     competency, and any opinions or conclusions he expressed to
     Spencer, Mr. Rulli or any other person regarding Spencer's
     mental condition.   Dr. McGovern may also testify regarding his
     letter report to Mr. Rulli. Finally, Dr. McGovern may testify
     regarding the effects that Spencer's medication had on
     Spencer's mental condition or competency.

5.   <u>Dr. Henry H. Dixon</u>, Physician, 2250 N.W. Flanders, Suite 312,
     Portland, OR, 97210

     Dr. Dixon may testify regarding the facts alleged in Spencer's
     habeas corpus petition as to Spencer's claim of mental
     incompetency.   Dr. Dixon may testify about his observations of
     Spencer, including whether Spencer appeared to be depressed,
     incoherent or suffering from any mental disease, illness or
     defect. Dr. Dixon may testify regarding any tests, exams or
     evaluations he performed on Spencer, as well as any interviews
     he conducted with Spencer.   Dr. Dixon may testify regarding
     any opinions or conclusions he developed regarding Spencer's
     mental condition or competency, and any opinions or
     conclusions he expressed to Spencer, Mr. Rulli or any other
     person regarding Spencer's mental condition.   Dr. Dixon may
     also testify regarding his letter report to Mr. Rulli.   Dr.
     Dixon may testify regarding the medication Spencer had been
     taking, and the effects that such medication had on Spencer's
     mental condition or competency.

4

Spencer001704

6.   <u>Dr. Jack Kaczmerik</u>, Physician, Current Address Unknown

Dr. Kaczmerik may testify regarding the facts alleged in Spencer's habeas corpus petition as to Spencer's claim of mental incompetency.  Dr. Kaczmerik may testify about his observations of Spencer, including whether Spencer appeared to be depressed, incoherent or suffering from any mental disease, illness or defect.  Dr. Kaczmerik may testify regarding any tests, exams or evaluations he performed on Spencer, as well as any interviews he conducted with Spencer.  Dr. Kaczmerik may testify regarding any opinions or conclusions he developed regarding Spencer's mental condition and any opinions or conclusions he expressed to Spencer, Mr. Rulli or any other person regarding Spencer's mental condition.  Dr. Kaczmerik may also testify regarding his report.  Dr. Kaczmerik may testify regarding the medication Spencer had been taking, and the effects that such medication had on Spencer's mental condition.

7.   <u>Dr. David Ruud</u>, Physician, Current Address Unknown

Dr. Ruud may testify regarding the facts alleged in Spencer's habeas corpus petition as to Spencer's claim of mental incompetency.  Dr. Ruud may testify about his observations of Spencer, including whether Spencer appeared to be depressed, incoherent or suffering from any mental disease, illness or defect. Dr. Ruud may testify regarding any tests, exams or evaluations he performed on Spencer, as well as any interviews he conducted with Spencer.  Dr. Ruud may testify regarding any opinions or conclusions he developed regarding Spencer's mental condition and any opinions or conclusions he expressed to Spencer, Mr. Rulli or any other person regarding Spencer's mental condition.  Dr. Ruud may also testify regarding his report. Dr. Ruud may testify regarding the medication Spencer had been taking, and the effects that such medication had on Spencer's mental condition.

8.   <u>Rebecca Weister, M.D.</u>, Physician, Harborview Sexual Assault Center, 1401 E. Jefferson, 4th Floor, Seattle, WA 98122

Dr. Weister may testify regarding the alleged reports of the medical examinations of the victims. Dr. Weister may provide expert testimony about the scope of the examination, and the connection between an alleged absence of physical findings of molestation or rape and the actual commission of molestation or rape.

5

9.   <u>Dr. Barry Logan</u>, Toxicologist, 2203 Airport Way South, Seattle, WA 98134

Dr. Logan may testify regarding the medication Spencer had taken before, during and after the guilty plea in <u>State v. Spencer</u>, Clark County cause number 85-1-00007-2.   Dr. Logan's testimony may include expert medical opinions regarding the nature of such medication and effect it would have on Spencer's mental competency to plead guilty.

Respondent have not completed discovery and therefore reserve the right to amend this witness list prior to the evidentiary hearing.   Respondents also reserve the right to call as witnesses Spencer and any or all witnesses Spencer either identifies by his witness list or calls to give testimony at the evidentiary hearing.

6

Spencer001706

INTERROGATORY NO. 3:     Please indicate whether the Clark County Prosecuting Attorney's Office received prior to or during the trial of <u>State v. Spencer</u>, Clark County cause number 85-1-00007-2, any written medical records, notes or reports or any oral reports pertaining to examinations conducted for the purpose of determining whether or not sexual assaults occurred on Kathryn Spencer, Matthew Spencer, or Matthew Hansen.

