The Honorable Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER, and KATHRYN E. TETZ,<br><br>                Plaintiffs,<br>v.<br><br>JAMES M. PETERS, et al.<br><br>                Defendants. | NO. C11-5424BHS<br><br>REPLY MEMORANDUM OF DEFENDANT JAMES M. PETERS<br><br>NOTED for July 8, 2013 |

In his response, plaintiff does not dispute that Mr. Peters is entitled to absolute immunity for the failure to disclose the videotape prior to Mr. Spencer's plea of guilty. He makes no effort to distinguish the extensive case law cited by Mr. Peters in his supplemental memorandum which holds that prosecutors are entitled to absolute immunity for the failure to disclose exculpatory or impeachment evidence. Dkt. 175 at 6-8. Instead, plaintiff raises an entirely new argument that Mr. Peters is not entitled to immunity because he failed to disclose the videotape during the 1996 habeas corpus proceeding. Plaintiff also attempts to revive his argument, rejected by this court, that Mr. Peters was acting as an investigator, not a prosecutor, when he interviewed Kathryn on December 11, 1984. These arguments have no merit.

The 1996 evidentiary hearing was limited to whether Mr. Spencer was mentally competent to enter his 1985 plea and whether the Clark County Prosecutor's Office had possession of the 1984 medical report concerning Kathryn prior to May of 1985. Dkt. 177-3 at

REPLY MEMORANDUM OF
DEFENDANT PETERS
NO. C11-5424BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

4 & 6. Mr. Peters testified at the 1996 evidentiary hearing as a witness. The sole focus of his testimony was whether Kathryn's medical report was in the prosecutor's file in 1984 and 1985.

Plaintiff's argument that Mr. Peters is not entitled to absolute immunity because he left the Clark County Prosecutor's Office years before the 1996 hearing has no merit. If, as plaintiff suggests, Mr. Peters was not acting as a prosecutor in 1996, he was under no obligation pursuant to *Brady* or *Bagley* to turn over exculpatory or impeachment evidence in his possession. He had no such evidence in his possession in 1996. He was not in possession of the prosecutor's file in 1996 and was not under a duty to search the file to determine whether all exculpatory and impeachment evidence had been disclosed prior to the 1985 guilty plea as this was beyond the scope of his limited testimony in the habeas corpus proceeding. Mr. Peters reviewed the prosecutor's file in preparation for his 1996 deposition. The sole purpose was to determine whether it contained Kathryn's medical report and nothing else. Dkt. 136 at 6-7. The file contained no reference to the December 11, 1984 interview because Mr. Peters took no notes during the interview that would have been in the file (Dkt. 138-8 at 267-68) and, as is now known, the videotape was not in the possession of the prosecutor in 1996 but remained in the possession of Detective Krause until 2009. Dkt. 138-7 at 234, 239-42. Not surprisingly, when asked in his 1996 deposition the day following his pre-deposition file review whether he had ever interviewed Kathryn, Mr. Peters testified truthfully that he recalled interviewing her in Sacramento with defense counsel as part of trial preparation. Dkt. 177-6 at 2; Dkt. 73-1 at 26; Dkt. 138-8 at 259-61. In his testimony, Mr. Peters did not deny interviewing Kathryn in December 1984. He did not mention the interview or the videotape because, understandably with the passage of 12 years and lack of reference to the

REPLY MEMORANDUM OF DEFENDANT PETERS
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

interview in the prosecutor's file to refresh his memory, he simply had not remembered the 1984 interview when he responded to the question asked in 1996 of whether he had ever interviewed Kathryn. Dkt. 136 at 6-7; Dkt. 138-8 at 259-61.

To suggest that the failure to mention a witness interview that occurred more than 12 years earlier constituted a violation of Mr. Spencer's constitutional rights in the 1996 habeas proceeding and was part of an on-going conspiracy to continue his imprisonment knowing he is innocent, a claim rejected by this court, is pure speculation. Denial of absolute immunity is contrary to the very purpose announced by the United States Supreme Court for granting absolute, not qualified, immunity to prosecutors for actions arising from their prosecutorial duties. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court noted that a prosecutor's failure to disclose material evidence and other similar actions that often become the subject of claims of violation of due process in post-trial proceedings years after they occurred should not give rise to damages in a later civil rights lawsuit. "Defending these decisions, often years after they were made, could impose unique an intolerable burdens upon [an honest] prosecutor responsible annually for hundreds of indictments and trials." These public policy considerations, the Court held, support the granting of absolute, not qualified, immunity for such actions. *Id.* at 425-26.

