UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

            Plaintiff,

v.

JAMES M. PETERS, et al.,

            Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING SUMMARY JUDGMENT

This matter comes before the Court on its order granting in part Defendant James M. Peters's ("Peters") renewed motion for summary judgment (Dkt. 135) and requesting additional briefing on the issues of absolute and qualified immunity for failure to disclose the videotaped interview of Kathryn Spencer ("Kathryn"). Dkt. 174. The Court has granted Peters's summary judgment and dismissed with prejudice all claims against him, with exception of one on which the Court reserved ruling: whether absolute or qualified immunity applied to Peters's failure to disclose the alleged exculpatory videotaped interview of Kathryn Spencer ("Kathryn"). The Court has considered the additional briefing and the remainder of the file. For the reasons stated herein, the Court hereby

ORDER - 1

finds Peters is entitled to absolute immunity and thus grants in its entirety Peters's motion for summary judgment.

## I. PROCEDURAL & FACTUAL BACKGROUND

The procedural and factual background of this case has been presented in numerous pleadings, including the Court's prior order granting in part Peters's motion for summary judgment. Dkt. 174. For a more complete procedural and factual background relevant to Peters, please review the Court's prior order. *Id*.

**A.  Legal Standard for Absolute Immunity**

Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts. *Lacey v. Maricopa County*, 693 F. 3d 896, 912 (9th Cir. 2012). Without the promise of immunity from suit, a prosecutor would be distracted from his duties and timid in pursuing prosecutions rather than exercising the independent judgment and discretion that his office requires. *See id*. Moreover, "the judicial process is available as a check on prosecutorial actions," and it reduces the need for private suits for damages to keep prosecutors in line. *Burns v. Reed*, 500 U.S. 478, 492 (1991).

At the same time, absolute immunity is an extreme remedy, and it is justified only where "any lesser degree of immunity could impair the judicial process itself." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (quoting *Malley v. Briggs*, 475 U.S. 335, 342 (1986)). Immunity attaches to "the nature of the function performed, not the identity of the actor who performed it." *Id*. (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)) (internal

quotation marks omitted). The prosecutor thus "bears the burden of showing that ... immunity is justified for the function in question." *Burns*, 500 U.S. at 486.

Determining what functions are prosecutorial is an inexact science. The functions are those "intimately associated with the judicial phase of the criminal process," in which the prosecutor is acting as "an officer of the court." *Van de Kamp v. Goldstien*, 555 U.S. 335, 342 (2009) (*quoting Imbler v. Pechman*, 424 U.S. at 430–31 (1976)). Absolute immunity also protects those functions in which the prosecutor acts as an "advocate for the State," even if they "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Burns*, 500 U.S. at 486 (*quoting Imbler*, 424 U.S. at 431 n. 33). These actions need not relate to a particular trial and may even be administrative in nature, yet are connected to the trial process and "necessarily require legal knowledge and the exercise of related discretion." *Van de Kamp*, 555 U.S. at 344.

Functions for which absolute prosecutorial immunity have been granted include actions such as the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutors are not necessarily immune from actions taken outside of this process, including those normally performed by a detective or police officer, like gathering evidence, *see id.*, and those separate from the process, like providing legal advice to the police. *See Burns*, 500 U.S. at 495–96. It has long been the law of this circuit that a decision whether to prosecute or not prosecute is entitled to absolute immunity. *Slater v.*

*Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted). This is so because the decision whether to prosecute "involve[s] a balancing of myriad factors, including culpability, prosecutorial resources and public interests." *Id*.

**B.  Court's Prior Order: Interview of Kathryn & Disclosure of Videotape**

In the Court's prior order, it determined that Peters was entitled to absolute immunity for the interview of Kathryn because it found there was no genuine issue of material fact that he was performing the interview in his capacity as a prosecutor and thus he was a performing a prosecutorial function. Dkt. 174 at 30. Specifically, the Court stated:

> Although Mr. Spencer maintains that Peters's interview of Kathryn was a non-prosecutorial function, done for the purposes of investigation, Mr. Spencer has not presented sufficient evidence to demonstrate a genuine issue of material fact that it was a non-prosecutorial function. Dkt. 167 at 14. The only concrete, specific evidence in the record is the testimony of Peters and Curtis indicating that Peters's interview was performed in his capacity as deputy prosecutor for the purposes of evaluating Kathryn's competency and was completed at the direction of or in cooperation with Curtis, in order to assist in the determination of whether or not to file charges against Mr. Spencer at a time when probable cause already existed. Dkts. 138-6 at 4, 6 and 8, 138-4 at 17, 138-5 at 3-4, & 168-11 at 11. Thus, Peters is absolutely immune for his conduct related to his December 11, 1984 interview with Kathryn.

Dkt. 174 at 30.

As to the issue of whether Peter is entitled to absolute or qualified immunity for failing to disclose the videotaped interview, the Court stated:

> [A]lthough it appears that Peters is entitled to either absolute or qualified immunity for failure to disclose the videotape, the Court finds the briefing on these issues needs to be more thorough, especially with regard to citation to relevant case law. Therefore, based on the determinations made in this order, the Court requests additional briefing on the issues of whether

ORDER - 4

    absolute or qualified immunity applies to Peters's failure to disclose the videotaped interview of Kathyrn, assuming the videotape could be viewed both as exculpatory and as impeachment evidence.

