1

2

3

4

5

6

7                                                          **THE HONORABLE BENJAMIN H. SETTLE**

8                                **UNITED STATES DISTRICT COURT**
                                **WESTERN DISTRICT OF WASHINGTON**
9                                            **AT TACOMA**

10   CLYDE RAY SPENCER,                                │
                                                       │   **NO.   C11 5424 BHS**
                                   Plaintiff,          │
11                                                     │
                                                       │
12   v.                                                │   **DEFENDANT SHARON KRAUSE'S**
                                                       │   **MOTION FOR RECONSIDERATION**
     JAMES M. PETERS, et al.,                          │   **OF SUMMARY JUDGMENT ORDER**
13                                                     │
                                                       │
                                   Defendants.         │   **NOTE ON MOTION CALENDAR:**
14                                                     │   **Wednesday, September 4, 2013**

15          Defendant Sharon Krause hereby moves pursuant to LCR 7(h)(2) for reconsideration of the

16   following matters addressed in this Court's Order Granting in Part and Denying in Part Krause's

17   Motion for Summary Judgment  (Dkt. 180 - hereafter "Krause Summary Judgment Order").

18   **1.      Specific matters overlooked or misapprehended by the Court.**

19          A.      Ms. Krause owed no duty to disclose the videotaped interview of Kathryn.

20          The Krause Summary Judgment Order denies qualified immunity against the claim that Ms.

21   Krause is liable for failing to disclose Jim Peters' videotaped interview of Kathryn because " . . .

22   there is a genuine issue of material fact as to (1) whether Krause failed to disclose the videotaped

23   interview of Kathryn Spencer, as that item could reasonably be construed as exculpatory evidence,

24   even if cumulative of evidence already disclosed . . . ."  This ruling overlooks the law cited by Ms.

25   Krause in regard to liability for alleged violations of *Brady v. Maryland*.  A police officer's duty with

26   regard to exculpatory evidence is to disclose to the prosecutor.  *Tennison v. City and County of San*

DEFENDANT SHARON KRAUSE'S MOTION                        *LAW, LYMAN, DANIEL,*
FOR RECONSIDERATION OF SUMMARY                          *KAMERRER & BOGDANOVICH, P.S.*
JUDGMENT ORDER - 1                                      *ATTORNEYS AT LAW*
                                                        *2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
                                                        *PO BOX 11880, OLYMPIA, WA 98508-1880*
                                                        *(360) 754-3480   FAX: (360) 357-3511*

Cause No: C11-5424 BHS

1 *Fransisco,* 570 F.3d 1078, 1087 (9th Cir. 2009) and cases cited therein.  It is undisputed that the

2 prosecutor, former defendant Jim Peters, knew about the videotaped interview, since he conducted

3 the interview.  Not surprisingly, all of the cases cited at page 22, f.n. 8 of Plaintiff's Redrafted

4 Response to Defendant Krause's Second Motion for Summary Judgment (Dkt. 166) address the

5 duties of prosecutors, not law enforcement officers.  Consequently, plaintiff failed to cite any case

6 law which would have put a reasonable detective acting as Ms. Krause did on clear notice in 1984-85

7 that her failure to notify plaintiff's criminal defense attorney of the existence of the videotaped

8 interview by the prosecutor would be a violation of plaintiff's rights under *Brady.*

9         In addition, it is incongruous to dismiss the same *Brady* claim against the prosecutor who

10 conducted the videotaped interview but not dismiss it against Ms. Krause.  In the Order Granting

11 Summary Judgment to former defendant Peters (Dkt. 179), this Court explained as follows:

12        In the Court's prior order, it determined that Peters was entitled to absolute immunity for the
        interview of Kathryn because it found there was no genuine issue of material fact that he was
13        performing the interview in his capacity as a prosecutor and thus he was a (sic) performing
        a prosecutorial function. Dkt. 174 at 30.  Specifically, the Court stated:
14

15        Although Mr. Spencer maintains that Peters's interview of Kathryn was a non-
        prosecutorial function, done for the purposed of investigation, Mr. Spencer has not
16        presented sufficient evidence to demonstrate a genuine issue of material fact that it
        was a non-prosecutorial function. Dkt. 167 at 14.  The only concrete, specific
17        evidence in the record is the testimony of Peters and Curtis indicating that Peters's
        interview was performed in his capacity as deputy prosecutor for the purposes of
18        evaluating Kathryn's competency and was completed at the direction of or in
        cooperation with Curtis, in order to assist in the determination of whether or not to
19        file charges against Mr. Spencer at a time when probable cause already existed.
        Dkts. 138-6 at 4, 6 and 8, 138-4 at 17, 138-5 at 3-4, & 168-11 at 11.  Thus, Peters is
20        absolutely immune for his conduct related to his December 11, 1984 interview with
        Kathryn.

21        Dkt. 174 at 30.

22 Dkt. 179 at 4, lines 5-17.  This Court then ruled that Peters is also entitled to absolute prosecutorial

23 immunity for his failure to disclose the tape of the interview, explaining in part as follows:

24        . . . Spencer fails to cite relevant case law to demonstrate that this Court should find contrary
        to *Imbler* and conclude that Peters, while acting his (sic) prosecutorial capacity in
25        interviewing Kathryn, should not be entitled to absolute immunity for failure to disclose the
        tape of that interview.
26

DEFENDANT SHARON KRAUSE'S MOTION
FOR RECONSIDERATION OF SUMMARY
JUDGMENT ORDER - 2

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1  Dkt. 179 at 6, lines 6-9.

2      It is inconsistent to determine that the videotaped interview of Kathryn was done by Jim

3  Peters purely as part of his prosecutorial function, and that his failure to disclose the videotape's

4  existence to plaintiff's criminal defense counsel was also part of his prosecutorial function, but

5  determine that the detective in whose office the interview was videotaped is subject to *Brady* liability

6  for failing to intercede in the prosecutor's case and disclose the videotape herself.  As noted above,

7  there is no case law even currently, and certainly was none in 1984-85, which imposed such a duty

8  beyond debate upon a detective in Ms. Krause's position.  This same failure to cite relevant case law

9  prompted this Court to correctly dismiss the claim against Ms. Krause based upon her alleged failure

10 to disclose the Rebecca Roe report, ruling in relevant part as follows:

11          It is undisputed that the Prosecutor's Office possessed Roe's report. . . .  Additionally,
           despite the fact that Krause was aware of Roe's report, Mr. Spencer provides no evidence or
12         case law to support that the failure to disclose Roe's report in anyway creates § 1983 liability
           for Krause, even assuming Roe's report was exculpatory and admissible evidence.
13

14 Krause Summary Judgment Order, at 32, lines 8-13.  The same result should follow with regard to

15 the claim against Ms. Krause for failure to disclose the prosecutor's videotaped interview of Kathryn.

16     B.     Plaintiff is collaterally estopped from relitigating materiality of medical reports.

17     Dismissal of the claims based upon the Roe report and the videotaped interview of Kathryn

18 leaves only the two claims based upon medical reports regarding Kathryn and Matthew Hansen.

19 Based upon the legal conclusions in this Court's previous Orders on the initial summary judgment

20 motions by defendants Krause and Davidson, plaintiff is estopped from relitigating the materiality

21 of these two medical reports.  Dkt. 91 at 25-28; Dkt. 93 at 12-13.  The prior litigation resulting in

22 rulings that disclosure of these reports would not have caused plaintiff to go to trial rather than plead

23 guilty renders any factual issues about who else knew about them and when, immaterial.  This is

24 precisely what this Court concluded in its Order on defendant Peters' renewed motion for summary

25 judgment:

26          [A]s the Court concluded in its order on Davidson and Krause's motions for
           summary judgment, Mr. Spencer is collaterally estopped from relitigating the issues

DEFENDANT SHARON KRAUSE'S MOTION
FOR RECONSIDERATION OF SUMMARY
JUDGMENT ORDER - 3

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1        of whether the state unconstitutionally withheld Kathryn's medical report prior to his
plea and whether Hansen's report, combined with Kathryn's medical report, would
2        have caused Spencer to go to trial rather than plead guilty in violation of *Brady*.
Dkts. 91 at 26-27 and 93 at 12-13. . . .
3

4        Dkt. 97 at 9.  Nothing in Mr. Spencer's responsive briefing alters the Court's prior
conclusion.  Although in a footnote the Court's previous order indicated that the preclusive
5        impact of prior judgments should be carefully examined because factual issues such as when
and how Hansen's medical report came to the Clark County Sheriff's Office had not
6        necessarily been litigated and may be relevant to Mr. Spencer's claims (*see* Dkt. 97 at 10, n.
2) [and Dkt. 91 at 26, n. 2], discovery on such factual issues would not alter the Court's legal
7        conclusion that Mr. Spencer is collaterally estopped from relitigating these issues.

8  Order Granting in Part Summary Judgment to defendant Peters (Dkt. 174) at 32, line 20 - 33, line

9  9.

10        C.      <u>There is no evidence or reasonable inference of falsification of Matthew Hansen's interview reports.</u>

11        The Krause Summary Judgment Order, at 30, acknowledges that Matthew Hansen has not

12  recanted his allegations that plaintiff sexually abused him, and notes that there is no deposition or

13  other testimony from Hansen accusing Ms. Krause of fabricating information he supplied to her as

14  stated in her reports.  Yet based upon Kathryn and Matt Spencer's relatively recent recantations of

15  abuse which Matthew Hansen said in his interview he witnessed, and a determination that genuine

16  issues of material fact exist as to whether Ms. Krause fabricated Kathryn and Matt Spencer's

17  allegations of abuse, the Krause Summary Judgment Order finds a genuine issue of material fact

18  defeating Ms. Krause's qualified immunity defense regarding whether Ms. Krause fabricated

19  Matthew Hansen's allegations in her interview report.

20        In reaching this determination, this Court overlooked the undisputed 2012 Declaration of

21  Matthew Hansen (Dkt. 54) in which, as an adult, Matthew Hansen not only did not accuse Ms.

22  Krause of falsifying her reports about what he told her, he affirmatively states that the details

23  regarding the sexual abuse he suffered as related to the criminal trial judge by the prosecutor from

24  Ms. Krause's interview as documented in Exhibits A and B to his Declaration are "true and correct

25  statements" of what plaintiff did to him as a youth. Dkt. 54 at 2, and Exhibits A and B.  The fact that

26  Ms. Krause reports that Matthew Hansen told her he saw plaintiff sexually abuse Kathryn and

DEFENDANT SHARON KRAUSE'S MOTION
FOR RECONSIDERATION OF SUMMARY
JUDGMENT ORDER - 4

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

Cause No: C11-5424 BHS

1   Matthew Spencer does not give rise to a reasonable inference that she fabricated these parts of

2   Matthew Hansen's interview reports.   Kathryn and Matthew Spencer were not present when

3   Matthew Hansen was interviewed by Ms. Krause, and their relatively recent recantations have no

4   bearing on whether Ms. Krause fabricated any of the statements attributed to Matthew Hansen in her

5   interview report.   Because there is no evidence or reasonable inference that Ms. Krause falsified

6   statements she attributed to Matthew Hansen regarding abuse by plaintiff, Ms. Krause is entitled to

7   dismissal of this claim.

8   **2.      Particular modifications being sought in the Krause Summary Judgment Order.**

9           Based upon the foregoing, defendant Sharon Krause seeks modification of the Krause

10  Summary Judgment Order so that the portion granting Ms. Krause's second motion for summary

11  judgment includes the claim that she fabricated Matthew Hansen's allegations of abuse by plaintiff

12  and the claim for failure to disclose the Peters videotaped interview of Kathryn based upon qualified

13  immunity, and failure to disclose the medical reports regarding Kathryn and Matthew Hansen based

14  upon collateral estoppel, and that these claims are also dismissed with prejudice.   The remainder of

15  the claims as to which the motion would be denied would leave plaintiff's claim that Ms. Krause

16  fabricated evidence by falsely reporting what Kathryn and Matthew Spencer said during interviews,

17  and the claim that she conspired with defendant Davidson for the purpose of framing and

18  imprisoning plaintiff, for trial.

19          DATED this 4th day of September, 2013.

20

21                                              */s/ Guy Bogdanovich*
                                                Guy Bogdanovich, WSBA № 14777
                                                Attorney for Defendant Sharon Krause
22                                              P.O. Box 11880
                                                Olympia, WA 98508-1880
23                                              PH:  (360) 754-3480; Fax:  (360) 357-3511
                                                email:  gbogdanovich@lldkb.com
24

25

26

DEFENDANT SHARON KRAUSE'S MOTION
FOR RECONSIDERATION OF SUMMARY
JUDGMENT ORDER - 5

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

Cause No: C11-5424 BHS