UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

          Plaintiff,

    v.

JAMES M. PETERS, et al.,

          Defendants.

CASE NO. C11-5424 BHS

ORDER DENYING IN PART MOTION FOR PARTIAL RECONSIDERATION, REQUESTING ADDITIONAL BRIEFING, AND RENOTING MOTION

    This matter comes before the Court on Defendant Sharon Krause's ("Krause") motion for partial reconsideration (Dkt. 181). The Court has considered the pleadings filed in support of the motion and the remainder of the file, and hereby denies the motion in part, requests additional briefing, and renotes the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On January 16, 2013, Krause filed a motion for summary judgment. Dkt. 139. On March 21, 2013, Spencer filed a response in opposition to Krause's motion. Dkt. 166. On April 12, 2013, Krause filed a reply brief. Dkt. 171. On August 21, 2013, the Court issued an order granting in part and denying in part Krause's motion for summary judgment. Dkt. 180. On September 9, 2013, Krause filed the instant motion for partial reconsideration of the Court's order on her motion for summary judgment. Dkt. 181.

ORDER - 1

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

Krause asks that the Court reconsider three of its rulings: (1) that Krause can have 42 U.S.C. § 1983 ("section 1983") liability for failure to disclose the videotaped interview of Kathryn Spencer ("Kathryn"), when her duty was to disclose it to the prosecution; (2) that she has any section 1983 liability for failure to disclose the medical reports; and (3) that there is a reasonable inference Krause fabricated Matthew Hansen's ("Hansen") allegations of abuse.

**A.  Duty to Disclose Interview Tape & Roe's Report**

As to the first issue, based on this Court's review of *Tennison v. City of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2009), and the cases cited therein, the Court finds that Krause's argument may indeed have merit. She maintains that her duty was to the disclose evidence to the prosecutor, and it is the prosecutor's duty to disclose to the defense. Dkt. 181 at 1-2. If this is correct under the law, as it appears to be, then Krause is entitled to dismissal of the claims involving evidence disclosed to the prosecutor.

**B.      Collateral Estoppel as to the Medical Reports**

With respect to Krause's argument that she has no section 1983 liability for failure to disclose the medical reports, the Court also finds that it may have merit. Krause is correct in some of her observations regarding the Court's prior orders about collateral estoppel and its application to Kathryn and Hansen's medical reports.  Specifically, Krause quotes the following rulings from the Court's prior order on former Defendant James Peters's second motion for summary judgment, referencing its rulings on Defendants Michael Davidson and Krause's initial motions for summary judgment:

> [A]s the Court concluded in its order on Davidson and Krause's motions for summary judgment, Mr. Spencer is collaterally estopped from relitigating the issues of whether the state unconstitutionally withheld Kathryn's medical report prior to his plea and whether Hansen's report, combined with Kathryn's medical report, would have caused Spencer to go to trial rather than plead guilty in violation of *Brady*. Dkts. 91 at 26-27 and 93 at 12-13.
>
> Dkt. 97 at 9. Nothing in Mr. Spencer's responsive briefing alters the Court's prior conclusion. Although in a footnote the Court's previous order indicated that the preclusive impact of prior judgments should be carefully examined because factual issues such as when and how Hansen's medical report came to the Clark County Sheriff's Office had not necessarily been litigated and may be relevant to Mr. Spencer's claims (*see* Dkt. 97 at 10, n.2) [and Dkt. 91 at 26, n. 2], discovery on such factual issues would not alter the Court's legal conclusion that Mr. Spencer is collaterally estopped from relitigating these issues.

Dkt. 181 (*citing* Dkt. 174 at 32–33). Thus, although the Court mentioned that the preclusive impact of prior judgments should be carefully considered because "factual issues such as when and how Hansen's" report arrived at the Sheriff's Office "may be relevant to Spencer's other claims," the Court did not mean that the "materiality" of the reports could be relitigated.  *See supra*.  In Krause's order, it appears that the Court erred

in ruling that Krause should not be granted qualified immunity for her failure to disclose the medical reports. That ruling appears not to follow from the Court's prior rulings that Spencer is collaterally estopped from litigating the materiality of the reports. Krause cannot have section 1983 liability for failure to disclose *Brady* material when it has already been determined that certain undisclosed items at issue are not *Brady* material.

Nonetheless, even if the Court grants Krause's motion for reconsideration on this issue, Spencer is not necessarily precluded from introducing evidence at trial that Krause's awareness of the reports is relevant to Spencer's other section 1983 claims, assuming the reports are otherwise admissible. The introduction or admissibility of such evidence at trial, however, is not presently at issue.

**C.   Fabrication of Hansen's Interview Reports**

With regard to whether a genuine issue of material fact exists as to Krause's fabrication of Hansen's abuse allegations against Spencer, the Court found:

> Unlike Kathryn or Matthew [Spencer], Hansen has not recanted his allegations of sexual abuse. Nor is there any deposition or other testimony from Hansen accusing Krause of fabricating the information he supplied to Krause about his father sexually abusing him.
> However, given that (1) Kathryn and Matthew have recanted the abuse allegations, even though Krause's report alleges that Hansen, at age four, stated that he witnessed Mr. Spencer abusing Kathryn and Matthew, and (2) there are genuine issues of material fact regarding whether Krause fabricated Kathryn and Matthew's allegations of abuse, there is also a genuine issue of material fact regarding whether Krause fabricated Hansen's allegations. *See, e.*g., Dkt. 168-12 at 17-25. Thus, Krause is not entitled to qualified immunity.

Dkt. 180 at 30–31 (footnote omitted).

Krause argues that the Court overlooked Hansen's March 6, 2012 declaration, in

which Hansen affirms that as a child he was abused by Spencer and told Krause as much. Dkt. 181 at 4.  Defendants essentially maintain that had the Court considered that evidence, it would have found that Kathryn and Matthew's recantations and the material issues of fact regarding whether Krause fabricated their statements have no logical bearing on whether Krause fabricated Hansen's interview reports. *Id*. at 4-5.  Defendants specifically argue that Kathryn and Matthew's recantations are irrelevant to whether Krause fabricated Hansen's statements. *Id*. at 5.  Additionally, Spencer argues "[t]he fact that Ms. Krause reports that Matthew Hansen told her he saw plaintiff sexually abuse Kathryn and Matthew Spencer does not give rise to a reasonable inference that she fabricated these parts of Matthew Hansen's interview reports." *Id*. at 4-5.

Although this could be considered a close call, the Court ultimately finds that a genuine issue of material fact exists as to whether Krause fabricated some or all of Hansen's statements regarding the alleged abuse. The fact that Hansen submitted a sworn declaration indicating that, at age five, consistent with his 2009 testimony, he told Krause that he had been abused in the bath tub at home and at the Salmon Creek Motel (Dkts. 54 and 54-1), does not alone warrant dismissal of the claims, when that evidence is viewed in light of other evidence in the record.  Rather, the trustworthiness of Hansen's declaration, when considered in combination with the recantations made by Kathryn and Matthew, as well as the Court's finding that there is a genuine issue of material fact as to whether Krause fabricated their statements, becomes a matter for the jury.  In other words, whether Hansen's memory of what occurred as a four-year-old and what he reported to Krause as a five-year-old involves a question of reliability for the jury to

1 consider, as there is some evidence that two other children of similar age and proximity
2 to Spencer, allege fabrication of their statements regarding abuse. Thus, on this issue the
3 Court finds that Krause's motion lacks merit.

**D.     Additional Briefing**

As the Court has indicated above, it finds that two of the three arguments Krause presents in her motion for partial reconsideration may have merit. Because the Court is considering granting Krause's motion for partial reconsideration on those issues, Spencer may respond to them.

## III. ORDER

Therefore, it is hereby **ORDERED** Krause's motion for partial reconsideration is **DENIED** as to whether there is a genuine issue of material fact that Krause fabricated the interview statements of Hansen, and the Court **RESERVES** ruling on the remaining issues until after the parties submit additional briefing on those issues. Spencer may file a responsive brief not to exceed seven pages regarding only the issues set forth above. The brief is due by September 20, 2013. Krause may file a reply brief not to exceed four pages by September 27, 2013. The motion for reconsideration is renoted to September 27, 2013.

Dated this 17th day of September, 2013.

BENJAMIN H. SETTLE
United States District Judge