Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES M. PETERS, et al.,<br><br>　　　　　Defendants. | No. C11-5424BHS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT KRAUSE'S MOTION FOR RECONSIDERATION<br><br>NOTED ON MOTION CALENDAR:<br>Friday, September 27, 2013 |

In *Moldovan v. City of Warren*, 578 F.3d 351, 377-78, 381 (6th Cir. 2009), the Court held that because police officers play an integral role in ensuring that the state complies with *Brady,* a police officer can be held liable for suppressing exculpatory information. Krause seeks to avoid her *Brady* obligation by claiming she disclosed evidence to prosecutor Peters and it was then his duty to disclose the evidence to the defense.

**Undisputed Facts**

Krause admitted that when the Clark County Sheriff's Department ("CCSD") obtained evidence, the protocol required that the evidence be tagged, bagged, logged and entered into CCSD evidence with a written Utility Report accompanying the evidence. Declaration of Kathleen T. Zellner, Dated September 20, 2013 ("Sept. Zellner Dec."), Ex. A (excerpts from deposition of Sharon Krause) at 108. Krause has admitted that she did not follow the protocol. Instead, after the interview, she placed the videotape in her desk drawer. *Id.* at 103. Later, she removed the videotape from the CCSD and put the videotape in her garage. *Id.* at 95-96, 111. By placing the videotape in her desk and garage, Krause did not log it into evidence and she removed it from the evidence chain. She admitted she failed to create a report reflecting the

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

existence of the videotape as she was to do with all pieces of evidence. *Id.* at 109, 175. More importantly, the facts establish that Krause removed the videotape from CCSD not negligently, but deliberately. *Id.* at 96, 105-06.

Michael Davidson confirmed at his deposition that he did not instruct Krause to take the videotape to her home. Zellner Dec., Ex. C (excerpts from deposition of Michael Davidson) at 79. He vehemently denied that he gave Krause permission to do so. *Id* at 79. Davidson also testified that the CCSD's "normal course" would have been for Krause to "author" a report reflecting the interview. *Id.* at 81. Davidson admitted that there was no report reflecting the videotaped interview. *Id.* at 81-82. Nothing in the CCSD referenced the videotape's existence. *Id.* No confirmation of the existence of a successful taping of Kathryn's interview was ever communicated to the Clark County Prosecutor's Office (CCPO) during the disclosure of the discovery to the defense.

By Peters' own admission, Barb Linde of the King County Prosecutor's Office was the assigned prosecutor for about 3 1/2 months. Zellner Dec., Ex. B at 112, 145-47, 216-17. Peters "came back into the case" in the second or third week of April, 1985. *Id.* at 216. Peters only became involved and began thinking about trial in early May, 1985. *Id.*

Because there is absolutely no evidence that Barb Linde or any prosecutor from the King County Prosecutor's Office ever possessed, viewed, or even knew the videotape existed, any attempt by Krause to impute knowledge to them would obviously lack merit.

**Actual Knowledge**

Consistent with Krause's deceptive actions, there is no evidence Peters had actual knowledge of the videotape's existence. Peters testified he watched the videotape for the first time in October, 2012 and certainly did not view it prior to Krause's disclosure of it in 2009. *Id.* at 21. There is no evidence that Peters ever confirmed the videotape successfully recorded

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

the interview. Peters testified he was "shocked and surprised" when he learned the videotape existed. *Id.* at 236. When he spoke to Krause after she disclosed the videotape, he said nothing to suggest he was aware a videotape existed. Sept. Zellner Dec., Ex. A at 100-02.

**Constructive Knowledge**

In order to establish a *Brady* violation based on constructive knowledge, the defendant must establish that: (1) the prosecution was put on notice either through specific defense requests for information or, under the circumstances, that exculpatory information may possibly exist; (2) once the prosecution is put on notice, it must take objectively reasonable steps to discover the potentially exculpatory information. Factors that should be considered include: (a) the location of the information; (b) the size and scope of the investigation it would take to uncover the information; and (c) the connection or relationship between the instant case and the proceeding in which the material is located. If the prosecution fails to take these objectively reasonable steps, constructive knowledge of any exculpatory information will be attributed to the prosecution. *United States v. Risha*, 445 F.3d 298, 309 (3d Cir. 2006) (Nygaard, J., dissenting).

Here, the prosecution and Peters did not have constructive knowledge of the videotape. As explained above, the videotape was located in Krause's desk and then her garage. It was <u>never</u> located in the CCSD's evidence files. No investigation of reasonable size and scope would have uncovered the videotape. The videotape was not located in a criminal file. Therefore, Krause has not established, and cannot establish, that Peters and the prosecution had actual or constructive knowledge of the videotape. As stated in *United States v. Geames*, 427 F.3d 1333, 1337 n.2 (10th Cir. 2005), "where no record evidence supports any awareness by the local police or federal officers of the alleged suppressed evidence, we refrain from conjuring up its existence."

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

**Actual Possession**

It is undisputed that neither Peters, nor Barb Linde, nor any other prosecutor had actual possession of the videotape. The videotape went from the camera, to Krause's desk, to Krause's garage. There is no evidence Peters ever observed it prior to October, 2012, or that he ever touched it. Zellner Dec., Ex. B at 21, 169-70, 174.

**Constructive Possession**

Krause may argue that Peters constructively possessed the videotape. However, Krause hid the tape in her personal belongings and never told Peters the tape existed. There is no evidence the videotape was in a file accessible to Peters or the prosecution.

In *Holman v. Wilson*, 158 F.3d 177, 181 (3d Cir. 1998), the Court explained that the prosecution has a duty to search **accessible files** to find requested exculpatory material. (emphasis added); *see also United States v. Brooks*, 966 F.2d 1500, 1502-03 (D.C.Cir.1992); *Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir.1984); *United States v. Austen*, 632 F.2d 478, 481 (5th Cir.1980). As one court has noted, the duty rests on the notion that "government failure to turn over an **easily turned rock** is essentially as offensive as one based on government non-disclosure." *Brooks*, 966 F.2d at 1503 (emphasis added).

No reasonable search by Peters or the prosecution would have encompassed a search of Krause's desk drawer or her garage. A search of Krause's desk or garage would not be akin to an "easily turned rock." There must be a limit to how far the doctrine of constructive possession extends and it should not extend into an investigator's garage. Neither Peters nor any other prosecutor assigned to the case would have had any reason to believe Krause had hidden the videotape. Peters admitted at his deposition that he had never heard of original evidence being found in an investigator's garage. Sept. Zellner Dec., Ex. B at 240.

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Krause admitted that there were two ways for evidence obtained by the CCSD to be disclosed to the prosecutor. One way was for a copy to be made and then provided to the prosecutor. Krause does not claim that was done in this case. As to the only other method of disclosure to the prosecutor, Krause testified:

[Question]   When you prepare reports with regards to an investigation, how would those reports make their way to the prosecuting attorney?
[Answer]   At times -- Everything has to go into our records at the sheriff's office.

Sept. Zellner Dec., Ex. D (excerpts from habeas deposition of Sharon Kruase) at 18. As it is undisputed that Krause did not place the videotape "into [the] records at the sheriff's office," the only conclusion is that the videotape did not "make [its] way to the prosecuting attorney."

Peters' testimony at the habeas proceedings provides more evidence that he did not know the videotape existed. When the court inquired on the topic of videotaping interviews of suspected victims of sexual abuse, Peters did not reference the videotape of Kathryn's interview. Sept. Zellner Dec., Ex. E (excerpts from habeas hearing testimony of James Peters) at 337. The circumstances commanded that, had he known of the videotape's existence, he would have advised the habeas court.

The existence of a successfully recorded videotape of Kathryn's interview and Peters' participation in the interview are not equivalent. Peters admitted that viewing the videotape was crucial to interpreting its contents. Sept. Zellner Dec., Ex. B at 17. He explained that many of Kathryn's responses were inaudible and in order to properly convey what transpired and create a transcript "with integrity" the transcriber would need to view the tape. *Id.* Peters said "the tape speaks for itself." *Id.* at 53.

The conduct of the prosecutors when they learned of the videotape's existence establishes that no prosecutor knew the videotape existed until Krause disclosed it. Once Krause contacted Prosecutor Dennis Hunter, he requested that she immediately send the tape to

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

him. Sept. Zellner Dec., Ex. A at 100. Once Hunter received the tape, he immediately provided it to Art Curtis and Curtis watched it. Sept. Zellner Dec., Ex. F (excerpts from deposition of Arthur Curtis) at 48-49. After Curtis reviewed it, he immediately disclosed it to the defense. *Id.* at 49. There is no reason to believe that Peters, Linde, or any other prosecutor would have acted differently and withheld the videotape had Krause disclosed it prior to Plaintiff's plea.

Peters did not have a motive to hide the videotape, but Krause did. The videotape was not only *Brady* material in Plaintiff's criminal case, but it was evidence of Krause's wrongdoing. The videotape demonstrates that Krause's reports are fabricated because not only does Kathryn repeatedly deny she was abused on the videotape, she spoke and communicated completely differently than the way Krause represented she did in her reports. Kathryn also communicated completely differently on the videotape than she was alleged to have done as reflected in Shirley Spencer's letter. Krause's reports and that letter were the basis of the alleged probable cause in the case. Therefore, Krause had every reason to hide the videotape (as she undisputedly did) to cover up her conduct and cause Plaintiff's arrest and prosecution.

To impose a duty upon a prosecutor to ferret out a deliberate deception by a police officer would create an impossible and unprecedented burden upon him. Further, to condone a police officer's conduct in intentionally secreting away evidence to disguise her own wrongdoing would be unprecedented and contrary to the law permitting individuals such as Plaintiff from seeking redress for violations of his civil rights.

**Peters could not have known the exculpatory/impeaching value of the videotape**

Regardless of the standard applied, Krause's assertion that prosecutor Peters was aware of the exculpatory nature of the videotape merely because he was present when it was recorded misses the mark. Prosecutor Peters could not have reasonably understood the exculpatory

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

value of the videotape while conducting the interview. The truly exculpatory and impeaching nature of the video could only be fully appreciated by carefully and repeatedly reviewing Kathryn's statements and demeanor, and then comparing her statements and demeanor during the videotaped interview with the statements and demeanor represented by Krause in her reports. Such a thorough evaluation required possession of the videotape and a transcript. At the time of the interview (1) Peters did not have the reports with him as Kathryn was speaking, and (2) Krause's reports of her 1985 interviews with Kathryn, Matt Spencer, and Matt Hansen (all of which are impeached by the video) had not yet been conducted or submitted. Krause concealed the videotape from Peters and the other prosecutors prior to Plaintiff's guilty plea. It is well-established that a detective's duty "is simply to collect the evidence and to disclose all of it to the prosecutor," and it is the prosecutor "who then makes the discretionary legal judgment about its material exculpatory attributes." *Jean v. Collins*, 221 F.3d 656, 669 (4th Cir. 2000). By concealing the videotape, Krause deprived any and all prosecutors from making such a discretionary legal judgment and disclosure to Plaintiff.

**Medical reports are part of the cumulative effect of Krause's concealment**

Because Krause is liable for her non-disclosure of the videotape, Plaintiff should be permitted to argue Krause is liable for the cumulative effect of the non-disclosure of the videotape *and* the undisclosed medical reports.

RESPECTFULLY SUBMITTED this 20th day of September, 2013.

/s/ Kathleen T. Zellner  
Kathleen T. Zellner & Associates, P.C.  
Admitted *pro hac vice*  
1901 Butterfield Road  
Suite 650  
Downers Grove, Illinois 60515

/s/ Daniel T. Davies  
Daniel T. Davies, WSBA # 41793  
Local counsel  
David Wright Tremaine LLP  
1201 Third Avenue, Suite 2200  
Seattle, Washington 98101-3045

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Phone: (630) 955-1212  
Fax: (630) 955-1111  
kathleen.zellner@gmial.com  
Attorney for Plaintiffs

Phone: (206) 757-8286  
Fax: (206) 757-7286  
Email: dandavies@dwt.com  
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on September 20, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Patricia Campbell Fetterly<br>Daniel J. Judge<br>Robert M. McKenna<br>Assistant Attorney General<br>Torts Division<br>PO Box 40126<br>Olympia, WA 98504-0116<br>Email: patriciaf1@atg.wa.gov<br>Attorneys for Defendant James M. Peters | |
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict<br>Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

      /s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT
KRAUSE'S MOTION FOR RECONSIDERATION
(C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax