THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER,<br><br>               Plaintiff,<br><br>v.<br><br>JAMES M. PETERS, et al.,<br><br>               Defendants. | NO.  C11 5424 BHS<br><br>**DEFENDANT SHARON KRAUSE'S REPLY ON MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, September 27, 2013** |

**1.  Plaintiff has failed to establish a legal basis for the claim based upon disclosure of the videotape of the Peters interview.**

In the Order Denying in Part Motion for Partial Reconsideration, Requesting Additional Briefing, and Renoting Motion (Dkt. 182, hereafter "Reconsideration Order"), this Court requested briefing from plaintiff on the issue of whether Sharon Krause has correctly relied upon *Tennison v. City of San Francisco,* 570 F.3d 1078, 1087 (9th Cir. 2009) and cases cited therein to obtain dismissal of the claim based upon her alleged failure to disclose the Peters interview videotape because her duty is to disclose to the prosecutor, not to the defense. Reconsideration Order, p. 2, lns. 14-19; p. 6, lns. 13-14. Plaintiff's Response to Defendant Krause's Motion for Reconsideration (Dkt. 183, hereafter "Plaintiff's Response") does not even cite the controlling, Ninth Circuit Court of Appeals *Tennison* precedent, let alone attempt to explain why it does not stand for the proposition relied upon by Sharon Krause.

DEFENDANT SHARON KRAUSE'S REPLY ON
MOTION FOR RECONSIDERATION OF
SUMMARY JUDGMENT ORDER - 1

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1    Instead, plaintiff cites a Sixth Circuit Court of Appeals case, *Moldowan v. City of Warren,*
2 578 F.3d 351 (6th Cir. 2009) in support of the proposition that " . . . because police officers play an
3 integral role in ensuring that the state complies with *Brady,* a police officer can be held liable for
4 suppressing exculpatory information." Plaintiff's Response, p. 1, lns. 11-12. This statement of law,
5 while correct as far as it goes, does not address the very issue raised by Sharon Krause's Motion for
6 Reconsideration, which is "to whom must a police officer disclose potentially exculpatory
7 information?" After noting numerous cases placing the responsibility to manage the state's
8 disclosure obligations solely on the prosecutor in criminal matters, the court in *Moldowan* noted that
9 those cases do not resolve the issue before it of " . . . whether the police have a concomitant or
10 derivative duty under the constitution to turn potentially exculpatory material over to the prosecutor."
11 *Moldowan,* 578 F.3d at 377 (emphasis added). To the extent *Moldownan* holds that police owe a
12 duty to disclose to the prosecutor, it supports Sharon Krause's position on reconsideration. Similarly,
13 plaintiff does not even acknowledge let alone attempt to respond to Sharon Krause's argument that
14 plaintiff has failed to discharge his burden in responding to a qualified immunity defense of citing
15 to case law which would have put a detective on clear notice, beyond debate, in 1984-85 that their
16 failure to disclose a prosecutor's own work product to the prosecution would violate the criminal
17 defendant's constitutional rights. Consequently, plaintiff has failed establish that Sharon Krause has
18 not correctly relied upon *Tennison* and the cases cited therein in seeking dismissal of the claim based
19 upon her alleged failure to disclose the Peters videotaped interview.

20   Rather than address the legal issue identified by this Court in the Reconsideration Order,
21 Plaintiff's Response consists nearly exclusively of factual arguments, raised for the first time on
22 reconsideration, to the effect that prosecutor and former defendant Jim Peters was unaware of the
23 interview videotape, even though he conducted it. Plaintiff attempts to set this misguided factual
24 argument up by leading off with the erroneous assertion that "Krause seeks to avoid her *Brady*
25 obligation by claiming she disclosed evidence to prosecutor Peters and it was then his duty to
26 disclose the evidence to the defense." Plaintiff's Response, p. 1, lns. 12-14. In truth, Sharon

DEFENDANT SHARON KRAUSE'S REPLY ON
MOTION FOR RECONSIDERATION OF
SUMMARY JUDGMENT ORDER - 2

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1 Krause's position is that Mr. Peters took the videotaped interview himself as part of his prosecutorial
2 work product rather than as part of the investigative phase of the case seeking evidence, and that he
3 obviously was aware of it.  Plaintiff's arguments that Sharon Krause has admitted to numerous
4 failures to follow evidentiary protocols with regard to the videotape are not only factually unfounded,
5 but are foreclosed by this Court's previous findings, unchallenged by plaintiff in a timely motion for
6 reconsideration, explained by this Court as follows:

> In the Court's prior order, it determined that Peters was entitled to absolute immunity for the interview of Kathryn because it found there was no genuine issue of material fact that he was performing the interview in his capacity as a prosecutor and thus he was a (sic) performing a prosecutorial function. Dkt. 174 at 30. Specifically, the Court stated:
>
>> Although Mr. Spencer maintains that Peters's interview of Kathryn was a non-prosecutorial function, done for the purposes of investigation, Mr. Spencer has not presented sufficient evidence to demonstrate a genuine issue of material fact that it was a non-prosecutorial function. Dkt. 167 at 14. The only concrete, specific evidence in the record is the testimony of Peters and Curtis indicating that Peters's interview was performed in his capacity as deputy prosecutor for the purposes of evaluating Kathryn's competency and was completed at the direction of or in cooperation with Curtis, in order to assist in the determination of whether or not to file charges against Mr. Spencer at a time when probable cause already existed. Dkts. 138-6 at 4, 6 and 8, 138-4 at 17, 138-5 at 3-4, & 168-11 at 11. Thus, Peters is absolutely immune for his conduct related to his December 11, 1984 interview with Kathryn.
>
> Dkt. 174 at 30.

Dkt. 179 at 4, lines 5-17. Consequently, plaintiff cannot now simply ignore these findings, and attempt to recast Mr. Peters' prosecutorial work product as something else.

Finally, all of the alleged facts included in Plaintiff's Response are supported by citation to a Declaration of Kathleen T. Zellner in Support of Plaintiff's Response to Defendant Krause's Motion for Reconsideration (Dkt. 184, hereafter "Zellner Declaration"). The Zellner Declaration should be stricken. Pursuant to Local Rule CR 7(h)(3), this Court ordered in part that "Spencer may file a responsive brief not to exceed seven pages regarding only the issues set forth above." Reconsideration Order, p. 6, lns. 13-14. The Zellner Declaration violates this Court's limitation on what could be filed by plaintiff in response. To the extent plaintiff deemed it necessary to cite to facts in Plaintiff's Response, his obligation was to cite to pleadings which were timely filed in

DEFENDANT SHARON KRAUSE'S REPLY ON
MOTION FOR RECONSIDERATION OF
SUMMARY JUDGMENT ORDER - 3

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1 connection with Defendant Sharon Krause's Second Motion for Summary Judgment, the last of
2 which, Sharon Krause's reply pleadings, were due by and filed on April 12, 2013. Dkts. 171, 172.
3 Plaintiff's improper and belated attempt to supplement the record in this fashion is compounded by
4 the all too common practice of his counsel of selectively underlining portions of the deposition and
5 hearing testimony attached to counsel's declaration in a way which often strips the highlighted
6 portions of testimony of proper context and miscasts the meaning and admissibility of the testimony.[1]
7 Since the Zellner Declaration is not properly part of the record, and it is not the job of opposing
8 counsel or this Court to compare the newly attached deposition and hearing transcripts to timely filed
9 pleadings and exhibits, it should be stricken.

**2.    Collateral estoppel applies to the medical reports.**

Plaintiff does not dispute that collateral estoppel bars relitigation of the materiality of the two medical reports, and concedes that unless the videotape claim survives, the claims based upon the two medical reports should be dismissed. Plaintiff's Response, p. 7, lns. 15-18. Because dismissal of the claim based upon the Peters videotape is warranted, the remaining claim based upon the two medical reports is barred by collateral estoppel and should be dismissed as well.

DATED this 27th day of September, 2013.

*/s/ Guy Bogdanovich*
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
PH: (360) 754-3480; Fax: (360) 357-3511
email: gbogdanovich@lldkb.com

---

[1] For example, plaintiff cites the deposition testimony of Sharon Krause in support of the factual representations that " . . . after the interview, she [Sharon Krause] placed the videotape in her desk drawer. *Id.* [Zellner Declaration] at 103. Later, she removed the videotape from the CCSD and put the videotape in her garage. *Id.* at 95-96, 111," and referred to these as "deliberate" and "deceptive" actions. Plaintiff's Response, p. 1, lns. 21-22; p. 2, lns. 1-3, 21. By use of the selective highlighting done to page 103 of the Krause Deposition as attached to the Zellner Declaration, plaintiff attempts to divert attention from and ignores the fact that Sharon Krause specifically testified that she does not recall ever being given the videotape, and she prefaced her testimony about her "thoughts" about how the tape ended up in her personal belongings with the qualifying statement "Again, I'm speculating." Dkt. 184-1 at 9 of 39. In fact, none of the individuals present during any part of the taped interview have any recollection of what was done with the tape at the conclusion. *See,* Dkt. 139 at 21.

DEFENDANT SHARON KRAUSE'S REPLY ON
MOTION FOR RECONSIDERATION OF
SUMMARY JUDGMENT ORDER - 4

Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*