UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

        Plaintiff,

    v.

JAMES M. PETERS, et al.,

        Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING IN PART KRAUSE'S MOTION FOR PARTIAL RECONSIDERATION

This matter comes before the Court on Defendant Sharon Krause's ("Krause") motion for partial reconsideration (Dkt. 181) and the parties' additional briefing on two issues requested by the Court in its prior order denying in part Krause's motion (Dkt. 182). The Court has considered the pleadings filed in support of and in opposition to the remaining issues in Krause's motion as well as the rest of the file, and for the reasons stated herein, grants the motion in part.

**I. PROCEDURAL HISTORY**

On January 16, 2013, Krause filed a motion for summary judgment. Dkt. 139. On March 21, 2013, Spencer filed a response in opposition to Krause's motion. Dkt. 166. On April 12, 2013, Krause filed a reply brief. Dkt. 171. On August 21, 2013, the Court issued an order granting in part and denying in part Krause's motion for summary

ORDER - 1

judgment. Dkt. 180. On September 9, 2013, Krause filed the instant motion for reconsideration of the Court's order on her motion for summary judgment. Dkt. 181.

On September 17, 2013, the Court issued an order denying in part Krause's motion for partial reconsideration, finding that a genuine issue of material fact exists as to Krause's fabrication of Hansen's abuse allegations against Spencer. Dkt. 182 at 4-6. However, the Court found Krause's motion may have merit as to two issues: (1) that Krause cannot have 42 U.S.C. § 1983 ("section 1983") liability for failure to disclose the videotaped interview of Kathryn Spencer ("Kathryn"), when her duty was to disclose it to the prosecution; and (2) that she has no section 1983 liability for failure to disclose the medical reports of Kathryn and Matthew Hansen ("Hansen"). *Id*. at 2-4. Therefore, the Court provided Spencer an opportunity to respond to the potentially meritorious issues and Krause an opportunity to file a reply. *Id*. at 6.

On September 20, 2013, Spencer filed a response in opposition to Krause's motion for partial reconsideration. Dkt. 183. On September 27, 2013, Krause filed a reply. Dkt. 185.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).  Below the Court discusses the application of this standard to two of the three rulings that Krause urges the Court to reconsider.

**A.      Duty to Disclose Interview Tape**

As to the first issue, based on *Tennison v. City of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2009), and the cases cited therein, Krause argues that she cannot be held liable under section 1983 for failure to disclose the interview tape, or any other evidence, disclosed to the prosecutor.  In keeping with *Tennison*, she maintains that her duty was to disclose the evidence to the prosecutor, and it is the prosecutor's duty to disclose to the defense.  Dkt. 181 at 1-2 (*citing Tennison*, 570 F.3d at 1087 (a police officer's duty with regard to exculpatory evidence is to disclose to the prosecutor)).

In his response, Spencer does not contradict Krause's interpretation of *Tennison*, nor does he respond with an argument regarding *Tennison's* inapplicability to this case, or discuss the cases cited therein.  *See* Dkt. 183.  Instead, Spencer submits new argument and additional evidence in an attempt to show that Peters had no knowledge that the videotaped interview of Kathryn existed.  Dkt. 183 at 2.  Krause moves to strike the additional evidence submitted by Spencer, Kathleen T. Zellner's Declaration with attached Exhibits A-F.  Dkt. 185 at 3-4.  Krause correctly observes that pursuant to Western District Local Rule 7(h)(3), Spencer should have confined his response to seven pages, as the Court set forth in its prior order on this motion.  *Id.* at 3.  Any facts that Spencer needed to cite in his response should have been done through reference to the voluminous documents already in the record.  Therefore, the Court grants Krause's motion to strike Zellner's declaration and any references to it within Spencer's response.

1  Striking this declaration and Spencer's references to it, leaves the Court without any facts
2  to consider in support of Spencer's new arguments and thus no meritorious opposition to
3  Krause's motion regarding the disclosure issue. However, even if the Court did not strike
4  the declaration, it would still find that Spencer's arguments about Krause's liability for
5  failure to disclose the videotaped interview of Kathryn to the prosecution is without merit
6  as addressed below.

7        In stark contrast to his prior position, Spencer now goes as far as to argue that
8  Peters had no actual or constructive knowledge of the videotape's existence, nor did
9  Peters have actual or constructive possession the videotape. *Id*. at 2-6. Spencer also now
10 argues that Peters could not have known the exculpatory value of the tape. *Id*. at 6-7.
11 Spencer's new arguments on reconsideration may be summarized by a section of his
12 brief:

13       Krause concealed the videotape from Peters and the other prosecutors prior
         to Plaintiff's guilty plea. It is well-established that a detective's duty "is
14       simply to collect the evidence and to disclose all of it to the prosecutor,"
         and it is the prosecutor "who then makes the discretionary legal judgment
15       about its material exculpatory attributes." *Jean v. Collins*, 221 F.3d 656,
         669 (4th Cir. 2000). By concealing the videotape, Krause deprived any and
16       all prosecutors from making such a discretionary legal judgment and
         disclosure to Plaintiff.
17
   Dkt. 183 at 7.
18
         Spencer's new arguments contradict his former position that Peters knew of the
19
   tape and together with Krause and Davidson conspired to deliberately conceal it, from the
20
   time it was made, through Spencer's habeas proceedings, and up to 2009 when it was
21
   found in Krause's garage. *See, e.g.*, Dkts. 167 at 12 (Spencer argues that Peters and
22

ORDER - 4

1  Krause were undisputably aware of the videotape and were conspiring to conceal it) and
2  176 at 7 (Spencer argues that Peters has been concealing the videotape since it was made
3  and through Spencer's habeas proceedings).  Spencer's contention that Peters could not
4  have known the exculpatory value of the videotape also runs counter to the theory that
5  Peters and Krause were conspiring to imprison Ray for the purposes of furthering and
6  protecting their careers.  Spencer's theory has consistently been based in part on the
7  premise that Peters and Krause continued to conceal the videotaped interview of Kathryn
8  (as well as fabricate other corroborating evidence of guilt) partially because Peters knew
9  the videotape's contents were exculpatory and would reveal that they had mistakenly
10  charged Spencer with the abuse of Kathryn and were continuing to prosecute a person
11  who they knew was innocent, thus subjecting them to civil liability and potentially
12  ruining their careers.  *See, e.g.,* Dkt.167 at 12-17.

13      Despite Spencer's new assertions, there is no genuine issue of material fact as to
14  whether Peters knew the interview was being videotaped.  Peters's position that he
15  "forgot" about the tape (Dkt. 168-14 at 21) means that he knew of it but did not
16  remember it.  Based on the evidence in the record, Peters has never testified that he had
17  no knowledge that interview was recorded on videotape.  In fact, during his deposition,
18  Peters indicated that his interview of Kathryn was the only time he videotaped a child
19  interview, so "the fact of the video interview stuck out in his mind."  Dkt. 168 at 30.
20  Once Peters's interview with Kathryn was complete, whether he chose not to review the
21  interview that he had videotaped, decided not to put it into the prosecutor's file, or failed
22  to disclose to the defense is now irrelevant.  This Court has determined that "Peters is

absolutely immune from his conduct related to the December 11, 1984 interview with Kathryn," including the failure to disclose evidence related to that interview. Dkts. 174 at 30 and 179 at 4. Although Krause was apparently present for a portion of the interview, due to Peters's awareness of the videotape, as Spencer argues (Dkt. 183 at 7), it would have been his duty to review it, make the legal determination regarding its exculpatory value and disclose it to the defense.

Finding that Krause could have section 1983 liability for failure to disclose the videotaped interview was manifest error. Based on the facts of this case, she did not have such a duty. Reconsideration is granted as to this issue, and thus Krause's motion for summary judgment is granted as to this claim.

**B.     Collateral Estoppel as to the Medical Reports**

With respect to Krause's argument that she has no section 1983 liability for failure to disclose the medical reports, the Court also finds it meritorious. Krause is correct in some of her observations regarding the Court's prior orders about collateral estoppel and its application to Kathryn and Hansen's medical reports. Specifically, Krause quotes the following rulings from the Court's prior order on former Defendant James Peters's second motion for summary judgment, referencing its rulings on Defendants Michael Davidson and Krause's initial motions for summary judgment:

> [A]s the Court concluded in its order on Davidson and Krause's motions for summary judgment, Mr. Spencer is collaterally estopped from relitigating the issues of whether the state unconstitutionally withheld Kathryn's medical report prior to his plea and whether Hansen's report, combined with Kathryn's medical report, would have caused Spencer to go to trial rather than plead guilty in violation of *Brady*. Dkts. 91 at 26-27 and 93 at 12-13.

1    Dkt. 97 at 9. Nothing in Mr. Spencer's responsive briefing alters the
Court's prior conclusion. Although in a footnote the Court's previous order
2    indicated that the preclusive impact of prior judgments should be carefully
examined because factual issues such as when and how Hansen's medical
3    report came to the Clark County Sheriff's Office had not necessarily been
litigated and may be relevant to Mr. Spencer's claims (*see* Dkt. 97 at 10,
4    n.2) [and Dkt. 91 at 26, n. 2], discovery on such factual issues would not
alter the Court's legal conclusion that Mr. Spencer is collaterally estopped
5    from relitigating these issues.

6 Dkt. 181 (*citing* Dkt. 174 at 32–33).  Thus, although the Court mentioned that the

7 preclusive impact of prior judgments should be carefully considered because "factual

8 issues such as when and how Hansen's" report arrived at the Sheriff's Office "may be

9 relevant to Spencer's other claims," the Court did not mean that the "materiality" of the

10 reports could be relitigated.  *See supra*.  In its prior order, the Court manifestly erred in

11 ruling that Krause should not be granted qualified immunity for her failure to disclose the

12 medical reports.   Krause cannot have section 1983 liability for failure to disclose *Brady*

13 material when it has already been determined that certain undisclosed items at issue are

14 not *Brady* material.

15    Spencer does not argue against collateral estoppel, and nothing in his responsive

16 brief demonstrates that the Court should rule that collateral estoppel should not apply.

17 *See* Dkt. 183.  Contrary to Spencer's argument, there is no evidence of any other *Brady*

18 material that Krause has liability for failing to disclose; therefore, Spencer cannot argue

19 that the "cumulative impact" of such evidence creates liability for Krause.  Dkt. 183 at 7.

20    Reconsideration is granted as to this issue, and Krause's motion for summary

21 judgment is granted as to this claim.

22

1  Therefore, it is hereby **ORDERED** that Krause's motion for reconsideration (Dkt.
2  181) is **GRANTED in part**.

3  Dated this 2nd day of October, 2013.

*(signature)*

BENJAMIN H. SETTLE
United States District Judge