**THE HONORABLE BENJAMIN SETTLE**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CLYDE RAY SPENCER,<br><br>                    Plaintiff,<br><br>v.<br><br>JAMES M. PETERS, et al.,<br><br>                    Defendants. | **NO.  C11 5424 BHS**<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS**<br><br>**NOTE ON MOTION CALENDAR:
Friday, November 22, 2013** |

## I.  INTRODUCTION & RELIEF REQUESTED

Defendants Sharon Krause and Michael Davidson (hereafter "defendants") submit the following opposition to Plaintiff's Motion for Leave to Take Trial Depositions of Menona Landrum and Ann Link, Ph.D. (hereafter "Motion for Trial Depositions").

## II.  STATEMENT OF RELEVANT FACTS

It is undisputed that both of the proposed deponents have already been deposed in this case: Menona Landrum on March 18, 2013; and, Ann Link, Ph.D. on December 17, 2012. Declaration of Kathleen Zellner in Support of Plaintiff's Motion for Leave to Take Trial Depositions (Dkt. 190, ¶¶ 2 and 3).

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS - 1**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511*

## III.  AUTHORITY AND ARGUMENT

Plaintiff's Motion for Trial Depositions uses terminology which is not recognized by, and assumes a redundancy in taking depositions which is not authorized by, applicable court rules.  The only reason advanced in support of the request to take a second deposition of these witnesses, rather than use their existing depositions, is that plaintiff's counsel allegedly did not know when taking their "discovery" depositions that either witness would have trial availability issues, and "[t]hus, Plaintif's counsel did not examine the witnesses in the manner she would at trial."  Motion for Trial Depositions (Dkt. 189), p. 2, lns. 15-19.

Neither Fed.R.Civ.P. 30, which authorizes the taking of depositions, nor Fed.R.Civ.P. 32, which governs the use of depositions in court proceedings, distinguishes between "discovery" and "trial" depositions.  To the contrary, Fed.R.Civ.P. 30(c)(1) provides, in pertinent part:

> The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . .

To the extent plaintiff's counsel did not proceed during these two depositions as they would now have liked to for purposes of trial, they did so contrary to specific court rule and at their own peril.  Parties should not be permitted to take a second deposition of a witness merely because they wish they had asked more or different questions during the first deposition of the witness.

In addition, it would significantly prejudice defendants to now allow plaintiff to belatedly note redundant depositions of witnesses while counsel for defendants are properly focusing their attention on the tasks needed to comply with the remaining pretrial deadlines, including service of pretrial statements, and filing of a pretrial order, motions in limine, trial briefs and jury instructions.  *See,* Dkt. 161.  Nor should defendants have to

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS - 2**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

incur the expense of attending redundant depositions, especially when these depositions would necessitate travel to California.

Finally, plaintiff's citation to Fed.R.Civ.P. 32 is misplaced to the extent he is arguing that this Rule would permit the admission of the requested second depositions at trial. Motion for Trial Depositions, p. 3, lns. 3-13. Fed.R.Civ.P. 32 does not address let alone authorize taking a second deposition of a witness. Defendants acknowledge, however, that it appears at least portions of the transcripts of the depositions already taken of Menona Landrum and Ann Link, Ph.D. may be used at trial under Fed.R.Civ.P. 32(a)(4)(B) and/or (C).

## IV.  CONCLUSION

For the foregoing reasons, defendants request that plaintiff's Motion for Trial Depositions be denied.

DATED this 18th day of November, 2013.

*/s/ Guy Bogdanovich*
_____
Guy Bogdanovich, WSBA № 14777
Attorney for Defendant Sharon Krause
P.O. Box 11880
Olympia, WA 98508-1880
Telephone:  (360) 754-3480
 Fax:  (360) 357-3511
email:  gbogdanovich@lldkb.com

*/s/ Jeffrey A. O. Freimund*
_____
Jeffrey A. O. Freimund, WSBA No. 17384
Attorney for Defendant Michael Davidson
Freimund Jackson Tardif & Benedict Garratt, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98502
Telephone: (360)534-9960
Fax: (360)534-9959
email: jeffF@fjtlaw.com

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS - 3**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on this 18th day of November, 2013, I electronically filed Defendants' Opposition to Motion for Leave to Take Trial Depositions, with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following parties:

**Plaintiff Clyde Spencer and Matthew Spencer Attorneys**

dhjohnson43@aol.com
kathleen.zellner@gmail.com
dandavies@dwt.com

**Defendant Michael Davidson**

jefff@fjtlaw.com

DATED this 18th day of November, 2013 at Tumwater, Washington.

*/s/ Lisa Gates*

---

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS - 4**
Cause No: C11-5424 BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON BLVD SW, TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*