Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER ) | No. C11-5424BHS |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D.** |
| v. ) | |
| ) | |
| DETECTIVE SHARON KRAUSE, and ) SERGEANT MICHAEL DAVIDSON, ) | |
| ) | |
| Defendants. ) | |
| ) | **NOTICE DATE: Friday, November 22, 2013** |

Now Comes Plaintiff, Clyde Ray Spencer, and for his Reply in Support of Motion for Leave to Take Trial Depositions of Menona Landrum and Ann Link, Ph.D., states as follows:

### INTRODUCTION

Defendants offer two bases for objecting to Plaintiff's motion for leave to take trial depositions. First, Defendants maintain that the federal rules do not allow for the taking of trial depositions after a witness has been deposed during the course of discovery. Second, Defendants aver that they would be "significantly prejudice[d]" were the instant motion granted, in that they are focusing their efforts on meeting pretrial deadlines and preparing for trial. Neither objection is valid.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

## ARGUMENT

### A. The federal rules do not prohibit trial depositions

While the federal rules do not explicitly distinguish between discovery and trial depositions, federal courts have recognized as a matter of custom and practice the difference between a deposition taken to discover evidence and one taken to preserve testimony. *E.g. Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001); *Bouygues Telecom v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D. N.C. 2006). Moreover, courts have acknowledged the need for parties to take trial depositions, even after the close of discovery, where the deposition is necessary to present the deponent's testimony at trial. *E.g., Charles v. F.W. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (finding an abuse of discretion for a district court to refuse to permit a trial deposition for the reason that discovery had closed); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (holding that even though discovery has closed "a party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated"). Simply put, there is nothing novel about Plaintiff seeking leave to take the trial depositions of two witnesses who he could not have previously anticipated would be unavailable for trial.

Defendants cite Fed.R.Civ.P. 30(c)(1) for the proposition that by not asking questions of the deponents as Plaintiff would at trial, Plaintiff "did so contrary to specific court rule and at their own peril."[1] Dkt. 195, p. 2, ln. 16-19. On the contrary, nothing in the Federal Rules of Civil Procedure, Federal Rules of Evidence, or this Court's scheduling order preclude the taking of trial depositions. Furthermore, Fed.R.Civ.P. 30(a)(2)(ii) contemplates that, under appropriate circumstances and with leave of court, a party may take a second deposition of a

---

[1] Subsection (c) states only that depositions are governed by the Federal Rules of Evidence. The rule does not in any fashion proscribe trial depositions.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

witness. This provision effectively provides a mechanism whereby, for good cause shown, a trial court may grant leave to a party to take a trial deposition where it has come to the party's attention that a witness is unavailable to testify at trial.

The notion that a party in all circumstances would examine a witness during a discovery deposition as they would at trial is a nonstarter. Parties often do not depose their own witnesses for discovery purposes because they already know what the witness will say when they testify. *Estenfelder*, 199 F.R.D. at 355. Moreover, perfectly valid trial strategy may dictate that an attorney not ask certain questions of a witness during the discovery phase, preferring instead to ask those questions at trial. Simply put, the purpose of discovery is to ascertain facts, whereas the purpose of trial is to prove or disprove the various allegations and defenses presented in the pleadings.

In short, nothing in the federal rules prohibits this Court from granting Plaintiff leave to take the trial depositions of two witnesses who reside out of the jurisdiction and who, though willing to testify, are unavailable to do so in person at trial.

**B.  Defendants would not be unduly prejudiced by granting the instant motion**

Defense counsel now claims that granting Plaintiff leave to take two trial depositions would "significantly prejudice" their ability to comply with remaining pretrial deadlines. Dkt. 195, p. 2, ln. 22-26.

Counsel's assertion of prejudice appears to be pretext. Prior to filing the instant motion, undersigned counsel's office corresponded with defense counsel regarding dates for both Menona Landrum's and Dr. Link's trial depositions. *See* Declaration of Kathleen T. Zellner in Support of Reply in Support of Motion for Leave to Take Trial Depositions ("Zellner Dec."), Exhibits A and D. Counsel for Defendants indicated they were available to proceed with the trial depositions December 9 and 10, provided that Plaintiff stipulate to the trial deposition of

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Matthew Hansen. Zellner Dec., Exhibits B, C, and E. Plaintiff will not stipulate to the trial deposition of Matthew Hansen because, unlike Menona Landrum and Dr. Link, there are no valid reasons for Hansen to testify at trial via deposition.[2] That defense counsel was conditionally available to take these trial depositions belies its present claim that it is unable to do so due to trial preparation.[3]

Furthermore, there is more than adequate time to take trial depositions of Dr. Link and Menona Landrum. As of the noting date for this motion there will be six full weeks prior to the start of trial in which to take the depositions. Like defense counsel, Plaintiff's counsel is also preparing motions in limine, trial briefs, and jury instructions, yet believes there is more than ample time to complete the requested depositions.

Lastly, the prejudice to Plaintiff should the instant motion be denied vastly outweighs the inconvenience to the defense. Menona Landrum and Dr. Link are crucial witnesses to Plaintiff's conspiracy and fabrication of evidence claims. The jury should be afforded the opportunity to see and hear their testimony recorded live so as to assess its weight and credibility. Plaintiff's inability to present their testimony in such a fashion would be unfairly prejudicial.

---

[2] Whereas Menona Landrum and Dr. Link reside outside the jurisdiction, Matthew Hansen resides in Clark County, Washington, and is subject to the subpoena power of this Court. Simply put, if the defense wishes Hansen to testify it may call him to do so at trial.

Though Plaintiff is not privy to the reasons for defense counsel's request to proceed with Hansen's testimony via trial deposition, it is reasonable to surmise that Hansen does not wish to appear in court for his own reasons. On October 2, 2013, the Clark County District Court issued a bench warrant for Hansen's arrest for an apparent probation violation following a guilty plea to criminal trespass and violation of an order of protection. Zellner Dec., Exhibit F. That Hansen has an outstanding warrant does not, however, constitute a valid reason to proceed with a trial deposition in lieu of his live testimony at trial.

[3] The defense's willingness to proceed with Dr. Link's trial deposition in exchange for Plaintiff's counsel's agreement to do likewise with Matthew Hansen also undermines its argument that the federal rules proscribe trial depositions.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

**C. In the event this motion is granted, Plaintiff seeks a ruling regarding the use of the depositions at trial**

In accordance with Plaintiff's motion, Plaintiff seeks an order declaring the admissibility of Dr. Link's and Menona Landrum's trial depositions in lieu of their live testimony at trial. Fed.R.Civ.P. 32(a)(4) permits the use of deposition testimony for any reason if the court finds either:

> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States . . . .; [or]

> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment[.]

In bringing this motion Plaintiff asks for a finding that Menona Landrum and Dr. Link are unavailable pursuant to these subsections of the rule, such that their testimony may be presented by deposition at trial.

**Conclusion**

WHEREFORE, Plaintiff respectfully requests an order:

1)   Granting him leave to take the trial depositions of Menona Landrum and Ann Link, Ph.D.; and,

2)   Allowing Plaintiff to present the trial depositions of Menona Landrum and Ann Link, Ph.D. at trial in lieu of their testimony at trial.

Respectfully submitted,

/s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212

/s/  Daniel T. Davies
Daniel T. Davies, WSBA # 41793
Local counsel
David Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Phone: (206) 757-8286

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

| | |
|---|---|
| Fax:  (630) 955-1111 | Fax: (206) 757-7286 |
| kathleen.zellner@gmial.com | Email: dandavies@dwt.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on November 20, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Guy Bogdanovich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

　/s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmail.com
Attorney for Plaintiffs

---

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF MENONA LANDRUM AND ANN LINK, Ph.D. (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax