UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

    Plaintiff,

v.

JAMES M. PETERS, et al.,

    Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS

This matter comes before the Court on Plaintiff's motion for leave to take the trial deposition of two witnesses located in California (Dkt. 189). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On November 11, 2013, Plaintiff filed the instant motion. Dkt. 189. On November 18, 2013, Defendants responded in opposition. Dkt. 195. On November 20, 2013, Plaintiff filed a reply. Dkt. 196.

Plaintiff seeks to take the trial depositions of Menona Landrum ("Landrum") and Ann Link, Ph.D. ("Link") and to introduce those depositions as evidence at trial. Dkt. 189

ORDER - 1

at 1. Plaintiff indicates he "recently learned" that the two "crucial witnesses" would be unavailable to testify at trial. Dkts. 189 at 1-2 and 196 at 4. Plaintiff indicates that he had no idea Landrum would be moving from Vancouver, Washington to California and that Link would be unavailable due to her patient schedule and trip to New Zealand. *See* Dkt. 189. Plaintiff maintains Fed. R. Civ. P. 30(a)(2)(ii) permits parties to take a second deposition and contemplates that, on a showing of good cause, the Court may grant leave to take a trial deposition where a witness is unable to testify. Dkt. 196 at 2-3. Plaintiff also argues that Defendants would not be significantly prejudiced if the Court grants his request. *Id.*

The Court finds good cause exists for Plaintiff to take the trial depositions of Landrum and Link and will permit their use at trial. However, the Court agrees with Defendants and finds prejudice to them resulting from opposing counsel's lack of diligence. Defendants must spend unanticipated money and time to prepare for, travel to and participate in depositions in California, thus interfering with preparations for the upcoming trial. With the exercise of reasonable diligence, counsel for Plaintiff could have avoided prejudice to Defendants ensuring at the time of their discovery depositions that Landrum and Link would be available at trial by providing them the trial date. Further, as time passed, given their status as "crucial witnesses," Plaintiff's counsel should have communicated with the witnesses earlier to discover if they anticipated any impediments to testifying in court in order to determine if they needed to make arrangements for trial depositions due to changing circumstances.

1  Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to take the
2 trial depositions of Landrum and Link is **GRANTED** (Dkt.189). However, if Plaintiff
3 avails himself of this authorization, he is required to offer Defendants six alternative
4 dates for the depositions and pay for Defendants' travel expenses and attorneys' fees
5 incurred in taking said depositions. Alternatively, Plaintiff may use the transcripts of the
6 discovery depositions of Landrum and Link at trial.
7  Dated this 21st day of November, 2013.

 BENJAMIN H. SETTLE
 United States District Judge