Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

CLYDE RAY SPENCER ,

                        Plaintiff,

v.

JAMES M. PETERS, et al.,

                        Defendants.

NO.   C11-5424 BHS

DEFENDANTS' JOINT
MOTIONS IN LIMINE

**NOTE ON MOTION CALENDAR:**
**Friday, December 20, 2013**

## I.    RELIEF REQUESTED

Defendants Davidson and Krause hereby jointly move the Court for an Order in Limine, precluding any evidence or testimony, opinions, comments, argument, statements or questions by counsel, by any witnesses, or by the parties, directly or indirectly or by inference, on the topics or items of evidence set forth below.  This motion is made pursuant to *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986), Fed. R. Evid. (FRE) 103(d), and FRE 104.

Defendants further jointly move that the requested Order contain a direction to plaintiff's counsel to inform all witnesses called by plaintiff of the prohibition against testimony on these subjects, and that the requested Order recognize that throughout the trial defendants have a standing objection to evidence, argument, and other matters as to which defendants' motions in limine are denied.  *See* FRE 103(b).

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

## II.     LAW AND ARGUMENT

### A.   Summary of Remaining Claims

This Court previously granted in large part defendants' summary judgment motions and dismissed many of plaintiff's claims. *See, e.g.,* Dkt. 91, 93, 97, 98, 174, 179, 180, 182, 186, and 187.  The only remaining plaintiff is Ray Spencer, and the only remaining defendants are Mike Davidson and Sharon Krause. *See id.*

The only remaining claims against defendant Krause are: (1) whether she knew Spencer was innocent, yet deliberately fabricated evidence by deliberately misquoting some or all of the three children's statements that Spencer sexually abused them; (2) whether probable cause to arrest Mr. Spencer was lacking to the extent probable cause was based on this allegedly fabricated evidence; (3) whether Krause conspired with Davidson to deliberately fabricate evidence knowing Spencer was innocent; and (4) whether her alleged deliberate fabrication of evidence proximately caused Spencer's injuries arising from his imprisonment following his *Alford* plea of guilty.  Dkt. 180, pp. 23, 26-27, 30-31, 39.  *See also* Dkt. 186, pp. 6-7 (dismissing on reconsideration claims for alleged *Brady* violations); Dkt. 187, pp. 14-15 (same).

The only remaining claims against defendant Davidson are: (1) whether he knew Spencer was innocent and knew of, or participated in Krause's alleged deliberate misquoting of the three children's statements; (2) whether probable cause to arrest Spencer was lacking to the extent probable cause was based on this allegedly fabricated evidence; (3) whether Davidson conspired with Krause to deliberately fabricate evidence knowing Spencer was innocent; and (4) whether Davidson set in motion a series of acts by Krause which he knew would proximately cause her to violate Spencer's right to be free from deliberate fabrication of evidence.  Dkt. 187, pp. 8, 12-14, 18-19.

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 2

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   If Spencer is unable to prove the children's statements were deliberately fabricated by

2   Krause or Davidson, then, as this Court previously ruled, there was probable cause to arrest and

3   prosecute Spencer.  Dkt. 174, pp. 21-23, 25, 28, 36.  *See also* Dkt. 180, p. 31 (denying Krause's

4   renewed summary judgment motion based on probable cause solely "[b]ecause there are genuine

5   issues of fact regarding whether Krause fabricated evidence in the child victims statements …");

6   Dkt. 187, p. 13 (same regarding Davidson).  Probable cause is a complete defense to Spencer's

7   remaining claims.  Dkt. 180, p. 31 (citing *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1054-55

8   (9th Cir. 2009); Dkt. 187, p.13 (same).

9

10   Evidence or argument presented to the jury must be relevant to these remaining liability

11   theories.  To be relevant, evidence must be probative and material to the issues the jury is to

12   determine.  FRE 401.  Evidence irrelevant to these claims should be excluded.  FRE 402.

13   **B.   Defendants' Motions in Limine Regarding the Remaining Claims**

14   **1.   Evidence or argument regarding claims dismissed and issues resolved in defendants' favor by Orders entered on defendants' summary judgment motions should be excluded.**

15

16

17   Plaintiff, his witnesses and counsel should be prohibited from mentioning or eliciting any

18   testimony in support of claims that were previously dismissed by the Court.  Such "evidence" is

19   irrelevant under FRE 401 to plaintiff's remaining claims and would tend to confuse or mislead

20   the jury as to the scope of potential liability in contravention of FRE 403.  Specifically, the

21   Court has previously made rulings and entered orders on the following five issues, so any

22   evidence or argument on these five issues should be excluded:

23

24   **a.      Alleged failure to disclose evidence**

25   Plaintiff indicates in his pretrial statement that he intends to offer evidence of medical

26   reports of examinations of Kathryn Spencer and Matt Hansen (plaintiff's proposed Exhibits 13

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 3 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

and 45), and a DVD video of James Peters' interview of Kathryn (plaintiff's proposed Exhibit 30). Orders have been entered barring relitigation of all claims of unconstitutional conduct based upon alleged failures to disclose evidence in compliance with *Brady*, including the medical report of the examination of Matthew Hansen (Dkt. 91, pp. 25-26; Dkt. 186, pp. 6-7; Dkt. 187, pp. 14-15), the medical report of the examination of Kathryn Spencer (Dkt. 91, pp. 26-27; Dkt. 186, pp. 6-7; Dkt. 187, pp.14-15), and the report by King County Deputy Prosecutor Rebecca Roe (Dkt. 91, pp. 27-28; Dkt. 180, p. 32). The latter of these two Orders specifically prevents plaintiff from using the Roe report in support of his claim that Krause and Davidson conspired to conceal the Roe report "… for the purposes of framing and imprisoning Mr. Spencer or for any other purpose." Dkt. 180, p. 40, ll. 2-7.

Orders have also been entered dismissing all claims against defendants for an alleged failure to disclose James Peters' videotaped interview of Kathryn Spencer. Dkt. 186, pp. 3-6; Dkt. 187, pp. 14-15. Although the Orders entered dismissing all claims for failure to disclose the medical reports and the Peters interview videotape did not include the same language barring their use to prove a conspiracy, the same rationale applies and warrants entry of the requested order in limine on these subjects. Evidence of failure to disclose medical reports or the Peters interview videotape is not sufficiently probative of an alleged conspiracy to deliberately lie about what the children disclosed to be relevant under FRE 401. Even if deemed relevant, the probative value of this evidence is substantially outweighed by the danger of confusing the issues, misleading the jury as to the basis for liability, and wasting time at trial. These points are all especially applicable to the report of the examination of Matt Hansen, since it is undisputed that the Sheriff's Office never received a copy of that report. Dkt. 63-16, p. 4, ll. 2-4.

Finally, in addition to seeking an order in limine precluding introduction of the

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

- 4 -

inadmissible and hearsay medical reports regarding examinations of  Kathryn Spencer and Matthew Hansen, defendants seek to preclude introduction of the following related material:  (1) two investigative file indices which plaintiff included in his pretrial statement as plaintiff's Exhibits 17 and 28; (2) Utility Reports referencing the medical report regarding Kathryn and a release for the medical report which are included as plaintiff's Exhibit 22 and 20, respectively; and (3) a letter and an interoffice memo by former elected Clark County Prosecutor Arthur Curtis referencing a later search for Kathryn's medical report among the Prosecutor's Office files, which are included as plaintiff's Exhibits 78 and 79, respectively.  Exclusion of the hearsay medical report of Kathryn's examination would render these closely related and dependent exhibits irrelevant and inadmissible under FRE 401 and 403 as well.

### b.    Alleged coercive interview techniques

Plaintiff's pretrial statement includes as proposed exhibits all of the Utility Reports written by defendant Krause regarding her interviews of the three child victims.  Although defendants stipulate to the admissibility of those reports, defendants anticipate plaintiff will again attempt to elicit testimony or make arguments raising questions about the techniques used in those interviews, or alleged coercion of the children to disclose plaintiff's sexual abuse. Defendants also anticipate plaintiff, Kathryn Tetz and Matthew Spencer will continue to testify, as they did in their depositions, that the children's disclosures of plaintiff's sexual abuse were the product of allegedly coercive interview techniques, which was the centerpiece of their liability theory against defendants until this Court rejected that claim.

This Court entered orders dismissing all claims against defendants Davidson and Krause based on alleged use of improper or coercive interview techniques.  Dkt. 180, pp. 21-11; Dkt. 187, p. 11.  As with the Roe report, the Order dismissing plaintiff's claim of allegedly coercive

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 5 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  interview techniques specifically prevents plaintiff from utilizing evidence of allegedly coercive

2  interview techniques in support of his conspiracy claim. *See* Dkt. 180, p. 40, ll. 2-7.  This ruling

3  should be honored at trial.

### c.    Handwritten notes of Matt Hansen interview

Plaintiff's pretrial statement lists handwritten notes purporting to document some

unidentified person's interview of Matt Hansen when he was an adult. *See* plaintiff's proposed

Ex. 95.  The Court has twice ruled these unauthenticated handwritten notes "are inadmissible

hearsay" and struck them from the record.  Dkt. 174, p. 24 n. 3 and Dkt. 180, p. 30 n. 3.  Even if

they could be properly authenticated, the notes are still inadmissible hearsay, as they purport to

contain assertions made by non-party Matt Hansen which would be offered to prove the truth of

the matters asserted, and they were not made under penalty of perjury at a trial, hearing or other

proceeding, or in a deposition. *See* FRE 801(a), (b), (c) and (d)(1)(A).

### d.    Alleged jail visits by defendant Davidson to coerce plaintiff to plead guilty

Defendants anticipate plaintiff will again attempt to introduce evidence or argument that

defendant Davidson allegedly visited plaintiff in jail on several occasions to coerce plaintiff to

plead guilty.  An Order was entered preventing relitigation of this claim that Davidson

unconstitutionally coerced plaintiff into pleading guilty by making allegedly unwanted visits to

plaintiff while he was in jail.  Dkt. 91, pp. 24-25.  This order should be honored at trial.

### e.    Plaintiff's alleged incompetence when he pled and was sentenced

Defendants anticipate plaintiff will again attempt to introduce evidence or argument that

he was mentally incompetent and unable to understand the charges and evidence against him at

the time he pled guilty and was sentenced.  Plaintiff is collaterally estopped from attempting to

relitigate this issue, as both state and federal courts previously held that he was competent at the

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 6 -

time of entry of his guilty plea and sentencing, following full and fair litigation of the issue by plaintiff.  Dkt. 63-10, pp. 2-4 and Dkt. 63-16, p. 5.  *See Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir. 1996), *cert. denied,* 520 U.S. 1117 (1997).  Plaintiff should not be permitted to offer evidence or argument that he was of unsound mind when he pled guilty and was sentenced for sexually abusing all three children.

>  **2.    Any copies of former Governor Locke's December 23, 2004 Conditional Commutation, or court orders or decisions in any of plaintiff's post-conviction judicial proceedings, and any testimony or argument regarding statements in any of these documents related to alleged "irregularities" in the underlying criminal investigation should be excluded.**

Plaintiff has indicated in his pretrial statement that he intends to offer evidence and argument regarding the conditional commutation of his prison sentence and subsequent appellate court rulings referencing that document.  *See* plaintiff's Ex. 83 (Conditional Commutation) and Exs. 91-94 (court decisions and orders).  In the Conditional Commutation of the remainder of plaintiff's prison sentence, former Governor Locke noted "a number of troubling aspects of the investigation."  However, these statements supporting the Conditional Commutation were not findings made after any litigation or adversarial proceeding concerning the alleged "troubling aspects," which are now squarely at issue in this case.  *See* Dkt. 63-18.

This list of "troubling aspects" then became a list of "numerous irregularities" in the Court of Appeals' Order Transferring Petition for a Reference Hearing (Dkt. 63-20, pp. 12-15), which cited no evidence to support the list other than Gov. Locke's Conditional Commutation in the statement of "Facts." Dkt. 63-20, p. 5.  When the State requested clarification of the scope and content of the reference hearing and asked for permission to introduce evidence regarding the "irregularities," the Court of Appeals refused to allow litigation of these issues, ordering as follows: **"5. No, the State may not attempt to explore or explain any 'alleged**

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 7 -

irregularities' that occurred in the underlying investigation and plea proceedings."** Dkt. 63-21 (emphasis added) (*see also* points 2 and 3 in that Order, where the Court of Appeals says "No.  The State may not use the reference hearing to dispute the content of our reference order," and "No. The State may not call additional witnesses or experts, nor may it offer documentation from other courts.").  Point 4 of the order made clear that the only issue to be determined at the reference hearing was whether the recanting witnesses would testify under oath consistently with their sworn statements, and concludes by stating "[o]ur order does not request additional fact finding on other issues."

None of the language in the Governor's commutation letter, or the dicta contained in opinions by the Court of Appeals and Washington Supreme Court regarding alleged "troubling aspects" or "irregularities" in the investigation or misconduct by any of the defendants in this case has any relevance to the remaining issues now being litigated before this Court, and all such orders and decisions should be excluded.  In fact, this Court has determined that Davidson and Krause are not liable for most of the alleged "troubling aspects" or "irregularities" referenced in that material.

Additionally, the Conditional Commutation and subsequent dicta in appellate court rulings should be excluded pursuant to FRE 403 because they supplant this Court's role to instruct the jury on applicable law, are unfairly prejudicial, confuse the issues, and mislead the jury that the alleged "irregularities" must be accepted by the jury as undisputed facts previously resolved by prior litigation.  The potential for unfair prejudice arises from the danger that jurors would be overly impressed with the aura connected to statements made by former Governor Locke or the courts, even though those statements are dicta, and not the product of an evidentiary hearing.  Plaintiff's intention to exploit this prejudice has already been made

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 8 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   apparent.  *See, e.g.,* Dkt. 140-1, p. 3, ll. 24-26 (plaintiff asks in an interrogatory "Do you agree

2   with the Washington Supreme Court that Michael Davidson's personal relationship with Shirley

3   Spencer began during the investigation of Ray Spencer?").

4         To clarify, defendants do not seek to preclude plaintiff or his witnesses from testifying

5   to the fact that the Conditional Commutation was issued releasing him from prison, that the

6   post-conviction judicial proceedings occurred, or that the outcome of those post-conviction

7   proceedings resulted in his guilty plea being vacated and the Clark County Prosecuting attorney

8   deciding to voluntarily dismiss the charges against him without prejudice.  Such facts may be

9   relevant to explain the procedural history of the case, as well as how and when plaintiff

10  eventually gained his release and permission to withdraw his guilty plea.  Defendants admit to

11  the above summarized facts in their joint pretrial statement, so this evidence can be before the

12  jury without the necessity of admitting the objectionable commutation letter and subsequent

13  dicta from the appellate courts adopting the same.   Defendants seek an order in limine

14  precluding introduction of any of these documents as exhibits, and precluding testimony or

15  argument pointing to dicta in these appellate decisions or the Conditional Commutation

16  describing alleged "troubling aspects" or "irregularities" during the investigation.

17        If plaintiff is permitted to offer selected court opinions and/or the Governor's

18  commutation letter, then in fairness defendants should be permitted to offer all of the other court

19  rulings over the years that rejected his numerous appeals of his conviction.  Defendants

20  conditionally identified and offered those other court rulings as trial exhibits in defendants'

21  pretrial statement in the event the Court overrules defendants' objections to plaintiff's selective

22  use of only those rulings he believes are favorable.  Defendants' position is that FRE 401 and

23  403 preclude admission of Governor Locke's commutation letter, and all post-conviction court

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 9 -

1   rulings, including those conditionally offered by defendants.   But, if the Court disagrees,

2   fairness would require that all the court rulings should be admitted, many of which reach

3   opposite results from the dicta plaintiff seeks to offer.

4           **3.      Any copies of, or testimony or argument regarding, an allegedly forged**
5                 **retirement check or quit claim deed should be excluded.**

6           Plaintiff has indicated in his pretrial statement that he intends to offer evidence and

7   argument that some unidentified person allegedly forged his name to a retirement check and to a

8   quit claim deed for a house he co-owned with Shirley Spencer. *See, e.g.,* plaintiff's proposed

9   Exs. 47 and 61.  This evidence and argument should be excluded for two independent reasons:

10  (1) the alleged forgeries are immaterial to his remaining claims of deliberate fabrication of

11  evidence and conspiracy to frame him for crimes he did not commit; and/or (2) a jury would be

12  required to engage in improper speculation to connect defendants Davidson or Krause to these

13  alleged forgeries.

14

15          Even if plaintiff were able to prove either or both of his signatures were forged, evidence

16  that his signatures on the check and the deed were forged has no tendency to prove defendants

17  deliberately misquoted the children's statements describing plaintiff's sexual abuse despite

18  defendants alleged knowledge that plaintiff was innocent, or that defendants conspired to

19  deliberately misquote the children's statements to frame him for crimes they knew he did not

20  commit.   Thus, evidence and argument of these alleged forgeries should be excluded as

21  irrelevant under FRE 401.

22

23          Even if deemed relevant, this evidence and argument should be excluded under FRE 403

24  because it confuses the issues the jury is to decide, and results in wasting the jury's time on a

25  mini-trial regarding an issue that is not probative of whether defendants deliberately misquoted

26  children's statements or conspired to frame plaintiff for sexually abusing children.  A mini-trial

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   on this issue would include calling plaintiff's former forensic psychologist, Dr. Kevin

2   McGovern, and offering defendants' Exhibit A-6, which are Dr. McGovern's notes of plaintiff's

3   meeting with him on March, 27, 1985.  In those notes, Dr. McGovern writes that plaintiff told

4   him as follows: "Hasn't seen wife for 4-5 weeks – **he's signed house over to her** – she never

5   comes in.  He hopes they aren't getting divorced.  He's been in jail 3-4 weeks." [Emphasis

6   added].

7       Defendants are not on trial for an alleged conspiracy to aid or abet an alleged theft from

8   plaintiff by Shirley Spencer.  Plaintiff's claim that Shirley Spencer was a party to an alleged

9   conspiracy was dismissed on several grounds, one of which was lack of evidence.  Dkt. 91, pp.

10  44-45, and specifically *id.*, p. 45, ll. 9-11.  Permitting plaintiff to present evidence or argument

11  about these alleged forgeries as evidence of a conspiracy to financially benefit Shirley Spencer

12  should be precluded pursuant to FRE 403, as well as FRE 401.  This same rationale was applied

13  by the Court in the Order on Davidson's renewed summary judgment motion, in which the

14  Court noted the lack of evidence of former defendant James Peters' involvement in the alleged

15  conspiracy to frame plaintiff and ruled as follows:   "Spencer also argues that Davidson

16  conspired with Peters to imprison Mr. Spencer.  *See, e.g.*, Dkt. 165 at 10 and 22.  However, the

17  Court has already determined that Peters played no role in the alleged conspiracy.  *See* Dkt. 174

18  at 35-36.  Therefore, the Court addresses only Mr. Spencer's claim that Davidson conspired with

19  Krause, not Peters, to imprison Mr. Spencer."   Just as evidence of an alleged conspiracy

20  involving Peters should be excluded, so should evidence of an alleged conspiracy involving

21  Shirley Spencer.

22      Additionally, there is no evidence or reasonable inference connecting either Davidson or

23  Krause to the alleged forgeries, meaning the jury would have to improperly speculate to make

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 11 -

such a connection.  There is no evidence or logical inference that either Davidson or Krause had access to Spencer's retirement check from the Vancouver Police Department, or any opportunity to forge his signature on that check.  Assuming a forgery occurred, it is at least equally probable Shirley Spencer or someone else with a financial interest, who also had access to the check and motive and opportunity to commit forgery, forged the check without any knowledge or involvement of Davidson or Krause.  "The jury is not permitted to speculate in choosing one of alternative possibilities, but is restricted to reasonable inferences based upon facts."  *Wolf v. Reynolds Elec. & Engineering Co.,* 304 F.2d 646, 650 (9th Cir. 1962).  "[M]ere suspicion and speculation cannot be the basis for logical inferences."  *U.S. v. Lindsey,* 634 F.3d 541, 552 (9th Cir.), *cert. denied,* 131 S.Ct. 2475 (2011).  There are many alternative possibilities concerning who allegedly forged plaintiff's retirement check, but claiming it was Davidson and/or Krause is based on mere suspicion and speculation.  Therefore, evidence or argument regarding this allegedly forged check should be excluded.

Although plaintiff alleged in July 1985 that his signature on the retirement check was forged, he did not claim his signature on the deed was forged until December 2012.  Dkt. 146, p. 33, ll. 10-15.  The only evidence regarding defendants and the deed is that Davidson allegedly asked plaintiff to sign it at Shirley Spencer's request, plaintiff refused, and Davidson immediately returned the deed to Shirley unsigned.  Dkt. 138-2, p. 13 (dep. p. 114, ll. 14-16).  This meager evidence is insufficient to allow a jury to infer that Shirley then asked Davidson and/or Krause to illegally forge plaintiff's signature, they agreed to do so, they then stole Menona Landrum's notary seal, illegally forged her signature, and returned the forged deed to Shirley so she could later sell the house for $5,000.  *See id.* at p. 30 (dep. p. 140).  As with the retirement check, there are many alternative possibilities concerning who would allegedly forge

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 12

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

the deed, such as Shirley Spencer acting independently.  The jury should not be permitted to make such huge, speculative leaps that have no bearing on the real issues remaining in this case. Thus, evidence or argument regarding the allegedly forged deed also should be excluded.

**4.      Any copies of, or testimony or argument regarding, deeds related to the property at 18308 N.E. Cole Witter Road should be excluded.**

Plaintiff has indicated in his pretrial statement that he intends to offer evidence and argument about Shirley Spencer's purchase of a house on Cole Witter Road after she sold the house she and plaintiff had co-owned.  *See, e.g.*, plaintiff's proposed Ex. 51.  Shirley Spencer's later purchase of a house is immaterial to plaintiff's remaining claims that Davidson and Krause deliberately fabricated evidence and conspired to frame him for crimes he did not commit. Again, plaintiff's claim that Shirley Spencer was a party to an alleged conspiracy was dismissed. Dkt. 91, pp. 44-45.  Permitting plaintiff to present evidence or argument about Shirley's later purchase of another house would, at best, only be probative of an alleged conspiracy involving Shirley Spencer, which should be precluded pursuant to FRE 401, as well as FRE 403.

**5.      Any copy of the written report or CV of David Raskin, Ph.D., any opinions or other testimony by Dr. Raskin beyond the subject matter of the two polygraph examinations administered to plaintiff by Dr. Stanley Abrams, and any opinions or testimony by Dr. Raskin about the truthfulness or accuracy of defendant Krause's report of being told by Dr. Abrams that plaintiff scored a "minus thirteen" should be excluded.**

Plaintiff has indicated in his pretrial statement that he intends to offer as exhibits his expert David Raskin's forensic report and resume, in addition to calling Mr. Raskin as a witness. *See* plaintiff's proposed Exs. 97 and 104.  He also states that Mr. Raskin will offer an opinion that defendant Krause falsely reported that Dr. Abrams' score for one of plaintiff's polygraph examinations was a "minus thirteen."  These two proposed exhibits and Mr. Raskin's opinion about whether Krause falsely reported the polygraph score should be excluded.

Mr. Raskin's forensic report and resume should be excluded under FRE 403 as needless

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS
- 13 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   presentation of cumulative evidence assuming Mr. Raskin is called to testify, as plaintiff

2   indicates he will be.  The relevant contents of his resume will necessarily be testified to as a

3   prerequisite to qualifying him as an expert in polygraphy under FRE 702.  He also will

4   necessarily testify about the relevant contents of his forensic report criticizing Dr. Abrams'

5   polygraph examinations of plaintiff.  Exhibits containing this expected testimony are thus

6   cumulative and should be excluded pursuant to FRE 403.  If plaintiff does not call Mr. Raskin as

7   a witness, these two exhibits should be excluded as hearsay pursuant to FRE 801 and 802.

8

9        In addition, plaintiff's pretrial statement indicates that Mr. Raskin will testify to ". . . his

10  conclusion that Defendant Krause's representation that Plaintiff scored a 'minus thirteen' is

11  contrary to Dr. Abrams' report."  Actually, the portion of defendant Krause's report which refers

12  to the "minus thirteen" polygraph score makes clear that Krause was reporting that Dr. Abrams

13  told her the score was a "minus thirteen."  Her report states as follows:  "After Dr. ABRAMS

14  conducted the examination he made contact with Sgt. DAVIDSON and me and advised that the

15  results of the polygraph examination were indicative of deception, mentioning that the score was

16  a 'minus thirteen.'"  Dkt. 168-1, pp. 47-48.  Mr. Raskin was not present when Dr. Abrams talked

17  to defendants about the polygraph examination, and he has no basis as a fact or expert witness to

18  testify about what Dr. Abrams said at that time.[1]

19

20       The misuse plaintiff intends to make of Mr. Raskin's proffered testimony on this subject

21  was stated in plaintiff's prior briefing as follows:  "Plaintiff's expert, Dr. Raskin, has testified

22  Krause's report is _false_ because minus 13 would be "a clear, conclusive, deceptive result" and

23  that is inconsistent with the Abrams' (sic) report.  … The polygraph result does not add to

---

[1] Dr. Abrams died years ago and cannot testify about how he scored plaintiff on the 1984 polygraph tests, or what he told defendants about the scores.

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 14 -

probable cause.   Rather, the circumstances surrounding the test demonstrate Krause's willingness to fabricate evidence in a malicious effort to frame Ray." Dkt. 166, p. 11, ll. 16-21 (emphasis in original).  Plaintiff should be precluded from misusing inadmissible testimony in this manner.  An expert's opinion regarding a party's credibility usurps the jury's role as the ultimate fact finder on credibility and thus does not assist the jury as required by FRE 702.  *U.S. v. Finley,* 301 F.3d 1000, 1009 (9th Cir. 2002).   Although FRE 608(a) permits testimony regarding a witness's general character or reputation for truthfulness or untruthfulness, testimony regarding a witness's truthfulness on a particular occasion is ordinarily prohibited. *U.S. v. Charley,* 189 F.3d 1251, 1267 (10th Cir. 1999) (discussed in *Finley*); FRE 608(b). Accordingly, Mr. Raskin should be prohibited from expressing opinions or conclusions about the truth of what Krause reported Dr. Abrams had told her, or essentially opining that Krause lied when reporting the polygraph score Dr. Abrams had told her, in order to create an improper inference and support an unfounded argument that the jury should also conclude she lied about other matters in her police reports.

> **6.     Any copy of, or testimony or argument regarding, the videotape of the interview of Kathryn Spencer by James Peters, or any transcript of that videotaped interview should be excluded.**

Plaintiff has indicated in his pretrial statement that he intends to offer as exhibits the videotape of James Peters' interview of Kathryn Spencer, a transcript of that videotaped interview, another copy of the videotape captioned with the text of the transcript of that interview, and Krause's affidavit of authenticity regarding the videotape.  *See* plaintiff's proposed Exs. 29, 30, 102, and 123.  The videotape and transcripts of the same should be excluded under FRE 410 and 403 based on this Court's prior rulings because, as discussed above, plaintiff should be barred from offering evidence or argument that: (1) the children's

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 15 -

disclosures of plaintiff's sexual abuse were the product of coercive or improper interview techniques (in this instance, interview techniques used by James Peters, who has been dismissed as a defendant); and (2) the videotape was *Brady* material that should have been disclosed to plaintiff's criminal defense attorney before he pled guilty.  Krause's affidavit authenticating the videotape should be excluded for the same reasons.  Additionally, offering the transcript of the interview, the videotape of the interview, and the combined transcript and videotape of the interview would be cumulative, and thus prohibited by FRE 403.

If any of these three cumulative exhibits is admitted over defendant's objections, it should only be the videotape (plaintiff's Ex. 30).  Defendants object to admission of the transcriptions (plaintiffs' Exs. 29 and 123) of the videotape, which had relatively poor sound quality at times and as a result was not always accurately transcribed.  For example, in one section, the transcript created by someone hired by plaintiff states Deanne Spencer told Kathryn Spencer "Let's get Ray one more time."  Defendants believe this is an incorrect transcription of what was actually said.  In other sections, alleged gestures and non-verbal communications are transcribed as interpreted by the transcriber.  Neither defendants, nor the three individuals appearing on the videotape had an opportunity to make corrections to their unsworn statements, as would be permitted if it was a transcript of a deposition (*see* FRCP 30(e)).  Rather than misleading or confusing jurors with an inaccurate transcript, if the jury is to be permitted to consider Peters' videotape interview to determine the remaining claims against Davidson and Krause, the jurors should be allowed to decide for themselves what was said or done on the videotape, not told via an inaccurate transcript what plaintiff believes was said or done.

//

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 16 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

7.     **Any copies of, or testimony or argument regarding, records related to the prosecution's production of evidence to defense counsel in the underlying criminal case should be excluded.**

Plaintiff's Exhibit 35 in his pretrial statement is a copy of an Omnibus Application by Defendant and Order of Court entered during the underlying criminal case pursuant to which the prosecutor was obligated to provide certain evidence and materials during pretrial discovery.  As set forth in section II.B.1.a. above, this Court has entered orders dismissing all claims against defendants for alleged failures to disclose evidence during plaintiff's criminal trial.  Plaintiff's claims against the Clark County Prosecutor's Office and former prosecutor James Peters for alleged withholding of Brady material and other alleged constitutional violations have been dismissed.  Dkt. 97, 98, 174, and 179.  Consequently, Exhibit 35 should be excluded pursuant to FRE 401 and 403, and no testimony or argument allowed regarding it or any other pleadings or orders in the criminal case that pertain to the disclosure or production of evidence by the prosecutor, or other previously dismissed claims against the prosecutor's office or James Peters.

8.     **Any copies of, or testimony or argument regarding, pleadings or other records from the dissolution proceedings between Ray and Shirley Spencer, and Michael and Linda Davidson, beyond the Petitions, Answers and/or Counter Petitions, and Replies, should be excluded.**

Plaintiff has indicated in his pretrial statement that he intends to offer as exhibits Shirley Spencer's divorce petition (plaintiff's Ex. 57), plaintiff's answer to that petition (plaintiff's Ex. 62), Davidson's divorce petition (plaintiff's Ex. 63), Linda Davidson's answer to that petition and counter-petition (plaintiff's Ex. 64), and Davidson's reply to the counter-petition (plaintiff's Ex. 66).  Recognizing these documents are of marginal relevance to the remaining claims the jury is to decide (*e.g.,* the timing of when these two marriages ended), defendants have not objected to the admissibility of these documents.

However, plaintiff indicates he also intends to offer 13 additional documents pertaining

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 17 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    to these two divorce proceedings, including motions for restraining orders regarding transfers of

2    property in both cases, and findings of fact and conclusions of law regarding the dissolutions.

3    *See* plaintiff's proposed Exs. 58, 59, 60, 65, 67-76.   These additional dissolution records are

4    immaterial to plaintiff's remaining claims of deliberate fabrication of children's quotations in

5    police reports and conspiracy to frame plaintiff for crimes he did not commit.   The ultimate

6    distribution of property following the Spencers' and the Davidsons' respective divorces has

7    nothing to do with the remaining issues in this case. Additionally, they should be excluded under

8    FRE 403 on the grounds they confuse the issues, cause undue delay and waste time, and because

9    the additional material regarding the Davidsons' divorce contain inadmissible hearsay.

10

11          **9.      Any copies of video from, or testimony or argument regarding, the ABC
           News 20/20 "Kids Recant" program should be excluded.**

12

13          Plaintiff has indicated in his pretrial statement that he intends to offer 66 exhibits from

14   the ABC News 20/20 program entitled "Kids Recant."   *See* plaintiff's Exs. 130-195.   Some of

15   plaintiff's witnesses, including plaintiff, Kathryn Spencer, Matt Spencer and Menona Landrum,

16   made references to this program during their deposition testimony, and Ms. Landrum

17   specifically relied on the program as a basis for speculating that defendants may have forged

18   plaintiff's signature on a deed because they allegedly conspired to frame plaintiff for crimes he

19   did not commit according to the biased, one-sided account portrayed in the 20/20 program.  Any

20   copies of the video from this program, or testimony or argument referencing the program,

21   should be excluded under FRE 403 as unduly prejudicial and misleading.  The fact that plaintiff

22   managed to garner national media attention about his situation is unfairly prejudicial in itself as

23   it would lend an aura of credibility to his allegations in the minds of media-conscious jurors.

24

25   The program, or excerpts from it, also is inadmissible hearsay under FRE 801 and FRE 802 that

26

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS
                                        - 18 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  is offered to prove a conspiracy existed and that defendants deliberately fabricated evidence; the

2  very issues the jury is to decide.

3            **10.**    **Any copies of, or testimony or argument regarding, any newspaper articles**
                      **or correspondence related to newspaper articles discussing any aspect of the**
4                     **underlying criminal case should be excluded.**

5          Plaintiff has indicated in his pretrial statement that he intends to offer two newspaper

6  articles (plaintiff's Exs. 84 and 85), James Peters' written response to those articles (plaintiff's

7  Ex. 87), defendant Davidson's written responses to those articles (plaintiff's Exs. 86 and 89),

8  and a press release from the Clark County Prosecuting Attorney's office (plaintiff's Ex. 103).

9  Presumably, plaintiff also intends to adduce testimony regarding the two newspaper articles and

10 the related letters to newspapers to lay a foundation for their admissibility.  This evidence should

11 be excluded because it is hearsay, unfairly prejudicial and would mislead the jury.

12         The content of newspaper articles is routinely held to be inadmissible hearsay.  *E.g.,*

13 *Larez v. City of Los Angeles,* 946 F.2d 630, 642-43 (9th Cir. 1991) (citing authorities).  Thus,

14 plaintiff's Exs. 84 and 85 should be excluded.  The responses to those articles written by James

15 Peters and Davidson, referencing the content of the articles, are also inadmissible hearsay under

16 FRE 801 and FRE 802, and their content is irrelevant to the issues left to be decided under FRE

17 401.  Admitting James Peters' and Davidson's written criticisms of that hearsay would

18 essentially be a misleading, "back door" way to admit the hearsay reports they were criticizing

19 as unfair and incomplete media reporting, warranting their exclusion under FRE 403.  Thus,

20 Peters' and Davidson's written responses to the newspaper articles should be excluded along

21 with the newspaper articles themselves.

22         The press release from the Clark County Prosecuting Attorney's Office should be

23 excluded pursuant to FRE 401 and 403 and because it is hearsay.  No exception to the hearsay

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 19 -

1   rule applies to the press release.  Moreover, this press release was the basis for plaintiff's

2   defamation claim, which was previously dismissed by this Court.  Dkt. 91, pp. 38-39; Dkt. 93, p.

3   27.  As argued above, pursuant to FRE 401 and 403, plaintiff should not be permitted to offer

4   evidence or argument about claims that were previously dismissed by this Court.  The

5   Prosecuting Attorney's press release is immaterial to the remaining claims against Davidson and

6   Krause.  Even if it were material, FRE 403 independently justifies exclusion because the press

7   release confuses the issues the jury is to decide and misleads the jury into incorrectly believing

8   Davidson or Krause had any connection to the press release, which was issued by a separate

9   entity more than a decade after each had retired from the Clark County Sheriff's Office.

10

11          **11.     Any copies of records, or testimony or argument related to, plaintiff's post-
12                   conviction efforts to gain release from prison, with the exception of Matt
                     Spencer's March 3, 2003 letter to former Governor Locke, should be
13                   excluded.**

14          Plaintiff indicated in his pretrial statement that he intends to introduce into evidence

15   copies of a letter James Peters wrote in 1998 to the Independent Sentencing Review Board

16   (Exhibit 80), a letter DeAnne Spencer wrote to Governor Locke in 2003 (Exhibit 81), a letter

17   Matt Spencer wrote to the Clemency and Pardons Board in 2006 (Exhibit 88), a letter defendant

18   Davidson wrote to a representative of the Governor's office in 2006 (Exhibit 89), and a letter

19   Arthur Curtis wrote to the Clemency and Pardons Board in 2007 (Exhibit 90).  These letters

20   express opinions of the authors about the wisdom of plaintiff being paroled from prison, or

21   being granted clemency or a pardon, and are therefore irrelevant to the remaining issues under

22   FRE 401.  The 2006 letter by Matt Spencer also contains statements regarding allegedly

23   coercive interview techniques used by defendant Krause, a claim which this Court has dismissed

24   and ruled inadmissible for purposes of attempting to prove a conspiracy, or for any other

25   purpose. Even if deemed relevant, these letters should be excluded under ER 403 as their

26

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 20 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   introduction into evidence would confuse the issues, mislead the jury concerning the issues they

2   are to decide, and waste time at trial.

3          The only other similar exhibit listed by plaintiff in his pretrial statement is a copy of Matt

4   Spencer's March 2, 2003 letter to Governor Locke in which he objects to plaintiff's request for

5   clemency.  Defendants have stipulated to the admissibility of this letter due to its relevance to

6   Matt Spencer's later recantation of his disclosures of sexual abuse by plaintiff in March 2006.

7

8          **12.    Any copy of a document listing, or testimony or argument related to, plaintiff's past or current medications should be excluded.**

9          Plaintiff's pretrial statement identifies his proposed Exhibit 105 as "Ray Spencer's

10  current list of prescription medications."  This two page computer printout lists 11 prescription

11  medications under a heading "Active Outpatient Medications," and five others under a heading

12  "Inactive Outpatient Medications."   The printout shows a date of 11/19/2013, but does not

13  identify the medical facility or health care provider from which it was obtained.  After listing

14  these "16 Total Medications," the printout concludes:  "**DRAFT COPY – DRAFT COPY –

15  ABOVE NOTE IS UNSIGNED—DRAFT COPY – DRAFT COPY**."

16

17         Exhibit 105 should be excluded for two reasons.  First, it has not been authenticated, nor

18  has any witness been identified who could do so.  Second, even if properly authenticated, expert

19  medical testimony would be required to render a diagnosis of each condition or symptom for

20  which each of the medications has been prescribed, and to establish a causal connection between

21  each such condition or symptom and the injuries or damages allegedly caused by defendants.

22  *See Patterson v. Horton,* 84 Wn. App. 531, 543, 929 P.2d 1125 (1997) ("medical records and

23  bills are relevant to prove past medical expenses only if supported by additional evidence that

24  the treatment and the bills were both necessary and reasonable"); *James River Ins. v. Rapid

25  Funding, LLC,* 658 F.3d 1207, 1214 (10th Cir. 2011) (FRE 701 "does not permit a lay witness to

26

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 21 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness"); RCW 18.64.011(25) (defining "prescription" as "an order for drugs or devices issued by a practitioner duly authorized by law or rule in the state of Washington to prescribe drugs or devices in the course of his or her professional practice for a legitimate medical purpose").

When faced with the prospect of a court ordered independent mental health examination, plaintiff made the strategic decision to withdraw the only mental health expert he disclosed in this case, Dr. Ruth Kuncel.  Dkt. 132, p. 3, ll. 7-8.  Plaintiff himself is unable to provide the necessary testimony that would make plaintiff's proposed Exhibit 105 admissible, as this Court has already ruled that he will be prohibited from providing any expert testimony in this case. Dkt. 132, p. 3, ll. 14-16.  Accordingly, plaintiff's Exhibit 105 should be precluded, as should any evidence or argument that plaintiff has been diagnosed with any mental or physical health conditions requiring reasonable and necessary medical treatment of any kind.

> **13.    Any copies of, or testimony or argument regarding, criminal cases in which Matthew Hansen was a defendant that are not admissible under FRE 609 should be excluded.**

Plaintiff has indicated in his pretrial statement that he intends to offer 16 exhibits regarding Matthew Hansen's criminal history from 2002 to 2013.  *See* plaintiff's Exhibits 106-122.  Evidence of prior crimes is generally inadmissible.  FRE 404(b).  However, evidence of specifically limited types of criminal convictions may be admissible only to impeach a witness's character for truthfulness.  FRE 609.  Thus, these exhibits could potentially be admissible if Matthew Hansen testifies, but would not be admissible if he does not testify.

Defendants have indicated in their joint pretrial statement that they will call Matthew Hansen to testify.  If he testifies, then he would be subject to proper impeachment.  However,

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 22 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

plaintiff should be precluded from impeaching Matthew Hansen based on his proposed Exhibits 106-122 because these exhibits do not meet the requirements of FRE 609.

The only crimes admissible for impeachment purposes under FRE 609 are crimes punishable by imprisonment for more than one year, or crimes where "the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement."  FRE 609(a)(1) and (2).  As a threshold matter, only plaintiff's proposed exhibits 107 (plea of guilty), 110 (judgment and sentence) and 117 (judgment and sentence) are evidence of convictions.  The remaining 13 exhibits pertaining to Matthew Hansen's court involvement should be excluded because they do not provide evidence of convictions and are thus outside the scope of permissible impeachment authorized by FRE 609.

Turning to Exhibits 107, 110 and 117, the first two of these exhibits involve the same conviction for criminal trespass in the first degree, which is a gross misdemeanor under RCW 9A.52.070.  Exhibit 117 involves a conviction for assault in the fourth degree, which also is a gross misdemeanor under RCW 9A. 36.041.  Pursuant to RCW 9.92.020, the maximum sentence for gross misdemeanors is not more than 1 year in jail.  The elements for both of these crimes do not require proof of a dishonest act or false statement. *See* RCW 9A.36.041; RCW 9A.52.070.  Therefore, none of plaintiff's proposed Exhibits 106-122 should be admitted because none of these exhibits involve crimes within the scope of FRE 609.  Plaintiff should be precluded from attempting to impeach Matthew Hansen based on these prior gross misdemeanor convictions.

### 14.   Cumulative photos of plaintiff and/or his family, and a prison setting should be excluded.

Plaintiff's pretrial statement lists as exhibits two photos of plaintiff (Exhibits 1 and 2), one photo of plaintiff with his children (Exhibit 3), and 66 photos described as "Still photo taken

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 23 -

from 20/20 'Kids Recant' video" (Exhibits 130-195), which are a random collection of photos of

plaintiff and/or his children, and/or his current wife, or depictions of penal institutions.  None of

these photos are relevant under FRE 401, as none tend to prove whether defendants deliberately

lied about statements attributed to the children in defendant Krause's reports, whether

defendants did so with actual or constructive knowledge of plaintiff's innocence, or whether

defendants entered into a conspiracy to engage in such unconstitutional conduct.  None of the

photos of plaintiff with his children are accompanied by an identification of when they were

taken and, even if taken during or after the reported abuse occurred, they would prove nothing of

consequence because even an abused child can find moments to smile.  Even if deemed to have

some probative value, this cumulative selection of photos should be excluded under FRE 403

because any such probative value is substantially outweighed by the danger of unfair prejudice

to defendants caused by the photos' appeal to sympathy for plaintiff by the jury.  Introduction of

these photos, especially all of them, would also result in undue delay, wasting time, and the

needless presentation of cumulative evidence.

**15.   Any argument, testimony, or comments which invite the jurors to conceptually put themselves in the place of the plaintiff in considering any of the issues should be excluded.**

This argument, commonly known as the "golden rule argument," was expressly disfavored

in *Meabon v. State*, 1 Wn. App. 824, 831, 463 P.2d 789 (1970), where the court stated:

> Defendant's last assignment of error relates to final argument of plaintiff's counsel wherein he asked the jurors to place themselves in the position of Miss Meabon and experience some of the problems she would encounter because of her injury.  This is a highly questionable request.  A juror's duty is to act disinterestedly and impartially.  WPI 1.01.  Counsel asked them to do otherwise.

As the *Meabon* court noted, jurors are uniformly instructed about their duty to be impartial

and to not let sympathy or prejudice influence their determination in rendering a proper verdict.

*See, e.g.,* 9th Cir. Manual of Model Civil Jury Instructions 1.1.  Argument or testimony suggesting

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 24 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  particular empathy toward plaintiff is inconsistent with the duty of each prospective juror and the

2  jury as a whole.

3       In *Adkins v. Aluminum Co.,* 110 Wn.2d 128, 139, 750 P.2d 1257, 756 P.2d 142 (1988), the

4  court similarly addressed the impropriety of a "golden rule" argument as follows:

5       Such an argument is "improper because it encourages the jury to depart from neutrality and
        to decide the case on the basis of personal interest and bias rather than on the evidence."

6

7  Accordingly, this type of argument or testimony is improper and should be prohibited.

8       RESPECTFULLY SUBMITTED this 2nd day of December, 2013.

9

                              s/ Guy Bogdanovich
10                            GUY BOGDANOVICH, WSBA No. 14777
                              Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
11                            P.O. Box 11880
                              Olympia, WA 98508-1880
12                            Telephone:  (360) 754-3480
                              Fax:  (360) 357-3511
13                            Email:  gbogdanovich@lldkb.com
                              Attorney for defendant Sharon Krause
14

                              s/Jeffrey A. O. Freimund
15                            JEFFREY A. O. FREIMUND, WSBA No. 17384
                              Freimund Jackson & Tardif, PLLC
16                            711 Capitol Way South, Suite 602
                              Olympia, WA  98502
17                            Telephone:  (360) 534-9960
                              Fax:  (360) 534-9959
18                            Email:  jeffF@fjtlaw.com
                              Attorney for defendant Michael Davidson
19

20

21

22

23

24

25

26

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 25 -

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I caused to be electronically filed Defendants' Joint Motion in Limine with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
        dhjohnson43@aol.com
Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
        kathleen.zellner@gmail.com
Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
        dandavies@dwt.com


                    _s/Kathrine Sisson_____
                    KATHRINE SISSON
                    Legal Assistant to
                    JEFFREY A. O. FREIMUND, WSBA No. 17384
                    Freimund Jackson & Tardif, PLLC
                    711 Capitol Way South, Suite 602
                    Olympia, WA  98502
                    Telephone:  (360) 534-9960
                    Fax:  (360) 534-9959
                    jeffF@fjtlaw.com
                    Attorney for defendant Michael Davidson

DEFENDANTS' JOINT MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

- 26 -