Honorable Judge Benjamin Settle

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, | ) |
| Plaintiff, | ) No. C11-5424BHS |
| v. | ) PLAINTIFF'S MOTIONS IN |
| | ) LIMINE |
| SHARON KRAUSE and MICHAEL DAVIDSON, | ) NOTED ON MOTION |
| | ) CALENDAR:  December 13, 2013 |
| Defendants. | ) |
| | ) |

Now Comes Plaintiff, Clyde Ray Spencer ("Spencer"), by and through his attorneys, Kathleen T. Zellner & Associates, and in support of his motions in limine,  and states as follows:

### BACKGROUND

Plaintiff filed this lawsuit against Clark County Detective Sharon Krause ("Defendant Krause"), her supervisor Michael Davidson ("Defendant Davidson"), Clark County prosecutor James Peters, and the entities that employed these individual defendants, alleging various federal and state causes of action arising from his wrongful conviction and incarceration.

This Court has sifted through hundreds of documents dating back close to 30 years and narrowed the case to federal causes of action against Defendants Krause and Davidson with essentially three core liability issues: did Defendant Sharon Krause fabricate statements and behaviors attributed to the alleged child victims in her reports,[1] is Defendant Davidson liable

---

[1] This issue is material to Plaintiff's deliberate fabrication and malicious prosecution claims.

PLAINTIFF'S MOTIONS IN LIMINE
 (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1   for Krause's fabrication directly or as her supervisor, and did Krause and Davidson conspire to

2   imprison Plaintiff?  *See* dkt. 180 at 22-31, 35-39; dkt. 187 at 11-14, 15-19.  The relevant

3   evidence to prove or disprove these issues is far narrower than the potential evidence that was

4   exchanged in discovery.  For example, evidence regarding the standards of child-interviewing

5   in 1984 and 1985 are irrelevant in light of the fact that Plaintiff's coercive interviewing claim

6   has been dismissed.  Likewise, opinion testimony that Krause's reports, if true, would establish

7   probable cause to charge is irrelevant in light of the fact that Plaintiff's remaining claims are

8   against the officers responsible for the reports, not the prosecutors interpreting them.  And

9   regardless of claims that have been dismissed, any evidence regarding rumors, allegations, or

10  statements pertaining to Plaintiff's actions well before the investigation bear no relevance as to

11  whether Defendants Krause and Davidson engaged in the alleged actions.

12       In short, this is a significantly narrowed case and the evidence should be limited to the

13  pertinent issues.  In an effort to avoid unnecessary delays during trial, and to prevent this trial

14  from becoming a series of mini-trials regarding irrelevant matters, Plaintiff seeks pre-trial

15  resolution of the evidentiary issues set forth below.

16  ***1.   Motions to bar the defense from publishing and/or eliciting testimony related to irrelevant and highly prejudicial allegations of unconvicted prior bad acts***

17
18       Defendant Krause's reports contain several allegations of prior bad acts by Plaintiff.

    Evidence relating to these allegations are barred by FRE 404(a) and 404(b).  In particular,

19  Plaintiff moves to bar any evidence concerning the following alleged bad acts because they are

20  irrelevant to the issues at bar and pursuant to FRE 404(a)-(b):

21       **a.  Accusations related to Rhonda Short**

22
23       Several of Defendant Krause's reports indicate that DeAnne Spencer advised her that a

24  female adult neighbor had accused Plaintiff of rape in November of 1978.  Plaintiff denied the

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

allegation, there was no criminal investigation into the matter, and Plaintiff was never charged with any crime related to the accusation.  Rhonda Short has not been disclosed by Defendants as a witness.

Any reference to Rhonda Short or DeAnne Spencer's second-hand description of the rape should be barred by FRE 404(a) and 404(b) as impermissible character and prior bad acts evidence.  Any such reference would also be irrelevant, and therefore, inadmissible. Defendants have never claimed that Rhonda Short added to probable cause.  Rather, Defendants have alleged that probable cause consisted of the alleged descriptions of abuse provided by the children, as well as what they claim are "sexual and other behaviors consistent with abuse."  Dkt. 133, pp. 17-18; Dkt. 139, pp. 7-10.  Art Curtis, the prosecuting attorney for Clark County who made the initial decision to charge Plaintiff, testified that the allegations made by Katie Spencer served as the probable cause for Plaintiff's initial arrest.  Finally, it would be difficult for Defendants to maintain that they relied on Rhonda Short in assessing probable cause where Defendant Krause did not even interview Rhonda Short to gather first-hand information regarding the alleged rape.  *See U.S. v. Struckman*, 603 F.3d 731, 742 (9th Cir. 2010) (officers may not solely rely on the claim of a citizen witness, but must independently investigate the basis of the witness' knowledge or interview other witnesses).

Defendants may also try argue that the rape accusation is relevant to damages, in that the allegation is ostensibly part of the reason that Plaintiff was terminated from his employment with the Vancouver Police Department.  However, Plaintiff has notified Defendants that he is not seeking damages related to his loss of employment.  Thus, the reasons for Plaintiff's termination are irrelevant to the issues in this case.  *See infra* motion 11.

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting testimony referring to any allegation of rape by Rhonda Short against Plaintiff.

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

2          **b.  Alleged infidelity**

3          Defendant Krause's reports of interviews with DeAnne and Shirley contain accusations

4  of infidelity by Plaintiff.  Evidence that Plaintiff engaged in consensual sex with adult females

5  does not have any relevance to the issue of whether Defendants fabricated reports stating that

6  he had sexually abused three children under the age of nine.  *See J.W. v. City of Oxnard*, 2008

7  WL 4810298, at *8 (C.D. Cal. Oct. 27, 2008).

8          WHEREFORE, Plaintiff respectfully requests an order barring the defense from

9  eliciting testimony referring to any allegations of infidelity against Plaintiff.

10          **c.  Alleged gun confiscation**

11          One of Defendant Krause's reports contains an allegation that while Plaintiff was a

12  police officer with the Vancouver Police Department, he confiscated a lot of guns, some of

13  which he kept.  Any reference to such allegations constitute impermissible character and/or

14  prior bad act evidence.

15          WHEREFORE, Plaintiff respectfully requests an order barring the defense from

16  eliciting testimony referring to any allegations of gun confiscation and/or theft against Plaintiff.

17          **d.  Alleged confrontation with Shirley about guns**

18          One of Defendant Krause's reports states that, as part of Plaintiff's release agreement,

19  he was not to possess any guns.  The report further alleges that Plaintiff got into a confrontation

20  with Shirley about her possession of his guns.  The conditions of Plaintiff's release with respect

21  to firearms and his alleged confrontation with Shirley constitute impermissible character and/or

22  prior bad act evidence.

23

24

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting testimony referring to Plaintiff's conditions of release with respect to gun possession and/or Plaintiff's alleged confrontation with Shirley.

### e.  Alleged lie to superiors at Vancouver Police Department

One of Defendant Krause's reports and documents created by the Vancouver Police Department (which are irrelevant and inadmissible for reasons stated *infra* motion 11) contain an allegation that Plaintiff had lied to his superiors at the Vancouver Police Department regarding an undercover investigation.  This allegation constitutes impermissible character and/or prior bad act evidence.

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting testimony referring to Plaintiff's alleged lie to his superiors at the Vancouver Police Department.

**2.**   ***Motion to bar the defense from publishing and/or eliciting testimony related to irrelevant, highly prejudicial excerpts in Defendant Krause's reports of interviews with DeAnne and Shirley Spencer***

Defendant Krause's reports attribute several statements to DeAnne and Shirley Spencer that are inadmissible under FRE 402 and 403(b) because they are irrelevant and/or unfairly prejudicial to Plaintiff.  Admission of these statements would greatly increase the length of this trial.  Plaintiff seeks an order barring the defense from publishing these excerpts to the jury and/or eliciting any testimony related to these excerpts at trial.  In summary form, these statements are as follows:

### a.  Statements related to quality of Plaintiff's marriages with DeAnne and Shirley

References to Plaintiff's alleged infidelity, his "control" over DeAnne and Shirley, how he preferred them to dress, and intimate details regarding aspects of their sex lives are

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

obviously irrelevant to the issues in this case, and would serve no purpose other than to prejudice Plaintiff in the eyes of the jury.

### b.  Statements related to Plaintiff allegedly having herpes

Krause's reports contain information allegedly provided by DeAnne and Shirley Spencer that insinuate that Plaintiff transmitted herpes to them, and that Plaintiff blamed each of them for giving him an infection.  There is no evidence that Plaintiff had herpes in 1984 or 1985 apart from his ex-wives' statements.  There is no evidence that any of the alleged victims had a sexually transmitted disease at any time.  These statements simply add nothing to probable cause or any of the other issues in this case.

### c.  Statements related to Plaintiff's alleged possession of pornography

Defendant Krause's reports allege that Plaintiff possessed pornographic books. Defendants have failed to produce produce any documents substantiating the claim that Plaintiff possessed pornographic material.  Any reference to Plaintiff's alleged possession of pornography should be barred as unsubstanitated, irrelevant, and unfairly prejudicial.

Defendants might argue that Plaintiff's alleged possession of adult pornography is relevant to probable cause.  Information supporting probable cause must be reasonably trustworthy and reliable, *e.g., Stoot v. Everett*, 582 F.3d 910, 919 (9th Cir. 2009), and, while probable cause may be a loose concept, "it leaves no room for the absurd," *Fox v. Hayes*, 600 F.3d 819, 834 (7th Cir. 2010).  The alleged possession of adult pornography would not cause a prudent person to believe that Plaintiff molested his children.  And, while probable cause is an objective analysis, Defendants' have not argued in any of their summary judgment motions that Plaintiff's putative possession of pornography contributed to probable cause.  Dkts. 133, 139, 171, and 173.

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

**d.  Additional irrelevant and prejudicial statements by DeAnne and Shirley**

There are a number of other statements in Defendant Krause's reports of her interviews with DeAnne and Shirley Spencer that are irrelevant and prejudicial.  These include the following:  (1) that Plaintiff was upset with a black supervisor at work; (2) that Plaintiff had taken and failed the "law exam"; (3) that Plaintiff told DeAnne on one occasion that there was a fine line between cops and criminals; (4) that a marriage counselor, Dr. Ladley, told DeAnne that he thought Plaintiff was a pathological liar; (5) that during the underlying criminal investigation, Plaintiff told Shirley that he was going to get even with unidentified individuals; (6) that Plaintiff's defense attorney, Jim Rulli, told Shirley Spencer that Plaintiff had asked Rulli not to show any reports to Shirley; and, (7) that Plaintiff's sister had contacted Shirley and told her that "if she didn't get back with [Plaintiff] it wouldn't look good when it went to court."

WHEREFORE, Plaintiff respectfully requests an order barring the defense from publishing to the jury and/or eliciting testimony concerning the foregoing subjects from Defendant Krause's reports.

**3.    *Motion to bar the defense from publishing and/or referencing Defendant Krause's interview of Kathryn Roe***

During her investigation, Defendant Krause interviewed DeAnne Spencer's sister, Kathryn Roe.  According to Krause's report, Roe told Krause that on one occasion Plaintiff asked Roe if she wanted to take a nap with him.  On another occasion he allegedly told her, "Gee, too bad you're not a little older.  You and I could have a good time."  At another time Plaintiff supposedly told Roe that she "should take her jacket off so her nipples would show."  Roe further stated that Plaintiff possessed pornography and that Plaintiff had DeAnne "dress like a common whore."

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1   Reference to this interview should be barred.  None of what Roe allegedly told Krause

2   that Plaintiff allegedly said to her is relevant to probable cause.  Defendants' motions for

3   summary judgment have not relied on what Roe told Krause as establishing probable cause.

4   WHEREFORE, Plaintiff respectfully requests an order barring the defense from

5   publishing and/or referencing Defendant Krause's interview of Kathryn Roe.

6
7   **4.   Motion to bar the defense from publishing and/or referencing Defendant Krause's interview of Phyllis Day**

8   Defendant Krause also interviewed DeAnne Spencer's mother-in-law, Phyllis Day.

9   Day allegedly told Krause that Plaintiff "always just has to cause trouble some way"; that

10   when Plaintiff was married to DeAnne "he had total control over her"; that Plaintiff was

11   frequently absent during the marriage and used "cop stuff as an excuse"; and that when

12   Plaintiff did something "he wasn't supposed to, he turned things around until DeAnne felt like

13   it was her fault and apologized."  None of these statements are relevant to Plaintiff's fabrication

14   of evidence, malicious prosecution, or conspiracy claims, nor do they add to probable cause.

15   WHEREFORE, Plaintiff respectfully requests an order barring the defense from

16   publishing and/or referencing Defendant Krause's interview of Phyllis Day.

17
18   **5.   Motion to bar the defense from publishing and/or referencing Defendant Krause's interview of Linda Lawrence**

19   Defendant Krause interviewed DeAnne Spencer's sister, Linda Lawrence.  According to

20   Krause's report, Lawrence told her, *inter alia*, the following:  (1) that Plaintiff was preoccupied

21   with sex; (2) that Plaintiff did not care about anyone else's feelings; (3) that Plaintiff did not

22   respect DeAnne; (4) that on one occasion Plaintiff told Lawrence she had two beautiful

23   daughters and, though she did not know why, the way Plaintiff said it "made [her] sick to [her]

24

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1    stomach"; (5) that Plaintiff was "very paranoid" and always had a gun in plain view at his

2    residence; and, (6) that on one occasion in 1981 Plaintiff drove while intoxicated.

3         These statements are clearly irrelevant as they do not relate to fabrication of evidence,

4    malicious prosecution, conspiracy, or probable cause, and/or they are inadmissible as evidence

5    of alleged prior bad acts.  The statements are highly prejudicial and should not be admitted.

6         WHEREFORE, Plaintiff respectfully requests an order barring the defense from

7    publishing and/or referencing Defendant Krause's interview of Linda Lawrence.

8

**6.    Motion to bar witnesses other than Matthew Hansen from testifying that Hansen has**
9    **never "recanted"**

10        In their motions for summary judgment, Defendants Krause and Davidson repeatedly

11   argued that Matthew Hansen has never "recanted" his allegations against Plaintiff.  Dkt. 139, p.

12   17, ln. 6; Dkt. 171, p. 6, fn. 3, and p. 9, ln. 3; Dkt. 181, p. 4, ln. 11-25; Dkt. 133, p. 8, ln. 5-6,

13   and p. 14, ln. 7-8.  Defendants have maintained that Hansen "steadfastly adheres to his prior

14   disclosures" of abuse.  Dkt. 139, p. 18, ln. 10, Dkt. 133, p. 9, ln. 2-4, and p. 10, ln. 5-7.  In

15   support of this assertion, Defendants cite Matthew Hansen's putative "sworn" statement given

16   to Tim Hammond and Dennis Hunter on October 20, 2009, during which Hansen refused

17   (and/or was unable) to provide any narrative description of what allegedly occurred.  Dkt. 54-1.

18        Plaintiff seeks an order barring the defense from eliciting any testimony to the effect

19   that Matthew Hansen has never "recanted", as well as an order barring any reference to the

20   statement he gave on October 20, 2009.  Any such testimony would be hearsay and

21   inadmissible.  Moreover, FRE 804 does not apply as Hansen is not an "unavailable" witness.

22   In short, if Defendants wish to elicit testimony that Matthew Hansen has never recanted and

23   "steadfastly adheres to his prior disclosures" of abuse, they must call Matthew Hansen at trial

24   to testify and subject him to cross-examination.

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting testimony from witnesses other than Matthew Hansen that he has never recanted and from referencing Hansen's out-of-court statement given October 20, 2009.

**7.  Motion to bar Jim Peters from testifying**

Defendants disclosed Jim Peters as a witness that will testify at the trial for the first time in their Pretrial Statement served November 26, 2013.  Although  Mr. Peters was a Defendant in this case, he is no longer a party.  Mr. Peters has never previously been identified as a witness by these Defendants.  He was not disclosed in their Fed. R. Civ. P. 26(a)(1) disclosures, nor in any expert disclosure.

Even if Defendants had not violated the rules of disclosure, Mr. Peters testimony should be barred as it would be irrelevant.  As set forth above, the issues in this case have been  narrowed to whether Defendants fabricated quotations and behaviors of the children in the police reports and presented those reports to Arthur Curtis.  It is undisputed that Curtis relied upon this reports in making the charging decision.  Mr. Peters has admitted that Curtis made the charging decisions, including the decision to charge Plaintiff with the Second Amended Information, pursuant to which the *Alford Plea* was entered.

Peters should also be barred from offering any opinions in this case, including but not limited to those which are inadmissible as lay opinions because they rely on scientific, technical, or otherwise specialized knowledge falling within the scope of expert testimony under FRE 702.  This would encompass any of Peters' opinions regarding the significance of the Katie Spencer of Matthew Hansen medical reports, Plaintiff's competence at the plea hearing, and child sexual abuse accommodation syndrome ("CSAAS").  Any such testimony is governed by the disclosure requirements of the Federal Rules of Civil Procedure.  This

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 10

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1    "eliminate[s] the risk that the reliability requirements set forth in Rule 702 will be evaded

2    through the simple expedient of proffering an expert in lay witness clothing."  *See* FRE 701

3    Advisory Committee Notes (2000 Amendment).  Peters was not disclosed by Defendants as an

4    expert witness, and he certainly was not disclosed as an expert in the field of physical

5    examinations of suspected child sexual assault victims, Plaintiff's competence, or CSAAS.

6    Defendants have not disclosed the subject matter of Peters' expert testimony, nor a summary

7    of the facts and opinions to which Peters might to testify, in accordance with Federal Rule of

8    Civil Procedure 26(a)(2)(C).  The failure to fulfill the disclosure requirements of Rule 26(a)

9    warrants exclusion of the evidence.  *E.g., Yeti by Molly, Ltd., v. Deckers Outdoor Corp.*, 259

10   F.3d 1101, 1106 (9th Cir. 2001).

11   Peters should also be barred from testifying to his belief in Plaintiff's guilt of the

12   underlying criminal charges.  Peters has admitted he was not involved in the criminal

13   investigation of Plaintiff, and the charges against Plaintiff were filed as a result of the

14   investigation conducted by Defendants.  Dkt. 135, pp. 12-13, ln. 20-9, p. 20, ln. 9-12, 16-18;

15   Dkt. 170, p. 5, ln. 10-25.  Thus, any opinion Peters may harbor about Plaintiff's guilt is not

16   based on his own perception but rather on the reports generated and evidence gathered by

17   Defendants, rendering his opinion inadmissible.  Furthermore, Peters' personal opinion as to

18   Plaintiff's guilt is irrelevant and would not aid the jury.

19   Further, Peters should be barred from speculating as to why Plaintiff entered the *Alford*

20   plea.  Peters has speculated that Plaintiff did so as part of the "'blue code of silence' which

21   motivates some police officers to put loyalty to fellow officers above the truth."  Plaintiff seeks

22   an order barring Peters from testifying as to Plaintiff's motives for entering an *Alford* plea, as

23   such testimony would be nothing more than unsupported conjecture and speculation.  *E.g., U.S.*

24   *v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007), citing *U.S. v. De Peri*, 778 F.2d 963 (3rd Cir.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1    1985) ("It is necessary that a lay witness's "opinions are based upon ... direct perception of the

2    event, [and] are not speculative[.]")

3        It appears that Peters' testimony, either as an expert or lay opinion witness, would be

4    offered for the purpose of testifying that Defendants Krause and Davidson are credible and

5    Katie Spencer and Matt Spencer are not.  Such testimony is not admissible.  *United States v.*

6    *Barnard,* 490 F.2d 907, 913 (9th Cir. 1973).

7        WHEREFORE, Plaintiff respectfully requests an order barring the defense from

8    eliciting testimony from Jim Peters.  In the event Mr. Peters is permitted to testify at all, he

9    should be barred from testifying as to credibility, his opinion as to Plaintiff's guilt, as an expert

10   in child competency, and/or as an expert in medical exams or any other matters requiring a

11   medical degree.

12
13   **8.    *Motion to bar any defense witness from offering a personal opinion as to Plaintiff's
       guilt***

14       The defense may attempt to elicit opinion testimony from Defendant Krause, Defendant

15   Davidson, Arthur Curtis, James Peters, and Rebecca Roe.  As set forth herein, Peters and Roe

16   should not be permitted to testify at all.  In any event, no defense witness should be permitted

17   to testify as to their opinion that Plaintiff is guilty of the underlying criminal charges because

18   such testimony is irrelevant and would not aid the jury.

19       WHEREFORE, Plaintiff repsectfully requests as order barring the defense from eliciting

20   opinion testimony from any defense witness as to their opinion that Plaintiff is guilty of the

21   underlying criminal charges.

22

23

24

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 12

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

**9.      *Motion to bar Defendant Sharon Krause from testifying as an expert in child sex abuse cases***

For the same reasons set forth above, Plaintiff requests an order barring Defendant Krause from testifying as an expert as to Plaintiff's competence, CSAAS and/or false denials in child sex abuse cases.  Defendant was not disclosed as an expert, and she may not evade the disclosure requirements by offering her opinions as lay witness testimony.  *See* FRE 701 Advisory Committee Notes (2000 Amendment).

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting testimony from Defendant Krause on the foregoing subject matter.

**10.     *Motion to bar any lay or expert testimony that Katie Spencer, Matt Spencer, or Matt Hansen exhibited behavioral characteristics consistent with victims of sexual abuse***

Defendants may also seek to elicit testimony that the alleged victims in this case exhibited behavioral characteristics consistent with sexual abuse.  Such testimony qualifies as expert testimony because it is based on scientific, technical, or other specialized knowledge within the scope of FRE 702.  *E.g., U.S. v. Bighead*, 128 F.3d 1329, 1330-31 (9th Cir. 1997) (finding proper expert testimony regarding general behavioral characteristics of alleged sex abuse victims when based upon expert's years of interviews and personal study); *U.S. v. Antone*, 981 F.2d 1059-62 (9th Cir. 1992) (same).  However, Defendants have not disclosed an expert in behavioral characteristics of child sex abuse victims as required by FRCP 26(a)(2).  The failure to do so requires exclusion of the evidence.  This is particularly true where the failure to disclose an expert as to this issue would prejudice Plaintiff by hindering his ability to conduct meaningful discovery and to rebut any such testimony with his own expert.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting any lay or expert testimony regarding behavioral characteristics of sexual abuse victims.

**11.    *Motion to bar any and all documents and/or testimony referencing the Vancouver Police Department's internal investigation and/or bases for terminating Plaintiff's employment***

The Vancouver Police Department conducted an internal investigation of Plaintiff and terminated his employment.  The reasons for Plaintiff's termination are irrelevant to the issues in this case.  Plaintiff is not asserting a claim for lost wages.  There is no evidence that the Defendants or the prosecution relied on the Vancouver Police Department's investigation in establishing probable cause.  And there is no proof that any information gathered during the internal investigation was utilized in the decision to file charges against Plaintiff.  The Vancouver PD never interviewed Katie Spencer, and instead relied on Defendant Krause's investigation with regard to the allegations of abuse against Katie Spencer in reaching its decision whether to terminate Plaintiff from his employment.

WHEREFORE, Plaintiff respectfully requests an order barring the admission of any and all documents and/or testimony regarding the Vancouver Police Department's internal investigation and/or the bases for terminating Plaintiff's employment.

**12.    *Motion to bar the defense from calling James Rulli***

Defendants have disclosed James Rulli as a potential witness, stating that Mr. Rulli is expected to be called to testify regarding his representation of Clyde Ray Spencer.  Mr. Rulli represented Plaintiff in connection with the underlying criminal charges.  Plaintiff moves to bar any testimony from James Rulli concerning his "representation" of Plaintiff, in that such testimony would infringe upon attorney-client privilege.  Because Mr. Rulli has not been

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1    disclosed as potentially testifying to any other relevant, admissible subject matter, his testimony

2    should be barred in its entirety.

3            Defendants may seek to introduce the testimony of Mr. Rulli to argue that Plaintiff was

4    competent when he entered his *Alford Plea*.  However, Plaintiff's competence is not at issue in

5    this case and both parties are estopped from relitigating that issue.

6            WHEREFORE, Plaintiff respectfully requests an order barring the defense from calling

7    James Rulli to testify.

8

9    **13.    Motion to bar testimony from any witness about what Katie and Matt Spencer**
          **allegedly said during an interview on May 9, 1985 in Sacramento**

10           The defense may attempt to elicit hearsay testimony about what Katie and Matt Spencer

11   allegedly said during an interview on May 9, 1985 in Sacramento.  Any such testimony should

12   be barred because it is irrelevant hearsay.  The last information filed against Plaintiff in the

13   underlying criminal case was filed May 3, 1985, and was based on the investigation and

14   witness interviews conducted by Defendant Krause.  Thus, any information purportedly given

15   by Katie and Matt Spencer to Jim Peters on May 9 did not serve as the basis for the charging

16   decision or probable cause.  Further, as this Court has narrowed the causes of action to

17   fabrication of evidence, malicious prosecution, and conspiracy, only the information allegedly

18   known and acted upon by Defendants Krause and Davidson is relevant at trial.  Thus, this post-

19   charging decision interview done by Peters has no bearing on any of the issues before the jury.

20           WHEREFORE, Plaintiff respectfully requests an order barring the defense from

21   eliciting testimony concerning what Katie and Matt Spencer allegedly said during the May 9,

22   1985 interview.

23

24

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 15

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

*14.*   ***Motion to bar any reference or suggestion to witnesses having been former parties and/or having a financial stake in the outcome of the case***

Plaintiff respectfully requests an order barring any reference to the fact that Katie and Matt Spencer were formerly plaintiffs, and that Jim Peters was formerly a defendant, in this litigation.  Because this Court has dismissed with prejudice the claims involving these witnesses, they no longer have any stake in this litigation by virtue of their former party status.  Moreover, because reference to the witnesses' former status as a party may cause the jury to question why they are no longer parties, any probative value would be substantially outweighed by the risk of confusion and/or misleading the jury.  FRE 403.

WHEREFORE, Plaintiff respectfully requests an order barring any reference to Katie and Matt Spencer as having formerly been plaintiffs in this lawsuit, and to Jim Peters as having been a defendant.

*15.*   ***Motion to bar Rebecca Roe from testifying at trial***

Plaintiff moves to bar Defendants from calling Rebecca Roe as a witness.  Ms. Roe was not identified in Defendants Fed. R. Civ. P. 26(a) disclosure.  Then, prior to the expert disclosure deadline, former Defendant James Peters disclosed Ms. Roe as an expert witness, summarizing her opinions.  Defendants Krause and Davidson adopted Defendant Peters' disclosure of Roe as an expert.  Thus, these Defendants failed to properly disclose Roe.  Further, all of her testimony would be irrelevant due to the narrowing of the issues in this case.

For example, Roe's opinions – as stated in her report – revolve around what a **reasonable prosecutor** knew and/or should have known based on Defendant Krause's reports and Katie Spencer's videotaped interview with Peters on December 11, 1984.  (*E.g.,* "There was no reason for a **reasonable prosecutor** to believe that the information set forth in the reports of law enforcement known at that time were fabricated or the result of coercion";

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1   "There was nothing contained in these reports to lead a **reasonable prosecutor** to believe in

2   February of 1985 that the allegations of Matthew Hansen set forth in the reports of Detective

3   Krause were fabricated or the result of coercion.  Similarly there was nothing in any of the

4   reports concerning Kathryn Spencer and later Matthew Spencer that would cause a **reasonable**

5   **prosecutor** to believe that the allegations set forth in these reports were fabricated or the result

6   of coercion.")  This Court has dismissed Plaintiff's claims against Defendant Peters.  Thus,

7   what a reasonable prosecutor would have or should have known based on the reports is not at

8   issue.  Roe's testimony as to the standard of care applicable to a prosecutor is also irrelevant.

9        Roe also opines that a prosecutor need not conduct an independent investigation after

10  investigators have presented a case for prosecution.  That is not in disputed and Plaintiff agrees

11  with that assertion.  Thus, Roe's opinion is irrelevant.

12       Moreover, Roe's assessment of probable cause assumes the accuracy of Defendant

13  Krause's reports.  (*E.g.*, "[T]here was probable cause in December 1984 and January 1985 to

14  file criminal charges of child rape against Mr. Spencer . . . based upon the reports of law

15  enforcement up to that time which reported Kathryn's allegations of abuse . . . .").  Given that

16  the case has narrowed to whether the reports have been fabricated, Roe's opinions regarding

17  probable cause will not aid the jury.

18       In November, 2012, Katie Spencer and Matt Spencer gave their depositions and for the

19  first time explained that after having reviewed the reports, the quotations and behaviors

20  attributed to them were misrepresented.  Ms. Roe's disclosure was never supplemented to

21  address that testimony.  Nothing Ms. Roe has disclosed is relevant to the narrowed issues in

22  this case.

23       To the extent this Court permits Roe to testify as an expert, Plaintiff seeks an order

24  limiting her expert testimony to that expressed in her report.  Permitting Roe to add to her

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

opinions at this late juncture would cause unfair surprise to Plaintiff, frustrate the purpose of the Rule 26 disclosure requirements, and prejudice Plaintiff at trial.

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting irrelevant expert opinions from Rebecca Roe, and/or limiting her expert opinions to those disclosed in her expert report.

### 16.    *Motion to bar reference to Roe's practice as a plaintiff's attorney and the like*

Defendants may attempt to bolster Rebecca Roe's credibility by eliciting testimony that her current practice consists almost exclusively of representing plaintiffs in personal injury cases, employment cases, and other cases in which damages are sought.  Such testimony should be barred.  As this Court has previously held, Roe's expertise derives from her experience as a prosecutor specializing in sex crimes.  Dkt. 131, pp. 5-6, ln. 9-14.  Her current involvement in representing plaintiffs in personal injury cases is irrelevant.

WHEREFORE, Plaintiff respectfully requests an order barring reference to Roe's current practice as a plaintiff's attorney and/or referring to her as a victim's advocate.

### 17.    *Motion to bar evidence pertaining to the fact that Defendant Krause reported an affair between a Sheriff's Deputy and an alleged victim in another case*

In her response to interrogatories, Defendant Krause provided information that on another occasion years prior to the Spencer investigation she reported an affair between a Sheriff's Deputy and an alleged victim to the Sheriff's Office Administration.  Krause states that there is "no doubt in my mind that if at any time during the Spencer investigation I became concerned or aware that the relationship between Michael Davidson and Shirley Spencer was anything other than professional, I would have responded in the same way I did in the past, and would have immediately reported it to the Sheriff."

PLAINTIFF'S MOTIONS IN LIMINE
 (C11-5424BHS) — 18

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

FRE 404(b) prohibits the use of prior "good acts" as exculpatory evidence. *U.S. v. Shavin*, 287 F.2d 647, 654 (7th Cir. 1961). As with prior bad acts, prior "good acts" are admissible only for some other, proper purpose, such as motive, intent, or absence of mistake. *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 520 (3rd Cir. 2003). Defendant Krause's reliance on the prior situation in which she reported an affair of a co-worker with an alleged victim is straightforward propensity evidence, i.e., its only conceivable purpose is to show that on this occasion she would have reported Defendant Davidson's affair with Shirley Spencer had she known about it during the course of the investigation.

WHEREFORE, Plaintiff respectfully requests an order barring any evidence related to Defendant Krause's prior disclosure of an affair between a Sheriff's Deputy and an alleged victim.

**18.    *Motion to bar Phillip Esplin, Ed.D., from testifying at trial***

Dr. Esplin was disclosed by Defendants to provide expert testimony on the standards of care for child sexual abuse investigations during 1984-1985, that Defendants' actions in the course of investing the allegations in the underlying criminal matter were within those standards of care, and that the investigative techniques were not so coercive that the Defendants knew or should have known those techniques would yield false information. *See* Declaration of Kathleen T. Zellner in Support of Motions in Limine ("Zellner Dec."), Exhibit A.

Dr. Esplin should be barred from testifying because his testimony is no longer relevant. This Court has dismissed Plaintiff's claims regarding coercive interviewing techniques, and has narrowed the issues to whether Defendant Krause's reports were fabricated. Dr. Esplin's opinions regarding standard of care and his related conclusions pertaining to coercion have no bearing on this issue. Permitting Dr. Esplin to testify about standards of care and coercion

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1    would likely confuse the jury, because Plaintiff's remaining theories of liability have nothing to

2    do with improper interview techniques.

3        Defendants did not supplement Dr. Esplin's report.  Katie and Matt Spencer testified in

4    November, 2012 that after they had the opportunity to review Defendants reports, the

5    quotations and behaviors attributed to them were misrepresented.  Dr. Esplin's report was never

6    supplemented to address this testimony and is irrelevant to the narrowed issues in this case.

7        Defendants have attempted to add to Dr. Esplin's opinions through their pretrial

8    statement, indicating that Dr. Esplin will be called to offer opinions regarding, *inter alia*, the

9    reasons why children are sometimes reluctant to disclose sexual abuse, the reliability of

10   recantations, and the significance of the Katie Spencer and Matt Hansen medical reports.  *See*

11   Zellner Dec., Exhibit B.  However, the defense has not disclosed Dr. Esplin as having opinions

12   with regard to these issues, and Plaintiff has been denied the opportunity to conduct discovery

13   related to them.  *See* Zellner Dec., Exhibit C.  Moreover, Dr. Esplin plainly is not qualified to

14   offer opinions regarding the significance of the medical reports.  He is a forensic psychologist,

15   not a medical doctor.  Plaintiff would be unfairly prejudiced were the defense allowed to add to

16   Dr. Esplin's opinions on the eve of trial.

17       WHEREFORE, Plaintiff respectfully requests an order barring the testimony of Phillip

18   Esplin, Ed.D., at trial.

19

20   **19.    Motion to bar the use of hearsay statements made by Katie Spencer, Matt Spencer, and Matt Hansen**

21       The defense may attempt to introduce out-of-court statements made by Katie Spencer,

22   Matt Spencer, and Matt Hansen.  While the statements allegedly made by the children to

23   Defendant Krause as documented in her reports are admissible and relevant to Plaintiff's

24   fabrication of evidence claim and probable cause, any other statements allegedly made to other

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

witnesses that may be called would be hearsay if offered for the truth of the matter asserted. FRE 801.

WHEREFORE, Plaintiff respectfully requests an order barring any witness from testifying to hearsay statements allegedly made by Katie Spencer, Matt Spencer, and Matt Hansen.

**20.     *Motion to bar inadmissible testimony from DeAnne Spencer***

Based on her deposition it appears the defense may ask improper questions of DeAnne Spencer.  The following subject matter referenced in DeAnne Spencer's deposition should be barred:  (a) any question which suggests that DeAnne is an expert in child development; (b) the grounds for DeAnne's divorce from Plaintiff in 1979; (c) Katie and Matt Spencer's behavior prior to their visit to see Plaintiff in 1984 (i.e., that Katie said she did not want to go, and that Matt had nightmare); (d) hearsay from friends of DeAnne's regarding what DeAnne should tell her children; (e) that Katie and Matt Spencer's therapists never stated the abuse allegations were fabricated; (f) that DeAnne observed Katie rub her genital area; (g) that at some point in time Katie Spencer had a sore on top of her vagina; (h) DeAnne's opinions regarding Shirley Spencer's letter; (i) DeAnne's opinions regarding Defendant Krause's professionalism and her "gut feeling" that Krause did not fabricate the allegations in her reports; and (j) questions which call for DeAnne to speculate as to Katie and Matt Spencer's motives and feelings.

WHEREFORE, Plaintiff respectfully requests an order barring DeAnne Spencer from testifying to the foregoing subject matter.

**21.     *Motion to bar DeAnne Spencer from testifying as to the Katie Spencer medical exam.***

Incredibly, DeAnne Spencer offered testimony during her deposition that Katie kicked

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1   and screamed so much during her medical exam that nobody in the room could get her tights

2   off.  Thus, DeAnne Spencer claims that no examination took place.

3        Any testimony regarding DeAnne's apparent recollection of the examination should be

4   barred.  The significance of the exam is the report and that Defendant Krause did not disclose

5   the report.  There is no evidence that DeAnne Spencer's recollection of the examination was

6   ever communicated to Defendants.  Thus, her recollection is irrelevant to their mindset in

7   pursuing  charges  against  Plaintiff,  and  it  is  also  irrelevant  to  probable  cause.

8        WHEREFORE, Plaintiff respectfully requests an order barring DeAnne Spencer from

9   testifying as to her recollection of the medical exam.

10

11  **22.    *Motion to bar the defense from referencing Plaintiff's plea as a "Guilty Plea"***

12       The  defense  should  be  barred  from  referring  to  Plaintiff's  plea  in  the  underlying

13  criminal case as a guilty plea.  It is undisputed that Plaintiff entered an *Alford* plea.  The

14  distinction is not trivial.  An *Alford* plea is inherently equivocal in the sense that a defendant

15  enters a plea without admitting guilt.  *In re Personal Restraint Petition of Mayer*, 128 Wash.

16  App. 694, 701 (2005).  An *Alford* plea is nothing more than a concession on the part of the

17  defendant that a jury would most likely convict him based on the strength of the State's

18  evidence.  *State v. Scott*, 150 Wash. App. 281, 294 (2009).  The legal ramifications are

19  significant.  In a straightforward guilty plea, the factual basis for the plea is provided in part by

20  the admission on the part of the defendant.  *State v. D.T.M.*, 78 Wash. App. 216, 220 (1995).

21   However, with an *Alford* plea a court must establish an entirely independent factual basis for

22  the plea, a basis which substitutes for an admission of guilt.  *Id*.

23       The defense should not be allowed to suggest to the jury that Plaintiff's *Alford* plea is an

24  admission of guilt by referring to the plea as a "guilty plea."  Permitting the defense to so

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 22

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1    characterize the plea would mislead the jury into thinking that Plaintiff admitted guilt at the

2    time his plea was entered, which is legally and factually inaccurate.  Any confusion can be

3    avoided by an order directing the defense to refer to the plea only as an *Alford* plea, along with

4    an instruction defining an *Alford* plea for the jury.

5         WHEREFORE, Plaintiff respectfully requests an order barring the defense from

6    referring to Plaintiff's plea as a "guilty plea."

7

8    **23.    Motion to bar transcript of Alford plea hearing (May 16, 1985), sentencing hearing
         (May 23, 1985) and  evidence/argument that Plaintiff's guilt can be inferred from
9        Alford plea and sentencing hearings**

10        It is undisputed that when Plaintiff entered his *Alford* Plea on May 16, 1985, Plaintiff

11   had not been made aware of numerous items of relevant evidence.  Indeed, in 2009, the

12   Appellate Court reviewed the entire record and concluded the following:

13        The entirety of the record, when viewed in conjunction with the new recantations,
         supports Spencer's argument that the factual basis underlying his *Alford* plea has
14       changed. See D.T.M., 78 Wash.App. at 220, 896 P.2d 108. Even without the trial
         court's overt determination of reliability of the recantations, the case has too many
15       troubling irregularities to sustain an unexamined *Alford* plea that was based on
         what was known at the time and leaves the distinct conclusion that Spencer must
16       be allowed to withdraw his plea to avoid a complete miscarriage of justice. *See
         Cook*, 114 Wash.2d at 813, 792 P.2d 506.

17   *In re Spencer*, 152 Wash. App. 698, 714, 218 P.3d 924, 933 (2009).

18        As is obvious from the Appellate Court's conclusion, the factual basis for the *Alford*

19   plea has changed.  In concluding that Plaintiff had to be allowed to withdraw his plea to avoid a

20   complete miscarriage of justice, the Court implicitly ruled that the proceedings were irreparably

21   tainted.  To now permit Defendants to introduce the plea and sentencing transcripts and/or

22   statements made therein and argue they support an inference that probable cause existed and

23   Plaintiff was guilty of the crimes charged would not only unfairly prejudice Plaintiff but would

24   mislead the jury.  *See, Caylor v. City of Seattle*, 2013 WL 1855739 (W.D. Wash. April 30,

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 23

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

2013); *Barker v. Ameriprise Auto and Home Ins. Agency, Inc.*, 905 F.Supp.2d 1214 (W.D. Wash. Aug. 29, 2012).

WHEREFORE, Plaintiff respectfully requests an order barring the defense from introducing the transcript of the *Alford* Plea and Sentencing Hearing and from introducing evidence or arguing that Plaintiff's guilt can be inferred from those proceedings.

### 24. *Motion to bar witnesses first disclosed in Defendants' pretrial statement*

Defendants have disclosed four witnesses in their pretrial statement who, prior to November 26, 2013, were never disclosed to Plaintiff:

a. Robert Songer - has been disclosed to testify about jail procedures at the Clark County jail, when Defendant Davidson's relationship began with Shirley Spencer, his knowledge of Krause's prior report to the Sheriff of a Sheriff's Office employee's involvement with an alleged sex offense victim, and his knowledge regarding Defendants Davidson's and Krause's integrity and work ethic.

b. Roger Kessel - has been disclosed to testify regarding his knowledge of Krause's prior report to the Sheriff of a Sheriff's Office employee's involvement with an alleged sex offense victim, his knowledge regarding Defendants Davidson's and Krause's integrity and work ethic, his knowledge of when Davidson first stated his intention of dating Shirley Spencer, and Defendant Krause's reaction to learning of the relationship.

c. Bill Griffith - has been disclosed to testify that Defendant Davidson did not begin dating Shirley Spencer or begin living with her until months after Plaintiff pled guilty.

d. Joe Dunegan - has been disclosed to testify about jail procedures at the Clark County jail, and his knowledge of Defendants Davidson's and Krause's integrity and work ethic.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1      The foregoing witnesses should be barred from testifying at the trial of this cause.  None

2 of these witnesses were disclosed pursuant to FRCP 26(a)(1) as witnesses upon which

3 Defendants would rely to support its defenses.  *See* Zellner Dec., Exhibit D.  By order of this

4 Court, fact discovery closed January 8, 2013.  The disclosures are clearly untimely, as Plaintiff

5 has had no opportunity to depose the witnesses or conduct additional discovery regarding their

6 purported knowledge.  *See* dkt. 127 (this Court's order that Plaintiff's disclosure of additional

7 witnesses, prior to but in close proximity to discovery deadline, was untimely).  Plaintiff would

8 be unfairly prejudiced were Defendants allowed to disclose these witnesses on the eve of trial.

9      WHEREFORE, Plaintiff respectfully requests an order barring the foregoing witnesses

10 from testifying at trial.

11

12 **25.**      *Motion to bar Leland Davis from testifying at trial*

13      Defendants have disclosed as a witness Leland Davis, the former Chief of the

14 Vancouver Police Department.  Defendants indicate that Davis will testify concerning

15 Plaintiff's employment with the Vancouver Police Department, the Department's internal

16 investigation, and the reasons why he believed there was probable cause to terminate Plaintiff.

17      As argued in motion 11, the Vancouver Police Department internal investigation is

18 irrelevant to any of the issues in this case.  The Vancouver PD internal investigation did not add

19 to probable cause to arrest or prosecute, and was not involved in the decision to file charges

20 against Plaintiff.  Moreover, Plaintiff is not making a claim for lost wages, so the reasons for

21 his termination are irrelevant to his claim of damages.  Finally, Leland Davis' purported

22 testimony regarding interviews conducted by other individuals would be hearsay, and for that

23 additional reason should be excluded.

24

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 25

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1       WHEREFORE, Plaintiff respectfully requests an order barring Leland Davis from

2   testifying at trial.

3

4   **26.      Motion to bar Thomas Lodge from testifying at trial**

5       Defendants have indicated their intent to call retired Clark County Superior Court Judge

6   Thomas Lodge to testify concerning his knowledge of Defendant Krause's experience in

7   investigating allegations of child sexual abuse, her integrity, and work ethic.  While Defendants

8   did disclose Judge Lodge in their Fed. R. Civ. P. 26(a) disclosure, they failed to reference that

9   he would testify to anything regarding Defendant Krause.  Defendants disclosed only that

10  Judge Lodge would testify to "as to his involvement in the prosecution of Clyde Ray Spencer

11  as the acting Superior Court Judge."  Therefore, Defendants failed to properly disclose Judge

12  Lodge and his testimony should be barred.

13      Further, no testimony could be elicited from Judge Lodge that would be even remotely

14  relevant.  Judge Lodge's involvement was limited to court appearances, including the hearing

15  wherein the *Alford* Plea was entered and the sentencing hearing.  Such matters as Plaintiff's

16  competence at that time are not at issue.  Plaintiff was permitted to withdraw his *Alford* plea

17  because not permitting him to do so would have been a "complete miscarriage of justice."  *In re*

18  *Spencer*, 152 Wash. App. 698, 714, 218 P.3d 924, 933 (2009).  Any testimony by Judge Lodge,

19  who presided over the tainted proceedings, would be irrelevant.

20      WHEREFORE, Plaintiff respectfully requests an order barring Judge Thomas Lodge

21  from testifying at trial.

22

23

24

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

### 27.      *Motion to bar impermissible character evidence*

Plaintiff moves to bar any evidence of Defendant Krause's or Defendant Davidson's integrity or work ethic.  The defense has identified the following witnesses as those from whom it intends to elicit testimony regarding this inadmissible character evidence:

- Robert Songer
- Roger Kessel
- Leland Davis
- Thomas Lodge
- Joe Dunegan

Such evidence is straightforward propensity evidence, i.e., its only potential relevance is to show that Defendants did not fabricate reports or maliciously prosecute Plaintiff because of their honesty and integrity.  However, evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.  FRE 404(a).  Moreover, Plaintiff does not intend on attacking either Defendants' general character for truthfulness as a witness.  FRE 608(a).  That the allegations in this case go towards Defendants' integrity in the underlying criminal investigation involving Plaintiff does not open the door to rehabilitative testimony of this kind.  "The purpose of Rule 608(a)(2) is to encourage direct attacks on a witness's veracity in the instant case and to discourage peripheral attacks on a witness's general character for truthfulness.  To this end, the Rule prohibits rehabilitation by character evidence of truthfulness after direct attacks on a witness's veracity in the instant case.  However, the Rule permits rehabilitation after indirect attacks on a witness's general character for truthfulness."  *U.S. v. Dring*, 930 F.2d 687, 690-91 (9th Cir. 1991).

WHEREFORE, Plaintiff respectfully requests an order barring the defense from eliciting testimony regarding Defendants' reputations for truthfulness, and/or opinion testimony about same.

PLAINTIFF'S MOTIONS IN LIMINE
 (C11-5424BHS) — 27

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

## CERTIFICATION

2        Undersigned counsel Kathleen T. Zellner hereby certifies the parties met and conferred

3  in good faith about their motions in limine via telephone conference in compliance with the

4  requirements of LCR 7(d)(4).  The parties were unable to reach an agreement as to the above-

5  listed motions.

6

7  RESPECTFULLY SUBMITTED this 2nd day of December, 2013.

8

9   /s/  Kathleen T. Zellner                              /s/  Daniel T. Davies
   Kathleen T. Zellner & Associates, P.C.        Daniel T. Davies, WSBA # 41793
10  Admitted *pro hac vice*                          Local counsel
   1901 Butterfield Road                           David Wright Tremaine LLP
11  Suite 650                                       1201 Third Avenue, Suite 2200
   Downers Grove, Illinois  60515            Seattle, Washington 98101-3045
12  Phone:  (630) 955-1212                      Phone: (206) 757-8286
   Fax:  (630) 955-1111                          Fax: (206) 757-7286
13  kathleen.zellner@gmial.com                Email: dandavies@dwt.com
   Attorney for Plaintiffs                         Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTIONS IN LIMINE
  (C11-5424BHS) — 28

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

<u>DECLARATION OF SERVICE</u>

2

     I hereby certify that on December 2, 2013, I caused the foregoing to be electronically

3

filed with the Clerk of the Court using the CM/ECF System, which will send notification of

4

such filing to the attorneys of record as follows:

5

| | |
|---|---|
| Guy Bogdanoich | Jeffrey A. O. Freimund |
| Law, Lyman, Daniel, Kamerrer & | Freimund Jackson Tardif & Benedict |
| Bogdanovich, P.S. | Garratt, PLLC |
| P.O. Box 11880 | 711 Capitol Way South, Suite 602 |
| Olympia, WA  98508-1880 | Olympia, WA  98502 |
| Email: gbogdanovich@lldkb.com | Email: jeffF@fjtlaw.com |
| Attorney for Defendant Sharon Krause | Attorneys for Defendant Michael Davidson |

6

7

8

9

  /s/  Kathleen T. Zellner

10

Kathleen T. Zellner & Associates, P.C.

Admitted *pro hac vice*

1901 Butterfield Road

11

Suite 650

Downers Grove, Illinois  60515

12

Phone:  (630) 955-1212

Fax:  (630) 955-1111

13

kathleen.zellner@gmial.com

Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTIONS IN LIMINE
(C11-5424BHS) — 29

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax