# EXHIBIT A

1 |                                                    Honorable Benjamin H. Settle

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                             AT TACOMA

9
   CLYDE RAY SPENCER, MATTHEW RAY                 NO. C11-5424 BHS
10 SPENCER, and KATHRYN E. TETZ,

11                        Plaintiffs,             DEFENDANT MICHAEL
                                                  DAVIDSON'S DISCLOSURE OF
12            v.                                  EXPERT TESTIMONY

13 FORMER DEPUTY PROSECUTING
   ATTORNEY FOR CLARK COUNTY
14 JAMES M. PETERS, DETECTIVE
   SHARON KRAUSE, SERGEANT
15 MICHAEL DAVIDSON, CLARK COUNTY
   PROSECUTOR'S OFFICE, CLARK
16 COUNTY SHERIFF'S OFFICE, THE
   COUNTY OF CLARK, SHIRLEY
17 SPENCER, and JOHN DOES ONE
   THROUGH TEN,
18
                         Defendants.
19

20        Defendant Michael Davidson hereby discloses the following expert witnesses and

21 testimony pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2):

22        1.  Phillip W. Esplin, Ed. D., Psychologist

23

24
          Dr. Esplin will provide expert testimony on the standards of care for child sexual
25
   abuse investigations during the relevant 1984-1985 timeframe, that defendants'
26

1    actions in the course of investigating plaintiff Clyde Ray Spencer's sexual abuse of

2    children were within the standards of care then existing during the 1984 to 1985 time

3    period when the investigation at issue took place, that the investigative techniques

4    used by defendants were not so coercive and abusive that they knew or should have

5    known during the 1984 to 1985 time period that those techniques would yield false

6    information, and other expert testimony and opinions as set forth in Exhibit 1

7    attached hereto, as may be supplemented. The bases and reasons supporting Dr.

8    Esplin's opinions, as well as the facts or data considered by him, are also

9    summarized in Exhibit 1 attached hereto, as may be supplemented. Dr. Esplin's

10   qualifications, including a list of publications he has authored, are attached hereto as

11   Exhibit 2. A list of cases in which Dr. Esplin has testified as an expert witness at

12   trial or by deposition are attached hereto as Exhibit 3. Dr. Esplin's compensation is

13   as follows: $400.00 per hour for office record review, evaluation and analysis of

14   case material, consultations with defense counsel in this matter, and preparation of

15   written reports or other material requested by defense counsel; the lesser of $450.00

16   per hour, or $4000.00 per day, plus reasonable expenses (including travel and

17   lodging at economy class rates) for deposition and courtroom testimony.



The opinions and other information for ▮▮▮▮▮▮▮▮ provided with the expert witness disclosure of defendant ▮▮▮▮▮▮▮▮ including Exhibits 1-A and 1-B, as may be supplemented all of which is incorporated herein by this reference as if fully set forth.

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS                 - 2 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1   Spencer. Ms. Roe's opinions are based on her involvement in the prosecution of

2   Ray Spencer in 1984, her review of the law enforcement reports concerning the

3   investigation of Ray Spencer that occurred from August 1984 through approximately

4   April 1985, and all charging documents in the prosecution of Ray Spencer. This

5   disclosure may be supplemented. Ms. Roe's qualifications are summarized in

6   Exhibit 4 attached hereto. Ms. Roe's compensation is $300.00 per hour.

7

8   Defendant Davidson reserves the right to supplement or amend this disclosure as more

9   information becomes available through the course of discovery and further investigation.

10  Defendant Davidson also reserves the right to disclose rebuttal experts following plaintiffs'

11  disclosure of their expert witnesses, if any.

12      DATED this 9th day of October, 2012.

13

14                          s/ Jeffrey A. O. Freimund
                            JEFFREY A. O. FREIMUND, WSBA No. 17384
15                          Freimund Jackson Tardif & Benedict Garratt, PLLC
                            711 Capitol Way South, Suite 602
16                          Olympia, WA 98502
                            Telephone: (360) 534-9960
17                          Fax: (360) 534-9959
                            jeffF@fjtlaw.com
18                          Attorney for Defendant Michael Davidson

19

20

21

22

23

24

25

26

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS          - 4 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

# EXHIBIT B

1

2

3

4

5

6
Honorable Judge Benjamin H. Settle

7
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8
**AT TACOMA**

9
CLYDE RAY SPENCER,

NO. 3:11-cv-05424-BHS

10
Plaintiff,

11
v.

DEFENDANT DAVIDSON'S
AND DEFENDANT KRAUSE'S
JOINT PRETRIAL STATEMENT

12
JAMES M. PETERS, et al.,

13
Defendants.

14

15
Pursuant to Local Court Rule 16(i), defendants Michael Davidson and Sharon Kruase

16
hereby make the following joint pretrial statement to plaintiff Clyde Ray Spencer.

17
**I. FEDERAL JURISDICTION**

18
Defendants Davidson and Krause agree the U.S. District Court for the Western District

19
of Washington has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

20
**II. AFFIRMATIVE DEFENSES AND/OR CLAIMS FOR RELIEF**

21
In light of the Court's summary judgment rulings, Defendants Davidson and Krause

22

23
intend to pursue the following affirmative defenses and/or claims for relief at trial:

24
1.    Defendant Davidson and defendant Krause neither knew nor should have

25
known plaintiff Spencer was innocent of sexually abusing Kathryn Spencer, Matthew Hansen

26

DEFENDANTS' JOINT PRETRIAL STATEMENT
3:11-cv-05424-BHS

-1

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1   the childrens' statements in order to frame plaintiff Spencer for a crime they knew or should

2   have known he did not commit?

3        10.     Whether there is a legally sufficient evidentiary basis for a reasonable jury to

4
    conclude defendant Davidson or defendant Krause proximately caused plaintiff Spencer's
5
6   prosecution and imprisonment pursuant to his *Alford* plea?

7        11.     Whether there is a legally sufficient evidentiary basis for a reasonable jury to

8   conclude the prosecutor's and/or the court's independent judgments summarized above were

9   not superseding or intervening causes of plaintiff Spencer's alleged injuries?

10                      **V. POTENTIAL WITNESSES** [1]

11        **A.** Defendant Davidson and defendant Krause will call the following **expert witnesses**

12   at trial:
13
14        1.     **Phillip Esplin, Ed.D. – will testify**

15   

16        Dr. Esplin will provide opinion testimony consistent with his expert report,
     including but not limited to, opinion testimony that during the 1984-85 time period the
17   training and education received by field professionals was that false allegations of
     sexual abuse by children were extremely rare, the reasons why children are sometimes
18   reluctant to disclose sexual abuse, the reconstructive nature of memory and the extent
     of knowledge among field professionals about such issues during the 1984-85 time
19   period, matters related to recantations, the dynamics that commonly lead to
     recantations, the reliability of the same, and, if the medical reports regarding Kathryn
20   Spencer and Matt Hanson are admitted over defendants' objections, the reasons why
     corroborating medical evidence is frequently lacking in child sexual abuse cases.
21

22        2.     **Rebecca Roe, J.D. – will testify**

23   
24

25
     _____
26   [1] Pursuant to LCR 16(i)(4), defendant Davidson and defendant Krause reserve the right to call rebuttal
     witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

DEFENDANTS' JOINT PRETRIAL STATEMENT
3:11-cv-05424-BHS

- 10

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

# EXHIBIT C



# Phillip W. Esplin, Ed.D.
### Psychologist

STATE OF ARIZONA
          ) SS
County of Maricopa

I, PHILLIP W. ESPLIN, Ed.D., being duly sworn on oath depose and state the following.

I am a psychologist licensed to practice in the State of Arizona. I am currently licensed by the Arizona Board of Psychologist Examiners, and have been so licensed since November, 1978. I hold License #0769.

In addition to my private forensic psychological practice, I was a senior research consultant with the National Institute of Children Health and Development: Children Witness Research Project from 1988 through September 2006. I have co-authored several scientific publications involving children witnesses (*see attached Vitae*).

I am co-author of a book, *Tell Me What Happened: Structured Investigative Interviews of Children Victims and Witnesses*. The text, released in 2008, by John Wiley & Sons, publishers, provides a comprehensive review of the scientific literature as well as an overview of factors affecting the capacities and limitations of young witnesses. Investigative procedures used during cases in which children are witnesses, either as the

1

**IN SUMMARY**:

With regard to the referral questions, based upon the totality of information available to me, I would offer the following case specific opinions relative to the 1984-1985 time frame:

There were available and some training conducted that included very generic guidelines to employ when questioning a child who may have been a victim or witness to a crime. However, the guidelines were very skeletal in nature and lacked adequate validation, either in the scientific laboratory or in the field.   The guidelines for investigative interviews of children were of such a general nature as to be of limited utility to front line professionals.   The guidelines were based predominantly on intuition, not on methodologically adequate controlled studies. The use of "broad general guidelines" as opposed to more structured interview protocols, which provided specific instruction on question formats, was utilized in the majority of field investigations.

The use of investigative aids, including anatomically correct dolls, body diagrams, puppets, and/or cartoon figures was widely encouraged at that time.   Again, the suggestions for the use of props were predominantly generic in nature and did not provide adequate instructions for their use.   There was no general consensus in the scientific or professional communities as to the precise manner in which to employ interview props/demonstrative aids in order to increase the yield of information without increasing the risk of obtaining unreliable information. Again, field professionals were pretty much left to their "own devices" as it related to their utilization of interview props/demonstrative aids in either the investigative process or in the trial preparation stage of the case.

The rate of false allegation cases, regardless of the variety, remains an unanswered question.   It is presently generally recognized that false allegation cases occur with sufficient frequency that alternative hypotheses should be systematically considered during the investigation of alleged sex crimes against children. However, during the 1984-1985 time period, the training and education received by field professionals included information that suggested false allegation cases were extremely rare. Training and educational materials during this period were woefully inadequate in providing field professionals the kind of information necessary to help them understand how genuine but false beliefs can occur. This was particularly the case when investigations involved children in the 3-8 year old range.

The present general consensus in the relevant scientific community would be that the vast majority of children who have been maltreated, and who have interpreted that event as intrusive and salient, are capable of maintaining a continuous memory. This would be particularly the case if the children were 6 years of age or older at the time they experienced the event(s).   It would be in a minority of cases in which children's memories for sexually abusive events would be inaccessible. However, during the time period in question, there was a belief by a substantial number of professionals that memories of adverse events could be blocked from conscious awareness.

During the time period in question, the attitudes of field professionals could be characterized as considering denials as more likely false than true, and considering recantations as more likely false than true. Consequently, a child who denied or recanted sex abuse was still considered a likely victim which influenced the actions of the investigators. (Note: this issue still remains a difficult one to resolve, i.e., when is a denial true or false and when is a recantation true or false?)

Given the standard of care and the information available to field professionals during the 1984-1985 time frame, reasonable field professionals would not have known that the investigative techniques utilized in this case were so coercive and abusive that false information would result.

If additional information becomes available, I may be requested to supplement these opinions.

My fee in this matter is based on a charge of $400/hr and $4,000/day plus expenses for testimony out-of-state.

Phillip W. Esplin, Ed.D.
Psychologist

STATE OF ARIZONA

ss.

County of Maricopa

SUBSCRIBED AND SWORN to before me this __9th__ day of __October__, 2012 by
Phillip W. Esplin, Ed.D., Psychologist

Karen A. Harvey
Notary

My Commission Expires
January, 2015



OFFICIAL SEAL
KAREN A. HARVEY
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Jan. 11, 2015

33

# EXHIBIT D

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, MATTHEW RAY SPENCER and KATHRYN E. TETZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER DEPUTY PROSECUTING ATTORNEY FOR CLARK COUNTY JAMES M. PETERS, DETECTIVE SHARON KRAUSE, SERGEANT MICHAEL DAVIDSON, CLARK COUNTY PROSECUTOR'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE, THE COUNTY OF CLARK and JOHN DOES ONE through TEN,<br><br>Defendants. | No. 11-5424 BHS<br><br>INITIAL DISCLOSURES BY DEFENDANTS KRAUSE, DAVIDSON, CLARK COUNTY PROSECUTING ATTORNEY'S OFFICE, CLARK COUNTY SHERIFF'S OFFICE and CLARK COUNTY |

COME NOW, Defendants, Detective Sharon Krause, Sergeant Michael Davidson, Clark County Prosecutor's Office, Clark County Sheriff's Office, and Clark County, by and through their attorney of record, E. Bronson Potter, and pursuant to Fed. R. Civ. P. 26(a)(1) hereby make the following initial disclosures.

1.     The following individuals are likely to have discoverable information that may be used to support the Defendants' claims or defenses. The subject of the witnesses' testimony and

INITIAL DISCLOSURES BY DEFENDANTS KRAUSE,
DAVIDSON, PROSECUTING ATTY'S OFFICE,
SHERIFF'S OFFICE AND CLARK COUNTY - 1

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

their last known address and phone number are as set forth in the documents disclosed below, unless otherwise indicated.

     a.    Sharon Krause: Ms. Krause is expected to testify as to her investigation of the Plaintiff. That investigation is documented in the reports and pleadings disclosed below. Her last known address and telephone number is 2185 E. Emerald River Court, Fort Mohave, Az. 86426 (928) 768-3975.

     b.    Michael Davidson: Mr. Davidson is expected to testify as to his involvement in the investigation of the Plaintiff and his relationship with Shirley Spencer. His last known address is 6949 SE Mark Rd. Prineville, Or. 97754.

     c.    Shirley Spencer: Ms. Spencer is expected to testify as to the matters set forth in the police reports and pleadings disclosed below and her relationship to Michael Davidson. Her last known address is 18102 NE Cole Witter Rd. Battle Ground, Wa. 98604.

     d.    Matthew Alan Charles Hanson: Mr. Hanson is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below. 17313 E. View Lane, . Yelm, Wa. 98597.

     e.    Kathryn E. Tetz formerly Spencer: Ms. Tetz is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

     f.    Matthew Ray Spencer: Mr. Spencer is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

     g.    Clyde Ray Spencer: Mr. Spencer is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

     h.    DeAnne Spencer: Ms. Spencer is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD •  PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE)  /  (360) 397-2184 (FAX)

i.      Linda Lawrence: Ms. Lawrence is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

j.      Karen Stone: Ms. Stone is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

k.      James Rulli: Mr. Rulli is expected to testify regarding his representation of Clyde Ray Spencer. Mr. Rulli's last known address is 1200 Franklin Street, Vancouver, WA. His last known telephone number is (360) 397-6133.

l.      Kevin McGovern: Mr. McGovern is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

m.      Arthur Curtis: Mr. Curtis is the former Prosecuting Attorney and is expected to testify as to his involvement in the decisions relating to the prosecution of Clyde Ray Spencer.

n.      Curt Wyrick: Mr. Wyrick is the former Chief Deputy Prosecuting Attorney and is expected to testify as to his involvement in the decisions related to the prosecution of Clyde Ray Spencer. Mr. Wyrick's last known address is 12602 NW 46th Avenue, Vancouver, WA.

o.      Roger Bennett: Mr. Bennett is the former Chief Criminal Deputy Prosecuting Attorney and is expected to testify as to his involvement in the decisions related to the prosecution of Clyde Ray Spencer. His last known address is 1409 Franklin Street, Vancouver, WA, and the telephone number is (360) 696-7494.

p.      Dan Krause: Mr. Krause is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

INITIAL DISCLOSURES BY DEFENDANTS KRAUSE, DAVIDSON, PROSECUTING ATTY'S OFFICE, SHERIFF'S OFFICE AND CLARK COUNTY - 3

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

q. Thomas Lodge: Mr. Lodge is expected to testify as to his involvement in the prosecution of Clyde Ray Spencer as the acting Superior Court Judge. His last known address is 1200 Franklin Street, Vancouver, WA.

r. Deputy Sheriff R. Stevenson: Deputy Stevenson is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

s. Sacramento Detective P. Flood: Detective Flood is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

t. Sacramento Detective Madrigal: Detective Madrigal is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

u. Phyllis A. Day: Ms. Day is expected to testify as to the matters disclosed in the police reports and pleadings disclosed below.

2. The following is a description by category and location of documents that the Defendants have in their possession and may use to support their claims or defenses in this matter.

a. The Clark County Sheriff's Office investigative file related to the investigation of Clyde Ray Spencer.

b. The documents filed with the Indeterminate Sentencing Review Board related to Clyde Ray Spencer.

c. The documents filed with the United States District Court for the Western District of Washington in Case No. C94-5238-RJB, related to Clyde Ray Spencer's petition for writ of habeas corpus.

d. The documents filed in the Washington State Court of Appeals, Case Nos. 11798-3, 12735-1, 24044-1 and 37229-1.

INITIAL DISCLOSURES BY DEFENDANTS KRAUSE,
DAVIDSON, PROSECUTING ATTY'S OFFICE,
SHERIFF'S OFFICE AND CLARK COUNTY - 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
804 W EVERGREEN BLVD • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

e.      The documents filed in the Washington State Supreme Court, Case Nos. 55496-0, 56572-4 and 84137-3.

f.      The documents filed in Clark County Superior Court, Case No. 85-1-00007-2.

g.      Recording of interview of Matt Hanson, dated October 20, 2009.

h.      Recording of interview of Sharon Krause, dated October 26, 2009.

i.      Recording of interview of Shirley Spencer, dated October 26, 2009.

j.      Recording of interview of Michael Davidson, dated October 26, 2009.

k.      Recording of a videotaped interview of Kathryn Spencer, dated December 11, 1984.

3.      The undersigned counsel has available for inspection and copying insurance agreements between Clark County and the Washington Counties Risk Pool, which may apply to some of the Plaintiffs' claims against Clark County.

DATED this 29th day of September, 2011.

/s/ E. Bronson Potter
E. Bronson Potter, WSBA #9102
Chief Civil Deputy Prosecuting Attorney
Clark County Prosecutor's Office
Civil Division
PO Box 5000
Vancouver WA 98666-5000
Telephone: (360) 397-2478
Facsimile: (360) 397-2184
Email: Bronson.potter@clark.wa.gov

INITIAL DISCLOSURES BY DEFENDANTS KRAUSE,
DAVIDSON, PROSECUTING ATTY'S OFFICE,
SHERIFF'S OFFICE AND CLARK COUNTY - 5



## CERTIFICATE OF SERVICE

I, Thelma Kremer, hereby certify that on this 29th day of September, 2011, I caused the foregoing *Initial Disclosures by Defendants Krause, Davidson, Clark County Prosecuting Attorney's Office, Clark County Sheriff's Office and Clark County* to be served via email to the following parties:

*Attorney for Plaintiff:*

Daniel Davies
Email: dandavies@dwt.com

Kathleen T. Zeller
Douglas H. Johnson
Email: Kathleen.zellner@gmail.com
Dhjohnson43@aol.com

*Attorney for Defendant Shirley Spencer:*

William H. Dunn
Email: dunnwh@pacifier.com

*Attorney for James M. Peters:*

Patricia C. Fetterly
Daniel J. Judge
Email: patriciaf1@atg.wa.gov
danielJ@atg.wa.gov

/s/ Thelma Kremer
Thelma Kremer, Legal Secretary

INITIAL DISCLOSURES BY DEFENDANTS KRAUSE,
DAVIDSON, PROSECUTING ATTY'S OFFICE,
SHERIFF'S OFFICE AND CLARK COUNTY - 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
604 W EVERGREEN BLVD · PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)