Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, )<br>　　　　　　　　Plaintiff, )<br>　　v. )<br>DETECTIVE SHARON KRAUSE, and )<br>SERGEANT MICHAEL DAVIDSON, )<br>　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　 ) | No. C11-5424BHS<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE**<br><br>**NOTICE DATE:**<br>**FRIDAY, DECEMBER 13, 2013**<br><br>**ORAL ARGUMENT REQUESTED** |

NOW COMES Plaintiff, Clyde Ray Spencer, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and for his objections to Defendants' joint motions in limine, states as follows:

**1. Evidence characterized by Defendants as pertaining to claims dismissed and issues resolved in Defendants' favor by prior orders is admissible to the extent it is relevant to Plaintiff's remaining claims**

Defendants take far too narrow a stance on what is relevant evidence to Plaintiff's remaining claims. Plaintiff's remaining federal causes of action include malicious prosecution, fabrication of evidence, and conspiracy. To establish malicious prosecution, Plaintiff must prove that Defendants acted without probable cause and with malice. *Bender v. City of Seattle*, 664 P.2d 492, 500 (1983). To prevail on Plaintiff's fabrication of evidence claim, Plaintiff

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

must establish that Defendants continued their investigation of him despite the fact that they knew or should have known that Plaintiff was innocent. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Further, Plaintiff's conspiracy claim requires proof of an agreement between Defendants Krause and Davidson to violate Plaintiff's constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).

### a. Alleged failure to disclose evidence

Defendants' failure to disclose the Katie Spencer medical report is certainly probative of Plaintiff's remaining causes of action. The concealment of the report shows malice, a necessary element to Plaintiff's malicious prosecution claim. Because the report shows no evidence of physical injury consistent with abuse, it is also relevant to show that Defendants continued their investigation despite knowing that Plaintiff was innocent. *See Costanich v. Dept's of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (holding that "the *Devereaux* test envisions an investigator whose unlawful motivation is illustrated by her state of mind regarding the alleged perpetrator's innocence"). That Defendants did not disclose the report to the prosecution is also probative of their efforts to mislead those making the charging decision, which is relevant to establish that Defendants' unconstitutional conduct proximately caused Plaintiff's damages. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (holding that prosecutorial independence does not bar a subsequent §1983 claim against state actors who knowingly provided misinformation to the prosecutor, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing initiating of legal proceedings).

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main ∙ 630.955.1111 fax

The failure to disclose the videotape is also relevant to showing malice. The tape is exculpatory in that Katie Spencer repeatedly denies that Plaintiff abused her.[1] Evidence that Defendant Krause had sole possession of the tape and failed to turn it over to the prosecution for more than 25 years is again evidence of her mental state in pursuing charges against Plaintiff. Furthermore, the tape is evidence of Defendant Krause's fabrication of her reports. Because Katie does not repeat any of the statements attributed to her in Krause's reports on the videotape, the tape corroborates Katie and Matt Spencer's testimony that the statements in Krause's reports are false.

As to Rebecca Roe's 1984 report, Roe's opinions as stated in the report are relevant to Defendants' pursuit of the investigation against Plaintiff. Furthermore, while Plaintiff has filed a motion to bar Rebecca Roe from testifying due to the fact that her testimony regarding standards of care applicable to a prosecutor are irrelevant, if Plaintiff's motion is denied then Roe's 1984 report is certainly admissible to impeach her inconsistent, trial-induced opinions.

The Matthew Hansen medical report is also admissible. First, contrary to Defendants' assertion, there is a dispute as to whether the Clark County Sheriff's Office possessed the Hansen report. Plaintiff has marshaled evidence that, in fact, Defendant Krause told Shirley to take Matthew Hansen for an examination, and that Shirley advised Krause of the results. Dkt. 153-15, p. 40; Dkt. 153-3, p. 3. This is evidence from which the jury can reasonably infer that Krause would have followed up by obtaining a copy of the report. Moreover, contrary to Defendants' assertion otherwise, no prior court decision has held that that the Sheriff's Office

---

[1] The exculpatory nature of the tape is further evidenced by the fact that the defense seeks to prevent the jury from seeing it at trial.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

did not possess the report.[2] Thus, the Hansen medical report is relevant for all the same reasons the Katie Spencer medical report is relevant.

Additionally, Defendant's have disclosed their intention to call Matt Hansen to testify at trial, ostensibly to corroborate the statements attributed to him in Krause's reports. The medical report showing no evidence of physical injury is certainly relevant evidence with which to cross-examine Hansen and his alleged recollections of abuse.

Defendants have also disclosed their intention to introduce evidence of Defendants' integrity and work ethic. Plaintiff has filed a motion to bar such evidence as inadmissible propensity evidence. However, to the extent this Court overrules that objection the door will be opened to evidence attacking Defendants' integrity. The repeated instances in which Defendants failed to disclose exculpatory evidence certainly is relevant as bearing on Defendants' deceit and lack of candor.

Finally, the foregoing evidence is relevant to Plaintiff's state of mind at the time he entered his *Alford* plea. Plaintiff will testify that he would not have entered an *Alford* plea had the foregoing evidence not been wrongfully withheld from him. Such testimony is necessary to rebut any claim made by Defendants that Plaintiff caused his own damages by entering an *Alford* plea.

Defendants' concerns regarding jury confusion are unfounded. Plaintiff does not intend on arguing, and will not argue, that his constitutional rights were violated by the failure to disclose the medical reports, the videotape, or the Roe report. There will be no instruction submitted to the jury seeking damages for a *Brady* claim. To the extent there is any potential

---

[2] The 9th Circuit opinion denying Plaintiff's appeal from the denial of his petition for writ of habeas corpus does not hold that the sheriff's office did not possess the Hansen report. Likewise, the district court judge considering Plaintiff's petition held that the sheriff's office was aware of Hansen's examination, but that the evidence was "cloudy" as to whether the sheriff's office possessed the report. Thus, this is not an issue that has been definitively determined by a prior court order.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

for confusion, an appropriate instruction may be issued to the jury to properly guide their consideration of the evidence.

### b.  Alleged coercive interview techniques

Plaintiff will not offer any argument concerning improper interview techniques. However, as stipulated to by Defendants, Defendant Krause's reports are admissible as they relate to Plaintiff's fabrication claim.

### c.  Handwritten notes of Matthew Hansen

If Matthew Hansen testifies, evidence that on a prior occasion he could not recall any details of the abuse is certainly admissible to the extent it impeaches his testimony on direct-examination. The handwritten notes referenced by Plaintiff as a potential exhibit would not be published to the jury, but would be used to refresh a witness's recollection as to what Hansen said on a prior occasion for purposes of impeachment.

### d.  Alleged jail visits by Defendant Davidson

Defendant Davidson's visits to Plaintiff at the jail are admissible for myriad reasons. First, Davidson's conduct in harassing Plaintiff at the jail is evidence of Davidson's malice. Second, Davidson's jail visits are evidence that Davidson was romantically involved with, or interested in, Plaintiff's wife at the time the investigation remained on-going. That Davidson endeavored to have Plaintiff enter a guilty plea supports Plaintiff's claim that Davidson conspired with Krause to fabricate evidence and maliciously prosecute Plaintiff in order to advance that relationship and/or romantic interest. Third, Davidson's visits to Plaintiff at the jail are part of the evidentiary chain that links Davidson to the quitclaim deed with Plaintiff's forged signature. The forged deed provides further evidence of the conspiracy. Fourth, Davidson has denied visiting Plaintiff at the jail. Testimony from unbiased, disinterested witnesses to the contrary is credible evidence of Davidson's deceit. Such evidence is relevant

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

to show a guilty conscience on the part of Davidson. Fifth, Davidson has disclosed his intent to offer testimony concerning his integrity. Evidence that Davidson repeatedly visited Plaintiff while he was in jail after Plaintiff had invoked his right to remain silent and not speak with Davidson undermines Davidson's claims to have been a police officer of integrity. Finally, Davidson's conduct at the jail is also relevant as it bears on Plaintiff's state of mind in entering his *Alford* plea.

While Davidson's visits to the jail are relevant and admissible to Plaintiff's surviving claims, Plaintiff will not argue that his constitutional rights were violated by the jail visits themselves. Any potential confusion will be remedied by the appropriate jury instructions.

### e. Plaintiff's alleged incompetence

While evidence bearing on Plaintiff's state of mind at the time he entered his *Alford* plea is relevant, Plaintiff will not argue that he was legally incompetent. Rather, Plaintiff will introduce evidence and argue that it was Defendants' unconstitutional conduct that caused him to be prosecuted and sentenced for crimes he did not commit.

### 2. Plaintiff's conditional commutation and prior court orders are admissible

Defendants acknowledge that the fact that Plaintiff received a conditional commutation is relevant evidence. They further acknowledge that the fact that Plaintiff's personal restraint petition was granted by the appellate court is relevant to explain the factual and procedural history of the case. However, Defendants take the incongruous position that the *basis* for those decisions is not relevant. The jury is certainly entitled to know why Plaintiff was granted a conditional commutation, and why he was later allowed to withdraw his guilty plea. Absent this evidence the jury will be left to speculate as to why Plaintiff was granted relief.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

### 3. Evidence pertaining to the forged quitclaim deed and retirement check is relevant to show Defendants' malice and conspiracy

The forged quitclaim deed is certainly relevant evidence of Defendants' efforts to engineer false accusations against Plaintiff. As this Court has recognized, the forged deed "might be the most compelling piece of evidence that fraud and/or conspiracy was perpetrated upon [Plaintiff]." Dkt. 149, p. 5. In ruling on both Defendants' summary judgment motions, this Court relied on the evidence concerning the alleged forgery in holding that issues of material fact exist as to when Davidson and Shirley Spencer's relationship began, and whether Davidson and Krause conspired to imprison Plaintiff. Dkt. 180, pp. 38-39; Dkt. 187, pp. 18-19.

Defendants' claim that the jury would be required to draw an unreasonable inference to connect them to the forged deed is a non-starter. Shirley Spencer has testified that while Plaintiff was held at the county jail she brought the deed to the Sheriff's Office. Shirley gave the deed to Krause and Krause gave the deed to Davidson. Davidson took the deed to Plaintiff, returned, and told Shirley that Plaintiff refused to sign it. Dkt. 138-2, p. 13. On March 15, 1985, the deed was signed and notarized. Dkt. 168-15, pp. 34-37. Plaintiff will testify that his signature on the deed is forged. *Id*., p. 33. The notary who notarized Plaintiff's signature, Menona Landrum, was an employee of the Sheriff's Office at the time the deed was forged. She will testify that she never notarized Plaintiff's signature on any document and, in fact, has no memory of ever notarizing any document for an inmate at the jail. Dkt. 147. In light of the foregoing and Davidson's relationship with Shirley Spencer, it is entirely reasonable for the jury to conclude that Davidson and/or Krause took part in the forgery of Plaintiff's signature.

There will also be evidence introduced at trial from which the jury may reasonably infer that Defendants were instrumental in facilitating the forged signature on Plaintiff's retirement check. Plaintiff anticipates Leo and Lois Clark will testify that in late February 1985, Plaintiff

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

was residing at their trailer in Vancouver, Washington. At that time one of the Clarks' neighbors contacted them and told them a woman was seen going through their mailbox. The Clarks believed the woman was Shirley Spencer based on the description provided by their neighbor. They contacted Shirley and asked that she not go through their mail. After Plaintiff's arrest, Defendant Krause called Lois Clark and instructed her to give Plaintiff's belongings and any mail to Shirley. As Lois was gathering these items, she noticed an envelope addressed to Plaintiff from the State of Washington. Lois Clark, who worked for the State of Washington Department of Licensing for many years, will testify that the envelope looked the same as the envelope in which she regularly received her paycheck. Lois Clark will testify that she complied with Krause's directive and gave Plaintiff's mail to Shirley. Plaintiff will testify that the endorsement on the check, which was issued February 20, 1985, is a forgery.

Defendants' concerted efforts to secure the alleged forgeries are relevant to Plaintiff's malicious prosecution and conspiracy claims. Defendants' conduct deprived Plaintiff of property for the benefit of Shirley. This goes to show malice and, at least on the part of Defendant Davidson, is probative of his ongoing efforts to advance his romantic interest in, and relationship with, Shirley Spencer. The forged deed and retirement check also are relevant to Plaintiff's state of mind in entering an *Alford* plea. Because Plaintiff was deprived of the only source of funds available to him, he had no ability to pay for his defense. This evidence is relevant to the extent Defendants attempt to claim that Plaintiff caused his own damages by entering a plea instead of taking his case to trial.

Defendants contend that if the Court rules that evidence of the forgeries is admissible, then they may in turn present what they characterize as "Dr. McGovern's notes of plaintiff's meeting with him on March 27, 1985." Dkt. 201, p. 11. While Plaintiff asserted that his

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

signature was forged on the quitclaim deed well before the end of discovery, and this Court has long since identified the evidence as "compelling", Defendants have not attempted to present "Dr. McGovern's notes" at any prior point in these proceedings despite having every opportunity to do so before, during, and after the summary judgment stage. As a result, the parties have not had the opportunity to examine the notes' source and reliability in any way. Defendants' lack of reliance on "Dr. McGovern's notes" up to this point is understandable, as they are wholly inadmissible.

Defendants attempt to mislead this Court by identifying the notes as "Dr. McGovern's." The top of the document states "To: Kevin McGovern." Two lines lower, there is a blank following "From:". In accord with what is clear from the face of the document, Dr. McGovern has previously testified that he did not take these notes and he was not present for the purported interview the notes reflect. Dr. McGovern has no personal knowledge as to the authenticity of the writing or its contents. Dr. McGovern therefore cannot authenticate the notes or testify to any statements contained therein. *See* FRE 901, FRE 802, and FRE 602.

Importantly, Defendants have never disclosed the person who conducted the purported interview or took the notes. Any late disclosure of this person, now on the eve of trial, would clearly be in violation of the Federal Rules and the schedule set by this Court.

That Dr. McGovern was not present for the purported interview and did not take the notes offered by the defense is particularly significant given the complete lack of indication as to what statements can be directly attributed to Plaintiff. There are no quotation marks indicating Plaintiff's words, none of the handwriting belongs to Plaintiff, and there is no way for the reader to discern what information was provided by Plaintiff and what information was provided by another source. Quite simply, Dr. McGovern cannot come into court and testify about a writing he never made and statements he never heard.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

### 4. Evidence pertaining to Shirley's purchase of property at 18308 N.E. Cole Witter Road is relevant and admissible

Shirley Spencer purchased the property at 18303 N.E. Cole Witter Road on April 23, 1985, several weeks before Plaintiff was convicted in the underlying criminal case. Prior to the execution of that deed Plaintiff's signature was forged on a quitclaim deed granting Shirley Spencer as her separate property the residence in which she and Plaintiff had lived prior to Plaintiff's arrest. There is evidence that Defendants were involved in forging Plaintiff's signature on the quitclaim deed. The purchase of the Cole Witter Road property was also made after Shirley Spencer obtained funds from Plaintiff's retirement check. Again, there is evidence that Defendants facilitated Shirley's procurement of the funds by directing Lois Clark to give Plaintiff's check to Shirley. At some point thereafter Defendant Davidson moved in with Shirley at the Cole Witter residence.

Evidence concerning Shirley Spencer's purchase of the property on Cole Witter Road, including but not limited to the date of the Cole Witter deed, is relevant to Plaintiff's conspiracy claim. Defendants assisted Shirley in wrongfully depriving Plaintiff of property, which was used to purchase the home in which Shirley and Defendant Davidson lived after Plaintiff was sent to prison. This evidence goes to prove concerted action on the part of Defendants Krause and Davidson to falsely imprison Plaintiff, as well as Davidson's romantic relationship with Plaintiff's wife.

### 5. Dr. Raskin should be permitted to offer opinions regarding the inconsistencies between Dr. Abrams' letter and Defendant Krause's report

Plaintiff does not intend on asking Dr. Raskin's CV or report to be admitted into evidence. However, Dr. Raskin should be permitted to testify as to the inconsistencies between Dr. Abrams' letter and Defendant Krause's report. Stated briefly, Dr. Abrams' written report addressed to Defendant Davidson indicates that Plaintiff's polygraph was indicative of

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 10

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

deception, but his "scores were not very high so that the examiner does not feel as certain about the validity of these findings[.]" Defendant Krause states in her report that Dr. Abrams told her the score of Plaintiff's polygraph was a "minus 13." Dr. Raskin's opinion at trial will be that Krause's report is not at all consistent with Dr. Abram's report, in that a "minus 13", by any scoring system, would be a strongly deceptive result.

Defendants' argument appears to be that Dr. Raskin should not be allowed to testify that Defendant Krause (or her report) is not credible. Dr. Raskin will not so testify. He will, however, testify that the score of the polygraph in Krause's report is contradicted by Dr. Abrams' characterization of the results.

As this case is largely about Defendant Krause's alleged fabrication of reports, Dr. Raskin's opinions are relevant and admissible. Furthermore, Plaintiff should be allowed to argue that Krause's report of what Dr. Abrams told her is a fabrication based on the inherent contradiction between the score in her report and Dr. Abrams' report to Davidson.

**6. The videotape of Jim Peters' interview of Katie Spencer, as well as the transcript, is relevant and admissible**

For the reasons summarized above, Motion No. 1a, *supra*, the videotaped interview of Katie Spencer is relevant and admissible. The failure to disclose the tape is relevant to showing malice on the part of Defendant Krause. The content of the tape is relevant to Plaintiff's claim that Krause's reports of her interviews with Katie are fabricated, since Katie does not repeat any of the statements attributed to her by Krause in Krause's reports. The tape is also evidence that Defendants pursued charges against Plaintiff when they knew or should have known that he was innocent.

Defendants make an additional argument that Plaintiff's court-reported transcript of the videotape is not admissible. The gist of their argument is that the transcript is not accurate.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 11

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

However, Defendants have pointed to only one sentence of the transcript which they "believe" is an inaccurate transcription of what was actually said.[3] Significantly, Defendants have failed to provide an alternative transcript of their own despite having more than a year to do so. Plaintiff invites this Court to review the video and transcript to ensure that the transcription is accurate.

Transcripts are commonly used as an aid to the jury in listening to tape recordings. *E.g., U.S. v. Delgado*, 357 F.3d 1061, 1070 (9th Cir. 2004). Any potential prejudice is alleviated by an instruction that the recording, rather than the transcript, is evidence, and that what the juror hears on the recording controls in the case of a conflict. *Id. See also* 9th Circuit Manual of Model Civil Jury Instructions: 2.5. Moreover, to the extent the defense believes that the transcription is inaccurate it may cross-examine witnesses regarding the inconsistency and argue to the jury what it believes is actually said on the video.

In the alternative, though unnecessary in light of the defense's opportunity to dispute the accuracy of the transcript at trial, the one sentence cited by the defense may be redacted from the transcript so as to alleviate any potential confusion or prejudice.

**7. Testimony or argument regarding records related to the prosecution's production of evidence to defense counsel in the underlying criminal case is admissible**

As argued, *supra*, the documents concealed by Defendants and not disclosed to Plaintiff (or the prosecution) in the underlying criminal case are relevant and admissible. Thus, testimony that these items were not disclosed by the prosecution to the defense is necessarily relevant and admissible to show that Plaintiff was not aware of their existence at the time he entered his *Alford* plea.

---

[3] Defendants seem to insinuate that the transcript produced by Plaintiff is somehow biased because the transcript was "created by someone hired by plaintiff[.]" Dkt. 201, p. 16, ln. 13. Defendants fail to mention that the person "hired by plaintiff" to transcribe the video is Shelly Plate, a certified court reporter since 1984 and founder of Shelly Plate Reporting, Inc.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 12

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

However, Plaintiff has modified his list of proposed trial exhibits, and now has no intention of offering the Omnibus Application and Order of Court referenced by Defendants in their motion. Thus, to the extent Defendants' motion is directed at that specific document, Plaintiff has no objection to the motion.

### 8. Plaintiff agrees to the scope of the admissible documents regarding the dissolution proceedings between Ray and Shirley Spencer, and Michael and Linda Davidson

Plaintiff agrees to the scope of admissible documents regarding divorce proceedings between the Ray and Shirley Spencer, and Michael and Linda Davidson, as outlined in Defendants' motion. Plaintiff has therefore modified his list of proposed trial exhibits, and will not seek to admit any documents other than the divorce petitions, answers to the petitions, counter-petition, and reply to counter-petition to the extent the dates of those documents are relevant to Plaintiff's case.

### 9. Both parties should be prohibited from eliciting any evidence or making any regarding the ABC News 20/20 "Kids Recant" program

Plaintiff has no intention of playing any video from the 20/20 program at trial or to make any argument based on the video. The 66 exhibits from the program referenced in Defendants' motion consist of family photos which were provided to ABC News for use in its feature. Plaintiff will not reference the 20/20 program when these photos are authenticated and published to the jury.

Plaintiff feels constrained to point out, however, that Defendants should likewise be barred from referencing the 20/20 program at trial. Defendants extensively examined Menona Landrum about the 20/20 feature during her deposition.[4] Defendants should not be permitted to

---

[4] Defendants falsely suggest that Menona Landrum relied on the 20/20 program as a basis for speculating that Defendants forged Plaintiff's signature on the quitclaim deed. Dkt. 201, p. 18, ln. 16-20. During her deposition, Landrum specifically denied that the 20/20 feature influenced her belief that her signature on the deed had been forged.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 13

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

publish those portions of Landrum's deposition while simultaneously arguing that testimony or argument pertaining to the program should be excluded. In the event those portions of Landrum's deposition are published to the jury, the door would be opened to the jury seeing the video in its entirety.

**10. Statements in newspaper articles are admissible to the extent they constitute admissions by a party-opponent, impeachment, and evidence of bias**

Several witnesses have provided statements to journalists regarding the underlying criminal proceedings against Plaintiff. To the extent those witnesses testify inconsistently with those statements at trial, evidence of the prior inconsistent statement(s) may be offered for purposes of impeachment. Out of an abundance of caution, Plaintiff has disclosed the pertinent articles containing the statements in his list of proposed trial exhibits. However, Plaintiff does not intend on seeking to admit the articles, but discloses them only to the extent that they may be used to refresh the recollections of those called to perfect the impeachment.

Defendants argue that the letters written by Jim Peters and Defendant Davidson referencing the content of the article are hearsay. Davidson's letter, however, constitutes an admission by a party-opponent and is excluded from the definition of hearsay. FRE 801(d)(2). Further, as with the newspaper articles, Jim Peters' trial testimony may be impeached with any inconsistent statements he made in his letter. Additionally, depending on the tenor of his trial testimony, Peters' letter may be used to show evidence of bias, in which case the content of the letter would not be offered for the truth of the matter asserted.

At this time, Plaintiff does not intend on offering the press release issued by the Clark County Prosecuting Attorney's Office.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 14

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

**11. Copies of records, or testimony or argument related to, Plaintiff's post-conviction efforts to gain release from prison are relevant and admissible**

Generally, testimony or argument related to Plaintiff's post-conviction efforts to gain release from prison are admissible to show the procedural history of the underlying criminal case. Moreover, Plaintiff's ongoing efforts to vacate his plea are relevant and admissible to rebut any argument by Defendants that Plaintiff caused his own damages by entering an *Alford* plea. Documents from the Indeterminate Sentence Review Board (or testimony pertaining thereto) indicating that the Board refused to consider early release for Plaintiff because he refused to admit guilt are also admissible to rebut any suggestion that Plaintiff has made equivocal admissions about having committed the crimes.

With regard to the letters referenced by Defendants in their motion, the letters are not hearsay unless admitted for the truth of their content. Letters written by Jim Peters, DeAnne Spencer, and Art Curtis may be relevant and admissible as showing bias against Plaintiff. Furthermore, to the extent these witnesses offer testimony inconsistent with statements made in the letters, the letters may be used for purposes of impeachment.

Lastly, the letter written by Defendant Davidson is an admission by a party-opponent and is excluded from the definition of hearsay. FRE 801(d)(2).

**12. Plaintiff should be permitted to testify regarding the medications he is taking**

The extent of Plaintiff's emotional damages can be established by his testimony alone without the admission of any experts. Plaintiff may testify as to his personal knowledge regarding his anxiety, anguish, symptoms, nightmares, reputation, and other matters related to his emotional state. *E.g., Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985); *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003). Also within his personal knowledge is the amount of times he has sought professional assistance with his

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 15

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

emotional issues, as well as prescriptions he has been prescribed, including those listed in proposed exhibit 105. None of these matters would relate to a "diagnosis," opinion, or scientific material requiring medical expert testimony under FRE 702. Instead, they are based on Plaintiff's personal knowledge and observations. *See Zhang*, 339 F. 3d at 1040 (plaintiff testified about own feelings and his belief as to the effect that defendant's actions would have on others' perception of him); *S. Calif. Housing Rights Center v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1069-1070 (C.D. Cal. 2005) (plaintiff testimony regarding her personal knowledge of symptoms and causes of exacerbation was admissible, but not testimony about a diagnosis).

**13. Testimony, argument, and copies of Matthew Hansen's criminal record is relevant and admissible**

Defendants seek to bar evidence regarding "criminal cases in which Matthew Hansen was a defendant that *are not* admissible under FRE 609." Dkt. 201, p. 22 (emphasis added). Defendants make no argument regarding the admissibility of criminal cases that *are* admissible under FRE 609. Plaintiff reserves the right to impeach Matt Hansen, if he testifies, by questioning him and eliciting evidence concerning his convictions for the felonies of Burglary (2 counts), Malicious Mischief, Forgery (2 counts), Theft of a Motor Vehicle, and Identity Theft (2 counts), all of which are punishable by imprisonment for more than a year (RCW 9A.20.021).[5] FRE 609(a)(1)(A). Though not necessary to admissibility given the term of punishment, many of these felonies also require proof or admission of a dishonest act (*e.g.,* RCW 9A.60.020; RCW 9.25.020) or may be inquired into to determine if they involved acts of dishonesty (*see Englebrick v. Worthington Industries*, 670 F.Supp.2d 1049, 1052 (C.D. Cal. 2009)). FRE 609(a)(2).

---

[5] All of these convictions occurred within the last 10 years.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 16

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

The documents contained in Plaintiff's pretrial statement and objected to by Defendants are also admissible as they are relevant to Hansen's bias and motives to testify. FRE 404(b). This includes evidence that the Clark County Prosecuting Attorney's Office first reinitiated contact with Hansen concerning the underlying criminal investigation after Hansen had been arrested and was in the custody of the Clark County Sheriff. Likewise, that Hansen has an outstanding warrant for his arrest is also probative of potential bias, in that Hansen may attempt to curry favor with the Clark County Prosecuting Attorney's Office by testifying in a certain manner at these proceedings.[6]

### 14. The photos disclosed by Plaintiff are relevant to, *inter alia*, Plaintiff's claim of damages

Defendants argue that the photos produced by Plaintiff should be excluded because they are irrelevant to show fabrication of evidence, knowledge of Plaintiff's innocence, and conspiracy. In the alternative, Defendants argue to the extent they are relevant, cumulative photos should be excluded under FRE 403.

Defendants fail to recognize that the photos are relevant to Plaintiff's claim of damages. Plaintiff should be permitted to show photos to the jury depicting what his life was like prior to his incarceration. This necessarily includes photos showing his relationship with his children, as well as his past employment as an air traffic controller and policeman. The photos are relevant to aid the jury's assessment of what Plaintiff has lost as a result of Defendants' unconstitutional conduct. Moreover, visual evidence of the prison and cell in which Plaintiff was housed for years of his life is certainly relevant to aid the jury's understanding of Plaintiff's incarceration, which is another integral component of his injuries. Defendants

---

[6] Depending on how the testimony unfolds at trial, Hansen's relationship with his mother, Shirley Spencer, may become relevant. In that case, evidence of the no-contact order prohibiting Hansen from contacting Shirley may by rendered relevant and admissible.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT
MOTIONS IN LIMINE (C11-5424BHS) — 17

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

cannot reasonably expect the jury to make these determinations in a vacuum without any visual evidence to provide context for Plaintiff's claims.

As of the date of filing this response, Plaintiff intends to seek the admission of approximately 14 photographs spread between three witnesses. This should render Defendants' concerns regarding undue delay, waste of time, and the presentation of cumulative evidence moot.

**15. Both parties should be barred from making argument which invites jurors to conceptually put themselves in the place of any party**

Plaintiff agrees that neither side should be permitted to make the "golden rule argument" as to any of the parties in this case.

### Conclusion

WHEREFORE, Plaintiff respectfully requests an order consistent with the objections as stated above.

Respectfully submitted,


/s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmail.com
Attorney for Plaintiffs

/s/  Daniel T. Davies
Daniel T. Davies, WSBA # 41793
Local counsel
David Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Phone: (206) 757-8286
Fax: (206) 757-7286
Email: dandavies@dwt.com
Attorney for Plaintiffs

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 18

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

<u>DECLARATION OF SERVICE</u>

I hereby certify that on December 9, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmail.com
Attorney for Plaintiffs

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JOINT MOTIONS IN LIMINE (C11-5424BHS) — 19

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax