Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CLYDE RAY SPENCER ,

                              Plaintiff,

v.

JAMES M. PETERS, et al.,

                              Defendants.

NO.  C11-5424 BHS

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTIONS IN LIMINE

**NOTED ON MOTION CALENDAR:
Friday, December 13, 2013**

ORAL ARGUMENT REQUESTED

     Defendants Davidson and Krause jointly request that plaintiff's motions in limine should be denied for the reasons stated below.

## I.      LAW AND ARGUMENT

### A.  Summary of Overarching Issues Pertaining to Defendants' Responses

     Plaintiff essentially seeks to prevent the jury from hearing any evidence inconsistent with his theory of liability.  For example, he argues the jury should be precluded from reviewing and hearing testimony about several of Detective Krause's police reports, and the few that the jury should be allowed to review should be substantially redacted throughout to remove any information that is remotely unfavorable to plaintiff.  He also argues that defendants should be precluded from calling most of their witnesses, and the few remaining witnesses should be prohibited from testifying about anything he considers unfavorable to him.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    Plaintiff's motions in limine overlook several key components of his burden of proof in

2    the course of arguing most of defendant's witnesses and exhibits are immaterial to the remaining

3    issues in this case.  One of the primary facets of this case overlooked in plaintiff's motions in

4    limine is that to establish liability for alleged deliberate fabrication of false evidence, plaintiff

5    "must, *at a minimum*, point to evidence that … Defendants continued their investigation …

6    despite the fact that they knew <u>or should have known</u> that he was innocent …."  *Devereaux v.*

7    *Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (italics in original; underlining added); *see also id.*

8    at 1077 ("What is required is … a showing that the interviewer knew or should have known that

9    the alleged perpetrator was innocent").  This burden requires "a specific affirmative showing of

10   dishonesty" by Davidson and Krause.  *Id.* at 1076.  In order to rebut plaintiff's deliberate

11   fabrication claim, defendants are thus entitled to present evidence showing that defendants did

12   <u>not</u> know plaintiff was innocent, and further that an objectively reasonable investigator or

13   interviewer would <u>not</u> have known plaintiff was innocent. Thus, for example, evidence that the

14   prosecutor who interviewed Kathryn Spencer (James Peters), the Judge who sentenced him

15   (Thomas Lodge), the Chief of Police of plaintiff's former employer (Leland Davis), and another

16   prosecutor who reviewed Shirley Spencer's letter documenting Kathryn Spencer's initial

17   disclosure and other material (Rebecca Roe) did not believe plaintiff was innocent is probative

18   of defendants' theory of the case, even though it is unhelpful to plaintiff's theory of the case.

19   Similarly, Krause's and Davidson's character for truthfulness is both directly and indirectly

20   being attacked via plaintiff's deliberate fabrication of evidence claim, so reputation evidence

21   concerning their integrity and honesty is relevant and admissible under FRE 608(a).

22       Another facet of this case that plaintiff's motions in limine overlooks is that the requisite

23   proof that probable cause was lacking to support plaintiff's arrest and prosecution also involves

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 2 -

an objective test.  *See, e.g.,* 9th Cir. Model Civil Jury Instrs. 9.20 ("Probable cause exists when, <u>under all of the circumstances known to the officers at the time,</u> an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime"; emphasis added).  <u>All of the circumstances</u> known to Davidson and Krause during the course of the investigation culminating in plaintiff's *Alford* plea of guilty are thus relevant and admissible, including <u>all</u> of the information identified in <u>all</u> of Krause's police reports.  Moreover, evidence from non-parties, such as Ms. Roe and Leland Davis, that they, too, independently believed probable cause existed is relevant and admissible.

The jury conceivably could find there was probable cause for plaintiff's arrest based solely on Shirley Spencer's written description of Kathryn's disclosure of sexual abuse before Davidson or Krause began the investigation.  In other words, the jury conceivably could find probable cause existed, which is a complete defense to plaintiff's false arrest, malicious prosecution and false imprisonment claims, even if the jury concludes some of Krause's quotations of children's disclosures were fabricated.  Thus, defendants should be permitted to present <u>all</u> of the circumstances supporting probable cause, or that could contribute to an objectively reasonable person's belief that plaintiff was not innocent.

Plaintiff's motions in limine also overlook his burden to prove that defendants proximately caused his alleged damages, which all flow from his imprisonment following his *Alford* plea.  If a superseding or intervening cause led to his imprisonment, defendants are not liable.  *E.g., Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010) (where the injury complained of is imprisonment by court order, "the order of the court would be the proximate cause and the various preliminary steps would be remote causes …"); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010) ("the prosecutor's

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 3 -

independent decision can be a superseding or intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an arrest or procured a prosecution"). Defendants should thus be permitted to present evidence establishing their theory that plaintiff is unable to prove proximate cause due to the existence of superseding or intervening causes by calling witnesses and providing evidence of the independence of the judgments exercised by prosecutors and/or the sentencing court.

These overarching issues underlay many of defendants' responses to plaintiff's motions in limine.  In addition, defendants provide the following specific responses to each motion.

### B.   Defendants' Responses to Plaintiff's Motions in Limine

**1.   Motions to bar the defense from publishing and/or eliciting testimony related to irrelevant and highly prejudicial allegations of unconvicted prior bad acts.**

Plaintiff cites FRE 404(a) and FRE 404(b) in support of his request to bar what he characterizes as "irrelevant and highly prejudicial allegations of [his] unconvicted prior bad acts" documented in defendant Krause's reports, but fails to discuss the applicable language in FRE 404.  FRE 404 provides in relevant part as follows:

> **(a) Character Evidence.**
> **(1) Prohibited Uses.**   Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
> . . .
> **(3) Exceptions for a Witness.**   Evidence of a witness's character may be admitted under Rules 607, 608, and 609.
> **(b) Crimes, Wrongs, or Other Acts.**
> **(1) Prohibited Uses.**   Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses:** … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The list of other purposes in FRE 404(b)(2) is illustrative, not exhaustive.  *U.S. v. Cruz-Garcia,*

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 4 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

344 F.3d 951, 955 (9th Cir. 2003); *see also U.S. v. Rosa,* 11 F.3d 315, 333-34 (2nd Cir. 1993).

If evidence is admissible under FRE 404(b), it must also be considered under FRE 403 and a determination made whether its probative value is substantially outweighed by the danger of unfair prejudice. *U.S. v. Cruz-Garcia,* 344 F.3d at 956. Under FRE 403, "[e]vidence is unfairly prejudicial only if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' Advisory Committee's Note, F.R.Evid. 403." *Carter v. Hewitt,* 617 F.2d 961, 972 (3rd Cir. 1980). As explained below, none of the evidence challenged by plaintiff is inadmissible under these rules.

### a.  Accusations related to Rhonda Short

Plaintiff cites portions of defendant Krause's reports documenting information provided by DeAnne Spencer regarding accusations that plaintiff had raped a "female adult neighbor,"[1] Rhonda Short, in November of 1978, and moves to exclude any reference to Rhonda Short or descriptions of the alleged rape under FRE 404(a) and (b) as impermissible character and bad acts evidence. Because this is evidence of a crime, wrong or other act, FRE 404(b) provides the proper standard for determination of admissibility.

The Rhonda Short information is not being offered by defendants to prove plaintiff's character in order to show that on any particular occasion he acted in accordance with that character, so it is not prohibited by FRE 404(b)(1). Rather, it is being offered for the permitted purpose under FRE 404(b)(2) of providing the jury with all of the facts and circumstances defendants were aware of while investigating the allegations that plaintiff had raped and molested his children and step-child approximately six years later, and it is probative of whether

---

[1] DeAnne reported that Rhonda Short was living with her parents, that she was nineteen years old when the alleged rape occurred, and that she was "emotionally very, very immature." Declaration of Jeffrey Freimund ("Freimund Decl.") at Ex. 1, pp. 9-10 (Krause report of October 18, 1984 interview of DeAnne Spencer).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 5 -

defendants should have known that plaintiff was innocent while conducting the investigation.

From the outset plaintiff has portrayed himself as "a decorated police officer" who "had no record of any wrongdoing of any kind in his entire life that suggested he could be capable of such vicious acts against his own children…." Dkt. 1, p. 14, ll. 8-13. Defendants are entitled to introduce all of defendant Krause's investigative reports including those containing the Rhonda Short information, not just the reports or excerpts of reports which plaintiff believes are helpful to his claims, so the jury will see and hear all of the information defendants were aware of during the investigation and can fairly assess whether defendants knew or should have known plaintiff was innocent.

The highly probative value of the Rhonda Short information is not outweighed by the danger of unfair prejudice to plaintiff. The fact that it undermines his claim to having led an impeccably perfect life does not make the evidence unfairly prejudicial, as it would not have an undue tendency to suggest decision on an improper basis. Rather, it simply is one of the numerous items of information made known to defendants while conducting the investigation.

### b. Alleged infidelity

Plaintiff moves to exclude evidence of accusations by both DeAnne Spencer and Shirley Spencer that plaintiff engaged in numerous affairs while they were each married to him, on the sole ground that this evidence is irrelevant. In support, plaintiff emphasizes the affairs were with adult females, and so cannot be relevant "to the issue of whether Defendants fabricated reports stating that he had sexually abused three children under the age of nine."

Once again, plaintiff is incorrectly narrowing the scope of the issues the jury is to consider. The extra-marital affair information reported by plaintiff's ex-wives is relevant to defendants' understanding of the dynamics involved in the household of the suspect and victims

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

- 6 -

under investigation, and also to the credibility or potential bias of the reporting witnesses. While providing training, Krause prepared and utilized an outline entitled "Investigating Child Sexual Abuse Allegations," which plaintiff has listed and defendants have stipulated will be admitted as an exhibit at trial. The outline specifically identifies the need to interview (a) parents of the alleged victim to elicit information about the suspect's background, (b) the suspect's prior spouses for relevant information, including adult sexual partners, and (c) the suspect for information addressing sexual characteristics, including extramarital affairs. Freimund Decl. at Ex. 2, pp. 1-3, 5-8. Defendants are entitled to explain to the jury the information obtained concerning plaintiff's affairs and the use made of it in conducting the investigation, in combination with all of the other information learned, so they can fairly present to the jury their defense that they conducted a thorough and unbiased investigation of plaintiff covering all proper subjects of inquiry, and that the information learned in total did not cause them to conclude, and should not have caused them to conclude, that plaintiff was innocent.

### c. Alleged gun confiscation

Plaintiff moves to exclude evidence that one of Krause's reports contains information from a witness (DeAnne Spencer) describing how plaintiff had confiscated guns while working as a police officer, some of which he kept. The only ground advanced in support is that this evidence constitutes impermissible character and/or prior bad act evidence. Once again, FRE 404(b) provides the relevant standard, and the evidence is permitted under FRE 404(b)(2) because it is not being offered to prove that plaintiff acted in accordance with a character trait. Rather, as with all of the other unfavorable excerpts from Krause's interview reports plaintiff seeks to keep from the jury, it is relevant to defendants' theory of the case that they conducted a thorough and unbiased investigation of plaintiff covering all proper subjects of inquiry, and the

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

- 7 -

1    information learned in total did not cause them to conclude, and should not have caused them to

2    conclude, that they were investigating an innocent suspect.

### d.  Alleged confrontation with Shirley about guns

4    Without providing any context or details, plaintiff moves to exclude any evidence of "the

5    conditions of Plaintiff's release with respect to firearms and his alleged confrontation with

6    Shirley" on the sole ground this evidence allegedly constitutes impermissible character and/or

7    prior bad act evidence.  Preliminarily, plaintiff cannot complain about the admission of the

8    January 4, 1985 Clark County Superior Court Release Agreement, which includes the gun

9    possession restriction, because plaintiff's pretrial statement lists it as an exhibit to be admitted

10   without redaction, and defendants have stipulated to its admission.

11   More importantly, the portion of Krause's report documenting the conflict between

12   plaintiff and Shirley Spencer over guns demonstrates that over the course of the preceding three

13   weeks in February of 1985 Krause had been notified of the following: (1) a domestic violence

14   disturbance occurred at the home of plaintiff and Shirley after which plaintiff reportedly moved

15   out of the residence and was admitted to a psychiatric hospital; (2) Detective Hulse of the

16   Vancouver Police Department (VPD) later advised that plaintiff left the hospital, moved into a

17   local motel, and was making statements indicating he was "going to start getting some people

18   because he was tired of this," specifically mentioning Krause, Davidson and numerous VPD

19   officers by name; and (3) the Communications Center later called Krause to advise that Clark

20   County deputies had responded again to the Spencer residence on a civil standby regarding

21   Shirley's refusal to give plaintiff his guns, which he noticed were missing from his gun case

22   when he visited the residence to attend a birthday party for Matthew Hansen.  Freimund Decl., at

23   Ex. 3, pp. 1-8; and Ex. 4, pp. 1-2.   This latter call prompted Krause to contact VPD, who

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 8 -

1    confirmed plaintiff was to possess no weapons pursuant to the Release Agreement.

2        After providing this background, Krause's report goes on to explain how she had not had

3    an opportunity to communicate with Shirley since conducting the initial interviews of the

4    children in California during October 1984 and attempting to interview plaintiff, and explained

5    her desire to contact Shirley for further follow up.  The report describes how Krause tried calling

6    Shirley and became concerned when she was unable to reach her by phone the day after the civil

7    standby over the guns, prompting Krause to ask that a patrol unit perform a welfare check at the

8    Spencer residence due to the events of the previous day and the threats she had been told

9    plaintiff was making.   Krause spoke with Shirley by telephone later that day and made

10   arrangements to meet with Shirley the next day, which eventually led to Krause meeting with

11   her son Matthew Hansen for the first time.  Freimund Decl. at Ex. 4, pp. 2-4; Dkt. 64-3.

12       Ignoring these facts, plaintiff has consistently portrayed Krause's actions in contacting

13   Shirley Spencer in February 1985 as part of her "relentless pursuit" of Shirley to enlist her help

14   in setting up and framing plaintiff.  The sequence of events described in Krause's challenged

15   report, including the facts regarding the guns, are not being offered to prove that plaintiff acted

16   at any point in time in accordance with any character trait related to guns, so this evidence is not

17   inadmissible under FRE 404(a) or (b).  Rather, it is being offered to establish, and is relevant to,

18   the circumstances and context that led to Krause re-contacting Shirley in February of 1985,

19   which then led to Matthew Hansen's disclosures of plaintiff's sexual abuse.  Accordingly, it is

20   admissible under FRE 404(b)(2).

21             **e.  Alleged lie to superiors at Vancouver Police Department**

22       Plaintiff seeks to exclude evidence contained in one of defendant Krause's reports

23   documenting an incident described by DeAnne Spencer that plaintiff had lied to his superiors at

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS
- 9 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

the VPD concerning his involvement in an undercover investigation.  The only ground advanced by plaintiff in support of exclusion is that the evidence allegedly constitutes impermissible character and/or prior bad acts evidence.  Defendants do not seek to introduce this report, or this specific portion of the report, to prove that plaintiff lied on any particular occasion in accordance with a character trait to lie.  Rather, defendants will introduce it so that the jury will see and hear all of the information defendants were aware of during the investigation and can fairly assess the quality of the investigation, and specifically whether defendants knew or should have known plaintiff was innocent at that time.

### 2. Motion to bar the defense from publishing and/or eliciting testimony related to irrelevant, highly prejudicial excerpts in defendant Krause's reports of interviews with DeAnne and Shirley Spencer

The argument in section II.B.1.b above applies equally to this motion, including all subparts a. – d.  Additional argument is set forth as needed below.

#### a. Statements related to quality of plaintiff's marriages

This evidence is essentially the same as that addressed in section II.B.1.b, and should be admitted for the same reasons.

#### b. Statements related to plaintiff allegedly having herpes

Evidence regarding the information reported to Krause by both of plaintiff's ex-wives concerning the spread of sexually transmitted disease is relevant for all of the same reasons advanced in section II.B.1.b above.   In addition, DeAnne reported a suspicious rash on Kathryn's genital area, which Krause is entitled to include in her description to the jury of the totality of facts she obtained and the thoroughness of her investigation.

#### c. Statements related to plaintiff's alleged possession of pornography

Consistent  with  the  section  II.B.1.b  arguments,  the  issue  of  plaintiff's  reported

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 10 -

possession of pornography, and children's access to it, is also specifically listed as a subject which should be covered in the "Investigating Child Sexual Abuse Allegations" outline listed by plaintiff as a trial exhibit and stipulated to by defendants. *See* Freimund Decl. at Ex. 2, pp. 3, 5, 8. Contrary to plaintiff's conclusory argument, there is nothing "absurd" about inquiring into use of pornography when investigating allegations of child sexual abuse. *See id.*

### d. Additional irrelevant and prejudicial statements by DeAnne and Shirley

Consistent with the section II.B.1.b. arguments, all of the 7 subjects identified in this portion of plaintiff's motion are part of the totality of facts and circumstances defendants were aware of, and none should be redacted or eliminated from the context in which they were reported, leaving unexplained gaps in the information that was provided to defendants. Some, including subjects (3), (4), (5), (6) and (7) are more probative of the issues central to this case than others, but all are part of the background developed by defendants during the investigation, and none should be summarily stricken from the jury's consideration of the totality of the circumstances defendants knew at the time. Defendants agree with plaintiff that these subjects may be prejudicial to his case in the sense of undermining his claims, but they are not unfairly prejudicial as is required to warrant exclusion under FRE 403. *See Carter,* 617 F.2d at 972.

### 3. Motion to bar the defense from publishing and/or referencing defendant Krause's interview of Kathryn Roe

The only argument provided by plaintiff in support of excluding evidence of Krause's report of her interview of DeAnne Spencer's sister, Kathryn Roe, is that it is allegedly not "relevant to probable cause." As with the evidence addressed in sections II.B.1 and 2, plaintiff has improperly narrowed the scope of the remaining issues. The information defendants obtained from Kathryn Roe is part of the totality of the facts and circumstances known to them

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 11 -

during the investigation, and is relevant to the issues regarding the thoroughness of the investigation, probable cause, and whether defendants knew or should have known plaintiff was innocent.  Plaintiff fails to mention that Kathryn Roe reported that she was 14 years old when plaintiff made the statements and asked the questions attributed to him, which included many other statements not listed in plaintiff's motion, which Kathryn Roe felt were "very inappropriate."  Freimund Decl.at Ex. 5, pp. 2-3.  Her age, and the sexual content of these statements, makes them highly probative of the above listed issues.  Much of this information is also relevant because it corroborates information obtained from other witnesses.

Krause's report of the Kathryn Roe interview should also be admitted under FRE 106, which requires the introduction of other parts of any writing or recorded statement "that in fairness ought to be considered at the same time."  All of Krause's reports from the investigation file should be admitted to give the jury the entirety of the information compiled by defendants during the investigation and to avoid misleading the jury about the full scope of the investigation.  *Cf., e.g., U.S. v. Poschwatta,* 829 F.2d 1477, 1483 (9th Cir. 1987) (denying admission of entire file is proper if entirety of file is not necessary to avoid misleading jury).

4.   **Motion to bar the defense from publishing and/or referencing defendant Krause's interview of Phyllis Day**

The same arguments advanced in response to the preceding section II.B.3 apply to this motion.  Specifically, plaintiff fails to mention that Krause's report documents statements by Ms. Day which are relevant to and corroborate information obtained from other sources regarding Kathryn Spencer's desire not to visit her father during the summer when the alleged abuse occurred, and statements by Ms. Day that Kathryn never made any statement around her regarding the allegations of sexual abuse.  Freimund Decl., Ex. 6, p. 2.  The former statements are relevant for the reasons previously advanced; the latter statement is relevant to show

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 12 -

Krause's impartiality and thoroughness in conducting the investigation.

### 5.   Motion to bar the defense from publishing and/or referencing defendant Krause's interview of Linda Lawrence

The same arguments advanced in response to section II.B.3 apply to this motion. Plaintiff cites "prior bad acts" as an additional ground for excluding the challenged evidence from the Linda Lawrence interview, but none of it is being offered to prove a character trait of plaintiff that he later acted in accordance with, so FRE 404 does not require exclusion.

### 6.   Motion to bar witnesses other than Matthew Hansen from testifying that Hansen has never recanted

A centerpiece of plaintiff's liability theory is that Kathryn Tetz and Matt Spencer recanted more than 20 years after plaintiff's 1985 conviction following his 2005 release from prison.  Plaintiff will undoubtedly adduce testimony from other witnesses regarding these two recantations, including how each of these two spoke to the other, to plaintiff, and to plaintiff's representatives about recanting.  Plaintiff also will argue these recantations show defendants knew or should have known in 1984-85 that plaintiff was innocent and, nonetheless, conspired to deliberately fabricate false quotations of the children's disclosures.

In contrast, however, plaintiff argues that no witness other than Matthew Hansen should be permitted to testify to the undeniable evidence that Matthew Hansen has never recanted, or to make any reference to the sworn statement he gave in 2009 confirming plaintiff sexually abused him.  *See* Dkt. 54 and 54-1.  Plaintiff claims this evidence is inadmissible hearsay.

FRE 801(d)(1)(B) provides that a prior consistent statement by a trial witness (which Matthew Hansen will be), such as Matthew Hansen's prior statements confirming plaintiff's sexual abuse, is not hearsay when "offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 13

testifying."  Plaintiff will, at least implicitly, contend Matthew Hansen's 2009 non-recantation confirming the sexual abuse was improperly influenced because he was in the Clark County Jail at the time the statement was made.  Thus, plaintiff's hearsay objection should be overruled.

Plaintiff's motion on this subject does not seek an order precluding defense counsel from referencing the fact that Matthew Hansen has not recanted during opening statements.  Thus, any ruling on this topic should not preclude defense counsel from making such a reference during their respective opening statements.

### 7.  Motion to bar Jim Peters from testifying

Oddly, plaintiff seeks to preclude former named defendant James Peters from testifying on the grounds that he was not identified as a witness in Davidson's and Krause's initial disclosures at the outset of this litigation, and that his testimony is irrelevant.  Obviously, by naming Mr. Peters as a defendant, plaintiff knew Mr. Peters had discoverable information. Moreover, both plaintiff and Mr. Peters identified James Peters in their initial disclosures as having discoverable information.  Freimund Decl. at Exs. 7, p. 3 (excerpts of plaintiff's initial disclosures) and 8, p. 2 (excerpts of former defendant Peters' initial disclosures).  Additionally, although arguably unnecessary, both defendant Krause and defendant Davidson specifically referenced and incorporated all other parties' initial disclosures in answer to an interrogatory asking for the identities of persons with knowledge and the subject matter of their knowledge. Freimund Decl. at Ex. 9, p. 5 (Krause's response to plaintiff's interrogatory No. 2); and Ex. 10, p. 5 (Davidson's response to plaintiff's interrogatory No. 2).  *See* FRCP 26(e)(1)(A) (an initial disclosure is required to be supplemented only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

It would be elevating form far over substance to preclude defendants from calling a

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 14 -

1  former named defendant because they did not specifically identify that already named defendant

2  in their initial disclosures, especially considering that plaintiff and former defendant Peters did

3  initially disclose him, and plaintiff has since deposed Mr. Peters (*see, e.g.,* Dkt. 177, p. 1; Dkt.

4  177-1, pp. 1-7).  Any failure by Davidson or Krause to initially disclose Mr. Peters as a person

5  with discoverable information at the outset of this case was harmless.  *See* FRCP 37(c)(1) (an

6  undisclosed witness may still testify if the failure to disclose was harmless).  Plaintiff's attempt

7  to transform the FRCP 26(a) initial disclosure rules into a game of "gotcha" to preclude a

8  deposed witness from testifying at trial should not be countenanced.

9          Similarly misplaced is plaintiff's argument that Mr. Peters' testimony would be

10  irrelevant.  Among other issues, Mr. Peters' testimony is relevant to:  (1) whether Kathryn Tetz

11  and Matthew Spencer disclosed plaintiff's sexual abuse to plaintiff's criminal defense lawyer in

12  Mr. Peters' presence, during which Mr. Peters took handwritten notes, which will be offered at

13  trial as defendants' Exhibit A-9; (2) whether defendants objectively should have known plaintiff

14  was innocent; (3) whether there was probable cause to arrest and prosecute plaintiff (pursuant in

15  part to Mr. Peters' affidavit, Dkt. 63-4); (4) whether plaintiff admitted in open court in Mr.

16  Peters' presence when the sentencing court accepted plaintiff's *Alford* plea of guilt that plaintiff

17  had no evidence to contradict the evidence against him and could not remember whether he

18  sexually abused the children (which is what Krause reported plaintiff previously said to her and

19  Davidson, Dkt. 64-4, pp. 3-5); (5) whether Mr. Peters exercised independent judgment when

20  seeking plaintiff's imprisonment; (6) whether defendants each had a reputation for truthfulness;

21  and (7) if defendant's motion to exclude the videotaped interview is denied, whether Kathryn

22  Tetz made similar disclosures to him when he interviewed her as she made to Shirley Spencer

23  and Krause (as this Court previously found was the case, Dkt. 174, pp. 19-20).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 15 -

1    Although plaintiff is correct that Mr. Peters has not been identified as an expert witness

2    that does not mean he is prohibited from properly offering lay opinions pursuant to FRE 701.

3    Plaintiff's request for a blanket prohibition on Mr. Peters offering any lay opinions based on, for

4    example, his perceptions developed from interactions with Kathryn Tetz, Matt Spencer, plaintiff,

5    defendants and others should be overruled.  If plaintiff believes a particular line of questioning

6    or response from Mr. Peters at trial violates FRE 701, he should raise an objection at that time.

7    *See, e.g., Gresh v. Waste Serv. Of Am., Inc.,* 738 F.Supp.2d 702, 706 (E.D.Ky. 2010) (unless

8    evidence is clearly inadmissible on all potential grounds, ruling on motions in limine "should be

9    deferred until trial so that questions of foundation, relevancy and potential prejudice may be

10   resolved in proper context").  A blanket prohibition against lay opinions by Mr. Peters, or any

11   other witness, is contrary to FRE 701 and should be denied.

12   ### 8.    Motion to bar any defense witness from offering a personal opinion as to plaintiff's guilt

13   Plaintiff seeks a blanket order prohibiting all defense witnesses from presenting a lay

14   opinion, or defense expert Rebecca Roe from offering an expert opinion, that they believed

15   plaintiff was guilty, claiming such evidence would be irrelevant.  This motion overlooks the fact

16   that plaintiff must prove defendants knew or should have known plaintiff was innocent, and that

17   probable cause was lacking that he committed a crime.  *See, e.g., Devereaux,* 263 F.3d at 1076;

18   9th Cir. Model Civil Jury Instrs. 9.20.  In effect, plaintiff is suggesting defendants can offer no

19   defense concerning their beliefs as to guilt and probable cause, thereby creating an inference that

20   defendants concede these critical points.

21   To rebut plaintiff's claims, defendants should be entitled to present their theory of the

22   case by testifying they genuinely believed plaintiff was guilty and there was a fair probability he

23   had committed a crime, and to deny in front of the jury that they knew or should have known he

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 16 -

was innocent or that probable cause was lacking.  Defendants also should be permitted to present testimony and evidence that their beliefs as to guilt and probable cause were objectively reasonable by adducing evidence from other knowledgeable individuals who had similar beliefs based on their own involvement with plaintiff and/or his child victims.  If defendants are precluded from offering this evidence from other witnesses, the jury could infer no objectively reasonable person would have believed plaintiff was guilty or that probable cause existed to believe plaintiff committed a crime.  Testimony concerning whether defendants believed, and whether it was objectively reasonable for defendants to believe, plaintiff was guilty and/or that there was a fair probability he committed a crime is relevant because such testimony goes to the key issues in the case.  Plaintiff's argument that such testimony is irrelevant should be overruled.

**9. Motion to bar defendant Krause from testifying as an expert in child sex abuse cases**

Plaintiff seeks to preclude defendant Krause "from testifying as an expert as to Plaintiff's competence, CSAAS [1983 Roland C. Summit, M.D., publication entitled 'The Child Sexual Abuse Accommodation Syndrome'] and/or false denials in child sex abuse cases," arguing that these would be improper lay opinions under FRE 701 and cannot be expressed as expert opinions because Krause did not disclose herself as an expert.[2]  Plaintiff also cites, but does not discuss, the FRE 701 Advisory Committee Notes (2000 Amendments), which actually undermine plaintiff's position.  These Advisory Committee Notes cite with approval to authority for the proposition that "there is no good reason to allow what is essentially surprise expert

---

[2]  Defendants have moved in limine to preclude evidence or argument that plaintiff was incompetent when he entered his guilty plea and was sentenced.  Dkt. 201, pp. 6-7.  If that motion is granted and evidence or argument about claimed incompetence is excluded, defendants do not anticipate offering any evidence regarding plaintiff's competence.  Plaintiff now concedes his competence at the time of his plea and sentencing "are not at issue."  Dkt. 202, p. 26, ll. 14-15.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 17 -

testimony" and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process."

Defendant Krause will be testifying as a lay witness based on her participation in the investigation of plaintiff.  Plaintiff claims that Krause purposely falsified child sexual abuse statements during her investigation, when she knew or should have known plaintiff was innocent.  Defendant Krause is entitled to testify to the actions she took and conclusions she drew during this investigation in order to defend against plaintiff's claims.  Her testimony on these points will not come as a surprise to plaintiff because he deposed her after receiving her entire investigative file, as well as records concerning her training and experience.  Under these circumstances, it is plaintiff who appears to be attempting to manipulate the rules governing disclosure of anticipated testimony by seeking to prevent Krause from fully explaining her actions and conclusions during the investigation.

Defendants are unaware of any case, and plaintiff has cited none, requiring a named defendant to disclose herself as an expert when her testimony consists solely of the actions taken and conclusions drawn by her during the investigation.  Even as to non-party police witnesses, the law is to the contrary.  The fact that Krause's testimony about the investigation and the conclusions she drew will be based in part upon her training and experience does not make her testimony expert testimony for purposes of the rules.  In *U.S. v. Oriedo,* 498 F.3d 593, 601-02 (7th Cir. 2007), an investigating police officer was allowed to testify <u>as a lay witness</u> under FRE 701 to his participation in a controlled drug buy and to his concerns regarding possible counter-surveillance activities, even though his "specialized knowledge informed his mental state."  *See also Colon-Diaz v. U.S.,* 899 F.Supp.2d 119, 135-38 (D. Puerto Rico 2012) (twelve year veteran police officer held to have testified as a lay witness where his testimony "was based on his direct

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 18 -

observation of the criminal activities and drug-related transactions …, his experience as a narcotics agent, his examination of the recording of the … drug point made by confidential informant Ketsy Cardona, and corroborating the information provided by Ketsy).  Plaintiff's motion for a blanket prohibition on Krause offering any lay opinions as permitted by FRE 701 should be denied.

### 10. Motion to bar any lay or expert testimony that Katie Spencer, Matt Spencer, or Matt Hansen exhibited behavioral characteristics consistent with victims of sexual abuse

Defendant Krause's reports document that she asked questions of DeAnne Spencer, Shirley Spencer and others about the behavior of the alleged child sexual abuse victims around the times of the alleged abuse.  Any of these witnesses with personal knowledge are competent to testify to behaviors which they observed.  Consistent with the authorities and reasoning in the preceding section, Krause is entitled to testify to whatever significance she placed upon the information she received in order to defend against plaintiff's claim that she fabricated evidence while she knew or should have known plaintiff was innocent.

The cases cited by plaintiff in support of this motion are inapposite.  *U.S. v. Bighead,* 128 F.3d 1329 (9th Cir. 1997) involved a foundational challenge to a rebuttal expert who testified about certain characteristics of child sexual abuse victims, but she had never examined or interviewed the victim at issue, and did not testify about the facts of that particular case.  *Id.,* at 1330.  *U.S. v. Antone,* 981 F.2d 1059 (9th Cir. 1992) was also a case involving a foundational challenge to admitting expert testimony about general behavior characteristics of sexually abused children, rather than testimony about the specific victim or the specific investigation at issue.  Neither case supports plaintiff's motion, which seeks to preclude the investigating detective from explaining the basis for her beliefs and conclusions drawn as a result of her

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 19 -

1   observations and information received during the course of her investigation.

2       Finally, this motion is puzzling because it is inconsistent with plaintiff's trial exhibit 98,

3   to which defendants have stipulated to admissibility.  Exhibit 98 is a training guide authored by

4   defendant Krause entitled "Behavioral Indicators That May Be Consistent With Child Abuse."

5   Admitting this stipulated exhibit while precluding witnesses from describing the behavioral

6   indicators present in this case would be confusing, and prevent the jury from hearing about all of

7   the circumstances known to defendants that supported probable cause and their belief in guilt.

8

9       **11.   Motion to bar any and all documents and/or testimony referencing the
            Vancouver Police Department's internal investigation and/or bases for
10           terminating plaintiff's employment**

11      While defendants were conducting the criminal investigation of plaintiff, his employer,

12  the VPD, was conducting its own internal affairs investigation.  The two agencies communicated

13  with each other regarding the progress and results of their respective investigations.  The VPD

14  terminated plaintiff's employment on January 8, 1985, citing three separate findings:  (1) That

15  while residing in California plaintiff forcibly and without consent compelled Rhonda Short to

16  engage in sexual intercourse; (2) that plaintiff falsely reported information to his superiors while

17  working on an undercover investigation of gambling activities, and engaged in an on-going

18  sexual relationship with an undercover informant without the knowledge or approval of his

19  superiors; and (3) that plaintiff had sexual contact with and engaged in or attempted to engage in

20  sexual intercourse with his daughter Kathryn, then age 5.  Dkt. 63-3.

21

22      The only basis asserted for exclusion of evidence of the VPD investigation and

23  termination of plaintiff's employment is that it is allegedly irrelevant.  To the contrary, this

24  evidence is highly probative of whether defendants knew or should have known they were

25  investigating an innocent suspect, and whether it was objectively reasonable to conclude there

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 20 -

was probable cause to arrest.  The fact that VPD Chief Leland Davis independently determined

plaintiff was not innocent and there was at least probable cause sufficient to justify plaintiff's

termination is relevant.  Plaintiff's tactical decision not to seek alleged lost wages does not affect

the relevance of this evidence to these critical issues.

### 12.   Motion to bar the defense from calling James Rulli

Plaintiff argues that James Rulli, his former criminal defense attorney from the time of

plaintiff's arrest through his *Alford* plea of guilty and sentencing, should be prohibited from

testifying because any testimony concerning Mr. Rulli's representation of plaintiff would violate

the attorney-client privilege.  However, as plaintiff knows, Mr. Rulli has already provided

testimony relevant to this case during the 1996 evidentiary hearing before Judge Bryan of this

Court.  Specifically, he testified that he interviewed Kathryn Tetz and Matt Spencer in the

presence of Mr. Peters in May 1985, shortly before plaintiff pled guilty.  *See* Freimund Decl. at

Ex. 3 (excerpts from 1996 hearing), at pp. 406-07 (stating the children's disclosures seemed

credible); *see also* Dkt. 63-8, pp. 24, 27-28 (references to Mr. Rulli's interviews of the children

during plaintiff's plea hearing).  Testimony by Mr. Rulli concerning his interviews of the

children is not subject to the attorney-client privilege because the children were not his client, an

opposing lawyer, Mr. Peters, was present, Mr. Rulli's client was not present, and no confidential

communication with his client was involved.  Therefore, plaintiff's motion to preclude Mr. Rulli

from testifying based on the attorney-client privilege should be denied.

### 13.   Motion to bar testimony from any witness about what Katie and Matt Spencer allegedly said during an interview on May 9, 1985 in Sacramento

In addition to seeking to bar James Rulli from testifying about his interviews of the

children in May 1985, plaintiff also seeks to bar anyone else, such as Mr. Peters, from testifying

about those interviews, claiming it would be "irrelevant hearsay."  Yet, evidence that Kathryn

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 21 -

Tetz and Matt Spencer disclosed substantially the same sexual abuse to James Rulli and James Peters in May 1985 (outside of Krause's presence) as they disclosed to defendant Krause two months earlier (*see* Dkt. 64-5 and 64-6) is certainly relevant to whether Krause fabricated the children's disclosures.  The fact that the children told Mr. Rulli and Mr. Peters' substantially the same information as they told Krause has a tendency to show Krause did not fabricate the children's statements, which certainly is a fact of consequence in the case.  This evidence is also relevant to whether defendants' alleged conduct proximately caused plaintiff's imprisonment given that he changed his plea to guilty the day after his attorney independently interviewed the children in May 1985.  *See, e.g.,* Dkt. 136, p. 4, ll. 9-14.

Plaintiff's hearsay objection regarding the children's May 1985 statements also should be overruled.[3]  An out-of-court statement that is not offered to prove the truth of the matter asserted in the statement is not hearsay.  FRE 801(c)(2).  Defendants are not offering the children's May 1985 statements to the two lawyers to prove the truth of the matters asserted by the children at that time - - *i.e.,* to prove plaintiff sexually abused them.  Plaintiff's guilt or innocence is not a matter at issue in this civil trial.  What is at issue is whether defendants fabricated previous statements by the children and whether defendants knew he was innocent. The children's statements to the two lawyers are offered to prove defendants did not fabricate the previous statements of the children by showing they later made consistent statements to the two lawyers outside of Krause's presence.  In other words, the evidence is not being offered to prove the truth of what the children said about plaintiff, but rather to prove that what they said to the two lawyers was substantially similar to what they previously told defendant Krause.

---

[3] Although plaintiff makes a conclusory statement the children's May 1995 disclosures should be excluded as "irrelevant hearsay," he only presents an argument regarding relevancy, not hearsay.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 22 -

Additionally, the evidence is being offered to show the children's disclosures to plaintiff's criminal lawyer proximately caused him to plead guilty, which caused his alleged damages flowing from his imprisonment.

### 14. Motion to bar any reference or suggestion to witnesses having been former parties and/or having a financial stake in the outcome of the case

Plaintiff does not directly argue that evidence that Kathryn and Matthew Spencer were originally plaintiffs is irrelevant, but he does so indirectly by arguing their dismissal means "they no longer have any stake in this litigation." The potential bias of a party to a lawsuit is a proper subject of inquiry. *Great Am. Indem. Co. of N.Y. v. Garrison,* 75 F.Supp. 811, 814-15 (E.D. Wash. 1948); 9th Cir. Model Civil Jury Instrs. 1.11. Their bias did not vanish when their claims were dismissed as time-barred. Plaintiff's concerns that the jury might speculate about the status of these two witnesses as former plaintiffs does not render the evidence inadmissible under FRE 403.

### 15. Motion to bar Rebecca Roe from testifying at trial

Plaintiff argues Rebecca Roe should be precluded from testifying at trial on the grounds that she was not identified as a fact witness in Davidson's and Krause's initial disclosures at the outset of this litigation, and that her testimony is irrelevant. However, both plaintiff and former defendant Peters did identify Ms. Roe in their initial disclosures as having discoverable information. Freimund Decl. at Ex. 7, p. 4 (excerpts of plaintiff's initial disclosures) and Ex. 8, p. 5 (excerpts of former defendant Peters' initial disclosures). Moreover, Krause and Davidson specifically referenced and incorporated all other parties' initial disclosures in answer to an interrogatory asking for the identities of persons with knowledge and the subject matter of their knowledge. Freimund Decl. at Ex. 9, p. 5 (Krause's response to plaintiff's interrogatory No. 2); and Ex. 9, p. 5 (Davidson's response to plaintiff's interrogatory No. 2).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

- 23 -

1

2   Again, it would be elevating form over substance to preclude defendants from calling a

3   witness because they did not specifically identify her in their initial disclosures, even though

4   plaintiff and another party had identified her in their initial disclosures, especially considering

5   that plaintiff has since deposed Ms. Roe (*see, e.g.,* Dkt. 134-10, pp. 2-9).  Any failure by

6   Davidson or Krause to initially disclose Ms. Roe as a person with discoverable information at

7   the outset of this case was harmless.  *See* FRCP 26(e)(1)(A) (an initial disclosure is required to

8   be supplemented only "if the additional or corrective information has not otherwise been made

9   known to the other parties during the discovery process or in writing"); FRCP 37(c)(1)

10  (undisclosed witness may still testify if the failure to disclose was harmless).

11       Plaintiff also argues Ms. Roe should be barred from testifying because Davidson and

12  Krause failed to timely disclose her as their expert, and merely "adopted" former defendant

13  Peters' disclosure of Ms. Roe as an expert.  Putting aside that "adopting" a co-defendant's

14  disclosure of an expert is sufficient notice of a defendant's intent to call that expert, the fact is

15  Davidson did specifically disclose Ms. Roe as one of his experts.  Freimund Decl. at Ex. 11, pp.

16  3-4 (Davidson's FRCP 26(a)(2) expert witness disclosure dated October 9, 2012).  Thus,

17  plaintiff is mistaken that defendants failed to adequately disclose Ms. Roe as an expert.

18       Similarly mistaken is plaintiff's argument that any testimony from Ms. Roe would be

19  irrelevant.  Plaintiff fails to mention this Court has previously ruled that "it will likely qualify

20  Roe as an expert under Fed. R. Evid. 702 and permit her to testify to her December 1984

21  evaluation of Spencer's case …. [and] to fully explore what Roe's opinions would be were the

22  later discovered evidence against Spencer known to her … [and] the considerations made by law

23  enforcement officers in determining the existence of probable cause."  Dkt. 131, p. 8, ll. 16-18;

24  p. 9, ll. 12-13 and ll. 15-17.  As discussed above, probable cause is a complete defense to

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

- 24 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

plaintiff's claims, so expert testimony from Ms. Roe that probable cause existed is relevant.

Ms. Roe's testimony that a reasonable person/prosecutor reading Krause's police reports would not know she fabricated the children's disclosures also is relevant to Davidson's alleged liability.  Plaintiff claims Davidson should have known Krause was falsely quoting the children, just as plaintiff Peters should have known the same.  Ms. Roe's testimony applies equally to Davidson and Peters.

Finally, Krause testified at her deposition that she recalls discussing Ms. Roe's November 1984 opinion that Kathryn "was clearly abused and probably by" plaintiff (Dkt. 63-1) during the course of her investigation.  Freimund Decl. at Ex. 12, pp. 34-36.  Thus, Ms. Roe's November 1984 opinion is relevant to whether Krause knew plaintiff was innocent.

### 16.  Motion to bar reference to Roe's practice as a plaintiff's attorney and the like

The jury will be instructed to consider Ms. Roe's education and experience when deciding how much weight to give to her expert testimony.  9th Cir. Model Civ. Jury Instrs. 2.11.  Thus, her experience is relevant contrary to plaintiff's claim that her professional experiences for the past 19 years is irrelevant.  After serving as a prosecutor for 17 years, Ms. Roe has been a personal injury plaintiff's attorney for the last 19 years.  Plaintiff concedes the jury should be permitted to hear what Ms. Roe did from 1977 to 1994, but argues defendants can not adduce any evidence about what her experiences have been for the ensuing 19 years.  Barring such evidence would create an untrue inference that she has done nothing since 1994.  Her entire experience is relevant, and the jury is entitled to give her professional experience what ever weight they deem appropriate.

### 17.  Motion to bar evidence pertaining to the fact that defendant Krause reported an affair between a Sheriff's deputy and an alleged victim in another case

Plaintiff argues that testimony about the circumstances under which Krause reported

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 25 -

1  another deputy's affair with a sexual assault victim during an investigation is inadmissible under

2  FRE 404(b).  However, neither case cited by plaintiff supports his position.  In *U.S. v. Shavin,* 287

3  F.2d 647 (7th Cir. 1961), the defendant was charged with using mail to transmit inaccurate medical

4  bills with intent to defraud, and the prosecution challenged the admissibility of the defendant's offer

5  to prove other transactions by mail where medical bills were as represented.  The court ruled it was

6  reversible error to exclude the defendant's proffered evidence, explaining that the prosecution "was

7  properly permitted to introduce evidence of similar transactions to prove fraudulent intent, and

8  conversely the defendant should be entitled to negate the fraudulent intent by the evidence which

9  was offered."  *Id.,* at 653-54.  Similarly, in *Ansell v. Green Acres Cont. Co., Inc.,* 347 F.3d 515 (3[rd]

10  Cir. 2003), a defendant in an age discrimination civil case was allowed to introduce evidence that

11  several years after he fired the plaintiff, he hired an employee within the same age class to rebut

12  plaintiff's evidence of discriminatory intent.

13        Here, the evidence of Krause's reporting of a deputy for engaging in an affair with an

14  alleged victim during an investigation is relevant to and offers circumstantial evidence of Krause's

15  state of mind and intent regarding the alleged conspiracy with Davidson to frame plaintiff so

16  Davidson could have an affair.  Plaintiff will be attempting to prove the conspiracy and necessary

17  meeting of the minds through circumstantial evidence, and defendants are entitled to rebut that

18  evidence with the proffered evidence.  *See U.S. v. Rosa, supra.*

19        **18.  Motion to bar Phillip Esplin, Ed.D, from testifying at trial**

20        Plaintiff argues Dr. Esplin should be barred from testifying because his testimony is now

21  irrelevant.  The real reason plaintiff seeks to exclude Dr. Esplin is that he chose not to depose him,

22  so he is uncertain of how to cross-examine him.  While it is true that a portion of Dr. Esplin's

23  previously disclosed opinions dealt with plaintiff's inability to show that reasonable investigators in

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 26 -

1984-85 would have known the interview techniques used in this case were improperly coercive, that is not the entirety of his disclosed opinions.  Davidson's timely disclosure of Dr. Esplin's opinions expressly referenced and incorporated his expert report.  Dkt. 203-1, p. 3, ll. 7-8.  His report discussed several topics relevant to plaintiff's remaining claims.  *See* Dkt. 134-4, pp. 2-34.

For example, Dr. Esplin will provide opinion testimony consistent with his expert report that during the 1984-85 time period the training and education received by field professionals was that false allegations of sexual abuse by children were extremely rare (Dkt. 134-4, pp. 5, 27-28, 33-34), the reasons why children are sometimes reluctant to disclose sexual abuse (*id.,* pp. 3, 5, 27-28, 33), the reconstructive nature of memory and the extent of knowledge among field professionals about such issues during the 1984-85 time period (*id.,* pp. 3-5, 28-29, 32-33), recantations or denials of sexual abuse were more likely false than true, the dynamics that commonly lead to recantations, the reliability of the same (*id.,* pp. 5, 28, 33-34), and, if the medical reports regarding Kathryn Spencer and Matt Hanson are admitted over defendants' objections, the reasons why corroborating medical evidence is frequently lacking in child sexual abuse cases (*id.,* p. 28).  This testimony is relevant to whether probable cause existed, whether defendants knew or should have known in 1984-85 the children's disclosures were true, whether Matt Spencer's initial denial was false, whether plaintiff was innocent, and to help the jury understand and evaluate the dynamics of Kathryn's and Matt Spencer's later recantations after plaintiff was released from prison.

### 19.   Motion to bar the use of hearsay statements made by Katie Spencer, Matt Spencer, and Matt Hansen

Plaintiff concedes the relevance and admissibility of statements made by the child victims to Krause, but then speculatively argues that <u>if</u> other witnesses attempt to testify about statements

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 27 -

1   made to them by the children and <u>if</u> such statements were offered to prove the truth of the matters

2   asserted, <u>then</u> they would be inadmissible hearsay under FRE 801 and should be excluded.  This

3   motion is far too vague and speculative to provide the Court with a basis for granting the requested

4   relief.  Defendants have demonstrated the admissibility of statements made by the children to James

5   Rulli and James Peters in other sections herein.  This vague, unspecified motion should be denied.

6   **20.  Motion to bar inadmissible testimony from DeAnne Spencer**

7   Defendants disclosed in their pretrial statement they will use DeAnne Spencer's videotaped

8   deposition at trial.  The parties will be presenting any objections and responses to objections to the

9

10  Court where applicable on the DeAnne Spencer deposition transcript pursuant to W.D. Local Rule

11  32(e).  The copy of the transcript filed after the Court has ruled on all objections would render any

12  order entered on this motion superfluous, so a ruling on this motion should be reserved.

13  As for the motion's merits, plaintiff fails to cite any rule or reason why any of the subjects

14  listed in items (a) – (j) are "improper" and should be excluded.  In fact, many of these specific

15  subjects are duplicative of plaintiff's other motions in limine, which defendants have demonstrated

16

17  involve admissible evidence, including (b) (*see* section II.B.1.b); (c) and (f) (*see* section II.B.9 and

18  10); and (g) (*see* section II.B.2.b).  In addition, these and all of the other challenged subjects are

19  relevant to the totality of the circumstances known to defendants, whether they reasonably believed

20  probable cause existed, and whether they knew or should have known plaintiff was innocent.

21  **21.  Motion to bar DeAnne Spencer from testifying as to the Katie Spencer medical exam**

22

23  Plaintiff contests the relevancy of DeAnne Spencer's testimony that Kathryn's medical

24  examination was incomplete because Kathryn would not allow her clothing to be removed.

25

26  Plaintiff claims only the medical report is relevant, so any evidence the medical report may be

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 28 -

1  inaccurate is irrelevant.[4]   This one-sided approach that only evidence favorable to his case is

2  relevant is incorrect.  Regardless of whether DeAnne Spencer's recollection of the examination was

3  communicated to defendants, her testimony about the examination goes to the weight the jury may

4  place on the accuracy of the report, assuming the report is admitted contrary to defendant's motion

5  in limine advocating its exclusion.

6  ### 22.  Motion to bar the defense from referencing plaintiff's plea as a "guilty plea"

7          Plaintiff argues it is misleading to refer to his *Alford* plea as a guilty plea.  He cites three

8  cases in support that all deal with *Alford* pleas.  Yet, all three cases plaintiff relies on consistently

9  refer to an *Alford* plea as a "guilty plea" because an *Alford* plea is merely one type of guilty plea.

10  As these cases indicate, although an *Alford* plea is not an admission of guilt, it is nonetheless a

11  "guilty plea."  It certainly is not a "not guilty" plea.  When asked at his sentencing how he pled to

12  the charges against him, plaintiff responded "Guilty."  Dkt. 63-8, p. 38, ll. 9-13.  He also signed a

13  "Statement of Defendant on Plea of Guilty" (Dkt. 63-7), which defendants will be offering as an

14  exhibit.  Is plaintiff suggesting this document should be redacted to remove the phrase "Plea of

15  Guilty"?  Plaintiff's motion to bar any reference to his plea as a "guilty plea" should be denied

16  because it is not misleading to refer to his *Alford* plea as a being a type of "guilty plea."

17  ### 23.  Motion to bar transcript of *Alford* plea hearing (May 16, 1985), sentencing hearing (May 23, 1985) and evidence/argument that plaintiff's guilt can be inferred from Alford plea and sentencing hearings

18          Plaintiff seeks to bar admission of the transcripts of his plea and sentencing hearings on the

19  grounds the transcript is unfairly prejudicial and misleading because he was allowed to withdraw

20  his guilty plea based on his children's recantations decades later.  The jury will certainly hear

---

[4] Defendants have moved in limine to exclude Kathryn's medical report.  If this motion is granted, defendants agree DeAnne's testimony regarding the report should be excluded.  However, if defendant's motion is denied, this portion of DeAnne's testimony should be permitted for the reasons set forth above.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 29 -

1   evidence of these later recantations and the Clark County Prosecutor's later decision to voluntarily

2   dismiss the charges against him without prejudice, so the jury will not be misled that plaintiff's

3   guilty plea was later withdrawn.

4           Although his guilty plea is indeed prejudicial, it is not unfairly so.  Publishing plaintiff's

5   statements made during the plea and sentencing hearing is no different from publishing statements

6   plaintiff made in his deposition that are unfavorable to his liability theories.  They are admissions of

7   a party opponent.  *See* FRE 801(d)(2).  For example, his admissions that he reviewed the

8   prosecution's evidence against him with his attorney and, despite any defense he had to that

9   evidence, he had no question in his mind that a jury would find him guilty beyond a reasonable

10  doubt (Dkt. 63-8, pp. 21-22) is material to defendants' theory that they should not have known

11  plaintiff was innocent or that probable cause was lacking.  Plaintiff's statements during the plea

12  hearing also demonstrate that Krause did not fabricate statements plaintiff had previously made to

13  defendants, such as plaintiff's statement during the plea hearing that "I don't remember"

14  committing the crimes.  *Compare* Dkt. 63-8, p. 22, ll. 17-23 *with* Dkt. 64-4, pp. 4-5.

15

16

17      **24.  Motion to bar witnesses first disclosed in defendants' pretrial statement**

18          Plaintiff seeks to bar four of defendants' witnesses (Robert Songer, Roger Kessel, Bill

19  Griffith and Joe Dunegan) from testifying claiming they were not disclosed until November 26,

20  2013, when defendants served their joint pretrial statement.  He is incorrect.  All four witnesses

21  were timely disclosed by defendants in October 2012 in response to plaintiff's interrogatories, well

22  before the discovery cut-off in January 2013.  Freimund decl. at Ex. 9, pp. 5-6; and Ex. 10, pp. 5-6.

23  Plaintiff's decision not to depose these timely disclosed witnesses is no reason to warrant exclusion.

24

25      **25.  Motion to bar Leland Davis from testifying at trial**

26          Defendants addressed plaintiff's arguments regarding the relevancy of former VPD Chief

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 30 -

Davis' testimony above, in section II.B.11.  The only additional objection plaintiff raises in this motion is a one sentence, conclusory argument that Chief Davis' "testimony regarding interviews conducted by other individuals would be hearsay."  Plaintiff provides no specificity about what "interviews" he is referring to, so defendants are unable to respond.  If plaintiff believes some portion of Chief Davis' trial testimony is hearsay, he should object at that time, and a determination can be made as to the applicability of any hearsay exception, such as the state of mind exception.

### 26.  Motion to bar Thomas Lodge from testifying at trial

Plaintiff seeks to bar Judge Lodge from testifying about Krause's integrity and work ethic. Plaintiff also seeks to bar Judge Lodge from testifying about plaintiff's plea and sentencing hearings because plaintiff claims such testimony is irrelevant.  Defendants addressed the relevance of the plea and sentencing hearings above, in section II.B.23.

Plaintiff objects to Judge Lodge testifying about "anything regarding Defendant Krause" because such testimony allegedly was not encompassed within defendants' disclosure that Judge Lodge would testify "as to his involvement in the prosecution" of plaintiff.  Yet, Krause's October 2012 interrogatory responses notified plaintiff that "[i]n addition to the subjects of knowledge listed for each witness in those [initial] disclosures, all of the witnesses in the Clark County, Washington area who were employed in … the judiciary are believed to have knowledge of Sharon Krause's experience … and her honesty, integrity and work ethic."  Freimund Decl. at Ex. 9, p. 5.

Additionally, as plaintiff recognizes, because he made an *Alford* plea, Judge Lodge had to "establish an entirely independent factual basis for the plea, which substitutes for an admission of guilt."  Dkt. 202, p. 22, ll. 20-21.  Part of this independent basis was his reliance on Krause's testimony at the plea hearing.  *E.g.,* Dkt. 63-8, p. 33. Thus, his view regarding Krause's integrity and work ethic necessarily colored his independent factual determination of the basis for plaintiff's

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 31 -

guilt and is encompassed within the broad disclosure that he would testify about "his involvement in the prosecution" of plaintiff.

### 27.   Motion to bar impermissible character evidence

Plaintiff argues that all testimony by any witness regarding defendants' honesty, integrity and work ethic should be excluded as inadmissible character evidence under FRE 404(a).  Yet, FRE 608(a) allows admission of evidence of truthful character in the form of reputation or opinion for having a character for truthfulness, "[b]ut … only after the witness's character for truthfulness has been attacked."  Plaintiff tries to brush this exception aside by claiming that he does not intend to attack either defendant's "general character for truthfulness as a witness."  This argument is directly contrary to plaintiff's claims against defendants in this case, which are that Krause lied repeatedly while quoting the child victims in her interview reports, that Davidson encouraged her to do so pursuant to an alleged conspiracy between both defendants to falsely convict an innocent suspect, and that Krause repeated the lies when communicating with the prosecutors and the Court.

"It is for the trial court, exercising its discretion, to determine whether given conduct constitutes a direct or indirect attack on a witness's character for truthfulness."  *U.S. v. Dring,* 930 F.2d 687, 691 (9th Cir. 1991).  Plaintiff's allegations about a pattern of untruthful conduct by defendants constitute the kind of direct attack on each defendant's character for truthfulness that justifies admission of rehabilitative character evidence.  *See, e.g., State v. Eugenio,* 579 N.W.2d 642 (Wis. 1998) (citing *Dring* with approval and holding a defendant's argument and cross-examination of a witness/victim allegedly sexually abused by the defendant to the effect that the victim told inconsistent stories about the abuse and repeated a lie opened the door for the prosecution to introduce rehabilitative evidence of character for truthfulness).

RESPECTFULLY SUBMITTED this 9th day of December, 2013.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 32 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

s/ Guy Bogdanovich
GUY BOGDANOVICH, WSBA No. 14777
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
P.O. Box 11880
Olympia, WA 98508-1880
Telephone:  (360) 754-3480
Fax:  (360) 357-3511
Email:  gbogdanovich@lldkb.com
Attorney for defendant Sharon Krause


s/Jeffrey A. O. Freimund
JEFFREY A. O. FREIMUND, WSBA No. 17384
Freimund Jackson & Tardif, PLLC
711 Capitol Way South, Suite 602
Olympia, WA  98502
Telephone:  (360) 534-9960
Fax:  (360) 534-9959
Email:  jeffF@fjtlaw.com
Attorney for defendant Michael Davidson

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 33 -

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on December 9, 2013, I caused to be electronically filed
Defendants' Response to Plaintiff's Motions in Limine with the Clerk of the Court using the
3    CM/ECF system, which will send notification of such filing to the following:

4        Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
                    dhjohnson43@aol.com
5        Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
                    kathleen.zellner@gmail.com
6        Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
                    dandavies@dwt.com
7

8                                    s/Kathrine Sisson
                                  KATHRINE SISSON
9                                 Legal Assistant to
                                  JEFFREY A. O. FREIMUND, WSBA No. 17384
10                                Freimund Jackson & Tardif, PLLC
                                  711 Capitol Way South, Suite 602
11                                Olympia, WA  98502
                                  Telephone:  (360) 534-9960
12                                Fax:  (360) 534-9959
                                  jeffF@fjtlaw.com
13                                Attorney for defendant Michael Davidson

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS IN LIMINE
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 34 -