# EXHIBIT 6

CLARK COUNTY SHERIFF'S OFFICE, WASHINGTON
UTILITY REPORT

CASE #84-8506
SUPPLEMENTAL RPT

STATUTORY RAPE, 1ST DEGREE, RCW 9A.44.070
LOCATION OF INCIDENT:   17681 NE Lucia Falls Road, Yacolt, Wa.
DATE OF INCIDENT:       Between 07-14-84 and 08-26-84


DATE & TIME:            10-17-84                  2020 hours
LOCATION:               6340 Shady Springs
                        Citrus Heights, California
INCIDENT:               Witness Interview


PERSON INTERVIEWED:     DAY, Phyllis Ann          dob: 08-27-32
                        6340 Shady Springs
                        Citrus Heights, California   phone: (916) 723-9502


VICTIM:                 SPENCER, Kathryn E.        dob: 01-13-79
                        3930 Becerra Way
                        Sacramento, California     phone: (916) 482-6057


SUSPECT:                SPENCER, Clyde Ray         dob: 01-09-48
                        aka:  Ray SPENCER
                        17681 NE Lucia Falls Road  home phone: 687-1407
                        Yacolt, Washington         work phone: 696-8292


SUMMARY:

        Phyllis DAY is the grandmother of Katie and Matt
SPENCER.  Mrs. DAY is the natural mother of Deanne SPENCER, Katie's mother. On


CCSO Case #84-8506  S.A.KRAUSE/K-43                    page 1 of 3

the evening of the 17th I met with Mrs. DAY at her residence regarding any information she may have reference the allegations Katie SPENCER was making regarding her (Katie) being sexually involved with her father, Ray SPENCER. Phyllis DAY advised that Katie had never made any statements around her reference the allegations of sexual abuse.

I talked with Mrs. DAY regarding any observations she may have made reference Katie's behavior. Phyllis DAY advised, "Katie really didn't want to go up there to visit her father this summer." (1984) I asked her if she could be more specific about that and she advised that Katie "just didn't want to go." She also related that she had several conversations with her daughter, Deanne, regarding Katie not wanting to go. Phyllis DAY indicated that "Deanne told Katie that she had to go up there and if she didn't want to she was going to have to discuss that with her father, because she (Deanne) did not have any control over that."

Phyllis DAY also advised that during the summer of 1982 Katie and Matt spent nine weeks with their father in Vancouver. Mrs. DAY advised that the summer of 1983 Katie didn't want to go to her father's and both she and Deanne felt it was probably because Katie had spent nine weeks there the year before and maybe that was too long for her, because she was so little.

Mrs. DAY related that in April of 1984 Ray SPENCER took Matt and Katie to Los Angeles to a wedding. She related when it came time for the children to visit their father during the summer of 1984, Ray SPENCER was "making a big thing out of the kids driving up there, indicating that they didn't like to drive and that they didn't do well in the car, specifically mentioning that Matt would be sick." Mrs. DAY advised that Ray wanted the children to fly to Vancouver and not drive. Mrs. DAY related that both Katie and Matt were real uncomfortable with the idea of flying, and initially thought that their father was going to fly down and fly back with them. Mrs. DAY stated, "Katie said no way am I going on a plane by myself, and that was all there was to it." She advised that finally Deanne decided she would drive the children to Vancouver and Mrs. DAY accompanied her so Deanne would not be alone. Mrs. DAY stated to me, "The kids were fine. They did not get sick and we

had a lovely trip on the way up." She then stated, "That's Ray, though, he always just has to cause trouble some way."

Mrs. DAY related that during the time Ray and Deanne SPENCER were married "he had total control over Deanne." Mrs. DAY also related that she saw Ray SPENCER as a "very arrogant and domineering personality." She advised that Ray SPENCER was gone away from home a lot during the entire marriage and always used "cop stuff as an excuse." She also related that she can recall many times when Ray would make excuses not to take Deanne with him, and specifically mentioned Ray attending a wedding of a best friend. Mrs. DAY stated, "He had Deanne totally convinced that she had no business being in that wedding, that she was only going to be in the way."

I asked Mrs. DAY what her observation was regarding Ray SPENCER and when he was around his children. She stated, "Ray was not a loving, caring, doting father." She advised that "Ray never really paid any attention to the kids and he was constantly screaming at Matthew."

During the time I talked to Mrs. DAY she also mentioned the way that "Ray had Deanne dress when they were married." She also stated, "But, you have to understand that kind of relationship. He just had total control over her and even when he did something he wasn't supposed to, he turned things around until Deanne felt like it was her fault and apologized.

Mrs. DAY indicated that she really did not know a lot about Ray SPENCER'S background, other than the fact that Ray's mother apparently died when he was approximately seventeen years old, and from that time Ray was "pretty much on his own." She related that Ray lived with a best friend named Ernie GARCIA after the death of his mother, and Mrs. GARCIA was really a mother to Ray.

During the remainder of the conversation with Mrs. DAY, she did not have any specific information regarding Katie and the issue at hand.

Investigation to continue.

# EXHIBIT 7

The Honorable Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, MATTHEW RAY
SPENCER, and KATHRYN E. TETZ,

Plaintiffs,

v.

FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY JAMES
M. PETERS, DETECTIVE SHARON
KRAUSE, SERGEANT MICHAEL
DAVIDSON, CLRK COUNTY
PROSECUTOR'S OFFICE, CLARK COUNTY
SHERIFF'S OFFICE, THE COUNTY OF
CLARK AND JOHN DOES ONE THROUGH
TEN,

Defendants.

No. 3:11-CV-05424 BHS

PLAINTIFFS' INITIAL
DISCLOSURES PURSUANT TO
FED. R. CIV. P. 26(a)(1)

PLAINTIFF CLYDE RAY SPENCER, et al., by and through their attorneys, Kathleen T.

Zellner & Associates, P.C. and Davis Wright Tremaine LLP, make the following disclosures

pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

### Initial Disclosures

*FRCP 26(a)(1)(A)(i)*

The name and, if known, the address and telephone number of each individual likely to

have discoverable information that the disclosing party may use to support its claims or defenses,

PLAINTIFFS' INITIAL DISCLOSURES – 1
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

1   unless solely for impeachment, identifying subjects of the information:

2       1.   **CLYDE RAY SPENCER**
        (Plaintiff)
3

4   Dr. Spencer will testify in support of the allegations made in the Complaint, including but

5   not limited to his life prior to his arrest, the circumstances surrounding his arrest, the

6   circumstances surrounding his prosecution and imprisonment, his life in prison, and his life after

7   his release. He will testify to all aspects relating to liability and his damages.

8       2.   **NORMA SPENCER**
        1545 N. Laurel Ave #201
9          Los Angeles, CA 90046

10  Ms. Spencer will testify to the circumstances of her initial contact with Dr. Spencer, their

11  relationship at that time, the subsequent contact made by Dr. Spencer, and her relationship with

12  Dr. Spencer after that contact. She will testify to all aspects of her visits to Dr. Spencer while he

13  was incarcerated and their relationship throughout that time period. She will testify to her life

14  with Dr. Spencer after his release and her observation of his damages.

15      3.   **MATTHEW RAY SPENCER**
        (Plaintiff)
16

17  Matthew Spencer will testify regarding his childhood life with Dr. Spencer, the

18  circumstances surrounding law enforcements' interviews of him, the investigation of Dr. Spencer

19  and his involvement in the investigation, his life while Dr. Spencer was incarcerated, his

20  relationship with Dr. Spencer since his release and his observation of Dr. Spencer's damages.

21  Matthew will also testify as to all aspects of his own damages.

22      4.   **KATHRYN E. TETZ**
        (Plaintiff)
23

24  Kathryn Tetz will testify regarding her childhood life with Dr. Spencer, the circumstances

25  surrounding law enforcement interviews of her, the investigation of Dr. Spencer and her

26  involvement in the investigation, her life while Dr. Spencer was incarcerated, her relationship

27

PLAINTIFFS' INITIAL DISCLOSURES – 2
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

1   with Dr. Spencer since his release and her observation of Dr. Spencer's damages. Kathryn will

2   also testify as to all aspects of her own damages.

3        5.    **ART CURTIS**

4        Art Curtis will be expected to testify to all aspects of the investigation, arrest, prosecution

5   and imprisonment of Dr. Spencer, including all post-conviction activities.

6        6.    **JAMES PETERS**
             800 E. Park Boulevard, Suite 600

7                Boise, Idaho 83712

8        James Peters will be expected to testify to all aspects of the investigation, his interviews,

9   the arrest, prosecution and imprisonment of Dr. Spencer, including all post-conviction activities.

10       7.    **SHARON KRAUSE**
             2185 E. Emerald River Court

11               Fort Mohave, AZ 86426

12       Sharon Krause will be expected to testify to all aspects of the investigation of Dr. Spencer,

13  her interviews of Matthew Spencer and Kathryn Tetz, the arrest of Dr. Spencer, the prosecution of

14  Dr. Spencer, the imprisonment of Dr. Spencer and all post-conviction activities up to, through,

15  and after the release of Dr. Spencer.

16       8.    **MICHAEL DAVIDSON**
             6949 SE Mark Road

17               Prineville, OR 97754

18       Michael Davidson will be expected to testify to all aspects of the investigation of Dr.

19  Spencer, his interviews of Matthew Spencer and Kathryn Tetz, the arrest of Dr. Spencer, the

20  prosecution of Dr. Spencer, the imprisonment of Dr. Spencer, all post-conviction activities up to,

21  through, and after the release of Dr. Spencer, and his relationship with Shirley Spencer.

22       9.    **HONORABLE JAMES RULLI**
             1200 Franklin St

23               Vancouver, WA 98660

24       The Honorable James Rulli is expected to testify to all aspects of his representation of Dr.

25  Spencer and his knowledge and observations of all events involving the case to the present.

26

27

PLAINTIFFS' INITIAL DISCLOSURES – 3
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

10.   **SHIRLEY SPENCER**
      18102 NE Cole Witter Rd.
      Battle Ground, WA 98604

Shirley Spencer will be expected to testify to all aspects of her relationship to Dr. Spencer before, during and after his arrest and imprisonment, her involvement in the investigation, prosecution and imprisonment of Dr. Spencer and the interviews of Matthew Spencer and Kathryn Tetz, and her relationship with Michael Davidson. She is also expected to testify as to her knowledge of, and involvement in. the case until the present.

11.   **MATT HANSON**
      17313 E. View Lane
      Yelm, WA 98597

Matt Hanson will be expected to testify to all aspects of his relationship to Dr. Spencer before, during and after his arrest and imprisonment, his involvement in the investigation, his interactions with law enforcement and his knowledge of, and observations of, his mother's involvement in the case.

12.   **DETECTIVE FLOOD**
      Sacramento Police Department
      Sacramento, California

Detective Flood will be expected to testify to his investigation, all aspects of his interviews with Kathryn Tetz and Matthew Spencer, and his knowledge of the case.

13.   **REBECCA ROE**
      810 Third Avenue, Suite 500
      Seattle, Washington 98104

Rebecca Roe is expected to testify that she is an expert in sex crimes investigations, and she is expected to testify regarding her report on the investigation into Dr. Spencer dated November 27, 1984 and all aspects of her involvement in the case.

14.   **DR. KATHRYN MAGEE**
      University of California Davis Medical Center

Dr. Magee is expected to testify regarding her medical evaluation of Kathryn Tetz that took place on August 30, 1984, and any and all knowledge she has about the case.

PLAINTIFFS' INITIAL DISCLOSURES – 4
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

15. **DR. STANLEY ABRAMS**

Dr. Abrams is expected to testify regarding his polygraph examination of Dr. Spencer and any and all knowledge he has about the case.

16. **LINDA DAVIDSON**

Linda Davidson will be expected to testify to all aspects of her relationship with Michael Davidson, including the nature of Michael Davidson's affair with Shirley Spencer, her divorce from Michael Davidson and any and all knowledge she has about the case.

17. **JUDGE THOMAS LODGE**

Judge Lodge is expected to testify to all aspects of Dr. Spencer's case, including but not limited to his prior knowledge of Dr. Spencer, his observations of Dr. Spencer in court and at the entry of Dr. Spencer's plea.

18. **DR. MANUEL GALAVIZ**
14406 NE 20th Ave
Vancouver, WA 98686

Dr. Galaviz is expected to testify regarding his medical evaluation of Matt Hanson that took place on March 6, 1985 and any and all knowledge he has about the case.

19. **DR. HENRY DIXON**
Portland, Oregon

Dr. Dixon is expected to testify regarding his examination of Dr. Spencer, which included the administration of sodium amytal, or truth serum.

20. **CAL COAST UNIVERSITY REPRESENTATIVE**
925 N. Spurgeon Street
Santa Ana, CA 92701

A representative of California Coast University is expected to testify to all aspects of the University's contact with Dr. Spencer as he sought his doctoral degree.

21. **VIDEOTAPE CAMERA OPERATOR OF INTERVIEW OF KATHRYN**

The individual that operated the videotape camera that captured the interview of "Kathryn" Spencer is expected to testify to all aspects of that procedure and as to whether

PLAINTIFFS' INITIAL DISCLOSURES – 5
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 3200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

1  additional portions of the investigation and case were captured on videotape.

2        22.    **GOVERNOR LOCKE**

3        Governor Locke is expected to testify to all aspects of his consideration of the case

4  presented to him that led to the conditional commutation of Dr. Spencer's sentence.

5        23.    **PETER A. CAMIEL**
           710 Cherry Street
6             Seattle, WA 98104

7        Peter Camiel will be expected to testify to all aspects of his representation of Dr. Spencer

8  and his knowledge of the case at all stages of the criminal process.

9        24.    **MICHAEL C. KINNIE**
           1200 Franklin Street
10             P.O. Box 5000
           Vancouver, WA 98666
11

12        Michael Kinnie will be expected to testify to all aspects of his involvement in the

13  continued post-conviction prosecution of Dr. Spencer, and his activities with regard to the case

14  since Dr. Spencer's release.

15        25.    **DENNIS HUNTER**
           1013 Franklin Street
16             Vancouver, WA 98660

17        Dennis Hunter is expected to testify to all aspects of his involvement in the continued

18  post-conviction prosecution of Dr. Spencer, and his activities with regard to the case since Dr.

19  Spencer's release.

20        26.    **TIM HAMMOND**
           1013 Franklin Street
21             Vancouver, WA 98660

22        Tim Hammond is expected to testify to all aspects of his involvement in the continued

23  post-conviction prosecution of Dr. Spencer, his activities with regard to the case since Dr.

24  Spencer's release and his knowledge of all aspects of the case.

25        27.    **LELAND S. DAVIS**
           605 E. Evergreen
26             Vancouver, Washington 98661

27
PLAINTIFFS' INITIAL DISCLOSURES – 6
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

1  Leland Davis is expected to testify to all aspects of his involvement in the continued post-

2  conviction prosecution of Dr. Spencer, and his activities with regard to the case since Dr.

3  Spencer's release.

4      28.   **CAPTAIN R. KING**
           605 E. Evergreen

5             Vancouver, Washington 98661

6  R. King is expected to testify to all aspects of the investigation, arrest, prosecution and

7  imprisonment of Dr. Spencer.

8      29.   **KIMBERLY ROBERT FARR**
           1701 Broadway Street #270

9             Vancouver, WA 98663

10  Kimberly Robert Farr is expected to testify to all aspects of his involvement in the

11  continued post-conviction prosecution of Dr. Spencer, and his activities with regard to the case

12  since Dr. Spencer's release.

13      30.   **MIKE KANDOLL**

14  Mike Kandoll will be expected to testify to all aspects of the investigation and case of Dr.

15  Spencer, stemming from his position as a police officer for the Vancouver Police Department.

16      31.   **AL LARSON**

17  Al Larson is expected to testify to all aspects of the investigation and case of Dr. Spencer,

18  stemming from his position as a police officer for the Vancouver Police Department.

19      32.   **JOAN WILSON**
           3409 NW 120th St

20             Vancouver, WA 98685

21  Joan Wilson will be expected to testify regarding her knowledge of the investigation, her

22  friendship to Dr. Spencer and her visits to him while in jail.

23      33.   **LEO AND LOIS CLARK**
           25413 NE 13th St

24             Camas, WA 98607

25

26

27

PLAINTIFFS' INITIAL DISCLOSURES -- 7
(No. 3:11-cv-05424 BHS)
DWT 18271346v2 0094078-000001

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

# EXHIBIT 8

RECEIVED

NOV 15 2011

FREIMUND JACKSON TARDIF
& BENEDICT GARRATT

The Honorable Benjamin Settle

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

10 | CLYDE RAY SPENCER, MATTHEW
RAY SPENCER, and KATHRYN E.

11 | TETZ,

        Plaintiffs,

12 | v.

13 | FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY

14 | JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT

15 | MICHAEL DAVIDSON, CLARK
COUNTY PROSECUTOR'S OFFICE,

16 | CLARK COUNTY SHERIFF'S
OFFICE, THE COUNTY OF CLARK

17 | and JOHN DOES ONE THROUGH
TEN,

18 |         Defendants.

NO. C11-5424BHS

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS

19        COMES NOW Defendant James M. Peters, by and through his attorneys of record,

20 Robert M. McKenna, Attorney General, Patricia C. Fetterly, and Daniel J. Judge, Assistant

21 Attorneys General, and pursuant to Fed. R. Civ. P. 26(a)(1) hereby make the following initial

22 disclosures. In doing so, defendant Peters reserves his objections to initial disclosures based upon

23 his immunity defense asserted in this matter. Without waiving objections, defendant Peters

24 proceeds with his disclosures as follows:

25        A.     The following individuals are likely to have discoverable information that may be

26 used to support the claims or defenses of Defendant James M. Peters. The subject of the

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

witnesses' testimony and their last known address and phone number are set forth in the documents disclosed below, unless otherwise indicated.

1. **James M. Peters.** Mr. Peters is expected to testify concerning the prosecution of Clyde Ray Spencer in 1984 and 1985. Mr. Peters' current address is 800 E. Park Boulevard, Suite 600, Boise, Idaho 83712.

2. **Clyde Ray Spencer.** Mr. Spencer is a plaintiff in this action. He is expected to testify to matters concerning liability and damages. His present address is unknown to defendant Peters.

3. **Matthew Ray Spencer.** Mr. Spencer is a plaintiff in this action. He is expected to testify to matters concerning liability and damages. His present address is unknown to defendant Peters.

4. **Kathryn E. Tetz.** Ms. Tetz is a plaintiff in this action. She is expected to testify to matters concerning liability and damages. Her present address is unknown to defendant Peters.

5. **Shirley Spencer.** Ms. Spencer is the second wife of plaintiff Clyde Ray Spencer and was married to him at relevant times when he was the subject of an investigation and prosecution by law enforcement for sexually abusing his children and step-son in 1984-1985. Ms. Spencer also was the recipient of the initial allegations of abuse made by Kathryn Spencer, now Kathryn Tetz. She will testify to matters related to liability, including the date that her personal relationship began with defendant Michael Davidson. Her last known address is 18102 NE Cole Witter Rd., Battle Ground, Washington 98604.

6. **Sharon Krause.** Ms. Krause was employed at relevant times as a Clark County Sheriff's Deputy. She will testify to matters concerning her investigation of allegations that plaintiff Clyde Ray Spencer sexually abused his two children and step-son. Her last known address is 2185 E. Emerald River Court, Fort Mohave, Arizona 86426.

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

7.     **Michael Davidson.**   Mr. Davidson was employed at relevant times as a Clark County Sheriff's Deputy.   He is expected to testify concerning his involvement in the investigation of plaintiff Clyde Ray Spencer and his relationship with Shirley Spencer.   His last known address is 6949 SE Mark Rd., Prineville, Oregon 97754.

8.     **Matthew Alan Charles Hanson.**   At relevant times in 1984 and 1985 Mr. Hanson was the step-son of plaintiff Clyde Ray Spencer.   He is expected to testify that he was sexually abused by his step-father and other matters related to the investigation of plaintiff Clyde Ray Spencer.   His present address is 17313 E. View Lane, Yelm, Washington 98597.

9.     **DeAnne Spencer.**   Ms. Spencer was the first wife of plaintiff Clyde Ray Spencer and the mother of the other two plaintiffs.   She is expected to testify to matters relating to the investigation of plaintiff Clyde Ray Spencer and other matters related to liability.   Her last known address is 3930 Becerra Way, Sacramento, California.

10.     **Phyllis Day.**   Ms. Day is the mother of DeAnne Spencer and the maternal grandmother of plaintiffs Matthew Ray Spencer and Kathryn E. Tetz.   She is expected to testify to matters relating to the investigation of plaintiff Clyde Ray Spencer and other matters related to liability.   Her last known address is 6340 Shady Spring, Citrus Heights, California

11.     **Linda Lawrence.**   Ms. Lawrence is the sister of DeAnne Spencer and the aunt of plaintiffs Matthew Ray Spencer and Kathryn E. Tetz.   She is expected to testify to matters relating to the investigation of plaintiff Clyde Ray Spencer and other matters related to liability.   Her last known address is 1165 Hampton Road, Sacramento, California 95825.

12.     **Kathryn Roe.**   Ms. Roe is the sister of DeAnne Spencer and the aunt of Matthew Ray Spencer and Kathryn E. Tentz.   She is expected to testify to matters related to the investigation of Clyde Ray Spencer and other matters related to liability.   Her last known address is 6340 Shady Springs, Sacramento, California.

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

13.     **Patrick Flood.**  At relevant times in 1984 Mr. Flood was a detective employed by the Sacramento County Sheriff's Department.   He will testify to matters related to the investigation of plaintiff Clyde Ray Spencer and other matters related to liability.  His last known address is 711 "G" Street, Sacramento, California 95814.

14.     **Rich Madrigal.**  At relevant times in 1984 Mr. Madrigal was employed by the Sacramento County Sheriff's Department.  He is expected to testify to matters concerning the investigation of Clyde Ray Spencer.  His last known address is 711 "G" Street, Sacramento, California 95814.

15.     **Marguerite Matusak.**  In 1984 Ms. Matusak was employed by the Washington State Department of Social and Health Services as a Child Protective Services caseworker.  Ms. Matusak will testify concerning the investigation of allegations of suspected sexual abuse of plaintiffs Mathew Ray Spencer and Kathryn E. Tentz.  Ms. Matusak resides in Vancouver, Washington.

16.     **R. Stephenson.**  In 1984 Mr. Stephenson was employed as a patrol officer for the Clark County Sheriff's Department.  He will testify concerning his call to the home of Clyde Ray Spencer and Shirley Spencer on August 30, 1984.  Mr. Stephenson's last known address is 1200 Franklin Street, Vancouver, Washington.

17.     **Ann Link Ph.D.**   Dr. Link is a family therapist who provided therapy in Sacramento, California to Matthew Ray Spencer and Kathryn E. Tentz in 1984, 1985 and possibly thereafter.  She is expected to testify to matters related to liability and damages.  Her address is 5801 North Avenue, Carmichael, California.

18.     **Cornelia Nickl Ph.D.**  Dr. Nickl is a family therapist who provided therapy in Sacramento, California to Matthew Ray Spencer and Kathryn E. Tentz in 1984, 1985 and possibly thereafter.  She is expected to testify to matters related to liability and damages.  Her present address is not known at this time.

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

19.     **Stanley Abrams Ph.D.**  Dr. Adams is a clinical psychologist who administered polygraph examinations to Clyde Ray Spencer in 1984. He is expected to testify consistent with his written reports concerning these examinations. His last known address is 2222 N.W. Lovejoy Suite 401, Portland, Oregon 97210.

20.     **Karen Stone.**  Ms. Stone at relevant times was romantically involved with plaintiff Clyde Ray Spencer. She is expected to testify to matters related to the investigation of Clyde Ray Spencer in 1984 and 1985. Her last known address is 8811 NE 80th Street, Vancouver, Washington.

21.     **Arthur Curtis.**   At relevant times in 1984 and 1985 Mr. Curtis was the Prosecuting Attorney for Clark County. He is expected to testify to matters related to the decision to prosecute Clyde Ray Spencer made in 1984 and 1985 as well as other matters related to the prosecution of Mr. Spencer and responses made to his proceedings for post conviction relief. His last known address is 1013 Franklin Street, Vancouver, Washington 98660.

22.     **Rebecca Roe.**  In 1984 Rebecca Roe was employed as a Deputy Prosecuting Attorney for King County, Washington and supervised the special assault unit of that office. She is expected to testify to matters concerning her review of reports concerning the investigation of Clyde Ray Spencer in November of 1984 and other matters concerning the prosecution of Mr. Spencer. Her present address is 810 Third Avenue, Suite 500, Seattle, Washington 98104.

23.     **Rex Woodward.**  In 1984 and 1985 Mr. Woodward was a lieutenant with the Vancouver Washington Police Department. He will testify concerning the internal affairs investigation of plaintiff Clyde Ray Spencer conducted by the Vancouver Police Department in September through December of 1984 which led to the termination of Mr. Spencer's employment by the Vancouver Police Department in January of 1985. His last known address is 300 East13th Street, Vancouver, Washington 98661.

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

24.     **Jim Hulse.**  In 1984 and 1985 Mr. Hulse was a corporal with the Vancouver Washington Police Department.  He will testify concerning the internal affairs investigation of plaintiff Clyde Ray Spencer conducted by the Vancouver Police Department in September through December of 1984 which led to the termination of Mr. Spencer's employment by the Vancouver Police Department in January of 1985.  His last known address is 300 East 13th Street, Vancouver, Washington.

25.     **R. King.**  In 1984 and 1985 Mr. King was a captain with the Vancouver Washington Police Department.  He will testify concerning the internal affairs investigation of plaintiff Clyde Ray Spencer that took place between September and December of 1984. Mr. King's last known address is 300 East 13th Street, Vancouver, Washington.

26.     **Leland S. Davis.**  In 1984 and 1985 Mr. Davis was the Chief of the Vancouver Washington Police Department.   He will testify concerning the internal affairs investigation conducted in regard to plaintiff Clyde Ray Spencer that took place between September and December of 1984 which led to his termination by the Vancouver Police Department.   Mr. Davis's last known address is 300 East 13th Street, Vancouver, Washington.

27.     **R. Anderson.**  In 1984 and 1985 Mr. Anderson was a captain in the Vancouver Washington Police Department.   He will testify concerning the internal affairs investigation conducted in regard to plaintiff Clyde Ray Spencer that took place between September and December of 1984.  Mr. Anderson's last known address is 300 East 13th Street, Vancouver, Washington 98661.

28.     **Frank Kanekoa.**  In 1984 and 1985 Mr. Kanekoa was the Sheriff of Clark County, Washington.  He will testify concerning the investigation of Clyde Ray Spencer by the Clark County Sheriff's Department and concerning the internal affairs investigation conducted by the Vancouver Police Department in 1984 and 1985.  Mr. Kanekoa's last known address is 1200 Franklin Street, Vancouver, Washington.

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

29.   **Danne Johnson.**   In 1984 and 1985 Mr. Johnson was a sergeant with the Vancouver Police Department.   He will testify concerning the internal affairs investigation conducted between September and December 1984 concerning Clyde Ray Spencer.   Mr. Johnson's last known address is 300 East 13th Street, Vancouver, Washington.

30.   **David Marosi.**   In 1984 and 1985 Mr. Marosi was a sergeant with the Vancouver Police Department.   He will testify concerning the internal affairs investigation conducted between September and December 1984 concerning Clyde Ray Spencer.   Mr. Marosi's last known address is 300 East 13th Street, Vancouver, Washington.

31.   **Carol Arden.**   In 1984 and 1985 Ms. Arden was employed in the People Assistance Team Office of the Vancouver Police Department.   She will testify concerning the internal affairs investigation conducted by the Vancouver Police Department concerning Clyde Ray Spencer conducted between September and December 1984.   Ms. Arden's last known address is 300 East 13th Street, Vancouver, Washington.

32.   **Rhonda Short.**   Ms. Short was a neighbor of Clyde Ray Spencer prior to his employment by the Vancouver Police Department.   She will testify that she was sexually assaulted by Mr. Spencer when she was a high school student prior to his employment by the Vancouver Police Department.   Ms. Short will testify to matters relating to the internal affairs investigation conducted by the Vancouver Police Department between September and December of 1984.   Ms. Short's last known address is 1813 Chanticleer Drive, Anaheim, California.

33.   **Nancy Steigman.**   Ms. Steigman will testify concerning sexual misconduct committed by Clyde Ray Spencer while he was working undercover as a Vancouver Police officer prior to his termination by the police department.   Ms. Steigman will also testify to matters related to the internal affairs investigation conducted by the Vancouver Police Department between September and December of 1984.   Ms. Steigman's last known address is 7613 NE 110th Street, Vancouver, Washington.

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

34.    **Paul Grattet.**  Mr. Grattet was the City Manager for the City of Vancouver Washington in January of 1985.  On January 8, 1985 he, along with Chief of Police Leland S. Davis, signed the notice of dismissal which terminated the employment of Clyde Ray Spencer. On January 15, 1985 Mr. Grattet signed the bill of particulars which outlined the reasons for the termination of Mr. Spencer by the Vancouver Police Department.  Mr. Grattet's last known address is 415 West Sixth Street, Vancouver, Washington.

35.    **Don Kerr.**  In 1985 Mr. Kerr was employed as a patrol officer for the Clark County Sheriff's Department.  He will testify concerning his response to a domestic violence call to the home of Clyde Ray Spencer and Shirley Spencer on February 3, 1985.  Mr. Kerr's last known address is 1200 Franklin Street, Vancouver, Washington.

36.    **Gary Lentz.**  In 1985 Mr. Lentz was employed as a patrol officer for the Clark County Sheriff's Department.  He will testify concerning his arrest of Clyde Ray Spencer on February 28, 1985.  Mr. Lentz's last known address is 1200 Franklin Street, Vancouver, Washington.

37.    **Barbara Linde.**  In 1984 and 1985 Ms. Linde was employed as a deputy prosecuting attorney for King County, Washington.  She will testify concerning the ongoing involvement of the King County Prosecuting Attorney's Office in the prosecution of Clyde Ray Spencer in 1985.  Ms. Linde's last known address is 516 Third Avenue, Room W1034, Seattle, Washington 98104.

38.    **James Rulli.**  Mr. Rulli is presently a Superior Court Judge for Clark County.  In 1985 he was an attorney in private practice.  He will testify concerning his representation of Clyde Ray Spencer in 1985.  Mr. Rulli's address is 1200 Franklin Street, Vancouver, Washington.

39.    **Kevin McGovern Ph.D.**  Dr. McGovern is a psychologist.  He will testify concerning his evaluation of Clyde Ray Spencer prior to his entry of his plea of guilty in May of 1985.  Dr. McGovern's address is 1732 NW Quimby St, Portland, Oregon.

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

40.     **Henry Dixon M.D.**  Dr. Dixon is a psychiatrist.  He will testify concerning his evaluation of Clyde Ray Spencer in 1985 prior to entry of his plea of guilty.  Dr. Dixon's last known address is in Portland, Oregon.

41.     **Thomas Lodge.**  In 1985 Mr. Lodge was a Superior Court Judge for Clark County.  Mr. Lodge will testify to matters concerning the entry of the plea of guilty of Clyde Ray Spencer in May of 1985 and concerning post conviction proceedings brought by Mr. Spencer.  Mr. Lodge's last known address is 1200 Franklin Street, Vancouver, Washington.

B.      The following is a description by category and location of documents that defendant James M. Peters has in his possession and may use to support his claims and defenses in this matter:

1.      The Clark County Sheriff's Office investigative file related to the investigation of Clyde Ray Spencer in 1984 and 1985 including all investigation reports.

2.      Documents filed in Clark County Superior Court, Case No. 85-1-0007-2 including the transcript of the plea of guilty entered before Judge Thomas Lodge on May 23, 1985.

3.      Documents located in the file of the Clark County Prosecuting Attorney related to the prosecution of Clyde Ray Spencer in 1984 and 1985 and post conviction proceedings pursued by him.

4.      Documents located in the file of the Vancouver, Washington Police Department in regard to the internal affairs investigation concerning Clyde Ray Spencer conducted between September and December of 1984 and documents related to the termination of his employment by the Vancouver Police Department in January of 1985.

5.      Documents filed with the United States District Court for the Western District of Washington in Case No. C94-5238-RJB related to Clyde Ray Spencer's petition for writ of habeas corpus including the transcript of all testimony in the trial before Judge Robert Bryan that took place in September of 1996, the findings of fact and conclusions of law entered by Judge

INITIAL DISCLOSURES BY
DEFENDANT JAMES M. PETERS
NO. C11-5424BHS

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# EXHIBIT 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, et. al.,

Plaintiffs,

v.

JAMES M. PETERS, et. al.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 3:11-cv-05424-BHS

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO
DEFENDANT SHARON KRAUSE
AND ANSWERS THERETO

15    Plaintiffs, by their undersigned attorneys, request that Defendant Sharon Krause answer

16  the following Interrogatories within 30 days after service hereof.

17                          **INSTRUCTIONS AND DEFINITIONS**

18    1.    Respond to each interrogatory separately and completely.

19    2.    For each interrogatory response, identify each person who answers and/or assists

20  in answering, and state each such person=s relationship, if any, with defendant.

21    3.    For any interrogatory as to which an objection or claim of privilege is asserted,

22  fully state the grounds for such objection or claim of privilege, so as to permit the adjudication

23  of the propriety of the objection or claim of privilege. In addition, with respect to any

24  document identified as responsive to any of these interrogatories and as to which an objection

25  or claim of privilege is made:

26                 a.    State the date of the document;

27

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SHARON KRAUSE
(3:11-cv-05424-BHS) — 1
DWT 20424296v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

references to the masculine gender herein shall be deemed to include the appropriate feminine and neutral genders.

7.    The term "communication" means any exchange of information, whether in writing, or on any storage medium, such as microfilm or microfiche, via electronic media or orally.

8.    The term "sexual abuse" means any type of sexual contact, including but not limited to sexual abuse, sexual assault, rape, sexual penetration and sexual touching without penetration.

## INTERROGATORIES

**General objection:** Defendant Krause objects to plaintiffs' prefatory instructions and definitions to the extent they purport to require more than the civil rules for discovery. Defendant Krause neither agrees with nor stipulates to the preceding instructions and definitions. Additionally, defendant Krause objects on the grounds that plaintiffs have improperly served more than 25 interrogatories, including all discrete subparts, in violation of FRCP 33(a)(1). After responding to the first 25 interrogatories, including all discrete subparts, defendant Krause objects, as specified further below, to responding to the remaining interrogatories and discrete subparts because plaintiffs have not sought or obtained leave of Court to serve additional interrogatories as required by FRCP 33(a)(1). The following responses are provided without waiving these general objections. All answers are provided pursuant to FRCP 26(g).

INTERROGATORY NO. 1: Other than your lawyers, identify all persons who participated in drafting answers to and answering these interrogatories.

ANSWER:

No one other than my attorney and myself.

INTERROGATORY NO. 2: Please identify by name and address all persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SHARON KRAUSE
(3:11-cv-05424-BHS) — 4
DWT 20424296v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main  206.757.7700 fax

1  defenses in this action, including but not limited to all persons who are not in Defendant

2  Krause's Rule 26.1 Initial Disclosures.

3  If you answer this Interrogatory by incorporating documents created by someone other

4  than yourself (e.g. Internal Affairs documents) please list the identities of any additional

5  persons not listed in the documents, or, if there are no such additional persons with knowledge

6  responsive to the interrogatory, please state so.

7  ANSWER:  See the individuals identified in all of the parties' initial disclosures and

8  supplements to initial disclosures, which are incorporated herein by reference.  In addition to

9  the subjects of knowledge listed for each witness in those disclosures, all of the witnesses in the

10  Clark County, Washington area who were employed in law enforcement, criminal prosecution

11  or the judiciary are believed to have knowledge of Sharon Krause's experience and expertise in

12  conducting interviews of children who were potential victims of sexual abuse, and her honesty,

13  integrity and work ethic.  I know of no other person with knowledge of facts relating to claims

14  or defenses in this case, other than the following.

15  Karen J. Gladyschild, Ph.D., 207 E. 39th Street, Vancouver, WA 98663 – Dr.

16  Gladyschild has knowledge of therapy she provided to Matt Hanson, and of a communication

17  she had with Sharon Krause to facilitate that therapy.

18  Robert Songer, 926 Glover Street, Goldendale, WA 98620 - Mr. Songer was

19  Undersheriff for the Clark County Sheriff's Office for approximately six years prior to his

20  departure in December 1990, and held the position of Chief Criminal Deputy prior to becoming

21  Undersheriff.  Mr. Songer has knowledge regarding Sharon Krause's report of another Sheriff's

22  Office employee's involvement with an alleged sex offense victim to the Sheriff, as explained

23  in answer to Interrogatory No. 18 below, and has knowledge of Sharon Krause's experience

24  and expertise in conducting interviews of children who were potential victims of sexual abuse,

25  and her honesty, integrity and work ethic.

26

27

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SHARON KRAUSE
(3:11-cv-05424-BHS) — 5
DWT 20424296v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main  206.757.7700 fax

1    Roger Kessell, 2618 Esther, Vancouver, WA 98660 – Mr. Kessell was a detective for

2   the Clark County Sheriff's Office assigned to investigate sexual abuse cases during the time

3   period when Sharon Krause was also assigned such cases. Mr. Kessell has knowledge

4   regarding Sharon Krause's report of another Sheriff's Office employee's involvement with an

5   alleged sex offense victim to the Sheriff, as explained in answer to Interrogatory No. 18 below,

6   and has knowledge of Sharon Krause's experience and expertise in conducting interviews of

7   children who were potential victims of sexual abuse, and her honesty, integrity and work ethic.

8   He also has knowledge of Michael Davidson's disclosure of his intention of dating Shirley

9   Spencer, and of Sharon Krause's reaction to learning of this relationship.

10    INTERROGATORY NO. 3:  For each person with knowledge responsive to the

11   previous interrogatory, please describe with particularity (to the best of your understanding)

12   any categories of facts known by each such person relating to the claims or defenses in this

13   action, including all categories of facts about which person may be competent to testify at trial.

14    If you answer this Interrogatory by incorporating documents created by someone other

15   than yourself please state whether (to the best of your knowledge) there are any categories of

16   facts known to any witness relating to the claims or defenses in this action which are not

17   reflected in the documents upon which you rely.

18    ANSWER:  See answer to previous interrogatory.

19    INTERROGATORY NO. 4:  State your full name, professional and residence

20   addresses, and attach a current copy of your curriculum vitae (CV), if you have one.  In the

21   event you do not have a CV, state in detail your education by identifying schools in which you

22   graduated and the degrees granted and dates thereof, as well as past employment history.

23    ANSWER:  Sharon Ann Krause, 2185 Emerald River Ct., Ft. Mohave, AZ 86426. I

24   retired in October of 1995, and have not been employed since that time. A copy of the last CV

25   I prepared is provided at KRAUSE 00001 – 00008.

26

27

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SHARON KRAUSE
(3:11-cv-05424-BHS) — 6
DWT 20424296v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**VERIFICATION**

STATE OF ARIZONA          )
                          ) ss.
COUNTY OF MOHAVE          )

Sharon Krause, being first duly sworn, on oath deposes and says that she is a defendant herein and that she has read the within and foregoing Answers to Plaintiffs' First Interrogatories to Sharon Krause, knows the contents thereof, and believes the same to be true.

_Sharon Krause_

Typed Name: Sharon Krause

SUBSCRIBED AND SWORN to before me this _29th_ day of _October_ 2012.

_Antonio Sierra_

NOTARY PUBLIC in and for the State of
Arizona, residing at _Bullhead City_
My appointment expires _August 5, 2013_
Print Name _Antonio Sierra_

ANTONIO SIERRA
Notary Public - Arizona
Mohave County
My Comm. Expires Aug 5, 2013

**CERTIFICATION**

The undersigned attorney for defendant Sharon Krause has read the foregoing answers

and objections to interrogatories and they are in compliance with FRCP 26(g).

ANSWERS AND OBJECTIONS dated this _26th_ day of _October_ , 2012.

_Amy Angel_ WSBA #14777

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SHARON KRAUSE
(3:11-cv-05424-BHS) — 19
DWT 20424296v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 10

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER, et. al.,                    )
                                               )   No. 3:11-cv-05424-BHS
              Plaintiffs,                      )
                                               )   PLAINTIFFS' FIRST SET OF
       v.                                      )   INTERROGATORIES TO
                                               )   DEFENDANT MICHAEL
JAMES M. PETERS, et. al.,                      )   DAVIDSON
                                               )
              Defendant.                       )   **AND RESPONSES THERETO**
                                               )

10
11
12
13
14

       Plaintiffs, by their undersigned attorneys, request that Defendant Michael Davidson

answer the following Interrogatories within 30 days after service hereof.

                    **INSTRUCTIONS AND DEFINITIONS**

       1.     Respond to each interrogatory separately and completely.

       2.     For each interrogatory response, identify each person who answers and/or assists

in answering, and state each such person's relationship, if any, with defendant.

       3.     For any interrogatory as to which an objection or claim of privilege is asserted,

fully state the grounds for such objection or claim of privilege, so as to permit the adjudication

of the propriety of the objection or claim of privilege. In addition, with respect to any

document identified as responsive to any of these interrogatories and as to which an objection

or claim of privilege is made:

              a.     State the date of the document;

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  INTERROGATORY NO. 2: Please identify by name and address all persons who, to
2  the best of your understanding, have knowledge of facts that relate to any of the claims or
3  defenses in this action, including but not limited to all persons who are not in Defendant
4  Davidson's Rule 26.1 Initial Disclosures.

5  If you answer this Interrogatory by incorporating documents created by someone other
6  than yourself (e.g. Internal Affairs documents) please list the identities of any additional
7  persons not listed in the documents, or, if there are no such additional persons with knowledge
8  responsive to the interrogatory, please state so.

9  ANSWER: Please see the individuals identified in all current and former defendants'
10  initial disclosures and supplements to initial disclosures, as well as defendants Krause's and
11  Clark County's respective responses to plaintiffs' Interrogatory No. 2 directed to those
12  defendants, which are incorporated herein by reference. In addition, defendant Davidson
13  identifies the following:

14  Robert Songer, 926 Glover St., Goldendale, WA 98620. Mr. Songer was Undersheriff
15  for the Clark County Sheriff's office during the period of time defendant Davidson was alleged
16  to have visited with plaintiff Spencer at the jail. He will testify that the jail procedures for law
17  enforcement interviews of jail inmates were such that plaintiff Spencer's allegations about the
18  manner in which Mr. Davidson allegedly had contact with plaintiff Spencer at the jail can not
19  be true. Inmates were informed if a law enforcement officer was requesting an interview.
20  Inmates had the option to accept or decline interview requests. If inmates agreed to be
21  interviewed by law enforcement, jail staff would escort the inmate from his cell to a secure
22  interview room where the interview would be conducted in private. Mr. Songer will also
23  testify that if any complaints had been made about Mr. Davidson's alleged interactions with
24  plaintiff Spencer at the jail, he would have received any such complaints and been involved in
25  any investigation (he received no such complaints), an internal affairs investigation would have
26  occurred and there would be records of that investigation in Mr. Davidson's personnel file

27

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT MICHAEL DAVIDSON
(3:11-cv-05424-BHS) — 5
DWT 20424306v1 0094078-000001

1  (there are no such records) and plaintiff Spencer's criminal defense attorney would have been

2  notified (no such notification occurred).

3      Joe Dunegan, Clark County Sheriff's Office, 707 W. 13th St., Vancouver, WA 98660.

4  Mr. Dunegan was an employee of the Clark County Sheriff's Office assigned to the jail when

5  plaintiff Spencer was incarcerated there. He will testify visitors to the jail during that time

6  period, including law enforcement officers, had to sign a log book, remove any weapons, and

7  be screened for security purposes before being allowed to enter the jail. He will also testify

8  inmates were told who was requesting to visit them before the visit and had the right to refuse

9  to see any visitor. If inmates consented to a visit, they would then be escorted to a secure

10  visiting area to meet their visitor.

11      Bill Griffith, 13104 NE 12th Ave., Vancouver, WA 98685. Defendant Davidson lived

12  with Mr. Griffith for several months after Mr. Davidson separated from his first wife, which

13  was after plaintiff Spencer pled guilty and was sentenced to prison. He will testify that Mr.

14  Davidson did not begin living with Shirley Spencer until months after plaintiff Spencer pled

15  guilty and was sentenced to prison.

16

17      INTERROGATORY NO. 3: For each person with knowledge responsive to the

18  previous interrogatory, please describe with particularity (to the best of your understanding)

19  any categories of facts known by each such person relating to the claims or defenses in this

20  action, including all categories of facts about which person may be competent to testify at trial.

21      If you answer this Interrogatory by incorporating documents created by someone other

22  than yourself please state whether (to the best of your knowledge) there are any categories of

23  facts known to any witness relating to the claims or defenses in this action which are not

24  reflected in the documents upon which you rely.

25      ANSWER: Please see preceding response to Interrogatory No. 2.

26

27

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT MICHAEL DAVIDSON
(3:11-cv-05424-BHS) — 6
DWT 20424306v1 0094078-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**VERIFICATION**

STATE OF WASHINGTON    )
                              ) ss.

COUNTY OF              )

      Michael Davidson, being first duly sworn, on oath deposes and says that he/she is the herein and that he/she has read the within and foregoing Answers to Plaintiffs' First Interrogatories to Michael Davidson, knows the contents thereof, and believes the same to be true.

Typed Name:  Michael Davidson

_____

      SUBSCRIBED AND SWORN to before me this __ day of _____ ,2012.

NOTARY PUBLIC in and for the State of
_____, residing at _____
My appointment expires _____
Print Name _____

**CERTIFICATION**

      The undersigned attorney for defendant has read the foregoing answers to interrogatories and believes they are in compliance with FRCP 26(g).

      ANSWERS dated this 26th day of October, 2012.

JEFF REIMUND, WSBA #17384

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 11

Honorable Benjamin H. Settle

1

2

3

4

5

6

7
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
8
## AT TACOMA

9

CLYDE RAY SPENCER, MATTHEW RAY
10
SPENCER, and KATHRYN E. TETZ,

NO. C11-5424 BHS

11
                       Plaintiffs,

DEFENDANT MICHAEL
DAVIDSON'S DISCLOSURE OF
12
     v.
EXPERT TESTIMONY

13
FORMER DEPUTY PROSECUTING
ATTORNEY FOR CLARK COUNTY
14
JAMES M. PETERS, DETECTIVE
SHARON KRAUSE, SERGEANT
15
MICHAEL DAVIDSON, CLARK COUNTY
PROSECUTOR'S OFFICE, CLARK
16
COUNTY SHERIFF'S OFFICE, THE
COUNTY OF CLARK, SHIRLEY
17
SPENCER, and JOHN DOES ONE
THROUGH TEN,
18
                       Defendants.
19

20
      Defendant Michael Davidson hereby discloses the following expert witnesses and

21
testimony pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2):

22
      1.  Phillip W. Esplin, Ed. D., Psychologist
23
          7131 E. Buena Terra Way
          Scottsdale, AZ 85253
24

25
      Dr. Esplin will provide expert testimony on the standards of care for child sexual

26
abuse investigations during the relevant 1984-1985 timeframe, that defendants'

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS        - 1 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

actions in the course of investigating plaintiff Clyde Ray Spencer's sexual abuse of children were within the standards of care then existing during the 1984 to 1985 time period when the investigation at issue took place, that the investigative techniques used by defendants were not so coercive and abusive that they knew or should have known during the 1984 to 1985 time period that those techniques would yield false information, and other expert testimony and opinions as set forth in Exhibit 1 attached hereto, as may be supplemented. The bases and reasons supporting Dr. Esplin's opinions, as well as the facts or data considered by him, are also summarized in Exhibit 1 attached hereto, as may be supplemented. Dr. Esplin's qualifications, including a list of publications he has authored, are attached hereto as Exhibit 2. A list of cases in which Dr. Esplin has testified as an expert witness at trial or by deposition are attached hereto as Exhibit 3. Dr. Esplin's compensation is as follows: $400.00 per hour for office record review, evaluation and analysis of case material, consultations with defense counsel in this matter, and preparation of written reports or other material requested by defense counsel; the lesser of $450.00 per hour, or $4000.00 per day, plus reasonable expenses (including travel and lodging at economy class rates) for deposition and courtroom testimony.

2. Rebecca Wiester, M.D.
   2008 166th Ave. SE
   Bellevue, WA 98008

The opinions and other information for Dr. Wiester are provided with the expert witness disclosure of defendant Peters including Exhibits 1-A and 1-B, as may be supplemented, all of which is incorporated herein by this reference as if fully set forth.

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS                    - 2 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

3. Patti Toth
   Child Abuse Training Project Manager
   Washington State Criminal Justice Training Commission
   19010 1st Ave. S
   Burien, WA 98148

The probable cause opinions and other information for Ms. Toth are provided with the expert witness disclosure of defendant Peters, as may be supplemented, all of which is incorporated herein by this reference as if fully set forth.

4. Rebecca J. Roe, Attorney at Law
   Schroeter Goldmark & Bender
   500 Central Bldg.
   810 Third Ave.
   Seattle, WA  98104

Ms. Roe will provide expert testimony as follows:  (1) The opinion Ms. Roe provided in her November 27, 1984 report was simply the opinion of one deputy prosecuting attorney that the case as it stood at that time should not charged.  That is not to be taken as proof of innocence on the part of Ray Spencer; (2) If another prosecuting attorney elected to file charges of statutory rape against Ray Spencer as of November 27, 1984, there was probable cause to support the filing of criminal charges at that time; (3) After the interview of Matthew Hansen on February 28, 1985 there was probable cause to arrest Ray Spencer and charge him with statutory rape of Matthew Hansen, Kathryn Spencer and Matthew Spencer; (4) The prosecutor's use of anatomically correct dolls in his interview of Kathryn Spencer to determine her competency to testify in late 1984 and early 1985 met the standard of care then in effect; (5) The prosecuting attorney properly relied on the interviews conducted by Detective Krause when making charging decisions regarding Ray

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS                    - 3 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1  Spencer.  Ms. Roe's opinions are based on her involvement in the prosecution of

2  Ray Spencer in 1984, her review of the law enforcement reports concerning the

3  investigation of Ray Spencer that occurred from August 1984 through approximately

4  April 1985, and all charging documents in the prosecution of Ray Spencer.  This

5  disclosure may be supplemented.  Ms. Roe's qualifications are summarized in

6  Exhibit 4 attached hereto. Ms. Roe's compensation is $300.00 per hour.

7

8      Defendant Davidson reserves the right to supplement or amend this disclosure as more

9  information becomes available through the course of discovery and further investigation.

10  Defendant Davidson also reserves the right to disclose rebuttal experts following plaintiffs'

11  disclosure of their expert witnesses, if any.

12      DATED this 9th day of October, 2012.

13

14                        s/ Jeffrey A. O. Freimund
                          JEFFREY A. O. FREIMUND, WSBA No. 17384
                          Freimund Jackson Tardif & Benedict Garratt, PLLC
15                        711 Capitol Way South, Suite 602
                          Olympia, WA  98502
16                        Telephone:  (360) 534-9960
                          Fax:  (360) 534-9959
17                        jeffF@fjtlaw.com
                          Attorney for Defendant Michael Davidson
18

19

20

21

22

23

24

25

26

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS          - 4 -

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1

# CERTIFICATE OF SERVICE

2

I hereby certify that on October 9, 2012, I caused to be served Defendant Davidson's

3

Disclosure of Expert Testimony on the attorneys of record for the parties as follows:

4

5

Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiffs Clyde Ray Spencer,
    Matthew Ray Spencer, and Kathryn E. Tetz
    dhjohnson43@aol.com

6

Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiffs Clyde Ray Spencer,
    Matthew Ray Spencer, and Kathryn E. Tetz

7

    kathleen.zellner@gmail.com

8

Daniel T. Davies, Attorney for Plaintiffs Clyde Ray Spencer, Matthew Ray Spencer,
    and Kathryn E. Tetz
    dandavies@dwt.com

9

Daniel J. Judge, Attorney for Defendant James M. Peters

10

    danielj@atg.wa.gov
Patricia C. Fetterly, Attorney for Defendant James M. Peters

11

    Patriciaf1@atg.wa.gov
Bernard F. Veljacic, Attorney for Defendants Clark County Prosecutor's Office; Clark

12

    County Sheriff's Office, & Clark County
    Bernard.Veljacic@clark.wa.gov

13

William H. Dunn, Attorney for Defendant Shirley Spencer
    dunnwh@pacifier.com

14

Gary Western, Attorney for Defendant Shirley Spencer
    western@wscd.com

15

Guy Bogdanovich, Attorney for Defendant Sharon Krause
    gbogdanovich@lldkb.com

16

17

18

      s/Janice Flaherty
      JANICE FLAHERTY

19

Legal Assistant to
JEFFREY A. O. FREIMUND, WSBA No. 17384

20

Freimund Jackson Tardif & Benedict Garratt, PLLC
711 Capitol Way South, Suite 602

21

Olympia, WA 98502
Telephone: (360) 534-9960

22

Fax: (360) 534-9959
jeffF@fjtlaw.com

23

Attorney for Defendant Michael Davidson

24

25

26

DEFENDANT DAVIDSON'S DISCLOSURE OF
EXPERT TESTIMONY
No. C11-5424-BHS     - 5 -    FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

# EXHIBIT 12

1

UNITED STATES DISTRICT COURT

2

FOR THE WESTERN DISTRICT OF WASHINGTON

3

AT TACOMA

4

5  CLYDE RAY SPENCER, MATTHEW        )
   RAY SPENCER, and KATHRYN E.      )
6  TETZ,                            )
                                    )
7            Plaintiffs,            )
                                    )
8        vs.                        )        NO. 3:11-cb-05424-BHS
                                    )
9  FORMER PROSECUTING ATTORNEY      )
   FOR CLARK COUNTY JAMES M.        )
10 PETERS, DETECTIVE SHARON         )
   KRAUSE, SERGEANT MICHAEL         )
11 DAVIDSON, CLARK COUNTY           )
   PROSECUTOR'S OFFICE, CLARK       )
12 COUNTY SHERIFF'S OFFICE, THE     )
   COUNTY OF CLARK and JOHN DOES    )
13 ONE THROUGH TEN,                 )
                                    )
14           Defendants.            )

15       DEPOSITION UPON ORAL EXAMINATION OF SHARON KRAUSE

16

17

18

Tuesday, November 6, 2012
19           Olympia, Washington

20

21

22

23

24

25

Page 2

1    APPEARANCES:

2        FOR THE PLAINTIFF CLYDE RAY SPENCER
         (VIA VIDEOCONFERENCE):
3

4                                    MS. KATHLEEN ZELLNER
                                     MR. DOUGLAS JOHNSON
                                     KATHLEEN T. ZELLNER & ASSOC.
5                                    Esplanade IV
                                     1901 Butterfield Rd., Ste. 650
6                                    Downers Grove, IL  60515

7        FOR DEFENDANT JAMES M. PETERS:

8                                    MS. PATRICIA FETTERLY
                                     ASSISTANT ATTORNEY GENERAL
9                                    P.O. Box 40126
                                     Olympia, WA  98504-0126
10

11       FOR DEFENDANT DETECTIVE SHARON KRAUSE:

12                                   MR. GUY BOGDANOVICH
                                     LAW, LYMAN, DANIEL
13                                      KAMERRER & BOGDANOVICH, P.S.
                                     P.O. BOX 11880
14                                   Olympia, WA  98508-1880

15       FOR DEFENDANT SERGEANT MICHAEL DAVIDSON:

16                                   MR. JEFFREY A.O. FREIMUND
                                     FREIMUND JACKSON TARDIF &
17                                      BENEDICT GARRATT, PLLC
                                     711 Capitol Way South, Ste. 602
18                                   Olympia, WA  98501

19

20

21

22

23

24

25

Page 3

I N D E X

| EXAMINATION | PAGE/LINE | |
|---|---|---|
| MS. ZELLNER | 7 | 16 |
| MR. FREIMUND | 195 | 1 |
| MS. ZELLNER | 197 | 8 |
| MR. FREIMUND | 201 | 7 |
| MS. ZELLNER | 201 | 13 |

I N D E X   E X H I B I T

| EXHIBIT NO. | DESCRIPTION | PAGE/LINE | |
|---|---|---|---|
| NO. 1 | Clark County Sheriff's Index, 8/30/84; 2 pgs. | 9 | 19 |
| NO. 2 | Clark County Sheriff's Index, 11/8/84; 2 pgs. | 14 | 10 |
| NO. 3 | R. Stephenson Report of Interview with Ray and Shirley Spencer (Shirley's Handwritten Statement Attached); 9 pgs. | 18 | 16 |
| NO. 4 | Detective Flood Report Re Interview with Ray, Shirley, Katie, Matt & DeAnne; 10 pgs. | 26 | 3 |
| NO. 5 | Detective Flood Report - "All Investigation and Medical Findings sent to Clark County"; 1 pg. | 32 | 21 |
| NO. 6 | Rebecca Roe Report Re Declination of Case by King County; 3 pgs. | 34 | 4 |
| NO. 7 | Krause Report Re Receipt of Release Allowing Clark County to Send Information to Anne Link (with release attached); 1 pg. | 36 | 18 |

## Page 4

| EXHIBIT NO. | DESCRIPTION | PAGE/LINE |
|---|---|---|
| 1 | | |
| 2 | | |
| NO. 8 | Krause Report Re Report of Medical Exam of Katie Spencer; Katie Spencer's Medical Exam Report; Matt Hansen's Medical Exam Report; 8 pgs. | 37  10 |
| 5 | | |
| NO. 9 | Krause Report Re Summary of Contacts with Ray Spencer; 14 pgs. | 38  19 |
| NO. 10 | Krause Report Re Interview of Karen Stone; 7 pgs. | 62  22 |
| NO. 11 | Krause Report Re Interview of Katie Spencer (Interview #1); 15 pgs. | 69  6 |
| NO. 12 | Krause Report Re Interview of Phyllis Day; 3 pgs. | 148  20 |
| NO. 13 | Krause Report Re Interview of Kathryn Roe; 4 pgs. | 149  3 |
| NO. 14 | Krause Report Re Interview of Matt Spencer (Interview #1); 11 pgs. | 135  24 |
| NO. 15 | Krause Report Re Interview of Linda Lawrence; 5 pgs. | 151  11 |
| NO. 16 | Krause Report Re Interview of DeAnne Spencer; 22 pgs. | 151  11 |
| NO. 17 | Krause Report Re Interview of Katie Spencer (Interview #2); 12 pgs. | 142  10 |
| NO. 18 | Krause Report Re Interview of Shirley Spencer Re Domestic Disturbance; 8 pgs. | 152  4 |
| NO. 19 | Krause Report Re Interview of Shirley Spencer and Matt Hansen (Interview #1); 24 pgs. | 7  7 |

## Page 5

| EXHIBIT NO. | DESCRIPTION | PAGE/LINE |
|---|---|---|
| NO. 20 | Krause Report Re Matt Hansen & Arrest/Warrant; Arrest & Warrant Documents (with Peters Affidavit); 13 pgs. | 159  9 |
| NO. 21 | Krause Report Re Interview of Matt Hansen (Interview #2); 6 pgs. | 159  17 |
| NO. 22 | Krause Report Re Interview of Matt Hansen (Interview #3) & Shirley Spencer; 9 pgs. | 159  1 |
| NO. 23 | Krause Report Re Interview of Matt Spencer (Interview #2); 14 pgs. | 160  11 |
| NO. 24 | Krause Report Re Interview of Katie Spencer (Interview #3); 6 pgs. | 160  22 |
| NO. 25 | Krause Report Re Polygraph of DeAnne Spencer (with report of polygraph attached); 4 pgs. | 162  12 |
| NO. 26 | Complaint for Arrest Warrant; 5 pgs. | 162  15 |
| NO. 27 | Ray Spencer Change of Plea Transcript; 66 pgs. | 164  8 |
| NO. 28 | Stanley Abrams' Letter to Davidson Re Polygraph Examinations; 1 pg. | 165  5 |
| NO. 29 | Vancouver PD: Correspondence from Cpt. King to Chief Davis; 9/4/84; 3 pgs. | 166  2 |
| NO. 30 | Vancouver PD Correspondence from Cpt. King to Chief Davis; 9/12/84; 3 pgs. | 166  13 |
| NO. 31 | Ray Spencer Declaration; 11 pgs. | 167  8 |
| NO. 32 | Lee Coleman Report to Parole Board; 6 pgs. | 167  15 |
| NO. 33 | Affidavit of Peter Camiel; 4 pgs. | 7  7 |

## Page 6

| EXHIBIT NO. | DESCRIPTION | PAGE/LINE |
|---|---|---|
| NO. 34 | Krause Deposition, 5/22/96; 72 pgs. | 169  2 |
| NO. 35 | Shirley Spencer Deposition, 6/4/96; 18 pgs. | 7  7 |
| NO. 36 | Shirley Spencer Evidence Deposition, 8/30/96; 27 pgs. | 7  7 |
| NO. 37 | Krause Federal Habeas Hearing Transcript; 31 pgs. | 7  7 |
| NO. 38 | Reference Hearing Transcripts During Hearing on Spencer's PRP; 28 pgs. | 7  7 |
| NO. 39 | Tim Hammond Interview of Sharon Krause; 9 pgs. | 7  7 |
| NO. 40 | Tim Hammond Interview of Shirley Spencer; 11 pgs. | 7  7 |
| NO. 41 | Tim Hammond Interview of DeAnne Spencer; 15 pgs. | 7  7 |
| NO. 42 | Tim Hammond Interview of Michael Davidson; 7 pgs. | 7  7 |
| NO. 43 | Krause's Answers to Plaintiffs Interrogatories; 22 pgs. | 7  7 |
| NO. 44A | Krause Document Production (KRAUSE 1-399) | 7  7 |
| NO. 44B | Krause Document Production (KRAUSE 400-793) | 7  7 |

## Page 7

1  BE IT REMEMBERED that on Tuesday, November 6,

2  2012, at 9:04 a.m. at 2102 Carriage Drive SW, Building C,

3  Olympia, Washington, before DIXIE J. CATTELL, Certified

4  Court Reporter, appeared SHARON KRAUSE, the witness herein;

5  WHEREUPON, the following proceedings were had,

6  to wit:

7  (EXHIBIT NOS. 1-44A & B MARKED)

8

9  SHARON KRAUSE,        having been first duly sworn by

10  the Notary, testified as follows:

11

12  MS. ZELLNER:  Let the record reflect this is the

13  deposition of Sharon Krause taken pursuant to notice and

14  continued to today's date by agreement of the parties.

15  EXAMINATION

16  BY MS. ZELLNER:

17  Q Ms. Krause, would you state your full name and spell your

18  last name.

19  A Sharon Krause, K-R-A-U-S-E.

20  MS. ZELLNER:  I would ask today that we put

21  everyone in the room's name on the record.  I can start

22  with us.

23  I'm Kathleen Zellner.  I represent the plaintiff, Ray

24  Spencer.

25  MR. JOHNSON:  My name is Doug Johnson.  I

## Page 32

1   Q  Matthew also stated that he had not been touched in any way
2       and no one had made any advances towards him, correct?
3   A  Correct. That's what it states.
4   Q  Correct. And then Matthew also indicated that "his sister
5       had not told him anything about this in the past, but
6       indicated that she does tell stories and change her stories
7       a lot. That's usually to get out of trouble." That's what
8       it says, correct?
9   A  Correct.
10  Q  Now, is it your understanding that Detective Flood, after
11      doing these interviews, did not proceed to recommend that
12      Ray Spencer be charged with any crime?
13  A  Can you ask me that again, please?
14  Q  Sure. There were no charges brought against Ray Spencer in
15      California, am I correct?
16  A  That's correct, as far as I know there weren't. Not
17      specifically relating to this, there weren't.
18  Q  You don't know of any charges related to the children that
19      were brought against Ray Spencer in California, am I right?
20  A  No, I don't.
21  Q  Okay. Let's go to Exhibit 5, and I'd ask you if you could
22      identify Exhibit 5 for the record, if you've seen this
23      document before.
24  A  I -- I reviewed it in these reports. I don't recall having
25      seen it before. I mean, I have no independent recollection

## Page 33

1       that I saw it before.
2   Q  Okay. It indicates on Exhibit 5 that "All investigation
3       and medical findings sent to Clark County Sheriff's office,
4       Vancouver, Washington." Am I reading that correctly?
5   A  That's the way I read it also.
6   Q  All right. And that also indicates that the officer on
7       this report is Officer Flood, down in the corner, on the
8       left corner?
9   A  Yes.
10  Q  Now, did you receive the medical report of Katie Spencer's
11      medical exam from Detective or, actually, from that
12      Sheriff's Department in Sacramento?
13  A  At some point I received it, because it was in that index
14      and in my file. I don't recall if I received it from Flood
15      or if I received it from the hospital --
16  Q  Okay.
17  A  -- or the physician.
18  Q  Because that -- I'm sorry. I cut you off.
19  A  I don't recall or know if I received it from Flood or if I
20      received it from the examining physician or their office.
21  Q  But you do have a distinct recollection of receiving the
22      medical report of the examination done on Kathryn Spencer
23      during the investigation of Ray Spencer?
24  A  I don't have any independent recollection. Based on what's
25      in all these reports, you know, I had to have or it

## Page 34

1       wouldn't have been in my file. And there's also
2       information, I think in one of my reports, where I
3       documented that I had received them.
4   Q  Let's look at Exhibit 6. Again, this is a handwritten
5       report from the King County Prosecuting Attorney's Office.
6       Had you, during the course of the investigation, received
7       this three-page handwritten report in Plaintiff's
8       Exhibit 6?
9   A  I have no recollection, independent recollection, about
10      this report, nor do I recall receiving it.
11  Q  Do you recall ever discussing with anyone during the
12      Spencer case the findings of this Prosecutor Roe in her
13      report?
14  A  I have some memory of discussing this, and I don't remember
15      if it was with Jim Peters or Art Curtis or both. I knew
16      who Becky Roe was because I did training at the police
17      academy and I met her there, so I knew who she was, and I
18      remember that. And I also recall that I had -- this wasn't
19      my request that she review this. It went from the
20      prosecutor's office. So, you know, I was aware of that.
21      But other than that, as far as specifics, I have no
22      independent recollection, nor do I recall if I ever saw
23      this.
24  Q  Okay. And when -- we were talking about this yesterday, so
25      on Bates stamp 227, on that first page of the report, at

## Page 35

1       the top it's filled out, it says "Suspect: Clyde Ray
2       Spencer; Referred Crime: Officer Sharon Krause, Clark
3       County Sheriff." Did you provide that information to
4       Prosecutor Roe to fill out this report, or do you think
5       someone else did, because she apparently knew you were
6       assigned to the case, so that's why I wondered if you know
7       how that information got to Prosecutor Roe?
8   A  It wasn't from me. And it says: Referred Crime SR
9       something and 1 or a 10, and then it says Officer Sharon
10      Krause and Agency and the Case Number, but it wasn't
11      anything that I provided her with or sent up to her. This
12      was done independent of me.
13  Q  Okay. So that -- so you didn't provide her with any of the
14      information contained in the report. Would that be a fair
15      statement?
16  A  Not directly. If she had my reports, in that respect --
17  Q  I understand that --
18  A  -- but yeah.
19  Q  -- but I'm just trying to establish if you remember if
20      there was direct contact between you and Prosecutor Roe
21      prior to her writing this report, and I believe what you're
22      saying is there wasn't?
23  A  I don't recall there was. If there was, I'm not
24      remembering that.
25  Q  Okay. And then did the prosecutor's office, either

## Page 36

1  Mr. Peters or Mr. Curtis, inform you at some point that
2  they had asked Rebecca Roe to review the case?
3  A I think I already stated that I have some independent
4  memory because I knew who she was and I remember the name,
5  and that it -- they sent some information to her to be
6  reviewed, but I don't know whether I got that from Art
7  Curtis, from Jim Peters or both of them.
8  Q Okay. And when you say "they sent," are you saying that it
9  was the prosecutor that communicated with Rebecca Roe? I'm
10  just trying to clarify that. It wasn't you, so was it the
11  prosecutor?
12  A It wasn't me.
13  Q Was it the prosecutors?
14  A I don't know. I'm assuming it was, but I have no -- I
15  don't know.
16  Q Well, it wasn't Mr. Davidson, was it?
17  A Oh, no.
18  Q All right. Then if we look at Exhibit 7, do you recognize
19  this two-page document?
20  A I recognize the first page as my work product.
21  Q Okay.
22  MR. BOGDANOVICH: Our --
23  A That's all I have.
24  MR. BOGDANOVICH: Our copies only have one page
25  for Exhibit 7, not two.

## Page 37

1  Q (By Ms. Zellner) I have the DeAnne Spencer handwritten
2  note just giving you permission to release information, but
3  my questions are just on the first page. So was this
4  document -- it says it was typed by you. Is that correct?
5  A I'm sure it probably was.
6  Q And you had gotten a release of information so that Kathryn
7  Spencer's therapist could receive information; is that
8  correct?
9  A That's what it indicates, yes.
10  Q And then on Exhibit 8, do you recognize Exhibit 8 as a
11  document that you prepared?
12  A It appears that I prepared that utility face sheet, yes.
13  Q Okay. And does that utility face sheet, does that -- is
14  that the document that confirms for you that you had a
15  medical report on Kathryn Spencer from the University of
16  California Davis Medical Center?
17  A That's what it indicates, yes.
18  Q And that medical examination of Kathryn Spencer did not
19  reveal any evidence of any physical injury; is that
20  correct?
21  A Any evidence of physical injury? On her whole body?
22  Q Well, it says, "No physical findings," on page 279,
23  Diagnostic Conclusion, there were no physical findings,
24  correct?
25  A Reference the history of molestation. Diagnostic, Child's

## Page 38

1  story. . .
2  Q Right.
3  A I can't even --
4  Q Well, actually, the child -- I think it indicates up above
5  in the handwritten notes that the child didn't provide any
6  information during the exam. I'm just trying to confirm
7  with you that --
8  A It's hard --
9  Q -- that there were no physical findings.
10  A No. It doesn't -- it does indicate that she didn't -- she
11  refused to talk and answer questions during the exam and
12  also no physical findings. And I'm assuming, based on this
13  report, what the doctor is saying, that she was focusing on
14  the sexual molestation or those allegations.
15  Q Okay. So, now, if we get to Exhibit 9 -- is your voice
16  holding up okay, or do you want to take a little break --
17  A No, I have some water. I'm okay.
18  Q -- and get some water. Are you okay? All right.
19  Let's go to Exhibit 9, which is a 12-page report.
20  Could you identify Exhibit 9 for the record?
21  A It's a report that I dictated. It indicates -- it contains
22  suspect contact information and interview with wife and
23  suspect, and it was at various times.
24  Q Now, as of the beginning of this report, when you meet --
25  or you received that phone call, and I'm on page 2 of 12,

## Page 39

1  Bates stamp 31, the report indicates that your first
2  contact on 8/29 is with Ray Spencer himself, correct?
3  Page 2 of 12.
4  A Phone contact? Correct.
5  Q Yeah. So your first contact on the case with any witnesses
6  or suspects was on 8/29?
7  A I had contact with him then. Can I review one thing?
8  Q Was it prior -- yes, sure. Go ahead.
9  A Stephenson's report. That was the day after, it appears.
10  I can't even read the date on Stephenson's report. 8/30.
11  So it would have been the first contact I had was with Ray
12  Spencer on the telephone.
13  Q And you would agree that -- well, let me ask you, when Ray
14  Spencer called in, did he appear to be concerned about the
15  allegations that had been made by his daughter?
16  A I would say that he was concerned or he wouldn't have
17  called me.
18  Q And he wasn't at that point a suspect, was he?
19  A When it was initially reported. . . I think he indicates
20  his five-year-old daughter is living in California,
21  reported -- makes statements to his wife, indicating that
22  he had some sexual contact with her. He wasn't -- in
23  general terms, I suppose he was a suspect, based on the
24  information he gave me.
25  Q Okay. Kathryn, though, according to this report of yours,