1
2
3
4
5
6
7
8

Honorable Judge Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9   CLYDE RAY SPENCER ,

10                                    Plaintiff,          NO.   C11-5424 BHS

11   v.

12   JAMES M. PETERS, et al.,                             DEFENDANTS' TRIAL BRIEF

13                                    Defendants.         **TRIAL DATE:**
                                                          **January 7, 2014**

14

15                          **I.     INTRODUCTION**

16        Defendants Davidson and Krause hereby jointly submit this trial brief to assist the Court

17   in making evidentiary rulings, addressing FRCP 50 motions for judgment as a matter of law, and

18   determining proper jury instructions.   To further assist in this process, defendants have

19   submitted motions in limine and responses to plaintiff's motions in limine, which are

20   incorporated herein by reference.  Defendants' briefs in support of summary judgment are also

21   incorporated herein by reference.

22                          **II.     LAW AND ARGUMENT**

23          **A.   Summary of Remaining Issues for Trial**

24

25        This Court previously granted in large part defendants' summary judgment motions and

26   dismissed many of plaintiff's claims. *See, e.g.,* Dkt. 91, 93, 97, 98, 174, 179, 180, 182, 186, and

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

187.   However, the Court denied summary judgment on defendants' affirmative defense of qualified immunity from plaintiff's claim of deliberate fabrication of evidence.  Dkt. 180 pp. 26-27; Dkt. 187, p. 12.

To determine whether defendants are entitled to qualified immunity, the Court concluded a jury will need to resolve a pivotal factual dispute:  Did Krause deliberately misquote children's statements in her police reports knowing plaintiff was innocent?  *Id.*  If the jury answers this pivotal factual question in the negative, defendants would be entitled to qualified immunity and dismissal of plaintiff's claims against them.  *See id.*  The Court further concluded that resolution of this pivotal factual issue also determines whether there was probable cause supporting plaintiff's arrest and prosecution (which is a complete defense to plaintiff's claims), whether defendants proximately caused plaintiff's alleged damages, which all flow from his imprisonment, and whether defendants conspired to violate plaintiff's constitutional rights.  Dkt. 180, pp. 31, 39; Dkt. 187, pp. 13, 18-19.  In summary, if the Court concludes under FRCP 50(a), or the jury concludes after deliberation, that Krause did not deliberately misquote statements in her police reports, it follows that defendants are entitled to qualified immunity, probable cause existed for plaintiff's arrest and prosecution, defendants did not proximately cause plaintiff's damages, and there was no conspiracy to violate constitutional rights.  *Id.*

On the other hand, even if the jury were to decide Krause deliberately misquoted statements in her police reports, the jury could nonetheless conclude there was probable cause independent of the falsely quoted statements in the police reports, based on the strength of the remaining accurately reported information either alone or in combination with independent evidence such as Kathryn Spencer's disclosures of abuse before Krause interviewed her.  *See Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).  The jury also could conclude defendants

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 2 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

did not proximately cause plaintiff's arrest, prosecution and imprisonment based on this accurately reported and/or independent evidence.  Even if the jury found deliberate fabrication, lack of probable cause, and that defendants proximately caused plaintiff's damages, the jury still could nonetheless conclude there was no agreement between Davidson and Krause to violate plaintiff's constitutional rights sufficient to prove a conspiracy.

This summary of the remaining issues sets the stage for determining the relevancy of offered evidence, the legally sufficient evidentiary bases needed to withstand a FRCP 50(a) motion, the instructions necessary to enable the jury to make findings on the pivotal factual issues, and the type of verdict form that should be used.  Since the evidentiary issues are addressed in defendants' motions in limine and response to plaintiff's motions in limine, defendants will not repeat those arguments in this trial brief.  The substantive law supporting defendants' planned FRCP 50(a) motion is set forth in defendants' summary judgment briefs and also will not be repeated in this trial brief.  This trial brief focuses on the verdict form that should be used and the instructions needed to enable the jury to make findings on each submitted issue.

## B.   Defendants' Proposed Special Verdict Form Should Be Used Rather Than Plaintiff's Proposed General Verdict Form

Because resolution of this case turns on the pivotal factual issue of whether Krause deliberately misquoted statements in her police reports, a special verdict form is appropriate pursuant to FRCP 49(a).  In accordance with FRCP 49(a), defendants have proposed a special verdict form requiring the jury to make special written findings on each dispositive issue of fact in the order discussed above.  Defendants' special verdict form is patterned off of the recommended special verdict form set forth in the Ninth Circuit Manual of Model Civil Jury

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 3

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   Instructions 12.1A, as modified, and Washington Pattern Instruction 45.23, as modified. This

2   special verdict form consists of five questions.  A copy of defendants' proposed special verdict

3   form is attached to this brief as Appendix 1 for ease of reference.

4       **Question 1:**  If the jury answers the first interrogatory on this special verdict form in the

5   negative - - *i.e.,* that plaintiff did not prove Krause and Davidson deliberately fabricated quoted

6   statements in police reports - - they should return a defense verdict because resolution of this

7   pivotal factual issue results in the defendants being entitled to qualified immunity, demonstrates

8   probable cause existed, and further resolves the issue of whether defendants proximately caused

9   plaintiff's alleged damages.   A negative answer also resolves plaintiff's conspiracy claim

10   because the essential element of a constitutional violation would be lacking if the jury concludes

11   defendants did not deliberately fabricate evidence.  *See* Dkt. 180, pp. 31, 39; Dkt. 187, pp. 13,

12   18-19.

13       **Question 2:**  If the jury answers the first interrogatory in the affirmative, defendants

14   would still be entitled to a defense verdict if the jury answers the second interrogatory in the

15   negative - - *i.e.,* that plaintiff did not prove Krause and Davidson knew or should have known

16   plaintiff was innocent.  In order to establish liability for alleged deliberate fabrication of false

17   evidence, plaintiff "must, *at a minimum*, point to evidence that … Defendants continued their

18   investigation … despite the fact that they knew or should have known that he was innocent …."

19   *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (italics in original); *see also id.* at

20   1077 ("What is required is … a showing that the interviewer knew or should have known that

21   the alleged perpetrator was innocent").

22       Because these first two questions on the special verdict form will be decided by

23   consideration of different evidence, an affirmative answer to the first interrogatory does not

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 4 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

necessarily compel the same answer to the second interrogatory.  The jury conceivably could conclude deliberate fabrication occurred, but that defendants neither knew, nor should have known, that plaintiff was innocent.   In other words, the jury could conclude deliberate fabrication occurred to further strengthen the case against a man defendants reasonably believed was guilty.  *See, e.g., Costanich v. Dept. of Soc. & Health Servs.*, 627 F.3d 1101, 1116 (9th Cir. 2010) (affirming summary judgment for DSHS supervisory officials reasoning that "[s]ome evidence may be read to suggest that someone at DSHS was improperly motivated to terminate Costanich's guardianship of E. and B. … It is reasonable, however, that the DSHS officials believed their actions regarding the termination proceedings were justified based on Costanich's undisputed use of profanity around the children, even if they had reason to question some of the conclusions in Duron's investigation, and Costanich has adduced no evidence to the contrary.").  Under *Costanich* and *Devereaux,* a specific finding of defendants' actual or constructive knowledge of plaintiff's innocence is a prerequisite to finding liability, so defendants' proposed second interrogatory on the special verdict form is appropriate.

**Question 3:**  Even if the jury answers the first two interrogatories in the affirmative, defendants would still be entitled to a defense verdict based on lack of causation.  If the jury determines that after removing all of the statements in the police reports that they find were falsely quoted, there was still sufficient remaining information to establish probable cause supporting a lawful arrest and prosecution, then plaintiff will have failed to meet his burden to prove deliberately fabricated quotations in police reports caused his imprisonment.  *Hervey,* 65 F.3d at 788-90.  This determination that probable cause existed and proximate causation was lacking would be dispositive of plaintiff's conspiracy claim as well because no constitutional violation would have been proved.  Thus, the third interrogatory on defendants' proposed special

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 5 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

verdict form regarding causation is appropriate.

**Question 4:**   Even if the jury concludes defendants deliberately fabricated evidence knowing plaintiff was innocent and, without that fabricated evidence probable cause was lacking, the jury could nonetheless conclude these constitutional violations were not the product of a conspiracy.   Therefore, defendants' proposed fourth interrogatory specifically seeks the jury's determination on whether plaintiff has proved his conspiracy theory.

**Question 5:**   Finally, if the jury answers "yes" to either question 3, or questions 3 and 4, then the jury has to decide whether plaintiff has proved he was damaged and the total amount of damages, if any, to which he is entitled.   The only damages claimed by plaintiff are non-economic damages, such as emotional distress and loss of enjoyment of life.   Accordingly, the fifth and final interrogatory in defendants' proposed special verdict form asks the jury to provide a dollar amount for the total amount of plaintiff's alleged damages.

**Plaintiff's Proposed General Verdict Form Is Insufficient and Improper:**   The five questions in defendants' proposed special verdict form fully encompass all of the claims, defenses and material questions of fact remaining in this case.   In contrast, plaintiff has proposed a general verdict form asking the jury to award damages against each defendant separately, for each of plaintiff's five remaining causes of action.   This proposed general verdict form fails to account for the Court's summary judgment rulings, and fails to address the specific factual questions this Court has held the jury must determine to resolve the issue of whether defendants are entitled to qualified immunity.   Thus, the Court should reject plaintiff's proposed general verdict form on this ground alone.

Additionally, plaintiff's proposed general verdict form is improper because it invites the jury to render up to ten different awards of damages (as to each of the two defendants on each of

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 6 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    five claims).  This proposal is confusing, misleading and improperly seeks duplicative (or more)

2    damages.  If the jury finds both defendants are liable, they will each be liable for all of the

3    damages awarded to plaintiff.  In the absence of a request by defendants, there is no reason to

4    require the jury to make separate damage determinations for each defendant.  Similarly, if the

5    jury finds one or both defendants are liable on any one or more of plaintiff's claims, the jury

6    should only award one total amount of damages.  Plaintiff's alleged damages stem from his

7    arrest, prosecution and imprisonment, all of which could only have been found to be caused by

8    the alleged deliberate fabrication of evidence, as this Court has ruled on summary judgment.

9    Dkt. 180, pp. 31, 39; Dkt. 187, pp. 13, 18-19.  Because an essential element of plaintiff's

10   conspiracy claim requires a finding of a constitutional violation, and the only constitutional

11   violation remaining at issue is the alleged deliberate fabrication of evidence (*id.*), a finding of a

12   conspiracy would provide an additional basis for liability, but not additional damages.  Under

13   these circumstances, it is unnecessary, confusing, and misleading to require the jury to decide

14   which claim(s) caused more or less of the total non-economic damages they may award.  For all

15   of these reasons, plaintiff's proposed general verdict form should be rejected, and defendants'

16   proposed special verdict form should be used.

### C. Defendants' Proposed Jury Instructions On The Remaining Claims Should Be Used Rather Than Plaintiff's Proposed Instructions

#### 1. Preliminary Claims Instructions

The main difference between plaintiff's proposed jury instructions and defendants' proposed jury instructions arises from each side's proposed preliminary instruction summarizing plaintiff's claims using the format in 9th Circuit Manual of Model Civil Jury Instructions (MCJI) 1.2.  *Compare* plaintiff's Preliminary Instruction No. 2, *with* defendants'

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 7 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9955

1  Preliminary Instruction No. 1.  Plaintiff's Preliminary Instruction No. 2 is inconsistent with the

2  Court's summary judgment rulings, which have made the false arrest, malicious prosecution,

3  false imprisonment, and conspiracy claims dependent and contingent upon plaintiff proving his

4  deliberate fabrication of evidence claim.

5        Specifically, the Court's analysis of plaintiff's claims against defendant Krause began as

6  7  follows:

8          The Court begins its discussion of qualified immunity with an analysis of
           whether the evidence demonstrates that a genuine issue of material fact exists
9          that Krause coerced the children into accusing Mr. Spencer of abuse or
           otherwise fabricated evidence against him regarding the abuse.  The Court starts
10         its analysis here because if genuine issues of material fact exist as to the
           aforementioned issues, then more likely than not there will be genuine issues of
11         material fact related to Mr. Spencer's claims that probable cause did not exist,
           Krause was involved in the alleged conspiracy to imprison Mr. Spencer, and she
12         was a proximate cause of Mr. Spencer's injuries.

13  Dkt. 180, p. 19, 1. 17 - p. 20, 1. 2.  Consistent with this analysis, the Court ultimately ruled on

14  plaintiff's claims against defendant Krause as follows:

15         Because there are genuine issues of fact regarding whether Krause fabricated
           evidence in the child victim statements, which was, in large part, what the
16         Prosecutor's Office relied on to find probable cause existed and to charge Mr.
           Spencer with multiple counts of abuse (Dkt. 168-11 at 11 and 14), the Court
17         cannot grant qualified immunity on the basis that probable cause exists and
           must deny summary judgment on Krause's claims of false arrest, malicious
18         prosecution and false imprisonment. *See supra.*

19  Dkt. 180, p. 31, 11. 17-22.  Due to this question of fact regarding whether the children's

20  statements were deliberately fabricated, the Court also denied summary judgment on plaintiff's

21  conspiracy claim.  Dkt. 180, p. 39, ll. 7-14.  This same question of fact also caused the Court to

22  deny summary judgment based on lack of proximate cause.  *Id.* at ll. 16-19.

23        The Court followed the same analysis and rendered the same ruling with regard to

24  plaintiff's claims against defendant Davidson.  The Court's analysis of plaintiff's claims against

25  defendant Davidson began as follows:

26

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1
2
3
4
5

> The Court begins its discussion of qualified immunity and supervisory liability with an analysis of whether the evidence demonstrates that a genuine issue of material fact exists regarding whether Davidson fabricated evidence against Mr. Spencer or whether he may be liable in his supervisory capacity for Krause's alleged fabrication of evidence. The Court starts its analysis here because if genuine issues of material fact exist as to these issues, then it is also likely that there will be genuine issues of material fact related to whether probable cause existed, Davidson was involved in the alleged conspiracy to imprison Mr. Spencer, and he was a proximate cause of Mr. Spencer's injuries.

6
7

Dkt. 187, p. 8, l. 17 - p. 9, l. 3.  Applying this analysis, the Court ruled as follows:

8
9
10
11

> Whether Krause fabricated the children's statements, whether Davidson knew or should have known of Krause's conduct and to what extent he participated in the fabrications, and whether the alleged fabrications are evidence of Mr. Spencer's innocence are all factual determinations for the jury to make. Therefore, the Court declines to grant Davidson qualified immunity on the claims that he knew of deliberately fabricated evidence or is liable as a supervisor for Krause's fabrication.

12
13

Dkt. 187, p. 12, ll. 15-20.

14
15
16

Due to the question of fact regarding whether the children's statements were deliberately fabricated, the Court further denied Davidson's motion that he was entitled to qualified immunity based on probable cause, ruling as follows:

17
18
19
20

> Because the investigative reports containing the alleged fabrications were, in large part, what the Prosecutor's Office relied on to find probable cause existed and to charge Mr. Spencer with multiple counts of abuse (Dkt. 168-11 at 11 and 14), the Court cannot grant qualified immunity on the basis that probable cause exists. Therefore, summary judgment is denied on the claims for false arrest, malicious prosecution and false imprisonment.

21
22
23
24
25
26

Dkt. 187, p. 13, l. 19 – p. 14, l. 2.  The Court similarly denied summary judgment regarding plaintiff's conspiracy claim due to the question of fact regarding whether the children's statements were deliberately fabricated. Dkt. 187, p.18, l. 20 – p. 19, l. 10.  Based on the same question of fact, the Court denied summary judgment on the grounds that proximate cause was lacking, ruling as follows:

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 9 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1
2
3
4

> Because there are genuine issues of material fact as to the fabrication of evidence against Mr. Spencer and Davidson's role with respect to the alleged fabrications and the continuance of the investigation, a genuine issue of material fact also exists regarding whether or not Davidson was a proximate cause of Mr. Spencer's alleged injuries.   Therefore, summary judgment is denied on this basis.

5    Dkt. 187, p. 19, ll. 12-16.

6
7
8
9
10
11
12
13
14
15
16

Another important consideration defining the extent and scope of the issues left for resolution by the jury is that the Court has already ruled as a matter of law that in the absence of deliberate fabrication of the children's statements in Krause's reports, the Prosecutor's Office reasonably concluded that probable cause existed to file and prosecute the charges in the original, amended and second amended informations involving all three victims.  *See* Dkt. 174, p. 15, 1. 17 - p. 28, 1. 15.   Based on this finding of probable cause, the Court summarily dismissed the false arrest, malicious prosecution, false imprisonment and conspiracy claims against former defendant Peters.  *Id.*   Thus, if the jury concludes the children's statements were <u>not</u> deliberately fabricated, probable cause exists, which is a complete defense to plaintiff's remaining claims.  *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1054-55 (9th Cir. 2009).

17
18
19
20
21
22
23
24
25
26

Plaintiff's Preliminary Instruction No. 2 is inconsistent with this analysis, as it describes deliberate fabrication of evidence as an independent claim that is analyzed separately and distinctly from plaintiff's claims for false arrest, false imprisonment, malicious prosecution and conspiracy.  Defendants' Preliminary Instruction No. 1 follows the Court's analysis set forth above, as it recognizes the dependence of the false arrest, malicious prosecution, false imprisonment, and conspiracy claims upon proof of the claim of deliberate fabrication of evidence.   A copy of defendant's Preliminary Instruction No. 1 is attached to this brief as Appendix 2 for ease of reference.

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 10 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

Plaintiff's Preliminary Instruction No. 1 is also factually unsupported, as there will be no testimony or evidence that either defendant arrested plaintiff without a warrant, based on their own determination of probable cause.  Rather, the original Information charging plaintiff with the crimes involving Kathryn Spencer was filed on January 3, 1985 and was accompanied by a summons which prompted plaintiff's appearance in court, at which time he was booked and released on his own recognizance (Dkt. 63-2, pp. 2-3); the Amended Information adding charges against plaintiff for crimes against Matthew Hansen was filed on February 28, 1985 and was accompanied by a judicial Warrant for Arrest obtained by former defendant Peters, leading to plaintiff's arrest and incarceration until he was convicted and sentenced to prison (Dkt. 63-4 and 63-5); and the Second Amended Information adding charges against plaintiff for crimes committed against Matthew Spencer was filed on May 3, 1985, while plaintiff was still incarcerated at the jail awaiting trial (Dkt. 63-6).  Under these facts, it is misleading and confusing for plaintiff to allege false arrest, malicious prosecution, false imprisonment and conspiracy claims independent of the allegedly fabricated evidence on which the Prosecutor's Office and the criminal court acted.

For all of the foregoing reasons, defendants' Preliminary Instruction No. 1 should be given, and plaintiff's Preliminary Instruction No. 2 should be rejected.

### 2.  Instructions on the Elements of Plaintiff's Claims and Burden of Proof

The key differences explained above between the parties' preliminary claims instructions are carried forward into the instructions setting forth the elements and burdens of proof on the remaining claims.  Consistent with plaintiff's Preliminary Instruction No. 2, plaintiff has proposed separate instructions for false arrest (plaintiff's Closing Instruction No. 22), false imprisonment (plaintiff's Closing Instruction No. 23), malicious prosecution (plaintiff's Closing

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 11 -

1    Instruction Nos. 26 and 27), and conspiracy (plaintiff's Closing Instruction No. 30) that are all

2    framed as being independent of the instruction on deliberate fabrication of evidence (plaintiff's

3    Closing Instruction No. 29).   Each of these Closing Instructions are then incorporated into

4    plaintiff's burden of proof instructions for his claims against defendant Sharon Krause

5    (plaintiff's Closing Instruction No. 18), defendant Michael Davidson in his individual capacity

6    (plaintiff's Closing Instruction No. 19) and defendant Michael Davidson in his supervisory

7    capacity (plaintiff's Closing Instruction No. 20).   All of these instructions should be rejected for

8    the same reasons advanced above in support of the argument for rejection of plaintiff's

9
10   Preliminary Instruction No. 2.

11          Plaintiff compounds the problems created by these erroneous and factually unsupported

12   instructions by proposing an ill-fitting "moving force" proximate cause instruction based on

13   MCJI 9.8 (plaintiff's Closing Instruction No. 21), and a separate and incomplete probable cause

14   instruction based on MCJI 9.20 (plaintiff's Closing Instruction No. 24), both of which should be

15   rejected.   The comments to MCJI 9.8 make clear that the "moving force" causation standard is

16   taken from §1983 *Monell* municipal liability cases, citing *Oviatt v. Pearce,* 954 F.2d 1470 (9th

17   Cir. 1992).   The comments to MCJI 9.8 also cite §1983 First Amendment discrimination cases

18   as an example of a type of case requiring use of a causation standard different from the "moving

19
20   force" instruction.

21          Plaintiff's deliberate fabrication of evidence claims in this case require use of the

22   particularized causation standard set forth in *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir.

23   1995).   Similar to plaintiff's claims here, *Hervey* involved §1983 claims that a police officer

24   deliberately included false and misleading information in an affidavit submitted in support of a

25   request for a search warrant.   The court in *Hervey* cited *Branch v. Tunnell,* 937 F.2d 1382 (9th

26

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 12 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

Cir. 1991) as controlling, explaining the *Branch* holding as follows:

> We held that the standard for qualified immunity in a civil rights action of this type was governed by *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *Franks* established a criminal defendant's right to an evidentiary hearing when he made a substantial showing of deliberate falsehood or reckless disregard for the truth in a search warrant affidavit <u>and demonstrated that but for the dishonesty, the affidavit would not support a finding of probable cause.</u> *Id.,* at 171-72, 98 S.Ct. at 2684-85.

*Hervey,* 65 F.3d at 788 (emphasis added).  Continuing its discussion of the standard for proving causation in a deliberate fabrication case, the court explained that "[p]ut another way, the plaintiff must establish that the remaining information in the affidavit is insufficient to establish probable cause." *Hervey,* 65 F.3d at 789.  In other words, plaintiff must prove that, but for the deliberately fabricated evidence, probable cause was lacking.

The "but for" test for causation is commonly used in §1983 cases.  *E.g., Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981).  This is not a municipal liability case where a "moving force" causation test may be appropriately used.

Proposed in place of all of the above-identified Closing Instructions proposed by plaintiff, Defendants' Closing Instruction No. 6 efficiently synthesizes the applicable elements of a deliberate fabrication of evidence claim from *Devereaux,* 263 F.3d at 1076-77, and *Costanich,* 627 F.3d at 1111-12, with the "but for" causation standard from *Hervey* applicable to cases involving alleged deliberate fabrication of evidence claims linked to the determination of probable cause.  Defendants' Closing Instruction No. 7 further defines "but for" proximate cause consistent with WPI 15.01.01, while Defendants' Closing Instruction No. 8 properly adapts the language from MCJI 9.20 instructing the jury on "probable cause" and defining the relevant State crimes for which plaintiff was charged.  Copies of defendants' Closing Instructions Nos. 6-9 are attached to this brief as Appendix 3 for ease of reference.

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 13 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

Defendants' Closing Instruction No. 6 leads logically and understandably to the Special Verdict Form proposed by defendants, listing the three necessary elements of a deliberate fabrication of evidence claim as Question 1 (deliberate fabrication of quoted statements), Question 2 (with actual or constructive knowledge that plaintiff was innocent) and Question 3 ("but for" causation on the probable cause determination).

Finally, as discussed above, plaintiff's claim that defendants Krause and Davidson engaged in a conspiracy to frame him of crimes he did not commit warrants an independent instruction.  While plaintiff's Closing Instruction No. 30 addresses the conspiracy claim, it reads more like a closing argument than a jury instruction.  It contains language well beyond the elements needed to prove a conspiracy, all of which is suggestive of ways of finding liability. Some of the language is also redundant of other instructions, such as reference to the use of circumstantial evidence, which is already covered by an agreed MCJI 1.9 instruction.  In contrast, defendants' Closing Instruction No. 9 (citing *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010) in support) properly instructs the jury on the elements of a conspiracy claim in a neutral manner and does not instruct the jury in the negative as plaintiff's proposed instruction number 30 does (stating what plaintiff allegedly does <u>not</u> have to prove).

For all of the foregoing reasons, defendants request that their claims and burden of proof instructions be given, and plaintiff's instructions on the same subjects be rejected.

RESPECTFULLY SUBMITTED this 17th day of December, 2013.

s/ Guy Bogdanovich
GUY BOGDANOVICH, WSBA No. 14777
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
P.O. Box 11880
Olympia, WA 98508-1880
Telephone:  (360) 754-3480
Fax:  (360) 357-3511
Email:  gbogdanovich@lldkb.com
Attorney for defendant Sharon Krause

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 14 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

s/Jeffrey A. O. Freimund
JEFFREY A. O. FREIMUND, WSBA No. 17384
Freimund Jackson & Tardif, PLLC
711 Capitol Way South, Suite 602
Olympia, WA  98502
Telephone:  (360) 534-9960
Fax:  (360) 534-9959
Email:  jeffF@fjtlaw.com
Attorney for defendant Michael Davidson

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 15 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on December 17, 2013, I caused to be electronically filed Defendants' Trial Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

3

4      Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
              dhjohnson43@aol.com

5      Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
              kathleen.zellner@gmail.com

6      Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
              dandavies@dwt.com

7

8                                   _s/Kathrine Sisson_____
                                    KATHRINE SISSON
9                                   Legal Assistant to
                                    JEFFREY A. O. FREIMUND, WSBA No. 17384
10                                  Freimund Jackson & Tardif, PLLC
                                    711 Capitol Way South, Suite 602
11                                  Olympia, WA  98502
                                    Telephone:  (360) 534-9960
12                                  Fax:  (360) 534-9959
                                    jeffF@fjtlaw.com
13                                  Attorney for defendant Michael Davidson

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' TRIAL BRIEF
3:11-cv-05424-BHS

- 16 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959