# APPENDIX 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| CLYDE RAY SPENCER, | ) | |
| PLAINTIFF, | ) | |
| | ) | No.   C11-5424 BHS |
| | ) | |
| V. | ) | |
| | ) | SPECIAL VERDICT FORM |
| SHARON KRAUSE AND MICHAEL | ) | |
| DAVIDSON, | ) | |
| DEFENDANTS. | ) | |

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and/or defendant Davidson deliberately fabricated quoted statements in police reports regarding plaintiff, and/or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to prevent it?**

Answer "yes" or "no" after the name of the defendant.

| ANSWER: | Yes | No |
|---|---|---|
| **Defendant Krause** | _____ | _____ |
| **Defendant Davidson** | _____ | _____ |

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2.

**QUESTION 2:  Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts and/or failure to act defendant Krause and/or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to have deliberately fabricated quoted statements.

| ANSWER: | Yes | No |
|---|---|---|
| **Defendant Krause** | _____ | _____ |
| **Defendant Davidson** | _____ | _____ |

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this

verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:   Has the plaintiff proved, by a preponderance of the evidence, that defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff?**

      **ANSWER:   Yes _____          No _____**

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form. If you answered "yes" to Question 3, answer Question 4.

**QUESTION 4:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate quoted statements in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

      **ANSWER:   Yes _____          No _____**

INSTRUCTION: If you answered "yes" to Question 3, or you answered "yes" to Question 3 and Question 4, answer Question 5.

**QUESTION 5:   What do you find to be the plaintiff's total amount of damages?**

      **ANSWER:   $_____**

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE:** _____          _____

                                          **Presiding Juror**

Authority:  WPI 5th Ed. 45.23 (modified)
               9th Cir. Manual of Model Civil Jury Instrs. 12.1A (modified)

# APPENDIX 2

## DEFENDANTS' PRELIMINARY INSTRUCTION NO. 1

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that:

1. Defendants violated Plaintiff's constitutional right to due process by deliberately fabricating false quotations in police reports and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which he was being investigated, thereby causing Plaintiff to be falsely arrested, maliciously prosecuted and falsely imprisoned without probable cause.

2. Plaintiff also claims that Defendants violated Plaintiff's constitutional right to due process by conspiring with one another to deliberately fabricate evidence by placing false quotations in police reports and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which he was being investigated, thereby causing Plaintiff to be falsely arrested, maliciously prosecuted and falsely imprisoned without probable cause.

The plaintiff has the burden of proving these claims. Defendants deny these claims.

Manual of Model Jury Instructions for the Ninth Circuit 1.2 (adapted); *Spencer v, Peters et al*, No. 3:11-cv-05424-BHS, Dkt. 180, p. 31, lns. 17-22; Dkt. 187, p. 13, ln. 17 – p. 14, ln. 2.

# APPENDIX 3

## DEFENDANTS' CLOSING INSTRUCTION NO. 6

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff.

Authority:     *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

## DEFENDANTS' CLOSING INSTRUCTION NO. 7

A cause of an injury is a proximate cause if it is related to the injury in two ways: (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.

There may be more than one proximate cause of an injury.

Authority:    *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01

## DEFENDANTS' CLOSING INSTRUCTION NO. 8

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under state law, it is a crime for an accused to knowingly cause another less than fourteen (14) years of age and not the spouse of the accused to have sexual contact with the accused or another. "Sexual contact" under state law means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

Under state law, it is also a crime for an accused over thirteen (13) years of age to engage in sexual intercourse with another who is less than eleven (11) years of age. "Sexual intercourse" under state law means any penetration, however slight, of the vagina or anus, and also means any act of sexual contact between persons involving the sex organs of one person and the mouth of another person, whether such persons are of the same or opposite sex.

Under state law, in order to arrest, prosecute or convict a person of the above listed crimes, it is not necessary that the testimony of the alleged victim be corroborated, or supplemented with additional evidence.


Authority:     9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted and modified);
               Former RCW 9A.44.070(1); Former RCW 9A.44.100(1)(b); RCW 9A.44.010(1)
               and (2); RCW 9A.44.020(1); *Blacks Law Dictionary* (5th Ed. 1979), p. 311
               (definition of "corroborating evidence").

**DEFENDANTS' CLOSING INSTRUCTION NO. 9**

In order to prevail on his § 1983 conspiracy claim, plaintiff must prove by a preponderance of the evidence that there was:

1. An agreement between the defendants to deprive the plaintiff of a constitutional right;

2. An overt act in furtherance of the conspiracy; and

3. An actual deprivation of a constitutional right resulting from the agreement.

Authority: *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010).