1

2

3

4                                                      Honorable Judge Benjamin Settle

5

6

7

8                       UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

CLYDE RAY SPENCER,                        )
10                                          )   No. C11-5424BHS
                    Plaintiff,              )
11                                          )
            v.                              )   **AGREED JURY INSTRUCTIONS**
12                                          )
DETECTIVE SHARON KRAUSE, and                )
13   SERGEANT MICHAEL DAVIDSON,              )   **Trial on January 7, 2014**
                                            )
14                  Defendants.             )
                                            )
15   ——————————————————————————

16          The parties hereby respectfully submit their Agreed Jury Instructions.

17   **On Behalf of Plaintiff Spencer:**          **On Behalf of Defendant Krause:**

18   /s/  Kathleen T. Zellner                     /s/  Guy Bogdanovich
     Kathleen T. Zellner                          Guy Bogdanovich, WSBA No. 14777
19   *Admitted pro hac vice*                      Law, Lyman, Daniel, Kamerrer &
     Kathleen T. Zellner & Associates, P.C.       Bogdanovich, P.S.
20   1901 Butterfield Road, Suite 650             P.O. Box 11880
     Downers Grove, Illinois  60515               Olympia, WA  98504
21

22                                                **On Behalf of Defendant Davidson:**

23   /s/  Daniel T. Davies                        /s/  Jeffrey A.O. Freimund
     Daniel T. Davies, WSBA No. 41793             Jeffrey A.O. Freimund, WSBA No. 17384
24   Davis Wright Tremaine LLP                    Freimund Jackson Tardif & Benedict
     1201 Third Avenue, Suite 2200                Garratt, PLLC
25   Seattle, Washington  98101                   711 Capitol Way S., Suite 602
                                                  Olympia, WA  98502
26

27

AGREED JURY INSTRUCTIONS
TABLE OF CONTENTS

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|

**OPENING INSTRUCTIONS Nos. 1 – 15**

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1. | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS) | 9th Cir. Model Civil Jury Instruction (2007) No. 1.1A | 1 |
| 2. | BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.3 | 2 |
| 3. | DECIDE AS TO EACH DEFENDANT SEPARATELY | 9th Cir. Model Civil Jury Instruction (2007) No. 1.5 | 3 |
| 4. | WHAT IS EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.6 | 4 |
| 5. | WHAT IS NOT EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.7 | 5 |
| 6. | EVIDENCE FOR A LIMITED PURPOSE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.8 | 6 |
| 7. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.9 | 7 |
| 8. | RULING ON OBJECTIONS | 9th Cir. Model Civil Jury Instruction (2007) No. 1.10 | 8 |
| 9. | CREDIBILITY OF WITNESSES | 9th Cir. Model Civil Jury Instruction (2007) No. 1.11 | 9 |
| 10. | CONDUCT OF THE JURY | 9th Cir. Model Civil Jury Instruction (2007) No. 1.12 | 10 |
| 11. | NO TRANSCRIPT AVAILABLE TO THE JURY | 9th Cir. Model Civil Jury Instruction (2007) No. 1.13 | 12 |
| 12. | TAKING NOTES | 9th Cir. Model Civil Jury Instruction (2007) No. 1.14 | 13 |
| 13. | QUESTIONS TO WITNESSES BY JURY | 9th Cir. Model Civil Jury Instruction (2007) No. 1.15 | 14 |
| 14. | BENCH CONFERENCES AND RECESSES | 9th Cir. Model Civil Jury Instruction (2007) No. 1.18 | 15 |
| 15. | OUTLINE OF TRIAL | 9th Cir. Model Civil Jury Instruction (2007) No. 1.19 | 16 |

**CLOSING INSTRUCTIONS Nos. 1 – 16**

| 1. | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS) | 9th Cir. Model Civil Jury Instruction (2007) No. 1.1C | 18 |
|---|---|---|---|
| 2. | BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.3 | 19 |
| 3. | DECIDE AS TO EACH DEFENDANT SEPARATELY | 9th Cir. Model Civil Jury Instruction (2007) No. 1.5 | 20 |
| 4. | WHAT IS EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.6 | 21 |
| 5. | WHAT IS NOT EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.7 | 22 |
| 6. | EVIDENCE FOR A LIMITED PURPOSE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.8 | 23 |
| 7. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 1.9 | 24 |
| 8. | RULING ON OBJECTIONS | 9th Cir. Model Civil Jury Instruction (2007) No. 1.10 | 25 |
| 9. | CREDIBILITY OF WITNESSES | 9th Cir. Model Civil Jury Instruction (2007) No. 1.11 | 26 |
| 10. | DEPOSITION AS SUBSTANTIVE EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 2.4 | 27 |
| 11. | OPINION EVIDENCE, EXPERT WITNESSE | 9th Cir. Model Civil Jury Instruction (2007) No. 2.11 | 28 |
| 12. | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. Model Civil Jury Instruction (2007) No. 2.12 | 29 |
| 13. | SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION | 9th Cir. Model Civil Jury Instruction (2007) No. 9.1 | 30 |
| 14. | DUTY TO DELIBERATE | 9th Cir. Model Civil Jury Instruction (2007) No. 3.1 | 31 |
| 15. | COMMUNICATION WITH COURT | 9th Cir. Model Civil Jury Instruction (2007) No. 3.2 | 32 |
| 16. | RETURN OF VERDICT | 9th Cir. Model Civil Jury Instruction (2007) No. 3.3 | 33 |

## PRELIMINARY INSTRUCTION NO. 1

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.1A

## PRELIMINARY INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.3

## PRELIMINARY INSTRUCTION NO. 3

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.5

## PRELIMINARY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.6

## PRELIMINARY INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.7

5

**PRELIMINARY INSTRUCTION NO. 6**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.8

## PRELIMINARY INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.9

## PRELIMINARY INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.10

## PRELIMINARY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.11

## PRELIMINARY INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.   If any juror is exposed to any outside information, please notify the court immediately.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.12

## PRELIMINARY INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.13

**PRELIMINARY INSTRUCTIONS NO. 12**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.14

13

## PRELIMINARY INSTRUCTION NO. 13

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.15

## PRELIMINARY INSTRUCTION NO. 14

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.18

## PRELIMINARY INSTRUCTION NO. 15

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.19

# AGREED

# CLOSING INSTRUCTIONS

## CLOSING INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.1C

**CLOSING INSTRUCTION NO. 2**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.3

**CLOSING INSTRUCTION NO. 3**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Authority:  9th Circuit Manual of Model Civil Jury Instructions. 1.5

## CLOSING INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.6

## CLOSING INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.7

## CLOSING INSTRUCTION NO. 6

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.8

## CLOSING INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:  9th Circuit Manual of Model Jury Instructions 1.9

## CLOSING INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.10

## CLOSING INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 1.11

## CLOSING INSTRUCTION NO. 10

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Ann Link, Ph.D., was taken on December 17, 2012, the deposition of Menona Landrum was taken on March 18, 2013 and the deposition of DeAnne Spencer was taken on November 16, 2002.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 2.4

## CLOSING INSTRUCTION NO. 11

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 2.11

**CLOSING INSTRUCTION NO. 12**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:  9th Circuit Manual Model of Civil Jury Instructions 2.12

## CLOSING INSTRUCTION NO. 13

The Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 9.1

## CLOSING INSTRUCTION NO. 14

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 3.1

## CLOSING INSTRUCTION NO. 15

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 3.2

## CLOSING INSTRUCTION NO. 16

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority:  9th Circuit Manual of Model Civil Jury Instructions 3.3