1
2
3
4                                              Honorable Judge Benjamin Settle
5
6
7
8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

CLYDE RAY SPENCER,                    )
10                                    )   No. C11-5424BHS
              Plaintiff,              )
11                                    )
       v.                             )   **DISPUTED JURY INSTRUCTIONS**
12                                    )
DETECTIVE SHARON KRAUSE, and          )
13  SERGEANT MICHAEL DAVIDSON,        )   **Trial on January 7, 2014**
                                      )
14            Defendants.             )

15
16         The parties hereby respectfully submit their Disputed Jury Instructions.

17  **On Behalf of Plaintiff Spencer:**          **On Behalf of Defendant Krause:**

18  /s/  Kathleen T. Zellner                     /s/  Guy Bogdanovich
    Kathleen T. Zellner                          Guy Bogdanovich, WSBA No. 14777
19  *Admitted pro hac vice*                      Law, Lyman, Daniel, Kamerrer &
    Kathleen T. Zellner & Associates, P.C.       Bogdanovich, P.S.
20  1901 Butterfield Road, Suite 650             P.O. Box 11880
    Downers Grove, Illinois  60515               Olympia, WA  98504
21

22                                               **On Behalf of Defendant Davidson:**

23  /s/  Daniel T. Davies                        /s/  Jeffrey A.O. Freimund
    Daniel T. Davies, WSBA No. 41793             Jeffrey A.O. Freimund, WSBA No. 17384
24  Davis Wright Tremaine LLP                    Freimund Jackson Tardif & Benedict
    1201 Third Avenue, Suite 2200                Garratt, PLLC
25  Seattle, Washington  98101                   711 Capitol Way S., Suite 602
                                                 Olympia, WA  98502
26

27

## DISPUTED INSTRUCTIONS
## TABLE OF CONTENTS

| Instruction Number | Type of Instruction | Authority | Proponent Page No. |
|---|---|---|---|
| Preliminary Instruction 1 | Claims and Defenses | 9th Cir. Model Civil Jury Instruction (2007) No. 1.2 | Plaintiff<br><br>Page 1 |
| Preliminary Instruction 2 | Presumption of Innocence | 9th Cir. MCJI 1.2 (presumption of innocence); *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir. 2004), *overruled on other grounds*, *Byrd v. Lewis*, 566 F.3d 855 (9th Cir. 2009) (citation omitted). "Any jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence." *Id.* The words "unless and until" adequately inform the jury of the presumption of innocence. *United States v. Lopez*, 500 F.3d 840, 847 (9th Cir. 2007); *United States v. Witt*, 648 F.2d 608, 610 (9th Cir. 1981); *Taylor v. Kennedy*, 436 U.S. 478 (1978). | Plaintiff<br><br>Page 3 |
| Closing Instruction 1 | TRANSCRIPT OF A RECORDING | 9th Cir. Model Civil Jury Instruction 2.5 (adapted) | Plaintiff<br><br>Page 4 |

| Closing Instruction 2 | USE OF INTERROGATORIES OF A PARTY | 9th Cir. Model Civil Jury Instruction 2.10 | Plaintiff<br><br>Page 5 |
|---|---|---|---|
| Closing Instruction 3 | IMPEACHMENT EVIDENCE - WITNESS | 9th Circuit Manual of Model Civil Jury Instructions 2.8 (adapted) (*Pope v. Savings Bank of Puget Sound,* 850 F.2d 1345 (9th Cir. 1988)). | Plaintiff<br><br>Page 6 |
| Closing Instruction 4 | IMPEACHMENT EVIDENCE - WITNESS | 9th Circuit Manual of Model Civil Jury Instructions | Plaintiff<br><br>Page 7 |
| Closing Instruction 5 | SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF | 9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted) | Plaintiff<br><br>Page 8 |
| Closing Instruction 6 | SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF | 9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted) | Plaintiff<br><br>Page 10 |
| Closing Instruction 7 | SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF | 9th Circuit Manual of Model Civil Jury Instructions 9.3 (adapted) | Plaintiff<br><br>Page 12 |
| Closing Instruction 8 | CAUSATION | 9th Circuit Manual of Model Civil Jury Instructions 9.8 (adapted); *Jones v. Williams,* 297 F.3d 930, 937 n.7 (9th Cir. 2002) | Plaintiff<br><br>Page 14 |
| Closing Instruction 9 | FALSE ARREST | 9th Circuit Manual of Model Civil Jury | Plaintiff |

| | | Instructions 9.20 (adapted) | Page 15 |
|---|---|---|---|
| Closing Instruction 10 | FALSE IMPRISONMENT | Instructions 9.20 (adapted) | Plaintiff<br><br>Page 16 |
| Closing Instruction 11 | PROBABLE CAUSE | Instructions 9.20 (adapted) | Plaintiff<br><br>Page 17 |
| Closing Instruction 12 | PROBABLE CAUSE | *Sornberger v. City of Knoxville, Illinois,* 434 F.3d 1006 (7th Cir. 2006); *Sutkiewicz v. Monroe County Sheriff, 110 F.3d 352, 358* (6th Cir. 1997) | Plaintiff<br><br>Page 18 |
| Closing Instruction 13 | ELEMENTS OF MALICIOUS PROSECUTION | *Mata-Gonzalez v. Monico,* slip copy, UNDC. D. Oregon 9/27/2013; *Bender v. City of Seattle*, 99 Wash.2d 582 (1983). | Plaintiff<br><br>Page 19 |
| Closing Instruction 14 | DEFINITION OF MALICE | *Bender v. City of Seattle*, 99 Wash.2d 582 (1983). | Plaintiff<br><br>Page 20 |
| Closing Instruction 15 | CONSTITUTIONAL RIGHT NOT TO HAVE EVIDENCE FABRICATED | *Zahrey v. Coffey,* 221 F.3d 342, 355 (2d Cir. 2000) | Plaintiff<br><br>Page 21 |
| Closing Instruction 16 | ELEMENTS OF FABRICATION OF EVIDENCE CLAIM | *Devereaux v. Abbey*, 263 F.3d 1070 (2001) | Plaintiff<br><br>Page 22 |
| Closing Instruction 17 | DEFINITION OF CONSPIRACY | *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010)*; Gaisvik v. Perez,* 239 F.Supp.2d 1047, 1104 (E.D. Wash. 2002)*; Crowe v. County of San Diego,* 608 F.3d 406, 440 (9th Cir. 2010)*; Spencer v. Peters, et. al.,* C11-5424 BHS | Plaintiff<br><br>Page 23 |
| Closing Instruction 18 | Damages | 9th Circuit Manual of | Plaintiff |

| | | Model Civil Jury Instructions 5.1 and 5.2 (adapted) | Page 25 |
|---|---|---|---|
| Closing Instruction 19 | NO SPECULATION ABOUT INSURANCE COVERAGE | Washington Pattern Jury Instr. Civil 2.13 | Plaintiff<br><br>Page 26 |
| Closing Instruction 20 | NONECONOMIC DAMAGES | Washington Pattern Jury Instr. Civil 30.01.06 (first paragraph); Washington Pattern Jury Instr. Civil 30.01.01 (second paragraph) | Plaintiff<br><br>Page 27 |
| Closing Instruction 21 | MORTALITY TABLE - LIFE SPAN | Washington Pattern Jury Instr. Civil 34.04; United States Department of Health and Human Services, National Vital Statistics Reports, United States Life Tables (9/24/12) | Plaintiff<br><br>Page 28 |
| Closing Instruction 22 | DUPLICATIVE DAMAGES | *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1023 (9th Cir. 2000); *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1259-60 (10th Cir. 1988) (court has discretion to reduce award to prevent duplication) | Plaintiff<br><br>Page 29 |
| VERDICT FORM | | | Plaintiff<br><br>Page 30 |
| Preliminary Instruction 1 | CLAIMS AND DEFENSES | Manual of Model Jury Instructions for the Ninth Circuit 1.2 (adapted); *Spencer v, Peters et al*, No. 3:11-cv-05424-BHS, Dkt. 180, p. 31, lns. 17-22; | Defendants<br><br>Page 33 |

| | | Dkt. 187, p. 13, ln. 17 – p. 14, ln. 2. | |
|---|---|---|---|
| Closing Instruction 1 | IMPEACHMENT EVIDENCE - WITNESS | Manual of Model Jury Instructions for the Ninth Circuit 2.8 (adapted) | Defendants<br><br>Page 35 |
| Closing Instruction 2 | SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF | Manual of Model Jury Instructions for the Ninth Circuit 9.2 (adapted) | Defendants<br><br>Page 36 |
| Closing Instruction 3 | SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF | Manual of Model Jury Instructions for the Ninth Circuit 9.2 (adapted) | Defendants<br><br>Page 37 |
| Closing Instruction 4 | SECTION 1983 CLAIM AGAINST DEFENDANT IN SUPERVISORY CAPACITY - ELEMENTS AND BURDEN OF PROOF | Manual of Model Jury Instructions for the Ninth Circuit 9.3 (adapted) | Defendants<br><br>Page 38 |
| Closing Instruction 5 | EVALUATING PROBABLE CAUSE | *Costanich v. Dept. of Soc. & Health Servs.,* 627 F.3d 1101, 1114 -15 (9th Cir. 2010); *Gordon v. Deer Park Sch. Dist.,* 71 Wn.2d 119, 124, 426 P.2d 824(1967); *Severns MotorCo.v.Hamilton,* 35 Wn.2d 602, 604, 214 P.2d 516 (1950). | Defendants<br><br>Page 39 |
| Closing Instruction 6 | FABRICATION OF EVIDENCE CLAIM AND PROXIMATE CAUSE | *Devereaux v. Abbey,* 263 F.3d 1070, 1076 -77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th | Defendants<br><br>Page 40 |

| | | Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995). | |
|---|---|---|---|
| Closing Instruction 7 | DEFINITION OF PROXIMATE CAUSE | *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01 | Defendants<br><br>Page 41 |
| Closing Instruction 8 | PROBABLE CAUSE | 9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted and modified); Former RCW 9A.44.070(1); Former RCW 9A.44.100(1)(b); RCW 9A.44.010(1) and (2); RCW 9A.44.020(1); *Blacks Law Dictionary* (5th Ed. 1979), p. 311 (definition of "corroborating evidence"). | Defendants<br><br>Page 42 |
| Closing Instruction 9 | DEFINITION OF CONSPIRACY | *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010) | Defendants<br><br>Page 43 |
| Closing Instruction 10 | DAMAGES | **Manual** of Model Jury Instructions for the Ninth Circuit **5.1 and 5.2 (adapted)** | Defendants<br><br>Page 44 |
| Special Verdict Form | | WPI 5th Ed. 45.23 (modified); 9th Cir. Manual of Model Civil Jury | Defendants<br><br>Page 45 |

| | | Instrs. 12.1A (modified) | |
|---|---|---|---|
| Closing Instruction (Supplemental) No. 6 | FABRICATION OF EVIDENCE CLAIM AND PROXIMATE CAUSE | *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); 9th Cir. Manual of Model Civil Jury Instructions 9.8 (adapted). | Defendants<br><br>Page 48 |
| Special Verdict Form (Supplemental) | | WPI 5th Ed. 45.23 (modified); 9th Cir. Manual of Model Civil Jury Instrs. 12.1A | Defendants<br><br>Page 49 |

## PLAINTIFF'S DISPUTED PRELIMINARY INSTRUCTION NO. 1

To help you follow the evidence, I will give you a brief summary of the positions of the parties.  The Plaintiff claims that:

1.  Defendants violated his constitutional right to be free of unlawful seizure by falsely arresting him.

2.  Defendants violated his constitutional right against unlawful seizure by falsely imprisoning him.

3.  Defendants violated his constitutional right to due process by maliciously initiating and continuing criminal proceedings against him without probable cause.

4.  Defendants violated his constitutional right to due process by fabricating evidence and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which they were investigating him.

5.  Defendants violated his constitutional right to due process by conspiring with one another to falsely arrest, falsely imprison and maliciously prosecute Plaintiff and by fabricating evidence and continuing their investigation against Plaintiff when they knew or should have known that Ray Spencer was innocent of any and all crimes for which they were investigating him.

Plaintiff has the burden of proving these claims.  Defendants deny these claims.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 1.2 (adapted)

**Defendants' Objection:**  Defendants object on the grounds that the instruction is inconsistent with the summary judgment rulings of the Court, which have made the false arrest, malicious

prosecution and false imprisonment claims contingent upon plaintiff proving his deliberate fabrication of evidence due process claim.

## PLAINTIFF'S DISPUTED PRELIMINARY INSTRUCTION NO. 2

This is a civil case and the plaintiff has the burden of proof on his claims. It is also important for you to consider that in the criminal context a defendant is innocent until proven guilty. This means that when the court vacated the conviction and sentence of Mr. Spencer this presumption of innocence returned and the burden was on the government to prove him guilty beyond a reasonable doubt. Without such proof, Mr. Spencer is presumed innocent under the law.

**Authority**: *See e.g.*, 9th Cir. MCJI 1.2 (presumption of innocence); *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir. 2004), *overruled on other grounds*, *Byrd v. Lewis*, 566 F.3d 855 (9th Cir. 2009) (citation omitted). "Any jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence." *Id*. The words "unless and until" adequately inform the jury of the presumption of innocence. *United States v. Lopez*, 500 F.3d 840, 847 (9th Cir. 2007); *United States v. Witt*, 648 F.2d 608, 610 (9th Cir. 1981); *Taylor v. Kennedy*, 436 U.S. 478 (1978).

**Defendants' Objection:**  Defendants object on the grounds that this criminal case instruction is irrelevant to the issues to be determined in this civil case.  Whether a prosecutor can prove beyond a reasonable doubt that plaintiff is in fact guilty of the crimes charged is not at issue, and so the criminal case "presumption of innocence" is not relevant.  This instruction also would confuse and mislead the jury on the issues to be decided.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 1**

You have viewed a video recording that has been received in evidence.  Please view it very carefully.  Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the video.  However, bear in mind that the video recording is the evidence, not the transcript.  If you hear something different from what appeared in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 2.5 (adapted)

**Defendants' Objection:**  Defendants have moved in limine to exclude admission of the videotaped interview of Kathryn Spencer by James Peters, and the related transcript.  If this motion is granted, this instruction is unnecessary.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 2**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories  submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were  made from the witness stand.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 2.10

**Defendants' Objection**:  No interrogatory answers were identified in any party's pretrial statement, rendering this instruction unnecessary.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 3

The believability of a witness may be challenged by evidence that on some former occasion he or she made a statement that was not consistent with his or her testimony in this case.  Evidence of this kind ordinarily may be considered by you only for the limited purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom.

However, you may consider a witness's earlier inconsistent statement as evidence without this limitation when the statement was made under oath at the prior proceeding.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 2.8 (adapted) (*Pope v. Savings Bank of Puget Sound,* 850 F.2d 1345 (9th Cir. 1988)).

**Defendants Objection**:  Defendants object on the grounds that the instruction is not just an adapted Model Civil Instruction (MCI) 2.8 it is substantially modified.  It is also confusing.  The issues it appears to potentially address will be better addressed by limited purpose instructions during trial as appropriate, and if necessary an adapted, but not modified, closing MCI 2.8. Defendants' proposed Closing Instruction No. 1 is offered due to prior sworn inconsistent testimony of Matthew Spencer, as well as possibly other of plaintiff's witnesses.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 4**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and no other purpose.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 2.8

**Defendants' Objection**:  Defendants object on the grounds that no criminal convictions admissible under FRE 609 have been identified in pretrial statements, so the instruction is unnecessary.  *See also* Defendants' Joint Motions in Limine, pp. 22-23.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCITON NO. 5**

In order to prevail on his § 1983 claims against Defendant Sharon Krause, Plaintiff Ray Spencer must prove each of the following elements by a preponderance of the evidence:

      1.     Defendant Sharon Krause acted under color of law; and

      2.     The acts of Defendant Sharon Krause deprived Plaintiff Ray Spencer of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that both Defendants acted under color of law.

If you find Plaintiff Ray Spencer has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction 22 (1983 Claim of False Arrest), Instruction 23 (1983 Claim of False Imprisonment), Instruction 26 (1983 Claim of Malicious Prosecution), Instruction 29 (1983 Claim of Fabrication of Evidence) and/or Instruction 30 (1983 Claim of Conspiracy) your verdict should be for the Plaintiff as to each claim he has proved. If, on the other hand, you find Plaintiff Ray Spencer has failed to prove any one or more of these elements of a claim, your verdict should be for Defendant Sharon Krause as to any claim he has not proved.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)

**Defendants' Objection**: Defendants object on the grounds that the instruction is inconsistent with the summary judgment rulings of the Court, which have made the false arrest, malicious prosecution and false imprisonment claims contingent upon plaintiff proving his deliberate fabrication of evidence due process claim. It is also factually unsupported, as there will be no evidence that either defendant arrested plaintiff without a warrant. *See,* MCI 9.20. Rather, defendants provided their investigative reports to the prosecutor's office, which led to the filing of the original Information on January 3, 1985 summoning plaintiff to appear in court, and defendants provided additional investigative reports and information to the prosecutor's office in February 1985, which led to prosecutor Peters' Motion and Affidavit for an arrest warrant and issuance of a Warrant of Arrest on February 28, 1985. Under these facts, Defendants' Closing Instruction No. 2, incorporating Defendants' Closing Instruction No. 6 (claim of deliberate fabrication of evidence)

and/or Defendants' Closing Instruction No. 9 (claim of conspiracy to deliberately fabricate evidence) properly describe plaintiff's sec. 1983 claim against defendant Krause. *See, Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 6**

In order to prevail on his § 1983 claims against Defendant Michael Davidson, in his non-supervisory capacity, Plaintiff Ray Spencer must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Michael Davidson acted under color of law; and

2.      The acts of Defendant Michael Davidson deprived Plaintiff Ray Spencer of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that both Defendants acted under color of law.

If you find Plaintiff Ray Spencer has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction 22 (1983 Claim of False Arrest), Instruction 23 (1983 Claim of False Imprisonment), Instruction 26 (1983 Claim of Malicious Prosecution), Instruction 29 (1983 Claim of Fabrication of Evidence) and/or Instruction 30 (1983 Claim of Conspiracy) your verdict should be for the Plaintiff as to each claim he has proved.  If, on the other hand, you find Plaintiff Ray Spencer has failed to prove any one or more of these elements of a claim, your verdict should be for Defendant Michael Davidson as to any claim he has not proved.


**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)


**Defendants' Objection**:  Defendants object on the grounds that the instruction is inconsistent with the summary judgment rulings of the Court, which have made the false arrest, malicious prosecution and false imprisonment claims contingent upon plaintiff proving his deliberate fabrication of evidence due process claim.  It is also factually unsupported, as there will be no evidence that either defendant arrested plaintiff without a warrant.  *See*, MCI 9.20.  Rather, defendants provided their investigative reports to the prosecutor's office, which led to the filing of the original Information on January 3, 1985 summoning plaintiff to appear in court, and defendants provided additional investigative reports and information to the prosecutor's office in February

1985, which led to prosecutor Peters' Motion and Affidavit for an arrest warrant and issuance of a Warrant of Arrest on February 28, 1985. Under these facts, Defendants' Closing Instruction No. 3, incorporating Defendants' Closing Instruction No. 6 (incorporating claim of deliberate fabrication of evidence) and/or Defendants' Closing Instruction No. 9 (claim of conspiracy to deliberately fabricate evidence) properly describe plaintiff's sec. 1983 claim against defendant Davidson in his individual capacity. *See, Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 7**

In order to prevail on his § 1983 claims against Defendant Michael Davidson in his supervisory capacity, Plaintiff Ray Spencer must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Michael Davidson acted under color of law; and

2.      The acts of the Defendant's subordinate Sharon Krause deprived Plaintiff Ray Spencer of his particular rights under the United States Constitution as explained in later instructions; and

3.      Defendant Michael Davidson knew, or reasonably should have known, that his subordinate was engaging in these acts and that her conduct would deprive the Plaintiff Ray Spencer of these rights; and

4.      Defendant Michael Davidson failed to act to prevent his subordinate from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that both Defendants acted under color of law.

If you find Plaintiff Ray Spencer has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction 22 (1983 Claim of False Arrest), Instruction 23 (1983 Claim of False Imprisonment), Instruction 26 (1983 Claim of Malicious Prosecution), Instruction 29 (1983 Claim of Fabrication of Evidence) and/or Instruction 30 (1983 Claim of Conspiracy) your verdict should be for the Plaintiff as to each claim he has proved.  If, on the other hand, you find Plaintiff Ray Spencer has failed to prove any one or more of these elements of a claim, your verdict should be for Defendant Michael Davidson as to any claim he has not proved.

12

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.3 (adapted)

**Defendants' Objection**:  Defendants object on the grounds that the instruction is inconsistent with the summary judgment rulings of the Court, which have made the false arrest, malicious prosecution and false imprisonment claims contingent upon plaintiff proving his deliberate fabrication of evidence due process claim.  It is also factually unsupported, as there will be no evidence that either defendant arrested plaintiff without a warrant.  *See,* MCI 9.20.  Rather, defendants provided their investigative reports to the prosecutor's office, which led to the filing of the original Information on January 3, 1985 summoning plaintiff to appear in court, and defendants provided additional investigative reports and information to the prosecutor's office in February 1985, which led to prosecutor Peters' Motion and Affidavit for an arrest warrant and issuance of a Warrant of Arrest on February 28, 1985.  Under these facts, Defendants' Closing Instruction No. 4, incorporating Defendants' Closing Instruction No. 6 (incorporating claim of deliberate fabrication of evidence) and/or Defendants' Closing Instruction No. 9 (claim of conspiracy to deliberately fabricate evidence) properly describe plaintiff's sec. 1983 claim against defendant Davidson in his supervisory capacity.  *See, Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).:

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 8

In order to establish that the acts and/or failure to act of Defendant Sharon Krause and/or Defendant Michael Davidson deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts and/or failure to act were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be considered a moving force that caused the ultimate injury.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 9.8 (adapted)
*Jones v. Williams,* 297 F.3d 930, 937 n.7 (9th Cir. 2002)

**Defendants' Objection**: Defendants object to this instruction on the grounds that it incorporates the wrong proximate cause standard for the fabrication of evidence claims against the individually named defendants in this case, and it goes beyond "adapting" MCI 9.8 by addition of the last paragraph. *Hervey v. Estes,* 65 F.3d 784, 788-90 provides the proper "but for" standard of proximate cause in a deliberate fabrication of evidence case when probable cause determinations are made by prosecutors who or courts which rely upon an investigating officer's factual representations, by requiring a determination of whether probable cause existed without consideration of the fabricated evidence. Defendants' Closing Instruction Nos. 6 and 7 properly address proximate cause in this case. If Defendants' Closing Instruction No. 6 is rejected by the Court, Defendants Closing Instruction (Supplemental) No. 6 would properly instruct the jury on the deliberate fabrication of evidence claim using the MCI 9.8 "moving force" language.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 9**

In order to prevail on his § 1983 claim alleging false arrest, Plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted)

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it is factually unsupported, since there will be no evidence that defendants ever arrested plaintiff without a warrant.  *See* objections to Preliminary Instruction No. 2 and Closing Instruction Nos. 18-20.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 10

In order to prevail on his § 1983 claim alleging false imprisonment, Plaintiff must prove by a preponderance of the evidence that he was imprisoned without probable cause.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted)

**Defendants' Objection**:  *See* objections to Preliminary Instruction No. 2 and Closing Instruction Nos. 18-20.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 11

"Probable Cause" exists when, under all of the circumstances known to the officer(s) at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

**Authority**:      9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted)

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it is incomplete, since it does not define the relevant crimes for which probable cause must have existed.  *See* MCI 9.20, last paragraph.  Defendants' Closing Instruction No. 8 properly instructs the jury on probable cause, with the relevant crimes defined.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 12**

Facts and circumstances within an officer's knowledge  that would lead a reasonable person to conclude that a suspect has not committed a crime and which tend to negate probable cause,  or which would tend to sway the probable cause calculus in favor of a suspect must be considered in determining whether probable cause existed.

**Authority**:  *Sornberger v. City of Knoxville, Illinois,* 434 F.3d 1006 (7th Cir. 2006)
*Sutkiewicz v. Monroe County Sheriff, 110 F.3d 352, 358* (6th Cir. 1997).

**Defendants' Objection**:  Defendants object to this instruction on the grounds that it goes beyond the neutral MCI 9.20 language, and is argumentative since it improperly isolates and puts undue emphasis on facts "negating" probable cause.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 13

In order to prevail on his § 1983 claim alleging malicious prosecution, Plaintiff must prove by a preponderance of the evidence that:

(1)     Defendants were actively instrumental in causing criminal charges to be initiated and/or continued against Plaintiff, and

(2)     there was no probable cause to initiate or continue criminal charges against Plaintiff, and

(3)     Defendants were motivated by malice toward Plaintiff, and

(4)     Defendants acted for the purpose of depriving Plaintiff of his constitutional right to due process, and

(5)     that the underlying criminal action was terminated in favor of Plaintiff, or was abandoned.

**Authority**: *Mata-Gonzalez v. Monico,* slip copy, UNDC. D. Oregon 9/27/2013
*Bender v. City of Seattle*, 99 Wash.2d 582 (1983).

**Defendants' Objection**: *See* objections to Preliminary Instruction No. 2 and Closing Instruction Nos. 18-20.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 14**

The "malice" element in a claim for malicious prosecution may be satisfied by proving that the prosecution was undertaken from improper motives or in reckless disregard of the rights of the Plaintiff.

Improper motives may be proven by showing Defendants instituted or continued the criminal charges against Plaintiff without believing him to be guilty and/or primarily because of hostility or ill will toward him and/or for the purpose of obtaining a private advantage as against him.

Malice like any other act may be proved by direct or circumstantial evidence.

**Authority**:   *Bender v. City of Seattle*, 99 Wash.2d 582 (1983)

**Defendants' Objection**:  *See* objections to Preliminary Instruction No. 2 and Closing Instruction Nos. 18-20.  In addition, it is redundant and potentially confusing to separately instruct the jury on "malice" in connection with the prosecution of the criminal case, because, in order to find for plaintiff on the deliberate fabrication of evidence claim, the jury will necessarily have to find that defendants pursued the investigation with improper motives, knowing or having reason to know that plaintiff was innocent.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 15**

It is firmly established that there is a constitutional right not to be deprived of liberty on the basis of false evidence fabricated by a detective.

**Authority**:     *Zahrey v. Coffey,* 221 F.3d 342, 355 (2d Cir. 2000)

**Defendants'  Objection**:  Defendants object to the instruction on the grounds that it goes beyond the MCI instructions, and is argumentative, since it implies a heightened protection of liberty by inclusion of the phrase "firmly established."

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 16**

In order to prevail on his § 1983 claim alleging Defendants deliberately fabricated evidence (which includes preparing false police reports) Plaintiff must prove by a preponderance of the evidence that:

(1)      Defendants deliberately fabricated evidence on which the prosecution based the criminal charges against Plaintiff; and

(2)      Defendants continued their investigation of Plaintiff despite the fact they knew or should have known that he was innocent.

**Authority**:      *Devereaux v. Abbey*, 263 F.3d 1070 (2001)

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it is incomplete, since it does not include the required element of causation.  Defendants Closing Instruction No. 6, or Defendants' Closing Instruction (Supplemental) No. 6, properly instruct the jury on the elements of the deliberate fabrication of evidence claim advanced in this case.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 17

Plaintiff claims that Defendants engaged in a conspiracy to falsely arrest, maliciously prosecute and falsely imprison Plaintiff. A conspiracy in violation of Sec. 1983 requires proof of:

(1)     an agreement or meeting of the minds between Defendants to deprive Plaintiff of a constitutional right;

(2)     an overt act in furtherance of the conspiracy;

(3)     an actual deprivation of constitutional rights resulting from the agreement.

The agreement or meeting of the minds need not be overt but can be based upon circumstantial evidence. A conspiracy is seldom able to be proved by direct evidence. Rather, the existence of a conspiracy may be inferred from a series of events.

The law does not demand proof that each conspirator knew the exact limits of the illegal plan, or the identity of all the participants in it. It does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences. It is not necessary for Plaintiff to prove that Defendants came together, and, in so many words, agreed upon the matter. If it is proved that Defendants pursued the same object, one performing one part and another performing another part, you will be justified in concluding that they are engaged in conspiracy to effect that object.

Each conspirator is responsible for everything done by co-conspirators which follow from the execution of the common design as one of its probable and natural consequences, even though it was not intended as part of the original design.

**Authority**:     *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010)*; Gaisvik v. Perez,* 239 F.Supp.2d 1047, 1104 (E.D. Wash. 2002)*; Crowe v. County of San Diego,* 608 F.3d 406, 440 (9th Cir. 2010)*; Spencer v. Peters, et. al.,* C11-5424 BHS

**Defendants' Objection**: Defendants object to the instruction on the grounds that it is argumentative, because it includes language in addition to the elements of a conspiracy claim, all of which is suggestive of ways of finding liability on the conspiracy claim. Some of the language is also redundant of other instructions, such as reference to the use of circumstantial evidence, which

is already addressed pursuant to an agreed MCI 1.9 instruction.  Defendants' Closing Instruction No. 9 properly instructs the jury on the elements of a conspiracy claim, in a neutral manner which does not instruct the jury in the negative, citing *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010) in support.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 18**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants.

In determining the measure of damages, you should consider the following:

The nature and extent of the injuries;

The loss of liberty and the enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 5.1 and 5.2 (adapted)

**Defendants' Objection**:  Defendants object to this instruction on the grounds that it goes beyond the proper elements of damages language in MCI 5.2 by adding "loss of liberty" to the "loss of enjoyment of life," creating potential for duplicative damages.  Defendants' Closing Instruction No. 10 properly instructs the jury on damages using the appropriately adapted MCI 5.1 and 5.2 language.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 19

You must not speculate about whether any party has insurance or other coverage available. Whether a party does or does not have insurance has no bearing on any issue that you must decide. You are not to make, decline to make, increase, or decrease any award because you believe that a party does or does not have medical insurance, workers' compensation, liability insurance, or some other form of coverage.

**Authority**: Washington Pattern Jury Instr. Civil 2.13

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it goes beyond the MCI damage instructions, and relies upon a Washington Pattern Jury Instruction which defendants believe would improperly draw attention to the issue of potential insurance.  The jury will already be instructed to follow all instructions given, and, consistent with the MCIs, none will reference consideration of insurance.  Defendants believe this is a better approach than specifically raising the issue of possible insurance and then instructing the jury not to consider it.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 20**

The law has not furnished us with any fixed standards by which to measure noneconomic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

If you award the Plaintiff compensation for future noneconomic damages of loss of liberty, loss of the enjoyment of life and mental, physical, emotional pain and suffering, you should consider how long the Plaintiff may experience such losses in the future, and to do that you may need to consider his current life expectancy.

**Authority**: Washington Pattern Jury Instr. Civil 30.01.06 (first paragraph); Washington Pattern Jury Instr. Civil 30.01.01 (second paragraph)

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it unnecessarily goes beyond the MCI damage instructions, and it includes a "loss of liberty" element not authorized by MCI 5.2.  Also, this instruction erroneously assumes that noneconomic damages are to be reduced to present value based upon average life expectancy, and/or suggests use of an improper per diem calculation, and/or suggests that noneconomic damages can be calculated by use of a formula.   Defendants' Closing Instruction No. 10 properly instructs the jury on damages using the appropriately adapted MCI 5.1 and 5.2 language.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 21**

Ray Spencer is currently 66 years old. According to mortality tables, the average life expectancy of a 66-year-old man is 17.3 years.

The mortality tables are not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

**Authority**: Washington Pattern Jury Instr. Civil 34.04; United States Department of Health and Human Services, National Vital Statistics Reports, United States Life Tables (9/24/12)

**Defendants' Objection**: *See* objection to Closing Instruction No. 33.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 22

If you award damages to Plaintiff on more than one claim, your award should include compensation for all damages proximately caused by the conduct of each Defendant you have found accountable on that claim, even though you may have awarded compensation for the same damages on a different claim.  If necessary, the Court will make adjustments to the verdict necessary to prevent double recovery.

**Authority**:  *Caudle v. Bristow Optical Co., Inc.,* 224 F.3d 1014, 1023 (9th Cir. 2000); *U.S. Industries, Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1259-60 (10th Cir. 1988) (court has discretion to reduce award to prevent duplication)

**Defendants' Objection**:  Defendants object to the instruction on the ground that it goes beyond the MCI damage instructions, and invites a duplicative damage award.  Defendants' Special Verdict Form does not create potential for duplicative damages.

## PLAINTIFF'S PROPOSED VERDICT FORM

**Ray Spencer's False Arrest Claim**

We, the jury, as to Ray Spencer's False Arrest Claim, find as follows:

For Plaintiff Ray Spencer
and award damages in the
following amount(s):

For Defendant

Sharon Krause          $ _____          _____

Michael Davidson $ _____          _____

**Ray Spencer's False Imprisonment Claim**

We, the jury, as to Ray Spencer's False Imprisonment Claim, find as follows:

For Plaintiff Ray Spencer
and award damages in the
following amount(s):

For Defendant

Sharon Krause          $ _____          _____

Michael Davidson $ _____          _____

**Ray Spencer's Fabrication of Evidence Claim**

We, the jury, as to Ray Spencer's Fabrication of Evidence Claim, find as follows:

For Plaintiff Ray Spencer
and award damages in the
following amount(s):

For Defendant

Sharon Krause          $ _____          _____

Michael Davidson $ _____          _____

**Ray Spencer's Malicious Prosecution Claim**

We, the jury, as to Ray Spencer's Malicious Prosecution Claim, find as follows:

For Plaintiff Ray Spencer                                      For Defendant
and award damages in the
following amount(s):

Sharon Krause        $ _____                    _____

Michael Davidson $ _____                    _____

**Ray Spencer's Conspiracy Claim**

We, the jury, as to Ray Spencer's Conspiracy Claim, find as follows:

(For each, check one and only one of the choices.  For either Plaintiff or Defendant)

For Plaintiff Ray Spencer                                      For Defendant

Sharon Krause        _ _____                    _____

Michael Davidson     _____                    _____

The Total Value of Damages For
Ray Spencer's Conspiracy Claim:              $ _____

_____            _____
FOREPERSON

_____            _____

_____            _____

_____            _____

_____

31

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 3.3

**Defendants' Objection**:  *See* objections to Preliminary Instruction No. 2 and Closing Instructions Nos. 18-20.  Also, by directly asking for separate amounts assigned to each defendant under five different causes of action the Verdict Form invites an improper award of duplicative damages. Defendants' Special Verdict Form or, if necessary, Special Verdict Form (Supplemental) properly lists the claims requiring resolution without inviting duplicative damages, and also requires the jury to resolve the questions of fact which the Court determined are necessary to decide whether qualified immunity applies.

**DEFENDANTS' DISPUTED PRELIMINARY INSTRUCTION NO. 1**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that:

1. Defendants violated Plaintiff's constitutional right to due process by deliberately fabricating false quotations in police reports and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which he was being investigated, thereby causing Plaintiff to be falsely arrested, maliciously prosecuted and falsely imprisoned without probable cause.

2. Plaintiff also claims that Defendants violated Plaintiff's constitutional right to due process by conspiring with one another to deliberately fabricate evidence by placing false quotations in police reports and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which he was being investigated, thereby causing Plaintiff to be falsely arrested, maliciously prosecuted and falsely imprisoned without probable cause.

The plaintiff has the burden of proving these claims.  Defendants deny these claims.

**Authority:**  Manual of Model Jury Instructions for the Ninth Circuit 1.2 (adapted); *Spencer v, Peters et al*, No. 3:11-cv-05424-BHS, Dkt. 180, p. 31, lns. 17-22; Dkt. 187, p. 13, ln. 17 – p. 14, ln. 2.

**Plaintiff's Objection**:  This is an inaccurate and incomplete summary of the Plaintiff's position. This Court has ruled that several of Plaintiff's causes of action summary judgment, including but not limited to Plaintiff's § 1983 Malicious Prosecution Claim.  This instruction omits that cause of action and others.  Further, this instruction limits Plaintiff's claim to the fabrication of "false quotations in police reports."  Plaintiff's claim is not so limited as it includes numerous misrepresentations of numerous witness' statements in the police reports.  In addition to misrepresenting what Katie Spencer, Matt Spencer and Matt Hanson reported, Defendants misrepresented the statements of DeAnne Spencer, Shirley Spencer and the results of the polygraph examinations.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 1

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:**  Manual of Model Jury Instructions for the Ninth Circuit 2.8 (adapted)

**Plaintiff's objection:**  Plaintiff submits that a prior inconsistent statement under oath may be used substantively.  *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345 (9th Cir. 1988).  Plaintiff's Closing Instruction No. 15 is a more accurate and complete statement of the law.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 2**

In order to prevail on his § 1983 claim against defendant Sharon Krause, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction *6 (claim of deliberate fabrication of evidence) and/or Instruction 9 (claim of conspiracy to deliberately fabricate evidence)*, your verdict should be for the plaintiff as to each claim he has proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to either or both claims, your verdict should be for defendant Krause as to each claim plaintiff has failed to prove.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)

**Plaintiff's Objection**:   This is an inaccurate and incomplete statement of  the law.  Defendant has omitted Plaintiff's Claims for False Arrest, False Imprisonment, Malicious Prosecution and Claims of Conspiracy as to those claims.  Plaintiff's Closing Instruction 18 is a complete statement of the law.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 3**

In order to prevail on his § 1983 claim against defendant Michael Davidson in his individual capacity, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction *6 (claim of deliberate fabrication of evidence) and/or Instruction 9 (claim of conspiracy to deliberately fabricate evidence)*, your verdict should be for the plaintiff as to each claim he has proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to either or both claims, your verdict should be for defendant Davidson in his individual capacity as to each claim plaintiff has failed to prove.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted).

**Plaintiff's Objection**:  This is an inaccurate and incomplete statement of the law.  Defendant has omitted Plaintiff's Claims for False Arrest, False Imprisonment, Malicious Prosecution and Claims of Conspiracy as to those claims.  Plaintiff's Closing Instruction 19 is a complete statement of the law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 4

In order to prevail on his § 1983 claim against defendant Michael Davidson in his supervisory capacity, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law;

2. the acts of defendant Davidson's subordinate, Sharon Krause, deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions; and

3. (a) defendant Davidson knew, or reasonably should have known, that his subordinate was engaging in these acts and that their conduct would deprive the plaintiff of these rights; and

   (b) defendant Davidson failed to act to prevent his subordinate from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 6 (claim of deliberate fabrication of evidence), your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Davidson in his supervisory capacity.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 9.3 (adapted)

**Plaintiff's Objection**:  This is an inaccurate and incomplete statement of the law.  Defendant has omitted Plaintiff's Claims for False Arrest, False Imprisonment, Malicious Prosecution and Claims of Conspiracy as to all Plaintiff's claims.  Plaintiff's Closing Instruction 20 is a complete statement of the law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO.  5

In determining whether or not a defendant violated plaintiff's constitutional rights, you are instructed that this issue is to be determined by the facts and circumstances as they appeared at the time of the defendant's acts or omissions, and not by what the facts and circumstances may appear to have been after the time of the acts or omissions.  In other words, in determining whether or not a defendant violated plaintiff's constitutional rights, the defendant is entitled to have his or her conduct judged by what a reasonable person would have known or should have known under the facts and circumstances then confronted, without the benefit of hindsight.

**Authority**:     *Costanich v. Dept. of Soc. & Health Servs.,*  627 F.3d 1101, 1114-15 (9th Cir. 2010); *Gordon v. Deer Park Sch. Dist.,* 71 Wn.2d 119, 124, 426 P.2d 824 (1967); *Severns Motor Co. v. Hamilton*, 35 Wn.2d 602, 604, 214 P.2d 516 (1950).

**Plaintiff's Objection**:  This is a confusing instruction as applied to the facts of this case.  The violation of Plaintiff's constitutional rights was ongoing.  Plaintiff will not present evidence nor argue that Defendants made mistakes through an incorrect analysis of the facts and circumstances they that confronted them.  Plaintiff will present evidence and argue that Defendants actions were intentional.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 6**

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff.

**Authority**:   *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

**Plaintiff's Objection**:   This instruction is an incomplete and inaccurate statement if the law. Plaintiff's fabrication of evidence claim is not limited to the false quotations in the police reports. Defendants fabricated additional evidence.   Further, this instruction omits Plaintiff's additional §1983 causes of action, including but not limited to malicious prosecution.   And, 9th Circuit Model Civil Jury Instruction 9.8 properly instructs on causation in this case (See Plaintiff's Closing Instruction No. 21).   Model Instruction No. 21 and Plaintiff's Closing Instruction No. 29 are an accurate statement of the law as to Plaintiff's fabrication of evidence claim.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 7**

A cause of an injury is a proximate cause if it is related to the injury in two ways: (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.

There may be more than one proximate cause of an injury.

**Authority**:     *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01

**Plaintiff's Objection:**  9th Circuit Model Civil Jury Instruction 9.8 provides the proper definition of causation applicable to this case.  (See Plaintiff's Closing Instruction No. 21).

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 8**

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under state law, it is a crime for an accused to knowingly cause another less than fourteen (14) years of age and not the spouse of the accused to have sexual contact with the accused or another.  "Sexual contact" under state law means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

Under state law, it is also a crime for an accused over thirteen (13) years of age to engage in sexual intercourse with another who is less than eleven (11) years of age.  "Sexual intercourse" under state law means any penetration, however slight, of the vagina or anus, and also means any act of sexual contact between persons involving the sex organs of one person and the mouth of another person, whether such persons are of the same or opposite sex.

Under state law, in order to arrest, prosecute or convict a person of the above listed crimes, it is not necessary that the testimony of the alleged victim be corroborated, or supplemented with additional evidence.

**Authority**:   9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted and modified); Former RCW 9A.44.070(1); Former RCW 9A.44.100(1)(b); RCW 9A.44.010(1) and (2); RCW 9A.44.020(1); *Blacks Law Dictionary* (5th Ed. 1979), p. 311 (definition of "corroborating evidence").

**Plaintiff's Objection:**  Plaintiff submits that Model Civil Jury Instruction 9.20 is sufficient without the language set forth in the final paragraph above.  The final paragraph is vague, confusing and misleading.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 9

In order to prevail on his § 1983 conspiracy claim, plaintiff must prove by a preponderance of the evidence that there was:

1. An agreement between the defendants to deprive the plaintiff of a constitutional right;

2. An overt act in furtherance of the conspiracy; and

3. An actual deprivation of a constitutional right resulting from the agreement.

**Authority**:  *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010).

**Plaintiff's objection**:  Plaintiff's Closing Instruction No. 30 is a more complete statement of law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 10

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s).

In determining the measure of damages, you should consider the following:

> The nature and extent of the injuries;

> The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

> The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

> It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 5.1 and 5.2 (adapted)

**Plaintiff's objection**:  The evidence will undisputedly establish that Plaintiff lost his liberty, thus making Plaintiff's Closing Instruction 31 more accurate and complete.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| CLYDE RAY SPENCER, | ) | |
| PLAINTIFF, | ) | |
| | ) | No.   C11-5424 BHS |
| | ) | |
| V. | ) | |
| | ) | **SPECIAL VERDICT FORM** |
| SHARON KRAUSE AND MICHAEL | ) | |
| DAVIDSON, | ) | |
| DEFENDANTS. | ) | |

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and/or defendant Davidson deliberately fabricated quoted statements in police reports regarding plaintiff, and/or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to prevent it?**

Answer "yes" or "no" after the name of the defendant.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | ____ | ____ |
| **Defendant Davidson** | ____ | ____ |

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2.

**QUESTION 2:  Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts and/or failure to act defendant Krause and/or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to have deliberately fabricated quoted statements.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | ____ | ____ |
| **Defendant Davidson** | ____ | ____ |

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this

verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:  Has the plaintiff proved, by a preponderance of the evidence, that defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff?**

   **ANSWER:   Yes _____        No _____**

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form. If you answered "yes" to Question 3, answer Question 4.

**QUESTION 4:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate quoted statements in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

   **ANSWER:   Yes _____        No _____**

INSTRUCTION: If you answered "yes" to Question 3, or you answered "yes" to Question 3 and Question 4, answer Question 5.

**QUESTION 5:  What do you find to be the plaintiff's total amount of damages?**

   **ANSWER:   $_____**

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE: _____          _____**
                                                             **Presiding Juror**

**Authority**:  WPI 5th Ed. 45.23 (modified)
          9th Cir. Manual of Model Civil Jury Instrs. 12.1A (modified)

**Plaintiff's Objection:**  This verdict form is incomplete and confusing and omits Plaintiff's causes of action.  This Court has ruled that several of Plaintiff's causes of action summary judgment, including but not limited to Plaintiff's § 1983 Malicious Prosecution Claim.  This instruction omits that cause of action and others.  Further, this instruction limits Plaintiff's claim to the "fabricated quoted statements in police reports."  Plaintiff's claim is not so limited as it includes numerous misrepresentations of numerous witness' statements in the police reports.   In addition to misrepresenting what Katie Spencer, Matt Spencer and Matt Hanson reported, Defendants misrepresented the statements of DeAnne Spencer, Shirley Spencer and the results of the polygraph examinations.   The verdict form also is repetitive of prior instructions, such as the preponderance of evidence burden of proof.  The verdict form also sets forth the wrong standard of causation.  Ninth Circuit Model Jury Instruction 9.8 sets forth the proper standard of causation in this case.  The verdict form submitted by Plaintiff sets forth in the causes of action that this Court

has ruled survived Defendants' motions for summary judgment.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION (SUPPLEMENTAL) NO. 6**

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendant Krause's actions and/or defendant Davidson's actions, or failure to act, were so closely related to the deprivation of plaintiff Spencer's rights as to be the moving force that caused the ultimate injury of plaintiff's arrest, prosecution and imprisonment.

**Authority**:    *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); 9th Cir. Manual of Model Civil Jury Instructions 9.8 (adapted).

**Plaintiff's Objection**:  This instruction is an incomplete and inaccurate statement if the law. Plaintiff's fabrication of evidence claim is not limited to the false quotations in the police reports. Defendants fabricated additional evidence.  Further, this instruction omits Plaintiff's additional §1983 causes of action, including but not limited to malicious prosecution.  Plaintiff's Closing Instruction No. 29 is an accurate statement of the law as to Plaintiff's fabrication of evidence claim.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | | | |
|---|---|---|---|
| CLYDE RAY SPENCER, | ) | | |
| PLAINTIFF, | ) | | |
| | ) | No.   C11-5424 BHS | |
| | ) | | |
| V. | ) | | |
| | ) | **SPECIAL VERDICT FORM** | |
| SHARON KRAUSE AND MICHAEL | ) | **(SUPPLEMENTAL)** | |
| DAVIDSON, | ) | | |
| DEFENDANTS. | ) | | |

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and/or defendant Davidson deliberately fabricated quoted statements in police reports regarding plaintiff, and/or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to prevent it?**

Answer "yes" or "no" after the name of the defendant.

| ANSWER: | Yes | No |
|---|---|---|
| Defendant Krause | _____ | _____ |
| Defendant Davidson | _____ | _____ |

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2.

**QUESTION 2:  Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts and/or failure to act defendant Krause and/or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to have deliberately fabricated quoted statements.

| ANSWER: | Yes | No |
|---|---|---|
| Defendant Krause | _____ | _____ |
| Defendant Davidson | _____ | _____ |

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this

verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:  Has the plaintiff proved, by a preponderance of the evidence, that there was no probable cause to arrest, prosecute and imprison plaintiff?**

       **ANSWER:    Yes _____          No _____**

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form. If you answered "yes" to Question 3, answer Question 4.

**QUESTION 4:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause's actions and/or defendant Davidson's actions, or failure to act, were so closely related to the deprivation of plaintiff Spencer's rights as to be the moving force that caused the ultimate injury of plaintiff's arrest, prosecution and imprisonment?**

    Answer "yes" or "no" after the name of the defendant.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | ____ | ____ |
| **Defendant Davidson** | ____ | ____ |

INSTRUCTION: If you answered "no" to Question 4, sign and return this verdict form.  If you answered "yes" to Question 4, answer Question 5.

**QUESTION 5:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate quoted statements in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

       **ANSWER:    Yes _____          No _____**

INSTRUCTION:  If you answered "yes" to Question 4, or answered "yes" to Question 4 and Question 5, answer Question 6.

**QUESTION 6:  What do you find to be the plaintiff's total amount of damages?**

      **ANSWER:   $_____**

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE: _____**      **_____**
                                                        **Presiding Juror**

**Authority**:  WPI 5th Ed. 45.23 (modified)
      9th Cir. Manual of Model Civil Jury Instrs. 12.1A

**Plaintiff's Objection:**  This verdict form is incomplete and confusing and omits Plaintiff's causes of action.  This Court has ruled that several of Plaintiff's causes of action summary judgment, including but not limited to Plaintiff's § 1983 Malicious Prosecution Claim.  This instruction omits that cause of action and others.  Further, this instruction limits Plaintiff's claim to the "fabricated quoted statements in police reports."  Plaintiff's claim is not so limited as it includes numerous misrepresentations of numerous witness' statements in the police reports.  In addition to misrepresenting what Katie Spencer, Matt Spencer and Matt Hanson reported, Defendants misrepresented the statements of DeAnne Spencer, Shirley Spencer and the results of the polygraph examinations.   The verdict form also is repetitive of prior instructions, such as the preponderance of evidence burden of proof.  The verdict form submitted by Plaintiff sets forth in the causes of action that this Court has ruled survived Defendants' motions for summary judgment.