Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, | ) |
|      Plaintiff, | ) No. C11-5424BHS |
| v. | ) **PLAINTIFF'S TRIAL BRIEF** |
| DETECTIVE SHARON KRAUSE, and SERGEANT MICHAEL DAVIDSON, | ) TRIAL DATE: January 7, 2014 |
|      Defendants. | ) |

## I. NATURE OF THE CASE

This is a civil rights lawsuit against Defendants Sharon Krause and Michael Davidson. In 1985, Plaintiff Ray Spencer was charged with and convicted of numerous instances of sexual abuse against his biological children, Kathryn (age 5) and Matt (age 9), and his stepson, Matthew Hansen ("Hansen") (age 4). The Clark County Prosecutor's Office's decision to charge Plaintiff was based on Defendant Sharon Krause's reports reflecting interviews with Kathryn, Matt, and Hansen. Defendant Davidson was Krause's direct supervisor at the Clark County Sherriff's Office. Davidson reviewed Krause's work and actively participated in the investigation.

The evidence in this case will establish that the plaintiff is innocent of the horrible crimes for which he was convicted and for which he was deprived of his liberty for 20 long

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

years. Plaintiff was convicted predominantly on the fabricated police reports of Defendant Sharon Krause. Those police reports attributed false statements and misrepresentations to the plaintiff's children, Kathryn and Matt Spencer. Kathryn and Matt are now in their 30s. They have testified under oath that they were never sexually abused by Plaintiff in any way. Specifically, Kathryn has testified that the statements attributed to her by Shirley Spencer, the former wife of Ray Spencer, are not her words but rather "Shirley's words." Kathryn has specifically denied reporting any abuse to Shirley Spencer. In addition, Kathryn denies having been abused or at least states that she doesn't remember the abuse occurring. Kathryn has also testified that the Krause reports contain quotations that are inconsistent with her level of vocabulary at age 5. Kathryn denies telling Defendant Krause that any abuse occurred and claims that the words in the police reports are Krause's and not hers. Kathryn will testify that the behavior attributed to her in the three interviews of her in the police reports is fabricated.

Matthew Spencer will testify that he was never sexually abused by his father and that the quotes and behavior attributed to him in the police reports are false. Kathryn and Matt have also testified that they never witnessed Ray abuse Hansen, even though Krause's reports allege that Matt and Kathryn were present during, and participants in, the alleged abuse. There has never been any physical evidence suggesting that Plaintiff harmed any of the children in any way. Kathryn and Hansen underwent physical examinations immediately following their alleged disclosures, and both of their examining physicians concluded there was no physical evidence of abuse. The physicians' report of Katie's examination was not disclosed to the prosecutor and Plaintiff until years after Plaintiff's conviction. The Matt Hansen report was never disclosed. If Defendant Krause followed her usual practice and she and Shirley Spencer talked about the results of the exam, Krause would have been aware that a doctor would have produced some record of Hansen's examination, as Krause dealt with child sexual abuse cases

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

regularly. That Krause apparently did not collect the report itself, as it was not in the possession of the Sheriff's Office, but rather Krause just listened to whatever Shirley told her, could lead a reasonable juror to infer that Krause deliberately failed to collect relevant evidence that was common place for detectives to review in child abuse cases.

In reviewing Plaintiff's case since his conviction, numerous courts and a former governor have noted a number of troubling and irregular aspects of his conviction. For example, the Washington Court of Appeals held that it was "uncontested" that Defendant Davidson was having an affair with Plaintiff's then-wife and mother of Matthew Hansen during the investigation; there was no evidence to corroborate the children's alleged statements; Plaintiff was suffering from major depression during the investigation; and the State concealed crucial evidence from Plaintiff. Moreover, in 2009, Defendant Krause "discovered" a videotape in her garage featuring an interview of Kathryn in 1984, wherein she repeatedly denied abuse, did not speak or act in the manner attributed to her in the Krause reports, and revealed an inability to describe or recall any sexual abuse. This videotape was concealed from Plaintiff, and the Elected Prosecutor of Clark County reviewed the tape for the first time in 2009 and immediately disclosed it to Plaintiff. The videotape had been placed in a box and removed from the Sheriff's office by Defendant Krause and kept in her garage for 25 years.

On October 13, 2009, the Washington Court of Appeals entered an order permitting Plaintiff to withdraw his *Alford* plea. The Washington Supreme Court affirmed the Court of Appeals' decision and issued a scathing rebuke of the arrest, prosecution, and imprisonment of Plaintiff. On August 12, 2010, the State moved to dismiss all charges against Plaintiff. The Court granted the State's motion in September 2010, making Plaintiff a free man for the first time in over 25 years.

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Plaintiff's innocence raises the question as to how he was convicted of a crime he did not commit. This lawsuit contends that Defendants Krause and Davidson deliberately, intentionally, and maliciously fabricated evidence against Plaintiff while concealing crucial evidence from the prosecutor and the plaintiff. Defendants caused Plaintiff's arrest and prosecution with malice and without probable cause. This lawsuit further contends that Defendants Krause and Davidson conspired to imprison Plaintiff and carried out a series of overt acts in furtherance of that conspiracy. Defendants Krause and Davidson violated Plaintiff's due process rights secured by the Fourteenth Amendment of the United States Constitution.

## II.  LEGAL CLAIMS

### A.   Prior Rulings

Plaintiff's complaint, filed on June 2, 2011, alleged various state and federal causes of action. (Dkt. 1 at 44-68). This Court dismissed Plaintiff's state-law claims on statute of limitations grounds. (Dkt. 91 at 10-16; Dkt. 93 at 10). This Court subsequently narrowed the scope of the federal causes of action through orders on summary judgment. (Dkts. 174, 179, 180, 182, 186, and 187). Plaintiff's claims against Defendants Krause and Davidson for deliberate fabrication of evidence, malicious prosecution, false arrest/imprisonment, conspiracy, and supervisor liability remain to be litigated at trial. (Dkt. 180 at 27, 30-31, 39; Dkt. 187 at 12-14 and 18-19).

### B.   Causes of Action for Constitutional Deprivations under 42 U.S.C. § 1983

To prevail in an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove by a preponderance of the evidence that (1) the defendants acted under color of law, and (2) the acts of defendants deprived the plaintiff of his particular rights under the United States Constitution. *See* 9th Cir. Model Instruction 9.2; *Jones v. Williams*, 297 F.3d 930, 934 (9th

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Cir.2002).  The first element is not in dispute.  Plaintiff will establish that Defendants deprived him of his constitutional rights by proving the following claims.

### 1. Fabrication of Evidence

"[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001).  To prevail in a deliberate fabrication claim, the plaintiff must prove by a preponderance of the evidence that "Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent."  *Id.* at 1076.  This can be proved by circumstantial evidence.  *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010).  For example, evidence of an investigator's "state of mind regarding the alleged perpetrator's innocence" and evidence that the investigator "deliberately misquoted and misrepresented witness statements" are "circumstantial methods of proving deliberate falsification."  *Id.*  Thus, "[A]n interviewer who deliberately mischaracterizes witness statements in her investigative report [] commits a constitutional violation."  *Id.*

This Court has noted that Defendant Krause's reports contain "many quoted statements that purportedly reflect exactly what [the interviewee] described."  Dkt. 180 at 25-26.  Most significantly, Defendant Krause's reports documenting her interviews of Matt, Kathryn, and Hansen contain quoted statements that describe graphic and detailed sexual acts.  Matt and Kathryn Spencer will testify at trial that they never made these quoted statements to Defendant Krause, and that the quoted statements do not reflect words they would have used or matters they would have had knowledge about. These reports also attribute false behavior to them.  The testimony of Matt and Kathryn will be corroborated by other witnesses who also describe false statements being attributed to them, including Shirley Spencer and Karen Matlin, who are

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

expected to testify that they never made quoted statements attributed to them in Krause's reports, further establishing Krause's deliberate misquotation and misrepresentation.

Plaintiff's deliberate fabrication claim will be further established by evidence of acts indicative of Defendants Krause and Davidson's malicious state of mind regarding Plaintiff's innocence throughout the investigation. The evidence will show, *inter alia*, that Defendants withheld the medical reports showing no signs of physical abuse despite the allegations of severe and repeated abuse; that Defendants fabricated evidence indices to conceal the existence of the medical reports; that Defendants withheld an exculpatory and/or impeaching videotape of Kathryn Spencer; that Defendant Davidson was engaged in an ongoing romantic relationship with Plaintiff's then-wife, Shirley Spencer, while the investigation was in process; that Defendant Krause was aware of the romantic relationship between her supervisor, Defendant Davidson, and Shirley Spencer, but did nothing to report it to her employer or the defense; that Defendants fabricated the results of Plaintiff's polygraph examination; and that Defendants did not reveal any of their wrongdoing despite testifying under oath at various points throughout Plaintiff's incarceration. To the extent Defendant Davidson's actions do not arise to constitutional violations, he is equally liable as Defendant Krause under theories of supervisory liability and conspiracy, both of which are discussed below.

### 2. Malicious Prosecution

To prevail on a §1983 malicious prosecution claim, a plaintiff must establish by a preponderance of the evidence all of the elements of a state law malicious prosecution claim and the deprivation of a constitutionally protected right. *Haupt v. Dillard*, 17 F.3d 285, 290 (9th Cir. 1994); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). To maintain a malicious prosecution action under Washington law, the plaintiff must prove:

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Bender v. City of Seattle*, 664 P.2d 492, 500 (1983) (quoting *Gem Trading Co. v. Cudahy Corp.,* 603 P.2d 828 (1979)). Although all elements must be proven, malice and want of probable cause constitute the gravamen of the cause of action. *Id.* The fifth element, that Plaintiff suffered injury as a result of his prosecution, cannot reasonably be disputed.

### a. Instituted by Defendants

The fact that neither Defendant Krause nor Defendant Davidson personally prosecuted Plaintiff is not a bar to recovery. It is enough for Plaintiff to prove that Defendants Krause and Davidson "knowingly provided misinformation to [the prosecutor], concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067; *see also, e.g., Borunda v. Richmond,* 885 F.2d 1384, 1390 (9th Cir. 1988); *Barlow v. Ground*, 943 F.2d 1132 (9th Cir. 1991); *Smiddy v. Varney,* 803 F.2d 1469, 1471 (9th Cir.1986). Plaintiff expects to establish that Defendants knowingly provided misinformation in the form of fabricated reports, concealed exculpatory evidence—such as the medical reports, the video of the Kathryn interview, and Davidson's relationship with Shirley—and otherwise engaged in wrongful and bad faith conduct.

### b. Lack of Probable Cause

"Probable cause exists where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

is being committed." Dkt. 180 at 31 (quoting *Stoot v. City of Everett*, 582 F.3d 910, 918 (2009)). Additionally, "[b]ecause many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable [people], acting on facts leading sensibly to their conclusions of probability." *Id.* As held by the U.S. Court of Appeals for the Seventh Circuit, "Probable cause may be a loose concept, but it leaves no room for the absurd." *Fox v. Hayes*, 600 F.3d 819, 834 (7th Cir. 2010).

In denying Defendant Krause summary judgment, this Court held,

> Because there are genuine issues of fact regarding whether Krause fabricated evidence in the child victims statements, which was, in large part, what the Prosecutor's Office relied on to find probable cause existed and to charge Mr. Spencer with multiple counts of abuse (Dkt. 168-11 at 11 and 14), the Court cannot grant qualified immunity on the basis that probable cause exists and must deny summary judgment on Krause's claims for false arrest, malicious prosecution and false imprisonment.

Dkt. 180 at 31; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("A police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports."). This Court utilized the same reasoning in denying Defendant Davidson summary judgment on probable cause grounds. Dkt. 187 at 13-14. In light of this Court's holdings and the evidence Plaintiff expects to present at trial, any jury verdict that Defendant Krause lacked probable cause to arrest and prosecute Plaintiff will be fully supported by the record. It is also important to note Defendant Krause has admitted that, as of September 21, 1984, there was no probable cause to arrest Plaintiff.

c. **Malice**

Malice may be inferred from the lack of probable cause, but it is not a necessary deduction. *Bender,* 664 P.2d at 594 (quoting *Peasley v. Puget Sound Tug & Barge Co.*, 125

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

P.2d 681 (Wash. 1942)). The malice requirement in a malicious prosecution action can be met by proving that the defendant caused the prosecution with improper or wrongful motives or in reckless disregard for the rights of the plaintiff. *Id.* "Impropriety of motive may be established in cases of this sort by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing him to be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private advantage as against him." *Id.* The malice element has never been disputed by Defendants. Evidence that Defendants ignored and concealed exculpatory evidence while fabricating inculpatory evidence in an effort to prosecute Plaintiff despite knowledge of his innocence clearly establishes malice. This is further solidified by the fact that the evidence will show Defendant Davidson was having an affair (which Krause knew about) with Plaintiff's wife during the investigation, repeatedly berating Plaintiff while he was incarcerated in the county jail (which Krause also knew about), and working with Krause to forge Plaintiff's name onto documents for the benefit of Plaintiff's then-wife.

### d. Charges Abandoned

The fourth element of a malicious prosecution claim can be established by the State's abandonment of charges. Here, the Court of Appeals ruled that Plaintiff's *Alford* plea was not valid and entered an order permitting him to withdraw the plea. The Washington Supreme Court denied the State's motion for discretionary review. The State subsequently abandoned the charges by moving for and obtaining an order for dismissal. Although Defendants have disputed the prejudicial effect of that order, Washington law clearly states that charges for sex crimes against a victim under the age of 18 may only be prosecuted up to the victim's 30th birthday. RCW 9A.04.080(1)(c). All three children were 30 or over at the time of the dismissal. Therefore, the effect of the order was to dismiss the charges with prejudice.

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Further, that the charges were abandoned is shown by the prosecution's motion to dismiss the charges, wherein the State set forth "the probability of achieving a guilty verdict after trial" as one of the reason for the dismissal. *See*, *Awbdy v. City of Adelanto,* 368 F.3d 1062, 1068 (9th Cir. 2004).

### e.     Deprivation of a Specific Constitutional Right

The Ninth Circuit has held that a § 1983 malicious prosecution claim requires that the defendant acted with "the intent to deprive a person of equal protection of the law or otherwise to subject a person to a denial of constitutional rights. . . ." *Awabdy*, 368 F.3d at 1069 (citing various Ninth Circuit precedent).  Here, Defendants Krause and Davidson caused Plaintiff's arrest in violation of his Fourth Amendment rights, *see infra,* thereby satisfying the final element to his malicious prosecution claim.  *See id.; Lacey v. Maricopa County*, 649 F.3d 1118, 1130-31 (9th Cir. 2011) (denying motion to dismiss because the plaintiffs had "alleged sufficient facts at this stage of the litigation to suggest [the defendant] acted with malice and lacked probable cause, and that the arrests violated [the plaintiffs'] clearly established First and Fourth Amendment rights"); *Castellano v. Fragozo*, 352 F.3d 939, 952 (5th Cir. 2003).

### 3.     False Imprisonment and False Arrest Claims

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause."  *Dubner v. San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).   As stated above, Plaintiff expects to prove at trial that Defendants Krause and Davidson caused Plaintiff's arrest without probable cause. *See Lacey*, 649 F.3d at 1130-31.  Based on Defendants' pretrial statement, it seems that they will contend that Plaintiff's arrests were pursuant to a facially valid warrant and the independent judgment of courts and prosecutors.  However, it is well established that an officer is liable for false arrest where he or she misstates or omits facts material to the probable cause determination,

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 10

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

which is what occurred here (*see supra* B.2.a.). *See Lombardi v. City of El Cajon*, 117 F.3d 1117, 1125-26 (9th Cir. 1997); *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002).

### 4. Conspiracy

"A conspiracy in violation of § 1983 requires proof of: (1) an agreement between the defendants to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) an actual deprivation of constitutional rights resulting from the agreement." Dkt. 180 at 35 (citing *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Gausvik v. Perez*, 239 F. Supp. 2d 1047, 1104 (E.D. Wash. 2002)). The agreement need not be overt, and it can be established through admissible circumstantial evidence showing that each participant shared a common objective. *Id.* (citing *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010)). In denying Defendants Krause and Davidson summary judgment on the conspiracy claim, this Court noted the following evidence:

> (1) that Davidson was Krause's supervisor, and thus he was a person who could potentially impact Krause's career, (2) that there is ambiguity about when Krause knew of Davidson's relationship with Shirley, (3) that Davidson and Shirley were involved at least by June 1985 and moved in together that fall, [and] (4) that there are genuine issues of material fact as to whether Krause fabricated evidence against Mr. Spencer as well as deliberately concealed exculpatory evidence . . . .

Dkt. 180 at 39. Additionally, Plaintiff expects to show, *inter alia*, that Shirley was at the Clark County Sheriff's Office "constantly" during the investigation; that Plaintiff was living apart from Shirley throughout the investigation; that Plaintiff and Shirley formally separated in the middle of January; that Davidson's relationship with his wife had been deteriorating over the previous 10 years to the point that they remained married only out of obligation to their children; that Defendant Davidson would routinely visit Plaintiff in the Clark County jail to berate Plaintiff and advise him that his wife no longer loved him; that Krause and Davidson

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 11

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

worked together to attempt to obtain, and then eventually forge, Plaintiff's name to a quitclaim deed for the benefit of Shirley; that Shirley purchased the home in April 1985 that she and Davidson lived in; that Shirley has testified that her relationship with Davidson lasted 5 years and terminated in 1989, meaning that the relationship began in 1984, prior to Spencer's plea; that Krause and Davidson conspired to frame the plaintiff on the Matt Hansen charges; and that Davidson and Krause together conducted interviews, concealed evidence, and fabricated reports.

### 5. Supervisor Liability

As explained *supra*, Plaintiff expects to present evidence to hold Davidson directly liable for deliberately fabricating evidence, causing Plaintiff's prosecution with malice and without probable cause, and conspiring to imprison Plaintiff.  Even absent that evidence, this Court has determined there is sufficient evidence to hold Davidson liable for Krause's actions under a theory of supervisory liability.

In a section 1983 claim, "a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them."  Dkt. 187 at 8 (citing *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009)). "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Id.*

Davidson has admitted that he was present during at least one of Krause's interviews with Matt Hansen.  Davidson has admitted that he would have reviewed Krause's report of the interview he was present for, as well as the other reports drafted by Krause during the investigation.  Thus, as this Court has explained,

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 12

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

> [D]ue to his presence in Hansen's interview as well as his review of Krause's report, it is possible for a trier of fact to infer that if Krause deliberately fabricated Hansen's allegations of abuse, Davidson would have known. Further, because, as a supervisor, Davidson would have reviewed all Krause's interview reports and after observing fabrication through misquotation or misrepresentation of Hansen's statements, it is also possible to infer he would have either known or should have known that the other reports did or were very likely to contain the same or similar type of fabrications. Such fabrications could reasonably indicate that Mr. Spencer either was, or very likely was, innocent of some or all of the charges filed against him. However, Davidson, and Krause under his supervision, continued the investigation.

Dkt. 187 at 12 (citations omitted). This Court then noted that Davidson's "role with respect to the alleged fabrications" precluded summary judgment on Plaintiff's probable cause based claims because "the investigative reports containing the alleged fabrications were, in large part, what the Prosecutor's Office relied on to find probable cause existed and to charge Mr. Spencer with multiple counts of abuse . . . ."

In addition to the evidence cited by the Court, Plaintiff expects to present evidence that Davidson was present for interviews with additional witnesses, and the Krause reports reflecting those interviews contained significant misquotations and misrepresentations.

### III. DAMAGES

As a direct and proximate result of Defendants' actions in violation of Plaintiff's constitutional rights, Plaintiff was deprived his liberty and incarcerated for 20 years. He was placed under conditional supervision for an additional 3 years, and he had to wait another 2 years to have the charges against him dropped. Plaintiff is entitled to damages for the violations of his constitutional rights and deprivation of his liberty under the Fourth and Fourteenth Amendments. In assessing Plaintiff's damages, the jury may consider:

- · The nature and extent of the injuries;
- · The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 13

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

- The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

9th Circuit Manual of Model Civil Jury Instructions, 5.1 & 5.2.

### V. INTENT TO CALL ADVERSE WITNESSES UNDER FRE 611.

Plaintiff intends on calling Michael Davidson, Sharon Krause, Arthur Curtis, and Shirley Spencer as adverse witnesses. Plaintiff requests that the Court permit leading questions of these adverse witnesses on direct examination. Federal Rule of Evidence 611(c) states,

> c) Leading Questions. Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. **Ordinarily, the court should allow leading questions**:
>
>    (1) on cross-examination; and
>
>    **(2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.**

FRE 611(c) (emphasis added).

Because Michael Davidson and Sharon Krause are the adverse parties in this case, Plaintiff should be allowed to utilize leading questions during direct examination under FRE 611(c)(2).

Mr. Curtis and Ms. Spencer qualify as being "identified with an adverse party." The Ninth Circuit has interpreted this phrase to refer to a witness whose relationship to an opposing party is such that the witness' interests vis-a-vis the litigation proceedings in which the witness' testimony is offered can reasonably be expected, under all the applicable circumstances, to be either identical to those of the adverse party or, at minimum, both closely aligned with those of the adverse party and of comparable significance.

Mr. Curtis was the Elected Prosecutor at the time of Plaintiff's conviction. Mr. Curtis made the charging decisions in this case, oversaw the opposition to Plaintiff's post-conviction

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 14

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

efforts, and was intimately involved throughout the case. Mr. Curtis, Defendant Krause, and Defendant Davidson were all employed by Clark County at the relevant times. Shirley Spencer is Plaintiff's ex-wife. Plaintiff has alleged that Shirley was having an affair with Defendant Davidson throughout the investigation. Shirley has been adverse to Plaintiff's interests, and she has maintained communication with Defendant Davidson, including in between her depositions in the habeas proceedings in 1996.

Therefore, pursuant to FRE 611(c), Plaintiff requests that the Court permit leading questions of Defendant Krause, Defendant Davidson, Arthur Curtis, and Shirley Spencer.

Respectfully submitted,

| | |
|---|---|
| /s/  Kathleen T. Zellner | /s/  Daniel T. Davies |
| Kathleen T. Zellner & Associates, P.C. | Daniel T. Davies, WSBA # 41793 |
| Admitted *pro hac vice* | Local counsel |
| 1901 Butterfield Road | David Wright Tremaine LLP |
| Suite 650 | 1201 Third Avenue, Suite 2200 |
| Downers Grove, Illinois  60515 | Seattle, Washington 98101-3045 |
| Phone:  (630) 955-1212 | Phone: (206) 757-8286 |
| Fax:  (630) 955-1111 | Fax: (206) 757-7286 |
| kathleen.zellner@gmial.com | Email: dandavies@dwt.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 15

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on December 17, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |
|---|---|

 /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S TRIAL BRIEF (C11-5424BHS) — 16

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax