|   |   |
|---|---|
|   | Honorable Judge Benjamin Settle |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, ) | No. C11-5424BHS |
| Plaintiff, ) | |
| v. ) | **PLAINTIFF'S OBJECTIONS TO DECLARATION OF SHARON KRAUSE FOR MOTION IN LIMINE ISSUES RAISED BY THE COURT** |
| DETECTIVE SHARON KRAUSE, and SERGEANT MICHAEL DAVIDSON, ) | |
| Defendants. ) | **TRIAL DATE:** **Tuesday, January 7, 2014** |

## I. INTRODUCTION

Plaintiff has filed a motion in limine seeking to exclude evidence at trial regarding an unsubstantiated rape allegation made by Rhonda Short several years prior to the conduct at issue in this lawsuit. (Dkt. 202, pp. 2-3). During oral argument this Court asked Defendant Krause to submit a declaration addressing, *inter alia*, what follow-up she did with regard to the Rhonda Short allegation. Defense counsel has drafted a declaration, signed by Krause, in an effort to establish the relevance and admissibility of this evidence. (Dkt. 226). Far from establishing its admissibility, the declaration further supports Plaintiff's contention that the evidence is wholly irrelevant or, at best, has only marginal relevance to the issues remaining in

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF SHARON KRAUSE FOR MOTION IN
LIMINE ISSUES RAISED BY THE
COURT (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

this case. Any scintilla of probative value is vastly outweighed by the unfair prejudice to Plaintiff, and any testimony or reference to the rape allegation should therefore be excluded at trial.

## II. ARGUMENT

### A. The evidence is of little or no probative value

Krause explains that she learned of the rape allegation during a phone call with DeAnne Spencer in October of 1984. Apparently, DeAnne told Krause that Rhonda "was approximately 12 years old at the time of the rape, and that Ray had denied anything happened between him and Rhonda." (Dkt. 226, p. 2, ln. 1-2). Krause opines in her declaration that the allegation was "potentially very significant to our investigation, given the similarity of the alleged crimes and the age of the reported victims." (*Id*. at p. 2, ln. 2-4). Krause does not elaborate as to how the alleged crimes were similar. Nor does she account for the discrepancies between Rhonda's and Katie's ages at the time the alleged incidents.[1] Notably, Krause did not contact the Sacramento County Sheriff's Office to ascertain whether Short had filed a complaint with local law enforcement. This is true despite the fact that Krause had ongoing communication with Sacramento Sheriff Detective Flood regarding his interviews of Plaintiff, Shirley, DeAnne, Katie, and Matt Spencer.

Krause continues by stating that she told Dr. Abrams about the reported rape, believing that the allegation may have caused the inconclusive results of Plaintiff's first polygraph exam. (*Id*. at p. 2, ln. 9-10). Per Krause, Dr. Abrams told her and Defendant Davidson after the second polygraph examination that Plaintiff admitted to having consensual sex with Rhonda when she was 19 years of age. (*Id*. at p. 2, ln. 11-14). Though Krause states that she "intended

---

[1] Katie Spencer was 4 and 5 years of age at the time of the alleged abuse involving Plaintiff.

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF SHARON KRAUSE FOR MOTION IN
LIMINE ISSUES RAISED BY THE
COURT (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

to get more information from DeAnne" when she interviewed DeAnne in person, she again failed to contact local law enforcement in Sacramento. And, although Krause ostensibly relied on Rhonda's age in forming her belief of the significance of the allegation to her investigation, she failed to take the simple step of definitively determining Rhonda's actual age.

Krause thereafter spoke with DeAnne Spencer in person and questioned her further regarding the Rhonda Short incident. (*Id*. at p. 2, ln. 21-23). During that interview DeAnne told Krause that Short was 19 at the time of the alleged conduct, not 12 years old as she had previously reported. (*Id*. at p. 3, ln. 5). Oddly, this did not cause Krause to question the reliability of what DeAnne told her regarding the incident. Nor did it cause her to question the relevance of the information to the investigation, given the apparent age differences between Katie Spencer (4-5 years old at the time of the alleged abuse) and Rhonda Short (reported to be 19 years of age at the time of the alleged rape). Instead, Krause opines that DeAnne's description of Rhonda as "emotionally very, very immature" rendered the alleged incident relevant to her investigation, because it suggested to her "a vulnerability of the victim that would make it more likely [Plaintiff] would take similar advantage of another vulnerable victim such as his young daughter."[2] (*Id*. at p. 3, ln. 7-8).

Krause's lack of additional follow-up after speaking with DeAnne belies her trial-motivated explanations of the significance of the Rhonda Short allegation. If, as Krause claims in her declaration, Short's supposed emotional immaturity was significant evidence of Plaintiff's tendency to sexually exploit vulnerable victims, one would reasonably think that Krause would have, at a minimum, personally interviewed Rhonda Short to verify what

---

[2] Krause also suggests that the allegation impacted her assessment of Plaintiff's credibility. *Id*. at p. 3, ln. 8-13. Absent any attempts on the part of Krause to corroborate the information provided by DeAnne Spencer, this claim is disingenuous.

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF SHARON KRAUSE FOR MOTION IN
LIMINE ISSUES RAISED BY THE
COURT (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

DeAnne had told her.  Krause did not do so.  Again, as noted, *supra*, Krause did not contact local law enforcement to determine whether Rhonda had reported the incident to police.  Nor did Krause report the incident to local law enforcement so that it could investigate a potentially very serious crime.  Krause never even verified Rhonda's age, a fact central to the relevance of the incident to the allegations of child abuse involving Katie Spencer.

In an attempt to overcome Krause's obvious lack of reliance on the Short allegation in 1984, she relies on further hearsay from the separate Vancouver PD internal affairs investigation.  Apparently, Krause intends on testifying at this trial that Cpl. Hulse told her that Rhonda Short told him that Plaintiff had raped her.  (*Id*. at p. 4, ln. 6-7).  Krause further intends on testifying that Cpl. Hulse told Krause that one of Rhonda's cousins told him that Rhonda had disclosed to him (the cousin) that Plaintiff had raped Rhonda.[3]  (*Id*. at p. 7-9).

Setting aside the impossibility of Plaintiff being able to conduct any meaningful cross examination of such testimony, this portion of Krause's declaration violates this Court's directive for Krause to offer a declaration as to the follow-up *she* conducted regarding the Short allegation.  Krause did not take part in the interviews conducted by Cpl. Hulse.  Krause did not order Cpl. Hulse to interview Rhonda Short or any of her family members.  Cpl. Hulse's interviews do nothing to change the fact that Krause did nothing to personally verify any of the information she received from DeAnne Spencer.  Nor did what Cpl. Hulse allegedly tell Krause prompt her to take any further action, such as personally interviewing Rhonda Short or any of her family members.  Absent any action on Krause's part to further pursue evidence related to

---

[3] Despite Krause's current position that this information was significant to her investigation, she did not draft a single report reflecting the information she purportedly learned from Cpl. Hulse.

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF SHARON KRAUSE FOR MOTION IN
LIMINE ISSUES RAISED BY THE
COURT (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

the accusation, the notion that the information was "very significant" to her investigation is a non-starter.

In summary, Krause has failed to show how the allegation involving Rhonda Short impacted her investigation. Krause did nothing with regard to the allegation other than question DeAnne Spencer. Krause did not verify the information with Rhonda Short or her family members. Krause did not contact local law enforcement to determine whether the incident had been reported, nor did she report the alleged crime to the Sacramento County Sheriff's Office. Finally, Art Curtis, who made the charging decision, has not once referenced the allegation involving Rhonda Short as adding to probable cause or the charging decision. Thus, the Short allegation has little to no probative value to any of the issues in this case.

### B. The evidence is unfairly prejudicial, and any slight probative value is substantially outweighed by the unfair prejudice

The unfair prejudice of evidence related to an unsubstantiated, hearsay accusation of rape is obvious. The emotionally-charged rape allegation – though uncorroborated, uninvestigated, and unconnected to the underlying criminal charges – is likely to infect the entire trial and irreparably taint Plaintiff in the minds of the jury. While Plaintiff may be able to discredit Krause to the extent she testifies that she relied on the accusation in guiding her subsequent investigation, he will not be able to "unring the bell" once the alleged accusation is made known to the jury. The jury is likely to use the evidence to draw impermissible inferences regarding Plaintiff's character, which in turn will likely improperly influence its verdict.

Moreover, reference to the rape allegation will force Plaintiff to address the accusation, precipitating a "mini trial" and distracting the jury from the issues to be decided. Not only will this needlessly waste time, but it also poses the risk of confusing the jury. *E.g., Tennison v.*

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF SHARON KRAUSE FOR MOTION IN
LIMINE ISSUES RAISED BY THE
COURT (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

*Circus Circus Enterprises, Inc.,* 244 F.3d 684, 689 (9th Cir. 2001) (holding that trial court's preclusion of plaintiff's co-employees allegations of harassment against defendant-employer was proper, where such evidence may have induced a mini trial regarding extraneous allegations and posed a substantial risk of unfair prejudice); *Holland v. City of San Francisco*, 2013 WL 1632661 (N.D. Calif. April 16, 2013) (granting defendant officer's motions to exclude unsustained citizen complaints of prior, unrelated bad acts, noting that a mini-trial would be required to provide sufficient proof for the jury to find that the events described in the complaints happened). For these additional reasons reference to the allegation of rape against Rhonda Short should also be excluded.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests an order barring the defense from eliciting any evidence, referencing, and/or making any argument related to the accusation of rape involving Rhonda Short.

Respectfully submitted,

/s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

 /s/  Daniel T. Davies
Daniel T. Davies, WSBA # 41793
Local counsel
David Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Phone: (206) 757-8286
Fax: (206) 757-7286
Email: dandavies@dwt.com
Attorney for Plaintiffs

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF SHARON KRAUSE FOR MOTION IN
LIMINE ISSUES RAISED BY THE
COURT (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on January 2, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |
|---|---|

    /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S OBJECTIONS TO DECLARATION OF SHARON KRAUSE FOR MOTION IN LIMINE ISSUES RAISED BY THE COURT (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax