# Exhibit A

## PROPOSED LIMITING INSTRUCTION:

## EVIDENCE OF STATUS AS FORMER PARTY

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence will be admitted for a limited purpose, you must consider it only for that limited purpose and for no others.

Any testimony you may hear regarding any witness's former status as a party in this lawsuit when it was filed may be considered only for the limited purpose of determining that witness's credibility, including any potential interest in the outcome of the case or bias. Such testimony or evidence may be considered by you for no other purposes.

Authority:  9th Circuit Manual Model Civil Jury Instructions 1.8 and 1.1 (modified and adapted)

Plaintiff's objection:  This limiting instruction is unnecessary because no reference should be made to the Matthew Spencer's or Kathryn Spencer's status as former plaintiffs. Neither Matthew nor Kathryn have any stake in this litigation by virtue of having been formerly parties. Moreover, the admission of any such evidence would unfairly cause the jury to speculate that there is some kind of financial agreement between Plaintiff and Matthew and Kathryn Spencer which in fact does not exist.

If such evidence is admitted, than the reasons for Matthew and Kathryn's dismissal as parties should also be admitted.

Evidence of Kathryn and Matthew's former status as parties also means that evidence that James Peters status as a former defendant should also be admitted, as well as the reasons for his dismissal based on absolute prosecutorial immunity.

Because, as noted by this Court during the pretrial conference (pretrial conference, pp. 48-49), evidence that these witnesses were formerly parties may confuse and/or mislead the jury, such evidence should not be admitted.

In the event such evidence is admitted, Plaintiff agrees to the submission of the foregoing instruction.

Defendants' response:  Part of the jury's role, as they will be instructed, is to weigh the credibility of witnesses, including any bias or potential interest a witness may have in the outcome of the case. As his heirs, plaintiff's biological children still have a potential interest in advocating for their father being awarded monetary damages. It is certainly not inconceivable that plaintiff may share any potential damage award with them. This limiting instruction avoids references to reasons why they are no longer parties, and thereby avoids the risk of confusing or misleading the jury.