# Exhibit B

**PROPOSED LIMITING INSTRUCTION:**

**EVIDENCE OF ALLEGED INFORMATION
GATHERED BY SHARON KRAUSE**

Some evidence may be admitted for limited purposes only.

When I instruct you that an item of evidence will be admitted for limited purposes, you must consider it only for those limited purposes and for no others.

Any testimony you may hear or exhibits admitted into evidence regarding alleged information gathered by Defendant Krause of Plaintiff's <u>alleged infidelity</u>, Plaintiff's alleged sexual character, and Plaintiff's alleged statements to Linda Lawrence, Phyllis Day and Kathryn Roe may be considered by you only for the limited purposes of determining the credibility of witnesses, and/or the bearing such testimony or evidence has, if any, upon whether Defendants knew or should have known that Plaintiff was innocent. Such testimony or evidence may be considered by you for no other purposes.

You are instructed that, <u>as a matter of law</u>, such testimony or evidence should not be considered by you as evidence that the alleged reported conduct is true.

<u>You are further instructed that, as a matter of law, such testimony or evidence may not be considered by you as evidence of probable cause to arrest and prosecute Plaintiff.</u>

Authority:    9th Circuit Manual Model Civil Jury Instructions 1.8 (modified and adapted); pre-trial conference transcript, pp. 27, 36.

Defendants' objection: Defendants have three objections to this proposed limiting instruction. First, the phrase "Plaintiff's alleged infidelity" on the fifth line should be deleted because the Court expressly denied plaintiff's motions in limine regarding plaintiff's infidelities, as well as statements related to the quality of his marriages with DeAnne Spencer and Shirley Spencer. Accordingly, there is no need for a limiting instruction pertaining to plaintiff's infidelities. Second, the last paragraph (regarding probable cause) should be deleted as misleading. "Probable cause exists when, under <u>all the circumstances</u> known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime." 9th Cir. Model Civil Jury Instrs. 9.20 (emphasis added). This testimony and evidence may be fairly considered by the jury as part of "all the circumstances" supporting probable cause. Third, if either of the last two paragraphs is used, the phrase "as a matter of law" should be deleted because this is a limiting instruction on an evidentiary issue that does not involve a prior ruling by the Court that was decided as a matter of law.

Plaintiff's response: Although this Court is admitting evidence regarding "alleged infidelities" and statements related to the quality of Plaintiff's marriages with DeAnne and Shirley, the

evidence is appropriately limited as it bears on the issues remaining in this case and not as evidence of "bad character." Also, evidence of this type is also appropriately limited to the effect it had upon Defendants' state of mind, and should not be considered as evidence that the reported conduct is true. The final sentence should be included consistent with this Court's comments during the pretrial conference that evidence of this kind does not go to probable cause (p. 36, ln. 20-22).