# Exhibit C

## PROPOSED LIMITING INSTRUCTION:

## EVIDENCE OF CHILDREN'S INTERVIEWS

Some evidence may be admitted for limited purposes only.

When I instruct you that an item of evidence will be admitted for limited purposes, you must consider it only for those limited purposes and for no others.

Any testimony you may hear or exhibits admitted into evidence regarding interviews of children by law enforcement officers may be considered only for the limited purpose of determining the credibility of witnesses, and/or the bearing such testimony or evidence has, if any, upon the parties' state of mind, and upon Plaintiff's claims that Defendants deliberately fabricated evidence, conspired to deliberately fabricate evidence, <u>and maliciously prosecuted him</u>.  Such testimony or evidence may be considered by you for no other purpose.

<u>You are instructed that, as a matter of law, the interview techniques in and of themselves did not violate Plaintiff's constitutional rights.</u>


Authority:  9th Circuit Manual Model Civil Jury Instructions 1.8 (modified and adapted)


Defendants' objections:  Defendants agree to this instruction with one exception.  The phrase "and maliciously prosecuted him" should be deleted for the reasons set forth in Dkt. 211 (Defendants' Trial Brief), at pp. 1-3 and 7-12.

Plaintiff's response:  Plaintiff's malicious prosecution cause of action is still a viable cause of action upon which the jury may consider evidence and award damages.  Thus, the manner in which Defendant Krause conducted the interviews may be considered by the jury as evidence tending to prove that she acted with malice, a necessary element of Plaintiff's malicious prosecution claim.

Plaintiff's objections:  Plaintiff agrees to this instruction with one exception.  The last sentence, "You are instructed that, as a matter of law, the interview techniques in and of themselves did not violate Plaintiff's constitutional rights" is confusing, as Plaintiff is not seeking damages for any interview techniques.  The jury is not receiving an issues instruction pertaining to interview techniques.  Thus, the last sentence is unnecessary.

Defendants' response:  The last sentence should be added because it is consistent with the Court's rulings at Dkt. 180, pp. 21-22; Dkt. 187, p. 11; Transcript of Pretrial Conference, p. 61, line 21 – p. 63, line 1.  Absent this sentence, there is a risk the jury could improperly conclude the interview techniques used violated plaintiff's constitutional rights and/or award damages for the same.