# Exhibit D

**PROPOSED LIMITING INSTRUCTION:**

**EVIDENCE OF DEFENDANT DAVIDSON'S ALLEGED JAIL VISITS**

Some evidence may be admitted for limited purposes only.

When I instruct you that an item of evidence will be admitted for limited purposes, you must consider it only for those limited purposes and for no others.

Any testimony you may hear or exhibits admitted into evidence regarding alleged interactions Defendant Davidson had with Plaintiff while Plaintiff was in jail may be considered only for the limited purpose of determining the credibility of witnesses, and/or the bearing such testimony or evidence has, if any, upon the parties' state of mind, and upon Plaintiff's claims that Defendants deliberately fabricated evidence, conspired to deliberately fabricate evidence, and <u>maliciously prosecuted him</u>.  Such testimony or evidence may be considered by you for no other purpose.

<u>You are instructed that, as a matter of law, Defendant Davidson's alleged interactions with Plaintiff while Plaintiff was in jail did not in and of themselves violate Plaintiff's constitutional rights, or result in unlawful coercion of his guilty plea</u>.


Authority:  9th Circuit Manual Model Civil Jury Instructions 1.8 (modified and adapted)


Defendants' objections:  Defendants agree to this instruction with one exception.  The phrase "and maliciously prosecuted him" should be deleted for the reasons set forth in Dkt. 211 (Defendants' Trial Brief), at pp. 1-3 and 7-12.

Plaintiff's response:  Plaintiff's malicious prosecution cause of action is still a viable cause of action upon which the jury may consider evidence and award damages.  Thus, evidence of Defendant Davidson's alleged jail visits may be considered by the jury as evidence tending to prove that Defendant Davidson acted with malice, a necessary element of Plaintiff's malicious prosecution claim.

Plaintiff's objection:  Plaintiff agrees to this instruction with one exception.  The last sentence, "You are instructed that, as a matter of law, Defendant Davidson's alleged interactions with Plaintiff while Plaintiff was in jail did not in and of themselves violate Plaintiff's constitutional rights, or result in unlawful coercion of his guilty plea" is confusing, as Plaintiff is not seeking damages for Defendant Davidson's alleged jail visits.  The jury is not receiving an issues instruction pertaining to the jail visits.  Thus, the last sentence is unnecessary.

Defendants' response:  The last sentence is consistent with the Court's ruling at Dkt. 91, p. 25 and in the Transcript of the Pretrial Conference, at p. 63, lines 15-25.  The Court's ruling was not confusing.  Absent this sentence, there is a risk the jury could improperly conclude defendant Davidson's alleged jail visits violated plaintiff's constitutional rights and/or award damages for the same.  Plaintiff will be eliciting testimony suggesting these alleged visits were improper and

coercive, as part of plaintiff's explanation for why he pled guilty.  The last sentence is thus necessary to address this testimony and prevent the jury from improperly finding liability based on the alleged visits.