# Exhibit E

## PROPOSED LIMITING INSTRUCTION:

## EVIDENCE OF ALLEGED MEDICAL EXAMINATION AND REPORT

Some evidence may be admitted for limited purposes only.

When I instruct you that an item of evidence will be admitted for limited purposes, you must consider it only for those limited purposes and for no others.

Any testimony you may hear or exhibits admitted into evidence regarding a medical examination of Kathryn Spencer or the existence of a report of such a medical examination may be considered only for the limited purpose of determining the credibility of witnesses, and/or the bearing such testimony or evidence has, if any, upon the parties' state of mind, and upon Plaintiff's claims that Defendants deliberately fabricated evidence, conspired to deliberately fabricate evidence, <u>and maliciously prosecuted him</u>.  Such testimony or evidence may be considered by you for no other purpose.

Authority:  9th Circuit Manual Model Civil Jury Instructions 1.8 (modified and adapted)

Defendants' objections:  Defendants agree to this instruction with one exception.  The phrase "and maliciously prosecuted him" should be deleted for the reasons set forth in Dkt. 211 (Defendants' Trial Brief), at pp. 1-3 and 7-12.

Plaintiff's response:  Plaintiff's malicious prosecution cause of action is still a viable cause of action upon which the jury may consider evidence and award damages.  Thus, Defendant Krause's failure to disclose the medical examination report may be considered by the jury as evidence tending to prove that she acted with malice, a necessary element of Plaintiff's malicious prosecution claim.