- 1 -

# Exhibit A

Honorable Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. PETERS, et al., <br><br> Defendants. | NO.  C11-5424 BHS |

PLAINTIFF'S PROPOSED STATEMENT OF FACTS REGARDING THE GOVERNOR'S CONDITIONAL COMMUTATION OF SENTENCE AND ENSUING POST-CONVICTION JUDICIAL PROCEEDINGS

The parties stipulate and agree to the following statement of facts:

1. On December 23, 2004, former Washington State Governor Gary Locke commuted plaintiff Ray Spencer's prison sentence to community supervision with conditions, allowing Mr. Spencer to be released from prison subject to supervision in the community for the ensuing three years.  This conditional commutation of Mr. Spencer's prison sentence was based on a number of troubling aspects regarding the investigation, including the following:

    a. That Clark County authorities withheld the fact that, despite allegations of severe, repeated sexual abuse of the children, medical reports showed no signs of physical abuse.

    b. That though photographs of the alleged abuse were taken, no such photographs were ever recovered.

    c. That Rebecca Roe, a specialist in child sexual abuse cases, found significant problems with the case, including inconsistencies in the abuse reported.

- 2 -

> d. That one of the lead detectives in investigating plaintiff Ray Spencer's case began having an affair with his wife, Shirley Spencer, during the investigation.
>
> e. That plaintiff Ray Spencer served more time than anyone convicted of the same crime under the Sentencing Reform Act

[Dkt. 63-18]. *See also* pretrial conference transcript, p. 65.

2. Plaintiff Ray Spencer subsequently filed a personal restraint petition with new evidence in the form of declarations by Matthew and Kathryn Spencer, stating that plaintiff never abused them and that they never observed any abuse of plaintiff's step-son, Matthew Hansen. [Dkt. 63-20, pp. 2-3]. *See also In re Spencer,* 152 Wash. App. 698, 715, 218 P.3d 924 (2009)] (at pp. 1-2).

3. On July 10, 2009, a reference hearing was held before Clark County Superior Court Judge Robert A. Lewis, to determine whether Matthew and Kathryn's testimony under direct and cross-examination at the hearing was consistent with the declarations previously filed.

4. On July 13, 2009, Judge Lewis entered findings of fact on the reference hearing that both Matthew and Kathryn Spencer testified consistent with factual statements made in their declarations. [Dkt. 63-22, pp. 3-4]

5. On October 13, 2009, noting Judge Lewis' findings of fact, the Court of Appeals granted Mr. Spencer's petition allowing him to withdraw his *Alford* plea. In granting the petition, the Court of Appeals held that the evidence offered by plaintiff Spencer would probably change the result of trial. The Court further held that numerous irregularities undermined confidence that justice was done, including the following:

> a. The failure to disclose medical reports showing no physical injury or findings of abuse before Mr. Spencer's plea;

    b. The lack of corroborative evidence to support the charges, which were based only on the children's statements;

    c. The pre-plea evaluation of the case by Rebecca Roe, which concluded that the case was legally insufficient to proceed to prosecution;

    d. The fact that Shirley Spencer had an affair with the sergeant in the Clark County Sheriff's Office who directly supervised Sharon Krause, the lead investigator on the case; and,

    e. The fact that the investigation never located any photographs of the abuse.

*In re Spencer,* 152 Wash. App. 698, 715, 218 P.3d 924 (2009) (at pp. 15-17). In granting the petition, the Court of Appeals allowed plaintiff Spencer to withdraw his *Alford* plea.

6. On July 12, 2010, a Commissioner for the Washington State Supreme Court denied the State's petition for discretionary review seeking reversal of the Court of Appeals' ruling. In doing so, the Supreme Court held as follows:

    a. The sudden appearance of the videotaped interview of Kathryn Spencer further undermines the reliability of the prosecution;

    b. The "notion that the State would simply lose track of and forget about a videotape in which a prosecutor interviews a complaining witness is difficult to fathom"; and,

    c. The videotape undercuts the State's theory of the case

[Dkt. 63-24, p. 7]

7. On September 29, 2010, Clark County Superior Court Judge Robert A. Lewis signed an order granting Mr. Spencer's motion to withdraw his guilty pleas and vacated the Judgment and Sentence that was entered by the Clark County Superior Court in May 1985 that ordered Mr. Spencer's imprisonment. [Dkt. 63-25]

8. That same day, September 29, 2010, Clark County Superior Court Judge Robert A. Lewis signed an order granting the Clark County Prosecuting Attorney's office's motion to dismiss the criminal case against Mr. Spencer that had been filed in 1985. [Dkt. 63-26]

Defendants' objections:  Defendants do not object to plaintiff's proposed paragraphs 3, 4, 7 and 8 because those paragraphs are virtually identical to Defendants' proposed paragraphs 4, 7 and 8.  Defendants object to plaintiff's proposed paragraphs 1, 2, 5, and 6.  Defendants object to the itemizations of "troubling aspects regarding the investigation" in paragraphs 1, 5 and 6 for the reasons set forth in defendants' motions in limine, Dkt. 201. pp. 7-10, and because these itemizations directly conflict with the Court's ruling on this motion set forth in the Transcript of Pretrial Conference, pp. 64-65 (*e.g.,* "I agree with the Defendants that the 403 analysis militates against confusing the jury with much of the contents of these documents and statements that were not subject to an adversary process. … And I think that is fine to say in the stipulation that there were recantations and there were other problems associated with the conviction, and without getting into, you know, much more than that."). Defendants are unwilling to stipulate and agree to these itemizations in the above-referenced paragraphs.  If this material were to come in at all, then all of the other court rulings over the years that reached contrary results and rejected most of plaintiff's claims should be admitted or offered as an agreed statement of facts.  Defendants object to paragraph 2 because it mischaracterizes the contents of the declarations of Matthew and Kathryn Spencer, especially Kathryn Spencer's declaration.  Defendants believe their proposed statement of agreed facts comports with the 401/403 balance referenced in the Court's pre-trial ruling.

Plaintiff's response:  Plaintiff's proposed statement does comport with the Court's ruling in the Pretrial Conference, p. 65 ("And the stipulation of facts needs to say more than that these proceedings occurred and the outcome.  They should be limited to the facts of the recantations and other – and other reasons that warranted clemency…. And, so I'm concerned about having the whole content there.  But, on the other hand, I want the Plaintiff to be able to tell his story and how all this played out, and that he did get the commutation."). The wording of Plaintiff's proposed statement does not attribute the basis of the commutation to Governor Locke specifically, so as to avoid the potential confusion expressed by the Court.  Transcript of Pretrial Conference, p. 65.  At the same time, Plaintiff's proposed statement does not mislead the jury by completely omitting the relevant "irregularities" that the governor and the appellate courts held justified the withdrawal of Plaintiff's plea, as does Defendants' proposed statement.  And while these prior proceedings were not "adversarial" in the sense that Defendants Davidson and Krause were not named parties, the Clark County prosecutor and the Attorney General of Washington strongly opposed Plaintiff's attempts for commutation and post-conviction relief.  It would be unfairly prejudicial to Plaintiff to permit Defendants to introduce Plaintiff's change of plea hearing, without fully revealing to the jury the reasons why Plaintiff was later allowed to withdraw his plea.