- 1 -

# Exhibit B

Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. PETERS, et al., <br><br> Defendants. | NO.  C11-5424 BHS |

### DEFENDANTS' PROPOSED STATEMENT OF FACTS REGARDING THE GOVERNOR'S CONDITIONAL COMMUTATION OF SENTENCE AND ENSUING POST-CONVICTION JUDICIAL PROCEEDINGS

The parties stipulate and agree to the following statement of facts:

1. On December 23, 2004, former Washington State Governor Gary Locke commuted plaintiff Ray Spencer's prison sentence to community supervision with conditions, allowing Mr. Spencer to be released from prison subject to supervision in the community for the ensuing three years.  This conditional commutation of Mr. Spencer's prison sentence was based on perceived problems with Mr. Spencer's conviction and the length of his prison sentence.  [Dkt. 63-18]

2. After Mr. Spencer was released from prison, his adult child Matthew Spencer signed a sworn declaration dated February 27, 2006 recanting allegations that, as a child, he had been sexually abused by his father, Ray Spencer, and denying that his father molested either his sister, Kathryn Spencer, or step-brother, Matthew Hansen, in his presence.  On September 14, 2007, Kathryn Spencer (Tetz) signed a sworn declaration indicating that she could not recall any instances of childhood sexual abuse by her father, Ray Spencer, against her, or her brother or step-brother, and that she believed she would recall

instances of sexual abuse against her, of the type described in police reports concerning this investigation, if that abuse had actually occurred. [Dkt. 63-22, pp. 3-4]

3. On April 7, 2009, the Washington Court of Appeals ordered that a reference hearing should be conducted for the sole purpose of determining whether Matthew Spencer and Kathryn Spencer would adhere to the facts stated in their sworn statements recanting the alleged sexual assaults while under oath in open court and subject to cross examination. If Matthew Spencer and Kathryn Spencer did so, the Court stated that it would allow Mr. Spencer to withdraw his prior *Alford* plea to charges that he sexually assaulted Matthew Spencer, Kathryn Spencer and Matthew Hansen. [Dkt. 63-20, p. 15; Dkt. 63-21, pp. 2-3]

4. On July 10, 2009, a reference hearing occurred before Clark County Superior Court Judge Robert A. Lewis. After Matthew Spencer and Kathryn Spencer testified at the reference hearing and were subject to cross examination, Judge Lewis concluded by written order dated July 13, 2009 that both of them had adhered to the facts stated in their respective sworn statements recanting the alleged sexual assaults. [Dkt. 63-22, pp. 3-4]

5. On October 13, 2009, after receiving Judge Lewis' written order and noting perceived problems with Mr. Spencer's conviction, the Court of Appeals granted Mr. Spencer's petition allowing him to withdraw his *Alford* plea. [*In re Spencer,* 152 Wash. App. 698, 715, 218 P.3d 924 (2009)]

6. On July 12, 2010, a Commissioner for the Washington State Supreme Court denied the State's petition for discretionary review seeking reversal of the Court of Appeals' ruling allowing Mr. Spencer to withdraw his *Alford* plea. [Dkt. 63-24]

7. On September 29, 2010, Clark County Superior Court Judge Robert A. Lewis signed an order granting Mr. Spencer's motion to withdraw his guilty pleas and vacated the Judgment and Sentence that was entered by the Clark County Superior Court in May 1985 that ordered Mr. Spencer's imprisonment. [Dkt. 63-25]

8. That same day, September 29, 2010, Clark County Superior Court Judge Robert A. Lewis signed an order granting the Clark County Prosecuting Attorney's office's motion to dismiss the criminal case against Mr. Spencer that had been filed in 1985. [Dkt. 63-26]

Plaintiff's objections: Plaintiff objects to the statement of facts set forth by Defendants. Plaintiff should be permitted to explain to the jury the reasons why Plaintiff was granted a commutation, and why he was allowed to withdraw his plea. (*See* pretrial conference transcript, p. 65). With an *Alford* plea, "a manifest injustice exists if the new evidence, when viewed in light of the entire record, changes the factual basis of the plea." *State v. Dixon*, 38 Wash. App. 74, 77 (1984) (emphasis added). Part and parcel of the appellate court's ruling was its determination that several irregularities in the case undermined confidence that justice was done. *In re Spencer,* 152 Wash. App. 698, 715, 218 P.3d 924 (2009) (at pp. 15-17). Absent a summary description of this other evidence from the record, the jury will be left with the misleading impression that relief was granted based solely on Matthew and Kathryn Spencer's statements that they were not abused. Particularly in light of Defendants being able to offer Plaintiff's statements at the change of plea hearing into evidence, Plaintiff should be permitted to show why the result of that proceeding has been invalidated.

Plaintiff further objects to Defendants' characterizations of the appellate courts' holdings as "perceived problems." The Court of Appeals and the Supreme Court of Washington made specific findings which are not "perceptions." These findings served as the basis for their decisions.

Plaintiff also objects to Defendants' characterizations of the declarations signed by Kathryn and Matthew Spencer. ¶2. The appellate court viewed both declarations simply as statements by Matthew and Kathryn that they had not been abused. [Dkt. 63-20, pp. 2-3]; *In re Spencer,* 152 Wash. App. 698, 715, 218 P.3d 924 (2009) (at pp. 1-2). Plaintiff's proposed statement more accurately reflects the commutation and post-commutation proceedings. Defendants will be able to cross-examine Matthew and Kathryn with the actual declarations at trial.

Defendants' response: Defendants' Proposed Agreed Statement of Facts comports squarely with this Court's Motion in Limine ruling on this subject, and strikes the proper FRE 403 balance. Transcript of Pretrial Conference (Dkt. 235), p. 64, ln. 19 – p. 65, ln. 25. Defendants have avoided confusing the jury with much of the content of the Commutation and subsequent court rulings, but have included the facts of the recantations and reference to perceived problems with the conviction. These were in fact only "perceived problems," as there was no opportunity afforded to contest them in an adversary process. Saying anything further about the problems increases the risk that, because the problems were noted by the Governor and subsequent courts, they would carry extraordinary weight in the minds of the jury and would unfairly prejudice defendants, who are only now being afforded an opportunity to contest the "perceived problems." These cannot be fairly characterized as "findings" by either the Governor or the subsequent courts. Doing so would be misleading and increase the unfair prejudice to defendants.