# Exhibit A

**PLAINTIFF'S DISPUTED PRELIMINARY INSTRUCTION NO. 1**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.  The Plaintiff claims that:

1. Defendants violated his constitutional right to due process by deliberately fabricating evidence and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which they were investigating him.

2. Defendants violated his constitutional right to due process by conspiring with one another to deliberately fabricate evidence and continue their investigation against Plaintiff when they knew or should have known that Ray Spencer was innocent of any and all crimes for which they were investigating him.

Plaintiff has the burden of proving these claims.  Defendants deny these claims.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 1.2 (adapted)

**Defendants' Objection:**  Defendants would agree with this instruction if plaintiffs would add the word "deliberately" before the word "fabricating" on the first line of the first paragraph, and before the word "fabricate" on the second line of the second paragraph.  If this change is made, plaintiff's disputed preliminary instruction No. 1 would be substantively identical to defendants' disputed preliminary instruction No. 1.  Omission of the word "deliberately" is a misleading and inaccurate statement of applicable law, including the *Devereaux* case, because it omits the *mens rea* element necessary to prove a <u>deliberate</u> fabrication claim, and could allow the jury to find liability based on mere negligence, which is a culpability standard categorically beneath the threshold for finding liability under 42 U.S.C. § 1983.  *See, e.g., County of Sacramento v. Lewis,* 523 U.S. 833, 848-49 (1998).

**PLAINTIFF'S DISPUTED PRELIMINARY INSTRUCTION NO. 2**

This is a civil case and the plaintiff has the burden of proof on his claims. It is also important for you to consider that in the criminal context a defendant is innocent until proven guilty. This means that when the court vacated the conviction and sentence of Mr. Spencer this presumption of innocence returned and the burden was on the government to prove him guilty beyond a reasonable doubt. Without such proof, Mr. Spencer is presumed innocent under the law.

**Authority**: *See e.g.*, 9th Cir. MCJI 1.2 (presumption of innocence); *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir. 2004), *overruled on other grounds*, *Byrd v. Lewis*, 566 F.3d 855 (9th Cir. 2009) (citation omitted). "Any jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence." *Id*. The words "unless and until" adequately inform the jury of the presumption of innocence. *United States v. Lopez*, 500 F.3d 840, 847 (9th Cir. 2007); *United States v. Witt*, 648 F.2d 608, 610 (9th Cir. 1981); *Taylor v. Kennedy*, 436 U.S. 478 (1978).

**Defendants' Objection:** Defendants object on the grounds that this criminal case instruction is irrelevant to the issues to be determined in this civil case. Whether a prosecutor can prove beyond a reasonable doubt that plaintiff is in fact guilty of the crimes charged is not at issue, and so the criminal case "presumption of innocence" is not relevant. This instruction also would confuse and mislead the jury on the issues to be decided, and is unnecessary due to the Court's limiting instruction concerning the issues the jury is to decide. For instance, the Court has already given a limiting instruction, agreed to by all parties, in which the jury has been instructed in part that "[o]ne issue that is not before you to be directly decided in this case is whether Plaintiff Ray Spencer sexually abused any child." The jury also has received an agreed statement of facts explaining the court proceedings that followed the Governor's conditional commutation of Mr. Spencer's prison sentence. The proposed instruction that the government had to prove him guilty beyond a reasonable doubt had they decided to re-prosecute plaintiff is unnecessary and misleading given there is no dispute the government elected not to re-prosecute him due to the fact that the prison time he had already served exceeded the maximum sentence he could receive if re-tried and sentenced under the Sentencing Reform Act (recognizing his original sentence was rendered before the Sentencing Reform Act became effective).