# Exhibit B

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 1**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were  made from the witness stand.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 2.10

**Defendants' Objection**:  No interrogatory answers were identified in any party's pretrial statement, rendering this instruction unnecessary.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 2**

The believability of a witness may be challenged by evidence that on some former occasion he or she made a statement that was not consistent with his or her testimony in this case.  Evidence of this kind ordinarily may be considered by you only for the limited purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom.

However, you may consider a witness's earlier inconsistent statement as evidence without this limitation when the statement was made under oath at the prior proceeding.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 2.8 (adapted) (*Pope v. Savings Bank of Puget Sound,* 850 F.2d 1345 (9th Cir. 1988)).

**Defendants Objection**:  Defendants object on the grounds that the instruction is not just an adapted Model Civil Instruction (MCI) 2.8; it is substantially modified.  It is also confusing.  The issues it appears to potentially address will be better addressed by a limited purpose instruction during trial as appropriate, and if necessary an adapted, but not modified, closing MCI 2.8.  Defendants' proposed Closing Instruction No. 1 is offered due to prior sworn inconsistent testimony of Matthew Spencer, as well as possibly other plaintiff witnesses, and is a proper statement of the law.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 3**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and no other purpose.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 2.8

**Defendants' Objection**:   Defendants object on the grounds that no criminal convictions admissible under FRE 609 have been identified in pretrial statements, so the instruction is unnecessary.  *See also* Defendants' Joint Motions in Limine, pp. 22-23.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 4

In order to prevail on his § 1983 claims against Defendant Sharon Krause, Plaintiff Ray Spencer must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Sharon Krause acted under color of law; and

2.      The acts of Defendant Sharon Krause deprived Plaintiff Ray Spencer of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that both Defendants acted under color of law.

If you find Plaintiff Ray Spencer has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction __ (1983 Claim of Fabrication of Evidence) and/or Instruction __ (1983 Claim of Conspiracy) your verdict should be for the Plaintiff as to each claim he has proved.  If, on the other hand, you find Plaintiff Ray Spencer has failed to prove any one or more of these elements as to either or both claims, your verdict should be for Defendant Sharon Krause as to any claim he has not proved.


**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)

**Defendants' Objection**:  Defendants would agree to this instruction if one modification is made to make it clearer:  on the second to last line the phrase "elements of a claim" should be modified to state "elements as to either or both claims."  With that modification, this would be an agreed instruction.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 5

In order to prevail on his § 1983 claims against Defendant Michael Davidson, in his non-supervisory capacity, Plaintiff Ray Spencer must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Michael Davidson acted under color of law; and

2.      The acts of Defendant Michael Davidson deprived Plaintiff Ray Spencer of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that both Defendants acted under color of law.

If you find Plaintiff Ray Spencer has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction __ (1983 Claim of Fabrication of Evidence) and/or Instruction  __ (1983 Claim of Conspiracy) your verdict should be for the Plaintiff as to each claim he has proved.  If, on the other hand, you find Plaintiff Ray Spencer has failed to prove any one or more of these elements as to either or both claims, your verdict should be for Defendant Michael Davidson as to any claim Plaintiff has not proved.


**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)


**Defendants' Objection**:  Defendants would agree to this instruction if the typographical error on the second line of the last paragraph is corrected (*i.e.,* add the word "under" to state "prove <u>under</u> Instruction __"), and one other modification is made to make the instruction clearer:  *i.e.,* on the second to last line the phrase "elements of a claim" should be modified to state "elements as to either or both claims."  With those two modifications, this would be an agreed instruction.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 6

In order to prevail on his § 1983 claims against Defendant Michael Davidson in his supervisory capacity, Plaintiff Ray Spencer must prove each of the following elements by a preponderance of the evidence:

1.  Defendant Michael Davidson acted under color of law; and

2.  The acts of the Defendant's subordinate Sharon Krause deprived Plaintiff Ray Spencer of his particular rights under the United States Constitution as explained in later instructions; and

3.  Defendant Michael Davidson knew, or reasonably should have known, that his subordinate was engaging in these acts and that her conduct would deprive the Plaintiff Ray Spencer of these rights; and

4.  Defendant Michael Davidson failed to act to prevent his subordinate from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that both Defendants acted under color of law.

If you find Plaintiff Ray Spencer has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction __ (1983 Claim of Fabrication of Evidence) and/or Instruction __ (1983 Claim of Conspiracy) your verdict should be for the Plaintiff as to each claim he has proved.  If, on the other hand, you find Plaintiff Ray Spencer has failed to prove any one or more of these elements of a claim, your verdict should be for Defendant Michael Davidson as to any claim he has not proved.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.3 (adapted)

**Defendants' Objection**: Defendants would agree to this instruction if one modification is made. The phrase in the last paragraph stating "and/or Instruction __ (1983 Claim of Conspiracy)" should be deleted because defendant Davidson can not be liable as a "supervisor" for the alleged conspiracy; he is either directly liable in his individual capacity for allegedly conspiring with defendant Krause, or he is not liable at all for conspiracy.  With this modification, this would be an agreed instruction.  Defendants' Disputed Closing Instruction No. 4 properly sets forth the elements of plaintiff's § 1983 claim against defendant Davidson in his supervisory capacity.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 7

In order to establish that the acts and/or failure to act of Defendant Sharon Krause and/or Defendant Michael Davidson deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts and/or failure to act were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be considered a moving force that caused the ultimate injury.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.8 (adapted)
*Jones v. Williams,* 297 F.3d 930, 937 n.7 (9th Cir. 2002)

**Defendants' Objection**:  Defendants object to this instruction on the grounds that it incorporates the wrong proximate cause standard for the fabrication of evidence claims against the individually named defendants in this case, and it goes beyond "adapting" MCI 9.8 by addition of the last paragraph, which is argumentative, confusing and misleading.  *Hervey v. Estes,*  65 F.3d 784, 788-90 (9th Cir. 1995), provides the proper "but for" standard of proximate cause in a deliberate fabrication of evidence case where probable cause determinations were made by prosecutors and/or courts, who partially relied upon an investigating officer's factual representations, by requiring a determination of whether probable cause existed without consideration of the fabricated evidence.  Defendants' Closing Instruction Nos. 6 and 7 properly address proximate cause in this case.  If Defendants' Closing Instruction No. 6 is rejected by the Court, Defendants Closing Instruction (Supplemental) No. 6 would properly instruct the jury on the deliberate fabrication of evidence claim using the MCI 9.8 "moving force" language.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 8

It is firmly established that there is a constitutional right not to be deprived of liberty on the basis of false evidence deliberately fabricated by a detective.

**Authority**:    *Zahrey v. Coffey,* 221 F.3d 342, 355 (2d Cir. 2000)

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it goes beyond the MCI instructions, and is argumentative, since it implies a heightened protection of liberty by inclusion of the phrase "firmly established."  Also, this instruction is misleading because it omits the *mens rea* or culpability standard of <u>deliberate</u> or intentional misconduct.  If this instruction were to be used over defendants' objections, then, at a minimum, the word "deliberately" should precede the word "fabricated" on the last line.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 9

In order to prevail on his § 1983 claim alleging Defendants deliberately fabricated evidence (which includes preparing false police reports) Plaintiff must prove by a preponderance of the evidence that:

(1)     Defendants deliberately fabricated evidence on which the prosecution based the criminal charges against Plaintiff; and

(2)     Defendants continued their investigation of Plaintiff despite the fact they knew or should have known that he was innocent.

**Authority**:     *Devereaux v. Abbey*, 263 F.3d 1070 (2001).

**Defendants' Objection**:  Defendants object to this instruction on the grounds that it is incomplete, since it does not include the required element of causation, and in paragraph two, after the word "innocent" omits the necessary language:  "of any and all crimes for which he was being investigated."  Defendants Closing Instruction No. 6 (Modified), or Defendants' Closing Instruction (Supplemental -Modified) No. 6, properly instruct the jury on the elements of the deliberate fabrication of evidence claim advanced in this case, by including the causation element as well as the "any and all crimes" language.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 10**

In order to prevail on his § 1983 claim alleging deliberate fabrication of evidence, Plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted)

**Defendants' Objection**:   Defendants object to this instruction on the grounds that it is misleading and factually unsupported, since there will be no evidence that defendants ever arrested plaintiff without a warrant.  Defendants were only involved in plaintiff's February 1985 arrest after a Judge determined there was probable cause to arrest and issued an arrest warrant.  Also, this instruction omits the culpability requirement that defendants allegedly deliberately fabricated evidence - - *i.e.,* on the first line the word "deliberate" must be inserted before the word "fabrication."   Defendants' Disputed Closing Instruction No. 6 (modified) or No. 6 (supplemental – modified) properly incorporates the probable cause element as part of the elements of a deliberate fabrication claim, without setting it out as a separate element outside of the element instruction.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 11

"Probable Cause" exists when, under all of the circumstances known to the officer(s) at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under state law, it is a crime for an accused to knowingly cause another less than fourteen (14) years of age and not the spouse of the accused to have sexual contact with the accused or another.  "Sexual contact" under state law means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

Under state law, it is also a crime for an accused over thirteen (13) years of age to engage in sexual intercourse with another who is less than eleven (11) years of age.  "Sexual intercourse" under state law means any penetration, however slight, of the vagina or anus, and also means any act of sexual contact between persons involving the sex organs of one person and the mouth of another person, whether such persons are of the same or opposite sex.

**Authority**:      9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted)

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it is incomplete, since it fails to include reference to the pivotal state law (RCW 9A.44.020(1)) that expressly states there was and is no requirement that the testimony of a child sexual assault victim must be corroborated in order to arrest, charge or convict.  Defendants' Closing Instruction No. 8 properly instructs the jury on probable cause, with the relevant crimes defined, and the necessary reference to RCW 9A.44.020(1).

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 12

Facts and circumstances within an officer's knowledge that would lead a reasonable person to conclude that a suspect has not committed a crime and which tend to negate probable cause, or which would tend to sway the probable cause calculus in favor of a suspect must be considered in determining whether probable cause existed.

**Authority**: *Sornberger v. City of Knoxville, Illinois,* 434 F.3d 1006 (7th Cir. 2006) *Sutkiewicz v. Monroe County Sheriff, 110 F.3d 352, 358* (6th Cir. 1997).

**Defendants' Objection**: Defendants object to this negative instruction on the grounds that it goes beyond the neutral MCI 9.20 language, and is argumentative since it improperly isolates and puts undue emphasis on facts "negating" probable cause.

## PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 13

Plaintiff claims that Defendants engaged in a conspiracy to deliberately fabricate evidence against Plaintiff.  A conspiracy in violation of Sec. 1983 requires proof of:

(1)     an agreement or meeting of the minds between Defendants to deprive Plaintiff of a constitutional right;

(2)     an overt act in furtherance of the conspiracy;

(3)     an actual deprivation of constitutional rights resulting from the agreement.

The agreement or meeting of the minds need not be overt but can be based upon circumstantial evidence.  A conspiracy is seldom able to be proved by direct evidence.  Rather, the existence of a conspiracy may be inferred from a series of events.

The law does not demand proof that each conspirator knew the exact limits of the illegal plan, or the identity of all the participants in it.  It does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences.  It is not necessary for Plaintiff to prove that Defendants came together, and, in so many words, agreed upon the matter.  If it is proved that Defendants pursued the same object, one performing one part and another performing another part, you will be justified in concluding that they are engaged in conspiracy to effect that object.

Each conspirator is responsible for everything done by co-conspirators which follow from the execution of the common design as one of its probable and natural consequences, even though it was not intended as part of the original design.

**Authority**:  *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010)*;  Gaisvik v. Perez,* 239 F.Supp.2d 1047, 1104 (E.D. Wash. 2002)*;  Crowe v. County of San Diego,* 608 F.3d 406, 440 (9th Cir. 2010)*; Spencer v. Peters, et. al.,* C11-5424 BHS

**Defendants' Objection**: Defendants object to the instruction on the grounds that it is argumentative, because it includes language in addition to the elements of a conspiracy claim, all of which is improperly suggestive of ways of finding liability on the conspiracy claim.  Some of the language is also redundant of other instructions, such as reference to the use of circumstantial evidence, which is already addressed pursuant to an agreed MCI 1.9 instruction.  Defendants' Closing Instruction No. 9 properly instructs the jury on the elements of a conspiracy claim, in a neutral manner which does not instruct the jury in the negative, citing *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010) in support.    Defendants' Closing Instruction No. 9 also does not improperly instruct the jury in the negative as plaintiff proposes in this instruction.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 14**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants.

In determining the measure of damages, you should consider the following:

The nature and extent of the injuries;

The loss of liberty and the enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 5.1 and 5.2 (adapted)

**Defendants' Objection**: Defendants object to this instruction on the grounds that it goes beyond the proper elements of damages language in MCI 5.2 by adding "loss of liberty" to the "loss of enjoyment of life," creating potential for duplicative damages. Defendants' Closing Instruction No. 10 properly instructs the jury on damages using the appropriately adapted MCI 5.1 and 5.2 language.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 15**

You must not speculate about whether any party has insurance or other coverage available. Whether a party does or does not have insurance has no bearing on any issue that you must decide. You are not to make, decline to make, increase, or decrease any award because you believe that a party does or does not have medical insurance, workers' compensation, liability insurance, or some other form of coverage.

**Authority**: Washington Pattern Jury Instr. Civil 2.13

**Defendants' Objection**:  Defendants object to the instruction on the grounds that it goes beyond the MCI damage instructions, and relies upon a Washington Pattern Jury Instruction which defendants believe would improperly draw attention to the issue of potential insurance.  The jury will already be instructed to follow all instructions given, and, consistent with the MCIs, none will reference consideration of insurance.  Defendants believe this is a better approach than specifically raising the issue of possible insurance and/or collateral sources and then instructing the jury in the negative, to not consider it.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 16**

The law has not furnished us with any fixed standards by which to measure noneconomic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

If you award the Plaintiff compensation for future noneconomic damages of loss of liberty, loss of the enjoyment of life and mental, physical, emotional pain and suffering, you should consider how long the Plaintiff may experience such losses in the future, and to do that you may need to consider his current life expectancy.

**Authority**: Washington Pattern Jury Instr. Civil 30.01.06 (first paragraph); Washington Pattern Jury Instr. Civil 30.01.01 (second paragraph)

**Defendants' Objection**:   Defendants object to the instruction on the grounds that it unnecessarily goes beyond the MCI damage instructions, and it includes a "loss of liberty" element not authorized by MCI 5.2.   Also, this instruction erroneously assumes that noneconomic damages are to be reduced to present value based upon average life expectancy, improperly suggests use of an improper per diem calculation, and improperly suggests that noneconomic damages can be calculated by use of a formula.   Defendants' Closing Instruction No. 10 properly instructs the jury on damages using the appropriately adapted MCI 5.1 and 5.2 language.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 17**

Ray Spencer is currently 66 years old. According to mortality tables, the average life expectancy of a 66-year-old man is 17.3 years.

The mortality tables are not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

**Authority**: Washington Pattern Jury Instr. Civil 34.04; United States Department of Health and Human Services, National Vital Statistics Reports, United States Life Tables (9/24/12)

**Defendants' Objection**:  *See* defendants' objections to Plaintiffs' Disputed Closing Instruction No. 16.

**PLAINTIFF'S DISPUTED CLOSING INSTRUCTION NO. 18**

If you award damages to Plaintiff on more than one claim, your award should include compensation for all damages proximately caused by the conduct of each Defendant you have found accountable on that claim, even though you may have awarded compensation for the same damages on a different claim.  If necessary, the Court will make adjustments to the verdict necessary to prevent double recovery.

**Authority**:  *Caudle v. Bristow Optical Co., Inc.,* 224 F.3d 1014, 1023 (9th Cir. 2000); *U.S. Industries, Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1259-60 (10th Cir. 1988) (court has discretion to reduce award to prevent duplication)

**Defendants' Objection**:  Defendants object to the instruction on the ground that it goes beyond the MCI damage instructions, and deliberately invites an improper duplicative damage award. Defendants' proposed instructions and Special Verdict Form do not create potential for an improper award of duplicative damages.