# Exhibit B

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 1**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:**  Manual of Model Jury Instructions for the Ninth Circuit 2.8 (adapted)

**Plaintiff's objection:**  Plaintiff submits that a prior inconsistent statement under oath may be used substantively.  *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345 (9th Cir. 1988). Plaintiff's Closing Instruction No. 15 is a more accurate and complete statement of the law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 2

In order to prevail on his § 1983 claim against defendant Sharon Krause, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction *6 (claim of deliberate fabrication of evidence) and/or Instruction 9 (claim of conspiracy to deliberately fabricate evidence)*, your verdict should be for the plaintiff as to each claim he has proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to either or both claims, your verdict should be for defendant Krause as to each claim plaintiff has failed to prove.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)

**Plaintiff's Objection**:   Plaintiff's Proposed Closing Instruction Number 4 accurately sets forth the applicable law and Plaintiff has made the modification suggested by Defendant, so Plaintiff believes Defendant will have no objection to Plaintiff's Proposed Closing Instruction Number 4, making this instruction unnecessary.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 3

In order to prevail on his § 1983 claim against defendant Michael Davidson in his individual capacity, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction *6 (claim of deliberate fabrication of evidence) and/or Instruction 9 (claim of conspiracy to deliberately fabricate evidence)*, your verdict should be for the plaintiff as to each claim he has proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to either or both claims, your verdict should be for defendant Davidson in his individual capacity as to each claim plaintiff has failed to prove.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted).

**Plaintiff's Objection**:  Plaintiff's Proposed Closing Instruction Number 5 accurately sets forth the applicable law and Plaintiff has made the modification suggested by Defendant, so Plaintiff believes Defendant will have no objection to Plaintiff's Proposed Closing Instruction Number 5, making this instruction unnecessary.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 4

In order to prevail on his § 1983 claim against defendant Michael Davidson in his supervisory capacity, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law;

2. the acts of defendant Davidson's subordinate, Sharon Krause, deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions; and

3. (a) defendant Davidson knew, or reasonably should have known, that his subordinate was engaging in these acts and that their conduct would deprive the plaintiff of these rights; and

   (b) defendant Davidson failed to act to prevent his subordinate from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 6 (claim of deliberate fabrication of evidence), your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Davidson in his supervisory capacity.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.3 (adapted)

**Plaintiff's Objection**:  Plaintiff's Closing Instruction 6 is a complete statement of the law.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 5**

In determining whether or not a defendant violated plaintiff's constitutional rights, you are instructed that this issue is to be determined by the facts and circumstances as they appeared at the time of the defendant's acts or omissions, and not by what the facts and circumstances may appear to have been after the time of the acts or omissions.  In other words, in determining whether or not a defendant violated plaintiff's constitutional rights, the defendant is entitled to have his or her conduct judged by what a reasonable person would have known or should have known under the facts and circumstances then confronted, without the benefit of hindsight.

**Authority**: *Costanich v. Dept. of Soc. & Health Servs.*, 627 F.3d 1101, 1114-15 (9th Cir. 2010); *Gordon v. Deer Park Sch. Dist.*, 71 Wn.2d 119, 124, 426 P.2d 824 (1967); *Severns Motor Co. v. Hamilton*, 35 Wn.2d 602, 604, 214 P.2d 516 (1950).

**Plaintiff's Objection**:  This is confusing instruction as applied to the facts of this case as the issue is whether Defendants deliberately fabricated evidence.  The violation of Plaintiff's constitutional rights was ongoing.  Plaintiff will not present evidence nor argue that Defendants made mistakes through an incorrect analysis of the facts and circumstances they that confronted them.  Plaintiff will present evidence and argue that Defendants actions were deliberate.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 6 (Modified)**

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements and/or falsely reporting information in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements and/or falsely reported information in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff.

**Authority**: *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

**Plaintiff's Objection**: This instruction is an incomplete and inaccurate statement if the law. Plaintiff's fabrication of evidence claim is not limited to the false quotations in the police reports. Defendants fabricated additional evidence. And, 9th Circuit Model Civil Jury Instruction 9.8 properly instructs on causation in this case (See Plaintiff's Closing Instruction No. 7). "The parties shall propose instructions from the most recent version of the Manual of Model Jury Instructions for the Ninth Circuit (see www.wawd.uscourts.gov) wherever appropriate." LCR 48(g). Plaintiff's Proposed Closing Instructions No. 7 and 9 are an accurate statement of the law as to Plaintiff's claims.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 7

A cause of an injury is a proximate cause if it is related to the injury in two ways: (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.

There may be more than one proximate cause of an injury.

**Authority**: *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01

**Plaintiff's Objection:** 9th Circuit Model Civil Jury Instruction 9.8 provides the proper definition of causation applicable to this case. (See Plaintiff's Closing Instruction No. 7). "The parties shall propose instructions from the most recent version of the Manual of Model Jury Instructions for the Ninth Circuit (see www.wawd.uscourts.gov) wherever appropriate." LCR 48(g).

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 8**

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under state law, it is a crime for an accused to knowingly cause another less than fourteen (14) years of age and not the spouse of the accused to have sexual contact with the accused or another.  "Sexual contact" under state law means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

Under state law, it is also a crime for an accused over thirteen (13) years of age to engage in sexual intercourse with another who is less than eleven (11) years of age.  "Sexual intercourse" under state law means any penetration, however slight, of the vagina or anus, and also means any act of sexual contact between persons involving the sex organs of one person and the mouth of another person, whether such persons are of the same or opposite sex.

Under state law, in order to arrest, prosecute or convict a person of the above listed crimes, it is not necessary that the testimony of the alleged victim be corroborated, or supplemented with additional evidence.

**Authority**:   9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted and modified); Former RCW 9A.44.070(1); Former RCW 9A.44.100(1)(b); RCW 9A.44.010(1) and (2); RCW 9A.44.020(1); *Blacks Law Dictionary* (5th Ed. 1979), p. 311 (definition of "corroborating evidence").

**Plaintiff's Objection:**  Plaintiff submits that Model Civil Jury Instruction 9.20 is sufficient without the language set forth in the final paragraph above.  The final paragraph is vague, confusing and misleading.  For example, the final paragraph directs the jury's attention to the criminal case and away from this civil matter.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 9

In order to prevail on his § 1983 conspiracy claim, plaintiff must prove by a preponderance of the evidence that there was:

1. An agreement between the defendants to deprive the plaintiff of a constitutional right;

2. An overt act in furtherance of the conspiracy; and

3. An actual deprivation of a constitutional right resulting from the agreement.

**Authority**: *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010).

**Plaintiff's objection**: Plaintiff's Closing Instruction No. 13 is a more complete statement of law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 10

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s).

In determining the measure of damages, you should consider the following:

> The nature and extent of the injuries;
>
> The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
>
> The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.
>
> It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**: 9th Circuit Manual of Model Civil Jury Instructions 5.1 and 5.2 (adapted)

> **Plaintiff's objection**: The evidence will undisputedly establish that Plaintiff lost his liberty, thus making Plaintiff's Closing Instruction 14 more accurate and complete.