# Exhibit C

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| CLYDE RAY SPENCER, | ) | |
|      PLAINTIFF, | ) | |
| | ) | No.   C11-5424 BHS |
| | ) | |
| V. | ) | |
| | ) | **SPECIAL VERDICT FORM** |
| SHARON KRAUSE AND MICHAEL | ) | (Modified) |
| DAVIDSON, | ) | |
|      DEFENDANTS. | ) | |

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and/or defendant Davidson deliberately fabricated evidence by falsely quoting statements and/or falsely reporting information in police reports regarding plaintiff, and/or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to prevent it?**

Answer "yes" or "no" after the name of the defendant.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | _____ | _____ |
| **Defendant Davidson** | _____ | _____ |

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2.

**QUESTION 2:  Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts and/or failure to act defendant Krause and/or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to have deliberately fabricated quoted statements.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | _____ | _____ |
| **Defendant Davidson** | _____ | _____ |

13

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:   Has the plaintiff proved, by a preponderance of the evidence, that defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements and/or falsely reported information in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff?**

>    **ANSWER:    Yes _____            No _____**

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form. If you answered "yes" to Question 3, answer Question 4.

**QUESTION 4:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate falsely quoted statements and/or falsely reported information in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

>    **ANSWER:    Yes _____            No _____**

INSTRUCTION: If you answered "yes" to Question 3, or you answered "yes" to Question 3 and Question 4, answer Question 5.

**QUESTION 5:  What do you find to be the plaintiff's total amount of damages?**

>    **ANSWER:    $_____**

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE: _____         _____**

>                                            **Presiding Juror**

**Authority**:  WPI 5th Ed. 45.23 (modified)
>            9th Cir. Manual of Model Civil Jury Instrs. 12.1A (modified)

   **Plaintiff's Objection:**   This special verdict form is incomplete and confusing.   The verdict form also is repetitive of prior instructions, such as the preponderance of evidence burden of proof.  It is also improper because it misstates the element of causation.   Section 9 of the Model Instructions is entitled "Civil Rights Actions—42 U.S.C. § 1983."  Section 9.8 is entitled "Causation," and it states that the plaintiff must prove that the act(s) and/or failures to act were

"so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury."  Given that this is a civil rights action, Model Instruction 9.8 is the proper causation instruction.  Plaintiff's disputed instruction no. 7 properly sets forth 9.8, with an additional paragraph that is fully supported by the comments for 9.8, citing *Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002).  The model instruction, which expressly provides the option of naming individual defendants (i.e., "police officer"), is in no way limited to *Monell* claims, as Defendants seem to suggest, dkt. 211 at 12.  The Manual of Model Jury Instructions for the 9th Circuit ("Model Instructions") prescribes the use of special verdict forms such as the one proposed by defendants in only two types of cases: disparate treatment (10.1A) and ADA discrimination (12.1A), neither of which relate to plaintiff's § 1983 claims.

Further, the question regarding "all crimes for which he was being investigated" would lead the jury to consider the lead the jury to consider the many allegations Defendants have made against Plaintiff that are not to be considered as relevant to probable cause, including, for example, the Rhonda Short allegation, as Defendant has alleged Plaintiff was being investigated for that crime.

Defendants seem to recognize that their proposed causation finding is unsupported, as they include supplemental instructions and a supplemental verdict form representing the "moving force" instruction.

Plaintiff's disputed closing instruction no. 9 states that in order to prevail in his deliberate fabrication of evidence claim, he must prove that "(1) Defendants deliberately fabricated evidence on which the prosecution based the criminal charges against Plaintiff; and (2) Defendants continued their investigation of Plaintiff despite the fact they knew or should have known that he was innocent."  Plaintiff's disputed closing instruction no. 7 properly instructs the jury on causation.  *See supra*; Model Instructions 9.8.  Plaintiff's disputed closing instruction no. 13 properly instructs the jury on conspiracy.  Plaintiff's general verdict form, in turn, asks the jury to find in favor of the plaintiff or defendants on each count, and, if necessary, enter an award of damages.  With this form, the jury is able to consider the instructions on each claim and render a verdict without confusion, redundancy, or impropriety.

15

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION (SUPPLEMENTAL AND MODIFIED) NO. 6

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements and/or falsely reporting information in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendant Krause's actions and/or defendant Davidson's actions, or failure to act, were so closely related to the deprivation of plaintiff Spencer's rights as to be the moving force that caused the ultimate injury of plaintiff's arrest, prosecution and imprisonment.

**Authority**:    *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); 9th Cir. Manual of Model Civil Jury Instructions 9.8 (adapted).

**Plaintiff's Objection**:  Plaintiff's Proposed Closing Instructions No. 7 and 9 are an accurate statement of the law as to Plaintiff's claims.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| CLYDE RAY SPENCER, | ) | |
| PLAINTIFF, | ) | |
| | ) | No.   C11-5424 BHS |
| | ) | |
| V. | ) | |
| | ) | SPECIAL VERDICT FORM |
| SHARON KRAUSE AND MICHAEL | ) | (SUPPLEMENTAL - MODIFIED) |
| DAVIDSON, | | |
| DEFENDANTS. | ) | |

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and/or defendant Davidson deliberately fabricated evidence by falsely quoting statements and/or falsely reporting information in police reports regarding plaintiff, and/or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to prevent it?**

Answer "yes" or "no" after the name of the defendant.

| ANSWER: | Yes | No |
|---|---|---|
| **Defendant Krause** | _____ | _____ |
| **Defendant Davidson** | _____ | _____ |

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2.

**QUESTION 2:   Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts and/or failure to act defendant Krause and/or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to have deliberately fabricated quoted statements.

| ANSWER: | Yes | No |
|---|---|---|
| **Defendant Krause** | _____ | _____ |
| **Defendant Davidson** | _____ | _____ |

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:  Has the plaintiff proved, by a preponderance of the evidence, that there was no probable cause to arrest plaintiff?**

    **ANSWER:   Yes _____          No _____**

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form. If you answered "yes" to Question 3, answer Question 4.

**QUESTION 4:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause's actions and/or defendant Davidson's actions, or failure to act, were so closely related to the deprivation of plaintiff Spencer's rights as to be the moving force that caused the ultimate injury of plaintiff's arrest, prosecution and imprisonment?**

    Answer "yes" or "no" after the name of the defendant.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | ____ | ____ |
| **Defendant Davidson** | ____ | ____ |

INSTRUCTION: If you answered "no" to Question 4, sign and return this verdict form.  If you answered "yes" to Question 4, answer Question 5.

**QUESTION 5:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate falsely quoted statements and/or falsely reported information in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

    **ANSWER:   Yes _____          No _____**

INSTRUCTION:  If you answered "yes" to Question 4, or answered "yes" to Question 4 and Question 5, answer Question 6.

**QUESTION 6:  What do you find to be the plaintiff's total amount of damages?**

    **ANSWER:   $_____**

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE: _____**

                       **_____**
                       **Presiding Juror**

**Authority**:  WPI 5th Ed. 45.23 (modified)

        9th Cir. Manual of Model Civil Jury Instrs. 12.1A

    **Plaintiff's Objection:**  This special verdict form is incomplete and confusing.  The verdict form also is repetitive of prior instructions, such as the preponderance of evidence burden of proof.  Further, the question regarding "all crimes for which he was being investigated" would lead the jury to consider the many allegations Defendants have made against Plaintiff that are not to be considered as relevant to probable cause, including, for example, the Rhonda Short allegation, as Defendant has alleged Plaintiff was being investigated for that crime.

    Plaintiff's disputed closing instruction no. 9 states that in order to prevail in his deliberate fabrication of evidence claim, he must prove that "(1) Defendants deliberately fabricated evidence on which the prosecution based the criminal charges against Plaintiff; and (2) Defendants continued their investigation of Plaintiff despite the fact they knew or should have known that he was innocent."  Plaintiff's disputed closing instruction no. 7 properly instructs the jury on causation.  *See supra*; Model Instructions 9.8.  Plaintiff's disputed closing instruction no. 13 properly instructs the jury on conspiracy.  Plaintiff's general verdict form, in turn, asks the jury to find in favor of the plaintiff or defendants on each count, and, if necessary, enter an award of damages.  With this form, the jury is able to consider the instructions on each claim and render a verdict without confusion, redundancy, or impropriety.