Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

Plaintiff,

v.

DETECTIVE SHARON KRAUSE, and SERGEANT MICHAEL DAVIDSON,

Defendants.

No. C11-5424BHS

**PLAINTIFF'S MOTION TO RECONSIDER RULING ON MOTION IN LIMINE TO BAR PHILIP ESPLIN, Ph.D., FROM TESTIFYING**

**NOTING DATE: January 15, 2014**

Plaintiff files this motion seeking reconsideration of this Court's prior ruling denying Plaintiff's motion in limine to bar the testimony of Philip Esplin, Ph.D. As this Court recalls, Dr. Esplin was disclosed by Defendants to offer opinions about the interviewing techniques utilized by Defendant Krause in light of the prevailing standards in 1984 and 1985. Since that time, this Court has dismissed Plaintiff's coercive interviewing techniques cause of action. Since the start of trial, the issues pending before the jury have been narrowed even further. Plaintiff's sole remaining causes of action are whether Defendants fabricated evidence and whether they conspired to fabricate evidence. Thus, Dr. Esplin's opinions regarding interviewing techniques are irrelevant. Allowing Dr. Esplin to testify will unnecessarily increase the length of this trial, and poses a substantial risk of confusing the jury.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

During the pretrial conference, this Court granted Plaintiff's motion to the extent that Dr. Esplin would not be allowed to opine regarding aggressive or coercive interview techniques. (Pretrial Conference ("PT") p. 54). The defense argued that Dr. Esplin should be allowed to testify that, as of 1984, the prevailing view of recantations was that they were false; in other words, if a child discloses abuse the abuse is true 99.9 percent of the time. (PT p. 56). This Court indicated that Dr. Esplin would be permitted to testify to these issues to the extent his report disclosed these opinions. (PT p. 57).

Based on the representations of counsel during the pretrial conference, it is apparent that defense counsel seeks to expand Dr. Esplin's testimony beyond those opinions offered in his report. During the conference, defense counsel stated, "I think the real issue here is that for tactical reasons or otherwise, the Plaintiff has elected not to depose our defense expert on all these issues, they aren't exactly sure what he's going to say, other than what was disclosed in his report[.]" Defense counsel's naked representation that it intends on having Dr. Esplin go beyond his report (contrary to the Federal Rules of Civil Procedure) is no doubt based on the fact that Dr. Esplin's report discloses no opinions that are germane to the remaining issues in this lawsuit.

In his report, Dr. Esplin offers a "Brief Historical Synopsis" of the field of sex abuse investigations. <u>Close scrutiny of his report shows that he does so only for the purpose of explaining the state of interviewing techniques in the field as of 1984.</u> For example, Dr. Esplin notes that at that time there was a growing awareness that because in the majority of cases there would be no corroborating evidence of a child's statement, the child's statement became a critical piece of evidence. See Dr. Esplin Report, attached as Exhibit A, p. 27. Dr. Esplin further notes that at the time the use of anatomical dolls <u>during interviews</u> was common if not standard practice. Exhibit A, p. 28. Dr. Esplin continues by stating that procedures (<u>i.e.,</u>

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

interviews) relating to pre-trial preparation of a child and/or refreshing a child's memory remain unresolved. Exhibit A, p. 29. Dr. Esplin concludes his historical synopsis by stating that "By the mid 1990's there was scientific consensus regarding general principles, which, when utilized in investigative interviews, would substantially reduce the risk of obtaining unreliable information from both adult and children witnesses." *Id*.

Dr. Esplin goes on to explain how the manner in which a witness, including a child, is interviewed during an investigation has significant implications with regard to the accuracy and potential alteration of the children's beliefs. Exhibit A, p. 30. Dr. Esplin defines the terms autobiographical memory and suggestibility. However, he does not apply any of the foregoing to the facts of this case. Exhibit A, pp. 30-31.

Dr. Esplin concludes his report with a section titled, "In Summary," which is dedicated to the status of research in the field in 1984-85, as it affected interviewing techniques at the time. These opinions include the following:

- As of 1984-1985, there were available and some training conducted that included very generic guidelines to employ when questioning a child who may have been a victim or witness to a crime.
- At that time the use of investigative aids during interviews was widely encouraged.
- During that time period the training received by field professionals included information that false allegation cases were extremely rare.
- The present general consensus is that the vast majority of children who have been maltreated, and who have interpreted that event as intrusive and salient, are capable of maintaining a continuous memory.
- In 1984-1985, the attitudes of field professions could be characterized as considering denials as more likely false than true, and considering recantations as more likely false than true. Thus, a child who denied or recanted abuse influenced the actions of investigators.
- Given the applicable standard of care, reasonable field professions at the time would not have known that the investigative techniques were so coercive and abusive that false information would result.

Exhibit A, pp. 32-33.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

The entirety of Dr. Esplin's report is related to interviewing techniques, and how the status of the science related to sexual abuse investigations at the time affected interviewing techniques. Because interviewing techniques are not at issue (in fact, the jury has been specifically instructed that it may not find a constitutional violation based solely on the interview techniques), Dr. Esplin's testimony would be irrelevant.

The defense has suggested that Dr. Esplin's testimony is relevant as bearing on Defendants' state of mind. Dr. Esplin certainly cannot climb inside the Defendants' heads and speculate as to what they believed. This type of testimony does not fall within the purview of expert testimony. More to the point, Dr. Esplin's summarization of the Roland Summit article, entitled "*The Child Sex Abuse Accommodation Syndrome*" is irrelevant unless and until Defendant Krause testifies she was familiar with the principles articulated in the article and that they guided the manner in which she proceeded with the investigation. At that point, however, Dr. Esplin's testimony would be cumulative of Krause, and would not further aid the jury.

In summary, this case is not about the science of recantations or false denials. Katie and Matthew Spencer will not testify that they made allegations and recanted; rather, the testimony will be that the quotations and actions attributed to them in Krause's reports are false. If the jury accepts this as true, Krause cannot claim that she is absolved from fabricating evidence because the prevailing thought at that time period was that recantations or denials were false. Thus, Dr. Esplin's testimony is irrelevant, risks confusing the jury, and would needlessly waste this Court's time.

WHEREFORE, Plaintiff respectfully requests an order barring Dr. Esplin from testifying at this trial.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmail.com
Attorney for Plaintiffs

/s/ Daniel T. Davies
Daniel T. Davies, WSBA # 41793
Local counsel
David Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Phone: (206) 757-8286
Fax: (206) 757-7286
Email: dandavies@dwt.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION TO RECONSIDER COURT'S RULING ON MOTION IN LIMINE (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on January 15, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict<br>Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |
|---|---|

/s/ Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION TO RECONSIDER COURT'S RULING ON MOTION IN LIMINE (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax