1
2
3
4
5
6
7

Honorable Judge Benjamin Settle

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

CLYDE RAY SPENCER,

                   Plaintiff,

11

      v.

12

DETECTIVE SHARON KRAUSE, and
SERGEANT MICHAEL DAVIDSON,

13

              Defendants.

14
15

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. C11-5424BHS

PLAINTIFF'S MOTION TO
RECONSIDER CAUSATION
INSTRUCTIONS, AND
MEMORANDUM OF LAW ON
EFFECT OF PROBABLE CAUSE
ON REMAINING CAUSES OF
ACTION

**Noting date:**
**January 21, 2014**

16

## I. REQUESTED RELIEF

17

Plaintiff files this motion seeking reconsideration of this Court's prior ruling that

18

defendants' proposed "but for" causation instruction should be presented to the jury in this

19

case. That instruction states that plaintiff's due process deliberate fabrication claim is

20

foreclosed if, absent the fabricated evidence, there would be sufficient information to establish

21

probable cause. The existence of probable cause, however, does not defeat a due process

22

deliberate fabrication claim. *Riccuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2nd Cir.

23

1997). Plaintiff's "moving force" instruction is the proper proximate causation instruction, as it

24

aligns with the elements of his deliberate fabrication claim as set forth in *Devereaux v. Abbey*.

PLAINTIFF'S MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS AND MEMORANDUM ON LEGAL
EFFECT OF PROBABLE CAUSE (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

In the event that this Court holds that a "but for" instruction is appropriate, the jury should <u>not</u> be instructed that probable cause to arrest defeats Plaintiff's claim, as such an instruction misstates the law and would constitute reversible error.

## II. FACTUAL BACKGROUND

The parties filed revised disputed jury instructions on January 13, 2014. Dkt. 246 and 247. The parties disagree as to the proper causation instruction. Plaintiff proposes that causation is established if he "prove[s] by a preponderance of the evidence that the acts and/or failure to act were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury." Dkt. 246-2 at 9 (plaintiff's disputed closing instruction no. 7). Defendants proposed that causation can only be established if plaintiff proves that "without the falsely quoted statements and/or falsely reported information in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff." Dkt. 247-2 at 8 (defendants' disputed closing instruction no. 6, para. 3).

The parties and this Court discussed the parties' disputed causation instruction on the record on January 17, 2014. Defense counsel, relying on *Hervey v. Estes*, 65 F.3d 784 (9th Cir. 1995), asserted that "if you determine there is deliberately fabricated or falsified evidence, what you do is you take out of the equation, and then the proximate cause standard itself becomes, if you take this information out, would there still have been sufficient information upon which to base a determination that probable cause existed." (1.17.14 Transcript, p. 119). Defense counsel continued to argue that if the jury concludes that Shirley's report of the alleged disclosure by Katie Spencer was sufficient to establish probable cause, then defendants are absolved from liability even if they fabricated and conspired to fabricate evidence. (*Id.*, at p. 120). This Court agreed with defense counsel's position that a "but for" proximate cause

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

1  instruction should be submitted, and invited the parties to confer regarding an agreed

2  instruction as to causation.  (*Id*. at pp. 119-20).

3      In addition to a proximate cause instruction, defendants have since proposed that the

4  following disputed "but for" instruction be filed with the Court:

5      A cause of an injury is a proximate cause if it is related to the injury in two

6      ways: (1) the cause produced the injury in a direct sequence unbroken by any

7      new, independent cause, and (2) the injury would not have happened in the

8      absence of the cause. There may be more than one proximate cause of an injury.

9      For plaintiff to prove one or both defendants proximately caused an injury

10     to plaintiff, he must prove that, but for falsely quoted or reported information in

11     police reports, probable cause to arrest plaintiff was absent. Probable cause is

12     defined elsewhere in these instructions.

13  (Defendants' Disputed Instruction No. 7, Modified).

14      Plaintiff objects to the foregoing instruction, particularly the second paragraph, because

15  case law is clear that probable cause does not defeat Plaintiff's fabrication of evidence claim.

16  Submitting this instruction would be clear error.

17  ### III. ARGUMENT

18      Defense counsel's statement of the law with respect to causation is erroneous, as *Hervey*

19  *v. Estes* has no applicability to a deliberate fabrication of evidence cause of action.   In *Hervey*,

20  the plaintiff asserted a violation of his Fourth Amendment rights as a result of the defendant

21  officer's presentation of false evidence to the magistrate who issued a search warrant.  *Hervey*

22  *v. Estes,* 65 F.3d at 788.  The Fourth Amendment, by its own terms, states that no warrant shall

23  issue absent probable cause.  U.S. Const. Amend. IV.  By the amendment's express terms, an

24  alleged Fourth Amendment violation and absence of probable cause are inextricably

PLAINTIFF'S MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS AND MEMORANDUM ON LEGAL
EFFECT OF PROBABLE CAUSE (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1  intertwined.  Therefore, in a case premised on an invalid warrant based on false information,

2  the plaintiff must prove that "the remaining information in the affidavit is insufficient to

3  establish probable cause."  *Id.* at 789.  This is the proper analysis for <u>Fourth Amendment</u> claims

4  because, if probable cause exists, then there is no constitutional violation.  *See Beck v. City of*

5  *Upland*, 527 F.3d 853, 864 (9th Cir. 2008) ("Proving lack of probable cause is usually essential

6  to demonstrating that the plaintiff's Fourth Amendment rights were violated.").

7        Consequently, probable cause is the touchstone of qualified immunity analysis in the

8  face of an alleged <u>Fourth Amendment</u> violation.  *Hervey* makes this clear:  "[I]f an officer

9  'submitted an affidavit that contained statements he knew to be false or would have known

10  were false had he not recklessly disregarded the truth and no accurate information sufficient to

11  constitute probable cause attended the false statements, ... he cannot be said to have acted in an

12  objectively reasonable manner,' and the shield of qualified immunity is lost."  *Id.* at 788, citing

13  *Branch v. Tunnell*, 937 F.3d 1382, 1387 (9th Cir. 1991).[1]

14        Plaintiff's deliberate fabrication and conspiracy claims, however, are rooted in the due

15  process clause of the <u>Fourteenth Amendment</u>, not the Fourth Amendment.  *Devereaux*, the

16  seminal 9th Circuit case on deliberate fabrication claims, makes this explicit:  "[T]here is a

17  clearly established constitutional <u>due process right</u> not to be subjected to criminal charges on

18  the basis of false evidence that was deliberately fabricated by the government."  263 F.3d 1070,

19  1075 (9th Cir. 2001) (emphasis added).  To prove such a claim, plaintiff must prove that

20  defendants continued their investigation of him despite the fact that they knew or should have

21  known he was innocent.  *Id.* at 1076.  Notably, a lack of probable cause is <u>not</u> an element of a

22  due process fabricated evidence claim.  In fact, probable cause is not mentioned anywhere in

23

24  ---
[1] Again, in *Branch v. Tunnell* the plaintiff alleged an officer violated his <u>Fourth Amendment</u> rights by deliberately or recklessly misleading the magistrate to obtain warrants to search his home and office.  *Id.* at 1387.

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

the *Devereaux* opinion.  On the contrary, it is well established that a lack of probable cause <u>is</u> an essential element of a false arrest or false imprisonment claim.  *E.g., Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992).  Thus, the precise constitutional right at issue is of paramount importance in determining whether the presence of probable cause is dispositive.

Defendants' argument seems to suggest that probable cause defeats any § 1983 cause of action based on a law enforcement officer's alleged violation of a constitutional right.  Nothing could be further from the truth.  For example, a plaintiff asserting a § 1983 <u>due process</u> claim for the unconstitutional nondisclosure of evidence, need only prove that the "nondisclosure was so serious that there is a reasonable probability that the suppressed evidence <u>would have produced a different verdict</u>."  *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011) (emphasis added).  Likewise, the Supreme Court has held that the use of a coerced statement at trial violates the <u>Fourteenth Amendment</u> even if, absent the confession, there is sufficient evidence to convict. *Payne v. State of Ark.*, 356 U.S. 560, 568, 78 S. Ct. 844, 850, 2 L. Ed. 2d 975 (1958).  Simply put, probable cause does not defeat causes of action grounded in due process, because a lack of probable cause is not inherent to a due process violation.

The Second Circuit has specifically addressed the argument made by defendants.  In *Riccuti v. N.Y.C. Transit Authority*, 124 F.3d 123 (2nd Cir. 1997), the plaintiff asserted causes of action alleging that the defendant officers prepared a false report and initiated the prosecution of the plaintiff based on manufactured evidence.  *Id*. at 125.  The defendant officers argued that so long as there was probable cause for the arrest, the fabrication of evidence was legally irrelevant. *Id*. at 130.  The Second Circuit squarely rejected this claim:

> This argument – an ill-conceived attempt to erect a legal barricade to shield police officials from liability – is built on the most fragile of foundations; it is based on an incorrect analysis of the law and at the same time betrays a grave misunderstanding of those responsibilities which the police must have toward the citizenry in an open and free society.  <u>No</u>

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

2

3

4

5

6

          <u>arrest, no matter how lawful or objectively reasonable</u>, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee.  To hold that police officers, having lawfully arrested a suspect, are then free to fabricate false confessions at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice.  Like a prosecutor's knowing use of false evidence to obtain a tainted conviction, a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable "corruption of the truth-seeking function of the trial process." [citations omitted] (emphasis added).

7

*Id*. at 130.  In other words, a plaintiff's "fabrication of evidence claim cannot be defeated by the

8

defendant[s'] demonstration of probable cause."  *Deskovic v. City of Peekskill*, 894 F. Supp. 2d

9

443, 452 (S.D.N.Y. 2012), citing *Riccuiti*, 124 F.3d at 129-130.

10

          As a result, defendants' proposed causation instruction, which disposes of plaintiff's

11

due process claim if the jury finds that probable cause existed absent the fabricated evidence, is

12

wholly improper.  Because of the danger of confounding a "but for" instruction and probable

13

cause, Plaintiff's proposed "moving force" instruction, which is based on Model Instruction

14

9.8, should be issued instead.  This instruction aligns perfectly with *Devereaux*'s requirement

15

that plaintiff prove his charges were "based on the evidence that was deliberately fabricated"

16

and does not run the risk of juror confusion.  In any event, an instruction which informs the jury

17

that Plaintiff must prove the absence of probable cause aside from the deliberately fabricated

18

evidence misstates the law, and for that reason should not be given to the jury.

19

20

21

22

23

24

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

1

## IV. CONCLUSION

2     WHEREFORE, plaintiff respectfully requests that this Court:

3     (1) Reconsider its prior ruling, and instead order that the jury be instructed pursuant to

4 Model Instruction 9.8,

5     (2)  Deny the defense's request to submit a legally incorrect instruction to the jury that

6 probable cause defeats Plaintiff's deliberate fabrication of evidence and conspiracy claims, and,

7     (3)  Grant any and all other relief deemed appropriate.

8 RESPECTFULLY SUBMITTED this 20th day of January, 2014.

9

10   _/s/  Kathleen T. Zellner_____         _/s/  Daniel T. Davies_____
     Kathleen T. Zellner & Associates, P.C.     Daniel T. Davies, WSBA # 41793
     Admitted *pro hac vice*                    Local counsel
11   1901 Butterfield Road                      David Wright Tremaine LLP
     Suite 650                                  1201 Third Avenue, Suite 2200
12   Downers Grove, Illinois  60515             Seattle, Washington 98101-3045
     Phone:  (630) 955-1212                     Phone: (206) 757-8286
13   Fax:  (630) 955-1111                       Fax: (206) 757-7286
     kathleen.zellner@gmial.com                 Email: dandavies@dwt.com
14   Attorney for Plaintiffs                    Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS AND MEMORANDUM ON LEGAL
EFFECT OF PROBABLE CAUSE (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

2a5be28c4f9a5823

1

<u>DECLARATION OF SERVICE</u>

2

I hereby certify that on January 20, 2014, I caused the foregoing to be electronically

3

filed with the Clerk of the Court using the CM/ECF System, which will send notification of

4

such filing to the attorneys of record as follows:

5

| Guy Bogdanoich | Jeffrey A. O. Freimund |
|---|---|
| Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S. | Freimund Jackson Tardif & Benedict Garratt, PLLC |
| P.O. Box 11880 | 711 Capitol Way South, Suite 602 |
| Olympia, WA  98508-1880 | Olympia, WA  98502 |
| Email: gbogdanovich@lldkb.com | Email: jeffF@fjtlaw.com |
| Attorney for Defendant Sharon Krause | Attorneys for Defendant Michael Davidson |

9

  /s/  Kathleen T. Zellner

10

Kathleen T. Zellner & Associates, P.C.

Admitted *pro hac vice*

1901 Butterfield Road

11

Suite 650

Downers Grove, Illinois  60515

12

Phone:  (630) 955-1212

Fax:  (630) 955-1111

13

kathleen.zellner@gmial.com

Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS AND MEMORANDUM ON LEGAL
EFFECT OF PROBABLE CAUSE (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax