Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

CLYDE RAY SPENCER ,

                     Plaintiff,

v.

JAMES M. PETERS, et al.,

                     Defendants.

NO.   C11-5424 BHS

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER CAUSATION INSTRUCTIONS

**NOTED:  JANUARY 22, 2014**

## I.       INTRODUCTION

Plaintiff seeks reconsideration of the Court's oral ruling on January 17, 2014 that defendants' proposed jury instruction number 7 is a correct statement of the law – i.e., that plaintiff must prove "but for" causation in this case, rather than plaintiff's proposed "moving force" instruction on the requisite element of proximate cause.  On January 21, 2014, the Court stated that proof of "but for" causation is required for plaintiff's Fourth Amendment claims of malicious prosecution, false arrest and false imprisonment, which are subsumed within plaintiff's deliberate fabrication claim.  However, the Court queried whether "but for" causation also is the applicable standard for plaintiff's Fourteenth Amendment substantive due

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS
3:11-cv-05424-BHS

1

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

process claim for alleged deliberate fabrication of evidence, noting the law appears unclear on this latter question.  For the reasons set forth below, the jury should be instructed that plaintiff must prove "but for" causation with regard to all of his claims, and there should not be different causation instructions for plaintiff's Fourth Amendment claims and his Fourteenth Amendment claim.

## II.    LAW AND ARGUMENT

An instructive case distinguishing the case of *Riccuiti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2nd Cir.1997), relied on by plaintiff is *Rolon v. Henneman*, 443 F. Supp. 2d 532, 539 (S.D. N.Y. 2006).  The *Rolon* court analyzed the issue as follows:  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims." (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) and *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Further, the *Rolon* court explained that "a section 1983 claim for fabrication of evidence, like a claim for malicious prosecution, arises under the Fourth Amendment.  The Fourteenth Amendment only serves as the vehicle by which the Fourth Amendment is applied to the States."  *Rolon*, 443 F. Supp. 2d at 539 (citing the Ninth Circuit case of *Chewya v. Baca*, 130 Fed. Appx. 865, 868 (9th Cir. 2005) as being in accord, which recognized a Fourth Amendment right not to be prosecuted on the basis of false evidence).  Similar reasoning was applied in *Stoot v. City of Everett*, 582 F.3d 910, 918, 919 n.9 (9th Cir. 2009), where the court stated:  "By virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty" and further noted that in a civil rights case challenging the

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS
3:11-cv-05424-BHS

2

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   plaintiff's arrest and prosecution for child rape "the question before us remains whether the

2   information available to [detective] Jensen at the time of the seizure was sufficiently reliable

3   to constitute probable cause."

4        As these cases illustrate, the standard "but for" causation test applies to deliberate

5   fabrication claims just as it applies to malicious prosecution, false arrest or false imprisonment

6   claims that are premised on alleged deliberate fabrication of evidence.  As was held in *Hervey*

7   *v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995), the law of this Circuit is that a plaintiff alleging

8   deliberate fabrication must show both that a defendant deliberately fabricated evidence and

9   that, but for that deliberate fabrication, probable cause was absent.  To instruct the jury

10   otherwise, as plaintiff advocates, would be contrary to the above-cited authorities.

11        Even where courts have deemed a Fourteenth Amendment claim analytically

12   independent from a Fourth Amendment claim, "but for" causation has nonetheless been

13   applied to Fourteenth Amendment deliberate fabrication of evidence claims.  *E.g.*, *Whitlock v.*

14   *Brueggemann*, 682 F.3d 567,583, 586-87 (7th Cir. 2012) (applying "but for" causation to a

15   Fourteenth Amendment deliberate fabrication of evidence claim, reasoning that "the actions of

16   an official who fabricates evidence that is later used to deprive someone of liberty can be both

17   a but-for and proximate [legal] cause of the due process violation .... a plaintiff could show

18   that the fabrication was a but-for cause of his conviction.").  In accord *Hennick v. Bowling*,

19   115 F.Supp.2d 1204, 1207-09 (W.D. Wash. 2000) (disagreeing with the court's analysis relied

20   on by plaintiff in *Ricuitti*).  The injury flowing from a deliberate fabrication claim is the

21   resulting loss of liberty; but for the alleged fabrication, the injury would not have occurred.

22   *See id.*

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS
3:11-cv-05424-BHS

3

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1

### III.    CONCLUSION

2

Based on the foregoing reasons, defendants respectfully request that plaintiff's motion

3

to reconsider should be denied.

4

RESPECTFULLY SUBMITTED this 22nd day of January, 2014.

5

6

s/Jeffrey A. O. Freimund
JEFFREY A. O. FREIMUND, WSBA No. 17384

7

Freimund Jackson & Tardif, PLLC
711 Capitol Way South, Suite 602

8

Olympia, WA  98502
Email: jeffF@fjtlaw.com

9

Attorney for defendant Michael Davidson

10

11

s/Guy Bogdanovich
GUY BOGDANOVICH, WSBA No. 14777

12

Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
P.O. Box 11880

13

Olympia, WA 98508-1880
Email:  gbogdanovich@lldkb.com

14

Attorney for defendant Sharon Krause

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS
3:11-cv-05424-BHS

4

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on January 22, 2014, I caused the foregoing document to be

3

electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4

notification of such filing to the following:

5

6

      Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
           dhjohnson43@aol.com

7

      Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
           kathleen.zellner@gmail.com

8

      Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
           dandavies@dwt.com

9

10

                            _s/Kathrine Sisson_____

11

                            KATHRINE SISSON
                            Legal Assistant to

12

                            JEFFREY A. O. FREIMUND, WSBA No. 17384
                            Freimund Jackson & Tardif, PLLC

13

                            711 Capitol Way South, Suite 602
                            Olympia, WA  98502

14

                            Telephone:  (360) 534-9960
                            Fax:  (360) 534-9959

15

                            jeffF@fjtlaw.com
                            Attorney for defendant Michael Davidson

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER CAUSATION
INSTRUCTIONS
3:11-cv-05424-BHS

5

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959