Honorable Judge Benjamin H. Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CLYDE RAY SPENCER , | |
| Plaintiff, | NO.  C11-5424 BHS |
| v. | |
| JAMES M. PETERS, et al., | DEFENDANTS' FRCP 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW |
| Defendants. | **NOTED:  January 24, 2014** |

## I.      INTRODUCTION

Defendants Davidson and Krause hereby move for judgment as a matter of law pursuant to FRCP 50(a).  Defendants' trial brief and briefs in support of summary judgment are incorporated herein by reference.

## II.      LAW AND ARGUMENT

### A.      Summary of Remaining Issues at Trial

This Court previously granted in large part defendants' summary judgment motions and dismissed many of plaintiff's claims.  *See, e.g.,* Dkt. 91, 93, 97, 98, 174, 179, 180, 182, 186, and 187.  However, the Court denied summary judgment on defendants' affirmative defense of qualified immunity from plaintiff's claim of deliberate fabrication of evidence.  Dkt. 180 pp. 26-27; Dkt. 187, p. 12.

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   In order to establish liability for alleged deliberate fabrication of false evidence,

2   plaintiff "must, *at a minimum*, point to evidence that … Defendants continued their

3   investigation … despite the fact that they knew or should have known that he was innocent

4   …." *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (italics in original); *see also id.*

5   at 1077 ("What is required is … a showing that the interviewer knew or should have known

6   that the alleged perpetrator was innocent").

7   

8   The Court's summary judgment rulings have made the false arrest, malicious

9   prosecution, false imprisonment, and conspiracy claims dependent and contingent upon

10   plaintiff proving his deliberate fabrication of evidence claim.  Specifically, the Court's analysis

11   of plaintiff's claims against defendant Krause began as follows:

12   
> The Court begins its discussion of qualified immunity with an analysis of
13   > whether the evidence demonstrates that a genuine issue of material fact exists
> that Krause … fabricated evidence against him regarding the abuse.  The Court
14   > starts its analysis here because if genuine issues of material fact exist as to the
> aforementioned issues, then more likely than not there will be genuine issues of
15   > material fact related to Mr. Spencer's claims that probable cause did not exist,
> Krause was involved in the alleged conspiracy to imprison Mr. Spencer, and she
16   > was a proximate cause of Mr. Spencer's injuries.

17   Dkt. 180, p. 19, 1. 17 - p. 20, 1. 2.  Consistent with this analysis, the Court ultimately ruled on

18   plaintiff's claims against defendant Krause as follows:

19   
> Because there are genuine issues of fact regarding whether Krause fabricated
20   > evidence in the child victim statements, which was, in large part, what the
> Prosecutor's Office relied on to find probable cause existed and to charge Mr.
21   > Spencer with multiple counts of abuse (Dkt. 168-11 at 11 and 14), the Court
> cannot grant qualified immunity on the basis that probable cause exists and
22   > must deny summary judgment on Krause's claims of false arrest, malicious
> prosecution and false imprisonment. *See supra.*

23   Dkt. 180, p. 31, 11. 17-22. Due to this question of fact regarding whether the children's

24   statements were deliberately fabricated, the Court also denied summary judgment on plaintiff's

25   conspiracy claim. Dkt. 180, p. 39, ll. 7-14.  This same question of fact also caused the Court to

26   

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 2 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   deny summary judgment based on lack of proximate cause. *Id.* at ll. 16-19.

2       The Court followed the same analysis and rendered the same ruling with regard to

3   plaintiff's claims against defendant Davidson.  The Court's analysis of plaintiff's claims against

4   defendant Davidson began as follows:

5

6       The Court begins its discussion of qualified immunity and supervisory liability
        with an analysis of whether the evidence demonstrates that a genuine issue of
7       material fact exists regarding whether Davidson fabricated evidence against Mr.
        Spencer or whether he may be liable in his supervisory capacity for Krause's
8       alleged fabrication of evidence.  The Court starts its analysis here because if
        genuine issues of material fact exist as to these issues, then it is also likely that
9       there will be genuine issues of material fact related to whether probable cause
        existed, Davidson was involved in the alleged conspiracy to imprison Mr.
10      Spencer, and he was a proximate cause of Mr. Spencer's injuries.

11  Dkt. 187, p. 8, l. 17 - p. 9, l. 3.  Applying this analysis, the Court ruled as follows:

12
        Whether Krause fabricated the children's statements, whether Davidson knew
13      or should have known of Krause's conduct and to what extent he participated in
        the fabrications, and whether the alleged fabrications are evidence of Mr.
14      Spencer's innocence are all factual determinations for the jury to make.
        Therefore, the Court declines to grant Davidson qualified immunity on the
15      claims that he knew of deliberately fabricated evidence or is liable as a
        supervisor for Krause's fabrication.
16

17  Dkt. 187, p. 12, ll. 15-20.

18      Due to the question of fact regarding whether the children's statements were deliberately

19  fabricated, the Court further denied Davidson's motion that he was entitled to qualified

20  immunity based on probable cause, ruling as follows:

21
        Because the investigative reports containing the alleged fabrications were, in
22      large part, what the Prosecutor's Office relied on to find probable cause existed
        and to charge Mr. Spencer with multiple counts of abuse (Dkt. 168-11 at 11 and
23      14), the Court cannot grant qualified immunity on the basis that probable cause
        exists.  Therefore, summary judgment is denied on the claims for false arrest,
24      malicious prosecution and false imprisonment.

25
    Dkt. 187, p. 13, l. 19 – p. 14, l. 2.  The Court similarly denied summary judgment regarding
26

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1   plaintiff's conspiracy claim due to the question of fact regarding whether the children's

2   statements were deliberately fabricated.  Dkt. 187, p.18, l. 20 – p. 19, l. 10.  Based on the same

3   question of fact, the Court denied summary judgment on the grounds that proximate cause was

4   lacking, ruling as follows:

5

6        Because there are genuine issues of material fact as to the fabrication of
         evidence against Mr. Spencer and Davidson's role with respect to the alleged
7        fabrications and the continuance of the investigation, a genuine issue of material
         fact also exists regarding whether or not Davidson was a proximate cause of Mr.
8        Spencer's alleged injuries.  Therefore, summary judgment is denied on this
         basis.
9

10  Dkt. 187, p. 19, ll. 12-16.

11       Another important consideration defining the extent and scope of the issues left for

12  resolution by the jury is that the Court has already ruled as a matter of law that in the absence of

13  deliberate fabrication of the children's statements in Krause's reports, the Prosecutor's Office

14  reasonably concluded that probable cause existed to file and prosecute the charges in the

15  original, amended and second amended informations involving all three victims.  *See* Dkt. 174,

16  p. 15, l. 17 - p. 28, l. 15.  Based on this finding of probable cause, the Court summarily

17  dismissed the false arrest, malicious prosecution, false imprisonment and conspiracy claims

18  against former defendant Peters.  *Id.*  Thus, if the jury concludes the children's statements were

19  not deliberately fabricated, probable cause exists, which is a complete defense to plaintiff's

20  not deliberately fabricated, probable cause exists, which is a complete defense to plaintiff's

21  remaining claims.  *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1054-55 (9th Cir. 2009).

22  **B.  Insufficient Evidence Defendants Should Have Known Plaintiff Was Innocent**

23       Defendants move for judgment as a matter of law on the deliberate fabrication of

24  evidence claim because plaintiff failed to produce evidence sufficient to enable a reasonable

25  jury to conclude that defendants knew or should have known that he was innocent of any and all

26

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS                          - 4 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    crimes for which he was charged.  Plaintiff adduced absolutely no evidence defendants actually

2    knew he was innocent since they did not call either defendant to testify about this pivotal issue.

3    He also failed to adduce any evidence that either defendant should have known plaintiff was

4    innocent.

5         By the time plaintiff rested his case, Shirley Spencer had testified her step-daughter

6    Kathryn Spencer had disclosed sexual abuse by plaintiff before any police officers had any

7    involvement in this case (*see* Ex. A-5).  Also, before defendants had any involvement in this

8    case, Sacramento County Sheriff's Detective Flood had independently reported Kathryn

9    confirmed that she made the disclosure of sexual contact by her father to Shirley, albeit

10   inconsistently (*see* Ex. 75).  Shirley Spencer later testified to the subsequent out-of-character

11   fears of a bubble bath and a rectal thermometer by her four year old son Matt Hansen, which led

12   to little Matt Hansen's disclosures of sexual abuse by plaintiff  (*see also* Exs. 15-17, 44).

13   Former elected Clark County Prosecuting Attorney Arthur Curtis and former King County

14   Deputy Prosecuting Attorney Rebecca Roe, who specialized in child sex crimes, both testified

15   that they objectively believed plaintiff was not innocent, and instead believed plaintiff had

16   probably molested his daughter Kathryn before the original Information was filed (*see also*

17   Roe's November 27, 1984 report, Ex. 27, and the Information, Ex. 31), and both also testified

18   that their belief in plaintiff's probable guilt only grew stronger when the two additional victims,

19   Matt Hansen and Matt Spencer, subsequently disclosed abuse by plaintiff (*see also* Exs. 14-17,

20   32-34).  Additionally, plaintiff's testimony confirmed that he took a polygraph examination

21   which resulted in findings indicative of deception on the relevant questions regarding abuse of

22   his daughter (*see also* Ex. 42).  Further, defendants were aware plaintiff had been fired from his

23   job as a police officer with the Vancouver Police Department based in part upon findings that he

24

25

26

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 5 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

had lied to his superiors during an undercover operation, and had raped a neighbor's high school age daughter before becoming a Vancouver police officer (*see also* Exs. A-30 – A-32). Plaintiff admitted on cross-examination that he repeatedly made statements to defendants, his attorney and the Judge who presided over his change of plea hearing and sentencing to the effect that he could not remember if he had committed the crimes, and he specifically admitted telling defendants at the time of his February 28, 1985 arrest "I must have done it if Little Matt said I did, this can't be my ex-wife this time" (*see also* Exs. 8, 68, A-22). In other words, the evidence is that even plaintiff did not fully believe he was innocent of sexually abusing one or more of his children.

The only evidence adduced by plaintiff remotely suggesting defendants should have known during the 1984-85 time period that he was innocent included the opinion testimony of Dr. Raskin, who was critical of the qualifications of the polygrapher who administered plaintiff's polygraph and opined that the polygraph exam was substandard and the results were invalid. While plaintiff disputed the authenticity of Shirley Spencer's handwritten statement documenting Kathryn's initial disclosure and some of the details included in it, he did not dispute that Kathryn made an unsolicited disclosure to Shirley that he had sexual contact with her, or that Shirley documented the disclosure in a handwritten statement. Plaintiff also testified that his sexual relationship with the high school age neighbor girl was consensual, and he denied that he lied to his superiors at the Vancouver Police Department. Finally, he offered the testimony of Kathryn Spencer and Matt Spencer who recanted or partly recanted their disclosures of abuse decades later, even though they had both previously testified under oath that they had disclosed sexual abuse to Detective Krause back in 1984 and 1985 (*see also* Exs. 65, 66, 68, 76, 77).

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 6 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

On this record, a reasonable jury could only conclude that defendants did not actually know and should not have constructively known in 1984-85 that plaintiff was innocent of any and all crimes for which he was charged. There also is no evidence defendant Davidson knew or should have known Detective Krause allegedly fabricated evidence in her police reports. As Rebecca Roe testified, a reasonable person reading those reports could not have known they were fabricated. Since there is insufficient evidence of defendants' actual or constructive knowledge of plaintiff's innocence is an essential element of plaintiff's deliberate fabrication of evidence claim, this claim should be dismissed.

## C.      Insufficient Evidence of a Conspiracy

Defendants also move for judgment as a matter of law on plaintiff's conspiracy claim because plaintiff failed to introduce sufficient evidence of an agreement or meeting of the minds between defendants to deprive plaintiff of a constitutional right. *See Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010). Specifically, plaintiff alleges defendants conspired to frame him for crimes he did not commit so defendant Davidson could pursue a relationship with plaintiff's then wife, Shirley Spencer, which he alleges, but failed to prove, started during the criminal investigation sometime in or after October 1984, after Kathryn's disclosures to Shirley Spencer and Sacramento Detective Flood.

At the time plaintiff rested at trial, he had produced no direct or even circumstantial evidence that such a relationship existed during the investigation. To the contrary, Shirley Spencer specifically testified that she was angry with defendant Davidson during most of the investigation because she still loved her husband and believed in his innocence, and that she did not start seeing Davidson socially until approximately one month after plaintiff entered his *Alford* plea and was sent to prison. Plaintiff introduced no evidence from defendant Davidson

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 7 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

regarding when he developed a relationship with Shirley Spencer, although he has consistently testified that the relationship did not form until after plaintiff's conviction.  *E.g.,* Dkt. 134-2, pp. 8-9, 19.  Thus, there is insufficient evidence to enable a reasonable jury to conclude that a relationship between Davidson and Shirley Spencer existed during the investigation, or to make the necessary reasonable inference of an agreement or meeting of the minds between defendants to frame plaintiff so that such a relationship could be pursued.

Plaintiff admitted on cross-examination that if the evidence did not support his claim that defendant Davidson and Shirley Spencer were engaged in a relationship during the investigation, his conspiracy claim would fail.  Plaintiff introduced no evidence of an agreement between defendants to frame him, and he introduced no evidence from which a reasonable jury could infer that either defendant had any motive to do so other than the nonexistent relationship. Based upon these facts, defendants respectfully request that this Court find as a matter of law that plaintiff has failed to adduce sufficient evidence of the requisite agreement or meeting of the minds between defendants to deprive him of a constitutional right, and should enter an order dismissing the conspiracy claim against defendants.

### D.      Insufficient Evidence Davidson Deliberately Fabricated Evidence

Defendant Davidson alternatively moves for judgment as a matter of law on plaintiff's deliberate fabrication of evidence claim because plaintiff introduced no evidence that he participated in preparing any of the allegedly fabricated police reports, or directed defendant Krause in any way about the content of those police reports.  There also was no evidence he participated in any of the child interviews prior to plaintiff's conviction and imprisonment.  The evidence was that the only child interview he participated in was an interview of little Matt Hansen after plaintiff's conviction when the police were investigating big Matt Spencer's May

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 8 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

9, 1985 disclosure to James Rulli and Jim Peters that other police officers may have also sexually abused the children, which had nothing to do with the completed investigation of plaintiff. Additionally, plaintiff failed to adduce any evidence defendant Davidson knew about the existence of any medical reports or the December 1984 videotaped interview of Kathryn, or that he participated in any way in the alleged failure to timely disclose the same to plaintiff's criminal defense attorney prior to trial. Thus, there is insufficient evidence for a reasonable jury to conclude that defendant Davidson fabricated any evidence in the challenged police reports.

### III.    CONCLUSION

Based on the foregoing reasons, and the reasons set forth in defendants' trial brief and summary judgment materials, defendants are entitled to judgment as a matter of law pursuant to FRCP 50(a).

RESPECTFULLY SUBMITTED this 24th day of January, 2014.

s/ Guy Bogdanovich
GUY BOGDANOVICH, WSBA No. 14777
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
P.O. Box 11880
Olympia, WA 98508-1880
Telephone: (360) 754-3480
Fax: (360) 357-3511
Email: gbogdanovich@lldkb.com
Attorney for defendant Sharon Krause

s/Jeffrey A. O. Freimund
JEFFREY A. O. FREIMUND, WSBA No. 17384
Freimund Jackson & Tardif, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98502
Telephone: (360) 534-9960
Fax: (360) 534-9959
Email: jeffF@fjtlaw.com
Attorney for defendant Michael Davidson

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 9 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on January 24, 2014, I caused to be electronically filed Defendants'
FRCP 50(a) Motion for Judgment as a Matter of Law with the Clerk of the Court using the
CM/ECF system, which will send notification of such filing to the following:

3

4

    Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
        dhjohnson43@aol.com

5

    Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
        kathleen.zellner@gmail.com

6

    Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
        dandavies@dwt.com

7

8

                         s/Kathrine Sisson
                        KATHRINE SISSON

9

                        Legal Assistant to
                        JEFFREY A. O. FREIMUND, WSBA No. 17384

10

                        Freimund Jackson & Tardif, PLLC
                        711 Capitol Way South, Suite 602

11

                        Olympia, WA  98502
                        Telephone:  (360) 534-9960

12

                        Fax:  (360) 534-9959
                        jeffF@fjtlaw.com

13

                        Attorney for defendant Michael Davidson

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' FRCP 50 MOTION
3:11-cv-05424-BHS

- 10 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959