Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER, <br><br> Plaintiff, <br><br> v. <br><br> SHARON KRAUSE, and MICHAEL DAVIDSON, <br><br> Defendants. | NO. C11-5424 BHS <br><br> DEFENDANTS' SECOND RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER CAUSATION INSTRUCTIONS <br><br> NOTED: JANUARY 27, 2014 |

## I. INTRODUCTION

Plaintiff sought reconsideration of the Court's oral ruling on January 17, 2014 that defendants' proposed jury instruction number 7 is a correct statement of the law – i.e., that plaintiff must prove "but for" causation in this case, rather than plaintiff's proposed "moving force" instruction on the requisite element of proximate cause.  On January 21, 2014, the Court stated that proof of "but for" causation is required for plaintiff's Fourth Amendment claims of malicious prosecution, false arrest and false imprisonment, which are subsumed within plaintiff's deliberate fabrication claim.  However, the Court queried whether "but for" causation also is the applicable standard for plaintiff's Fourteenth Amendment substantive due

DEFENDANTS' SECOND RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER CAUSATION INSTRUCTIONS 3:11-cv-05424-BHS

1

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

process claim for alleged deliberate fabrication of evidence, noting the law appears unclear on this latter question. Defendants previously responded to this issue. Dkt. 255.

After receiving the parties' initial response to the Court's query, the Court requested further briefing from the parties' regarding the appropriate proximate cause standard applicable to a Fourteenth Amendment substantive due process claim for alleged deliberate fabrication of evidence, and whether the existence of probable cause is a factor in the proximate cause analysis. In the course of discussing this issue, plaintiff voluntarily dismissed on the record (on January 24, 2014) all of his Fourth Amendment claims, including his claims for false arrest, false imprisonment and malicious prosecution, to which the existence of probable cause is, according to well established law, a complete defense. This voluntary dismissal results in the only remaining claim being plaintiff's deliberate fabrication claim. Defendants have consistently argued throughout this trial that plaintiff's Fourth Amendment claims were subsumed within his deliberate fabrication claims. As a result, defendants' proposed jury instructions need not be revised due to plaintiff's voluntary dismissal of his Fourth Amendment claims. For the reasons set forth below and previously (*e.g.,* Dkt. 255), the jury should be instructed that plaintiff must prove "but for" causation with regard to his sole remaining Fourteenth Amendment claim.

## II. LAW AND ARGUMENT

Following the parties' initial submission of briefs on the proper causation standard (*e.g.,* Dkt. 255), the Court stated on the record that two cases that were not cited by the parties were of interest to the Court on this topic, and requested further briefing regarding these two cases. The two cases referenced by the Court are: *Gantt v. City of Los Angeles,* 717 F.3d 702 (9th Cir. 2013); and an unpublished decision from the Eastern District of New York, *Morse v.*

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

2

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

*Spitzer,* 2012 WL 3202963 (E.D. N.Y. Aug. 3, 2012).

Neither *Gantt* nor *Morse* discusses the proximate cause standard applicable to a Fourteenth Amendment substantive due process claim for alleged deliberate fabrication of evidence. *Gantt* involved a claim of coercive interview techniques (the second type of a *Devereaux* deliberate fabrication cause of action), not a claim that the defendants continued their investigation despite the fact they knew or should have known the plaintiff was innocent, the latter of which is the only remaining claim for trial in this case due to the Court's dismissal on summary judgment of plaintiff's coercive interview techniques claim (*see, e.g.,* Dkt. 187, p. 11). The *Gantt* court addressed the culpability standard for a coercive interview claim, not the proximate cause standard that is applicable to Fourteenth Amendment due process claims. The *Gantt* court held that the culpability standard for a Fourteenth Amendment substantive due process claim for alleged deliberate fabrication of evidence is deliberate indifference, which is sufficient to meet the "shocks the conscience" culpability standard generally applicable to substantive due process claims in cases where a "snap judgment" made in response to an escalating situation is not involved. *Gantt,* 717 F.3d at 707-08. Thus, *Gantt* provides no help in resolving the question of whether the jury should be instructed on "but for" causation as defendants advocate, or on "moving force" causation as plaintiff advocates. Additionally, the *Gantt* court did not address whether the existence of probable cause to arrest is part of the proximate cause analysis as advocated by defendants.

Defendants' proposed jury instructions (especially defendants' proposed jury instruction number 6) already include the correct culpability standard that plaintiff must prove: *i.e.,* one or both defendants <u>deliberately</u> fabricated evidence while they knew or should have known plaintiff was innocent. There is no need to further explain what the word

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

3

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

"deliberately" means, or to confusingly and unnecessarily explain that the phrase "shocks the conscience" can include "deliberate indifference" and then go on to explain that "deliberate indifference" is akin to "deliberate fabrication." Instructing the jury of the elements of a deliberate fabrication claim consistent with defendants' instruction number 6 is a correct statement of the law. The remaining issue is the proximate standard as proposed in defendants' instruction number 7, stating the "but for" standard for proximate cause, which is an issue the *Gantt* court did not address.

The *Morse* case is similarly unhelpful regarding the proximate cause standard applicable to a *Devereaux* claim. In an unpublished case, the *Morse* court harmonized several cases decided in New York and stated "these cases stand for the principle that a government official who falsifies evidence against an accused may be subject to liability under § 1983 for violating the accused's Fifth, Sixth and Fourteenth Amendment right to a fair trial, and the existence of probable cause is irrelevant to the resolution of this claim." *Morse,* at *5. Thus, the *Morse* court concluded a deliberate fabrication of evidence claim is not a pure Fourteenth Amendment substantive due process claim that does not implicate other Amendments, but rather implicates the Fifth and Sixth Amendments as well. *See also Hall v. City of Los Angeles,* 697 F.3d 1059, 1068-69 (9th Cir. 2012) (holding that a *Devereaux* coercive interrogation claim of a suspect is properly analyzed under the Fifth Amendment, not under the "more generalized notion of substantive due process" in the Fourteenth Amendment); *Chewya v. Baca*, 130 Fed. Appx. 865, 868 (9th Cir. 2005) (recognizing a Fourth Amendment right not to be prosecuted on the basis of false evidence, rather than analyzing the case under the more nebulous Fourteenth Amendment); *Stoot v. City of Everett*, 582 F.3d 910, 918, 919 n.9 (9th Cir. 2009) ("By virtue of its 'incorporation' into the Fourteenth Amendment, the

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

4

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty" and further noting that in a civil rights case challenging the plaintiff's arrest and prosecution for child rape "the question before us remains whether the information available to [detective] Jensen at the time of the seizure was sufficiently reliable to constitute probable cause.").

Importantly, however, the *Morse* court continued as follows: "Finally, the Court notes that the majority of § 1983 cases involving evidence fabrication arise from allegations that a police officer fabricated evidence and forwarded it to prosecutors *in order to provide probable cause* for an arrest or prosecution. [Citation omitted; italics in original.] In such cases, the question of whether the defendant fabricated evidence becomes synonymous with the question of whether genuine probable cause existed, and accordingly a plaintiff's malicious prosecution and fair trial claims would rise or fall together. Even in such cases, however, these remain distinct constitutional claims." *Id.* at *6. In other words, in a case like the present where the allegation is defendants fabricated evidence *in order to provide probable cause* to arrest and prosecute, "the question of whether genuine probable cause existed" remains part of the case, even where a Fourth Amendment malicious prosecution claim has been dismissed as plaintiff has voluntarily chosen to do. Beyond this somewhat confusing analysis about probable cause, the *Morse* court's unpublished decision provides no insight into whether "but for" causation, or "moving force" causation is the appropriate standard.

As was held in *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995), the law of this Circuit is that a plaintiff alleging deliberate fabrication must show both that a defendant deliberately fabricated evidence and that, but for that deliberate fabrication, probable cause was absent. To instruct the jury otherwise, as plaintiff advocates, would be contrary to the

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

5

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

above-cited authorities.

Even where courts have deemed a Fourteenth Amendment claim analytically independent from a Fourth Amendment claim, "but for" causation has nonetheless been applied to Fourteenth Amendment deliberate fabrication of evidence claims. *E.g.*, *Whitlock v. Brueggemann*, 682 F.3d 567,583, 586-87 (7th Cir. 2012) (applying "but for" causation to a Fourteenth Amendment deliberate fabrication of evidence claim, reasoning that "the actions of an official who fabricates evidence that is later used to deprive someone of liberty can be both a but-for and proximate [legal] cause of the due process violation .... a plaintiff could show that the fabrication was a but-for cause of his conviction."). *In accord, Hennick v. Bowling*, 115 F.Supp.2d 1204, 1207-09 (W.D. Wash. 2000).

The injury flowing from a deliberate fabrication claim is the resulting loss of liberty; but for the alleged fabrication, the injury would not have occurred. Plaintiff is unable to cite any authority applying a "moving force" test for proximate cause in a *Devereaux* deliberate fabrication of evidence case. Thus, the general rule applying the "but for" causation test in § 1983 cases should apply. *See, e.g., Hartman v. Moore,* 547 U.S. 250, 259-65 (2006); *Drumgold v. Callahan,* 707 F.3d 28, 49-53 (1st Cir. 2013).

In light of these points, defendants' submit the attached Appendix 1, which consists of defendants' proposed disputed instructions. In Appendix 1, without waiving the above points or defendants' previously filed proposed instructions, or waiving defendants' objections to omitting the probable cause determination from the proximate cause analysis as set forth in defendants' previously proposed instructions, defendants have also submitted "second modified" instruction numbers 6 and 7, as well as a "second modified" special verdict form should the court give the proper "but for" causation instruction, and a "supplemental-

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

6

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

modified" instruction number 7 and "supplemental second modified" special verdict form should the Court incorrectly eliminate the probable cause determination from the proximate cause analysis and/or incorrectly give a "moving force" proximate cause instruction.

Additionally, defendants have added a proposed instruction 7A to follow defendants' proposed instruction 7, and precede defendants' proposed instruction 8. Defendants' proposed instruction 7A instructs the jury that their determination of whether defendants knew or should have known plaintiff is innocent is determined by application of the probable cause standard. From a police detective's perspective, guilt or innocence is measured by application of the probable cause standard. Police detectives do not measure guilt or innocence through the lens of the beyond a reasonable doubt standard the jury has heard so much about. Thus, when the jury is asked to determine whether the defendants knew or should have known plaintiff is innocent, they should be further instructed that this issue is determined by application of the probable cause standard, not the beyond a reasonable doubt standard. Defendants' proposed instruction 8, then goes on to define probable cause for the jury and identifies the relevant provisions of the criminal code the jury should consider when determining whether there was probable cause to believe plaintiff was guilty of sexually abusing one or more of the children.

### III.   CONCLUSION

Based on the foregoing reasons, defendants respectfully request that plaintiff's motion to reconsider should be denied and the proposed instructions attached as Appendix 1 should be given to the jury.

//

//

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

7

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  RESPECTFULLY SUBMITTED this 27th day of January, 2014.

2

3  s/Jeffrey A. O. Freimund
   JEFFREY A. O. FREIMUND, WSBA No. 17384
   Freimund Jackson & Tardif, PLLC
4  711 Capitol Way South, Suite 602
   Olympia, WA 98502
5  Email:  jeffF@fjtlaw.com
   Attorney for defendant Michael Davidson

6

7

8  s/Guy Bogdanovich
   GUY BOGDANOVICH, WSBA No. 14777
   Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
9  P.O. Box 11880
   Olympia, WA 98508-1880
10 Email:  gbogdanovich@lldkb.com
   Attorney for defendant Sharon Krause

DEFENDANTS' SECOND RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER
CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

8

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
dhjohnson43@aol.com
Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
kathleen.zellner@gmail.com
Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
dandavies@dwt.com

_s/Fran DePalma_____
FRAN DEPALMA
Paralegal to
JEFFREY A. O. FREIMUND, WSBA No. 17384
Freimund Jackson & Tardif, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98502
Telephone: (360) 534-9960
Fax: (360) 534-9959
jeffF@fjtlaw.com
Attorney for defendant Michael Davidson

DEFENDANTS' SECOND RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER CAUSATION INSTRUCTIONS
3:11-cv-05424-BHS

9

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959