**DEFENDANTS' DISPUTED PRELIMINARY INSTRUCTION NO. 1**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that:

1. Defendants violated Plaintiff's constitutional right to due process by deliberately fabricating false quotations and other information in police reports and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which he was being investigated, thereby causing Plaintiff to be falsely arrested, maliciously prosecuted and falsely imprisoned without probable cause.

2. Plaintiff also claims that Defendants violated Plaintiff's constitutional right to due process by conspiring with one another to deliberately fabricate evidence by placing false quotations and other information in police reports and continuing their investigation against Plaintiff when they knew or should have known that he was innocent of any and all crimes for which he was being investigated, thereby causing Plaintiff to be falsely arrested, maliciously prosecuted and falsely imprisoned without probable cause.

The plaintiff has the burden of proving these claims.  Defendants deny these claims.

**Authority:**  Manual of Model Jury Instructions for the Ninth Circuit 1.2 (adapted); *Spencer v, Peters et al*, No. 3:11-cv-05424-BHS, Dkt. 180, p. 31, lns. 17-22; Dkt. 187, p. 13, ln. 17 – p. 14, ln. 2.

**Plaintiff's Objection**:  In response to Defendants' objections to Plaintiff's Newly submitted Preliminary Instruction No. 1, Plaintiff has modified the instruction and upon information and belief, Defendant no longer has an objection to that instruction, making this instruction unnecessary.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 1**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:**  Manual of Model Jury Instructions for the Ninth Circuit 2.8 (adapted)

**Plaintiff's objection:**  Plaintiff submits that a prior inconsistent statement under oath may be used substantively.  *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345 (9th Cir. 1988). Plaintiff's Closing Instruction No. 15 is a more accurate and complete statement of the law.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 2**

In order to prevail on his § 1983 claim against defendant Sharon Krause, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction *6 (claim of deliberate fabrication of evidence) and/or Instruction 9 (claim of conspiracy to deliberately fabricate evidence)*, your verdict should be for the plaintiff as to each claim he has proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to either or both claims, your verdict should be for defendant Krause as to each claim plaintiff has failed to prove.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted)

**Plaintiff's Objection**:   Plaintiff's Proposed Closing Instruction Number 4 accurately sets forth the applicable law and Plaintiff has made the modification suggested by Defendant, so Plaintiff believes Defendant will have no objection to Plaintiff's Proposed Closing Instruction Number 4, making this instruction unnecessary.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 3**

In order to prevail on his § 1983 claim against defendant Michael Davidson in his individual capacity, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1. the defendant acted under color of law; and

    2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction *6 (claim of deliberate fabrication of evidence) and/or Instruction 9 (claim of conspiracy to deliberately fabricate evidence)*, your verdict should be for the plaintiff as to each claim he has proved. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to either or both claims, your verdict should be for defendant Davidson in his individual capacity as to each claim plaintiff has failed to prove.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.2 (adapted).

    **Plaintiff's Objection**:  Plaintiff's Proposed Closing Instruction Number 5 accurately sets forth the applicable law and Plaintiff has made the modification suggested by Defendant, so Plaintiff believes Defendant will have no objection to Plaintiff's Proposed Closing Instruction Number 5, making this instruction unnecessary.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 4

In order to prevail on his § 1983 claim against defendant Michael Davidson in his supervisory capacity, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law;

2. the acts of defendant Davidson's subordinate, Sharon Krause, deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions; and

3. (a) defendant Davidson knew, or reasonably should have known, that his subordinate was engaging in these acts and that their conduct would deprive the plaintiff of these rights; and

   (b) defendant Davidson failed to act to prevent his subordinate from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 6 (claim of deliberate fabrication of evidence), your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Davidson in his supervisory capacity.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 9.3 (adapted)

**Plaintiff's Objection**:  Plaintiff's Closing Instruction 6 is a complete statement of the law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 5

In determining whether or not a defendant violated plaintiff's constitutional rights, you are instructed that this issue is to be determined by the facts and circumstances as they appeared at the time of the defendant's acts or omissions, and not by what the facts and circumstances may appear to have been after the time of the acts or omissions.  In other words, in determining whether or not a defendant violated plaintiff's constitutional rights, the defendant is entitled to have his or her conduct judged by what a reasonable person would have known or should have known under the facts and circumstances then confronted, without the benefit of hindsight.

**Authority**:     *Costanich v. Dept. of Soc. & Health Servs.,*  627 F.3d 1101, 1114-15 (9th Cir. 2010);
                    *Gordon v. Deer Park Sch. Dist.,* 71 Wn.2d 119, 124, 426 P.2d 824 (1967);
                    *Severns Motor Co. v. Hamilton*, 35 Wn.2d 602, 604, 214 P.2d 516 (1950).

**Plaintiff's Objection**:  This is a confusing instruction as applied to the facts of this case as the issue is whether Defendants deliberately fabricated evidence.  The violation of Plaintiff's constitutional rights was ongoing.  Plaintiff will not present evidence nor argue that Defendants made mistakes through an incorrect analysis of the facts and circumstances they that confronted them.  Plaintiff will present evidence and argue that Defendants actions were deliberate.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 6 (Modified)**

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements and/or falsely reporting information in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendants proximately caused plaintiff's arrest, prosecution and imprisonment because, without the falsely quoted statements and/or falsely reported information in the police reports, there was insufficient information to establish probable cause necessary to lawfully arrest, prosecute and imprison plaintiff.

**Authority**:   *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

**Plaintiff's Objection**:   This instruction is an incomplete and inaccurate statement if the law. Plaintiff's fabrication of evidence claim is not limited to the false quotations in the police reports. Defendants fabricated additional evidence.   And, 9th Circuit Model Civil Jury Instruction 9.8 properly instructs on causation in this case (See Plaintiff's Closing Instruction No. 7).   "The parties shall propose instructions from the most recent version of the Manual of Model Jury Instructions for the Ninth Circuit (see www.wawd.uscourts.gov) wherever appropriate."   LCR 48(g).   Plaintiff's Proposed Closing Instructions No. 7 and 9 are an accurate statement of the law as to Plaintiff's claims.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 6 (Second Modified)**

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1.  Defendants deliberately fabricated evidence by falsely quoting statements or falsely reporting information in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2.  Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3.  Defendants' foregoing actions proximately caused plaintiff's arrest, prosecution and imprisonment.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 7

A cause of an injury is a proximate cause if it is related to the injury in two ways: (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.

There may be more than one proximate cause of an injury.

**Authority**:   *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01

**Plaintiff's Objection:** 9th Circuit Model Civil Jury Instruction 9.8 provides the proper definition of causation applicable to this case. (See Plaintiff's Closing Instruction No. 7). "The parties shall propose instructions from the most recent version of the Manual of Model Jury Instructions for the Ninth Circuit (see www.wawd.uscourts.gov) wherever appropriate." LCR 48(g).

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 7 (Modified)**

A cause of an injury is a proximate cause if it is related to the injury in two ways:  (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.  There may be more than one proximate cause of an injury.

For plaintiff to prove one or both defendants proximately caused an injury to plaintiff, he must prove that, but for falsely quoted or reported information in police reports, probable cause to arrest plaintiff was absent.  Probable cause is defined elsewhere in these instructions.

**Authority**:   *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01.

**Plaintiff's Objection:**   9th Circuit Model Civil Jury Instruction 9.8 provides the proper definition of causation applicable to this case.  (See Plaintiff's Closing Instruction No. 7).  "The parties shall propose instructions from the most recent version of the Manual of Model Jury Instructions for the Ninth Circuit (see www.wawd.uscourts.gov) wherever appropriate."  LCR 48(g).

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 7 (Second Modified)**

A cause of an injury is a proximate cause if it is related to the injury in two ways:  (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.  There may be more than one proximate cause of an injury.

For plaintiff to prove one or both defendants proximately caused an injury to plaintiff, he must prove that, but for falsely quoted or reported information in police reports, plaintiff would not have been arrested, prosecuted or imprisoned.

**Authority**:    *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995); *Osborn v. Butler,* 712 F.Supp.2d 1134, 1159-60 (D. Idaho 2010); *McSherry v. City of Long Beach,* 584 F.3d 1129, 1137 (9th Cir. 2009), *cert. denied,* 131 S.Ct. 79 (2010); WPI 5th Ed. 15.01.01.

> **Plaintiff's Objection:**  9th Circuit Model Civil Jury Instruction 9.8 provides the proper definition of causation applicable to this case.  (See Plaintiff's Closing Instruction No. 7).  "The parties shall propose instructions from the most recent version of the Manual of Model Jury Instructions for the Ninth Circuit (see www.wawd.uscourts.gov) wherever appropriate."  LCR 48(g).

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 7A**

To determine whether defendants knew or should have known plaintiff was innocent, you should decide whether there was probable cause to believe he had committed a crime.  Probable cause is defined in Instruction number ___ [defendants' proposed instruction number 8].

**Authority**:  *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. (1995).

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 8**

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under state law, it is a crime for an accused to knowingly cause another less than fourteen (14) years of age and not the spouse of the accused to have sexual contact with the accused or another. "Sexual contact" under state law means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

Under state law, it is also a crime for an accused over thirteen (13) years of age to engage in sexual intercourse with another who is less than eleven (11) years of age. "Sexual intercourse" under state law means any penetration, however slight, of the vagina or anus, and also means any act of sexual contact between persons involving the sex organs of one person and the mouth of another person, whether such persons are of the same or opposite sex.

Under state law, in order to arrest, prosecute or convict a person of the above listed crimes, it is not necessary that the testimony of the alleged victim be corroborated, or supplemented with additional evidence.

**Authority**:   9th Circuit Manual of Model Civil Jury Instructions 9.20 (adapted and modified); Former RCW 9A.44.070(1); Former RCW 9A.44.100(1)(b); RCW 9A.44.010(1) and (2); RCW 9A.44.020(1); *Blacks Law Dictionary* (5th Ed. 1979), p. 311 (definition of "corroborating evidence").

**Plaintiff's Objection:**  Plaintiff submits that Model Civil Jury Instruction 9.20 is sufficient without the language set forth in the final paragraph above.  The final paragraph is vague, confusing and misleading.  For example, the final paragraph directs the jury's attention to the criminal case and away from this civil matter.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 9

In order to prevail on his § 1983 conspiracy claim, plaintiff must prove by a preponderance of the evidence that there was:

1. An agreement between the defendants to deprive the plaintiff of a constitutional right;

2. An overt act in furtherance of the conspiracy; and

3. An actual deprivation of a constitutional right resulting from the agreement.

**Authority**:  *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010).

**Plaintiff's objection**:  Plaintiff's Closing Instruction No. 13 is a more complete statement of law.

## DEFENDANTS' DISPUTED CLOSING INSTRUCTION NO. 10

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s).

In determining the measure of damages, you should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**:  9th Circuit Manual of Model Civil Jury Instructions 5.1 and 5.2 (adapted)

**Plaintiff's objection**:  The evidence will undisputedly establish that Plaintiff lost his liberty, thus making Plaintiff's Closing Instruction 14 more accurate and complete.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | | | |
|---|---|---|---|
| CLYDE RAY SPENCER, | ) | | |
| PLAINTIFF, | ) | | |
| | ) | No. | **C11-5424 BHS** |
| | ) | | |
| V. | ) | | |
| | ) | **SPECIAL VERDICT FORM** | |
| SHARON KRAUSE AND MICHAEL | ) | **(Second Modified)** | |
| DAVIDSON, | ) | | |
| DEFENDANTS. | ) | | |

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause or defendant Davidson deliberately fabricated evidence by falsely quoting statements or falsely reporting information in police reports regarding plaintiff, or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to prevent it?**

Answer "yes" or "no" after the name of the defendant.

| | | Yes | No |
|---|---|---|---|
| **ANSWER:** | | | |
| **Defendant Krause** | | ____ | ____ |
| **Defendant Davidson** | | ____ | ____ |

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2 as to that defendant.

**QUESTION 2:  Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts by defendant Krause, or the acts or failure to act by defendant Davidson, defendant Krause or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to have deliberately fabricated evidence.

| | | Yes | No |
|---|---|---|---|
| **ANSWER:** | | | |
| **Defendant Krause** | | ____ | ____ |
| **Defendant Davidson** | | ____ | ____ |

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:  Has the plaintiff proved, by a preponderance of the evidence, that defendants proximately caused plaintiff's arrest, prosecution and imprisonment?**

  **ANSWER: Yes** _____   **No** _____

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form. If you answered "yes" to Question 3, answer Question 4.

**QUESTION 4:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate falsely quoted statements or falsely reported information in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

  **ANSWER: Yes** _____   **No** _____

INSTRUCTION: If you answered "yes" to Question 3, or you answered "yes" to Question 3 and Question 4, answer Question 5.

**QUESTION 5:  What do you find to be the plaintiff's total amount of damages?**

  **ANSWER:** $_____

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE: _____**   _____

               **Presiding Juror**

**Authority**:  WPI 5th Ed. 45.23 (modified)
      9th Cir. Manual of Model Civil Jury Instrs. 12.1A (modified)

  **Plaintiff's Objection:**  This special verdict form is incomplete and confusing.  The verdict form also is repetitive of prior instructions, such as the preponderance of evidence burden of proof.  It is also improper because it misstates the element of causation.   Section 9 of the Model Instructions is entitled "Civil Rights Actions—42 U.S.C. § 1983."  Section 9.8 is entitled "Causation," and it states that the plaintiff must prove that the act(s) and/or failures to act were "so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury."  Given that this is a civil rights action, Model Instruction 9.8 is the proper causation instruction.  Plaintiff's disputed instruction no. 7 properly sets forth 9.8, with an additional paragraph that is fully supported by the comments for 9.8, citing *Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002).  The model instruction, which expressly provides the option of

naming individual defendants (i.e., "police officer"), is in no way limited to *Monell* claims, as Defendants seem to suggest, dkt. 211 at 12.  The Manual of Model Jury Instructions for the 9th Circuit ("Model Instructions") prescribes the use of special verdict forms such as the one proposed by defendants in only two types of cases: disparate treatment (10.1A) and ADA discrimination (12.1A), neither of which relate to plaintiff's § 1983 claims.

Further, the question regarding "all crimes for which he was being investigated" would lead the jury to consider the lead the jury to consider the many allegations Defendants have made against Plaintiff that are not to be considered as relevant to probable cause, including, for example, the Rhonda Short allegation, as Defendant has alleged Plaintiff was being investigated for that crime.

Defendants seem to recognize that their proposed causation finding is unsupported, as they include supplemental instructions and a supplemental verdict form representing the "moving force" instruction.

Plaintiff's disputed closing instruction no. 9 states that in order to prevail in his deliberate fabrication of evidence claim, he must prove that "(1) Defendants deliberately fabricated evidence on which the prosecution based the criminal charges against Plaintiff; and (2) Defendants continued their investigation of Plaintiff despite the fact they knew or should have known that he was innocent."  Plaintiff's disputed closing instruction no. 7 properly instructs the jury on causation.  *See supra*; Model Instructions 9.8.  Plaintiff's disputed closing instruction no. 13 properly instructs the jury on conspiracy.  Plaintiff's general verdict form, in turn, asks the jury to find in favor of the plaintiff or defendants on each count, and, if necessary, enter an award of damages.  With this form, the jury is able to consider the instructions on each claim and render a verdict without confusion, redundancy, or impropriety.

**DEFENDANTS' DISPUTED CLOSING INSTRUCTION (SUPPLEMENTAL AND SECOND MODIFIED) NO. 6**

In order to prevail on his § 1983 claim alleging defendants deliberately fabricated evidence, plaintiff must prove by a preponderance of the evidence that:

1. Defendants deliberately fabricated evidence by falsely quoting statements and/or falsely reporting information in the police reports on which plaintiff's arrest, prosecution and imprisonment were based; and

2. Defendants continued their investigation of plaintiff despite the fact that they knew or should have known that he was innocent of any and all crimes for which he was being investigated; and

3. Defendant Krause's actions or defendant Davidson's actions, or failure to act, were so closely related to the deprivation of plaintiff Spencer's rights as to be the moving force that caused the ultimate injury of plaintiff's arrest, prosecution and imprisonment.

**Authority**:   *Devereaux v. Abbey,* 263 F.3d 1070, 1076-77 (9th Cir. 2001); *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101, 1111-12 (9th Cir. 2010); 9th Cir. Manual of Model Civil Jury Instructions 9.8 (adapted).

 **Defendants' Objection:**   Defendants object to giving a "moving force" instruction that properly applies only in municipal liability claims.   As set forth above and previously, defendants' position is that a "but for" standard of causation is proper in the context of this case. However, defendants offer this instruction, without waiving their objections, in the event the Court overrules defendants' objections to this "moving force" instruction.

 **Plaintiff's Objection**:   Plaintiff's Proposed Closing Instructions No. 7 and 9 are an accurate statement of the law as to Plaintiff's claims.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | | |
|---|---|---|
| **CLYDE RAY SPENCER,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **No.   C11-5424 BHS** |
| | ) | |
| **V.** | ) | |
| | ) | **SPECIAL VERDICT FORM** |
| **SHARON KRAUSE AND MICHAEL** | ) | **(SUPPLEMENTAL-SECOND** |
| | | **MODIFIED)** |
| **DAVIDSON,** | ) | |
| **DEFENDANTS.** | ) | |

    **We, the jury, answer the questions submitted by the court as follows:**

**QUESTION 1:   Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause or defendant Davidson deliberately fabricated evidence by falsely quoting statements or falsely reporting information in police reports regarding plaintiff, or that defendant Davidson knew or should have known defendant Krause did so but he failed to act to act to prevent it?**

    Answer "yes" or "no" after the name of the defendant.

       **ANSWER:**                           **Yes**           **No**

            **Defendant Krause**              \_\_\_\_        \_\_\_\_

            **Defendant Davidson**          \_\_\_\_        \_\_\_\_

INSTRUCTION:  If you answered "no" to Question 1 as to both defendants, sign and return this verdict form.  If you answered "yes" to Question 1 as to either defendant, answer Question 2 as to that defendant.

**QUESTION 2:   Has the plaintiff proved, by a preponderance of the evidence, that at the time of the acts by defendant Krause, or the acts or failure to act by defendant Davidson, defendant Krause or defendant Davidson knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

    Answer "yes" or "no" after the name of the defendant(s) found by you in Question 1 to

have deliberately fabricated evidence.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | ____ | ____ |
| **Defendant Davidson** | ____ | ____ |

INSTRUCTION: If you answered "no" to Question 2 as to both defendants, sign and return this verdict form. If you answered "yes" to Question 2 as to either defendant, answer Question 3.

**QUESTION 3:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause's actions or defendant Davidson's actions, or failure to act, were so closely related to the deprivation of plaintiff Spencer's rights as to be the moving force that caused the ultimate injury of plaintiff's arrest, prosecution and imprisonment?**

Answer "yes" or "no" after the name of the defendant.

| **ANSWER:** | **Yes** | **No** |
|---|---|---|
| **Defendant Krause** | ____ | ____ |
| **Defendant Davidson** | ____ | ____ |

INSTRUCTION: If you answered "no" to Question 3, sign and return this verdict form.  If you answered "yes" to Question 3 as to either defendant, answer Question 4.

**QUESTION 4:  Has the plaintiff proved, by a preponderance of the evidence, that defendant Krause and defendant Davidson conspired to deliberately fabricate falsely quoted statements or falsely reported information in police reports regarding plaintiff when they knew, or reasonably should have known, plaintiff was innocent of any and all crimes for which he was being investigated?**

**ANSWER:    Yes _____            No _____**

INSTRUCTION:  If you answered "yes" to Question 3 as to either defendant, or answered "yes" to Question 3 and Question 4, answer Question 5.

**QUESTION 5:  What do you find to be the plaintiff's total amount of damages?**

**ANSWER:**    $_____

INSTRUCTION:  Sign this verdict form and notify the bailiff.

**DATE: _____          _____**
                                                                                    **Presiding Juror**

**Authority**:  WPI 5th Ed. 45.23 (modified)
9th Cir. Manual of Model Civil Jury Instrs. 12.1A

**Defendants' Objection:**   Defendants object to giving a "moving force" instruction and a special verdict form using a "moving force" causation standard because that causation standard properly applies only in municipal liability claims.   As set forth above and previously, defendants' position is that a "but for" standard of causation is proper in the context of this case.   However, defendants offer this special verdict form, without waiving their objections, in the event the Court overrules defendants' objections to using a "moving force" causation standard.

**Plaintiff's Objection:**   This special verdict form is incomplete and confusing.   The verdict form also is repetitive of prior instructions, such as the preponderance of evidence burden of proof.   Further, the question regarding "all crimes for which he was being investigated" would lead the jury to consider the many allegations Defendants have made against Plaintiff that are not to be considered as relevant to probable cause, including, for example, the Rhonda Short allegation, as Defendant has alleged Plaintiff was being investigated for that crime.

Plaintiff's disputed closing instruction no. 9 states that in order to prevail in his deliberate fabrication of evidence claim, he must prove that "(1) Defendants deliberately fabricated evidence on which the prosecution based the criminal charges against Plaintiff; and (2) Defendants continued their investigation of Plaintiff despite the fact they knew or should have known that he was innocent."   Plaintiff's disputed closing instruction no. 7 properly instructs the jury on causation.   *See supra*; Model Instructions 9.8.   Plaintiff's disputed closing instruction no. 13 properly instructs the jury on conspiracy.   Plaintiff's general verdict form, in turn, asks the jury to find in favor of the plaintiff or defendants on each count, and, if necessary, enter an award of damages.   With this form, the jury is able to consider the instructions on each claim and render a verdict without confusion, redundancy, or impropriety.