Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

        Plaintiff,

v.

DETECTIVE SHARON KRAUSE, and
SERGEANT MICHAEL DAVIDSON,

        Defendants.

No. C11-5424BHS

MEMORANDUM OF LAW
REGARDING CAUSATION

Noting date:
January 27, 2014

## I. ISSUES

This Court requested briefing on the issue of causation instructions. Tr. Trans. Day 10 at 121 and Day 12 at 175-77. Defense counsel stated on the record that Defendants intended to file a brief discussing "whether there is even a Fourteenth Amendment substantive due process claim in this context, because obviously the defendants' proposed instructions were proceeding under the *Hervey v. Estes* line of cases, which those don't necessarily imply a substantive due process cause of action." Tr. Trans. Day 12 at 176. Although this Court advised counsel that there was not much of a question on the point, as the case law clearly supports a substantive due process claim for the deliberate fabrication of evidence, it is not clear how Defendants will proceed. Plaintiff will therefore briefly address this point as well. As set forth below, (1) Plaintiff clearly has a substantive due process right to be free from criminal charges on the basis of fabricated evidence, (2) the Ninth Circuit's model "moving force" instruction is the appropriate proximate cause instruction to be given in this case, and (3) there is substantial evidence that Plaintiff's constitutional deprivations were caused by Defendants.

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

## II. ARGUMENT

**A. Plaintiff has a substantive due process right to not be subjected to criminal charges based on fabricated evidence; probable cause is irrelevant to this right**

"Substantive due process protects individuals from arbitrary deprivation of their liberty from their government." *Brittain v Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). In *Devereaux v. Abbey*, the Ninth Circuit made it clear that a <u>substantive due process claim</u> exists for the deliberate falsification of evidence: "[T]here is a clearly established constitutional <u>due process right</u> not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey,* 263 F.3d 1070, 1075 (9th Cir. 2001) (emphasis added). In subsequent decisions, the Ninth Circuit expressly reaffirmed that the cause of action set out in *Devereaux* is a <u>substantive due process claim</u>—the falsification of evidence on which a prosecution is based is cognizable under the 14th Amendment as conduct that "shocks the conscience." *See Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013); *Constanich v. Dept. of Social and Health Services,* 627 F.3d 1101, 1110-1111, 1113-1114 (2010). As explained by the First Circuit, "[I]f any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit . . . Actions taken in contravention of this prohibition necessarily violate due process." *Limone v. Condon*, 372 F.3d 39 44-45 (1st Cir. 2004).

The substantive due process right to be free from arbitrary and "conscious shocking" deprivations of liberty (i.e., deliberate fabrication of evidence) is entirely distinct from the Fourth Amendment right to be free from search or arrest without probable cause (i.e., "the

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

*Hervey*[1] line of cases"), and, as a result, a claim asserting a substantive due process violation is not foreclosed by the existence of probable cause. *See* dkt. 253 at 3-6 (citing relevant case law from Ninth and Second Circuits). Indeed,

> [E]ven where no Fourth Amendment violation occurred because there was probable cause to act . . . an independent constitutional claim for the denial of the right to a fair trial can proceed under § 1983 based on allegations that a police officer fabricated evidence, if that fabrication caused a deprivation of the plaintiff's liberty. . . . [A] government official who falsifies evidence against an accused may be subject to liability under § 1983 for violating the accused's Fifth, Sixth and Fourteenth Amendment right to a fair trial, and <u>the existence of probable cause is irrelevant</u> to the resolution of this claim.

*Morse v. Spitzer*, 2012 WL 3202963, *2-3 (E.D. N.Y. August 3, 2012) (emphasis added); *accord Kerkeles v. City of San Jose,* 199 Cal. App. 4th 1001, 1013 (6th Dist. 2011) ("Even if there was probable cause to arrest plaintiff, we cannot say as a matter of law on the record before us that he would have been subjected to continued prosecution . . . .")

The Ninth Circuit clearly recognized this distinction in *Crowe v. County of San Diego*, where the Court <u>affirmed the district court's dismissal of plaintiff's Fourth Amendment claims on the basis of probable cause but reversed the district court's dismissal of plaintiff's substantive due process claim under *Devereaux*</u>. 608 F.3d 406 (9th Cir. 2010). Equally instructive, in *Atkins v. County of Riverside*, the Ninth Circuit held that it was a factual question whether a fabricated statement formed the "basis of" the plaintiff's criminal charges despite the fact the allegedly fabricated statement was not even introduced at trial. 151 Fed. Appx. 501, 506 (9th Cir. 2005). Given that the remaining evidence in *Atkins* was sufficient to prove his guilt beyond a reasonable doubt, it was also sufficient to establish probable cause, but the Ninth Circuit still held that causation was a question of fact. Finally, it is revealing that the Ninth

---

[1] Defendants maintain that the Court in *Hervey v. Estes* did not contemplate a substantive due process fabrication claim. However, the plaintiff in *Hervey* did not raise a Fourteenth Amendment claim. Instead, he claimed a violation of his Fourth Amendment right to be free from search without probable cause. Moreover, *Hervey* predates *Devereaux* by about six years.

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Circuit did not even mention probable cause in the precedential cases of *Devereaux*, *Gantt*, and *Constanich*.

### B. The model "moving force" instruction should be submitted to the jury, rather than the "but for" instruction proposed by Defendants

Plaintiff's proposed instruction no. 7 states that Plaintiff must "prove by a preponderance of the evidence that the acts and/or failure to act were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury." Dkt. 246-2 at 9. This instruction is based on the Ninth Circuit's Model Instruction 9.8, and aligns with the established law of the Circuit: "[t]he requisite causal connection [in § 1983 claims] can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Crowe*, 608 F.3d at 430, quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff's proposed instruction is therefore the proper proximate cause instruction to be given in this case. *Cf.* Exhibit A at 8 (moving force instruction issued by U.S. District Court for Central District of California in *Gantt v. City of Los Angeles*, where the plaintiff asserted a substantive due process claim).

Defendants' proposed "but for fabrication there would still be probable cause" instruction, based on their reading of *Hervey v. Estes*, would be improper. As stated above, the lack of a probable is an <u>essential element of the Fourth Amendment</u> claim asserted in *Hervey*, but it is not an element of Plaintiff's substantive due process claim, and the existence of probable cause does not bar Plaintiff's substantive due process claim. In other words, Defendants are attempting to insert an element of a claim that Plaintiff is not asserting into the causation instruction. If this Court were to issue a "but for" instruction, it should relate to the ultimate injury or damages, rather than the existence of probable cause.

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Plaintiff's model "moving force" instruction is particularly appropriate here, where Defendants are expected to argue that the independent actions of the prosecution are the proximate cause of Plaintiff's injury. Plaintiff's instruction makes clear that the jury may find that so long as the Defendants' conduct was the moving force behind the constitutional deprivation, i.e., that the prosecution and *Alford* plea would not have occurred absent the fabricated evidence, causation has been established. *E.g., Stoot v. City of Everett*, 582 F.3d 910, 926-27 ("[W]e conclude that, absent unusual circumstances, a police officer eliciting incriminating statements from a criminal suspect 'could reasonably have foreseen that a coerced confession would be used against [the suspect] and would lead to [the suspect's] detention'", quoting *Higazy v. Templeton*, 505 F.3d 161, 177 (2nd Cir. 2007)); *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) (prosecutor does not exercise independent judgment where "investigating officers presented the prosecutor with "information known by them to be false.").

Combining the requirements of Plaintiff's deliberate fabrication claim and his proposed proximate cause instruction, Plaintiff will have to prove that (1) Defendants deliberately fabricated evidence that formed the basis of his criminal charges, (2) Defendants continued their investigation despite the fact they knew or should have known Plaintiff was innocent, and (3) Defendants' actions were the moving force behind his constitutional deprivation. This requirement of proof aligns with the law of the Ninth Circuit and adequately protects Defendants from unwarranted liability.

**C.  Plaintiff's evidence establishes causation**

Plaintiff has elicited substantial evidence that Defendants caused his constitutional deprivation. Defendant Kruase's fabricated reports containing material misquotations and misrepresentations were the basis of all filing decisions by the Clark County Prosecuting

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Attorney's Office and induced Plaintiff to accept an *Alford* plea.  Neither Plaintiff nor the Clark County Prosecuting Attorney's Office were afforded knowledge of critical exculpatory evidence concealed by Defendants.  Even if this Court were to issue Defendants' proposed instruction, it is clear that there is no evidence establishing probable cause in this case.  This Court held as much in denying Defendants summary judgment, reasoning that, given the existence of an issue of fact whether Krause fabricated the evidence relied on by the Prosecutor's Office, a question of fact likewise existed as to the existence of probable cause.  Dkt. 180 at 31-32; dkt. 187 at 13-14; *see also Blankenhorn,* 485 F.3d at 482.  Defendants' reliance on the testimony of Art Curtis and Rebecca Roe regarding probable cause is unpersuasive, *see* dkt. 259 at 20-23, especially considering *inter alia* Mr. Curtis has no recollection of the Shirley letter and Ms. Roe determined that the case was not "fileable" even accepting as true the statements attributed to Katie in the letter <u>and</u> two Krause reports.  Regardless of the instruction given, Plaintiff's claims must be decided by the jury.

## II. Conclusion

WHEREFORE, for all the foregoing reasons, as well as the reasons and evidence set forth in Plaintiff's prior submissions at dkt. 253 and dkt. 259, which are incorporated herein by reference, Plaintiff respectfully requests that this Court issue Plaintiff's disputed instruction No. 7 stating the "moving force" proximate cause standard, dkt. 246-2 at 9, rather than Defendant's proposed "but for" or "probable cause" instruction; Plaintiff further respectfully requests that this Court deny Defendants' motion for directed verdict.

RESPECTFULLY SUBMITTED this 27th day of January, 2014.

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

| | |
|---|---|
| /s/  Kathleen T. Zellner | /s/  Daniel T. Davies |
| Kathleen T. Zellner & Associates, P.C. | Daniel T. Davies, WSBA # 41793 |
| Admitted *pro hac vice* | Local counsel |
| 1901 Butterfield Road | David Wright Tremaine LLP |
| Suite 650 | 1201 Third Avenue, Suite 2200 |
| Downers Grove, Illinois  60515 | Seattle, Washington 98101-3045 |
| Phone:  (630) 955-1212 | Phone: (206) 757-8286 |
| Fax:  (630) 955-1111 | Fax: (206) 757-7286 |
| kathleen.zellner@gmial.com | Email: dandavies@dwt.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on January 27, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| | |
|---|---|
| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict<br>Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA 98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |

   /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

MEMORANDUM REGARDING
CAUSATION INSTRUCTION (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax