# EXHIBIT A

FILED
CLERK, U.S. DISTRICT COURT
NOV 24 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Gantt | Case No.: **CV 08-5979 ODW(CWx)** |
| Plaintiff | FINAL JURY INSTRUCTIONS GIVEN AT TRIAL |
| vs | *Hon Otis D Wright II* |
| City of Los Angeles, et al | |
| Michael Smith, | |
| Plaintiff, | CONSOLIDATED WITH: |
| vs. | CASE NO: CV 09-8565 ODW(CWx) |
| City of Los Angeles, et al., | |
| Defendants | |

## 1.1C DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.5 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS
You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[

## 1.1C DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.5 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

> (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
>
> (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.
>
> (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.
>
> (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between

the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### 1.13 NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### 2.8 IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

### 3.4 ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

### 9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiffs Messrs. Gantt and Smith bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party

### 9.2 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claim against the defendants Jose Reyes and Rick Lane, each plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law; and

2. the acts of the defendants deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants acted under color of law.

If you find the plaintiffs has proved each of these elements, and if you find that the plaintiffs has proved all the elements they are required to prove, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

### 9.8 CAUSATION

In order to establish that the acts of the Jose Reyes and Rick Lane deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**The Fourteenth Amendment of the United States Constitution:**

No state shall deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

In this case, Plaintiffs Timothy Gantt and Michael Smith contend that Defendants Jose Reyes, Rick Lane fabricated evidence which resulted in the deprivation of plaintiffs' constitutional right to a fair trial under the due process of the Fourteenth amendment. .

In order to prevail on this claim, plaintiffs must prove all of the following:
1. Defendants used investigative techniques that were so coercive and abusive that defendants knew or should have known that those techniques would have yielded false information;
2. The alleged false information was admitted into evidence at the underlying criminal trial.
3. This false information prevented plaintiffs from having a fair trial; and
4. defendants acted with deliberate indifference towards the constitutional rights of the plaintiffs.

Coercive and abusive investigative techniques violate a person's 14th amendment rifght to due process when they shock the conscience, that is, the conduct of the police

officer is intended to injure in some way, unjustified by any governmental interest. Torture is an example of a coercive and abusive investigative technique.

Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Plaintiffs Timothy Gantt and Michael Smith also claim that defendants Rick Lane and Jose Reyes conspired to violate the plaintiffs' constitutional rights by fabricating evidence against them. In order to prevail on this claim, plaintiffs must prove the following:
1. Two or more of the defendants agreed to conspire, and
2. the purpose of the conspiracy was to deprive plaintiffs either directly or indirectly of the equal protection of the laws or of equal privileges and immunities under the law., and
3. one or more of the defendants did an act or caused an act to be done in furtherance of the object of the conspiracy, and
4. plaintiffs suffered some injury as a result of the defendants conspiracy.

Before you may find the defendant has become a member of a conspiracy, it must be shown by a preponderance of the evidence that the conspiracy was knowingly formed, and that the defendant who was claimed to have been a member knowingly participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy.

To act or participate knowingly, means to act or participate voluntarily, and intentionally and not because of mistake, accident or innocent reason.

It is also important that I instruct you as to what this trial is about. The trial is not about whether plaintiffs are innocent or guilty of the murder of Kalpesh Vardham. The issue in this case is whether the defendants violated plaintiffs' due process right to a fair trial, and whether that violation proximately caused their convictions. Plaintiffs are not required to prove that they are innocent of the crime. Likewise, defendants are not required to proved that plaintiffs are guilty of the crime.

If plaintiffs prove the first two elements of their 1983 claim, first, that one or both of defendants acted under color of state law, and second, that one or both of the defendants deprived him of his constitutional right to due process, then you must determine whether the plaintiff has proved the third element of this claim, namely causation. Plaintiff must demonstrate that the conduct of the defendant was a proximate cause of his injuries.

An injury is proximately caused by the defendant's conduct whenever it appears from the evidence that:
1. the conduct played a substantial role in bringing about the injury, and

2.     the injury was either a direct result or a reasonably probable consequence of the defendant's conduct. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries.

To recover damages for an injury, plaintiff must show by a preponderance of the evidence that the conduct of the defendants played a substantial role in bringing about his injuries. If you find that the plaintiff complains about an injury that was not proximately caused by defendant's conduct, then you m ay not award the plaintiff damages for that injury.

## Malicious Prosecution

For the defendants to be liable for malicious prosecution, plaintiff must prove by a preponderance of the evidence that:
1.     defendants initiated or were actively instrumental in the prosecution of the plaintiffs in a criminal action.
2.     the defendants acted without probable cause in initiating or pursuing the prosecution of plaintiffs in the criminal action.
3.     defendants acted with malice or reckless disregard for plaintiffs' rights.
4.     the criminal proceeding was terminated in favor of the plaintiffs and
5.     the plaintiffs suffered a significant restraint on their liberty as a result of the actions of the defendant.

The decision of a judge to hold plaintiff to answer for trial in superior court after a preliminary hearing constitutes prima facie evidence of probable cause. However, there is an absence of probable cause to initiate or continue criminal proceedings if the probable cause was induced by fraud, corruption, fabricated evidence or other wrongful conduct undertaken in bad faith.

A claim for malicious prosecution may be brought against any person who wrongfully caused the criminal proceeding to be started. Any government official who knowingly provided misinformation to a prosecutor or improperly exerted pressure on the prosecutor or concealed exculpatory evidence or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings is liable for malicious prosecution.

There is a termination on the merits if the dismissal reflects the opinion of the prosecuting party or the court that the action lacked merit, or would result in a decision in favor of the defendants. As under in this instruction, the terms malice or malicious mean a wish to vex, annoy or injure another person.

Malice means that attitude or state of mind which causes the doing of an act from some improper or wrongful motive or purpose. It does not necessarily require that the defendant be angry or vindictive or bear any actual hostility or ill will towards the

plaintiffs. Malice, like any other fact, may be proved by direct or circumstantial evidence.