Honorable Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER ,<br><br>Plaintiff,<br><br>v.<br><br>SHARON KRAUSE and MICHAEL DAVIDSON,<br><br>Defendants. | NO.  C11-5424 BHS<br><br>DEFENDANTS' MOTION REGARDING PROPER REBUTTAL EVIDENCE<br><br>**NOTED:  JANUARY 27, 2014** |

**Plaintiff May Not Present Evidence in Rebuttal That Should Have Been Presented in His Case-in-Chief**

Defendants bring this motion setting forth the proper scope of rebuttal to the Court's attention because they believe plaintiff will attempt to present improper "rebuttal" evidence that they should have offered in their case-in-chief, or as a reiteration of evidence offered during plaintiff's case-in-chief. This type of rebuttal is inappropriate and defendants move for its exclusion.

The question of admissibility of evidence on rebuttal rests with the Court's discretion. *State v. White*, 74 Wn.2d 386, 395, 444 P.2d 661 (1968). Defendants ask this Court to be vigilant concerning the propriety of the proposed rebuttal evidence plaintiff presents. Since the defendants simply answered the plaintiff's case-in-chief without raising new issues, rebuttal

DEFENDANTS' MOTION REGARDING
PROPER REBUTTAL EVIDENCE
3:11-cv-05424-BHS

1

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

evidence will be inappropriate.

The Federal Rules of Evidence (FRE) provide in relevant part:

> The court should exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.

FRE 611(a).

As a rule, parties are expected to present all of their evidence in their case-in-chief. *Skogen v. Dow Chemical Co.,* 375 F.2d 692, 705 (8th Cir. 1967); *Shirotiak v. H.C. Price Co.,* 758 P.2d 1271, 1278 (Alaska 1988). Although the plaintiff is not required to anticipate defenses as part of their case-in-chief, the plaintiff may not ignore defense theories or close his eyes to evidence that simply counters plaintiffs' case. *Id.* Evidence that corroborates and supports the allegations made by the plaintiff must be offered during the plaintiff's case-in-chief, not on rebuttal. *Pieniewski v. Benbenek,* 392 N.Y.S.2d 732, 56 A.D.2d 710 (1977).

"Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief." *Cates v. Sears Roebuck & Co.,* 928 F.2d 679, 685, (5th Cir. 1991). Ordinarily, rebuttal evidence or testimony may be introduced only to counter <u>new</u> facts presented in the defendant's case-in-chief. *Allen v. Prince George's Cy. M.D.,* 737 F.2d 1299, 1305 (4th Cir. 1984) (emphasis added) (citing 6 Wigmore, *Evidence*, § 1873 (Chadbourne Rev. Ed. 1976)).

The federal courts have repeatedly noted that evidence which properly belongs in the plaintiff's case-in-chief, but is first introduced in rebuttal, should be rejected so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof. *E.g., Emerick v. U.S. Suzuki Motor Corp.,* 750 F.2d 19, 22 (3rd Cir. 1984).

Washington courts have also stated unequivocally that evidence which could have been offered during the plaintiff's case-in-chief may be rejected when offered for the first time during rebuttal. *E.g., Kremer v. Audette,* 35 Wn. App. 643, 647-48, 668 P.2d 1315 (1983).

DEFENDANTS' MOTION REGARDING PROPER REBUTTAL EVIDENCE
3:11-cv-05424-BHS

2

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

> Rebuttal evidence is admitted to enable the plaintiff to answer new matters presented by the defense. Genuine rebuttal evidence is not simply a reiteration of evidence in chief but consists of evidence offered in reply to new matters. The plaintiff, therefore, is not allowed to withhold substantial evidence supporting any of the issues which it has the burden of proving in its case in chief merely in order to present this evidence cumulatively at the end of defendant's case….

*Kremer,* 35 Wn. App. at 647-48 (quoting *State v. White,* 74 Wn.2d 386, 394-95, 444 P.2d 661 (1968)).

Thus, rebuttal evidence is receivable only where a new matter has been developed by the evidence of one of the opposing parties and is ordinarily limited to a reply to new points. *Roche Fruit v. Northern Pac. R. Co.,* 184 Wash. 695, 689-99, 52 P.2d 325 (1935). Proper rebuttal testimony is any competent evidence which explains, is a direct reply to, or a contradiction of material evidence introduced by any opposing party. *Hartley v. State,* 103 Wn.2d 768, 778-80, 698 P.2d 77 (1985). Based on the foregoing authorities, plaintiff should be prohibited from offering improper rebuttal testimony or evidence.

RESPECTFULLY SUBMITTED this 27th day of January, 2014.

s/Jeffrey A. O. Freimund
JEFFREY A. O. FREIMUND, WSBA No. 17384
Freimund Jackson & Tardif, PLLC
711 Capitol Way South, Suite 602
Olympia, WA  98502
Email:  jeffF@fjtlaw.com
Attorney for defendant Michael Davidson


s/Guy Bogdanovich
GUY BOGDANOVICH, WSBA No. 14777
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
P.O. Box 11880
Olympia, WA 98508-1880
Email:  gbogdanovich@lldkb.com
Attorney for defendant Sharon Krause

DEFENDANTS' MOTION REGARDING PROPER REBUTTAL EVIDENCE
3:11-cv-05424-BHS

3

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
        dhjohnson43@aol.com
    Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
        kathleen.zellner@gmail.com
    Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
        dandavies@dwt.com

          s/Kathrine Sisson
          KATHRINE SISSON
          Legal Assistant to
          JEFFREY A. O. FREIMUND, WSBA No. 17384
          Freimund Jackson & Tardif, PLLC
          711 Capitol Way South, Suite 602
          Olympia, WA  98502
          Telephone:  (360) 534-9960
          Fax:  (360) 534-9959
          jeffF@fjtlaw.com
          Attorney for defendant Michael Davidson

DEFENDANTS' MOTION REGARDING PROPER REBUTTAL EVIDENCE
3:11-cv-05424-BHS

4

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959