Honorable Judge Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLYDE RAY SPENCER,<br><br>               Plaintiff,<br><br>   v.<br><br>DETECTIVE SHARON KRAUSE, and<br>SERGEANT MICHAEL DAVIDSON,<br><br>               Defendants. | No. C11-5424BHS<br><br>PLAINTIFF'S MOTION FOR<br>ATTORNEYS' FEES AND COSTS<br><br><br>NOTE ON MOTION<br>CALENDAR: March 7, 2014 |

## I. INTRODUCTION

Plaintiff Clyde Ray Spencer achieved an improbable victory when a unanimous jury awarded him $9 million in damages after finding that Defendants Sharon Krause and Michael Davidson violated his clearly established constitutional rights. Dkt. 275.

This sum is impressive in light of the existence of what seemed to be, at first blush, considerable challenges in the case: it centered on heinous accusations of sexual molestation of three young children, Plaintiff had apparently made statements to police that he "must have done it," Plaintiff had accepted an *Alford* plea, one of the alleged victims continued to maintain Plaintiff sexually molested him, and most of the evidence favorable to Plaintiff was

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

circumstantial. Adding to these apparent factual barriers to relief were significant legal concerns of collateral estoppel, statute of limitations, qualified immunity, and a high burden of proof, i.e., that the defendants knew or should have known Plaintiff was innocent. This case required Plaintiff to assert novel theories of recovery that this Court recognized were matters of first impression. Due to all these hurdles, numerous attorneys flatly refused to represent Plaintiff in a civil case against those responsible for his imprisonment.

Nevertheless, Plaintiff's counsel accepted this case on a contingent basis, placing thousands of hours and dollars at risk. Plaintiff's counsel accepted the case after careful review because, due to her experience in the field, she recognized the potential of the case, particularly in light of the compelling and credible character of Plaintiff and his children. As a result, Plaintiff received the benefit of representation from a highly-regarded civil rights firm. Congress included fee shifting for § 1983 claims in hope that lawyers such as Plaintiff's counsel would take on risky civil rights cases and vigorously pursue them. *See Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir. 1986). Those incentives worked here, and Plaintiff respectfully requests reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## II. LAW AND ARGUMENT

The prevailing plaintiff in a civil rights case brought pursuant to 42 U.S.C. § 1983 is entitled to recover reasonable attorneys' fees. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983); *Thomas v. City of Tacoma* 410 F.3d 644, 647-49 (9th Cir. 2005) ("To deny an award of attorney's fees notwithstanding Plaintiff's clear victory on one of his claims for relief is an abuse of discretion."). Calculation of reasonable attorneys' fees is accomplished by using the "lodestar" method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is calculated by multiplying the number of hours counsel reasonably expended on the litigation by a reasonable hourly rate. *Id*. In exceptional cases, the lodestar figure may be

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

adjusted upward or downward. *Clark*, 803 F.2d at 991. Plaintiff's counsel is also entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). Plaintiff has the burden to support the requested amount, making a good faith effort to exclude hours and costs that are unreasonable. *Hensley,* 461 U.S. at 429 (1983).

**A.    Plaintiff's Requested Attorneys Fees Based on Lodestar Method and Multiplier**

The following table sets forth Plaintiff's counsel's requested lodestar figures:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| **Kathleen T. Zellner** | 1651.2 | $575 | $949,440 |
| **Douglas H. Johnson** | 1441 | $400 | $576,400 |
| **Nicholas M. Curran** | 261.8 | $300 | $78,540 |
| **Total** | 3354 | | $1,604,380 |

Plaintiff further seeks application of a 1.5 multiplier, arriving at a requested total compensation of $2,406,570. For the reasons stated herein, Plaintiff's requested lodestar figures and multiplier are entirely reasonable and should be accepted by this Court.

**1.    Application of factors relevant to determining reasonableness of lodestar**

In *Hensley*, the U.S. Supreme Court expressly approved of the following 12 factors in determining a reasonable lodestar figure:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent[1]; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[1] This factor is no longer used. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 n.2 (9th Cir. 2000).

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

461 U.S. at 430 n.3; *accord Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Courts have subsequently held that certain *Hensley* factors, such as the undesirability of the case, the preclusion of employment by the attorney due to the demands of the case, and the potential for receiving no payment, should be considered separately to determine if a lodestar multiplier is warranted. *See Clark*, 803 F.2d at 991-92. The remaining *Hensley* factors, however, are "subsumed" in the lodestar calculation and are therefore relevant in the instant analysis. *See Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1327 (W.D. Wash. 2009) (applying *Kerr* factors). Application of the "subsumed" factors favors a lodestar higher than the one Plaintiff has proposed.

### a. Degree of success, the most critical factor

The U.S. Supreme Court has made clear that "the most critical factor" in determining reasonableness of the fee award "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). Under any standard, the $9 million verdict in this difficult case was an objective and unmitigated success for Plaintiff. Because Plaintiff obtained "excellent results" and all of Plaintiff's claims arose out of the same common facts, Plaintiff's attorneys should recover the fully compensatory fee. *See Hensley*, 461 U.S. at 435; *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003) (counsel entitled to fees for hours spent on all claims, even if not all were successful, where claims arose from common facts related to detention and prosecution).

### b. Novelty and complexity of issues presented

The claims raised and proven by counsel were novel and unique. On January 28, 2014, this Court held, "This case is what we in the law call sui generis, that is I haven't seen another case where there was deliberate fabrication allegations by investigators where an *Alford* plea was entered." Trial Transcript, January 28, 2014 at 11. This Court likewise stated that "this is a

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

unique kind of case where lots of evidence, again, will come in, which would otherwise be considered hearsay or for some other reason not admissible." Trial Transcript, January 7, 2014, at 121. This novel evidentiary facet required counsel to expend significant time developing a course of action to manage the potentially prejudicial information regarding Plaintiff's former life, all the while seeking to prove a case with no precedent.

In addition to its novelty, the complexity of this case is self-evident. Plaintiff alleged that one government actor fabricated evidence knowing Plaintiff was innocent, another government actor was liable as a supervisor, and the first actor ultimately duped additional government actors, causing Plaintiff's arrest, conviction, and over 20-year incarceration. Plaintiff's counsel had to prove the case circumstantially with evidence of concealed reports, an improper relationship, misquotations and misrepresentations, false statements, forged documents, and analysis and evaluation of over 800 quotations appearing in police reports. In short, this case involved truly novel and unique legal and factual matters.

      **c.**    **Experience, skill and reputation of counsel**

In calculating reasonable hourly rates, courts pay particular attention to "the experience, skill, and reputation of the attorney requesting fees." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). Plaintiff's counsel have submitted declarations outlining their biographical information. *See* Declaration of Kathleen T. Zellner in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Zellner Dec."), at ¶¶4-9; Declaration of Douglas H. Johnson in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Johnson Dec."), at ¶¶4-8; Declaration of Nicholas M. Curran ("Curran Dec."), at ¶¶ 4-5. In summary, Plaintiff's counsel have years of experience in the civil rights field, they have obtained multiple multi-million dollar awards for their clients, and they are highly regarded in their profession. The verdict in this difficult case affirms counsel's skill and experience.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

### d.     Time and Labor Required

This Court is well-aware of the demanding and time-consuming nature of this case, as it has spent many hours considering and adjudicating the facts and issues at hand. The parties engaged in extensive discovery, complex and repeated summary judgment briefing, and substantial motion practice up to and through the fifteen-day trial. Plaintiff's counsel's preparation throughout the litigation permitted them to put on a highly persuasive case.

In *White v. McKinley,* the plaintiff alleged, *inter alia*, that the defendants manufactured allegations of child sexual abuse against the plaintiff, concealed key information (including a medical report), and engaged in an improper relationship with the alleged victim's mother. 519 F.3d 806, 8108-11 (8th Cir. 2008). The district court approved around 3300 attorney hours to the six attorney team that represented the plaintiff. *White v. McKinley*, 2009 WL 813372, at *1 (W.D. Mo. Mar. 26, 2009). Given the similarities between this case and *White,* 3300 hours provides a ballpark of the amount of attorney time necessary to take a case like this to verdict.[2]

### e.     Customary fee, i.e., the "market rate"

The party seeking fee-payment has the burden to produce satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979. This burden can be met with "affidavits of the plaintiff's attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases." *Id.*

Daniel Davies served as local counsel for Plaintiff in this case. Declaration of Daniel Davies ("Davies Dec."), ¶ 3. In a declaration filed with this motion, Mr. Davies explains that litigation partners at the Seattle firm he works for, Davis Wright Tremaine LLP ("DWT"), bill

---

[2] In *Jiminez v. City of Chicago*, the plaintiff's attorneys in a § 1983 case arising from 16 years of wrongful incarceration were approved for over 5,400 hours. 2012 WL 5512266, at *6 (N.D. Ill. Nov. 14, 2012).

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

at a range of $450 to $600 depending on experience. *Id.* at ¶ 4. The litigation partners at DWT would charge these rates in a case such as this one. *Id.* As explained by Mr. Davies, partners at DWT with 21-25 years of experience bill at a rate between $465 and $555. *Id.* at ¶ 5, Exhibit A. Litigation partners at DWT with 26-30 years of experience bill at a rate between $536 and $560. *Id.* The average rate for a partner with 31 or more years of experience is $596. *Id.*

The U.S. District Court for the Western District of Washington has approved rates for plaintiffs' attorneys up to $800, well exceeding those utilized by DWT. *See, e.g., Pelletz*, 592 F. Supp. 2d at 1326-27. In 2012, the U.S. District Court for the Western District of Washington approved a billing rate of $550 for John Connelly, managing partner of a Seattle and Tacoma-based civil rights and personal injury firm, who served as a "trial consultant" in the § 1983 civil rights case of *Ostling v. City of Bainbridge Island*, 2012 WL 4846252, at *2 (W.D. Wash. Oct. 11, 2012). *See also* Zellner Dec., Exhibit B. Mr. Connelly has substantial experience and a strong track record of success, but apparently did not actively litigate the case. *Ostling,* 2012 WL 4846252, at *2; Zellner Dec., Exhibit B at ¶¶ 5-6. As a result of his limited role, Mr. Connelly's rate of $550 in *Ostling* provides a floor for managing partners of plaintiffs firms with a track record of success, such as Ms. Zellner, and that rate would increase depending on the partner's role at trial.

In *Ostling*, associate attorneys with four and twelve years of experience were approved at $325 and $350 an hour, respectively. *Ostling,* 2012 WL 4846252 at *2; Curran Dec., Exhibits B and C. Mr. Davies has been practicing as an associate at DWT since January 2010. Mr. Davies billed Plaintiff's counsel in this case at a rate of $250 when the case began in 2011 (with one year of experience) and at a rate of $315 per hour by the time it completed in 2014 (with four years experience). Davies Dec. at ¶ 6. In light of the foregoing, the market rate for an associate with six years of experience would lie between $325 and $350 per hour.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

### 2. Plaintiff's submitted hours are reasonable and should be accepted

Each of Plaintiff's attorneys has submitted time sheets documenting the hours he or she has dedicated to this case, providing the general subject matter of each expenditure. *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004); *see also* Zellner Dec., Exhibit A; Johnson Dec., Exhibit A; Curran Dec., Exhibit A. Plaintiff's counsel have engaged in a good-faith review of their own billing records to exclude matters and tasks that could be construed as unnecessary or excessive. The time sheets are very conservative. The amount of time submitted by Plaintiff's counsel is entirely reasonable in light of the facts and considerations outlined above.

### 3. Plaintiff's proposed hourly rates are reasonable and should be accepted

Kathleen T. Zellner is the managing and founding partner of KTZ & Associates, a highly successful plaintiffs firm in the Chicago area. Zellner Dec. at ¶¶ 5-9. Ms. Zellner has achieved a number of multi-million dollar awards for her clients. *Id.* at ¶¶ 6-7. Ms. Zellner took the lead in every key aspect of this case, from complaint through trial, making crucial decisions along the way. *Id.* at ¶¶10-16. At an important point in discovery, Ms. Zellner recognized that the focus of this case should be on deliberate misquotation and misrepresentation, as in *Constanich v. Dept. of Social and Health Services*, 627 F.3d 1101 (9th Cir. 2010). *Id.* at ¶ 11. Ms. Zellner focused Plaintiff's discovery on this theory of recovery and made it a key argument in Plaintiff's summary judgment responses. *Id.* This Court agreed that there was sufficient evidence of deliberate fabrication, and, as a result, denied Defendants' summary judgment motions. Dkt. 180 at 22-31.

At trial, Ms. Zellner continued as lead counsel, Zellner Dec. at ¶¶ 12-16, making the opening, closing, and rebuttal arguments on behalf of Plaintiff, *id.* at ¶ 12. She also presented the important testimony of Plaintiff and his children, Matthew and Katie. *Id.* Ms. Zellner examined important hostile witnesses such as Shirley Spencer, Judge Thomas Lodge,

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Defendant Krause, and Defendant Davidson, effectively impeaching and obtaining key admissions from each witness along the way. *Id.* at ¶¶ 13-15. The verdict makes clear that the jury did not credit the testimony of these hostile witnesses or any argument based on these witnesses that anyone other than Defendants was the "moving force" behind Plaintiff's injuries.

Ms. Zellner's requested fee is $575, which is in line with what is billed by partners with similar experience at DWT in Seattle. Davies Dec. at ¶ 5, Exhibit A. Ms. Zellner's requested fee is only slightly above what was approved for John Connelly by the Western District of Washington in *Ostling*, reflecting the more significant lead counsel role Ms. Zellner played throughout the case and the higher award (exceeding the *Ostling* verdict by a ratio of 9:1) she obtained for her client. Ms. Zellner's requested fee is very reasonable in light of her background and the contributions she made in this case. *See* Zellner Dec. at ¶¶ 4-16.

Douglas H. Johnson is a partner at KTZ & Associates. Johnson Dec. at ¶ 4. Prior to trial, Mr. Johnson was the primary researcher and drafter of many documents filed on Plaintiff's behalf, and he conducted numerous important depositions. *Id.* at ¶ 9. At trial, Mr. Johnson had the difficult task of examining Defendants' attorney witnesses—Arthur Curtis, James Peters, and Rebecca Roe. *Id.* at ¶ 11. He successfully discredited their suggestions that the prosecutors in this case made an independent decision to prosecute Plaintiff. *Id.* Mr. Johnson also presented the direct testimony of numerous witnesses called on Plaintiff's behalf and argued various motions and evidentiary matters. *Id.* at ¶¶ 12-13. Mr. Johnson's requested fee is $400. This is a much undervalued fee, coming in at $110 per hour less than what a partner at DWT with similar experience would bill at in this case. It is also $150 per hour less than that approved for Mr. Connelly in the *Ostling* case and it is only $50 per hour more than that approved for a second-chair trial counsel associate with close to ten fewer years of experience in the *Ostling* case.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 9

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

Nicholas M. Curran is an associate at Ms. Zellner's firm. Curran Dec. at ¶ 1. Mr. Curran conducted extensive document review, assisted in discovery, performed preliminary research and drafting, and assisted in trial preparation. *Id.* at ¶ 6. Mr. Curran's requested fee is $300. This fee is less than that which is being billed in this case by Mr. Davies, who has two fewer years of experience and served only as local counsel, and it is well below the rates approved for the associates in *Ostling*.

In sum, all the fees requested by Plaintiff's counsel are entirely reasonable in light of consideration of the *Hensley* factors set forth above and should be approved by this Court.

### 4. Lodestar multiplier

In *Clark v. Los Angeles*, the Ninth Circuit held that the following facts "illustrate clearly the need for an upward fee adjustment" of 1.5: (1) the undesirability of the case, (2) counsel's ability to obtain the relief sought by his client, (3) the fact that counsel's involvement in the case "necessarily precluded him from accepting other employment," and (4) the fact that "it was never clear that he would receive anything for his efforts" until the jury verdict. 803 F.3d at 991-92. These same considerations make the same lodestar adjustment appropriate here.

#### a. Undesirability of the case

After the charges against him were dropped, Plaintiff could not find an attorney to represent him in his civil case. Zellner Dec. at ¶ 20. This underscores the undesirability of Plaintiff's case. *See Clark,* 803 F.3d at 991. As explained above, the case was undesirable because the evidence against Plaintiff included unfavorable statements, heinous allegations, evidence of prior bad acts and character issues, and an *Alford* plea. Winning the case would require counsel to overcome stringent legal burdens associated with § 1983 cases. If those burdens were overcome, counsel then would have the unenviable task of proving that respected officers continued their investigation despite knowing Plaintiff was innocent.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 10

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

Dr. Spencer became aware of Ms. Zellner through national media coverage of her work. Zellner Dec. at ¶ 20. Unlike in *Ostling*, where the court denied application of a lodestar multiplier, Plaintiff's counsel did not quickly accept this case. *Id.* at ¶ 21. She first reviewed the criminal file and met with Plaintiff and his family. *Id.* After much deliberation, she decided to take the case at great risk. *Id.* at ¶¶ 21-23.

### b.  Ability to obtain relief sought by client

Dr. Spencer sought civil counsel to clear his name and receive compensation for the harm he had suffered. In procuring a favorable verdict in the amount of $9 million, it is beyond dispute that Plaintiff's counsel obtained the relief sought by Dr. Spencer.

### c.  Plaintiff's counsel was precluded from retaining other cases

Due to the complex and novel nature of this case, Plaintiff's counsel was precluded from obtaining or continuing other potentially viable cases. Zellner Dec. at ¶ 17-19; Curran Dec. at ¶¶ 7-9. Plaintiff's counsel's office is made up of four attorneys, two associates and two partners. Zellner Dec. at ¶ 17. The sheer volume of hours submitted in this case is evidence that the firm would need to focus on the present case at the cost of turning down others. Before this case intensified in November 2012, Plaintiff's counsel had no fewer than 15 active personal injury and medical malpractice cases. *Id.* at 18. At current date, Plaintiff's counsel has only two such cases. *Id.* This reduction is due to, in part, the fact that Plaintiff's counsel was simply unable to exert the time and resources to begin anew with personal injury or medical malpractice claims. *Id.*

### d.  Danger of not receiving any compensation

Dr. Spencer could not afford to pay a retainer to Plaintiff's counsel. Zellner Dec. at ¶ 22. Plaintiff's counsel engaged in representation on a contingent nature, placing substantial time and resources at risk. *Id.* Plaintiff's counsel had zero assurances that they would be

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 11

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

compensated until the jury read the final verdict line. In fact, Plaintiff's counsel had zero assurances that they would be compensated at all, even if they prevailed, because the County is not insured. *Id.* at ¶ 23. Plaintiff's counsel is confident in its ability to obtain compensation, but it is not a guarantee.

In light of all the foregoing (Section 4.a-d), a 1.5 lodestar multiplier of the same type approved by the *Clark* court is appropriate in this case.

**B. Requested Costs**

Plaintiff's counsel incurred substantial out-of-pocket costs prosecuting this case, including expert fees, court reporter fees, and other charges. As part of a good-faith effort to resolve this litigation as expeditiously as possible, Plaintiff is seeking to recoup only a portion of those costs. Zellner Dec. at ¶ 24. The costs Plaintiff is seeking to recoup total $88,784.31 and are detailed in the Declaration of Scott T. Panek, Office Manager for Kathleen T. Zellner & Associates, P.C. The only cost that may not be immediately recognizable by this Court is that paid to Ross Colby. Mr. Colby handled all the technological aspects of this case, from digital exhibit creation to technology and sound in the courtroom. Zellner Dec. at ¶ 25. As explained by Ms. Zellner, Mr. Colby's contributions are invaluable to a successful trial and costs paid to him would absolutely be sought with a fee-paying client. *Id.*

### III. CONCLUSION

In total, Plaintiff seeks an award for reasonable attorneys' fees (with a 1.5 multiplier) in the amount of $2,406,570, and reasonable costs in the amount of $88,784.31, for a total award of $2,495,354.31. Plaintiff respectfully requests that this Court award him these reasonable attorneys' fees and out-of-pocket costs pursuant to 42 U.S.C. § 1988 and the law of this Circuit.

RESPECTFULLY SUBMITTED this 18th day of February, 2014.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 12

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

| | |
|---|---|
| /s/ Kathleen T. Zellner | /s/ Daniel T. Davies |
| Kathleen T. Zellner | Daniel T. Davies, WSBA # 41793 |
| Admitted *pro hac vice* | Local counsel |
| Kathleen T. Zellner & Associates, P.C. | David Wright Tremaine LLP |
| 1901 Butterfield Road, Suite 650 | 1201 Third Avenue, Suite 2200 |
| Downers Grove, Illinois 60515 | Seattle, Washington 98101-3045 |
| Phone: (630) 955-1212 | Phone: (206) 757-8286 |
| Fax: (630) 955-1111 | Fax: (206) 757-7286 |
| kathleen.zellner@gmail.com | Email: dandavies@dwt.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 13

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois 60515
630.955.1212 main · 630.955.1111 fax

DECLARATION OF SERVICE

I hereby certify that on February 18, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |
|---|---|

   /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 14

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax