Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

CLYDE RAY SPENCER ,

                            Plaintiff,

v.

DETECTIVE SHARON KRAUSE, and
SERGEANT MICHAEL DAVIDSON,

                            Defendants.

NO.  C11-5424 BHS

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

**NOTED:  March 7, 2014**

## I.      INTRODUCTION

Defendants Sharon Krause and Michael Davidson ("defendants") jointly respond to Plaintiff's Motion for Attorneys' Fees and Costs ("Fee Motion").   Plaintiffs' Fee Motion requests over $2.4 million in attorneys' fees, and nearly another $90,000 in costs.  Plaintiff's fee request and cost bill are insufficiently supported and excessive for the reasons set forth below.

## II.      LAW AND ARGUMENT

### A.  Law and Rules Governing Attorney Fee Applications

In *Hensley v. Eckerhart,* 461 U.S. 424 (1983) the court set forth the following standards to be applied in determining a reasonable attorney fee in fee-shifting cases:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 1 -

make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended."  S.Rep. No. 94-1101, p. 6 (1976).  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  "In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

*Hensley,* 461 U.S. at 433-34.  Citing *Hensley,* the Ninth Circuit Court of Appeals has cautioned that "fee awards are not negotiated at arm's length so there is a risk of overcompensation.  A district court thus awards only the fee that it deems reasonable." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008).

The "hours reasonably expended multiplied by a reasonable hourly rate" calculation is known as the "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).  In *Camacho* the court made clear that "[t]his circuit requires a district court to calculate an award of attorneys' fees by *first* calculating the 'lodestar'" before departing from it.  *Camacho,* 523 F.3d at 981.  In addition, a district court:

may reduce attorneys' fees by a percentage, so long as the court sets forth clear and concise reasons for adopting this approach.  *See Ferland,* 244 F.3d at 1151 (explaining that the district court must both "explain adequately the decision to cut the lodestar hours … by the across-the-board method" and "provide … some explanation for the precise reduction chosen"); *Gates,* 987 F.2d at 1400 (recognizing that "percentages indeed are acceptable, and perhaps necessary, tools for district courts fashioning reasonable fee awards").

*Camacho,* 523 F.2d at 982.  Finally,

[a]lthough "[t]he determination of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion," *Zuniga v. United Can Co.,* 812 F.2d 443, 454 (9th Cir. 1987) ( citation omitted), the Supreme Court has directed that "[i]t remains important . . . for the district court to provide a

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 2 -

concise and clear explanation of its reasons for the fee award." *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933.

*Tutor-Saliba Corp. v. City of Hailey,* 452 F.3d 1055, 1065 (9th Cir. 2006).

The following are the specific grounds, with supporting argument and citation to additional authorities, for substantially reducing the amount requested in plaintiff's Fee Motion.

### B.  Specific Grounds for Reduction of Fee Motion.

#### 1.  Plaintiff has failed to submit sufficiently trustworthy and detailed time records.

As set forth in *Hensley,*

the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  The applicant should exercise "billing judgment" with respect to hours worked . . . <u>and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims</u>.

*Hensley,* 461 U.S. at 437 (emphasis added).

Here, none of the "Billed Hours" attached to the declarations of the three attorneys claiming fees were generated contemporaneously with the work claimed.  Rather, they all were compiled after the fact, as evidenced by the following identical, generic explanation inserted in each declaration:  "I have compiled time records for the hours expended on this case based on my entries in time books that I update regularly, as well as my review of my files in this case and my own recollection."  Zellner Declaration (Dkt. 278), p. 1, lns. 21-23; Johnson Declaration (Dkt. 279), p. 1, lns. 21-23; Curran Declaration (Dkt. 281), p. 1, lns. 22-24.  In addition, the Fee Motion relies exclusively upon the self-serving and conclusory statement, also repeated identically in each of the attorneys' Declarations, that certain unidentified and unexplained fees and costs have already been excluded because "they could be construed as unnecessary or excessive."  Zellner Dec., p. 1, ln. 23 - p. 2, ln.1; Johnson Dec., p. 1, ln. 23 - p. 2, ln. 1; Curran Dec., p. 1, ln. 23 - p. 2, ln. 1.  Plaintiff's counsel cannot withhold the contemporaneously

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 3 -

1   generated billing records from review by defense counsel and the Court, create new records

2   after completion of over two and one-half years of litigation, and then simply say "I've already

3   taken out all hours which could be construed as unnecessary or excessive."

4        In many instances the entries in the Billed Hours exhibits to the attorneys' declarations

5   lack the detail necessary to enable identification of the specific task for which time is being

6   claimed and the amount of time claimed for each such task.  Parties seeking fees must present

7   time records that enable the identification of the task for which time is being charged.  *Hensley,*

8   461 U.S. at 437.  A district court may properly impose a reduction for "block billing," which is

9   "the time-keeping method by which each lawyer and legal assistant enters the total daily time

10  spent working on a case, rather than itemizing the time expended on specific tasks."  *Welch v.*

11  *Metropolitan Life Insurance,* 480 F.3d 942, 945, n.2 (9th Cir. 2007) (internal citation omitted).

12  In such a case the court "should 'explain how or why … the reduction … fairly balance[s]'

13  those hours that were actually billed in block format."  *Welch,* 480 F.3d at 948 (internal citation

14  omitted).  The court in *Welch* approved a 20% across the board reduction of all time improperly

15  block billed.  *See Welch,* 480 F.3d at 948.  *Welch* cited and relied upon *Role Models Am., Inc. v.*

16  *Brownlee,* 353 F.3d 962, 971 (D.C. Cir. 2004), in which the court reduced a fee application by

17  50% due to improper block billing.  *Id.*

18       Vague or generic entries, such as "research", "conference" or "review of document,"

19  that do not identify subject matter, purpose, or details of work done also will not support a fee

20  award.  *Cristancho v. NBC*, 117 F.R.D. 609 (N.D. Ill. 1989).  The court described the problem

21  with generic time entries in *In re Olsen,* 884 F.2d 1415, 1428 (D.C. Cir. 1989):

25          Examination of the application reveals numerous instances where the billing
            entries were not adequately documented.  This defect in adequate record keeping

26          is most prevalent among lawyers billing at the highest rates.  For example, there

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

- 4 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

are multitudinous billing entries, included among other entries for a particular day, that wholly fail to state, or to make any reference to the subject discussed at a conference, meeting or telephone conference. … Such deficient specifications make it impossible for the court to determine, with any degree of exactitude, the amount of time billed for a discreet (sic) activity where the lawyer in question billed for more than one activity in a day.

Here, an examination of each of the three attorneys' Billed Hours exhibits reveals the following number of entries and hours claimed which are either block billed, contain generic descriptions such as "review file" and "legal research," or both:  KTZ – Billed Hours (Dkt. 278-1), 182 entries, 1286.90 hours claimed; DHJ – Billed Hours (Dkt. 279-1), 209 entries, 1004.9 hours claimed; and NMC – Billed Hours (Dkt. 281-1), 55 entries, 231.6 hours claimed.

Reproductions of all of these time entries have been compiled, and are attached to the Declaration of Guy Bogdanovich in Support of Defendants' Response to Plaintiff's Motion for Attorneys' Fees and Costs ("Bogdanovich Dec."), as Exhibit A.  Pursuant to the foregoing authorities, the 2531.6 total hours claimed in these insufficiently detailed entries should be reduced by 35% (the mid-range between the 20% and 50% reductions approved in the above-cited cases), reducing the number of claimed hours by 883.2 hours in total.  By attorney, the 35% reduction leaves Ms. Zellner with 1200.8 hours, Mr. Johnson with 1089.3 hours, and Mr. Curran with 180.8 hours.[1]

A few examples of subjects which are included among the block billed entries illustrate the need for this reduction.[2]  Mr. Johnson's Billed Hours include 29 separate dates between 10/29/2010 and 5/6/2011 which reference "prepare complaint" or "draft complaint," either

---

[1] By comparison, through trial, Krause's attorney billed 1,167 hours at $205/hour for a total of $239,235, and Davidson's attorney billed 970.80 hours at $200/hour for a total of $194,160.  *See* Bogdanovich Dec. and Freimund Dec.

[2] Many of these same task descriptions requiring exclusion from the fee award are set forth in single task entries, and can therefore be excluded in their entirety.  All such entries will be identified in the following section.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

alone or in combination with other activities.  The hours billed for these dates total 92.4.  Ms. Zellner's Billed Hours include a total of 12.6 hours over four dates between 4/29/2011 and 5/3/2011 to "review and modify complaint," and one date on which "search for local counsel" is also included in the task description.  Finally, Mr. Curran's Billed Hours start with a description of "[r]eview complaint" on 5/6/2011 for 1.5 hours.  It would be patently unreasonable and excessive to claim a total of 106.5 hours to draft a complaint, especially with two of the attorneys having the experience and claiming the hourly rates of Ms. Zellner and Mr. Johnson.  Without knowing how much time to deduct for other activities block billed in some of these entries, however, there is no way of knowing how much time is claimed to have been, or actually was, spent drafting the complaint.  This is precisely why the 35% reduction of all block billed and vague entries are necessary.

Another example is provided by numerous entries for "review local rules."  Mr. Johnson's Billed Hours include five dates between 8/11/2011 and 8/26/2011 which describe "review local rules" either alone or in combination with other activities.  The hours claimed on these dates total 9.3.  Ms. Zellner's Billed Hours include another 21.9 hours over four dates between 8/13/2012 and 8/21/2012 to "review local rules," each time in connection with other activity.  Again, it would be patently unreasonable to claim that two experienced attorneys would need to spend 31.2 hours reviewing local court rules.  Yet, without billings which specify the amount of time spent each day by task, it is impossible to discern how much time for review of local rules is actually being claimed.

There are other grounds upon which defendants challenge certain work claimed, but they cannot identify a specific number of hours for reduction because of the improper block billing with other activities.  For example, hours that were not "reasonably expended," or were

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

- 6 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    "otherwise unnecessary" to the result should be excluded. *Hensley,* 461 U.S. at 434.  Many of

2    the block billing entries include work with Dr. Bernet, an expert retained by plaintiff solely for

3    the purpose of establishing that the interview techniques used by defendants Krause and Peters

4    were improperly coercive and abusive.  The coercive interview techniques claim was dismissed

5    by this Court on summary judgment, and Dr. Bernet was not called by plaintiff to testify at trial.

6    Dr. Bernet's opinions were unrelated to the lone claim upon which plaintiff prevailed, that

7    defendant Krause fabricated statements in her reports.  Dr. Bernet admitted in his deposition

8    that he was not in a position to express an opinion as to whether defendant Krause lied in her

9

10   reports.  Dkt. 139, p. 17, lns. 13-16.  Consequently, all attorney hours claimed in connection

11   with Dr. Bernet's work were unnecessary to the result and should be excluded, but cannot be

12   itemized in a specific manner due to the block billing entries that include this time.

13

14           The same is true with regard to numerous block billing entries documenting attorney

15   time spent working with Dr. Kuncel, an expert hired by plaintiff to address psychological and

16   emotional damages.  After defendants retained Dr. Klein and produced a report demonstrating

17   the invalidity of Dr. Kuncel's evaluation, plaintiff withdrew Dr. Kuncel as an expert and did not

18   call her to testify at trial.  *See* Dkt. 132.  Thus, all attorney hours claimed in connection with Dr.

19

20   Kuncel's work were unnecessary to the result and should be excluded, but these hours cannot be

21   itemized in a specific manner due to the block billing entries that include this time.

22           Also, legal work done on a case must be done by a lawyer with the appropriate level of

23   experience and rate.  Legal tasks that could be performed by attorneys receiving lower rates

24   should not be compensated at higher rates when performed by attorneys who have more

25   experience than required.  *See In re Fine Paper Antitrust Litigation,* 751 F.2d 562 (3rd Cir.

26   1984), *vacated on other grounds,* 483 U.S. 1015, 107 S.Ct. 3255, 97 L.Ed.2d 754 (1987).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 7 -

Hours claimed by attorneys, paralegals and law clerks for such things as "pick up copies," "Xerox/distribute memo," "tag exhibits," and "organize files" are "routine work" which is properly considered part of a firm's overhead already addressed in its hourly rates. *Keith v. Volpe,* 644 F. Supp. 1312 (C.D.Cal. 1986). In violation of these principles, many of Ms. Zellner's block billing entries include descriptions such as "assemble exhibits," "organize exhibits in binders," or "set up exhibits," all tasks that should be considered part of the firm's overhead, or at least done by a less experienced attorney who is not claiming $575 per hour.

**2. Other time entries which should be excluded.**

There are numerous entries of time that should be excluded under the authorities and argument set forth above, and which can be itemized because they are entered as single task descriptions. Reproductions of all of these time entries have been compiled and are attached to the Bogdanovich Dec. as Exhibit C. Subtracting these hours from the total for each attorney after reduction for block or vague billing leaves 1161.1 hours for Ms. Zellner, 1051.5 hours for Mr. Johnson, and 180.5 hours for Mr. Curran.

**3. The claimed hourly rates for attorneys should be reduced.**

A reasonable hourly rate derives from the "prevailing market rates in the relevant community." . . . The moving party must prove the prevailing market rate. . . . Rates of comparable attorneys in the forum district are usually used. . . . This rate factors the experience, skill, and reputation of the attorneys requesting fees. . . . In addition to considering affidavits and evidence submitted by the parties, the court may "rely on its own familiarity with the legal market."

*Stormans Inc. v. Selecky,* 906 F.Supp.2d 1093, 1104-05 (W.D.Wash. 2012) (internal citation omitted). *Stormans* was a civil rights case involving novel issues of law in which the court approved rates in 2012 for litigation attorneys with the Seattle firm of Ellis, Li and McKinstry at between $360 and $190 per hour. *Id.,* at 1105, n. 6.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS
- 8 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    Here, the Fee Motion relies almost exclusively upon a chart of 2014 rates charged by

2    litigation partners at the Seattle firm of Davis Wright Tremaine (Dkt. 280-1).  Neither this chart,

3    nor anything else filed by plaintiff, establishes the area of practice or the specific civil rights

4    litigation experience of the DWT partners.  Plaintiff's reliance upon *Pelletz v. Weyerhauser Co.,*

5    592 F.Supp.2d 1322 (W.D.Wash. 2009) for the proposition that the court has approved rates "up

6    to $800" is misplaced, as that was a complex and novel class action case and the rate was

7    approved for attorneys from a New York law firm "in [their] respective relevant community."

8    *Id.,* 592 F.Supp.2d at 1326-27.  The only other rate cited by plaintiff is the $550 per hour rate

9    approved for John Connelly in 2012, which plaintiff argues should establish a "floor" for rates of

10   managing partners in successful plaintiff's civil rights firms.  To the contrary, based upon the

11   record before this Court, the Court's familiarity with the Tacoma legal market, and pursuant to

12   the foregoing authorities, a reasonable rate for Ms. Zellner in this case should be set at $400 per

13   hour; Mr. Johnson (second-chair at trial) at $300; and Mr. Curran at $200.

14   

15       **4.  A lodestar multiplier is not warranted.**

16       The lodestar figure is presumptively a reasonable fee; an adjustment upward or

17   downward is appropriate only in "rare" or "exceptional" cases, supported by <u>both</u> "specific

18   evidence" on the record and "detailed findings" by the lower court that the lodestar amount is

19   unreasonably low or unreasonably high.  *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d

20   1041 (9th Cir. 2000) (citing *Pennsylvania v. Deleware Valley Citizens' Council for Clean Air,*

21   478 U.S. 546, 565 (1986)); *Blum v. Stenson,* 465 U.S. 886, 898-901 (1984).   Plaintiff's

22   argument falls far short of establishing that this is the type of rare or exceptional case justifying

23   the requested upward multiplier of 1.5.

24       Plaintiff relies exclusively upon *Clark v. City of Los Angeles,* 803 F.2d 987 (9th Cir.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

- 9 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1986) in support of the request for a 1.5 multiplier of the presumptively reasonable lodestar fee. *Clark* is not persuasive authority, however, since it relied upon the existence of a contingent fee arrangement between the plaintiff and plaintiff's counsel to justify an upward adjustment:

> The risk and delay involved in contingent fee arrangements have long been seen as justifications for the relatively large fees often resulting in contingency cases. It is consistent, then, to conclude, as we do, that a contingent-fee arrangement may justify an upward fee adjustment when the record shows that an adjustment is necessary to award counsel the "reasonable" fee to which he is entitled under section 1988.

*Clark,* 803 F.2d at 991. Yet, as acknowledged in the Fee Motion at p. 3, n. 1, whether a fee is fixed or contingent is no longer relevant to the fee award inquiry. *See Van Gerwen,* 214 F.3d at 1045, n. 2. Plaintiff's reliance on *Clark* is thus misplaced.

Even if the criteria utilized by the court in *Clark* within the contingent fee framework were still considered valid, a multiplier would not be warranted. The Fee Motion claims the case was undesirable, but relies upon nothing but inadmissible hearsay within hearsay in the Zellner Declaration where she testifies plaintiff told her "he had been rejected by numerous attorneys due to the difficulty of the case." Fee Motion, p. 10, lns. 17-19; Zellner Dec., p. 6, lns. 10-11. This inadmissible hearsay within hearsay should be stricken. Even if considered, it is belied by the attention plaintiff's claims had attracted before Ms. Zellner was contacted, including the feature on the ABC News 20/20 program "Kids Recant."

In addition, there is inadequate factual support for the claim that there was a significant reduction in the number or kinds of other cases plaintiff's counsel could accept because of their work on this case. This claim is based upon the argumentative assertion that this case "was complex and novel." Fee Motion, p. 11, lns. 11-12. *Contra* Dkt. 29, p. 1 (Joint Status Report, noting case had only "moderate … complexity"). To the contrary, the claims against defendants

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

- 10 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

Krause and Davidson involved straight-forward issues of false arrest, false imprisonment and malicious prosecution based upon allegedly fabricated evidence.  Any complexities were the product of plaintiff's over-reaching by initially including two additional plaintiffs whose claims were dismissed as time-barred, and also suing private citizen Shirley Spencer, Clark County, the Clark County Sheriff's Office, the Clark County Prosecutor's Office, and former Deputy Prosecutor James Peters, all of whom were dismissed based upon clearly established legal defenses.  Despite the initial over-breadth of the claims, no exceptions were requested to the limits on discovery, such as the number of depositions or written interrogatories allowed.  Dkt. 47, p. 3, lns. 5-6.

Further, as evidenced by the articles touting Ms. Zellner's involvement in various cases between October 2011 and November 2013, it appears Ms. Zellner and her firm have suffered no shortage of other cases during the pendency of this case, and there is no basis for claiming even more cases could not be accepted due in any appreciable way to this case as opposed to any of the others her firm has been handling.  *See* Bogdanovich Dec., Ex. B.

### C. Plaintiff's Requested Costs Are Excessive.

Plaintiff seeks $88,784.31 in taxable costs as set forth in Dkt. 282-1.  This request includes the fee of plaintiff's polygraph expert, David Raskin, in the amount of $20,069.80.  Dkt. 282-1, p. 1.  Expert fees are not a recoverable cost under 42 U.S.C. § 1988 for actions pursued under § 1983.  *Stormans Inc.,* 906 F.Supp.2d at 1106-07.  This cost should be excluded.

Plaintiff also seeks $37,279.02 for "electronic trial support" including "digital exhibit creation … and sound in the courtroom."  Dkt. 277, p. 12, lns 14-15; Dkt. 282-1, p. 1.  There is no authority permitting plaintiff to shift the costs to defendants of "creating" his exhibits in an "electronic" format and enhancing the "sound" in a courtroom that already has a sound system.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

- 11 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

This cost should be excluded in its entirety.  Alternatively, it is inappropriate to bill multiple hours per day for daily "trial consulting" by a non-lawyer, including on weekends and holidays, when the "support" services were used infrequently during the actual trial.  Mr. Colby's travel costs also should be excluded because there is no evidence a similar service could not be provided by someone local.

Further, plaintiff improperly seeks $8,808.40 for daily rough drafts of trial transcripts for each and every day of trial without providing the requisite showing that each such transcript was necessary and used during the trial.  *See* 28 U.S.C. § 1920.  Similarly flawed is plaintiff's request for the costs of transcribing the depositions of Ray Spencer, and his witnesses:  Matt Spencer, Kathryn Tetz, Dr. Bernet, Dr. Raskin, and Joel Yoseph.   The costs of taking depositions are properly taxed only if introduced into evidence or used at trial for impeachment or cross-examination.  *Indep. Iron Works, Inc. v. U.S. Steel Corp.,* 322 F.2d 656, 678 (9th Cir.), *cert. denied,* 375 U.S. 922 (1963).  Plaintiff used none of these six depositions in the requisite fashion to legitimately bill as costs, so those costs totaling $4,266.47 should be excluded.  When these improper costs are excluded, the total compensable cost bill is $18,360.62, which is still a very substantial amount for a cost bill.

### III.    CONCLUSION

Based upon the foregoing, defendants respectfully request that the Court substantially reduce the amount sought in the Fee Motion, and enter an Order awarding plaintiff $815,990 in attorneys' fees (1161.1 hours x $400 per hour = $464,440 for Ms. Zellner; 1051.5 hours x $300 per hour = $315,450 for Mr. Johnson; 180.5 hours x $200 per hour = $36,100 for Mr. Curran).  Costs should be awarded in the total amount of $18,360.62.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 12 -

1    RESPECTFULLY SUBMITTED this 3rd day of March, 2014.

2                                    s/ Guy Bogdanovich
                                     GUY BOGDANOVICH, WSBA No. 14777
3                                    Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
                                     P.O. Box 11880
4                                    Olympia, WA 98508-1880
                                     Telephone:  (360) 754-3480
5                                    Fax:  (360) 357-3511
                                     Email:  gbogdanovich@lldkb.com
6                                    Attorney for defendant Sharon Krause

7                                    s/Jeffrey A. O. Freimund
                                     JEFFREY A. O. FREIMUND, WSBA No. 17384
8                                    Freimund Jackson & Tardif, PLLC
                                     711 Capitol Way South, Suite 602
9                                    Olympia, WA  98502
                                     Telephone:  (360) 534-9960
10                                   Fax: (360) 534-9959
                                     Email:  jeffF@fjtlaw.com
11                                   Attorney for defendant Michael Davidson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 13

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on March 3, 2014, I caused to be electronically filed Defendants'
Response to Plaintiff's Motion for Attorneys' Fees and Costs with the Clerk of the Court using
3    the CM/ECF system, which will send notification of such filing to the following:

4      Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
                dhjohnson43@aol.com
5      Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
                kathleen.zellner@gmail.com
6      Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
                dandavies@dwt.com
7

8                                    s/Kathrine Sisson
                                     KATHRINE SISSON
9                                    Legal Assistant to
                                     JEFFREY A. O. FREIMUND, WSBA No. 17384
10                                   Freimund Jackson & Tardif, PLLC
                                     711 Capitol Way South, Suite 602
11                                   Olympia, WA  98502
                                     Telephone:  (360) 534-9960
12                                   Fax:  (360) 534-9959
                                     jeffF@fjtlaw.com
13                                   Attorney for defendant Michael Davidson

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S                 FREIMUND JACKSON & TARDIF, PLLC
MOTION FOR ATTORNEYS' FEES AND COSTS                       711 Capitol Way S., Suite 602
3:11-cv-05424-BHS                                              Olympia, WA  98501
                                                            Telephone:  (360) 534-9960
                              - 14 -                        Facsimile:  (360) 534-9959