

Honorable Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

CLYDE RAY SPENCER ,

                    Plaintiff,

v.

JAMES M. PETERS, et al.,

                    Defendants.

NO.  C11-5424 BHS

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND IN THE ALTERNATIVE MOTION FOR NEW TRIAL

NOTE ON MOTION CALENDAR:
**Friday, March 21, 2014**

## I.   INTRODUCTION

Defendants Davidson and Krause hereby renew their motion for judgment as a matter of law pursuant to FRCP 50(b) and, in the alternative, move for a new trial pursuant to FRCP 59(a)(1)(A).  Defendants' briefs in support of summary judgment (Dkt. 62, 65, 80, 83, 133, 139, 171, 173, 181), trial brief (Dkt. 211), briefs in support of motions in limine (Dkt. 201, 205, 207, 226, 233), briefs regarding jury instructions on causation (Dkt. 255, 261), and brief in support of FRCP 50(a) motion for judgment as a matter of law (Dkt. 258) are incorporated herein by reference.

## II.   LAW AND ARGUMENT

### A.   Summary of Remaining Issue at Trial

Prior to trial this Court granted in large part defendants' summary judgment motions

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 1 -

and dismissed many of plaintiff's claims, and many of the originally named defendants. *See, e.g.*, Dkt. 91, 93, 97, 98, 174, 179, 180, 182, 186, and 187. However, the Court denied summary judgment on defendants Davidson's and Krause's affirmative defense of qualified immunity from plaintiff's claim of deliberate fabrication of evidence. Dkt. 180 pp. 26-27; Dkt. 187, p. 12.

In order to establish liability for alleged deliberate fabrication of false evidence, a plaintiff "must, *at a minimum*, point to evidence that … Defendants continued their investigation … despite the fact that they knew or should have known that he was innocent …." *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (italics in original); *see also id.* at 1077 ("What is required is … a showing that the interviewer knew or should have known that the alleged perpetrator was innocent").

**B.  Defendants are entitled to judgment as a matter of law because insufficient evidence was introduced to permit a reasonable jury to conclude defendants knew or should have known plaintiff was innocent.**

Defendants renew their motion for judgment as a matter of law on the deliberate fabrication of evidence claim because plaintiff failed to produce evidence sufficient to enable a reasonable jury to conclude that defendants knew or should have known that he was innocent of any or all crimes for which he was charged. Plaintiff adduced absolutely no evidence defendants actually knew he was innocent, and also failed to adduce any evidence that either defendant should have known he was innocent.

During trial, Shirley Spencer testified her step-daughter Kathryn Spencer had disclosed sexual abuse by plaintiff before any police officers had any involvement in this case (*see* Ex. A-5). There also is no dispute that before defendants had any involvement in this case, Sacramento County Sheriff's Detective Flood had independently reported that Kathryn

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
- 2 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

confirmed, albeit inconsistently, that she made the disclosure of sexual contact by her father to Shirley (*see* Ex. 75).  Shirley Spencer also testified to the subsequent out-of-character fears of a bubble bath and a rectal thermometer by her four year old son Matt Hansen, which led to little Matt Hansen's disclosures of sexual abuse by plaintiff  (*see also* Exs. 15-17, 44).  Matt Hansen testified at trial that plaintiff had in fact sexually abused him, described his recollections of some of the abuse, and confirmed that in March 1985 he told Detective Krause about the abuse. This unwavering testimony from Matt Hansen precluded a reasonable jury from concluding there was sufficient evidence to conclude that defendants knew or should have known plaintiff was innocent of sexually abusing one or more of the children.  Based on Kathryn Spencer's initial disclosures to Shirley Spencer and Detective Flood, coupled with Matt Hansen's disclosures confirmed at trial, a reasonable jury could not conclude defendants Davidson and Krause knew or should have known plaintiff was innocent.

Additionally, former elected Clark County Prosecuting Attorney Arthur Curtis, former Clark County Prosecutor James Peters, and former King County Deputy Prosecuting Attorney Rebecca Roe all testified that they objectively believed plaintiff was not innocent, and instead believed before the original Information was filed that plaintiff had probably molested his daughter Kathryn (*see also* Roe's November 27, 1984 report, Ex. 27, and the Information, Ex. 31), and also testified that their belief in plaintiff's probable guilt only grew stronger when the two additional victims, Matt Hansen and Matt Spencer, subsequently disclosed abuse by plaintiff (*see also* Exs. 14-17, 32-34).  James Peters and Arthur Curtis testified their respective beliefs in plaintiff's guilt were based in large part on Mr. Peters' independent interview of Kathryn Spencer in which she disclosed the sexual abuse to Mr. Peters shortly before criminal charges were filed (*see* Ex. 78).  Former Clark County Superior Court Judge Thomas Lodge

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 3 -

1  independently determined plaintiff was guilty (*see* Exs. A-18, A-22 – A-24), as did Vancouver

2  Police Department officials (*see* Exs. A-30 – A-32).  The children also independently disclosed

3  plaintiff's sexual abuse to plaintiff's criminal defense attorney, James Rulli, and prosecutor

4  James Peters in May 1985 outside the presence of defendants (*see* Ex. A-21).  The children's

5  mothers, DeAnne Spencer and Shirley Spencer, testified that they, too, believed plaintiff was

6  not innocent.  Dr. Phillip Esplin testified that during the relevant 1984-85 time period the

7  widely disseminated treatise *Child Abuse Accommodation Syndrome*, which Detective Krause

8  was familiar with during the relevant time, authoritatively stated that child disclosures of sexual

9  abuse should be believed and are true over 99.9% of the time, and that was the prevailing view

10  until the mid-1990's.  This evidence uniformly established that Davidson and Krause did *not*

11  actually or constructively know plaintiff was innocent of sexually abusing one or more of the

12  three children.

13

14          Evidence adduced by plaintiff further demonstrated that defendants should not have

15  known plaintiff was innocent.  Plaintiff's testimony confirmed that he took a polygraph

16  examination which resulted in findings indicative of deception on the relevant questions

17  regarding abuse of his daughter (*see also* Ex. 42).  Plaintiff also admitted on cross-examination

18  that he repeatedly made statements to defendants, his attorney, his psychologist Kevin

19  McGovern (*see* Exs. A-16, A-17), and the Judge who presided over his change of plea hearing

20  and sentencing to the effect that he could not remember if he had committed the crimes, and he

21  specifically admitted telling defendants at the time of his February 28, 1985 arrest "I must have

22  done it if Little Matt said I did, this can't be my ex-wife this time" (*see* Exs. 8, A-18, A-22).  In

23  other words, the undisputed evidence was that even plaintiff did not believe he was innocent of

24  sexually abusing one or more of his children.

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 4 -

The insufficient evidence adduced by plaintiff remotely suggesting defendants should have known during the 1984-85 time period that he was innocent included the opinion testimony of Dr. Raskin, who was critical of the qualifications of the polygrapher who administered plaintiff's polygraph and opined that the polygraph exam was substandard and the results were invalid. Even if this testimony was believed by the jury, however, elimination of the deceptive polygraph results is insufficient to justify a conclusion that defendants knew or should have known plaintiff was innocent in light of the testimony and evidence summarized above. Additionally, the evidence unequivocally showed that polygraph testing was merely an investigative tool to rule out suspects, but was inadmissible for determining guilt or innocence.

While plaintiff disputed the authenticity of Shirley Spencer's handwritten statement documenting Kathryn's initial disclosure and some of the details included in it, he did not dispute that Kathryn made an unsolicited disclosure to Shirley that he had sexual contact with her, or that Shirley documented the disclosure in a handwritten statement. Thus, even if the jury believed that Shirley's letter documenting the initial disclosure (*see* Exs. 6 and A-5) was not the letter plaintiff saw, there was no evidence permitting a jury to conclude that Kathryn's initial disclosure of sexual abuse to Shirley Spencer before defendants were involved in the case should have caused defendants to know plaintiff was innocent.

The evidence regarding the medical examination of Kathryn that was performed over a week after the last incident of sexual abuse was insufficient to permit a reasonable jury to conclude defendants knew or should have known plaintiff was innocent. The undisputed evidence was that medical evidence is lacking in nearly all cases of child sexual abuse, and that is particularly true in cases like this involving allegations of oral sex, or where the medical examination occurs more than 3 days after the last incident of abuse. This undisputed evidence

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 5 -

1    regarding medical examinations was adduced through the testimony of Arthur Curtis, Rebecca

2    Roe, Dr. Phillip Esplin and James Peters, and absolutely no contrary evidence was presented to

3    the jury.   Therefore, the fact that there was no medical evidence of the sexual abuse was

4    insufficient for a reasonable jury to conclude that defendants knew or should have known

5    plaintiff was innocent.

6

7        Finally, plaintiff offered the testimony of Kathryn Spencer and Matt Spencer who

8    recanted or partly recanted their disclosures of abuse decades later, even though they had both

9    previously testified under oath that they had disclosed sexual abuse to Detective Krause back in

10   1984 and 1985 (*see* Exs. 65, 66, 68, 76, 77).   The undisputed evidence was that during the

11   relevant 1984-85 time period, Kathryn had disclosed the abuse to Shirley Spencer, Detective

12   Flood, James Peters and James Rulli outside the presence of defendants, and Matt Spencer and

13   Matt Hansen had also disclosed the abuse to James Peters and James Rulli outside the presence

14   of defendants.   Obviously, the decades later recantations of Kathryn and Matt Spencer (but not

15   Matt Hansen) could not have been known by defendants during the relevant time period of

16   1984-85 when the investigation took place and when all three children were disclosing the

17   abuse to multiple individuals.   Thus, the recantations that were first made in 2006 and 2007 are

18   insufficient evidence for a reasonable jury to conclude that defendants knew or should have

19   known in 1984-85 that plaintiff was innocent.

20       On the record in this case, there was no legally sufficient evidentiary basis for a

21   reasonable jury to conclude that defendants actually knew or should have known in 1984-85

22   that plaintiff was innocent of sexually abusing one or more of the three children for which he

23   was charged.   Since defendants' actual or constructive knowledge of plaintiff's innocence is an

24   essential element of plaintiff's deliberate fabrication of evidence claim, his sole remaining cause

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 6 -

of action should be dismissed and judgment should be entered in favor of defendants as a matter of law.

**C.    Alternatively, a new trial should be granted based upon errors committed regarding admission of evidence and submission of jury instructions.**

**1.    Evidence of previously dismissed claims should have been excluded.**

Over defendants' objections and motions in limine, the Court allowed plaintiff to repeatedly adduce evidence from nearly every witness regarding use of allegedly coercive interview techniques, allegedly withheld medical reports, James Peters' allegedly withheld videotape of his interview of Kathryn, and/or Davidson's alleged jail visits of plaintiff. This testimony was permitted over defendants' objections and motions in limine even though the Court had previously ruled that none of this disputed evidence constituted a constitutional violation. Plaintiff's lengthy examinations of nearly every witness regarding these topics were repeatedly objected to by defendants' counsel before and during trial, but the Court overruled those objections then later, outside the presence of the jury, occasionally admonished plaintiff's counsel for exceeding the scope of the Court's rulings limiting the use of this evidence. The Court's limiting instructions concerning this evidence were insufficient to remedy the unfair prejudice to defendants resulting from plaintiff's repeated focus on these topics with nearly every witness in a successful effort to create the misimpression that defendants engaged in a wide array of wrong-doing, even though the Court had previously ruled none of these topics constituted wrong-doing.

The Court held as a matter of law that plaintiff was collaterally estopped from relitigating the constitutionality of the alleged withholding of medical reports and Davidson's alleged jail visits. *E.g.,* Dkt. 91, pp. 24-27. The Court further held as a matter of law that

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 7 -

defendants have no liability for failure to disclose alleged *Brady* material, including the medical reports and the videotaped interview of Kathryn Spencer by James Peters.  *E.g.,* Dkt. 186, pp. 3-8; Dkt. 187, pp. 14-15.  *See also Devereaux,* 263 F.3d at 1079 ("a *Brady* violation cannot in itself support a deliberate-fabrication-of-evidence claim").  The Court also held as a matter of law that defendants are entitled to qualified immunity from plaintiff's claims of alleged use of coercive interview techniques.  *E.g.,* Dkt. 180, pp. 21-22; Dkt. 187, p. 11.

Based on these rulings, defendants moved in limine for an order precluding evidence or argument regarding the above-listed claims that were dismissed on summary judgment.  *E.g.,* Dkt. 201, pp. 3-7, 15-16.  However, during the Court's December 19, 2013 oral rulings on the motions in limine, the Court overruled defendants' objections and, at trial, allowed the jury to hear evidence and argument regarding all of the above-listed claims that were dismissed on summary judgment, subject to limiting instructions.  *See, e.g.,* Dkt. 268, pp. 18-20.  The Court ruled that evidence and argument regarding all of the above-listed claims were admissible, but "only for the limited purpose[s] of determining the credibility of witnesses, and/or the bearing such testimony or evidence has, if any, upon the parties' state of mind, and upon plaintiff's claims that defendants deliberately fabricated evidence and conspired to deliberately fabricate evidence ...", even though none of these claims "in and of themselves" violated plaintiff's constitutional right to substantive due process.  Dkt. 268, p. 19.

The Court erred by overruling defendants' objections to admission of evidence and argument regarding the above-listed claims, and these errors were unfairly prejudicial to defendants.[1]  As has been repeatedly held, "one cannot unring a bell … if you throw a skunk

---

[1] Additionally, the Court granted plaintiff's motion in limine precluding defendants from referring to plaintiff's *Alford* plea as a form of a guilty plea even though defendants provided ample authority that an *Alford* plea is, as a

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
- 8 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

into the jury box, you can't instruct the jury not to smell it." *E.g., Dunn v. U.S.,* 307 F.2d 883, 886 (5th Cir.1962); *Sowell v. Walker,* 755 A.2d 438, 448 (D.C. 2000).  The remedy for such improprieties is a new trial.  *See id.*

Allowing plaintiff to adduce evidence from nearly every witness regarding the above-listed claims that were properly dismissed as a matter of law, and allowing plaintiff to argue that this evidence establishes defendants violated plaintiff's constitutional right to be free from deliberately fabricated evidence, while at the same time instructing the jury that this evidence "in and of itself" did not violate plaintiff's constitutional right, was equivalent to throwing a skunk in the jury box and telling the jury not to smell it.  The Court's limiting instructions and occasional admonitions to plaintiff's counsel outside the jury's presence, after overruling defendants' objections in the jury's presence, were insufficient to eliminate the stench that was improperly and repeatedly created by plaintiff.  A new trial is thus warranted.

### 2.      The jury was improperly instructed on causation.

The Court instructed the jury that in order to find liability, defendant Krause's alleged deliberate fabrication of evidence and defendant Davidson's alleged failure to act to stop it had to be "so closely related to the deprivation of plaintiff's right as to be the moving force that caused the ultimate injury."  Dkt. 268, p. 24 (Instruction No. 21), lns. 17-18; p. 25 (Instruction No. 22), lns. 16-17.  This erroneous and ill-fitting "moving force" proximate cause language was based on MCJI 9.8.  The comments to MCJI 9.8 make clear that the "moving force" causation standard is taken from §1983 *Monell* municipal liability cases, citing *Oviatt v. Pearce,* 954 F.2d 1470 (9th Cir. 1992).   The comments to MCJI 9.8 also cite §1983 First Amendment

matter of law, a form of a guilty plea.  *See* Dkt. 207, p. 29; Dkt. 202, p. 22 (citing the 3 cases referenced in Dkt. 207); Dkt. 63-8, p. 38, lns. 9-13; and Exhibit A-22 at trial.  This ruling added to the cumulative effect of the

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 9 -

discrimination cases as an example of a type of case requiring use of a causation standard different from the "moving force" instruction.  The use of a model jury instruction does not preclude a finding of error.  *United States v. Warren,* 984 F.2d 325, 328 (9th Cir. 1993).

Plaintiff's deliberate fabrication of evidence claims in this case properly required use of the particularized "but for" causation standard set forth in *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).  Similar to plaintiff's claims here, *Hervey* involved §1983 claims that a police officer deliberately included false and misleading information in an affidavit submitted in support of a request for a search warrant.  The court in *Hervey* cited *Branch v. Tunnell,* 937 F.2d 1382 (9th Cir. 1991) as controlling, explaining the *Branch* holding as follows:

> We held that the standard for qualified immunity in a civil rights action of this type was governed by *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  *Franks* established a criminal defendant's right to an evidentiary hearing when he made a substantial showing of deliberate falsehood or reckless disregard for the truth in a search warrant affidavit <u>and demonstrated that but for the dishonesty, the affidavit would not support a finding of probable cause</u>. *Id.,* at 171-72, 98 S.Ct. at 2684-85.

*Hervey,* 65 F.3d at 788 (emphasis added).  Continuing its discussion of the standard for proving causation in a deliberate fabrication case, the court explained that "[p]ut another way, the plaintiff must establish that the remaining information in the affidavit is insufficient to establish probable cause."  *Hervey,* 65 F.3d at 789.  In other words, plaintiff must prove that, but for the deliberately fabricated evidence, probable cause was lacking.

The "but for" test for causation is commonly used in §1983 cases.  *E.g., Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981).  This is not a municipal liability case where a "moving force" causation test may be appropriately used.

---

Court's motions in limine ruligs and further prejudiced defendants unfairly.

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 10 -

On January 17, 2014 the Court orally ruled that defendants' proposed jury instruction number 7 was a correct statement of the law – i.e., that plaintiff must prove "but for" causation in this case, rather than plaintiff's proposed "moving force" instruction on the requisite element of proximate cause. Plaintiff sought reconsideration of the Court's oral ruling on causation. *See* Dkt. 253. On January 21, 2014, after reviewing plaintiff's motion, the Court stated that proof of "but for" causation is required for plaintiff's Fourth Amendment claims of malicious prosecution, false arrest and false imprisonment, which are subsumed within plaintiff's deliberate fabrication claim. However, the Court queried whether "but for" causation also is the applicable standard for a Fourteenth Amendment substantive due process claim for alleged deliberate fabrication of evidence, noting the law appears unclear on this latter question. Defendants briefed this issue as requested by the Court. *See* Dkt. 255.

Plaintiff's Motion to Reconsider relied heavily upon *Riccuiti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2nd Cir.1997). In Defendants' Response to Plaintiff's Motion to Reconsider, defendants cited *Rolon v. Henneman*, 443 F. Supp. 2d 532, 539 (S.D. N.Y. 2006), an instructive case distinguishing *Riccuiti*. The *Rolon* court analyzed the issue as follows: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims." (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) and *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Further, the *Rolon* court explained that "a section 1983 claim for fabrication of evidence, like a claim for malicious prosecution, arises under the Fourth Amendment. The Fourteenth Amendment only serves as the vehicle by which the Fourth Amendment is applied to the States." *Rolon*, 443 F. Supp. 2d at 539 (citing the Ninth Circuit case of *Chewya v.*

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 11 -

*Baca*, 130 Fed. Appx. 865, 868 (9th Cir. 2005) as being in accord, which recognized a Fourth Amendment right not to be prosecuted on the basis of false evidence).  Similar reasoning was applied in *Stoot v. City of Everett*, 582 F.3d 910, 918, 919 n.9 (9th Cir. 2009), where the court stated:   "By virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty" and further noted that in a civil rights case challenging the plaintiff's arrest and prosecution for child rape "the question before us remains whether the information available to [detective] Jensen at the time of the seizure was sufficiently reliable to constitute probable cause."

As these cases illustrate, the standard "but for" causation test applies to deliberate fabrication claims just as it applies to malicious prosecution, false arrest or false imprisonment claims that are premised on alleged deliberate fabrication of evidence.  As was held in *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995), the law of this Circuit is that a plaintiff alleging deliberate fabrication must show both that a defendant deliberately fabricated evidence and that, but for that deliberate fabrication, probable cause was absent.  To instruct the jury otherwise was contrary to the above-cited authorities and prejudiced defendants by allowing the jury to consider causation by applying an easier to prove "moving force" causation standard.

Even where courts have deemed a Fourteenth Amendment claim analytically independent from a Fourth Amendment claim, "but for" causation has nonetheless been applied to Fourteenth Amendment deliberate fabrication of evidence claims.  *E.g.*, *Whitlock v. Brueggemann*, 682 F.3d 567,583, 586-87 (7th Cir. 2012) (applying "but for" causation to a Fourteenth Amendment deliberate fabrication of evidence claim, reasoning that "the actions of

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
- 12 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    an official who fabricates evidence that is later used to deprive someone of liberty can be both

2    a but-for and proximate [legal] cause of the due process violation .... a plaintiff could show

3    that the fabrication was a but-for cause of his conviction."); *Hennick v. Bowling*, 115

4    F.Supp.2d 1204, 1207-09 (W.D. Wash. 2000) (disagreeing with the court's analysis in *Ricuitti*

5    relied on by plaintiff).

6

7          After receiving the parties' initial responses to the Court's query, the Court requested

8    further briefing from the parties' regarding the appropriate proximate cause standard

9    applicable to a Fourteenth Amendment substantive due process claim for alleged deliberate

10   fabrication of evidence, and whether the existence of probable cause is a factor in the

11   proximate cause analysis.   In the course of discussing this issue, plaintiff voluntarily

12   dismissed on the record (on January 24, 2014) all of his Fourth Amendment claims, including

13   his claims for false arrest, false imprisonment and malicious prosecution, to which the

14   existence of probable cause is, according to well established law, a complete defense.   This

15   voluntary dismissal resulted in the only remaining claim being plaintiff's claim of deliberate

16   fabrication of evidence.   Defendants consistently argued both before and during trial that

17   plaintiff's Fourth Amendment claims were subsumed within his deliberate fabrication claims.

18   *E.g.,* Dkt. 211, pp. 2-6, 10-14; Dkt. 258, pp. 2-4.   As a result, defendants' proposed jury

19   instructions did not have to be revised due to plaintiff's voluntary dismissal of his Fourth

20   Amendment claims, and the jury should have been instructed that plaintiff must prove "but

21   for" causation with regard to his sole remaining Fourteenth Amendment claim.

22

23         The Court stated on the record that two cases that were not cited by the parties were of

24   interest to the Court on this topic, and requested further briefing regarding these two cases.

25   The two cases referenced by the Court were *Gantt v. City of Los Angeles,* 717 F.3d 702 (9th

26

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
- 13 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    Cir. 2013), and an unpublished decision from the Eastern District of New York, *Morse v.*

2    *Spitzer,* 2012 WL 3202963 (E.D. N.Y. Aug. 3, 2012).

3           Neither *Gantt* nor *Morse* discusses the proximate cause standard applicable to a

4    Fourteenth Amendment substantive due process claim for alleged deliberate fabrication of

5    evidence.  *Gantt* involved a claim of coercive interview techniques (the second type of a

6    *Devereaux* deliberate fabrication cause of action), not a claim that the defendants continued

7    their investigation despite the fact they knew or should have known the plaintiff was innocent,

8    the latter of which is the only remaining claim for trial in this case due to the Court's

9    dismissal on summary judgment of plaintiff's coercive interview techniques claim (*see, e.g.,*

10   Dkt. 187, p. 11).  The *Gantt* court addressed the culpability standard for a coercive interview

11   claim, not the proximate cause standard that is applicable to Fourteenth Amendment due

12   process claims.   The *Gantt* court held that the culpability standard for a Fourteenth

13   Amendment substantive due process claim for alleged deliberate fabrication of evidence is

14   deliberate indifference, which is sufficient to meet the "shocks the conscience" culpability

15   standard generally applicable to substantive due process claims in cases where a "snap

16   judgment" made in response to an escalating situation is not involved.  *Gantt,* 717 F.3d at

17   707-08.  Thus, *Gantt* provides no help in resolving the question of whether the jury should

18   have been properly instructed on "but for" causation as defendants advocate, or on "moving

19   force" causation as plaintiff advocated.  Additionally, the *Gantt* court did not address whether

20   the existence of probable cause to arrest is part of the proximate cause analysis as was

21   consistently advocated by defendants.  *E.g.,* Dkt. 211, pp. 2-6, 10-14; Dkt. 258, pp. 2-4.

22          The *Morse* case is similarly unhelpful regarding the proximate cause standard

23   applicable to a *Devereaux* claim.  In this unpublished case, the *Morse* court harmonized

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
                                    - 14 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  several cases decided in New York and stated "these cases stand for the principle that a
2  government official who falsifies evidence against an accused may be subject to liability
3  under § 1983 for violating the accused's Fifth, Sixth and Fourteenth Amendment right to a
4  fair trial, and the existence of probable cause is irrelevant to the resolution of this claim."
5  *Morse*, at *5. Thus, the *Morse* court concluded a deliberate fabrication of evidence claim is
6  not a pure Fourteenth Amendment substantive due process claim that does not implicate other
7  Amendments, but rather implicates the Fifth and Sixth Amendments as well. *See also Hall v.*
8  *City of Los Angeles*, 697 F.3d 1059, 1068-69 (9th Cir. 2012) (holding that a *Devereaux*
9  coercive interrogation claim of a suspect is properly analyzed under the Fifth Amendment, not
10  under the "more generalized notion of substantive due process" in the Fourteenth
11  Amendment); *Chewya v. Baca*, 130 Fed. Appx. 865, 868 (9th Cir. 2005) (recognizing a
12  Fourth Amendment right not to be prosecuted on the basis of false evidence, rather than
13  analyzing the case under the more nebulous Fourteenth Amendment); *Stoot v. City of Everett*,
14  582 F.3d 910, 918, 919 n.9 (9th Cir. 2009) ("By virtue of its 'incorporation' into the
15  Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and
16  reliable determination of probable cause as a condition for any significant pretrial restraint of
17  liberty" and further noting that in a civil rights case challenging the plaintiff's arrest and
18  prosecution for child rape "the question before us remains whether the information available
19  to [detective] Jensen at the time of the seizure was sufficiently reliable to constitute probable
20  cause.").
21       Importantly, the *Morse* court continued as follows: "Finally, the Court notes that the
22  majority of § 1983 cases involving evidence fabrication arise from allegations that a police
23  officer fabricated evidence and forwarded it to prosecutors *in order to provide probable cause*

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 15 -

1   for an arrest or prosecution.  [Citation omitted; italics in original.]  In such cases, the question

2   of whether the defendant fabricated evidence becomes synonymous with the question of

3   whether genuine probable cause existed, and accordingly a plaintiff's malicious prosecution

4   and fair trial claims would rise or fall together.  Even in such cases, however, these remain

5   distinct constitutional claims."  *Id.* at *6.  In other words, in a case like the present where the

6   allegation is defendants fabricated evidence *in order to provide probable cause* to arrest and

7   prosecute, "the question of whether genuine probable cause existed" remains part of the case,

8   even where a Fourth Amendment malicious prosecution claim has been dismissed as plaintiff

9   has voluntarily chosen to do.  Beyond this analysis about probable cause, the *Morse* court's

10  unpublished decision provides no insight into whether "but for" causation, or "moving force"

11  causation is the appropriate standard.

12      As was held in *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995), the law of this

13  Circuit is that a plaintiff alleging deliberate fabrication must show both that a defendant

14  deliberately fabricated evidence and that, but for that deliberate fabrication, probable cause

15  was absent.  To instruct the jury otherwise, as the Court did over defendants' objections, was

16  contrary to the above-cited authorities and prejudicial error.  Additionally, the elimination of

17  probable cause from the liability equation, which defendants objected to as well, improperly

18  made plaintiff's theory easier to prove to the jury.

19      The injury flowing from a deliberate fabrication claim is the resulting loss of liberty - -

20  *i.e.,* but for the alleged fabrication, the injury would not have occurred.  Plaintiff is unable to

21  cite any authority applying a "moving force" test for proximate cause in a *Devereaux*

22  deliberate fabrication of evidence case.  Thus, the general rule applying the "but for"

23  causation test in § 1983 cases should apply.  *See, e.g., Hartman v. Moore*, 547 U.S. 250, 259-

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 16 -

65 (2006); *Drumgold v. Callahan,* 707 F.3d 28, 49-53 (1st Cir. 2013).   Prejudicial error

occurred by improperly including the "moving force" language in Instructions No. 21 and 22,

and removing probable cause as a complete defense.   Therefore, a new trial should be granted.

> **3.       The jury was improperly instructed on the culpability element of the deliberate fabrication of evidence claim.**

The Court instructed the jury that plaintiff had to prove defendant Krause "deliberately

fabricated" evidence and, over defendants' objections, that she acted with "deliberate

indifference" toward plaintiff's constitutional right.   Dkt. 268, p. 24 (Instruction No. 21), lns. 9-

11.   Instruction No. 21 also included a explanation of the phrase "deliberate indifference."  *Id.,*

at lns. 19-22.   Defendants' proposed jury instructions, particularly defendants' proposed jury

instruction number 6, included the correct culpability standard:  *i.e.,* that one or both defendants

<u>deliberately</u> fabricated evidence while they knew or should have known plaintiff was innocent.

There was no need to further explain what the word "deliberately" means, by confusingly and

unnecessarily injecting a "deliberate indifference" element into the deliberate fabrication of

evidence claim.   The explanation of "deliberate indifference" at the end of Instruction No. 21

exacerbated the potential for confusing the jury, as it introduced irrelevant concepts of

recklessness and negligence and told the jury defendants need not have had knowledge that

harm would result, which is inconsistent with the requirement that defendants must have acted

deliberately with actual or constructive knowledge of plaintiff's innocence.   This erroneous

instruction did in fact confuse the jury, as evidenced by Note No. 2 From Jury, which asked

"[w]hat does Instruction 21 lines 19-22 mean Specifically (sic) lines 20-22."  Dkt. 273, p. 4.

The Court's Response to Jury Note, submitted over defendants' objection that the deliberate

indifference element and explanatory paragraph should simply be eliminated, only further

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
- 17 -

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1  defined "negligence," and could not have eliminated the above-identified confusion and

2  inconsistencies.

3      In summary, the Court erred by improperly including the "deliberate indifference"

4  element and explanation in Instruction No. 21.  A new trial is warranted due to the unfair

5  prejudice and jury confusion this error inflicted on defendants.

6                              III.    CONCLUSION

7      Based upon the foregoing, and the authorities and arguments set forth in defendants'

8  summary judgment briefs, trial brief, briefs in support of motions in limine, briefs regarding the

9  causation instruction, and brief in support of FRCP 50(a) motion, defendants respectfully

10  request the Court to enter judgment in favor of defendants pursuant to FRCP 50(b), or in the

11  alternative grant a new trial pursuant to FRCP 59.

12      RESPECTFULLY SUBMITTED this 3rd day of March, 2014.

13
14
15                              s/ Guy Bogdanovich
                                GUY BOGDANOVICH, WSBA No. 14777
16                              Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
                                P.O. Box 11880
17                              Olympia, WA 98508-1880
                                Telephone:  (360) 754-3480
18                              Fax:  (360) 357-3511
                                Email:  gbogdanovich@lldkb.com
19                              Attorney for defendant Sharon Krause

20                              s/Jeffrey A. O. Freimund
                                JEFFREY A. O. FREIMUND, WSBA No. 17384
21                              Freimund Jackson & Tardif, PLLC
                                711 Capitol Way South, Suite 602
22                              Olympia, WA  98502
                                Telephone:  (360) 534-9960
23                              Fax:  (360) 534-9959
                                Email:  jeffF@fjtlaw.com
24                              Attorney for defendant Michael Davidson

25
26

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on March 3, 2014, I caused to be electronically filed Defendants'
Renewed Motion for Judgment as a Matter of Law and in the Alternative Motion for New Trail

3

with the Clerk of the Court using the CM/ECF system, which will send notification of such
filing to the following:

4

5

     Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
          dhjohnson43@aol.com

6

     Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
          kathleen.zellner@gmail.com

7

     Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
          dandavies@dwt.com

8

9

                         _s/Kathrine Sisson_____
                         KATHRINE SISSON

10

                         Legal Assistant to
                         JEFFREY A. O. FREIMUND, WSBA No. 17384

11

                         Freimund Jackson & Tardif, PLLC
                         711 Capitol Way South, Suite 602

12

                         Olympia, WA  98502
                         Telephone:  (360) 534-9960

13

                         Fax:  (360) 534-9959
                         jeffF@fjtlaw.com

14

                         Attorney for defendant Michael Davidson

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND IN
THE ALTERNATIVE MOTION FOR NEW TRIAL
3:11-cv-05424-BHS
           - 19

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959