Honorable Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

|  |  |
|---|---|
| CLYDE RAY SPENCER, | No. C11-5424BHS |
| Plaintiff, | REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| v. | |
| DETECTIVE SHARON KRAUSE, and SERGEANT MICHAEL DAVIDSON, | |
| Defendants. | NOTE ON MOTION CALENDAR: March 7, 2014 |

## I. ARGUMENT

Defendants concede that plaintiff is entitled to reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988. Defendants argue, however, that plaintiff's counsel's hours should be reduced from 3,354 to 2,393.1; that plaintiff's requested costs should be reduced from $88,784.31 to $18,360.62; and that the hourly rates for Ms. Zellner, Mr. Johnson, and Mr. Curran should be reduced by $175, $100, and $100, respectively. Defendants' requested reductions are either unwarranted or clearly disputable. However, in the best interests of facilitating a resolution and promoting judicial economy, plaintiff hereby agrees to defendants' significant reduction of hours and costs. For the reasons stated herein and in his motion, plaintiff does not agree to a reduction of counsel's rates or dismissal of the lodestar multiplier.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 1

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

**A.     Plaintiff agrees to defendants' proposed reduction in hours to 2,393.1**

Defendants do not refute plaintiff's argument (dkt. 277 at 6, 8) that plaintiff's counsel's total hours were reasonable under the circumstances of the case.  Defendants instead complain that the hours were not contemporaneously recorded and that counsel excluded potentially excessive hours.  Dkt. 287 at 3-4.  Defendants' first contention is belied by counsel's clear statements that the submitted hours were based on "entries in time books that [are] update[d] regularly."[1]  *E.g.,* Dkt. 278 at 1.  Defendants' second complaint is refuted by the requirement that counsel "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Defendants' main argument is that plaintiff's time entries contain "block-billing," requiring a 35% reduction to many requested hours.  Dkt. 287 at 4-8.  Block-billing does not warrant an automatic reduction of hours, and a 35% reduction would be excessive.  *See Sunstone Behavioral Health, Inc. v. Alameda County Medical Center*, 646 F. Supp. 2d 1206, 1214 (E.D. Cal. 2009); *Welch v. Metropolitan Life Insurance Co.,* 480 F.3d 942, 948 (9th Cir. 2007).

Plaintiff does not believe it necessary, however, for this Court to engage in the intensive exercise of evaluating the disputed entries.  Plaintiff accepts defendants' proposed reduction (dkt. 287 at 8:13-16) and requests compensation for only 2,393.1 of counsel's expended hours, attributed as follows: 1161.1 for Ms. Zellner; 1051.5 for Mr. Johnson; 180.5 for Mr. Curran.[2]

**B.     Plaintiff agrees to defendants' proposed reduction in costs to $18,360.62**

Defendants seek a reduction in plaintiff's submitted costs, arguing that expert fees, trial technology support fees, and transcript fees not meeting the requirements of 28 U.S.C. § 1920 must be excluded.  Dkt. 287 at 11-12.  There are compelling legal bases for disputing these

---

[1] Even if defendants were accurate, contemporaneous billing is not mandatory in the Ninth Circuit. *Ostling v. City of Bainbridge Island*, 2012 WL 4846252, at *2 (W.D. Wash. Oct. 11, 2012).

[2] Plaintiff is also not seeking compensation for counsel's time spent on the fees motion, even though he is entitled to compensation for that time.  *See McGrath v. Cnty. of Nevada,* 67 F.3d 248, 253 (9th Cir. 1995).

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS (C11-5424BHS) — 2

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

arguments. *See, e.g., Ostling*, 2012 WL 4846252, at *2 (issue of expert fees is "less clear"); *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (prevailing § 1983 plaintiff entitled to "out-of-pocket litigation expenses . . . even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920."). But, again, plaintiff accepts defendants' proposed reduction (dkt. 287 at 12:15-18) and requests compensation for only $18,360.62 of its costs.[3]

### C. Plaintiff does not agree to defendants' proposed reduction in hourly rates; plaintiff's counsel's proposed rates are reasonable and should be accepted

As explained in plaintiff's motion, application of the *Hensley* factors establishes the reasonableness of plaintiff's counsel's proposed hourly rates. Defendants have largely ignored the *Hensley* factors. A brief review of the *Hensley* factors in light of the concessions defendants make in their response reaffirms the reasonableness of the requested rates.

#### 1. Degree of success and skill/experience of counsel are conceded

Defendants present no opposition to, and therefore concede, that "the $9 million verdict in this difficult case was an objective and unmitigated success for Plaintiff." Dkt. 277 at 4. The degree of success factor, which is the most important, therefore weighs in favor of plaintiff's requested rates. *Id.* Defendants also present no opposition to, and therefore concede, that plaintiff's counsel's skill, experience, and success in the civil rights field weigh in favor of plaintiff's proposed rates. Dkt. 277 at 4. In fact, defendants submit newspaper and magazine articles demonstrating Ms. Zellner's track record of success and national recognition. Dkt. 289-2. Included in those articles are stories related to Jerry Hobbs, in which Ms. Zellner obtained a record pre-conviction civil rights settlement, and Kevin Fox, in which Ms. Zellner obtained a record pre-conviction civil rights verdict.

---

[3] Plaintiff is submitting along with this reply a new proposed order reflecting the agreed upon hours and costs.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 3

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

### 2. Novelty and complexity of issues presented

Defendants dismiss the complexity and novelty of this case as merely an "argumentative assertion" by plaintiff, and claim that any complexity was the result of plaintiff "over-reaching" early on in the case. Dkt. 287 at 10-11. Defendant's position is contrary to the Court's statements on the subject at trial. *See* dkt. 277 at 4-5. Additionally, the trial itself took 16 days and covered events that took place nearly 30 years ago. The theory of the case was based on circumstantial evidence of discrete and concealed acts. As this Court is well aware, this case was far from "straight forward."

### 3. Customary fee, i.e., the "market rate"

In his motion, plaintiff cited to the rates approved by the Western District of Washington in *Ostling*, 2012 WL 4846252, a § 1983 case alleging police misconduct. Plaintiff has explained that the rates approved in *Ostling* should serve as a starting point for the rates in this case. *See* dkt. 277 at 7. For example, Ms. Zellner should be approved at a rate of $575, slightly higher than the $550 approved for Mr. Connelly in *Ostling* to reflect the more critical role she played in the case and her experience and success in the civil rights arena. *See id.* at 8-9. Mr. Johnson should be approved at a rate of $400, slightly higher than the $350 approved for second chair counsel in *Ostling* to reflect his nine years of additional experience and history of litigation success. *See id.* at 9. And Mr. Curran should be approved at a rate of $300, slightly less than trial counsel in *Ostling*, to reflect his more limited role. *See id.* at 10.

Defendants provide no reason for not relying on the fees approved in *Ostling*. *See* dkt 287 at 9. Instead, defendants suggest that a different case, *Stormans Inc. v. Selecky*, 906 F. Supp. 2d 1093 (W.D. Wash. 2012), should be the reference point. But *Stormans* is a First Amendment case challenging the constitutionality of a statute, which has no relevance to the issues in this case and would be litigated by attorneys with an entirely different focus. There is

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 4

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

no evidence that the attorneys in *Stormans* are of similar skill and national repute as plaintiff's counsel. Equally significant, the plaintiffs in *Stormans* had **eleven attorneys** bearing the burdens of litigation and trial. *Stormans,* 906 F. Supp. 2d at 1105 n.6. Their basic lodestar nearly doubled the basic lodestar plaintiff is requesting. *Id.* at 1099.

Defendants' attorneys state their rates in their declarations, but do not suggest or argue that their rates should be considered in assessing plaintiff's counsel's rates. *See* dkt. 287 at 8-9; dkt. 288 at 2; dkt. 289 at 3. Even so, the rates and hours billed by defendants' attorneys are irrelevant and provide no information about the terms of representation. More importantly, plaintiff had the burden of proof and prevailed in this difficult civil rights case, justifying a significantly higher rate. Finally, contrary to defendants' assertions, *see* dkt. 287 at 9, Daniel Davies' declaration is clearly persuasive, as it provides this Court with the rates that were billed by Mr. Davies in this case and the rates that would have been billed in this case by litigation partners at DWT. Dkt. 280, 280-1. These rates are in line with those requested by plaintiff. Dkt. 277 at 6-7; *see also Cornhusker Cas. Ins. v. Kachman*, 2009 WL 2853119 (W.D. Wash. Sept. 1, 2009) (over four-year-old case approving rates at $450 to $375 per hour).

In light of the foregoing (Sections C1-3) and the authorities and evidence set forth in plaintiff's motion and supporting documents (dkt. 277, 278, 279, 280, 281, and 282), plaintiff's proposed hourly rates of $575 for Ms. Zellner, $400 for Mr. Johnson, and $300 for Mr. Curran are more than supported by the record and should be accepted.

### D. Application of a 1.5 lodestar multiplier is appropriate in this case.

Contrary to defendants' assertion, the Ninth Circuit's guidelines in *Clark v. Los Angeles* for applying a lodestar multiplier are good law. *See Rivera v. Portfolio Recovery Associates*, 2013 WL 5311525 (N.D. Cal. Sept. 23, 2013) (citing *Clark* for proposition that courts may consider unsubsumed *Hensley* factors to apply lodestar multiplier). Defendants cite only three

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 5

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

reasons[4] why a multiplier should not apply: (1) part of Ms. Zellner's declaration is hearsay, (2) Mr. Spencer's case received attention on 20/20, and (3) Ms. Zellner has received press in other cases since taking Mr. Spencer's. Dkt. 287 at 9-11. These arguments are without merit.

First, Ms. Zellner's statement that Mr. Spencer had been rejected by numerous attorneys speaks to her state of mind in taking on a case that other attorneys clearly had no interest in pursuing, showing the "undesirability of the case." Dkt. 277 at 10. Second, defendants do not explain how media attention is possibly relevant to assessing the viability of a lawsuit. And third, defendants are correct that Ms. Zellner did not stop practicing law when she took on the Spencer case. She continued to advocate for her other clients, but, as explained in plaintiff's motion and supporting documents, she had to reject a number of potentially viable cases due to the time constraints of this case. Dkt. 277 at 11; dkt. 278 at 17-19. In sum, defendants fail to present any compelling reason for not applying a 1.5 lodestar multiplier in this case, and, in light of the authorities and evidence set forth in plaintiff's motion and supporting documents (dkt. 277, 278, 279, 280, 281, and 282), application of a 1.5 multiplier is warranted.

## II. SUMMARY OF REQUESTED FEES AND COSTS

The parties agree to the hours and costs for which plaintiff is entitled compensation. Plaintiff respectfully requests that the Court approve plaintiff's counsel's proposed hourly rates and apply a 1.5 lodestar multiplier. In total, plaintiff requests a lodestar in the amount of $1,142,382.50 (1161.1 hours x $575 per hour = $667,632.50 for Ms. Zellner; 1051.5 hours x $400 = $420,600 for Mr. Johnson; 180.5 hours x $300 per hour = $54,150 for Mr. Curran), with application of 1.5 multiplier to arrive at a total of $1,713,573.75 in attorneys' fees. Adding the agreed costs of $18,360.62, plaintiff seeks a total award of $1,731,934.37.

RESPECTFULLY SUBMITTED this 7th day of March, 2014.

---

[4] A fourth argument—that the case was not complex or novel—is addressed *supra*.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 6

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

| | |
|---|---|
| /s/ Kathleen T. Zellner | /s/ Daniel T. Davies |
| Kathleen T. Zellner | Daniel T. Davies, WSBA # 41793 |
| Admitted *pro hac vice* | Local counsel |
| Kathleen T. Zellner & Associates, P.C. | David Wright Tremaine LLP |
| 1901 Butterfield Road, Suite 650 | 1201 Third Avenue, Suite 2200 |
| Downers Grove, Illinois  60515 | Seattle, Washington 98101-3045 |
| Phone:  (630) 955-1212 | Phone: (206) 757-8286 |
| Fax:  (630) 955-1111 | Fax: (206) 757-7286 |
| kathleen.zellner@gmail.com | Email: dandavies@dwt.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 7

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax

## DECLARATION OF SERVICE

I hereby certify that on March 7, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record as follows:

| Guy Bogdanoich<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880<br>Email: gbogdanovich@lldkb.com<br>Attorney for Defendant Sharon Krause | Jeffrey A. O. Freimund<br>Freimund Jackson Tardif & Benedict Garratt, PLLC<br>711 Capitol Way South, Suite 602<br>Olympia, WA  98502<br>Email: jeffF@fjtlaw.com<br>Attorneys for Defendant Michael Davidson |
|---|---|

  /s/  Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
Admitted *pro hac vice*
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
Phone:  (630) 955-1212
Fax:  (630) 955-1111
kathleen.zellner@gmial.com
Attorney for Plaintiffs

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (C11-5424BHS) — 8

Kathleen T. Zellner & Associates, P.C.
LAW OFFICES
1901 Butterfield Road
Suite 650
Downers Grove, Illinois  60515
630.955.1212 main · 630.955.1111 fax