1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Honorable Judge Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

CLYDE RAY SPENCER ,

Plaintiff,

v.

JAMES M. PETERS, et al.,

Defendants.

NO.   C11-5424 BHS

DEFENDANTS' REPLY IN SUPPORT
OF RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW
AND IN THE ALTERNATIVE MOTION
FOR NEW TRIAL

NOTED:  **Friday, March 21, 2014**

**I.      REPLY ARGUMENT**

Pursuant to FRCP 50(b), defendants renew their motion for judgment as a matter of law on plaintiff's deliberate fabrication of evidence claim because he failed to produce evidence sufficient to enable a reasonable jury to conclude that defendants knew or should have known that he was innocent of any or all crimes for which he was charged.  Plaintiff adduced no evidence defendants actually knew or should have known he was innocent.

Alternatively, defendants request a new trial pursuant to FRCP 59.  The Court's discretion to grant a new trial is far broader than the Court's authority to grant a motion for judgment as a matter of law.  *See Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 433 (1996); *Jennings v. Jones,* 587 F.3d 430, 436 (1st Cir. 2009).  Unlike a FRCP 50(b) motion, when considering a FRCP 59 motion the Court is not bound to view the evidence in the light

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 1 -

1    most favorable to the verdict winner and may reweigh the evidence, accepting or rejecting

2    evidence considered by the jury.  *Kode v. Carlson,* 596 F.3d 608, 612 (9th Cir. 2010) (citing

3    *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36 (1980)).  When ruling on a FRCP 59

4    motion, the Court has "the duty … to weigh the evidence as [the Court] saw it, and to set aside

5    the verdict of the jury, even though supported by substantial evidence, where, in [the Court's]

6    conscientious opinion, the verdict is contrary to the clear weight of the evidence."  *Molski v.*

7    *M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (quoting cases).  A new trial also is

9    warranted where "the trial was not fair to the party moving" or "to prevent a miscarriage of

10   justice."  *Id.* (quoting cases).  In long, complicated trials, the trial judge ought to be especially

11   vigilant in examining the verdict.  *See Lind v. Schenley Indus. Inc.,* 278 F.2d 79, 90-91 (3rd Cir.

12   1960); *ZF Meritor, LLC v. Eaton Corp.,* 769 F.Supp.2d 684, 690 (D. Del. 2011).

**A.  Defendants are entitled to judgment as a matter of law, or a new trial, because insufficient evidence was introduced to permit a reasonable jury to conclude defendants knew or should have known plaintiff was innocent.**

16   Plaintiff begins his response to defendants' motion by claiming the Court can not

17   consider evidence refuting plaintiff's deliberate fabrication claim that was offered in

18   defendants' case-in-chief after defendants filed their pre-verdict Rule 50(a) motion (Dkt. 258),

19   which was after plaintiff had rested his case-in-chief.  *See* Dkt. 290, p. 2.  Although a party can

20   not raise new <u>arguments</u> in its post-trial Rule 50(b) motion that were not raised in its pre-verdict

21   Rule 50(a) motion, no authority prevents a party from pointing to additional <u>evidence</u> in its

22   post-trial motion that supports an argument that was raised in its pre-verdict motion.  Thus,

24   plaintiff's claim that evidence presented during the testimony of Matt Hansen, Jim Peters, Judge

25   Thomas Lodge, DeAnne Spencer, and Dr. Phillip Esplin can not be considered is mistaken.

26   Plaintiff next argues that he presented substantial evidence for the jury to conclude

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 2 -

1   defendant Krause deliberately misquoted statements from her interviews of Kathryn and Matt

2   Spencer, and Karen Stone, and that defendant Davidson reviewed those reports.  Based on this

3   evidence, plaintiff incorrectly claims these alleged fabrications are substantial evidence of a

4   different element of the cause of action - - *i.e.,* that defendants knew he was innocent.

5       The overwhelming evidence was that there was probable cause to believe plaintiff was

6   guilty of sexually abusing one or more of the three children.[1]  Both defendants testified to this,

7   as well as Rebecca Roe, Jim Peters, and Art Curtis.  Although plaintiff quibbles that witnesses

8   opined probable cause developed at different times (*e.g.,* Dkt. 293, p. 6), there was no evidence

9   adduced that probable cause was lacking before the prosecutor charged plaintiff.  Plaintiff

10  recognized this undeniable fact when he voluntarily dismissed during trial all claims for which

11  he believed probable cause was a complete defense.

12      If there is probable cause for reasonable officers to believe a person committed a crime,

13  after putting aside allegedly fabricated evidence, a deliberate fabrication of evidence claim fails

14  because the plaintiff is unable to prove the pivotal element that officers knew or should have

15  known the plaintiff was innocent.  *Devereaux v. Abbey,* 263 F.3d 1070, 1076, 1077 (9th Cir.

16  2001); *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995); *Hennick v. Bowling*, 115 F.Supp.2d

17  1204, 1207-09 (W.D. Wash. 2000).  Put another way, a deliberate fabrication claim fails if

18  probable cause still exists after allegedly fabricated evidence is disregarded.  *Id.*  Thus, as these

19  cases hold, proof that evidence was deliberately fabricated does not, in itself, prove the pivotal

20  element that defendants knew or should have known plaintiff was innocent.   Plaintiff's

---

[1] Matt Hansen testified that he was sexually abused by plaintiff.  Although plaintiff attempts to suggest Matt Hansen's testimony was impeached because Art Curtis allegedly testified Mr. Hansen told "investigators" he could not remember being abused, no such testimony was adduced and plaintiff's citation to Mr. Hansen's testimony for this claim certainly can not show that Mr. Curtis allegedly testified to that effect.  *See* Dkt. 293, p. 7, ll. 22-24.

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 3 -

1   argument to the contrary (Dkt. 293, pp. 3-4) is incorrect and inconsistent with these authorities.

2   Similarly flawed is plaintiff's argument that alleged concealment of evidence is

3   sufficient for a jury to conclude defendants knew he was innocent.  Again, this leap in logic is

4   unsupportable.  As held in *Devereaux,* 263 F.3d at 1079, "a *Brady* violation cannot in itself

5   support a deliberate-fabrication-of-evidence claim."  In accord, this Court held as a matter of

6   law that defendants have no liability for failure to disclose alleged *Brady* material, including the

7   medical reports and the videotaped interview of Kathryn Spencer by James Peters.  *E.g.,* Dkt.

8   186, pp. 3-8; Dkt. 187, pp. 14-15.  Thus, contrary to plaintiff's argument, alleged concealment

9   of evidence does not prove the pivotal element of knowledge of innocence that is necessary to

10   establish a deliberate fabrication of evidence claim.

11   There was no legally sufficient evidentiary basis for a reasonable jury to conclude that

12   defendants actually knew or should have known in 1984-85 that plaintiff was innocent of

13   sexually abusing one or more of the three children.  Since defendants' actual or constructive

14   knowledge of plaintiff's innocence is an essential element of plaintiff's deliberate fabrication of

15   evidence claim, his sole remaining cause of action should be dismissed and judgment should be

16   entered in favor of defendants as a matter of law.  Alternatively, the Court should conclude

17   pursuant to CR 59 that the verdict is contrary to the clear weight of the evidence and a new trial

18   is needed to prevent a miscarriage of justice.

19
**B.      Alternatively, a new trial should be granted based upon errors committed
         regarding admission of evidence and submission of jury instructions.**

20
**1.      Evidence of previously dismissed claims should have been excluded.**

21   Defendants move for a new trial because the Court allowed plaintiff to repeatedly

22   adduce evidence, over defendants' motions *in limine* and objections, from nearly every witness

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 4

1 regarding use of allegedly coercive interview techniques, allegedly withheld medical reports,

2 Jim Peters' allegedly withheld videotape of his interview of Kathryn, and/or Davidson's alleged

3 jail visits of plaintiff. Plaintiff responds by arguing defendants waived their objections to this

4 evidence by not often repeating their objections raised *in limine*. He is incorrect. "[W]here the

5 substance of the objection has been thoroughly explored during the hearing on the motion *in*

6 *limine*, and the trial court's ruling permitting introduction of evidence was explicit and

7 definitive, no further action is required to preserve for appeal the admissibility of that

8 evidence." *Palmerin v. City of Riverside,* 794 F.2d 1409, 1413 (9th Cir. 1986).

9

10 Alternatively, plaintiff argues admission of this evidence was necessary to give the jury

11 context for plaintiff's claims and the Court's limiting instructions cured the error. However,

12 "[i]nadmissible evidence, which can readily be misinterpreted by the jury, should not be

13 admitted just to put the relevant facts in their true setting. … Moreover, they are so readily

14 subject to misinterpretation by a jury as to render a curative or protective instruction of dubious

15 value." *U.S. v. Prescott,* 581 F.2d 1342, 1352 (9th Cir. 1978).

16

17 Allowing plaintiff to adduce evidence from nearly every witness regarding the above-

18 listed claims that were properly dismissed as a matter of law, and allowing plaintiff to argue in

19 opening and closing statements that this "wrong-doing" establishes defendants violated

20 plaintiff's constitutional right to be free from deliberately fabricated evidence, while at the same

21 time instructing the jury that this "wrong-doing" did not violate plaintiff's constitutional right to

22 due process, was equivalent to throwing a "skunk into the jury box" and instructing the jury not

23 to smell it. The Court's limiting instructions and occasional admonitions to plaintiff's counsel

24 outside the jury's presence, after overruling defendants' objections in the jury's presence, were

25 insufficient to eliminate the stench that was repeatedly emphasized by plaintiff. A new trial is

26

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 534-9960
Facsimile: (360) 534-9959

- 5 -

1    thus warranted.

2    **2.    The jury was improperly instructed on causation.**

3    Defendants also move for a new trial because the Court improperly instructed the jury

4    that in order to find liability defendant Krause's alleged deliberate fabrication of evidence, and

5    defendant Davidson's alleged failure to act to stop it, had to be "so closely related to the

6    deprivation of plaintiff's right as to be the moving force that caused the ultimate injury." Dkt.

7    268, p. 24 (Instruction No. 21), lns. 17-18; p. 25 (Instruction No. 22), lns. 16-17.  This was

8    error because plaintiff's deliberate fabrication of evidence claim properly required use of the

9    "but for" causation standard set forth in *Hervey v. Estes,* 65 F.3d 784, 788-90 (9th Cir. 1995).

10   In response, contrary to his opposition to a "but for" standard during trial, plaintiff

11   now argues no prejudice occurred because the "moving force" standard is more difficult to

12   prove than the "but for" standard.  He cites *City of Oklahoma v. Tuttle,* 471 U.S. 808, 823

13   (1985), in support but no such analysis is discussed in that case involving a *Monell* claim.

14   The "moving force" standard is akin to the "significant or substantial motivating

15   factor" test used in discrimination actions.  *See Mackay v. Acorn Custom Cabinetry, Inc.,* 127

16   Wn.2d 302, 308-11, 898P.2d 284 (1995).  The *Mackay* court explained the "but for" or

17   "determining factor" test is more difficult to prove than the "substantial motivating factor"

18   test.  *Id.*  The court further held that using the wrong causation standard is presumed to be

19   prejudicial, and warrants reversal of a jury's verdict and a new trial.  *Id.* at 311-12.

20   The prejudice to defendants in this case is clear from plaintiff's unpersuasive attempt

21   to distinguish this case from the *Hennick* case cited by defendants.  Dkt. 293, p. 18-19.

22   Plaintiff argues that "… but for the fabricated confession in *Hennick,* the defendant would

23   have been in the same position.  However, but for the fabricated evidence in this case, the

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

defendant would not have even been charged."  Dkt. 293, p. 19, lns. 3-5.  The fallacy in this argument is apparent because the jury was not required to specifically identify what evidence was fabricated, or whether such fabricated evidence, if disregarded, would have made a difference in the prosecutor's decision to charge.  The testimony elicited at trial from several witnesses established that police perform the investigative function, then prosecutors review the investigative materials and partly rely upon them when independently making their charging decisions.  Prosecutors Art Curtis and Jim Peters both testified there was probable cause to charge plaintiff based solely on Katherine's initial disclosure to Shirley Spencer, before any police officers were involved and before any alleged fabrication occurred.  Mr. Curtis also testified his charging decision was based on other factors, including Mr. Peters' interview of Kathryn.  A "but for" or "determining factor" causation instruction was necessary to ensure the jury would have to decide precisely what was fabricated and then evaluate whether the other evidence standing alone was sufficient to establish probable cause to file and continue the prosecution.  With nothing more than a vague "moving force" instruction to guide the jurors' deliberations regarding the effect, however slight, of the evidence the jury found to have been fabricated, a finding of causation became a foregone conclusion.

Prejudicial error occurred by improperly using the "moving force" language in Instructions No. 21 and 22, and removing probable cause as a complete defense.  Therefore, a new trial should be granted.

> **3.      The jury was improperly instructed on the culpability element of the deliberate fabrication of evidence claim.**

Plaintiff relies exclusively upon *Gantt v. City of Los Angeles,* 717 F.3d 702 (9th Cir. 2013), in response to defendants' argument that it was error to include language regarding

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 7 -

"deliberate indifference" in the instruction setting forth the elements of the deliberate fabrication of evidence claim.  Dkt. 293, p. 20.  Plaintiff's reliance upon *Gantt* is misplaced as *Gantt* supports defendants' assertion of instructional error.  The plaintiffs in *Gantt* advanced a deliberate fabrication of evidence claim at trial under *Devereaux's* second independent basis for liability, alleging the defendant officers used investigative techniques that were so coercive and abusive they knew or should have known those techniques would yield false information. *Gantt,* 717 F.3d at 707.  Addressing the required level of culpability, the court explained that due process violations under the Fourteenth Amendment occur only when official conduct shocks the conscience, but what that means depends upon the context.  *Id.*

> The relevant portion of the instruction at issue in *Gantt* read as follows:
>
> Coercive and abusive investigative techniques violate a person's 14th amendment [right] to due process when they shock the conscience, that is, the conduct of the police officer is intended to injure in some way, unjustified by any governmental interest.  Torture is an example of a coercive and abusive investigative technique.
>
> Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions.  It entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.

*Gantt,* 717 F.3d at 708.  The court held the giving of this instruction was reversible error, finding that it "was confusing and misleading in two related respects.  First, it failed to state the intent-to-injure and deliberate-indifference standards in a clear disjunctive format, so that a reasonable juror would understand each of these satisfies the broader 'shocks-the-conscience' standard.  Second, it included only torture as an example of what would satisfy the 'shocks-the-conscience standard.'"  *Id.*  The court commented that if only the second paragraph of the instruction had been used, and if it was only used to instruct on the level of culpability, there would have been no error, but found the giving of both paragraphs together to be erroneous.

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 8 -

1    Like the erroneous two-part instruction in *Gantt,* the explanation of "deliberate

2    indifference" at the end of Instruction No. 21 in this case was confusing and misleading because

3    it introduced irrelevant concepts of recklessness and negligence and told the jury that

4    defendants need not have had knowledge that harm would result, which is inconsistent with the

5    requirement earlier in the same instruction that defendants must have <u>deliberately</u> fabricated

6    evidence with actual or constructive knowledge of plaintiff's innocence.   This erroneous

7    instruction did in fact confuse the jury as evidenced by Note No. 2 From Jury, which asked

8    "[w]hat does Instruction 21 lines 19-22 mean Specifically (sic) lines 20-22."  Dkt. 273, p. 4.

9    The Court's Response to Jury Note merely defined "negligence" (over defendants' objection

10   that the deliberate indifference element and explanatory paragraph should simply be

11   eliminated), which could not have eliminated the jury's confusion about the inconsistent

12   culpability standards.

13       In summary, the Court erred by improperly including the "deliberate indifference"

14   element and explanation in Instruction No. 21.  A new trial is warranted because this error

15   confused and misled the jury and unfairly prejudiced defendants.

16

## II.    CONCLUSION

17       Based upon the foregoing, and the authorities and arguments set forth in defendants'

18   summary judgment briefs, trial brief, briefs in support of motions *in limine*, briefs regarding the

19   causation instruction, and brief in support of FRCP 50(a) motion, defendants respectfully

20   request the Court to enter judgment in favor of defendants pursuant to FRCP 50(b), or in the

21   alternative grant a new trial pursuant to FRCP 59.

22   / / /

23

24

25

26

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

1    RESPECTFULLY SUBMITTED this 21st day of March, 2014.

2                                    s/ Guy Bogdanovich
                                     GUY BOGDANOVICH, WSBA No. 14777
3                                    Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
                                     P.O. Box 11880
4                                    Olympia, WA 98508-1880
                                     Telephone:  (360) 754-3480
5                                    Fax:  (360) 357-3511
                                     Email:  gbogdanovich@lldkb.com
6                                    Attorney for defendant Sharon Krause

7                                    s/Jeffrey A. O. Freimund
                                     JEFFREY A. O. FREIMUND, WSBA No. 17384
8                                    Freimund Jackson & Tardif, PLLC
                                     711 Capitol Way South, Suite 602
9                                    Olympia, WA  98502
                                     Telephone:  (360) 534-9960
10                                   Fax:  (360) 534-9959
                                     Email:  jeffF@fjtlaw.com
11                                   Attorney for defendant Michael Davidson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' REPLY IN SUPPORT OF                    FREIMUND JACKSON & TARDIF, PLLC
MOTIONS FOR JUDGMENT AS A MATTER OF                        711 Capitol Way S., Suite 602
LAW OR FOR NEW TRIAL                                           Olympia, WA  98501
3:11-cv-05424-BHS                                          Telephone:  (360) 534-9960
                                                           Facsimile:  (360) 534-9959

- 10

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on March 21, 2014, I caused to be electronically filed Defendants'
3  Reply in Support of Renewed Motion for Judgment as a Matter of Law and in the Alternative
   Motion for New Trail with the Clerk of the Court using the CM/ECF system, which will send
4  notification of such filing to the following:

5      Douglas H. Johnson, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
            dhjohnson43@aol.com
6      Kathleen T. Zellner, Attorney Pro Hac Vice for Plaintiff Clyde Ray Spencer
            kathleen.zellner@gmail.com
7      Daniel T. Davies, Attorney for Plaintiff Clyde Ray Spencer
            dandavies@dwt.com

8

9                                          s/Kathrine Sisson
                                           KATHRINE SISSON
10                                         Legal Assistant to
                                           JEFFREY A. O. FREIMUND, WSBA No. 17384
11                                         Freimund Jackson & Tardif, PLLC
                                           711 Capitol Way South, Suite 602
12                                         Olympia, WA  98502
                                           Telephone:  (360) 534-9960
13                                         Fax:  (360) 534-9959
                                           jeffF@fjtlaw.com
                                           Attorney for defendant Michael Davidson
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' REPLY IN SUPPORT OF
MOTIONS FOR JUDGMENT AS A MATTER OF
LAW OR FOR NEW TRIAL
3:11-cv-05424-BHS

FREIMUND JACKSON & TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA  98501
Telephone:  (360) 534-9960
Facsimile:  (360) 534-9959

- 11 -