UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE RAY SPENCER,

Plaintiff,

v.

JAMES M. PETERS, et al.,

Defendants.

CASE NO. C11-5424 BHS

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL

The fabrication of inculpatory evidence and/or suppression of exculpatory evidence is abhorrent, reprehensible, and "only a rapscallion in official raiment would do such a thing." *Devereaux v. Abbey*, 263 F.3d 1070, 1082 (9th Cir. 2001) (Fernandez, J., concurring). The jury concluded that such actions occurred during the investigation and prosecution of Clyde Ray Spencer ("Spencer"), but such conduct alone does not establish a constitutional violation. Under binding precedent, Spencer was required to show more and the evidence was insufficient to establish a violation of his constitutional rights.

This matter comes before the Court on Defendants Michael Davidson ("Davidson") and Sharon Krause's ("Krause") motion for judgment as a matter of law or, in the alternative, motion for a new trial (Dkt. 290), the Court's order denying the motion

in part (Dkt. 316), and the parties' response to the Court's request for additional briefing. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the remaining portions of the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 3, 3014, Krause and Davidson filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, in the alternative, a motion for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A). Dkt. 290. On May 28, 2014, the Court denied the motion in part and requested additional briefing on the remaining issues.[1] Dkt. 316. On June 13, 2014, both parties filed responses. Dkts. 335 & 336. On June 27, 2014, both parties filed replies. Dkts. 337 & 338.

## II. DISCUSSION

In the prior order the Court requested additional briefing on certain specific issues, which were as follows: (1) the legal framework under *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), (2) "any evidence of innocence or inculpatory evidence that could not have reasonably been believed at the time Krause fabricated evidence," (3) whether the Court erred in giving moving force causation instructions, and (4) if the Court erred, whether the error was harmless. Dkt. 316.

---

[1] The majority of the Court's legal analysis is set forth in that order and is incorporated herein.

**A. *Devereaux***

"[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux*, 263 F.3d 1074–1075. If the *Devereaux* court stopped at this point, the question in this case would most likely be whether Spencer was subjected to criminal charges based on evidence deliberately fabricated by Krause. *See, e.g., Winslow v. Smith*, 696 F.3d 716, 735 (8th Cir. 2012) ("because there is evidence Defendants used false evidence to secure a conviction, Plaintiffs have sufficiently supported a cognizable due process claim."). Under the *Winslow* standard, it appears that one may weigh all of the evidence in the government's possession and consider the question of whether the plaintiff was subjected to criminal charges based on the fabricated evidence or even wrongfully convicted because of fabricated evidence. For example, in order to determine whether a constitutional violation occurred, the jury could weigh the vast amount of allegedly fabricated and hidden evidence against Spencer's statement when he was arrested that "I must have done it if Little Matt said I did, this can't be my ex-wife this time" (*see* Trial Exhs. 8, A–18, A–22) as well as Spencer's statements to Defendants, his defense attorney, his psychologist Kevin McGovern (*see* Trial Exhs. A-16, A-17), and the judge who presided over his change of plea hearing and sentencing to the effect that he could not remember if he had committed the crimes. This, however, is not the binding precedent that this Court must apply.

In *Devereaux*, the Ninth Circuit held that, in addition to fabricated evidence, the plaintiff must also show that "Defendants continued their investigation of [plaintiff]

despite the fact that they knew or should have known that [plaintiff] was innocent . . . ." *Devereaux*, 263 F.3d 1076.[2] Under the *Devereaux* standard, Krause not only had to fabricate evidence against Spencer, but also, at some point in time, must have *continued* her investigation despite the fact that she knew or should have known Spencer was innocent. The Court allowed the parties an opportunity to identify that particular point in time, as well as what evidence supported Krause's actual or constructive knowledge of Spencer's innocence.

With regard to actual knowledge of innocence, the Court stated that the "amount of inculpatory and inconclusive evidence presented at trial shows that fabrication was done to strengthen an initially weak case against Spencer." Dkt. 316 at 11. This statement was based on the fact that no single piece of evidence established that Kathryn Spencer was never sexually abused in any manner. While the medical evidence may have "confirmed no physical finding of abuse" (Dkt. 335 at 45), the reports did not, and could not, rule out any and all criminal activity. Therefore, without such exculpatory evidence, the Court concludes that it would be unreasonable for a juror to conclude that Krause had actual knowledge of Spencer's innocence.

With regard to constructive knowledge of innocence, Spencer argues that this issue is a credibility determination. Dkt. 335 at 1. The Court agrees to some extent because, as laid out in the previous order, the standard seems to be whether "[a]ny

---

[2] As set forth by Judge Fernandez, this requirement raises many difficult and unanswered questions regarding a "possibly far reaching principle of constitutional law . . . ." *Devereaux*, 263 F.3d at 1082 (Fernandez, J., concurring).

reasonable person in the investigators' position would have known better than to believe [the inculpatory evidence]." *Devereaux v. Perez*, 218 F.3d 1045, 1054 (9th Cir. 2000) (Kleinfeld, J., dissenting). The inculpatory evidence introduced at trial was, in part, as follows:

> Shirley Spencer wrote a statement detailing Kathryn Spencer's unsolicited descriptions of sexual abuse by Spencer and others (*see* Trial Exh. A–5);
>
> Kathryn confirmed to Detective Flood with the Sacramento County Sheriff's Department that Kathryn told Shirley what Shirley had reported, and Kathryn shook her head "yes" when asked if someone had touched her "pee pee" and had told her not to tell, saying it was "daddy" who touched her "pee pee" and then moments later denying it was daddy (Trial Exh. 75);
>
> Spencer's two polygraph examinations regarding the allegations of abuse of Kathryn, the first of which was inconclusive and the second of which was described as indicative of deception by the polygrapher (Trial Exh. 42); and
>
> Prosecutor James Peter's interview with Kathryn in which she confirmed some of the abuses by Spencer. While overall the video is weak evidence of guilt because the questions were leading and, at times, Kathryn appears to cooperate so that she may leave, the video provides some confirmation of the abuses to someone other than Krause. (Trial Exh. 78)

The Court heard all the evidence and has reviewed the briefs and finds that nothing in whole or in combination makes this inculpatory evidence unworthy of belief to a reasonable investigating officer. While the evidence may have been insufficient to establish probable cause to search or arrest Spencer (Dkt. 337 at 6–7), probable cause is not necessary to *continue* an investigation. When presented with this evidence, any reasonable investigator in Krause's position would have continued the investigation of Spencer because nothing was discovered to establish constructive knowledge of Spencer's innocence or that Shirley and Kathryn were unworthy of belief. Therefore, the

Court concludes that there was insufficient evidence that Krause knew or should have known that Spencer was innocent.

Spencer's arguments to the contrary are misplaced. Spencer argues that subsequent denials of abuse by Katie and Matt Spencer support the conclusion that Spencer was innocent. Dkt. 335 at 38–40. However, testimony and credibility determinations in 2014 do not support the conclusion that Krause should have known better than to believe Shirley or Kathryn in 1984. *See id*. at 35–50. Spencer also argues that the failure of the Sacramento authorities to pursue charges supports the conclusion that Krause should have known Spencer was innocent. Dkt. 335 at 40. Probable cause to file charges is not evidence of innocence or evidence that Krause should have known Spencer was innocent. Finally, Spencer argues that the sheer amount of fabricated evidence implies Krause's constructive knowledge of innocence (Dkt. 335 at 51–53), but the Court has already rejected this argument (Dkt. 316 at 11). Therefore, the Court concludes that, taking the evidence favorable to Spencer in the light most favorable to Spencer, there is not substantial evidence to support the jury's conclusion that Krause knew or should have known that Spencer was innocent, and the Court grants Defendants' motion for judgment as a matter of law.

**B. Causation**

In the alternative, even if Defendants were not entitled to judgment as a matter of law, Defendants would be entitled to a new trial because the Court concludes that it erred in giving the "moving force" instruction. The Ninth Circuit has held that the "causation requirement of sections 1983 and 1985" requires a plaintiff to establish both "causation in

fact" and "proximate or legal causation." *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Spencer fails to persuade the Court otherwise. Even though the Ninth Circuit Model Jury Instruction 9.8, on causation in civil rights violation cases, was given in this case, use of a model instruction does not preclude a finding of error. *United States v. Warren*, 984 F.2d 325, 328 n.3 (9th Cir. 1993). Therefore, the next issue is whether the error was harmless. *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009).

In this case, Spencer argues that any error is harmless because the "moving force" standard is more stringent than the "but for" standard.[3] While the nonbinding cases that have directly addressed this question disagree with Spencer, the Court declines to address the question of law because the issue can be decided based on the facts of this case. The Court concludes that the error was not harmless because the error deprived Defendants of presenting their theory of the case. *Clem*, 566 F.3d at 1181. Regardless of whether Krause fabricated evidence, Defendants presented evidence of numerous intervening acts that would preclude liability. Moreover, Defendants were deprived of asking the jury to determine whether "but for" Krause's actions would Spencer have been charged and subsequently imprisoned. Therefore, the Court grants Defendants' motion for a new trial based on harmful error.

## III. ORDER

Therefore, it is hereby **ORDERED** that the remainder of Defendants' motion for judgment as a matter of law or, in the alternative, motion for a new trial (Dkt. 290) is

---

[3] Spencer is correct that the Court misstated his position in the other order. Dkt. 335 at 55.

**GRANTED** as set forth herein. Spencer's pending motions (Dkts. 277 & 300) are **DENIED** as moot. The Clerk shall enter **JUDGMENT** for Defendants and close this case.

Dated this 13th day of August, 2014.

BENJAMIN H. SETTLE
United States District Judge