ANSWER:    Objection:   Respondent objects to the form of the interrogatory to the extent that it refers to a trial in <u>State v. Spencer</u>, Clark County cause number 85-1-00007-2.   There was no trial.   Without waiving this objection, Respondent answers as follows:

No.   It is the Respondent's understanding that the Clark County Prosecuting Attorney's Office did not receive any such written medical records, notes or reports or any oral reports.   The Clark County Sheriff's Department received a copy of a report from a medical examination of Kathryn Spencer performed at UC Davis.   A copy of this report has been provided to Spencer's current counsel in this habeas corpus proceeding.   It does not appear that this report was provided to the Prosecuting Attorney's Office.

7

Spencer001707

INTERROGATORY NO. 4:    If    the    answer    to    the    preceding
interrogatory is yes, indicate:

a.    The source of the oral or written notes, records, reports
or documents received by the Clark County Prosecuting Attorney's
Offices;

b.    The date the Clark County Prosecuting Attorney's Office
received these materials'

c.    The nature and content of these materials;

d.    Whether the material was ever disclosed to any defense
counsel for Mr. Spencer, and if so, the date upon which such
disclosure was made, the manner in which such disclosure was made,
and any witnesses or documentation of said disclosure to defense
counsel.

ANSWER:   The answer to the proceeding interrogatory was no.
However, a copy of the report from a medical examination of Kathryn
Spencer performed at UC Davis has been provided to Spencer's
current counsel in this habeas corpus proceeding.   Respondent's
have not yet deposed Mr. Rulli or Spencer, and therefore cannot
answer part d of this interrogatory at this time.

8

Spencer001708

INTERROGATORY NO. 5:    With    regard    to    petitioner's    claim
concerning   the   failure   to   turn   over   medical   reports,   please
indicate:

    a.    All individuals who have information or knowledge about
petitioner's   claim   that   the   state   failed   to   turn   over   medical
reports regarding the alleged victims in State v. Spencer, Clark
County cause number 85-1-00007-2;

    b.    Whether or not any of these individuals have given oral
or written statements with regard to their information or knowledge
about petitioner's claim that the state failed to turn over medical
records with regard to the alleged victims;

    c.    The current location of any statements given by said
witnesses;

    d.    The substance of any such statements.

    ANSWER:    Objections:   Respondent objects to the extent the
request seeks production of documents constituting attorney work
product.   Respondent also objects to the form of the question to
the extent it assumes there have been multiple medical reports in
the   possession   or   control   of   the   Clark   County   Prosecuting
Attorney's Office or the Clark County Sheriff's Office.   Without
waiving   these   objections,   Respondent   answers:   Individuals
Respondents believe may have knowledge of the existence or non-
existence of alleged reports include Mr. Peters, Mr. Rulli, Ms.

9

Krause, Spencer and Shirley Spencer. Respondent has no statements written by these individuals with regard to their information of knowledge about Petitioner's <u>Brady</u> claim, other than documents which were previously made a part of the record in this habeas corpus proceeding. Ms. Krause and Ms. Spencer have provided depositions to Petitioner's counsel regarding the existence or non-existence of medical reports. Mr. Peters has indicated that he had no knowledge of the medical reports and no such reports were in the file at the Prosecuting Attorney's Office.

Spencer001710

INTERROGATORY NO. 6:      Please identify the factual basis for the respondent's contention that the Clark County Prosecutor's Office did not withhold material evidence favorable to the defense in State v. Spencer, Clark County cause number 85-1-00007-2 in the form of medical examination results of the alleged victims.

ANSWER:    Respondent is aware of only one report that was within the possession or control of the Clark County Sheriff's Office prior to Spencer's guilty plea.   That is the copy of the report from a medical examination of Kathryn Spencer performed at UC Davis, which has been provided to Spencer's current counsel in this habeas corpus proceeding.  Respondent is unaware of any other medical reports of the children.

Because the criminal proceedings in State v. Spencer did not proceed to trial, Respondent does not believe there was a constitutional failure to disclose material evidence favorable to the defense.    In addition, Respondent does not believe the information contained in the report of the medical examination of Kathryn Spencer is material or exculpatory.  Although the medical report states an absence of physical findings, the report also states the child's behavior and history is consistent with the allegations of molestation.  In addition, the absence of physical findings is not material or exculpatory because such evidence is often not found through medical examinations.  Due to the youth of

11

the child, a delay in examining the child, and other physiological factors, an examination may not discover physical evidence of molestation.  Absence of scars and lacerations, and the fact the hymen is intact, may result because the offender did not fully or forcibly penetrate the victim or because the victim healed before the examination.  It also appears this was not a complete examination which would have discovered physical findings of molestation or rape.  There is also no evidence that the physician who conducted the examination was experienced in this area of medicine, and therefore the physician may not have known how to conduct a proper examination of this type.  In addition, Spencer was not misled to believe there was physical evidence of molestation obtained from an examination of Kathryn Spencer.  Thus, the medical report could not be material to his decision to plead guilty.  Respondent believes that in light of the remaining evidence that would have been presented at a trial, this report is not material.  Finally, because the report concerned only Kathryn Spencer, it is not material to the charges involving the remaining victims.

12

INTERROGATORY NO. 7:    Identify whether or not Kathryn Spencer, Matthew Spencer or Matthew Hansen were ever given physical examinations with regard to their allegations of sexual assault before or during the criminal proceedings in State v. Spencer, Clark County cause number 85-1-00007-2 and if so, state:

    a.    The date of said examination;

    b.    The place of said examination;

    c.    The health care professional who conducted said examination;

    d.    Whether or not any medical records, reports or notes were generated as a result of said examination;

    e.    The present location of those medical reports, notes or records;

    f.    Whether or not the Clark County Prosecuting Attorney's Office was ever provided with said notes, records or reports;

    g.    Whether or not respondent or respondent's counsel are currently in possession of said notes, records or reports.

ANSWER:    The only medical examination Respondents are aware of was the examination of Kathryn Spencer at UC Davis.  The only medical report Respondents are aware of and possess is the report from the examination of Kathryn Spencer, a copy of which has been provided to Spencer's current counsel in this habeas corpus proceeding.  During a recent deposition, Shirley Spencer indicated

13

that Matthew Hansen was examined by a male doctor at the Kaiser Hospital on Mill Plain in Vancouver, Washington.  At this time, Respondent is not aware if this information is accurate, whether an examination was performed and if so when, whether a report was made from such an examination and if so whether the report was disclosed to any one.  The report from the examination of Kathryn Spencer at UC Davis was in the possession of the Clark County Sheriff's Office.  However, it is the understanding of the Respondents that the Clark County Prosecuting Attorney's Office did not possess any medical reports from examinations of the victims.

14

Spencer001714

INTERROGATORY NO. 8:     Please identify all police officers from the Clark County Sheriff's Office who participated in the investigation of State v. Spencer, Clark County cause number 85-1-00007-2.

ANSWER:   Respondents have been informed that Sharon Krause was the sole investigating detective from the Clark County Sheriff's Office.  It is Respondents understanding that Sgt. Mike Davidson was Detective Krause's supervisor, and that Sgt. Davidson may have been present during portions of the investigation.  Tim Trevarthen often worked with Detective Krause, and may have been present during the investigation, but it does not appear that he was involved in this investigation.  Lt. Woodward and Jim Holtz (now deceased) of the Vancouver City Police Department also conducted an internal investigation of Spencer.  By way of further answer, Respondents refer Petitioner to the deposition of Sharon Krause.

15

Spencer001715

INTERROGATORY NO. 9:     Identify all individuals who respondent believes have information or knowledge about petitioner's mental condition or status before, during or after the criminal proceedings in State v. Spencer, Clark County cause number 85-1-00007-2.

ANSWER:   Respondent is still in the process of conducting discovery, and it is possible additional individuals may be discovered who possess information regarding Spencer's mental condition or status.  However, Respondent believes the following individuals may have information or knowledge relevant to this issue:

James Peters, James Rulli, Clyde Raymond Spencer, Dr. Dixon, Dr. McGovern, Dr. Halpern, Dr. Logan, Dr. Jack Kaczmerik, Dr. Richard Heitsch, Dr. Saul Helfing, Dr. Doug Robb, Dr. David Ruud, Dr. Per Sweetman, Ms. Rita Laurent and the custodian of records for the Washington Department of Corrections.   By way of further answer, Respondents refer Spencer to the individuals listed in his response to the Respondents first set of interrogatories.

16

## REQUEST FOR PRODUCTION

<u>REQUEST NO. 1</u>:      With regard to the preceding interrogatories please provide copies of any and all notes, records, reports, regarding the medical examinations of Kathryn Spencer, Matthew Spencer or Matthew Hansen with regard to their allegations of sexual abuse as claimed in <u>State v. Spencer</u>, Clark County cause number 85-1-00007-2.

<u>RESPONSE</u>:      The   only   medical   report   regarding   an examination of the victims in this case in Respondents' possession is the report of the examination of Kathryn Spencer at UC Davis. A copy of this report was previously provided to Spencer's current counsel in this habeas corpus proceeding.

17

Spencer001717