The December 11, 1984 interview and the failure to disclose the videotape took place during the prosecution of Mr. Spencer in 1984-85 when Mr. Peters knew of the interview. He is entitled to absolute immunity for his inadvertent failure to mention the videotape in his 1996 testimony, even assuming the 1984 interview was exculpatory or impeachment evidence material to the 1996 hearing, which it was not. A former prosecutor remains absolutely

REPLY MEMORANDUM OF
DEFENDANT PETERS
NO. C11-5424BHS

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

immune from civil damages for failure to divulge exculpatory evidence obtained while prosecuting the case, even if he continues to withhold it in post-conviction proceedings. "Absolute immunity is not forfeited because the prosecutors continued to withhold the exculpatory evidence long after [the defendant's] conviction." *Kitchen v. Burge*, 781 F. Supp. 721, 730 (N.D. Ill. 2011). The court in *Kitchen* held that absolute immunity remains because the exculpatory information "was obtained while [defendants] were prosecutors, even after they are no longer prosecutors." *Id.* at 731. This is consistent with the holding of the Supreme Court in *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). In *Van de Kamp*, the Supreme Court held that former prosecutors who suppressed material evidence were absolutely immune because the failure to disclose occurred during the prosecution of the case.

The cases cited by plaintiff are easily distinguished by the fact that the prosecutorial misconduct in those cases occurred as part of investigations conducted by prosecutors during the post-conviction proceedings. *Houston v. Partee*, 978 F.2d 362 (7th Cir. 1992) (no absolute immunity for exculpatory information discovered <u>after</u> conviction and the prosecutor's deliberate failure to disclose during post-conviction proceeding); *Yarris v. County of Delaware*, 465 F.3d 129 (3rd Cir. 2006) (no immunity for prosecutor's deliberate destruction of exculpatory evidence after conviction); *Spulock v. Thompson*, 330 F.3d 791 (2004) (no immunity for prosecutor's coercion of witnesses after trial completed). In the present case, the failure to disclose the videotape took place during Mr. Peters' prosecution of Mr. Spencer in 1984 and 1985, making him entitled to absolute immunity. *E.g, Broan v. Bogan*, 320 F.3d 1023 (9th Cir. 2003). *See also Kitchen v. Burge*, supra (distinguishing *Houston v. Partee*, supra).

REPLY MEMORANDUM OF
DEFENDANT PETERS
NO. C11-5424BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Even if Mr. Peters was acting solely as a witness in the 1996 proceeding, he is entitled to absolute immunity as a witness for any alleged misstatements made during the hearing. Absolute immunity applies even if misstatements were material to the issues in the proceeding. *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (prosecutor who allegedly gave perjured testimony entitled to absolute immunity). Whether as a witness or a prosecutor, Mr. Peters is entitled to absolute immunity. Even assuming that the 1984 videotape was exculpatory, which it was not, the burden is upon plaintiff to meet the objective standard that the withheld evidence was "material." This requires a conclusion that but for the failure to disclose the *Brady* material, he would have refused to plead guilty and would have gone to trial. *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995). It belies all common sense to suggest that Mr. Spencer, who pleaded guilty to eleven counts of child abuse in May 1985, only two of which concerned abuse of Kathryn, would have refused to plead guilty to charges he abused her, his son, and his stepson had he known about the videotape which recorded evidence which, in the words of this court, was "cumulative of and consistent with what [Detective] Krause and Shirley had already reported." Dkt. 174 at 10. The failure of a state officer to preserve potentially exculpatory evidence violates due process only if the state officer acts in bad faith, as opposed to negligently or inadvertently. *Arizona v. Youngblood*, 488 U.S. 51 (1988). Even if exculpatory, the videotape was not material within the meaning of *Sanchez*. If the videotape was merely impeachment evidence, *United States v. Ruiz*, 536 U.S. 622 (2002) is controlling, and Mr. Peters did not violate Mr. Spencer's constitutional rights by failing to disclose all possible material evidence prior to entry of the guilty pleas. Therefore, he is also entitled to qualified immunity for the non-disclosure.

REPLY MEMORANDUM OF
DEFENDANT PETERS
NO. C11-5424BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

DATED this 5 day of July, 2013.

ROBERT W. FERGUSON
Attorney General

/s/ Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorneys General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General of Washington
PO Box 40126
Olympia, WA 98504-0126
Tel: (360) 586-6300
Fax: (360) 586-6655
E-Mail: patriciaf1@atg.wa.gov
Attorneys for Defendant James Peters

REPLY MEMORANDUM OF
DEFENDANT PETERS
NO. C11-5424BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____ day of July, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Plaintiffs' attorneys:

        dandavies@dwt.com
        kathleen.zellner@gmail.com
        dhjohnson43@aol.com

AND TO

Attorney for Co-Defendants Krause, Clark Co. Sheriff's Office, Clark Co. Prosecutor's Office:

        Bernard.veljacic@clark.wa.gov
        gbogdanovich@lldkb.com
        jefff@fjtlaw.com

Attorney for Co-Defendant Spencer:

        dunnwh@pacifier.com
        western@wscd.com

By: s/Patricia C. Fetterly
PATRICIA C. FETTERLY, WSBA No. 8425
Assistant Attorney General
DANIEL J. JUDGE, WSBA No. 17392
Senior Counsel
Attorney General's Office
P.O. Box 40126
Olympia, WA 98504-0116
Telephone: (360) 586-6300
Fax: (360) 586-6655
E-mail: PatriciaF1@atg.wa.gov
Attorneys for Defendant James Peters

REPLY MEMORANDUM OF DEFENDANT PETERS NO. C11-5424BHS   7   ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300