Dkt. 174 at 34. Thus, the briefing requested by the Court from the parties was solely confined to "whether absolute or qualified immunity applies to Peters's failure to disclose the videotaped interview of Kathyrn." *Id.* Despite the Court's order, in his response, Spencer attempts to re-argue portions of his response opposing Peters's summary judgment motion regarding claims which this Court has already rejected, e.g. that Peters was acting in an investigative capacity when he interviewed Kathryn; that probable cause did not exist; that he fabricated evidence; that Peters knew or should have known that Spencer was innocent. *See, e.g.,* Dkt. 176 at 1-2. For the purpose of arriving at a final determination regarding Peters's motion for summary judgment, the Court restricted the additional briefing to addressing whether or not absolute immunity applied to the one remaining claim, as the Court dismissed all other claims with prejudice. Thus, the Court will consider arguments made only with regard to the aforementioned immunity issues which do not challenge the dismissed claims. If Spencer wishes to challenge the orders of this Court, his counsel is aware of the procedural avenues available to do so.

**C.     Absolute Immunity & Disclosure of the Videotape**

    Peters argues that he is entitled to absolute immunity whether or not the videotape of Kathryn is exculpatory or impeachment evidence. As Peters correctly observes, Supreme Court precedent makes it clear that:

> It is well established that a prosecutor enjoys absolute immunity from liability in a lawsuit seeking damages for violation of substantive due process when the prosecutor is acting within the scope of his or her

> prosecutorial duties. This is true even if the acts of the prosecutor are a willful or even malicious violation of the constitutional rights of the accused. *Imbler v. Pachtman*, 424 U.S. 409 (1976). There is no distinction when the acts of the prosecutor are willful and malicious or inadvertent. All acts of the prosecutor acting within the scope of prosecutorial duties are subject to absolute immunity. *Imbler*, 424 U.S. at 431 ftn 34.

Dkt. 175 at 6.

Despite citing cases in the process of re-arguing issues that the Court has already rejected, Spencer fails to cite relevant case law to demonstrate that this Court should find contrary to *Imbler* and conclude that Peters, while acting his prosecutorial capacity in interviewing Kathryn, should not be entitled to absolute immunity for failure to disclose the tape of that interview.

However, Spencer does argue that Peters is not entitled to absolute immunity because during Spencer's 1996 habeas proceeding, when Peters was no longer a prosecutor, he failed to disclose the videotape interview. *See* Dkt. 176 at 6 -8. Spencer effectively maintains that once Peters was no longer a prosecutor, the protections of absolute immunity for prosecutorial functions performed while he was acting as a prosecutor no longer survive. *See id.* In support of Spencer's position, he cites a number of cases from outside the Ninth Circuit. *See id.* (with citations to cases from the Third, Fourth, Sixth, and Tenth Circuits).

The Court agrees with Peters that he is entitled to absolute immunity for failure to disclose the videotaped interview of Kathryn under *Imbler* as well as *Broam v. Brogan,* 320 F.3d 1023 (9th Cir. 2003). The Ninth Circuit in *Broam* reiterates the principles that:

> A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process

ORDER - 6

1       under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215
      (1963).  It is, nonetheless, an exercise of the prosecutorial function and
2       entitles the prosecutor to absolute immunity from a civil suit for damages.

3 *Broam*, 320 F.3d 1030.  As Peters essentially argues, even if the tape were material

4 evidence, which he maintains it is not, to rule that Peters's failure to disclose the tape

5 would eviscerate entitlement to absolute immunity and would be contrary to to the policy

6 that undergirds absolute immunity as set out in *Imber*, where the Supreme Court

7 explained, in part, why prosecutors should be entitled to absolute rather than qualified

8 immunity in the context of § 1983 actions.  *See* Dkt. 178 at 3-4.  In part, the Supreme

9 Court indicated that a prosecutor's failure to disclose material evidence and other similar

10 actions often becomes the subject of claim for due process violations in post-trial

11 proceedings years after the actions occurred and those allegations should not give rise to

12 damages against prosecutors in civil rights suits for multiple reasons.  *See Imber,* 424

13 U.S. at 424-428.  According to *Imbler*, although absolute immunity "to be sure" "does

14 leave the genuinely wronged defendant without redress" (*Id.* at 427), applying only

15 qualified immunity to prosecutors is unacceptable because doing so, in part, would

16 "undermine performance of [a prosecutor's] duties" and the "public's trust of the

17 prosecutor's office would suffer." *Id.* at 424-425.  Additionally, "[d]efending these

18 decisions, often years after they were made, could impose unique and intolerable burdens

19 upon a prosecutor responsible annually for hundreds of indictments and trials." *Id.* at 25-

20 26.

21       As the Court has already determined, Peters was acting in his prosecutorial

22 capacity when he interviewed Kathryn. *See supra.*  In the absence of any cited binding

authority which requires a determination contrary to *Imbler*, that the videotape of the interview was not disclosed by Peters pre or post-conviction, does not foreclose his entitlement to absolute immunity.

## II. ORDER

Therefore, it is hereby **ORDERED** that Peters's motion for summary judgment (Dkt. 135) is **GRANTED.**

Dated this 29th day of July, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge